UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| UMG RECORDINGS, INC., et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | |
| | ) | No.  **1:17-cv-00365** |
| GRANDE COMMUNICATIONS | ) | |
| NETWORKS LLC and PATRIOT MEDIA | ) | **ORAL HEARING REQUESTED** |
| CONSULTING, LLC, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**<u>DEFENDANT PATRIOT MEDIA CONSULTING, LLC'S</u>**
**<u>MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM</u>**

# TABLE OF CONTENTS

I.    INTRODUCTION ..................................................................................................... 1

II.   FACTUAL BACKGROUND .................................................................................... 2

III.  PLAINTIFFS HAVE FAILED TO STATE A CLAIM AGAINST
      PATRIOT ................................................................................................................. 3

      A.   Plaintiff's theory of "tertiary" liability is not actionable. ......................... 3

      B.   Plaintiffs fail to state a claim based on Patriot's own alleged
           conduct. ........................................................................................................ 5

           1.   Vicarious Infringement ..................................................................... 5

                i.    *No plausible, non-conclusory allegations of direct
                      financial benefit* ................................................................... 6

                ii.   *No plausible, non-conclusory allegations of
                      control* ................................................................................... 7

           2.   Contributory Infringement ................................................................ 8

                i.    *No plausible, non-conclusory allegation of
                      knowledge* ............................................................................. 9

                ii.   *No plausible, non-conclusory allegation of
                      affirmative conduct* ............................................................ 10

IV.   CONCLUSION ...................................................................................................... 12

## I.   INTRODUCTION

Defendant Patriot Media Consulting, LLC ("Patriot") moves under Rule 12(b)(6) to dismiss Plaintiffs' sole claim against Patriot for secondary copyright infringement.  This claim seeks to hold Patriot, a management consulting firm, liable for alleged acts of direct copyright infringement—alleged offers to share copyrighted materials over the internet—by customers of Defendant Grande Communications Networks LLC, an internet service provider and one of Patriot's clients.  In asserting this claim, Plaintiffs seek an unprecedented expansion of secondary copyright liability with no basis in law or fact.

There are essentially two theories of liability discernible from Plaintiffs' conclusory allegations against Patriot, neither of which can survive Rule 12(b)(6).  The first seeks to hold Patriot secondarily liable for Grande's alleged secondary copyright infringement—i.e., *tertiary* liability.  Courts have repeatedly rejected this theory.  *See, e.g.*, *In re Napster Inc.*, No. 3:00-md-1369, 2001 WL 36593841, at *2 (N.D. Cal. July 9, 2001) ("Under this formulation, Napster users are the direct infringers, Napster is the secondary infringer, and the individual defendants [with various different connections to Napster's operations] are tertiary infringers.  The court finds no support for this legal proposition.").  Plaintiffs' second theory appears to be that Patriot itself engaged in conduct that constitutes vicarious or contributory copyright infringement.  Due to Patriot's extremely attenuated involvement in the alleged infringement, Plaintiffs' necessarily vague and conclusory allegations fail to state such a claim for secondary copyright infringement.  Additionally, Patriot incorporates by reference the arguments and authorities advanced in Grande's contemporaneously-filed Motion to Dismiss, which are equally applicable to Plaintiffs' claims against Patriot.

For these reasons, the Court should dismiss Plaintiffs' Complaint against Patriot for

1

failure to state a claim.

## II.   FACTUAL BACKGROUND

Plaintiffs in this matter are a collection of record companies that produce and distribute commercial sound recordings in the United States.  Compl., ¶ 2.  Plaintiffs are seeking damages and injunctive relief regarding alleged infringements of various copyrights they claim to own or have exclusive rights to, of which they provide "a non-exhaustive, illustrative list."  Compl., ¶¶ 6, 34, 37 & Exhibit A thereto.

Grande, an internet service provider ("ISP"), provides internet access to subscribers in parts of Texas.  Compl., ¶ 3.  Plaintiffs allege that Grande has received, through Plaintiffs' agent Rightscorp, notices of copyright infringement allegedly committed by an unidentified group of Grande subscribers.  Compl., ¶¶ 4, 47-49.  Plaintiffs allege that Grande is secondarily liable for these alleged infringers' activities because it continued to provide them with internet access after receiving these notices.  Compl., ¶ 56; *see also generally* Grande's Mot. to Dismiss, § I.B.

