IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION



| | § | |
|---|---|---|
| UMG RECORDINGS, INC., et al., | § | |
| | § | |
| Plaintiffs | § | |
| | § | |
| v. | § | Civil Action No. 1:17-cv-365 |
| | § | |
| GRANDE COMMUNICATIONS | § | |
| NETWORKS, LLC and | § | |
| PATRIOT MEDIA CONSULTING, LLC, | § | |
| | § | |
| Defendants. | § | |

**CONFIDENTIALITY AND PROTECTIVE ORDER**

Before the court is the joint motion of the parties for the entry of a confidentiality and protective order ("Protective Order"). After careful consideration, it is hereby ORDERED as follows:

1. **Classified Information**

"Classified Information" means any information of any type, kind, or character that is designated as Confidential or Attorneys' Eyes Only Information by any of the supplying or receiving persons, whether it be a document, information contained in a document, information revealed during a deposition, information revealed in an interrogatory answer, or otherwise.

2. **Qualified Persons**

"Qualified Persons" means:

    a.    For Attorneys' Eyes Only Information:

        i.    retained counsel for the parties in this litigation and their respective staff;

        ii.    actual or potential independent experts or consultants (and their administrative or clerical staff) engaged in connection with this litigation

(which shall not include the current employees, officers, members, or agents of parties or affiliates of parties) who, prior to any disclosure of Attorneys' Eyes Only Information to such person, have signed a document agreeing to be bound by the terms of this Protective Order (such signed document to be maintained by the attorney retaining such person). Prior to any disclosure of Attorneys' Eyes Only Information to such person, the Parties will make reasonable efforts to ensure that such person does not have a competitive relationship with the other Parties. If no such competitive relationship exists, then no further disclosure is required. If such a competitive relationship exists, then the Parties shall provide all other Parties with the identity, curriculum vitae, and litigation history of such person at least ten (10) business days prior to the first disclosure of any Attorneys' Eyes Only Information to such person. A party may object in writing to such disclosure within ten (10) business days of such notification by setting forth in detail the grounds on which the Party's objection is based. If a Party objects within the ten (10) day period, no disclosure shall be made until the Party seeking disclosure obtains the prior approval of the Court or the objecting Party.

iii. litigation vendors, court reporters, and other litigation support personnel;

iv. any person who was an author or addressee of the Attorneys' Eyes Only Information and who agrees to keep the information confidential, provided that such persons may see and use the Attorneys' Eyes Only Information but not retain a copy; and

v. this court and its staff and any other tribunal or dispute resolution officer duly appointed or assigned in connection with this litigation.

    b.    For Confidential Information:

        i.    the persons identified in subparagraph 2(a);

        ii.    such officers, directors, partners, members or employees of the party (or an entity listed in a party's corporate disclosure statement) including but not limited to in-house counsel, who are actively involved in the prosecution or defense of this case, and who, prior to any disclosure of Confidential Information to such person, have signed a document agreeing to be bound by the terms of this Protective Order (such signed document to be maintained by the attorney designating such person);

        iii.    the Senior Vice President, Litigation and Legal Affairs of the Recording Industry Association of America, Inc.;

        iv.    any person who was an author or addressee of the Confidential Information and who agrees to keep the information confidential, provided that such persons may see and use the Confidential Information but not retain a copy; and

        v.    such other person as the parties may designate by mutual agreement or as this court may designate after notice and an opportunity to be heard.

    c.    In the event that counsel for either party reasonably believes it is necessary for a representative of that party to receive and review certain Classified Information designated by the other party as Confidential or Attorneys' Eyes Only (other than as already permitted under section 2(b)(iii) of this Protective Order), counsel shall make a request in writing to counsel for the producing party for permission to make such disclosure. Within five (5) calendar days of such request, counsel for both parties shall engage in good faith discussions to address the request. If the parties are unable to reach agreement, the party seeking access to the designated materials may request resolution of the dispute with the Court .

3. **Designation Criteria**

    a.   *Nonclassified Information.* Classified Information shall not include information that either:

        i.   is in the public domain at the time of disclosure, as evidenced by a written document;

        ii.  becomes part of the public domain through no fault of the recipient, as evidenced by a written document;

        iii. the receiving party can show by written document was in its rightful and lawful possession at the time of disclosure; or

        iv.  lawfully comes into the recipient's possession subsequent to the time of disclosure from another source without restriction as to disclosure, provided such third party has the right to make the disclosure to the receiving party.

    b.   *Confidential Information.* A party shall designate as Confidential Information only such information that the party in good faith believes in fact is confidential. Information that is generally available to the public, such as public filings, catalogues, advertising materials, and the like, shall not be designated as Confidential.

