**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | |
|---|---|
| UMG RECORDINGS, INC., *et al.*, § <br> § <br> Plaintiffs, § <br> § <br> vs. § <br> § Civil Action No. 1:17-cv-00365 <br> § <br> GRANDE COMMUNICATIONS § <br> NETWORKS LLC and PATRIOT MEDIA § <br> CONSULTING, LLC, § <br> § <br> Defendants. § | |

**PLAINTIFFS' MOTION TO COMPEL DOCUMENTS AND INFORMATION FROM
DEFENDANTS**

Pat A. Cipollone, P.C. (admitted *pro hac vice*)
Jonathan E. Missner (admitted *pro hac vice*)
Robert B. Gilmore (admitted *pro hac vice*)
Philip J. O'Beirne (admitted *pro hac vice*)
**Stein Mitchell Cipollone Beato & Missner LLP**
1100 Connecticut Avenue, NW Suite 1100
Washington, DC 20036
Telephone: (202) 737-7777
Facsimile: (202) 296-8312
pcipollone@steinmitchell.com
jmissner@steinmitchell.com
rgilmore@steinmitchell.com
pobeirne@steinmitchell.com

Daniel C. Bitting (State Bar No. 02362480)
Paige A. Amstutz (State Bar No. 00796136)
**Scott Douglass & McConnico LLP**
303 Colorado Street, Suite 2400 Austin, TX 78701
Telephone: (512) 495-6300
Facsimile: (512) 495-6399
dbitting@scottdoug.com
pamstutz@scottdoug.com

*Attorneys for Plaintiffs*

**TABLE OF CONTENTS**

TABLE OF CONTENTS ........................................................................................................... ii

INTRODUCTION ...................................................................................................................... 1

FACTUAL BACKGROUND ..................................................................................................... 2

LEGAL AUTHORITY AND ARGUMENT .............................................................................. 5

    I.    THE COURT SHOULD ORDER DEFENDANTS TO PRODUCE THE PLAINLY RELEVANT DOCUMENTS AND INFORMATION THEY ARE WITHHOLDING, AND SHOULD STRIKE DEFENDANTS' VAGUE AND MERITLESS OBJECTIONS. ........... 5

    II.    DEFENDANTS' REFUSAL TO PRODUCE ENTIRE CATEGORIES OF RELEVANT, RESPONSIVE DOCUMENTS MUST BE REJECTED. ....................................................... 9

        A.    Defendants Must Produce Documents Relating to Infringement of Any Copyrighted Works, Not Only Those Identified in Plaintiffs' Complaint. ................................................................................................. 9

        B.    Defendants Must Produce Notices of Copyright Infringement and Related Communications. ......................................................................... 10

        C.    Defendants Must Produce Documents Reflecting Patriot's Interactions with Other ISPs. ................................................................... 11

    III.    DEFENDANTS MUST FULLY ANSWER PLAINTIFFS' INTERROGATORIES. .................. 12

        A.    Defendants' Refusal to Answer Interrogatories Properly Violates Rule 37(d). .............................................................................................. 12

        B.    Defendants' Vague References to the Entirety of their Production, or to Largely Yet-To-Be Produced Documents, Violates Rule 33. .......... 13

CONCLUSION ......................................................................................................................... 14

**INTRODUCTION**

Defendants' discovery responses are woefully deficient, and their objections are meritless and improper. Given multiple opportunities to correct these deficiencies, which Plaintiffs identified at length in writing and during meet and confer discussions, Defendants simply have doubled-down on their position. Accordingly, Plaintiffs move to compel Defendants to comply with the discovery rules, and produce the documents and information Plaintiffs have requested

While more fully explained below, Defendants' deficient discovery responses include:

- Numerous boilerplate objections of the sort this Court has emphasized are improper (which Plaintiffs have pointed out to Defendants, but which Defendants persist in disregarding), coupled with opaque responses as to what documents and information will be produced and what will be withheld;

- Refusal to produce entire categories of plainly relevant documents, including notices of copyright infringement (apparently because Defendants have so many of such notices), communications with customers about copyright infringement, documents concerning copyrights beyond those specific ones listed in the complaint, or documents concerning other internet service providers' practices regarding copyright infringement; and

- Unverified interrogatory responses that provide no meaningful information, point to undifferentiated or even unproduced documents, or object to providing answers at all, including as to key defenses that Defendants undoubtedly anticipate asserting.

