**EXHIBIT C**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| UMG RECORDINGS, INC., CAPITOL RECORDS, LLC, WARNER BROS. RECORDS INC., SONY MUSIC ENTERTAINMENT, ARISTA RECORDS LLC, ARISTA MUSIC, ATLANTIC RECORDING CORPORATION, CAPITOL CHRISTIAN MUSIC GROUP, INC., ELEKTRA ENTERTAINMENT GROUP INC., FONOVISA, INC., FUELED BY RAMEN LLC, LAFACE RECORDS LLC, NONESUCH RECORDS INC., RHINO ENTERTAINMENT COMPANY, ROADRUNNER RECORDS, INC., ROC-A-FELLA RECORDS, LLC, TOOTH & NAIL, LLC, and ZOMBA RECORDING LLC, | § § § § § § § § § § § § § § § § § § § | |
| Plaintiffs, | § § | Civil Action No. 1:17-cv-365<br><br>Jury Trial Demanded |
| vs. | § § | |
| GRANDE COMMUNICATIONS NETWORKS LLC and PATRIOT MEDIA CONSULTING, LLC | § § § § § | |
| Defendants | | |

**PLAINTIFFS' FIRST SET OF INTERROGATORIES TO**
**<ins>DEFENDANT GRANDE COMMUNICATIONS NETWORKS LLC</ins>**

Pursuant to Federal Rules of Civil Procedure 26 and 33, Plaintiffs serve their First Set of Interrogatories upon Defendant Grande Communications Networks LLC.  Plaintiffs request that Defendant answer the following interrogatories in writing and under oath in accordance with the

Federal Rules of Civil Procedure and the Local Rules of this Court.

## <u>DEFINITIONS</u>

Unless otherwise indicated, the following definitions shall apply.

1.      The term "Plaintiffs" refers collectively to Plaintiffs UMG Recordings, Inc., Capitol Records, LLC, Warner Bros. Records Inc., Sony Music Entertainment, Arista Records LLC, Arista Music, Atlantic Recording Corporation, Capitol Christian Music Group, Inc., Elektra Entertainment Group Inc., Fonovisa, Inc., Fueled by Ramen LLC, LaFace Records LLC, Nonesuch Records Inc., Rhino Entertainment Company, Roadrunner Records, Inc., Roc-A-Fella Records, LLC, Tooth & Nail, LLC, and Zomba Recording LLC.   "Plaintiff" means any one or more of the Plaintiffs, as defined herein.

2.      The terms "you," "your," "Grande" and "Defendant" refer to Grande Communications Networks LLC, its officers, directors, agents, consultants, employees, attorneys and accountants, and/or any other  person currently or previously acting or purporting to act on its behalf.

3.      The term "Rightscorp" refers to Rightscorp, Inc., its parents, subsidiaries, affiliates, officers, directors, agents, consultants, employees, attorneys and accountants, and/or any other person currently or previously acting or purporting to act on its behalf.

4.      The term "Complaint" refers to the Complaint filed by Plaintiffs on April 21, 2017, in this case.

5.      The term "Customer" refers to any account holder or subscriber of your internet services.

6.      The term "User" refers to any person that uses your internet services.

7.      The term "IP address" means internet protocol address.

8.      The term "DMCA" refers to the Digital Millennium Copyright Act.

9.     The term "Notice" refers to a notice, including but not limited to a notice under the DMCA, that one or more of your Customers or Users allegedly infringed a copyright.

10.     The term "DMCA Policy" refers to any policy concerning your obligations under, compliance with, business practices and communications with Customers or Users relating to, the DMCA.

11.     The term "Plaintiffs' Copyrighted Work" means any one or more of the works listed in Exhibit A to the Complaint, including any future addition or revisions to Exhibit A in subsequent pleadings or discovery responses.

12.     The term "Repeat Infringer Policy" refers to a policy as described in 17 U.S.C. § 512(i).

13.     The term "Acceptable Use Policy" refers to any policy concerning the obligations, rules, and limitations of Customers' or Users' use of internet services offered by Grande.

14.     The term "Registered Copyright Agent" refers to any person Grande has designated to receive notifications of alleged copyright infringement pursuant to the DMCA.

15.     The term "Cox Litigation" refers to the litigation captioned as *BMG Rights Management (US) LLC, et al. v. Cox Enterprises, Inc., et al.* in the United States District Court for the Eastern District of Virginia (Case 1:14-cv-01611-LO-JFA).

16.     The terms "person" is defined as any natural person or business, legal or governmental entity or association.  Unless otherwise stated, "person" shall also include any individuals and entities which are separately defined in these Definitions.  Any reference to a person shall also include that person's successors, assigns, personal representatives, and heirs, by operation of law or otherwise.

17.     The term "document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a).  A draft of a nonidentical copy is a

separate document within the meaning of this term. "Document" specifically includes electronically stored information as defined in Rule 34(a).

