# EXHIBIT D

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| UMG RECORDINGS, INC., CAPITOL RECORDS, LLC, WARNER BROS. RECORDS INC., SONY MUSIC ENTERTAINMENT, ARISTA RECORDS LLC, ARISTA MUSIC, ATLANTIC RECORDING CORPORATION, CAPITOL CHRISTIAN MUSIC GROUP, INC., ELEKTRA ENTERTAINMENT GROUP INC., FONOVISA, INC., FUELED BY RAMEN LLC, LAFACE RECORDS LLC, NONESUCH RECORDS INC., RHINO ENTERTAINMENT COMPANY, ROADRUNNER RECORDS, INC., ROC-A-FELLA RECORDS, LLC, TOOTH & NAIL, LLC, and ZOMBA RECORDING LLC,<br><br>    Plaintiffs,<br><br>vs.<br><br>GRANDE COMMUNICATIONS NETWORKS LLC<br>and<br>PATRIOT MEDIA CONSULTING, LLC<br><br>    Defendants | Civil Action No. 1:17-cv-365<br><br>Jury Trial Demanded |

## PLAINTIFFS' FIRST SET OF INTERROGATORIES TO DEFENDANT PATRIOT MEDIA CONSULTING, LLC

Pursuant to Federal Rules of Civil Procedure 26 and 33, Plaintiffs serve their First Set of Interrogatories upon Defendant Patriot Media Consulting, LLC. Plaintiffs request that Defendant answer the following interrogatories in writing and under oath in accordance with the Federal Rules

1

of Civil Procedure and the Local Rules of this Court.

## DEFINITIONS

Unless otherwise indicated, the following definitions shall apply.

1. The term "Plaintiffs" refers collectively to Plaintiffs UMG Recordings, Inc., Capitol Records, LLC, Warner Bros. Records Inc., Sony Music Entertainment, Arista Records LLC, Arista Music, Atlantic Recording Corporation, Capitol Christian Music Group, Inc., Elektra Entertainment Group Inc., Fonovisa, Inc., Fueled by Ramen LLC, LaFace Records LLC, Nonesuch Records Inc., Rhino Entertainment Company, Roadrunner Records, Inc., Roc-A-Fella Records, LLC, Tooth & Nail, LLC, and Zomba Recording LLC.  "Plaintiff" means any one or more of the Plaintiffs, as defined herein.

2. The terms "you," "your," "Patriot" and "Defendant" refer to Patriot Media Consulting, LLC,  its officers, directors, agents, consultants, employees, attorneys and accountants, and/or any other  person currently or previously acting or purporting to act on its behalf.

3. The term "Grande" refers to Grande Communications Networks LLC, its officers, directors, agents, consultants, employees, attorneys and accountants, and/or any other  person currently or previously acting or purporting to act on its behalf.

4. The term "Rightscorp" refers to Rightscorp, Inc., its parents, subsidiaries, affiliates, officers, directors, agents, consultants, employees, attorneys and accountants, and/or any other person currently or previously acting or purporting to act on its behalf.

5. The term "Complaint" refers to the Complaint filed by Plaintiffs on April 21, 2017, in this case.

6. The term "Customer" refers to any account holder or subscriber of internet services.

7. The term "User" refers to any person that uses internet services.

8. The term "ISP" means any business or organization that is an internet service provider.

9. The term "IP address" means internet protocol address.

10. The term "DMCA" refers to the Digital Millennium Copyright Act.

11. The term "Notice" refers to a notice, including but not limited to a notice under the DMCA, that one or more Customers or Users allegedly infringed a copyright.

12. The term "DMCA Policy" refers to any policy concerning your obligations, or the obligations of any ISP for which you provide any services, under, compliance with, business practices and communications with Customers or Users relating to, the DMCA.

13. The term "Plaintiffs' Copyrighted Work" means any one or more of the works listed in Exhibit A to the Complaint, including any future addition or revisions to Exhibit A in subsequent pleadings or discovery responses.

14. The term "Repeat Infringer Policy" refers to a policy as described in 17 U.S.C. § 512(i).

15. The term "Acceptable Use Policy" refers to any policy concerning the obligations, rules, and limitations of Customers' or Users' use of internet services offered by Grande.

16. The term "Registered Copyright Agent" refers to any person designated to receive notifications of alleged copyright infringement pursuant to the DMCA.

17. The term "Cox Litigation" refers to the litigation captioned as *BMG Rights Management (US) LLC, et al. v. Cox Enterprises, Inc., et al.* in the United States District Court for the Eastern District of Virginia (Case 1:14-cv-01611-LO-JFA).

18. The terms "person" is defined as any natural person or business, legal or governmental entity or association.  Unless otherwise stated, "person" shall also include any individuals and entities which are separately defined in these Definitions.  Any reference to a person shall also include that

person's successors, assigns, personal representatives, and heirs, by operation of law or otherwise.

