**EXHIBIT E**

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| UMG RECORDINGS, INC., et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| GRANDE COMMUNICATIONS | ) | No.  1:17-cv-00365 |
| NETWORKS LLC and PATRIOT MEDIA | ) | |
| CONSULTING, LLC, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

## DEFENDANT GRANDE COMMUNICATIONS NETWORKS LLC'S OBJECTIONS AND RESPONSES TO PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Defendant Grande Communications Networks LLC ("Grande"), by and through its attorneys, hereby responds to Plaintiffs' First Set of Requests for Production of Documents and Things with the following responses and objections.

## GENERAL OBJECTIONS

The following General Objections are incorporated by reference in each of Grande's Specific Objections and Answers set forth below:

1.      Grande objects to Plaintiffs' instructions to the extent they impose obligations on Grande that are inconsistent with or exceed those set forth in the Federal Rules of Civil Procedure, Rules of the United States District Court for the Western District of Texas, or any Order of this Court.

2.      Grande objects to the First Set of Requests for Production of Documents and Things to the extent they seek the disclosure or production of information protected by the

attorney-client privilege and/or work product doctrine.  Such information shall not be provided in response to these requests, and any inadvertent disclosure thereof shall not be deemed a waiver of any privilege or protection with respect to such information or documents.

3.      Grande objects to the First Set of Requests for Production of Documents and Things to the extent they seek information or documents that are confidential, sensitive, and proprietary business information.  Any such information that is responsive will be produced, if at all, only upon entry of a confidentiality agreement/protective order.

4.      Grande objects to the First Set of Requests for Production of Documents and Things as overly broad and unduly burdensome to the extent they seek information or documents not within the possession, custody, or control of Grande.

5.      Grande objects to the First Set of Requests for Production of Documents and Things to the extent they seek information or documents that are neither relevant to the subject matter involved in this litigation nor proportional to the needs of the case.

6.      Grande objects to the First Set of Requests for Production of Documents and Things to the extent they call for the production of documents or information without any limitation, or with an unreasonable limitation, as to the date of the documents or information. Grande will answer as to the relevant time period.

7.      Grande objects to the First Set of Requests for Production of Documents and Things to the extent they seek discovery of information or documents already within the possession and control of Plaintiffs and/or Plaintiffs' counsel, or that are available from public sources, on the grounds that each such request is unduly burdensome and oppressive.

8.      Grande objects to the First Set of Requests for Production of Documents and Things to the extent they seek information beyond what is available from a reasonable search of

those Grande files likely to contain relevant or responsive documents pertaining to this litigation.

9.     Grande objects to the First Set of Requests for Production of Documents and Things to the extent they seek legal conclusions.

10.    Grande objects to the Definitions set forth in Plaintiffs' First Set of Requests for Production of Documents and Things, specifically, Grande objects to the definition of "Plaintiffs' Copyrighted Work" as overly broad in that it purports to encompass materials not yet identified.

11.    Grande objects to the use of the term "concerning" in Plaintiffs' First Set of Requests for Production of Documents and Things as vague and ambiguous.  Grande understands and interprets such requests to seek documents that refer to the specific subject matter.

12.    Grande objects to Plaintiffs' First Set of Requests for Production of Documents and Things to the extent they seek information regarding copyrights other than those specifically identified in this litigation.  Grande will respond as to copyrights specifically identified in this litigation.

13.    These responses to the First Set of Requests for Production of Documents and Things are based on the documents available at this time and upon such investigation as is reasonable for Grande to undertake under the circumstances of these requests.  Should further discovery result in additions to, changes in, or modifications of the following responses, or if additional documentation becomes available, Grande reserves the right to supplement these General Objections, as well as its Specific Objections and Responses to the First Set of Requests for Production of Documents and Things.

## GRANDE'S ANSWERS TO PLAINTIFFS' FIRST SET OF DOCUMENT REQUESTS

REQUEST NO. 1:

All documents concerning any Plaintiff.

**RESPONSE:**

In addition to its General Objections, Grande objects to this request as overly broad and seeking irrelevant information, as seeking privileged attorney-client communications and/or protected work product, and as not proportional to the needs of the case.

Subject to its objections, Grande will produce, within 60 days, or at such other time as the parties may agree, responsive, non-privileged documents concerning any Plaintiff to the extent such documents exist and are in Grande's possession, custody, or control.

REQUEST NO. 2:

All documents concerning any of Plaintiffs' Copyrighted Works.

**RESPONSE:**

In addition to its General Objections, Grande objects to this request as overly broad, as seeking privileged attorney-client communications and/or protected work product, and as not proportional to the needs of the case.  Grande further objects to the definition of "Plaintiffs' Copyrighted Work" as overly broad, in that it purports to encompass materials not yet identified.

Subject to its objections, Grande will produce, within 60 days, or at such other time as the parties may agree, responsive, non-privileged documents concerning the copyrighted works identified in the Complaint, to the extent such documents exist and are in Grande's possession, custody, or control.

REQUEST NO. 3:

All documents concerning Rightscorp.

**RESPONSE:**

In addition to its General Objections, Grande objects to this request as overly broad and seeking irrelevant information, as seeking privileged attorney-client communications and/or protected work product, and as not proportional to the needs of the case.

Subject to its objections, Grande will produce, within 60 days, or at such other time as the parties may agree, responsive, non-privileged documents concerning Rightscorp to the extent such documents exist and are in Grande's possession, custody, or control.

REQUEST NO. 4:

All documents concerning alleged copyright infringement of sound recordings through the use of your internet service, including but not limited to such activity by your Customers or Users.

**RESPONSE:**

In addition to its General Objections, Grande objects to this request as overly broad and unduly burdensome, as seeking privileged attorney-client communications and/or protected work product, and as not proportional to the needs of the case.  Grande further objects to the extent the request seeks information related to copyrights not at issue in this case.

