# EXHIBIT G

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| UMG RECORDINGS, INC., et al., | ) <br> ) |
| Plaintiffs, | ) <br> ) |
| vs. | ) <br> ) <br> ) |
| GRANDE COMMUNICATIONS NETWORKS LLC and PATRIOT MEDIA CONSULTING, LLC, | )    No. 1:17-cv-00365 <br> ) <br> ) <br> ) |
| Defendants. | ) <br> ) <br> ) |

**DEFENDANT GRANDE COMMUNICATIONS NETWORKS LLC'S OBJECTIONS AND RESPONSES TO PLAINTIFFS' FIRST SET OF INTERROGATORIES**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Defendant Grande Communications Networks LLC ("Grande"), by and through its attorneys, hereby responds to Plaintiffs' First Set of Interrogatories with the following answers and objections.

**GENERAL OBJECTIONS**

The following General Objections are incorporated by reference in each of Grande's Specific Objections and Answers set forth below:

1. Grande objects to Plaintiffs' instructions to the extent they impose obligations on Grande that are inconsistent with or exceed those set forth in the Federal Rules of Civil Procedure, Rules of the United States District Court for the Western District of Texas, or any Order of this Court.

2. Grande objects to the First Set of Interrogatories to the extent they seek the disclosure or production of information protected by the attorney-client privilege and/or work product doctrine. Such information shall not be provided in response to the First Set of

Interrogatories, and any inadvertent disclosure thereof shall not be deemed a waiver of any privilege or protection with respect to such information.

3.     Grande objects to the First Set of Interrogatories to the extent they seek confidential, sensitive, and proprietary business information.  Any such information that is responsive will be produced, if at all, only upon entry of a confidentiality agreement/protective order.

4.     Grande objects to the First Set of Interrogatories as overly broad and unduly burdensome to the extent they seek information or documents not within the possession, custody, or control of Grande.

5.     Grande objects to the First Set of Interrogatories to the extent they seek information or documents that are neither relevant to the subject matter involved in this litigation nor proportional to the needs of the case.

6.     Grande objects to the First Set of Interrogatories to the extent they seek discovery of information or documents already within the possession and control of Plaintiffs and/or Plaintiffs' counsel, or that are available from public sources, on the grounds that each such request is unduly burdensome and oppressive

7.     Grande objects to the First Set of Interrogatories to the extent they seek information beyond what is available from a reasonable search of those Grande files likely to contain relevant or responsive documents pertaining to this litigation.

8.     Grande objects to the First Set of Interrogatories to the extent they seek legal conclusions.

9.     Where Grande provides a partial response to an otherwise objectionable interrogatory, Grande does not waive any general or specific objection by providing a partial

response.  Nothing in Grande's answers shall be construed as waiving any rights or objections that otherwise might be available to Grande, nor should Grande's responses to the First Set of Interrogatories be deemed an admission or relevance, materiality, or admissibility of the interrogatories or related answers.

10. Grande objects to the Definitions set forth in Plaintiffs' First Set of Interrogatories, specifically, Grande objects to the definition of "Plaintiffs' Copyrighted Works" as overly broad in that it purports to encompass materials not yet identified.

11. Grande objects to the use of the term "concerning" in Plaintiffs' First Set of Interrogatories as vague and ambiguous.  Grande understands and interprets such requests to seek documents that refer to the specific subject matter.

12. Grande objects to Plaintiffs' First Set of Interrogatories to the extent they seek information regarding copyrights other than those specifically identified in this litigation. Grande will respond as to copyrights specifically identified in this litigation.

13. Grande reserves the right to supplement these General Objections, as well as its Specific Objections and Answers to the First Set of Interrogatories.

### GRANDE'S ANSWERS TO INTERROGATORIES

INTERROGATORY NO. 1:

Identify all persons who you believe have knowledge of relevant facts in the lawsuit and identify the issues about which you believe they have knowledge.

**RESPONSE**:

In addition to its General Objections, Grande objects to Interrogatory No. 1 to the extent it seeks disclosure of privileged attorney-client communications or attorney work product.

Subject to these objections, Grande incorporates by reference the disclosure of Section A of its Amended Initial Disclosures.

INTERROGATORY NO. 2:

If Grande is a partner, a partnership, or a subsidiary or affiliate of a corporation, limited liability company, or partnership, that has a financial interest in the outcome of this lawsuit, identify the parent corporation(s), affiliate(s), partner(s), or partnership(s) and the relationship between it/them and Grande.  If there is a publicly owned corporation or a holding company not a party to the case that has a financial interest in the outcome, identify such corporation and the nature of the financial interest.

