# EXHIBIT I

**Stein Mitchell Cipollone Beato & Missner LLP**

PHILIP J. O'BEIRNE
@steinmitchell.com  |  *Direct* 202.661.0900

1100 Connecticut Avenue, NW Suite 1100
Washington, DC 20036

P 202.737.7777
F 202.296.8312

www.steinmitchell.com

July 26, 2017

Richard L. Brophy
Armstrong Teasdale LLP
7700 Forsyth Blvd., Suite 1800
St. Louis, Missouri 63105-1847

Re: *UMG et. al. v. Grande Communications Inc., et al.* –
Deficiencies in Defendants' Discovery Responses

Dear Richard:

     I write to follow up on our meet and confer teleconference on Thursday, July 20, 2017, during which we discussed various outstanding discovery matters. Defendants must promptly correct the wholesale deficiencies in their objections and responses to Plaintiffs' discovery requests.

     We ask that Defendants provide a response to the issues raised on our meet and confer call, and memorialized in this letter, by no later than the close of business, Monday, July 31, 2017. We further ask that Defendants provide amended discovery responses that correct the deficiencies described below no later than Friday, August 4, 2017.

### I. Defendants' Objections to Plaintiffs' Requests for Production.

     As an initial matter, Defendants' objections and responses to Plaintiffs' requests for production were untimely. Plaintiffs served their initial document requests on June 7, 2017, making Defendants' objections due on June 10, 2017. But Defendants did not serve their objections and responses until July 20, 2017 – ten days after their deadline for response. Defendants have waived all objections to Plaintiffs' document requests as a result, and Plaintiffs reserve all rights in this regard.

     Putting aside this waiver, Defendants' objections and responses (both to Plaintiffs' document requests and interrogatories) are improper and must be remedied, as discussed below.

Stein Mitchell Cipollone Beato & Missner LLP

Richard L. Brophy
July 26, 2017
Page 2 of 17

### A. Defendants' General Objections are Improper.

Both Grande's and Patriot's responses to Plaintiffs' discovery requests include General Objections that purport to apply to every request. In fact, the General Objections are repeated verbatim in both responses, with the only difference being the name of the responding party. No effort is made to describe the relationship between any General Objection and any one or more document requests.[1]

General objections have long been held to be improper under Rule 34. "The 'prohibition against general [or blanket] objections to discovery requests has been long established.'" *Heller v. City of Dallas*, 303 F.R.D. 466, 483 (N.D. Tex. 2014) (internal citations omitted). "Broad-based, non-specific objections are almost impossible to assess on their merits, and fall woefully short of the burden that must be borne by a party making an objection to an interrogatory or document request." *Ogbonna v. USPLabs, LLC*, No. EP-13-CV-347-KC, 2014 WL 12489695, at *4 (W.D. Tex. Aug. 15, 2014). "[T]he practice of asserting a general objection 'to the extent' it may apply to particular requests for discovery" has been found ineffective to preserve the objection." *Gonzalez v. Volkswagen Grp. of Am., Inc.*, No. A-14-CV-574-LY-ML, 2015 WL 5097271, at *2 (W.D. Tex. Aug. 28, 2015). *See also Sparling v. Doyle*, No. EP-13-CV-323-DCG, 2014 WL 12489987, at *4 (W.D. Tex. Aug. 18, 2014) ("Defendants' 'boilerplate' general objections to Plaintiffs' discovery requests, without more, fail to satisfy Defendants' burdens under the Federal Rules of Civil Procedure. . . . Accordingly, the Court overrules in their entirety all of Defendants' general objections that are not referenced in response to specific discovery requests.")

In fact, Rule 34 was recently amended to remove any doubt as to what is required to state a valid objection. "For each item or category, the response must either state that inspection and related activities will be permitted as requested or state **with specificity** the grounds for objecting to the request, including the reasons." Fed. R. Civ. P. 34 (emphasis added). As the Advisory Committee notes explain: "The specificity of the objection ties to the new provision in Rule 34(b)(2)(C) directing that an objection must state whether any responsive materials are being withheld on the basis of that objection."

Accordingly, Defendants' General Objections are improper and cannot justify the refusal to produce relevant, responsive documents. Beyond being improper overall, particular objections included in Defendants' General Objections give Plaintiffs concern

---

[1] For example, both Grande and Patriot object "to the extent" the requests "seek information or documents that are neither relevant to the subject matter involved in this litigation nor proportional to the needs of the case." Grande Obj. at 2 and Patriot Obj. at 2.

