# EXHIBIT M

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| UMG RECORDINGS, INC., et al., | ) |
| Plaintiffs, | ) ) ) |
| vs. | ) ) |
| GRANDE COMMUNICATIONS NETWORKS LLC and PATRIOT MEDIA CONSULTING, LLC, | ) ) ) ) ) |
| Defendants. | ) ) ) |

No. 1:17-cv-00365

**DEFENDANT PATRIOT MEDIA CONSULTING LLC'S AMENDED OBJECTIONS & RESPONSES TO PLAINTIFFS' FIRST SET OF INTERROGATORIES**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Defendant Patriot Media Consulting, LLC ("Patriot"), by and through its attorneys, hereby responds to Plaintiffs' First Set of Interrogatories with the following answers and objections.

**GENERAL OBJECTIONS**

The following General Objections are incorporated by reference in each of Patriot's Specific Objections and Answers set forth below:

1.      Patriot objects to Plaintiffs' instructions to the extent they impose obligations on Patriot that are inconsistent with or exceed those set forth in the Federal Rules of Civil Procedure, Rules of the United States District Court for the Western District of Texas, or any Order of this Court.

2.      Patriot objects to the First Set of Interrogatories to the extent they seek the disclosure or production of information protected by the attorney-client privilege and/or work product doctrine. Such information shall not be provided in response to the First Set of

Interrogatories, and any inadvertent disclosure thereof shall not be deemed a waiver of any privilege or protection with respect to such information.

3. Patriot objects to the First Set of Interrogatories to the extent they seek confidential, sensitive, and proprietary business information. Any such information that is responsive will be produced, if at all, only upon entry of a confidentiality agreement/protective order.

4. Patriot objects to the First Set of Interrogatories as overly broad and unduly burdensome to the extent they seek information or documents not within the possession, custody, or control of Patriot.

5. Patriot objects to the First Set of Interrogatories to the extent they seek information or documents that are neither relevant to the subject matter involved in this litigation nor proportional to the needs of the case.

6. Patriot objects to the First Set of Interrogatories to the extent they seek discovery of information or documents already within the possession and control of Plaintiffs and/or Plaintiffs' counsel, or that are available from public sources, on the grounds that each such request is unduly burdensome and oppressive

7. Patriot objects to the First Set of Interrogatories to the extent they seek information beyond what is available from a reasonable search of those Patriot files likely to contain relevant or responsive documents pertaining to this litigation.

8. Patriot objects to the First Set of Interrogatories to the extent they seek legal conclusions.

9. Where Patriot provides a partial response to an otherwise objectionable interrogatory, Patriot does not waive any general or specific objection by providing a partial

response. Nothing in Patriot's answers shall be construed as waiving any rights or objections that otherwise might be available to Patriot, nor should Patriot's responses to the First Set of Interrogatories be deemed an admission or relevance, materiality, or admissibility of the interrogatories or related answers.

10. Patriot objects to the Definitions set forth in Plaintiffs' First Set of Interrogatories, specifically, Patriot objects to the definition of "Plaintiffs' Copyrighted Work" as overly broad in that it purports to encompass materials not yet identified.

11. Patriot objects to the use of the term "concerning" in Plaintiffs' First Set of Requests for Production of Documents and Things as vague and ambiguous. Patriot understands and interprets such requests to seek documents that refer to the specific subject matter.

12. Patriot objects to Plaintiffs' First Set of Requests for Production of Documents and Things to the extent they seek information regarding copyrights other than those specifically identified in this litigation. Patriot will respond as to copyrights specifically identified in this litigation.

13. Patriot reserves the right to supplement these General Objections, as well as its Specific Objections and Answers to the First Set of Interrogatories.

## PATRIOT'S ANSWERS TO INTERROGATORIES

INTERROGATORY NO. 1:

Identify all persons who you believe have knowledge of relevant facts in the lawsuit and identify the issues about which you believe they have knowledge.

**RESPONSE**:

In addition to its General Objections, Patriot objects to Interrogatory No. 1 to the extent it seeks disclosure of privileged attorney-client communications or attorney work product.

