# EXHIBIT N

# Robert B. Gilmore

| | |
|---|---|
| **From:** | Robert B. Gilmore |
| **Sent:** | Wednesday, August 30, 2017 12:31 PM |
| **To:** | 'Richard L. Brophy' |
| **Cc:** | Maggie Szewczyk; Zachary C. Howenstine; Phil O'Beirne; Jonathan E. Missner; steve.ravel@kellyhart.com; Dan Bitting |
| **Subject:** | RE: UMG Recordings, Inc., et al. v. Grande Communications Networks LLC - Outstanding Discovery Matters |

Richard:

None of these issues genuinely can be a surprise to you, as we have had extensive communications and discussions about all of them.

Regarding #3, I agree we have had extensive discussions, but we have no clarity from you on what time period Defendants will produce documents in, and for which request, let alone the reasons for any such time frame limitations. It is incumbent on the responding parties to state, in their responses, the specific objections and the reasons for those objections, rather than simply make the serving party guess at the responsive approach. Your written responses do not do that, nor have you sent us a follow-up email or letter providing clarification or withdrawing your objections.

Regarding #6, we were not aware that you intended to serve amended interrogatory responses for Patriot today, and you are simply wrong that we have not objected to the identification of an undifferentiated mass of documents which are not even responsive to the interrogatories; Phil and I discussed that issue with you during our meet and confer call last week, and we have discussed the overall non-responsiveness of defendants' interrogatory answers on multiple occasions prior to that.

Regarding #7, defendants have not provided interrogatory verifications for either their original responses or their amended responses, despite our repeated requests for those verifications. Even now, you refuse to say whether defendants will provide the required verifications.

I agree it is early in discovery, but that is all the more reason to have these issues addressed and resolved now, rather than delay, as defendants appear to prefer based on the approach they have taken to date.

Therefore, we intend to file our motion by this evening. If defendants decide to provide clear answers, withdraw meritless objections, and produce the plainly-relevant requested documents and information, **after** Plaintiffs file their motion to compel, then it would be up to Defendants to explain why it took Plaintiffs to file a motion for Defendants to comply with their discovery obligations, rather than correct the issues that we have identified and discussed with you for the past many weeks.

Regards,
Rob Gilmore

**Robert B. Gilmore**
**Stein Mitchell Cipollone Beato & Missner LLP**
1100 Connecticut Ave, NW, Suite 1100
Washington, DC 20036
**D** 202.601.1589
**C** 202.352.1877
**F** 202.296.8312

rgilmore@steinmitchell.com
www.steinmitchell.com

**From:** Richard L. Brophy [mailto:RBrophy@ArmstrongTeasdale.com]
**Sent:** Wednesday, August 30, 2017 11:25 AM
**To:** Robert B. Gilmore <RGilmore@steinmitchell.com>
**Cc:** Maggie Szewczyk <MSzewczyk@ArmstrongTeasdale.com>; Zachary C. Howenstine <ZHowenstine@ArmstrongTeasdale.com>; Phil O'Beirne <POBeirne@steinmitchell.com>; Jonathan E. Missner <JMissner@steinmitchell.com>; steve.ravel@kellyhart.com; Dan Bitting <dbitting@scottdoug.com>
**Subject:** RE: UMG Recordings, Inc., et al. v. Grande Communications Networks LLC - Outstanding Discovery Matters

Rob,

I will review the below email and get back to you quickly.  However, it is not possible for me to meaningfully review your list and have additional discussions today.  I am out of town conducting all day meetings and will then be flying back to STL tonight.

Given the early posture of the case, I do not think it is appropriate or necessary for plaintiffs to rush to the Court with a motion before the parties have reached an impasse on these issues.  By way of example, we have had extensive discussions on topic #3 below and it was my understanding that we had come to agreement on that issue.  Similarly, with regard to topic #6, we agreed to serve amended interrogatory responses for Patriot (which we will be doing today) and your email below is the first time I've understood you to be asking for a more specific designation of documents under 33(d) than what we provided in our responses.  We are certainly willing to discuss your concerns in that regard.  Also, with regard to topic #7, we have never refused to provide sworn interrogatory answers.

Based on the foregoing, it is simply premature for plaintiffs to run to the court with a motion to compel on the below topics.  The list you identified below is helpful in narrowing the parties' disputes, and I suggest we hold a call later this week to address them one at a time.  After that call, it is likely that we will have a clarified view of the disputes, if any, that still exist and need to be resolved by the Court.

