**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| UMG RECORDINGS, INC., *et al.*, | § § § | |
| Plaintiffs, | § § | |
| vs. | § § | Civil Action No. 1:17-cv-00365-LY |
| GRANDE COMMUNICATIONS NETWORKS LLC and PATRIOT MEDIA CONSULTING, LLC, | § § § § § | |
| Defendants. | § | |

**REPLY IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL DOCUMENTS AND
INFORMATION FROM DEFENDANTS**

Pat A. Cipollone, P.C. (admitted *pro hac vice*)
Jonathan E. Missner (admitted *pro hac vice*)
Robert B. Gilmore (admitted *pro hac vice*)
Philip J. O'Beirne (admitted *pro hac vice*)
**Stein Mitchell Cipollone Beato & Missner LLP**
1100 Connecticut Avenue, NW Suite 1100
Washington, DC 20036
Telephone: (202) 737-7777
Facsimile: (202) 296-8312
pcipollone@steinmitchell.com
jmissner@steinmitchell.com
rgilmore@steinmitchell.com
pobeirne@steinmitchell.com

Daniel C. Bitting (State Bar No. 02362480)
Paige A. Amstutz (State Bar No. 00796136)
**Scott Douglass & McConnico LLP**
303 Colorado Street, Suite 2400 Austin, TX 78701
Telephone: (512) 495-6300
Facsimile: (512) 495-6399
dbitting@scottdoug.com
pamstutz@scottdoug.com

*Attorneys for Plaintiffs*

## INTRODUCTION

Nothing in Defendants' opposition rebuts Plaintiffs' showing that the Court should compel Defendants to provide proper discovery responses. *First*, Plaintiffs more than adequately conferred with Defendants prior to filing their motion, but Defendants did not cure the deficiencies in their discovery responses. Instead, Defendants merely served amended responses that repeated invalid objections and inadequate responses. Defendants only "mooted" a few of the specific issues in Plaintiffs' motion *after* Plaintiffs filed, and significant issues remain. Thus, the Court should resolve Plaintiffs' motion on the merits.

*Second*, on the merits, Defendants offer no meaningful response. They do not even attempt to defend their boilerplate, non-specific objections; indeed, they repeated the same sort of invalid objections in their second amended interrogatory responses, served the day they filed their opposition brief. And Defendants have yet to agree to produce documents concerning infringement of copyrights other than those named in Plaintiffs' current complaint, or concerning Defendant Patriot's interactions with other ISPs regarding copyright infringement, the DMCA, and other similarly relevant topics. Further, Defendants continue to refuse to answer as to the bases of any potential DMCA safe harbor defense they may assert. Defendants offer no justification for their refusal to produce these categories of discovery.

## ARGUMENT

### I. PLAINTIFFS MORE THAN ADEQUATELY MET AND CONFERRED WITH DEFENDANTS PRIOR TO FILING THEIR MOTION, AND STATED SO IN THEIR MOTION.

Defendants' opposition rests almost entirely on their accusation that Defendants have not satisfied the conference requirements of Federal Rule of Civil Procedure 37(a)(1) and Local Rule CV-7(i). But that claim cannot be squared with the parties' extensive correspondence and discussions—a meet and confer process that Plaintiffs described in detail in their motion.

1

Plaintiffs made clear there, and certify again here so that there is no doubt, that the parties had met and conferred in an effort to resolve the dispute without the Court's intervention, but were unsuccessful.  In the second line of Plaintiffs' motion, Plaintiffs stated: "Defendants' discovery responses are woefully deficient, and their objections are meritless and improper.  ***Given multiple opportunities to correct these deficiencies, which Plaintiffs identified at length in writing and during meet and confer discussions, Defendants simply have doubled-down on their position***."  Pls.' Mot. to Compel. at 1, Dkt. No. 43.[1]  Plaintiffs then set forth a chronology, with exhibits, detailing their attempts to resolve the dispute and obtain proper discovery responses from Defendants without seeking the Court's intervention from July 23 through August 30.  *See* Mot. at 3-4 and cited exhibits.  Indeed, even Defendants admit that "[f]rom mid-July through August, the parties engaged in conversations and correspondence regarding Plaintiffs' discovery requests."  Defs.' Opp. to Pls.' Mot. to Compel at 2, Dkt. No. 48.

