IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| UMG RECORDINGS, INC., et al., | § |
| | § |
| V. | §   CAUSE NO. A-17-CA-365-LY |
| | § |
| GRANDE COMMUNICATIONS | § |
| NETWORKS, LLC, and PATRIOT | § |
| MEDIA CONSULTING, LLC | § |

**ORDER**

Before the Court are Defendants' Motion to Retain Designation of Documents as Confidential-Attorneys' Eyes Only (Dkt. No. 49); Plaintiffs' Response (Dkt. No. 54); and Defendants' Reply (Dkt. No. 56). The Court held a hearing on October 24, 2017, where it considered the arguments of the parties.

Defendants move to retain the designation of the documents they initially produced as "Confidential–Attorneys' Eyes Only" under the parties' Protective Order. Plaintiffs objected to the designation of the entire production as AEO and asked that it be designated as "Confidential." Defendants submitted the documents in issue to the Court under seal. (Dkt. No. 55). Having reviewed the documents *in camera*, the Court finds they are properly designated as "Confidential" under the terms of the Protective Order.[1]

The Agreed Confidentiality and Protective Order provides that:

> [t]he designation Attorneys' Eyes Only Information shall be reserved for information that is believed to be unknown to the opposing party or parties, or any of the employees of a corporate party. For purposes of this order, so-designated information includes, but is not limited to, product formula information, design information, nonpublic financial information, pricing information, customer identification data, and certain study methodologies.

---

[1] Grande and Patriot argue that Plaintiffs' objections were improper because they objected to the entire designation and not to individual documents. Because the "entirety of the production" is 36 documents comprising only 144 pages, the Court finds that the objections were properly lodged.

(Dkt. No. 41). Grande and Patriot argue the documents were properly designated because they contain (1) specific customer information, and (2) information relating to Grande's internal processes and procedures for handling issues pursuant to the DMCA. Defendants assert that customer identification data is properly designated as AEO under the specific terms of the Protective Order. They further argue that documents relating to Grande's procedures for handling issues pursuant to the DMCA relate to internal processes intended to remain confidential and are also Grande's "methodologies." Finally, Defendants argue that designating the documents as "Confidential" could result in the documents being published to non-parties to this suit.

Having reviewed the documents, the Court finds they were improperly designated as AEO. The e-mails containing customers' names, and notices sent to customers about infringing activities do not merit an AEO designation. Additionally, to the extent the e-mails discuss Grande's internal processes and procedures for handling issues pursuant to the DMCA—which is debatable—they do not qualify as "product formula information, design information, nonpublic financial information, pricing information, customer identification data, and certain study methodologies."

It is THEREFORE ORDERED that Defendants' Motion to Retain Designation of Documents as Confidential-Attorneys' Eyes Only (Dkt. No. 49) is DENIED. Based on the parties' agreement, IT IS FURTHER ORDERED that the documents be designated as "Confidential" pursuant to the terms of the Protective Order.

SIGNED this 24th day of October, 2017.

ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE