IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| UMG RECORDINGS, INC., et al., § | |
| § | |
| V. § | CAUSE NO. A-17-CA-365-LY |
| § | |
| GRANDE COMMUNICATIONS § | |
| NETWORKS, LLC, and PATRIOT § | |
| MEDIA CONSULTING, LLC § | |

**ORDER**

Before the Court are Plaintiffs' Motion to Compel Documents and Information from Defendants (Dkt. No. 43); Defendants' Response (Dkt. No. 48); and Plaintiffs' Reply (Dkt. No. 52). The Court held a hearing on October 24, 2017, where it considered the arguments of the parties. As stated at the hearing, the purpose of this order is to rule on some of the more "global" issues raised in the motion, with the hope that the parties can resolve all remaining issues once they have the guidance of the Court on the bigger issues.

At the hearing, the primary issues raised involved the production of:

- documents regarding any copyright (including copyrights belonging to Plaintiffs) other than those already identified in Plaintiffs' Complaint;

- documents relating to Patriot's interactions with ISPs other than Grande;

- answers to interrogatories seeking the basis of any DMCA safe harbor defense, and a description of the provenance and enforcement of any alleged DMCA-compliant repeat infringer policy.

Plaintiffs argue that they are entitled to discovery of Defendants' documents and information concerning any copyright belonging to any Plaintiff and not just the illustrative copyrights identified in the Complaint. Defendants stated at the hearing that they have now produced the responsive documents. This item thus appears to be moot, and will be DENIED, subject to be raised again if the Plaintiffs' review of Defendants' recent production reflects otherwise.

Second, Plaintiffs assert they are entitled to documents and interrogatory answers from Patriot reflecting Patriot's interactions with other ISPs that it manages, about the issues raised in this case. As noted at the hearing, the Court has very little information regarding Patriot, its business, and its connection to Grande. Basically, the full extent of the Court's information is that pursuant to a contract, Patriot provides most of Grande's executives, as well as executives for two other internet service providers. The Court has no information with regard to whether the executives work for Grande as independent contractors or employees, nor is there any information regarding these individuals' employment status with Patriot, except that they apparently also hold executive titles with Patriot (and perhaps also with one or both of the other ISPs). According to statements of counsel at the hearing, Patriot does not have any ownership interest in Grande. Based on this understanding of the relationship between Grande and Patriot, the Court concludes that Plaintiffs have failed to demonstrate that Patriot's interactions with other ISP's are relevant to Grande's policies and procedures relating to alleged copyright infringement by Grande customers. The Court will therefore DENY Plaintiffs' Motion to Compel Patriot to produce documents relating to its interactions with ISPs other than Grande.

Third, Plaintiffs assert that they are entitled to documents related to Defendants' DMCA safe harbor defense. Defendants argue that they have not yet decided whether they will raise a safe harbor affirmative defense, and contend that until they decide to do so, discovery on this issue is premature. The Court finds that, although Grande would not state unequivocally whether it would raise the DMCA safe harbor defense, it is highly likely that defense will be raised, and the Court will not slow down the course of discovery by essentially staying discovery on this issue while the motions to dismiss are pending. If Grande wants to avoid discovery on these issues, it can move forward its decisionmaking process and give notice of its intent not to raise the defense. Until it does so, the

Court will permit discovery on those issues to move forward.  Accordingly, the Court GRANTS Plaintiffs' Motion to Compel answers to interrogatories seeking the basis of any DMCA safe harbor defense.

Lastly, Plaintiffs complain that Defendants have responded to discovery with General Objections that apply to every request in contravention of Rule 34.  Plaintiffs assert these objections are abusive and ask the Court to find that all of Defendants' objections have been waived with the exception of attorney-client privilege or work product.  The not-so-recent 2015 amendments to the discovery rules expressly disallowed general objections, requiring instead that responses be individualized, and "state with specificity the grounds for objecting to [each] request." FED. R. CIV. P. 34(b)(2)(B).  Because Defendants' general objections fail to do so, they are ineffectual, and the Court thus STRIKES the General Objections.

IT IS ORDERED that Plaintiffs' Motion to Compel Documents and Information from Defendants (Dkt. No. 43) is GRANTED IN PART AND DENIED IN PART.  All relief requested in the motion not expressly granted herein is DENIED, except that, as noted at the hearing, the Court instructs the parties to promptly and expeditiously confer on any remaining disputed items raised in the motion to compel with the goal of resolving those items by agreement, but if that is not achieved, the denial of relief herein is without prejudice to Plaintiffs raising the issue in a new motion to compel.

SIGNED this 27th day of October, 2017.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE