UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| UMG RECORDINGS, INC., et al., | ) |
| Plaintiffs, | ) |
| vs. | ) |
| GRANDE COMMUNICATIONS NETWORKS LLC and PATRIOT MEDIA CONSULTING, LLC, | ) No. 1:17-cv-00365 |
| Defendants. | ) |

**ADVISORY TO COURT REGARDING
CASE CITED BY PLAINTIFFS IN ORAL ARGUMENT**

Defendant Grande Communications Networks, LLC ("Grande") files this advisory memorandum to respond to case law cited by Plaintiffs for the first time in oral argument and explain why it is inapplicable to the issues before the Court.

Plaintiffs cited *Michael Grecco Prods., Inc. v. RGB Ventures, LLC* as a recent decision that supports their argument that Grande is contributorily and vicariously liable for copyright infringement committed by its subscribers. No. 3:16-CV-1335, 2017 WL 4077045 (M.D. Fla. Sept. 14, 2017). *Grecco* is another example of a "boundary case" that rests in the middle of the continuum extending from affirmative bad actors on one end to innocent providers of products and services with substantial non-infringing uses on the other. Boundary cases like *Grecco* represent the *absolute farthest* that courts have been willing to stretch the Supreme Court's decision in *Grokster*, which requires that secondary liability only attach to those who "intentionally induc[e] or encourage[e] direct infringement." *Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.,* 545 U.S. 913, 930 (2005).

*Grecco* is another example of a party who—although arguably not intending to encourage infringement—(1) stores copyrighted materials directly on its servers, (2) has the resultant ability to verify that those files contain copyrighted material, (3) has the ability to delete the files from its servers, and (4) despite its direct access and control over the infringing material, allows those files to continue to exist and be duplicated illegally.  Thus, the infringement in *Grecco* and other boundary cases was easy to detect and easy to stop because the infringing files were directly controlled by the party accused of secondary liability.

*Grecco* stands in stark contrast to the pleadings against Defendants in this case.  Grande is not accused of storing any copyrighted works on its servers, is not alleged to have any ability to verify that any files have been actually shared or what the contents of those files actually is, and is not alleged to have any ability to exert direct control over the purportedly offending files.  In view of Plaintiffs' allegations, Grande does not come close to "intentionally inducing or encouraging direct infringement" as *Grokster* requires.  *Id.*

Dated: October 31, 2017

By: /s/ Richard L. Brophy
Richard L. Brophy
Zachary C. Howenstine
Margaret R. Szewczyk
Armstrong Teasdale LLP
7700 Forsyth Blvd., Suite 1800
St. Louis, Missouri 63105
Telephone:  314.621.5070
Fax:  314.621.5065
rbrophy@armstrongteasdale.com
zhowenstine@armstrongteasdale.com
mszewczyk@armstrongteasdale.com

Attorneys for Defendant GRANDE
COMMUNICATIONS NETWORKS LLC

**CERTIFICATE OF SERVICE**

The undersigned certifies that on October 31, 2017, the foregoing was filed via the Court's CM/ECF filing system and therefore served on all counsel of record by operation of the Court's electronic filing system.

/s/ Richard L. Brophy