IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| UMG RECORDINGS, INC., *et al.*, | § |
| Plaintiffs, | § § § |
| vs. | § § Civil Action No. 1:17-cv-00365-LY |
| GRANDE COMMUNICATIONS NETWORKS LLC and PATRIOT MEDIA CONSULTING, LLC, | § § § § |
| Defendants. | § § |

PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY

Plaintiffs provide the Court this summary of supplemental authority regarding the pending motions to dismiss filed by Defendants[1]. On February 1, 2018, the United States Court of Appeals for the Fourth Circuit issued its opinion in *BMG Rights Mgmt. (US) LLC v. Cox Commc'ns, Inc.*, No. 16-1972, 2018 WL 650316 (4th Cir. Feb. 1, 2018) ("*BMG Rights Mgmt.*"). A copy of the opinion is attached as Exhibit A. While the Fourth Circuit ultimately remanded the case to the district court based on what the court of appeals found was an incorrect jury instruction, the decision strongly supports Plaintiffs' arguments in opposition to Defendants' motions to dismiss. The Fourth Circuit affirmed the holdings of the district court that Plaintiffs rely on here, and expressly rejected the central arguments Defendants advance in their motions to dismiss.

***First***, the Fourth Circuit held that "contrary to Cox's arguments, the fact that its technology can be substantially employed for a noninfringing use does not immunize it from

---

[1] *See* Dkt. 28-29 (Motions), 33-34 (Responses) and 37-38 (Replies)

4827-8656-1628

liability for contributory copyright infringement."[2]  The Defendants in the instant case make the same arguments as Cox, which this Court should reject for the same reasons.  The Fourth Circuit reiterated that the Supreme Court's holding in *Sony Corp. of Am. v. Universal City Studios, Inc.*[3] is limited to cases where a plaintiff attempts to impute intent based solely on the design of a device.  The court cited the Supreme Court's subsequent ruling in *Metro–Goldwyn–Mayer Studios, Inc. v. Grokster, Ltd.*[4] as making clear that "*Sony* barred secondary liability based on *presuming or imputing intent* to cause infringement *solely* from the design or distribution of a product capable of substantial lawful use, which the distributor knows is in fact used for infringement."  *Id.* at 933 (emphasis added)."[5]

In the instant case, Plaintiffs argued in opposition to the motions to dismiss that *Sony* has no bearing here for several reasons,[6] including because Plaintiffs have pled evidence of knowledge wholly apart from the "design" of Grande's internet service.  Like the Fourth Circuit in *BMG Rights Mgmt.*, Plaintiffs relied on the Ninth Circuit's decision in *Perfect 10, Inc. v. Amazon.com, Inc.*[7]  That decision rejected the argument advanced by Defendants here that "a party who provides a staple article of commerce that is capable of both non-infringing and infringing uses cannot be held liable for secondary infringement when it makes that article available to consumers."[8]  As the Fourth Circuit explained:

---

[2] *BMG Rights Mgmt.*, 2018 WL 650316, at *8.
[3] 464 U.S. 417, 104 S.Ct. 774, 78 L.Ed.2d 574 (1984).
[4] 545 U.S. 913, 929–30, 125 S.Ct. 2764, 162 L.Ed.2d 781 (2005).
[5] *BMG Rights Mgmt.*, 2018 WL 650316, at *7.
[6] The Fourth Circuit also left undisturbed the district court's holding that "[a]n ongoing relationship between a defendant and direct infringers presents a potential for culpability quite beyond distribution or design."  Pl. Opposition [Dkt. 33]  at pp. 15-16 (citing *Cox Commc'ns, Inc.*, 199 F. Supp. at 976).
[7] 508 F.3d 1146 (9th Cir. 2007).
[8] Grande Motion to Dismiss [Dkt. 28] at p. 9.

> In fact, providing a product with "substantial non-infringing uses" can constitute a material contribution to copyright infringement. *See, e.g., Perfect 10, Inc. v. Amazon.com, Inc.*, 508 F.3d 1146, 1172 (9th Cir. 2007) (holding that Google's image search engine "substantially assists websites to distribute their infringing copies" of copyrighted images, and thus constitutes a material contribution, even though "Google's assistance is available to all websites, not just infringing ones").[9]

Thus, contrary to Grande's arguments, "the fact that its technology can be substantially employed for a noninfringing use does not immunize it from liability for contributory copyright infringement."[10]

***Second***, the Fourth Circuit rejected the incorrect reading of *Grokster* that Defendants advance, namely that the Supreme Court limited liability for contributory infringement to parties that actively induce such infringement.  Cox argued, exactly as do Defendants, that the *Sony* and *Grokster* decisions require "evidence of active and willful inducement" if "there are substantial non-infringing uses of the defendant's products."[11,12]  The Fourth Circuit gave no credence to Cox's (and Grande's) inducement argument and instead held that knowledge plus material contribution remains sufficient to establish contributory infringement.  As discussed above, the Fourth Circuit first reiterated that "[i]n fact, providing a product with 'substantial non-infringing uses' can constitute a material contribution to copyright infringement."[13]  The Fourth Circuit then made clear – again citing the Ninth Circuit's decision in *Amazon* – that "a service provider's

---

[9] *BMG Rights Mgmt.*, 2018 WL 650316, at *8.
[10] *Id.*
[11] BMG RIGHTS MANAGEMENT (US) LLC, Plaintiff-Appellee, Round Hill Music LP, Plaintiff, v. COX COMMUNICATIONS, INCORPORATED, and Coxcom, LLC, Defendants-Appellants, Cox Enterprises, Incorporated, Coxcom, Inc., and John Doe 2, Defendants, and Rightscorp, Inc., Party-in-Interest., 2016 WL 6646404 (C.A.4), at 14.
[12] Cox also ignored, as do Defendants here, the distinction between a product and a service.  *See* Pl Opposition [Dkt. 33] at pp. 15-16.
[13] *BMG Rights Mgmt*, 2018 WL 650316, at *8.

