UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| UMG RECORDINGS, INC., et al., | ) |
| Plaintiffs, | ) ) ) |
| vs. | ) ) |
| GRANDE COMMUNICATIONS NETWORKS LLC and PATRIOT MEDIA CONSULTING, LLC, | ) No. 1:17-cv-00365 ) ) ) ) |
| Defendants. | ) ) |

### DEFENDANTS' RESPONSE TO
### PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY

Plaintiffs' cited supplemental authority, the Fourth Circuit's recent non-binding decision in *BMG Rights Management (US) LLC v. Cox Communications, Inc.*, addresses the standards for the intent and knowledge elements of a contributory copyright infringement claim, and the related relevance of a product or service having substantial non-infringing uses. For the following reasons, *Cox* does not support Plaintiffs' opposition to Defendants' pending motions to dismiss, and in fact has very limited relevance to the issues before the Court.

***First***, *Cox* is irrelevant to Plaintiffs' failure to allege any facts regarding Patriot's conduct that could support its claims against Patriot. Plaintiffs have no factual basis for pursuing these claims. *See generally* Patriot's Reply in Supp. of Mot. to Dismiss, ECF No. 38.

***Second***, *Cox* does not purport to address the standard for pleading or proving vicarious copyright infringement. For the reasons stated in Defendants' prior briefing, Plaintiffs have failed to state a vicarious infringement claim against Grande or Patriot.

***Third***, *Cox* does not address a deficiency fatal to <u>all</u> of Plaintiffs' pleaded claims—Plaintiffs' failure to allege facts demonstrating any specific instance of underlying direct

1

copyright infringement by one of Grande's subscribers. *See* Grande's Reply in Supp. of Mot. to Dismiss at 2-5 (identifying three separate and independent flaws in Plaintiffs' attempt to allege direct infringement). All of Plaintiffs' claims should be dismissed for failure to allege sufficient facts regarding direct infringement.

*Fourth*, even under the "willful blindness" intent standard permitted in *Cox*, Plaintiffs have failed to state a claim for contributory infringement. *See* No. 16-1972, 2018 WL 650316, at *8-*11 (4th Cir. Feb. 1, 2018). Grande's purported intent is premised solely on the allegation that Grande failed to stop its subscribers from engaging in repeat infringement after Grande received notices of alleged copyright infringement from Plaintiffs' agent, Rightscorp. These allegations cannot satisfy a "willful blindness" standard because they do not demonstrate willful blindness to any actual instance of infringement. Plaintiffs' admissions regarding Rightscorp's monitoring system establish that Rightscorp's notices are generated without any actual infringement taking place and, therefore, fail to provide notice of infringement. *See* Grande's Reply in Supp. of Mot. to Dismiss, ECF No. 37 at 3-4, 9. Moreover, Plaintiffs do not allege that Grande has any ability to verify Rightscorp's questionable allegations after receiving such notices, which refutes any notion that Grande's conduct could amount to willful blindness. *See id.* at 9. Neither of these issues was before the court in *Cox*.

Relatedly, the *Cox* court also concluded that contributory infringement liability requires the defendant to have knowledge of "specific instances" of direct infringement, not just general knowledge that infringement has occurred. 2018 WL 650316, at *12. Plaintiffs' admissions and omissions regarding the Rightscorp system compel the conclusion that Plaintiffs have not met

and cannot meet this standard.[1]

Put simply, a willful blindness standard would premise contributory infringement liability on a party's willful blindness to (1) <u>actual evidence</u> of (2) <u>specific instances of infringement</u>. Yet, Plaintiffs' Complaint both acknowledges that the Rightscorp notices are generated in the absence of infringement, and lacks any allegation that Grande has the ability to verify whether infringement is actually taking place. Plaintiffs' pleading therefore fails the *Cox* standard.

