IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| UMG RECORDINGS, INC., *et al.*, § <br> § <br> Plaintiffs, § <br> § <br> vs. § <br> § Civil Action No. 1:17-cv-00365-LY <br> § <br> GRANDE COMMUNICATIONS § <br> NETWORKS LLC and PATRIOT MEDIA § <br> CONSULTING, LLC, § <br> § <br> Defendants. § | |

## PLAINTIFFS' REPLY REGARDING SUPPLEMENTAL AUTHORITY

Plaintiffs hereby submit this Reply to Defendants' Response to Plaintiffs' Notice of Supplemental Authority. Defendants fail to rebut any of the points Plaintiffs raised in their Notice of Supplemental Authority concerning *BMG Rights Management (US) LLC v. Cox Communications, Inc.*[1] Instead, Defendants urge this Court to disregard the Fourth Circuit's well-reasoned analysis that affirmed the district court's central rulings – and that is fatal to Defendants' motions to dismiss.[2]

Although Defendants' unavailing arguments about the Fourth Circuit's decision do not require further response, Plaintiffs feel compelled to correct Defendants' persistent mischaracterizations of Plaintiffs' allegations. According to Defendants, "Plaintiffs themselves admit [that Rightscorp's system] is incapable of identifying any actual illegal sharing of copyrighted material."[3] This statement is demonstrably false. In fact, the opposite is true, as

---

[1] No. 16-1972, 2018 WL 650316 (4th Cir. Feb. 1, 2018) ("*BMG Rights Mgmt.*")
[2] "The district court's thoroughness and sure grasp of numerous complex issues provide a model of fair administration of justice." *Id* at *13.
[3] Defendants Response [Dkt. 68] at 4.

1

Plaintiffs pled in their Complaint: "This [Rightscorp] system *identifies specific actual infringements of various copyrighted works* and the users of BitTorrent networks who infringe these copyrighted works." Complaint [Dkt. 1] ¶ 48.

Notably, this Court already rebuked Defendants for making this incorrect assertion at the oral argument on the pending motions to dismiss:

> THE COURT: What about the sentence before where you started reading? It says: This system -- the RightsCorp [system] identifies specific actual infringements of various copyrighted works and the users of BitTorrent networks who infringe these copyrighted works. I mean, it sounds like you disagree that that's an accurate statement.[4]
>
> MR. BROPHY: That is not an accurate statement.
>
> THE COURT: But it's a statement that's in the complaint.[5]

This exchange and Defendants' comments about the Fourth Circuit's *BMG Rights Mgmt.* decision highlight a fatal flaw in Defendants' motions to dismiss: the motions do not accept the Complaint's allegations as true; instead, they improperly reject or mischaracterize the facts pled in the Complaint. That is, of course, impermissible under Federal Rule of Civil Procedure 12(b)(6). Plaintiffs have clearly alleged that the Rightscorp system records specific instances of actual infringement of Plaintiffs' copyrighted works.[6] Plaintiffs have made this clear in their Complaint,[7]

---

[4] Citing Complaint [Dkt. 1] ¶ 48.
[5] Transcript of October 24, 2017 Hearing, p. 22:5-14.
[6] While facts outside the four corners of the Complaint are not relevant to resolution of the motions to dismiss, Plaintiffs note that they have produced discovery that shows, and will prove at trial, that the Rightscorp system records specific instances of actual infringement of Plaintiffs' copyrighted works. Moreover, the jury, district court, and court of appeals in *BMG Rights Mgmt.* corroborated this conclusion. *See e.g. BMG Rights Mgmt. (US) LLC v. Cox Commc'ns, Inc.*, 149 F. Supp. 3d 634, 670 (E.D. Va. 2015), *aff'd in part, rev'd in part*, No. 16-1972, 2018 WL 650316 (4th Cir. Feb. 1, 2018); *BMG Rights Mgmt. (US) LLC v. Cox Commc'ns, Inc.*, 199 F. Supp. 3d 958, 972 (E.D. Va. 2016), *aff'd in part, rev'd in part,* No. 16-1972, 2018 WL 650316 (4th Cir. Feb. 1, 2018)
[7] "Rightscorp has developed a technological system that identifies actual infringements and the perpetrators of these infringements (by IP address, port number, time, and date)." Compl. ¶ 43.

oppositions,[8] and at oral argument,[9] and have never conceded otherwise. The Court should ignore Defendants' misstatements to the contrary.

For the reasons stated herein and in Plaintiffs' prior briefing, this Court should deny Defendants' motions to dismiss in their entirety.

Dated: February 13, 2018

                                  Respectfully submitted,

                            By: */s/ Philip J. O'Beirne*
Pat A. Cipollone, P.C. (admitted *pro hac vice*)
Jonathan E. Missner (admitted *pro hac vice*)
Robert B. Gilmore (admitted *pro hac vice*)
Philip J. O'Beirne (admitted *pro hac vice*)
**Stein Mitchell Cipollone Beato & Missner LLP**
1100 Connecticut Avenue, NW Suite 1100
Washington, DC 20036
Telephone: (202) 737-7777
Facsimile: (202) 296-8312
pcipollone@steinmitchell.com
jmissner@steinmitchell.com
rgilmore@steinmitchell.com
pobeirne@steinmitchell.com

Daniel C. Bitting (State Bar No. 02362480)
Paige A. Amstutz (State Bar No. 00796136)
**Scott Douglass & McConnico LLP**
303 Colorado Street, Suite 2400
Austin, TX 78701
Telephone: (512) 495-6300
Facsimile: (512) 495-6399
dbitting@scottdoug.com
pamstutz@scottdoug.com
*Attorneys for Plaintiffs*

---

[8] "Plaintiffs plead that Rightscorp's system recorded actual downloads of infringing files, Compl. ¶ 43, and Exhibit A to the Complaint details a representative list of Plaintiffs' Copyrighted Works infringed by Grande's users. These facts plainly constitute direct infringement." Opposition to Grande's Motion to Dismiss [Dkt. 33], p. 8.

[9] "So the system will sometimes also download the whole file to show proof beyond any doubt that that actual entire file is being shared by that person. And we have those for all 1500, as we plead that Exhibit A represents a sample of the copyrighted sound recordings actually downloaded, actually copied, and distributed." Transcript of October 24, 2017 Hearing, pp. 31:25-32:6.

## **CERTIFICATE OF SERVICE**

      The undersigned certifies that on February 13, 2018 all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system pursuant to Local Rule CV-5(b)(1).

                                        */s/ Daniel C. Bitting*
                                        Daniel C. Bitting