**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

```
UMG RECORDINGS, INC., CAPITOL RECORDS, LLC,  ) AU:17-CV-00365-LY
WARNER BROS. RECORDS INC., SONY MUSIC        )
ENTERTAINMENT, ARISTA RECORDS LLC, ARISTA    )
MUSIC, ATLANTIC RECORDING CORPORATION,       )
CAPITOL CHRISTIAN MUSIC GROUP, INC., ELEKTRA )
ENTERTAINMENT GROUP INC., FONOVISA, INC.,    )
FUELED BY RAMEN LLC, LAFACE RECORDS LLC,     )
NONESUCH RECORDS INC., RHINO ENTERTAINMENT   )
COMPANY, ROADRUNNER RECORDS, INC.,           )
ROC-A-FELLA RECORDS, LLC, TOOTH & NAIL, LLC, )
ZOMBA RECORDING LLC,                         )
                                             )
   Plaintiffs,                               )
                                             )
v.                                           ) AUSTIN, TEXAS
                                             )
GRANDE COMMUNICATIONS NETWORKS LLC,          )
PATRIOT MEDIA CONSULTING, LLC,               )
                                             )
   Defendants.                               ) JANUARY 3, 2018
```

```
         ***********************************************
            TRANSCRIPT OF INITIAL PRETRIAL CONFERENCE
              BEFORE THE HONORABLE LEE YEAKEL
         ***********************************************
```

APPEARANCES:

FOR THE PLAINTIFFS:  DANIEL C. BITTING
                     SCOTT, DOUGLAS & MCCONNICO, L.L.P.
                     303 COLORADO STREET, SUITE 2400
                     AUSTIN, TEXAS 78701

                     PHILIP J. O'BEIRNE
                     STEIN MITCHELL CIPOLLONE BEATO
                     & MISSNER LLP
                     1100 CONNECTICUT AVENUE, NW, SUITE 1100
                     WASHINGTON, D.C. 20036

FOR THE DEFENDANTS:  J. STEPHEN RAVEL
                     KELLY HART & HALLMAN LLP
                     303 COLORADO STREET, SUITE 2000
                     AUSTIN, TEXAS 78701

```
 1                         ZACHARY C. HOWENSTINE
                           ARMSTRONG TEASDALE
 2                         7700 FORSYTH BOULEVARD, SUITE 1800
                           ST. LOUIS, MISSOURI 63105
 3
       COURT REPORTER:     ARLINDA RODRIGUEZ, CSR
 4                         501 WEST 5TH STREET, SUITE 4152
                           AUSTIN, TEXAS 78701
 5                         (512) 391-8791

 6

 7

 8

 9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24   Proceedings recorded by computerized stenography, transcript

25   produced by computer.
```

| | | |
|---|---|---|
| 15:01:52 | 1 | (In chambers) |
| 15:01:52 | 2 | THE COURT:  Let's start here at my left, and announce |
| 15:01:54 | 3 | again who you are and who you represent so the court reporter |
| 15:01:57 | 4 | can get you down. |
| 15:01:58 | 5 | MR. BITTING:  I'm Dan Bitting.  I represent the |
| 15:02:00 | 6 | plaintiffs. |
| 15:02:02 | 7 | MR. O'BEIRNE:  Phil O'Beirne, also on behalf of |
| 15:02:06 | 8 | plaintiffs. |
| 15:02:07 | 9 | MR. RAVEL:  Steve Ravel for the defendants Grande and |
| 15:02:11 | 10 | Patriot. |
| 15:02:11 | 11 | MR. HOWENSTINE:  And Zachary Howenstine, also for |
| 15:02:14 | 12 | defendants. |
| 15:02:18 | 13 | THE COURT:  Okay.  For those of you haven't been here |
| 15:02:34 | 14 | before and for those of you who have, this is what I call an |
| 15:02:37 | 15 | initial pretrial conference or a scheduling conference.  And |
| 15:02:40 | 16 | the most important thing we are going to accomplish in this |
| 15:02:44 | 17 | case today is to get you a date and time for your final |
| 15:02:49 | 18 | pretrial conference and a trial month in which to have your |
| 15:02:53 | 19 | jury trial. |
| 15:02:54 | 20 | And I can do no better than give you a trial month |
| 15:02:58 | 21 | because my civil docket is held hostage by my criminal docket; |
| 15:03:04 | 22 | and until I know what criminal cases I'm going to have to try |
| 15:03:07 | 23 | in any given month, I don't know what dates and times I'm going |
| 15:03:16 | 24 | to have available for my civil docket. |
| 15:03:19 | 25 | But your final pretrial conference will come late in |

15:03:21  1  the month before your trial month, and it will come after I

15:03:29  2  have called my criminal docket for your trial month.  So, at

15:03:33  3  the absolute latest, I should be able to give you a date and

15:03:36  4  time for your jury trial when you come for your final pretrial

15:03:39  5  conference.

15:03:40  6          In other words, you're not going to be put on what

15:03:42  7  some judges call a trailing docket, where we go into your trial

15:03:46  8  month and you're on 24- or 48-hour call.  You will get a

15:03:51  9  specific date and time for your jury trial; it may just come a

15:03:56  10  little late in the hunt.  That's not a perfect system, but it's

15:03:59  11  the best I can do with the docket that I have.

15:04:06  12          What it means also is:  You and your clients and your

15:04:09  13  witnesses need to know that you have to hold that entire trial

15:04:12  14  month open until I'm able to give you a specific date and time.

