UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| UMG RECORDINGS, INC., et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) |
| | ) No. 1:17-cv-00365 |
| GRANDE COMMUNICATIONS NETWORKS LLC and PATRIOT MEDIA CONSULTING, LLC, | ) |
| | ) |
| Defendants. | ) |

**DEFENDANT GRANDE COMMUNICATIONS NETWORKS, LLC'S**
**OBJECTIONS TO REPORT AND RECOMMENDATION**

Pursuant to 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b), Grande Communications Networks LLC ("Grande") submits its objections to U.S. Magistrate Judge Austin's February 28, 2018 Report and Recommendation ("the R&R"), recommending that Grande's motion to dismiss be granted in part and denied in part. *See* ECF No. 72.

Through this case, the U.S. recording industry is attempting to make Internet service providers ("ISPs") in this District, and ultimately around the country, its de facto copyright enforcement agents. Plaintiffs are record companies who claim to have rights in "the great majority of all legitimate commercial sound recordings in this country," and they seek to hold Grande, a Texas-based ISP, secondarily liable for copyright infringement allegedly committed by Grande's customers through the file-sharing software BitTorrent. *See generally* Compl., ECF No. 1. Plaintiffs' claims are premised solely on Grande's alleged failure to police its customers' activities. *See id.* Plaintiffs do not allege that Grande has ever promoted or encouraged file-sharing by its customers. *See id.*

Grande and co-defendant Patriot—which provides certain management services to

1

Grande—separately moved to dismiss Plaintiffs' Complaint for failure to state a claim, and Judge Austin concluded that Grande's motion should be granted in part. *See* R&R at 21. Specifically, Judge Austin determined that Plaintiffs' vicarious infringement claim against Grande should be dismissed for failure to state a claim, but that Plaintiffs should be permitted to proceed with their contributory infringement theory. R&R at 16-18. Separately, Judge Austin concluded that both of Plaintiffs' claims against Patriot should be dismissed with prejudice. *Id.* at 19-21.

Respectfully, Grande objects to Judge Austin's recommendation not to dismiss Plaintiffs' contributory infringement claim. This recommendation is in direct conflict with controlling Supreme Court precedent holding that a defendant that provides a product or service with substantial non-infringing uses—like the Internet—cannot be held liable for secondary copyright infringement absent allegations of "clear expression or other affirmative steps taken to foster infringement." *See Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*, 545 U.S. 913, 936-37 (2005). Moreover, the reasoning of the R&R would seemingly require Grande and every other ISP to terminate customers' Internet access based on nothing more than the receipt of unverifiable allegations of potential copyright infringement. This cannot be the law.

Grande also respectfully objects to the R&R insofar as it is silent on whether Plaintiffs' vicarious infringement claim should be dismissed with prejudice. Because any amendment would be futile, the Court should dismiss the claim with prejudice.

Thus, for the reasons set forth below, Grande respectfully submits that these objections should be sustained, and that Plaintiffs' Complaint should therefore be dismissed with prejudice.

**I.   PLAINTIFFS' CONTRIBUTORY INFRINGEMENT CLAIM SHOULD BE DISMISSED WITH PREJUDICE**

   **A.   The R&R fails to follow controlling Supreme Court <u>precedent regarding secondary copyright infringement.</u>**

In the R&R, Judge Austin concluded that Grande may be held liable for contributory copyright infringement based solely on Grande's alleged failure to stop its customers from engaging in direct copyright infringement. R&R at 16.

The Supreme Court's *Grokster* decision squarely holds that mere inaction cannot support secondary liability in these circumstances. *Grokster* reaffirms the so-called "*Sony* rule," or "staple-article doctrine," which holds that distribution of a product or service with substantial non-infringing uses generally cannot support liability for infringement. *Id.* at 934-35. Specifically, the *Sony* rule precludes a finding of intent to contributorily or vicariously infringe <u>unless</u> there is "evidence [that] goes beyond a product's characteristics or the knowledge that it may be put to infringing uses, and [instead] shows <u>statements or actions directed to promoting infringement</u>." *Id.* at 935. Thus, only "one who distributes a device [with substantial non-infringing uses] <u>with the object of promoting its use to infringe copyright</u>, as shown by ***<u>clear expression or other affirmative steps taken to foster infringement</u>***, is liable for the resulting acts of infringement by third parties." *Id.* at 936-37 (emphasis added). "[M]ere knowledge of infringing potential <u>or of **actual infringing uses** would not be enough</u>." *Id.* at 937 (emphasis added).

