IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| UMG RECORDINGS, INC., et al., | ) |
| Plaintiffs, | ) ) ) |
| vs. | ) ) No. 1:17-cv-00365 |
| GRANDE COMMUNICATIONS NETWORKS LLC and PATRIOT MEDIA CONSULTING, LLC, | ) ) **Jury Trial Demanded** ) ) ) |
| Defendants. | ) |

**GRANDE COMMUNICATIONS NETWORKS LLC'S ANSWER
AND AFFIRMATIVE DEFENSES TO THE ORIGINAL COMPLAINT**

Defendant Grande Communications Networks LLC ("Grande") states as follows for its Answer and Affirmative Defenses to the Complaint of Plaintiffs UMG Recordings, Inc., Capitol Records, LLC, Warner Bros. Records Inc., Sony Music Entertainment, Arista Records LLC, Arista Music, Atlantic Recording Corporation, Capitol Christian Music Group, Inc., Elektra Entertainment Group Inc., Fonovisa, Inc., Fueled by Ramen LLC, LaFace Records LLC, Nonesuch Records Inc., Rhino Entertainment Company, Roadrunner Records, Inc., Roc-A-Fella Records, LLC, Tooth & Nail, LLC, and Zomba Recording LLC ("Plaintiffs").  Except to the extent expressly admitted herein, Grande denies each and every allegation of the Complaint.  The numbered paragraphs below correspond to the numbered paragraphs in the Complaint.

**I.   INTRODUCTION**

1. Grande denies the allegations in Paragraph 1.

2. Grande admits that Plaintiffs are record companies.  Grande otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 2 and

1

therefore denies them.

3. Grande admits the allegations in the first sentence of Paragraph 3. The allegations in the second sentence of Paragraph 3 do not require a response because they pertain to a separate defendant, Patriot, which has been dismissed from this action with prejudice.

4. Grande denies the allegations in Paragraph 4.

5. Grande denies the allegations in Paragraph 5.

6. With respect to the allegations in the first sentence of Paragraph 6, Grande lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies them. Grande denies the allegations in the second, third, and fourth sentences of Paragraph 6.

## II.   JURISDICTION AND VENUE

7. Grande admits that Plaintiffs have attempted to state claims under the copyright laws of the United States. Grande otherwise denies the allegations in Paragraph 7.

8. Grande denies the allegations in Paragraph 8.

9. Grande admits that this Court has personal jurisdiction over Grande in this action, and that Grande has a corporate headquarters and other physical locations within this judicial district and division.

10. The allegations in Paragraph 10 do not require a response because they pertain to a separate defendant, Patriot, which has been dismissed from this action with prejudice.

11. Grande denies the allegations in Paragraph 11.

12. Grande admits that venue in this judicial district is proper. Grande otherwise denies the allegations in Paragraph 12.

## III. THE PARTIES

**A. Plaintiffs**

13. Grande lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 13 and therefore denies them.

14. Grande lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 14 and therefore denies them.

15. Grande lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 15 and therefore denies them.

16. Grande lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 16 and therefore denies them.

17. Grande lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 17 and therefore denies them.

18. Grande lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 18 and therefore denies them.

19. Grande lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 19 and therefore denies them.

20. Grande lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 20 and therefore denies them.

21. Grande lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 21 and therefore denies them.

22. Grande lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 22 and therefore denies them.

23. Grande lacks knowledge or information sufficient to form a belief about the truth of the

allegations in Paragraph 23 and therefore denies them.

24. Grande lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 24 and therefore denies them.

25. Grande lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 25 and therefore denies them.

26. Grande lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 26 and therefore denies them.

27. Grande lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 27 and therefore denies them.

28. Grande lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 28 and therefore denies them.

29. Grande lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 29 and therefore denies them.

30. Grande lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 30 and therefore denies them.

31. Grande admits that the parties named are the Plaintiffs in this case.

**B. Defendants**

32. Grande admits the allegations in Paragraph 32.

33. The allegations in Paragraph 33 do not require a response because they pertain to a separate defendant, Patriot, which has been dismissed from this action with prejudice.

