UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| UMG RECORDINGS, INC., et al., | ) |
| Plaintiffs, | ) ) ) |
| vs. | ) ) |
| GRANDE COMMUNICATIONS NETWORKS LLC and PATRIOT MEDIA CONSULTING, LLC, | ) No. 1:17-cv-00365 ) ) ) ) |
| Defendants. | ) ) |

**DEFENDANT GRANDE COMMUNICATIONS NETWORKS, LLC
AND NON-PARTY PATRIOT MEDIA CONSULTING, LLC'S
RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO AMEND**

Plaintiffs' Motion should be rejected because it seeks to relitigate issues that have already been fully considered by the Court and resolved in Defendants' favor. The entire premise for Plaintiffs' request—that newly discovered facts support their dismissed claims—is faulty because those "new facts" merely reinforce allegations that were presented in the original Complaint. The Court presumed those allegations were true when it assessed the sufficiency of Plaintiffs' original Complaint, and the mere discovery of facts supporting those allegations does not provide any legitimate basis to amend the Complaint.

Importantly, Plaintiffs' Proposed Amended Complaint does not fill any of the holes the Court identified in Plaintiffs' original Complaint. Instead, the present Motion simply ignores the Court's well-reasoned decision and attempts to reargue the law and the sufficiency of the original pleading. Allowing Plaintiffs to file an amended complaint under these circumstances would be futile in that it would invite another round of motion practice that would eventually result in another order dismissing Plaintiffs' flawed claims for secondary liability.

1

**FACTUAL BACKGROUND**

Plaintiffs filed their original complaint on August 21, 2017, alleging secondary copyright infringement liability against Grande and Patriot under the theories of vicarious and contributory liability. ECF No. 1. On June 20, 2018, Grande and Patriot separately filed motions to dismiss. ECF Nos. 28 and 29. On July 21, 2017, Plaintiffs filed responses in opposition to Grande and Patriot's motions to dismiss, in lieu of filing an amended complaint. ECF Nos. 33 and 34.

On February 28, 2018, the Magistrate Judge issued the Report and Recommendation ("R&R") on Defendants' motions to dismiss (ECF No. 72), and on March 28, 2018 the Court issued its Amended Order adopting the R&R (ECF No. 78). In the R&R, the Magistrate Judge expressly noted that all well-pleaded factual allegations were presumed and accepted as true. ECF No. 72 at 1, 11.

In its Amended Order adopting the Magistrate Judge's Report and Recommendation, the Court dismissed Plaintiffs' vicarious infringement claims against Grande with prejudice and dismissed the vicarious and contributory infringement claims against Patriot with prejudice. ECF No. 78 at 3.

**LEGAL BACKGROUND**

<u>Good cause under Fed. R. Civ. P. 16(b).</u>  "Federal Rule of Civil Procedure 16(b) controls the amendment of pleadings once a scheduling order has been issued." *Rodriguez v. Encana Oil & Gas (USA) Inc,* No. 5:16-cv-765, 2018 WL 1146394, at *4 (W.D. Tex. Mar. 1, 2018). A scheduling order "shall not be modified except upon a showing of good cause and by leave of the district judge." *Id.* (citing Fed. R. Civ. P. 16(b)). "When the Court analyzes good cause under Rule 16, it should consider four factors: '(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the

2

amendment; and (4) the availability of a continuance to cure such prejudice.'" *Id.* (citations omitted). "Whether the movant has good cause under Rule 16 is within the discretion of the trial court." *Id.*

Leave to amend under Fed. R. Civ. P. 15(a). "[T]he Fifth Circuit has explained that '[o]nly upon movant's demonstration of good cause to modify the scheduling order will the more liberal standard of Rule 15(a) apply to the district court's decision to grant or deny leave.'" *Brown v. Rodriguez*, No. 5:15-cv-396, 2016 WL 1453500, at *14 (W.D. Tex. Apr. 12, 2016) (citation omitted). "[L]eave is not automatic" and "[w]hether to grant leave 'lies within the sound discretion of the district court.'" *Id.* "In exercising its discretion, the Court may consider such factors as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of the amendment." *Id.* (citation and quotation omitted).

"Denying a motion to amend is not an abuse of discretion if allowing an amendment would be futile." *Marucci Sports, L.L.C. v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014). "An amendment is futile if it would fail to survive a Rule 12(b)(6) motion." *Id.* A proposed amended complaint is reviewed "under the same standard of legal sufficiency as applies under Rule 12(b)(6)." *Id.* (citation and quotation omitted).

