IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| UMG RECORDINGS, INC., *et al.*, § <br> § <br> Plaintiffs, § <br> § <br> vs. § <br> § Civil Action No. 1:17-cv-00365-LY <br> § <br> GRANDE COMMUNICATIONS § <br> NETWORKS LLC and PATRIOT MEDIA § <br> CONSULTING, LLC, § <br> § <br> Defendants. § | |

**REPLY IN SUPPORT OF PLAINTIFFS' MOTION FOR LEAVE TO AMEND COMPLAINT TO ALLEGE FACTS BASED ON NEWLY-DISCOVERED EVIDENCE**

Defendants' Opposition [Dkt. 91] fails to rebut Plaintiffs' showing that good cause exists to allow Plaintiffs to replead. *First*, the claims against Patriot were dismissed based on Defendants' representations to the Court that Patriot's role in the conduct at issue was attenuated and that Patriot did not have an ownership interest in Grande. But the evidence subsequently adduced in discovery shows that Defendants' assertions were patently false: in fact, Patriot *dictates* Grande's copyright infringement policies and practices, and **has an ownership interest in Grande**. Defendants have no answer to these allegations, except to admit in a footnote that Defendants previously provided the Court with "incorrect" information about Patriot's ownership interest. Opp. at 8, n.5. But that meager response ignores the prejudice to Plaintiffs that Defendants caused. Defendants could and should have corrected that misinformation many months ago, knowing that the Court relied on it in dismissing the claims against Patriot and in denying Plaintiffs discovery they had sought.[1]

---

[1] Order on Mot. to Compel at 2 [Dkt. 60] ("*According to statements of counsel at the hearing, Patriot does not have any ownership interest in Grande. Based on this understanding of the relationship between Grande and Patriot*, the Court concludes that Plaintiffs have failed to

1

*Second*, with respect to their vicarious liability claims, Plaintiffs have made new allegations that Defendants directly profit from infringement by collecting substantial fees from Grande's numerous subscribers who illegally download music.  Those allegations, which Defendants do not contest, satisfy the "direct financial benefit" prong for vicarious infringement.

In the interest of justice, the Court should grant Plaintiffs leave to replead their claims against Patriot and their vicarious liability claims.

## ARGUMENT

I. **DEFENDANTS FAIL TO REBUT PLAINTIFFS' SHOWING THAT PATRIOT PROPERLY IS A DEFENDANT, GIVEN THE EVIDENCE THAT REFUTES DEFENDANTS' MISCHARACTERIZATIONS OF PATRIOT'S RELATIONSHIP TO GRANDE.**

Patriot was dismissed after Defendants made two assertions concerning Patriot's relationship to the case: (1) Patriot's role was "extremely *attenuated*" and "really far removed from the actual conduct that is at issue here," and (2) Patriot did not have an ownership interest in Grande.  Mot. at 7-8 [Dkt. 85]; *see also* Magistrate Judge Report and Recommendation [Dkt. 72] ("Report") at 21 ("the relationship between the alleged direct infringers and Patriot is too *attenuated* to support a claim against Patriot") (emphasis added).  The new evidence shows that both of Defendants' assertions are false.  Patriot—the company, not its employees who are filling executive roles at Grande—calls the shots on Grande's policies and practices for copyright infringement.  And Patriot has held an ownership interest in Grande since at least 2013.  Mot. at 7-8; Am. Compl. ¶¶ 78, 80, 95-96, 98 [Dkt. 85-4].  Again, Defendants concede that the new evidence Plaintiffs have adduced "*support* their pleadings[.]"  Opp. at 8 (emphasis in original). Unable to refute the evidence, Defendants try to argue it is irrelevant.  Defendants first assert that

---

demonstrate that Patriot's interactions with other ISPs are relevant to Grande's policies and procedures relating to copyright infringement by Grande customers.") (emphasis added).

