UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| UMG RECORDINGS, INC., et al.,<br><br>Plaintiffs,<br><br>vs.<br><br>GRANDE COMMUNICATIONS NETWORKS LLC and PATRIOT MEDIA CONSULTING, LLC,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) No.  1:17-cv-00365<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**DEFENDANT GRANDE COMMUNICATION NETWORKS LLC'S
MOTION TO AUTHORIZE SERVICE OF THIRD-PARTY SUBPOENA
BY U.S. MARSHAL**

Defendant Grande Communication Networks LLC ("Grande") respectfully moves this Court for an order authorizing the United States Marshal for the Central District of California to serve a subpoena on third-party witness IP-Echelon Pty, Ltd ("IP-Echelon").  As discussed in more detail herein, Grande has been unsuccessful in its attempts to serve IP-Echelon with a subpoena using a private process server and through attempts to communicate informally with IP-Echelon.  Accordingly, Grande respectfully requests this Court to approve the use of the United States Marshal to serve this subpoena upon IP-Echelon.

**BACKGROUND**

According to its website (www.ip-echelon.com), IP-Echelon is a privately held company with offices in Hollywood, California and Melbourne, Australia that provides "data analytics and audience measurements on unauthorized distribution channels" regarding its clients' content.  *See* Exhibit 1 to Declaration of Nicholas Clifford (attached as Exhibit A).  It monitors peer-to-peer networks for its clients' content and gathers information about infringing activity.  *Id.*  IP-

1

Echelon sends out infringement notices and takedown requests for some of the largest entertainment companies in the world. *See* Exhibit 2 to Clifford Decl.

IP-Echelon was involved in an infringement notice phishing scam, described more fully in the attached article. *See* Exhibit 3 to Clifford Decl. The perpetrators sent fake IP-Echelon copyright infringement notices regarding certain copyrighted material to an internet service provider (Cox Communications), which then passed them on to its customers. *Id.* The notices threatened the customers with legal action and monetary damages and offered settlements through a link in the notice. *Id.* The article quoted IP-Echelon as saying, "The notices are fake and not sent by us. It's a phishing scam." *Id*. IP-Echelon explained that its infringement notices are digitally signed using the PGP protocol "for ISPs to check authenticity." *Id.* Grande has also received IP-Echelon infringement notices, which include both authenticated, PGP-signed infringement notices from IP-Echelon, as well as fake, non-PGP-signed notices which falsely claim to be from IP-Echelon. Clifford Decl. at ¶¶ 9-10.

In light of this phishing scam involving IP-Echelon and Grande, as well as the similarity of IP-Echelon's role in investigating and sending infringement notices regarding alleged BitTorrent-based infringements to the role played by Rightscorp for Plaintiffs in this case, Grande decided to subpoena IP-Echelon to produce certain documents and appear for a deposition. *See* Exhibit 4 to Clifford Decl.

Grande's process server has attempted service of the subpoena at IP-Echelon's Hollywood, CA business address but was repeatedly refused. Clifford Decl. at ¶ 6. The building receptionist did not identify himself, would not acknowledge that IP-Echelon was a tenant, and refused to contact IP-Echelon or provide any information about it. *Id*. Notwithstanding the Los Angeles address identified on IP-Echelon's website, it is not registered to do business with the

2

State of California and does not have a registered agent listed in the California Secretary of State Business Search database. Clifford Decl. at ¶ 7. Finally, Grande's counsel telephoned and emailed IP-Echelon but never received a response. Clifford Decl. at ¶ 8.

## ARGUMENT

Because IP-Echelon has refused to accept service of a subpoena on it through ordinary service of process or other informal means, Grande respectfully requests the Court to order the U.S. Marshal for the Central District of California to effect service of the subpoena on IP-Echelon. The U.S. Marshal's Service is authorized to serve subpoenas under 28 U.S.C. § 566(a) and (c) and to collect fees therefore under 28 U.S.C. § 1921(a)(1)(B). Under Rule 4, the Court has the discretion to appoint a U.S. Marshal to serve process upon motion of a party. *See* Fed. R. Civ. P. 4(c)(3) advisory committee notes (1993 amendment) ("The court also retains discretion to appoint a process server on motion of a party. If a law enforcement presence appears to be necessary or advisable to keep the peace, the court should appoint a marshal or deputy or other official person to make the service."). *See also Yelland v. Abington Heights School District*, No. 3:16-2080, 2017 WL 4122465, at *4 (M.D. Pa.) (granting party's request for assistance with serving subpoenas and directing U.S. Marshals Service to serve subpoenas pursuant to 28 U.S.C. § 566(a) and (c)).

Grande has exhausted all mechanisms available to it for serving a subpoena on IP-Echelon. IP-Echelon does not have a registered agent to receive service of process. Clifford Decl. at ¶ 7. Grande engaged a private process server to serve the subpoena at IP-Echelon's Los Angeles office, but the process server's efforts have been rebuffed on multiple occasions. Clifford Decl. at ¶ 6. Grande's counsel has also attempted to communicate via telephone and email with IP-Echelon, but IP-Echelon has not responded to these communications. Clifford

3

Decl. at ¶ 8.  Grande does not have any other means to complete service of the subpoena on IP-Echelon.

In the absence of proper service of the subpoena on IP-Echelon, Grande would be prejudiced because it would be unable to obtain evidence from IP-Echelon.  Accordingly, Grande requests the assistance of the U.S. Marshal to complete service on IP-Echelon.

## CONCLUSION

For the foregoing reasons, Grande respectfully requests that the Court grant this Motion, order the U.S. Marshal for the Central District of California to serve Grande's Subpoena on IP-Echelon, and grant other relief as the Court deems just and proper.

Dated:  May 25, 2018.

By: /s/    Nicholas B. Clifford_____
Richard L. Brophy
Zachary C. Howenstine
Margaret R. Szewczyk
Nicholas B. Clifford
Armstrong Teasdale LLP
7700 Forsyth Blvd., Suite 1800
St. Louis, Missouri 63105
Telephone:  314.621.5070
Fax:  314.621.5065
rbrophy@armstrongteasdale.com
zhowenstine@armstrongteasdale.com
mszewczyk@armstrongteasdale.com
nclifford@armstrongteasdale.com

Attorneys for Defendant GRANDE
COMMUNICATIONS NETWORKS LLC

## CERTIFICATE OF SERVICE

The undersigned certifies that on May 25, 2018, all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system pursuant to Local Rule CV-5(b)(1).

/s/     *Nicholas B. Clifford*
         Nicholas B. Clifford