AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Western District of Texas

| | | |
|---|---|---|
| UMG Recordings Inc. et al. | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 1:17-cv-00365-LY |
| Grande Communications Networks LLC et al. | ) | |
| *Defendant* | ) | |

**SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION**

To: IFPI, 3470 NW 82nd Ave., Suite 680, Doral, FL 33122

*(Name of person to whom this subpoena is directed)*

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

See Attachment A, attached hereto.

| Place: Orange Legal<br>6303 Blue Lagoon Drive, Suite 380<br>Miami, FL 33126 | Date and Time:<br>05/30/2018 9:00 am |
|---|---|

The deposition will be recorded by this method: certified court reporter; video

☑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material: See Attachment B. Please produce all documents to undersigned counsel no later than May 16, 2018.

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 05/02/2018

| *CLERK OF COURT* | OR | /s/ Zachary C. Howenstine |
|---|---|---|
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Grande Communications Networks LLC , who issues or requests this subpoena, are:

Z. Howenstine, 7700 Forsyth Blvd Ste 1800, St Louis MO 63105; zhowenstine@armstrongteasdale.com; 314-342-4169

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No. 1:17-cv-00365-LY

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____
on *(date)* _____ .

❒ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

❒ I returned the subpoena unexecuted because: _____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*

    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
    **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## ATTACHMENT A

## DEFINITIONS

1. "IFPI" "you," and "your" refers to International Federation of the Phonographic Industry, its parents, subsidiaries, divisions, predecessors, successors, affiliates, and any present or former agent, employee, representative, director, officer, or any other person acting or purporting to act on its behalf.

2. "Grande" means Grande Communications Networks LLC, and any subsidiary, predecessors, successors, affiliates, any present or former agent, employee, representative, director, officer, or any other person acting or purporting to act on its behalf.

3. "Patriot" means Patriot Media Consulting, LLC, and any subsidiary, predecessors, successors, affiliates, any present or former agent, employee, representative, director, officer, or any other person acting or purporting to act on its behalf.

4. "Universal Plaintiffs" means the following entities: UMG Recordings, Inc., Capitol Records, LLC, Capitol Christian Music, Group, Inc. Fonovisa, Inc., Roc-A-Fella Records, LLC, and Tooth & Nail, LLC), and any subsidiary, predecessors, successors, and affiliates, and any present or former agent, employee, representative, director, officer, or any other person acting or purporting to act on behalf of any of the Universal Plaintiffs.

5. "Sony Plaintiffs" means the following entities: Sony Music Entertainment, Arista Records LLC, Arista Music, LaFace Records LLC, and Zomba Recording LLC, and any subsidiary, predecessors, successors, and affiliates, and any present or former agent, employee, representative director, office, or any other person acting or purporting to act on behalf of any of the Sony Plaintiffs.

6. "Warner Plaintiffs" means the following entities: Warner Bros. Records Inc.,

Atlantic Recording Corporation, Elektra Entertainment Group Inc., Fueled by Ramen LLC, Nonesuch Records Inc., Rhino Entertainment Company, Roadrunner Records, Inc., and any subsidiary, predecessors, successors, and affiliates, and any present or former agent, employee, representative director, office, or any other person acting or purporting to act on behalf of any of the Warner Plaintiffs.

7. "Plaintiffs" refers to any individual entity or any combination of the entities included in the Universal Plaintiffs, the Sony Plaintiffs, and/or the Warner Plaintiffs.

8. "Complaint" means the Complaint (attached as Exhibit 1 to this subpoena) filed in this action.

9. "And" and "or" shall be construed disjunctively or conjunctively, as necessary, so as to have the broadest possible meaning.

10. Where appropriate, the singular form of a word shall be interpreted in the plural, and vice versa, to have the broadest possible meaning.

11. "Including" shall be given its broad, natural meaning, and shall not be interpreted as limiting.

12. "Document" means any writing or other record in any form, electronic or hard copy, and includes all items contemplated within Rule 34 of the Federal Rules of Civil Procedure, including without limitation writings, drawings, graphs, charts, photographs, phonorecords, emails, and other data compilations from which information can be obtained, translated, if necessary, by the respondent through detection devices into reasonable usable form, as broadly construed.

13. "ISP" means any business or organization that is an internet service provider.

14. "BitTorrent" means the BitTorrent communications protocol for peer-to-peer file

sharing used to distribute data and electronic files over the internet.

