**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| UMG RECORDINGS, INC., *et al.*, | § § § | |
| Plaintiffs, | § § | |
| vs. | § § | Civil Action No. 1:17-cv-00365-LY |
| GRANDE COMMUNICATIONS NETWORKS LLC and PATRIOT MEDIA CONSULTING, LLC, | § § § § § | |
| Defendants. | § § § | |

**PLAINTIFFS' MOTION FOR PROTECTIVE ORDER REGARDING
<u>DEFENDANTS' RULE 30(b)(6) DEPOSITION NOTICES</u>**

## INTRODUCTION

Defendants served Plaintiffs with deposition notices pursuant to Rule 30(b)(6) that seek a wide range of information. Plaintiffs have agreed to provide witnesses who can testify to many of the topics identified in the notices. However, the notices also seek testimony on certain topics that are irrelevant and appear designed to divert attention from the central issues in this case: Grande's blatant infringement of Plaintiffs' copyrighted works, and its utter lack of any plausible defense. Requiring Plaintiffs to educate corporate representatives on the objectionable topics would serve no useful purpose and would unduly burden Plaintiffs. Plaintiffs respectfully request that the Court issue a protective order providing that Plaintiffs need only present Rule 30(b)(6) testimony within the scope of their written objections and responses to Defendant's notices.[1]

## RELEVANT BACKGROUND

Plaintiffs filed this suit against Grande and Patriot on April 21, 2017, alleging those two companies were liable for secondary copyright infringement. Plaintiffs' case is straightforward: Grande and Patriot provided continued internet service to and did not terminate the accounts of any of the thousands of subscribers whom they knew to be repeatedly and illegally downloading and sharing music recordings, including Plaintiffs' copyrighted works. Grande and Patriot learned of this rampant infringement through millions of notices that non-party Rightscorp, Inc. ("Rightscorp") sent over a period of several years. Yet, from at least 2011 until June 2017 (*after* Plaintiffs filed this case), Grande made the conscious decision not to terminate or block *any* of the

---

[1] *See* Ex. A, Mar. 9, 2018 Sony Plaintiffs' Objections and Responses to Defendants' Rule 30(b)(6) Deposition Notice (the notices served on the other Plaintiffs, and the other Plaintiffs' objections and responses, are identical to Sony's and thus are not attached); Ex. B, Chart of relevant excerpts of Plaintiffs' Objections and Responses to the topics at issue in this motion.

1

thousands of repeat infringing subscribers about whom it was notified. Instead, Grande continued to reap substantial fees from those subscribers, who overwhelmingly comprise Grande's most profitable customers. Documents and deposition testimony adduced in discovery to date substantiate Plaintiffs' allegations. *See* Plaintiffs' Motion for Leave to Amend Based on Newly Discovered Evidence [Dkt. 85].

On February 1, 2018, Grande and Patriot served identical Rule 30(b)(6) deposition notices on the three groups of Plaintiff companies (Universal, Sony, and Warner). Plaintiffs responded with their objections and responses on March 9, 2018. *See, e.g.,* Ex. A.[2] Each of the Rule 30(b)(6) deposition notices seeks testimony on 47 topics. Plaintiffs agreed to provide deponents for many of the topics as written or as modified by the parties by agreement. However, Plaintiffs objected to the following topics in whole or in part because they seek irrelevant information, are overbroad or are objectionable for other reasons:

- Legal theories and contentions regarding Defendants' conduct (Ex. A, Topics 28-42, 45-46);

- Companies other than Rightscorp that detect online copyright infringement and monitor internet service providers (ISPs) other than Grande (*id.* Topics 16-17);

- The technical workings of Rightscorp's system (*id.* Topics 19-21);

- Communications among Plaintiffs regarding infringement by Grande's subscribers (*id.* Topics 13-14);

- Plaintiffs' total annual revenues (Topic 2); and

- All prior litigation involving any of Plaintiffs' copyrighted works (Topic 23).

---

[2] Defendants' 30(b)(6) notices did not specify dates for the depositions, and the parties are in the process of scheduling these depositions, which are likely to occur in July.

