UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| UMG RECORDINGS, INC., et al.,  )<br>  )<br>       Plaintiffs,  )<br>  )<br>vs.  )<br>  )<br>GRANDE COMMUNICATIONS  )<br>NETWORKS LLC and PATRIOT MEDIA  )<br>CONSULTING, LLC,  )<br>  )<br>       Defendants.  )<br>  ) | No. 1:17-cv-00365 |

**DEFENDANT GRANDE COMMUNICATIONS NETWORKS, LLC
RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION FOR PROTECTIVE
ORDER REGARDING DEFENDANTS' RULE 30(B)(6) DEPOSITION NOTICES**

Protective orders under Rule 26(c) are available upon a showing of good cause, "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Plaintiffs' motion does not establish good cause under this standard, or otherwise present any circumstances that justify court intervention. By their own admission, Plaintiffs represent the great majority of the entire U.S. recording industry, and there is no reason why they cannot prepare and produce witnesses to testify about indisputably relevant issues in this case. And in some instances, there is simply no dispute for the Court to consider. Put simply, the present motion is not an efficient use of the parties' or the Court's resources.

For the reasons set forth below, the Court should deny Plaintiffs' motion for a protective order.

**FACTUAL BACKGROUND**

More than four and a half months ago, on February 1, 2018, Grande served Plaintiffs with three effectively identical Rule 30(b)(6) deposition notices, corresponding to the three groups of

1

Plaintiffs: Sony, Universal, and Warner. Plaintiffs responded with three effectively identical sets of objections on March 9, 2018. *See, e.g.*, ECF No. 103-1. Since that time, the parties have engaged in extensive meet and confer efforts, and in the interest of minimizing disputes, Grande agreed to narrow or forego questioning on various topics. Throughout these discussions, Plaintiffs never identified a single corporate designee or provided any potential deposition dates. Then, without prior notice to Grande, Plaintiffs filed the present motion for a protective order.

## ARGUMENT

Plaintiffs have failed to show good cause for any protective order. Grande's notices seek information that is directly relevant to this case. The Court should deny Plaintiffs' motion so that the parties can proceed with discovery in this matter.

I.  **CATEGORY 1 – TOPICS 28-42 AND 45-46**

*Topics 28-30 and 32-42*

The parties have no dispute regarding topics 28-30 and 32-42. As Plaintiffs acknowledge, they already agreed to designate a witness to testify on these topics, subject to certain limitations. *See generally* ECF No. 103-1. Grande has no quarrel with the stated limitations, and Grande would have told Plaintiffs as much if they had indicated an intention to seek a protective order on this basis. Indeed, Grande has made clear that it does not expect Plaintiffs' designees to be prepared to testify about the content of documents produced by Defendants in this case, which is Plaintiffs' principal objection to these topics. *See* ECF No. 103-3 at 7 ("Topics 26 & 27: We agree that the witness does not need to be prepared to discuss information received from Defendants in discovery in this case."). The Court should hold Plaintiffs to their position regarding these topics as stated in their objections to Grande's Rule 30(b)(6) notices. Grande does not seek anything beyond that.

*Topic 31*

With respect to Topic 31, regarding the existence of legal opinions regarding infringement of Plaintiffs' works by Grande's subscribers, Plaintiffs ignore that Grande agreed "to withdraw this topic contingent on any responsive opinion of counsel being identified in a privilege log." ECF No. 103-3 at 7. As such, this topic likewise presents no issue for the Court to resolve.

*Topic 45*

Topic 45 is a proper topic, seeking Plaintiffs' position regarding the steps an ISP must take to satisfy the requirements of the statutory safe harbor in 17 U.S.C. § 512(i)(1). Because this safe harbor concerns whether an ISP "has adopted and reasonably implemented" a policy for terminating in appropriate circumstances the Internet access of repeat copyright infringers, Grande is entitled to inquire what steps Plaintiffs contend are necessary. Notably, while Plaintiffs suggest that this information is not properly sought in a deposition, Plaintiffs do not offer, and have not offered, to provide this information in any other form.

