**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| UMG RECORDINGS, INC., *et al.*, | § § § | |
| Plaintiffs, | § § | |
| vs. | § § | Civil Action No. 1:17-cv-00365-LY |
| GRANDE COMMUNICATIONS NETWORKS LLC and PATRIOT MEDIA CONSULTING, LLC, | § § § § § | |
| Defendants. | § § | |

**REPLY IN SUPPORT OF PLAINTIFFS' MOTION FOR PROTECTIVE ORDER
REGARDING DEFENDANTS' RULE 30(b)(6) DEPOSITION NOTICES**

# INTRODUCTION

Nothing in Defendants' opposition rebuts Plaintiffs' showing that they are entitled to a protective order limiting Defendants' irrelevant and overbroad Rule 30(b)(6) notices.[1]

# ARGUMENT

**Category 1: Plaintiffs' contentions about Defendants' conduct. (Topics 28-30, 31, 32-42 and 45-46).** Defendants concede that the deposition of Plaintiffs' corporate representatives as to Topics 28-30, 31 and 32-42 should and will be subject to Plaintiffs' objections and limitations; thus, no issue remains as to those topics. Opp. at 2-3 [Dkt. 104].

With respect to Topics 45 and 46, Defendants fail to demonstrate why Plaintiffs should be forced to testify as to their legal theory "regarding the steps an internet service provider must take to satisfy the requirements of the statutory safe harbor of 17 U.S.C. § 512(i)(1)" (Topic 45) or their legal "evaluation of ISP policies for terminating repeat copyright infringers" (Topic 46). As Plaintiffs showed in their opening brief, numerous courts have held that "[d]epositions, including 30(b)(6) depositions, are designed to discover facts, not contentions or legal theories, which, to the extent discoverable at all prior to trial, must be discovered by other means." *JPMorgan Chase Bank v. Liberty Mut. Ins. Co.*, 209 F.R.D. 361, 362 (S.D.N.Y. 2002). *See* Mot. at 5-6 [Dkt. 103]. The cases Defendants cite are not to the contrary. In *Malibu Consulting Corp. v. FunAir Corp.*, the magistrate judge allowed testimony on "information concerning the factual support for allegations." No. 5:06-cv-735, 2007 WL 3995913, at *1 (W.D. Tex. Nov. 14, 2007). Plaintiffs will be providing testimony on the factual bases for their claims in response to other topics in

---

[1] The parties have not yet scheduled the Rule 30(b)(6) depositions of Plaintiffs' witnesses. Although fact discovery in this case ends July 6, the parties have agreed to hold certain depositions later in July and possibly early August. Plaintiffs respectfully request a ruling on this motion so that the issues can be resolved before the Rule 30(b)(6) depositions, if possible.

Defendants' notices. But Topics 45 and 46 seek Plaintiffs' position on what steps an ISP must take to satisfy the requirements of the DMCA's statutory safe harbor. That is a legal question, not a factual one, and it relates to an affirmative defense that Defendants purportedly may raise, not to Plaintiffs' claims. *Brazos River Authority v. GE Ionics, Inc.* similarly is unavailing. Plaintiffs are not objecting to providing testimony on the company's "subjective beliefs and opinions." 469 F.3d 416, 433 (5th Cir. 2006). To the contrary, as Plaintiffs stated in their motion, they agree to provide testimony on Plaintiffs' "beliefs" or "opinions" as to the factual bases for their claims. But that is not what Topics 45 and 46 seek. In short, Defendants' insistence that Plaintiffs speak to the legal requirements of a federal statute (the DMCA) far exceeds the proper scope of fact discovery.

**Category 2: Companies other than Rightscorp that detect online infringement and monitor ISPs other than Grande (Topics 16-17).** As an initial matter, nowhere in Defendants' brief do they argue that they are entitled to discovery from Plaintiffs about ISPs other than Grande. Accordingly, the Court should limit the scope of Plaintiffs' testimony to Grande's conduct. With respect to infringement monitoring companies other than Rightscorp, Topic 16, as written, is overly broad. In their opposition, Defendants now assert that all they seek is "nothing more than the <u>identity</u>" of other infringement monitoring services that Plaintiffs have engaged. Opp. at 4 (emphasis in original). Although Plaintiffs continue to dispute the relevance of that information, Plaintiffs are willing to designate a witness as to this narrowed scope. Topic 17, however, would require Plaintiffs to prepare witnesses on a wide range of information concerning multiple non-party entities, when Plaintiffs have sued Grande based on the work of one company, Rightscorp.[2]

---

[2] As Plaintiffs have stated previously, the fact that other companies besides Rightscorp sent Grande infringement notices likely is relevant to Grande's knowledge of infringement, including as it relates to Grande's entitlement to the DMCA safe harbor and to Grande's willfulness. But Plaintiffs are not the proper target of such discovery.

