# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| UMG RECORDINGS, INC., *et al.*, | § | |
| Plaintiffs, | § § | |
| vs. | § § | Civil Action No. 1:17-cv-00365-LY |
| GRANDE COMMUNICATIONS NETWORKS LLC and PATRIOT MEDIA CONSULTING, LLC, | § § § § § § | |
| Defendants. | § | |

## NON-PARTY RECORDING INDUSTRY ASSOCIATION OF AMERICA'S MOTION FOR PROTECTIVE ORDER REGARDING DEFENDANT'S SUBPOENA FOR RULE 30(b)(6) DEPOSITION

## INTRODUCTION

Non-party Recording Industry Association of America ("RIAA") respectfully submits this motion for a protective order related to the Rule 30(b)(6) deposition notice served on it by Defendant Grande Communications Networks LLC ("Grande"). RIAA has agreed to provide Rule 30(b)(6) testimony on a number of the topics listed in the deposition notice. But Grande seeks testimony from RIAA on other topics that are irrelevant, privileged and plainly beyond the scope of proper discovery. RIAA respectfully requests that the Court issue a protective order providing that RIAA need only present Rule 30(b)(6) testimony within the scope of its written objections and responses.[1]

## BACKGROUND

RIAA is the recording industry's U.S. trade association. RIAA's members create and distribute the majority of recorded music in the United States, and own some of the most valuable and well-known copyrighted works in the world. RIAA supports and promotes the creative and financial vitality of the major record companies, including by assisting in protecting their intellectual property rights. In the instant case, RIAA's in-house lawyers have helped coordinate Plaintiffs' litigation efforts, providing legal advice and discussing legal strategy from the earliest planning stages through the conduct of the litigation. In January 2016, RIAA was contacted by Rightscorp, Inc., an online copyright infringement detection and monitoring company, regarding potential litigation arising from evidence Rightscorp had collected concerning Grande's and its subscribers' infringement of Plaintiffs' copyrighted sound recordings. *See* Ex. B, June 6, 2018

---

[1] *See* Ex. A, Apr. 23, 2018 RIAA's Objections and Responses to Defendants' Rule 45 Subpoena.

1

Sony Plfs.' Objs and Resps to Interrog. No. 20. RIAA engaged Rightscorp on behalf of Plaintiffs to provide litigation consulting in advance of this lawsuit. *Id.*

Defendants have known of RIAA's involvement in this litigation since early in the case. For example, the agreed protective order that the parties negotiated permits RIAA's in-house counsel to review confidential discovery materials, given RIAA's role in this litigation. Stip. Prot. Order [Dkt. 41] ¶ 2(b)(3). Nevertheless, Defendants waited until April 6, 2018 (nearly a year after the suit was filed) to serve a document and Rule 30(b)(6) deposition subpoena on RIAA. *See* Ex. C, Apr. 6, 2018 Rule 45 Subpoena to RIAA. Like the Rule 30(b)(6) notices to Plaintiffs (on which Plaintiffs are separately moving), the 30(b)(6) topics directed to RIAA sought a wide range of information about other internet service providers (ISPs) besides Grande, and other online infringement companies besides Rightscorp.

RIAA responded with written objections and responses, indicating that RIAA would produce documents and present a Rule 30(b)(6) witness on topics relevant to the lawsuit, but objected to designating a Rule 30(b)(6) witness on the numerous irrelevant, overbroad and privileged topics in Defendants' subpoena. *See* Ex. A. The parties met and conferred telephonically on May 2 and May 9, 2018, and in writing on May 9 and May 10, 2018. *See* Ex. D, Gilmore-Brophy Email Correspondence. As a result of that meet and confer, as a compromise, RIAA offered to provide testimony within a narrower and more reasonable scope on a variety of topics. *See id.* But Defendants have rejected those compromise proposals and continue to insist on the topics that are overbroad, irrelevant, privileged and otherwise objectionable.[2]

---

[2] Plaintiffs have also filed a motion for a protective order related to the Rule 30(b)(6) notices that Grande served on Plaintiffs. Many of the issues and arguments in Plaintiffs' motion apply with equal force here. *See* Dkt. Nos. 103 and 106. Accordingly, RIAA incorporates by reference herein the arguments in Plaintiffs' motion for a protective order.

**LEGAL STANDARD**

Parties may only seek information through discovery that is relevant and proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1). Rule 26 provides that "[o]n motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that: (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2)(C).

