# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| UMG RECORDINGS, INC., *et al.* | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| vs. | § | |
| | § | |
| GRANDE COMMUNICATIONS | § | Civil Action No. 1:17-cv-365 |
| NETWORKS LLC | § | |
| and | § | |
| PATRIOT MEDIA CONSULTING, LLC, | § | |
| | § | |
| Defendants. | § | |
| | § | |

## NON-PARTY RIAA'S OBJECTIONS AND RESPONSES TO DEFENDANTS' RULE 45 SUBPOENA FOR TESTIMONY AND DOCUMENTS

Pursuant to Federal Rules of Civil Procedure 45, non-party Recording Industry Association of America ("RIAA"), by and through its attorneys, hereby provides the following objections to the Rule 45 Subpoena served by counsel for Defendants on April 6, 2018.

RIAA will confer with Defendants regarding the time, date, and location of the deposition. RIAA reserves the right to supplement or modify these Objections and Responses upon, among other things, discovery of additional facts and materials and other developments in this action. RIAA's objections and responses are not intended to be, and should not be construed as, an agreement or concurrence by RIAA with any of Defendants' characterizations of any facts, circumstances, or legal conclusions. RIAA reserves all rights in connection with the subpoena.

## OBJECTIONS AND RESPONSES TO ATTACHMENT A: DEFINITIONS

### DEFINITION NO. 1:

"Recording Industry Association of America," "RIAA," "you," and "your" refers to Recording Industry Association of America, its parents, subsidiaries, divisions, predecessors, successors, affiliates, and any present or former agent, employee, representative, director, officer, or any other person acting or purporting to act on its behalf.

**RESPONSE:** RIAA objects to this Definition as overbroad, unduly burdensome, not relevant to the parties' claims and defenses, not proportional to the needs of the case, and thus outside the scope of discovery permitted under Federal Rule of Civil Procedure 26, insofar as it concerns (1) parent, subsidiary or affiliate companies or entities not otherwise related to the matters at issue in this case, or (2) information in the sole possession, custody, or control of RIAA's former employees, supervisors, managers, executives, board members, officers, directors, agents and contractors. RIAA also objects to this Definition to the extent it seeks information that is not within RIAA's possession, custody or control, or information that is not maintained in the ordinary course of business. In addition, RIAA further objects to this Definition as encompassing information protected by the attorney-client privilege, the work product doctrine, the common-interest privilege, and any other applicable privilege or protection from disclosure.

## OBJECTIONS AND RESPONSES TO TOPICS FOR EXAMINATION

### MATTER FOR EXAMINATION NO. 1:

The processes, procedures, and methods by which Rightscorp, MarkMonitor, or other entities [that] monitor Peer-to-Peer file sharing networks in order to identify alleged infringers of copyrighted works, including through use and operation of the Rightscorp System, the MarkMonitor System or any third-party software.

**RESPONSE:** RIAA objects to this Topic as overbroad, not relevant and not proportional to the needs of the case, and thus exceeding the scope of discoverable matters under Federal Rule of Civil Procedure 26. In particular, RIAA objects to this Topic to the extent it seeks testimony relating to

2

technical and business information of Rightscorp, MarkMonitor, or other third-party entities that is not within the possession, custody, or control of RIAA and/or that is obtainable more readily and with more detail and accuracy from those third-party entities. Such testimony can be obtained from those entities rather than imposing on RIAA the burden and expense of preparing a witness to address this Topic. Furthermore, RIAA objects to this Topic to the extent it seeks third parties' activities not related to infringement of Plaintiffs' copyrights by Grande or Patriot, or by Grande's customers or users, and monitoring of internet traffic or sending notices other than by Rightscorp. RIAA also objects to this Topic as seeking information protected by the attorney-client privilege, the work product doctrine, the common-interest privilege, and any other applicable privilege or protection from disclosure. In particular, RIAA objects to this Topic on the ground that communications and information responsive to this Topic will overwhelmingly, and possibly entirely, be protected from disclosure on privilege and work product grounds, and therefore it is unduly burdensome and harassing to require RIAA to investigate and prepare a witness to testify on this Topic. RIAA also objects to this Topic on the ground that it does not describe with reasonable particularity the matters on which examination is requested, as required by Federal Rule of Civil Procedure 30(b)(6). In addition, RIAA further objects to this Topic insofar as it seeks information that is unreasonably cumulative or duplicative of Grande's other discovery requests (including without limitation Grande's subpoenas to Rightscorp and MarkMonitor), that is already in the possession, custody, or control of Grande's or Grande's counsel, that is of no greater burden for Grande to obtain than for RIAA to obtain, or that is obtainable from some other source that is more convenient, less burdensome, or less expensive, and/or to the extent that compliance would be unduly burdensome, expensive, or oppressive for RIAA, which is not a party to this litigation. RIAA also incorporates by reference its Objections and Responses to Attachment A - Definitions.

In light of these objections, RIAA will not be designating a witness to testify in response to this Topic, but RIAA understands that Grande is seeking Rule 30(b)(6) testimony from Rightscorp, and therefore directs Grande to Rightscorp for testimony responsive to this Topic.

## MATTER FOR EXAMINATION NO. 2:

The capabilities and functionality of the Rightscorp System, the MarkMonitor System, or other similar systems for monitoring and detecting Peer-to-Peer file sharing activity associated with a particular internet subscriber and a particular ISP, including but not limited to the ability to identify an internet subscriber that has downloaded a copyrighted work and subsequently provide a Rightscorp Notice or a MarkMonitor Notice or similar notice to the ISP that provides internet service to that same internet subscriber.

**RESPONSE:** RIAA objects to this Topic as overbroad, not relevant and not proportional to the needs of the case, and thus exceeding the scope of discoverable matters under Federal Rule of Civil Procedure 26. In particular, RIAA objects to this Topic to the extent it seeks testimony relating to technical and business information of Rightscorp, MarkMonitor, or other third-party entities that is not within the possession, custody, or control of RIAA and/or that is obtainable more readily and with more detail and accuracy from those third-party entities. Such testimony can be obtained from those entities rather than imposing on RIAA the burden and expense of preparing a witness to address this Topic. Furthermore, RIAA objects to this Topic to the extent it seeks third parties' activities not related to infringement of Plaintiffs' copyrights by Grande or Patriot, or by Grande's customers or users, and monitoring of internet traffic or sending notices other than by Rightscorp. RIAA also objects to this Topic as seeking information protected by the attorney-client privilege, the work product doctrine, the common-interest privilege, and any other applicable privilege or protection from disclosure. In particular, RIAA objects to this Topic on the ground that communications and information responsive to this Topic will overwhelmingly, and possibly entirely, be protected from disclosure on privilege and work product grounds, and therefore it is unduly burdensome and harassing to require RIAA to investigate and prepare a witness to testify on this Topic. RIAA also

objects to this Topic on the ground that it does not describe with reasonable particularity the matters on which examination is requested, as required by Federal Rule of Civil Procedure 30(b)(6).  In addition, RIAA further objects to this Topic insofar as it seeks information that is unreasonably cumulative or duplicative of Grande's other discovery requests (including without limitation Grande's subpoenas to Rightscorp and MarkMonitor), that is already in the possession, custody, or control of Grande's or Grande's counsel, that is of no greater burden for Grande to obtain than for RIAA to obtain, or that is obtainable from some other source that is more convenient, less burdensome, or less expensive, and/or to the extent that compliance would be unduly burdensome, expensive, or oppressive for RIAA, which is not a party to this litigation.  RIAA also incorporates by reference its Objections and Responses to Attachment A - Definitions.

In light of these objections, RIAA will not be designating a witness to testify in response to this Topic, but RIAA understands that Grande is seeking Rule 30(b)(6) testimony from Rightscorp, and therefore directs Grande to Rightscorp for testimony responsive to this Topic.

**MATTER FOR EXAMINATION NO. 3:**

The considerations that informed any decision(s) by the RIAA directly or on behalf of the Plaintiffs to send and continue sending Rightscorp Notices, MarkMonitor Notices or similar notices to Grande.

**RESPONSE:**   RIAA objects to this Topic as overbroad, not relevant and not proportional to the needs of the case, and thus exceeding the scope of discoverable matters under Federal Rule of Civil Procedure 26.  In particular, RIAA objects to this Topic to the extent it seeks testimony relating to (1) monitoring of internet traffic or sending notices other than by Rightscorp, and (2) technical and business information of Rightscorp, MarkMonitor, or other third-party entities that is not within the possession, custody, or control of RIAA and/or that is obtainable more readily and with more detail and accuracy from those third-party entities.  RIAA also objects to this request as vague and undefined with respect to the terms "considerations" and "informed."  RIAA further objects to this Topic as

seeking information protected by the attorney-client privilege, the work product doctrine, the common-interest privilege, and any other applicable privilege or protection from disclosure. In particular, RIAA objects to this Topic on the ground that communications and information responsive to this Topic will overwhelmingly, and possibly entirely, be protected from disclosure on privilege and work product grounds, and therefore it is unduly burdensome and harassing to require RIAA to investigate and prepare a witness to testify on this Topic. RIAA also objects to this Topic on the ground that it does not describe with reasonable particularity the matters on which examination is requested, as required by Federal Rule of Civil Procedure 30(b)(6). In addition, RIAA objects to this Topic insofar as it seeks information that is unreasonably cumulative or duplicative of Grande's other discovery requests (including without limitation Grande's subpoenas to Rightscorp and MarkMonitor), that is already in the possession, custody, or control of Grande's or Grande's counsel, that is of no greater burden for Grande to obtain than for RIAA to obtain, or that is obtainable from some other source that is more convenient, less burdensome, or less expensive, and/or to the extent that compliance would be unduly burdensome, expensive, or oppressive for RIAA, which is not a party to this litigation. RIAA further states that it did not engage MarkMonitor relating to notices of copyright infringement sent to Grande. RIAA also incorporates by reference its Objections and Responses to Attachment A - Definitions.

