# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| UMG RECORDINGS, INC., *et al.* | § § § | |
| Plaintiffs, | § § | |
| vs. | § § | |
| GRANDE COMMUNICATIONS NETWORKS LLC and PATRIOT MEDIA CONSULTING, LLC | § § § § § § | Civil Action No. 1:17-cv-365<br><br>Jury Trial Demanded |
| Defendants | § § | |

## SONY PLAINTIFFS' OBJECTIONS AND RESPONSES TO DEFENDANTS' THIRD SET OF INTERROGATORIES

Pursuant to Federal Rules of Civil Procedure 26 and 33, and the Protective Order entered in this matter, Sony Music Entertainment, Arista Records LLC, Arista Music, LaFace Records LLC, and Zomba Recording LLC (together, the "Sony Plaintiffs" or "Plaintiffs") serve their Objections and Responses to Defendants' Third Set of Interrogatories. Plaintiffs reserve the right to supplement or modify these Objections and Responses based on further information adduced during discovery.

**INTERROGATORY NO. 20:**

Describe the relationship between Rightscorp and the owner of each copyright alleged to be infringed in this case from 2010 until the present, including the identification of any documents describing or evidencing the authority on which Rightscorp was acting to monitor, generate, and transmit notices of alleged copyright infringements to Grande relating to Plaintiffs' Copyrighted Sound Recordings.

1

**ANSWER:** Plaintiffs object to this Interrogatory as vague and undefined with respect to its use of the term "relationship." Plaintiffs also object to this Interrogatory as overbroad, irrelevant and not proportional to the needs of the case, and thus not seeking discoverable information under Federal Rule of Civil Procedure 26, to the extent it seeks information concerning Rightscorp other than as it relates to Grande, Patriot, and Grande's internet service subscribers and users. Plaintiffs further object to this Interrogatory as seeking information protected by the attorney-client privilege and work product doctrine.

Subject to and without waiving these objections, Plaintiffs state as follows: In or around January 2016, Rightscorp contacted the Recording Industry Association of America ("RIAA") concerning evidence Rightscorp possessed relating to Grande's subscribers engaging in online copyright infringement, including infringement of Plaintiffs' copyrighted sound recordings as well as notices and other communications that Rightscorp had sent to Grande informing Grande of its subscribers' infringement. Plaintiffs, through RIAA, engaged Rightscorp to provide litigation consulting services in connection with a potential lawsuit that Plaintiffs ultimately brought against Grande and Patriot. In accordance with Federal Rule of Civil Procedure 33(d), Plaintiffs direct Defendants to the evidence that Rightscorp collected regarding Grande's subscribers' online infringement of Plaintiffs' copyrighted sound recordings, which has been produced at Bates RC-D_00000001 through RC-D_01350635 (notices sent to Grande), RC-D_01350636 - RC-D_01410446 (sample files of sound recordings that infringing Grande subscribers shared with Rightscorp, which Rightscorp then provided to Plaintiffs and RIAA), and RIGHTSCORP00003832 through RIGHTSCORP00004880 (email communications from Rightscorp to Grande making available additional information concerning Grande subscribers' infringement). Because Rightscorp was engaged as a litigation consultant, its communications with Plaintiffs and RIAA since January 2016

concerning the subject matter of this lawsuit were generated in anticipation of, or in connection with, litigation, and Rightscorp has been acting at the direction of counsel; for these reasons, such communications are protected by the attorney-client privilege and the work product doctrine, and will not be disclosed or provided on those grounds.

Dated: June 6, 2018            Respectfully submitted,

By:    /s/ *Robert B. Gilmore*

     Pat A. Cipollone, P.C. (admitted *pro hac vice*)
     Jonathan E. Missner (admitted *pro hac vice*)
     Robert B. Gilmore (admitted *pro hac vice*)
     Philip J. O'Beirne (admitted *pro hac vice*)
     **Stein Mitchell Cipollone Beato & Missner LLP**
     1100 Connecticut Avenue, NW Suite 1100
     Washington, DC 20036
     Telephone: (202) 737-7777
     Facsimile: (202) 296-8312
     pcipollone@steinmitchell.com
     jmissner@steinmitchell.com
     rgilmore@steinmitchell.com
     pobeirne@steinmitchell.com

     Daniel C. Bitting
     State Bar No. 02362480
     Paige A. Amstutz
     State Bar No. 00796136
     **Scott Douglass & McConnico LLP**
     303 Colorado Street, Suite 2400
     Austin, TX 78701
     Telephone: (512) 495-6300
     Facsimile: (512) 495-6399
     dbitting@scottdoug.com
     pamstutz@scottdoug.com

     ***Attorneys for Plaintiffs***

## CERTIFICATE OF SERVICE

It is hereby certified that a true copy of the foregoing was served via First Class Mail and Electronic Mail on the 6th day of June, 2018, upon counsel of record.

Dated: June 6, 2018

/s/ *Robert B. Gilmore*

## VERIFICATION FOR RESPONSES TO INTERROGATORIES

I, David G. Jacoby, am authorized to make this verification on behalf of the Sony Plaintiffs. While I do not have personal knowledge of the facts recited in the foregoing responses, I am informed and believe that these responses are based on a diligent and reasonable effort to obtain information currently available, including information produced by defendants and third parties in this litigation. The Sony Plaintiffs reserve the right to make changes or additions to any of these Responses should additional information become available. Subject to these limitations, I hereby certify that the facts stated herein are true to the best of my knowledge, information, and belief.

I verify under penalty of perjury that the foregoing is true and correct.

David G. Jacoby

Dated: June 6, 2018