**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| UMG RECORDINGS, INC., *et al.*, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| vs. | § | Civil Action No. 1:17-cv-00365-LY |
| | § | |
| GRANDE COMMUNICATIONS | § | |
| NETWORKS LLC and PATRIOT | § | |
| MEDIA CONSULTING, LLC, | § | |
| | § | |
| | § | |
| Defendants. | § | |

**PLAINTIFFS' MOTION TO COMPEL DISCOVERY FROM GRANDE**
**COMMUNICATIONS NETWORKS LLC AND PATRIOT MEDIA CONSULTING LLC**

**INTRODUCTION**

Grande and Patriot have continuously failed to meet their basic discovery obligations in this case. There are numerous topics on which Grande and Patriot have stated that they would provide documents, testimony, and/or written discovery and yet they have inexplicably failed to do so. On other topics, Grande has taken an indefensibly narrow view of the evidence relevant to Plaintiffs' claims and refused to provide information it has admitted is in its possession, custody and control. With the close of fact discovery imminent, and despite extensive effort on Plaintiffs' part to resolve these issues, Plaintiffs are forced to seek the Court's assistance in obtaining the discovery to which they are entitled under the Federal Rules. Plaintiffs respectfully request that the Court compel Grande and Patriot to provide documents, responses, and testimony sought by Plaintiffs as described in this Motion.

**RELEVANT BACKGROUND**

Plaintiffs served their initial discovery requests on Grande and Patriot on June 7, 2017, including Requests for Production of Documents and Interrogatories.[1] As the case progressed, Plaintiffs served additional Interrogatories and Requests for Production.[2] On Feb. 23, 2018, Plaintiffs also served Notices of Rule 30(b)(6) Depositions on Grande and Patriot.[3] By agreement, and as allowed by the Court's Scheduling Order [Dkt. 66], the parties extended the fact discovery cutoff in this case to July 6, 2018.

---

[1] Ex. A, Grande Am. Objs. and Resps. to Plfs' 1st RFPs; Ex. B, Patriot Am. Objs. And Resps to Plfs' 1st RFPs; Ex. C, Grande 3d [sic; actually 4th] Am. Objs and Resps to Plfs' 1st Interrogs.; Ex. D, Patriot Am. Objs and Resps. to Plfs' 1st Interrogs.
[2] Ex. E, Plfs' 2d RFPs to Grande; Ex. F, Plfs' 3d RFPs to Grande; Ex. G, Plfs' 2d Interrogs. to Grande; Ex. H, Plfs' 3d Interrogs. to Grande.
[3] Ex. I, Plfs' Notice of Rule 30(b)(6) Dep. to Grande; Ex. J, Plfs' Notice of Rule 30(b)(6) Dep. to Patriot.

**Discovery directed to Grande.** In December 2017, Plaintiffs asked Grande to address various discovery deficiencies.[4] Following Plaintiffs' review of Grande's production and the testimony of Grande's witnesses deposed in February 2018, it became evident that additional discoverable evidence was in Grande's possession that had yet to be produced. Moreover, Grande's interrogatory responses remain incomplete in several important respects. Plaintiffs sent a letter to Grande on April 19, 2018,[5] detailing the various remaining open issues and engaged in several follow up meet and confer calls in an effort to resolve these issues without the need for the Court's intervention. The parties exchanged additional written correspondence on May 9-10, 2018,[6] June 3, 2018 and July 2, 2018,[7] and the parties have conducted multiple meet and confer telephone calls and in-person conversations in an effort to resolve these issues. As detailed in Plaintiffs' July 2, 2018 letter to Grande (Ex. O), it is now beyond argument that Grande has in its possession but has—inexplicably and without justification—failed to provide basic information and documents responsive to Plaintiffs' discovery requests.

