# EXHIBIT C

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| UMG RECORDINGS, INC., et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| GRANDE COMMUNICATIONS | ) | No. 1:17-cv-00365 |
| NETWORKS LLC and PATRIOT MEDIA | ) | |
| CONSULTING, LLC, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

## DEFENDANT GRANDE COMMUNICATIONS NETWORKS LLC'S THIRD AMENDED OBJECTIONS AND RESPONSES TO PLAINTIFFS' FIRST SET OF INTERROGATORIES

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Defendant Grande

Communications Networks LLC ("Grande"), by and through its attorneys, hereby responds to

Plaintiffs' First Set of Interrogatories with the following answers and objections.

## GENERAL OBJECTIONS

The following General Objections are incorporated by reference in each of Grande's

Specific Objections and Answers set forth below:

1.       Grande objects to Plaintiffs' instructions to the extent they impose obligations on

Grande that are inconsistent with or exceed those set forth in the Federal Rules of Civil

Procedure, Rules of the United States District Court for the Western District of Texas, or any

Order of this Court.

2.       Grande objects to the First Set of Interrogatories to the extent they seek the

disclosure or production of information protected by the attorney-client privilege and/or work

product doctrine.  Such information shall not be provided in response to the First Set of

Interrogatories, and any inadvertent disclosure thereof shall not be deemed a waiver of any privilege or protection with respect to such information.

3.　Grande objects to the First Set of Interrogatories to the extent they seek confidential, sensitive, and proprietary business information.  Any such information that is responsive will be produced, if at all, only upon entry of a confidentiality agreement/protective order.

4.　Grande objects to the First Set of Interrogatories as overly broad and unduly burdensome to the extent they seek information or documents not within the possession, custody, or control of Grande.

5.　Grande objects to the First Set of Interrogatories to the extent they seek information or documents that are neither relevant to the subject matter involved in this litigation nor proportional to the needs of the case.

6.　Grande objects to the First Set of Interrogatories to the extent they seek discovery of information or documents already within the possession and control of Plaintiffs and/or Plaintiffs' counsel, or that are available from public sources, on the grounds that each such request is unduly burdensome and oppressive

7.　Grande objects to the First Set of Interrogatories to the extent they seek information beyond what is available from a reasonable search of those Grande files likely to contain relevant or responsive documents pertaining to this litigation.

8.　Grande objects to the First Set of Interrogatories to the extent they seek legal conclusions.

9.　Where Grande provides a partial response to an otherwise objectionable interrogatory, Grande does not waive any general or specific objection by providing a partial

2

response. Nothing in Grande's answers shall be construed as waiving any rights or objections that otherwise might be available to Grande, nor should Grande's responses to the First Set of Interrogatories be deemed an admission or relevance, materiality, or admissibility of the interrogatories or related answers.

10.     Grande objects to the Definitions set forth in Plaintiffs' First Set of Interrogatories, specifically, Grande objects to the definition of "Plaintiffs' Copyrighted Works" as overly broad in that it purports to encompass materials not yet identified.

11.     Grande objects to the use of the term "concerning" in Plaintiffs' First Set of Interrogatories as vague and ambiguous. Grande understands and interprets such requests to seek documents that refer to the specific subject matter.

12.     Grande objects to Plaintiffs' First Set of Interrogatories to the extent they seek information regarding copyrights other than those specifically identified in this litigation. Grande will respond as to copyrights specifically identified in this litigation.

13.     Grande reserves the right to supplement these General Objections, as well as its Specific Objections and Answers to the First Set of Interrogatories.

## **GRANDE'S ANSWERS TO INTERROGATORIES**

INTERROGATORY NO. 1:

Identify all persons who you believe have knowledge of relevant facts in the lawsuit and identify the issues about which you believe they have knowledge.

**RESPONSE**:

In addition to its General Objections, Grande objects to Interrogatory No. 1 to the extent it seeks disclosure of privileged attorney-client communications or attorney work product.

