# EXHIBIT G

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| UMG RECORDINGS, INC., CAPITOL RECORDS, LLC, WARNER BROS. RECORDS INC., SONY MUSIC ENTERTAINMENT, ARISTA RECORDS LLC, ARISTA MUSIC, ATLANTIC RECORDING CORPORATION, CAPITOL CHRISTIAN MUSIC GROUP, INC., ELEKTRA ENTERTAINMENT GROUP INC., FONOVISA, INC., FUELED BY RAMEN LLC, LAFACE RECORDS LLC, NONESUCH RECORDS INC., RHINO ENTERTAINMENT COMPANY, ROADRUNNER RECORDS, INC., ROC-A-FELLA RECORDS, LLC, TOOTH & NAIL, LLC, and ZOMBA RECORDING LLC,<br><br>      Plaintiffs,<br><br>vs.<br><br>GRANDE COMMUNICATIONS NETWORKS LLC<br>and<br>PATRIOT MEDIA CONSULTING, LLC<br><br>      Defendants | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Action No. 1:17-cv-365<br><br>Jury Trial Demanded |

**PLAINTIFFS' SECOND SET OF INTERROGATORIES TO**
**DEFENDANT GRANDE COMMUNICATIONS NETWORKS LLC**

Pursuant to Federal Rules of Civil Procedure 26 and 33, Plaintiffs serve their Second Set of Interrogatories upon Defendant Grande Communications Networks LLC.  Plaintiffs request that Defendant answer the following interrogatories in writing and under oath in accordance with the

Federal Rules of Civil Procedure and the Local Rules of this Court.

## DEFINITIONS

Unless otherwise indicated, the following definitions shall apply.

1.      The term "Plaintiffs" refers collectively to Plaintiffs UMG Recordings, Inc., Capitol Records, LLC, Warner Bros. Records Inc., Sony Music Entertainment, Arista Records LLC, Arista Music, Atlantic Recording Corporation, Capitol Christian Music Group, Inc., Elektra Entertainment Group Inc., Fonovisa, Inc., Fueled by Ramen LLC, LaFace Records LLC, Nonesuch Records Inc., Rhino Entertainment Company, Roadrunner Records, Inc., Roc-A-Fella Records, LLC, Tooth & Nail, LLC, and Zomba Recording LLC.  "Plaintiff" means any one or more of the Plaintiffs, as defined herein.

2.      The terms "you," "your," "Grande" and "Defendant" refer to Grande Communications Networks LLC,  its officers, directors, agents, consultants, employees, attorneys and accountants, and/or any other  person currently or previously acting or purporting to act on its behalf.

3.      The term "Rightscorp" refers to Rightscorp, Inc., its parents, subsidiaries, affiliates, officers, directors, agents, consultants, employees, attorneys and accountants, and/or any other person currently or previously acting or purporting to act on its behalf.

4.      The term "Complaint" refers to the Complaint filed by Plaintiffs on April 21, 2017, in this case.

5.      The term "Customer" refers to any account holder or subscriber of your internet services.

6.      The term "User" refers to any person that uses your internet services.

7.      The term "IP address" means internet protocol address.

8.      The term "DMCA" refers to the Digital Millennium Copyright Act.

2

9.      The term "Notice" refers to a notice, including but not limited to a notice under the DMCA, that one or more of your Customers or Users allegedly infringed a copyright.

10.     The term "DMCA Policy" refers to any policy concerning your obligations under, compliance with, business practices and communications with Customers or Users relating to, the DMCA.

11.     The term "Plaintiffs' Copyrighted Work" means any one or more of the works listed in Exhibit A to the Complaint, including any future addition or revisions to Exhibit A in subsequent pleadings or discovery responses.

12.     The term "Repeat Infringer Policy" refers to a policy as described in 17 U.S.C. § 512(i).

13.     The term "Acceptable Use Policy" refers to any policy concerning the obligations, rules, and limitations of Customers' or Users' use of internet services offered by Grande.

