# EXHIBIT K

| | |
|---|---|
| **Subject:** | Re: UMG Recordings et al. v. Grande Communications Networks LLC - Meet and Confer [IWOV-iDocs.FID3130226] |
| **Date:** | Friday, December 29, 2017 at 8:32:05 PM Eastern Standard Time |
| **From:** | Phil O'Beirne |
| **To:** | Maggie Szewczyk, Zachary C. Howenstine, Robert B. Gilmore, Richard L. Brophy |
| **CC:** | Jonathan E. Missner |
| **Attachments:** | image001.jpg |

Counsel,

I write to address various ongoing issues with Defendants discovery efforts in this matter.

## 1. Defendants' Document Production

In our previous discussion regarding the scope of Defendants' recent production, you explained that Defendants were producing documents responsive to Plaintiffs' proposed search terms from both Patriot and Grande custodians.  Yet the load file provided by Defendants did not include various basic fields, including a "Custodian" metadata field, making it impossible to determine the provenance of the produced documents.

Please provide an updated load file no later than Wednesday, January 3, with the proper metadata included as detailed in Plaintiffs requests for production.

## 2. Defendants' Interrogatory Responses

We understand from your email of this afternoon that Defendants will not be providing today verified interrogatories from Patriot or updated responses from Grande as promised in your email of December 19, 2017.  As we discussed on our call that same day, this failure to provide timely updates and responses, despite express promises to do so, has become a pattern in this case and continues to prejudice Plaintiffs.

### a. Lack of Verification

Our email of December 6 pointed out that Grande's Third Amended Interrogatory Responses of November 24 were (inexplicably) not verified.  They remain unverified more than three weeks later.

### b. Deficient Responses

More importantly, Grande's Third Amended Responses were necessitated by the Court's rejection of Grande's position that it need not provide responses to interrogatories that relate to a DMCA defense.  Yet Grande's Third Amended responses fail to provide sufficiently detailed or responsive answers.

#### i. Interrogatory 11

For example, Interrogatory 11 asks that Grande "State the number of your Customers or Users that Grande has terminated for violation of the Acceptable Use Policy, organized by the provision of the Acceptable Use Policy the violation of which caused the Customer's or User's suspension or termination. Organize Customers or Users terminated for violating more than one provision by the grouping of provisions violated (i.e. X number of Customers or Users terminated for violation of provisions A and B, X number for provisions B and C, etc.)."

This interrogatory is plainly relevant to numerous issues in this case, including but not limited to Grande's claimed implementation of a DMCA policy. Yet Grande's answer completely ignores the information sought by the question, and instead merely states that Grande has allegedly terminated "at least eleven subscribers based on allegations of repeat copyright infringement." This does not comply with the requirements of Rule 33 or the Court's order. Grande must provide a full narrative answer with the information actually sought by Interrogatory 11.

ii. **Interrogatory 7**

Grande's response to Interrogatory 7 is also deficient on its face. That Interrogatory asks Grande to describe the notices it has received from any source regarding alleged copyright infringement by a user of Grande's system, including a tally of notices received by month. Grande's sole substantive response is to note that it claims to have produced these notices.

*First*, a review of Grande's production to date indicates that the text files produced do not include all notices receive by Grande. Many have apparently corrupted or otherwise unreadable data. Grande cannot point to a partial production of documents as satisfying its obligation to provide narrative responses to Plaintiffs' interrogatories.

*Second*, Grande's own documents reveal that the information sought by Interrogatory 7 can be easily obtained and provided to Plaintiffs. Documents produced by Grande at Bates GRANDE1438199 and GRANDE1435539, for example, reflect Grande's internal discussions regarding infringement notices received and evidence an ability to generate reports, including with data sorted by time-period and source of the notice. Grande must use this easily accessible system to provide the information requested by Plaintiffs.

Plaintiffs insist that Grande's forthcoming Fourth Amended responses, apparently to be expected on January 2, in addition to the updates reflected in your email below, also contain fulsome answers to these and all pending interrogatories.

3. **Deposition Dates**

Plaintiffs continue to review Grande's production to determine whether additional deficiencies exist. In the time being, Plaintiffs request proposed dates beginning the first week of February for the deposition of the following individuals: Jeff Kramp, Rob Roeder, Deborah Rankin, Lamar Horton, Matt Murphy and Matt Rohre.

