# EXHIBIT L



**Stein Mitchell
Cipollone Beato
& Missner** LLP

PHILIP J. O'BEIRNE
pobeirne@steinmitchell.com  |  *Direct* 202.661.0900

1100 Connecticut Avenue, NW Suite 1100
Washington, DC 20036

P 202.737.7777
F 202.296.8312

www.steinmitchell.com

April 19, 2018

Richard L. Brophy
Armstrong Teasdale LLP
7700 Forsyth Blvd., Suite 1800
St. Louis, Missouri 63105-1847

Re:   *UMG et. al. v. Grande Communications Inc., et al.* –
      Deficiencies in Defendants' Discovery Responses

Dear Richard:

I write to address various continued deficiencies with Grande's discovery responses in this matter. Several of the issues discussed below have been raised more than once before and remain unresolved. We remain willing to confer with you in an effort to resolve these issues but will be forced to seek relief from the Court if Grande does not provide proper responses in accordance with the Federal Rules.

### A. Time Period of Discovery

Grande has repeatedly taken the position that it need only respond to certain discovery for the time period of three years prior to the filing of the Complaint in this case. Grande may be taking this positon based on a mistaken notion that Plaintiffs may only seek damages in this case for this three-year period.

Grande's position ignores the discovery rule – applied by courts in the Fifth Circuit to copyright infringement claims – which tolls the operation of a statute of limitations until the point in time in which the plaintiff learned or by reasonable diligence could have learned that it had a cause of action." *Garden City Boxing Club, Inc. v. Johnson*, 552 F. Supp. 2d 611, 616 (N.D. Tex. 2008)(punctuation omitted).

As noted in Plaintiffs' discovery responses, Plaintiffs did not become aware of the facts underlying this cause of action against Grande until at the earliest January 2016. Thus, having filed suit well within the three-year period following discovery of the claims against Grande, Plaintiffs can recover for all infringement reflected in Rightscorp notices dating back to the beginning of when Grande began receiving them. Grande may not limit its discovery responses to the 2014-2017 time framed, but rather must respond at least as far back as 2010.

Stein Mitchell Cipollone Beato & Missner LLP

Richard L. Brophy
April 19, 2018
Page 2 of 7

### B. Document Production

Defendants have represented that their document production is complete, yet substantial numbers of documents appear to be missing.

For example, at Bates Range GRANDE0000155 through GRANDE0000242, Grande produced several types of documents reflecting copyright infringement being committed by Grande's users and tracked by Grande., but it is apparent that Grande has not made a full production of these materials. These documents include:

#### 1. "DMCA Excessive Violations" reports (*e.g.* GRANDE0000155)

These reports, as Lamar Horton explained, are an output of the SSRS system (Horton Dep., *e.g.* pp. 75-80). It is obvious from the documents Grande has already produced, and from Mr. Horton's testimony, that Grande has access to additional relevant data from these same systems. For example, the handful of these documents that Grande produced indicate that most were generated between April and June 2017. Yet GRANDE0000195 (1) shows summary data as far back as October 2016 and (2) includes additional excels pages that include color coded data missing from most of the other reports. Thus the small number of documents Grande has produced reveal a large amount of relevant and available data that Grande has not produced. Grande must produce all relevant data from these systems immediately.

#### 2. Daily Notice Trackers (*e.g.* GRANDE0000197)

These documents show what appear to be infringement notice information, by source, infringed file and account number for a given date. GRANDE0000197, for example, reflects notices received by Grande *from Rightscorp* on June 8, 2017. Grande must produce similar files for all available dates.

#### 3. "Specific Account DMCA Violations" reports (*e.g.* GRANDE0000205)

These documents also appear to be 1) reports from data available from Grande's internal systems 2) generated on routine basis and 3) plainly relevant to the claims and defenses in this case. Grande must produce all such documents available.

#### 4. Misc. Document Requests

There are numerous requests for production for which Grande indicated it would produce documents, but appear not to be included in Grande's production. For each of the requests listed below, please indicate at what Bates range Grande produced documents:

Stein Mitchell Cipollone Beato & Missner LLP

Richard L. Brophy
April 19, 2018
Page 3 of 7

- REQUEST NO. 59: All documents since January 1, 2010, concerning the average cost to you of obtaining a Grande Customer or User.
- REQUEST NO. 60: All documents since January 1, 2010, concerning Grande's average yearly revenue and profit for Customers or Users for each level of internet service that you offer.
- REQUEST NO. 61: All documents since January 1, 2010, concerning the estimated total revenue and profit per Customer and User account for the life of the account.
- REQUEST NO. 62: Documents sufficient to show the average length of time you retain Customers or Users.
- REQUEST NO. 63: Documents sufficient to show or from which it may be determined your total number of Customers or Users in the United States.
- REQUEST NO. 64: Documents since January 1, 2010, sufficient to show your pricing for the different levels of internet services you offer to your Customers or Users.
- REQUEST NO. 67: All documents since January 1, 2010, concerning Grande's document retention and/or destruction polices.
- REQUEST NO. 68: Documents sufficient to show Grande's organizational charts and structure, and executive titles and job occupants, since January 1, 2010.

