# EXHIBIT P

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| UMG RECORDINGS, INC., et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | |
| | ) | No. 1:17-cv-00365 |
| GRANDE COMMUNICATIONS | ) | |
| NETWORKS LLC and PATRIOT MEDIA | ) | |
| CONSULTING, LLC, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

### NON-PARTY PATRIOT MEDIA CONSULTING, LLC'S OBJECTIONS TO UMG RECORDINGS, INC. ET AL.'S SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS

Pursuant to Federal Rules of Civil Procedure 45, non-party Patriot Media Consulting, LLC ("Patriot"), by and through its attorneys, hereby provides the following objections to UMG Recordings, Inc. et al.'s ("Plaintiffs") Subpoena to Produce Documents, Information, or Objects (the "Subpoena") served on April 25, 2018, in the above-captioned case.

### OBJECTIONS TO PLAINTIFFS' REQUESTS

REQUEST NO. 1:

All documents concerning any Plaintiff.

**RESPONSE:**

Patriot objects to this request in that it is overly broad, seeks irrelevant information, is not proportionate to the needs of the case, and seeks to impose undue burden and expense on Patriot, which is not a party to this case. To the extent any relevant documents are within the scope of the request, those documents should be sought in party discovery from Grande. Moreover, documents that strictly concern non-parties have no potential relevance in this case. Patriot also

objects to this request as vague and ambiguous. The request is subject to numerous different interpretations in that it seeks documents "concerning" any Plaintiff without limitation. Patriot further objects to this request to the extent it seeks information protected by the attorney-client privilege, the work product doctrine, the common interest doctrine, and other applicable privileges.

Subject to and without waiving these objections, Patriot will produce relevant, non-privileged documents responsive to this Request to the extent such documents exist, are in Patriot's possession, custody or control, and are located after a reasonably diligent search.

REQUEST NO. 2:

All documents concerning any of Plaintiffs' Copyrighted Works.

**RESPONSE:**

Patriot objects to this request in that it is overly broad, seeks irrelevant information, is not proportionate to the needs of the case, and seeks to impose undue burden and expense on Patriot, which is not a party to this case. To the extent any relevant documents are within the scope of the request, those documents should be sought in party discovery from Grande. Moreover, documents that strictly concern non-parties have no potential relevance in this case. Patriot also objects to this request as vague and ambiguous. The request is subject to numerous different interpretations in that it seeks documents "concerning" any of Plaintiffs' Copyrighted Works without limitation. Patriot further objects to this request to the extent it seeks information protected by the attorney-client privilege, the work product doctrine, the common interest doctrine, and other applicable privileges.

Subject to and without waiving these objections, Patriot will produce relevant, non-privileged documents responsive to this Request to the extent such documents exist, are in

Patriot's possession, custody or control, and are located after a reasonably diligent search.

REQUEST NO. 3:

All documents concerning Rightscorp.

**RESPONSE:**

Patriot objects to this request in that it is overly broad, seeks irrelevant information, is not proportionate to the needs of the case, and seeks to impose undue burden and expense on Patriot, which is not a party to this case. To the extent any relevant documents are within the scope of the request, those documents should be sought in party discovery from Grande. Moreover, documents that strictly concern non-parties have no potential relevance in this case. Patriot also objects to this request as vague and ambiguous. The request is subject to numerous different interpretations in that it broadly seeks all documents "concerning" Rightscorp. Patriot further objects to this request to the extent it seeks information protected by the attorney-client privilege, the work product doctrine, the common interest doctrine, and other applicable privileges.

Subject to and without waiving these objections, Patriot will produce relevant, non-privileged documents related to Grande that are responsive to this Request to the extent such documents exist, are in Patriot's possession, custody or control, and are located after a reasonably diligent search.

REQUEST NO. 4:

All documents concerning alleged copyright infringement of sound recordings through the use of internet service, including but not limited to such activity by Customers or Users.

**RESPONSE:**

In addition to its General Objections, Patriot objects to this request in that it is overly broad, seeks irrelevant information, is not proportionate to the needs of the case, and seeks to impose undue burden and expense on Patriot, which is not a party to this case. In particular,

Patriot objects to this request to the extent it seeks documents that are not within the possession, custody, or control of Patriot and/or that are obtainable more readily from parties other than Patriot. To the extent any relevant documents are within the scope of the request, those documents should be sought in party discovery from Grande. Moreover, documents that strictly concern non-parties have no potential relevance in this case. Patriot also objects to this request as vague and ambiguous. The request is subject to numerous different interpretations to the extent it seeks documents "concerning" the extremely broad concept of copyright infringement through the use of any internet service, without limitation to the parties or copyrights at issue in this case. Patriot further objects to this request to the extent it seeks information protected by the attorney-client privilege, the work product doctrine, the common interest doctrine, and other applicable privileges.

Subject to and without waiving these objections, Patriot will produce relevant, non-privileged documents related to Grande that are responsive to this Request to the extent such documents exist, are in Patriot's possession, custody or control, and are located after a reasonably diligent search.

REQUEST NO. 5:

All documents concerning BitTorrent or other Peer-to-Peer file sharing systems, including but limited to Customers' or Users' use of BitTorrent or other Peer-to-Peer file sharing systems.

**RESPONSE:**

Patriot objects to this request in that it is overly broad, seeks irrelevant information, is not proportionate to the needs of the case, and seeks to impose undue burden and expense on Patriot, which is not a party to this case. In particular, Patriot objects to this request to the extent it seeks documents that are not within the possession, custody, or control of Patriot and/or that are

4

obtainable more readily from parties other than Patriot.  To the extent any relevant documents

are within the scope of the request, those documents should be sought in party discovery from

Grande.  Moreover, documents that strictly concern non-parties have no potential relevance in

this case.  Patriot also objects to this request as vague and ambiguous.  The request is subject to

numerous different interpretations to the extent it seeks documents "concerning" various

extremely broad concepts, including "BitTorrent" and "Peer-to-Peer file sharing systems,"

without limitation to the parties or copyrights at issue in this case. Patriot further objects to this

request to the extent it seeks information protected by the attorney-client privilege, the work

product doctrine, the common interest doctrine, and other applicable privileges.

Subject to and without waiving these objections, Patriot will produce relevant, non-

privileged documents related to Grande that are responsive to this Request to the extent such

documents exist, are in Patriot's possession, custody or control, and are located after a

reasonably diligent search.

## REQUEST NO. 6:

All documents concerning any research, studies, focus groups or surveys concerning: (a)
any Customers or Users or potential Customers or Users who use or have used BitTorrent or
other Peer-to-Peer file sharing systems, (b) alleged copyright infringement by any Customers or
Users, or (c) alleged copyright infringing activity through internet service.

**RESPONSE:**

Patriot objects to this request in that it is overly broad, seeks irrelevant information, is not

proportionate to the needs of the case, and seeks to impose undue burden and expense on Patriot,

which is not a party to this case.  In particular, Patriot objects to this request to the extent it seeks

documents that are not within the possession, custody, or control of Patriot and/or that are

obtainable more readily from parties other than Patriot.  To the extent any relevant documents

are within the scope of the request, those documents should be sought in party discovery from

Grande. Moreover, documents that strictly concern non-parties have no potential relevance in this case. Patriot also objects to this request as vague and ambiguous. The request is subject to numerous different interpretations to the extent it seeks documents "concerning" various extremely broad concepts, including "BitTorrent" and "Peer-to-Peer file sharing systems," without limitation to the parties or copyrights at issue in this case. Patriot further objects to this request to the extent it seeks information protected by the attorney-client privilege, the work product doctrine, the common interest doctrine, and other applicable privileges.

Subject to and without waiving these objections, Patriot will produce relevant, non-privileged documents related to Grande that are responsive to this Request to the extent such documents exist, are in Patriot's possession, custody or control, and are located after a reasonably diligent search.

REQUEST NO. 7:

All documents reflecting or comprising communications between Grande and Patriot concerning any of the following topics: copyright infringement, Grande's or Patriot's potential legal exposure for copyright infringement, the DMCA, any DMCA Policy, any Acceptable Use Policy, any Repeat Infringer Policy, Notice(s) (in draft or final as-sent form), Grande's or Patriot's compliance with the DMCA, Grande's or Patriot's entitlement or lack of entitlement to the DMCA statutory safe harbor provisions, BitTorrent, Peer-to-Peer file sharing, and/or the Cox Litigation.

**RESPONSE:**

Patriot objects to this request in that it is overly broad, seeks irrelevant information, is not proportionate to the needs of the case, and seeks to impose undue burden and expense on Patriot, which is not a party to this case. To the extent any relevant documents are within the scope of the request, those documents should be sought in party discovery from Grande. Moreover, documents that strictly concern non-parties have no potential relevance in this case. Patriot also objects to this request as vague and ambiguous. The request is subject to numerous different

interpretations to the extent it seeks documents "concerning" various extremely broad concepts, including "BitTorrent," "Peer-to-Peer file sharing," the "DMCA," "the Cox Litigation," among others. Patriot further objects to this request to the extent it seeks information protected by the attorney-client privilege, the work product doctrine, the common interest doctrine, and other applicable privileges.

Subject to and without waiving these objections, Patriot will produce relevant, non-privileged documents related to Grande that are responsive to this Request to the extent such documents exist, are in Patriot's possession, custody or control, and are located after a reasonably diligent search.

REQUEST NO. 8:

All documents reflecting or comprising communications between Patriot and any ISP for which Patriot provides or has provided any services, concerning any of the following topics: copyright infringement, Patriot's or the ISP's potential legal exposure for copyright infringement, the DMCA, any DMCA Policy, any Acceptable Use Policy, any Repeat Infringer Policy, DMCA Notice(s) (in draft or final as-sent form), Patriot's or the ISP's compliance with the DMCA, Patriot's or the ISP's entitlement or lack of entitlement to the DMCA statutory safe harbor provisions, BitTorrent, Peer-to-Peer file sharing, and/or the Cox Litigation.

RESPONSE:

Patriot objects to this request in that it is overly broad, seeks irrelevant information, is not proportionate to the needs of the case, and seeks to impose undue burden and expense on Patriot, which is not a party to this case. To the extent any relevant documents are within the scope of the request, those documents should be sought in party discovery from Grande. Moreover, documents that strictly concern non-parties have no potential relevance in this case. Patriot also objects to this request as vague and ambiguous. The request is subject to numerous different interpretations to the extent it seeks documents "concerning" various extremely broad concepts, including "BitTorrent," "Peer-to-Peer file sharing," the "DMCA," "the Cox Litigation," among

others. Patriot further objects to this request to the extent it seeks information protected by the

attorney-client privilege, the work product doctrine, the common interest doctrine, and other

applicable privileges.

