## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | |
|---|---|
| UMG RECORDINGS, INC., et al., | ) |
| Plaintiffs, | ) ) ) |
| vs. | ) ) |
| GRANDE COMMUNICATIONS NETWORKS LLC, | ) ) ) No. 1:17-cv-00365 ) |
| Defendant. | ) ) ) ) ) |

**<u>DEFENDANT GRANDE COMMUNICATION NETWORKS LLC'S OPPOSED MOTION TO COMPEL THE PRODUCTION OF DOCUMENTS AND INFORMATION FROM PLAINTIFFS</u>**

## INTRODUCTION

This is an action for secondary copyright infringement brought by Plaintiffs, certain record labels, against Defendant Grande Communications Networks LLC, a Texas Internet service provider ("ISP").  In this case, Plaintiffs seek to hold Grande liable for copyright infringement allegedly committed by Grande's subscribers.  Plaintiffs' claims are based on email notices to Grande of alleged infringement sent by Plaintiffs' agent, Rightscorp, Inc., which claims to have a system for monitoring online file-sharing activity.

The instant Motion concerns Plaintiffs' numerous deficient responses to certain requests for production and interrogatories.  Grande first served discovery requests on Plaintiffs in late September 2017, but until mid-April 2018, Plaintiffs did not produce any documents other than notices of alleged copyright infringement from Rightscorp to Grande—which Plaintiffs assert were already in Grande's possession—and copyright registrations.  After months and months of subsequent efforts by Grande to cajole a comprehensive document production from Plaintiffs, Plaintiffs' production remains woefully incomplete.

Plaintiffs still refuse to produce _any_ documents responsive to numerous requests that seek relevant documents and are reasonably tailored to the issues in this case.  Plaintiffs have unilaterally narrowed the scope of many other requests, seemingly in order to avoid producing responsive, relevant documents.  Plaintiffs also refuse to produce emails in accordance with the parties' agreed-upon procedures for conducting e-discovery, and refuse to answer interrogatories seeking basic, fundamental information regarding the basis of Plaintiffs' copyright infringement claims and their claimed damages.  As a result, Grande has been forced to seek relief from this Court in order to obtain full and complete discovery from Plaintiffs.

As set forth in the attached Brophy Declaration, Grande has conferred in good faith with

Plaintiffs in an effort to resolve the matters addressed herein, including in a comprehensive meet and confer teleconference on July 5, 2018, but the parties were unable to come to an agreement on these issues. *See* Ex. A, ¶ 5. Accordingly, Grande respectfully requests an order from the Court granting this Motion and compelling Plaintiffs to produce the documents and information at issue.[1]

## ARGUMENT

**I.  PLAINTIFFS IMPROPERLY REFUSE TO PRODUCE DOCUMENTS IN RESPONSE TO A SIGNIFICANT NUMBER OF GRANDE'S REQUESTS**

In response to a significant number of Grande's discovery requests, Plaintiff served blanket, boilerplate objections under which Plaintiffs refused to produce *any* responsive documents. *See, e.g.*, Ex. 1[2] (Warner's Obj. & Resp. to 1st Set of RFP) at RFP 15, 16, 34, 38; Ex. 4 (Warner's Obj. & Resp. to 2nd Set of RFP) at RFP 46, 49, 59, 63.[3] Contrary to Plaintiffs' objections, each of Grande's requests seeks documents that are directly relevant in this case.

Due to the number of requests for which Plaintiffs are refusing to produce materials—and in an effort to avoid lengthy briefing—Grande has compressed its argument into the table set forth below. This table includes a brief description of each request and of the issues in the case to which the discovery is relevant.

---

[1] The discovery responses at issue are attached to this Motion. The numerous Plaintiffs are organized in three groups by parent company—Warner, Universal, and Sony. Grande therefore served written discovery to each of these three groups, and each group of Plaintiffs served essentially identical responses. *See* Exs. 1-3 (Plfs.' Obj. & Resp. to 1st Set of RFP), 4-6 (Plfs.' Obj. & Resp. to 2nd Set of RFP), 7-9 (Plfs.' Obj. & Resp. to 2nd Set of Interrogs.). Accordingly, in the discussion below of Plaintiffs' insufficient responses, Grande refers to one representative discovery response.