Patriot is not an ISP.  Patriot is a management consulting firm which provides certain management services to Grande.  Compl., ¶¶ 4, 52.  Plaintiffs vaguely allege, "upon information and belief," that "Patriot's infringing conduct includes, among other things, formulating and implementing the business policies, procedures, and practices that provide repeat infringers with continued internet service through Grande."  Compl., ¶ 55.

Plaintiffs do not allege any facts regarding the substance of these alleged "policies, procedures, and practices."  Plaintiffs also do not allege any facts connecting the unspecified "policies, procedures, and practices" to any instance of direct copyright infringement. Additionally, Plaintiffs do not allege that there is or has ever been any connection, relationship, or contact between Patriot and any of Grande's subscribers.

Based solely on these allegations—or, stated another way, despite the absence of any additional factual allegations—Plaintiffs contend that Patriot is secondarily liable for acts of direct copyright infringement committed by Grande's subscribers.

## III.   PLAINTIFFS HAVE FAILED TO STATE A CLAIM AGAINST PATRIOT

In their Complaint, Plaintiffs seek to hold Patriot liable for secondary copyright infringement based solely on "management services" Patriot allegedly to Grande.  Plaintiffs fail to articulate any plausible basis for such liability.

### A.   Plaintiff's theory of "tertiary" liability is not actionable.

Plaintiffs' Complaint does not allege any plausible theory for holding Patriot liable for secondary copyright infringement allegedly committed by Grande.  Instead, the Complaint purports to assert what courts have rejected as an impermissible "'tertiary theory' of liability." *See In re Napster Inc. Copyright Litig.*, No. 3:00-md-1369, 2001 WL 36593841, at *2 (N.D. Cal. July 9, 2001) ("Under this formulation, Napster users are the direct infringers, Napster is the secondary infringer, and the individual defendants [with different alleged connections to Napster's operations] are tertiary infringers.[1]   The court finds no support for this legal proposition."); *see also David v. CBS Interactive Inc.*, No. 2:11-cv-9437, 2012 WL 12884914, at *4 (N.D. Cal. July 13, 2012) ("The courts have yet to find contributory liability based on a tertiary actor's conduct.").

The reasoning and conclusions in *Napster* and *David* are directly applicable here. Plaintiffs fail to allege any legal basis under copyright law—or otherwise—for holding Patriot liable for Grande's alleged secondary copyright infringement.  The conduct which Plaintiffs

---

[1] For descriptions of the roles of these alleged "tertiary" infringers, *see Napster*, 2001 WL 36593841, at * 1.

alleges constitutes secondary copyright infringement ultimately boils down to Grande's provision of internet access, which is in turn allegedly used for copyright infringement. *See* Compl., ¶ 4 ("Despite their knowledge of repeat infringements, Defendants have permitted repeat infringers *to use the Grande service* to continue to infringe Plaintiffs' copyrights without consequence.") (emphasis added). Because it is undisputed that Patriot does not provide "the Grande service"—internet access—there is no cognizable basis for imposing liability on Patriot. *See David*, 2012 WL 12884914, at *4 ("Here, Defendants' services do not allow for direct infringement, as Defendants do not provide the 'site and facilities' for users to find copyrighted material. . . . [T]he Defendants' services are not used to distribute infringing materials.").