Information and documents that may be designated as Confidential Information include, but are not limited to, trade secrets, confidential or proprietary financial information, operational data, business plans, and competitive analyses, personnel files, personal information that is protected by law, and other sensitive information that, if not restricted as set forth in this order, may subject the producing or disclosing person to competitive or financial injury or potential legal liability to third parties.

Correspondence and other communications and documents between the parties or with nonparties may be designated as Confidential Information if the communication was made with

4

the understanding or reasonable expectation that the information would not become generally available to the public.

    *c.*    *Attorneys' Eyes Only Information.* The designation Attorneys' Eyes Only Information shall be reserved for information that is believed to be unknown to the opposing party or parties, or any of the employees of a corporate party. For purposes of this order, so-designated information includes, but is not limited to, product formula information, design information, non-public financial information, pricing information, customer identification data, and certain study methodologies.

    *d.*    *Ultrasensitive Information.* At this point, the parties do not anticipate the need for higher levels of confidentiality as to ultrasensitive documents or information. However, in the event that a court orders that ultrasensitive documents or information be produced, the parties will negotiate and ask the court to enter an ultrasensitive information protocol in advance of production to further protect such information.

**4.**    **Use of Classified Information**

All Classified Information provided by any party or nonparty in the course of this litigation shall be used solely for the purpose of preparation, trial, and appeal of this litigation and for no other purpose, and shall not be disclosed except in accordance with the terms hereof.

**5.**    **Marking of Documents**

Documents provided in this litigation may be designated by the producing person or by any party as Classified Information by marking each page of the documents so designated with a stamp indicating that the information is "Confidential" or "Attorneys' Eyes Only." In lieu of marking the original of a document, or if the original is not provided, the designating party may mark the copies that are provided. Originals shall be preserved for inspection. Electronic documents and electronically stored information produced natively may be designated by the producing person or by any party as Classified Information by labeling the file name as

"Confidential" or "Attorneys' Eyes Only." If a hard copy of a document produced natively is used in the case as an exhibit or otherwise the party using it shall mark each page as "Confidential" or "Attorneys' Eyes Only."

6. **Disclosure at Depositions, Hearings and Trial**

Information disclosed at (a) the deposition of a party or one of its present or former officers, directors, employees, partners, members, stockholders, agents, consultants, representatives, or independent experts retained by counsel for the purpose of this litigation, or (b) the deposition of a nonparty may be designated by any party as Classified Information by indicating on the record at the deposition that the testimony is "Confidential" or "Attorneys' Eyes Only" and is subject to the provisions of this Order. Any Qualified Person and the author or recipient of Classified Information may be questioned about those materials at deposition or at any hearing or at trial. If counsel for a party wishes to present Classified Information to a witness other than a Qualified Person, counsel will first present the information to opposing counsel for review and, if no objection is raised, may then present the material to the witness for questioning. Any party may furnish a witness who is not a party or a representative of a party a copy of this Order before the witness is examined about or asked to produce potentially Classified Information.

Any party also may designate information disclosed at a deposition, hearing or trial as Classified Information by notifying all parties in writing not later than 30 days of receipt of the transcript of the specific pages and lines of the transcript that should be treated as Classified Information thereafter. Each party shall attach a copy of each such written notice to the face of the transcript and each copy thereof in that party's possession, custody, or control. All deposition transcripts shall be treated as Attorneys' Eyes Only for a period of 30 days after initial receipt of the transcript.

Any party may also designate as Confidential or Attorneys' Eyes Only Information

pertaining to that party which is provided in this suit by non-parties pursuant to requests for production, depositions on written questions or otherwise, by notifying all parties in writing within thirty (30) days after the provision of such information, or thirty (30) days after the entry of this Order as to any information provided prior to this Order. Any non-parties who provide documents or information in this suit pursuant to requests for production, depositions on written questions or otherwise may also designate such documents or information as Confidential or Attorneys' Eyes Only Information by notifying all parties in writing within thirty (30) days after the provision of such information, or thirty (30) days after the entry of this Order as to any information provided prior to this Order. Upon receiving any such notices, all parties shall mark each page of any documents or copies containing such information as "Confidential" or "Attorneys' Eyes Only" (according to the requested designation in the notice) and all such information shall be treated as Confidential or Attorneys' Eyes Only Information hereunder.