Defendants' wholesale refusal to meet their discovery obligations threatens to thwart Plaintiffs' rights to the information and evidence necessary to establish their claims, and

underscores Defendants' apparent fear as to what providing proper discovery will reveal. Plaintiffs respectfully ask the Court to compel Defendants to provide proper discovery.

## FACTUAL BACKGROUND

Plaintiffs' Complaint brings claims of secondary copyright infringement against Defendants Grande Communications Networks LLC ("Grande") and Patriot Media Consulting, LLC ("Patriot"), stemming from the direct infringement of Plaintiffs' copyrighted works by customers and users of Grande's internet services. *See generally* Dkt. 1, Complaint. Grande receives numerous notices of infringement committed by its users over peer-to-peer networks and does nothing meaningful to address this infringement. *Id.* ¶¶ 47-49. Grande has already admitted as much in its pending Motion to Dismiss. *See* Dkt. 28, p.1.[1] In meet and confer discussions regarding Plaintiffs' discovery requests, counsel for Defendants has clarified that Grande receives millions of notices, from Rightscorp and other sources. Such notices, as well as what communications Grande sent to its customers in response, and what Patriot instructs other internet service providers it manages to do in response to similar notices, all are relevant both to Plaintiffs' claims and Defendants' defenses in this case.

Plaintiffs anticipated that Defendants may attempt – in vain – to invoke the safe harbor provisions of the Digital Millennium Copyright Act ("DMCA"). *See* Compl. ¶¶ 41, 43, 54 and 56. "[T]he DMCA offers a safe harbor from secondary copyright infringement liability to innocent ISPs that satisfy certain statutory conditions. As a threshold matter, to be eligible for the safe harbor, an ISP is required, among other things, to adopt and reasonably implement a policy

---

[1] "To substantiate their allegations, Plaintiffs assert that Grande is on notice of alleged infringements due to Rightscorp's history of inundating Grande's email server with millions of automated notifications purportedly reflecting instances of subscriber infringement. Compl., ¶¶ 4, 47-49. These notices are so numerous and so lacking in specificity, that it is infeasible for Grande to devote the time and resources required to meaningfully investigate them."

that provides for the termination of subscribers and account holders that are repeat copyright infringers." *Id.* ¶ 41.  Thus, documents and information concerning Defendants' supposed DMCA safe harbor defenses also are of key importance for the case.

The following chronology details Plaintiffs' efforts at obtaining proper written discovery responses and documents from Defendants on these and other related areas:

| June 7, 2017 | Plaintiffs serve Requests for Production of Documents on Defendants.[2] |
| --- | --- |
| June 20, 2017 | Plaintiffs serve Interrogatories on Defendants.[3] |
| July 20, 2017 | Defendants serve their responses to Plaintiffs' discovery; they interpose improper general objections and invalid specific objections, fail to provide verified and responsive answers to the interrogatories, fail to specify which documents they are producing, and produce no documents.[4] |
| July 23, 2017 | The parties' counsel participate in a teleconference to discuss the various deficiencies in the Defendants' discovery responses, referenced above. |
| July 26, 2017 | Plaintiffs' counsel sends counsel for Defendants a letter memorializing and further explaining the shortcomings of Defendants' discovery responses, providing numerous citations to case law supporting Plaintiffs' position.[5] |
| August 8, 2017 | The parties' counsel participate in a second teleconference; counsel for Defendants represents that Defendants would serve revised discovery responses to address the matters raised in the July 26 letter. |
| August 18, 2017 | Defendants serve amended responses that repeat essentially all of the prior deficiencies in their original responses, along with their initial production of a paltry 36 documents totaling a mere 144 pages.[6] |