18.     The term "communication" means the transmittal of the transmittal of information (in the form of facts, ideas, inquiries or otherwise) by any means, written, oral, or otherwise, at any time or place under any circumstances. The definition is not limited to transfers between persons, but also includes other transfers, such as records and memoranda to file; any written letter, memorandum, or other document that was sent by one or more individuals to another or others; any telephone call between one or more individuals and another or others, whether such call was by chance or prearranged or not, formal or informal; and any conversation or meeting between one or more individuals and another, whether such contact was by chance or prearranged or not, formal or informal.

19.     The term "concerning" means relating to, referring to, describing, evidencing or constituting.

20.     The term "describe" means to provide a complete description and explanation of the requested subject matter, including to identify all persons, communications, or documents that are referenced in or that evidence your answer.

21.     When referring to a person, to "identify" means to give, to the extent known, the person's full name, present or last known address, e-mail address, and telephone number, and when referring to a natural person, additionally, the present or last known place of employment. Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

22.    When referring to documents, to "identify" means to give, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; (iv) author(s), addressee(s), and recipient(s); and (v) if produced in discovery in this lawsuit, the Bates number.

23.    "Any" should be understood to include and encompass "all," "all" should be understood to include and encompass "any," "or" should be understood to include and encompass "and," and "and" shall be understood to include and encompass "or."

24.    The use of a verb in any tense shall be construed as the use of the verb in all other tenses.

25.    The use of the singular form of any word shall include the plural and vice versa.

## INSTRUCTIONS

1.    The interrogatories below must be answered in accordance with Federal Rules of Civil Procedure 26 and 33.  You must serve upon Plaintiffs a written answer and/or objection addressed to each interrogatory, and such answer or objection must be signed by the serving party. The responses to the interrogatories shall include any information that is within your possession, custody or control, that is within the possession, custody or control of your attorneys, consultants, experts, agents, investigators, accountants, or any persons acting on your behalf, or that is otherwise available to you as provided under applicable law.

2.    These interrogatories shall be deemed to be continuing to the extent permitted by Rule 26(e) of the Federal Rules of Civil Procedure.

3.    If you cannot answer any interrogatory in full after exercising due diligence to secure the information, so state in the answer to the extent possible, specifying your inability to answer the remainder, and state whatever information or knowledge you have concerning the unanswered portions and the efforts you have undertaken to secure the information sought.

4.      If you deem any information, document, or communication requested by any of the following interrogatories to be protected from disclosure by the attorney-client privilege,   work-product doctrine, or any other privilege, doctrine, or immunity, please identify:

(a)      the information, document, or communication alleged to be so protected by author, subject matter, date, number of pages, attachments, and appendices;

(b)      the names and job titles of all  recipients of the information, document, or communication, including blind copy recipients and  any individual to whom the information, document, or communication was distributed, shown, or  explained;

(c)      the information, document, or communication's current custodian; and

(d)      all  bases, factual and legal, upon which such protection rests.

If you contend that only a portion of the information sought by an interrogatory is privileged, please provide the information that you  do not contend is privileged.

5.      If you object to any portion of an interrogatory, please provide all information requested by any portion of the interrogatory to which you do not object.

6.      Whenever an interrogatory seeks the identification of documents, things, or other information that are not within Defendant's actual or constructive possession, custody, control or knowledge, Defendant shall so state and shall answer the interrogatory to the extent of its knowledge or belief based upon the best information presently available.  If Defendant has knowledge or a belief as to other persons having such actual or constructive possession, custody, control, or knowledge, Defendant shall identify, to the extent known and based on the best information presently available, all such persons, together with a summary of the nature of the documents, things, or other information believed to be possessed by or known to each such person.

7.      To the extent Defendant alleges that the meaning of any term in these

6

interrogatories is unclear, Defendant is to assume a reasonable meaning, state that assumed reasonable meaning, and answer the interrogatories on the basis of that assumed meaning.

## INTERROGATORIES

**Interrogatory No. 1.**    Identify all persons who you believe have knowledge of relevant facts in the lawsuit and identify the issues about which you believe they have knowledge.

**Interrogatory No. 2.**    If Grande is a partner, a partnership, or a subsidiary or affiliate of a corporation, limited liability company, or partnership, that has a financial interest in the outcome of this lawsuit, identify the parent corporation(s), affiliate(s), partner(s), or partnership(s) and the relationship between it/them and Grande.  If there is a publicly owned corporation or a holding company not a party to the case that has a financial interest in the outcome, identify such corporation and the nature of the financial interest.

**Interrogatory No. 3.**    If Grande is improperly identified in the Complaint, give its proper identification and state whether you will accept service of an amended summons and complaint reflecting the information furnished by you in answer hereto.

**Interrogatory No. 4.**    If you contend that some other person is, in whole or in part, liable to any Plaintiff in this lawsuit, identify that person and describe in detail the basis of said liability.