19. The term "document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a). A draft of a nonidentical copy is a separate document within the meaning of this term. "Document" specifically includes electronically stored information as defined in Rule 34(a).

20. The term "communication(s)" means the transmittal of the transmittal of information (in the form of facts, ideas, inquiries or otherwise) by any means, written, oral, or otherwise, at any time or place under any circumstances. The definition is not limited to transfers between persons, but also includes other transfers, such as records and memoranda to file; any written letter, memorandum, or other document that was sent by one or more individuals to another or others; any telephone call between one or more individuals and another or others, whether such call was by chance or prearranged or not, formal or informal; and any conversation or meeting between one or more individuals and another, whether such contact was by chance or prearranged or not, formal or informal.

21. The term "concerning" means relating to, referring to, describing, evidencing or constituting.

22. The term "describe" means to provide a complete description and explanation of the requested subject matter, including to identify all persons, communications, or documents that are referenced in or that evidence your answer.

23. When referring to a person, to "identify" means to give, to the extent known, the person's full name, present or last known address, e-mail address, and telephone number, and when referring to a natural person, additionally, the present or last known place of employment. Once a person has been identified in accordance with this subparagraph, only the name of that person need

be listed in response to subsequent discovery requesting the identification of that person.

24. When referring to documents, to "identify" means to give, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; (iv) author(s), addressee(s), and recipient(s); and (v) if produced in discovery in this lawsuit, the Bates number.

25. "Any" should be understood to include and encompass "all," "all" should be understood to include and encompass "any," "or" should be understood to include and encompass "and," and "and" shall be understood to include and encompass "or."

26. The use of a verb in any tense shall be construed as the use of the verb in all other tenses.

27. The use of the singular form of any word shall include the plural and vice versa.

## INSTRUCTIONS

1. The interrogatories below must be answered in accordance with Federal Rules of Civil Procedure 26 and 33. You must serve upon Plaintiffs a written answer and/or objection addressed to each interrogatory, and such answer or objection must be signed by the serving party. The responses to the interrogatories shall include any information that is within your possession, custody or control, that is within the possession, custody or control of your attorneys, consultants, experts, agents, investigators, accountants, or any persons acting on your behalf, or that is otherwise available to you as provided under applicable law.

2. These interrogatories shall be deemed to be continuing to the extent permitted by Rule 26(e) of the Federal Rules of Civil Procedure.

3. If you cannot answer any interrogatory in full after exercising due diligence to secure the information, so state in the answer to the extent possible, specifying your inability to answer the remainder, and state whatever information or knowledge you have concerning the

unanswered portions and the efforts you have undertaken to secure the information sought.

4. If you deem any information, document, or communication requested by any of the following interrogatories to be protected from disclosure by the attorney-client privilege, work-product doctrine, or any other privilege, doctrine, or immunity, please identify:

(a) the information, document, or communication alleged to be so protected by author, subject matter, date, number of pages, attachments, and appendices;

(b) the names and job titles of all recipients of the information, document, or communication, including blind copy recipients and any individual to whom the information, document, or communication was distributed, shown, or explained;

(c) the information, document, or communication's current custodian; and

(d) all bases, factual and legal, upon which such protection rests.

If you contend that only a portion of the information sought by an interrogatory is privileged, please provide the information that you do not contend is privileged.

5. If you object to any portion of an interrogatory, please provide all information requested by any portion of the interrogatory to which you do not object.

6. Whenever an interrogatory seeks the identification of documents, things, or other information that are not within Defendant's actual or constructive possession, custody, control or knowledge, Defendant shall so state and shall answer the interrogatory to the extent of its knowledge or belief based upon the best information presently available. If Defendant has knowledge or a belief as to other persons having such actual or constructive possession, custody, control, or knowledge, Defendant shall identify, to the extent known and based on the best information presently available, all such persons, together with a summary of the nature of the documents, things, or other information believed to be possessed by or known to each such person.

7. To the extent Defendant alleges that the meaning of any term in these interrogatories is unclear, Defendant is to assume a reasonable meaning, state that assumed reasonable meaning, and answer the interrogatories on the basis of that assumed meaning.

## INTERROGATORIES

**Interrogatory No. 1.** Identify all persons who you believe have knowledge of relevant facts in the lawsuit and identify the issues about which you believe they have knowledge.

**Interrogatory No. 2.** If Patriot is a partner, a partnership, or a subsidiary or affiliate of a corporation, limited liability company, or partnership, that has a financial interest in the outcome of this lawsuit, identify the parent corporation(s), affiliate(s), partner(s), or partnership(s) and the relationship between it/them and Patriot. If there is a publicly owned corporation or a holding company not a party to the case that has a financial interest in the outcome, list the identity of such corporation and the nature of the financial interest.

**Interrogatory No. 3.** If Patriot is improperly identified in the Complaint, give its proper identification and state whether you will accept service of an amended summons and complaint reflecting the information furnished by you in answer hereto.