Subject to its objections, Grande will produce, within 60 days, or at such other time as the parties may agree, responsive, non-privileged documents to the extent such documents exist and are in Grande's possession, custody, or control.

REQUEST NO. 5:

All documents concerning BitTorrent or other Peer-to-Peer file systems, including but not limited to your Customers' or Users' use of BitTorrent or other Peer-to-Peer file exchange systems.

**RESPONSE:**

In addition to its General Objections, Grande objects to this request as overly broad and

unduly burdensome, as seeking privileged attorney-client communications and/or protected work product, and as not proportional to the needs of the case.

Subject to its objections, Grande will produce, within 60 days, or at such other time as the parties may agree, responsive, non-privileged documents to the extent such documents exist and are in Grande's possession, custody, or control.

REQUEST NO. 6:

All documents concerning any research, studies, focus groups or surveys concerning: (a) your Customers or Users or potential Customers or Users who use or have used BitTorrent or other Peer-to-Peer file sharing, (b) alleged copyright infringement by your Customers or Users, or (c) alleged copyright infringing activity through your internet service.

**RESPONSE:**

In addition to its General Objections, Grande objects to this request as overly broad and unduly burdensome, as seeking privileged attorney-client communications and/or protected work product, and as not proportional to the needs of the case.  Grande further objects to the extent the request seeks information related to copyrights not at issue in this case.

Subject to its objections, Grande will produce, within 60 days, or at such other time as the parties may agree, responsive, non-privileged documents to the extent such documents exist and are in Grande's possession, custody, or control.

REQUEST NO. 7:

All documents reflecting or comprising communications between Grande and Patriot concerning any of the following topics: copyright infringement, Grande's or Patriot's potential legal exposure for copyright infringement, the DMCA, any DMCA Policy, any Acceptable Use Policy, any Repeat Infringer Policy, Notice(s) (in draft or final as-sent form), Grande's or Patriot's compliance with the DMCA, Grande's entitlement or lack of entitlement to the DMCA statutory safe harbor provisions, BitTorrent, Peer-to-Peer file sharing, and/or the Cox Litigation.

**RESPONSE:**

In addition to its General Objections, Grande objects to this request as overly broad and

6

unduly burdensome, as seeking privileged attorney-client communications and/or protected work product, and as not proportional to the needs of the case.  Grande further objects to the extent the request seeks information related to copyrights not at issue in this case.

Subject to its objections, Grande will produce, within 60 days, or at such other time as the parties may agree, responsive, non-privileged documents to the extent such documents exist and are in Grande's possession, custody, or control.

REQUEST NO. 8:

All documents concerning the sale of Grande to TPG addressing or relating to any of the following topics: copyright infringement, Grande's or Patriot's potential legal exposure for copyright infringement, the DMCA, any DMCA Policy, any Acceptable Use Policy, any Repeat Infringer Policy, Notice(s) (in draft or final as-sent form), Grande's or Patriot's compliance with the DMCA, Grande's entitlement or lack of entitlement to the DMCA statutory safe harbor provisions, BitTorrent, Peer-to-Peer file sharing, and/or the Cox Litigation.

**RESPONSE:**

In addition to its General Objections, Grande objects to this request as overly broad and seeking irrelevant information, as seeking privileged attorney-client communications and/or protected work product, and as not proportional to the needs of the case.

Subject to its objections, Grande will produce, within 60 days, or at such other time as the parties may agree, responsive, non-privileged documents to the extent such documents exist and are in Grande's possession, custody, or control.

REQUEST NO. 9:

All documents reflecting or comprising communications between or among any of Patriot, Grande, TPG, or ABRY Partners, concerning any of the following topics: copyright infringement, Grande's or Patriot's potential legal exposure for copyright infringement, the DMCA, any DMCA Policy, any Acceptable Use Policy, any Repeat Infringer Policy, Notice(s) (in draft or final as-sent form), Grande's or Patriot's compliance with the DMCA, Grande's entitlement or lack of entitlement to the DMCA statutory safe harbor provisions, BitTorrent, Peer-to-Peer file sharing, and/or the Cox Litigation.

**RESPONSE:**

In addition to its General Objections, Grande objects to this request as overly broad, unduly burdensome and seeking irrelevant information, as seeking privileged attorney-client communications and/or protected work product, and as not proportional to the needs of the case.

Subject to its objections, Grande will produce, within 60 days, or at such other time as the parties may agree, responsive, non-privileged documents to the extent such documents exist and are in Grande's possession, custody, or control.

REQUEST NO. 10:

Documents sufficient to show your corporate structure concerning the business of providing internet services, including the relationship between any parent corporations, subsidiaries, or any affiliates engaged in your business of providing internet services.

**RESPONSE:**

In addition to its General Objections, Grande objects to this request as overly broad, seeking irrelevant information, and as not proportional to the needs of the case.

Subject to its objections, Grande will produce, within 60 days, or at such other time as the parties may agree, responsive, non-privileged documents to the extent such documents exist and are in Grande's possession, custody, or control.

REQUEST NO. 11:

Documents sufficient to show the corporate entities that provide internet services to your Customers or Users, the geographic area of such service, and the relationship between and among those entities and/or you.

**RESPONSE:**

In addition to its General Objections, Grande objects to this request as overly broad, seeking irrelevant information, and as not proportional to the needs of the case.

Subject to its objections, Grande will produce, within 60 days, or at such other time as the parties may agree, responsive, non-privileged documents to the extent such documents exist and

are in Grande's possession, custody, or control.

REQUEST NO. 12:

    Documents sufficient to show the contractual agreements under which Patriot provides Grande with executive, management, or any other services, including the agreements themselves.

**RESPONSE:**

    In addition to its General Objections, Grande objects to this request as overly broad,

seeking irrelevant information, and as not proportional to the needs of the case.

    Subject to its objections, Grande will produce, within 60 days, or at such other time as the

parties may agree, responsive, non-privileged documents to the extent such documents exist and

are in Grande's possession, custody, or control.