**RESPONSE**:

In addition to its General Objections, Grande objects to Interrogatory No. 2 as vague and ambiguous in that "financial interest in the outcome of this lawsuit" is subject to multiple different interpretations.  Grande also objects to this Interrogatory as seeking irrelevant information.

Subject to these objections, and to the extent the Interrogatory is understood, Grande states that there is no such entity.

INTERROGATORY NO. 3:

If Grande is improperly identified in the Complaint, give its proper identification and state whether you will accept service of an amended summons and complaint reflecting the information furnished by you in answer hereto.

**RESPONSE**:

In addition to its General Objections, Grande objects to Interrogatory No. 3 as vague and ambiguous in that "improperly identified" is subject to multiple different interpretations.

Subject to these objections, and to the extent to the Interrogatory is understood, Grande states that "Grande Communications Networks LLC," the name with which Grande is identified in the Complaint, adequately identifies Grande.

INTERROGATORY NO. 4:

If you contend that some other person is, in whole or in part, liable to any Plaintiff in this lawsuit, identify that person and describe in detail the basis of said liability.

4

**RESPONSE**:

In addition to its General Objections, Grande objects to Interrogatory No. 4 as seeking irrelevant information, overly broad, oppressive, and unduly burdensome, and not proportional to the needs of the case. The Interrogatory purports to seek information about all types of potential liability to any Plaintiff, without regard to whether the requested information has any relevance to any issue in this case. Grande also objects to the extent Interrogatory No. 4 seeks disclosure of privileged attorney-client communications or attorney work product.

Subject to these objections, Grande states that it is unaware of any party that is liable to any Plaintiff in this lawsuit.

INTERROGATORY NO. 5:

Describe in detail any communications Grande has had with any Plaintiff or with Rightscorp, from January 1, 2010 until the filing of the Complaint.

**RESPONSE**:

In addition to its General Objections, Grande objects to Interrogatory No. 5 as seeking irrelevant information, overly broad, unduly burdensome, and not proportional to the needs of the case in that it seeks a detailed description of "any communications" without regard to whether any such communication has any relevance to any issue in this case. Grande also objects on these same bases in that the request purports to require Grande to provide to Plaintiffs information that is already in Plaintiffs' possession, custody, or control, to the extent such information exists.

Subject to these objections, Grande will produce, within 60 days, or at such other time as the parties may agree, the following documents pursuant to Federal Rule of Civil Procedure 33(d), to the extent such documents exist: (1) any communications between Grande and any Plaintiff; and (2) any communications between Grande and Rightscorp, excluding the notices of

5

alleged copyright infringement Grande has received from Rightscorp.

INTERROGATORY NO. 6:

Describe in detail any DMCA Policy, Repeat Infringer Policy, Acceptable Use Policy, and/or any policies and/or procedures concerning Grande's receipt, review, forwarding to Customers and/or User, response to, and resolution of, copyright infringement allegations involving Grande's internet services, since January 1, 2010.

**RESPONSE**:

In addition to its General Objections, Grande objects to Interrogatory No. 6 as seeking irrelevant information, overly broad, unduly burdensome, and not proportional to the needs of the case.

Subject to these objections, Grande will produce, within 60 days, or at such other time as the parties may agree, for the time period January 1, 2010 to present, copies of its DMCA Policy, Repeat Infringer Policy, Acceptable Use Policy, and any other documented policies or procedures concerning allegations of copyright infringement involving Grande's internet services, pursuant to Federal Rule of Civil Procedure 33(d).

INTERROGATORY NO. 7:

Describe in detail all Notices and/or any other reports or notices of copyright infringement allegations Grande received, from any source, for each month from January 1, 2010 to the present. A full description should include, without limitation, the date the notice or report was received, the type of notice (e.g. email, letter, etc.), the IP address associated with the notice or report, the Customer or User associated with that IP address, and the identity of the copyrighted work(s) for which the copyright had allegedly been infringed and whether a copyrighted work was Plaintiffs' Copyrighted Work.

**RESPONSE**:

In addition to its General Objections, Grande objects to Interrogatory No. 7 as seeking irrelevant information, overly broad, oppressive, unduly burdensome, and not proportional to the needs of the case. Grande also objects to this Interrogatory as overly broad, oppressive, unduly burdensome, and not proportional to the needs of the case in that it purports to require Grande to

6

provide to Plaintiffs information Grande received from Rightscorp, Plaintiffs' agent, and which therefore is in Plaintiffs' possession, custody, or control. Based on these objections, Grande will not answer this interrogatory.