Stein Mitchell Cipollone Beato & Missner LLP

Richard L. Brophy
July 26, 2017
Page 3 of 17

as to the scope of production contemplated by Defendants' responses. We raised two of these with you during our call, and address them more fully below.

### 1. Defendants' General Objection as to the "Relevant Time Period" is vague and improper.

General Objection #6, which Defendants incorporate into each response, states that Defendants object to the requests "to the extent they call for the production of documents or information without any limitation, or with an unreasonable limitation, as to the date of the documents or information. [Defendants] will answer as to the relevant time period."[2] However, neither response defines what Defendants view to be the "relevant time period."

On our call, your explained that this term was meant to describe the three-year period preceding the filing of the Complaint in this case, which meant to correspond to the statute of limitations period for copyright infringement contained in 17 U.S.C § 507(b). But we explained that such a limitation on discovery would be improper, because conduct occurring prior to three years before the filing of this complaint will be relevant to numerous issues, including Defendants' knowledge of infringement and policies or procedures dealing with infringement. You agreed and stated that you would confer with your client regarding the production of documents dating from more than three years prior to the filing of the complaint. Plaintiffs understand that Defendants no longer intend to withhold documents on the blanket objection that the "relevant time period" of this case is three years prior to April 21, 2017. If that understanding is incorrect, please let us know. And, if Defendants claim a right to withhold documents based on any other time limitations beyond those set forth in Plaintiffs' own discovery requests, Defendants must specify the precise document they intend to withhold and the precise time frames, so that Plaintiffs (and the Court, if necessary) may evaluate those objections.

### 2. Defendants' General Objection as to Relevant Copyrights is vague and improper.

Another improper scope limitation suggested by the General Objections relates to the copyrights that are relevant in this action. Both Grande and Patriot include a general objection (#12) purporting to limit all document requests responses to "copyrights specifically identified in this litigation."

---

[2] "Grande objects to the First Set of Requests for Production of Documents and Things to the extent they call for the production of documents or information without any limitation, or with an unreasonable limitation, as to the date of the documents or information. Grande will answer as to the relevant time period." Grande Obj. at 2. Patriot's responses contain the same objection.

Stein Mitchell Cipollone Beato & Missner LLP

Richard L. Brophy
July 26, 2017
Page 4 of 17

We explained that this limitation is invalid for at least the following reasons. **First**, Plaintiffs' Complaint includes a representative sample of the copyrights infringed by users of the Grande internet services. Plaintiffs are entitled to discovery regarding – and to amend their complaint to include claims for infringement of – any copyright belonging to any Plaintiff. Thus, it is improper at the outset of discovery for Defendants to limit their responses to copyrights already identified in Exhibit A to the Complaint and Plaintiffs demand that Defendants provide information regarding any copyright belonging to Plaintiffs.

**Second**, Defendants' awareness of, and response to, infringement as a general matter are central issues in this case, and thus infringement of any copyright, regardless of the owner, is central to discovery.

You agreed that Defendants cannot impose a blanket limitation on discovery that refuses to produce documents relating to copyrights not yet identified in Plaintiffs' pleadings. Plaintiffs therefore understand that Defendants no longer intend to withhold documents on this objection. If this understanding is incorrect, please let us know.

In addition, each response indicates that any such documents will be produced "within 60 days, or at such other time as the parties may agree." On our call, we indicated that there is no basis for Defendants' blanket production delay of 60 days, that documents should be produced on a rolling basis as soon as they are available to be produced, and that such rolling production should begin well short of 60 days from the date of the responses. You explained that the 60-day number was meant to be a placeholder for a period the parties could agree to, that Defendants will produce documents on a rolling basis, and that you expect such production to begin shortly. Please confirm that Defendants will begin producing documents as soon as the Court has entered a protective order (which the parties appear close to finalizing).

### B.  Defendants' Specific Objections to Plaintiffs' RFPs are Improper.

The objections contained in Defendants' answers to specific requests are even more problematic. **First**, Defendants restate many of the same boilerplate objections as contained in the General Objections, without attempting to explain in a specific and understandable manner how the request is allegedly objectionable. **Second**, Defendants repeatedly fail to state whether documents in fact are being withheld subject to the objections raised. **Third,** many of the objections take an indefensibly narrow view of Defendants' discovery obligations in this case.