Subject to these objections, Patriot states that the following persons have knowledge of

3

relevant facts:

- Matt Rohre has knowledge relating to Grande's policies and procedures and the relationship between Grande and Patriot.
- Robert Roeder has knowledge relating to Patriot's operations.
- Lamar Horton has knowledge relating to Grande's network design and information technology processes.
- Dawn Blydenburgh has knowledge relating to Grande's customer support.
- Bruce Jongeneel has knowledge relating to Grande's financials.
- Matt Murphy has knowledge relating to Grande's historical policies and procedures.
- Shane Shilling has knowledge relating to Grande's historical network design and information technology processes.
- Stephanie Christianson has knowledge relating to Grande's DMCA policy and procedures.

INTERROGATORY NO. 2:

If Patriot is a partner, a partnership, or a subsidiary or affiliate of a corporation, limited liability company, or partnership, that has a financial interest in the outcome of this lawsuit, identify the parent corporation(s), affiliate(s), partner(s), or partnership(s) and the relationship between it/them and Patriot. If there is a publicly owned corporation or a holding company not a party to the case that has a financial interest in the outcome, identify such corporation and the nature of the financial interest.

**RESPONSE**:

In addition to its General Objections, Patriot objects to Interrogatory No. 2 as vague and ambiguous in that "financial interest in the outcome of this lawsuit" is subject to multiple different interpretations. Patriot also objects to this Interrogatory as seeking irrelevant information.

4

Subject to these objections, and to the extent the Interrogatory is understood, Patriot states that there is no such entity.

INTERROGATORY NO. 3:

If Patriot is improperly identified in the Complaint, give its proper identification and state whether you will accept service of an amended summons and complaint reflecting the information furnished by you in answer hereto.

**RESPONSE**:

In addition to its General Objections, Patriot objects to Interrogatory No. 3 as vague and ambiguous in that "improperly identified" is subject to multiple different interpretations.

Subject to these objections, and to the extent to the Interrogatory is understood, Patriot states that "Patriot Media Consulting, LLC," the name by which Patriot is identified in the Complaint, adequately identifies Patriot.

INTERROGATORY NO. 4:

If you contend that some other person is, in whole or in part, liable to any Plaintiff in this lawsuit, identify that person and describe in detail the basis of said liability.

**RESPONSE**:

In addition to its General Objections, Patriot objects to Interrogatory No. 4 as seeking irrelevant information, overly broad, oppressive, and unduly burdensome, and not proportional to the needs of the case. The Interrogatory purports to seek information about all types of potential liability to any Plaintiff, without regard to whether the requested information has any relevance to any issue in this case. Patriot also objects to the extent Interrogatory No. 4 seeks disclosure of privileged attorney-client communications or attorney work product.

Subject to these objections, Patriot states that it is unaware of any party that is liable to any Plaintiff in this lawsuit.

INTERROGATORY NO. 5:

5

Describe in detail any communications Patriot, Grande, or any other ISP for which Patriot provides or has provided any services, has had with any Plaintiff or with Rightscorp, from January 1, 2010 until the filing of the Complaint.

**RESPONSE**:

In addition to its General Objections, Patriot objects to Interrogatory No. 5 as seeking irrelevant information, overly broad, unduly burdensome, and not proportional to the needs of the case in that it seeks a detailed description of "any communications" without regard to whether any such communication has any relevance to any issue in this case. Patriot also objects on these same bases in that the request purports to require Patriot to provide information in Plaintiffs' possession, custody, or control, to the extent such information exists. Patriot further objects to this interrogatory as seeking irrelevant information, overly broad, unduly burdensome, and not proportional to the needs of the case in that it purports to seek information regarding communications by clients of Patriot who are not parties to this case.

Subject to these objections, Patriot states that to the extent this Interrogatory seeks relevant information, that information will be provided in connection with Grande's response to Interrogatory No. 5.