Thanks,
Richard



Armstrong Teasdale LLP
**Richard L. Brophy** | Partner – IP Litigation
DIRECT: 314.342.4159 | FAX: 314.613.8579 | MAIN OFFICE: 314.621.5070 | CELL: 314.566.5117

**From:** Robert B. Gilmore [mailto:RGilmore@steinmitchell.com]
**Sent:** Wednesday, August 30, 2017 9:57 AM
**To:** Richard L. Brophy
**Cc:** Maggie Szewczyk; Zachary C. Howenstine; Phil O'Beirne; Jonathan E. Missner; steve.ravel@kellyhart.com; Dan Bitting
**Subject:** RE: UMG Recordings, Inc., et al. v. Grande Communications Networks LLC - Outstanding Discovery Matters

Richard:

We need the notices and related communications for any copyright infringement, not limited to the ones from Rightscorp.

The other issues on which we intend to move are as follows:

1. Refusal to produce documents or information regarding the infringement of any copyright (including copyrights belonging to Plaintiffs) other than those listed in the Complaint;
2. Refusal to produce non-Rightscorp notices of infringement and related communications with Grande customers and users
3. Refusal to produce documents outside of Defendants' self-imposed – and undefined – "Relevant Time Period"
4. Patriot's refusal to provide information and documents relating to interactions with ISPs other than Grande
5. Patriot's refusal to produce documents responsive to requests that Grande has admitted are relevant and agreed to provide (Patriot refuses to produce documents regarding the sale of Grande to Texas Pacific Group ("TPG") (Patriot RFP 9), but Grande itself concedes that such documents are relevant, and has agreed to produce them (Grande RFP 9). The same is true for draft and final Digital Millennium Copyright Act ("DMCA") policies (Patriot RFP 14 and Grande RFP 14), draft and final repeat Infringer Policies (Patriot RFP 20 and Grande RFP 20), draft and final Acceptable Use Policies (Patriot RFP 23 and Grande RFP 23), and other requests.)
6. Rather than providing responsive, narrative answers, pointing to the future production of undescribed documents in answering interrogatories, or pointing to the entirety of defendants' 144-page hodgepodge of emails, which does not suffice to answer the interrogatories
7. Refusal to provide sworn verifications for the interrogatory answers
8. Refusal to provide answers to interrogatories seeking the basis of any DMCA safe harbor defense, and the description of the provenance and enforcement of any alleged DMCA-compliant repeat infringer policy.

We intend to file a motion to compel today on these matters.  We have had extensive meet and confer discussions, and defendants have had multiple opportunities to withdraw their improper objections and rectify their deficiencies, so we are unwilling to wait any longer; please let us know by 5pm ET today if Defendants will agree to provide the foregoing categories of documents and information.  If you think a further meet and confer would be productive, please let me know when you are free to talk today.

I repeat my request that you inform us today by 5pm ET whether Defendants consent to our motion for leave to file a single 15-page discovery motion, rather than multiple motions, in order to present the issues to the Court in a manner that is most efficient.

Regarding the search terms, please provide the revised terms your clients propose, as well as the custodians whose emails would be searched, by the end of the day tomorrow (Thursday, August 31).

Regards,
Rob

**Robert B. Gilmore**
**Stein Mitchell Cipollone Beato & Missner LLP**
1100 Connecticut Ave, NW, Suite 1100
Washington, DC 20036
**D** 202.601.1589
**C** 202.352.1877
**F** 202.296.8312
rgilmore@steinmitchell.com
www.steinmitchell.com

---

**From:** Richard L. Brophy [mailto:RBrophy@ArmstrongTeasdale.com]
**Sent:** Tuesday, August 29, 2017 10:12 PM
**To:** Robert B. Gilmore <RGilmore@steinmitchell.com>
**Cc:** Maggie Szewczyk <MSzewczyk@ArmstrongTeasdale.com>; Zachary C. Howenstine <ZHowenstine@ArmstrongTeasdale.com>; Phil O'Beirne <POBeirne@steinmitchell.com>; Jonathan E. Missner <JMissner@steinmitchell.com>; steve.ravel@kellyhart.com
**Subject:** RE: UMG Recordings, Inc., et al. v. Grande Communications Networks LLC - Outstanding Discovery Matters

3

Rob,

We will agree to produce Rightscorp notices and related correspondence sent from Grande to its subscribers.

We will also agree to produce emails from relevant employees that are responsive to a set of search terms so long as plaintiffs agree to conduct a similar search of their email archives.  We propose conducting our search using a subset of the terms identified in your prior correspondence.  We will provide you with that proposed set of terms shortly for your consideration.