Thus, the suggestion that Plaintiffs failed to meet the conference requirement is simply wrong.  Defendants' cited case law deals with instances where the party seeking to compel did not confer at all prior to filing—*see United States v. CRC Health Corp.*, No. 5:13-cv-117, 2014 WL 12638507, at *3 (W.D. Tex. Oct. 27, 2014) and *Bitterroot Holdings, LLC v. Bank of New York Mellon*, No. 5:14-cv-804, 2015 WL 11661761, at *2 (W.D. Tex. Aug. 25, 2015)—or did not confer after the opposing party had served supplemented responses prior to the motion being filed—*see Gardner v. Huott*, No. 5:13-cv-840, 2015 WL 12733405, at *3 (W.D. Tex. Mar. 13, 2015).  These cases have no bearing on Plaintiffs' motion, as Plaintiffs and Defendants conferred multiple times, both before and after Defendants served their first amended responses on August 18, 2017.

---

[1] Emphasis added throughout unless otherwise indicated.

In any event, even if the parties' extensive meet and confer discussions somehow were inadequate—*and they were not*—"[a] failure to satisfy conference requirements does not, however, mandate summary denial of a motion to compel because the Court retains discretion to 'waive strict compliance with the conference requirements' and to consider the motions on their merits." *Drechsel v. Liberty Mut. Ins. Co.,* No. 3:14-CV-162-M-BN, 2015 WL 6865965, at *2 (N.D. Tex. Nov. 9, 2015) (citation omitted).[2] Defendants' own cited case law indicates that this Court will **grant** otherwise meritorious motions to compel, even where the Court finds that the conference requirement was not met. *See, e.g., CRC Health Corp.*, 2014 WL 12638507, at *3 (granting plaintiffs' motion to compel initial disclosures, even though plaintiffs had not conferred with defendants in advance of filing).

Here, Defendants do not explain how the parties' conferring further, absent a motion to compel, would have led Defendants to comply with their discovery obligations. Defendants do not explain why, in the two months from serving their initial discovery responses to Plaintiffs' filing their motion, Defendants would not (1) withdraw baseless boilerplate objections, (2) verify their interrogatory responses, and (3) confirm that they will produce the documents and information Plaintiffs have requested.[3] And because Defendants persist in refusing to provide proper responses on key topics, the Court should resolve the motion on the merits.

---

[2] "The Court may deem a failure to confer excusable when the conference would merely be 'a waste of time,' *Vinewood Capital, L.L.C. v. Al Islami*, No. 406-CV-316-Y, 2006 WL 3151535, at *2 (N.D. Tex. Nov. 2, 2006), or when 'it is clear that the motion is opposed and that a conference would neither have eliminated nor narrowed the parties' dispute,' *Obregon v. Melton*, No. 3:02-CV-1009-D, 2002 WL 1792086, at *1 n.3 (N.D. Tex. Aug. 2, 2002)." 2015 WL 6865965, at *2.

[3] As but one example of Defendants' inconsistent statements regarding what discovery they will provide, Defendants claim in their brief that they will be providing all notices of infringement, Opp. at 8. But Grande then asserts in its second amended interrogatory responses, ***served on the same day that Defendants filed their brief***, that it refuses to identify such notices. *See* Ex. Q, Sept. 15, 2017 Grande's 2d Am. Resps. to Pls.' 1st Interrogs, Resp. to Interrog. 7 (p. 7).

3

**II.     THE COURT SHOULD STRIKE DEFENDANTS' VAGUE, BOILERPLATE OBJECTIONS, AND COMPEL DEFENDANTS TO PRODUCE THE DOCUMENTS AND INFORMATION THEY CONTINUE TO REFUSE TO PROVIDE.**

**The Court should strike Defendants' vague, boilerplate objections.** Nowhere in their brief do Defendants try to justify the vague and conclusory objections they have interposed to Plaintiffs' requests. To the contrary, Defendants' second amended interrogatory responses repeat the same types of objections. *See* Ex. Q; *see also* Ex. R, Sept. 15, 2017 Patriot's 2d Am. Resps. to Pls.' 1st Interrogs. The Court should strike all such objections except as to privilege and work product, for the reasons set forth in Plaintiffs' motion. *See* Mot. at 5-8.