knowing failure to prevent infringing actions" constitutes contributory liability.[14] Thus, the Fourth Circuit has joined the Ninth Circuit's express rejection of Defendants' inducement argument. As Plaintiffs' opposition noted, "[d]isclaiming Grande's 'active encouragement' argument, the [*Amazo*n] court reiterated that 'the Supreme Court in *Grokster* did not suggest that a court must find inducement in order to impose contributory liability under common law principles.'"[15]

**Third**, the Fourth Circuit held that willful blindness is sufficient to satisfy the knowledge requirement for contributory infringement.[16] "It is well-established that one mental state slightly less demanding than actual knowledge—willful blindness—can establish the requisite intent for contributory copyright infringement. This is so because the law recognizes willful blindness as *equivalent* to actual knowledge."[17] The Fourth Circuit noted that "BMG offered powerful

---

[14]*Id.* at *9 (*citing Amazon.com*, 508 F.3d at 1172).

[15] Pl. Opposition [Dkt. 33] p. 18 (*citing Amazon.com*, 508 F.3d at 1171, n. 11)

[16] Notwithstanding the Fourth Circuit's discussion of willful blindness in *BMG Rights Mgmt.*, the balance of authority continues to recognize that contributory liability can be imposed based on less than actual knowledge or willful blindness. *See* Pl Opposition [Dkt. 33] at p. 11 and *see, e.g., Cable/Home Commc'n Corp. v. Network Prods., Inc.,* 902 F.2d 829, 845 (11th Cir. 1990); *Arista Records, LLC v. Doe 3*, 604 F.3d 110, 118 (2d Cir. 2010) ("The knowledge standard is an objective one; contributory infringement liability is imposed on persons who know or have reason to know of the direct infringement.") (citations omitted). This includes in the 9th Circuit, where district courts continue to apply a constructive knowledge standard even while citing the 9th Circuit's opinion in *Luvdarts. See, e.g., Variant Displays, Inc. v. Absolute Exhibits, Inc.*, 2016 WL 7486281, at *2 (C.D. Cal. Feb. 12, 2016) ("[T]he Ninth Circuit has interpreted the knowledge requirement for contributory copyright infringement to include both those with actual knowledge and those who have reason to know of direct infringement." (*citing Ellison v. Robertson*, 357 F.3d 1072, 1076 (9th Cir. 2004) and *Luvdarts, LLC v. AT&T Mobility, LLC*, 710 F.3d 1068, 1072 (9th Cir. 2013)). Indeed, even the Fourth Circuit in *BMG Rights Mgmt.* acknowledged that basing contributory liability on less than willful blindness "is not entirely without support." *BMG Rights Mgmt.*, at *9 (citing *In re Aimster Copyright Litigation*, 334 F.3d 643, 650 (7th Cir. 2003) ("[I]n copyright law . . . indeed it may be enough that the defendant should have known of the direct infringement . . . .")). By noting that Defendants' conduct here amounted to more than willful blindness, Plaintiffs do not concede that willful blindness is the minimum standard of knowledge.

[17] *BMG Rights Mgmt.*, 2018 WL 650316, at *9.

4

evidence from which a reasonable jury could find that Cox willfully blinded itself to specific instances of infringement by its subscribers, such as evidence that Cox prevented itself from receiving any of the more than one million notices Rightscorp sent on BMG's behalf."[18]

Grande has already admitted that it received notices from Rightscorp and, to use Grande's own phrase, did not "meaningfully investigate" them.[19] Thus, even if this Court were to apply the Fourth Circuit's "willful blindness" standard, the level of knowledge that Grande has effectively admitted exceeds the level of knowledge that the Fourth Circuit held was "powerful evidence" sufficient to establish liability for contributory infringement.

In sum, the Fourth Circuit's recent decision in *BMG Rights Mgmt.* reinforces Plaintiffs' arguments that Defendants' motions to dismiss should be denied. For all the foregoing reasons, as well as the arguments and authorities set forth in Plaintiffs' oppositions, the Court should deny the motions.

Respectfully submitted,

By: */s/ Philip J. O'Beirne*
Pat A. Cipollone, P.C. (admitted *pro hac vice*)
Jonathan E. Missner (admitted *pro hac vice*)
Robert B. Gilmore (admitted *pro hac vice*)
Philip J. O'Beirne (admitted *pro hac vice*)
**Stein Mitchell Cipollone Beato & Missner LLP**
1100 Connecticut Avenue, NW Suite 1100
Washington, DC 20036
Telephone: (202) 737-7777
Facsimile: (202) 296-8312
pcipollone@steinmitchell.com
jmissner@steinmitchell.com
rgilmore@steinmitchell.com
pobeirne@steinmitchell.com

---

[18] *Id.* at 13.
[19] Grande's Motion to Dismiss, [Dkt. 28] p. 1.

        Daniel C. Bitting (State Bar No. 02362480)
        Paige A. Amstutz (State Bar No. 00796136)
        **Scott Douglass & McConnico LLP**
        303 Colorado Street, Suite 2400
        Austin, TX 78701
        Telephone: (512) 495-6300
        Facsimile: (512) 495-6399
        dbitting@scottdoug.com
        pamstutz@scottdoug.com

        ***Attorneys for Plaintiffs***

## **CERTIFICATE OF SERVICE**

      The undersigned certifies that on February 6, 2018 all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system pursuant to Local Rule CV-5(b)(1).

                                              */s/ Daniel C. Bitting*
                                              Daniel C. Bitting