***Fifth***, to the extent *Cox* is interpreted to mean that alleged inaction in response to Rightscorp's notices is sufficient to plead intent, *Cox* was wrongly decided. It is impossible to square this conclusion with the Supreme Court's clear and direct statement in *Grokster* that "mere knowledge of infringing potential <u>or of actual infringing uses</u> would not be enough here to subject a distributor to liability." *Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*, 545 U.S. 913, 937 (2005) (emphasis added). Instead, liability for an infringing act committed by a third party requires distribution of a product or service "with the object of promoting its use to infringe copyright, *<u>as shown by clear expression or other affirmative steps taken to foster infringement</u>*." *Id.* at 936-37 (emphasis added).

Alleged inaction in the face of an <u>unverifiable</u> Rightscorp notice cannot represent such a "clear expression" or "affirmative step" to foster infringement under *Grokster*. Such an interpretation of *Cox* would also lead to an internal inconsistency, in that the decision also held that a finding of intent can only be established with regard to a <u>specific act of infringement</u>. 2018 WL 650316, at *12. An internet service provider like Grande cannot be willfully blind to an alleged fact—i.e., infringement by a subscriber—that Plaintiffs do not claim Grande has any

---

[1] These and any other grounds for dismissal concerning allegations against Grande apply equally to Plaintiffs' claims against Patriot, in addition to Plaintiffs' failure to allege any specific culpable conduct on the part of Patriot.

ability to verify.  Plaintiffs' claims posit a patently absurd legal framework under which Grande would be "willfully blind" unless it terminates the internet access of subscribers based on nothing more than unverifiable allegations from Rightscorp—allegations generated by a monitoring system that Plaintiffs themselves admit is incapable of identifying any actual illegal sharing of copyrighted material.  *See* ECF No. 37 at 3-4.  Under any reasonable application of a "willful blindness" intent standard, Plaintiffs' allegations therefore fail to "state a claim to relief that is plausible on its face."  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

**Sixth**, while Plaintiffs' allegations fail to meet a willful blindness standard, the *Cox* court's adoption of that standard is itself contrary to *Grokster*.  *Grokster* plainly held that "mere knowledge of . . . of actual infringing uses"—i.e., <u>specific acts of infringement</u>—cannot support a finding of intent.  545 U.S. at 937.  If the *Cox* court were correct that willful blindness, standing alone, is sufficient to establish intent, then *Grokster*'s requirement of "clear expression or other affirmative steps taken to foster infringement" would never come into play, because a plaintiff could always simply allege willful blindness and effectively lower its burden.  *See also* Grande's Reply in Supp. of Mot. to Dismiss at 7-8, ECF No. 37.

There are no allegations in this case that meet the standard set out in *Grokster*.  Here, Grande's alleged knowledge "of actual infringing uses" is Plaintiffs' sole factual basis for alleging intent, and Plaintiffs do not allege <u>any</u> "clear expression or other affirmative steps taken [by Grande or Patriot] to foster infringement."  *See generally* Complaint, ECF No. 1.  Plaintiffs have therefore failed to state a claim for contributory infringement.

For the foregoing reasons, the Court should grant Defendants' motions to dismiss.

Dated:  February 8, 2018

                              By:  <u>/s/  Richard L. Brophy</u>
                                    Richard L. Brophy
                                    Zachary C. Howenstine
                                    Margaret R. Szewczyk
                                    Armstrong Teasdale LLP
                                    7700 Forsyth Blvd., Suite 1800
                                    St. Louis, Missouri 63105
                                    Telephone:  314.621.5070
                                    Fax:  314.621.5065
                                    rbrophy@armstrongteasdale.com
                                    zhowenstine@armstrongteasdale.com
                                    mszewczyk@armstrongteasdale.com

                                    Attorneys for Defendant GRANDE
                                    COMMUNICATIONS NETWORKS LLC
                                    and PATRIOT MEDIA CONSULTING,
                                    LLC,

**CERTIFICATE OF SERVICE**

The undersigned certifies that on February 8, 2018, all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system pursuant to Local Rule CV-5(b)(1).

/s/ Richard L. Brophy
Richard L. Brophy