15:04:21  15  It will not be grounds for a continuance or a postponement that

15:04:24  16  the month has become inconvenient for you or you have had a

15:04:27  17  client or a witness get out of pocket.  So make sure they all

15:04:30  18  understand that.

15:04:31  19          Now, there is a way you can avoid that uncertainty,

15:04:34  20  and that is you can consent to a magistrate judge.  And I want

15:04:41  21  all parties to take one of our consent forms that is in the

15:04:43  22  middle of table there.

15:04:46  23          Now, I'm not going to -- I don't lean on the lawyers

15:04:49  24  hard, like some of my colleagues do, to try to force you to

15:04:52  25  consent to a magistrate judge; but what I do require you to do

| | | |
|---|---|---|
| 15:04:55 | 1 | is to discuss this case among yourselves and with your clients. |
| 15:05:02 | 2 | As you know, it takes all parties to consent before I can |
| 15:05:05 | 3 | transfer a case to a magistrate judge for all purposes, |
| 15:05:14 | 4 | including trial and final judgment. |
| 15:05:16 | 5 | What do you get if you consent to a magistrate judge? |
| 15:05:18 | 6 | One, you get the thanks of the Court.  I could not get to all |
| 15:05:21 | 7 | of my civil cases if I weren't able to transfer a portion of |
| 15:05:26 | 8 | them to a magistrate judge for all purposes, including trial |
| 15:05:28 | 9 | and judgment. |
| 15:05:31 | 10 | Secondly, you avoid the uncertainty in your trial |
| 15:05:34 | 11 | setting.  The magistrate judge can and will give you a |
| 15:05:38 | 12 | specific, discrete date and time for your jury trial that you |
| 15:05:43 | 13 | can rely on just about as quickly as I transfer the case to |
| 15:05:47 | 14 | them.  The way that would work is, once I get in consent forms |
| 15:05:54 | 15 | that indicate consent of all parties, I won't sit on the case. |
| 15:05:58 | 16 | I would immediately transfer it to the magistrate judge, who |
| 15:06:01 | 17 | would contact you and would, in consultation with you, come up |
| 15:06:07 | 18 | with a date and time that everybody can live with for your |
| 15:06:10 | 19 | trial. |
| 15:06:12 | 20 | Why can the magistrates do that and I can't do that? |
| 15:06:15 | 21 | Well, one, their dockets are much less complex and lengthy than |
| 15:06:21 | 22 | mine.  For instance, the magistrate judges cannot try federal |
| 15:06:25 | 23 | felony cases, which means you are never in any danger of |
| 15:06:28 | 24 | getting bumped by a criminal case if you are before the |
| 15:06:31 | 25 | magistrate.  You are always in that danger if you remain in my |

15:06:35  1    court even after I give you a specific date and time for trial.

15:06:39  2    If something comes up in a criminal case, I'm just going to

15:06:42  3    have to handle it.

15:06:44  4          Also, by agreement with me, the magistrate judges do

15:06:48  5    not overbook, which means you are not ever going to be in a

15:06:52  6    situation where you are going to get a call saying a case ahead

15:06:55  7    of you on the docket is going to trial and you're not going to

15:06:58  8    be reached.

15:07:01  9          So, if the uncertainty of a trial setting and having

15:07:03  10   to hold an entire month open is a problem for you or your

15:07:07  11   clients, you should consider consenting to a magistrate judge.

15:07:11  12         Also, as you already know -- well, you don't already

15:07:15  13   know.  Yeah, you do, because I've referred a couple of motions

15:07:18  14   to a magistrate judge already -- I'm likely to refer all or a

15:07:26  15   portion of your pretrial matters to a magistrate judge just

15:07:33  16   because of the size of my docket.  So if you only want to

15:07:35  17   educate one judge, bring one judge up to speed, you might want

15:07:38  18   to consider consenting to a magistrate.

15:07:40  19         And, finally, in spite of what I have told you about

15:07:48  20   my docket, we do a good job of getting to our civil cases in

15:07:52  21   the month in which they are set.  So, if you stay in my court,

15:07:55  22   you will be expected to be ready to go trial in the month we

15:07:59  23   put in the scheduling order.  It will be almost impossible for

15:08:02  24   you to get a continuance.  It creates far too big of a ripple

15:08:05  25   effect through my docket if I start trying to do things with it

15:08:13  1  as we approach the trial month, so I just don't.  Again, the

15:08:17  2  magistrate judges are much more flexible than I and would be

15:08:20  3  willing to work with you on a reset or a continuance where I

15:08:22  4  wouldn't.

15:08:25  5          If one or all or any combination of the parties is

15:08:28  6  not going to consent to a magistrate judge, no one needs to

15:08:31  7  notify us of that.  I'm going to sign a scheduling order today

15:08:37  8  and, unless and until I get consents from all parties, we are

15:08:40  9  going to proceed in my court under that scheduling order.

15:08:43  10         So, that having been said, the most important date

15:08:55  11  you have in your scheduling order, in spite of the 12(b)

15:08:57  12  motions, is your current dispositive motions deadline.  So

15:09:00  13  everything I'm going to say from this point forward is going to

15:09:08  14  be effective, provided this case survives the current round of

15:09:11  15  motions.

15:09:12  16         And I'll say a little bit about dispositive motions,

15:09:18  17  in spite of the fact that there is some of them already filed,

15:09:19  18  is I don't care for dispositive motions.  If I could pass one

15:09:22  19  law, it would be to do away with all dispositive motions for

15:09:32  20  all time, and you would either try your case or settle your

15:09:35  21  case.  That's the way it used to be done, and I think it was a

15:09:39  22  better system.