*Grokster* therefore forecloses Plaintiffs' secondary infringement claims because Plaintiffs have not alleged that Grande engaged in any affirmative conduct to promote copyright infringement. It is clear that the *Sony* rule is implicated here given that the Internet has substantial non-infringing uses. *See, e.g., Dallas Buyer's Club, LLC v. Doughty*, No. 3:15-cv-00176, 2016 WL 1690090, at *9 (D. Or. Apr. 27, 2016); *Liberty Media Holdings, LLC v.*

3

*Tabora*, No. 1:12-cv-02234, 2012 WL 2711381, at *2 (S.D.N.Y. July 9, 2012). Plaintiffs do not allege any "statements or actions [by Grande] directed to promoting infringement" or any "clear expression or other affirmative steps taken to foster infringement." *See generally* Compl., ECF No. 1; *Grokster*, 545 U.S. at 935, 936-37. Instead, Plaintiffs' claims are based **_solely_** on Grande's alleged "knowledge of . . . actual infringing uses" of the Internet by its customers—which is "not enough."[1] *Id.* at 937 (emphasis added).

Plaintiffs have attempted to avoid *Grokster* by suggesting that it only applies to contributory infringement claims alleging inducement of infringement, and not allegations of "causing or materially contributing" to infringement. *See* R&R at 14-15. *Grokster* itself refutes this argument.[2] 545 U.S. at 933 ("*Sony* barred **_secondary liability_** based on presuming or imputing intent to cause infringement solely from the design or distribution of a product capable of substantial lawful use, which the distributor knows in fact is used for infringement.") (emphasis added). Justice Ginsburg made this even clearer in her concurrence, explaining that there are only two categories of conduct that can support secondary liability under the Supreme Court's jurisprudence: (1) "actively encouraging (or inducing) infringement through specific acts" and (2) "distributing a product distributees use to infringe copyrights, if the product is not capable of 'substantial' or 'commercially significant' noninfringing uses." *Id.* at 942. Plaintiffs' allegations against Grande do not fit in either category because (1) Plaintiffs do not allege any

---

[1] As discussed below, Plaintiffs also fail to plead any facts showing that Grande has knowledge of actual infringement, as compared to notice of allegations of infringement that Grande has no legal duty to investigate and no alleged ability to verify.

[2] Indeed, *Grokster* does not recognize any theory of contributory infringement liability premised on "causing or materially contributing" to copyright infringement. *Id.* at 930 ("One infringes contributorily by intentionally inducing or encouraging direct infringement."). (emphasis added). If Plaintiffs' theory were viable, then the *Sony* rule would never come into play because a plaintiff would always allege a material contribution theory instead of inducement.

4

affirmative conduct by Grande to encourage or induce infringement; and (2) it is beyond dispute that the Internet access Grande provides to its customers has substantial non-infringing uses.

Respectfully, the R&R should therefore be rejected because it is impossible to reconcile Plaintiffs' liability theory with *Grokster*. The fact that the Fourth Circuit recently permitted liability under a lesser "willful blindness" standard does not affect the controlling nature of *Grokster* or the failures inherent in Plaintiffs' pleadings. *See* R&R at 16 (citing *BMG Rights Mgmt. (US) LLC v. Cox Commc'ns, Inc.*, 881 F.3d 293 (2018)). The Court should therefore dismiss Plaintiffs' contributory infringement claim against Grande with prejudice because Plaintiffs' claim is barred by *Grokster*.

### B. Grande's alleged knowledge of *allegations* of copyright infringement cannot satisfy a "willful blindness" standard.