### IV.     FACTUAL BACKGROUND

**Plaintiffs' Extensive and Valuable Copyrights**

34. Grande lacks knowledge or information sufficient to form a belief about the truth of the

allegations in Paragraph 34 and therefore denies them.

35. Grande lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 35 and therefore denies them.

36. Grande states that the provisions of 17 U.S.C. § 106 speak for themselves, and denies the allegations of Paragraph 36 to the extent they are inconsistent with the statute.

37. Grande lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 37 and therefore denies them.

## Copyright Infringement Accomplished Over BitTorrent Systems

38. Grande lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 38 and therefore denies them.

39. Grande lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 39 and therefore denies them.

40. Grande states that the provisions of the Copyright Act speak for themselves, and denies the allegations in Paragraph 40 to the extent they are inconsistent with the Copyright Act.

41. Grande states that the provisions of the DMCA speak for themselves, and denies the allegations in Paragraph 41 to the extent they are inconsistent with the DMCA.

42. Grande lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 42 and therefore denies them.

43. Grande lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 43 and therefore denies them.

## Defendants' Knowledge of Extensive and Continuing Copyright Infringement by Grande's Subscribers

44. Grande admits the allegations in the first sentence of Paragraph 44.  With respect to the other allegations in Paragraph 44, Grande states that the information on Grande's website at the

cited URL http://mygrande.com/internet speaks for itself, and denies the allegations in Paragraph 44 to the extent they are inconsistent with the cited material.

45. Grande denies the allegations in Paragraph 45.

46. Grande denies the allegations in Paragraph 46.

47. Grande denies the allegations in Paragraph 47.

48. Grande lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 48 and therefore denies them.

49. Grande denies the allegations in Paragraph 49.

50. Grande denies the allegations in the first sentence of Paragraph 50.  The allegations in the second sentence of Paragraph 50 do not require a response because they pertain to a separate defendant, Patriot, which has been dismissed from this action with prejudice.  To the extent a response is required, Grande denies the allegations in the second sentence of Paragraph 50.

51. Grande denies the allegations in Paragraph 51.

52. Grande denies the allegations in Paragraph 52.

53. Grande denies the allegations in Paragraph 53.

54. Grande denies the allegations in Paragraph 54.

55. The allegations in Paragraph 55 do not require a response because they pertain to a separate defendant, Patriot, which has been dismissed from this action with prejudice.  To the extent a response is required, Grande denies the allegations in Paragraph 55.

56. Grande denies the allegations in Paragraph 56.

57. Grande denies the allegations in the first, second, and third sentences of Paragraph 57. Grande lacks knowledge or information sufficient to form a belief about the truth of the allegations in the fourth sentence of Paragraph 57 and therefore denies them.

58. Grande admits the allegations in the first sentence of Paragraph 58. Grande denies the remaining allegations in Paragraph 58.

59. Grande denies the allegations in Paragraph 59.

## V. CAUSES OF ACTION

### Count One – Secondary Copyright Infringement Against Grande
### 17 U.S.C. § 101 *et seq*.

60. Grande incorporates by reference its foregoing responses to the preceding Paragraphs.

61. Grande denies the allegations in Paragraph 61.

62. Grande denies the allegations in Paragraph 62.

63. Grande denies the allegations in Paragraph 63.

64. Grande denies the allegations in Paragraph 64.

65. Grande denies the allegations in Paragraph 65.

66. Grande denies the allegations in Paragraph 66.

67. Grande denies the allegations in Paragraph 67.

68. Grande denies the allegations in Paragraph 68.

69. Grande denies the allegations in Paragraph 69.

70. Grande denies the allegations in Paragraph 70.

71. Grande denies the allegations in Paragraph 71.

72. Grande denies the allegations in Paragraph 72.

### Count Two – Secondary Copyright Infringement Against Patriot
### 17 U.S.C. § 101 *et seq.*

[No response required because this is a claim against a separate defendant, Patriot, and further because this claim has been dismissed with prejudice pursuant to the Court's March 28, 2018 Amended Order, ECF No. 78]

## VI. REQUEST FOR RELIEF

Grande denies that Plaintiffs are entitled to any of the relief they purport to seek.