## ARGUMENT

### I.  Plaintiffs' Request for Amendment Against Grande Should be Denied

#### A.  The Proposed Amended Complaint Fails to Address the Flaws in Plaintiffs' Original Complaint

To plead a claim for vicarious infringement, Plaintiffs must plausibly allege that Grande has a direct financial interest in the allegedly infringing activity. *See* R&R at 16 (citing *Grockster*, 505 U.S. at 930). "The essential aspect of the 'direct financial benefit' inquiry is

whether there is a *causal relationship* between the infringing activity and any financial benefit a defendant reaps." R&R at 17-18 (citing *Ellison v. Robertson,* 357 F.3d at 1072, 1078 (9th Cir. 2004)) (emphasis added). In other words, "the central question of the 'direct financial benefit' inquiry is whether the infringing activity *constitutes a draw* for subscribers, *not just an added benefit*." *Id.* (emphasis added). In this case, the Court properly determined that Plaintiffs "must plead that customers subscribed to Grande's services because of the specific infringing material at issue." *Id.* at 18.

Plaintiffs' original Complaint alleged that Grande received a direct financial benefit from alleged infringement because (1) "the availability of music—and particularly UMG's music—acts as a powerful draw for users of Grande's service, who use that service to download infringing music files using BitTorrent protocols," and (2) "Grande continues to collect substantial money in subscription fees from accounts of known repeat infringers," even "where Defendants have specific and actual knowledge of those subscribers' blatant, repeat infringement." *See* ECF No. 1 at ¶¶ 4, 59, 66.

Based on these pleadings, the Court properly dismissed Plaintiffs' vicarious infringement claim because such allegations "would impose liability on every ISP, as the music at issue is available on the Internet generally, as is the BitTorrent protocol, and is not something exclusively available through Grande's services." R&R at 18. The Court explained that its decision was based on the absence of "allegations that Grande's actions in failing to adequately police their infringing subscribers *is a draw to subscribers to purchase its services*, so that they can use those services to infringe on [Plaintiffs'] (and others') copyrights." *Id.* (emphasis added).

Despite these clear rulings from the Court, Plaintiffs now seek to file an Amended

4

Complaint[1] that relies on the very same flawed allegations to support its vicarious infringement claim. Specifically, Plaintiffs' new allegations are that:

> *Although it failed to terminate any subscribers for copyright infringement from 2011 until June 2017, Grande has tracked and continues to track information received alleging copyright infringement by its users. Grande's own records reveal that the company knew the specific musical works that its infringing customers were downloaded, including specifically Plaintiffs' Copyrighted Sound Recordings. This evidence demonstrates that Plaintiffs' Copyrighted Sound Recordings were a draw to Grande's infringing customers, including customers Grande has identified as repeat infringers.*

*See* Ex. 1 at ¶¶ 67-68[2].

First, the original Complaint already asserted that Grande knew its subscribers were infringing Plaintiffs' copyrights based on the notices it received from Rightscorp. *See, e.g.,* ECF No. 1 at ¶¶ 4, 5, 47, 50, 59, 65. At most, the "new" pleadings in the Proposed Amended Complaint substantiate those earlier allegations.[3] But, the Court presumed those allegations were true when it assessed the sufficiency of Plaintiffs' pleadings and decided to dismiss the vicarious infringement claim. Plaintiffs' alleged discovery of facts that support the allegations made in the original Complaint does not provide a legitimate basis for filing an amended complaint.

Second, even if the allegations cited above were new, the fact that Grande monitors copyright notices in no way satisfies Plaintiffs' obligation to plead direct financial interest. Just

---

[1] A copy of Plaintiffs' Proposed Amended Complaint with the newly-added pleadings highlighted is attached to this briefing as Exhibit 1, annotated to reflect the relationship between those allegations and Plaintiffs' original allegations.

[2] The documents cited in Exhibit D to Plaintiffs' motion are merely records reflecting notices received from copyright holders. All of these records are from 2017 and they were prepared in accordance with Grande's DMCA subscriber termination protocol.

[3] Plaintiffs admit as much in their Motion. *See* ECF No. 85 at 4 ("Plaintiffs' original Complaint alleged both that copyrighted works were a draw to Grande's users and that Grande directly profited from its users' infringement. *Discovery in this case reveals that Plaintiffs were correct*.") (emphasis added).

like the original Complaint, "there are no allegations [in the Amended Complaint] that Grande's actions in failing to adequately police their infringing subscribers is a draw to subscribers to purchase its services. . . ." R&R at 18.  As this Court has already determined, allegations like those cited above "would impose liability on every ISP" and do not sufficiently plead vicarious liability.  *Id*.