"[b]ecause Patriot is not an Internet service provider, Patriot does not 'actively participate' in the alleged secondary infringement as the law requires." Opp. at 8 (emphasis in original) (citing Report at 20). But there is no support for that legal assertion. Defendants do not even mention, let alone distinguish, authorities such as *Broad. Music, Inc. v. Armstrong*, 2014 WL 2440556, at *8 (W.D. Tex. May 30, 2014), where this Court held that "[a]ll participants in copyright infringement are jointly and severally liable as tortfeasors[,]" or *Arista Records LLC v. Lime Grp., LLC,* 784 F. Supp. 2d 398 (S.D.N.Y. 2011), where the court observed "[i]t is well established that '[a]ll persons and corporations who participate in, exercise control over or benefit from an infringement are jointly and severally liable as copyright infringers.'" (citations omitted).

Defendants then try to minimize "Plaintiffs' new allegation [] that Patriot 'has an ownership interest in Grande and has had such an interest since at least 2013[,]'" Opp. at 8 (citing Am. Compl. ¶ 47), claiming that "the allegation provides no basis for amendment[,]" *id.* at 9. But this fact is highly relevant: an ownership interest in another entity is sufficient to establish direct financial benefit for vicarious infringement. *EMI Apr. Music Inc. v. Know Grp., LLC*, 2006 WL 3203276, at *3 (N.D. Tex. Nov. 6, 2006) (*citing Nelson-Salabes, Inc. v. Morningside Dev., LLC*, 284 F.3d 505, 514 (4th Cir. 2002)). Indeed, the Magistrate Judge directly asked Defendants at oral argument whether Patriot has an ownership interest in Grande. Mot. Ex. C [Dkt. 85-3]. Defendants' unequivocal response, that Patriot did ***not*** have an ownership interest in Grande, was untrue, something that Defendants never corrected and only now acknowledge in a footnote. Plaintiffs suffered real prejudice from Defendants' misstatement. The Court can remedy that prejudice: it should bring Patriot back into the case, giving Plaintiffs a fair opportunity to obtain relief from all entities responsible for the infringement of Plaintiffs' works.

3

## II. DEFENDANTS FAIL TO REBUT PLAINTIFFS' NEW ALLEGATIONS SHOWING THAT DEFENDANTS FINANCIALLY BENEFITTED FROM SUBSCRIBERS' INFRINGING CONDUCT.

The law recognizes that "with respect to the second element of a claim for vicarious liability, a financial benefit exists where there is evidence of a direct financial gain *or* that the 'availability of infringing material acts as a draw for customers.'" *GC2 Inc. v. Int'l Game Tech. PLC*, 255 F. Supp. 3d 812, 825 (N.D. Ill. 2017) (citing *Ellison v. Robertson*, 357 F.3d 1072, 1078 (9th Cir. 2004)). Plaintiffs allege both types of direct financial benefit to satisfy this element for vicarious liability. *See* Mot. at 4; *see also* Opp. at 4. Defendants' Opposition, however, only addresses the "draw" allegations, ignoring Plaintiffs' allegation, and new evidence, that Defendants directly profit from the repeat infringers themselves. *See* Opp. at 5-6.

Plaintiffs' proposed Amended Complaint includes new allegations, with substantiating evidence, that Defendants provide internet access to, and collect substantial fees from, specific Grande customers who, as Defendants know, repeatedly download music illegally through BitTorrent (including specifically Plaintiffs' works in suit), and that Defendants never terminated any such infringing customers from 2011 until June 2017, after Plaintiffs filed this suit. *See* Mot. at 5; Am. Compl. ¶¶ 5-6, 49-53, 58, 64, 67-68, 78-80, 95-96, 98 & Exs. B, D. These new facts, which emerged from discovery conducted after the motion to dismiss hearing, address the Magistrate Judge's conclusion that Plaintiffs "failed to plead facts showing that Grande receives a direct financial benefit from its subscribers' infringing conduct." Report at 18. These newly-discovered facts demonstrate the "causal relationship between the infringing activity and any financial benefit a defendant reaps," *Ellison*, 357 F.3d at 1079. And they are a quintessential example of "[t]urning a blind eye to detectable acts of infringement for the sake of profit" which "gives rise to [vicarious infringement] liability." *A&M Records, Inc. v. Napster, Inc.*, 239 F.3d 1004, 1023 (9th Cir. 2001).