15.     "Peer-to-Peer" means computer networks in which each computer can act as a server for others, allowing shared access to files and peripherals without the need for a central server.

16.     "Grande Subscriber" means any account holder or subscriber of internet services provided by Grande.

17.     "IFPI System" means the technological system that MarkMonitor uses to monitor and extract information from Peer-to-Peer file sharing networks, as well as send notices of alleged infringement to internet services providers.

18.     "IFPI Notice" means the notices sent by IFPI to an ISP identifying instances of alleged infringement of copyrighted works committed by a subscriber of the ISP.

19.     "RIAA" means Recording Industry Association of America, and any subsidiary, predecessors, successors, affiliates, any present or former agent, employee, representative, director, officer, or any other person acting or purporting to act on its behalf.

## MATTERS FOR EXAMINATION

1.      IFPI's actions and communications related to monitoring internet traffic for infringement of Plaintiffs' copyrighted works, including activities occurring over Grande's network, as described by Plaintiffs under oath in the following highlighted responses to Interrogatory No. 11:

**INTERROGATORY NO. 11:**

Separately for each Plaintiff, identify all third parties responsible for or involved in monitoring internet traffic for instances of copyright infringement, otherwise searching for instances of copyright infringement, or sending notices regarding copyright infringement.

**ANSWER:** Plaintiffs object to this Interrogatory as Plaintiffs object to this Interrogatory as overbroad, as it potentially encompasses a wide range of materials that are not relevant and not proportional to the needs of the case, and thus not discoverable under Federal Rule of Civil Procedure 26. Plaintiffs further object to this Interrogatory as potentially seeking information protected by the attorney-client and work product privileges.

Subject to and without waiving these objections, Plaintiffs answer this Interrogatory as follows: ==Plaintiffs are aware that Rightscorp and the International Federation of the Phonographic Industry (IFPI) monitor internet traffic for infringement of Plaintiffs copyrighted works, potentially including activities occurring over Grande's network==.

Plaintiffs' Objections and Responses to Defendants' First Set of Interrogatories, dated November 3, 2017.

2. The processes, procedures, and methods by which IFPI monitors Peer-to-Peer file sharing networks in order to identify alleged infringers of copyrighted works, including through use and operation of the IFPI System or any third-party software.

3. The capabilities and functionality of the IFPI System related to monitoring and detecting Peer-to-Peer file sharing activity associated with a particular internet subscriber and a particular ISP, including but not limited to the ability to identify an internet subscriber that has downloaded a copyrighted work and subsequently provide a IFPI Notice to the ISP that provides internet service to that same internet subscriber.

4. The considerations that informed IFPI's decision(s) to send and continue sending IFPI Notices to Grande.

5. The considerations and negotiations that resulted in IFPI associating with the RIAA and/or the Plaintiffs for purposes of sending IFPI Notices to Grande and/or bringing this lawsuit against Grande and Patriot.

6. IFPI's knowledge regarding Grande and/or Patriot's alleged liability for acts of copyright infringement by Grande Subscribers.

7. The development, testing, and evaluation of the software that embodies the IFPI System.

8. The basis for IFPI's assertion(s) that a particular Grande Subscriber has committed copyright infringement or infringed one of the copyrighted works belonging to Plaintiffs or other RIAA members.

9. Any values, conditions, or other quantifiable measures that the IFPI System detects or utilizes in order to identify an alleged infringer or send an IFPI Notice.

10. IFPI's knowledge of actual, potential, or alleged flaws, weaknesses, deficiencies, inefficiencies, errors, lack or absence of features or functionality, performance issues, modifications or improvements needed, or any other problem associated with the IFPI System and IFPI Notices, including but not limited to the IFPI System's ability to detect and identify activity associated with copyright infringement.

11. IFPI's knowledge of IFPI Notices that were inaccurate, incomplete, or otherwise improperly sent to a recipient ISP.

12. IFPI's receipt of communications from ISPs identifying legal and/or factual issues with IFPI Notices and/or the IFPI System.

13. IFPI's actions or efforts to address, attend to, or remedy actual, potential, or alleged issues or problems with the IFPI System or IFPI Notices.