Defendants then delayed responding to Plaintiffs' objections for two months. *See* Ex. C, May 9, 2018 Brophy Email to Gilmore. Even when they finally responded, however, Defendants failed to articulate the relevance of these broad and irrelevant topics, offering only minor revisions to a handful of topics, none of which are at issue in this motion. Plaintiffs responded to Defendants' email the next day. *See* Ex. C, May 10, 2018 Gilmore Email to Brophy. Plaintiffs and Defendants thereafter conducted a telephonic conference in an attempt to discuss and resolve their dispute regarding the scope of Defendants' 30(b)(6) notices, but Defendants refused to withdraw or accept reasonable limitations on any of the remaining topics, nor did they explain why the information sought in their requests as formulated was relevant and proportional to the needs of the case.

Plaintiffs, therefore, have filed this motion seeking a protective order from Defendants' demand for irrelevant, overbroad, and unduly burdensome Rule 30(b)(6) deposition testimony.

## LEGAL STANDARD

Parties may only seek information through discovery that is relevant and proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1). Rule 26 provides that "[o]n motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that: (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2)(C).

"A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending -- or as an alternative on matters relating to a deposition, in the court for the district where the deposition will be taken." Fed. R. Civ. P. 26(c)(1). A protective

order is warranted in those instances in which the party seeking it demonstrates good cause and a specific need for protection. *See Landry v. Air Line Pilots Ass'n*, 901 F.2d 404, 435 (5th Cir. 1990); *Gomez v. Ford Motor Co.*, 2017 WL 5178043, at *2 (W.D. Tex. June 7, 2017) (granting in part motion for protective order limiting Rule 30(b)(6) deposition).

## ARGUMENT

In Exhibit B, Plaintiffs set forth the full text of each Rule 30(b)(6) deposition topic that is the subject of this motion, as well as the relevant excerpts of Plaintiffs' responses to each of those topics. For purposes of the following discussion, Plaintiffs have grouped together similar topics.

### THE 30(B)(6) TESTIMONY DEFENDANTS SEEK IS IRRELEVANT, OVERBROAD, AND UNDULY BURDENSOME, WARRANTING A PROTECTIVE ORDER.

**Category 1: Plaintiffs' contentions about Defendants' conduct.** Topics 28-30, 32-42 and 45-46 all demand that Plaintiffs prepare a corporate witness to testify regarding the factual bases for Plaintiffs' various contentions in this lawsuit. Plaintiffs agreed to provide non-privileged testimony on Topics 28-30, 32-42, and 46 as to the factual bases for their contentions, but objected to the extent the topics purport to require a Rule 30(b)(6) witness to: speak to evidence that Defendants themselves have produced in discovery; discuss legal opinions, contentions or conclusions; or address the substance of Plaintiffs' experts' testimony and analyses. Because Defendants refused to agree to these reasonable limitations, it is evident that Defendants in fact seek precisely this improper sort of testimony.

First, it would be extremely burdensome and harassing for Plaintiffs to be forced to educate one or more witnesses about Defendants' conduct. Much of that information is based on documents and discovery responses that Defendants produced in discovery. Yet Defendants have designated much of that information as Attorneys' Eyes Only, which of course prevents Plaintiffs' corporate representative deponents from seeing it under the Protective Order entered in this case. It is thus

4

not possible for Plaintiffs to educate witnesses on these topics. And even if it were possible, it is unreasonable to require Plaintiffs to explain Defendants' own information to Defendants. In addition, the other information upon which Plaintiffs' factual allegations are based is information provided by Rightscorp. As discussed with respect to Category 3 below, Defendants will have ample opportunity to depose Rightscorp about that information. *See* Rule 26(b)(2)(C).