In selectively citing case law from other jurisdictions, Plaintiffs ignore that courts in <u>*this* Circuit</u> permit discovery of an opposing party's contentions by Rule 30(b)(6) deposition. *See, e.g.*, *Malibu Consulting Corp. v. FunAir Corp.*, No. 5:06-cv-735, 2007 WL 3995913, at *1 (W.D. Tex. Nov. 14, 2007) ("I agree with the line of cases which holds that a Rule 30(b)(6) deposition which seeks information concerning the factual support for allegations found in the complaint, which would be discoverable through contention interrogatories, is outside the protection of the work-product doctrine and is permissible."); *Brazos River Authority v. GE Ionics, Inc.*, 469 F.3d 416, 433 (5th Cir. 2006) ("When a corporation produces an employee pursuant to a rule 30(b)(6) notice, it represents that the employee has the authority to speak on

behalf of the corporation with respect to the areas within the notice of deposition. This extends not only to facts, but also to subjective beliefs and opinions."). As another district court recently recognized, this is "the better rule" because it is consistent with the plain language of Rule 30(b)(6), serves the discovery policy of promoting the disclosure of relevant information, and avoids burdening courts with unnecessary disputes. *Landry v. Swire Oilfield Servs., L.L.C.*, 323 F.R.D. 360, 384-85 (D.N.M. 2018). The Court should therefore deny Plaintiffs' request for a protective order on this topic.

*Topic 46*

Topic 46 is similarly related to the statutory safe harbor, seeking information about Plaintiffs' knowledge and evaluation of ISP policies for terminating repeat copyright infringers. *See* ECF No. 103-1 at 52-53. This topic does not seek the basis of any of Plaintiffs' contentions, and it plainly seeks information relevant to the reasonableness component of the safe harbor. To the extent Plaintiffs contend that certain responsive information may be protected by attorney-client privilege or the work product doctrine, Plaintiffs' counsel can interpose those objections at the deposition. Grande has also agreed that Plaintiffs' designees do not need to be prepared to discuss any such knowledge or evaluation carried out by or at the direction of counsel. *See* ECF No. 103-3 at 7. Plaintiffs identify no undue burden associated with this topic and otherwise fail to show good cause to completely foreclose Grande from obtaining discovery on this relevant issue.

**II.   CATEGORY 2 – TOPICS 16 and 17**

*Topic 16*

Topic 16 seeks nothing more than the <u>identity</u> of any third parties Plaintiffs have engaged to monitor internet traffic for copyright infringement, or to send notices regarding copyright

infringement on their behalf. *See* ECF No. 103-1 at 18. The ability of Plaintiffs' agent, Rightscorp, to detect and identify actual instances of copyright infringement is a central issue in this case. As a result, it is entirely reasonable for Grande to seek discovery regarding whether Plaintiffs have engaged any other such agents, who may have come to different conclusions on that very issue. Plaintiffs' suggestion that this information is irrelevant is wrong, and also does not constitute "good cause" for foreclosing discovery on this subject. The requested scope of information is extremely narrow, and it would not be burdensome for Plaintiffs to provide it—let alone *unduly* burdensome.

*Topic 17*

Topic 17 is a similarly narrow topic, seeking information about the nature of the relationship between Plaintiffs and their third-party copyright enforcement agents, including the terms of any agreements with such agents. Plaintiffs do not dispute that it is obligated to designate witnesses to provide such information regarding Rightscorp—they only dispute the topic to the extent it concerns other agents.

For the reasons set forth above with respect to topic 17, this discovery is relevant, and Plaintiffs have not shown good cause for a protective order that would completely foreclose it. To the extent Plaintiffs' financial arrangement with Rightscorp differs from the terms of its agreements with other copyright enforcement agents, that certainly would shed light on why Rightscorp claims to have detected a much higher volume of alleged copyright infringement on Grande's network than any other copyright enforcement agent. And as with topic 16, Plaintiffs cannot plausibly claim that preparing witnesses to testify about this narrow topic would be unduly burdensome.

## III.   CATEGORY 3 – TOPICS 19-21

Plaintiffs have no legitimate basis for refusing to produce corporate designees to testify about Rightscorp's purported system for detecting online copyright infringement, which is effectively the entire basis for Plaintiffs' contributory copyright infringement claims.  *See* ECF No. 1 at ¶¶ 43, 47, 48, 49.  Plaintiffs rely on Rightscorp's detection efforts for their evidence of alleged direct infringement by Grande's subscribers, and they rely on Rightscorp's notices to Grande for their evidence of Grande's knowledge of the alleged direct infringement.  *See id.*  In these circumstances, Grande is plainly entitled to obtain from Plaintiffs any information they have about the Rightscorp system.