Defendants contend that "[t]he ability of Plaintiffs' agent, Rightscorp, to detect and identify actual instances of copyright infringement is a central issue in this case[,]" Opp. at 5, but fail to explain how other non-party online infringement detection companies' efforts bear on that point. In a dubious attempt to resurrect Topic 17, Defendants argue that, somehow, Plaintiffs' agreements with copyright enforcement agents other than Rightscorp will shed light on the accuracy of Rightscorp's detection of infringement. But that argument defies logic. Discovery from Plaintiffs regarding other copyright enforcement agents will not yield relevant information.[3]

**Category 3: The technical functionality of Rightscorp's online infringement detection system (Topics 19-21).** Defendants implicitly concede that they can seek the relevant information on these topics from Rightscorp, even suggesting that Plaintiffs simply designate a Rightscorp witness to speak on behalf of Plaintiffs. Opp. at 6. This acknowledgment underscores that Rightscorp is the proper entity from whom Defendants can seek this information. Defendants claim that Plaintiffs cite no authority that discovery should be sought from a third party if that third party has better information—but Defendants ignore Plaintiffs' citation to *HSBC Bank USA, N.A. v. Green Valley Pecos Homeowners Ass'n, Inc.*, where the court, citing authorities, concluded that "[w]here responsive information can be provided *more accurately* and with less burden through one method of discovery, that method should be used. Duplicative discovery methods should be avoided." No. 2:16-CV-00242-JCM-GWF, 2016 WL 6915301, at *6 (D. Nev. Nov. 21, 2011) (emphasis added). Mot. at 8. Rightscorp necessarily has better information about the operation, capabilities and limits of its own system than Plaintiffs do. There is good cause to protect Plaintiffs from this duplicative discovery.

---

[3] To the extent other copyright enforcement agents were retained for potential litigation, such information would be protected by the attorney client privilege and work product doctrine.

3

**Category 4: Communications among Plaintiffs regarding Grande's subscribers' infringement (Topics 13-14).** Defendants fail to rebut Plaintiffs' showing that Topics 13 and 14 seek information that is entirely subject to privilege and work product protections. *First*, the common interest doctrine "extends a recognized privilege, often the attorney-client privilege, to communications with parties with a common legal interest." *Wachob Leasing Co. v. Gulfport Aviation Partners, LLC*, No. 1:15-CV-237-HSO-RHW, 2016 WL 10537556, at *4 (S.D. Miss. Oct. 18, 2016) (citing *Power-One, Inc. v. Artesyn Tech., Inc.*, No. 2:05cv463, 2007 WL 1170733, at *2 n.2 (E.D. Tex. Apr. 18, 2007)). Under the doctrine, "a privileged communication [that] is shared with a third person who has a common legal interest with respect to the subject matter of the communication" will remain privileged and protected from disclosure. *Id.* (quoting *Hodges, Grant & Kaufmann v. U.S. Gov't Dep't of the Treasury, I.R.S.*, 768 F.2d 719, 720 (5th Cir. 1985)). *See also In re Hardwood P-G, Inc.*, 403 B.R. 445, 460 (Bankr. W.D. Tex. 2009).