A non-party can seek a protective order from the court where the case is pending. "A party ***or any person from whom discovery is*** sought may move for a protective order in the court where the action is pending -- or as an alternative on matters relating to a deposition, in the court for the district where the deposition will be taken." Fed. R. Civ. P. 26(c)(1) (emphasis added). *See also Porter v. Becnel*, No. CV 15-69-JWD-RLB, 2016 WL 1729549, at *2 (M.D. La. Jan. 15, 2016).

"When a nonparty is the subject of discovery, heightened restriction on such discovery is warranted to protect the nonparty from 'harassment, inconvenience, or disclosure of confidential documents.'" *Keller v. Cox Radio, Inc.*, No. SA-08-CA-00284-OLG, 2009 WL 10700193, at *2 (W.D. Tex. Apr. 6, 2009). *See also Hahn v. Hunt*, No. CV 15-2867, 2016 WL 1587405, at *2 (E.D. La. Apr. 20, 2016), *aff'd,* No. CV 15-2867, 2016 WL 6518863 (E.D. La. Nov. 2, 2016) (reviewing authorities and concluding that "[n]on-parties have greater protections from discovery").

# ARGUMENT

## THE 30(B)(6) TESTIMONY THAT GRANDE SEEKS IS OVERBROAD, IRRELEVANT, AND LARGELY PRIVILEGED, WARRANTING A PROTECTIVE ORDER.

**Category 1: Engagement of Rightscorp as a litigation consultant, and RIAA's communications with Rightscorp and Plaintiffs in anticipation of and concerning this lawsuit.** Topics 3, 4, 5, 10, and 22 ask RIAA to testify about the considerations that led to the engagement of Rightscorp and the decision to bring this lawsuit, including negotiations with Rightscorp. In a good faith effort to resolve this discovery dispute without the need for motion practice, RIAA has produced documents related to the Rightscorp notices and downloaded recordings that are at the heart of this case, and RIAA has agreed to designate someone "to testify generally as to non-privileged, discoverable information regarding the general nature of RIAA's engagement of Rightscorp relating to the claims in this lawsuit against Grande." *See* Ex. A, Responses to Topics 5 and 22; Ex. D, p. 4 (revised response for several topics including Topics 1 and 10). But RIAA otherwise objects to the topics because in large part they seek information that is protected by the attorney-client privilege, and work product and common interest doctrines. Moreover, the documents and testimony that RIAA has agreed to provide—along with the extensive discovery provided by Plaintiffs and Rightscorp—should be more than sufficient.

RIAA first learned of Defendants' misconduct when Rightscorp approached RIAA in January 2016 regarding potential litigation arising from evidence of copyright infringement by Grande's subscribers. *See* Ex. B. RIAA, on Plaintiffs' behalf, retained Rightscorp as a litigation consultant with respect to Grande's subscribers' online infringement of Plaintiffs' works, and that engagement resulted in the filing of this lawsuit. *Id.* RIAA's considerations that led to the engagement of Rightscorp and the filing of this lawsuit were legal strategy; and RIAA's

communications with Plaintiffs and Rightscorp involved counsel and were for the purpose of rendering legal advice about, and in anticipation of, potential litigation against Defendants. *Id.*

***First***, all such communications are privileged. The communications among the Plaintiffs, RIAA and Rightscorp are protected under the common interest privilege. The common interest doctrine "extends a recognized privilege, often the attorney-client privilege, to communications with parties with a common legal interest." *Wachob Leasing Co. v. Gulfport Aviation Partners, LLC*, No. 1:15-CV-237-HSO-RHW, 2016 WL 10537556, at *4 (S.D. Miss. Oct. 18, 2016) (citing *Power-One, Inc. v. Artesyn Tech., Inc.*, No. 2:05cv463, 2007 WL 1170733, at *2 n.2 (E.D. Tex. Apr. 18, 2007)). Under the doctrine, "a privileged communication [that] is shared with a third person who has a common legal interest with respect to the subject matter of the communication" will remain privileged and protected from disclosure. *Id.* (quoting *Hodges, Grant & Kaufmann v. U.S. Gov't Dep't of the Treasury, I.R.S.*, 768 F.2d 719, 720 (5th Cir. 1985)). Both plaintiffs and defendants can invoke the common interest doctrine. *Id.; see also In re Hardwood P-G, Inc.*, 403 B.R. 445, 460 (Bankr. W.D. Tex. 2009) (common interest privilege applied to shield communications among plaintiffs preparing for litigation).