In light of these objections, RIAA will not be designating a witness to testify in response to this Topic.

## MATTER FOR EXAMINATION NO. 4:

The considerations and negotiations that resulted in the RIAA's engagement of Rightscorp and MarkMonitor for purposes of sending Rightscorp Notices or MarkMonitor Notices to Grande and/or bringing this lawsuit against Grande and Patriot.

**RESPONSE:** RIAA objects to this Topic as overbroad, not relevant and not proportional to the needs of the case, and thus exceeding the scope of discoverable matters under Federal Rule of Civil Procedure 26. In particular, RIAA objects to this Topic to the extent it seeks testimony relating to (1) monitoring of internet traffic or sending notices other than by Rightscorp, and (2) technical and business information of Rightscorp or MarkMonitor that is not within the possession, custody, or control of RIAA and/or that is obtainable more readily and with more detail and accuracy from those third-party entities. RIAA also objects to this request as vague and undefined with respect to the term "considerations." RIAA further objects to this Topic as seeking information protected by the attorney-client privilege, the work product doctrine, the common-interest privilege, and any other applicable privilege or protection from disclosure. In particular, RIAA objects to this Topic on the ground that communications and information responsive to this Topic will overwhelmingly, and possibly entirely, be protected from disclosure on privilege and work product grounds, and therefore it is unduly burdensome and harassing to require RIAA to investigate and prepare a witness to testify on this Topic. RIAA also objects to this Topic on the ground that it does not describe with reasonable particularity the matters on which examination is requested, as required by Federal Rule of Civil Procedure 30(b)(6). In addition, RIAA objects to this Topic insofar as it seeks information that is unreasonably cumulative or duplicative of Grande's other discovery requests (including without limitation Grande's subpoenas to Rightscorp and MarkMonitor), that is already in the possession, custody, or control of Grande's or Grande's counsel, that is of no greater burden for Grande to obtain than for RIAA to obtain, or that is obtainable from some other source that is more convenient, less burdensome, or less expensive, and/or to the extent that compliance would be unduly burdensome, expensive, or oppressive for RIAA, which is not a party to this litigation. RIAA further states that it

did not engage MarkMonitor relating to notices of copyright infringement sent to Grande. RIAA also

incorporates by reference its Objections and Responses to Attachment A - Definitions.

In light of these objections, RIAA will not be designating a witness to testify in response to

this Topic.

## MATTER FOR EXAMINATION NO. 5:

All agreements and the terms thereof between the RIAA and Rightscorp relating in any way to the
claims in this lawsuit against Grande.

**RESPONSE:** RIAA objects to this Topic insofar as it seeks information that is unreasonably

cumulative or duplicative of Grande's other discovery requests (including without limitation Grande's

subpoenas to Rightscorp), that is already in the possession, custody, or control of Grande's or

Grande's counsel, that is of no greater burden for Grande to obtain than for RIAA to obtain, or that is

obtainable from some other source that is more convenient, less burdensome, or less expensive, and/or

to the extent that compliance would be unduly burdensome, expensive, or oppressive for RIAA, which

is not a party to this litigation. RIAA further objects to this Topic as seeking information protected

by the attorney-client privilege, the work product doctrine, the common-interest privilege, and any

other applicable privilege or protection from disclosure. RIAA also incorporates by reference its

Objections and Responses to Attachment A - Definitions.

Subject to and without waiving these objections, RIAA will designate one or more persons

to testify generally as to non-privileged, discoverable information regarding the general nature of

RIAA's engagement of Rightscorp relating to the claims in this lawsuit against Grande.

## MATTER FOR EXAMINATION NO. 6:

All agreements and the terms thereof between the RIAA and MarkMonitor relating in any way to
copyright infringement claims against any ISPs.

**RESPONSE:** RIAA objects to this Topic as overbroad, not relevant and not proportional to the

8

needs of the case, and thus exceeding the scope of discoverable matters under Federal Rule of Civil

Procedure 26.  In particular, RIAA objects to this Topic to the extent it seeks testimony relating to

(1) monitoring of internet traffic or sending notices other than by Rightscorp and (2) technical and

business information of MarkMonitor that is not within the possession, custody, or control of RIAA

and/or that is obtainable more readily and with more detail and accuracy from MarkMonitor.  RIAA

further objects to this Topic as seeking information protected by the attorney-client privilege, the

work product doctrine, the common-interest privilege, and any other applicable privilege or

protection from disclosure.  In addition, RIAA objects to this Topic insofar as it seeks information

that is unreasonably cumulative or duplicative of Grande's other discovery requests (including

without limitation Grande's subpoenas to MarkMonitor), that is already in the possession, custody,

or control of Grande's or Grande's counsel, that is of no greater burden for Grande to obtain than for

RIAA to obtain, or that is obtainable from some other source that is more convenient, less

burdensome, or less expensive, and/or to the extent that compliance would be unduly burdensome,

expensive, or oppressive for RIAA, which is not a party to this litigation.  RIAA also incorporates

by reference its Objections and Responses to Attachment A - Definitions.

In light of these objections, RIAA will not be designating a witness to testify in response to

this Topic.

**MATTER FOR EXAMINATION NO. 7:**

RIAA's knowledge regarding Grande's alleged liability for acts of copyright infringement by
Grande Subscribers.

**RESPONSE:**  RIAA objects to this Topic as overbroad, not relevant and not proportional to the

needs of the case, and thus exceeding the scope of discoverable matters under Federal Rule of Civil

Procedure 26.  As written, this Topic would require the RIAA to prepare a witness to testify as to

the entirety of the factual and legal issues involved in this case.  RIAA further objects to this Topic

as seeking information protected by the attorney-client privilege, the work product doctrine, the common-interest privilege, and any other applicable privilege or protection from disclosure. In particular, this Topic on its face seeks legal conclusions and opinions, which is not proper testimony from a Rule 30(b)(6) deponent. Communications and information responsive to this Topic will overwhelmingly, and possibly entirely, be protected from disclosure on privilege and work product grounds, and therefore it is unduly burdensome and harassing to require RIAA to investigate and prepare a witness to testify on this Topic. In addition, RIAA objects to this Topic insofar as it seeks information that is unreasonably cumulative or duplicative of Grande's other discovery requests, that is already in the possession, custody, or control of Grande's or Grande's counsel, that is of no greater burden for Grande to obtain than for RIAA to obtain, or that is obtainable from some other source that is more convenient, less burdensome, or less expensive, and/or to the extent that compliance would be unduly burdensome, expensive, or oppressive for RIAA, which is not a party to this litigation. RIAA also incorporates by reference its Objections and Responses to Attachment A - Definitions.

Subject to and without waiving these objections, RIAA will designate one or more persons to testify generally as to non-privileged, discoverable information regarding this Topic, other than as to information learned through discovery obtained from Defendants in this action.

## MATTER FOR EXAMINATION NO. 8:

The development, testing, and evaluation of the software that embodies the Rightscorp System.

**RESPONSE:** RIAA objects to this Topic as overbroad, not relevant and not proportional to the needs of the case, and thus exceeding the scope of discoverable matters under Federal Rule of Civil Procedure 26. In particular, RIAA objects to this Topic to the extent it seeks testimony relating to technical and business information of Rightscorp that is not within the possession, custody, or control

of RIAA and/or that is obtainable more readily and with more detail and accuracy from those third-party entities. Such testimony can be obtained from those third-party entities, rather than imposing on RIAA the burden and expense of preparing a witness to address this Topic. RIAA further objects to this Topic as seeking information protected by the attorney-client privilege, the work product doctrine, the common-interest privilege, and any other applicable privilege or protection from disclosure. In particular, RIAA objects to this Topic on the ground that communications and information responsive to this Topic will overwhelmingly, and possibly entirely, be protected from disclosure on privilege and work product grounds, and therefore it is unduly burdensome and harassing to require RIAA to investigate and prepare a witness to testify on this Topic. RIAA also objects to this Topic on the ground that it does not describe with reasonable particularity the matters on which examination is requested, as required by Federal Rule of Civil Procedure 30(b)(6). In addition, RIAA further objects to this Topic insofar as it seeks information that is unreasonably cumulative or duplicative of Grande's other discovery requests (including without limitation Grande's subpoenas to Rightscorp), that is already in the possession, custody, or control of Grande's or Grande's counsel, that is of no greater burden for Grande to obtain than for RIAA to obtain, or that is obtainable from some other source that is more convenient, less burdensome, or less expensive, and/or to the extent that compliance would be unduly burdensome, expensive, or oppressive for RIAA, which is not a party to this litigation. RIAA also incorporates by reference its Objections and Responses to Attachment A - Definitions.

In light of these objections, RIAA will not be designating a witness to testify in response to this Topic, but RIAA understands that Grande is seeking Rule 30(b)(6) testimony from Rightscorp, and therefore directs Grande to Rightscorp for testimony responsive to this Topic.

## MATTER FOR EXAMINATION NO. 9:

The development, testing, and evaluation of the software that embodies the MarkMonitor System.

**RESPONSE:** RIAA objects to this Topic as overbroad, not relevant and not proportional to the needs of the case, and thus exceeding the scope of discoverable matters under Federal Rule of Civil Procedure 26. In particular, RIAA objects to this Topic to the extent it seeks testimony relating to technical and business information of MarkMonitor that is not within the possession, custody, or control of RIAA and/or that is obtainable more readily and with more detail and accuracy from MarkMonitor. Such testimony can be obtained from MarkMonitor, rather than imposing on RIAA the burden and expense of preparing a witness to address this Topic. RIAA also objects to this Topic to the extent it seeks information about monitoring of internet traffic or sending notices other than by Rightscorp. RIAA further objects to this Topic as seeking information protected by the attorney-client privilege, the work product doctrine, the common-interest privilege, and any other applicable privilege or protection from disclosure. In addition, RIAA objects to this Topic insofar as it seeks information that is unreasonably cumulative or duplicative of Grande's other discovery requests (including without limitation Grande's subpoenas to MarkMonitor), that is already in the possession, custody, or control of Grande's or Grande's counsel, that is of no greater burden for Grande to obtain than for RIAA to obtain, or that is obtainable from some other source that is more convenient, less burdensome, or less expensive, and/or to the extent that compliance would be unduly burdensome, expensive, or oppressive for RIAA, which is not a party to this litigation. RIAA also incorporates by reference its Objections and Responses to Attachment A - Definitions.