**Discovery direct to Patriot.** As for Patriot, after a long delay, Patriot made a single production of documents, from one custodian, on February 13, 2018. Despite repeated assurances from both then-Defendants, however, Patriot did not complete its production of promised documents prior to the Court's dismissal of the claims against Patriot.  Thereafter, Plaintiffs served Patriot with a Rule 45 document subpoena, to which Patriot responded by repeating its prior responses, and promising that it would complete its production of documents.[8] Although Plaintiffs

---

[4] Ex. K, Dec. 29, 2017 O'Beirne Email to Brophy.
[5] Ex. L, Apr. 19, 2018 O'Beirne Letter to Brophy.
[6] Ex. M, May 9-10 Email Correspondence.
[7] Ex. N, June 3, 2018 O'Beirne Email to Brophy; Ex. O, July 2, 2018 O'Beirne Ltr. to Brophy.
[8] Ex. P, Patriot' Objs. and Resps. to Plfs' Rule 54 Document Subpoena.

raised this issue on numerous occasions, Patriot did not make a supplemental production until July 3, 2018, and then producing only 39 additional documents. Counsel for Patriot has refused to commit to a date on which Patriot's production of documents will be complete. In addition, on multiple occasions Plaintiffs have requested dates for the depositions of Patriot executive Robert Roeder and Patriot's Rule 30(b)(6) witness, but counsel for Patriot has failed to provide such dates. Finally, on July 5, 2018, counsel for Patriot asserted for the first time that Patriot would not put up any witnesses absent a subpoena, forcing Plaintiffs to subpoena the Patriot depositions for unilateral dates.[9]

## LEGAL STANDARD

Parties are entitled to information through discovery that is relevant and proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1). "A party seeking discovery may move for an order compelling an answer, designation, production, or inspection" under Fed. R. Civ. P. 37.

## ARGUMENT

Plaintiffs' case is straightforward: Grande and Patriot provided continued internet service to thousands of subscribers, whom they knew were repeatedly downloading and sharing music recordings, including Plaintiffs' copyrighted works.

This motion seeks to require Grande's and Patriot's compliance with discovery requests related to those core facts. Several Grande witnesses have testified that the requested information is in Grande's possession and could easily be collected and provided. Yet, to date, Plaintiffs have

---

[9] Ex. Q, Rule 45 Subpoena for Deposition of R. Roeder; Ex. R, Rule 45 Subpoena for Rule 30(b)(6) Deposition of Patriot.  The parties have agreed to conduct depositions after the July 6 discovery cutoff.

received incomplete—and, in some instances, *false*—information in response to the discovery requests at issue.

**Grande's Current and Past Policies Regarding Infringement (Interrogatories 6, 14 and 25; 30(b)(6) Topics 7, 25-28, 37-38, 45).** Interrogatory 6 asks Grande to "[d]escribe in detail any DMCA Policy, Repeat Infringer Policy, Acceptable Use Policy, and/or any policies and/or procedures concerning Grande's receipt, review, forwarding to Customers and/or User, response to, and resolution of, copyright infringement allegations involving Grande's internet services, since January 1, 2010." Grande's response to this interrogatory is deficient in several respects. *See* Ex. C, pp. 6-8.

*First*, Grande's own corporate representative has admitted under oath that its description of Grande's current process (in Grande's Fourth Amended Responses) is *false*. *See* Ex. S, S. Christianson (Rule 30(b)(6) Dep. at 113-26)(filed under seal). Plaintiffs are entitled to a response that accurately describes the current process.  In addition, on the basis of privilege or work product objections, Ms. Christianson refused to provide testimony on the factual circumstances concerning the false response to Interrogatory 6, such as whether the process falsely described in Grande's response was ever considered or discussed, and whether the policy that the false response describes was one Grande believed it should have implemented or meant to implement at some point.  This is plainly discoverable factual information that bears directly on Grande's knowledge of infringement and the willfulness of its culpability in that infringement. Grande cannot hide the damning circumstances concerning its false interrogatory answer from scrutiny based on meritless privilege assertions.