Subject to these objections, Grande states that the following persons have knowledge of relevant facts:

3

CONFIDENTIAL-ATTTORNEYS EYES' ONLY

- Matt Rohre has knowledge relating to Grande's policies and procedures and the relationship between Grande and Patriot.

- Lamar Horton has knowledge relating to Grande's network design and information technology processes.

- Dawn Blydenburgh has knowledge relating to Grande's customer support.

- Bruce Jongeneel has knowledge relating to Grande's financials.

- Matt Murphy has knowledge relating to Grande's historical policies and procedures.

- Shane Schilling has knowledge relating to Grande's historical network design and information technology processes.

- Stephanie Christianson has knowledge relating to Grande's DMCA policy and procedures.

<u>INTERROGATORY NO. 2:</u>

If Grande is a partner, a partnership, or a subsidiary or affiliate of a corporation, limited liability company, or partnership, that has a financial interest in the outcome of this lawsuit, identify the parent corporation(s), affiliate(s), partner(s), or partnership(s) and the relationship between it/them and Grande. If there is a publicly owned corporation or a holding company not a party to the case that has a financial interest in the outcome, identify such corporation and the nature of the financial interest.

**RESPONSE**:

In addition to its General Objections, Grande objects to Interrogatory No. 2 as vague and ambiguous in that "financial interest in the outcome of this lawsuit" is subject to multiple different interpretations. Grande also objects to this Interrogatory as seeking irrelevant information.

Subject to these objections, and to the extent the Interrogatory is understood, Grande states that there is no such entity.

4

CONFIDENTIAL-ATTTORNEYS EYES' ONLY

INTERROGATORY NO. 3:

If Grande is improperly identified in the Complaint, give its proper identification and state whether you will accept service of an amended summons and complaint reflecting the information furnished by you in answer hereto.

**RESPONSE**:

In addition to its General Objections, Grande objects to Interrogatory No. 3 as vague and ambiguous in that "improperly identified" is subject to multiple different interpretations.

Subject to these objections, and to the extent to the Interrogatory is understood, Grande states that "Grande Communications Networks LLC," the name with which Grande is identified in the Complaint, adequately identifies Grande.

INTERROGATORY NO. 4:

If you contend that some other person is, in whole or in part, liable to any Plaintiff in this lawsuit, identify that person and describe in detail the basis of said liability.

**RESPONSE**:

In addition to its General Objections, Grande objects to Interrogatory No. 4 as seeking irrelevant information, overly broad, oppressive, and unduly burdensome, and not proportional to the needs of the case. The Interrogatory purports to seek information about all types of potential liability to any Plaintiff, without regard to whether the requested information has any relevance to any issue in this case. Grande also objects to the extent Interrogatory No. 4 seeks disclosure of privileged attorney-client communications or attorney work product.

Subject to these objections, Grande states that it is unaware of any party that is liable to any Plaintiff in this lawsuit.

INTERROGATORY NO. 5:

Describe in detail any communications Grande has had with any Plaintiff or with Rightscorp, from January 1, 2010 until the filing of the Complaint.

CONFIDENTIAL-ATTTORNEYS EYES' ONLY

**RESPONSE**:

In addition to its General Objections, Grande objects to Interrogatory No. 5 as seeking irrelevant information, overly broad, unduly burdensome, and not proportional to the needs of the case in that it seeks a detailed description of "any communications" without regard to whether any such communication has any relevance to any issue in this case.  Grande also objects on these same bases in that the request purports to require Grande to provide to Plaintiffs information that is already in Plaintiffs' possession, custody, or control, to the extent such information exists.

Subject to these objections, Grande states that it is not aware of any communications between itself and any Plaintiff or with Rightscorp.  Grande notes that it has received numerous notices of alleged copyright infringement from Rightscorp, but does not consider those to be "communications Grande has had with any Plaintiff or with Rightscorp."

INTERROGATORY NO. 6:

Describe in detail any DMCA Policy, Repeat Infringer Policy, Acceptable Use Policy, and/or any policies and/or procedures concerning Grande's receipt, review, forwarding to Customers and/or User, response to, and resolution of, copyright infringement allegations involving Grande's internet services, since January 1, 2010.