14.     The term "Registered Copyright Agent" refers to any person Grande has designated to receive notifications of alleged copyright infringement pursuant to the DMCA.

15.     The term "Cox Litigation" refers to the litigation captioned as *BMG Rights Management (US) LLC, et al. v. Cox Enterprises, Inc., et al.* in the United States District Court for the Eastern District of Virginia (Case 1:14-cv-01611-LO-JFA).

16.     The terms "person" is defined as any natural person or business, legal or governmental entity or association. Unless otherwise stated, "person" shall also include any individuals and entities which are separately defined in these Definitions. Any reference to a person shall also include that person's successors, assigns, personal representatives, and heirs, by operation of law or otherwise.

17.     The term "document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a). A draft of a nonidentical copy is a

3

separate document within the meaning of this term. "Document" specifically includes electronically stored information as defined in Rule 34(a).

18.     The term "communication" means the transmittal of the transmittal of information (in the form of facts, ideas, inquiries or otherwise) by any means, written, oral, or otherwise, at any time or place under any circumstances. The definition is not limited to transfers between persons, but also includes other transfers, such as records and memoranda to file; any written letter, memorandum, or other document that was sent by one or more individuals to another or others; any telephone call between one or more individuals and another or others, whether such call was by chance or prearranged or not, formal or informal; and any conversation or meeting between one or more individuals and another, whether such contact was by chance or prearranged or not, formal or informal.

19.     The term "concerning" means relating to, referring to, describing, evidencing or constituting.

20.     The term "describe" means to provide a complete description and explanation of the requested subject matter, including to identify all persons, communications, or documents that are referenced in or that evidence your answer.

21.     When referring to a person, to "identify" means to give, to the extent known, the person's full name, present or last known address, e-mail address, and telephone number, and when referring to a natural person, additionally, the present or last known place of employment. Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

22.     When referring to documents, to "identify" means to give, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; (iv) author(s), addressee(s), and recipient(s); and (v) if produced in discovery in this lawsuit, the Bates number.

23.     "Any" should be understood to include and encompass "all," "all" should be understood to include and encompass "any," "or" should be understood to include and encompass "and," and "and" shall be understood to include and encompass "or."

24.     The use of a verb in any tense shall be construed as the use of the verb in all other tenses.

25.     The use of the singular form of any word shall include the plural and vice versa.

## **INSTRUCTIONS**

1.     The interrogatories below must be answered in accordance with Federal Rules of Civil Procedure 26 and 33.   You must serve upon Plaintiffs a written answer and/or objection addressed to each interrogatory, and such answer or objection must be signed by the serving party. The responses to the interrogatories shall include any information that is within your  possession, custody or control, that is within the possession, custody or control of your attorneys, consultants, experts, agents, investigators, accountants, or any persons acting on your behalf, or that is otherwise available to you as provided under applicable law.

2.     These interrogatories shall be deemed to be continuing to the extent permitted by Rule 26(e) of the Federal Rules of Civil Procedure.

3.     If you cannot answer any interrogatory in full after exercising due diligence to secure the information, so state in the answer to the extent possible, specifying your inability to answer the remainder, and state whatever information or knowledge you have concerning the unanswered portions and the efforts you have undertaken to secure the information sought.

5

4.    If you deem any information, document, or communication requested by any of the following interrogatories to be protected from disclosure by the attorney-client privilege,   work-product doctrine, or any other privilege, doctrine, or immunity, please identify:

(a)    the information, document, or communication alleged to be so protected by author, subject matter, date, number of pages, attachments, and appendices;

(b)    the names and job titles of all  recipients of the information, document, or communication, including blind copy recipients and  any individual to whom the information, document, or communication was distributed, shown, or explained;

(c)    the information, document, or communication's current custodian; and

(d)    all bases, factual and legal, upon which such protection rests.

If you contend that only a portion of the information sought by an interrogatory is privileged, please provide the information that you  do not contend is privileged.

5.    If you object to any portion of an interrogatory, please provide all information requested by any portion of the interrogatory to which you do not object.