Best Regards,

Philip J. O'Beirne
**Stein Mitchell Cipollone Beato & Missner LLP**
1100 Connecticut Ave, NW Suite 1100
Washington, DC 20036
**Direct** 202.661.0900
**Mobile** 571.308.4967
**Main** 202.737.7777
pobeirne@steinmitchell.com
www.steinmitchell.com

*************************************************************
The information contained in this communication is confidential, may be attorney-client privileged, may constitute inside information, and is intended only for the use of the addressee. It is the property of Stein Mitchell Cipollone Beato & Missner LLP  If the reader of this message is not the intended recipient or the employee or agent responsible for delivering this message to the intended recipient, you are hereby notified that any dissemination,

distribution or copying of this communication is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by reply or by telephone at (202) 737-7777, and immediately destroy this communication and all copies thereof, including all attachments.

IRS Circular 230 Disclosure:
To ensure compliance with requirements imposed by the U.S. Internal Revenue Service, we inform you that any tax advice contained in this communication (including any attachments) was not intended or written to be used, and cannot be used, by any taxpayer for the purpose of (1) avoiding tax-related penalties under the U.S. Internal Revenue Code or (2) promoting, marketing or recommending to another party any tax-related matters addressed herein.

*************************************************************

**From:** Maggie Szewczyk <MSzewczyk@ArmstrongTeasdale.com>
**Date:** Friday, December 29, 2017 at 5:29 PM
**To:** "Zachary C. Howenstine" <ZHowenstine@ArmstrongTeasdale.com>, Robert Gilmore <RGilmore@steinmitchell.com>, "Richard L. Brophy" <RBrophy@ArmstrongTeasdale.com>
**Cc:** Phil O'Beirne <POBeirne@steinmitchell.com>, Jon Missner <JMissner@steinmitchell.com>
**Subject:** RE: UMG Recordings et al. v. Grande Communications Networks LLC - Meet and Confer [IWOV-iDocs.FID3130226]

Rob/Phil,

As an update on the responses in the below email, we will be providing supplemental answers next week, most likely on Tuesday the 2nd.  Due to the holidays, we will be unable to provide verified answers today.  Apologies for the delay.

Thanks,
Maggie



Armstrong Teasdale LLP
**Maggie Szewczyk** | Attorney – IP Litigation
7700 Forsyth Blvd., Suite 1800, St. Louis, Missouri 63105-1847
MAIN PHONE: 314.621.5070 | MAIN FAX: 314.621.5065
DIRECT: 314.552.6644 | Extension: 7510 | FAX: 314.621.5065
mszewczyk@armstrongteasdale.com
www.armstrongteasdale.com
Always exceed expectations through teamwork and excellent client service.

Please consider the environment before printing this email.

**From:** Zachary C. Howenstine
**Sent:** Tuesday, December 19, 2017 11:04 AM
**To:** Robert B. Gilmore; Richard L. Brophy
**Cc:** Maggie Szewczyk; Phil O'Beirne; Jonathan E. Missner
**Subject:** RE: UMG Recordings et al. v. Grande Communications Networks LLC - Meet and Confer

Rob/Phil,

Further to our discussion today, responses to individual items are set out in red below.

Zach



Armstrong Teasdale LLP
**Zachary C. Howenstine**
DIRECT: 314.342.4169 | FAX: 314.613.8588 | MAIN OFFICE: 314.621.5070

**From:** Robert B. Gilmore [mailto:RGilmore@steinmitchell.com]
**Sent:** Wednesday, December 06, 2017 12:12 PM
**To:** Richard L. Brophy
**Cc:** Maggie Szewczyk; Zachary C. Howenstine; Phil O'Beirne; Jonathan E. Missner
**Subject:** UMG Recordings et al. v. Grande Communications Networks LLC - Meet and Confer

Counsel:

I write to follow up on our discovery meet and confer telephone call from yesterday.

1. You indicated that Grande and Patriot would be making a substantial email production no later than next Monday, December 11. While we accept your representation that Defendants will do so, we note that Defendants repeatedly have failed to produce documents by the dates on which they said they would. Therefore, Plaintiffs will move to compel email production if we do not receive the promised production on Monday.