Please confirm that Grande will produce all remaining responsive documents in these categories no later than April 27, 2018.

## C. Interrogatory Responses

### 1. Interrogatories 7 and 12

On December 29 of last year, I wrote to your team raising several distinct issues with Defendants' discovery responses. Among them were deficient responses to Plaintiffs' Interrogatories 7 and 12.

Interrogatory 12 asks that Grande "State the number of your Customers or Users that Grande has terminated for violation of the Acceptable Use Policy, organized by the provision of the Acceptable Use Policy the violation of which caused the Customer's or User's suspension or termination. Organize Customers or Users terminated for violating more than one provision by the grouping of provisions violated (i.e. X number of Customers or Users terminated for violation of provisions A and B, X number for provisions B and C, etc.)."

This interrogatory is plainly relevant to numerous issues in this case, including but not limited to Grande's claimed implementation of a DMCA policy. Yet Grande's answer

Stein Mitchell Cipollone Beato & Missner LLP

Richard L. Brophy
April 19, 2018
Page 4 of 7

completely ignores the information sought by the question, and instead merely states that Grande has allegedly terminated "at least eleven subscribers based on allegations of repeat copyright infringement." This does not comply with the requirements of Rule 33 or the Court's order compelling production of fulsome interrogatory responses.

Similarly, Grande's response to Interrogatory 7 is also deficient on its face. That Interrogatory asks Grande to describe the notices it has received from any source regarding alleged copyright infringement by a user of Grande's system, including a tally of notices received by month. Grande's sole substantive response in is to note that it claims to have produced these notices.

**First**, a review of Grande's production to date indicates that the text files produced do not include all notices receive by Grande. Many have apparently corrupted or otherwise unreadable data. Grande cannot point to a partial production of documents as satisfying its obligation to provide narrative responses to Plaintiffs' interrogatories.

**Second**, Grande's own documents reveal that the information sought by Interrogatory 7 can be easily obtained and provided to Plaintiffs. Documents produced by Grande at Bates GRANDE1438199 and GRANDE1435539, for example, reflect Grande's internal discussions regarding infringement notices received and evidence an ability to generate reports, including with data sorted by time-period and source of the notice.

On January 2, 2018, Zach Howestine responded by email to my email referenced above and indicated that Grande would respond to the issues raised with Interrogatories 7 and 12. No such response has occurred in the more than 3 months since Zach's email. Moreover, there can be no doubt that the information that would constitute a sufficient response is in Grande's possession. Lamar Horton testified under oath that the type of report reflect in the correspondence at GRANDE1435539 can be obtained in matter of seconds by searching against Grande's system. Grande must use this easily accessible system to provide the information requested by Plaintiffs.

A sufficient response to Interrogatory 7 must include, at a minimum, reports from this system showing the following information:

- The number of notices received by Grande from any source, per month, from 2010 to the present.
- The number of notices received by Grande from Rightscorp, per month, from 2010 to the present (this information is also sought by Interrogatory #5).

Stein Mitchell Cipollone Beato & Missner LLP

Richard L. Brophy
April 19, 2018
Page 5 of 7

Please confirm that Grande will provide this information no later than Friday, April 27, 2018.

### 2. Interrogatories 16, 17, and 18

These interrogatories seek information on Grande's revenues, profits and profit margins from its various business lines, including high speed internet.

**First**, as noted above, these responses are first and foremost deficient due to Grande's limiting its response to the time period of 2014 and later.

**Second**, Grande has, unilaterally and without justification, limited its response to its revenues and stated that it is "willing to meet and confer regarding the requested information concerning profits and profit margins." These responses are improper and violate Rule 33. Grande cannot contest that such profit data is relevant in this case. It has already produced profit and loss documents for various time periods at issue and the law is clear that the first factor considered by Courts in assessing statutory damages for copyright infringement is "the expenses saved and the profits reaped" by the infringer. *Phoenix Entm't Partners, LLC v. Liquid Monkey Lounge, Inc.*, No. SA-15-CA-00592-DAE, 2015 WL 12659927, at *4 (W.D. Tex. Dec. 17, 2015), *report and recommendation adopted*, No. 5:15-CV-592-DAE, 2016 WL 5957383 (W.D. Tex. Jan. 22, 2016).