Subject to and without waiving these objections, Patriot will produce relevant, non-

privileged documents related to Grande that are responsive to this Request to the extent such

documents exist, are in Patriot's possession, custody or control, and are located after a

reasonably diligent search.

REQUEST NO. 9:

All documents concerning the sale of Grande to TPG addressing or relating to any of the
following topics: copyright infringement, Grande's or Patriot's potential legal exposure for
copyright infringement, the DMCA, any DMCA Policy, any Acceptable Use Policy, any Repeat
Infringer Policy, Notice(s) (in draft or final as-sent form), Grande's or Patriot's compliance with
the DMCA, Grande's entitlement or lack of entitlement to the DMCA statutory safe harbor
provisions, BitTorrent, Peer-to-Peer file sharing, and/or the Cox Litigation.

**RESPONSE:**

Patriot objects to this request in that it is overly broad, seeks irrelevant information, is not

proportionate to the needs of the case, and seeks to impose undue burden and expense on Patriot,

which is not a party to this case. To the extent any relevant documents are within the scope of

the request, those documents should be sought in party discovery from Grande. Moreover,

documents that strictly concern non-parties have no potential relevance in this case. Patriot also

objects to this request as vague and ambiguous. The request is subject to numerous different

interpretations to the extent it seeks documents "concerning" various extremely broad concepts,

including "BitTorrent," "Peer-to-Peer file sharing," the "DMCA," "the Cox Litigation," among

others. Patriot further objects to this request to the extent it seeks information protected by the

attorney-client privilege, the work product doctrine, the common interest doctrine, and other

applicable privileges.

Based on these objections, Patriot will not produce any documents in response to this request. Patriot is willing to meet and confer about a reasonable narrowing of this request, upon a showing that the requested material is relevant and cannot be obtained from a party to this case.

REQUEST NO. 10:

All documents reflecting or comprising communications between or among any of Patriot, Grande, TPG, or ABRY Partners, concerning any of the following topics: copyright infringement, Grande's or Patriot's potential legal exposure for copyright infringement, the DMCA, any DMCA Policy, any Acceptable Use Policy, any Repeat Infringer Policy, DMCA Notice(s) (in draft or final as-sent form), Grande's or Patriot's compliance with the DMCA, Grande's or Patriot's entitlement or lack of entitlement to the DMCA statutory safe harbor provisions, BitTorrent, Peer-to-Peer file sharing, and/or the Cox Litigation.

**RESPONSE:**

Patriot objects to this request in that it is overly broad, seeks irrelevant information, is not proportionate to the needs of the case, and seeks to impose undue burden and expense on Patriot, which is not a party to this case.  To the extent any relevant documents are within the scope of the request, those documents should be sought in party discovery from Grande.  Moreover, documents that strictly concern non-parties have no potential relevance in this case.  Patriot also objects to this request as vague and ambiguous.  The request is subject to numerous different interpretations to the extent it seeks documents "concerning" various extremely broad concepts, including "BitTorrent," "Peer-to-Peer file sharing," the "DMCA," "the Cox Litigation," among others.  Patriot further objects to this request to the extent it seeks information protected by the attorney-client privilege, the work product doctrine, the common interest doctrine, and other applicable privileges.

Based on these objections, Patriot will not produce any documents in response to this request. Patriot is willing to meet and confer about a reasonable narrowing of this request, upon a showing that the requested material is relevant and cannot be obtained from a party to this case.

REQUEST NO. 11:

Documents sufficient to show your corporate structure concerning the business of providing any services to Grande or any other ISP, including the relationship between any parent corporations, subsidiaries, or any affiliates engaged in your business of providing internet services.

**RESPONSE:**

Patriot objects to this request in that it is overly broad, seeks irrelevant information, and is not proportionate to the needs of the case. To the extent any relevant documents are within the scope of the request, those documents should be sought in party discovery from Grande. Moreover, documents that strictly concern non-parties have no potential relevance in this case. Patriot also objects to this request on grounds that it purports to require Patriot to disclose Patriot's confidential commercial information. Patriot further objects to this request to the extent it seeks information protected by the attorney-client privilege, the work product doctrine, the common interest doctrine, and other applicable privileges.

Based on these objections, Patriot will not produce any documents in response to this request. Patriot is willing to meet and confer about a reasonable narrowing of this request, upon a showing that the requested material is relevant and cannot be obtained from a party to this case.

REQUEST NO. 12:

Documents sufficient to show the contractual arrangements under which Patriot provides Grande with executive, management, or any other services, including the agreements themselves.

**RESPONSE:**

Patriot objects to this request in that it is overly broad, seeks irrelevant information, and is not proportionate to the needs of the case. To the extent any relevant documents are within the scope of the request, those documents should be sought in party discovery from Grande. Moreover, documents that strictly concern non-parties have no potential relevance in this case.

Patriot also objects to this request on grounds that it purports to require Patriot to disclose Patriot's confidential commercial information. Patriot further objects to this request to the extent it seeks information protected by the attorney-client privilege, the work product doctrine, the common interest doctrine, and other applicable privileges.

Based on these objections, Patriot will not produce any documents in response to this request. Patriot is willing to meet and confer about a reasonable narrowing of this request, upon a showing that the requested material is relevant and cannot be obtained from a party to this case.

REQUEST NO. 13:

All documents concerning Patriot's roles and responsibilities with respect to its provision of executive, management, or any other services to Grande.

**RESPONSE:**

Patriot objects to this request in that it is overly broad, seeks irrelevant information, and is not proportionate to the needs of the case. To the extent any relevant documents are within the scope of the request, those documents should be sought in party discovery from Grande. Moreover, documents that strictly concern non-parties have no potential relevance in this case. Patriot further objects to this request on grounds that it purports to require Patriot to disclose Patriot's confidential commercial information. Finally, Patriot objects to this request to the extent it seeks information protected by the attorney-client privilege, the work product doctrine, the common interest doctrine, and other applicable privileges.

Based on these objections, Patriot will not produce any documents in response to this request. Patriot is willing to meet and confer about a reasonable narrowing of this request, upon a showing that the requested material is relevant and cannot be obtained from a party to this case.

REQUEST NO. 14:

All documents concerning, reflecting, or comprising any DMCA Policy including any

draft or final versions of any such policy.

**RESPONSE:**

Patriot objects to this request in that it is overly broad, seeks irrelevant information, is not proportionate to the needs of the case, and seeks to impose undue burden and expense on Patriot, which is not a party to this case. To the extent any relevant documents are within the scope of the request, those documents should be sought in party discovery from Grande. Moreover, documents that strictly concern non-parties have no potential relevance in this case. Patriot also objects to this request as vague and ambiguous. The request is subject to numerous different interpretations to the extent it seeks documents "concerning ... any DMCA Policy," without limitation. Patriot further objects to this request to the extent it seeks information protected by the attorney-client privilege, the work product doctrine, the common interest doctrine, and other applicable privileges.

Subject to and without waiving these objections, Patriot will produce relevant, non-privileged documents related to Grande that are responsive to this Request to the extent such documents exist, are in Patriot's possession, custody or control, and are located after a reasonably diligent search.

REQUEST NO. 15:

All documents concerning the employees or agents responsible for developing, conceiving, drafting and/or implementing any DMCA Policy.

**RESPONSE:**

Patriot objects to this request in that it is overly broad, seeks irrelevant information, is not proportionate to the needs of the case, and seeks to impose undue burden and expense on Patriot, which is not a party to this case. To the extent any relevant documents are within the scope of the request, those documents should be sought in party discovery from Grande. Moreover,

documents that strictly concern non-parties have no potential relevance in this case. Patriot also objects to this request as vague and ambiguous. The request is subject to numerous different interpretations to the extent it seeks documents "concerning ... any DMCA Policy," without limitation. Patriot further objects to this request to the extent it seeks information protected by the attorney-client privilege, the work product doctrine, the common interest doctrine, and other applicable privileges.

Subject to and without waiving these objections, Patriot will produce relevant, non-privileged documents related to Grande that are responsive to this Request to the extent such documents exist, are in Patriot's possession, custody or control, and are located after a reasonably diligent search.

REQUEST NO. 16:

Documents sufficient to show how and when any DMCA Policy was communicated to third parties, including but not limited to Customers or Users.

**RESPONSE:**

Patriot objects to this request in that it is overly broad, seeks irrelevant information, is not proportionate to the needs of the case, and seeks to impose undue burden and expense on Patriot, which is not a party to this case. To the extent any relevant documents are within the scope of the request, those documents should be sought in party discovery from Grande. Moreover, documents that strictly concern non-parties have no potential relevance in this case. Patriot also objects to this request as vague and ambiguous. The request is subject to numerous different interpretations to the extent it seeks documents related to "any DMCA Policy," without limitation. Patriot further objects to this request to the extent it seeks information protected by the attorney-client privilege, the work product doctrine, the common interest doctrine, and other applicable privileges.

Based on these objections, Patriot will not produce any documents in response to this request. Patriot is willing to meet and confer about a reasonable narrowing of this request, upon a showing that the requested material is relevant and cannot be obtained from a party to this case.

REQUEST NO. 17:

All documents concerning, reflecting, or comprising any Notice, including any draft or final versions of any such notice.

**RESPONSE:**

Patriot objects to this request in that it is overly broad, seeks irrelevant information, is not proportionate to the needs of the case, and seeks to impose undue burden and expense on Patriot, which is not a party to this case. To the extent any relevant documents are within the scope of the request, those documents should be sought in party discovery from Grande. Moreover, documents that strictly concern non-parties have no potential relevance in this case. Patriot also objects to this request as vague and ambiguous. The request is subject to numerous different interpretations to the extent it seeks documents "concerning ... any Notice," without limitation. Patriot further objects to this request to the extent it seeks information protected by the attorney-client privilege, the work product doctrine, the common interest doctrine, and other applicable privileges.

Based on these objections, Patriot will not produce any documents in response to this request. Patriot is willing to meet and confer about a reasonable narrowing of this request, upon a showing that the requested material is relevant and cannot be obtained from a party to this case.

REQUEST NO. 18:

All documents concerning the employees or agents responsible for developing, conceiving, drafting and/or implementing any Notice.