[2] References to numbered exhibits refer to the exhibits to the Brophy Declaration, with the exception of Exhibits 7-9, which are the subject of a contemporaneously-filed Motion for Leave to File under Seal.

[3] The cited discovery responses are representative of all of Plaintiffs' responses. *See supra* n.1.

| RFP # | TOPIC SUMMARY | BASIS FOR GRANDE'S REQUEST |
|---|---|---|
| 15 | Documents reflecting losses Plaintiffs claim ISPs incur as a result of infringement on their networks (Ex. 1 at 9-10) | Plaintiffs' agent Rightscorp served a letter on Grande claiming that infringement occurring on its network costs Grande money.  See Ex. 13 ("It is costing Grande Communications a lot of capital expenditures to service all of the infringement occurring on your network.").  Grande should be permitted discovery on this issue at least because Plaintiffs assert that Grande was motivated to allow infringement on its network due to its interest in increasing profits.  *See* Compl. at ¶¶ 6, 57-59.<br>*Relevant at least to: Liability and Statutory Damages* |
| 16 | Documents reflecting negative effects of infringement on ISP networks such as reduced bandwidth or increased costs (Ex. 1 at 10) | This request is related to RFP 15 above and properly seeks documents reflecting the burdens that copyright infringement places on ISP networks.  Plaintiffs assert that Grande actively marketed to infringers to make money, and Grande should be permitted to discover evidence rebutting that assertion.<br>*Relevant at least to: Liability and Statutory Damages* |
| 34 | Documents evidencing Plaintiffs' ability to detect infringement on ISP networks and Plaintiffs' knowledge of such infringement (Ex. 1 at 20) | Grande should be permitted discovery on this issue at least because (1) Plaintiffs intend to seek damages beyond the statutory damages period by arguing that they were unaware infringement was taking place, and (2) Plaintiffs intend to argue that they are capable of detecting and reporting <u>actual infringement</u> occurring on ISP networks.  *See, e.g.*, Compl. at ¶ 43 (ECF No. 1).<br>*Relevant at least to: Plaintiffs' Discovery Rule Argument and Liability* |
| 38 | Documents regarding enforcement of claims against individual infringers, the difficulties of such claims, and the decisions not to bring such claims (Ex. 1 at 22) | Plaintiffs must prove direct infringement by subscribers as part of its case against Grande.  Yet, Plaintiffs refuse to produce documents regarding difficulties they experienced in establishing those claims.  Moreover, valuations of claims against individual infringers—or the cost/benefit analysis of moving forward with those claims—bears on the question of damages.  Grande offered to narrow this request to claims involving the same peer-to-peer infringement alleged in this case, but Plaintiffs still refused to produce any documents.<br>*Relevant at least to: Liability and Statutory* |

| | | |
|---|---|---|
| | | *Damages* |
| 46 | Documents relating to "spoofed" DMCA infringement notices (Ex. 4 at 3-4) | A key issue in this case is the accuracy of the "infringement" notices that Grande received. Directly related to this issue is the problem of faked or "spoofed" copyright infringement notices—a well-known problem in the industry. *See, e.g.*, Ex. 14 (C. Hassan, "Thousands of Fraudulent Copyright Infringement Demands Are Being Emailed …", Digital Music News, June 24, 2016). Grande should be able to discover evidence in Plaintiffs' possession relating to this issue.<br>*Relevant at least to: Liability and Statutory Damages* |
| 49 | Documents relating to payments by Rightscorp to Plaintiffs (Ex. 4 at 5-6) | Because Plaintiffs are relying exclusively on notices of alleged infringement generated by Rightscorp as evidence of liability, Grande should be permitted to explore the financial relationship between Rightscorp and Plaintiffs relating to these notices. This issue also bears directly on damages and the avoidance of double recovery, to the extent Rightscorp extracted settlements from Grande subscribers.<br>*Relevant at least to: Liability, Actual Damages, and Statutory Damages* |
| 59 | Documents relating to agreements between Rightscorp and Plaintiffs (Ex. 4 at 11-12) | Grande should be permitted to explore the legal relationship between Rightscorp and Plaintiffs through any proposed or executed agreements. This includes any email or other communications related to those agreements. Plaintiffs' vague reference to Rightscorp's production—which Plaintiffs subsequently admitted does not include the referenced agreement—does not address related materials and communications and fails to constitute a production of Plaintiffs' documents.<br>*Relevant at least to: Liability, Actual Damages, and Statutory Damages* |
| 63 | Documents reflecting efforts by Plaintiffs to combat copyright infringement through BitTorrent (Ex. 4 at 14) | Grande should be permitted to explore what efforts (if any) Plaintiffs have undertaken to prevent the infringement for which they now seek to recover from Grande. This discovery relates, at a minimum, to Plaintiffs' allegation that it is possible to reduce or stop copyright infringement from taking place over the Internet.<br>*Relevant at least to: Actual and Statutory Damages* |