Moreover, permitting Plaintiffs to pursue a claim against Patriot based on *Grande's* alleged actions would lead to absurd and inequitable results. Plaintiffs acknowledge that Grande, as an ISP, may be entitled to invoke the safe harbor protections of the Digital Millennium Copyright Act ("DMCA")—specifically the safe harbor that shields an ISP from copyright infringement liability where the ISP merely provides internet access and implements a policy for terminating repeat infringers in appropriate circumstances. *See* Complaint at ¶ 5; 17 U.S.C. § 512(a), (i). However, even though Plaintiffs' claims against Patriot are premised on Grande's actions as an ISP, Patriot seemingly would *not* be entitled to invoke the safe harbor because Patriot is not a "service provider" under the statute.[2] *See* 17 U.S.C. § 512(k)(1) ("an entity offering the transmission, routing, or providing of connections for digital online communications, between or among points specified by a user, of material of the user's

_____

[2] In the event Plaintiffs are permitted to continue pursuing these claims against Patriot, Patriot reserves the right to argue that it is entitled to invoke the safe harbor, notwithstanding the wording of the statute. This appears to be an issue of first impression, presumably because no plaintiff has yet attempted or been allowed to litigate a copyright infringement claim based on the conduct of an ISP against a party other than that ISP.

4

choosing, without modification to the content of the material as sent or received" and/or "a provider of online services or network access, or the operator of facilities therefor"); *compare with* Compl., ¶ 3 ("Defendant Patriot is a company that has provided, and continues to provide, management services to Grande."). This further illustrates why it would be inappropriate to permit Plaintiffs to expand liability for secondary copyright infringement to a third party such as Patriot.

Copyright law does not and should not recognize Plaintiffs' allegations of tertiary liability for copyright infringement, and for this reason alone, Patriot is entitled to dismissal of Plaintiffs' claim.

**B.      Plaintiffs fail to state a claim based on Patriot's own alleged conduct**.

As discussed above, Plaintiffs fail to allege any plausible or viable theory for holding Patriot liable as a tertiary infringer for secondary copyright infringement allegedly committed by Grande. Leaving that issue aside, Plaintiffs also fail to state a vicarious or contributory infringement claim due to the vague and conclusory nature of their allegations regarding Patriot's alleged conduct.[3]

1.      Vicarious Infringement

Vicarious liability for copyright infringement has two elements (beyond the requisite acts

---

[3] As noted above, Patriot also incorporates by reference the arguments and authorities for dismissal advanced in Grande's Motion to Dismiss, which are equally applicable to Plaintiffs' claims against Patriot. Plaintiffs' claims against Patriot seek to hold Patriot liable for Grande's conduct. Thus, to the extent Plaintiffs fail to state a claim against Grande, they also fail to state a claim against Patriot. For instance, Plaintiffs' claims for vicarious and contributory copyright infringement are barred by the *Sony-Betamax* rule, which precludes claims concerning a "staple article of commerce" with substantial non-infringing uses (i.e., the internet), in the absence of allegations that the defendant took "active steps to encourage direct infringement." *See* Grande's Mot. to Dismiss, § III.B; *infra* Section III.B.2.ii.

of direct infringement)[4] that Plaintiffs must plausibly allege to state a claim, namely that Patriot: (1) "exercises the requisite control over the direct infringer," and that it (2) "derives a direct financial benefit from the direct infringement." *See MDI, Inc. v. Lowder*, No. 5:08-cv-900, 2009 WL 10669793, at *3 (W.D. Tex. Aug. 13, 2009) (citations omitted).   Plaintiffs fail to allege facts that satisfy either of these elements.

i.       *No plausible, non-conclusory allegations of direct financial benefit*

Plaintiffs fail to allege any facts giving rise to a plausible inference that Patriot receives a direct financial benefit from the alleged infringing conduct.  Plaintiffs' allegation that Patriot "at all relevant times has derived a direct financial benefit from the infringement of Plaintiffs' copyrights" (Compl., ¶ 80) is *exactly* the type of improper "formulaic recitation" that cannot state a claim under Rule 8.  *See, e.g.*, *Hernandez v. Siemens Corp.*, No. 5:16-cv-539, 2016 WL 6078365, at *2 (W.D. Tex. Oct. 17, 2016) (conclusory allegations regarding the basis for the defendant's alleged liability did not state a claim "because at best, they are 'labels and conclusions' which do not satisfy federal pleading standards").