Counsel for a party or a nonparty witness shall have the right to exclude from depositions, hearings or trials any person who is not authorized to receive Classified Information pursuant to this Protective Order, but such right of exclusion shall be applicable only during periods of examination or testimony during which Classified Information is being used or discussed.

To the extent possible, the court reporter shall segregate into separate transcripts information designated as Classified Information with blank, consecutively numbered pages being provided in a non-designated main transcript. The separate transcript containing Classified Information shall have page numbers that correspond to the blank pages in the main transcript.

7. **Disclosure to Qualified Persons**

   a.   *To Whom.* Classified Information shall not be disclosed or made available by the receiving party to persons other than Qualified Persons except as necessary to comply with applicable law or the valid order of a court of competent jurisdiction; ***provided, however***, that in the

event of a disclosure compelled by law or court order, the receiving party will so notify the producing party as promptly as practicable (if at all possible, prior to making such disclosure) and shall seek a protective order or confidential treatment of such information. Information designated as Attorneys' Eyes Only shall be restricted in circulation to Qualified Persons described in subparagraph 2(a).

b. *Retention of Copies During this Litigation.* Copies of Attorneys' Eyes Only information shall be maintained only in the offices of outside counsel for the receiving party and, to the extent supplied to experts described in subparagraph 2(a)(ii), in the offices of those experts. Any documents produced in this litigation, regardless of classification, that are provided to Qualified Persons shall be maintained only at the office of such Qualified Person and only necessary working copies of any such documents shall be made. Copies of documents and exhibits containing Classified Information may be prepared by independent copy services, printers, or illustrators for the purpose of this litigation.

c. Each party's outside counsel shall maintain a log of all copies of Attorneys' Eyes Only documents that are delivered to Qualified Persons.

8. **Unintentional Disclosures**

Documents unintentionally produced without designation as Classified Information later may be designated and shall be treated as Classified Information from the date written notice of the designation is provided to the receiving party. If a receiving party learns of any unauthorized disclosure of Confidential or Attorneys' Eyes Only Information, the party shall promptly upon learning of such disclosure inform the producing party of such disclosure and shall make all reasonable efforts to prevent disclosure by each unauthorized person who received such information.

9. **Documents Produced for Inspection Prior to Designation**

In the event documents are produced for inspection prior to designation, the documents

shall be treated as Attorneys' Eyes Only during inspection. At the time of copying for the receiving parties, Classified Information shall be marked prominently as "Confidential" or "Attorneys' Eyes Only" by the producing party.

10. **Consent to Disclosure and Use in Examination**

Nothing in this order shall prevent disclosure beyond the terms of this order if each party designating the information as Classified Information consents to such disclosure or if the court, after notice to all affected parties and nonparties, orders such disclosure. Nor shall anything in this order prevent any counsel of record from utilizing Classified Information in the examination or cross-examination of any person who is indicated on the document as being an author, source, or recipient of the Classified Information, irrespective of which party produced such information. Nothing herein shall limit in any way a supplying party's right to use or disclose its own Confidential Information for any purpose.

11. **Disclosure in Mediations, Hearing and Trial**

Confidential Information may be disclosed in any mediation, hearings and the trial of this case without any requirement that the mediator, Court, Court officials, those persons impaneled as potential jurors or those persons comprising the actual jury sign any written agreement to be bound by the terms of this Protective Order. In such circumstances, however, the Court will admonish those present in Court as to the confidentiality of the information so designated and of their duty to maintain its confidentiality. Where appropriate, the Court will order those portions of the transcripts and referenced exhibits containing Confidential Information be sealed.

Court Reporters and persons operating audio-visual equipment for depositions, hearings or trial need not sign a written agreement to be bound by the terms of this Protective Order, but will be considered as officers of the Court to be bound.

12. **Challenging the Designation**

      a.    *Classified Information.* A party shall not be obligated to challenge the propriety of a designation of Classified Information at the time such designation is made, and a failure to do so shall not preclude a subsequent challenge to the designation. In the event that any party to this litigation disagrees at any stage of these proceedings with the designation of any information as Classified Information, the parties shall first try to resolve the dispute in good faith on an informal basis, such as by production of redacted copies. If the dispute cannot be resolved, the objecting party may invoke this Protective Order by objecting in writing to the party who designated the document or information as Classified Information. The designating party shall then have 14 days to move the court for an order preserving the designated status of the disputed information. The disputed information shall remain Classified Information unless and until the court orders otherwise. Failure to move for an order shall constitute a termination of the status of such item as Classified Information.

      b.    *Qualified Persons.* In the event that any party in good faith disagrees with the designation of a person as a Qualified Person or the disclosure of particular Classified Information to such person, the parties shall first try to resolve the dispute in good faith on an informal basis. If the dispute cannot be resolved, the objecting party shall have 14 days from the date of the designation or, in the event particular Classified Information is requested subsequent to the designation of the Qualified Person, 14 days from service of the request to move the court for an order denying the disposed person (a) status as a Qualified Person, or (b) access to particular Classified Information. The objecting person shall have the burden of demonstrating that disclosure to the disputed person would expose the objecting party to the risk of serious harm. Upon the timely filing of such a motion, no disclosure of Classified Information shall be made to the disputed person unless and until the court enters an order preserving the designation.