---

[2] *See* Ex. A, Pls.' 1st RFPs to Grande; Ex. B, Pls.' 1st RFPs to Patriot.
[3] *See* Ex. C, Pls.' 1st Interrogs. to Grande; Ex. D, Pls.' 1st Interrogs. to Patriot.
[4] *See* Ex. E, Grande's Objs. and Resps. to Pls.' 1st RFPs; Ex. F, Patriot's Objs. and Resps. to Pls.' 1st RFPs; Ex. G, Grande's Objs. and Resps. to Pls.' 1st Interrogs.; Ex. H, Patriot's Objs. and Resps. to Pls.' 1st Interrogs.
[5] *See* Ex. I, July 26, 2017 Discovery Letter.
[6] *See* Ex. J., Grande's Am. Objs. and Resps. to Pls.' 1st RFPs; Ex. K, Patriot's Am. Objs. and Resps. to Pls.' RFPs; Ex. L, Grande's Am. Objs. and Resps. to Pls.' Interrogs.; Ex. M, Patriot's Am. Objs. and Resps. to Pls.' Interrogs.

| | |
|---|---|
| Aug. 23, 2017 | On a third meet and confer teleconference, Defendants' counsel confirms that the amended responses are Defendants' reply to the issues raised by Plaintiffs, except as to producing notices regarding infringement, which Defendants were taking under advisement and would communicate their position on Monday, August 28. |
| Aug. 29-30, 2017 | Defendants agree only to produce Rightscorp notices and related correspondence, but do not remedy the other issues Plaintiffs repeatedly have raised.[7] |

After nearly three months, two rounds of responses, and multiple written and telephonic communications, Defendants persist in refusing to provide plainly relevant documents and information, including:

- Refusing to produce documents regarding any copyright (including copyrights belonging to Plaintiffs) other than those already identified in Plaintiffs' Complaint;[8]

- Refusing to produce notices of infringement,[9] other than those from Rightscorp;[10]

- Refusing to produce documents from outside Defendants' self-imposed – and undefined – "Relevant Time Period;"[11]

- Patriot refusing to produce documents relating to its interactions with ISPs other than Grande;[12]

- Referring to the future production of undescribed documents or to the entirety of their 144-page production in answering interrogatories;[13]

---

[7] *See* Ex. N, Aug. 29-30, 2017 R. Gilmore – R. Brophy Email Exchange.
[8] "Grande objects to Plaintiffs' First Set of Requests for Production of Documents and Things to the extent they seek information regarding copyrights other than those specifically identified in this litigation. Grande will respond as to copyrights specifically identified in this litigation." Ex. E, p. 3.
[9] *See* Ex. E, pp. 21-22 (Response to RFP 43).
[10] *See* Ex. N, Aug. 29-30, 2017 R. Gilmore – R. Brophy Email Exchange.
[11] *See* Ex. E, p. 6.
[12] *See* Ex. J, Patriot's Am. Resps. to Pls.' 1st RFPs.

4

- Patriot referring to Grande's (equally defective) interrogatory answers;[14]

- Refusing to provide sworn verifications for their interrogatory answers; and

- Refusing to provide answers to interrogatories seeking the basis of any DMCA safe harbor defense, and a description of the provenance and enforcement of any alleged DMCA-compliant repeat infringer policy.[15]

## LEGAL AUTHORITY AND ARGUMENT

The burden to justify the refusal to respond to discovery requests lies with the objecting party. "The party resisting discovery must show specifically how each discovery request is not relevant or otherwise objectionable." *Beneplace, Inc. v. Pitney Bowes, Inc.*, No. A-15-CV-065-LY-ML, 2016 WL 880204, at *2 (W.D. Tex. Mar. 7, 2016) (*citing McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990)).