**Interrogatory No. 5.**    Describe in detail any communications Grande has had with any Plaintiff or with Rightscorp, from January 1, 2010 until the filing of the Complaint.

**Interrogatory No. 6.**    Describe in detail any DMCA Policy, Repeat Infringer Policy, Acceptable Use Policy, and/or any policies and/or procedures concerning Grande's receipt, review, forwarding to Customers and/or Users, response to, and resolution of, copyright infringement allegations involving Grande's internet services, since January 1, 2010.

**Interrogatory No. 7.**    Describe in detail all Notices and/or any other reports or notices of

7

copyright infringement allegations Grande received, from any source, for each month from January 1, 2010 to the present. A full description should include, without limitation, the date the notice or report was received, the type of notice (e.g., email, letter, etc.), the IP address associated with the notice or report, the Customer or User associated with that IP address, and the identity of the copyrighted work(s) for which the copyright had allegedly been infringed and whether a copyrighted work was a Plaintiffs' Copyrighted Work.

**Interrogatory No. 8.**        Describe in detail all actions you have taken in response to each of the Notices and/or any other reports or notices of copyright infringement allegations requested to be identified in the preceding interrogatory, including, without limitation, whether you forwarded the notice to the Customer or User associated with the IP address contained in the notice or report, and if so, when and how you forwarded the notice and which notices pertained to Plaintiffs' Copyrighted Works.

**Interrogatory No. 9.**        Describe in detail any effort by Grande to determine whether and to what extent any of your Customers or Users were engaged in copyright infringement.

**Interrogatory No. 10.**        Describe in detail all actions you have taken against your Customers or Users who have been the subject of copyright infringement allegations. Your answer should include the nature of the allegation, the copyrighted work that was the subject of the allegation, the date of the allegation, the action you took, the date of the action, and the result of the action.

**Interrogatory No. 11.**        Describe in detail the complete factual and legal bases for your contention that you are entitled to safe harbor protection under the DMCA.

**Interrogatory No. 12.**        State the number of your Customers or Users that Grande has terminated for violation of the Acceptable Use Policy, organized by the provision of the Acceptable Use Policy the violation of which caused the Customer's or User's suspension or termination. Organize

Customers or Users terminated for violating more than one provision by the grouping of provisions violated (*i.e.*, X number of Customers or Users terminated for violation of provisions A and B, X number for provisions B and C, etc.).

**Interrogatory No. 13.**    Identify all communications sent by Grande to Customers or Users for alleged or believed violations of any DMCA Policy, Acceptable Use Policy, Repeat Infringer Policy, and/or any other policies and/or procedures concerning copyright infringement allegations involving Grande's internet services, organized by the provision of the policy the violation of which Grande determined justified a warning.

**Interrogatory No. 14.**    Describe the contact information Grande identified for the person identified as the recipient for complaints of alleged copyright infringement that was contained in any Grande Acceptable Use Policy in effect in 2010, 2011, 2012, 2013, 2014, 2015, and/or 2016, and, to the extent such information is different than the information for Grande's Registered Copyright Agent, describe the reasons for such difference.

**Interrogatory No. 15.**    Describe in detail the creation and issuance of the document titled "DMCA Policy and Procedure" posted on the Grande website (attached as Exhibit A to these Interrogatories).  A full description should include, without limitation, Grande's reasons for creating the document, the drafting of the terms, consideration of the legal sufficiency of the policy, the timing of the creation and/or implementation of the policy, any connection between the policy and the result of the Cox Litigation, and any differences in how Grande has handled complaints of infringement under this document as compared with how such complaints were handled prior to its institution.

Dated:  June 20, 2017

Respectfully submitted,

By:    /s/ Daniel C. Bitting
        Daniel C. Bitting
        State Bar No. 02362480

9

Paige A. Amstutz
State Bar No. 00796136
**Scott Douglass & McConnico LLP**
303 Colorado Street, Suite 2400
Austin, TX 78701
Telephone: (512) 495-6300
Facsimile: (512) 495-6399
dbitting@scottdoug.com
pamstutz@scottdoug.com

Pat A. Cipollone, P.C. (admitted *pro hac vice*)
Jonathan E. Missner (admitted *pro hac vice*)
Robert B. Gilmore (admitted *pro hac vice*)
Philip J. O'Beirne (admitted *pro hac vice*)
**Stein Mitchell Cipollone Beato & Missner LLP**
1100 Connecticut Avenue, NW Suite 1100
Washington, DC 20036
Telephone: (202) 737-7777
Facsimile: (202) 296-8312
pcipollone@steinmitchell.com
jmissner@steinmitchell.com
rgilmore@steinmitchell.com
pobeirne@steinmitchell.com

*Attorneys for Plaintiffs*

## **CERTIFICATE OF SERVICE**

It is hereby certified that a true copy of the foregoing was served via First Class Mail and

Electronic Mail on  the 20th day of June, 2017, upon counsel of record.

Dated: June 20, 2017

/s/    *Robert B. Gilmore*