**Interrogatory No. 4.** If you contend that some other person is, in whole or in part, liable to any Plaintiff in this lawsuit, identify that person or legal entity and describe in detail the basis of said liability.

**Interrogatory No. 5.** Describe in detail any communications Patriot, Grande, or any other ISP for which Patriot provides or has provided any services, has had with any Plaintiff or with Rightscorp, from January 1, 2010 until the filing of the Complaint.

**Interrogatory No. 6.** Describe in detail any DMCA Policy, Repeat Infringer Policy, Acceptable Use Policy, and/or any policies and/or procedures concerning Patriot's or any ISP's receipt,

review, forwarding to Customers and/or Users, response to, and resolution of, copyright infringement allegations involving Grande's or any other ISP's internet services, since January 1, 2010.

**Interrogatory No. 7.** Describe in detail all roles or services performed by Patriot for Grande or any other ISP, including but not limited to acting as Registered Copyright Agent. A full description should include, without limitation, the time period(s) during which Patriot held the described roles or performed the described services, the responsibilities and measures Patriot undertook, implemented, directed, or oversaw, concerning such roles or services, and the compensation Patriot received for such roles or services.

**Interrogatory No. 8.** Describe in detail any effort you have undertaken to determine whether and to what extent any Customers or Users of Grande, or any other ISP for which Patriot provides or has provided any services, have engaged in copyright infringement.

**Interrogatory No. 9.** Describe in detail all actions you have taken against Customers or Users of Grande, or any other ISP for which Patriot provides or has provided any services, who have been the subject of copyright infringement allegations. Your answer should include the nature of the allegation, the copyrighted work that was the subject of the allegation, the date of the allegation, the action you took, the date of the action, and the result of the action.

**Interrogatory No. 10.** Describe in detail the complete factual and legal bases for your contention that you are entitled to safe harbor protection under the DMCA.

**Interrogatory No. 11.** Identify all communications sent by Patriot, or by Grande or any other ISP for which Patriot provides or has provided any services, to Customers or Users for alleged or believed violations of any DMCA Policy, Acceptable Use Policy, Repeat Infringer Policy, and/or any other policies and/or procedures concerning copyright infringement allegations involving Grande's internet services, organized by the provision of the policy the violation of which Grande determined

justified a warning.

**Interrogatory No. 12.** Describe in detail any effort by any person acting on behalf of Patriot, or on behalf of Grande or any other ISP for which Patriot provides or has provided services, to determine whether and to what extent any Customers or Users were engaged in copyright infringement.

**Interrogatory No. 13.** Describe in detail Patriot's roles and responsibilities with respect to any aspect of the reasons for, formulation, institution, and administration of the document titled "DMCA Policy and Procedure" posted on the Grande website (attached as Exhibit A to these Interrogatories).

**Interrogatory No. 14.** Describe in detail all communications between Grande and Patriot concerning any of the following topics: copyright infringement, Grande's or Patriot's potential legal exposure for copyright infringement, the DMCA, any DMCA Policy, any Acceptable Use Policy, any Repeat Infringer Policy, Notice(s) (in draft or final as-sent form), Grande's or Patriot's compliance with the DMCA, Grande's or Patriot's entitlement or lack of entitlement to the DMCA statutory safe harbor provisions, Rightscorp or communications to and from Rightscorp, and/or the Cox Litigation.

Dated: June 20, 2017                                Respectfully submitted,

                         By:   /s/ Daniel C. Bitting
                                  Daniel C. Bitting
                                  State Bar No. 02362480
                                  Paige A. Amstutz
                                  State Bar No. 00796136
                                  **Scott Douglass & McConnico LLP**
                                  303 Colorado Street, Suite 2400
                                  Austin, TX 78701
                                  Telephone: (512) 495-6300
                                  Facsimile: (512) 495-6399
                                  dbitting@scottdoug.com
                                  pamstutz@scottdoug.com

                                  Pat A. Cipollone, P.C. (admitted *pro hac vice*)
                                  Jonathan E. Missner (admitted *pro hac vice*)

        Robert B. Gilmore (admitted *pro hac vice*)
        Philip J. O'Beirne (admitted *pro hac vice*)
        **Stein Mitchell Cipollone Beato & Missner LLP**
        1100 Connecticut Avenue, NW Suite 1100
        Washington, DC 20036
        Telephone: (202) 737-7777
        Facsimile: (202) 296-8312
        pcipollone@steinmitchell.com
        jmissner@steinmitchell.com
        rgilmore@steinmitchell.com
        pobeirne@steinmitchell.com

        ***Attorneys for Plaintiffs***

## **CERTIFICATE OF SERVICE**

It is hereby certified that a true copy of the foregoing was served via First Class Mail and Electronic Mail on the 20th day of June, 2017, upon counsel of record.

Dated: June 20th, 2017

/s/ *Robert B. Gilmore*