REQUEST NO. 13:

    All documents concerning Patriot's roles and responsibilities with respect to its provision of executive, management, or any other services to Grande.

**RESPONSE:**

    In addition to its General Objections, Grande objects to this request as overly broad,

seeking irrelevant information, and as not proportional to the needs of the case.

    Subject to its objections, Grande will produce, within 60 days, or at such other time as the

parties may agree, responsive, non-privileged documents to the extent such documents exist and

are in Grande's possession, custody, or control.

REQUEST NO. 14:

    All documents concerning any DMCA Policy, including any draft or final versions of any such policy.

**RESPONSE:**

    In addition to its General Objections, Grande objects to this request as overly broad and

unduly burdensome, as seeking privileged attorney-client communications and/or protected work

product, and as not proportional to the needs of the case.

Subject to its objections, Grande will produce, within 60 days, or at such other time as the

parties may agree, responsive, non-privileged documents related to Grande's DMCA policy.

REQUEST NO. 15:

All documents concerning the employees or agents responsible for developing,
conceiving, drafting and/or implementing any DMCA Policy.

**RESPONSE:**

In addition to its General Objections, Grande objects to this request as overly broad and

seeking irrelevant information, as seeking privileged attorney-client communications and/or

protected work product, and as not proportional to the needs of the case.

Subject to its objections, Grande will produce, within 60 days, or at such other time as the

parties may agree, responsive, non-privileged documents to the extent such documents exist and

are in Grande's possession, custody, or control.

REQUEST NO. 16:

Documents sufficient to show how and when any DMCA Policy was communicated to
third parties, including but not limited to your Customers or Users.

**RESPONSE:**

In addition to its General Objections, Grande objects to this request as overly broad and

unduly burdensome, and as seeking privileged attorney-client communications and/or protected

work product.

Subject to its objections, Grande will produce, within 60 days, or at such other time as the

parties may agree, responsive, non-privileged documents to the extent such documents exist and

are in Grande's possession, custody, or control.

REQUEST NO. 17:

All documents concerning, reflecting, or comprising any Notice, including any draft or final versions of any such notice.

**RESPONSE:**

In addition to its General Objections, Grande objects to this request as overly broad and seeking irrelevant information, as seeking privileged attorney-client communications and/or protected work product, and as not proportional to the needs of the case.

Subject to its objections, Grande will produce, within 60 days, or at such other time as the parties may agree, responsive, non-privileged documents to the extent such documents exist and are in Grande's possession, custody, or control.

REQUEST NO. 18:

All documents concerning the employees or agents responsible for developing, conceiving, drafting and/or implementing any Notice.

**RESPONSE:**

In addition to its General Objections, Grande objects to this request as overly broad and seeking irrelevant information, as seeking privileged attorney-client communications and/or protected work product, and as not proportional to the needs of the case.

Subject to its objections, Grande will produce, within 60 days, or at such other time as the parties may agree, responsive, non-privileged documents to the extent such documents exist and are in Grande's possession, custody, or control.

REQUEST NO. 19:

Documents sufficient to show how and when any Notice was communicated to third parties, including but not limited to your Customers or Users.

**RESPONSE:**

In addition to its General Objections, Grande objects to this request as overly broad and seeking irrelevant information, as seeking privileged attorney-client communications and/or

protected work product, and as not proportional to the needs of the case.

Subject to its objections, Grande will produce, within 60 days, or at such other time as the parties may agree, responsive, non-privileged documents to the extent such documents exist and are in Grande's possession, custody, or control.

REQUEST NO. 20:

All documents concerning any Repeat Infringer Policy, including any draft or final versions of any such policy.

**RESPONSE:**

In addition to its General Objections, Grande objects to this request as overly broad and seeking irrelevant information, as seeking privileged attorney-client communications and/or protected work product, and as not proportional to the needs of the case.

Subject to its objections, Grande will produce, within 60 days, or at such other time as the parties may agree, responsive, non-privileged documents to the extent such documents exist and are in Grande's possession, custody, or control.

REQUEST NO. 21:

All documents concerning the employees or agents responsible for developing, conceiving, drafting and/or implementing any Repeat Infringer Policy.

**RESPONSE:**

In addition to its General Objections, Grande objects to this request as overly broad and seeking irrelevant information, as seeking privileged attorney-client communications and/or protected work product, and as not proportional to the needs of the case.

Subject to its objections, Grande will produce, within 60 days, or at such other time as the parties may agree, responsive, non-privileged documents to the extent such documents exist and are in Grande's possession, custody, or control.

REQUEST NO. 22:

Documents sufficient to show how and when any Repeat Infringer Policy was communicated to third parties, including but not limited to your Customers or Users.

**RESPONSE:**

In addition to its General Objections, Grande objects to this request as overly broad, as seeking privileged attorney-client communications and/or protected work product, and as not proportional to the needs of the case.

Subject to its objections, Grande will produce, within 60 days, or at such other time as the parties may agree, responsive, non-privileged documents to the extent such documents exist and are in Grande's possession, custody, or control.

REQUEST NO. 23:

All documents concerning any Acceptable Use Policy, including any draft or final versions of any such policy.

**RESPONSE:**

In addition to its General Objections, Grande objects to this request as overly broad and unduly burdensome, as seeking privileged attorney-client communications and/or protected work product, and as not proportional to the needs of the case.

Subject to its objections, Grande will produce, within 60 days, or at such other time as the parties may agree, responsive, non-privileged documents to the extent such documents exist and are in Grande's possession, custody, or control.

REQUEST NO. 24:

All documents concerning the employees or agents responsible for developing, conceiving, drafting and/or implementing any Acceptable Use Policy.

**RESPONSE:**

In addition to its General Objections, Grande objects to this request as overly broad and

unduly burdensome, as seeking privileged attorney-client communications and/or protected work product, and as not proportional to the needs of the case.

Subject to its objections, Grande will produce, within 60 days, or at such other time as the parties may agree, responsive, non-privileged documents to the extent such documents exist and are in Grande's possession, custody, or control.