INTERROGATORY NO. 8:

Describe in detail all actions you have taken in response to each of the Notices and/or any other reports or notices of copyright infringement allegations requested to be identified in the preceding interrogatory, including, without limitation, whether you forwarded the notice to the Customer or User associated with the IP address contained in the notice or report, and if so, when and how you forwarded the notice and which notices pertained the Plaintiffs' Copyrighted Works.

**RESPONSE**:

In addition to its General Objections, Grande objects to Interrogatory No. 8 as seeking irrelevant information, overly broad, oppressive, unduly burdensome, and not proportional to the needs of the case. As Plaintiffs are aware, Grande has received millions of such notices, making a description of the response to each notice impossible. Moreover, as Plaintiffs are also aware, many if not most of the notices Grande has received have no relevance to this lawsuit because they do not pertain to any copyright at issue in this case (to the extent Grande can even discern what copyrights are at issue). Grande further objects on these same bases in that the request is unlimited in time. Finally, Grande objects to this Interrogatory as overly broad, oppressive, unduly burdensome, and not proportional to the needs of the case in that it purports to require Grande to identify which notices pertain to "Plaintiffs' Copyrighted Works." Any such notices Grande has received were sent by Plaintiffs' agent Rightscorp, on Plaintiffs' behalf, and so this information is in Plaintiffs' possession, custody, or control.

Subject to these objections, Grande states that relevant, responsive, non-privileged information will be provided in connection with its responses to Interrogatory No. 6 and No. 13. Otherwise, Grande is willing to meet and confer on an appropriate narrowing of the scope of this

7

Interrogatory so that Grande may provide a further substantive response.

INTERROGATORY NO. 9:

Describe in detail any effort by Grande to determine whether and to what extent any of your Customers or Users were engaged in copyright infringement.

**RESPONSE**:

In addition to its General Objections, Grande objects to Interrogatory No. 9 as seeking irrelevant information, overly broad, unduly burdensome, and not proportional to the needs of the case.  Grande further objects to Interrogatory No. 9 to the extent it seeks disclosure of privileged attorney-client communications or attorney work product.

Subject to these objections, Grande states that relevant, responsive, non-privileged information will be provided in connection with its responses to Interrogatory No. 6 and No. 13. Otherwise, Grande is willing to meet and confer on an appropriate narrowing of the scope of this Interrogatory so that Grande may provide a further substantive response.

INTERROGATORY NO. 10:

Describe in detail all actions you have taken against your Customers or Users who have been the subject of copyright infringement allegations.  Your answer should include the nature of the allegation, the copyrighted work that was the subject of the allegation, the date of the allegation, the action you took, the date of the action, and the result of the action.

**RESPONSE**:

In addition to its General Objections, Grande objects to Interrogatory No. 10 as seeking irrelevant information, overly broad, unduly burdensome, and not proportional to the needs of the case.  Grande further objects to Interrogatory No. 10 to the extent it seeks disclosure of privileged attorney-client communications or attorney work product.  Grande also objects to Interrogatory No. 10 as vague, ambiguous, unduly burdensome, and overly broad in that it seeks a description of various "actions," which could be interpreted to call for information with no

potential relevance to any issue in this case.

Subject to these objections, Grande states that relevant, responsive, non-privileged information will be provided in connection with its responses to Interrogatory No. 6 and No. 13. Otherwise, Grande is willing to meet and confer on an appropriate narrowing of the scope of this Interrogatory so that Grande may provide a further substantive response.

INTERROGATORY NO. 11:

Describe in detail the complete factual and legal bases for your contention that you are entitled to safe harbor protection under the DMCA.

**RESPONSE**:

Subject to its General Objections, Grande states that it will supplement its answer to this Interrogatory in the event it raises a defense based on a DMCA safe harbor.

INTERROGATORY NO. 12:

State the number of your Customers or Users that Grande has terminated for violation of the Acceptable Use Policy, organized by the provision of the Acceptable Use Policy the violation of which caused the Customer's or User's suspension or termination. Organize Customers or Users terminated for violating more than one provision by the grouping of provisions violated (i.e. X number of Customers or Users terminated for violation of provisions A and B, X number for provisions B and C, etc.).