### 1.  Defendants' Repetitive, Boilerplate Objections are Improper.

Stein Mitchell Cipollone Beato & Missner LLP

Richard L. Brophy
July 26, 2017
Page 5 of 17

In response to each request for production, Defendants interpose various vague objections that make no attempt to meaningfully address the substance of the request and are improper under the Federal Rules.  For example, the objection that a document request is "overly broad and unduly burdensome" is repeated by Grande more than 50 times and by Patriot more than 60 times.

But this sort of vague and conclusory objection cannot be sustained.  "A mere statement by a party that a request is 'overly broad and unduly burdensome' is not adequate to voice a successful objection. The party raising such objection must demonstrate how each discovery request is overly broad or burdensome by submitting affidavits or offering evidence revealing the nature of the burden." *Ogbonna v. USPLabs, LLC*, No. EP-13-CV-347-KC, 2014 WL 12489695, at *6 (W.D. Tex. Aug. 15, 2014).  Defendants' responses offer no support for these objections.

On our call, you provided some additional explanation as to the burden of responding to Plaintiffs' requests seeking notices of copyright infringement Grande has received from any source.  *See e.g.* Plaintiffs' Requests 17 and 37.  You explained that, while Defendants concede that such notices are relevant here, it is your understanding that Defendants have received such a massive volume of these notices that Defendants may take the position that producing all of them would be unduly burdensome.

This position is unsupportable.  Notices of copyright infringement are the central evidence in this case, and are probative of the underlying infringement of Plaintiffs' copyrights, Defendants' knowledge of such infringement, and Defendants' response (if any) to such infringement.  Defendants' own Initial Disclosures specify "[d]ocuments relating to records of purported infringement notices received from Plaintiff's ***and others***" as documents Defendants intend to rely on in this case.  Plaintiffs are entitled to the production of all notices received by Grande and/or Patriot.  Please confirm that Defendants intend to produce all notices.

Equally improper is Defendants' blanket objection, repeated scores of times in both responses, that effectively all of Plaintiffs' requests are "not proportional to the needs of the case."  No effort is made to explain how any request is supposedly not proportional to the needs of the case, let alone to justify how Defendants could make this objection to requests that seek categories of documents described in Defendants' own Initial Disclosures.  Below is a sample of the documents cited in Defendants' Initial Disclosures and the corresponding request that Defendants somehow object to as "not proportional to the needs of the case":

| **Defendant's Initial Disclosure Reference** | **Plaintiffs' Request for Production** |
|---|---|
| "Documents relating to Grande's policies regarding subscriber privacy and the | "Documents sufficient to show all terms of use and terms of service provided to your |

Stein Mitchell Cipollone Beato & Missner LLP

Richard L. Brophy
July 26, 2017
Page 6 of 17

| protection of subscriber personal information." | Customers or Users from January 1, 2010 to the present." (Grande RFP. 65) |
| "Documents related to the pricing strategy of Grande's services." | "Documents since January 1, 2010, sufficient to show your pricing for the different levels of internet services you offer to your Customers or Users." (Grande RFP 64) |
| "Documents relating to the relationship between Grande and Patriot." | "Documents sufficient to show Grande's organizational charts and structure, and executive titles and job occupants, since January 1, 2010."  (Grande RFP 68) |

This is not a meaningful effort to comply with Defendants' obligations under the Federal Rules to state objections with clarity and specificity, to allow Plaintiffs to assess and respond to such objections.  Therefore, Defendants must withdraw these overbroad and improper objections, and confirm they will produce documents and provide information responsive to Plaintiffs' requests.

> 2. **Defendants Have Failed to Describe in a Meaningful Manner Which Responsive Documents They Intend to Withhold Based on Their Stated Objections.**

Every single response from both Defendants that contemplates the production of documents states that such production is "subject to" the vague objections Defendants raise to the corresponding request.  This violates Defendants' obligations under Rule 34, which states:  "An objection must state whether any responsive materials are being withheld on the basis of that objection."  F.R.C.P. 34(b)

"[T]he practice of responding to interrogatories and documents requests 'subject to' and/or 'without waiving' objections is manifestly confusing (at best) and misleading (at worse), and has no basis at all in the Federal Rules of Civil Procedure."  *Heller*, 303 F.R.D. at 486–87 (internal citations omitted).  "Accordingly, a responding party has a duty to respond to or answer a discovery request to the extent that it is not objectionable. As discussed above, the Federal Rules dictate that a responding party must describe what portions of the interrogatory or document request it is, and what portions it is not, answering or responding to based on its objections and why."  *Id*.