INTERROGATORY NO. 6:

Describe in detail any DMCA Policy, Repeat Infringer Policy, Acceptable Use Policy, and/or any policies and/or procedures concerning Patriot's or any ISP's receipt, review, forwarding to Customers and/or User, response to, and resolution of, copyright infringement allegations involving Grande's or any other ISP's internet services, since January 1, 2010.

**RESPONSE**:

In addition to its General Objections, Patriot objects to Interrogatory No. 6 as seeking irrelevant information, overly broad, unduly burdensome, and not proportional to the needs of the case. The requested information regarding ISPs other than Grande has no potential relevance to any issue in this case.

6

Subject to these objections, Patriot states that to the extent this Interrogatory seeks relevant information, that information will be provided in connection with Grande's response to Interrogatory No. 6.

INTERROGATORY NO. 7:

Describe in detail all roles or services performed by Patriot for Grande or any other ISP, including but not limited to acting as Registered Copyright Agent. A full description should include, without limitation, the time period(s) during which Patriot held the described roles or performed the described services, the responsibilities and measures Patriot undertook, implemented, directed, or oversaw, concerning such roles or services, and the compensation Patriot received for such roles or services.

**RESPONSE**:

In addition to its General Objections, Patriot objects to Interrogatory No. 7 as seeking irrelevant information, overly broad, unduly burdensome, and not proportional to the needs of the case. The requested information regarding ISPs other than Grande has no potential relevance to any issue in this case.

Subject to these objections, Patriot will produce non-privileged documents regarding the nature and terms of the relationship between Grande and Patriot, pursuant to Federal Rule of Civil Procedure 33(d).

INTERROGATORY NO. 8:

Describe in detail any effort you have undertaken to determine whether and to what extent any Customers or Users of Grande, or any other ISP for which Patriot provides or has provided any services, have engaged in copyright infringement.

**RESPONSE**:

In addition to its General Objections, Patriot objects to Interrogatory No. 8 as seeking irrelevant information, overly broad, unduly burdensome, and not proportional to the needs of the case. The requested information regarding ISPs other than Grande has no potential relevance to any issue in this case.

Subject to these objections, Patriot states that to the extent this Interrogatory seeks relevant information, that information will be provided in connection with Grande's response to Interrogatory No. 9.

INTERROGATORY NO. 9:

Describe in detail all actions you have taken against Customers or Users of Grande, or any other ISP for which Patriot provides or has provided any services, who have been the subject of copyright infringement allegations. Your answer should include the nature of the allegation, the copyrighted work that was the subject of the allegation, the date of the allegation, the action you took, and date of the action, and the result of the action.

**RESPONSE**:

In addition to its General Objections, Patriot objects to Interrogatory No. 9 as seeking irrelevant information, overly broad, unduly burdensome, and not proportional to the needs of the case. The requested information regarding ISPs other than Grande has no potential relevance to any issue in this case.

Subject to these objections, Patriot states that to the extent this Interrogatory seeks relevant information, that information will be provided in connection with Grande's response to Interrogatory No. 10.

INTERROGATORY NO. 10:

Describe in detail the complete factual and legal bases for your contention that you are entitled to safe harbor protection under the DMCA.

**RESPONSE**:

Subject to its General Objections, Patriot states that it will supplement its answer to this Interrogatory in the event it raises a defense based on a DMCA safe harbor.

INTERROGATORY NO. 11:

Identify all communications sent by Patriot, or by Grande or any other ISP for which Patriot provides or has provided any services, to Customers or Users for alleged or believed violations of any DMCA Policy, Acceptable Use Policy, Repeat Infringer Policy, and/or any

8

other policies and/or procedures concerning copyright infringement allegations involving Grande's internet services, organized by the provision of the policy the violation of which Grande determined justified a warning.

**RESPONSE**:

In addition to its General Objections, Patriot objects to Interrogatory No. 11 as seeking irrelevant information, overly broad, unduly burdensome, and not proportional to the needs of the case. The requested information regarding ISPs other than Grande has no potential relevance to any issue in this case.