Before filing a motion to compel, I think it would be appropriate for plaintiffs to identify the specific set of issues they intend to move on—even in list form. The parties have been grappling with a number of discovery issues, and it would be helpful to understand your perceived areas of disagreement before we go to the Court.  I say this because there may still be areas where we can come to agreement.

Thanks,
Richard



Armstrong Teasdale LLP

**Richard L. Brophy** | Partner – IP Litigation
DIRECT: 314.342.4159 | FAX: 314.613.8579 | MAIN OFFICE: 314.621.5070 | CELL: 314.566.5117

---

**From:** Robert B. Gilmore [mailto:RGilmore@steinmitchell.com]
**Sent:** Tuesday, August 29, 2017 1:22 PM
**To:** Richard L. Brophy
**Cc:** Maggie Szewczyk; Zachary C. Howenstine; Phil O'Beirne; Jonathan E. Missner
**Subject:** RE: UMG Recordings, Inc., et al. v. Grande Communications Networks LLC - Outstanding Discovery Matters

Richard –

Anything to report on the two topics below?

Also, we anticipate filing a motion to compel on unresolved issues with defendants' discovery responses.  We intend to file a single 15-page motion as to both defendants and both sets of discovery requests, rather than file two separate briefs, in order to limit putting duplicative papers in front of the court. Please let us know by COB today whether you will consent to our motion for leave to file one 15-page motion, rather than separate motions.

Regards,
Rob

**Robert B. Gilmore**
**Stein Mitchell Cipollone Beato & Missner LLP**
1100 Connecticut Ave, NW, Suite 1100
Washington, DC 20036
**D** 202.601.1589
**C** 202.352.1877
**F** 202.296.8312
rgilmore@steinmitchell.com
www.steinmitchell.com

**From:** Richard L. Brophy [mailto:RBrophy@ArmstrongTeasdale.com]
**Sent:** Monday, August 28, 2017 8:40 PM
**To:** Robert B. Gilmore <RGilmore@steinmitchell.com>
**Cc:** Maggie Szewczyk <MSzewczyk@ArmstrongTeasdale.com>; Zachary C. Howenstine <ZHowenstine@ArmstrongTeasdale.com>; Phil O'Beirne <POBeirne@steinmitchell.com>; Jonathan E. Missner <JMissner@steinmitchell.com>
**Subject:** Re: UMG Recordings, Inc., et al. v. Grande Communications Networks LLC - Outstanding Discovery Matters

Rob,

I have a call scheduled with my client tomorrow morning to discuss these topics.   I will report back thereafter - apologies for the delay.

Richard

On Aug 28, 2017, at 7:20 PM, Robert B. Gilmore <RGilmore@steinmitchell.com> wrote:

> Richard:
>
> Following up on our call from last week, from our standpoint it appeared that the defendants were not willing to revisit their stated (deficient) positions in their amended discovery responses, except potentially with respect to one issue:  production / identification of notices of copyright infringement received from outside, and notices sent to customers.  You indicated that you would let us know today whether your clients will agree to produce all such documents.   We have not received your response on this; please provide it by COB tomorrow.
>
> I also write to follow up regarding email search terms / custodians.  Despite telling me on August 10 that you were recommending to your client that they should agree to adopt the terms we provided in Phil's July 26 letter, applied to the custodians your clients identified in their interrogatory responses and initial disclosures as persons with relevant information, you still did not have your clients' position for us on this when we spoke last week.  Please advise, by COB tomorrow, whether your clients will agree to what we proposed and what you told me you were recommending they would adopt (or if they have a responsive counterproposal).
>
> Regards,
> Rob Gilmore
>
>
> **Robert B. Gilmore**
> **Stein Mitchell Cipollone Beato & Missner LLP**
> 1100 Connecticut Ave, NW, Suite 1100
> Washington, DC 20036
> **D** 202.601.1589
> **C** 202.352.1877
> **F** 202.296.8312
> rgilmore@steinmitchell.com
>
>
> **********************PRIVATE AND CONFIDENTIAL**********************
> This transmission and any attached files are privileged, confidential or otherwise the exclusive property of the intended recipient or Armstrong Teasdale LLP. If you are not the intended recipient, any disclosure, copying, distribution or use of any of the information contained in or attached to this transmission is strictly prohibited. If you have received this transmission in error, please contact us immediately by e-mail (admin@armstrongteasdale.com) or telephone (314-621-5070) and promptly destroy

5

the original transmission and its attachments. Opinions, conclusions and other information in this message that do not relate to the official business of Armstrong Teasdale LLP shall be understood as neither given nor endorsed by it.