**The Court should require Defendants to produce documents and information regarding infringement of copyrighted works beyond merely those identified by Plaintiffs' Complaint.** Plaintiffs explained why such documents and information are relevant, both as to liability to Plaintiffs for infringement of other of Plaintiffs' works (even if not yet listed in the operative pleading), and in terms of Defendants' awareness of, and response to, infringement generally. *See* Mot. at 9-10. Defendants offer no substantive rebuttal. Instead, Defendants assert that this dispute supposedly is not ripe. *See* Opp. at 10. But Plaintiffs have been raising this issue since July, and Defendants have not retreated from their stance that discovery should be limited to the specific copyrights identified in the complaint. In fact, Defendants' second amended interrogatory responses (again, served the same day that Defendants filed their opposition) continue to object to such documents and information: "Grande objects to Plaintiffs' First Set of Interrogatories to the extent they seek information regarding copyrights other than those specifically identified in this litigation. Grande will respond as to copyrights specifically identified in this litigation." Ex. Q, General Obj. 12 (p. 3). Given Defendants' reiterating their

4

same meritless objection, there is no reason for the Court to delay ruling, as Defendants suggest. The Court should compel these documents and information.

**The Court should require Defendants to provide documents and information reflecting Patriot's interactions with other ISPs.**  As with the preceding category, Defendants offer no basis to resist providing discovery in this area, which is relevant for, among other things, Defendants' awareness of infringement occurring over peer-to-peer networks, possible measures available to any ISP to address such infringement, and the reasonableness of Grande's and Patriot's policies and practices.  *See* Mot. at 11-12.  The Court should not defer resolution of this issue, given Defendants' doubling down on their objections: Patriot once again made clear, on the same day it filed its brief, that it was objecting to this area.  *See* Ex. R, Resps. to Interrogs. 6-9 and 11.

**The Court should require Defendants to identify the factual and legal bases for any contemplated DMCA safe harbor defense they may assert.**  Finally, even Defendants are forced to concede that this topic "may require court intervention."  Opp. at 9.  That intervention should occur now.  The DMCA safe harbor defense is one both sides contemplate Defendants trying to invoke, and there is no valid reason for the parties to delay discovery on this topic until Defendants file an answer.  Plaintiffs have been raising this issue, too, since July, yet Defendants have not offered any change in their position, such that "additional discussions with Plaintiffs," *id.*, might prove fruitful.  This area is undoubtedly relevant.  Defendants should provide full discovery responses on this subject—or stipulate that they will not raise the defense.

## CONCLUSION

Plaintiffs respectfully request that the Court strike Defendants' improper objections, and compel Defendants to provide the documents and information identified above.

5

Dated: September 22, 2017                     Respectfully submitted,

  By: */s/ Philip J. O'Beirne*
Pat A. Cipollone, P.C. (admitted *pro hac vice*)
Jonathan E. Missner (admitted *pro hac vice*)
Robert B. Gilmore (admitted *pro hac vice*)
Philip J. O'Beirne (admitted *pro hac vice*)
**Stein Mitchell Cipollone Beato & Missner LLP**
1100 Connecticut Avenue, NW Suite 1100
Washington, DC 20036
Telephone: (202) 737-7777
Facsimile: (202) 296-8312
pcipollone@steinmitchell.com
jmissner@steinmitchell.com
rgilmore@steinmitchell.com
pobeirne@steinmitchell.com

Daniel C. Bitting (State Bar No. 02362480)
Paige A. Amstutz (State Bar No. 00796136)
**Scott Douglass & McConnico LLP**
303 Colorado Street, Suite 2400
Austin, TX 78701
Telephone: (512) 495-6300
Facsimile: (512) 495-6399
dbitting@scottdoug.com
pamstutz@scottdoug.com

*Attorneys for Plaintiffs*

## **CERTIFICATE OF SERVICE**

The undersigned certifies that on September 22, 2017 all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system pursuant to Local Rule CV-5(b)(1).

*/s/ Daniel C. Bitting*
Daniel C. Bitting