15:09:40  23         But, if this case survives the previous round of

15:09:42  24  motions, let me tell you, if you feel compelled to file other

15:09:48  25  dispositive motions, do so only if in your best professional

15:09:56  1    belief there is a strong likelihood it can get granted.

15:10:00  2         Now, one of the reasons I dislike dispositive motions

15:10:02  3    is I get them in every one of my cases.  They are the single

15:10:08  4    most time consuming thing that I do.  I feel all of you are

15:10:17  5    experienced enough to know that, maybe at the outside, only

15:10:19  6    about half of all cases is there some form, legitimately, of

15:10:23  7    summary relief perhaps available.  So, if I'm getting these

15:10:29  8    motions in every one of my cases, it sounds like half of them,

15:10:32  9    if you do the math, are frivolous, and that's certainly been my

15:10:35  10   experience.

15:10:37  11        But, because I get them in all of my cases and

15:10:42  12   because there will be anywhere from a high of maybe 20 to a low

15:10:45  13   of down around 10 civil cases moving along on the same time

15:10:49  14   line you're on, all with dispositive motions, and, because I

15:10:55  15   don't get the luxury my state court colleagues get of being

15:10:58  16   able to just say "granted" or "denied" -- I have to write a

15:11:01  17   complete opinion on a dispositive motion -- they take a good

15:11:08  18   long time to deal with.  Also, I do not begin to look at

15:11:12  19   dispositive motions until I get in a response and a reply,

15:11:18  20   which takes about 30 days or a month.

15:11:21  21        So if you're looking at a dispositive motions

15:11:22  22   deadline of late July, I won't be looking at your motions until

15:11:25  23   late August.  And, then, for all of the reasons that I've told

15:11:28  24   you, I need 90 to 120 days after that to deal with the motions.

15:11:34  25   So, if we go September, October, November, the earliest I would

15:11:41  1  be looking at setting you for final pretrial conference would

15:11:45  2  be in December and a jury trial in January.

15:11:52  3       So I start with the plaintiffs, not because I favor

15:11:55  4  the plaintiffs but I read from top to bottom and they come

15:11:59  5  above the "v," so that's an easy default.  And I'm not trying

15:12:05  6  to slot you in December-January.  I can go later than that, I

15:12:09  7  just can't go earlier than that for the reasons that I've

15:12:12  8  stated.  So now is the time to think about your next winter's

15:12:15  9  docket.  Don't forget your nonrefundable airline tickets for

15:12:24  10  the ski trips to Austria that you have scheduled for next

15:12:28  11  winter.

15:12:28  12       So I'll start with plaintiffs.  How do you-all feel

15:12:29  13  about a December-January, time line to resolve this case?

15:12:35  14       MR. O'BEIRNE:  Your Honor, Phillip O'Beirne for

15:12:37  15  Plaintiffs.  We're in luck because I haven't scheduled the ski

15:12:40  16  trip yet.  We expect to be ready to try the case, and we think,

15:12:44  17  if not sooner, we could be ready December-January.

15:12:48  18       THE COURT:  How about the defendants?

15:12:49  19       MR. RAVEL:  Your Honor, picking up on what you said

15:12:51  20  about dispositive motions and the magistrate and July 26th,

15:12:56  21  just putting in a minimum number of days, if it goes to

15:13:03  22  Judge Austin, it is unlikely for you to take zero time with

15:13:06  23  them to be done by January, February, maybe even March, because

15:13:13  24  of the two phases.

15:13:15  25       And so we would say, given that that is so and given

| | | |
|---|---|---|
| 15:13:22 | 1 | that you are setting some pretty, plain vanilla two-party cases |
| 15:13:28 | 2 | in April, May, June, that May-ish sounds right, April sounds |
| 15:13:32 | 3 | right, because these will be legitimate motions, if they're |
| 15:13:41 | 4 | filed, given what you've said and given the maturity of the |
| 15:13:45 | 5 | parties.  And if we don't get rid of them on summary judgment, |
| 15:13:48 | 6 | we think there will be some impact on the charge, the evidence |
| 15:13:50 | 7 | that the parties are going to want to deal with. |
| 15:13:53 | 8 | So I -- I calculate the earliest time is around my |
| 15:13:57 | 9 | birthday, Ground Hog's Day, that you and Judge Austin would be |
| 15:14:02 | 10 | finished, and I'm building in a little time after that to get |
| 15:14:05 | 11 | us to April-ish. |
| 15:14:08 | 12 | THE COURT:  All right.  So you're suggesting that we |
| 15:14:11 | 13 | have a March pretrial and trial in April? |
| 15:14:15 | 14 | MR. RAVEL:  Kind of at the earliest.  And I know that |
| 15:14:17 | 15 | sounds, well, the pigs get fat, and the hogs get slaughtered. |
| 15:14:19 | 16 | THE COURT:  Well, there's no earliest or latest |
| 15:14:20 | 17 | because I don't care.  I have a lot of flexibility at the |
| 15:14:25 | 18 | beginning of a case.  I have much less flexibility at the end |
| 15:14:28 | 19 | of a case.  So right now, at this time, you-all pretty much can |
| 15:14:34 | 20 | tell me when you want to try the case and when you want to |
| 15:14:37 | 21 | agree on it, provided it's not earlier than that |
| 15:14:39 | 22 | December-January time line, and then I would be happy to |
| 15:14:46 | 23 | accommodate you there. |
| 15:14:47 | 24 | MR. RAVEL:  Well, in these situations, even good |
| 15:14:50 | 25 | lawyers like Dan can plan as far ahead as May.  But my twins |

15:14:55   1   graduate college on the 18th and 19th, so, if we can avoid that

15:15:00   2   weekend, May works.