Even if the Court were to decide that Plaintiffs' allegations may be analyzed under the Fourth Circuit's "willful blindness" standard for contributory infringement, Plaintiffs have still failed to state a claim because Plaintiffs do not allege that Grande was willfully blind to any actual evidence of infringement, only to unverifiable ***allegations*** of copyright infringement. In other words, Plaintiffs' allegations do not demonstrate willful blindness because Grande neither (1) turned a blind eye to information actually demonstrating infringement nor (2) had an affirmative duty to investigate those allegations.

The R&R erroneously concludes that Plaintiffs pleaded a plausible claim "based on Grande's alleged failure to act when presented with evidence of ongoing, pervasive infringement by its subscribers."[3] R&R at 16. In fact, Plaintiffs do not allege that Grande has ever been

---

[3] With respect to any duty Grande may have to act, Grande notes that both Plaintiffs' Complaint and the R&R blur the distinction between (1) the facts necessary to state a claim for secondary copyright infringement and (2) the facts necessary for Grande to invoke the safe harbor for

presented with <u>actual evidence</u> of any specific instance of infringement. Rather, Plaintiffs allege only that Grande has received <u>allegations</u> of potential copyright infringement—specifically, email notices from Plaintiffs' agent, RightsCorp, which claims to have a system capable of monitoring BitTorrent activity. *See, e.g.*, Compl, ¶¶ 47-49, ECF No. 1.

As Plaintiffs admit in their Complaint, however, the Rightscorp notices at most reflect the mere availability[4] of a file on the Internet. *See* Compl., ¶¶ 43, 48. This does not reflect actual copyright infringement because infringement of the distribution right requires actual dissemination of a copyrighted work. *See, e.g.*, *Atl. Recording Corp. v. Howell*, 554 F. Supp. 2d 976, 983 (D. Ariz. 2008); *see also infra* Section I.C. Thus, in other words, Plaintiffs admit that Rightscorp is only capable of detecting <u>possible future infringement</u>—if the available file is actually duplicated. Plaintiffs do not allege that Rightscorp's notices include or attach any actual evidence of a specific instance of direct infringement.

---

Internet service providers in the Digital Millennium Copyright Act ("DMCA"), 17 U.S.C. § 512(i). In broad strokes, the safe harbor, which is not at issue in Grande's Motion to Dismiss or the R&R, provides an affirmative defense to copyright infringement where the ISP implements a policy for terminating repeat copyright infringers in appropriate circumstances. § 512(i)(1)(A-B). The DMCA does not affect the underlying requirements for pleading or proving copyright infringement in the first instance, and ISPs do not have any legal obligation to adopt a policy pursuant to the safe harbor. *See, e.g.*, § 512(l) ("The failure of a service provider's conduct to qualify for a limitation of liability under this section shall not bear adversely upon the consideration of a defense by the service provider that the service provider's conduct is not infringing under this title or any other defense."); *BWP Media USA, Inc. v. T & S Software Assocs. Inc.*, 852 F.3d 436, 443 (5th Cir. 2017) ("[T]he DMCA has merely added a second step to assessing infringement liability for [ISPs], after it is determined whether they are infringers in the first place under the preexisting Copyright Act.") (quotations & citation omitted).

[4] As discussed in the next section, merely making a copyrighted work available for download does not constitute copyright infringement—only actual duplication of a copyrighted work will suffice. Importantly, Plaintiffs' allegations make clear that the date and time stamps provided in the Rightscorp notices do not reflect the moment of any actual duplication, but merely the date and time on which the Rightscorp system ran its scan for available files.

Crucially, Plaintiffs do not and cannot allege that Grande has any ability to verify Rightscorp's allegations. *See generally* Compl., ECF No. 1. Plaintiffs cannot plausibly allege that Grande was willfully blind to infringement based solely on Grande's receipt of <u>allegations</u> of infringement that Grande has no way to verify.[5]

Moreover, the reasoning of the R&R erroneously imposes on Grande an affirmative duty to investigate Rightscorp's allegations. Inaction in response to Rightscorp's notices, without more, cannot establish willful blindness because Plaintiffs' Complaint makes clear that those notices are at most allegations that infringement might occur in the future, and do not represent evidence of any actual instance of a direct infringement committed by a Grande subscriber. Thus, Plaintiffs' allegations in this case can only possibly support a finding of willful blindness *to possible future infringement*—but not willful blindness to any actual instances of direct infringement.