## VII. JURY DEMAND

Grande states that this Paragraph contains no allegations that require a response.

## ADDITIONAL AND AFFIRMATIVE DEFENSES

Grande asserts the following additional and affirmative defenses:

1. The Complaint and each count thereof fail to state a claim or cause of action upon which relief can be granted.

2. Grande's lack of actual knowledge of any underlying direct copyright infringement bars the claims against it for contributory copyright infringement.

3. Grande's lack of intent to induce, cause, or materially contribute to any underlying infringement bars the claims against it.

4. Plaintiffs' claims are barred to the extent they do not own copyrights in the works underlying their claims.

5. Plaintiffs' claims are barred to the extent that Plaintiffs or their predecessors did not register copyrights before alleged infringements or within three months of first publication of published works, the failure to register timely bars Plaintiffs' claims for statutory damages and attorneys' fees.

6. Plaintiffs' claims for damages are barred, in whole or in part, by their failure to mitigate damages.

7. Plaintiffs' claims are barred by at least one of the equitable doctrines of waiver, laches, estoppel and/or unclean hands.

8. The statute of limitations, 17 U.S.C. § 507(b), bars Plaintiffs' claims to the extent

Plaintiffs allege liability for instances of alleged copyright infringement that occurred more than three years before Plaintiffs filed their Complaint in this matter.

9. Plaintiffs' claims are barred by the doctrine of copyright misuse.

10. The safe harbor under 17 U.S.C. § 512(a) & (i) bars Plaintiffs' claims against Grande. As a service provider, Grande has adopted and reasonably implemented, and has informed subscribers and account holders of, a policy that provides for the termination in appropriate circumstances of subscribers and account holders alleged to be repeat copyright infringers. Grande's policy involves an escalating series of notifications and actions based upon continued receipt of allegations of copyright infringement that appear to implicate a particular subscriber, which can culminate in termination of the affected subscriber's account. Grande has permanently terminated the accounts of subscribers identified pursuant to this policy. Grande accommodates and does not interfere with standard technical measures used by copyright owners to identify or protect copyrighted works.

## RESERVATION OF RIGHTS

Grande reserves the right to add any additional defenses that discovery may reveal.

## DEMAND FOR JURY TRIAL

Grande requests a trial by jury on all issues so triable.

## REQUEST FOR RELIEF

WHEREFORE, having fully answered, Grande respectfully requests that the Court enter judgment in favor of Defendant and against the Plaintiffs as follows:

A. Holding that Plaintiffs are not entitled to any relief, whether legal, equitable, or otherwise;

B.Declaring that Grande does not contributorily infringe any of the copyrights asserted by Plaintiffs;

C.Awarding Grande its reasonable costs and attorneys' fees and expenses in connection with this action; and

D.Granting such other and further relief to Grande as the Court may deem just and proper.

Dated:  April 9, 2018

                       By: /s/  Richard L. Brophy
                            Richard L. Brophy
                            Zachary C. Howenstine
                            Margaret R. Szewczyk
                            Armstrong Teasdale LLP
                            7700 Forsyth Blvd., Suite 1800
                            St. Louis, Missouri 63105
                            Telephone:  314.621.5070
                            Fax:  314.621.5065
                            rbrophy@armstrongteasdale.com
                            zhowenstine@armstrongteasdale.com
                            mszewczyk@armstrongteasdale.com

                            J. Stephen Ravel
                            State Bar No. 16584975
                            J.R. Johnson
                            State Bar No. 240700000
                            Diana L. Nichols
                            State Bar No. 00784682
                            KELLY HART & HALLMAN LLP
                            303 Colorado, Suite 2000
                            Austin, Texas 78701
                            Tel: (512) 495-6529
                            Fax: (512) 495-6401
                            steve.ravel@kellyhart.com
                            jr.johnson@kellyhart.com
                            diana.nichols@kellyhart.com

                            Attorneys for Defendant GRANDE
                            COMMUNICATIONS NETWORKS LLC

**CERTIFICATE OF SERVICE**

The undersigned certifies that on April 9, 2018, all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system pursuant to Local Rule CV-5(b)(1).

/s/ Richard L. Brophy
Richard L. Brophy