Proposed amendments like those presented here simply "rehash[] the same arguments" previously dismissed by the Court, are futile, and warrant denial of leave to amend.  *See Lothian Cassidy, LLC v. Lothian Expl. & Dev. II, LP,* No. 7:13-cv-127, 2016 WL 7616715, at *1 (W.D. Tex. Oct. 12, 2016); *see also Rodriguez v. Encana Oil & Gas (USA) Inc.*, No. 5:16-cv-765, 2018 WL 1146394, at *5 (W.D. Tex. Mar. 1, 2018) (finding "[p]laintiff has failed to show good cause for the Court to modify its scheduling order and allow Plaintiff to amend his complaint" where the "Plaintiff fails to cure the deficiency that the Court noted in its prior dismissal order.").

### B.  Undue Prejudice to Grande Also Warrants Denial of Leave to Amend

The present Motion should also be denied because adding vicarious infringement back into the case at this late date would severely prejudice Grande.  Grande conducted the lion's share of its fact discovery with the understanding that vicarious infringement was not at issue in the case.  Now adding that claim would require Grande to serve additional discovery which it would likely not collect and review before summary judgment briefing commences.  Moreover, Grande would be forced to conduct that additional discovery in a compressed timeframe, while simultaneously attempting to prepare expert reports and summary judgment briefing.  This significant prejudice militates against amendment.  *See Pharr v. Wille*, No. 1:14-cv-762, 2016 WL 1448886, at *3 (W.D. Tex. Apr. 12, 2016) (finding prejudice in part due to amendments where "new depositions would need to be taken and new interrogatories would need to be

answered.").

Furthermore, "the prejudice to the Court should also be accounted for," and an additional round of motion to dismiss briefing—on futile pleadings addressing the same arguments and law already resolved by the Court—would only further add to the costs and burden of this litigation. *See Integrity Factoring & Consulting, Inc. v. Triple S Materials, L.P.,* No. 5:16-cv-885, 2017 WL 8020218, at *3 (W.D. Tex. Nov. 20, 2017).

## II.  Plaintiffs' Request for Amendment Against Patriot Should be Denied

Plaintiffs' proposed amendments against Patriot are similarly flawed. The Proposed Amended Complaint includes no truly new allegations that remedy the flaws the Court identified in the original Complaint.

The Court dismissed Plaintiffs' allegations against Patriot because they were "a very poorly disguised attempt to ignore Grande's corporate form, and to impose liability on Patriot solely because it provides services to Grande." R&R at 20-21. The Court further determined that "the relationship between the alleged direct infringers and Patriot is too attenuated to support a claim against Patriot." *Id.* at 21. The Court's conclusions are equally applicable to Plaintiffs' proposed amended allegations.

Plaintiffs seek leave to amend based on its discovery of facts establishing that Patriot develops and administers Grande's policies for addressing allegations of subscriber infringement. *See* Motion at 6. Specifically, Plaintiffs "new" allegations assert that:

> *Patriot performs the functions of Grande's CEO, CFO, and COO; develops Grande's overall business strategy; and handles various marketing, legal, regulatory, and other functions for Grande. In particular, Patriot sets Grande's policies, including policies relating to copyright infringement.*

*See* Ex. 1 at ¶ 47.

None of these allegations are new. Plaintiffs' original Complaint alleged that "Patriot has

7

the right and ability to supervise and control the infringing activities that occur using the Grande service . . . ." ECF No. 1 at ¶ 80.  More specifically, the original Complaint alleges that"[b]ecause it provided executive and general counsel services to Grande, Patriot is equally liable for Grande's failure to comply with its legal responsibilities and for the copyright infringement that resulted from those failures . . . Patriot's infringing conduct includes, among other things, formulating and implementing the business policies, procedures, and practices that provide repeat infringers with continued Internet service through Grande."  *Id.* at ¶ 55.

The Court presumed all of the foregoing facts were true when it dismissed Plaintiffs' allegations against Patriot *with prejudice*.  R&R at 1.  The fact that Plaintiffs conducted discovery and now have facts to *support* their pleadings does not affect the insufficiency of those pleadings.  Plaintiffs' allegations against Patriot still represent an improper attempt to "ignore Grande's corporate form, and to impose liability on Patriot solely because it provides services to Grande."  *Id.* at 21.  Because Patriot is not an Internet service provider, Patriot does not "actively participate" in the alleged secondary infringement as the law requires.[4]  *Id.* at 20.

Plaintiffs also argue that the Proposed Amended Complaint presents "new" allegations regarding Patriot's ownership interest in Grande.  *See, e.g.,* ECF No. 85 at 8-9.  Plaintiffs' new allegation is that Patriot "has an ownership interest[5] in Grande and has had such an interest since at least 2013."  Ex. 1 at ¶ 47.  But this allegation is not new.  The original Complaint alleged that

---

[4] Patriot remains at least one step removed from alleged secondary liability and two steps removed from any direct liability.  *See In re Napster Inc.*, 2001 WL 36593841, at *2 (N.D. Cal. July 9, 2001); *David v. CBS Interactive Inc.*, 2012 WL 12884914, at *4 (N.D. Cal. July 13, 2012).