4

Plaintiffs' new allegations also establish that they satisfy the "draw" form of direct financial benefit. "Financial benefit exists where the availability of infringing material "acts as a 'draw' for customers." *Napster, Inc.*, 239 F.3d at 1023. The new evidence shows that specific customers continued to use Grande's service to infringe sound recordings repeatedly due to Grande's failure to terminate any of these subscribers for copyright infringement from 2011 until June 2017. Am. Compl. ¶ 67 & Ex. D. The ability of subscribers to access Plaintiffs' music on Grande's internet service via BitTorrent without being terminated is "a powerful draw for users of Grande's service." *Id.* ¶ 77. *See also id.* ¶¶ 78-80. Notably, in *BMG Rights Mgmt. (US) LLC v. Cox Commc'ns, Inc.*, the court denied an ISP's motion for summary judgment on the same facts and sent the issue to the jury: "***A reasonable trier of fact could conclude that some percentage of Cox customers were drawn to Cox's internet service at least in part to download music, including BMG's copyrighted works, using BitTorrent.***" 149 F. Supp. 3d 634, 676 (E.D. Va. 2015), *aff'd in part, rev'd in part*, 881 F.3d 293 (4th Cir. 2018). This Court should similarly allow Plaintiffs to proceed with their claims against Grande and Patriot.[2]

## CONCLUSION

For the foregoing reasons, as well as those set forth in their opening Motion, the Court should grant Plaintiffs leave to replead their vicarious liability claims and all claims against Patriot.

---

[2] Defendants claim they would be prejudiced because they have not sought the discovery they need to address a reintroduced vicarious liability claim. Opp. at 6. This claim is not credible. Discovery has been ongoing since June 2017. The Report was not issued until February 28, 2018. Defendants fail to explain why they would not have sought discovery on all relevant issues during that nine-month period, nor do they identify any specific information they still need to respond to a vicarious liability claim. Moreover, the information relevant to this claim—information about Defendants' right and ability to control infringement and the financial benefit to Defendants—is already in Defendants' possession. Finally, the parties have agreed to extend fact discovery until July 6, 2018. The Court should reject Defendants' argument.

Dated: May 24, 2018                                Respectfully submitted,


                                                By:  */s/ Daniel C. Bitting*

Daniel C. Bitting (State Bar No. 02362480)
Paige A. Amstutz (State Bar No. 00796136)
**Scott Douglass & McConnico LLP**
303 Colorado Street, Suite 2400
Austin, TX 78701
Telephone: (512) 495-6300
Facsimile: (512) 495-6399
dbitting@scottdoug.com
pamstutz@scottdoug.com

Pat A. Cipollone, P.C. (admitted *pro hac vice*)
Jonathan E. Missner (admitted *pro hac vice*)
Robert B. Gilmore (admitted *pro hac vice*)
Philip J. O'Beirne (admitted *pro hac vice*)
**Stein Mitchell Cipollone Beato & Missner LLP**
1100 Connecticut Avenue, NW Suite 1100
Washington, DC 20036
Telephone: (202) 737-7777
Facsimile: (202) 296-8312
pcipollone@steinmitchell.com
jmissner@steinmitchell.com
rgilmore@steinmitchell.com
pobeirne@steinmitchell.com

***Attorneys for Plaintiffs***

## CERTIFICATE OF SERVICE

The undersigned certifies that on May 24, 2018 all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system pursuant to Local Rule CV-5(b)(1).

/s/ Daniel C. Bitting
Daniel C. Bitting