14. All business relationships and associations between IFPI and any of the Plaintiffs.

15. All business relationships and associations between IFPI and the RIAA.

16. The compensation, remuneration, or other forms of payment that IFPI has received or is entitled to receive directly or indirectly in conjunction with a legal proceeding against Grande and/or Patriot.

17. Information known to IFPI about the capabilities and deficiencies of the technological system used by Rightscorp, Inc. to monitor and extract information from Peer-to-Peer file sharing networks, as well as send notices of alleged infringement to internet services providers.

18. The substance of the documents produced in response to Attachment B.

19. The efforts and actions taken by IFPI in order to identify and locate responsive documents and prepare a witness to provide testimony in response to this subpoena.

## ATTACHMENT B

## DEFINITIONS

1. "IFPI" "you," and "your" refers to International Federation of the Phonographic Industry, its parents, subsidiaries, divisions, predecessors, successors, affiliates, and any present or former agent, employee, representative, director, officer, or any other person acting or purporting to act on its behalf.

2. "Grande" means Grande Communications Networks LLC, and any subsidiary, predecessors, successors, affiliates, any present or former agent, employee, representative, director, officer, or any other person acting or purporting to act on its behalf.

3. "Patriot" means Patriot Media Consulting, LLC, and any subsidiary, predecessors, successors, affiliates, any present or former agent, employee, representative, director, officer, or any other person acting or purporting to act on its behalf.

4. "Universal Plaintiffs" means the following entities: UMG Recordings, Inc., Capitol Records, LLC, Capitol Christian Music, Group, Inc. Fonovisa, Inc., Roc-A-Fella Records, LLC, and Tooth & Nail, LLC), and any subsidiary, predecessors, successors, and affiliates, and any present or former agent, employee, representative, director, officer, or any other person acting or purporting to act on behalf of any of the Universal Plaintiffs.

5. "Sony Plaintiffs" means the following entities: Sony Music Entertainment, Arista Records LLC, Arista Music, LaFace Records LLC, and Zomba Recording LLC, and any subsidiary, predecessors, successors, and affiliates, and any present or former agent, employee, representative director, office, or any other person acting or purporting to act on behalf of any of the Sony Plaintiffs.

6. "Warner Plaintiffs" means the following entities: Warner Bros. Records Inc.,

Atlantic Recording Corporation, Elektra Entertainment Group Inc., Fueled by Ramen LLC, Nonesuch Records Inc., Rhino Entertainment Company, Roadrunner Records, Inc., and any subsidiary, predecessors, successors, and affiliates, and any present or former agent, employee, representative director, office, or any other person acting or purporting to act on behalf of any of the Warner Plaintiffs.

7. "Plaintiffs" refers to any individual entity or any combination of the entities included in the Universal Plaintiffs, the Sony Plaintiffs, and/or the Warner Plaintiffs.

8. "Complaint" means the Complaint (attached as Exhibit 1 to this subpoena) filed in this action.

9. "And" and "or" shall be construed disjunctively or conjunctively, as necessary, so as to have the broadest possible meaning.

10. Where appropriate, the singular form of a word shall be interpreted in the plural, and vice versa, to have the broadest possible meaning.

11. "Including" shall be given its broad, natural meaning, and shall not be interpreted as limiting.

12. "Document" means any writing or other record in any form, electronic or hard copy, and includes all items contemplated within Rule 34 of the Federal Rules of Civil Procedure, including without limitation writings, drawings, graphs, charts, photographs, phonorecords, emails, and other data compilations from which information can be obtained, translated, if necessary, by the respondent through detection devices into reasonable usable form, as broadly construed.

13. "ISP" means any business or organization that is an internet service provider.

14. "BitTorrent" means the BitTorrent communications protocol for peer-to-peer file

sharing used to distribute data and electronic files over the internet.

15. "Peer-to-Peer" means computer networks in which each computer can act as a server for others, allowing shared access to files and peripherals without the need for a central server.

16. "Grande Subscriber" means any account holder or subscriber of internet services provided by Grande.

17. "IFPI System" means the technological system that MarkMonitor uses to monitor and extract information from Peer-to-Peer file sharing networks, as well as send notices of alleged infringement to internet services providers.

18. "IFPI Notice" means the notices sent by IFPI to an ISP identifying instances of alleged infringement of copyrighted works committed by a subscriber of the ISP.

19. "RIAA" means Recording Industry Association of America, and any subsidiary, predecessors, successors, affiliates, any present or former agent, employee, representative, director, officer, or any other person acting or purporting to act on its behalf.