Even under liberal discovery rules, parties are "not required to have counsel 'marshal all of its factual proof' and prepare a witness to be able to testify on a given defense or [claim]." *In re Indep. Servs. Org. Antitrust Litig.*, 168 F.R.D. 651, 654 (D. Kan. 1996) (citations omitted); *see also Fed. Trade Comm'n v. U.S. Grant Resources, LLC*, 2004 WL 1444951, at *9 (E.D. La. June 25, 2004). That is especially so regarding evidence that the **opposing party** provided in discovery. And to the extent that Defendants seek to depose Plaintiffs about information that is the subject of expert testimony, numerous courts have held that "the experts who have drafted the expert reports in question are better qualified to testify about their contents than a Rule 30(b)(6) witness." *Club v. BNSF Ry. Co.*, No. C13-0967-JCC, 2016 WL 4528452, at *3 (W.D. Wash. Aug. 30, 2016) (granting protective order against 30(b)(6) deposition seeking testimony regarding expert reports). *See also Trustees of Boston Univ. v. Everlight Elecs. Co.*, 2014 WL 5786492, at *4 (D. Mass. Sept. 24, 2014) ("A party may properly resist a Rule 30(b)(6) deposition on the grounds that the information sought is more appropriately discoverable through contention interrogatories and/or expert discovery.").

Second, Plaintiffs objected to two topics in this category (Nos. 31 and 45) entirely, because they impermissibly seek legal opinions, contentions or conclusions. Numerous courts have held that such contention topics for Rule 30(b)(6) depositions are improper or should be carefully circumscribed. "Depositions, including 30(b)(6) depositions, are designed to discover facts, not

contentions or legal theories, which, to the extent discoverable at all prior to trial, must be discovered by other means." *JPMorgan Chase Bank v. Liberty Mut. Ins. Co.*, 209 F.R.D. 361, 362 (S.D.N.Y. 2002). Courts have recognized that "[u]nder the guise of requesting 'facts' ... [the party] is really requesting [the opponent's] mental impressions, conclusions, opinions, and legal theories. Such classic work product is properly shielded from discovery." *Id.* at 363. *See also Liveperson, Inc. v. 24/7 Customer, Inc.*, No. 14 Civ. 1559 (RWS), 2015 WL 4597546, at * 7 (S.D.N.Y. July 29, 2015); *Everlight Elecs. Co.*, 2014 WL 5786492, at *4; *Lockheed Martin Corp. v. United States*, Civ. A. No. 08-1160 (ESH/AK), 2013 WL 1968372, at *3 (D.D.C. May 13, 2013); *Kinetic Concepts, Inc. v. Convatec Inc.,* 268 F.R.D. 255, 263 (M.D.N.C. 2010); *McCormick–Morgan, Inc. v. Teledyne Indus., Inc.,* 134 F.R.D. 275, *overruled on other grounds* 765 F. Supp. 611 (N.D. Cal. 1991); *In re Indep. Servs. Org. Antitrust Litig.*, 168 F.R.D. at 654.

Topic 31 seeks "the existence of any opinions of legal counsel concerning the alleged infringement of Plaintiffs' Copyrighted Sound Recordings by Grande's subscribers." This topic is a plain invasion of the attorney-client privilege and work product doctrines. *See Nguyen v. Excel Corp.,* 197 F.3d 200, 206 (5th Cir. 1999). And Defendants cannot articulate any proper reason why the existence of such an opinion would be relevant for any of the claims, defenses, or issues in this litigation. *See Everlight Elecs. Co.*, 2014 WL 5786492, at *5 (denying Rule 30(b)(6) discovery of legal opinions regarding non-infringement).

Topic 45 seeks "Plaintiffs' position regarding the steps an internet service provider must take to satisfy the requirements of the statutory safe harbor of 17 U.S.C. § 512(i)(1)." This topic clearly seeks Plaintiffs to testify as to a "legal theory" or contention, which is not discoverable through a deposition. *JPMorgan Chase Bank v. Liberty Mut. Ins. Co.*, 209 F.R.D. at 362; *Everlight Elecs. Co.*, 2014 WL 5786492, at *4.