Plaintiffs' claim that this discovery should be sought from Rightscorp has no merit. Rightscorp is Plaintiffs' copyright enforcement agent, and so Plaintiffs could simply designate and produce a Rightscorp representative to provide Rule 30(b)(6) testimony on their behalf if it chose to do so.  Plaintiffs do not claim that Rightscorp has refused, or could refuse, to do make its employees available.  *See* Fed. R. Civ. P. 30(b)(6) ("The named organization must then designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf . . . .").  Plaintiffs offer no authority holding or even suggesting that a party to a case can refuse to provide indisputably relevant Rule 30(b)(6) testimony simply because a third party may have "better" information.  To the extent Plaintiffs have discoverable information regarding the Rightscorp system—perhaps *the* central issue in this case—Grande should be permitted to obtain it.

Furthermore, Plaintiffs may have information responsive to topics 19-21 that Rightscorp does not have.  These topics seek information about flaws and limitations of the Rightscorp system, about its ability to detect the upload or download of partial or complete copyrighted

6

works, and about communications among Plaintiffs and with third parties about the capabilities and limitations of the system.  *See* ECF No. 103-1 at 21-24.  These topics plainly encompass information beyond that available only to Rightscorp, and Plaintiffs articulate no basis—let alone good cause—for refusing to provide <u>any</u> Rule 30(b)(6) testimony on this relevant subject matter.

## IV.     CATEGORY 4 – TOPICS 13-14

Plaintiffs' refusal to provide Rule 30(b)(6) witnesses on topics 13 and 14—concerning communications among Plaintiffs about alleged infringement by Grande's subscribers—is based entirely on claims of privilege and work product protection.  Plaintiffs' motion fails to meet their burden to demonstrate that <u>any and all</u> information on this subject matter is shielded from discovery.

"Determining the applicability of the privilege is a highly fact-specific inquiry, and the party asserting the privilege bears the burden of proof."  *EEOC v. BDO USA, L.L.P.*, 876 F.3d 690, 695 (5th Cir. 2017) (quotations & citations omitted).  Moreover, "[a]mbiguities as to whether the elements of a privilege claim have been met are construed against the proponent."  *Id.*

Crucially here, "[t]here is no presumption that a company's communications with counsel are privileged"—"more is required."  *Id.* at 696 (citations omitted) (emphasis added).  "To begin, it is vital to a claim of attorney-client privilege that the communication have been made and maintained in confidence."  *Id.* (quotations, citations & alterations omitted).  Moreover, confidential communications with counsel are only privileged if they are "generated for the purpose of obtaining or providing legal advice."  *Id.* (quotations & citations omitted).  "Additionally, communications by a corporation with its attorney, who at the time is acting solely in his capacity as a business advisor, are not privileged, nor are documents sent from one

7

corporate officer to another merely because a copy is also sent to counsel." *Id.* (quotations, citations & alterations omitted). "[S]imply describing a lawyer's advice as 'legal,' without more, is conclusory and insufficient to carry out the proponent's burden of establishing attorney-client privilege." *Id.* (citation omitted).

The proponent of work product protection similarly bears the burden to demonstrate that it applies, which includes a showing that "the primary motivating purpose behind the creation of the document was to aid in possible future litigation." *See, e.g.*, *Soto v. Liberty Mut. Fire Ins. Co.*, No. 1:06-cv-819, 2007 WL 9710181, at *3 (W.D. Tex. May 23, 2007); *see also Ferko v. Nat'l Ass'n for Stock Car Auto Racing, Inc.*, 218 F.R.D. 125, 136 (E.D. Tex. 2003) (four elements must be proven to establish work product protection: (1) the material is a document or tangible thing; (2) the material was prepared in anticipation of litigation or for trial; (3) the material was prepared by or for a party's representative; and (4) if the material is claimed to be opinion work product, it contains the mental impressions, conclusions, opinions, or legal theories of an attorney or other representative).

Plaintiffs do not come close to satisfying these standards. Plaintiffs' invocation of privilege and work product protection over huge swathes of information rests on nothing more than attorney argument and an interrogatory answer concerning when Plaintiffs first were in contact with Rightscorp. *See* ECF No. 103 at 9. This is plainly insufficient to meet their burden.

Furthermore, Plaintiffs provide no explanation or authority that would support extending privilege and work product protection to each and every relevant communication <u>between Plaintiffs</u>. Even if those communications "were made in the context of anticipated litigation against Grande," that does not make communications between non-attorneys automatically non-discoverable. Grande cannot be required to simply take at face value Plaintiffs' bare,

unsupported assertion that each and every responsive communication was a privileged discussion with counsel, at the direction of counsel, or constitutes work product. *See* ECF No. 103 at 9. At a bare minimum, Grande should be permitted to depose Plaintiffs' designees about the circumstances of any such communications in order to test the privilege.