Here, Plaintiffs first learned of Grande's and its subscribers' infringement in connection with this lawsuit, when Rightscorp approached the Recording Industry Association of America (RIAA), Plaintiffs' trade association, with evidence of such infringement; Plaintiffs, through the RIAA, hired Rightscorp as a litigation consultant. *See* Mot. at 9 and Ex. D [Dkt. 103-4]. The communications among the Plaintiffs, as well as among RIAA and Rightscorp, are protected under the common interest privilege, as all such communications concern seeking, providing or sharing legal advice, or providing information and support for Plaintiffs' attorneys (in-house, at the RIAA, and outside counsel) to render legal advice, concerning Defendants' wrongful conduct giving rise to secondary infringement liability. Plaintiffs, along with RIAA and Rightscorp, were aligned in investigating and pursuing litigation against Grande and Patriot for facilitating the rampant

infringement of Plaintiffs' copyrighted works. Plaintiffs all suffered the same sort of harm from the same sort of conduct by Defendants, which was detected in the same manner by Rightscorp.

**Second**, the communications among Plaintiffs (and with RIAA and Rightscorp) are protected work product. The work-product doctrine shields from discovery materials "prepared in anticipation of litigation." Fed. R. Civ. P. 26(b)(3). "[A]s the Rule provides, the work-product doctrine is not limited to materials prepared by attorneys. It also affords protection to materials prepared by a 'consultant, surety, indemnitor, insurer, or agent.'" *Celebration Church, Inc. v. United Nat. Ins. Co.*, No. CIV.A. 14-1050, 2015 WL 846712, at *4 (E.D. La. Feb. 25, 2015) (quoting Fed. R. Civ. P. 26(b)(3)). The Fifth Circuit's standard does not hinge on whether litigation is imminent, but whether "the primary motivating purpose behind the creation of the document was to aid in possible future litigation." *In re Kaiser Aluminum and Chem. Co.*, 214 F.3d 586, 593 (5th Cir. 2000). The communications and information Defendants seek in Topics 13 and 14 were unquestionably created in anticipation of this litigation (before this case was filed) or during the course of this litigation (after it was filed). *See Kaiser,* 214 F.3d at 593. In sum, these topics seek information not subject to discovery, warranting a protective order.

**Category 5: Other Objectionable Topics. (Topics 2 and 23).** On Topic 2, Plaintiffs will be providing general testimony on the harm they suffer from infringement, including general testimony on revenue trends associated with the infringement of their copyrighted works; there is no reason for Plaintiffs to be required to present more. On Topic 23, Defendants argue that they need testimony about all other litigation concerning Plaintiffs' copyrighted works, supposedly to defend against Plaintiffs' statutory damages claim. But Defendants ignore the arguments in Plaintiffs' motion, and have failed to agree to any reasonable limits on this topic. Moreover, the cases Defendants cite (*Adobe Sys. Inc. v. SKH Sys., Inc.*, No. 1:17-cv-18, 2017 WL 6611513, at *7 (W.D. Tex. Dec. 27, 2017)) do not hold that the information Defendants seek is relevant to statutory damages.

## CONCLUSION

For the foregoing reasons, and those in Plaintiffs' opening brief, Plaintiffs respectfully ask that the Court grant Plaintiffs' motion.

July 3, 2018

        Respectfully submitted,

        By: */s/ Robert B. Gilmore*
        Pat A. Cipollone, P.C. (admitted *pro hac vice*)
        Jonathan E. Missner (admitted *pro hac vice*)
        Robert B. Gilmore (admitted *pro hac vice*)
        Philip J. O'Beirne (admitted *pro hac vice*)
        **Stein Mitchell Cipollone Beato & Missner LLP**
        1100 Connecticut Avenue, NW Suite 1100
        Washington, DC 20036
        Telephone: (202) 737-7777
        Facsimile: (202) 296-8312
        pcipollone@steinmitchell.com
        jmissner@steinmitchell.com
        rgilmore@steinmitchell.com
        pobeirne@steinmitchell.com

        Daniel C. Bitting (State Bar No. 02362480)
        Paige A. Amstutz (State Bar No. 00796136)
        **Scott Douglass & McConnico LLP**
        303 Colorado Street, Suite 2400
        Austin, TX 78701
        Telephone: (512) 495-6300
        Facsimile: (512) 495-6399
        dbitting@scottdoug.com
        pamstutz@scottdoug.com

        ***Attorneys for Plaintiffs***

## **CERTIFICATE OF SERVICE**

The undersigned certifies that on July 3, 2018 all counsel of record who are deemed to have consented to electronic service are being served with the foregoing motion through the Court's ECF system.

*/s/ Daniel C. Bitting*
Daniel C. Bitting