Here, all communications among RIAA, Rightscorp and Plaintiffs included RIAA's and Plaintiffs' in-house or outside counsel, and concerned providing legal advice to Plaintiffs or providing information and support for Plaintiffs concerning litigation over Defendants' wrongful conduct giving rise to secondary infringement liability. Rightscorp was retained for the very purpose of serving as a litigation consultant, *see* Ex. B, and RIAA, Plaintiffs, and Rightscorp were aligned in investigating and pursuing litigation against Grande and Patriot for facilitating the rampant infringement of Plaintiffs' copyrighted works.

***Second***, the communications among RIAA, Plaintiffs, and Rightscorp are protected work product. The work-product doctrine shields from discovery the materials prepared by or for an attorney in preparation of litigation. *Hickman v. Taylor*, 329 U.S. 495 (1947); Fed. R. Civ. P. 26(b)(3). "[A]s the Rule provides, the work-product doctrine is not limited to materials prepared by attorneys. It also affords protection to materials prepared for by a 'consultant, surety, indemnitor, insurer, or agent.'" *Celebration Church, Inc. v. United Nat. Ins. Co.*, No. CIV.A. 14-1050, 2015 WL 846712, at *4 (E.D. La. Feb. 25, 2015) (quoting Fed. R. Civ. P. 26(b)(3)). The Fifth Circuit's standard does not hinge on whether litigation is imminent, but whether "the primary motivating purpose behind the creation of the document was to aid in possible future litigation." *In re Kaiser Aluminum and Chem. Co.*, 214 F.3d 586, 593 (5th Cir. 2000).

The communications and information Defendants now seek pertaining to Rightscorp were unquestionably created with the primary motivation to assist RIAA and Plaintiffs' counsel in possible future litigation (before this case was filed) or during the course of this litigation (after it was filed). *See Ferko v. National Ass'n for Stock Car Auto Racing, Inc.*, 218 F.R.D. 125, 136 (E.D. Tex. 2003) (citations omitted). In fact, courts have "little difficulty" holding as work product communications with non-party companies that assist in determining whether there are claims before litigation is filed. *Innovative Sonic Ltd. v. Research in Motion, Ltd.*, 2013 WL 775349, at *2 (N.D. Tex. March 1, 2013) (citing collected cases and holding that non-party materials pertaining to pre-litigation infringement testing of defendant's products were protected work product where testing was conducted at the request of plaintiff's outside counsel in anticipation of litigation). Moreover, such communications should be afforded absolute protection, because they constitute opinion work product containing "mental impressions, conclusions, opinions, or legal

6

theories of an attorney or other representative[.]" *Butler v. Am. Heritage Life Ins. Co.*, No. 4:13-CV-199, 2016 WL 367314, at *7 (E.D. Tex. Jan. 29, 2016).

In sum, the broad scope of these Topics encompasses privileged and work product communications and information that is not subject to discovery, warranting a protective order.

**Category 2: Companies other than Rightscorp that detect online infringement and monitor ISPs other than Grande.** In Topics 1, 2, 3, 6, 9, 12, 14, 16, 18, and 20, Defendants seek a raft of discovery from RIAA that ranges far afield from the only online infringement detection company (Rightscorp) and the only ISP (Grande) involved in this lawsuit. There is no basis for Defendants to burden RIAA by seeking this overbroad and irrelevant discovery. Defendants specifically name MarkMonitor throughout the Subpoena. But RIAA did not retain MarkMonitor to send notices to Grande. *See* Ex. A, pp. 7-8. Several of Defendants' topics stray even further, seeking information about "other entities [that] monitor" online infringement (*id.* pp. 2, 5). Again, RIAA did not retain other entities to monitor or send notices to Grande. Defendants have not made any showing as to why any information RIAA has about MarkMonitor, or any other online infringement monitoring company besides Rightscorp, is relevant to this lawsuit.

Similarly, RIAA should not be forced to provide discovery related to other ISPs' copyright infringement practices. Earlier in this case, Defendants argued that they should not have to provide discovery related to other ISPs' copyright infringement practices. The Magistrate Judge agreed, ruling "that Patriot's interactions with other ISPs are [not] relevant to Grande's policies and procedures relating to copyright infringement by Grande customers." Order on Mot. to Compel at 2 [Dkt. 60]. By the same token, then, RIAA should not be required to provide discovery relating to other ISPs' copyright infringement practices.