In light of these objections, RIAA will not be designating a witness to testify in response to this Topic.

## MATTER FOR EXAMINATION NO. 10:

The basis for any assertion(s) that a particular Grande Subscriber has committed copyright infringement or infringed one of the copyrighted works belonging to any of the Plaintiffs.

**RESPONSE:**  RIAA objects to this Topic as overbroad, not relevant and not proportional to the needs of the case, and thus exceeding the scope of discoverable matters under Federal Rule of Civil Procedure 26.  As written, this Topic would require the RIAA to prepare a witness to testify as to the entirety of the factual and legal issues involved in this case.  RIAA further objects to this Topic as seeking information protected by the attorney-client privilege, the work product doctrine, the common-interest privilege, and any other applicable privilege or protection from disclosure.  In particular, this Topic on its face seeks legal conclusions and opinions, which is not proper testimony from a Rule 30(b)(6) deponent.  Communications and information responsive to this Topic will overwhelmingly, and possibly entirely, be protected from disclosure on privilege and work product grounds, and therefore it is unduly burdensome and harassing to require RIAA to investigate and prepare a witness to testify on this Topic.  In addition, RIAA objects to this Topic insofar as it seeks information that is unreasonably cumulative or duplicative of Grande's other discovery requests, that is already in the possession, custody, or control of Grande's or Grande's counsel, that is of no greater burden for Grande to obtain than for RIAA to obtain, or that is obtainable from some other source that is more convenient, less burdensome, or less expensive, and/or to the extent that compliance would be unduly burdensome, expensive, or oppressive for RIAA, which is not a party to this litigation.  RIAA also incorporates by reference its Objections and Responses to Attachment A - Definitions.

In light of these objections, RIAA will not be designating a witness to testify in response to this Topic.

## MATTER FOR EXAMINATION NO. 11:

Any values, conditions, or other quantifiable measures that the Rightscorp System detects or utilizes in order to identify an alleged infringer or send a Rightscorp Notice.

**RESPONSE:** RIAA objects to this Topic as overbroad, not relevant and not proportional to the needs of the case, and thus exceeding the scope of discoverable matters under Federal Rule of Civil Procedure 26. In particular, RIAA objects to this Topic to the extent it seeks testimony relating to technical and business information of Rightscorp that is not within the possession, custody, or control of RIAA and/or that is obtainable more readily and with more detail and accuracy from Rightscorp. Such testimony can be obtained from Rightscorp, rather than imposing on RIAA the burden and expense of preparing a witness to address this Topic. RIAA further objects to this Topic as seeking information protected by the attorney-client privilege, the work product doctrine, the common-interest privilege, and any other applicable privilege or protection from disclosure. In particular, RIAA objects to this Topic on the ground that communications and information responsive to this Topic will overwhelmingly, and possibly entirely, be protected from disclosure on privilege and work product grounds, and therefore it is unduly burdensome and harassing to require RIAA to investigate and prepare a witness to testify on this Topic. RIAA also objects to this Topic on the ground that it does not describe with reasonable particularity the matters on which examination is requested, as required by Federal Rule of Civil Procedure 30(b)(6). In addition, RIAA further objects to this Topic insofar as it seeks information that is unreasonably cumulative or duplicative of Grande's other discovery requests (including without limitation Grande's subpoenas to Rightscorp), that is already in the possession, custody, or control of Grande's or Grande's counsel, that is of no greater burden for Grande to obtain than for RIAA to obtain, or that is obtainable from some other source that is more convenient, less burdensome, or less expensive, and/or to the extent that compliance would be unduly burdensome, expensive, or oppressive for RIAA, which is not a party to this litigation. RIAA also

14

incorporates by reference its Objections and Responses to Attachment A - Definitions.

In light of these objections, RIAA will not be designating a witness to testify in response to this Topic, but RIAA understands that Grande is seeking Rule 30(b)(6) testimony from Rightscorp, and therefore directs Grande to Rightscorp for testimony responsive to this Topic.

## MATTER FOR EXAMINATION NO. 12:

Any values, conditions, or other quantifiable measures that the MarkMonitor System detects or utilizes in order to identify an alleged infringer or send a MarkMonitor Notice.

**RESPONSE:** RIAA objects to this Topic as overbroad, not relevant and not proportional to the needs of the case, and thus exceeding the scope of discoverable matters under Federal Rule of Civil Procedure 26. In particular, RIAA objects to this Topic to the extent it seeks testimony relating to technical and business information of MarkMonitor that is not within the possession, custody, or control of RIAA and/or that is obtainable more readily and with more detail and accuracy from MarkMonitor. Such testimony can be obtained from MarkMonitor, rather than imposing on RIAA the burden and expense of preparing a witness to address this Topic. RIAA also objects to this Topic to the extent it seeks information relating to monitoring of internet traffic or sending notices other than by Rightscorp. RIAA further objects to this Topic as seeking information protected by the attorney-client privilege, the work product doctrine, the common-interest privilege, and any other applicable privilege or protection from disclosure. In addition, RIAA objects to this Topic insofar as it seeks information that is unreasonably cumulative or duplicative of Grande's other discovery requests (including without limitation Grande's subpoenas to MarkMonitor), that is already in the possession, custody, or control of Grande's or Grande's counsel, that is of no greater burden for Grande to obtain than for RIAA to obtain, or that is obtainable from some other source that is more convenient, less burdensome, or less expensive, and/or to the extent that compliance would be unduly burdensome, expensive, or oppressive for RIAA, which is not a party to this

15

litigation.  RIAA also incorporates by reference its Objections and Responses to Attachment A - Definitions.

In light of these objections, RIAA will not be designating a witness to testify in response to this Topic.

## MATTER FOR EXAMINATION NO. 13:

RIAA's knowledge of actual, potential, or alleged flaws, weaknesses, deficiencies, inefficiencies, errors, lack or absence of features or functionality, performance issues, modifications or improvements needed, or any other problem associated with the Rightscorp System and Rightscorp Notices, including but not limited to the Rightscorp System's ability to detect and identify activity associated with copyright infringement.

**RESPONSE:**  RIAA objects to this Topic as overbroad, not relevant and not proportional to the needs of the case, and thus exceeding the scope of discoverable matters under Federal Rule of Civil Procedure 26.  In particular, RIAA objects to this Topic to the extent it seeks testimony relating to technical and business information of Rightscorp that is not within the possession, custody, or control of RIAA and/or that is obtainable more readily and with more detail and accuracy from Rightscorp. Such testimony can be obtained from Rightscorp, rather than imposing on RIAA the burden and expense of preparing a witness to address this Topic.  RIAA further objects to this Topic as seeking information protected by the attorney-client privilege, the work product doctrine, the common-interest privilege, and any other applicable privilege or protection from disclosure.  In particular, RIAA objects to this Topic on the ground that communications and information responsive to this Topic will overwhelmingly, and possibly entirely, be protected from disclosure on privilege and work product grounds, and therefore it is unduly burdensome and harassing to require RIAA to investigate and prepare a witness to testify on this Topic.  RIAA also objects to this Topic on the ground that it does not describe with reasonable particularity the matters on which examination is requested, as required by Federal Rule of Civil Procedure 30(b)(6).  In addition, RIAA further objects to this Topic insofar

as it seeks information that is unreasonably cumulative or duplicative of Grande's other discovery

requests (including without limitation Grande's subpoenas to Rightscorp), that is already in the

possession, custody, or control of Grande's or Grande's counsel, that is of no greater burden for

Grande to obtain than for RIAA to obtain, or that is obtainable from some other source that is more

convenient, less burdensome, or less expensive, and/or to the extent that compliance would be unduly

burdensome, expensive, or oppressive for RIAA, which is not a party to this litigation.  RIAA also

incorporates by reference its Objections and Responses to Attachment A - Definitions.

In light of these objections, RIAA will not be designating a witness to testify in response to

this Topic, but RIAA understands that Grande is seeking Rule 30(b)(6) testimony from Rightscorp,

and therefore directs Grande to Rightscorp for testimony responsive to this Topic.

## MATTER FOR EXAMINATION NO. 14:

RIAA's knowledge of actual, potential, or alleged flaws, weaknesses, deficiencies, inefficiencies, errors, lack or absence of features or functionality, performance issues, modifications or improvements needed, or any other problem associated with the MarkMonitor System and MarkMonitor Notices, including but not limited to the MarkMonitor System's ability to detect and identify activity associated with copyright infringement.

**RESPONSE:**  RIAA objects to this Topic as overbroad, not relevant and not proportional to the

needs of the case, and thus exceeding the scope of discoverable matters under Federal Rule of Civil

Procedure 26.  In particular, RIAA objects to this Topic to the extent it seeks testimony relating to

technical and business information of MarkMonitor that is not within the possession, custody, or

control of RIAA and/or that is obtainable more readily and with more detail and accuracy from

MarkMonitor.  Such testimony can be obtained from MarkMonitor, rather than imposing on RIAA

the burden and expense of preparing a witness to address this Topic.  RIAA also objects to this

Topic to the extent it seeks testimony relating to monitoring of internet traffic or sending notices

other than by Rightscorp.  RIAA further objects to this Topic as seeking information protected by

17

the attorney-client privilege, the work product doctrine, the common-interest privilege, and any other applicable privilege or protection from disclosure. In addition, RIAA objects to this Topic insofar as it seeks information that is unreasonably cumulative or duplicative of Grande's other discovery requests (including without limitation Grande's subpoenas to MarkMonitor), that is already in the possession, custody, or control of Grande's or Grande's counsel, that is of no greater burden for Grande to obtain than for RIAA to obtain, or that is obtainable from some other source that is more convenient, less burdensome, or less expensive, and/or to the extent that compliance would be unduly burdensome, expensive, or oppressive for RIAA, which is not a party to this litigation. RIAA also incorporates by reference its Objections and Responses to Attachment A - Definitions.