*Second*, Grande refuses to provide a description of its past policies or processes prior to 2013. This refusal is unsupportable for several independent reasons.  Plaintiffs seek relief for all

acts of infringement committed by Grande's subscribers since at least 2011, which is permitted by the discovery rule. *See* Ex. L. Moreover, notwithstanding the broad scope of infringement supporting Plaintiffs' claims, Grande's response to copyright infringement notices that pre-date those at issue in this case is plainly probative of (at least) Grande's knowledge of infringement, capabilities to respond to infringement notices. and supposed entitlement to the DMCA safe harbor. Plaintiffs then served Interrogatory 25, seeking a description of Grande's policies and procedure for addressing allegations of copyright infringement prior to, during, and after Atlantic Broadband (the predecessor to Patriot) provided management services to Grande.  Grande has also improperly failed to answer this Interrogatory. Plaintiffs request that the Court compel Grande to provide accurate and complete responses to Interrogatories 6 and 25.

Grande has also failed to respond to Interrogatory 14, which asks Grande to describe the person identified as Grande's DMCA agent with the Copyright Office and the extent to which such information differed from the information reflected in Grande's contemporaneous policies. Grande initially refused to respond to this interrogatory because Grande claimed that the information is "immaterial." But Grande has asserted entitlement to the DMCA safe harbor—and one of the requirements of that safe harbor is that Grande must have a registered DMCA agent. The interrogatory is thus directly relevant to one of Grande's core defenses.  Grande has agreed to provide the person identified in its policies, and potentially with the Copyright Office, although it still has not done so, but has yet to agree to explain any reason or basis for any difference.

**Copyright Infringement Notices Received and Sent by Grande (RFPs 37 and 39; Interrogatory 7; 30(b)(6) Topics 2, 41 and 45).** The focus of this lawsuit is the massive copyright infringement occurring on Grande's network. Grande's knowledge of that infringement is relevant to Plaintiffs' legal claims. The notices it has received regarding this infringement are evidence of

that knowledge. Plaintiffs' RFPs 37 and 39 seek all notices received by Grande and sent to its customers, regarding copyright infringement.  Interrogatory 7 seeks a description of such notices by sender and time period. In addition, topics 2, 41 and 45 in Plaintiffs' Notice of 30(b)(6) deposition asks Grande's witness to provide this information.

Grande has still not provided this basic information to Plaintiffs. Several of Grande's witnesses, including its corporate representative on the topic of notices, have explained that Grande has an abuse system and customer service/billing system that retains information regarding notices received and sent by Grande. Grande has produced partial outputs from these systems, improperly limited by date, but has yet to provide full and accurate responses detailing this information which is plainly in Grande's possession.

**Grande's revenues, profits, and profit margins (Interrogatories 16, 17 and 18).** Interrogatories 16, 17, and 18 seek information on Grande's revenues, profits and profit margins from its various business lines, including high speed internet. Grande's response to these interrogatories is deficient in several respects. ***First***, Grande limited its response to the time period of 2014 and later. As noted above, this is neither an agreed nor proper time limitation in this case.

***Second***, Grande has, unilaterally and without justification, limited its response to its revenues and stated that it is "willing to meet and confer regarding the requested information concerning profits and profit margins." These responses are improper and violate Rule 33. Grande cannot contest that such profit data is relevant in this case. It has already produced profit and loss documents for various time periods at issue, and the law is clear that the first factor considered by Courts in assessing statutory damages for copyright infringement is "the expenses saved and the profits reaped" by the infringer. *Phoenix Entm't Partners, LLC v. Liquid Monkey Lounge, Inc.*,

2015 WL 12659927, at *4 (W.D. Tex. Dec. 17, 2015), *report and recommendation adopted*, 2016 WL 5957383 (W.D. Tex. Jan. 22, 2016).