**RESPONSE**:

In addition to its General Objections, Grande objects to Interrogatory No. 6 as seeking irrelevant information, overly broad, unduly burdensome, and not proportional to the needs of the case.

Subject to these objections, Grande will produce copies of its DMCA Policies, Repeat Infringer Policies, Acceptable Use Policies, and any other documented policies or procedures concerning allegations of copyright infringement involving Grande's internet services, pursuant to Federal Rule of Civil Procedure 33(d).  Grande identifies the following documents as

6

CONFIDENTIAL-ATTTORNEYS EYES' ONLY

Grande's current policies: http://mm.mygrande.com/pdf/GRANDE-DMCA-Policy-5%20-19-2016.pdf and http://mm.mygrande.com/pdf/Grande_Acceptable_Use_Policy_10-31-13.pdf.

**AMENDED RESPONSE:**

In addition to its General Objections, Grande objects to Interrogatory No. 6 as seeking irrelevant information, overly broad, unduly burdensome, and not proportional to the needs of the case.

Subject to these objections, Grande states that it has produced copies of its documented policies concerning instances of copyright infringement taking place on Grande's network. Those documents are accessible from Grande's website at the following locations: http://mm.mygrande.com/pdf/GRANDE-DMCA-Policy-5%20-19-2016.pdf, and http://mm.mygrande.com/pdf/Grande_Acceptable_Use_Policy_10-31-13.pdf, and have been produced under the following bates numbers:  GRANDE0000231-GRANDE0000234 and GRANDE00002050-2056.  Additional policies are being produced herewith.

Since at least 2013, Grande's policy for handling allegations of copyright infringement has consistently included the transmission of notice letters to subscribers and the concomitant potential for termination if a subscriber is determined to be conducting repeat copyright infringement through Grande's network.  When notice of a potential infringement is received by Grande, a letter is generated and transmitted to the subscriber/owner of the affected account. From 2014-2016, Grande generated and transmitted these letters in hard-copy form.  At the end of 2016 and into early 2017, Grande transitioned to an automated electronic notification system. Examples of the notices Grande transmitted to its subscribers have been produced at Bates nos: GRANDE0000164-GRANDE0000193.

Grande's current internal policy for handling the receipt of notices alleging copyright

7

CONFIDENTIAL-ATTTORNEYS EYES' ONLY

infringement involves the transmission of a letter to a subscriber upon receipt of an allegation of

copyright infringement relating to that subscriber's account. After the transmission of three

electronic notices, Grande sends a hard-copy notice letter reminding the subscriber that they will

be terminated if additional complaints of alleged infringement are received relating to their

account. This "final notice" letter is sent via certified mail. If Grande receives subsequent

notices of potential infringement regarding the same account, that subscribers' Internet service

with Grande is permanently terminated.

<u>INTERROGATORY NO. 7:</u>

        Describe in detail all Notices and/or any other reports or notices of copyright
infringement allegations Grande received, from any source, for each month from January 1, 2010
to the present. A full description should include, without limitation, the date the notice or report
was received, the type of notice (e.g. email, letter, etc.), the IP address associated with the notice
or report, the Customer or User associated with that IP address, and the identity of the
copyrighted work(s) for which the copyright had allegedly been infringed and whether a
copyrighted work was Plaintiffs' Copyrighted Work.

**RESPONSE**:

        In addition to its General Objections, Grande objects to Interrogatory No. 7 as seeking

irrelevant information, overly broad, oppressive, unduly burdensome, and not proportional to the

needs of the case. Grande also objects to this Interrogatory as overly broad, oppressive, unduly

burdensome, and not proportional to the needs of the case in that it purports to require Grande to

provide to Plaintiffs information that Grande received from Rightscorp or other of Plaintiffs'

agents, and which therefore is in Plaintiffs' possession, custody, or control. Based on these

objections, Grande will not answer this interrogatory.