6.    Whenever an interrogatory seeks the identification of documents, things, or other information that are not within Defendant's actual or constructive possession, custody, control or knowledge, Defendant shall so state and shall answer the interrogatory to the extent of its knowledge or belief based upon the best information presently available.  If Defendant has knowledge or a belief as to other persons having such actual or constructive possession, custody, control, or knowledge, Defendant shall identify, to the extent known and based on the best information presently available, all such persons, together with a summary of the nature of the documents, things, or other information believed to be possessed by or known to each such person.

7.    To the extent Defendant alleges that the meaning of any term in these

6

interrogatories is unclear, Defendant is to assume a reasonable meaning, state that assumed reasonable meaning, and answer the interrogatories on the basis of that assumed meaning.

## INTERROGATORIES

**Interrogatory No. 16.**      Describe in detail the gross revenues Grande received from the provision of residential internet access, the profits Grande realized from those revenues, and the corresponding profit margins, for the years 2012, 2013, 2014, 2015, 2016, and 2017.

**Interrogatory No. 17.**      Describe in detail the gross revenues Grande received from the provision of residential television, cable, and/or video services, the profits Grande realized from those revenues, and the corresponding profit margins, for the years 2012, 2013, 2014, 2015, 2016, and 2017.

**Interrogatory No. 18.**      Describe in detail the gross revenues Grande received from the provision of residential phone service, the profits Grande realized from those revenues, and the corresponding profit margins, for the years 2012, 2013, 2014, 2015, 2016, and 2017.

**Interrogatory No. 19.**      Describe in detail all revenue and profits Patriot received for any services Patriot provided to Grande for the years 2012, 2013, 2014, 2015, 2016, and 2017.

**Interrogatory No. 20.**      For each year 2012 to the present, identify (1) the number of Customers who received infringement notices from Grande based on Rightscorp notices; (2) the number of Customers who received more than one notice, received 10 or more, received 50 or more, received 100 or more, received 500 or more, and received 1,000 or more; (3) the number of Customers who were terminated for alleged copyright infringement; and (4) of those who were terminated, the number who were re-instated and the timing of their reinstatement.

**Interrogatory No. 21.**      Describe the revenue and profits attributable to the Customers who received infringement notices from Grande based on notices that Grande received from Rightscorp, including any information on per Customer revenue and profits.

7

<u>**Interrogatory No. 22.**</u>    Describe Grande's knowledge of direct copyright infringement by its Users or Customers in 2012 through the present, including the number of repeat infringers and the number of infringements.

Dated:  February 14, 2018

                                  Respectfully submitted,

                    By:    /s/ Philip O'Beirne
                           Pat A. Cipollone, P.C. (admitted *pro hac vice*)
                           Jonathan E. Missner (admitted *pro hac vice*)
                           Robert B. Gilmore (admitted *pro hac vice*)
                           Philip J. O'Beirne (admitted *pro hac vice*)
                           **Stein Mitchell Cipollone Beato & Missner LLP**
                           1100 Connecticut Avenue, NW Suite 1100
                           Washington, DC 20036
                           Telephone: (202) 737-7777
                           Facsimile: (202) 296-8312
                           pcipollone@steinmitchell.com
                           jmissner@steinmitchell.com
                           rgilmore@steinmitchell.com
                           pobeirne@steinmitchell.com


                           Daniel C. Bitting
                           State Bar No. 02362480
                           Paige A. Amstutz
                           State Bar No. 00796136
                           **Scott Douglass & McConnico LLP**
                           303 Colorado Street, Suite 2400
                           Austin, TX 78701
                           Telephone: (512) 495-6300
                           Facsimile: (512) 495-6399
                           dbitting@scottdoug.com
                           pamstutz@scottdoug.com

                           ***Attorneys for Plaintiffs***

8

**CERTIFICATE OF SERVICE**

The undersigned certifies that on February 14, 2018 the foregoing was served on counsel for Defendants via electronic mail.

By: */s/ Philip J. O'Beirne*