   *Previously resolved.*

2. You also indicated that Defendants are actively gathering for production responsive deal documents concerning actual or contemplated transactions with ABRY, TPG, Wave and RCN. We also need Grande and Patriot to commit to producing no later than December 22, or we will move to compel document production of those documents as well.

   *We will be responding separately on this item.*

I also write to address several deficiencies in the amended interrogatory responses that Grande served on November 24. In addition, we have not received amended responses from Patriot on corresponding interrogatories. Please provide those without further delay.

   *Plaintiffs agreed to either identify the specific interrogatories for which they believe Patriot is obligated to provide supplemental answers, or to identify prior correspondence that includes that information. Subject to any disagreement on that front, Patriot generally agrees to provide supplemental answers no later than December 29.*

1. The amended responses continue to assert and incorporate general objections. The Court struck those objections. Please confirm that other than privilege or work product, Defendants are not relying on general objections to withhold any otherwise responsive information or documents.

   *Confirmed.*

**Page 4 of 14**

2. The amended responses were not verified.  Please provide a signed verification without further delay.

   We expect to provide verified responses this week.

3. The amended responses were marked attorneys' eyes only.  Yet we do not believe that the information they contain warrants that protection, for substantially the same reasons that the Court denied Defendants' motion for a protective order to maintain its initial production as AEO.  Please withdraw the designation (Plaintiffs agree they can be treated as Confidential instead).

   Defendants agree to the Confidential designation.

4. Grande must supplement its response to Interrogatory No. 5 to identify (by Bates number) the notices of alleged copyright infringement that it has received from Rightscorp, from 2010 to the present.

   The parties agreed to discuss other potential solutions with their respective clients and to report back.

5. In its amended response to Interrogatory No. 8, Grande continues to assert that copyrights beyond those that Plaintiffs claim were infringed are not relevant to this case.  That is incorrect: Grande's response or lack of response to notices of infringement generally goes directly to its knowledge and to whether or not it can claim the DMCA safe harbor protections, and Plaintiffs' copyrights not yet included in the Complaint are also plainly relevant.  You have conceded this in prior discovery conferences, at oral argument, and in Grande's production of notices received relating to other copyrights.  Please confirm, as we thought you had previously, that Grande is not withholding information or documents on the ground that such information and documents pertain to other copyrights beyond the works in suit.

   Confirmed.

6. The Court ordered Grande to respond to Interrogatory No. 11.  Yet Grande's response is lacking in several respects:

   a. The response refers to "the entire period relevant to this dispute" yet fails to specify what that time period is.  Please provide us with the actual dates for the time period to which Grande's response refers.

      Grande answered as to the 3-year statutory damages period, dating back from the filing of the complaint, as the period relevant to the applicability of the DMCA safe harbor.

   b. The response also states "Grande has also informed its subscribers and account holders of its copyright infringement and termination policies" but offers no explanation as to how or when those policies are communicates to subscribers and account holders.  Please provide that information.

      Grande will provide a supplemental answer no later than December 29.

7. In its amended response to Interrogatory No. 13, Grande states that it no longer has the final hard copy letters it claims it sent to its customers about whom Grande received notices of alleged infringement.  Please supplement this answer to (a) explain why Grande lost or destroyed copies of such letters it claims to have sent, as well as the last date on which Grande possessed such copies, and (b) identify whether Grande possesses and has produced electronic versions of the hard copy letters it claims it sent (with Bates numbers of produced versions of such documents).

> We explained that hard copy documents were destroyed in a flood in 2015. We are investigating other potential avenues to obtaining copies of actual letters sent.

8. In its amended response to Interrogatory No. 15, Grande interposes privilege and work product objections to answering beyond identifying its supposed DMCA policy and the date on which Grande claims it was promulgated.  Those objections are improper.  At a minimum, Grande must supplement this answer to identify and describe "any differences in how Grande has handled complaints of infringement under this document as compared with how such complaints were handled prior to its institution" as the Interrogatory requests. There is no basis for Grande to withhold such information, which concerns its *conduct* in response to complaints from outside parties about Grande's customers and subscribers' copyright infringement, both before and after the claimed DMCA policy supposedly was implemented in February 2017.

> Grande will provide a supplemental answer no later than December 29 regarding "any differences in how Grande has handled complaints of infringement under this document as compared with how such complaints were handled prior to its institution," for the 3-year statutory damages period.