Plaintiffs are not required to negotiate with Grande to obtain complete responses to plainly relevant discovery requests. "A litigant may not treat a set of interrogatories like an a la carte menu and determine for itself which requests to honor and which to ignore." *Heller v. City of Dallas*, 303 F.R.D. 466, 493 (N.D. Tex. 2014)(citing *Archie v. Frank Cockrell Body Shop, Inc.*, Civ. A. No. 12–0046–CG–M, 2012 WL 4211080, at *2 n. 2 (S.D.Ala. Sept. 17, 2012).

Grande's position is all the more unsupportable because it has already agreed to produce documents reflecting this information, in response to RFPs 60 and 61.

Plaintiffs demand Grande update its responses to these requests immediately. Please confirm no later than Monday, April 23, 2018 that Grande will do so.

### 3. Interrogatory 4

This interrogatory – a Court-approved interrogatory to which Grande inexplicably objected to as oppressive – is plainly meant to determine whether Grande intends to argue that, to the extent liability exists, some *other* party bears that liability.

Grande instead avoided providing a responsive answer to this interrogatory entirely, by stating "is unaware of any party that is liable to any Plaintiff in this lawsuit."

Stein Mitchell Cipollone Beato & Missner LLP

Richard L. Brophy
April 19, 2018
Page 6 of 7

This is not a meaningful attempt to provide an answer that satisfies Rule 33. Plaintiffs are entitled to know, for purposes of discovery, whether Grande intends to argue at trial that to the extent any party is liable for the claims alleged by Plaintiffs, it is a party other than Grande (Patriot or example).

Grande must amend its responses to provide a full and meaningful response to this interrogatory.

### 4. Interrogatory 6

On November 24, 2017, as an attachment to Grande's Third Amended Responses to Plaintiffs' Interrogatories, Grande produced an excel spreadsheet of terminated subscribers, which showed 11 Grande subscribers having been terminated for copyright infringement (introduced at the Horton deposition as PX 60). These subscribers were apparently, per the information on PX 60, terminated between June and August 2017. Grande's obligations under Rules 26 and 33 are ongoing. Please provide immediately an updated response to Interrogatory 6, reflecting the total number of subscribers terminated since Grande provided its latest response, in addition to those reflected in PX 60.

In addition, Interrogatory 6 seeks a description of any policy or procedure concerning Grande's receipt of copyright infringement allegations. Mr. Horton testified that, until October 2010, Grande's policy was to suspend all subscribers for whom Grande received a notice of alleged infringement. Grande's response improperly limits its answer to the period of 2013 and later, ignoring this relevant policy and/or procedure. Grande must update this interrogatory immediately to describe the policy and/or procedure that existed before October 2010, and between October 2010 and 2013.

### 5. Interrogatory 11

In its Supplemental response to Interrogatory 11, Grande stated that "A template of a hard-copy letter that was sent to subscribers up until approximately November 30, 2016 will be produced. . ." Please describe the Bates range at which such a template was produced or, if it has not been produced yet, please produce it without further delay.

### 6. Interrogatory 13

In its amended response to Interrogatory No. 13, Grande states that it no longer has the final hard copy letters it claims it sent to its customers about whom Grande received notices of alleged infringement. In Zach's email of December 19, 2017, he stated that Grande was "investigating other potential avenues to obtaining copies of actual letters sent." Grande has neither produced these documents nor provided an update on the results of this investigation. Please amend your response to Interrogatory

Stein Mitchell Cipollone Beato & Missner LLP

Richard L. Brophy
April 19, 2018
Page 7 of 7

13 immediately to describe efforts engaged in to date to obtain copies of these alleged letters, the results of those efforts, and any further efforts Grande intends to engage in. If Grande has located any of these letters, please produce them without further delay.

### 7. Interrogatory 14

Despite having provided 4 iterations of interrogatory responses, Grande continues to refuse to answer this simple Interrogatory which asks Grande to:

> Describe the contact information Grande identified for the person identified as the recipient for complaints of alleged copyright infringement that was contained in any Grande Acceptable Use Policy in effect in 2010, 2011, 2012, 2013, 2014, 2015, and/or 2016, and, to the extent such information is different than the information for Grande's Registered Copyright Agent, describe the reasons for such difference.

Grande's objection that this Interrogatory seeks information that is "immaterial", while incorrect, is also irrelevant. Grande is not permitted to refuse to answer Interrogatories based on its self-serving assessment of what evidence is or is not "material." Grande's identification of its current policies in no way answers this interrogatory. Please amend your response to Interrogatory 14 immediately to provide a fulsome narrative answer in compliance with Rule 33.

I am available at your convenience to discuss these matters in an effort to reach a resolution of the parties' discovery dispute absent seeking the Court's intervention.

Sincerely,

*Philip O'Beirne*

Philip J. O'Beirne
Counsel for Plaintiffs

cc:   Counsel of Record