**RESPONSE:**

14

Patriot objects to this request in that it is overly broad, seeks irrelevant information, is not proportionate to the needs of the case, and seeks to impose undue burden and expense on Patriot, which is not a party to this case.  To the extent any relevant documents are within the scope of the request, those documents should be sought in party discovery from Grande.  Moreover, documents that strictly concern non-parties have no potential relevance in this case.  Patriot also objects to this request as vague and ambiguous.  The request is subject to numerous different interpretations to the extent it seeks documents "concerning ... any Notice," without limitation. Patriot further objects to this request to the extent it seeks information protected by the attorney-client privilege, the work product doctrine, the common interest doctrine, and other applicable privileges.

Based on these objections, Patriot will not produce any documents in response to this request. Patriot is willing to meet and confer about a reasonable narrowing of this request, upon a showing that the requested material is relevant and cannot be obtained from a party to this case.

REQUEST NO. 19:

Documents sufficient to show how and when any Notice was communicated to third parties, including but not limited to Customers or Users.

**RESPONSE:**

Patriot objects to this request in that it is overly broad, seeks irrelevant information, is not proportionate to the needs of the case, and seeks to impose undue burden and expense on Patriot, which is not a party to this case.  To the extent any relevant documents are within the scope of the request, those documents should be sought in party discovery from Grande.  Moreover, documents that strictly concern non-parties have no potential relevance in this case.  Patriot also objects to this request as vague and ambiguous.  The request is subject to numerous different interpretations to the extent it seeks documents related to "any Notice," without limitation.

15

Patriot further objects to this request to the extent it seeks information protected by the attorney-client privilege, the work product doctrine, the common interest doctrine, and other applicable privileges.

Based on these objections, Patriot will not produce any documents in response to this request. Patriot is willing to meet and confer about a reasonable narrowing of this request, upon a showing that the requested material is relevant and cannot be obtained from a party to this case.

REQUEST NO. 20:

All documents concerning, reflecting, or comprising any Repeat Infringer Policy, including any draft or final versions of any such policy.

**RESPONSE:**

Patriot objects to this request in that it is overly broad, seeks irrelevant information, is not proportionate to the needs of the case, and seeks to impose undue burden and expense on Patriot, which is not a party to this case. To the extent any relevant documents are within the scope of the request, those documents should be sought in party discovery from Grande. Moreover, documents that strictly concern non-parties have no potential relevance in this case. Patriot also objects to this request as vague and ambiguous. The request is subject to numerous different interpretations to the extent it seeks documents related to "any Repeat Infringer Policy." Patriot further objects to this request to the extent it seeks information protected by the attorney-client privilege, the work product doctrine, the common interest doctrine, and other applicable privileges.

Subject to and without waiving these objections, Patriot will produce relevant, non-privileged documents related to Grande that are responsive to this Request to the extent such documents exist, are in Patriot's possession, custody or control, and are located after a reasonably diligent search.

16

REQUEST NO. 21:

All documents concerning the employees or agents responsible for developing, conceiving, drafting and/or implementing any Repeat Infringer Policy.

**RESPONSE:**

Patriot objects to this request in that it is overly broad, seeks irrelevant information, is not proportionate to the needs of the case, and seeks to impose undue burden and expense on Patriot, which is not a party to this case. To the extent any relevant documents are within the scope of the request, those documents should be sought in party discovery from Grande. Moreover, documents that strictly concern non-parties have no potential relevance in this case. Patriot also objects to this request as vague and ambiguous. The request is subject to numerous different interpretations to the extent it seeks documents "concerning ... any Repeat Infringer Policy." Patriot further objects to this request to the extent it seeks information protected by the attorney-client privilege, the work product doctrine, the common interest doctrine, and other applicable privileges.

Subject to and without waiving these objections, Patriot will produce relevant, non-privileged documents related to Grande that are responsive to this Request to the extent such documents exist, are in Patriot's possession, custody or control, and are located after a reasonably diligent search.

REQUEST NO. 22:

Documents sufficient to show how and when any Repeat Infringer Policy was communicated to third parties, including but not limited to Customers or Users.

**RESPONSE:**

Patriot objects to this request in that it is overly broad, seeks irrelevant information, is not proportionate to the needs of the case, and seeks to impose undue burden and expense on Patriot,

which is not a party to this case.  To the extent any relevant documents are within the scope of

the request, those documents should be sought in party discovery from Grande.  Moreover,

documents that strictly concern non-parties have no potential relevance in this case.  Patriot also

objects to this request as vague and ambiguous.  The request is subject to numerous different

interpretations to the extent it seeks documents related to "any Repeat Infringer Policy."  Patriot

further objects to this request to the extent it seeks information protected by the attorney-client

privilege, the work product doctrine, the common interest doctrine, and other applicable

privileges.

Based on these objections, Patriot will not produce any documents in response to this

request. Patriot is willing to meet and confer about a reasonable narrowing of this request, upon a

showing that the requested material is relevant and cannot be obtained from a party to this case.

REQUEST NO. 23:

All documents concerning, reflecting, or comprising any Acceptable Use Policy,
including any draft or final versions of any such policy.

**RESPONSE:**

Patriot objects to this request in that it is overly broad, seeks irrelevant information, is not

proportionate to the needs of the case, and seeks to impose undue burden and expense on Patriot,

which is not a party to this case.  To the extent any relevant documents are within the scope of

the request, those documents should be sought in party discovery from Grande.  Moreover,

documents that strictly concern non-parties have no potential relevance in this case.  Patriot also

objects to this request as vague and ambiguous.  The request is subject to numerous different

interpretations to the extent it seeks documents "concerning ... any Acceptable Use Policy."

Patriot further objects to this request to the extent it seeks information protected by the attorney-

client privilege, the work product doctrine, the common interest doctrine, and other applicable

18

privileges.

Based on these objections, Patriot will not produce any documents in response to this request. Patriot is willing to meet and confer about a reasonable narrowing of this request, upon a showing that the requested material is relevant and cannot be obtained from a party to this case.

REQUEST NO. 24:

All documents concerning the employees or agents responsible for developing, conceiving, drafting and/or implementing any Acceptable Use Policy.

**RESPONSE:**

Patriot objects to this request in that it is overly broad, seeks irrelevant information, is not proportionate to the needs of the case, and seeks to impose undue burden and expense on Patriot, which is not a party to this case.  To the extent any relevant documents are within the scope of the request, those documents should be sought in party discovery from Grande.  Moreover, documents that strictly concern non-parties have no potential relevance in this case.  Patriot also objects to this request as vague and ambiguous.  The request is subject to numerous different interpretations to the extent it seeks documents "concerning ... any Acceptable Use Policy." Patriot further objects to this request to the extent it seeks information protected by the attorney-client privilege, the work product doctrine, the common interest doctrine, and other applicable privileges.

Subject to and without waiving these objections, Patriot will produce relevant, non-privileged documents related to Grande that are responsive to this Request to the extent such documents exist, are in Patriot's possession, custody or control, and are located after a reasonably diligent search.

REQUEST NO. 25:

Documents sufficient to show how and when any Acceptable Use Policy was

communicated to third parties, including but not limited to Customers or Users.

**RESPONSE:**

Patriot objects to this request in that it is overly broad, seeks irrelevant information, is not proportionate to the needs of the case, and seeks to impose undue burden and expense on Patriot, which is not a party to this case. To the extent any relevant documents are within the scope of the request, those documents should be sought in party discovery from Grande. Moreover, documents that strictly concern non-parties have no potential relevance in this case. Patriot also objects to this request as vague and ambiguous. The request is subject to numerous different interpretations to the extent it seeks documents related to "any Acceptable Use Policy." Patriot further objects to this request to the extent it seeks information protected by the attorney-client privilege, the work product doctrine, the common interest doctrine, and other applicable privileges.

Based on these objections, Patriot will not produce any documents in response to this request. Patriot is willing to meet and confer about a reasonable narrowing of this request, upon a showing that the requested material is relevant and cannot be obtained from a party to this case.

REQUEST NO. 26:

All documents since January 1, 2010, concerning any policy, practice, or capability that Patriot, or any ISP for which Patriot provides or has provided any services, considered, formulated, or adopted for investigating or responding to a DMCA Notice.

**RESPONSE:**

Patriot objects to this request in that it is overly broad, seeks irrelevant information, is not proportionate to the needs of the case, and seeks to impose undue burden and expense on Patriot, which is not a party to this case. To the extent any relevant documents are within the scope of the request, those documents should be sought in party discovery from Grande. Moreover,

documents that strictly concern non-parties have no potential relevance in this case.  Patriot

further objects to this request to the extent it seeks information protected by the attorney-client

privilege, the work product doctrine, the common interest doctrine, and other applicable

privileges.

Subject to and without waiving these objections, Patriot will produce relevant, non-

privileged documents related to Grande that are responsive to this Request to the extent such

documents exist, are in Patriot's possession, custody or control, and are located after a

reasonably diligent search.

REQUEST NO. 27:

All documents since January 1, 2010, concerning any policy, practice, or capability that
Patriot, or any ISP for which Patriot provides or has provided any services, considered,
formulated, or adopted for addressing or investigating copyright infringement claims, including
any present in Notices.

**RESPONSE:**

Patriot objects to this request in that it is overly broad, seeks irrelevant information, is not

proportionate to the needs of the case, and seeks to impose undue burden and expense on Patriot,

which is not a party to this case.  To the extent any relevant documents are within the scope of

the request, those documents should be sought in party discovery from Grande.  Moreover,

documents that strictly concern non-parties have no potential relevance in this case.  Patriot

further objects to this request to the extent it seeks information protected by the attorney-client

privilege, the work product doctrine, the common interest doctrine, and other applicable

privileges.

Subject to and without waiving these objections, Patriot will produce relevant, non-

privileged documents related to Grande that are responsive to this Request to the extent such

documents exist, are in Patriot's possession, custody or control, and are located after a

reasonably diligent search.

REQUEST NO. 28:

     All documents since January 1, 2010, concerning any policy, practice, or capability that Patriot, or any ISP for which Patriot provides or has provided any services, considered, formulated, or adopted for inquiries from or responses of Customers or Users Notices or any other notice of copyright infringement claims they received.

**RESPONSE:**

     Patriot objects to this request in that it is overly broad, seeks irrelevant information, is not

proportionate to the needs of the case, and seeks to impose undue burden and expense on Patriot,

which is not a party to this case.  To the extent any relevant documents are within the scope of

the request, those documents should be sought in party discovery from Grande.  Moreover,

documents that strictly concern non-parties have no potential relevance in this case.  Patriot

further objects to this request to the extent it seeks information protected by the attorney-client

privilege, the work product doctrine, the common interest doctrine, and other applicable

privileges.