These requests are plainly directed to discoverable subject matter, yet Plaintiffs refuse to

4

produce <u>any</u> documents responsive to these requests.  The Court should therefore order Plaintiffs to remedy this failure and produce the requested documents.

## II.     PLAINTIFFS HAVE UNILATERALLY MODIFIED CERTAIN REQUESTS AND REFUSE TO PRODUCE DOCUMENTS RESPONSIVE TO THE FULL SCOPE OF GRANDE'S REQUESTS FOR PRODUCTION

In their response to numerous other requests from Grande, Plaintiffs have engaged in unacceptable sleight-of-hand responses which rewrite Grande's requests without permission or agreement from Grande.  *See* Ex. 1 (Warner's Obj. & Resp. to 1st Set of RFP) at RFP 18, 19, 21, 22, 23, 24, 25, 31; Ex. 4 (Warner's Obj. & Resp. to 2nd Set of RFP) at RFP 44, 47, 48, 55, 58, 61.[4]  Plaintiffs' refusal to produce responsive documents and to instead reimagine those requests to change their scope is improper.

| RFP # | TOPIC SUMMARY | RELEVANCY |
|---|---|---|
| 18 | Documents relating to communications from ISPs in response to Rightcorp notices (Ex. 1 at 11) | An important issue in this case is the legitimacy of Rightscorp's notices and the ability of an ISP to meaningfully process and act on those notices.  Grande's requests seek information regarding how ISPs react to Rightscorp's infringement notices.  Plaintiffs rewrote the discovery request to limit production to communications with <u>Grande</u> and to exclude communications with all other ISPs.  Such other communications may contain relevant information about the inadequacy of the Rightscorp notices, demonstrate the reasonableness of Grande's response relative to its peers, and/or address Rightscorp's ability to provide information that would allow ISPs to meaningfully evaluate allegations of infringement.<br>*Relevant at least to: Liability and Statutory Damages* |
| 19 | Documents relating to communications between Plaintiffs and Rightscorp (Ex. 1 at 11-12) | Grande should be permitted to understand the nature of the business relationship between Plaintiffs and Rightscorp.  Yet, Plaintiffs' objections reword the request to indicate they will only produce communications between Plaintiffs and Rightscorp |

---

[4] The cited discovery responses are representative of all of Plaintiffs' responses.  *See supra* n.1.

| | | |
|---|---|---|
| | | about Grande subscribers. This excludes other relevant communications between Plaintiffs and Rightscorp such as: the relationship and agreements between them, the nature of and problems with the Rightscorp system, difficulties in determining ownership of the copyrights at issue, payments made pursuant to copyright notices, and the complaints and defects inherent in the Rightscorp notices.<br>*Relevant at least to: Liability and Actual and Statutory Damages* |
| 21 | Documents regarding the Rightscorp System (Ex. 1 at 12-13) | Grande seeks all documents regarding the operation of the Rightscorp system. This includes its use, its development, and flaws in its methodology or operation. Plaintiffs' objections improperly limit their production to documents regarding the Rightscorp System "as it relates to this lawsuit." Plaintiffs should be required to produce <u>all</u> responsive documents regarding the Rightscorp system.<br>*Relevant at least to: Liability* |
| 22 | Documents regarding ¶ 43 of the Complaint—Rightscorp's ability to detect actual infringement (Ex. 1 at 13) | Plaintiffs allege that the Rightscorp system is capable of "identifying <u>actual infringements</u> and the perpetrators of those infringements." Compl. at ¶ 43 (ECF No. 1). Grande seeks documents relating to that disputed allegation. Plaintiffs' objections state that they will only produce documents regarding the systems operation "as it relates to this lawsuit" (same as RFP 21). This artificial limitation may exclude other materials reflecting its inability to detect actual infringement.<br>*Relevant at least to: Liability and Actual and Statutory Damages* |
| 23 | Documents regarding ¶ 43 of the Complaint—Rightscorp's ability to acquire entire files from infringing host computers (Ex. 1 at 13-14) | Grande should be permitted to discover evidence relating to whether Rightscorp's system has the capability to acquire entire files from host computers. Yet, Plaintiffs provided the same improper limitation on the production of Rightscorp System documents as its response to RFP No. 21. Producing materials describing the operation of the system is not the same as producing the broader set of materials that may reveal flaws in the system's capabilities.<br>*Relevant at least to: Liability and Actual and Statutory Damages* |
| 24 | Documents relating to flaws | As with RFP 21, Plaintiffs have improperly limited |