Furthermore, Plaintiffs' *other* allegations refute the notion that Patriot derived any "direct financial benefit" from the direct copyright infringement allegedly committed by Grande's subscribers.  Plaintiffs allege only that *Grande* receives more revenue as a result of the alleged direct infringement, based on the notion that Grande charges certain subscribers higher fees for more bandwidth.  Compl. at ¶ 45 ("[F]or those subscribers who want to pirate more and larger files at faster speeds, *Grande* obliges them in return for higher fees.") (emphasis added).  Indeed, Plaintiffs allege that Grande, <u>*not Patriot*</u>, directly profits from the alleged direct infringement.

---

[4] For the reasons set forth in Section III.A of Grande's Motion to Dismiss, Plaintiffs fail to plausibly allege any underlying instances of direct infringement, which is fatal to its claims against both Grande and Patriot.

Compl., ¶ 57 ("*Grande* directly profits from repeat infringers.  Grande collects significant fees from its subscribers, and subscribers who frequently upload copyrighted content often pay higher monthly premiums for higher bandwidth.") (emphasis added).

Plaintiffs do not even attempt to allege that there is a causal relationship between the alleged direct infringement and any financial benefit to Patriot.  *See Ellison v. Robertson*, 357 F.3d 1072, 1079 (9th Cir. 2004) ("The essential aspect of the 'direct financial benefit' inquiry is whether there is a causal relationship between the infringing activity and any financial benefit a defendant reaps . . . .").

Because Plaintiffs fail to allege any facts demonstrating that Patriot receives any direct financial benefit from the alleged direct infringement of Grande's subscribers, the Court should dismiss Plaintiffs' vicarious infringement claim under Rule 12(b)(6).

          ii.          *No plausible, non-conclusory allegations of control*

Plaintiffs also do not plausibly allege that Patriot has the necessary level of control over the alleged direct infringers.  As with Plaintiffs' allegations regarding direct financial benefit, Plaintiffs offer nothing more than labels and conclusions.  *See* Compl. at ¶ 80 ("Patriot has the right and ability to supervise and control the infringing activities that occur using the Grande service . . . .").

Plaintiffs do not allege any *facts* showing that Patriot has the requisite "legal right to stop or limit the directly infringing conduct, as well as the practical ability to do so."  *See Perfect 10 Inc. v. Amazon.com, Inc*., 508 F.3d 1146, 1173 (9th Cir. 2007) (citing *Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd*, 545 U.S. 913, 930 & n.9 (2005)).  Indeed, Plaintiffs do not even allege that Patriot interacts with—let alone has the ability to control the actions of—Grande's subscribers, or otherwise that there is or ever has been any relationship between Patriot and any

alleged direct infringer.

The only actual Patriot conduct identified in the Complaint—"upon information and belief"—is "formulating and implementing the business policies, procedures, and practices that provide repeat infringers with continued internet service."  Compl., ¶ 55.  Taken as true, this allegation does not plausibly show that Patriot the legal right to stop any Grande subscriber from committing direct copyright infringement.  *See Perfect 10*, 508 F.3d at 1175 ("[V]icarious liability is based on the defendant's failure to cause a third party to stop its directly infringing activities.").  Even if Patriot could be held liable for *Grande*'s alleged failure to police direct infringement by its subscribers—as discussed above, it cannot—Plaintiffs' allegations would still be insufficient because Plaintiffs do not allege that Patriot has the authority to compel Grande (or its subscribers) to do anything.

Plaintiffs' failure to allege the requisite control by Patriot over the infringing activity is fatal to Plaintiffs' allegation of vicarious liability, and therefore this claim should be dismissed. *See Luvdarts, LLC v. AT&T Mobility, LLC*, 710 F.3d 1068, 1072 (9th Cir. 2013) (affirming dismissal of vicarious infringement claims with prejudice where plaintiff failed to allege any basis for concluding that defendant wireless carriers had the ability to police infringing conduct by their subscribers); *see also ALS Scan, Inc. v. CloudFlare, Inc.*, No 5:16-cv-5051, 2017 WL 1520444, at *6 & n.4 (N.D. Cal. Feb. 16, 2017) (dismissing vicarious copyright infringement claim where Complaint only provided conclusory allegations of the "right and ability to stop the infringing conduct").