13.    **Manner of Use in Proceedings**

In the event a party wishes to use any Classified Information in affidavits, declarations,

briefs, memoranda of law, or other papers filed in this litigation, the party shall do one of the following: (1) with the consent of the producing party, file only a redacted copy of the information; (2) where appropriate (e.g., in connection with discovery and evidentiary motions) provide the information solely for *in camera* review; or (3) file such information under seal with the court consistent with the sealing requirements of the court.

14.   **Filing Under Seal**

Upon request by a party, the clerk of this court is directed to maintain under seal all documents, transcripts of deposition testimony, answers to interrogatories, admissions, and other papers filed under seal in this litigation that have been designated, in whole or in part, as Classified Information by any party to this litigation consistent with the sealing requirements of the court. Any failure to request that the clerk to seal any Classified Information shall not waive the protections afforded that information under the terms of this Order.

15.   **Return of Documents**

Not later than 120 days after conclusion of this litigation and any appeal related to it, any Classified Information, all reproductions of such information, and any notes, summaries, or descriptions of such information in the possession of any of the persons specified in paragraph 2 (except subparagraph 2(a)(iii)) shall be returned to the producing party or destroyed, except as the parties may otherwise agree or this court may otherwise order or to the extent such information has been used as evidence at any trial or hearing. Persons qualified under 2(a)(i) may retain Confidential Information in their possession, but such information will remain subject to this Order. Notwithstanding this obligation to return or destroy information, counsel may retain attorney work product, including document indices, but such work product shall remain subject to this Order.

16.   **Ongoing Obligations**

Insofar as the provisions of this Protective Order, or any other protective orders entered

11

in this litigation, restrict the communication and use of the information protected by it, such provisions shall continue to be binding after the conclusion of this litigation, except that (a) there shall be no restriction on documents that are used as exhibits in open court unless such exhibits were filed under seal, and (b) a party may seek the written permission of the producing party or order of the court with respect to dissolution or modification of this, or any other, protective order.

17. **Advice to Clients**

This order shall not bar any attorney in the course of rendering advice to such attorney's client with respect to this litigation from conveying to any party client the attorney's evaluation in a general way of Classified Information produced or exchanged under the terms of this order; provided, however, that in rendering such advice and otherwise communicating with the client, the attorney shall not disclose the specific contents of any Classified Information produced by another party if such disclosure would be contrary to the terms of this Protective Order.

18. **Duty to Ensure Compliance**

Any party designating any person as a Qualified Person shall have the duty to reasonably ensure that such person observes the terms of this Protective Order and shall be responsible upon breach of such duty for the failure of such person to observe the terms of this Protective Order. This Order shall be binding upon and inure to the benefit of the parties and their successors-in-interest.

19. **Inadvertent Production and Waiver of Privileged Documents and Information**

When a producing party gives notice to receiving parties that certain inadvertently produced material is subject to a claim of privilege or other protection (including, without limitation, the attorney-client privilege and the attorney work product privilege), the obligations of the receiving parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).

This Protective Order encompasses an Order under Federal Rule of Evidence 502(d) that

any privilege or other protection that may have been raised in documents produced in this litigation is not waived as a result of disclosure of those documents in connection with this litigation, and this Protective Order governs all persons or entities in all state or federal proceedings, whether or not they were parties to this litigation. The fact of production of privileged or work product information or documents by any producing party in this Action shall not be used as a basis for arguing that a claim of privilege or work product has been waived in any other proceeding. Without limiting the foregoing, this Protective Order shall not affect the parties' legal rights to assert privilege or work product claims over documents in any other proceeding.

20. **Modification and Exceptions**

The parties may, by stipulation, provide for exceptions to this order and any party may seek an order of this court modifying this Protective Order.

It is SO ORDERED this 14th day of August, 2017.

_____
HON. LEE YEAKEL
UNITED STATES DISTRICT JUDGE