**I. THE COURT SHOULD ORDER DEFENDANTS TO PRODUCE THE PLAINLY RELEVANT DOCUMENTS AND INFORMATION THEY ARE WITHHOLDING, AND SHOULD STRIKE DEFENDANTS' VAGUE AND MERITLESS OBJECTIONS.**

Both Grande's and Patriot's initial responses to Plaintiffs' Requests for Production and Interrogatories included General Objections that purported to apply to every request. Neither Defendant described the relationship between any General Objection and any of the document

---

[13] *See* Ex. L, Grande's Am. Resps. to Interrogs. 8, 10, 13.
[14] *See* Ex. H, Patriot's Resps. to Interrogs. 5, 6, 8, 9, 11, and 12; Ex. M, Patriot's Am. Resps. to Interrogs. (same).
[15] *See* Ex. L, Grande's Am. Resps. to Interrogs. pp. 9-11; Ex. M, Patriot's Am. Resps. to Interrogs., pp. 8, 10.

requests or interrogatories.[16] Despite Plaintiffs' July 26, 2017 letter detailing the defects in these objections, Defendants repeated nearly all of the same objections in their amended responses.[17]

Defendants' boilerplate General Objections to plainly discoverable and relevant documents and information violate the discovery rules. Rule 34 was recently amended to remove any doubt as to what is required to state a valid objection. "For each item or category, the response must either state that inspection and related activities will be permitted as requested or state *with specificity* the grounds for objecting to the request, including the reasons." Fed. R. Civ. P. 34. General objections have long been held to be improper under Rule 34, and the same case law mandating specific, clear and responsive objections applies with equal force to responses to interrogatories under Rule 33. "Broad-based, non-specific objections are almost impossible to assess on their merits, and fall woefully short of the burden that must be borne by a party making an objection to an interrogatory or document request." *Ogbonna v. USPLabs, LLC*, No. EP-13-CV-347-KC, 2014 WL 12489695, at *4 (W.D. Tex. Aug. 15, 2014) (Berton, M.J.).

Defendants' "specific" objections are just as conclusory and improper. Defendants repeatedly claim that requests are "overly broad and unduly burdensome" or "not proportional to the needs of the case" without explaining *why. Defendants even objected to the interrogatories expressly approved by the Local Rules of this Court, characterizing this Court's approved interrogatory number 5 as "seeking irrelevant information, overly broad, oppressive, and*

---

[16] For example, both Grande and Patriot objected "to the extent" the requests "seek information or documents that are neither relevant to the subject matter involved in this litigation nor proportional to the needs of the case." Exs. J & K, Defs.' Am. Resps. to RFPs, General Obj. 5.
[17] The amended response did drop a general objection to producing documents before the entry of the protective order. This Court's entry of the protective order obviously mooted this objection. But Defendants added a new general objection to the ESI production format instructions included in Plaintiffs' RFPs.

*unduly burdensome, and not proportional to the needs of the case.*"[18]  Such objections are improper.  *Ogbonna,* 2014 WL 12489695, at *6.  Indeed, comparing Defendants' discovery objections to Defendants' Initial Disclosures underscores just how meritless Defendants' boilerplate objections are:

| Defendants' Initial Disclosure Categories of Relevant Documents On Which They Intend To Rely For Their Defense[19] | Plaintiffs' Corresponding Requests for Production, to Which Defendants Objected[20] |
|---|---|
| "Documents relating to Grande's policies regarding subscriber privacy and the protection of subscriber personal information." | "Documents sufficient to show all terms of use and terms of service provided to your Customers or Users from January 1, 2010 to the present." (RFP 65) |
| "Documents related to the pricing strategy of Grande's services." | "Documents since January 1, 2010, sufficient to show your pricing for the different levels of internet services you offer to your Customers or Users." (RFP 64) |
| "Documents relating to the relationship between Grande and Patriot." | "Documents sufficient to show Grande's organizational charts and structure, and executive titles and job occupants, since January 1, 2010."  (RFP 68) |