REQUEST NO. 25:

Documents sufficient to show how and when any Acceptable Use Policy was communicated to third parties, including but not limited to your Customers or Users.

**RESPONSE:**

In addition to its General Objections, Grande objects to this request as overly broad, unduly burdensome, and as not proportional to the needs of the case.

Subject to its objections, Grande will produce, within 60 days, or at such other time as the parties may agree, responsive, non-privileged documents to the extent such documents exist and are in Grande's possession, custody, or control.

REQUEST NO. 26:

All documents since January 1, 2010, concerning any policy, practice, or capability that Grande considered, formulated, or adopted for investigating or responding to a Notice.

**RESPONSE:**

In addition to its General Objections, Grande objects to this request as overly broad and unduly burdensome, as seeking privileged attorney-client communications and/or protected work product, and as not proportional to the needs of the case.

Subject to its objections, Grande will produce, within 60 days, or at such other time as the parties may agree, responsive, non-privileged documents to the extent such documents exist and are in Grande's possession, custody, or control.

REQUEST NO. 27:

All documents since January 1, 2010, concerning any changes to any policy, practice, or capability that Grande considered, formulated, or adopted for addressing or investigating any claim of alleged copyright infringement, including any allegation contained in Notices.

**RESPONSE:**

In addition to its General Objections, Grande objects to this request as overly broad and

unduly burdensome, as seeking privileged attorney-client communications and/or protected work

product, and as not proportional to the needs of the case.

Subject to its objections, Grande will produce, within 60 days, or at such other time as the

parties may agree, responsive, non-privileged documents to the extent such documents exist and

are in Grande's possession, custody, or control.

REQUEST NO. 28:

All documents since January 1, 2010, concerning any policy, practice, or capability that Grande considered, formulated, or adopted for inquiries from or responses of your Customers or Users to Notices of alleged copyright infringement they or you received.

**RESPONSE:**

In addition to its General Objections, Grande objects to this request as overly broad and

unduly burdensome, as seeking privileged attorney-client communications and/or protected work

product, and as not proportional to the needs of the case.

Subject to its objections, Grande will produce, within 60 days, or at such other time as the

parties may agree, responsive, non-privileged documents to the extent such documents exist and

are in Grande's possession, custody, or control.

REQUEST NO. 29:

All documents since January 1, 2010, concerning actions taken by Grande in response to any Notice received by Grande. To the extent such actions have changed over time, this Request additionally calls for documents sufficient to show any such change and the time such change was made.

**RESPONSE:**

In addition to its General Objections, Grande objects to this request as overly broad and unduly burdensome, as seeking privileged attorney-client communications and/or protected work product, and as not proportional to the needs of the case.

Subject to its objections, Grande will produce, within 60 days, or at such other time as the parties may agree, responsive, non-privileged documents to the extent such documents exist and are in Grande's possession, custody, or control.

REQUEST NO. 30:

All documents concerning, reflecting or comprising, communications from Grande to any of your Customers or Users, regarding any policy, practice, or capability for sending, receiving or responding to Notices or any other notices of copyright infringement claims.

**RESPONSE:**

In addition to its General Objections, Grande objects to this request as overly broad and unduly burdensome, as seeking privileged attorney-client communications and/or protected work product, and as not proportional to the needs of the case.

Subject to its objections, Grande will produce, within 60 days, or at such other time as the parties may agree, responsive, non-privileged documents to the extent such documents exist and are in Grande's possession, custody, or control.

REQUEST NO. 31:

All documents reflecting or comprising press releases or other public statements Grande has made since January 1, 2010, concerning its policies for responding to Notices.

**RESPONSE:**

In addition to its General Objections, Grande objects to this request as overly broad, unduly burdensome, and as not proportional to the needs of the case.

Subject to its objections, Grande will produce, within 60 days, or at such other time as the parties may agree, responsive, non-privileged documents to the extent such documents exist and are in Grande's possession, custody, or control.

REQUEST NO. 32:

All documents concerning any policy, practice or capability that Grande considered, formulated, or adopted for assigning or reassigning IP addresses to your Customers or Users.

**RESPONSE:**

In addition to its General Objections, Grande objects to this request as overly broad and unduly burdensome, as seeking privileged attorney-client communications and/or protected work product, and as not proportional to the needs of the case.

Subject to its objections, Grande will produce, within 60 days, or at such other time as the parties may agree, responsive, non-privileged documents to the extent such documents exist and are in Grande's possession, custody, or control.

REQUEST NO. 33:

All documents concerning, or communicated to or from, your Registered Copyright Agent.

**RESPONSE:**

In addition to its General Objections, Grande objects to this request as overly broad and seeking irrelevant information, as seeking privileged attorney-client communications and/or protected work product, and as not proportional to the needs of the case.

Subject to its objections, Grande will produce, within 60 days, or at such other time as the parties may agree, responsive, non-privileged documents to the extent such documents exist and are in Grande's possession, custody, or control.

REQUEST NO. 34:

All documents concerning any policy, practice or capability that Grande considered, formulated, or adopted for taking adverse action (including without limitation, terminating or suspension of internet service) against Grande Customers or Users who you believe may have infringed copyrights or who have been accused of infringing copyrights, including any repeat infringers.

**RESPONSE:**

In addition to its General Objections, Grande objects to this request as overly broad and unduly burdensome, as seeking privileged attorney-client communications and/or protected work product, and as not proportional to the needs of the case.

Subject to its objections, Grande will produce, within 60 days, or at such other time as the parties may agree, responsive, non-privileged documents to the extent such documents exist and are in Grande's possession, custody, or control.

REQUEST NO. 35:

All documents since January 1, 2010, concerning the effects of any DMCA Policy, Repeat Infringer Policy, Acceptable Use Policy, or any other policy, practice, or capability that Grande considered, formulated, or adopted for addressing, limiting or ending copyright infringement through the use of your internet services.