**RESPONSE**:

In addition to its General Objections, Grande objects to Interrogatory No. 12 as seeking irrelevant information, overly broad, unduly burdensome, and not proportional to the needs of the case. Grande further objects to Interrogatory No. 12 to the extent it seeks disclosure of privileged attorney-client communications or attorney work product.

Subject to these objections, Grande states that it will supplement its answer to this Interrogatory in the event it raises a defense based on a DMCA safe harbor.

INTERROGATORY NO. 13:

9

Identify all communications sent by Grande to Customers or Users for alleged or believed violations of any DMCA Policy, Acceptable Use Policy, Repeat Infringer Policy, and/or any other policies and/or procedures concerning copyright infringement allegations involving Grande's internet services, organized by the provision of the policy the violation of which Grande determined justified a warning.

**RESPONSE**:

In addition to its General Objections, Grande objects to Interrogatory No. 13 as seeking irrelevant information, overly broad, oppressive, unduly burdensome, and not proportional to the needs of the case in that it seeks information regarding alleged infringement of copyrights other than those at issue in this case.

Subject to these objections, Grande will produce, within 60 days, or at such other time as the parties may agree, relevant, non-privileged, and responsive documents pursuant to Federal Rule of Civil Procedure 33(d).

INTERROGATORY NO. 14:

Describe the contact information Grande identified for the person identified as the recipient for complaints of alleged copyright infringement that was contained in any Grande Acceptable Use Policy in effect in 2010, 2011, 2012, 2013, 2014, 2015, and/or 2016, and, to the extent such information is different than the information for Grande's Registered Copyright Agent, describe the reasons for such difference.

**RESPONSE**:

In addition to its General Objections, Grande objects to Interrogatory No. 14 as seeking irrelevant information because it is immaterial whether and/or why Grande identified different persons as recipients for complaints under its Acceptable Use Policy and its DMCA Policy. Subject to these objections, Grande will produce, within 60 days, or at such other time as the parties may agree, its Acceptable Use Policies for the years 2010-2016 pursuant to Federal Rule of Civil Procedure 33(d).

INTERROGATORY NO. 15:

Describe in detail the creation and issuance of the document titled "DMCA Policy and Procedure" posted on the Grande website (attached as Exhibit A to these Interrogatories). A full description should include, without limitation, Grande's reasons for creating the document, the drafting of the terms, consideration of the legal sufficiency of the policy, the timing of the creation and/or implementation of the policy, any connection between the policy and the result of the Cox Litigation, and any differences in how Grande has handled complaints of infringement under this document as compared with how such complaints were handled prior to its institution.

**RESPONSE**:

In addition to its General Objections, Grande objects to Interrogatory No. 15 as seeking irrelevant information, overly broad, unduly burdensome, and not proportional to the needs of the case. Grande further objects to Interrogatory No. 15 to the extent it seeks disclosure of privileged attorney-client communications or attorney work product. Grande also objects on the basis that there was not a document titled Exhibit A attached to these interrogatories.

Subject to these objections, Grande states that it will supplement its answer to this Interrogatory in the event it raises a defense based on a DMCA safe harbor.

Respectfully submitted,

Dated:  July 20, 2017

By:  /s/ Richard L. Brophy
Richard L. Brophy
ARMSTRONG TEASDALE LLP

*Attorney for Defendant Grande Communications Networks LLC*

11

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 20, 2017, I served the foregoing electronically to the following:

Daniel C. Bitting
State Bar No. 02362480
Paige A. Amstutz
State Bar No. 00796136
Scott Douglass & McConnico LLP
303 Colorado Street, Suite 2400
Austin, TX 78701
Telephone: (512) 495-6300
Facsimile: (512) 495-6399
dbitting@scottdoug.com
pamstutz@scottdoug.com

Pat A. Cipollone, P.C. (admitted *pro hac vice*)
Jonathan E. Missner (admitted *pro hac vice*)
Robert B. Gilmore (admitted *pro hac vice*)
Philip J. O'Beirne (admitted *pro hac vice*)
Stein Mitchell Cipollone Beato & Missner LLP
1100 Connecticut Avenue, NW Suite 1100
Washington, DC 20036
Telephone: (202) 737-7777
Facsimile: (202) 296-8312
pcipollone@steinmitchell.com
jmissner@steinmitchell.com
rgilmore@steinmitchell.com
pobeirne@steinmitchell.com

*Attorneys for Plaintiffs*


/s/ Richard L. Brophy_____