In a recent case before Judge Yeakel, another defendant framed every response agreeing to produce documents using almost the same language as Patriot and Grande.  "[S]ubject to and without waiving its remaining general and specific objections, [Defendant] will produce relevant, non-privileged documents responsive to this request in

Stein Mitchell Cipollone Beato & Missner LLP

Richard L. Brophy
July 26, 2017
Page 7 of 17

its possession, custody, or control to the extent that they exist." *New Belgium Brewing Co. v. Travis Cty. Brewing Co. LLC*, No. A-15-CV-452 LY, 2015 WL 13227999, at *2 (W.D. Tex. Dec. 18, 2015).

Magistrate Judge Austin held that such objections were improper and struck them:

> These responses do not comport with Fed. R. Civ. P. 34(c), which requires, among other things, that an objection must "state with specificity the grounds for objecting to the request," and also "state whether any responsive materials are being withheld on the basis of that objection." **In short, the objections are the very sort of "boilerplate" objections that the newly revised Rule 34 intends to eliminate.** New Belgium has left Oasis in the dark as to whether there are responsive materials being withheld on the basis of particular objections, and even whether there are responsive documents that will be produced on some requests. Accordingly, the Court hereby **STRIKES** New Belgium's general objections and **ORDERS** it to state any objections it has in accordance with Rule 34 as amended effective December 1, 2015.

Defendants must revise, or withdraw, their objections in the same manner. Plaintiffs' RFP No. 12 to Grande seeks "Documents sufficient to show the contractual agreements under which Patriot provides Grande with executive, management, or any other services, including the agreements themselves." This request is plainly relevant, as the relationship between Patriot and Grande is central to this case. Defendants' Initial Disclosures contemplate Defendants relying on documents reflecting the relationship between Patriot and Grande.

Yet Grande, without explanation, "objects to this request as overly broad, seeking irrelevant information, and as not proportional to the needs of the case." Grande then states that "Subject to its objections, Grande will produce, within 60 days, or at such other time as the parties may agree, responsive, non-privileged documents to the extent such documents exist and are in Grande's possession, custody, or control."

Grande and Patriot cannot be unsure as to whether contracts exist between them setting forth their respective duties and responsibilities, nor can there be any argument that such documents are in Grande's possession, let alone custody or control. Grande's response leaves Plaintiffs to guess whether such documents exist, will be produced, or are being withheld and, if so, on what basis.

"[I]f an objection does not preclude or prevent a response or answer, at least in part, the objection is improper and should not be made. To make such an objection in the

Stein Mitchell Cipollone Beato & Missner LLP

Richard L. Brophy
July 26, 2017
Page 8 of 17

face of these considerations is to engage in the 'abusive practice of objecting to discovery requests reflexively—but not reflectively—and without a factual [or legal] basis" that Rule 26(g) was enacted to stop.'" *Heller*, 303 F.R.D. at 487.

Defendants repeat this abusive practice throughout their responses, and Plaintiffs cannot meaningfully address Defendants' responses until these defective answers are corrected.

### 3. Defendants' Asserted Limitations on Documents to Be Produced Are Without Merit.

In addition to providing vague and confusing answers about what Defendants will produce, your answers also take unreasonable positions about what Defendants will not produce.

Patriot repeatedly asserts that it refuses to produce documents "unrelated to Patriot." This is not a valid objection. Rule 26 entitles Plaintiffs to documents relevant not only to a given party, but to the claims and defenses in this litigation in general. Patriot is required to produce relevant, responsive documents in its possession custody or control. If it is the case that, based on the relationship between Patriot and Grande, Patriot has responsive documents in its possession that relate to Grande, those documents are plainly discoverable and must be produced by Patriot.

On our call, we explained our position that Patriot's refusing to produce documents "unrelated to Patriot" is improper under the Federal Rules. You responded that the purpose of that objection was to exclude documents from production that, while they are relevant to Patriot's treatment of certain issues in this case, they do not relate to Grande's conduct. For example, you stated that while Grande's DMCA policy is relevant, a Patriot DMCA policy governing notices received by Patriot for its own conduct unrelated to Grande would somehow not be relevant and thus Patriot would not produce such a policy.

***First***, setting aside whether such a positon is valid, it does not explain why Patriot is refusing to produce documents "unrelated to Patriot." Rather, it appears Patriot is taking the position that Patriot need not produce documents "unrelated to ***Grande***."