Subject to these objections, Patriot states that to the extent this Interrogatory seeks relevant information, that information will be provided in connection with Grande's response to Interrogatory No. 13.

INTERROGATORY NO. 12:

Describe in detail any effort by any person acting on behalf of Patriot, or on behalf of Grande or any other ISP for which Patriot provides or has provided services, to determine whether and to what extent any Customers or Users were engaged in copyright infringement.

**RESPONSE**:

In addition to its General Objections, Patriot objects to Interrogatory No. 12 as redundant to Interrogatory No. 8.

Subject to these objections and its objections to Interrogatory No. 8, Patriot states that to the extent this Interrogatory seeks relevant information, that information will be provided in connection with Grande's response to Interrogatory No. 9.

INTERROGATORY NO. 13:

Describe in detail Patriot's roles and responsibilities with respect to any aspect of the reasons for, formulation, institution, and administration of the document titled "DMCA Policy and Procedure" posted on the Grande website (attached as Exhibit A to these Interrogatories).

**RESPONSE**:

In addition to its General Objections, Patriot objects to Interrogatory No. 13 as seeking irrelevant information, overly broad, unduly burdensome, and not proportional to the needs of the case. Patriot further objects to Interrogatory No. 13 to the extent it seeks privileged attorney-client communications or attorney work product. Patriot also objects on the basis that there was not a document titled Exhibit A attached to these interrogatories.

Subject to these objections, Patriot states that it will supplement its answer to this Interrogatory in the event it raises a defense based on a DMCA safe harbor.

INTERROGATORY NO. 14:

Describe in detail all communications between Grande and Patriot concerning any of the following topics: copyright infringement, Grande's or Patriot's potential legal exposure for copyright infringement, the DMCA, any DMCA Policy, any Acceptable Use Policy, any Repeat Infringer Policy, Notice(s) (in draft or final as-sent form), Grande's or Patriot's compliance with the DMCA, Grande's or Patriot's entitlement or lack of entitlement to the DMCA statutory safe harbor provisions, Rightscorp or communications to and from Rightscorp, and/or the Cox Litigation.

**RESPONSE**:

In addition to its General Objections, Patriot objects to Interrogatory No. 14 as seeking irrelevant information, overly broad, oppressive, unduly burdensome, and not proportional to the needs of the case. Patriot further objects to Interrogatory No. 14 to the extent it seeks privileged attorney-client communications or attorney work product.

Subject to these objections, Patriot will produce relevant, non-privileged, and responsive documents pursuant to Federal Rule of Civil Procedure 33(d) reflecting communications between Grande and Patriot related to the identified subjects.

Respectfully submitted,

Dated:  August 18, 2017                          By:  /s/ Richard L. Brophy
                                                 Richard L. Brophy
                                                 ARMSTRONG TEASDALE LLP

                                                 *Attorney for Defendant Patriot Media*
                                                 *Consulting, LLC*


## **CERTIFICATE OF SERVICE**

I hereby certify that on August 18, 2017, I served the foregoing electronically to the following:

Daniel C. Bitting
State Bar No. 02362480
Paige A. Amstutz
State Bar No. 00796136
Scott Douglass & McConnico LLP
303 Colorado Street, Suite 2400
Austin, TX 78701
Telephone: (512) 495-6300
Facsimile: (512) 495-6399
dbitting@scottdoug.com
pamstutz@scottdoug.com

Pat A. Cipollone, P.C. (admitted *pro hac vice*)
Jonathan E. Missner (admitted *pro hac vice*)
Robert B. Gilmore (admitted *pro hac vice*)
Philip J. O'Beirne (admitted *pro hac vice*)
Stein Mitchell Cipollone Beato & Missner LLP
1100 Connecticut Avenue, NW Suite 1100
Washington, DC 20036
Telephone: (202) 737-7777
Facsimile: (202) 296-8312
pcipollone@steinmitchell.com
jmissner@steinmitchell.com
rgilmore@steinmitchell.com
pobeirne@steinmitchell.com

*Attorneys for Plaintiffs*

/s/ Richard L. Brophy_____