15:15:01   3            THE COURT:  Everybody talk about it and tell me what

15:15:03   4   you want.

15:15:05   5            MR. BITTING:  The other alternative is to back up the

15:15:07   6   dispositive motions deadline.  I think we know what additional

15:15:11   7   dispositive motions may be coming.

15:15:14   8            MR. O'BEIRNE:  Yeah, Your Honor.  From our

15:15:15   9   standpoint, I mean, we think this is a straightforward case and

15:15:18  10   we're seeing in discovery already triable facts.  So we may

15:15:21  11   have a motion on an affirmative defense that's been raised.

15:15:24  12   But to your point about narrow the issues of what you're

15:15:27  13   actually going to have legitimate motions about and then get to

15:15:31  14   the trial, you know, as the plaintiffs, we want to be ready to

15:15:34  15   go and we think we can go as soon as possible.

15:15:35  16            THE COURT:  I understand that "may have a motion" is

15:15:37  17   just like saying "will have a motion" at this stage in the

15:15:40  18   case.

15:15:40  19            MR. RAVEL:  It's not traditional to move an agreed

15:15:45  20   dispositive motions deadline earlier in the initial pretrial.

15:15:48  21   But we came in planning on that, and everything does march up

15:15:53  22   to that, the discovery deadline and the expert discovery

15:15:57  23   deadline.  And it's bifurcated here.

15:16:00  24            THE COURT:  Well, tell me what you-all can agree on.

15:16:03  25   All I'm looking for is a month for your final pretrial

15:16:06   1   conference and a month for your trial.

15:16:18   2          MR. RAVEL:  April to May or May to June?

15:16:18   3          MR. BITTING:  I'm fine with either of those.

15:16:18   4          MR. RAVEL:  What?

15:16:18   5          MR. BITTING:  I'm fine with either of those.

15:16:18   6          THE COURT:  If you're going to have discussions you

15:16:19   7   don't want on the record, just tell her you don't want it on

15:16:21   8   the record.  You don't have to whisper.  She'll get it if you

15:16:27   9   whisper if I tell -- unless I tell her not to put it on the

15:16:28  10   record.

15:16:29  11          MR. HOWENSTINE:  I think the issue is that the

15:16:31  12   defendants think sometime in the spring would be appropriate,

15:16:38  13   and my impression is that the plaintiffs do not agree with

15:16:42  14   that.

15:16:42  15          MR. O'BEIRNE:  We did our best, Your Honor, before

15:16:44  16   the conference to try to see what we could agree on as far as a

15:16:47  17   schedule and what we thought the case would take, and I think

15:16:50  18   the parties agree the current fact and expert and dispositive

15:16:54  19   motions schedule is fine.  And, from our standpoint, as

15:16:58  20   Your Honor already said, 90 to 120 days in excess of that would

15:17:02  21   put us in December and January.  We think that's plenty of

15:17:04  22   time.  I think that addresses the concerns that counsel is

15:17:07  23   raising.  If that's the first time the Court thinks would make

15:17:10  24   sense, we would go for that.

15:17:12  25          MR. RAVEL:  The only thing that I think is being

15:17:13  1  missed there is that there is likely going to be a

15:17:15  2  Judge Austin-Judge Yeakel procedure, and that these are not

15:17:18  3  going to be motions that you're going to decide in the first 15

15:17:22  4  days you get them.  So I think we have a disagreement.

15:17:24  5           THE COURT:  But that's right.  But the 90 to 120 days

15:17:30  6  is for me.  You plan on your going to trial and, if it goes

15:17:34  7  away because you get a ruling on a dispositive motion somewhere

15:17:38  8  in that 90 to 120 days, so be it.  But it's ready to go as soon

15:17:45  9  as I rule on the dispositive motion.  I don't share your

15:17:47  10  concern about, you know, even if I send the next round to

15:17:52  11  Judge Austin, it just means that you-all have time to file,

15:17:59  12  which you will, because they're called dispositive motions, so

15:18:01  13  somebody is going to object to the report and recommendation

15:18:05  14  and then I'll go through the record.  But that's already kind

15:18:09  15  of built into that 90 to 120 days.

15:18:11  16           MR. RAVEL:  So we think the appropriate time is April

15:18:14  17  for May, and they think the appropriate time is what for what?

15:18:18  18           MR. O'BEIRNE:  December for January.

15:18:19  19           THE COURT:  Well, I'm going to go with December and

15:18:22  20  January if the only argument is you don't think the 90 to 120

15:18:26  21  days from the dispositive motions deadline is adequate time for

15:18:31  22  either me, or me in conjunction with Judge Austin, to get it

15:18:35  23  done.  I can be ready to try this case in December.

15:18:42  24           So, you know, unless you have an agreement to the

15:18:44  25  contrary, I'm going to put it on what my usual schedule would

15:18:47  1  be, which is the December-January time line, based on the date

15:18:56  2  you tell me will be the last date that I will get dispositive

15:18:58  3  motions, if I get any, which is July 20th.

15:19:04  4          MR. O'BEIRNE:  Plaintiffs share that position,

15:19:05  5  Your Honor.

15:19:05  6          THE COURT:  All right.  Then that's what we're going

15:19:07  7  to do.  I'm not going to kick it off more down the line unless

15:19:11  8  you-all can agree on it.  And, since you haven't, you've missed

15:19:14  9  the window of opportunity.

15:19:18  10          All right.  So I'm going to schedule you for a final

15:19:20  11  pretrial conference on December the 14th, 2018 at 4 p.m. and a

15:19:32  12  jury trial in January 2019.