Put another way, Plaintiffs' allegations would impose on Grande the affirmative duty to investigate each Rightscorp notice (*i.e.,* an allegation of potential future infringement) to determine whether the customer at issue subsequently committed an act of direct infringement.[6] Because there is no authority that would support such a duty, Plaintiffs' contributory infringement claim must be dismissed.

C. **<u>Plaintiffs fail to allege direct infringement.</u>**

There is no question that Plaintiffs must plead underlying direct infringement of their copyrights in order to state a claim against Grande for secondary infringement. In the R&R,

---

[5] The Fourth Circuit did not address this issue in *BMG*. *See generally* 881 F.3d 293.

[6] As discussed above, Plaintiffs do not allege that Grande has the ability to conduct such an investigation (because Grande of course lacks the ability to invade the privacy of its customers' personal computers).

7

Judge Austin concluded that Plaintiffs' allegations regarding the Rightscorp system were sufficient to plausibly allege direct infringement. R&R at 10-11. Respectfully, this was error, for at least three reasons.

*First*, according to the Complaint, Rightscorp can only detect when a given file is made available on the Internet, <u>not</u> if the file is ever actually downloaded or copied. Compl., ¶ 48. This flaw is fatal to Plaintiffs' claim, because as noted above, there can be no infringement unless an actual copy is made. The "great weight of authority" holds that a copyright owner's distribution right under 17 U.S.C. § 106(3) "is not violated unless the defendant has <u>actually distributed</u> an unauthorized copy of the work to a member of the public." *Howell*, 554 F. Supp. 2d at 983 (emphasis added); *see also Nat'l Car Rental Sys., Inc. v. Computer Assocs. Int'l, Inc.*, 991 F.2d 426, 434 (8th Cir. 1993) ("[I]nfringement of the distribution right requires an actual dissemination of either copies or phonorecords."); Grande's Reply in Supp. of Mot. to Dismiss at 3-4, ECF No. 37 (collecting cases). Thus, accepting Plaintiffs' allegations as true, Rightscorp is incapable of identifying any actual instances of copyright infringement.

The R&R declined to resolve this issue, and instead incorrectly relied on the notion that Plaintiffs "may rely on pleadings incorporating circumstantial evidence of copying." R&R at 10. This was error because evidence that copyrighted material was made available to the public, without more, cannot support a direct infringement claim. *See Howell*, 554 F. Supp. 2d at 983-84 (such evidence "only shows that the defendant attempted to distribute a copy, and there is no basis for attempt liability in the statute"). Thus, no matter how many copyrighted works Plaintiffs allege were made available on the Internet, such allegations (or, hypothetically, proof) cannot establish that an actual copy was ever made, as is required for direct infringement. Plaintiffs have not pleaded and cannot plead any additional facts that demonstrate that any

8

Grande customer <u>actually disseminated</u> material protected by one of Plaintiffs' copyrights.

***Second***, Plaintiffs' "circumstantial allegations" are completely general in nature—Plaintiffs do not identify any <u>specific copyrighted material</u> actually disseminated by any particular Grande customer. Thus, as a practical matter, permitting Plaintiffs' liability theory to proceed would make it impossible to reliably assess Grande's potential liability. If Plaintiffs may plead and ultimately prove direct infringement of thousands of copyrights based merely on customers allegedly making files available on the Internet, then the factfinder will never be able to reliably determine which <u>specific copyrights</u>, if any, have <u>actually</u> been directly infringed. Even the Fourth Circuit in *BMG* recognized that demonstrating willful blindness requires proof that the defendant "consciously avoided learning about <u>specific instances of infringement</u>, not merely that [the defendant] avoided confirming the fact that '[the defendant's customers] were infringing [the plaintiff's] copyrights' in general." 881 F.3d at 312. Plaintiffs cannot plausibly allege actual instances of direct infringement by merely alleging that Rightscorp believes that unidentified Grande customers made unspecified copyrighted files available for download. Such broad and generalized allegations could be made against every Internet service provider in the United States because "infringement happens on the Internet."