[5] During oral argument, Patriot's counsel represented that Patriot has no ownership interest in Grande.  That statement was incorrect.  Grande's counsel takes his obligation to provide truthful information to the Court seriously, and he deeply regrets misstating that fact.  He believed the statement to be accurate, but later learned that Patriot owns a very small percentage of Grande.

8

"Patriot . . . at all relevant times has derived a direct financial benefit from the infringement of Plaintiffs' copyrights." ECF No. 1 at ¶ 80.

Even if the Court finds Plaintiffs' refined pleading sufficiently new, the allegation provides no basis for amendment. A party's ownership interest in a company cannot expose that party to secondary (or tertiary liability) for copyright infringement.[6] Such a result would once again improperly ignore Grande's and Patriot's status as independent corporate entities. R&R at 20-21.

### III. Plaintiffs Should Not Be Permitted to Add Pleadings Unrelated to the New Evidence Produced by Grande in Litigation

Plaintiffs argue that their recent discovery of evidence produced by Grande in this litigation provides good cause for amending the Complaint. *See, e.g.,* ECF No. 85 at 1 ("Plaintiffs move to amend their Complaint to state additional, previously unavailable facts supporting their claim[s]"). Because Plaintiffs do not present any other good cause basis for making amendments, any pleadings that Plaintiffs seek to add to the Complaint that do not relate to the evidence Grande recently produced should be stricken.

Paragraph 45 of the Proposed Amended Complaint includes a new sentence that reads as follows: "Rightscorp's system has acquired from the infringing host computers of Grande's users at least one full copy of each of the Copyrighted Sound recordings listed in Exhibit A." Ex. 1 at ¶ 45. This proposed additional pleading does not relate in any way to evidence Plaintiffs obtained in discovery and represents an improper attempt to amend the pleadings without good

---

[6] Plaintiffs rely on *EMI Apr. Music Inc. v. Know Grp.,* LLC to argue that "entitlement to participate in the profits of the business suffices to establish direct financial benefit." Motion at 8. This argument misses the mark because even if Patriot is determined to have a direct financial benefit in Grande, that does not establish that Patriot has a direct financial benefit in *the infringement*. The Court's determination that Plaintiffs failed to plead a direct financial benefit to Grande means that they also failed to plead a direct financial benefit to Patriot.

cause at the close of discovery.

Grande has conducted all of its discovery with the understanding that Plaintiffs' allegations of infringement are based on (1) the copyright infringement notices Rightscorp transmitted to Grande and (2) a series of copyright registrations produced by Plaintiffs in discovery. These were the only sets of material identified in response to numerous interrogatories that sought a listing of the evidence Plaintiffs would rely on at trial. Because these additional allegations "exceed the scope" of Plaintiffs' arguments for good cause, they should be stricken. *See, e.g. Benton v. Baker Hughes*, No. 2:12-cv-7735, 2013 WL 3353636, at *3 (N.D. Cal. June 30, 2013) (collecting cases striking or dismissing new claims and allegations that exceed the scope of an order granting leave to amend).

## CONCLUSION

Thus because Plaintiffs have failed to demonstrate satisfaction of the standards required under either Rule 15 or Rule 16—which both must be satisfied in order to justify leave to amend—Plaintiffs' motion for leave to amend the Complaint should be denied.

Dated:  May 17, 2018

By: /s/  Richard L. Brophy
Richard L. Brophy
Zachary C. Howenstine
Margaret R. Szewczyk
Armstrong Teasdale LLP
7700 Forsyth Blvd., Suite 1800
St. Louis, Missouri 63105
Telephone:  314.621.5070
Fax:  314.621.5065
rbrophy@armstrongteasdale.com
zhowenstine@armstrongteasdale.com
mszewczyk@armstrongteasdale.com

J. Stephen Ravel
State Bar No. 16584975
J.R. Johnson
State Bar No. 240700000
Diana L. Nichols
State Bar No. 00784682
KELLY HART & HALLMAN LLP
303 Colorado, Suite 2000
Austin, Texas 78701
Tel: (512) 495-6529
Fax: (512) 495-6401
steve.ravel@kellyhart.com
jr.johnson@kellyhart.com
diana.nichols@kellyhart.com

Attorneys for Defendant GRANDE COMMUNICATIONS NETWORKS LLC and PATRIOT MEDIA CONSULTING, LLC

## **CERTIFICATE OF SERVICE**

The undersigned certifies that on May 17, 2018, all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system pursuant to Local Rule CV-5(b)(1).

/s/ Richard L. Brophy
Richard L. Brophy