## INSTRUCTIONS

1. You are to search for all documents and things within your possession, custody, or control, wherever located, including without limitation any documents or things placed in storage facilities or within the possession, custody, or control of any agent, employee, representative, attorney, investigator, or other person acting or purporting to act on your behalf (whether located at his or her residence or place of business) to fully respond to the requests.

2. Each request shall be deemed to call for the production of legible copies of the original document(s) or things(s) responsive to each request. Original documents and things shall be made available for inspection upon request. In addition, any copy of a document or

thing shall be produced if it differences in any respect from the original (*i.e.* by reason of handwritten notes, comments, marginalia or any addition or deletion to the copy which does not appear on the original).

    3.    If you object to any request, state the ground(s) of the objection with sufficient specificity to permit the determination of the basis(es) for such objections.  Objection to a portion of any request does not relieve you of the duty to respond to the parts that you do not object to.

    4.    If a privilege or immunity is claimed with respect to any document or thing required by these requests, you shall provide a "Privilege Log" pursuant to Rule 26(b)(5) of the Federal Rules of Civil Procedure including the following information regarding such document:

    (A)    the identification of the document by author and title or, if untitled, the general nature of the document (e.g. memorandum, handwritten note, report, etc.);

    (B)    the date on which the document was created;

    (C)    a brief summary of the subject matter to which the document relates;

    (D)    the identities of persons who received the documents;

    (E)    the precise legal grounds upon which the claim of privilege or immunity is made; and

    (F)    any further information necessary for Grande to assess the applicability of the privilege.

    5.    You should label the documents produced to correspond to the document request to which the documents are responsive.

    6.    If a document requested was, but is no longer, in your possession, custody, or control, you should state whether the document: (1) is missing or lost; (2) has been destroyed;

(3) has been transferred, voluntarily or involuntarily, to others; or (4) has otherwise been disposed of. For each instance, explain the circumstances surrounding such disposition, the date or approximate date of such disposition, and the names and residences and business addresses of those persons with knowledge of such circumstances.

7. These requests are propounded on a continuing basis, and you shall promptly supplement your responses hereto as and when additional documents called for herein come to your attention.

## REQUESTS FOR DOCUMENTS

1. Documents and communications that refer or relate to agreements between you and the RIAA or any Plaintiff that pertain to Grande, Patriot, or this lawsuit, including but not limited to any agreement relating to use of evidence in a legal proceeding and any agreements relating to payment or remuneration derived from an award obtained by the RIAA or Plaintiffs in a legal proceeding.

2. Documents that refer or relate to communications between you and the RIAA or any of the Plaintiffs concerning Grande, Patriot, and/or Grande Subscribers.

3. Documents that refer or relate to the considerations that informed your decision(s) to send (and continue sending) IFPI Notices to Grande.

4. Documents that refer or relate to the ability of the IFPI System to observe or detect infringement over Peer-to-Peer file sharing networks.

5. Documents that refer, relate to, or constitute marketing materials, business plans, whitepapers, product manuals and specifications, and other materials that describe the features, functionality, capabilities, and operation of the IFPI System.

6. Documents that refer or relate to negative feedback or criticism of the IFPI System and/or IFPI Notices.

7. Documents that refer or relate to flaws, weaknesses, deficiencies, inefficiencies, errors, lack or absence of features or functionality, performance issues, modifications or improvements needed, or any other problem associated with the IFPI System.

8. Documents that refer or relate to actual, potential, or alleged problems, limitations, or flaws concerning the IFPI System's ability to detect copyright infringement.

9. Documents that refer or relate to legal and/or factual issues, deficiencies, or inaccuracies identified by ISPs regarding IFPI Notices or the ability of the IFPI System to detect copyright infringement.

10. Documents that refer or relate to efforts or actions taken by IFPI to address or remedy any inaccuracies or deficiencies associated with IFPI Notices.

11. Documents reflecting the capabilities and deficiencies of the technological system used by Rightscorp, Inc. to monitor and extract information from Peer-to-Peer file sharing networks, as well as send notices of alleged infringement to internet services providers.

12. Documents reflecting communications with or regarding Rightscorp, Inc.

13. Documents reflecting communications with the RIAA or its members concerning the accuracy, viability, errors, or problems of or with the IFPI System and/or IFPI Notices.