**Category 2: Companies other than Rightscorp that detect online infringement and monitor ISPs other than Grande.** This case is about Grande's conduct in connection with copyright infringement by its subscribers. A key part of Plaintiffs' evidence are the copyright infringement notices that Grande received from Rightscorp, which is a company that monitors and detects online copyright infringement. Plaintiffs filed this lawsuit because they learned from Rightscorp that Defendants had evidence of Grande subscribers' rampant infringement of Plaintiffs' sound recordings.[3]

Nevertheless, in Topics 16 and 17, Defendants stray far beyond information relevant to the issues and evidence in this case. Instead of limiting the topics to information about Grande's and its customers' infringement, Defendants seek information about *other* ISPs and their customers; and instead of limiting the topics to information about Rightscorp's efforts to detect infringement, Defendants seek information about *other* non-party companies that detect and monitor online copyright infringement. But other ISPs and other third party online infringement monitoring companies that are not involved in detecting infringement by Grande's subscribers are not relevant to this case. Plaintiffs should not be forced to prepare a witness to testify regarding their engagement of non-party monitoring companies to detect infringement by non-party ISPs. *Cf. Gomez*, 2017 WL 5178043 at *4-5 (denying Rule 30(b)(6) testimony from car manufacturer as to other models of cars for which the plaintiff had not shown involved the same or substantially similar defect at issue in the case). Indeed, earlier in this case, Defendants argued that they should not have to provide discovery related to other ISPs' copyright infringement practices. The

---

[3] To be sure, it appears from discovery produced by Defendants that Grande received copyright infringement notices from companies other than Rightscorp, which may be relevant to Defendants' knowledge of infringement. Nevertheless, ***Plaintiffs'*** interactions with infringement monitoring companies concerning Grande are limited to Rightscorp.

7

Magistrate Judge agreed, ruling "that Patriot's interactions with other ISPs are [not] relevant to Grande's policies and procedures relating to copyright infringement by Grande customers." Order on Mot. to Compel at 2 [Dkt. 60]. The same reasoning should hold true here. If Patriot does not have to produce discovery related to its interactions with other ISPs, then neither should Plaintiffs.

**Category 3: The technical functionality of Rightscorp's online infringement detection system.** In topics 19-21, Defendants seek to require Plaintiffs to educate a witness on the operation, capabilities and limitations of Rightscorp's system for detecting online infringement. Plaintiffs do not dispute the relevance of information about how Rightscorp's system works, but they are not the right parties to provide this discovery: Rightscorp is.

Defendants can obtain the information they seek directly from Rightscorp. Defendants have sent two subpoenas to Rightscorp, have received substantial volumes of Rightscorp documents (and will be receiving additional documents in light of Defendants' second subpoena), and will be taking depositions of Rightscorp witnesses. In short, Defendants will have ample discovery about how Rightscorp's system works, from the company and its witnesses. "Where responsive information can be provided *more accurately* and with less burden through one method of discovery, that method should be used. Duplicative discovery methods should be avoided." *HSBC Bank USA, N.A. v. Green Valley Pecos Homeowners Ass'n, Inc.*, Case No. 2:16-CV-00242-JCM-GWF, 2016 WL 6915301, at *6 (D. Nev. Nov. 21, 2011) (emphasis added). Rightscorp necessarily has better information about the operation, capabilities and limits of its own system than Plaintiffs do. Requiring Plaintiffs to educate witnesses about all of this same information would be unduly burdensome and cumulative, and any witness that Plaintiffs designated and prepared to speak as to how Rightscorp's system works would have less complete, and possibly less accurate, information than Rightscorp itself.

8

**Category 4: Communications among Plaintiffs regarding Grande's subscribers' infringement.** Topics 13-14 seek communications among Plaintiffs relating to the alleged infringement by Grande's subscribers. But all such communications are protected by the attorney-client privilege, and the work product and common interest doctrines. As Plaintiffs explained in their sworn interrogatory responses, Plaintiffs did not learn about Grande's subscribers' infringement of Plaintiffs' works, and Grande's and Patriot's culpability for that infringement, until January 2016, when Rightscorp approached Plaintiffs' trade association, the RIAA, with evidence of this misconduct in connection with potential litigation to enforce Plaintiffs' copyrights. Ex. D, Sony Plaintiffs' Resps. To Defs' Interrog. No. 20. Before that time, Plaintiffs did not communicate with each other about alleged infringement by Grande's subscribers; and after that time, all such communications were made in the context of anticipated litigation against Grande (this lawsuit). Thus, all communications Plaintiffs have had among themselves regarding infringement by Grande's subscribers involve privileged discussions with counsel (or others acting at the direction of counsel), and constitute materials protected by the work product doctrine. They thus are protected from disclosure. *In re Kaiser Aluminum and Chem. Co.*, 214 F.3d 586, 593 (5th Cir. 2000) (communications in advance of anticipated litigation protected as work product); *In re Hardwood P-G, Inc.*, 403 B.R. 445, 460 (Bankr. W.D. Tex. 2009) (common interest privilege applied to shield communications among plaintiffs preparing for litigation).