Finally, Plaintiffs seem to invoke the common legal interest privilege as to communications between Plaintiffs, but they fail to show that it actually applies. In fact, it does not. The common legal interest privilege only protects communications between parties "if those communications *further* a joint or common interest."[1] *BCR Safeguard Holding, L.L.C. v. Morgan Stanley Real Estate Advisor, Inc.*, 614 F. App'x 690, 704 (5th Cir. 2015) (emphasis in original) (quotations & citation omitted). Plaintiffs have no joint or common interest here. Rather, each Plaintiff is seeking to enforce its own alleged interests in various copyrights through distinct contributory infringement claims against Grande, concerning different asserted copyrights. Plaintiffs have not even attempted to articulate a common legal interest, let alone come forward with evidence that one exists.

For the foregoing reasons, the Court should deny Plaintiffs' request for a protective order concerning topics 13 and 14 of Grande's Rule 30(b)(6) notices.

## V.        CATEGORY 5 – TOPICS 2 & 23

*Topic 2*

Plaintiffs' only objection to topic 2 is that it seeks information about Plaintiffs' annual revenues. Plaintiffs offer no authority suggesting that this information is irrelevant and non-

---

[1] Additionally, it remains an open question in the Fifth Circuit whether the common legal interest privilege even applies to co-plaintiffs. *See BCR*, 614 F. App'x at 703 (declining to consider the question and recognizing that the Fifth Circuit has held that the two types of communications protected are "(1) communications between co-defendants in actual litigation and their counsel; and (2) communications between potential co-defendants and their counsel").

discoverable. Plaintiffs are seeking the maximum amount of allowable statutory damages in this case, pursuant to 17 U.S.C. § 504(c). *See* ECF No. 1 at ¶ 69. The assessment of damages within the statutory range is "within the broad discretion of the trial court." *Broadcast Music, Inc. v. Tex Border Mgmt., Inc.*, 11 F. Supp. 3d 689, 697 (N.D. Tex. 2014). Grande submits that the relationship between Plaintiffs' revenues and the amount of statutory damages sought is a relevant consideration in this discretionary analysis, and Plaintiffs offer no authority to the contrary. Plaintiffs also cannot demonstrate any undue burden associated with providing this extremely narrow category of information. There is no need to decide now whether any such information would be admissible at trial. Plaintiffs' request should therefore be denied.

*Topic 23*

Topic 23, concerning prior litigations involving the asserted copyrights, plainly seeks relevant information. One factor courts consider in assessing statutory damages is the value of the copyrighted work. *See, e.g.*, *Adobe Sys. Inc. v. SKH Sys., Inc.*, No. 1:17-cv-18, 2017 WL 6611513, at *7 (W.D. Tex. Dec. 27, 2017). Plaintiffs cannot plausibly dispute that settlements of prior litigations involving the asserted copyrights are relevant to the value of those copyrights. Plaintiffs' objection to providing Rule 30(b)(6) witnesses on this topic should be rejected.

## CONCLUSION

For the foregoing reasons, the Court should deny Plaintiffs' motion for a protective order.

Dated:  June 26, 2018

                        By: /s/  Richard L. Brophy
                              Richard L. Brophy
                              Zachary C. Howenstine
                              Margaret R. Szewczyk
                              Armstrong Teasdale LLP
                              7700 Forsyth Blvd., Suite 1800
                              St. Louis, Missouri 63105
                              Telephone:  314.621.5070
                              Fax:  314.621.5065
                              rbrophy@armstrongteasdale.com
                              zhowenstine@armstrongteasdale.com
                              mszewczyk@armstrongteasdale.com

                              J. Stephen Ravel
                              State Bar No. 16584975
                              J.R. Johnson
                              State Bar No. 240700000
                              Diana L. Nichols
                              State Bar No. 00784682
                              KELLY HART & HALLMAN LLP
                              303 Colorado, Suite 2000
                              Austin, Texas 78701
                              Tel: (512) 495-6529
                              Fax: (512) 495-6401
                              steve.ravel@kellyhart.com
                              jr.johnson@kellyhart.com
                              diana.nichols@kellyhart.com

                              Attorneys for Defendant GRANDE
                              COMMUNICATIONS NETWORKS LLC
                              and PATRIOT MEDIA CONSULTING,
                              LLC

## **CERTIFICATE OF SERVICE**

The undersigned certifies that on June 26, 2018, all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system pursuant to Local Rule CV-5(b)(1).

/s/ Richard L. Brophy
Richard L. Brophy