**Category 3: The technical functionality of Rightscorp's online infringement detection system.** Topics 8, 11, 13, 15, 17, 19, and 23 all purport to require RIAA to prepare a witness as to the functionality and operation of Rightscorp's system. RIAA is willing to provide testimony on certain of these topics (8 and 11) to testify as to non-privileged information relating to (1) evidence RIAA received from Rightscorp, and (2) RIAA's own evidence produced from Rightscorp data, given RIAA's interactions with Rightscorp. *See* Ex. D, p. 4; Ex. A, pp. 14-15. Beyond, that, however, RIAA's knowledge about Rightscorp is very limited. Rightscorp itself is in a much better position to testify about the technical functionality of its system. Defendants should seek this testimony from Rightscorp, as it is needlessly cumulative and burdensome to require RIAA to prepare a witness to speak to these topics. Indeed, it is RIAA's understanding that Grande intends to depose Rightcorp representatives directly. RIAA further directs the Court to Plaintiffs' arguments on this point in Plaintiffs' motion. *See* Dkt. 103 at p. 8 and Dkt. 106 at p. 3.

**Category 4: Knowledge and assertions regarding Defendant's wrongful conduct.** Finally, Topics 7 and 10 ask RIAA to provide testimony on its knowledge and assertions of Defendant's wrongdoing. Topic 7 calls for "RIAA's knowledge regarding Grande's alleged liability for acts of copyright infringement by Grande Subscribers." Ex. A, p. 9. RIAA agreed to respond to this topic "except as to information learned through discovery obtained from Defendants in this action." *Id.* That is an appropriate narrowing objection, as RIAA, a non-party, should not be required to educate a witness on all of the evidence *from Grande and Patriot* adduced through discovery.

Topic 10 seeks "[t]he basis for any assertion(s) that a particular Grande Subscriber has committed copyright infringement or infringed one of the copyrighted works belonging to any of the Plaintiffs." Ex. A, p. 13. During the meet and confer process, RIAA agreed to designate a

witness to testify "as to non-privileged information relating to the evidence that RIAA received from Rightscorp in connection with this litigation (Rightscorp notices sent to Grande regarding online infringement by Grande customers, and Rightscorp's downloads of copyrighted works that were being shared/downloaded by Grande customers), as well as evidence that RIAA itself generated in connection with this litigation (running the Rightscorp-downloaded works through the Audible Magic database, and files/data showing matches between the downloaded works and Plaintiffs' Copyrighted Sound Recordings)." Ex. D, p. 4. Again, this is appropriate, as it is limited to the evidence that RIAA itself received or generated, as opposed to having a witness review and testify as to the documents and testimony from Grande and Patriot. In sum, there is no sound basis for RIAA, a non-party, to be required to prepare a witness to testify about Plaintiffs' contentions concerning Grande subscribers' infringement. RIAA further directs the Court to Plaintiffs' arguments on this point in their previously-filed motion. Dkt. 103 at pp. 4-6 and Dkt. 106 at pp. 1-2.

## CONCLUSION

For the reasons stated herein, RIAA respectfully asks that the Court enter a protective order limiting the scope of RIAA's 30(b)(6) testimony to that set forth in its written objections and responses set forth in Exhibit A and D.

## CERTIFICATE OF CONFERENCE

Counsel for the parties attempted in good faith to resolve this matter by agreement, exchanging multiple written communications and conducting multiple telephonic conferences, but were unable to resolve the dispute without the need for Court intervention.

July 6, 2018

        Respectfully submitted,

        By: */s/ Robert B. Gilmore*
        Pat A. Cipollone, P.C. (admitted *pro hac vice*)
        Jonathan E. Missner (admitted *pro hac vice*)
        Robert B. Gilmore (admitted *pro hac vice*)
        Philip J. O'Beirne (admitted *pro hac vice*)
        **Stein Mitchell Cipollone Beato & Missner LLP**
        1100 Connecticut Avenue, NW Suite 1100
        Washington, DC 20036
        Telephone: (202) 737-7777
        Facsimile: (202) 296-8312
        pcipollone@steinmitchell.com
        jmissner@steinmitchell.com
        rgilmore@steinmitchell.com
        pobeirne@steinmitchell.com

        Daniel C. Bitting (State Bar No. 02362480)
        Paige A. Amstutz (State Bar No. 00796136)
        **Scott Douglass & McConnico LLP**
        303 Colorado Street, Suite 2400
        Austin, TX 78701
        Telephone: (512) 495-6300
        Facsimile: (512) 495-6399
        dbitting@scottdoug.com
        pamstutz@scottdoug.com

        ***Attorneys for Plaintiffs***

## CERTIFICATE OF SERVICE

The undersigned certifies that on July 6, 2018 all counsel of record who are deemed to have consented to electronic service are being served with through the Court's ECF system.

*/s/ Daniel C. Bitting*
Daniel C. Bitting