In light of these objections, RIAA will not be designating a witness to testify in response to this Topic.

## MATTER FOR EXAMINATION NO. 15:

RIAA's knowledge of Rightscorp Notices that were inaccurate, incomplete, or otherwise improperly sent to a recipient ISP.

**RESPONSE:** RIAA objects to this Topic as overbroad, not relevant and not proportional to the needs of the case, and thus exceeding the scope of discoverable matters under Federal Rule of Civil Procedure 26. In particular, RIAA objects to this Topic to the extent it seeks testimony relating to technical and business information of Rightscorp that is not within the possession, custody, or control of RIAA and/or that is obtainable more readily and with more detail and accuracy from Rightscorp. Such testimony can be obtained from Rightscorp, rather than imposing on RIAA the burden and expense of preparing a witness to address this Topic. RIAA further objects to this Topic as seeking information protected by the attorney-client privilege, the work product doctrine, the common-interest privilege, and any other applicable privilege or protection from disclosure. In particular, RIAA

objects to this Topic on the ground that communications and information responsive to this Topic will overwhelmingly, and possibly entirely, be protected from disclosure on privilege and work product grounds, and therefore it is unduly burdensome and harassing to require RIAA to investigate and prepare a witness to testify on this Topic. RIAA also objects to this Topic on the ground that it does not describe with reasonable particularity the matters on which examination is requested, as required by Federal Rule of Civil Procedure 30(b)(6). In addition, RIAA further objects to this Topic insofar as it seeks information that is unreasonably cumulative or duplicative of Grande's other discovery requests (including without limitation Grande's subpoenas to Rightscorp), that is already in the possession, custody, or control of Grande's or Grande's counsel, that is of no greater burden for Grande to obtain than for RIAA to obtain, or that is obtainable from some other source that is more convenient, less burdensome, or less expensive, and/or to the extent that compliance would be unduly burdensome, expensive, or oppressive for RIAA, which is not a party to this litigation. RIAA further states that it is unware of "Rightscorp Notices that were inaccurate, incomplete, or otherwise improperly sent to a recipient ISP." RIAA also incorporates by reference its Objections and Responses to Attachment A - Definitions.

In light of these objections, RIAA will not be designating a witness to testify in response to this Topic, but RIAA understands that Grande is seeking Rule 30(b)(6) testimony from Rightscorp, and therefore directs Grande to Rightscorp for testimony responsive to this Topic.

**MATTER FOR EXAMINATION NO. 16:**

RIAA's knowledge of MarkMonitor Notices that were inaccurate, incomplete, or otherwise improperly sent to a recipient ISP.

**RESPONSE:** RIAA objects to this Topic as overbroad, not relevant and not proportional to the needs of the case, and thus exceeding the scope of discoverable matters under Federal Rule of Civil Procedure 26. In particular, RIAA objects to this Topic to the extent it seeks testimony

19

relating to technical and business information of MarkMonitor that is not within the possession, custody, or control of RIAA and/or that is obtainable more readily and with more detail and accuracy from MarkMonitor. Such testimony can be obtained from MarkMonitor, rather than imposing on RIAA the burden and expense of preparing a witness to address this Topic. RIAA also object to this Topic to the extent it seeks information relating to monitoring of internet traffic or sending notices other than by Rightscorp. RIAA further objects to this Topic as seeking information protected by the attorney-client privilege, the work product doctrine, the common-interest privilege, and any other applicable privilege or protection from disclosure. In addition, RIAA objects to this Topic insofar as it seeks information that is unreasonably cumulative or duplicative of Grande's other discovery requests (including without limitation Grande's subpoenas to MarkMonitor), that is already in the possession, custody, or control of Grande's or Grande's counsel, that is of no greater burden for Grande to obtain than for RIAA to obtain, or that is obtainable from some other source that is more convenient, less burdensome, or less expensive, and/or to the extent that compliance would be unduly burdensome, expensive, or oppressive for RIAA, which is not a party to this litigation. RIAA also incorporates by reference its Objections and Responses to Attachment A - Definitions.

In light of these objections, RIAA will not be designating a witness to testify in response to this Topic.

## MATTER FOR EXAMINATION NO. 17:

RIAA's receipt of communications from ISPs identifying legal and/or factual issues with Rightscorp Notices and/or the Rightscorp System.

**RESPONSE:** RIAA objects to this Topic as overbroad, not relevant and not proportional to the needs of the case, and thus exceeding the scope of discoverable matters under Federal Rule of Civil Procedure 26. In particular, RIAA objects to this Topic to the extent it seeks testimony relating to (1)

third parties' activities not related to infringement of Plaintiffs' copyrights by Grande or Patriot, or by Grande's customers or users, and (2) technical and business information of Rightscorp that is not within the possession, custody, or control of RIAA and/or that is obtainable more readily and with more detail and accuracy from Rightscorp. RIAA further objects to this Topic as seeking information protected by the attorney-client privilege, the work product doctrine, the common-interest privilege, and any other applicable privilege or protection from disclosure. In particular, RIAA objects to this Topic on the ground that communications and information responsive to this Topic will overwhelmingly, and possibly entirely, be protected from disclosure on privilege and work product grounds, and therefore it is unduly burdensome and harassing to require RIAA to investigate and prepare a witness to testify on this Topic. RIAA also objects to this Topic on the ground that it does not describe with reasonable particularity the matters on which examination is requested, as required by Federal Rule of Civil Procedure 30(b)(6). In addition, RIAA further objects to this Topic insofar as it seeks information that is unreasonably cumulative or duplicative of Grande's other discovery requests (including without limitation Grande's subpoenas to Rightscorp), that is already in the possession, custody, or control of Grande's or Grande's counsel, that is of no greater burden for Grande to obtain than for RIAA to obtain, or that is obtainable from some other source that is more convenient, less burdensome, or less expensive, and/or to the extent that compliance would be unduly burdensome, expensive, or oppressive for RIAA, which is not a party to this litigation. RIAA also incorporates by reference its Objections and Responses to Attachment A - Definitions. RIAA further states that it is unaware of receiving any communications responsive to this Topic.

In light of the foregoing, RIAA will not be designating a witness to testify in response to this Topic.

## MATTER FOR EXAMINATION NO. 18:

RIAA's receipt of communications from ISPs identifying legal and/or factual issues with MarkMonitor Notices and/or the MarkMonitor System.

**RESPONSE:** RIAA objects to this Topic as overbroad, not relevant and not proportional to the needs of the case, and thus exceeding the scope of discoverable matters under Federal Rule of Civil Procedure 26. In particular, RIAA objects to this Topic to the extent it seeks testimony relating to (1) third parties' activities not related to infringement of Plaintiffs' copyrights by Grande or Patriot, or by Grande's customers or users; (2) monitoring of internet traffic or sending notices other than by Rightscorp; and (3) technical and business information of MarkMonitor that is not within the possession, custody, or control of RIAA and/or that is obtainable more readily and with more detail and accuracy from MarkMonitor. RIAA further objects to this Topic as seeking information protected by the attorney-client privilege, the work product doctrine, the common-interest privilege, and any other applicable privilege or protection from disclosure. In particular, RIAA objects to this Topic on the ground that communications and information responsive to this Topic will overwhelmingly, and possibly entirely, be protected from disclosure on privilege and work product grounds, and therefore it is unduly burdensome and harassing to require RIAA to investigate and prepare a witness to testify on this Topic. RIAA also objects to this Topic on the ground that it does not describe with reasonable particularity the matters on which examination is requested, as required by Federal Rule of Civil Procedure 30(b)(6). In addition, RIAA further objects to this Topic insofar as it seeks information that is unreasonably cumulative or duplicative of Grande's other discovery requests (including without limitation Grande's subpoenas to MarkMonitor), that is already in the possession, custody, or control of Grande's or Grande's counsel, that is of no greater burden for Grande to obtain than for RIAA to obtain, or that is obtainable from some other source that is more convenient, less burdensome, or less expensive, and/or to the extent that compliance would be

22

unduly burdensome, expensive, or oppressive for RIAA, which is not a party to this litigation.

RIAA also incorporates by reference its Objections and Responses to Attachment A - Definitions.

In light of the foregoing, RIAA will not be designating a witness to testify in response to this

Topic.

## MATTER FOR EXAMINATION NO. 19:

RIAA's actions or efforts to address, attend to, or remedy actual, potential, or alleged issues or problems with the Rightscorp System or Rightscorp Notices.

**RESPONSE:**  RIAA objects to this Topic as overbroad, not relevant and not proportional to the

needs of the case, and thus exceeding the scope of discoverable matters under Federal Rule of Civil

Procedure 26.  In particular, RIAA objects to this Topic to the extent it seeks testimony relating to

(1) third parties' activities not related to infringement of Plaintiffs' copyrights by Grande or Patriot,

or by Grande's customers or users, and (2) technical and business information of Rightscorp that is

not within the possession, custody, or control of RIAA and/or that is obtainable more readily and

with more detail and accuracy from Rightscorp.  RIAA further objects to this Topic as seeking

information protected by the attorney-client privilege, the work product doctrine, the common-

interest privilege, and any other applicable privilege or protection from disclosure.  In particular,

RIAA objects to this Topic on the ground that communications and information responsive to this

Topic will overwhelmingly, and possibly entirely, be protected from disclosure on privilege and

work product grounds, and therefore it is unduly burdensome and harassing to require RIAA to

investigate and prepare a witness to testify on this Topic.  RIAA also objects to this Topic on the

ground that it does not describe with reasonable particularity the matters on which examination is

requested, as required by Federal Rule of Civil Procedure 30(b)(6).  In addition, RIAA further

objects to this Topic insofar as it seeks information that is unreasonably cumulative or duplicative of

Grande's other discovery requests (including without limitation Grande's subpoenas to Rightscorp),

that is already in the possession, custody, or control of Grande's or Grande's counsel, that is of no greater burden for Grande to obtain than for RIAA to obtain, or that is obtainable from some other source that is more convenient, less burdensome, or less expensive, and/or to the extent that compliance would be unduly burdensome, expensive, or oppressive for RIAA, which is not a party to this litigation. RIAA also incorporates by reference its Objections and Responses to Attachment A - Definitions. RIAA further states that it is unaware of having undertaken any "actions or efforts to address, attend to, or remedy actual, potential, or alleged issues or problems with the Rightscorp System or Rightscorp Notices."