**Patriot's role in Grande's past and current policies and procedures for handling DMCA notices, to include whether Patriot directed Grande to institute any particular process (30(b)(6) Topics 7, 25-28 and 37).** Grande offered Stephanie Christianson as its 30(b)(6) witness on a number of topics in Plaintiffs' notice. Ms. Christianson refused to testify on privilege grounds—sometimes at the direction of counsel and sometimes of her own accord—in response to questions that plainly called for non-privileged factual information concerning Patriot's role and involvement on critical issues in this case: the formulation and implementation of Grande's policies for handling notices of infringement. *See e.g.* Ex. S, S. Christianson Rule 30(b)(6) Dep. at 259-65 and 273-76. These topics and Plaintiffs' questions on them seek facts, not privileged communications. Grande's refusal to provide testimony on these issues is meritless. Indeed, given that Defendants supported their request to dismiss Patriot from the case by arguing that Patriot did not play a central role in setting Grande's copyright infringement policies, Grande's refusal to allow its corporate representative to testify about whether Patriot in fact played a role is unfair and highly suspect. Plaintiffs request that the Court compel Grande to provide a competent witness to provide corporate testimony on these topics.

**Grande's Incomplete and Inadequate 30(b)(6) Testimony (Topics 1, 2, 5-13, 25-30, 32-34, 37-40, 42, and 45-49).** Grande failed to comply with its obligations under Rule 30(b)(6), because Ms. Christianson was unable to provide basic information sought by topics for which she had been offered, despite admitting that such information was obtainable by Grande in advance of her deposition. For example, Ms. Christianson refused, or was unable, to provide the following evidence:

- Non-privileged communications between Patriot and Grande regarding (among other things) copyright infringement, the DMCA, any DMCA policy, and Grande's supposed entitlement to the DMCA safe harbor; (Topic 7)(Ex. S, S. Christianson Dep. at 273-78, 285-86 and 319-322);

- When Grande first became aware it was receiving DMCA notices (Topic 29); (*Id.* at 347-348);

- The number of DMCA warning letters Grande sent to its customers per year (Topics 29 and 47) (*Id.* at 302-04); and

- The percentage of the total number of notices Grade received that came from Rightscorp (Topics 29, 30, 41, 42) (*Id.* at 347-348).

Grande should be compelled to put up a properly prepared witness to provide truthful and accurate answers on these topics.

**Grande Depositions That Have Not Been Offered (Rule 30(b)(6) Witness on Topics 14-21, 23, 24, 31, 35, 36, 41, and 50-55, and Matthew Murphy).** Although Grande has informed Plaintiffs that it will offer a corporate representative witness on topics 14-21, 23, 24, 31, 35, 36, 41, and 50-55, Grande has not yet done so. Grande has not objected to these topics nor filed a motion for a protective order on them. Plaintiff therefore include these topics in this motion in order to preserve their rights in case Grande should fail to honor its commitment. In addition, Plaintiffs requested a deposition date (and served a deposition subpoena) for Matthew Murphy, former President of Grande, on April 19, 2018, then subpoenaed Mr. Murphy for a deposition on May 29, 2018**.**  Grande listed him in its initial disclosures as possessing relevant information. Counsel for Grande apparently represents Mr. Murphy and indicated he would be made available, though he was unavailable on the subpoenaed May 29 date, but counsel still has not provided an alternate date.

**Miscellaneous Additional Document Requests.** Below are requests for production for which Grande indicated it would produce documents, but for which documents have not been produced. These were referenced repeatedly in Plaintiffs' correspondence with Grande:

- REQUEST NO. 59:  All documents since January 1, 2010, concerning the average cost to you of obtaining a Grande Customer or User.
- REQUEST NO. 60:  All documents since January 1, 2010, concerning Grande's average yearly revenue and profit for Customers or Users for each level of internet service that you offer.
- REQUEST NO. 61: All documents since January 1, 2010, concerning the estimated total revenue and profit per Customer and User account for the life of the account.
- REQUEST NO. 62: Documents sufficient to show the average length of time you retain Customers or Users.
- REQUEST NO. 63: Documents sufficient to show or from which it may be determined your total number of Customers or Users in the United States.
- REQUEST NO. 67: All documents since January 1, 2010, concerning Grande's document retention and/or destruction polices.[10]

Grande recently produced at Bates number GRANDE2542672 an approximately 8,400 page pdf document. Based on the testimony of Grande's witnesses, it appears to be a report from Grande's databases reflecting infringement letters sent by contractors on behalf of Grande. Plaintiffs have requested that Grande provide the excel version used to generate this document, which Grande has promised but so far failed to produce.