**AMENDED RESPONSE**:

        In addition to its General Objections, Grande objects to Interrogatory No. 7 as seeking

irrelevant information, overly broad, oppressive, unduly burdensome, and not proportional to the

8

CONFIDENTIAL-ATTTORNEYS EYES' ONLY

needs of the case.  Grande also objects to this Interrogatory as overly broad, oppressive, unduly

burdensome, and not proportional to the needs of the case in that it purports to require Grande to

provide to Plaintiffs information that Grande received from Rightscorp or other of Plaintiffs'

agents, and which therefore is in Plaintiffs' possession, custody, or control.

Subject to these objections, Grande has provided Plaintiffs with a database containing the

set of notices it received in native form.

INTERROGATORY NO. 8:

Describe in detail all actions you have taken in response to each of the Notices and/or any
other reports or notices of copyright infringement allegations requested to be identified in the
preceding interrogatory, including, without limitation, whether you forwarded the notice to the
Customer or User associated with the IP address contained in the notice or report, and if so,
when and how you forwarded the notice and which notices pertained the Plaintiffs' Copyrighted
Works.

**RESPONSE:**

In addition to its General Objections, Grande objects to Interrogatory No. 8 as seeking

irrelevant information, overly broad, oppressive, unduly burdensome, and  not proportional to the

needs of the case.  As Plaintiffs are aware, Grande has received millions of such notices, making

a description of the response to each notice impossible.  Moreover, as Plaintiffs are also aware,

many if not most of the notices Grande has received have no relevance to this lawsuit because

they do not pertain to any copyright at issue in this case (to the extent Grande can even discern

what copyrights are at issue).  Grande further objects on these same bases in that the request is

unlimited in time.  Finally, Grande objects to this Interrogatory as overly broad, oppressive,

unduly burdensome, and not proportional to the needs of the case in that it purports to require

Grande to identify which notices pertain to "Plaintiffs' Copyrighted Works."  Any such notices

Grande has received were sent by Plaintiffs' agent Rightscorp, on Plaintiffs' behalf, and so this

information is in Plaintiffs' possession, custody, or control.

9

CONFIDENTIAL-ATTTORNEYS EYES' ONLY

Subject to these objections, Grande identifies at least the following documents under Rule 33(d): GRANDE0000001-GRANDE0000025 and GRANDE0000095-GRANDE0000144.

**AMENDED RESPONSE:**

In addition to its General Objections, Grande objects to Interrogatory No. 8 as seeking irrelevant information, overly broad, oppressive, unduly burdensome, and not proportional to the needs of the case. As Plaintiffs are aware, Grande has received millions of such notices, making a description of the response to each notice impossible. Moreover, as Plaintiffs are also aware, many if not most of the notices Grande has received have no relevance to this lawsuit because they do not pertain to any copyright at issue in this case (to the extent Grande can even discern what copyrights are at issue). Grande further objects on these same bases in that the request is unlimited in time. Finally, Grande objects to this Interrogatory as overly broad, oppressive, unduly burdensome, and not proportional to the needs of the case in that it purports to require Grande to identify which notices pertain to "Plaintiffs' Copyrighted Works." Any such notices Grande has received were sent by Plaintiffs' agent Rightscorp, on Plaintiffs' behalf, and so this information is in Plaintiffs' possession, custody, or control.

Subject to these objections, Grande identifies at least the following documents under Federal Rule of Civil Procedure 33(d): GRANDE0000001-GRANDE0000025, GRANDE0000095-GRANDE0000144, GRANDE0000155- 230, and GRANDE0000235-GRANDE0000245.

INTERROGATORY NO. 9:

Describe in detail any effort by Grande to determine whether and to what extent any of your Customers or Users were engaged in copyright infringement.

**RESPONSE:**

In addition to its General Objections, Grande objects to Interrogatory No. 9 as seeking

10

CONFIDENTIAL-ATTTORNEYS EYES' ONLY

irrelevant information, overly broad, unduly burdensome, and not proportional to the needs of

the case.  Grande further objects to Interrogatory No. 9 to the extent it seeks disclosure of

privileged attorney-client communications or attorney work product.

Subject to these objections, Grande states that it does not have the right or ability to

determine what files or programs are being run on subscriber computers or home networks and it

does not have an ability to meaningfully identify or block BitTorrent or other peer-to-peer traffic

being transmitted through its network.