We are available to discuss any of these points further with you.

Regards,
Rob Gilmore

**Robert B. Gilmore**
**Stein Mitchell Cipollone Beato & Missner LLP**
1100 Connecticut Ave, NW, Suite 1100
Washington, DC 20036
**D** 202.601.1589
**C** 202.352.1877
**F** 202.296.8312
rgilmore@steinmitchell.com
www.steinmitchell.com

**From:** Richard L. Brophy [mailto:RBrophy@ArmstrongTeasdale.com]
**Sent:** Thursday, November 30, 2017 9:09 AM
**To:** Robert B. Gilmore <RGilmore@steinmitchell.com>
**Cc:** Maggie Szewczyk <MSzewczyk@ArmstrongTeasdale.com>; Zachary C. Howenstine <ZHowenstine@ArmstrongTeasdale.com>; Phil O'Beirne <POBeirne@steinmitchell.com>; Jonathan E. Missner <JMissner@steinmitchell.com>
**Subject:** Re: Meet and Confer Next Week [IWOV-iDocs.FID3130226]

Let's shoot for Tuesday morning. We will circulate a calendar invite shortly.

Thanks,
Richard

On Nov 30, 2017, at 8:08 AM, Robert B. Gilmore <RGilmore@steinmitchell.com> wrote:

> I'm available either day. Monday afternoon or Tuesday morning is best.
>
> Sent from my iPhone
>
> On Nov 30, 2017, at 9:00 AM, Richard L. Brophy <RBrophy@ArmstrongTeasdale.com> wrote:
>
>> Rob,
>>
>> I think it would make sense for us to schedule a call to address a number of issues, including those identified below.
>>
>> Are you available early next week (Monday or Tuesday)?
>>
>> Thanks,
>> Richard
>>
>> <image001.jpg>
>> Armstrong Teasdale LLP
>> **Richard L. Brophy** | Partner - IP Litigation
>> DIRECT: 314.342.4159 | FAX: 314.613.8579 | MAIN OFFICE: 314.621.5070 | CELL: 314.566.5117
>>
>> **From:** Robert B. Gilmore [mailto:RGilmore@steinmitchell.com]
>> **Sent:** Thursday, November 30, 2017 7:39 AM
>> **To:** Maggie Szewczyk; Richard L. Brophy
>> **Cc:** Zachary C. Howenstine; Phil O'Beirne; Jonathan E. Missner
>> **Subject:** RE: Meet and Confer Next Week [IWOV-iDocs.FID3130226]
>>
>> Also, we need an update from you on producing documents in response to our third party subpoenas. Absent a firm commitment that you will be producing documents responsive to the subpoenas' requests, from either the Defendants in the first instance, or from the third parties themselves, and a date certain for that production, we will need to raise this issue with the Court.
>>
>> **Robert B. Gilmore**
>> **Stein Mitchell Cipollone Beato & Missner LLP**
>> 1100 Connecticut Ave, NW, Suite 1100
>> Washington, DC 20036
>> **D** 202.601.1589
>> **C** 202.352.1877
>> **F** 202.296.8312
>> rgilmore@steinmitchell.com
>> www.steinmitchell.com
>>
>> **From:** Robert B. Gilmore
>> **Sent:** Wednesday, November 29, 2017 6:12 PM
>> **To:** 'Maggie Szewczyk' <MSzewczyk@ArmstrongTeasdale.com>; Richard L. Brophy <RBrophy@ArmstrongTeasdale.com>

Cc: Zachary C. Howenstine <ZHowenstine@ArmstrongTeasdale.com>; Phil O'Beirne <pobeirne@steinmitchell.com>; Jonathan E. Missner <JMissner@steinmitchell.com>
**Subject:** RE: Meet and Confer Next Week [IWOV-iDocs.FID3130226]

Richard, Maggie, Zach – hope you all had a good Thanksgiving holiday. Can you please confirm that Defendants will be making their production of documents this week?