     Subject to and without waiving these objections, Patriot will produce relevant, non-

privileged documents related to Grande that are responsive to this Request to the extent such

documents exist, are in Patriot's possession, custody or control, and are located after a

reasonably diligent search.

REQUEST NO. 29:

     All documents since January 1, 2010, concerning actions taken by Patriot, or any ISP for which Patriot provides or has provided any services, in response to any DMCA Notice received by Patriot or any such ISP.  To the extent such actions have changed over time, this Request additionally calls for documents sufficient to show any such change and the time such change was made.

**RESPONSE:**

     Patriot objects to this request in that it is overly broad, seeks irrelevant information, is not

proportionate to the needs of the case, and seeks to impose undue burden and expense on Patriot, which is not a party to this case.  To the extent any relevant documents are within the scope of the request, those documents should be sought in party discovery from Grande.  Moreover, documents that strictly concern non-parties have no potential relevance in this case.  Patriot further objects to this request to the extent it seeks information protected by the attorney-client privilege, the work product doctrine, the common interest doctrine, and other applicable privileges.

Based on these objections, Patriot will not produce any documents in response to this request. Patriot is willing to meet and confer about a reasonable narrowing of this request, upon a showing that the requested material is relevant and cannot be obtained from a party to this case.

REQUEST NO. 30:

All documents concerning, reflecting, or comprising, Communications from Patriot, or any ISP for which Patriot provides or has provided any services, to any Customer or User, regarding any policy, practice or capability for sending, receiving or responding to Notices or any other notice of copyright infringement claims.

**RESPONSE:**

Patriot objects to this request in that it is overly broad, seeks irrelevant information, is not proportionate to the needs of the case, and seeks to impose undue burden and expense on Patriot, which is not a party to this case.  To the extent any relevant documents are within the scope of the request, those documents should be sought in party discovery from Grande.  Moreover, documents that strictly concern non-parties have no potential relevance in this case.  Patriot further objects to this request to the extent it seeks information protected by the attorney-client privilege, the work product doctrine, the common interest doctrine, and other applicable privileges.

Based on these objections, Patriot will not produce any documents in response to this

23

request. Patriot is willing to meet and confer about a reasonable narrowing of this request, upon a

showing that the requested material is relevant and cannot be obtained from a party to this case.

REQUEST NO. 31:

All documents reflecting or comprising press releases or other public statements Patriot, or any ISP for which Patriot provides or has provided any services has made since January 1, 2010, concerning any of their policies, practices or capabilities for responding to Notices.

**RESPONSE:**

Patriot objects to this request in that it is overly broad, seeks irrelevant information, is not

proportionate to the needs of the case, and seeks to impose undue burden and expense on Patriot,

which is not a party to this case.  To the extent any relevant documents are within the scope of

the request, those documents should be sought in party discovery from Grande.  Moreover,

documents that strictly concern non-parties have no potential relevance in this case.  Patriot

further objects to this request to the extent it seeks information protected by the attorney-client

privilege, the work product doctrine, the common interest doctrine, and other applicable

privileges.

Based on these objections, Patriot will not produce any documents in response to this

request. Patriot is willing to meet and confer about a reasonable narrowing of this request, upon a

showing that the requested material is relevant and cannot be obtained from a party to this case.

REQUEST NO. 32:

All documents concerning any policy, practice or capability that Patriot, or any ISP for which Patriot provides or has provided any services, considered, formulated, or adopted, for assigning or reassigning IP addresses to Customers or Users.

**RESPONSE:**

Patriot objects to this request in that it is overly broad, seeks irrelevant information, is not

proportionate to the needs of the case, and seeks to impose undue burden and expense on Patriot,

which is not a party to this case.  To the extent any relevant documents are within the scope of the request, those documents should be sought in party discovery from Grande.  Moreover, documents that strictly concern non-parties have no potential relevance in this case.  Patriot further objects to this request to the extent it seeks information protected by the attorney-client privilege, the work product doctrine, the common interest doctrine, and other applicable privileges.

Based on these objections, Patriot will not produce any documents in response to this request. Patriot is willing to meet and confer about a reasonable narrowing of this request, upon a showing that the requested material is relevant and cannot be obtained from a party to this case.

REQUEST NO. 33:

All documents concerning, or communicated to or from, the Registered Copyright Agent for any ISP for which Patriot provides or has provided any services.

**RESPONSE:**

Patriot objects to this request in that it is overly broad, seeks irrelevant information, is not proportionate to the needs of the case, and seeks to impose undue burden and expense on Patriot, which is not a party to this case.  To the extent any relevant documents are within the scope of the request, those documents should be sought in party discovery from Grande.  Moreover, documents that strictly concern non-parties have no potential relevance in this case.  Patriot also objects to this request as vague and ambiguous.  The request is subject to numerous different interpretations to the extent it seeks documents "to or from" unknown senders or recipients. Patriot further objects to this request to the extent it seeks information protected by the attorney-client privilege, the work product doctrine, the common interest doctrine, and other applicable privileges.

Based on these objections, Patriot will not produce any documents in response to this

request. Patriot is willing to meet and confer about a reasonable narrowing of this request, upon a

showing that the requested material is relevant and cannot be obtained from a party to this case.

REQUEST NO. 34:

All documents concerning any policy, practice or capability that Patriot or any ISP for which Patriot provides or has provided any services, considered, formulated, or adopted, for taking adverse action (including without limitation, terminating or suspension of internet service) against Customers or Users of an ISP who may have infringed copyrights or who have been accused of infringing copyrights, including any repeat infringers.

**RESPONSE:**

Patriot objects to this request in that it is overly broad, seeks irrelevant information, is not

proportionate to the needs of the case, and seeks to impose undue burden and expense on Patriot,

which is not a party to this case.  To the extent any relevant documents are within the scope of

the request, those documents should be sought in party discovery from Grande.  Moreover,

documents that strictly concern non-parties have no potential relevance in this case.  Patriot

further objects to this request to the extent it seeks information protected by the attorney-client

privilege, the work product doctrine, the common interest doctrine, and other applicable

privileges.

Based on these objections, Patriot will not produce any documents in response to this

request. Patriot is willing to meet and confer about a reasonable narrowing of this request, upon a

showing that the requested material is relevant and cannot be obtained from a party to this case.

REQUEST NO. 35:

All documents since January 1, 2010, concerning the effects of any DMCA Policy, Repeat Infringer Policy, Acceptable Use Policy, or any other policy, practice or capability that Patriot, or any ISP for which Patriot provides or has provided any services, considered, formulated, or adopted for addressing, limiting or ending copyright infringement through the use of an ISP's internet services.

**RESPONSE:**

Patriot objects to this request in that it is overly broad, seeks irrelevant information, is not proportionate to the needs of the case, and seeks to impose undue burden and expense on Patriot, which is not a party to this case.  To the extent any relevant documents are within the scope of the request, those documents should be sought in party discovery from Grande.  Moreover, documents that strictly concern non-parties have no potential relevance in this case.  Patriot further objects to this request to the extent it seeks information protected by the attorney-client privilege, the work product doctrine, the common interest doctrine, and other applicable privileges.

Based on these objections, Patriot will not produce any documents in response to this request. Patriot is willing to meet and confer about a reasonable narrowing of this request, upon a showing that the requested material is relevant and cannot be obtained from a party to this case.

REQUEST NO. 36:

All documents assessing or otherwise addressing the potential legal liability of Patriot, or any ISP for which Patriot provides or has provided any services, concerning the alleged copyright infringement engaged in by Customers or Users.

**RESPONSE:**

Patriot objects to this request in that it is overly broad, seeks irrelevant information, is not proportionate to the needs of the case, and seeks to impose undue burden and expense on Patriot, which is not a party to this case.  To the extent any relevant documents are within the scope of the request, those documents should be sought in party discovery from Grande.  Moreover, documents that strictly concern non-parties have no potential relevance in this case.  Patriot further objects to this request to the extent it seeks information protected by the attorney-client privilege, the work product doctrine, the common interest doctrine, and other applicable privileges.

Subject to and without waiving these objections, Patriot will produce relevant, non-privileged documents related to Grande that are responsive to this Request to the extent such documents exist, are in Patriot's possession, custody or control, and are located after a reasonably diligent search.

REQUEST NO. 37:

All documents since January 1, 2010, concerning any notice of alleged copyright infringement received by Patriot, or any ISP for which Patriot provides or has provided any services. Include all documents reflecting or comprising the notices themselves.

**RESPONSE:**

Patriot objects to this request in that it is overly broad, seeks irrelevant information, is not proportionate to the needs of the case, and seeks to impose undue burden and expense on Patriot, which is not a party to this case. To the extent any relevant documents are within the scope of the request, those documents should be sought in party discovery from Grande. Moreover, documents that strictly concern non-parties have no potential relevance in this case. Patriot further objects to this request to the extent it seeks information protected by the attorney-client privilege, the work product doctrine, the common interest doctrine, and other applicable privileges.

Based on these objections, Patriot will not produce any documents in response to this request. Patriot is willing to meet and confer about a reasonable narrowing of this request, upon a showing that the requested material is relevant and cannot be obtained from a party to this case.

REQUEST NO. 38:

All documents since January 1, 2010, concerning any policy, practice or capability that Patriot, or any ISP for which Patriot provides or has provided any services, considered, formulated, or adopted for forwarding copyright infringement allegations to your Customers or Users, or otherwise informing Customers or Users of infringement claims.

**RESPONSE:**

Patriot objects to this request in that it is overly broad, seeks irrelevant information, is not proportionate to the needs of the case, and seeks to impose undue burden and expense on Patriot, which is not a party to this case.  To the extent any relevant documents are within the scope of the request, those documents should be sought in party discovery from Grande.  Moreover, documents that strictly concern non-parties have no potential relevance in this case.  Patriot further objects to this request to the extent it seeks information protected by the attorney-client privilege, the work product doctrine, the common interest doctrine, and other applicable privileges.

Subject to and without waiving these objections, Patriot will produce relevant, non-privileged documents related to Grande that are responsive to this Request to the extent such documents exist, are in Patriot's possession, custody or control, and are located after a reasonably diligent search.

REQUEST NO. 39:

All documents since January 1, 2010, concerning notices or communications that Patriot, or any ISP for which Patriot provides or has provided any services, sent to Customers or Users notifying those Customers or Users of any copyright infringement allegations. Include all documents comprising notices or communications themselves.