6

| | | |
|---|---|---|
| | in or modifications to the Rightscorp system (Ex. 1 at 14-15) | their response to documents concerning Grande. Plaintiffs improperly refuse to produce all documents relating to errors, performance issues, etc. in the Rightscorp system.<br>*Relevant at least to: Liability* |
| 25 | Documents relating to inaccurate Rightscorp notices sent to Grande or other ISPs (Ex. 1 at 15) | As with RFP 21, Plaintiffs have improperly limited their response to documents concerning notices sent to Grande. All documents reflecting errors in Rightscorp's notices are relevant in this case.<br>*Relevant at least to: Liability* |
| 31 | Documents regarding ¶ 34 of the Complaint—licensing of Plaintiffs' alleged copyrighted sound recordings (Ex. 1 at 18-19) | Plaintiffs refuse to produce documents regarding licensing and royalties they receive for the asserted works. Instead, Plaintiffs improperly and vaguely offer to produce documents they "may" rely on to support an "actual damages" claim. Grande is entitled to obtain discovery regarding license agreements and royalty rates pertaining to the copyrights at issue because this information is directly relevant to damages.<br>*Relevant at least to: Actual and Statutory Damages* |
| 44 | Documents relating to Rightscorp's failure to digitally sign its infringement notices to ISPs (Ex. 4 at 2) | Plaintiffs' response is limited to documents "reflecting" (rather than "relating to") Rightscorp's decision not to digitally sign its notices and is further limited to those "notices transmitted to Grande" (rather than to ISPs generally, as Grande requested). Grande should be permitted to discover all documents bearing on Rightscorp's refusal to digitally sign its notices of alleged infringement.<br>*Relevant at least to: Liability and Actual and Statutory Damages* |
| 47 | Documents relating to ISPs who refused to process Rightscorp infringement notices (Ex. 4 at 4) | Plaintiffs improperly refuse to produce documents concerning other ISPs that have refused to process Rightscorp's notices. These documents are directly relevant at least to uncovering any flaws or shortcomings of the Rightscorp system/notices.<br>*Relevant at least to: Liability and Actual and Statutory Damages* |
| 48 | Documents regarding other infringement monitoring and notification systems (Ex. 4 at 4-5) | Plaintiffs refuse to produce documents relating to other systems for monitoring and notifying ISPs of alleged peer-to-peer copyright infringement. Documents regarding other notification systems are relevant to whether the Rightscorp's methods are reasonable and technically sound, and may bear on Plaintiffs' knowledge of flaws in the Rightscorp system relative to third-party monitoring/notification systems. |