### 2.  Contributory Infringement

Plaintiffs have no viable contributory infringement claim against Patriot or Grande for the reasons stated in Grande's Motion to Dismiss—among other reasons, because the internet

services Grande provides are capable of substantial non-infringing uses, and Plaintiffs fail to allege any "active steps to encourage direct infringement." *See* Grande's Mot. to Dismiss, § III.B.

Additionally, as with vicarious infringement, Plaintiffs' conclusory allegations against Patriot are insufficient to state a claim. "Contributory infringement is 'intentionally inducing or encouraging direct infringement.'" *Geophysical Serv., Inc. v. TGS-NOPEC Geophysical Co.*, 850 F.3d 785, 798 (5th Cir. 2017) (quoting *Grokster*, 545 U.S. at 930). Plaintiffs fail to plausibly allege either element of this standard—i.e., that Patriot induced or encouraged direct infringement, or that it did so with knowledge of such infringement. *See id.*

i.      *No plausible, non-conclusory allegation of knowledge*

With respect to *Grande*, Plaintiffs rely on notices of alleged copyright infringement sent to Grande by Rightscorp, Plaintiffs' agent, as evidence of Grande's knowledge of infringing activity. As discussed in Section III.C of Grande's Motion to Dismiss, Plaintiffs' allegations regarding these notices are insufficient to demonstrate knowledge of actual infringement, and therefore Plaintiffs' claims against Patriot fail as well.

Even putting that issue aside, Plaintiffs allege no facts showing that Patriot had any knowledge whatsoever of Rightscorp's notices. Instead, Plaintiffs' allegations focus on *Grande*'s knowledge. *See* Compl. at ¶ 47 ("Rightscorp has provided Grande with notice of specific infringers using Grande's internet service to infringe various copyrighted works."); *see also id.* at ¶¶ 43, 48. With respect to *Patriot*'s alleged knowledge, Plaintiffs again rely on nothing more than conclusory allegations unsupported by any facts. *See* Compl., ¶¶ 50 ("Upon information and belief, through its role in providing management services to Grande, Patriot, too, has actual and ongoing specific knowledge of these repeat infringements, including as a result of

9

Rightscorp's notifications."), 79 ("Patriot has actual and constructive knowledge of Grande subscribers' infringing activity.").   These conclusory, formulaic allegations are insufficient to state a claim.

ii.      *No plausible, non-conclusory allegation of affirmative conduct*

Plaintiffs utterly fail to plausibly allege that Patriot "induc[ed] or encourage[ed] direct infringement."   *Grokster*, 545 U.S. at 930.   Plaintiffs' allegations of inducement or encouragement are entirely formulaic and conclusory, and therefore this claim must be dismissed.  *See* Compl., ¶ 76 ("Patriot knowingly and intentionally induced, enticed, persuaded, and caused Grande's subscribers to infringe Plaintiffs' copyrights . . . .").   As noted above, Plaintiffs do not allege any relationship, connection, or other contact between Patriot and any alleged direct infringer, nor do Plaintiffs identify *any* affirmative act by Patriot to induce or encourage direct infringement.   Due to this failure, Plaintiffs' claim for contributory infringement must be dismissed.  *See Grokster*, 545 U.S. at 930 ("One infringes contributorily by intentionally inducing or encouraging direct infringement . . . .").

Plaintiffs also allege that Patriot may be liable for contributory infringement because it "materially contributed" to direct infringement.  *See* Compl., ¶ 79.  The Supreme Court did not indicate in *Grokster* that "material contribution" is a viable basis for contributory infringement liability.  *See* 545 U.S. at 930.  In any event, assuming this remains a viable theory, Patriot cannot be liable as a result of the so-called *Sony-Betamax* rule (or "staple article of commerce doctrine").  This is because Grande's internet services are capable of substantial non-infringing uses, and Plaintiffs do not allege that Patriot took any "active steps . . . to encourage direct infringement," "such as advertising an infringing use or instructing how to engage in an infringing use."  *See Grokster*, 545 U.S. at 936; *see also id.* at 937 ("[J]ust as *Sony* did not find