Further, Grande and Patriot object (without any explanation) to the following targeted "documents sufficient to show" requests seeking plainly relevant information as "overly broad, unduly burdensome, and as not proportional to the needs of the case":

- "Documents sufficient to show the contractual agreements under which Patriot provides Grande with executive, management, or any other services, including the agreements themselves."  (RFP 12)

- "Documents sufficient to show your policies, practices, and capabilities for handling Notices that are received by your Registered Copyright Agent." (RFP 47)

---

[18] Exs. L and M, Defs.' Am. Resps. to Interrog. 5.  Emphasis is added throughout.
[19] Ex. O, Grande's Am. Initial Disclosures; Ex. P, Patriot's Am. Initial Disclosures
[20] Exs. J & K

7

- "Documents sufficient to show or from which it may be determined the number of Grande's Customers or Users whose service was terminated as a result of allegations of repeat copyright infringement, per month since January 1, 2010." (RFP 57)[21]

Defendants' vague objections do not allow Plaintiffs to ascertain what Defendants are and are not producing. Rather, these objections have injected undue and unavoidable confusion into the discovery process, and will continue to do so unless stricken. For example, Defendants repeatedly claim that they "will amend this response to indicate whether any responsive documents are being withheld pursuant to the foregoing general and specific objections once that collection effort is complete." *See id.* Thus, Plaintiffs are left to guess whether Defendants will be withholding documents or information, and if so, which documents and information they are withholding.

This uncertainty underscores the noncompliant nature of Defendants' responses. "[I]f an objection does not preclude or prevent a response or answer, at least in part, the objection is improper ***and should not be made***. To make such an objection in the face of these considerations is to engage in the 'abusive practice of objecting to discovery requests reflexively—but not reflectively—and without a factual [or legal] basis' that Rule 26(g) was enacted to stop.'" *Heller v. City of Dallas*, 303 F.R.D. 466, 487 (N.D. Tex. 2014). Defendants have had every opportunity to remove these meritless objections from their responses, or provide a factual or legal basis for each. They have steadfastly refused to do so, apparently committed to the "abusive practice" of reflexively objecting and obstructing discovery. The Court should reject this approach and find that all of Defendants' objections raised to Plaintiffs' requests have been waived (other than on attorney-client privilege or work product grounds). "[T]he Fifth Circuit has held that conclusory objections that the requested discovery is overly broad,

---

[21] *Id.*

burdensome, oppressive and irrelevant are insufficient to voice a successful objection to an interrogatory or request for production." *Tadlock v. Arctic Cat Sales, Inc.,* No. CV 15-766-JJB-EWD, 2017 WL 1032516, at *8 (M.D. La. Mar. 17, 2017). *See also Sparling v. Doyle*, No. EP-13-CV-323-DCG, 2014 WL 12489987, at *4 (W.D. Tex. Aug. 18, 2014) ("the Court overrules in their entirety all of Defendants' general objections that are not referenced in response to specific discovery requests."); *Ledesma v. D.R. Horton, Inc.*, No. SA-08-CA-128-OLG, 2009 WL 10669590, at *2 (W.D. Tex. June 29, 2009) ("Any remaining objections plaintiff may have had have been waived by plaintiff's failure to address his objections in his response or explain any basis for such objections.").

## II. DEFENDANTS' REFUSAL TO PRODUCE ENTIRE CATEGORIES OF RELEVANT, RESPONSIVE DOCUMENTS MUST BE REJECTED.

Beyond their overall, improper, approach to interposing vague and conclusory objections, Defendants persist in refusing to produce entire categories of documents that are well within the scope of discoverable information under Rule 26. There is no basis for Defendants' refusal; the Court should compel the production of the categories described below.

### A. Defendants Must Produce Documents Relating to Infringement of Any Copyrighted Works, Not Only Those Identified in Plaintiffs' Complaint.