**RESPONSE:**

In addition to its General Objections, Grande objects to this request as overly broad and unduly burdensome, as seeking privileged attorney-client communications and/or protected work product, and as not proportional to the needs of the case.

Subject to its objections, Grande will produce, within 60 days, or at such other time as the parties may agree, responsive, non-privileged documents to the extent such documents exist and are in Grande's possession, custody, or control.

REQUEST NO. 36:

All documents assessing or otherwise addressing Grande's potential legal liability from alleged copyright infringement engaged in by your Customers or Users.

**RESPONSE:**

In addition to its General Objections, Grande objects to this request as overly broad and unduly burdensome, as seeking privileged attorney-client communications and/or protected work product, and as not proportional to the needs of the case.

Subject to its objections, Grande will produce, within 60 days, or at such other time as the parties may agree, responsive, non-privileged documents to the extent such documents exist and are in Grande's possession, custody, or control.

REQUEST NO. 37:

All documents since January 1, 2010, concerning any notice of alleged copyright infringement received by Grande. Include all documents reflecting or comprising the notices themselves.

**RESPONSE:**

In addition to its General Objections, Grande objects to this request as overly broad and unduly burdensome, as seeking privileged attorney-client communications and/or protected work product, and as not proportional to the needs of the case.

Subject to its objections, Grande will produce, within 60 days, or at such other time as the parties may agree, responsive, non-privileged documents to the extent such documents exist and are in Grande's possession, custody, or control.

REQUEST NO. 38:

All documents since January 1, 2010, concerning Grande's policies for forwarding copyright infringement allegations to your Customers or Users, or otherwise informing Customers or Users of infringement claims.

**RESPONSE:**

In addition to its General Objections, Grande objects to this request as overly broad and unduly burdensome, as seeking privileged attorney-client communications and/or protected work

product, and as not proportional to the needs of the case.

Subject to its objections, Grande will produce, within 60 days, or at such other time as the parties may agree, responsive, non-privileged documents to the extent such documents exist and are in Grande's possession, custody, or control.

REQUEST NO. 39:

All documents since January 1, 2010, concerning notices or communications you sent to your Customers or Users notifying your Customers or Users of any copyright infringement allegations. Include all documents reflecting or comprising the notices or communications themselves.

**RESPONSE:**

In addition to its General Objections, Grande objects to this request as overly broad and unduly burdensome, as seeking privileged attorney-client communications and/or protected work product, and as not proportional to the needs of the case.

Subject to its objections, Grande will produce, within 60 days, or at such other time as the parties may agree, responsive, non-privileged documents to the extent such documents exist and are in Grande's possession, custody, or control.

REQUEST NO. 40:

Documents sufficient to identify Grande's employees responsible for forwarding Notices, or the contents thereof, to your Customers or Users.

**RESPONSE:**

In addition to its General Objections, Grande objects to this request as overly broad and seeking irrelevant information, as seeking privileged attorney-client communications and/or protected work product, and as not proportional to the needs of the case.

Subject to its objections, Grande will produce, within 60 days, or at such other time as the parties may agree, responsive, non-privileged documents to the extent such documents exist and

are in Grande's possession, custody, or control.

REQUEST NO. 41:

All documents concerning advertising or communications by Grande to your Customers or Users to discourage copyright infringement.

**RESPONSE:**

In addition to its General Objections, Grande objects to this request as overly broad,

unduly burdensome, and as not proportional to the needs of the case.

Subject to its objections, Grande will produce, within 60 days, or at such other time as the

parties may agree, responsive, non-privileged documents to the extent such documents exist and

are in Grande's possession, custody, or control.

REQUEST NO. 42:

All documents since January 1, 2010, concerning, reflecting, or comprising communications that you received from your Customers or Users in response to notices of alleged copyright infringement.

**RESPONSE:**

In addition to its General Objections, Grande objects to this request as overly broad and

unduly burdensome, as seeking privileged attorney-client communications and/or protected work

product, and as not proportional to the needs of the case.

Subject to its objections, Grande will produce, within 60 days, or at such other time as the

parties may agree, responsive, non-privileged documents to the extent such documents exist and

are in Grande's possession, custody, or control.

REQUEST NO. 43:

All documents concerning, reflecting, or comprising communications between Grande and any third party, other than Rightscorp, Inc., that sent a notice of alleged copyright infringement to Grande, including all documents comprising such notices.

**RESPONSE:**

In addition to its General Objections, Grande objects to this request as overly broad, unduly burdensome, and seeking irrelevant information.  Grande further objects to this request as not proportional to the needs of the case.  Based on these objections, Grande will not produce any documents.

REQUEST NO. 44:

All documents since January 1, 2010, concerning, reflecting, or comprising Grande's communications to your Customers or Users of any Grande DMCA Policy and/or your policies concerning infringement of copyrights using Grande's internet services.

**RESPONSE:**

In addition to its General Objections, Grande objects to this request as overly broad and unduly burdensome, as seeking privileged attorney-client communications and/or protected work product, and as not proportional to the needs of the case.

Subject to its objections, Grande will produce, within 60 days, or at such other time as the parties may agree, responsive, non-privileged documents to the extent such documents exist and are in Grande's possession, custody, or control.

REQUEST NO. 45:

All documents concerning the awareness of your Customers or Users of any Grande DMCA Policy and/or Grande's policies concerning infringement of copyrights.

**RESPONSE:**

In addition to its General Objections, Grande objects to this request as overly broad and unduly burdensome, as seeking privileged attorney-client communications and/or protected work product, and as not proportional to the needs of the case.

Subject to its objections, Grande will produce, within 60 days, or at such other time as the parties may agree, responsive, non-privileged documents to the extent such documents exist and

are in Grande's possession, custody, or control.

REQUEST NO. 46:

All documents since January 1, 2010, concerning any investigation by Grande into any allegation of copyright infringement by your Customers or Users.