***Second***, there are numerous requests that directly target documents in Patriot's possession related to Grande, making the stated objection (and refusal to produce) even more confusing. For example, Patriot refuses to produce documents in its possession responsive to the following requests that express refer to Grande:

Stein Mitchell Cipollone Beato & Missner LLP

Richard L. Brophy
July 26, 2017
Page 9 of 17

- "Documents sufficient to show your policies, practices, and capabilities for handling Notices that are received by Grande's or any other ISP's Registered Copyright Agent." (Patriot RFP 48)

- "All documents concerning the termination of any of Grande's or any other ISP's Customers or Users for a violation of any provision of any DMCA Policy, Acceptable Use Policy, Repeat Infringer Policy, or any other Patriot or ISP policies, practices or capabilities concerning infringement of copyrights using internet service." (Patriot RFP 54)

- "All documents concerning any technological barriers or other means or mechanisms implemented by Grande or any other ISP to address, limit or prevent copyright infringement by your Customers or Users through the use of BitTorrent or Peer-to-Peer file sharing systems." (Patriot RFP 56)

- "Documents sufficient to show or from which it may be determined the number of Grande's or any other ISP's Customers or Users whose service was terminated as a result of allegations of repeat copyright infringement, per month since January 1, 2010." (Patriot RFP 58)

**Third**, Patriot is mistaken that documents in its possession that do not relate to Grande are not relevant or discoverable here. How Patriot and Grande choose to formulate and enforce policies, and respond to (or ignore) notices of infringement are central issues in this case. Patriot provides the same management services to other ISPs that it does to Grande, and may have policies governing its own conduct apart from the services it provides to ISPs. Plaintiffs are entitled to explore in discovery to what extent Grande and Patriot's conduct regarding infringement occurring on Grande's system is different from how Patriot advises or directs other ISPs to behave or chooses to behave itself. Patriot's refusal to produce documents "unrelated to Patriot" is indefensible, a point further underscored by Grande's agreement to provide documents responsive to the same requests.

The inconsistencies in Defendants' responses do not end there. Patriot refuses to produce documents regarding the sale of Grande to TPG (Patriot RFP 9), but must concede such documents are relevant because Grande agrees to produce them (Grande RFP 9). The same is true for draft and final DMCA policies (Patriot RFP 14 and Grande RFP 14), draft and final repeat Infringer Policies (Patriot RFP 20 and Grande RFP 20), draft and final Acceptable Use Policies (Patriot RFP 23 and Grande RFP 23), and other requests.

Grande also refuses to produce admittedly relevant documents, including (as discussed above) notices of alleged copyright infringement Grande received (Grande RFP 43).

Richard L. Brophy
July 26, 2017
Page 10 of 17

In short, Defendants must withdraw all such vague, confusing, and inconsistent objections, and produce the requested documents.

## II. Defendants' Responses to Plaintiffs' First Set of Interrogatories

Many similar deficiencies plague Defendants' responses to Plaintiffs' Interrogatories.

Rule 33 requires that "each interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath" and "the grounds for objecting to an interrogatory must be stated with specificity. Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure."

"[A]n evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." *Sparling v. Doyle*, No. EP-13-CV-323-DCG, 2014 WL 12489987, at *2 (W.D. Tex. Aug. 18, 2014). "Although plaintiff is not entitled to dictate the contents of defendant's interrogatory answers, it is entitled to complete, responsive answers to each question asked." *Steadfast Ins. Co. v. Golden Restaurants, Inc.*, No. 3-08-CV-1383-P, 2009 WL 1683605, at *2 (N.D. Tex. June 16, 2009).

Defendants' answers are neither complete nor responsive, and are deficient as a matter of law in various independent respects.

### A. Defendants' Interrogatories are not Verified.

Rule 33 is clear that answers to interrogatories must be under oath and be signed by the party providing the answer. "The person who makes the answers must sign them, and the attorney who objects must sign any objections." Rule 33(b)(5). Neither Grande nor Patriot's answers to Plaintiffs' Interrogatories are under oath or signed by a representative of either party providing the answers. "[C]ourts in the Fifth Circuit have determined that a Rule 33(b) verification is required of the corporate entities, signed under oath by an authorized representative of the corporate entity and not by its counsel." *Laborde v. SGS N. Am., Inc.*, No. CIV.A. 11-544-JJB, 2012 WL 5304534, at *2 (M.D. La. Oct. 25, 2012). Therefore, please provide signed verifications for both Defendants' interrogatories.