15:19:37  13          Now, I'm going to write and talk at the same time

15:19:44  14  here.  I'm sure you-all recognize what I'm doing by putting

15:19:51  15  this on my calendar and, in a moment, signing the scheduling

15:19:54  16  order is I'm triggering the filing of all of your pretrial

15:20:03  17  filings that are required of both the local rule and general

15:20:08  18  federal rules of civil procedure.  So, if you have not walked

15:20:16  19  through those rules recently, you should do so, so that you

15:20:19  20  have them fixed in your mind, because I'll head off a phone

15:20:25  21  call and tell you:  Yes, I do expect you to strictly adhere to

15:20:28  22  those pretrial filing deadlines.

15:20:34  23          And you're going to find that most of what you need

15:20:36  24  to file are found in our local rule CV-16.  Some are in other

15:20:41  25  local rules, some are in the general federal rules, but most

15:20:50  1  are in CV-16 and most of the deadlines come 14 days in advance

15:20:53  2  of your final pretrial conference.  Some a little before that,

15:20:55  3  some a little later, but most of them are 14 days.  And, so, if

15:20:59  4  you have "CV-16" and "14 days" kind of fixed in your mind, you

15:21:06  5  won't be far off.

15:21:14  6      Now, let me say a little bit about your filings.  One

15:21:24  7  of the things you have to file is an estimate of how long it

15:21:27  8  will take you to try this case.  For some reason lawyers have a

15:21:33  9  hard time understanding -- I'm not suggesting that you-all

15:21:38  10  would fall in that category -- what that rule says.  So let me

15:21:41  11  tell you what it means.

15:21:44  12      It doesn't mean that the plaintiff takes a stab at

15:21:48  13  how long the plaintiff thinks it will try the case -- take to

15:21:52  14  try the case and then the defendant takes a stab, and I look at

15:21:55  15  these two disparate numbers and try to figure out what you're

15:22:02  16  really talking about.  It doesn't mean that the plaintiff tells

15:22:06  17  me how much time the plaintiff needs for its case and then the

15:22:08  18  defendant tells me how much time it needs.  It requires you-all

15:22:11  19  to sit down and talk about this before you do your pretrial

15:22:13  20  filings.  What I want is for you to talk about this case and

15:22:17  21  collectively determine how long you think would be a reasonable

15:22:20  22  period of time to allocate to try it.

15:22:23  23      And so I want the same number in both sides' pretrial

15:22:29  24  filings, and I want it to be your estimate of how long it will

15:22:33  25  take to try the entire case from beginning of voir dire to end

| | | |
|---|---|---|
| 15:22:37 | 1 | of closing arguments. |
| 15:22:38 | 2 | Now, that's important because, when you come for your |
| 15:22:41 | 3 | final pretrial conference, we're going to talk about how much |
| 15:22:44 | 4 | time you get to try your case.  I will put you on a clock.  And |
| 15:22:47 | 5 | there are going to be -- as we discuss how much time you're |
| 15:22:51 | 6 | going to get, there will be three components that I'm going to |
| 15:22:54 | 7 | consider. |
| 15:22:54 | 8 | One is your joint estimate of how long you think it |
| 15:22:57 | 9 | will take to try the case.  It's important to me. |
| 15:23:00 | 10 | Secondly, I will have looked at your final pretrial |
| 15:23:04 | 11 | filings, which is why I want everything in timely.  And I would |
| 15:23:08 | 12 | have paid particular attention to your final trial pleadings, |
| 15:23:12 | 13 | your exhibit lists, and your witness lists and I would have |
| 15:23:15 | 14 | made some kind of seat-of-my-pants guess as to how complicated |
| 15:23:19 | 15 | I think this case is likely to look to the jury. |
| 15:23:25 | 16 | And then third, and probably most important, is I'm |
| 15:23:28 | 17 | going to look at similar cases in my court that have been well |
| 15:23:35 | 18 | tried and how long they took.  I've got some background there |
| 15:23:38 | 19 | because this is a copyright infringement case; it's not like I |
| 15:23:43 | 20 | haven't seen any before.  But, when you leave your final |
| 15:23:45 | 21 | pretrial conference, you'll know how much time you get to try |
| 15:23:48 | 22 | your case. |
| 15:23:49 | 23 | Now, let me tell you a few things that will help you |
| 15:23:51 | 24 | in that regard.  One, take advantage of our local rule that |
| 15:23:55 | 25 | allows you to stipulate facts.  Lawyers can always stipulate to |

15:23:59  1    more things than they think they can.  And I'm not suggesting

15:24:05  2    that anybody stipulate away something that is important to the

15:24:08  3    outcome of your case.  But in every case there are any number

15:24:11  4    of small matters that are susceptible to very easy proof that

15:24:14  5    one side or the other needs to get into the record to preserve

15:24:18  6    the record or protect the record which are not of such a major

15:24:22  7    consequence you're ever going to argue them to the jury.  Those

15:24:25  8    are things you ought to stipulate to.  Those little things will

15:24:28  9    add up and will save you a lot of time on your clock, because

15:24:33  10   I'll read your stipulated facts to the jury at the beginning of

15:24:36  11   trial before the clock goes on and they will already be in

15:24:39  12   evidence, so you're not going to have to go about proving them

15:24:42  13   all over again.