***Third***, and relatedly, the R&R should be rejected because it effectively authorizes a pleading standard lower than Rule 8. Plaintiffs allege infringement of thousands of copyrights in this matter, yet Plaintiffs have failed to plead facts indicating direct infringement of even one specific copyright by even one Grande subscriber. Plaintiffs also fail to tie any Rightscorp notice (or any corresponding underlying conduct) to any specific copyright owned by any Plaintiff. If Plaintiffs were alleging secondary infringement of one or ten or twenty copyrights, there is no question that they would be obligated to plead facts that plausibly show direct infringement of

9

each copyright.  There is no reason a different standard should apply here.  Because Plaintiffs seek damages arising out of discrete instances of alleged copyright infringement, as a matter of basic fairness Grande is entitled to notice of the facts regarding each such instance.  *See, e.g.*, *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 n.3 (2007) ("Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' upon which the claim rests.").  Respectfully, the R&R erred in declining to address this issue.

The Court should therefore dismiss Plaintiffs' contributory infringement claim against Grande with prejudice for failure to plausibly allege direct infringement by any specific Grande customer of any specific copyright at issue in this case.

## II.   PLAINTIFFS' VICARIOUS INFRINGEMENT CLAIM SHOULD BE DISMISSED WITH PREJUDICE

Judge Austin determined that Plaintiffs failed to state a claim against Grande for vicarious copyright infringement, but the R&R is silent on whether the claim should be dismissed with or without prejudice.  ECF No. 72 at 18.  Plaintiffs did not request leave to amend.  *See generally* ECF No. 33; *see also* ECF No. 34 at 19-20 (requesting leave to amend if claims against Patriot are dismissed).  Plaintiffs also never attempted to identify any facts they could conceivably allege that would support such a claim, and Defendants are aware of none.  Accordingly, the Court should order that Plaintiffs' vicarious infringement claim against Grande is dismissed with prejudice.[7]

---

[7] Although the R&R recommended that Plaintiffs' vicarious infringement claim be dismissed, it found that Plaintiffs adequately alleged the first element of the claim—the right and ability to supervise the alleged infringement.  R&R at 17.  Grande objects to this conclusion because Plaintiffs do not allege that Grande has the ability to verify whether infringement has actually occurred, or that Grande has any control over BitTorrent itself—the software responsible for the



## CONCLUSION

For the foregoing reasons, the Court should sustain Grande's objections to the February 28, 2018 Report and Recommendation and dismiss Plaintiffs' Complaint with prejudice.

---

alleged infringement. *See generally* Compl., ECF No. 1; *see also* Grande's Mot. to Dismiss at 15-18, ECF No. 28. To the extent Grande has any ability to eliminate a customer's Internet access, Grande is in no different position than, for example, the electric company, which likewise lacks an ability to verify any allegation of infringement, has no control over the BitTorrent software, and can only arguable terminate the customer's Internet access by shutting off their computer.

Dated: March 14, 2018

By: /s/ Richard L. Brophy
Richard L. Brophy
Zachary C. Howenstine
Margaret R. Szewczyk
Armstrong Teasdale LLP
7700 Forsyth Blvd., Suite 1800
St. Louis, Missouri 63105
Telephone: 314.621.5070
Fax: 314.621.5065
rbrophy@armstrongteasdale.com
zhowenstine@armstrongteasdale.com
mszewczyk@armstrongteasdale.com

J. Stephen Ravel
State Bar No. 16584975
J.R. Johnson
State Bar No. 240700000
Diana L. Nichols
State Bar No. 00784682
KELLY HART & HALLMAN LLP
303 Colorado, Suite 2000
Austin, Texas 78701
Tel: (512) 495-6529
Fax: (512) 495-6401
steve.ravel@kellyhart.com
jr.johnson@kellyhart.com
diana.nichols@kellyhart.com

Attorneys for Defendant GRANDE COMMUNICATIONS NETWORKS LLC and PATRIOT MEDIA CONSULTING, LLC

## **CERTIFICATE OF SERVICE**

The undersigned certifies that on February 8, 2018, all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system pursuant to Local Rule CV-5(b)(1).


/s/ Richard L. Brophy
Richard L. Brophy