**Category 5: Other objectionable topics.** Several other topics in Defendants' notices also exceed the scope of proper discovery. Topic 2 seeks testimony concerning Plaintiffs' corporate structure, related entities, operations and business purposes, including their annual revenues. Plaintiffs have agreed to designate witnesses to testify generally about the nature of Plaintiffs' businesses, and the purposes and significance of copyrighted sound recordings to the businesses.

But Plaintiffs have objected to the request for testimony about their total annual revenue. Such information is irrelevant to the case. *HSBC Bank USA, N.A.*, 2016 WL 6915301 at *6. Topic 23 seeks testimony on all prior litigation involving any of the Plaintiffs' copyrighted works, including the allegations made, settlement offers, settlements and judgments. This is a fishing expedition, plain and simple, and it is inappropriate for a Rule 30(b)(6) deposition. Plaintiffs' entire businesses revolve around the exploitation and protection of their copyrighted works. It is not reasonable to expect Plaintiffs to prepare witnesses with all of the companies' knowledge about any litigation involving tens of thousands of copyrighted works, unbounded by scope or time. Such an overbroad topic far exceeds any conceivable scope of relevance, plainly invades privilege and work product protections, and would be enormously burdensome to address in any meaningful way.[4]

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully ask that the Court enter a protective order limiting the scope of Plaintiffs' 30(b)(6) testimony to that set forth in their written responses and in the attached Exhibit B.

## CERTIFICATE OF CONFERENCE

Counsel for the parties attempted in good faith to resolve this matter by agreement, through conferring in writing and telephonically, but were unable to resolve the dispute.

---

[4] To the extent Defendants seek information about the size of judgments in other lawsuits that, like this one, involve large-scale copyright infringement, that information has been publicly reported. *See, e.g.,* Hollywood Reporter, "Record Labels Settle Massive LimeWire Copyright Lawsuit" (May 12, 2011) (available at https://www.hollywoodreporter.com/thr-esq/record-labels-settle-massive-limewire-188028) ($105 million settlement after summary judgment finding of liability and injunction); Law360.com, "2nd Cir. Revives $48M Verdict Against MP3Tunes Founder" (Oct. 25, 2016) (available at https://www.law360.com/articles/855333/2nd-circ-revives-48m-verdict-against-mp3tunes-founder).

June 19, 2018

Respectfully submitted,

By: */s/ Robert B. Gilmore*
Pat A. Cipollone, P.C. (admitted *pro hac vice*)
Jonathan E. Missner (admitted *pro hac vice*)
Robert B. Gilmore (admitted *pro hac vice*)
Philip J. O'Beirne (admitted *pro hac vice*)
**Stein Mitchell Cipollone Beato & Missner LLP**
1100 Connecticut Avenue, NW Suite 1100
Washington, DC 20036
Telephone: (202) 737-7777
Facsimile: (202) 296-8312
pcipollone@steinmitchell.com
jmissner@steinmitchell.com
rgilmore@steinmitchell.com
pobeirne@steinmitchell.com

Daniel C. Bitting (State Bar No. 02362480)
Paige A. Amstutz (State Bar No. 00796136)
**Scott Douglass & McConnico LLP**
303 Colorado Street, Suite 2400
Austin, TX 78701
Telephone: (512) 495-6300
Facsimile: (512) 495-6399
dbitting@scottdoug.com
pamstutz@scottdoug.com

***Attorneys for Plaintiffs***

**CERTIFICATE OF SERVICE**

    The undersigned certifies that on June 19, 2018 all counsel of record who are deemed to have consented to electronic service are being served with the foregoing motion through the Court's ECF system.

*/s/ Daniel C. Bitting*

Daniel C. Bitting