In light of the foregoing, RIAA will not be designating a witness to testify in response to this Topic.

## MATTER FOR EXAMINATION NO. 20:

RIAA's actions or efforts to address, attend to, or remedy actual, potential, or alleged issues or problems with the MarkMonitor System or MarkMonitor Notices.

**RESPONSE:** RIAA objects to this Topic as overbroad, not relevant and not proportional to the needs of the case, and thus exceeding the scope of discoverable matters under Federal Rule of Civil Procedure 26. In particular, RIAA objects to this Topic to the extent it seeks testimony relating to (1) third parties' activities not related to infringement of Plaintiffs' copyrights by Grande or Patriot, or by Grande's customers or users; (2) monitoring of internet traffic or sending notices other than by Rightscorp; and (3) technical and business information of MarkMonitor that is not within the possession, custody, or control of RIAA and/or that is obtainable more readily and with more detail and accuracy from MarkMonitor. RIAA further objects to this Topic as seeking information protected by the attorney-client privilege, the work product doctrine, the common-interest privilege, and any other applicable privilege or protection from disclosure. In particular, RIAA objects to this Topic on the ground that communications and information responsive to this Topic will

overwhelmingly, and possibly entirely, be protected from disclosure on privilege and work product grounds, and therefore it is unduly burdensome and harassing to require RIAA to investigate and prepare a witness to testify on this Topic. RIAA also objects to this Topic on the ground that it does not describe with reasonable particularity the matters on which examination is requested, as required by Federal Rule of Civil Procedure 30(b)(6). In addition, RIAA further objects to this Topic insofar as it seeks information that is unreasonably cumulative or duplicative of Grande's other discovery requests (including without limitation Grande's subpoenas to Rightscorp), that is already in the possession, custody, or control of Grande's or Grande's counsel, that is of no greater burden for Grande to obtain than for RIAA to obtain, or that is obtainable from some other source that is more convenient, less burdensome, or less expensive, and/or to the extent that compliance would be unduly burdensome, expensive, or oppressive for RIAA, which is not a party to this litigation. RIAA also incorporates by reference its Objections and Responses to Attachment A - Definitions.

In light of the foregoing, RIAA will not be designating a witness to testify in response to this Topic.

## MATTER FOR EXAMINATION NO. 21:

All business relationships and associations between RIAA and any of the Plaintiffs.

**RESPONSE:** RIAA objects to this Topic as vague, overbroad, not relevant and not proportional to the needs of the case, and thus exceeding the scope of discoverable matters under Federal Rule of Civil Procedure 26. In particular, given that RIAA is the trade association for the sound recording industry, the Topic on its face asks RIAA to designate a witness to speak to the entirety of RIAA's business and operations. RIAA further objects to this Topic as seeking information protected by the attorney-client privilege, the work product doctrine, the common-interest privilege, and any other applicable privilege or protection from disclosure. RIAA also incorporates by reference its

Objections and Responses to Attachment A - Definitions.

In light of these objections, RIAA will not be designating a witness to testify in response to this Topic.

## MATTER FOR EXAMINATION NO. 22:

RIAA's engagement of Rightscorp, including communications and negotiations with Rightscorp.

**RESPONSE:**  RIAA objects to this Topic insofar as it seeks information that is unreasonably cumulative or duplicative of Grande's other discovery requests (including without limitation Grande's subpoenas to Rightscorp), that is already in the possession, custody, or control of Grande's or Grande's counsel, that is of no greater burden for Grande to obtain than for RIAA to obtain, or that is obtainable from some other source that is more convenient, less burdensome, or less expensive, and/or to the extent that compliance would be unduly burdensome, expensive, or oppressive for RIAA, which is not a party to this litigation.  RIAA further objects to this Topic as seeking information protected by the attorney-client privilege, the work product doctrine, the common-interest privilege, and any other applicable privilege or protection from disclosure.  RIAA also incorporates by reference its Objections and Responses to Attachment A - Definitions.

Subject to and without waiving these objections, RIAA will designate one or more persons to testify generally as to non-privileged, discoverable information regarding the general nature of RIAA's engagement of Rightscorp relating to the claims in this lawsuit against Grande.

## MATTER FOR EXAMINATION NO. 23:

RIAA's communications regarding Rightscorp's technology, including internal communications and external communications.

**RESPONSE:**  RIAA objects to this Topic insofar as it seeks information that is unreasonably cumulative or duplicative of Grande's other discovery requests (including without limitation Grande's subpoenas to Rightscorp), that is already in the possession, custody, or control of Grande's or

Grande's counsel, that is of no greater burden for Grande to obtain than for RIAA to obtain, or that is obtainable from some other source that is more convenient, less burdensome, or less expensive, and/or to the extent that compliance would be unduly burdensome, expensive, or oppressive for RIAA, which is not a party to this litigation. RIAA further objects to this Topic as seeking information protected by the attorney-client privilege, the work product doctrine, the common-interest privilege, and any other applicable privilege or protection from disclosure. RIAA also incorporates by reference its Objections and Responses to Attachment A - Definitions.

In light of these objections, RIAA will not be designating a witness to testify in response to this Topic, but RIAA understands that Grande is seeking Rule 30(b)(6) testimony from Rightscorp, and therefore directs Grande to Rightscorp for testimony responsive to this Topic.

**MATTER FOR EXAMINATION NO. 24:**

All payments or consideration paid by or on behalf of the RIAA to Rightscorp.

**RESPONSE:** RIAA objects to this Topic insofar as it seeks information that is unreasonably cumulative or duplicative of Grande's other discovery requests (including without limitation Grande's subpoenas to Rightscorp), that is already in the possession, custody, or control of Grande's or Grande's counsel, that is of no greater burden for Grande to obtain than for RIAA to obtain, or that is obtainable from some other source that is more convenient, less burdensome, or less expensive, and/or to the extent that compliance would be unduly burdensome, expensive, or oppressive for RIAA, which is not a party to this litigation. RIAA further objects to this Topic as seeking information protected by the attorney-client privilege, the work product doctrine, the common-interest privilege, and any other applicable privilege or protection from disclosure. RIAA also incorporates by reference its Objections and Responses to Attachment A - Definitions.

27

Subject to and without waiving these objections, RIAA will designate one or more persons to testify generally as to non-privileged, discoverable information responsive to this Topic and that is regarding RIAA's engagement of Rightscorp relating to the claims in this lawsuit against Grande.

**MATTER FOR EXAMINATION NO. 25:**

The substance of the documents produced in response to Attachment B.

**RESPONSE:** RIAA objects to this Topic as overbroad, not relevant and not proportional to the needs of the case, and thus exceeding the scope of discoverable matters under Federal Rule of Civil Procedure 26. RIAA further objects to this Topic as seeking information protected by the attorney-client privilege, the work product doctrine, the common-interest privilege, and any other applicable privilege or protection from disclosure. In addition, RIAA objects to this Topic insofar as it seeks information that is unreasonably cumulative or duplicative of Defendants' written discovery requests, that is already in the possession, custody, or control of Defendants or Defendants' counsel, that is of no greater burden for Defendants to obtain than for RIAA to obtain, or that is obtainable from some other source that is more convenient, less burdensome, or less expensive, and/or to the extent that compliance would be unduly burdensome, expensive, or oppressive. RIAA also incorporates by reference its Objections and Responses to Attachment A - Definitions.

In light of these objections, RIAA will not designate a specific person or persons on this Topic.

**MATTER FOR EXAMINATION NO. 26:**

The efforts and actions taken by RIAA in order to identify and locate responsive documents and prepare a witness to provide testimony in response to this subpoena.

**RESPONSE:** RIAA objects to this Topic as overbroad, not relevant and not proportional to the needs of the case, and thus exceeding the scope of discoverable matters under Federal Rule of Civil Procedure 26. RIAA further objects to this Topic as seeking information protected by the attorney-

28

client privilege, the work product doctrine, the common-interest privilege, and any other applicable privilege or protection from disclosure.  RIAA also objects to this Topic on the ground that it does not describe with reasonable particularity the matters on which examination is requested, as required by Federal Rule of Civil Procedure 30(b)(6).  In addition, RIAA further objects to this Topic insofar as it seeks information that is unreasonably cumulative or duplicative of Defendants' written discovery requests, that is already in the possession, custody, or control of Defendants or Defendants' counsel, that is of no greater burden for Defendants to obtain than for RIAA to obtain, or that is obtainable from some other source that is more convenient, less burdensome, or less expensive, and/or to the extent that compliance would be unduly burdensome, expensive, or oppressive.  RIAA also incorporates by reference its Objections and Responses to Attachment A - Definitions.

Subject to and without waiving these objections, RIAA will designate one or more persons to testify generally as to non-privileged, discoverable information regarding RIAA's search for documents responsive to this subpoena.

## OBJECTIONS AND RESPONSES TO ATTACHMENT B: DEFINITIONS AND INSTRUCTIONS

### DEFINITION NO. 1:

"Recording Industry Association of America," "RIAA," "you," and "your" refers to Recording Industry Association of America, its parents, subsidiaries, divisions, predecessors, successors, affiliates, and any present or former agent, employee, representative, director, officer, or any other person acting or purporting to act on its behalf.