Request 1 of Plaintiffs' Second Set of RFPs seeks documents sufficient to show Grande's IP address assignment protocol, as sought by Interrogatory 23.[11]  Grande originally agreed to produce such documents, but asserted, without explanation, that it would not do so until August 6—a full month after the July 6 close of fact discovery.  Then, during a meet and confer call on

---

[10] Grande appears to have produced its prior policy, but not the current policy.
[11] "Interrogatory No. 23. Identify and describe your IP address assignment protocol, including the manner in which it is maintained in your business records, and a description of the geographic address that each IP address is capable of and has been assigned to, from 2011 to the present." Ex. H, p. 6.

July 6, Grande reversed course and stated that it is presently unwilling to provide documents reflecting the information sought by Interrogatory 23 and RFP 1, including but not limited to how Grande assigns IP addresses and which range of IP addresses are used by Grande.  Plaintiffs' timely request for documents must be satisfied with sufficient time for Plaintiffs' experts to review the responsive documents.  Accordingly, Plaintiffs request the Court compel production of these documents[12] and a complete answer to Interrogatory 23.

**Discovery directed to Patriot.** Patriot produced documents from a single custodian on February 13, 2018 and produced an additional 39 documents on July 3, 2018. Plaintiffs understand from meet and confer discussions that Patriot has additional responsive, discoverable documents it has collected but not yet produced.  Plaintiffs ask the Court to compel the production of these documents. Moreover, counsel for Patriot has yet to provide deposition dates for Patriot's 30(b)(6) witness or Mr. Robert Roeder, a fact witness identified as a person with knowledge in Patriot's interrogatory responses. Plaintiffs request the Court compel Patriot to provide this witness testimony.

## CONCLUSION

For the reasons stated herein, Plaintiffs respectfully ask that the Court compel Grande and Patriot to comply with their discovery obligations in this case and provide the requested information, documents and testimony immediately.

---

[12] Plaintiffs' Third RFPs seek production of documents sufficient to show which IP addresses were assigned to which users (and the dates of assignment) for the year preceding the filing of the complaint.  It remains unclear whether Grande will agree to provide these relevant, discoverable records and thus Plaintiffs include this RFP in their requested order compelling production.

## CERTIFICATE OF CONFERENCE

Counsel for the parties attempted in good faith to resolve this matter by agreement, exchanging multiple written communications and conducting multiple telephonic conferences, but were unable to resolve the dispute.

July 6, 2018

Respectfully submitted,

By: */s/ Philip J. O'Beirne*
Pat A. Cipollone, P.C. (admitted *pro hac vice*)
Jonathan E. Missner (admitted *pro hac vice*)
Robert B. Gilmore (admitted *pro hac vice*)
Philip J. O'Beirne (admitted *pro hac vice*)
**Stein Mitchell Cipollone Beato & Missner LLP**
1100 Connecticut Avenue, NW Suite 1100
Washington, DC 20036
Telephone: (202) 737-7777
Facsimile: (202) 296-8312
pcipollone@steinmitchell.com
jmissner@steinmitchell.com
rgilmore@steinmitchell.com
pobeirne@steinmitchell.com

Daniel C. Bitting (State Bar No. 02362480)
Paige A. Amstutz (State Bar No. 00796136)
**Scott Douglass & McConnico LLP**
303 Colorado Street, Suite 2400
Austin, TX 78701
Telephone: (512) 495-6300
Facsimile: (512) 495-6399
dbitting@scottdoug.com
pamstutz@scottdoug.com

***Attorneys for Plaintiffs***

## **CERTIFICATE OF SERVICE**

The undersigned certifies that, on July 6, 2018, all counsel of record who are deemed to have consented to electronic service are being served with through the Court's ECF system.


*/s/ Daniel C. Bitting*

Daniel C. Bitting