INTERROGATORY NO. 10:

Describe in detail all actions you have taken against your Customers or Users who have
been the subject of copyright infringement allegations.  Your answer should include the nature of
the allegation, the copyrighted work that was the subject of the allegation, the date of the
allegation, the action you took, the date of the action, and the result of the action.

**RESPONSE**:

In addition to its General Objections, Grande objects to Interrogatory No. 10 as seeking

irrelevant information, overly broad, unduly burdensome, and not proportional to the needs of

the case.  Grande further objects to Interrogatory No. 10 to the extent it seeks disclosure of

privileged attorney-client communications or attorney work product.  Grande also objects to

Interrogatory No. 10 as vague, ambiguous, unduly burdensome, and overly broad in that it seeks

a description of various "actions," which could be interpreted to call for information with no

potential relevance to any issue in this case.

Subject to these objections, Grande identifies at least the following documents under

Rule 33(d): GRANDE0000026-GRANDE0000094.

**AMENDED RESPONSE**:

In addition to its General Objections, Grande objects to Interrogatory No. 10 as seeking

irrelevant information, overly broad, unduly burdensome, and not proportional to the needs of

11

CONFIDENTIAL-ATTTORNEYS EYES' ONLY

the case.  Grande further objects to Interrogatory No. 10 to the extent it seeks disclosure of

privileged attorney-client communications or attorney work product.  Grande also objects to

Interrogatory No. 10 as vague, ambiguous, unduly burdensome, and overly broad in that it seeks

a description of various "actions," which could be interpreted to call for information with no

potential relevance to any issue in this case.

Subject to these objections, Grande identifies at least the following documents under

Rule 33(d): GRANDE0000026-GRANDE0000094, GRANDE0000164-GRANDE0000193, and

GRANDE0000236-GRANDE0000237.  A list of terminated subscribers is being produced

herewith and marked as Confidential.

INTERROGATORY NO. 11:

Describe in detail the complete factual and legal bases for your contention that you are
entitled to safe harbor protection under the DMCA.

**RESPONSE:**

Subject to its General Objections, Grande states that it will supplement its answer to this

Interrogatory in the event it raises a defense based on a DMCA safe harbor.

**AMENDED RESPONSE:**

Subject to its General Objections, Grande states that during the entire period relevant to

this dispute, Grande has adopted and reasonably implemented a policy that provides for the

termination of subscribers and account holders who are repeat copyright infringers.  Grande has

also informed its subscribers and account holders of its copyright infringement and termination

policies.  Grande also accommodates and does not interfere with any standard technical measures

implemented by copyright holders to identify and protect their copyrighted works.

Based on the foregoing, and pursuant to 17 U.S.C. § 512(i)(1)(A), Grande is therefore

entitled to the safe harbor protections of the Digital Millennium Copyright Act.

CONFIDENTIAL-ATTTORNEYS EYES' ONLY

Grande states that it has never been given notice of any actual infringement taking place

on its network, let alone repeat actual infringement.  As a result, there has never been an instance

in which it was necessary to terminate a subscriber for "repeat infringement" under the

applicable provisions of Section 512 of the Digital Millennium Copyright Act.  Because the

"repeat infringement" language of the safe harbor provision under the DMCA has never been

triggered, Grande states that it has never had an obligation to terminate a subscriber for engaging

in repeated copyright infringement.  Out of an abundance of caution, and operating at a level

above Grande's obligation under the DMCA, Grande does process ***allegations*** of copyright

infringement it receives from third parties in the manner described in its response to

Interrogatory No. 6.  Through the processing of such notices, Grande has permanently terminated

subscribers.

A list of terminated subscribers is being produced herewith and marked as Confidential.

This document is evidence of subscribers that have been terminated under the above policy.

INTERROGATORY NO. 12:

State the number of your Customers or Users that Grande has terminated for violation of
the Acceptable Use Policy, organized by the provision of the Acceptable Use Policy the violation
of which caused the Customer's or User's suspension or termination.  Organize Customers or
Users terminated for violating more than one provision by the grouping of provisions violated
(i.e. X number of Customers or Users terminated for violation of provisions A and B, X number
for provisions B and C, etc.).