**Robert B. Gilmore**
**Stein Mitchell Cipollone Beato & Missner LLP**
1100 Connecticut Ave, NW, Suite 1100
Washington, DC 20036
**D** 202.601.1589
**C** 202.352.1877
**F** 202.296.8312
rgilmore@steinmitchell.com
www.steinmitchell.com

**From:** Maggie Szewczyk [mailto:MSzewczyk@ArmstrongTeasdale.com]
**Sent:** Friday, November 24, 2017 12:28 PM
**To:** Richard L. Brophy <RBrophy@ArmstrongTeasdale.com>; Robert B. Gilmore <RGilmore@steinmitchell.com>
**Cc:** Zachary C. Howenstine <ZHowenstine@ArmstrongTeasdale.com>; Phil O'Beirne <POBeirne@steinmitchell.com>; Jonathan E. Missner <JMissner@steinmitchell.com>
**Subject:** RE: Meet and Confer Next Week [IWOV-iDocs.FID3130226]

Counsel,

Attached please find our amended interrogatory answers, along with several attachments referenced throughout. Due to the holiday, we had difficulties in having documents marked for production, so please note the attached excel spreadsheet is marked as Confidential. This and the other attachments will be bates labeled as well.

Thanks,
Maggie

<image001.jpg>
Armstrong Teasdale LLP
**Maggie Szewczyk | Attorney – IP Litigation**
7700 Forsyth Blvd., Suite 1800, St. Louis, Missouri 63105-1847
MAIN PHONE: 314.621.5070 | MAIN FAX: 314.621.5065
DIRECT: 314.552.6644 | Extension: 7510 | FAX: 314.621.5065
mszewczyk@armstrongteasdale.com
www.armstrongteasdale.com
Always exceed expectations through teamwork and excellent client service.

Please consider the environment before printing this email.

**From:** Richard L. Brophy
**Sent:** Friday, November 24, 2017 8:08 AM

**To:** Robert B. Gilmore
**Cc:** Zachary C. Howenstine; Phil O'Beirne; Maggie Szewczyk; Jonathan E. Missner
**Subject:** Re: Meet and Confer Next Week [IWOV-iDocs.FID3130226]

Rob,

We will have amended interrogatory answers to you today.

Thanks,
Richard

On Nov 20, 2017, at 8:57 AM, Robert B. Gilmore
<RGilmore@steinmitchell.com> wrote:

> Counsel – we also have yet to receive the Court-ordered updated
> interrogatory responses.  Please confirm that Defendants will comply
> with the Court's order by providing us with such updated responses
> by this Wednesday.
>
> Regards,
> Rob
>
> **Robert B. Gilmore**
> **Stein Mitchell Cipollone Beato & Missner LLP**
> 1100 Connecticut Ave, NW, Suite 1100
> Washington, DC 20036
> **D** 202.601.1589
> **C** 202.352.1877
> **F** 202.296.8312
> rgilmore@steinmitchell.com
> www.steinmitchell.com
>
> **From:** Robert B. Gilmore
> **Sent:** Friday, November 17, 2017 7:50 PM
> **To:** 'Zachary C. Howenstine' <ZHowenstine@ArmstrongTeasdale.com>
> **Cc:** Phil O'Beirne <pobeirne@steinmitchell.com>; Richard L. Brophy
> <RBrophy@ArmstrongTeasdale.com>; Maggie Szewczyk
> <MSzewczyk@ArmstrongTeasdale.com>; Jonathan E. Missner
> <JMissner@steinmitchell.com>
> **Subject:** RE: Meet and Confer Next Week [IWOV-iDocs.FID3130226]
>
> Zach, that approach on the designations is fine with us.
>
> We also are waiting to hear from you on the third party subpoenas.
> As we discussed on our call, we are seeking documents that the third
> parties have relating to Grande and Patriot, in particular documents
> generated or communicated in connection with the transactions or
> contemplated transactions involving Grande.  Previously, Richard had
> proposed that Grande and Patriot would be producing such
> documents, and that once they did, Plaintiffs review those documents
> to see if there were remaining materials that they still needed from
> the third parties.  But for any of that to happen, we do need the

documents from Grande and Patriot. You indicated that this
upcoming production would not include such documents. Please
advise us when Grande and Patriot will be producing the deal-related
documents in their possession, custody and control.