**RESPONSE:**

Patriot objects to this request in that it is overly broad, seeks irrelevant information, is not proportionate to the needs of the case, and seeks to impose undue burden and expense on Patriot, which is not a party to this case.  To the extent any relevant documents are within the scope of the request, those documents should be sought in party discovery from Grande.  Moreover, documents that strictly concern non-parties have no potential relevance in this case.  Patriot further objects to this request to the extent it seeks information protected by the attorney-client

29

privilege, the work product doctrine, the common interest doctrine, and other applicable

privileges.

Subject to and without waiving these objections, Patriot will produce relevant, non-

privileged documents related to Grande that are responsive to this Request to the extent such

documents exist, are in Patriot's possession, custody or control, and are located after a

reasonably diligent search.

REQUEST NO. 40:

Documents sufficient to identify Patriot's or Grande's employees responsible for
forwarding Notices, or the contents thereof, to Customers or Users.

**RESPONSE:**

In addition to its General Objections, Patriot objects to this request in that it seeks

irrelevant information, is not proportionate to the needs of the case, and seeks to impose undue

burden and expense on Patriot, which is not a party to this case.  To the extent any relevant

documents are within the scope of the request, those documents should be sought in party

discovery from Grande.  Finally, Patriot objects to this request to the extent it seeks information

protected by the attorney-client privilege, the work product doctrine, the common interest

doctrine, and other applicable privileges.

Subject to and without waiving these objections, Patriot will produce relevant, non-

privileged documents related to Grande that are responsive to this Request to the extent such

documents exist, are in Patriot's possession, custody or control, and are located after a

reasonably diligent search.

REQUEST NO. 41:

All documents concerning advertising or communications by Patriot. or any ISP for
which Patriot provides or has provided any services, to Customers or Users to discourage
copyright infringement.

**RESPONSE:**

In addition to its General Objections, Patriot objects to this request in that it seeks irrelevant information, is not proportionate to the needs of the case, and seeks to impose undue burden and expense on Patriot, which is not a party to this case. To the extent any relevant documents are within the scope of the request, those documents should be sought in party discovery from Grande. Moreover, documents that strictly concern non-parties have no potential relevance in this case. Patriot also objects to this request as vague and ambiguous. The request is subject to numerous different interpretations in that it seeks "all documents concerning advertising or communications..." without limitation. Patriot further objects to this request on grounds that it purports to require Patriot to disclose Patriot's confidential commercial information. Finally, Patriot objects to this request to the extent it seeks information protected by the attorney-client privilege, the work product doctrine, the common interest doctrine, and other applicable privileges.

Subject to and without waiving these objections, Patriot will produce relevant, non-privileged documents related to Grande that are responsive to this Request to the extent such documents exist, are in Patriot's possession, custody or control, and are located after a reasonably diligent search.

REQUEST NO. 42:

All documents since January 1, 2010, concerning, reflecting, or comprising communications that you or Grande received from Customers or Users in response to notices of alleged copyright infringement.

**RESPONSE:**

In addition to its General Objections, Patriot objects to this request in that it seeks irrelevant information, is not proportionate to the needs of the case, and seeks to impose undue

31

burden and expense on Patriot, which is not a party to this case.  To the extent any relevant documents are within the scope of the request, those documents should be sought in party discovery from Grande.  Moreover, documents that strictly concern non-parties have no potential relevance in this case.  Patriot also objects to this request as vague and ambiguous.  The request is subject to numerous different interpretations in that it seeks "all documents since January 1, 2010, concerning, reflecting, or comprising communications..." without limitation.  Patriot further objects to this request on grounds that it purports to require Patriot to disclose Patriot's confidential commercial information.  Finally, Patriot objects to this request to the extent it seeks information protected by the attorney-client privilege, the work product doctrine, the common interest doctrine, and other applicable privileges.

Subject to and without waiving these objections, Patriot will produce relevant, non-privileged documents related to Grande that are responsive to this Request to the extent such documents exist, are in Patriot's possession, custody or control, and are located after a reasonably diligent search.

REQUEST NO. 43:

All documents concerning, reflecting, or comprising Communications between Patriot and any third party, other than Rightscorp, Inc., that sent a notice of alleged copyright infringement to Patriot, or any ISP for which Patriot provides or has provided any services, including all documents comprising such notices.

**RESPONSE:**

In addition to its General Objections, Patriot objects to this request in that it seeks irrelevant information, is not proportionate to the needs of the case, and seeks to impose undue burden and expense on Patriot, which is not a party to this case.  To the extent any relevant documents are within the scope of the request, those documents should be sought in party discovery from Grande.  Moreover, documents that strictly concern non-parties have no potential

relevance in this case. Patriot also objects to this request as vague and ambiguous. The request

is subject to numerous different interpretations in that it seeks "all documents concerning,

reflecting, or comprising…" without limitation. Patriot further objects to this request on grounds

that it purports to require Patriot to disclose Patriot's confidential commercial information.

Finally, Patriot objects to this request to the extent it seeks information protected by the attorney-

client privilege, the work product doctrine, the common interest doctrine, and other applicable

privileges.

Subject to and without waiving these objections, Patriot will produce relevant, non-

privileged documents related to Grande that are responsive to this Request to the extent such

documents exist, are in Patriot's possession, custody or control, and are located after a

reasonably diligent search.

REQUEST NO. 44:

All documents concerning, reflecting or comprising communications between any ISP for
which Patriot provides or has provided any services, and any third party, other than Rightscorp,
Inc., that sent a notice of alleged copyright infringement to Patriot or the ISP, including all
documents comprising such notices.

**RESPONSE:**

In addition to its General Objections, Patriot objects to this request in that it seeks

irrelevant information, is not proportionate to the needs of the case, and seeks to impose undue

burden and expense on Patriot, which is not a party to this case. To the extent any relevant

documents are within the scope of the request, those documents should be sought in party

discovery from Grande. Moreover, documents that strictly concern non-parties have no potential

relevance in this case. Patriot also objects to this request as vague and ambiguous. The request

is subject to numerous different interpretations in that it seeks "all documents concerning,

reflecting or comprising communications…" without limitation. Patriot further objects to this

request on grounds that it purports to require Patriot to disclose Patriot's confidential commercial information. Finally, Patriot objects to this request to the extent it seeks information protected by the attorney-client privilege, the work product doctrine, the common interest doctrine, and other applicable privileges.

Subject to and without waiving these objections, Patriot will produce relevant, non-privileged documents related to Grande that are responsive to this Request to the extent such documents exist, are in Patriot's possession, custody or control, and are located after a reasonably diligent search.

REQUEST NO. 45:

All documents since January 1, 2010, concerning, reflecting or comprising communications from Patriot, or any ISP for which Patriot provides or has provided any services, to Customers or Users, of any DMCA Policy, Acceptable Use Policy, Repeat Infringer Policy, or any other Patriot or ISP policies, practices or capabilities concerning infringement of copyrights using internet service.

**RESPONSE:**

In addition to its General Objections, Patriot objects to this request in that it seeks irrelevant information, is not proportionate to the needs of the case, and seeks to impose undue burden and expense on Patriot, which is not a party to this case. To the extent any relevant documents are within the scope of the request, those documents should be sought in party discovery from Grande. Moreover, documents that strictly concern non-parties have no potential relevance in this case. Patriot also objects to this request as vague and ambiguous. The request is subject to numerous different interpretations in that it seeks "all documents since January 1, 2010, concerning, reflecting or comprising communications..." without limitation. Patriot further objects to this request on grounds that it purports to require Patriot to disclose Patriot's confidential commercial information. Finally, Patriot objects to this request to the extent it seeks

34

information protected by the attorney-client privilege, the work product doctrine, the common interest doctrine, and other applicable privileges.

Subject to and without waiving these objections, Patriot will produce relevant, non-privileged documents related to Grande that are responsive to this Request to the extent such documents exist, are in Patriot's possession, custody or control, and are located after a reasonably diligent search.

REQUEST NO. 46:

All documents concerning the awareness of Customers or Users of any DMCA Policy and/or other Patriot or ISP policies concerning infringement of copyrights.

**RESPONSE:**

In addition to its General Objections, Patriot objects to this request in that it seeks irrelevant information, is not proportionate to the needs of the case, and seeks to impose undue burden and expense on Patriot, which is not a party to this case. To the extent any relevant documents are within the scope of the request, those documents should be sought in party discovery from Grande. Moreover, documents that strictly concern non-parties have no potential relevance in this case. Patriot also objects to this request as vague and ambiguous. The request is subject to numerous different interpretations in that it seeks "all documents concerning..." without limitation. Patriot further objects to this request on grounds that it purports to require Patriot to disclose Patriot's confidential commercial information. Finally, Patriot objects to this request to the extent it seeks information protected by the attorney-client privilege, the work product doctrine, the common interest doctrine, and other applicable privileges.

Subject to and without waiving these objections, Patriot will produce relevant, non-privileged documents related to Grande that are responsive to this Request to the extent such documents exist, are in Patriot's possession, custody or control, and are located after a

reasonably diligent search.

REQUEST NO. 47:

All documents since January 1, 2010, concerning any investigation by Patriot or any ISP into any allegation of copyright infringement.

**RESPONSE:**

In addition to its General Objections, Patriot objects to this request in that it seeks irrelevant information, is not proportionate to the needs of the case, and seeks to impose undue burden and expense on Patriot, which is not a party to this case. To the extent any relevant documents are within the scope of the request, those documents should be sought in party discovery from Grande. Moreover, documents that strictly concern non-parties have no potential relevance in this case. Patriot also objects to this request as vague and ambiguous. The request is subject to numerous different interpretations in that it seeks "all documents since January 1, 2010, concerning any investigation..." without limitation. Patriot further objects to this request on grounds that it purports to require Patriot to disclose Patriot's confidential commercial information. Finally, Patriot objects to this request to the extent it seeks information protected by the attorney-client privilege, the work product doctrine, the common interest doctrine, and other applicable privileges.

Subject to and without waiving these objections, Patriot will produce relevant, non-privileged documents related to Grande that are responsive to this Request to the extent such documents exist, are in Patriot's possession, custody or control, and are located after a reasonably diligent search.

REQUEST NO. 48:

Documents sufficient to show your policies, practices, and capabilities for handling Notices that are received by Grande's or any other ISP's Registered Copyright Agent.

**RESPONSE:**

In addition to its General Objections, Patriot objects to this request in that it seeks irrelevant information, is not proportionate to the needs of the case, and seeks to impose undue burden and expense on Patriot, which is not a party to this case. To the extent any relevant documents are within the scope of the request, those documents should be sought in party discovery from Grande. Moreover, documents that strictly concern non-parties have no potential relevance in this case. Patriot also objects to this request as vague and ambiguous. Patriot further objects to this request on grounds that it purports to require Patriot to disclose Patriot's confidential commercial information. Finally, Patriot objects to this request to the extent it seeks information protected by the attorney-client privilege, the work product doctrine, the common interest doctrine, and other applicable privileges.