7

| | | *Relevant at least to: Liability* |
|---|---|---|
| 55 | Documents relating to how ISPs should respond to Rightscorp notices (Ex. 4 at 9) | Plaintiffs refuse to produce documents regarding how ISPs in general should respond to Rightscorp notices. Documents not speaking directly to Grande, but bearing on the issue of how an ISP should comply with infringement notices, are directly relevant to the case, including whether Grande's conduct was "reasonable" under the DMCA safe harbor. Grande offered to narrow this request to notices regarding infringement from peer-to-peer networks (like BitTorrent), but Plaintiffs still refused to agree to produce documents. *Relevant at least to: Liability and Actual and Statutory Damages* |
| 58 | Documents reflecting how ISPs can verify whether Rightscorp notices identify actual instances of direct copyright infringement (Ex. 4 at 11) | Plaintiffs agree to produce any documents regarding how Grande should verify information found in Rightscorp notices, but they refuse to produce similar documents that do not specifically name Grande. Plaintiffs should be required to produce all documents that address how/whether an ISP can verify the information contained in Rightscorp's notices. *Relevant at least to: Liability and Actual and Statutory Damages* |
| 61 | Documents relating to communications between Rightscorp and any ISP (excluding routine infringement notices) (Ex. 4 at 12-13) | Plaintiffs agreed to produce communications between Rightscorp and Grande, but they refuse to produce similar communications between Rightscorp and third-party ISPs. These documents are plainly relevant because they may evidence flaws in the Rightscorp system and/or may demonstrate that Rightscorp provided third parties with information that it failed to provide to Grande. *Relevant at least to: Liability and Actual and Statutory Damages* |

In sum, these requests are directed to relevant, discoverable subject matter. Plaintiffs' improper objections should be overruled, and they should be ordered to produce documents responsive to the full scope of Grande's requests.

### III. THE COURT SHOULD ORDER PLAINTIFFS TO COMPLETE THEIR EMAIL PRODUCTION

As the Court is aware, when conducting email discovery, it is customary for parties in

8

complex cases to agree to forego traditional requests for production, in favor of exchanging sets of custodians and search terms for collecting and producing responsive emails.  There is a quid-pro-quo inherent in this approach—the parties agree to forego a more exhaustive search of the other party's relevant emails, in exchange for the ability to obtain all non-privileged documents from the identified custodians that are responsive to its search terms.

This is what the parties agreed to do in this case.  Ex. A (Brophy Decl.), ¶ 6.  Plaintiffs provided a list of custodians and search terms, which Grande used for searching and producing emails.  *Id.* at ¶ 7.  Pursuant to the parties' agreement, the only filtering Grande performed—besides application of the search terms—was to remove privileged and work product materials.  *Id.*  Using Plaintiffs' search terms, Grande produced over two million pages of email.  *Id.*

When it came to Plaintiffs' email production, however, Plaintiffs refused to abide by the parties' agreement.  For Plaintiffs' email production, Grande supplied a list of custodians to Plaintiffs and proposed a set of search terms that was nearly identical to those used for Grande's email production.  *Id.*, ¶ 8.  Incredibly, Plaintiffs objected to use of those search terms.  *Id.*, ¶ 9.  As a result, Plaintiffs forced Grande to devote a huge amount of time and effort to negotiating what search terms Plaintiffs would use in collecting and producing emails.  *Id.*  In an effort to avoid bringing unnecessary disputes to the Court, Grande ultimately agreed to significantly narrow the scope of the search terms to be applied to Plaintiffs' email production.  *Id.*

Nevertheless, after the parties came to agreement on Grande's search terms, Plaintiffs still refused to produce all responsive, non-privileged emails.  *Id.*, ¶ 10.  After Plaintiffs ran the agreed-upon search terms, they conducted what they described as a second "relevance" screening.  *Id.*  Through this screening process, Plaintiffs made unilateral and subjective determinations regarding the relevance of responsive emails and excluded from production

9

emails that were otherwise responsive to Grande's search terms. *Id*. Plaintiffs finally completed their email production on June 7, 2018. Ex. A (Brophy Declaration), ¶ 11.

Grande respectfully submits that Plaintiffs' post-search "relevance" screening is an improper attempt to frustrate the custodial search protocol the parties agreed to use as a replacement for the more traditional (and exhaustive) methods of conducting discovery. Plaintiffs' approach undermines the quid-pro-quo inherent in the use of search terms for e-discovery and unfairly biases the discovery process in their favor. Plaintiffs used the custodial search process to avoid conducting an exhaustive search of their emails for responsiveness, while retaining the ability to cull the set of responsive materials by plucking from that production any documents they subjectively determine are "not relevant." This is improper.

Accordingly, Grande requests an order from the Court requiring Plaintiffs to produce <u>all</u> non-privileged emails responsive to the parties' agreed search terms.