10

intentional inducement despite the knowledge of a VCR manufacturer that its device could be used to infringe, mere knowledge of infringing potential or of actual infringing uses would not be enough here to subject a distributor to liability."); *see also* Grande's Mot. to Dismiss, § III.B.[5]

Additionally, "[a] third party can only be liable for materially contributing to infringement where its participation in the infringing conduct of the primary infringer is 'substantial.'" *ALS Scan*, 2017 WL 1520444, at * 3. Plaintiffs do not allege any specific facts regarding the substance of any of the alleged "policies, procedures, and practices" vaguely attributed to Patriot, nor do Plaintiffs claim that Patriot actually provided or operated the internet service infrastructure allegedly used by Grande's subscribers to commit acts of infringement. *See Perfect 10, Inc. v. Visa Int'l Serv. Ass'n*, 494 F.3d 788, 796-97 (9th Cir. 2007) (defendants providing internet payment systems could not be liable for "materially contributing" to infringement because they "do not provide [a service for locating infringing material,] . . . in no way assist or enable Internet users to locate infringing material, and . . . do not distribute it").

Thus, Plaintiffs plead no facts that plausibly demonstrate Patriot's role in any alleged direct infringement, let alone involvement that could be considered *substantial*. Ultimately, Plaintiffs' allegations are nothing more than naked legal assertions supported by "no *fact* describing exactly what [Patriot] did to 'cause or materially contribute' to the alleged infringement." *See Bradshaw v. Am. Institute for History Educ.*, No. 12-cv-1367, 2013 WL 1007219, at *6 (D.N.J. Mar. 13, 2013) (emphasis in original); *compare with* Compl., ¶¶ 76 ("Patriot knowingly and intentionally induced, enticed, persuaded, and caused Grande's subscribers to infringe Plaintiffs' copyrights . . . ."), 79 ("Patriot knowingly caused and otherwise

---

[5] As discussed in the cited section of Grande's Motion, the *Sony-Betamax* rule bars Plaintiffs' claims for both contributory and vicarious copyright infringement.

materially contributed to these unauthorized reproductions and distributions . . . .").

Plaintiffs lack any legally sufficient basis for pursuing a contributory infringement claim against Patriot, and their claim should therefore be dismissed.

## IV.   CONCLUSION

For the reasons stated above and in Grande's contemporaneously-filed Motion to Dismiss, the Court should dismiss Plaintiffs' claim against Patriot under Rule 12(b)(6).

WHEREFORE, for the foregoing reasons, Defendant Patriot Media Consulting, LLC respectfully requests that the Court grant this Motion, dismiss Plaintiffs' claim against it under Rule 12(b)(6), and grant any additional relief that the Court finds appropriate.

By: /s/ Richard L. Brophy
     Richard L. Brophy (pro hac vice)
     Zachary C. Howenstine (pro hac vice)
     Margaret R. Szewczyk (pro hac vice)
     ARMSTRONG TEASDALE LLP
     7700 Forsyth Blvd., Suite 1800
     St. Louis, Missouri 63105
     Tel:  (314) 621-5070
     Fax:  (314) 621-5065
     Email: rbrophy@armstrongteasdale.com
          zhowenstine@armstrongteasdale.com
          mszewczyk@armstrongteasdale.com

     J. Stephen Ravel (State Bar No. 16584975)
     J.R. Johnson (State Bar No. 240700000)
     Diana L. Nichols (State Bar No. 00784682)
     KELLY HART & HALLMAN LLP
     303 Colorado, Suite 2000
     Austin, Texas 78701
     Tel: (512) 495-6429
     Fax: (512) 495-6401
     Email: steve.ravel@kellyhart.com
          jr.johnson@kellyhart.com
          diana.nichols@kellyhart.com

     Attorneys for Defendants GRANDE
     COMMUNICATIONS NETWORKS LLC
     and PATRIOT MEDIA CONSULTING,
     LLC

13

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that on June 19, 2017 all counsel of record who are deemed to

have consented to electronic service are being served with a copy of this document via the

Court's CM/ECF system pursuant to Local Rule CV-5(b)(1).


<u>/s/ Richard L. Brophy</u>

Richard L. Brophy

14