Defendants continue to object to producing documents other than those that "relate to the copyrights identified in the Complaint."[22] These limitations remain unsupportable for multiple distinct reasons. *First*, Plaintiffs' Complaint includes simply a representative sample of the copyrights infringed by users of the Grande internet services. At a minimum, Plaintiffs are entitled to discovery of Defendants' documents and information concerning any copyright belonging to any Plaintiff. *Second*, Defendants' awareness of, and response to, infringement in

---

[22] *See* Ex. J, Grande's Am. Resps. to RFPs 2, 4, 8 and 9; Ex. K, Patriot's Am. Resps. to RFPs 2, 4, 7, 8, 9 and 10.

9

general are highly relevant. Among other things, infringement of any copyright, regardless of the owner, is central to any DMCA safe harbor defense Defendants may seek to interpose. Such defenses can be proven or disproven by the defendant's response to notices of infringement of works *other than ones at issue in the litigation*.[23] Thus, Defendants must produce such documents.

### B. Defendants Must Produce Notices of Copyright Infringement and Related Communications.

Grande refuses to produce notices of alleged copyright infringement, including potentially of Plaintiffs' copyrighted works, received from third parties other than Rightscorp (Ex. J, Response to RFP 43, p. 30) and refuses to produce all communications to its customers by which Grande forwarded a notice of alleged copyright infringement (Ex. J, Responses to RFP 30, p. 22 and RFP 39, pp. 27-28). Defendants' knowledge of infringement, from any source, is central to this case. In addition, Plaintiffs have reason to believe that Grande *did not* forward to its users most, if any, of the infringement notices it received, emphasizing the importance of this request. Grande must either produce such communications *or state that it does not have any*.

In addition, a key issue will be the extent to which any of Grande's users can be characterized as "repeat infringers" within the meaning of the DMCA, and whether Grande and Patriot properly identified and acted against repeat infringers. There is no requirement that the "repeat infringer" became so only by infringing Plaintiffs' copyrighted works. Instead, (1)

---

[23] *See Seide v. Level-(1) Glob. Sols., LLC*, No. 16 C 2975, 2016 WL 4206076, at *5 (N.D. Ill. Aug. 10, 2016); *see also Perfect 10, Inc. v. CCBill LLC*, 488 F.3d 1102, 1113 (9th Cir. 2007); *EMI Christian Music Grp., Inc. v. MP3tunes, LLC*, 844 F.3d 79, 90 (2d Cir. 2016), *cert. denied sub nom. Robertson v. EMI Christian Music Grp., Inc.*, 137 S. Ct. 2269 (2017).

notices received concerning particular users, and (2) notices Grande passed along to those users, each bear upon Defendants' knowledge of, and response to, repeat infringers.[24]

In short, Defendants cannot be permitted to draw the bounds of discovery on these important topics so narrowly. The Court should reject Defendants' arguments, and compel production of all notices and related communications.

### C. Defendants Must Produce Documents Reflecting Patriot's Interactions with Other ISPs.

Patriot provides management services to Grande, and Patriot and Grande share (at least) a common CEO,[25] CFO,[26] and GC.[27] Plaintiffs requested that Patriot produce documents[28] and answer interrogatories[29] reflecting Patriot's interactions with other ISPs that it manages, about issues relevant in this case. Patriot refused, repeating 46 times in its amended RFP responses that "[f]or purposes of further clarification, Patriot does not intend to produce in response to this request any materials that do not relate to the named parties to this lawsuit, to the extent such materials exist."[30]

In filings with the Court, Grande has already referred to its supposed limited ability to monitor and police user infringement, its supposed limited ability to "meaningfully investigate" notices of infringement, and its supposed limited termination options, and has made various other statements regarding the market for internet services among ISPs. *See, e.g.,* Dkt. 28, pp. 1-3, 15 and 17. Patriot's statements to Grande and other ISPs regarding these issues bear directly