**RESPONSE:**

In addition to its General Objections, Grande objects to this request as overly broad and unduly burdensome, as seeking privileged attorney-client communications and/or protected work product, and as not proportional to the needs of the case.

Subject to its objections, Grande will produce, within 60 days, or at such other time as the parties may agree, responsive, non-privileged documents to the extent such documents exist and are in Grande's possession, custody, or control.

REQUEST NO. 47:

Documents sufficient to show your policies, practices, and capabilities for handling Notices that are received by your Registered Copyright Agent.

**RESPONSE:**

In addition to its General Objections, Grande objects to this request as overly broad and unduly burdensome, as seeking privileged attorney-client communications and/or protected work product, and as not proportional to the needs of the case.

Subject to its objections, Grande will produce, within 60 days, or at such other time as the parties may agree, responsive, non-privileged documents to the extent such documents exist and are in Grande's possession, custody, or control.

REQUEST NO. 48:

All documents concerning Grande's identification of your Customers or Users alleged to have infringed a copyright.

**RESPONSE:**

In addition to its General Objections, Grande objects to this request as overly broad and unduly burdensome, as seeking privileged attorney-client communications and/or protected work product, and as not proportional to the needs of the case.

Subject to its objections, Grande will produce, within 60 days, or at such other time as the parties may agree, responsive, non-privileged documents to the extent such documents exist and are in Grande's possession, custody, or control.

REQUEST NO. 49:

All documents concerning Grande's identification of your Customers or Users accused of infringing a copyright more than once.

**RESPONSE:**

In addition to its General Objections, Grande objects to this request as overly broad and unduly burdensome, as seeking privileged attorney-client communications and/or protected work product, and as not proportional to the needs of the case.

Subject to its objections, Grande will produce, within 60 days, or at such other time as the parties may agree, responsive, non-privileged documents to the extent such documents exist and are in Grande's possession, custody, or control.

REQUEST NO. 50:

All documents since January 1, 2010, concerning Grande's efforts to determine if any of Grande's Customers or Users repeatedly infringe copyrights using Grande's internet service.

**RESPONSE:**

In addition to its General Objections, Grande objects to this request as overly broad and unduly burdensome, as seeking privileged attorney-client communications and/or protected work product, and as not proportional to the needs of the case.

Subject to its objections, Grande will produce, within 60 days, or at such other time as the

parties may agree, responsive, non-privileged documents to the extent such documents exist and

are in Grande's possession, custody, or control.

REQUEST NO. 51:

     All documents concerning any policy, practice or capability that Grande considered, formulated, or adopted for tracking or determining the identity of your Customers or Users associated with an IP address.

**RESPONSE:**

     In addition to its General Objections, Grande objects to this request as overly broad and

unduly burdensome, as seeking privileged attorney-client communications and/or protected work

product, and as not proportional to the needs of the case.

     Subject to its objections, Grande will produce, within 60 days, or at such other time as the

parties may agree, responsive, non-privileged documents to the extent such documents exist and

are in Grande's possession, custody, or control.

REQUEST NO. 52:

     All documents concerning any policy, practice or capability that Grande considered, formulated, or adopted for determining the identity of a Grande Customer or User who is the subject of a copyright infringement allegation.

**RESPONSE:**

     In addition to its General Objections, Grande objects to this request as overly broad and

unduly burdensome, as seeking privileged attorney-client communications and/or protected work

product, and as not proportional to the needs of the case.

     Subject to its objections, Grande will produce, within 60 days, or at such other time as the

parties may agree, responsive, non-privileged documents to the extent such documents exist and

are in Grande's possession, custody, or control.

REQUEST NO. 53:

All documents concerning the termination of any Grande Customer or User for a violation of any provision of any DMCA Policy, Acceptable Use Policy, and/or any Repeat Infringer Policy.

**RESPONSE:**

In addition to its General Objections, Grande objects to this request as overly broad and unduly burdensome, as seeking privileged attorney-client communications and/or protected work product, and as not proportional to the needs of the case.

Subject to its objections, Grande will produce, within 60 days, or at such other time as the parties may agree, responsive, non-privileged documents to the extent such documents exist and are in Grande's possession, custody, or control.

REQUEST NO. 54:

All documents concerning any policy, practice or capability that Grande considered, formulated, or adopted for terminating internet services to your Customers or Users arising from repeated allegations of copyright infringement.

**RESPONSE:**

In addition to its General Objections, Grande objects to this request as overly broad and unduly burdensome, as seeking privileged attorney-client communications and/or protected work product, and as not proportional to the needs of the case.

Subject to its objections, Grande will produce, within 60 days, or at such other time as the parties may agree, responsive, non-privileged documents to the extent such documents exist and are in Grande's possession, custody, or control.

REQUEST NO. 55:

All documents concerning any technological barriers or other means or mechanisms implemented by Grande to address, limit or prevent copyright infringement by your Customers or Users through the use of BitTorrent or Peer-to-Peer file sharing systems.

**RESPONSE:**

26

In addition to its General Objections, Grande objects to this request as overly broad and unduly burdensome, as seeking privileged attorney-client communications and/or protected work product, and as not proportional to the needs of the case.

Subject to its objections, Grande will produce, within 60 days, or at such other time as the parties may agree, responsive, non-privileged documents to the extent such documents exist and are in Grande's possession, custody, or control.

REQUEST NO. 56:

All documents concerning any technological barriers or other means or mechanisms that prohibit Grande from addressing or limiting copyright infringement by your Customers or Users through the use of BitTorrent or Peer-to-Peer file sharing systems.

**RESPONSE:**

In addition to its General Objections, Grande objects to this request as overly broad and unduly burdensome, as seeking privileged attorney-client communications and/or protected work product, and as not proportional to the needs of the case.

Subject to its objections, Grande will produce, within 60 days, or at such other time as the parties may agree, responsive, non-privileged documents to the extent such documents exist and are in Grande's possession, custody, or control.