### B. Defendants' Interrogatory Responses Contain an Assortment of Improper Objections.

The same case law mandating specific, clear and responsive objections applies with equal force to responses to interrogatories. *See e.g. Ogbonna v. USPLabs, LLC*, No. EP-13-CV-347-KC, 2014 WL 12489695, at *4 (W.D. Tex. Aug. 15, 2014)(Berton,

Case 1:17-cv-00365-DAE   Document 43-9   Filed 08/30/17   Page 12 of 18

Stein Mitchell Cipollone Beato & Missner LLP

Richard L. Brophy
July 26, 2017
Page 11 of 17

M.J.)("Broad-based, non-specific objections are almost impossible to assess on their merits, and fall woefully short of the burden that must be borne by a party making an objection *to an interrogatory* or document request.").

Yet Grande and Patriot repeat their vague boilerplate General Objections, and then include specific objections that make no effort to describe how the interrogatory in question is objectionable. Such improper objections are waived. *See e.g. Tadlock v. Arctic Cat Sales, Inc.*, No. CV 15-766-JJB-EWD, 2017 WL 1032516, at *8 (M.D. La. Mar. 17, 2017) ("[T]he Fifth Circuit has held that conclusory objections that the requested discovery is overly broad, burdensome, oppressive and irrelevant are insufficient to voice a successful objection to an interrogatory or request for production. Here, Plaintiff initially initial objected to Interrogatory Nos. 14, 15, and 18 on the grounds that the interrogatories are compound, overly broad, vague, ambiguous, harassing, unduly burdensome, irrelevant, and seek irrelevant information. The Court finds such boilerplate language does not suffice to assert a valid objection to the interrogatories under *McLeod.* Thus, the Court finds that the general rule applies here and Plaintiff has waived his objections to Interrogatory Nos. 14, 15, and 18.").

Accordingly, Defendants' objections to the interrogatories are insufficient and waived. Defendants must supplement their response to the interrogatories with meaningful answers.

### C. Defendants' Answers to Plaintiffs' Interrogatories Provide No Meaningful Information and Do Not Comport with the Discovery Rules.

In addition to raising improper objections, the substance of Grande's and Patriot's interrogatory responses falls far short of the minimum requirements of the Federal Rules.

There is not a single narrative response in any of Grande's or Patriot's answers to Plaintiffs' interrogatories. Instead, Defendants either refer to the future production of undescribed documents or refer to (equally defective) answers to a different interrogatory. Both are improper.

#### 1. Answers that Refer to Other Interrogatories Are Improper.

"Defendant may not incorporate one interrogatory answer when answering another interrogatory. Rather, a complete narrative answer must be provided in response to each interrogatory." *Steadfast Ins. Co. v. Golden Restaurants, Inc.*, No. 3-08-CV-1383-P, 2009 WL 1683605, at *2 (N.D. Tex. June 16, 2009). *See also Kleppinger v. Texas Dep't of Transportation*, No. 5:10-CV-124, 2013 WL 12138545, at *4 (S.D. Tex. Jan. 3, 2013)(. . .Plaintiff cannot answer one interrogatory simply by referring defendants to another equally unresponsive answer.") (internal citation omitted).

Stein Mitchell Cipollone Beato & Missner LLP

Richard L. Brophy
July 26, 2017
Page 12 of 17

Grande improperly incorporates by reference its Initial Disclosures (Grande Interrogatory 1) and then repeatedly makes references to other answers, rather than including the full, separate answers mandated by the Rules.  *See e.g.* Grande Answers to Interrogatories 8, 9, and 10.  Patriot takes it one step farther, and attempts to satisfy its obligation to provide full separate and detailed answers to the interrogatories posed to Patriot by incorporating Grande's answers to interrogatories posed to Grande.  *See* Patriot Answers to Interrogatories 5, 6, 8, 9, 11, and 12.

### 2. Answers that Vaguely Reference Yet to Be Produced Documents Are Improper.

A party desiring to answer an interrogatory by reference to business records must do so by "specifying the records that must be reviewed, in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could." Fed. R. Civ. P. 33.

The only attempt Grande or Patriot make to including any substantive response to any interrogatory is a claim that Defendants will produce documents relating to the questions posed.  This does not begin to satisfy Defendants' obligation under Rule 33.