15:24:43  14          Also, sit down with one another before your final

15:24:50  15   pretrial conference and go over your exhibits and exhibit

15:24:53  16   lists.  And, to the extent you know that your opponent is going

15:24:55  17   to be clever enough to get an exhibit into evidence, don't have

15:24:57  18   an objection to it.  You're not bound by it just because it's

15:25:01  19   in evidence.  You can argue its weight all you want, but you

15:25:04  20   will save yourself untold amounts of time if you don't require

15:25:09  21   each other to sponsor every exhibit in front of a witness,

15:25:14  22   particularly, those that you know that you're not going to

15:25:16  23   object to.  So do that.

15:25:19  24          Don't do anything fancy on this.  Don't renumber your

15:25:21  25   exhibits and give me a new list that says "agreed exhibits" and

15:25:24  1   "objected-to exhibits."  You don't need to run it through a
15:25:27  2   word processor.  Don't prefile anything.
15:25:30  3          One of you just take notes when you're having your
15:25:32  4   conversation.  And then at the final pretrial conference, just
15:25:37  5   bring me a note that can be handwritten that says, "Plaintiff
15:25:40  6   has no objection to the admissibility of the following
15:25:43  7   Defendant's exhibits," and just give me the numbers of them.
15:25:47  8   You don't even have to describe them.  And the next line will
15:25:50  9   be, "Defendant has no objection to the admissibility of the
15:25:53  10  following Plaintiff's exhibits," and give me the numbers.  And
15:25:57  11  I will admit those exhibits *en masse* at the beginning of trial,
15:26:00  12  and it will save you a lot of time.
15:26:02  13         Now, here's the biggest thing.  You need to listen up
15:26:07  14  right now because it's very important, and it's something
15:26:08  15  you're not going to find written down anywhere because I've
15:26:12  16  never gotten around to doing a standing order on it.
15:26:15  17         But the rules provide that each side will provide its
15:26:19  18  proposed findings of fact and conclusions of law -- pardon
15:26:24  19  me -- I mean, jury instructions and questions 14 days in
15:26:28  20  advance of your final pretrial conference and you do it
15:26:32  21  separately.  The change is:  I want an agreed charge in this
15:26:36  22  case 14 days before your final pretrial conference.
15:26:39  23         Now, it's a copyright infringement case.  There's a
15:26:43  24  lot of charge materials out there.  I feel like all of you
15:26:45  25  undoubtedly have many of them in your files at your law firms.

15:26:51  1   There's any number of pattern jury charges out there.  The

15:26:54  2   easiest thing we should have to do in this case is to decide

15:26:57  3   how we're going to get it to the jury.

15:26:59  4          You're in federal court; you're not in state court.

15:27:02  5   There's not a charge "gotcha" practice.  You can go into any

15:27:06  6   lawyer's law firm library that still has books and randomly

15:27:09  7   select a year, and you're going to find many, many fewer charge

15:27:15  8   cases in the entire Federal Reporter system for all of the

15:27:18  9   circuits for any year than you're going to find in the Texas

15:27:21  10  cases in state court.  Very few federal civil cases get to a

15:27:28  11  circuit on charge error.  It's a really high bar.

15:27:32  12         The standard in the Fifth Circuit is there must be

15:27:37  13  ineradicable evidence that I have erred in submitting my

15:27:40  14  charge.  I submit to you that is a high bar.  If you can even

15:27:43  15  pronounce the word, it's a high bar.  So I'm not too concerned

15:27:51  16  about charge error; neither should you be.  So start working on

15:27:54  17  your charge early.  The next year is going to go by quickly.

15:27:57  18         I always learned as a young lawyer that the first

15:28:01  19  thing you do when you get a case is to prepare the charge and

15:28:04  20  then you can adjust it as you go along, but it gives you a good

15:28:08  21  road map as to what you're going to do.  I feel certain that at

15:28:11  22  least some of you received that same training, and I also feel

15:28:15  23  certain that, like me, you've never done that a single time in

15:28:18  24  a jury case you ever had.  But it doesn't mean that it was not

15:28:23  25  good advice when you got it.

15:28:25  1        But don't put it off.  Get started on it.  Start

15:28:27  2   exchanging your charge materials now, because I'm quite serious

15:28:34  3   that we have this done before trial.

15:28:35  4        Now, I don't do this to give you busy work.  I do it

15:28:38  5   for two reasons.  One is, once both sides have rested and

15:28:44  6   closed, I don't like to keep jurors cooling their heels while

15:28:47  7   we spend very much time on a charge; and, secondly, I do charge

15:28:50  8   my juries before you argue.  So the earliest that I can get the

15:28:55  9   charge in your hands that looks pretty much like the one I'm

15:28:57  10   going to submit, the easier it is on you.

15:29:00  11        In the off chance that you cannot agree to

15:29:02  12   everything, questions and instructions, then I want what you

15:29:07  13   can agree on in agreed form and I want your areas of

15:29:11  14   disagreement, with specificity.  And I mean specificity.  I

15:29:17  15   want to know everything about your disagreement, and I want

15:29:20  16   both sides' positions supported by authorities.  You don't have

15:29:23  17   to give me authorities on what you agree on.  But I really

15:29:26  18   don't think we're going to get that far, and I'll be

15:29:29  19   disappointed if we do.