**RESPONSE:**  RIAA objects to this Definition as overbroad, unduly burdensome, not relevant to the parties' claims and defenses, not proportional to the needs of the case, and thus outside the scope of discovery permitted under Federal Rule of Civil Procedure 26, insofar as it concerns (1) parent, subsidiary or affiliate companies or entities not otherwise related to the matters at issue in this case,

29

or (2) information in the sole possession, custody, or control of RIAA's former employees, supervisors, managers, executives, board members, officers, directors, agents and contractors. RIAA also objects to this Definition to the extent it seeks information that is not within RIAA's possession, custody or control, or information that is not maintained in the ordinary course of business. In addition, RIAA further objects to this Definition as encompassing information protected by the attorney-client privilege, the work product doctrine, the common-interest privilege, and any other applicable privilege or protection from disclosure.

**INSTRUCTION NO. 1:**

You are to search for all documents and things within your possession, custody, or control, wherever located, including without limitation any documents or things placed in storage facilities or within the possession, custody, or control of any agent, employee, representative, attorney, investigator, or other person acting or purporting to act on your behalf (whether located at his or her residence or place of business) to fully respond to the requests.

**RESPONSE:** RIAA objects to this Instruction as overbroad, unduly burdensome, not relevant to the parties' claims and defenses, not proportional to the needs of the case, and thus outside the scope of discovery permitted under Federal Rule of Civil Procedure 26, insofar as it purports RIAA to search for and produce (1) documents in locations that are not reasonably accessible, and (2) documents in the sole possession, custody, or control of RIAA's former employees, supervisors, managers, executives, board members, officers, directors, agents and contractors. RIAA also objects to this Definition to the extent it seeks information that is not within RIAA's possession, custody or control, or information that is not maintained in the ordinary course of business. In addition, RIAA further objects to this Definition as encompassing information protected by the attorney-client privilege, the work product doctrine, the common-interest privilege, and any other applicable privilege or protection from disclosure.

**INSTRUCTION NO. 4:**

If a privilege or immunity is claimed with respect to any document or thing required by these requests, you shall provide a "Privilege Log" pursuant to Rule 26(b)(5) of the Federal Rules of Civil Procedure including the following information regarding such document:
(A) the identification of the document by author and title or, if untitled, the general nature of the document (e.g. memorandum, handwritten note, report, etc.);
(B) the date on which the document was created;
(C) a brief summary of the subject matter to which the document relates;
(D) the identities of persons who received the documents;
(E) the precise legal grounds upon which the claim of privilege or immunity is made; and
(F) any further information necessary for Grande to assess the applicability of the privilege.

**RESPONSE:**  RIAA objects to this Instruction as overbroad, unduly burdensome, not relevant to the parties' claims and defenses, not proportional to the needs of the case, and thus outside the scope of discovery permitted under Federal Rule of Civil Procedure 26.  Given that documents responsive to this subpoena will overwhelmingly, and possibly entirely, be protected from disclosure on privilege and work product grounds, it is unduly burdensome and harassing to require RIAA, which is not a party to this litigation, to prepare and submit a privilege log identifying all such withheld documents.

**INSTRUCTION NO. 5:**

You should label the documents produced to correspond to the document request to which the documents are responsive.

**RESPONSE:**  RIAA objects to this Instruction as inconsistent with the obligations of Federal Rules of Civil Procedure 26, 34 and 45.  RIAA will produce documents as they are maintained in the usual course of RIAA's business.

**INSTRUCTION NO. 6:**

If a document requested was, but is no longer, in your possession, custody, or control, you should state whether the document: (1) is missing or lost; (2) has been destroyed; (3) has been transferred, voluntarily or involuntarily, to others; or (4) has otherwise been disposed of. For each instance, explain the circumstances surrounding such disposition, the date or approximate date of such disposition, and the names and residences and business addresses of those persons with knowledge of such circumstances.

31

**RESPONSE:** RIAA objects to this Instruction as unduly burdensome, harassing, and inconsistent with the obligations of Federal Rules of Civil Procedure 26, 34 and 45.

## OBJECTIONS AND RESPONSES TO REQUESTS FOR PRODUCTION

### REQUEST FOR PRODUCTION NO. 1:

Documents and communications that refer or relate to agreements between you and any Plaintiff that pertain to Grande, Patriot, or this lawsuit, including but not limited to any agreement relating to use of evidence in a legal proceeding and any agreements relating to payment or remuneration derived from an award obtained by the RIAA or Plaintiffs in a legal proceeding.

**RESPONSE:** RIAA objects to this Request as overbroad, not relevant and not proportional to the needs of the case, and thus exceeding the scope of discoverable matters under Federal Rule of Civil Procedure 26. RIAA further objects to this Request as seeking information protected by the attorney-client privilege, the work product doctrine, the common-interest privilege, and any other applicable privilege or protection from disclosure. In particular, RIAA objects to this Request on the ground that documents and information responsive to this Request will overwhelmingly, and possibly entirely, be protected from disclosure on privilege and work product grounds, and therefore it is unduly burdensome and harassing to require RIAA, which is not a party to this litigation, to search for documents responsive to this Request. RIAA also incorporates by reference its Objections and Responses to Attachment B – Definitions and Instructions.

In light of these objections, RIAA will not produce documents responsive to this Request.

### REQUEST FOR PRODUCTION NO. 2:

Documents that refer or relate to communications between you and any of the Plaintiffs concerning Grande, Patriot, and/or Grande Subscribers.

**RESPONSE:** RIAA objects to this Request as overbroad, not relevant and not proportional to the needs of the case, and thus exceeding the scope of discoverable matters under Federal Rule of Civil Procedure 26. RIAA further objects to this Request as seeking information protected by the

attorney-client privilege, the work product doctrine, the common-interest privilege, and any other applicable privilege or protection from disclosure. In particular, RIAA objects to this Request on the ground that documents and information responsive to this Request will overwhelmingly, and possibly entirely, be protected from disclosure on privilege and work product grounds, and therefore it is unduly burdensome and harassing to require RIAA, which is not a party to this litigation, to search for documents responsive to this Request. RIAA also incorporates by reference its Objections and Responses to Attachment B – Definitions and Instructions.

In light of these objections, RIAA will not produce documents responsive to this Request.

## REQUEST FOR PRODUCTION NO. 3:

Documents that refer or relate to the considerations that informed the decision(s) for sending notices of alleged copyright infringement such as Rightscorp Notices or MarkMonitor Notices to Grande.

**RESPONSE:** RIAA objects to this Request as overbroad, not relevant and not proportional to the needs of the case, and thus exceeding the scope of discoverable matters under Federal Rule of Civil Procedure 26. In particular, RIAA objects to this Request to the extent it seeks documents relating to (1) monitoring of internet traffic or sending notices other than by Rightscorp, and (2) technical and business information of Rightscorp or MarkMonitor, or other third parties, that is not within the possession, custody, or control of RIAA and/or that is obtainable more readily and with more detail and accuracy from those third-party entities. RIAA also objects to this Request as vague and undefined with respect to the terms "considerations" and "informed." RIAA further objects to this Request as seeking information protected by the attorney-client privilege, the work product doctrine, the common-interest privilege, and any other applicable privilege or protection from disclosure. In particular, RIAA objects to this Request on the ground that documents and information responsive to this Request will overwhelmingly, and possibly entirely, be protected from disclosure on privilege and work product grounds, and therefore it is unduly burdensome and harassing to require

RIAA, which is not a party to this litigation, to search for documents responsive to this Request.

RIAA also incorporates by reference its Objections and Responses to Attachment B – Definitions

and Instructions.

In light of these objections, RIAA will not produce documents responsive to this Request.

## REQUEST FOR PRODUCTION NO. 4:

Documents that refer or relate to the ability of the Rightscorp System, or the MarkMonitor System, or similar systems that purport to monitor and extract information from Peer-to-Peer file sharing networks to observe or detect specific instances of copyright infringement by subscribers of ISPs over Peer-to-Peer file sharing networks.

**RESPONSE:**  RIAA objects to this Request as overbroad, not relevant and not proportional to the

needs of the case, and thus exceeding the scope of discoverable matters under Federal Rule of Civil

Procedure 26.  In particular, RIAA objects to this Request to the extent it seeks documents relating

to (1) third parties' activities not related to infringement of Plaintiffs' copyrights by Grande or

Patriot, or by Grande's customers or users; (2) monitoring of internet traffic or sending notices other

than by Rightscorp; and (3) technical and business information of Rightscorp or MarkMonitor, or

other third parties, that is not within the possession, custody, or control of RIAA and/or that is

obtainable more readily and with more detail and accuracy from those third-party entities.  RIAA

further objects to this Request as seeking information protected by the attorney-client privilege, the

work product doctrine, the common-interest privilege, and any other applicable privilege or

protection from disclosure.  RIAA also incorporates by reference its Objections and Responses to

Attachment B – Definitions and Instructions.

Subject to and without waiving these objections, RIAA will produce relevant, non-privileged

documents responsive to this Request relating to Rightscorp, to the extent such documents exist, are

in RIAA's possession, custody or control, and are located after a reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 5:**

Documents that refer, relate to, or constitute marketing materials, business plans, whitepapers, product manuals and specifications, and other materials that describe the features, functionality, capabilities, and operation of the Rightscorp System, or the MarkMonitor System, or similar systems that purport to monitor and extract information from Peer-to-Peer file sharing networks, as well as send notices of alleged infringement to internet services providers.