**RESPONSE:**

In addition to its General Objections, Grande objects to Interrogatory No. 12 as seeking

irrelevant information, overly broad, unduly burdensome, and not proportional to the needs of

the case.  Grande further objects to Interrogatory No. 12 to the extent it seeks disclosure of

privileged attorney-client communications or attorney work product.

Subject to these objections, Grande states that it will supplement its answer to this

13

CONFIDENTIAL-ATTTORNEYS EYES' ONLY

Interrogatory in the event it raises a defense based on a DMCA safe harbor.

**AMENDED RESPONSE:**

In addition to its General Objections, Grande objects to Interrogatory No. 12 as seeking irrelevant information, overly broad, unduly burdensome, and not proportional to the needs of the case. Grande further objects to Interrogatory No. 12 to the extent it seeks disclosure of privileged attorney-client communications or attorney work product.

Subject to the these objections, Grande states that it has terminated at least eleven subscribers based on allegations of repeat copyright infringement, pursuant to Grande's policy for processing DMCA notices. A list of terminated subscribers is being produced herewith and marked as Confidential.

INTERROGATORY NO. 13:

Identify all communications sent by Grande to Customers or Users for alleged or believed violations of any DMCA Policy, Acceptable Use Policy, Repeat Infringer Policy, and/or any other policies and/or procedures concerning copyright infringement allegations involving Grande's internet services, organized by the provision of the policy the violation of which Grande determined justified a warning.

**RESPONSE:**

In addition to its General Objections, Grande objects to Interrogatory No. 13 as seeking irrelevant information, overly broad, oppressive, unduly burdensome, and not proportional to the needs of the case in that it seeks information regarding alleged infringement of copyrights other than those at issue in this case.

Subject to these objections, Grande will produce representative communications sent by Grande to its Customers that relate to the copyrights identified in the Complaint pursuant to Federal Rule of Civil Procedure 33(d). Grande further states that at least the following documents are responsive to this interrogatory pursuant to Rule 33(d): GRANDE0000026-

CONFIDENTIAL-ATTTORNEYS EYES' ONLY

GRANDE0000094.

**AMENDED RESPONSE**:

In addition to its General Objections, Grande objects to Interrogatory No. 13 as seeking irrelevant information, overly broad, oppressive, unduly burdensome, and not proportional to the needs of the case in that it seeks information regarding alleged infringement of copyrights other than those at issue in this case.

Subject to these objections, Grande states that it is unable to produce "all communications" because for a substantial period of time, communications were exclusively sent as hard copy letters, copies of which no longer exist. However, Grande has produced representative communications sent by Grande to its Customers that relate to the copyrights identified in the Complaint pursuant to Federal Rule of Civil Procedure 33(d). Grande states that examples of such correspondence can be found at the following bates ranges: GRANDE0000026-GRANDE0000094, and GRANDE0000164-GRANDE0000193.

<u>INTERROGATORY NO. 14:</u>

Describe the contact information Grande identified for the person identified as the recipient for complaints of alleged copyright infringement that was contained in any Grande Acceptable Use Policy in effect in 2010, 2011, 2012, 2013, 2014, 2015, and/or 2016, and, to the extent such information is different than the information for Grande's Registered Copyright Agent, describe the reasons for such difference.

**RESPONSE**:

In addition to its General Objections, Grande objects to Interrogatory No. 14 as seeking irrelevant information because it is immaterial whether and/or why Grande identified different persons as recipients for complaints under its Acceptable Use Policy and its DMCA Policy. Subject to these objections, Grande identifies the following as Grande's current policies:

http://mm.mygrande.com/pdf/GRANDE-DMCA-Policy-5%20-19-2016.pdf and

CONFIDENTIAL-ATTTORNEYS EYES' ONLY

http://mm.mygrande.com/pdf/Grande_Acceptable_Use_Policy_10-31-13.pdf.