Regards,
Rob

**Robert B. Gilmore**
**Stein Mitchell Cipollone Beato & Missner LLP**
1100 Connecticut Ave, NW, Suite 1100
Washington, DC 20036
**D** 202.601.1589
**C** 202.352.1877
**F** 202.296.8312
rgilmore@steinmitchell.com
www.steinmitchell.com

**From:** Zachary C. Howenstine
[mailto:ZHowenstine@ArmstrongTeasdale.com]
**Sent:** Friday, November 17, 2017 3:49 PM
**To:** Robert B. Gilmore <RGilmore@steinmitchell.com>
**Cc:** Phil O'Beirne <POBeirne@steinmitchell.com>; Richard L. Brophy
<RBrophy@ArmstrongTeasdale.com>; Maggie Szewczyk
<MSzewczyk@ArmstrongTeasdale.com>; Jonathan E. Missner
<JMissner@steinmitchell.com>
**Subject:** RE: Meet and Confer Next Week [IWOV-iDocs.FID3130226]

Rob,

Further to our discussion earlier this week, I'm writing concerning the
email production we will be sending out in the near future, most
likely on Monday. As discussed, the production is extremely large,
such that it's not practical to review individual documents for
appropriate confidentiality designations. As a result, we intend to
designate the entirety of the production Confidential, while reserving
the right to amend individual designations to AEO in appropriate
cases. We understand that Plaintiffs will be entitled to treat the
documents as Confidential until any such change in designation is
made.

Please confirm that Plaintiffs do not have any disagreement with this
approach.

Thanks,

Zach

<image001.jpg>
Armstrong Teasdale LLP
**Zachary C. Howenstine**
DIRECT: 314.342.4169 | FAX: 314.613.8588 | MAIN OFFICE: 314.621.5070
**From:** Robert B. Gilmore [mailto:RGilmore@steinmitchell.com]

**Sent:** Friday, November 10, 2017 11:28 AM
**To:** Zachary C. Howenstine
**Cc:** Phil O'Beirne; Richard L. Brophy; Maggie Szewczyk; Jonathan E. Missner
**Subject:** RE: Meet and Confer Next Week [IWOV-iDocs.FID3130226]

That works for us, thanks.

**Robert B. Gilmore**
**Stein Mitchell Cipollone Beato & Missner LLP**
1100 Connecticut Ave, NW, Suite 1100
Washington, DC 20036
D 202.601.1589
C 202.352.1877
F 202.296.8312
rgilmore@steinmitchell.com
www.steinmitchell.com

**From:** Zachary C. Howenstine
[mailto:ZHowenstine@ArmstrongTeasdale.com]
**Sent:** Friday, November 10, 2017 11:27 AM
**To:** Robert B. Gilmore <RGilmore@steinmitchell.com>
**Cc:** Phil O'Beirne <POBeirne@steinmitchell.com>; Richard L. Brophy
<RBrophy@ArmstrongTeasdale.com>; Maggie Szewczyk
<MSzewczyk@ArmstrongTeasdale.com>; Jonathan E. Missner
<JMissner@steinmitchell.com>
**Subject:** RE: Meet and Confer Next Week [IWOV-iDocs.FID3130226]

Rob,

Monday should work. We propose 10am central – please confirm and I'll circulate an invite. If that doesn't work, please suggest some other possible times.

Thanks,

Zach

<image001.jpg>
Armstrong Teasdale LLP
**Zachary C. Howenstine**
DiRECT: 314.342.4169 | FAX: 314.613.8588 | MAIN OFFICE: 314.621.5070

**From:** Robert B. Gilmore [mailto:RGilmore@steinmitchell.com]
**Sent:** Friday, November 10, 2017 11:24 AM
**To:** Zachary C. Howenstine
**Cc:** Phil O'Beirne; Richard L. Brophy; Maggie Szewczyk; Jonathan E. Missner
**Subject:** RE: Meet and Confer Next Week

Zach – are you available for a call at some point today? If not, we need to get something booked for the early part of next week.
Thanks

**Robert B. Gilmore**

**Stein Mitchell Cipollone Beato & Missner LLP**
1100 Connecticut Ave, NW, Suite 1100
Washington, DC 20036
**D** 202.601.1589
**C** 202.352.1877
**F** 202.296.8312
rgilmore@steinmitchell.com
www.steinmitchell.com

**From:** Zachary C. Howenstine
[mailto:ZHowenstine@ArmstrongTeasdale.com]
**Sent:** Tuesday, November 07, 2017 12:09 PM
**To:** Robert B. Gilmore <RGilmore@steinmitchell.com>
**Cc:** Phil O'Beirne <POBeirne@steinmitchell.com>; Richard L. Brophy
<RBrophy@ArmstrongTeasdale.com>; Maggie Szewczyk
<MSzewczyk@ArmstrongTeasdale.com>; Jonathan E. Missner
<JMissner@steinmitchell.com>
**Subject:** Re: Meet and Confer Next Week

Rob,

We are in the process of figuring out some times that would
work, and will get back to you soon.