Based on these objections, Patriot will not produce any documents in response to this request. Patriot is willing to meet and confer about a reasonable narrowing of this request, upon a showing that the requested material is relevant and cannot be obtained from a party to this case.

REQUEST NO. 49:

All documents concerning Patriot's or any ISP's identification of Customers or Users alleged to have infringed a copyright.

**RESPONSE:**

In addition to its General Objections, Patriot objects to this request in that it seeks irrelevant information, is not proportionate to the needs of the case, and seeks to impose undue burden and expense on Patriot, which is not a party to this case. To the extent any relevant documents are within the scope of the request, those documents should be sought in party discovery from Grande. Moreover, documents that strictly concern non-parties have no potential relevance in this case. Patriot also objects to this request as vague and ambiguous. The request

is subject to numerous different interpretations in that it seeks "all documents concerning..." without limitation. Patriot further objects to this request on grounds that it purports to require Patriot to disclose Patriot's confidential commercial information. Finally, Patriot objects to this request to the extent it seeks information protected by the attorney-client privilege, the work product doctrine, the common interest doctrine, and other applicable privileges.

Subject to and without waiving these objections, Patriot will produce relevant, non-privileged documents related to Grande that are responsive to this Request to the extent such documents exist, are in Patriot's possession, custody or control, and are located after a reasonably diligent search.

REQUEST NO. 50:

All documents concerning Patriot's or any ISP's identification of Customers or Users accused of infringing a copyright more than once.

**RESPONSE:**

In addition to its General Objections, Patriot objects to this request in that it seeks irrelevant information, is not proportionate to the needs of the case, and seeks to impose undue burden and expense on Patriot, which is not a party to this case. To the extent any relevant documents are within the scope of the request, those documents should be sought in party discovery from Grande. Moreover, documents that strictly concern non-parties have no potential relevance in this case. Patriot also objects to this request as vague and ambiguous. The request is subject to numerous different interpretations in that it seeks "all documents concerning..." without limitation. Patriot further objects to this request on grounds that it purports to require Patriot to disclose Patriot's confidential commercial information. Finally, Patriot objects to this request to the extent it seeks information protected by the attorney-client privilege, the work

product doctrine, the common interest doctrine, and other applicable privileges.

Subject to and without waiving these objections, Patriot will produce relevant, non-privileged documents related to Grande that are responsive to this Request to the extent such documents exist, are in Patriot's possession, custody or control, and are located after a reasonably diligent search.

REQUEST NO. 51:

All documents since January 1, 2010, concerning Patriot, or any ISP for which Patriot provides or has provided any services, efforts to determine if any Customers or Users repeatedly infringe copyrights using internet service.

**RESPONSE:**

In addition to its General Objections, Patriot objects to this request in that it seeks irrelevant information, is not proportionate to the needs of the case, and seeks to impose undue burden and expense on Patriot, which is not a party to this case. To the extent any relevant documents are within the scope of the request, those documents should be sought in party discovery from Grande. Moreover, documents that strictly concern non-parties have no potential relevance in this case. Patriot also objects to this request as vague and ambiguous. The request is subject to numerous different interpretations in that it seeks "all documents since January 1, 2010, concerning…" without limitation. Patriot further objects to this request on grounds that it purports to require Patriot to disclose Patriot's confidential commercial information. Finally, Patriot objects to this request to the extent it seeks information protected by the attorney-client privilege, the work product doctrine, the common interest doctrine, and other applicable privileges.

Subject to and without waiving these objections, Patriot will produce relevant, non-privileged documents related to Grande that are responsive to this Request to the extent such

documents exist, are in Patriot's possession, custody or control, and are located after a reasonably diligent search.

REQUEST NO. 52:

All documents concerning any policy, practice or capability that Patriot or any ISP for which Patriot provides or has provided any services, considered, formulated, or adopted for tracking or determining the identity of Customers or Users associated with an IP address.

**RESPONSE:**

In addition to its General Objections, Patriot objects to this request in that it seeks irrelevant information, is not proportionate to the needs of the case, and seeks to impose undue burden and expense on Patriot, which is not a party to this case. To the extent any relevant documents are within the scope of the request, those documents should be sought in party discovery from Grande. Moreover, documents that strictly concern non-parties have no potential relevance in this case. Patriot also objects to this request as vague and ambiguous. The request is subject to numerous different interpretations in that it seeks "all documents concerning…" without limitation. Patriot further objects to this request on grounds that it purports to require Patriot to disclose Patriot's confidential commercial information. Finally, Patriot objects to this request to the extent it seeks information protected by the attorney-client privilege, the work product doctrine, the common interest doctrine, and other applicable privileges.

Subject to and without waiving these objections, Patriot will produce relevant, non-privileged documents related to Grande that are responsive to this Request to the extent such documents exist, are in Patriot's possession, custody or control, and are located after a reasonably diligent search.

REQUEST NO. 53:

All documents concerning any policy, practice or capability that Patriot, Grande, or any ISP for which Patriot provides or has provided any services, considered, formulated, or adopted

for determining the identity of a Customer or User who is the subject of a copyright infringement allegation.

**RESPONSE:**

In addition to its General Objections, Patriot objects to this request in that it seeks irrelevant information, is not proportionate to the needs of the case, and seeks to impose undue burden and expense on Patriot, which is not a party to this case. To the extent any relevant documents are within the scope of the request, those documents should be sought in party discovery from Grande. Moreover, documents that strictly concern non-parties have no potential relevance in this case. Patriot also objects to this request as vague and ambiguous. The request is subject to numerous different interpretations in that it seeks "all documents concerning..." without limitation. Patriot further objects to this request on grounds that it purports to require Patriot to disclose Patriot's confidential commercial information. Finally, Patriot objects to this request to the extent it seeks information protected by the attorney-client privilege, the work product doctrine, the common interest doctrine, and other applicable privileges.

Subject to and without waiving these objections, Patriot will produce relevant, non-privileged documents related to Grande that are responsive to this Request to the extent such documents exist, are in Patriot's possession, custody or control, and are located after a reasonably diligent search.

REQUEST NO. 54:

All documents concerning the termination of any of Grande's or any other ISP's Customers or Users for a violation of any provision of any DMCA Policy, Acceptable Use Policy, Repeat Infringer Policy, or any other Patriot or ISP policies, practices or capabilities concerning infringement of copyrights using internet service.

**RESPONSE:**

In addition to its General Objections, Patriot objects to this request in that it seeks

irrelevant information, is not proportionate to the needs of the case, and seeks to impose undue

burden and expense on Patriot, which is not a party to this case.  To the extent any relevant

documents are within the scope of the request, those documents should be sought in party

discovery from Grande.  Moreover, documents that strictly concern non-parties have no potential

relevance in this case.  Patriot also objects to this request as vague and ambiguous.  The request

is subject to numerous different interpretations in that it seeks "all documents concerning..."

without limitation.  Patriot further objects to this request on grounds that it purports to require

Patriot to disclose Patriot's confidential commercial information.  Finally, Patriot objects to this

request to the extent it seeks information protected by the attorney-client privilege, the work

product doctrine, the common interest doctrine, and other applicable privileges.

Based on these objections, Patriot will not produce any documents in response to this

request. Patriot is willing to meet and confer about a reasonable narrowing of this request, upon a

showing that the requested material is relevant and cannot be obtained from a party to this case.

REQUEST NO. 55:

All documents concerning any policy, practice or capability that Patriot or any ISP for which Patriot provides or has provided any services, considered, formulated, or adopted for terminating internet service to Customers or Users arising from repeated allegations of copyright infringement.

**RESPONSE:**

In addition to its General Objections, Patriot objects to this request in that it seeks

irrelevant information, is not proportionate to the needs of the case, and seeks to impose undue

burden and expense on Patriot, which is not a party to this case.  To the extent any relevant

documents are within the scope of the request, those documents should be sought in party

discovery from Grande.  Moreover, documents that strictly concern non-parties have no potential

relevance in this case.  Patriot also objects to this request as vague and ambiguous.  The request

42

is subject to numerous different interpretations in that it seeks "all documents concerning..." without limitation. Patriot further objects to this request on grounds that it purports to require Patriot to disclose Patriot's confidential commercial information. Finally, Patriot objects to this request to the extent it seeks information protected by the attorney-client privilege, the work product doctrine, the common interest doctrine, and other applicable privileges.

Subject to and without waiving these objections, Patriot will produce relevant, non-privileged documents related to Grande that are responsive to this Request to the extent such documents exist, are in Patriot's possession, custody or control, and are located after a reasonably diligent search.

REQUEST NO. 56:

All documents concerning any technological barriers or other means or mechanisms implemented by Grande or any other ISP to address, limit or prevent copyright infringement by your Customers or Users through the use of BitTorrent or Peer-to-Peer file sharing systems.

**RESPONSE:**

In addition to its General Objections, Patriot objects to this request in that it seeks irrelevant information, is not proportionate to the needs of the case, and seeks to impose undue burden and expense on Patriot, which is not a party to this case. To the extent any relevant documents are within the scope of the request, those documents should be sought in party discovery from Grande. Moreover, documents that strictly concern non-parties have no potential relevance in this case. Patriot also objects to this request as vague and ambiguous. The request is subject to numerous different interpretations in that it seeks "all documents concerning..." without limitation. Patriot further objects to this request on grounds that it purports to require Patriot to disclose Patriot's confidential commercial information. Finally, Patriot objects to this request to the extent it seeks information protected by the attorney-client privilege, the work

product doctrine, the common interest doctrine, and other applicable privileges.

Subject to and without waiving these objections, Patriot will produce relevant, non-privileged documents related to Grande that are responsive to this Request to the extent such documents exist, are in Patriot's possession, custody or control, and are located after a reasonably diligent search.

REQUEST NO. 57:

All documents concerning any technological barriers or other means or mechanisms that prohibit Grande or any other ISP from addressing or limiting copyright infringement by your Customers or Users through the use of BitTorrent or Peer-to-Peer file sharing systems.