## IV. THE COURT SHOULD ORDER PLAINTIFFS TO FULLY ANSWER GRANDE'S INTERROGATORIES 13 AND 19

**Interrogatory No. 13** requests that Plaintiffs identify the specific facts supporting their claims for secondary copyright infringement against Grande. This includes identification of the specific work infringed, the owner of the work, the Grande subscriber or IP address responsible for committing direct infringement, the specific act that constitutes the direct infringement, and the information provided to Grande that put it on notice that the infringement would occur. Ex. 7 (Warner's Obj. & Resp. to 2nd Interrogs.) at 1.[5]

Plaintiffs responded to this Interrogatory by referencing huge swaths of their document

---

[5] The cited discovery responses are representative of all of Plaintiffs' responses. *See supra* n.1. Exhibits 7-9, which reflect the interrogatory answers at issue, are the subject of a contemporaneously-filed Motion for Leave to File under Seal.

10

production, including a collection of over 1.3 million pages of Rightscorp email notices. *See id.* at 2-5. If Plaintiffs were pursuing a copyright infringement claim based on a single asserted copyright, Plaintiffs would plainly be required to provide a detailed response to this Interrogatory. Plaintiffs' decision to assert numerous copyrights—thereby enabling Plaintiffs to seek damages associated with each such copyright—does not relieve them of this basic discovery obligation. Indeed, Plaintiffs did not object to this Interrogatory as unduly burdensome or overbroad, and accordingly they should be required to answer it fully. *See id.* at 2. There is no question that the requested information is relevant.

Moreover, Plaintiffs' attempted reliance on Fed. R. Civ. P. 33(d) is improper. "[T]he burden of deriving or ascertaining the answer" from the enormous collection of identified documents is <u>not</u> "substantially the same for either party." This interrogatory seeks information at the core of Plaintiffs' infringement claims, which Plaintiffs must have already analyzed as a Rule 11 prerequisite to filing this lawsuit.

Nevertheless, Plaintiffs objected to fully answering the Interrogatory on grounds that it would require Plaintiffs to "marshal all of their evidence in support of their case, even while discovery is ongoing." *Id.* at 2. Now that the parties are nearing the end of fact discovery, however, this is no longer a valid objection—if it ever was. The Court should therefore order Plaintiffs to fully respond to this request for basic and critically relevant information.

**Interrogatory No. 19** requests that Plaintiffs identify the total number of alleged instances of infringement for which they are seeking to recover damages, and for each to identify the evidence they will rely on to support a claim for actual or statutory damages. Plaintiffs refused to substantively answer this Interrogatory. *Id.* at 13-14.

Instead, Plaintiffs again merely referred Grande to the 1.3 million Rightscorp notices

produced in this litigation and then vaguely suggested that they will rely on Grande's revenues and profits, the valuation of Grande's business, and the amount of Grande's profits from the infringing activity to prove damages.  *See id.*  This answer is plainly insufficient.  As with Interrogatory No. 13, Plaintiffs did not and could not claim that this Interrogatory is overly broad or unduly burdensome.  *See id.*  It is also improper for Plaintiffs to rely on Rule 33(d) because Grande is seeking <u>Plaintiffs' position</u> on the number and nature of instances of copyright infringement for which they are seeking damages.  The Court should therefore order Plaintiffs to fully answer Interrogatory No. 19.

## CONCLUSION

For the foregoing reasons, Grande respectfully request that the Court grant this Motion to Compel and order any other relief the Court deems just and proper.

Dated:  July 6, 2018.

By: /s/ Richard L. Brophy
Richard L. Brophy
Zachary C. Howenstine
Margaret R. Szewczyk
Armstrong Teasdale LLP
7700 Forsyth Blvd., Suite 1800
St. Louis, Missouri 63105
Telephone:  314.621.5070
Fax:  314.621.5065
rbrophy@armstrongteasdale.com
zhowenstine@armstrongteasdale.com
mszewczyk@armstrongteasdale.com

Attorneys for Defendant GRANDE
COMMUNICATIONS NETWORKS LLC

**CERTIFICATE OF SERVICE**

The undersigned certifies that on July 6, 2018, all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system pursuant to Local Rule CV-5(b)(1).

/s/ Richard L. Brophy
Richard L. Brophy