---

[24] *See Perfect 10, Inc.*, 488 F.3d at 1113 (The DMCA "requires an assessment of the service provider's 'policy,' not how the service provider treated a particular copyright holder. Thus, [defendants'] response to adequate non-party notifications is relevant in determining whether they reasonably implemented their policy against repeat infringers.").
[25] http://www.patriotmediaconsulting.com/our-team-holanda.html (accessed August 24, 2017).
[26] http://www.patriotmediaconsulting.com/our-team-feehan.html (accessed August 24, 2017).
[27] http://www.patriotmediaconsulting.com/our-team-kramp.html (accessed August 24, 2017).
[28] *See e.g.* Ex. B, RFPs 8, 11, 26, 27, 28, 54, 56, 57, 58, etc.
[29] *See e.g.* Ex. D, Interrogatories 5, 6, 7, 8, 11, and 12.
[30] Ex. K.

on the credibility of Grande's claims, as well as other central issues, including Defendants' awareness of infringement occurring over peer-to-peer networks, possible measures available to any ISP to address such infringement, and the reasonableness of Grande's and Patriot's policies. Patriot's interactions with the other ISPs it manages are probative of all of these issues.

### III. DEFENDANTS MUST FULLY ANSWER PLAINTIFFS' INTERROGATORIES.

Defendants' deficient interrogatory responses are effectively a failure to respond at all under Rule 37(d). They have already prejudiced Plaintiffs' ability to proceed with discovery in this case and will continue to do so unless remedied without further delay.

#### A. Defendants' Refusal to Answer Interrogatories Properly Violates Rule 37(d).

"[T]he Fifth Circuit allows for discovery sanctions to be imposed even when there is not a total failure to respond, but the response has been so evasive or misleading or inadequate that it amounts to no response at all." *Lear Siegler Servs., Inc. v. Ensil Int'l Corp.*, No. SA-05-CA-679-XR, 2011 WL 13174951, at *5 (W.D. Tex. Mar. 15, 2011), *report and recommendation adopted*, No. SA-05-CV-679-XR, 2011 WL 13174952 (W.D. Tex. Apr. 7, 2011). Grande's and Patriot's interrogatory responses "amount to no response at all." They remain unverified. "[C]ourts in the Fifth Circuit have determined that a Rule 33(b) verification is required of the corporate entities, signed under oath by an authorized representative of the corporate entity and not by its counsel." *Laborde v. SGS N. Am., Inc.*, No. CIV.A. 11-544-JJB, 2012 WL 5304534, at *2 (M.D. La. Oct. 25, 2012). They provide no adequate, let alone detailed, description of facts or evidence requested. In fact, they provide no response at all to several requests seeking relevant evidence regarding any DMCA safe harbor affirmative defense Defendants' may raise. This refusal is

indefensible, as Patriot (and by implication Grande) has already reserved the right to raise such a defense.[31]

Among the available remedies under Rule 37(d) are "(ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;" and "(iii) striking pleadings in whole or in part[.]" Fed. R. Civ. P. 37(d). Defendants' repeated and unjustified refusal to provide evidence regarding any prospective DMCA safe harbor defense already warrants the Court prohibiting Defendants from raising any such defense. In the alternative, and at a minimum, the Court should require Defendants to answer to all interrogatories, including Interrogatories 11, 12, and 15 to Grande and Interrogatories 10 and 13 to Patriot, *now*, or waive any DMCA safe harbor defense.

### B. Defendants' Vague References to the Entirety of their Production, or to Largely Yet-To-Be Produced Documents, Violates Rule 33.

Between Defendants' initial and amended responses, Grande produced 36 documents, comprising a mere 144 pages, which represent the total of all documents produced by either Defendant to date. Grande attempts to rescue some of its failed interrogatory responses by repeatedly pointing to this entire production, informing Plaintiffs that the responses to Interrogatories 8, 10, and 13 can be found in "at least the following documents under Rule 33(d): GRANDE0000001-GRANDE0000144."