REQUEST NO. 57:

Documents sufficient to show or from which it may be determined the number of Grande's Customers or Users whose service was terminated as a result of allegations of repeat copyright infringement, per month since January 1, 2010.

**RESPONSE:**

In addition to its General Objections, Grande objects to this request as overly broad and seeking irrelevant information, as seeking privileged attorney-client communications and/or protected work product, and as not proportional to the needs of the case.

Subject to its objections, Grande will produce, within 60 days, or at such other time as the parties may agree, responsive, non-privileged documents to the extent such documents exist and are in Grande's possession, custody, or control.

REQUEST NO. 58:

Documents sufficient to show or from which it may be determined the number of Grande Customers or Users against whom you have taken action or implemented measures in response to a Notice, per month, since January 1, 2010.

**RESPONSE:**

In addition to its General Objections, Grande objects to this request as overly broad and seeking irrelevant information, as seeking privileged attorney-client communications and/or protected work product, and as not proportional to the needs of the case.

Subject to its objections, Grande will produce, within 60 days, or at such other time as the parties may agree, responsive, non-privileged documents to the extent such documents exist and are in Grande's possession, custody, or control.

REQUEST NO. 59:

All documents since January 1, 2010, concerning the average cost to you of obtaining a Grande Customer or User.

**RESPONSE:**

In addition to its General Objections, Grande objects to this request as overly broad, unduly burdensome, and seeking irrelevant information.  Grande further objects to this request as not proportional to the needs of the case.

Subject to its objections, Grande will produce, within 60 days, or at such other time as the parties may agree, responsive, non-privileged documents to the extent such documents exist and are in Grande's possession, custody, or control.

REQUEST NO. 60:

All documents since January 1, 2010, concerning Grande's average yearly revenue and profit for Customers or Users for each level of internet service that you offer.

**RESPONSE:**

In addition to its General Objections, Grande objects to this request as overly broad, unduly burdensome, and seeking irrelevant information.  Grande further objects to this request as not proportional to the needs of the case.

Subject to its objections, Grande will produce, within 60 days, or at such other time as the parties may agree, responsive, non-privileged documents to the extent such documents exist and are in Grande's possession, custody, or control.

REQUEST NO. 61:

All documents since January 1, 2010, concerning the estimated total revenue and profit per Customer and User account for the life of the account.

**RESPONSE:**

In addition to its General Objections, Grande objects to this request as overly broad and unduly burdensome.  Grande objects to the extent the request is not proportional to the needs of the case and seeks information not relevant to the claims or defenses at issue in this litigation.

Subject to its objections, Grande will produce, within 60 days, or at such other time as the parties may agree, responsive, non-privileged documents to the extent such documents exist and are in Grande's possession, custody, or control.

REQUEST NO. 62:

Documents sufficient to show the average length of time you retain Customers or Users.

**RESPONSE:**

In addition to its General Objections, Grande objects to this request as overly broad and unduly burdensome.  Grande objects to the extent the request is not proportional to the needs of

the case and seeks information not relevant to the claims or defenses at issue in this litigation.

Subject to its objections, Grande will produce, within 60 days, or at such other time as the parties may agree, responsive, non-privileged documents to the extent such documents exist and are in Grande's possession, custody, or control.

REQUEST NO. 63:

Documents sufficient to show or from which it may be determined your total number of Customers or Users in the United States.

**RESPONSE:**

In addition to its General Objections, Grande objects to this request as overly broad and unduly burdensome.  Grande objects to the extent the request is not proportional to the needs of the case and seeks information not relevant to the claims or defenses at issue in this litigation.

Subject to its objections, Grande will produce, within 60 days, or at such other time as the parties may agree, responsive, non-privileged documents to the extent such documents exist and are in Grande's possession, custody, or control.

REQUEST NO. 64:

Documents since January 1, 2010, sufficient to show your pricing for the different levels of internet services you offer to your Customers or Users.

**RESPONSE:**

In addition to its General Objections, Grande objects to this request as overly broad, unduly burdensome, and seeking irrelevant information.  Grande further objects to this request as not proportional to the needs of the case.

Subject to its objections, Grande will produce, within 60 days, or at such other time as the parties may agree, responsive, non-privileged documents to the extent such documents exist and are in Grande's possession, custody, or control.

REQUEST NO. 65:

Documents sufficient to show all terms of use and terms of service provided to your Customers or Users from January 1, 2010 to the present.

**RESPONSE:**

In addition to its General Objections, Grande objects to this request as overly broad and as not proportional to the needs of the case.

Subject to its objections, Grande will produce, within 60 days, or at such other time as the parties may agree, responsive, non-privileged documents to the extent such documents exist and are in Grande's possession, custody, or control.

REQUEST NO. 66:

All documents concerning any changes to Grande's terms of use or terms of service relating to copyright infringement or allegations of copyright infringement.

**RESPONSE:**

In addition to its General Objections, Grande objects to this request as overly broad and unduly burdensome in that it has no temporal limitation.  Grande further objects to this request to the extent it seeks privileged attorney-client communications and/or protected work product.

Subject to its objections, Grande will produce, within 60 days, or at such other time as the parties may agree, responsive, non-privileged documents during the relevant time period, to the extent such documents exist and are in Grande's possession, custody, or control.

REQUEST NO. 67:

All documents since January 1, 2010, concerning Grande's document retention and/or destruction polices.

**RESPONSE:**

In addition to its General Objections, Grande objects to this request as overly broad and seeking irrelevant information, as seeking privileged attorney-client communications and/or

protected work product, and as not proportional to the needs of the case.

Subject to its objections, Grande will produce, within 60 days, or at such other time as the parties may agree, responsive, non-privileged documents to the extent such documents exist and are in Grande's possession, custody, or control.

REQUEST NO. 68:

Documents sufficient to show Grande's organizational charts and structure, and executive titles and job occupants, since January 1, 2010.

**RESPONSE:**

In addition to its General Objections, Grande objects to this request as overly broad and seeking irrelevant information, as seeking privileged attorney-client communications and/or protected work product, and as not proportional to the needs of the case.