It is improper to refer vaguely to as-yet unproduced documents.  "Plaintiff answered Interrogatories 3, 6, 10(2), 13, and 17 by referring to documents that Plaintiff anticipated it would produce in response to Defendants' First Document Requests. . . . Because. . .the answers to Interrogatories 3, 10(2), 13, 16 and 17, refer to outside material, the Court finds them to be improper and unresponsive." *Equal Rights Ctr. v. Post Properties, Inc.,* 246 F.R.D. 29, 35 (D.D.C. 2007).

A party seeking to answer an interrogatory by reference to a document must provide a specific reference to the document containing the responsive information.  "The answer must specify, without qualification, which documents contain the answer. Defendants, in some instances, simply refer generically to produced documents. Such references do not satisfy the specificity requirement of Fed.R.Civ.P. 33(d)." *Pulsecard, Inc. v. Discover Card Servs., Inc.*, 168 F.R.D. 295, 305 (D. Kan. 1996).  *See also Bayview Loan Servicing, LLC v. Boland*, 259 F.R.D. 516, 519 (D. Colo. 2009) ("A general reference to responsive documents is an insufficient response.").

In short, Defendants' objections and responses to Plaintiffs' interrogatories are entirely inadequate.  Plaintiffs insist that Defendants modify their responses to provide answers to the interrogatories that fairly provide the requested information and comport with the federal discovery rules.

Stein Mitchell Cipollone Beato & Missner LLP

Richard L. Brophy
July 26, 2017
Page 13 of 17

### III. Electronic Discovery

You have steadfastly refused to provide draft search terms that Defendants propose they use to identify and produce documents responsive to Plaintiffs' discovery requests. You explained your view that designing search terms that will effectively target responsive documents relevant to Plaintiffs' claims constitutes you "doing Plaintiffs' job for them" or words to that effect. You further explained that in zealously representing your client, you view yourself as incentivized to craft flawed terms that would not result in a proper production of documents. Both positions are at odds with your and your clients' obligations under the Federal Rules.

"The federal rules promote broad discovery so that all relevant evidence is disclosed as early as possible, making a trial less a game of blind man's bluff and more a fair contest, where each party can knowledgeably evaluate the strength of its evidence and chances of ultimate success." *Ramos v. Capitan Corp.*, No. MO16CV00075RAJDC, 2017 WL 1278737, at *2 (W.D. Tex. Feb. 2, 2017).

Discovery is meant to be a cooperative process by which each party fulfills its obligation "to conduct a diligent search and investigation into the existence of documents relating to the issues in the case." *Kamatani v. Benq Corp.*, No. 2:03-CV-437, 2005 WL 8131835, at *4 (E.D. Tex. Aug. 5, 2005). Contrary to your contention, there is no conflict between zealous advocacy and cooperative discovery. As the Sedona Cooperation Proclamation[3] explains:

> Lawyers have twin duties of loyalty: While they are retained to be zealous advocates for their clients, they bear a professional obligation to conduct discovery in a diligent and candid manner. Their combined duty is to strive in the best interests of their clients to achieve the best results at a reasonable cost, with integrity and candor as officers of the court. Cooperation does not conflict with the advancement of their clients' interests - it enhances it. Only when lawyers confuse advocacy with adversarial conduct are these twin duties in conflict.

"The overriding theme of recent amendments to the discovery rules has been open and forthright sharing of information by all parties to a case with the aim of expediting case progress, minimizing burden and expense, and removing contentiousness as much as practicable. [citations omitted]. If counsel fail in this responsibility—willfully or not—these

---

[3] "Rule 26 provides very little guidance on discovery of ESI, and courts have used the ESI discovery principles published by the Sedona Conference as a guide in resolving ESI discovery disputes." *Kleppinger v. Texas Dep't of Transportation*, No. CV L-10-124, 2013 WL 12137773, at *3 (S.D. Tex. Jan. 24, 2013).

Stein Mitchell Cipollone Beato & Missner LLP

Richard L. Brophy
July 26, 2017
Page 14 of 17

principles of an open discovery process are undermined, coextensively inhibiting the courts' ability to objectively resolve their clients' disputes and the credibility of its resolution." *Board of Regents of University of Nebraska v BASF Corp.*, No. 4:04-CV-3356, 2007 WL 3342423, at *5 (D. Neb. Nov. 5, 2007).

Rather than craft terms designed to frustrate the process, you have an obligation to assist in crafting terms that facilitate a candid and thorough collection. Courts recognize this "basic rule that outside counsel must carefully craft the appropriate keywords, ***with input from the ESI's custodians as to the words and abbreviations they use***." *Procaps S.A. v. Patheon Inc.*, No. 12-24356-CIV, 2014 WL 1047748, at *4 (S.D. Fla. Mar. 18, 2014) (emphasis added).