15:29:30  20        Now, that having been said, you can change any date

15:29:34  21   in this scheduling order by agreement except for your final

15:29:38  22   pretrial conference date and time and your trial month.  And by

15:29:42  23   agreement, I mean agreement.  It's the only way you can change

15:29:45  24   it.  I don't what to see a motion for additional time.  I don't

15:29:49  25   want to see a motion to modify the scheduling order.  In fact,

```
15:29:53   1   even if you disagree, I don't want to see a motion.  I have
15:29:56   2   better things to do than micromanage you.  If you need to
15:30:00   3   change some of these dates within the scheduling order, just do
15:30:04   4   it by agreement.
15:30:06   5        I expect you-all to demean yourselves like the
15:30:09   6   professionals you are and to make reasonable accommodation to
15:30:12   7   one another to get this case moved along.
15:30:14   8        Let me caution you about a couple of things, though.
15:30:18   9   If you think you have an agreement, be sure you have an
15:30:20  10   agreement.  I'm not going to get into a he said, she said.  If
15:30:24  11   there is a disagreement over an agreement, the dates in the
15:30:28  12   scheduling order are going to control.
15:30:30  13        Secondly, if you truly believe that you can get a
15:30:33  14   dispositive motion granted, another round of them, it's not a
15:30:40  15   good idea to change your dispositive motions deadline.  I'm not
15:30:43  16   going to tell you you can't do it, but I need all of the time
15:30:45  17   for all of the reasons that I've told you to deal with
15:30:48  18   dispositive motions.
15:30:49  19        And so be forewarned that, if you change that date,
15:30:55  20   the closer you move it to your trial month, the less likely you
15:30:58  21   are I will take up your dispositive motions prior to trial and
15:31:03  22   the more likely you are I will carry them through trial.
15:31:07  23   Because, if you move that date and I don't get to your
15:31:08  24   dispositive motions, I'm not going to put your trial off so I
15:31:11  25   can get to them.
```

|         |    |                                                                      |
|---------|----|----------------------------------------------------------------------|
| 15:31:12 | 1  | Also, if you intend to call expert witnesses, it's |
| 15:31:17 | 2  | not a good idea to change your expert witness date, which is |
| 15:31:21 | 3  | those dates to designate experts, exchange reports, take expert |
| 15:31:25 | 4  | depositions, and to file your Rule 702 or *Daubert* motions. |
| 15:31:29 | 5  | Again, I'm not going to tell you you can't do it; but |
| 15:31:32 | 6  | I like to deal with objections to experts early on so, if I |
| 15:31:38 | 7  | sustain one and strike your expert, you have time to file a |
| 15:31:41 | 8  | motion to try to convince me to let you designate a new expert. |
| 15:31:45 | 9  | There's no guarantee that I'm going to grant that motion, but I |
| 15:31:48 | 10 | like to give you that opportunity.  If I'm dealing with Rule |
| 15:31:50 | 11 | 702 or *Daubert* motions just before trial and I grant one, |
| 15:31:56 | 12 | you're just out of luck because, again, I'm not going to put |
| 15:31:59 | 13 | your trial off to let you seek a new expert. |
| 15:32:02 | 14 | On the question of experts, do not put anything in a |
| 15:32:07 | 15 | motion in limine about an expert.  Objections to experts in |
| 15:32:10 | 16 | motions in limine come way too late in the case, and I'm not |
| 15:32:13 | 17 | going to consider them.  If you've got a problem with your |
| 15:32:18 | 18 | opponent's expert, as soon as you know you have that problem, |
| 15:32:21 | 19 | get a motion out on the table and I will deal with it. |
| 15:32:24 | 20 | And on the topic of motions in limine, do not submit |
| 15:32:29 | 21 | me lengthy motions in limine.  Lawyers have gotten way too |
| 15:32:32 | 22 | proud of the motion in limine that lives in their word |
| 15:32:34 | 23 | processor and gets bigger and fatter with every case that they |
| 15:32:37 | 24 | try. |
| 15:32:37 | 25 | The sole purpose of a motion in limine is to exclude |

15:32:43  1  testimony and questions that are so highly inflammatory or

15:32:45  2  prejudicial they can't be cured by an objection or instruction

15:32:48  3  to disregard.  I have yet to see the case that has more than

15:32:54  4  two or, at the outside, three of those highly inflammatory or

15:32:57  5  prejudicial matters.

15:32:58  6       So don't give me motions in limine that have

15:33:01  7  paragraphs in them that say things like, "Don't let my opponent

15:33:04  8  call witnesses that aren't on the witness list"; "Don't let my

15:33:07  9  opponent ask questions that would elicit hearsay"; "Don't let

15:33:11  10  my opponent ask questions about matters that haven't been

15:33:13  11  pleaded."

15:33:17  12       Ninety-nine percent of what I see in motions in

15:33:19  13  limine don't have any place in a motion in limine.  So limit

15:33:22  14  your motions in limine to only those highly or prejudicial

15:33:25  15  matters -- highly prejudicial matters or inflammatory matters

15:33:31  16  that can't be cured by an objection or instruction to

15:33:33  17  disregard.

15:33:34  18       If I see a lengthy motion in limine -- one of those

15:33:37  19  10-, 15-, 20-paragraph motions -- I'm not going to read it.

15:33:40  20  I'm just going to overrule the entire thing, and your good

15:33:44  21  stuff that may be hidden in there gets thrown out with your bad

15:33:47  22  stuff and we'll take everything up in front of the jury as it

15:33:51  23  progresses.  So restrict your motions in limine.

15:33:54  24       Now, I think you can tell that my rules are pretty

15:33:57  25  straightforward.  In addition to making reasonable

15:33:59  1   accommodation to one another and demeaning yourselves like the

15:34:02  2   professionals you are, you need to understand that you only

15:34:06  3   have one role in this case, and that's to resolve it.  And you

15:34:10  4   can do it in one of three ways:  You could settle it or I could

15:34:14  5   grant a well-taken dispositive motion -- just because I don't

15:34:19  6   like them, doesn't mean that I don't consider them, and it

15:34:21  7   doesn't mean that I don't grant them when they are well

15:34:24  8   taken -- or you can try the case.