**RESPONSE:**  RIAA objects to this Request as overbroad, not relevant and not proportional to the needs of the case, and thus exceeding the scope of discoverable matters under Federal Rule of Civil Procedure 26.  In particular, RIAA objects to this Request to the extent it seeks documents relating to (1) third parties' activities not related to infringement of Plaintiffs' copyrights by Grande or Patriot, or by Grande's customers or users; (2) monitoring of internet traffic or sending notices other than by Rightscorp; and (3) technical and business information of Rightscorp or MarkMonitor, or other third parties, that is not within the possession, custody, or control of RIAA and/or that is obtainable more readily and with more detail and accuracy from those third-party entities.  RIAA further objects to this Request as seeking information protected by the attorney-client privilege, the work product doctrine, the common-interest privilege, and any other applicable privilege or protection from disclosure.  RIAA also incorporates by reference its Objections and Responses to Attachment B – Definitions and Instructions.

Subject to and without waiving these objections, RIAA will produce relevant, non-privileged documents responsive to this Request relating to Rightscorp's detection of copyright infringement by, or sending copyright infringement notices to, Grande, Patriot, or Grande's subscribers or users, to the extent such documents exist, are in RIAA's possession, custody or control, and are located after a reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 6:**

Documents that refer or relate to negative feedback or criticism of the Rightscorp System, the MarkMonitor System, and/or similar systems that purport to monitor and extract information from Peer-to-Peer file sharing networks.

**RESPONSE:**  RIAA objects to this Request as overbroad, not relevant and not proportional to the needs of the case, and thus exceeding the scope of discoverable matters under Federal Rule of Civil Procedure 26.  In particular, RIAA objects to this Request to the extent it seeks documents relating to (1) third parties' activities not related to infringement of Plaintiffs' copyrights by Grande or Patriot, or by Grande's customers or users; (2) monitoring of internet traffic or sending notices other than by Rightscorp; and (3) technical and business information of Rightscorp or MarkMonitor, or other third parties, that is not within the possession, custody, or control of RIAA and/or that is obtainable more readily and with more detail and accuracy from those third-party entities.  RIAA further objects to this Request as seeking information protected by the attorney-client privilege, the work product doctrine, the common-interest privilege, and any other applicable privilege or protection from disclosure.  RIAA also incorporates by reference its Objections and Responses to Attachment B – Definitions and Instructions.

Subject to and without waiving these objections, RIAA will produce relevant, non-privileged documents responsive to this Request relating to Rightscorp's detection of copyright infringement by, sending copyright infringement notices to, Grande, Patriot, or Grande's subscribers or users, to the extent such documents exist, are in RIAA's possession, custody or control, and are located after a reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 7:**

Documents that refer or relate to negative feedback or criticism of the Rightscorp Notices, or MarkMonitor Notices, or other infringement notices sent to users of Peer-to-Peer file sharing networks.

**RESPONSE:** RIAA objects to this Request as overbroad, not relevant and not proportional to the needs of the case, and thus exceeding the scope of discoverable matters under Federal Rule of Civil Procedure 26.  In particular, RIAA objects to this Request to the extent it seeks documents relating to (1) third parties' activities not related to infringement of Plaintiffs' copyrights by Grande or Patriot, or by Grande's customers or users; (2) monitoring of internet traffic or sending notices other than by Rightscorp; and (3) technical and business information of Rightscorp or MarkMonitor, or other third parties, that is not within the possession, custody, or control of RIAA and/or that is obtainable more readily and with more detail and accuracy from those third-party entities.  RIAA further objects to this Request as seeking information protected by the attorney-client privilege, the work product doctrine, the common-interest privilege, and any other applicable privilege or protection from disclosure.  RIAA also incorporates by reference its Objections and Responses to Attachment B – Definitions and Instructions.

Subject to and without waiving these objections, RIAA will produce relevant, non-privileged documents responsive to this Request relating to Rightscorp's detecting copyright infringement by, or sending copyright infringement notices to, Grande, Patriot, or Grande's subscribers or users, to the extent such documents exist, are in RIAA's possession, custody or control, and are located after a reasonably diligent search.

## REQUEST FOR PRODUCTION NO. 8:

Documents that refer or relate to flaws, weaknesses, deficiencies, inefficiencies, errors, lack or absence of features or functionality, performance issues, modifications or improvements needed, or any other problem associated with the Rightscorp System, or the MarkMonitor System, or similar systems that purport to monitor and extract information from Peer-to-Peer file sharing networks, as well as send notices of alleged infringement to internet services providers.

**RESPONSE:** RIAA objects to this Request as overbroad, not relevant and not proportional to the needs of the case, and thus exceeding the scope of discoverable matters under Federal Rule of Civil

37

Procedure 26.  In particular, RIAA objects to this Request to the extent it seeks documents relating

to (1) third parties' activities not related to infringement of Plaintiffs' copyrights by Grande or

Patriot, or by Grande's customers or users; (2) monitoring of internet traffic or sending notices other

than by Rightscorp; and (3) technical and business information of Rightscorp or MarkMonitor, or

other third parties, that is not within the possession, custody, or control of RIAA and/or that is

obtainable more readily and with more detail and accuracy from those third-party entities.  RIAA

further objects to this Request as seeking information protected by the attorney-client privilege, the

work product doctrine, the common-interest privilege, and any other applicable privilege or

protection from disclosure.  RIAA also incorporates by reference its Objections and Responses to

Attachment B – Definitions and Instructions.

Subject to and without waiving these objections, RIAA will produce relevant, non-privileged

documents responsive to this Request relating to Rightscorp's detecting copyright infringement by,

or sending copyright infringement notices to, Grande, Patriot, or Grande's subscribers or users, to

the extent such documents exist, are in RIAA's possession, custody or control, and are located after

a reasonably diligent search.

## REQUEST FOR PRODUCTION NO. 9:

Documents that refer or relate to actual, potential, or alleged problems, limitations, or flaws
concerning the ability to detect specific instances of copyright infringement in the Rightscorp
System, or the MarkMonitor System, or similar systems that purport to monitor and extract
information from Peer-to-Peer file sharing networks, as well as send notices of alleged infringement
to internet services providers.

**RESPONSE:**  RIAA objects to this Request as overbroad, not relevant and not proportional to the

needs of the case, and thus exceeding the scope of discoverable matters under Federal Rule of Civil

Procedure 26.  In particular, RIAA objects to this Request to the extent it seeks documents relating

to (1) third parties' activities not related to infringement of Plaintiffs' copyrights by Grande or

Patriot, or by Grande's customers or users; (2) monitoring of internet traffic or sending notices other than by Rightscorp; and (3) technical and business information of Rightscorp or MarkMonitor, or other third parties, that is not within the possession, custody, or control of RIAA and/or that is obtainable more readily and with more detail and accuracy from those third-party entities. RIAA further objects to this Request as seeking information protected by the attorney-client privilege, the work product doctrine, the common-interest privilege, and any other applicable privilege or protection from disclosure. RIAA also incorporates by reference its Objections and Responses to Attachment B – Definitions and Instructions.

Subject to and without waiving these objections, RIAA will produce relevant, non-privileged documents responsive to this Request relating to Rightscorp's detecting copyright infringement by, or sending notices of copyright infringement to, Grande, Patriot, or Grande's subscribers or users, to the extent such documents exist, are in RIAA's possession, custody or control, and are located after a reasonably diligent search.

## REQUEST FOR PRODUCTION NO. 10:

Documents that refer or relate to legal and/or factual issues, deficiencies, or inaccuracies identified by ISPs regarding Rightscorp Notices, MarkMonitor Notices, or other infringement notices sent to users of Peer-to-Peer file sharing networks.

**RESPONSE:** RIAA objects to this Request as overbroad, not relevant and not proportional to the needs of the case, and thus exceeding the scope of discoverable matters under Federal Rule of Civil Procedure 26. In particular, RIAA objects to this Request to the extent it seeks documents relating to (1) third parties' activities not related to infringement of Plaintiffs' copyrights by Grande or Patriot, or by Grande's customers or users; (2) monitoring of internet traffic or sending notices other than by Rightscorp; and (3) technical and business information of Rightscorp or MarkMonitor, or other third parties, that is not within the possession, custody, or control of RIAA and/or that is

obtainable more readily and with more detail and accuracy from those third-party entities. RIAA further objects to this Request as seeking information protected by the attorney-client privilege, the work product doctrine, the common-interest privilege, and any other applicable privilege or protection from disclosure. RIAA also incorporates by reference its Objections and Responses to Attachment B – Definitions and Instructions.

Subject to and without waiving these objections, RIAA will produce relevant, non-privileged documents responsive to this Request relating to Rightscorp's detecting copyright infringement by, or sending notices of copyright infringement to, Grande, Patriot, or Grande's subscribers or users, to the extent such documents exist, are in RIAA's possession, custody or control, and are located after a reasonably diligent search.

## REQUEST FOR PRODUCTION NO. 11:

Documents that refer or relate to legal and/or factual issues, deficiencies, or inaccuracies identified by ISPs regarding the Rightscorp System, or the MarkMonitor System, or similar systems that purport to monitor and extract information from Peer-to-Peer file sharing networks, as well as send notices of alleged infringement to internet services providers.

**RESPONSE:** RIAA objects to this Request as overbroad, not relevant and not proportional to the needs of the case, and thus exceeding the scope of discoverable matters under Federal Rule of Civil Procedure 26. In particular, RIAA objects to this Request to the extent it seeks documents relating to (1) third parties' activities not related to infringement of Plaintiffs' copyrights by Grande or Patriot, or by Grande's customers or users; (2) monitoring of internet traffic or sending notices other than by Rightscorp; and (3) technical and business information of Rightscorp or MarkMonitor, or other third parties, that is not within the possession, custody, or control of RIAA and/or that is obtainable more readily and with more detail and accuracy from those third-party entities. RIAA further objects to this Request as seeking information protected by the attorney-client privilege, the work product doctrine, the common-interest privilege, and any other applicable privilege or

protection from disclosure. RIAA also incorporates by reference its Objections and Responses to Attachment B – Definitions and Instructions.

Subject to and without waiving these objections, RIAA will produce relevant, non-privileged documents responsive to this Request relating to Rightscorp's detecting copyright infringement by, or sending notices of copyright infringement to, Grande, Patriot, or Grande's subscribers or users, to the extent such documents exist, are in RIAA's possession, custody or control, and are located after a reasonably diligent search.