INTERROGATORY NO. 15:

Describe in detail the creation and issuance of the document titled "DMCA Policy and Procedure" posted on the Grande website (attached as Exhibit A to these Interrogatories). A full description should include, without limitation, Grande's reasons for creating the document, the drafting of the terms, consideration of the legal sufficiency of the policy, the timing of the creation and/or implementation of the policy, any connection between the policy and the result of the Cox Litigation, and any differences in how Grande has handled complaints of infringement under this document as compared with how such complaints were handled prior to its institution.

**RESPONSE:**

In addition to its General Objections, Grande objects to Interrogatory No. 15 as seeking irrelevant information, overly broad, unduly burdensome, and not proportional to the needs of the case. Grande further objects to Interrogatory No. 15 to the extent it seeks disclosure of privileged attorney-client communications or attorney work product. Grande also objects on the basis that there was not a document titled Exhibit A attached to these interrogatories.

Subject to these objections, Grande states that it will supplement its answer to this Interrogatory in the event it raises a defense based on a DMCA safe harbor.

**AMENDED RESPONSE:**

In addition to its General Objections, Grande objects to Interrogatory No. 15 as seeking irrelevant information, overly broad, unduly burdensome, and not proportional to the needs of the case. Grande further objects to Interrogatory No. 15 to the extent it seeks disclosure of privileged attorney-client communications or attorney work product. Grande also objects on the basis that there was not a document titled Exhibit A attached to these interrogatories.

Subject to these objections, Grande states that it implemented the policy set forth in the document entitled "DMCA Policy and Procedure" at least as early as February 9, 2017. Grande further states that all other information sought by this interrogatory is protected from disclosure

16

CONFIDENTIAL-ATTTORNEYS EYES' ONLY

by the attorney/client privilege and/or work product immunity.

Respectfully submitted,

Dated:  November 24, 2017

By:  /s/ Richard L. Brophy_____
Richard L. Brophy
ARMSTRONG TEASDALE LLP

*Attorney for Defendant Grande*
*Communications Networks LLC*

17

CONFIDENTIAL-ATTTORNEYS EYES' ONLY

**CERTIFICATE OF SERVICE**

I hereby certify that on November 24, 2017, I served the foregoing electronically to the

following:

Daniel C. Bitting
State Bar No. 02362480
Paige A. Amstutz
State Bar No. 00796136
Scott Douglass & McConnico LLP
303 Colorado Street, Suite 2400
Austin, TX 78701
Telephone: (512) 495-6300
Facsimile: (512) 495-6399
dbitting@scottdoug.com
pamstutz@scottdoug.com

Pat A. Cipollone, P.C. (admitted *pro hac vice*)
Jonathan E. Missner (admitted *pro hac vice*)
Robert B. Gilmore (admitted *pro hac vice*)
Philip J. O'Beirne (admitted *pro hac vice*)
Stein Mitchell Cipollone Beato & Missner LLP
1100 Connecticut Avenue, NW Suite 1100
Washington, DC 20036
Telephone: (202) 737-7777
Facsimile: (202) 296-8312
pcipollone@steinmitchell.com
jmissner@steinmitchell.com
rgilmore@steinmitchell.com
pobeirne@steinmitchell.com

*Attorneys for Plaintiffs*

/s/ Richard L. Brophy

18

CONFIDENTIAL-ATTTORNEYS EYES' ONLY

## VERIFICATION FOR RESPONSES TO INTERROGATORIES

I, Matthew Rohre, declare under penalty of perjury that I am authorized to make this verification on behalf of Grande Communications Networks, LLC and have read the foregoing Third Amended Responses to UMG Recordings, Inc., et al.'s First Set of Interrogatories, which are based on a diligent and reasonable effort to obtain information currently available and were prepared with the assistance of counsel.  I reserve the right to make changes in or additions to any of these Responses if it appears at any time that errors or omissions have been made or if more accurate or complete information becomes available.  Subject to these limitations, I hereby certify that the facts stated herein are true to the best of my knowledge, information, and belief.

Date: 1/2/18

Matthew Rohre