Thanks,

Zach

On Nov 7, 2017, at 9:15 AM, Robert B. Gilmore
<RGilmore@steinmitchell.com> wrote:

> Richard, Maggie, and Zach –
>
> We wanted to follow up on the below request for a meet
> and confer call this week on open discovery matters.
> Please let us know some times when you are available
> for such a call.  In particular, we wanted to discuss email
> discovery matters, and the status of responses from the
> third parties who we subpoenaed.
>
> Regards,
> Rob
>
> **Robert B. Gilmore**
> **Stein Mitchell Cipollone Beato & Missner LLP**
> 1100 Connecticut Ave, NW, Suite 1100
> Washington, DC 20036
> **D** 202.601.1589
> **C** 202.352.1877
> **F** 202.296.8312
> rgilmore@steinmitchell.com
> www.steinmitchell.com

**From:** Phil O'Beirne
**Sent:** Wednesday, November 01, 2017 5:11 PM
**To:** Richard L. Brophy
<RBrophy@ArmstrongTeasdale.com>; Zachary C.
Howenstine <ZHowenstine@ArmstrongTeasdale.com>;
Maggie Szewczyk
<MSzewczyk@ArmstrongTeasdale.com>
**Cc:** Jonathan E. Missner <JMissner@steinmitchell.com>;
Robert B. Gilmore <RGilmore@steinmitchell.com>
**Subject:** Meet and Confer Next Week

Richard,

Please let me know when you are free Monday or
Tuesday of next week for an update call regarding
discovery in the Grande matter.

Also, please provide as soon as possible a replacement
production bearing the updated confidentiality
designations of the Grande documents produced to
date, as reflected in Judge Austen's order at Docket 59.
In accordance with that order, we are treating all
documents produced by Grande to date, including those
attached as Exhibit A to our Opposition to the Motion
for a Protective Order, as Confidential under the
Protective Order.

Best Regards,

**Philip J. O'Beirne**
**Stein Mitchell Cipollone Beato & Missner LLP**
1100 Connecticut Ave, NW Suite 1100
Washington, DC 20036
**Direct** 202.661.0900
**Mobile** 571.308.4967
**Main** 202.737.7777
pobeirne@steinmitchell.com
www.steinmitchell.com

***********************************************************
The information contained in this communication is
confidential, may be attorney-client privileged, may
constitute inside information, and is intended only for the
use of the addressee.  It is the property of Stein Mitchell
Cipollone Beato & Missner LLP   If the reader of this
message is not the intended recipient or the employee or
agent responsible for delivering this message to the
intended recipient, you are hereby notified that any
dissemination, distribution or copying of this communication
is strictly prohibited and may be unlawful. If you have
received this communication in error, please notify us
immediately by reply or by telephone at (202) 737-7777,
and immediately destroy this communication and all copies

thereof, including all attachments.

IRS Circular 230 Disclosure:
To ensure compliance with requirements imposed by the
U.S. Internal Revenue Service, we inform you that any tax
advice contained in this communication (including any
attachments) was not intended or written to be used, and
cannot be used, by any taxpayer for the purpose of (1)
avoiding tax-related penalties under the U.S. Internal
Revenue Code or (2) promoting, marketing or
recommending to another party any tax-related matters
addressed herein.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*PRIVATE AND
CONFIDENTIAL\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
This transmission and any attached files are privileged, confidential or
otherwise the exclusive property of the intended recipient or Armstrong
Teasdale LLP. If you are not the intended recipient, any disclosure,
copying, distribution or use of any of the information contained in or
attached to this transmission is strictly prohibited. If you have received
this transmission in error, please contact us immediately by e-mail
(admin@armstrongteasdale.com) or telephone (314-621-5070) and
promptly destroy the original transmission and its attachments.
Opinions, conclusions and other information in this message that do not
relate to the official business of Armstrong Teasdale LLP shall be
understood as neither given nor endorsed by it.