**RESPONSE:**

In addition to its General Objections, Patriot objects to this request in that it seeks irrelevant information, is not proportionate to the needs of the case, and seeks to impose undue burden and expense on Patriot, which is not a party to this case. To the extent any relevant documents are within the scope of the request, those documents should be sought in party discovery from Grande. Moreover, documents that strictly concern non-parties have no potential relevance in this case. Patriot also objects to this request as vague and ambiguous. The request is subject to numerous different interpretations in that it seeks "all documents concerning…" without limitation. Patriot further objects to this request on grounds that it purports to require Patriot to disclose Patriot's confidential commercial information. Finally, Patriot objects to this request to the extent it seeks information protected by the attorney-client privilege, the work product doctrine, the common interest doctrine, and other applicable privileges.

Subject to and without waiving these objections, Patriot will produce relevant, non-privileged documents related to Grande that are responsive to this Request to the extent such documents exist, are in Patriot's possession, custody or control, and are located after a

reasonably diligent search.

REQUEST NO. 58:

Documents sufficient to show or from which it may be determined the number of Grande's or any other ISP's Customers or Users whose service was terminated as a result of allegations of repeat copyright infringement, per month since January 1, 2010.

**RESPONSE:**

In addition to its General Objections, Patriot objects to this request in that it seeks

irrelevant information, is not proportionate to the needs of the case, and seeks to impose undue

burden and expense on Patriot, which is not a party to this case. To the extent any relevant

documents are within the scope of the request, those documents should be sought in party

discovery from Grande. Moreover, documents that strictly concern non-parties have no potential

relevance in this case. Patriot also objects to this request as vague and ambiguous. Patriot

further objects to this request on grounds that it purports to require Patriot to disclose Patriot's

confidential commercial information. Finally, Patriot objects to this request to the extent it seeks

information protected by the attorney-client privilege, the work product doctrine, the common

interest doctrine, and other applicable privileges.

Subject to and without waiving these objections, Patriot will produce relevant, non-

privileged documents related to Grande that are responsive to this Request to the extent such

documents exist, are in Patriot's possession, custody or control, and are located after a

reasonably diligent search.

REQUEST NO. 59:

Documents sufficient to show or from which it may be determined the number of Grande's or any other ISP's Customers or Users against whom Patriot, Grande, or any other ISP have taken action or implemented measures in response to a Notice, per month, since January 1, 2010.

**RESPONSE:**

In addition to its General Objections, Patriot objects to this request in that it seeks irrelevant information, is not proportionate to the needs of the case, and seeks to impose undue burden and expense on Patriot, which is not a party to this case. To the extent any relevant documents are within the scope of the request, those documents should be sought in party discovery from Grande. Moreover, documents that strictly concern non-parties have no potential relevance in this case. Patriot also objects to this request as vague and ambiguous. Patriot further objects to this request on grounds that it purports to require Patriot to disclose Patriot's confidential commercial information. Finally, Patriot objects to this request to the extent it seeks information protected by the attorney-client privilege, the work product doctrine, the common interest doctrine, and other applicable privileges.

Subject to and without waiving these objections, Patriot will produce relevant, non-privileged documents related to Grande that are responsive to this Request to the extent such documents exist, are in Patriot's possession, custody or control, and are located after a reasonably diligent search.

REQUEST NO. 60:

All documents since January 1, 2010, concerning the average cost to Grande of obtaining a Customer or User.

**RESPONSE:**

In addition to its General Objections, Patriot objects to this request in that it seeks irrelevant information, is not proportionate to the needs of the case, and seeks to impose undue burden and expense on Patriot, which is not a party to this case. To the extent any relevant documents are within the scope of the request, those documents should be sought in party discovery from Grande. Patriot also objects to this request as vague and ambiguous. The request

is subject to numerous different interpretations in that it seeks "all documents since January 1, 2010, concerning…" without limitation.  Patriot further objects to this request on grounds that it purports to require Patriot to disclose Patriot's confidential commercial information.  Finally, Patriot objects to this request to the extent it seeks information protected by the attorney-client privilege, the work product doctrine, the common interest doctrine, and other applicable privileges.

Based on these objections, Patriot will not produce any documents in response to this request. Patriot is willing to meet and confer about a reasonable narrowing of this request, upon a showing that the requested material is relevant and cannot be obtained from a party to this case.

REQUEST NO. 61:

All documents since January 1, 2010, concerning Grande's average yearly revenue and profit for Customers for each level of internet service that Grande offers.

**RESPONSE:**

In addition to its General Objections, Patriot objects to this request in that it seeks irrelevant information, is not proportionate to the needs of the case, and seeks to impose undue burden and expense on Patriot, which is not a party to this case.  To the extent any relevant documents are within the scope of the request, those documents should be sought in party discovery from Grande.  Patriot also objects to this request as vague and ambiguous.  The request is subject to numerous different interpretations in that it seeks "all documents since January 1, 2010, concerning…" without limitation.  Patriot further objects to this request on grounds that it purports to require Patriot to disclose Patriot's confidential commercial information.  Finally, Patriot objects to this request to the extent it seeks information protected by the attorney-client privilege, the work product doctrine, the common interest doctrine, and other applicable

privileges.

Based on these objections, Patriot will not produce any documents in response to this request. Patriot is willing to meet and confer about a reasonable narrowing of this request, upon a showing that the requested material is relevant and cannot be obtained from a party to this case.

REQUEST NO. 62:

All documents since January 1, 2010, concerning the estimated total revenue and profit per Grande Customer account for the life of the account.

**RESPONSE:**

In addition to its General Objections, Patriot objects to this request in that it seeks irrelevant information, is not proportionate to the needs of the case, and seeks to impose undue burden and expense on Patriot, which is not a party to this case.  To the extent any relevant documents are within the scope of the request, those documents should be sought in party discovery from Grande.  Patriot also objects to this request as vague and ambiguous.  The request is subject to numerous different interpretations in that it seeks "all documents since January 1, 2010, concerning…" without limitation.  Patriot further objects to this request on grounds that it purports to require Patriot to disclose Patriot's confidential commercial information.  Finally, Patriot objects to this request to the extent it seeks information protected by the attorney-client privilege, the work product doctrine, the common interest doctrine, and other applicable privileges.

Based on these objections, Patriot will not produce any documents in response to this request. Patriot is willing to meet and confer about a reasonable narrowing of this request, upon a showing that the requested material is relevant and cannot be obtained from a party to this case.

REQUEST NO. 63:

Documents sufficient to show the amount and calculation of payments, compensation, assets, or any other things of value provided to Patriot by Grande, since January 1, 2010.

**RESPONSE:**

In addition to its General Objections, Patriot objects to this request in that it seeks irrelevant information, is not proportionate to the needs of the case, and seeks to impose undue burden and expense on Patriot, which is not a party to this case. To the extent any relevant documents are within the scope of the request, those documents should be sought in party discovery from Grande. Moreover, documents that strictly concern non-parties have no potential relevance in this case. Patriot also objects to this request as vague and ambiguous. The request is subject to numerous different interpretations in that it seeks documents "concerning" without limitation. Patriot further objects to this request on grounds that it purports to require Patriot to disclose Patriot's confidential commercial information. Finally, Patriot objects to this request to the extent it seeks information protected by the attorney-client privilege, the work product doctrine, the common interest doctrine, and other applicable privileges.

Subject to and without waiving these objections, Patriot will produce relevant, non-privileged documents related to Grande that are responsive to this Request to the extent such documents exist, are in Patriot's possession, custody or control, and are located after a reasonably diligent search.

REQUEST NO. 64:

Documents sufficient to show the average length of time Grande retains Customers or Users.

**RESPONSE:**

In addition to its General Objections, Patriot objects to this request in that it seeks

irrelevant information, is not proportionate to the needs of the case, and seeks to impose undue

burden and expense on Patriot, which is not a party to this case.  To the extent any relevant

documents are within the scope of the request, those documents should be sought in party

discovery from Grande.  Patriot also objects to this request as vague and ambiguous.  Patriot

further objects to this request on grounds that it purports to require Patriot to disclose Patriot's

confidential commercial information.  Finally, Patriot objects to this request to the extent it seeks

information protected by the attorney-client privilege, the work product doctrine, the common

interest doctrine, and other applicable privileges.

     Based on these objections, Patriot will not produce any documents in response to this

request. Patriot is willing to meet and confer about a reasonable narrowing of this request, upon a

showing that the requested material is relevant and cannot be obtained from a party to this case.


REQUEST NO. 65:

     Documents sufficient to show or from which it may be determined Grande's total number
of Customers or Users in the United States.

**RESPONSE:**

     In addition to its General Objections, Patriot objects to this request in that it seeks

irrelevant information, is not proportionate to the needs of the case, and seeks to impose undue

burden and expense on Patriot, which is not a party to this case.  To the extent any relevant

documents are within the scope of the request, those documents should be sought in party

discovery from Grande.  Patriot further objects to this request on grounds that it purports to

require Patriot to disclose Patriot's confidential commercial information.  Finally, Patriot objects

to this request to the extent it seeks information protected by the attorney-client privilege, the

work product doctrine, the common interest doctrine, and other applicable privileges.

Subject to and without waiving these objections, Patriot will produce relevant, non-privileged documents related to Grande that are responsive to this Request to the extent such documents exist, are in Patriot's possession, custody or control, and are located after a reasonably diligent search.

REQUEST NO. 66:

Documents since January 1, 2005, sufficient to show Grande's pricing for the different levels of internet services offered to Customers.

**RESPONSE:**

In addition to its General Objections, Patriot objects to this request in that it seeks irrelevant information, is not proportionate to the needs of the case, and seeks to impose undue burden and expense on Patriot, which is not a party to this case. To the extent any relevant documents are within the scope of the request, those documents should be sought in party discovery from Grande.

Subject to and without waiving these objections, Patriot will produce relevant, non-privileged documents related to Grande that are responsive to this Request to the extent such documents exist, are in Patriot's possession, custody or control, and are located after a reasonably diligent search.

REQUEST NO. 67:

Documents sufficient to show all terms of use and terms of service provided to Grande's or any other ISP's Customers or Users from January 1, 2010 to the present.

**RESPONSE:**

In addition to its General Objections, Patriot objects to this request in that it seeks irrelevant information, is not proportionate to the needs of the case, and seeks to impose undue

burden and expense on Patriot, which is not a party to this case. To the extent any relevant documents are within the scope of the request, those documents should be sought in party discovery from Grande. Moreover, documents that strictly concern non-parties have no potential relevance in this case.

Subject to and without waiving these objections, Patriot will produce relevant, non-privileged documents related to Grande that are responsive to this Request to the extent such documents exist, are in Patriot's possession, custody or control, and are located after a reasonably diligent search.

REQUEST NO. 68:

All documents concerning any changes to any ISP's terms of use or terms of service relating to copyright infringement or allegations of copyright infringement.