Such an unspecific reference to the entire set of documents produced to date is exactly the type of generic reference to all produced documents that courts hold violates Rule 33(d). An interrogatory "answer must specify, without qualification, which documents contain the answer. Defendants, in some instances, simply refer generically to produced documents. Such references

---

[31] "In the event Plaintiffs are permitted to continue pursuing these claims against Patriot, Patriot reserves the right to argue that it is entitled to invoke the safe harbor, notwithstanding the wording of the statute." Dkt. 29, Patriot Motion to Dismiss, p. 4, fn. 2.

13

do not satisfy the specificity requirement of Fed. R. Civ. P. 33(d)." *Pulsecard, Inc. v. Discover Card Servs., Inc.*, 168 F.R.D. 295, 305 (D. Kan. 1996). *See also Bayview Loan Servicing, LLC v. Boland*, 259 F.R.D. 516, 519 (D. Colo. 2009) ("A general reference to responsive documents is an insufficient response."); *White v. U.S. Catholic Conference*, No. CIV.A.97-1253 TAFJMF, 1998 WL 429680, at *2 (D.D.C. July 10, 1998) (…the federal courts have always found wanting discovery responses . . .which are so unspecific that they require the other party to wade through an undifferentiated mass of materials to find the answer").

Moreover, the handful of emails Grande produced in no way provides the information sought by the interrogatories they purport to "at least" answer. Plaintiffs' Interrogatory No. 10, for example, asks Grande to "describe in detail all actions you have taken against your Customers or Users who have been the subject of copyright infringement allegations. Your answer should include the nature of the allegation, the copyrighted work that was the subject of the allegation, the date of the allegation, the action you took, the date of the action, and the result of the action." Ex. C, p. 8. The hodgepodge of random emails Grande points to fall well short of answering this request. Plaintiffs are entitled to meaningful, complete, narrative responses to their interrogatories, verified by a corporate witness, not the evasive responses they continue to receive from Defendants.

## CONCLUSION

For all of the foregoing reasons, Plaintiffs respectfully request that the Court:

1. Strike Defendants' Objections to Plaintiffs' First Sets of Interrogatories and Requests for Production of Documents;

2. Compel production of all responsive, non-privileged documents no later than 14 days from this Court's order on Plaintiffs' motion;

14

3.  Compel answers to all interrogatories no later than 14 days from this Court's order on Plaintiffs' motion; and

4.  Award Plaintiffs' costs and fees expended in connection with addressing the defects in Defendants' discovery responses, including the filing of this motion.

Dated: August 30, 2017   Respectfully submitted,

By: */s/ Philip J. O'Beirne*
Pat A. Cipollone, P.C. (admitted *pro hac vice*)
Jonathan E. Missner (admitted *pro hac vice*)
Robert B. Gilmore (admitted *pro hac vice*)
Philip J. O'Beirne (admitted *pro hac vice*)
**Stein Mitchell Cipollone Beato & Missner LLP**
1100 Connecticut Avenue, NW Suite 1100
Washington, DC 20036
Telephone: (202) 737-7777
Facsimile: (202) 296-8312
pcipollone@steinmitchell.com
jmissner@steinmitchell.com
rgilmore@steinmitchell.com
pobeirne@steinmitchell.com

Daniel C. Bitting (State Bar No. 02362480)
Paige A. Amstutz (State Bar No. 00796136)
**Scott Douglass & McConnico LLP**
303 Colorado Street, Suite 2400
Austin, TX 78701
Telephone: (512) 495-6300
Facsimile: (512) 495-6399
dbitting@scottdoug.com
pamstutz@scottdoug.com

*Attorneys for Plaintiffs*

## **CERTIFICATE OF SERVICE**

The undersigned certifies that on August 30, 2017 all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system pursuant to Local Rule CV-5(b)(1).

>   */s/ Daniel C. Bitting*
>   Daniel C. Bitting