Subject to its objections, Grande will produce, within 60 days, or at such other time as the parties may agree, responsive, non-privileged documents to the extent such documents exist and are in Grande's possession, custody, or control.

REQUEST NO. 69:

All documents supporting, refuting, or otherwise concerning your affirmative defenses or any other defense in this case.

**RESPONSE:**

In addition to its General Objections, Grande objects to this request as overly broad, unduly burdensome, and as seeking privileged attorney-client communications and/or protected work product.  Grande further objects to this request as seeking irrelevant information, as Grande has not asserted affirmative defenses at this point in the case.

Subject to its objections, Grande will produce, within 60 days, or at such other time as the parties may agree, responsive, non-privileged documents during the relevant time period, to the

extent such documents exist and are in Grande's possession, custody, or control.

REQUEST NO. 70:

Documents sufficient to identify any fact witnesses you intend to call as a witness at any trial or hearing in this lawsuit, including the witness's contact information, employment history, and a list of topics that the witness will be called to testify about.

**RESPONSE:**

In addition to its General Objections, Grande objects to this request as overly broad,

unduly burdensome, and as seeking privileged attorney-client communications and/or protected

work product. Grande further objects to this request as premature, in that it seeks the disclosure

of witnesses prior to the date prescribed by the Court. Based on these objections, Grande will

not produce any documents. Grande instructs Plaintiffs to review Grande's Initial Disclosure's

for disclosed individuals.

REQUEST NO. 71:

Documents sufficient to identify any expert witnesses you intend to call as a witness at any trial or hearing in this lawsuit or that will submit an expert report in this case, including the expert witnesses' curriculum vitae, contact information, employment history, testifying experience, publications, and the topics that the witness will testify about or opine on.

**RESPONSE:**

In addition to its General Objections, Grande objects to this request as overly broad,

unduly burdensome, and as seeking privileged attorney-client communications and/or protected

work product. Grande further objects to this request as premature, in that it seeks the disclosure

of expert witnesses prior to the date prescribed by the Court. Based on these objections, Grande

will not produce any documents.

REQUEST NO. 72:

All documents concerning the Cox Litigation.

**RESPONSE:**

In addition to its General Objections, Grande objects to this request as overly broad, unduly burdensome, and seeking irrelevant information, as seeking privileged attorney-client communications and/or protected work product, and as not proportional to the needs of the case.

Subject to its objections, Grande will produce, within 60 days, or at such other time as the parties may agree, responsive, non-privileged documents to the extent such documents exist and are in Grande's possession, custody, or control.

REQUEST NO. 73:

All documents concerning any pending, threatened, or concluded lawsuit, arbitration, dispute resolution proceeding, investigation, or other matter involving Grande or Patriot, concerning claims of copyright infringement.

**RESPONSE:**

In addition to its General Objections, Grande objects to this request as overly broad and seeking irrelevant information, as seeking privileged attorney-client communications and/or protected work product, and as not proportional to the needs of the case.

Subject to its objections, Grande will produce, within 60 days, or at such other time as the parties may agree, responsive, non-privileged documents to the extent such documents exist and are in Grande's possession, custody, or control.

REQUEST NO. 74:

All communications between you and any other ISP, including via mail, email, message board, listserv, or any other means of communication, concerning the following topics: Plaintiffs, copyright infringement, the DMCA, repeat infringer policies, BitTorrent, Peer-to-Peer file sharing, customer monitoring, and the Cox Litigation.

**RESPONSE:**

In addition to its General Objections, Grande objects to this request as overly broad and seeking irrelevant information, as seeking privileged attorney-client communications and/or

protected work product, and as not proportional to the needs of the case.  Based on these objections, Grande will not produce any documents.

REQUEST NO. 75:

All documents that you intend to use as exhibits in the trial or any hearing in this lawsuit.

**RESPONSE:**

In addition to its General Objections, Grande objects to this request as overly broad, unduly burdensome and premature.  Grande further objects to this request to the extent it seeks privileged attorney-client communications and/or protected work product.

REQUEST NO. 76:

All documents you identify or rely on in responding to Plaintiffs' Interrogatories.

**RESPONSE:**

In addition to its General Objections, Grande objects to this request as overly broad and seeking irrelevant information, as seeking privileged attorney-client communications and/or protected work product, and as not proportional to the needs of the case.

Subject to its objections, Grande will produce, within 60 days, or at such other time as the parties may agree, responsive, non-privileged documents to the extent such documents exist and are in Grande's possession, custody, or control.

Respectfully submitted,


Dated:  July 17, 2017                    By:  /s/ Richard L. Brophy
                                         Richard L. Brophy
                                         ARMSTRONG TEASDALE LLP

                                         *Attorney for Defendant Grande*
                                         *Communications Networks LLC*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on July 17, 2017, I served the foregoing electronically to the

following:

Daniel C. Bitting
State Bar No. 02362480
Paige A. Amstutz
State Bar No. 00796136
Scott Douglass & McConnico LLP
303 Colorado Street, Suite 2400
Austin, TX 78701
Telephone: (512) 495-6300
Facsimile: (512) 495-6399
dbitting@scottdoug.com
pamstutz@scottdoug.com

Pat A. Cipollone, P.C. (admitted *pro hac vice*)
Jonathan E. Missner (admitted *pro hac vice*)
Robert B. Gilmore (admitted *pro hac vice*)
Philip J. O'Beirne (admitted *pro hac vice*)
Stein Mitchell Cipollone Beato & Missner LLP
1100 Connecticut Avenue, NW Suite 1100
Washington, DC 20036
Telephone: (202) 737-7777
Facsimile: (202) 296-8312
pcipollone@steinmitchell.com
jmissner@steinmitchell.com
rgilmore@steinmitchell.com
pobeirne@steinmitchell.com

*Attorneys for Plaintiffs*

/s/ Richard L. Brophy