As Magistrate Judge Grimm, a nationally recognized authority on proper electronic discovery, has explained:

> Selection of the appropriate search and information retrieval technique requires careful advance planning by persons qualified to design effective search methodology. The implementation of the methodology selected should be tested for quality assurance; and the party selecting the methodology must be prepared to explain the rationale for the method chosen to the court, demonstrate that it is appropriate for the task, and show that it was properly implemented." *Victor Stanley, Inc. v. Creative Pipe, Inc.,* 250 F.R.D. 251, 260, 262 (D.Md. May 29, 2008)(Grimm, M.J.).

Sedona further recognizes that the refusal of the producing party to leverage its superior knowledge regarding its own data in service of effective search term is improper. "Indeed, because knowledge of the producing party's data is usually asymmetrical, it is possible that refusing to 'aid' opposing counsel in designing an appropriate search protocol that the party holding the data knows will produce responsive documents could be tantamount to concealing relevant evidence." 10 Sedona Conf. J. 339, 344 (2009 Supp.).

Inexplicably, this is the position you have taken in this case: that it is not "your job" to help Plaintiffs obtain the most relevant and useful documents by crafting search terms. The Federal Rules, relevant case law, and widely adopted best practices all indicate otherwise.

You have explained that you will not reconsider your mistaken approach to fulfilling your discovery responsibilities. In the interests of cooperation, Plaintiffs have attached an initial proposed list of search terms to this letter as Attachment A. To be clear, though, Plaintiffs reserve all rights regarding Defendants' refusal to cooperate and participate in good faith in the ESI discovery process.

Stein Mitchell Cipollone Beato & Missner LLP

Richard L. Brophy
July 26, 2017
Page 15 of 17

                                      Sincerely,

                                      Philip J. O'Beirne
                                      Counsel for Plaintiffs

cc:      Counsel of Record

Stein Mitchell Cipollone Beato & Missner LLP

Richard L. Brophy
July 26, 2017
Page 16 of 17

## ATTACHMENT A – SEARCH TERMS FOR DEFENDANTS' DOCUMENT COLLECTION AND PRODUCTION

Plaintiffs propose the following terms for Defendants to use in searching for and collecting ESI from individual custodian-specific sources (*e.g.*, individuals' hard drives, email mailboxes, external media such as thumb drives, personal network folders, etc.), as well as non-individual custodian sources that do not contain specific responsive materials (for example, generalized shared network drive folders).  To the extent there are specific locations or sources of ESI that Defendants identify as entirely or substantially entirely responsive information (*e.g.,* a database that stores all infringement notices, a network drive folder that serves as the central repository for Defendants' policies and procedures regarding copyright infringement, etc.), Defendants should collect and produce those sources *en masse*, without applying search terms.

Note: terms are not case-sensitive.   * indicates a space, character, or no space or character.  For example, "p*2*p" would include the terms "p 2 p" or "p2p" or "p-2-p".

copyright*
copywrite*
infring*
enfring*
Bit*Torrent
*Torrent*
peer*to*peer
p*2*p
file*shar*
file*exchang*
Rightscorp
RIAA
"Recording Industry Association of America"
"Digital Millennium Copyright Act"
"Digital Millenium Copyright Act"
DMCA
"safe harbor"
512*
"repeat infringer"
terminat* /5 infring*
acceptable /3 use
 [illegal* OR unlawful* OR pirat* or *authoriz*] /5 [music OR record* OR album* OR track* OR song* OR download* OR copy* OR file* OR mp3]

Stein Mitchell Cipollone Beato & Missner LLP

Richard L. Brophy
July 26, 2017
Page 17 of 17

[copy* OR download* OR shar* OR steal* OR stole*] /5 [music OR record* OR album* OR song* OR mp3]
Universal AND [music OR record*]
UMG
"Capitol Records"
Warner
WB AND [music OR record*]
Sony
SME
Arista
"Atlantic Recording"
"Capitol Christian"
Elektra
Fonovisa
"Fueled by Ramen"
Laface
Nonesuch
Rhino
Roadrunner
Roc-a-Fella
"Tooth & Nail"
Zomba
Cox AND [lawsuit OR claim* OR verdict OR ruling OR "SJ" OR "summary judgment" OR judgment OR litigation OR case OR sued OR suit OR court OR EDVA OR Virginia OR BMG]