15:34:25  9          And I don't care which of the three it is.  I like to

15:34:28  10  try lawsuits.  I'm not going to get you in here for your final

15:34:32  11  pretrial conference and knock you around about why you haven't

15:34:35  12  settled and try to talk you out of your trial.  I will ask you

15:34:38  13  if you've made a good-faith effort to settle this case and, in

15:34:42  14  your best professional judgment, it can't be settled.  And your

15:34:45  15  answer needs to be "yes," because settlement is generally in

15:34:48  16  the best interest of the client because it changes the unknown

15:34:51  17  for the known.

15:34:52  18         But I was on your side of the bench long enough to

15:34:55  19  know that every case can't be settled.  So if you just give me

15:34:59  20  your assurances that you've made that good-faith effort and it

15:35:03  21  can't be settled, I'm going take you at your word and we'll go

15:35:07  22  to trial.

15:35:07  23         So another reason I conduct these conferences is I

15:35:11  24  like to get the lawyers together before too much water has gone

15:35:14  25  under the bridge to find out if you have any questions about me

15:35:19  1  or my staff or the way I run my court, anything that might be

15:35:22  2  helpful to you, anything that can make your life easier between

15:35:27  3  now and the end of trial.

15:35:30  4          I start with the plaintiffs.  So does the plaintiff

15:35:34  5  have any questions, anything I've left out, anything you-all

15:35:37  6  want to know?

15:35:39  7          MR. O'BEIRNE:  Your Honor, there is a lot in here,

15:35:41  8  Your Honor, for us to keep in mind and we really appreciate you

15:35:44  9  laying this out with such clarity.  I think, you know ...

15:35:46  10         MR. BITTING:  Do you -- Judge, do you have policies

15:35:49  11  on contacting the law clerk on this case?

15:35:51  12         THE COURT:  Yeah.  I don't have any problem with it.

15:35:53  13  The law clerk on your case is Katherine Baffes, B-a-f-f-e-s.

15:35:57  14  You may call her or any of my clerks and ask them routine

15:36:03  15  questions, procedural questions, the way we like to see things.

15:36:07  16         Do not *ex parte* her or any of my clerks.  And you

15:36:10  17  don't need my lecture what *ex parte*-ing is.  If you do, you can

15:36:14  18  get put on the "may not call chambers list."  And I've now been

15:36:18  19  doing this for a little over 14 years, and nobody has gotten on

15:36:21  20  that list.  So if you've always aspired to be first at

15:36:24  21  anything, just overstay your welcome with my law clerks --

15:36:28  22  because, amazingly, they tell me about your conversations and I

15:36:31  23  know what you've asked them or tried to do with them -- and I

15:36:34  24  can accommodate you by putting your number on that list.

15:36:41  25         I know I have colleagues that don't allow calls to

```
15:36:44    1   chambers, and I've never understood that -- I think they must
15:36:45    2   have too much free time on their hands -- because it's just
15:36:48    3   easier, if you have a routine question about the form of
15:36:49    4   something or the way we like to see something, if you can just
15:36:54    5   call and get your question answered.
15:36:56    6             MR. RAVEL:  I have one, Judge.
15:36:57    7             THE COURT:  All right.
15:36:58    8             MR. RAVEL:  To help me do my job of telling people
15:37:02    9   who I represent how you feel about dispositive motions, what
15:37:07   10   has become of the Tennessee Orange "No Smoking.  No Dispositive
15:37:12   11   Motions" placard?
15:37:14   12             THE COURT:  It's right behind you.
15:37:14   13             MR. RAVEL:  Oh, okay.  All right.  Thank you.
15:37:17   14             THE COURT:  See you just took the wrong chair.  That
15:37:20   15   was given to me by previous court reporter who had heard --
15:37:23   16   Arlinda is still figuring out what she's going to give me --
15:37:27   17   that heard my lectures so much about this, that that came up.
15:37:29   18   So it's there.  It is alive and well.
15:37:35   19             MR. RAVEL:  Would it violate the local rules if I
15:37:38   20   took a snapshot of it before I left?
15:37:41   21             THE COURT:  You may do that.
15:37:41   22             MR. RAVEL:  Thank you, Judge.
15:37:41   23             THE COURT:  Any other questions?
15:37:42   24             MR. HOWENSTINE:  No.  Thank you, Your Honor.  I think
15:37:43   25   you've covered everything we might ask.
```

15:37:45  1          THE COURT:  If you don't settle and if you don't

15:37:47  2  consent to a magistrate judge, I look forward to having you

15:37:50  3  back here in a year and trying a lawsuit with you.

0:0:0     4          (End of transcript)

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1   **UNITED STATES DISTRICT COURT**     )

2   **WESTERN DISTRICT OF TEXAS**       )

3      I, Arlinda Rodriguez, Official Court Reporter, United

4   States District Court, Western District of Texas, do certify

5   that the foregoing is a correct transcript from the record of

6   proceedings in the above-entitled matter.

7      I certify that the transcript fees and format comply with

8   those prescribed by the Court and Judicial Conference of the

9   United States.

10      WITNESS MY OFFICIAL HAND this the 15th day of

11   February 2018.

12

13                   /S/ Arlinda Rodriguez
                        Arlinda Rodriguez, Texas CSR 7753

14                       Expiration Date:  12/31/2018
                      Official Court Reporter

15                       United States District Court
                      Austin Division

16                       501 West 5th Street, Suite 4152
                      Austin, Texas 78701

17                       (512) 391-8791

18

19

20

21

22

23

24

25