## REQUEST FOR PRODUCTION NO. 12:

Documents that refer or relate to efforts or actions taken by Rightscorp to address or remedy any inaccuracies or deficiencies associated with the Rightscorp System or Rightscorp Notices.

**RESPONSE:** RIAA objects to this Request as overbroad, not relevant and not proportional to the needs of the case, and thus exceeding the scope of discoverable matters under Federal Rule of Civil Procedure 26. In particular, RIAA objects to this Request to the extent it seeks documents relating to (1) third parties' activities not related to infringement of Plaintiffs' copyrights by Grande or Patriot, or by Grande's customers or users, and (2) technical and business information of Rightscorp that is not within the possession, custody, or control of RIAA and/or that is obtainable more readily and with more detail and accuracy from Rightscorp. RIAA further objects to this Request as seeking information protected by the attorney-client privilege, the work product doctrine, the common-interest privilege, and any other applicable privilege or protection from disclosure. RIAA also incorporates by reference its Objections and Responses to Attachment B – Definitions and Instructions.

Subject to and without waiving these objections, RIAA will produce relevant, non-privileged documents responsive to this Request relating to Rightscorp's detecting copyright infringement by, or sending notices of copyright infringement to, Grande, Patriot, or Grande's subscribers or users, to

the extent such documents exist, are in RIAA's possession, custody or control, and are located after

a reasonably diligent search.

## REQUEST FOR PRODUCTION NO. 13:

Documents that refer or relate to efforts or actions taken by MarkMonitor to address or remedy any inaccuracies or deficiencies associated with the MarkMonitor System or MarkMonitor Notices.

**RESPONSE:** RIAA objects to this Request as overbroad, not relevant and not proportional to the

needs of the case, and thus exceeding the scope of discoverable matters under Federal Rule of Civil

Procedure 26. In particular, RIAA objects to this Request to the extent it seeks documents relating

to (1) third parties' activities not related to infringement of Plaintiffs' copyrights by Grande or

Patriot, or by Grande's customers or users; (2) monitoring of internet traffic or sending notices other

than by Rightscorp; and (3) technical and business information of MarkMonitor that is not within

the possession, custody, or control of RIAA and/or that is obtainable more readily and with more

detail and accuracy from MarkMonitor. RIAA further objects to this Request as seeking

information protected by the attorney-client privilege, the work product doctrine, the common-

interest privilege, and any other applicable privilege or protection from disclosure. RIAA also

incorporates by reference its Objections and Responses to Attachment B – Definitions and

Instructions.

In light of these objections, RIAA will not produce documents responsive to this Request.

## REQUEST FOR PRODUCTION NO. 14:

Documents reflecting communications between the RIAA and Rightscorp regarding Grande.

**RESPONSE:** RIAA objects to this Request as overbroad, not relevant and not proportional to the

needs of the case, and thus exceeding the scope of discoverable matters under Federal Rule of Civil

Procedure 26. RIAA further objects to this Request as seeking information protected by the

attorney-client privilege, the work product doctrine, the common-interest privilege, and any other

applicable privilege or protection from disclosure. In particular, RIAA objects to this Request on the ground that documents and information responsive to this Request will overwhelmingly, and possibly entirely, be protected from disclosure on privilege and work product grounds, and therefore it is unduly burdensome and harassing to require RIAA, which is not a party to this litigation, to search for documents responsive to this Request. RIAA also incorporates by reference its Objections and Responses to Attachment B – Definitions and Instructions.

Subject to and without waiving these objections, RIAA will produce relevant, non-privileged documents responsive to this Request, to the extent such documents exist, are in RIAA's possession, custody or control, and are located after a reasonably diligent search.

## REQUEST FOR PRODUCTION NO. 15:

Documents reflecting communications between the RIAA and MarkMonitor regarding Grande.

**RESPONSE:** RIAA objects to this Request as overbroad, not relevant and not proportional to the needs of the case, and thus exceeding the scope of discoverable matters under Federal Rule of Civil Procedure 26. In particular, RIAA objects to this Request to the extent it seeks documents relating to monitoring of internet traffic or sending notices other than by Rightscorp. RIAA further objects to this Request as seeking information protected by the attorney-client privilege, the work product doctrine, the common-interest privilege, and any other applicable privilege or protection from disclosure. RIAA also incorporates by reference its Objections and Responses to Attachment B – Definitions and Instructions. In light of these objections, RIAA will not produce documents responsive to this Request.

## REQUEST FOR PRODUCTION NO. 16:

Documents reflecting communications between the RIAA and any third-party (i.e., not a Plaintiff) regarding Grande.

**RESPONSE:** RIAA objects to this Request as overbroad, not relevant and not proportional to the

needs of the case, and thus exceeding the scope of discoverable matters under Federal Rule of Civil

Procedure 26.  In particular, RIAA objects to this Request to the extent it seeks documents relating

to monitoring of internet traffic or sending notices other than by Rightscorp.  RIAA further objects

to this Request as seeking information protected by the attorney-client privilege, the work product

doctrine, the common-interest privilege, and any other applicable privilege or protection from

disclosure.  RIAA also incorporates by reference its Objections and Responses to Attachment B –

Definitions and Instructions.

Subject to and without waiving these objections, RIAA will produce relevant, non-privileged

documents reflecting communications with Rightscorp responsive to this Request, to the extent such

documents exist, are in RIAA's possession, custody or control, and are located after a reasonably

diligent search.

**REQUEST FOR PRODUCTION NO. 17:**

Documents reflecting RIAA's engagement of Rightscorp, including communications and
negotiations with Rightscorp.

**RESPONSE:**  RIAA objects to this Request as overbroad, not relevant and not proportional to the

needs of the case, and thus exceeding the scope of discoverable matters under Federal Rule of Civil

Procedure 26.  RIAA further objects to this Request as seeking information protected by the

attorney-client privilege, the work product doctrine, the common-interest privilege, and any other

applicable privilege or protection from disclosure.  In particular, RIAA objects to this Request on

the ground that documents and information responsive to this Request will overwhelmingly, and

possibly entirely, be protected from disclosure on privilege and work product grounds, and therefore

it is unduly burdensome and harassing to require RIAA, which is not a party to this litigation, to

search for documents responsive to this Request.  RIAA also incorporates by reference its

Objections and Responses to Attachment B – Definitions and Instructions.

44

Subject to and without waiving these objections, RIAA will produce relevant, non-privileged documents responsive to this Request, to the extent such documents exist, are in RIAA's possession, custody or control, and are located after a reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 18:**

Documents reflecting RIAA's communications regarding Rightscorp's technology, including internal communications and external communications.

**RESPONSE:** RIAA objects to this Request as overbroad, not relevant and not proportional to the needs of the case, and thus exceeding the scope of discoverable matters under Federal Rule of Civil Procedure 26. In particular, RIAA objects to this Request to the extent it seeks documents relating to (1) third parties' activities not related to infringement of Plaintiffs' copyrights by Grande or Patriot, or by Grande's customers or users, and (2) technical and business information of Rightscorp that is not within the possession, custody, or control of RIAA and/or that is obtainable more readily and with more detail and accuracy from Rightscorp. RIAA further objects to this Request as seeking information protected by the attorney-client privilege, the work product doctrine, the common-interest privilege, and any other applicable privilege or protection from disclosure. RIAA also incorporates by reference its Objections and Responses to Attachment B – Definitions and Instructions.

Subject to and without waiving these objections, RIAA will produce relevant, non-privileged documents responsive to this Request, to the extent such documents exist, are in RIAA's possession, custody or control, and are located after a reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 19:**

Documents reflecting all payments or consideration paid by or on behalf of the RIAA to Rightscorp.

**RESPONSE:** RIAA objects to this Request as overbroad, not relevant and not proportional to the needs of the case, and thus exceeding the scope of discoverable matters under Federal Rule of Civil

Procedure 26.  RIAA further objects to this Request as seeking information protected by the attorney-client privilege, the work product doctrine, the common-interest privilege, and any other applicable privilege or protection from disclosure.  In particular, RIAA objects to this Request on the ground that documents and information responsive to this Request will overwhelmingly, and possibly entirely, be protected from disclosure on privilege and work product grounds, and therefore it is unduly burdensome and harassing to require RIAA, which is not a party to this litigation, to search for documents responsive to this Request.  RIAA also incorporates by reference its Objections and Responses to Attachment B – Definitions and Instructions.

Subject to and without waiving these objections, RIAA will produce relevant, non-privileged documents responsive to this Request relating to the claims in this lawsuit against Grande, to the extent such documents exist, are in RIAA's possession, custody or control, and are located after a reasonably diligent search.

Dated: April 23, 2018                              Respectfully submitted,

                                          By:    /s/ *Robert B. Gilmore*

                                                 Pat A. Cipollone, P.C. (admitted *pro hac vice*)
                                                 Jonathan E. Missner (admitted *pro hac vice*)
                                                 Robert B. Gilmore (admitted *pro hac vice*)
                                                 Philip J. O'Beirne (admitted *pro hac vice*)
                                                 **Stein Mitchell Cipollone Beato & Missner LLP**
                                                 1100 Connecticut Avenue, NW Suite 1100
                                                 Washington, DC 20036
                                                 Telephone: (202) 737-7777
                                                 Facsimile: (202) 296-8312
                                                 pcipollone@steinmitchell.com
                                                 jmissner@steinmitchell.com
                                                 rgilmore@steinmitchell.com
                                                 pobeirne@steinmitchell.com

                                                 ***Attorneys for Non-Party Respondent RIAA***

                                                       46

## **CERTIFICATE OF SERVICE**

It is hereby certified that a true copy of the foregoing was served via Electronic Mail on the 23rd day of April, 2018, upon counsel of record.

Dated: April 23, 2018

*/s/ Robert B. Gilmore*