**RESPONSE:**

In addition to its General Objections, Patriot objects to this request in that it seeks irrelevant information, is not proportionate to the needs of the case, and seeks to impose undue burden and expense on Patriot, which is not a party to this case. To the extent any relevant documents are within the scope of the request, those documents should be sought in party discovery from Grande. Moreover, documents that strictly concern non-parties have no potential relevance in this case. Patriot also objects to this request as vague and ambiguous. The request is subject to numerous different interpretations in that it seeks "all documents concerning any changes…" without limitation. Patriot further objects to this request on grounds that it purports to require Patriot to disclose Patriot's confidential commercial information. Finally, Patriot objects to this request to the extent it seeks information protected by the attorney-client privilege, the work product doctrine, the common interest doctrine, and other applicable privileges.

Subject to and without waiving these objections, Patriot will produce relevant, non-privileged documents related to Grande that are responsive to this Request to the extent such documents exist, are in Patriot's possession, custody or control, and are located after a reasonably diligent search.

REQUEST NO. 69:

All documents since January 1, 2010, concerning Patriot's and Grande's document retention and/or destruction policies.

**RESPONSE:**

In addition to its General Objections, Patriot objects to this request in that it seeks irrelevant information, is not proportionate to the needs of the case, and seeks to impose undue burden and expense on Patriot, which is not a party to this case.  To the extent any relevant documents are within the scope of the request, those documents should be sought in party discovery from Grande.  Moreover, documents that strictly concern non-parties have no potential relevance in this case.  Patriot also objects to this request as vague and ambiguous.  The request is subject to numerous different interpretations in that it seeks "all documents since January 1, 2010, concerning…" without limitation.  Patriot further objects to this request on grounds that it purports to require Patriot to disclose Patriot's confidential commercial information.  Finally, Patriot objects to this request to the extent it seeks information protected by the attorney-client privilege, the work product doctrine, the common interest doctrine, and other applicable privileges.

Subject to and without waiving these objections, Patriot will produce relevant, non-privileged documents related to Grande that are responsive to this Request to the extent such documents exist, are in Patriot's possession, custody or control, and are located after a reasonably diligent search.

REQUEST NO. 70:

Documents sufficient to show Patriot's and Grande's organizational charts and structure, and executive titles and job occupants, since January 1, 2010.

**RESPONSE:**

In addition to its General Objections, Patriot objects to this request in that it seeks irrelevant information, is not proportionate to the needs of the case, and seeks to impose undue burden and expense on Patriot, which is not a party to this case. To the extent any relevant documents are within the scope of the request, those documents should be sought in party discovery from Grande. Moreover, documents that strictly concern non-parties have no potential relevance in this case. Patriot also objects to this request as vague and ambiguous. Patriot further objects to this request on grounds that it purports to require Patriot to disclose Patriot's confidential commercial information. Finally, Patriot objects to this request to the extent it seeks information protected by the attorney-client privilege, the work product doctrine, the common interest doctrine, and other applicable privileges.

Based on these objections, Patriot will not produce any documents in response to this request. Patriot is willing to meet and confer about a reasonable narrowing of this request, upon a showing that the requested material is relevant and cannot be obtained from a party to this case.

REQUEST NO. 71:

All documents supporting, refuting, or otherwise concerning your affirmative defenses or any other defenses in this lawsuit.

**RESPONSE:**

Patriot objects to this request in that it seeks irrelevant information. In particular, documents that strictly concern non-parties have no potential relevance in this case. Patriot further objects to this request to the extent it seeks information protected by the attorney-client

privilege, the work product doctrine, the common interest doctrine, and other applicable

privileges.

Based on these objections, Patriot will not produce any documents in response to this

request.

REQUEST NO. 72:

Documents sufficient to identify any fact witnesses you intend to call as a witness at any
trial or hearing in this lawsuit, including the witness's contact information, employment history,
and a list of topics that the witness will be called to testify about.

**RESPONSE:**

Patriot objects to this request in that it seeks irrelevant information.  In particular,

documents that strictly concern non-parties have no potential relevance in this case.  Patriot

further objects to this request to the extent it seeks information protected by the attorney-client

privilege, the work product doctrine, the common interest doctrine, and other applicable

privileges.

Based on these objections, Patriot will not produce any documents in response to this

request.

REQUEST NO. 73:

Documents sufficient to identify any expert witnesses you intend to call as a witness at
any trial or hearing in this case or that will submit an expert report in this case, including the
expert witnesses' curriculum vitae, contact information, employment history, testifying
experience, publications, and the topics that the witnesses will testify about or opine on.

**RESPONSE:**

Patriot objects to this request in that it seeks irrelevant information.  In particular,

documents that strictly concern non-parties have no potential relevance in this case.  Patriot

further objects to this request to the extent it seeks information protected by the attorney-client

privilege, the work product doctrine, the common interest doctrine, and other applicable

privileges.

Based on these objections, Patriot will not produce any documents in response to this request.

REQUEST NO. 74:

All documents concerning the Cox Litigation.

**RESPONSE:**

In addition to its General Objections, Patriot objects to this request in that it seeks irrelevant information, is not proportionate to the needs of the case, and seeks to impose undue burden and expense on Patriot, which is not a party to this case. Patriot further objects to this request as unduly burdensome because it seeks documents and information that are equally available to Plaintiffs. Patriot also objects to this request as vague and ambiguous. The request is subject to numerous different interpretations in that it seeks documents "concerning" without limitation. Finally, Patriot objects to this request to the extent it seeks information protected by the attorney-client privilege, the work product doctrine, the common interest doctrine, and other applicable privileges.

Subject to and without waiving these objections, Patriot will produce relevant, non-privileged documents related to Grande that are responsive to this Request to the extent such documents exist, are in Patriot's possession, custody or control, and are located after a reasonably diligent search.

REQUEST NO. 75:

All documents concerning any pending, threatened, or concluded lawsuit, arbitration, dispute resolution proceeding, investigation, or other matter involving Patriot or any ISP, concerning claims of copyright infringement.

**RESPONSE:**

In addition to its General Objections, Patriot objects to this request in that it seeks irrelevant information, is not proportionate to the needs of the case, and seeks to impose undue burden and expense on Patriot, which is not a party to this case.  To the extent any relevant documents are within the scope of the request, those documents should be sought in party discovery from Grande.  Moreover, documents that strictly concern non-parties have no potential relevance in this case.  Patriot also objects to this request as vague and ambiguous.  The request is subject to numerous different interpretations in that it seeks documents "concerning" without limitation.  Patriot further objects to this request on grounds that it purports to require Patriot to disclose Patriot's confidential commercial information.  Finally, Patriot objects to this request to the extent it seeks information protected by the attorney-client privilege, the work product doctrine, the common interest doctrine, and other applicable privileges.

Based on these objections, Patriot will not produce any documents in response to this request. Patriot is willing to meet and confer about a reasonable narrowing of this request, upon a showing that the requested material is relevant and cannot be obtained from a party to this case.

REQUEST NO. 76:

All communications between Patriot and any ISP, concerning the following topics: Plaintiffs, copyright infringement, the DMCA, repeat infringer policies, BitTorrent, Peer-to-Peer file sharing, customer monitoring, and the Cox Litigation.

**RESPONSE:**

In addition to its General Objections, Patriot objects to this request in that it seeks irrelevant information, is not proportionate to the needs of the case, and seeks to impose undue burden and expense on Patriot, which is not a party to this case.  To the extent any relevant documents are within the scope of the request, those documents should be sought in party discovery from Grande.  Moreover, documents that strictly concern non-parties have no potential

relevance in this case. Patriot also objects to this request as vague and ambiguous. The request

is subject to numerous different interpretations in that it seeks "all communications" without

limitation. Finally, Patriot objects to this request to the extent it seeks information protected by

the attorney-client privilege, the work product doctrine, the common interest doctrine, and other

applicable privileges.

Subject to and without waiving these objections, Patriot will produce relevant, non-

privileged documents related to Grande that are responsive to this Request to the extent such

documents exist, are in Patriot's possession, custody or control, and are located after a

reasonably diligent search.

REQUEST NO. 77:

All documents that you intend to use as exhibits in the trial or any hearing in this lawsuit.

**RESPONSE:**

Patriot objects to this request in that it seeks irrelevant information. In particular,

documents that strictly concern non-parties have no potential relevance in this case. Patriot

further objects to this request to the extent it seeks information protected by the attorney-client

privilege, the work product doctrine, the common interest doctrine, and other applicable

privileges.

Based on these objections, Patriot will not produce any documents in response to this

request.

REQUEST NO. 78:

All documents you identify or rely on in responding to Plaintiffs' Interrogatories.

**RESPONSE:**

Patriot objects to this request in that it seeks irrelevant information. In particular, documents that strictly concern non-parties have no potential relevance in this case. Patriot further objects to this request to the extent it seeks information protected by the attorney-client privilege, the work product doctrine, the common interest doctrine, and other applicable privileges.

Subject to and without waiving these objections, Patriot will produce relevant, non-privileged documents that are responsive to this Request to the extent such documents exist, are in Patriot's possession, custody or control, and are located after a reasonably diligent search.

Respectfully submitted,

Dated:  May 11, 2018

By: /s/ Richard L. Brophy_____
Richard L. Brophy
ARMSTRONG TEASDALE LLP
7700 Forsyth Blvd., Suite 1800
St. Louis, MO 63105
314.621.5070
rbrophy@armstrongteasdale.com

*Attorney for Non-Party Patriot Media
Consulting, LLC*

59

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on May 11, 2018, I served the foregoing electronically on the

following:

Daniel C. Bitting
State Bar No. 02362480
Paige A. Amstutz
State Bar No. 00796136
Scott Douglass & McConnico LLP
303 Colorado Street, Suite 2400
Austin, TX 78701
Telephone: (512) 495-6300
Facsimile: (512) 495-6399
dbitting@scottdoug.com
pamstutz@scottdoug.com

Pat A. Cipollone, P.C. (admitted *pro hac vice*)
Jonathan E. Missner (admitted *pro hac vice*)
Robert B. Gilmore (admitted *pro hac vice*)
Philip J. O'Beirne (admitted *pro hac vice*)
Stein Mitchell Cipollone Beato & Missner LLP
1100 Connecticut Avenue, NW Suite 1100
Washington, DC 20036
Telephone: (202) 737-7777
Facsimile: (202) 296-8312
pcipollone@steinmitchell.com
jmissner@steinmitchell.com
rgilmore@steinmitchell.com
pobeirne@steinmitchell.com

*Attorneys for Plaintiffs*

/s/ Richard L. Brophy