# EXHIBIT 1

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| UMG RECORDINGS, INC., *et al.* | § § § | |
| Plaintiffs, | § § | |
| vs. | § § | |
| | § | Civil Action No. 1:17-cv-365 |
| GRANDE COMMUNICATIONS NETWORKS LLC and PATRIOT MEDIA CONSULTING, LLC | § § § § | Jury Trial Demanded |
| Defendants | § § § | |

**WARNER PLAINTIFFS' OBJECTIONS AND RESPONSES TO DEFENDANTS' FIRST**
**SET OF REQUESTS FOR PRODUCTION**

Pursuant to Federal Rules of Civil Procedure 26 and 34, and the Protective Order entered in this matter, Warner Bros. Records Inc., Atlantic Recording Corporation, Elektra Entertainment Group Inc., Fueled by Ramen LLC, Nonesuch Records Inc., Rhino Entertainment Company, and Roadrunner Records, Inc. (together the "Warner Plaintiffs" or "Plaintiffs") serve their Objections and Responses to Defendants' First Set of Requests for Production. Plaintiffs reserve the right to supplement or modify these Objections and Responses based on further information adduced during discovery.

**OBJECTIONS AND RESPONSES TO SPECIFIC REQUESTS FOR PRODUCTION**

**REQUEST FOR PRODUCTION NO. 1:**

All documents and things, the identification of which is requested in Defendants' First Set of Interrogatories.

1

**RESPONSE:**  Plaintiffs object to this request as overbroad, as it encompasses a wide range of materials that are not relevant and not proportional to the needs of the case, and thus not discoverable under Federal Rule of Civil Procedure 26.  Plaintiffs further object to this request as seeking information protected by the attorney-client and work product privileges.

Subject to and without waiving these objections, as well as Plaintiffs' objections to Defendants' First Set of Interrogatories, Plaintiffs will produce all non-privileged, relevant and responsive documents, in their possession, custody and control (other than documents Defendants have produced to Plaintiffs in discovery) that Plaintiffs identify in their responses to Defendants' First Set of Interrogatories.

**REQUEST FOR PRODUCTION NO. 2:**

All documents and things consulted or relied upon, but not identified, in responding to Defendants' First Set of Interrogatories.

**RESPONSE:**  Plaintiffs object to this request as vague, particularly the term "consulted," and because this request does not adequately describe the documents being requested.  In addition, Plaintiffs object to this request as overbroad, as it encompasses a wide range of materials that are not relevant and not proportional to the needs of the case, and thus not discoverable under Federal Rule of Civil Procedure 26.  Plaintiffs further object to this request as seeking information protected by the attorney-client and work product privileges.  In light of these objections, Plaintiffs will not be producing documents in response to this request.

**REQUEST FOR PRODUCTION NO. 3:**

All documents and things that refer to, relate to, or evidence Plaintiffs' Causes of Action  or that Plaintiffs may rely on to support their Causes of Action.

**RESPONSE:**  Plaintiffs object to this request as overbroad, as it encompasses a wide range of

materials that are not relevant and not proportional to the needs of the case, and thus not discoverable under Federal Rule of Civil Procedure 26.  Plaintiffs further object to this request as seeking information protected by the attorney-client and work product privileges.

Subject to and without waiving these objections, Plaintiffs will produce relevant, non-privileged documents that evidence Plaintiffs' Causes of Action and/or that Plaintiffs may rely on to support their Causes of Action (other than documents Defendants have produced to Plaintiffs in discovery).

**REQUEST FOR PRODUCTION NO. 4:**

All documents and things that refer to Grande.

**RESPONSE:**  Plaintiffs object to this request as overbroad, as it encompasses a wide range of materials that are not relevant and not proportional to the needs of the case, and thus not discoverable under Federal Rule of Civil Procedure 26.  Plaintiffs further object to this request as seeking information protected by the attorney-client and work product privileges.

Subject to and without waiving these objections, Plaintiffs will produce relevant, non-privileged documents responsive to this request, to the extent such documents exist, are in Plaintiffs' possession, custody or control (other than documents Defendants have produced to Plaintiffs in discovery), and are located after a reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 5:**

All documents and things that refer to Patriot.

**RESPONSE:**  Plaintiffs object to this request as overbroad, as it encompasses a wide range of materials that are not relevant and not proportional to the needs of the case, and thus not discoverable under Federal Rule of Civil Procedure 26.  Plaintiffs further object to this request as seeking information protected by the attorney-client and work product privileges.

Subject to and without waiving these objections, Plaintiffs will produce relevant, non-privileged documents responsive to this request, to the extent such documents exist, are in Plaintiffs' possession, custody or control (other than documents Defendants have produced to Plaintiffs in discovery), and are located after a reasonably diligent search.

## REQUEST FOR PRODUCTION NO. 6:

All documents and things that refer or relate to the "separate and distinct act[s] of infringement" referenced in paragraphs 67 and 81 of the Complaint.

**RESPONSE:** Plaintiffs object to this request as overbroad, as it encompasses a wide range of materials that are not relevant and not proportional to the needs of the case, and thus not discoverable under Federal Rule of Civil Procedure 26. Plaintiffs further object to this request as seeking information protected by the attorney-client and work product privileges.

Subject to and without waiving these objections, Plaintiffs will produce non-privileged documents evidencing the infringement of Plaintiffs' copyrights discussed in paragraphs 67 through 81 of the Complaint, to the extent such documents exist, are in Plaintiffs' possession, custody or control (other than documents Defendants have produced to Plaintiffs in discovery), and are located after a reasonably diligent search.

## REQUEST FOR PRODUCTION NO. 7:

For each "separate and distinct act of infringement" referenced in paragraphs 67 and 81 of the Complaint, all documents and things that refer or relate to the conduct alleged to constitute the underlying act(s) of direct infringement.

**RESPONSE:** Plaintiffs object to this request as overbroad, as it encompasses a wide range of materials that are not relevant and not proportional to the needs of the case, and thus not discoverable under Federal Rule of Civil Procedure 26. Plaintiffs further object to this request as

4

seeking information protected by the attorney-client and work product privileges.

Subject to and without waiving these objections, Plaintiffs will produce non-privileged documents evidencing the infringement of Plaintiffs copyrights discussed in paragraphs 67 through 81 of the Complaint, to the extent such documents exist, are in Plaintiffs' possession, custody or control (other than documents Defendants have produced to Plaintiffs in discovery), and are located after a reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 8:**

All documents and things that refer or relate to alleged copyright infringement committed  by Grande Subscribers.

**RESPONSE:**  Plaintiffs object to this request as overbroad, as it encompasses a wide range of materials that are not relevant and not proportional to the needs of the case, and thus not discoverable under Federal Rule of Civil Procedure 26.  Plaintiffs further object to this request as seeking information protected by the attorney-client and work product privileges.

Subject to and without waiving these objections, Plaintiffs will produce relevant, non-privileged documents evidencing the infringement of Plaintiffs' copyrights by Grande users, to the extent such documents exist, are in Plaintiffs' possession, custody or control (other than documents Defendants have produced to Plaintiffs in discovery), and are located after a reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 9:**

All documents and things that refer to, relate to, or evidence that the alleged copyright infringement committed by Grande Subscribers was or is willful.

**RESPONSE:**  Plaintiffs object to this request as overbroad, as it encompasses a wide range of materials that are not relevant and not proportional to the needs of the case, and thus not

discoverable under Federal Rule of Civil Procedure 26.  Plaintiffs further object to this request as seeking information protected by the attorney-client and work product privileges.

Subject to and without waiving these objections, Plaintiffs will produce relevant, non-privileged documents evidencing that the infringement of Plaintiffs' copyrights by Grande users was or is willful, to the extent such documents exist, are in Plaintiffs' possession, custody or control (other than documents Defendants have produced to Plaintiffs in discovery), and are located after a reasonably diligent search.

## REQUEST FOR PRODUCTION NO. 10:

All documents and things that support or relate to your allegation in paragraph 57 of the Complaint that "subscribers who frequently upload copyrighted content often pay higher  monthly premiums for higher bandwidth."

**RESPONSE:**  Plaintiffs object to this request as overbroad, as it encompasses a wide range of materials that are not relevant and not proportional to the needs of the case, and thus not discoverable under Federal Rule of Civil Procedure 26.  Plaintiffs further object that this request seeks documents in the possession, custody or control of Defendants and Grande Subscribers, including the amount of bandwidth purchased by any particular subscriber and any additional charges imposed by Grande for exceeding such bandwidth.  Plaintiffs also object to this request as seeking information protected by the attorney-client and work product privileges.

Subject to and without waiving these objections, Plaintiffs will produce relevant, non-privileged documents evidencing the referenced allegation in paragraph 57 of the Complaint, to the extent such documents exist, are in Plaintiffs' possession, custody or control (other than documents Defendants have produced to Plaintiffs in discovery), and are located after a reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 11:**

All documents and things that refer to, relate to, or evidence Grande Subscribers that signed up for Grande's internet service due to the ability to commit acts of infringement using Grande's network.

**RESPONSE:** Plaintiffs object to this request as overbroad, as it encompasses a wide range of materials that are not relevant and not proportional to the needs of the case, and thus not discoverable under Federal Rule of Civil Procedure 26. Plaintiffs further object to this request on the ground that it seeks documents in the possession, custody or control of Defendants and Grande Subscribers. Plaintiffs also object to this request as seeking information protected by the attorney-client and work product privileges.

Subject to and without waiving these objections, Plaintiffs will produce relevant, non-privileged documents evidencing that Grande Subscribers signed up for Grande's internet service due to the ability to commit acts of infringement using Grande's network, to the extent such documents exist, are in Plaintiffs' possession, custody or control (other than documents Defendants have produced to Plaintiffs in discovery), and are located after a reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 12:**

All documents and things that refer to, relate to, or evidence Grande Subscribers that continued their subscription for Grande's internet service due to the ability to commit acts of infringement using Grande's network.

**RESPONSE:** Plaintiffs object to this request as overbroad, as it encompasses a wide range of materials that are not relevant and not proportional to the needs of the case, and thus not discoverable under Federal Rule of Civil Procedure 26. Plaintiffs further object to this request on the ground that it seeks documents in the possession, custody or control of Defendants and Grande

Subscribers.  Plaintiffs also object to this request as seeking information protected by the attorney-client and work product privileges.

Subject to and without waiving these objections, Plaintiffs will produce relevant, non-privileged documents evidencing that Grande Subscribers continued to use Grande's internet service due to the ability to commit acts of infringement using Grande's network, to the extent such documents exist, are in Plaintiffs' possession, custody or control (other than documents Defendants have produced to Plaintiffs in discovery), and are located after a reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 13:**

All documents and things that refer to, relate to, or evidence Grande Subscribers that discontinued or cancelled their subscription for Grande's internet service due to the ability or inability to commit acts of infringement using Grande's network.

**RESPONSE:**  Plaintiffs object to this request as overbroad, as it encompasses a wide range of materials that are not relevant and not proportional to the needs of the case, and thus not discoverable under Federal Rule of Civil Procedure 26.  Plaintiffs further object to this request as it seeks documents in the possession, custody or control of Defendants and Grande Subscribers. Plaintiffs also object to this request as seeking information protected by the attorney-client and work product privileges.

Subject to and without waiving these objections, Plaintiffs will produce relevant, non-privileged documents evidencing that Grande Subscribers continued to use Grande's internet service due to the ability to commit acts of infringement using Grande's network, to the extent such documents exist, are in Plaintiffs' possession, custody or control (other than documents Defendants have produced to Plaintiffs in discovery), and are located after a reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 14:**

8

All documents and things that support or relate to your allegation in paragraph 66 of the Complaint that "the availability of music – and particularly Plaintiffs' music – acts as a powerful draw for users of Grande's service."

**RESPONSE:**  Plaintiffs object to this request as overbroad, as it encompasses a wide range of materials that are not relevant and not proportional to the needs of the case, and thus not discoverable under Federal Rule of Civil Procedure 26.  Plaintiffs further object to this request as it seeks documents in the possession, custody or control of Defendants and Grande Subscribers.  Plaintiffs also object to this request as seeking information protected by the attorney-client and work product privileges.

Subject to and without waiving these objections, Plaintiffs will produce relevant, non-privileged documents evidencing that the availability of music, including Plaintiffs' music, through infringing conduct such as use of BitTorrent or other peer-to-peer file sharing systems, acts as powerful draw for infringing Grande Subscribers to use Grande's internet service, to the extent such documents exist, are in Plaintiffs' possession, custody or control (other than documents Defendants have produced to Plaintiffs in discovery), and are located after a reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 15:**

All documents and things that refer to, relate to, or evidence the monetary losses that Grande or other ISPs incur as a result of copyright infringement.

**RESPONSE:**  Plaintiffs object to this request as confusing, vague and irrelevant.  Plaintiffs do not allege that Defendants suffer monetary loses from infringement.  Plaintiffs allege that Defendants derive a direct financial benefit from infringement.  Plaintiffs further object to this request as overbroad, as it encompasses a wide range of materials that are not relevant and not proportional to the needs of the case, and thus not discoverable under Federal Rule of Civil Procedure 26.  In light

of these objections, Plaintiffs will not be producing documents in response to this request.

**REQUEST FOR PRODUCTION NO. 16:**

All documents and things that refer to, relate to, or evidence any negative effects experienced by ISPs as a result of infringement occurring on their networks, including but not limited to a reduction in available bandwidth, additional operating costs, or other taxation of the resources of an ISP.

**RESPONSE:** Plaintiffs object to this request as confusing, vague and irrelevant. This request does not relate in any way to any claims, defenses or issues in this case. Plaintiffs object to this request as overbroad, as it encompasses a wide range of materials that are not relevant and not proportional to the needs of the case, and thus not discoverable under Federal Rule of Civil Procedure 26. Plaintiffs also object to this request as it seeks documents in the possession, custody or control of Defendants and Grande Subscribers, to the extent any responsive documents exist. In light of these objections, Plaintiffs will not be producing documents in response to this request.

**REQUEST FOR PRODUCTION NO. 17:**

All documents and things that refer or relate to the efforts or other affirmative conduct an ISP can engage in to stop or limit infringement from occurring on its network.

**RESPONSE:** Plaintiffs object to this request as overbroad, as it encompasses a wide range of materials that are not relevant and not proportional to the needs of the case, and thus not discoverable under Federal Rule of Civil Procedure 26. Plaintiffs further object to this request as seeking documents outside of Plaintiffs' possession, custody or control. Plaintiffs also object to this request as seeking information protected by the attorney-client and work product privileges.

Subject to and without waiving these objections, Plaintiffs will produce relevant, non-privileged documents referring to or evidencing the efforts or other affirmative conduct an  ISP can

engage in to stop or limit infringement from occurring on its network, to the extent such documents exist, are in Plaintiffs' possession, custody or control (other than documents Defendants have produced to Plaintiffs in discovery), and are located after a reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 18:**

All documents and things that refer to, relate to, or constitute an ISP's response to receiving an infringement notice from Rightscorp.

**RESPONSE:** Plaintiffs object to this request as overbroad, as it encompasses a wide range of materials that are not relevant and not proportional to the needs of the case, and thus not discoverable under Federal Rule of Civil Procedure 26. Plaintiffs further object to this request as it seeks documents outside of Plaintiffs' possession, custody or control. Plaintiffs also object to this request as seeking information protected by the attorney-client and work product privileges.

Subject to and without waiving these objections, Plaintiffs will produce relevant, non-privileged documents reflecting communications from Defendants responding to notices of infringement from Rightscorp, to the extent such documents exist, are in Plaintiffs' possession, custody or control (other than documents Defendants have produced to Plaintiffs in discovery), and are located after a reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 19:**

All documents and things that refer to, relate, or constitute a communication between any Plaintiff and Rightscorp.

**RESPONSE:** Plaintiffs object to this request as overbroad, as it encompasses a wide range of materials that are not relevant and not proportional to the needs of the case, and thus not discoverable under Federal Rule of Civil Procedure 26. Plaintiffs further object to this request as seeking information protected by the attorney-client and work product privileges.

Subject to and without waiving these objections, Plaintiffs will produce relevant, non-privileged documents reflecting communications between Plaintiffs and Rightscorp regarding infringement engaged in by Grande users, to the extent such documents exist, are in Plaintiffs' possession custody or control, and are located after a reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 20:**

All documents and things that refer to, relate to, or constitute a communication between Rightscorp and either Defendant.

**RESPONSE:**  Plaintiffs object to this request as overbroad, as it encompasses a wide range of materials that are not relevant and not proportional to the needs of the case, and thus not discoverable under Federal Rule of Civil Procedure 26.  Plaintiffs further object that this request seeks documents outside of Plaintiffs' possession, custody or control.  Plaintiffs also object to this request as seeking information protected by the attorney-client and work product privileges.

Subject to and without waiving these objections, Plaintiffs will produce relevant, non-privileged documents reflecting communications between Plaintiffs and Rightscorp regarding infringement engaged in by Grande users, to the extent such documents exist, are in Plaintiffs' possession custody or control, and are located after a reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 21:**

All documents and things that refer or relate to the operation of the Rightscorp System, including but not limited to its development, its use, and how the system operates.

**RESPONSE:**  Plaintiffs object to this request as overbroad, as it encompasses a wide range of materials that are not relevant and not proportional to the needs of the case, and thus not discoverable under Federal Rule of Civil Procedure 26.  Plaintiffs further object that this request seeks documents outside of Plaintiffs' possession, custody or control.  Plaintiffs also object to this

request as seeking information protected by the attorney-client and work product privileges.

Subject to and without waiving these objections, Plaintiffs will produce non-privileged documents sufficient to show the development, use, and operation of the Rightscorp System as it relates to this lawsuit to the extent such documents exist, are in Plaintiffs' possession custody or control, and are located after a reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 22:**

All documents and things that refer or relate to your allegation in paragraph 43 of the Complaint that "Rightscorp has developed a technological system that identifies actual infringements and the perpetrators of these infringements (by IP address, port number, time, and date).

**RESPONSE:**  Plaintiffs object to this request as overbroad, as it encompasses a wide range of materials that are not relevant and not proportional to the needs of the case, and thus not discoverable under Federal Rule of Civil Procedure 26.  Plaintiffs further object that this request seeks documents outside of Plaintiffs' possession, custody or control.  Plaintiffs also object to this request as seeking information protected by the attorney-client and work product privileges.

Subject to and without waiving these objections, Plaintiffs will produce non-privileged documents sufficient to show the development, use, and operation of the Rightscorp System as it relates to this lawsuit to the extent such documents exist, are in Plaintiffs' possession custody or control, and are located after a reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 23:**

All documents and things that refer or relate to your allegation in paragraph 43 of the complaint that "Rightscorp's system also has the capability to acquire entire files from the  infringing host computers."

13

**RESPONSE:**  Plaintiffs object to this request as overbroad, as it encompasses a wide range of materials that are not relevant and not proportional to the needs of the case, and thus not discoverable under Federal Rule of Civil Procedure 26.  Plaintiffs further object that this request seeks documents outside of Plaintiffs' possession, custody or control.  Plaintiffs further object to this request as seeking information protected by the attorney-client and work product privileges.

Subject to and without waiving these objections, Plaintiffs will produce non-privileged documents sufficient to show the development, use, and operation of the Rightscorp System as it relates to this lawsuit to the extent such documents exist, are in Plaintiffs' possession custody or control, and are located after a reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 24:**

All documents and things that refer to, relate to, or evidence flaws, weaknesses,  deficiencies, inefficiencies, errors, lack or absence of features or functionality, performance  issues, modifications or improvements needed, or any other problem associated with the  Rightscorp System or its operation.

**RESPONSE:**  Plaintiffs object to this request as seeking documents that, to the extent they even exist, are not relevant and not proportional to the needs of the case, and thus not discoverable under Federal Rule of Civil Procedure 26.  Plaintiffs further object that this request seeks documents outside of Plaintiffs' possession, custody or control.  Plaintiffs also object to this request as seeking information protected by the attorney-client and work product privileges.

Subject to and without waiving these objections, at the present time, Plaintiffs are not aware of any documents responsive to this request, but Plaintiffs will produce documents sufficient to show the development, use, and operation of the Rightscorp System as it relates to this lawsuit to the extent such documents exist, are in Plaintiffs' possession custody or control (other than documents

14

Defendants have produced to Plaintiffs in discovery), and are located after a reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 25:**

All documents and things that refer to, relate to, or constitute Rightscorp notices sent to Grande or any other ISP that were inaccurate, incomplete, or otherwise improperly sent to the recipient.

**RESPONSE:**  Plaintiffs object to this request as seeking documents that, to the extent they even exist, are not relevant and not proportional to the needs of the case, and thus not discoverable under Federal Rule of Civil Procedure 26.  Plaintiffs further object that this request seeks documents outside of Plaintiffs' possession, custody or control.  Plaintiffs further object to this request as seeking information protected by the attorney-client and work product privileges.

Subject to and without waiving these objections, at the present time, Plaintiffs are not aware of any documents responsive to this request, but Plaintiffs will produce documents sufficient to show the development, use, and operation of the Rightscorp System as it relates to this lawsuit to the extent such documents exist, are in Plaintiffs' possession custody or control (other than documents Defendants have produced to Plaintiffs in discovery), and are located after a reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 26:**

All documents and things that refer or relate to ways in which Grande or any other ISP  can stop or limit an internet subscribers' access to or use of BitTorrent applications or other Peer-  to-Peer networks.

**RESPONSE:**  Plaintiffs object to this request as overbroad, as it encompasses a wide range of

materials that are not relevant and not proportional to the needs of the case, and thus not discoverable under Federal Rule of Civil Procedure 26.  Plaintiffs further object that this request seeks documents outside of Plaintiffs' possession, custody or control.  Plaintiffs also object to this request as seeking information protected by the attorney-client and work product privileges.

Subject to and without waiving these objections, Plaintiffs will produce relevant, non-privileged documents referring to or evidencing ways in which Grande or any other ISP  can stop or limit an internet subscribers' access to or use of BitTorrent applications or other Peer-  to-Peer networks, including termination of such subscribers from using Grande's internet service, to the extent such documents exist, are in Plaintiffs' possession, custody or control (other than documents Defendants have produced to Plaintiffs in discovery), and are located after a reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 27:**

All documents and things that support or relate to your allegation in paragraph 62 of the Complaint that "Grande knowingly and intentionally induced, enticed, persuaded, and caused its subscribers to infringe Plaintiffs' Copyrighted Sound Recordings."

**RESPONSE:**  Plaintiffs object to this request as overbroad, as it encompasses a wide range of materials that are not relevant and not proportional to the needs of the case, and thus not discoverable under Federal Rule of Civil Procedure 26.  Plaintiffs further object that this request seeks documents outside of Plaintiffs' possession, custody or control.  Plaintiffs also object to this request as seeking information protected by the attorney-client and work product privileges.

Subject to and without waiving these objections, Plaintiffs will produce relevant, non-privileged documents responsive to this request, to the extent such documents exist, are in Plaintiffs' possession, custody or control (other than documents Defendants have produced to Plaintiffs in

discovery), and are located after a reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 28:**

All documents and things that support or relate to your allegation in paragraph 65 of the  Complaint

that "Grande knowingly caused and otherwise materially contributed to these  unauthorized

reproductions and distributions of Plaintiffs' Copyrighted Sound Recordings."

**RESPONSE:**  Plaintiffs object to this request as overbroad, as it encompasses a wide range of

materials that are not relevant and not proportional to the needs of the case, and thus not

discoverable under Federal Rule of Civil Procedure 26.  Plaintiffs further object that this request

seeks documents outside of Plaintiffs' possession, custody or control.  Plaintiffs also object to this

request as seeking information protected by the attorney-client and work product privileges.

Subject to and without waiving these objections, Plaintiffs will produce relevant, non-

privileged documents responsive to this request, to the extent such documents exist, are in Plaintiffs'

possession, custody or control (other than documents Defendants have produced to Plaintiffs in

discovery), and are located after a reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 29:**

All documents and things that support or relate to your allegation in paragraph 76 of the

Complaint that "Patriot knowingly and intentionally induced, enticed, persuaded, and caused

Grande's subscribers to infringe Plaintiffs' copyrights in their sound recordings."

**RESPONSE:**  Plaintiffs object to this request as overbroad, as it encompasses a wide range of

materials that are not relevant and not proportional to the needs of the case, and thus not

discoverable under Federal Rule of Civil Procedure 26.  Plaintiffs further object that this request

seeks documents outside of Plaintiffs' possession, custody or control.  Plaintiffs also object to this

request as seeking information protected by the attorney-client and work product privileges.

Subject to and without waiving these objections, Plaintiffs will produce relevant, non-privileged documents responsive to this request, to the extent such documents exist, are in Plaintiffs' possession, custody or control (other than documents Defendants have produced to Plaintiffs in discovery), and are located after a reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 30:**

All documents and things that support or relate to your allegation in paragraph 79 of the  Complaint that "Patriot knowingly caused and otherwise materially contributed to these  unauthorized reproductions and distributions of Plaintiffs' Copyrighted Sound Recordings."

**RESPONSE:**  Plaintiffs object to this request as overbroad, as it encompasses a wide range of materials that are not relevant and not proportional to the needs of the case, and thus not discoverable under Federal Rule of Civil Procedure 26.  Plaintiffs further object that this request seeks documents outside of Plaintiffs' possession, custody or control.  Plaintiffs also object to this request as seeking information protected by the attorney-client and work product privileges.

Subject to and without waiving these objections, Plaintiffs will produce relevant, non-privileged documents responsive to this request, to the extent such documents exist, are in Plaintiffs' possession, custody or control (other than documents Defendants have produced to Plaintiffs in discovery), and are located after a reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 31:**

All documents and things that support or relate to your allegation in paragraph 34 of the Complaint that "Plaintiffs have invested, and continue to invest, significant money, time, effort,  and creative talent to create, promote, sell, and license their sound recordings," including but  limited to all licensing agreements and other evidence of royalties received in connection with   Plaintiffs' Copyrighted Sound Recordings.

**RESPONSE:**  Plaintiffs object to this request as overbroad, as it encompasses a wide range of materials that are not relevant and not proportional to the needs of the case, and thus not discoverable under Federal Rule of Civil Procedure 26.  In particular, Plaintiffs object to producing "licensing agreements and other evidence of royalties received in connection with Plaintiffs' Copyrighted Sound Recordings" as overbroad, unduly burdensome, and not proportional to the needs of the case.  Plaintiffs also object to this request as seeking information protected by the attorney-client and work product privileges.

Subject to and without waiving these objections, Plaintiffs will produce relevant, non-privileged documents they may rely on to support a claim for actual damages in this case (other than documents Defendants have produced to Plaintiffs in discovery).

**REQUEST FOR PRODUCTION NO. 32:**

All documents and things that Plaintiffs may rely on to prove entitlement to statutory damages, including but not limited to documents demonstrating entitlement to the maximum amount of statutory damages as well as documents demonstrating entitlement to any amounts  less than the maximum amount of statutory damages.

**RESPONSE:** Plaintiffs object to this request as seeking information protected by the attorney-client and work product privileges.

Subject to and without waiving this objection, Plaintiffs will produce relevant, non-privileged documents Plaintiffs may rely on to support a claim for statutory damages in this case (other than documents Defendants have produced to Plaintiffs in discovery).

**REQUEST FOR PRODUCTION NO. 33:**

All documents and things that Plaintiffs may rely on to prove entitlement to actual  damages.

**RESPONSE:**  Plaintiffs object to this request as seeking information protected by the attorney-

client and work product privileges.

Subject to and without waiving this objection, Plaintiffs will produce relevant, non-privileged documents Plaintiffs may rely on to support a claim for actual damages in this case (other than documents Defendants have produced to Plaintiffs in discovery).

## REQUEST FOR PRODUCTION NO. 34:

All documents and things that refer or relate to instances of infringement by any ISP or infringement occurring on any ISP's network and Plaintiffs' knowledge of such infringement.

**RESPONSE:**  Plaintiffs object to this request as confusing, vague and irrelevant, as infringement potentially committed by some other ISP is not at issue in this action.  Plaintiffs further object to this request as overbroad, as it encompasses a wide range of materials that are not relevant and not proportional to the needs of the case, and thus not discoverable under Federal Rule of Civil Procedure 26.  Plaintiffs also object to this request as seeking information protected by the attorney-client and work product privileges.  In light of these objections, Plaintiffs will not be producing documents responsive to this request.

## REQUEST FOR PRODUCTION NO. 35:

All documents and things that refer to, relate to, or evidence when each Plaintiff became aware of alleged infringement occurring on Grande's network or otherwise gained knowledge of  a claim of infringement against Grande and/or Patriot for each instance of infringement that  Plaintiffs will rely on to prove damages in this case.

**RESPONSE:**  Plaintiffs object to this request as overbroad, as it encompasses a wide range of materials that are not relevant and not proportional to the needs of the case, and thus not discoverable under Federal Rule of Civil Procedure 26.  Plaintiffs further object that this request seeks documents outside of Plaintiffs' possession, custody or control.  Plaintiffs also object to this

request as seeking information protected by the attorney-client and work product privileges.

Subject to and without waiving these objections, Plaintiffs will produce relevant, non-privileged documents responsive to this request, to the extent such documents exist, are in Plaintiffs' possession, custody or control (other than documents Defendants have produced to Plaintiffs in discovery), and are located after a reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 36:**

All documents and things that refer to, relate to, or evidence Plaintiffs' attempts or efforts  to prevent, inhibit, or otherwise reduce copyright infringement occurring through BitTorrent  networks or applications.

**RESPONSE:**  Plaintiffs object to this request as overbroad, as it encompasses a wide range of materials that are not relevant and not proportional to the needs of the case, and thus not discoverable under Federal Rule of Civil Procedure 26.  Plaintiffs further object that this request seeks documents outside of Plaintiffs' possession, custody or control.  Plaintiffs also object to this request as seeking information protected by the attorney-client and work product privileges.

Subject to and without waiving these objections, Plaintiffs will produce relevant, non-privileged documents responsive to this request, to the extent such documents exist, are in Plaintiffs' possession, custody or control (other than documents Defendants have produced to Plaintiffs in discovery), and are located after a reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 37:**

All documents and things that refer or relate to the difficulty or inability of Plaintiffs to  stop or limit infringement occurring on BitTorrent networks.

**RESPONSE:**  Plaintiffs object to this request as overbroad, as it encompasses a wide range of materials that are not relevant and not proportional to the needs of the case, and thus not

discoverable under Federal Rule of Civil Procedure 26.  Plaintiffs further object that this request

seeks documents outside of Plaintiffs' possession, custody or control.  Plaintiffs also object to this

request as seeking information protected by the attorney-client and work product privileges.

Subject to and without waiving these objections, Plaintiffs will produce relevant, non-

privileged documents responsive to this request, to the extent such documents exist, are in Plaintiffs'

possession, custody or control (other than documents Defendants have produced to Plaintiffs in

discovery), and are located after a reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 38:**

All documents and things that refer or relate to any Plaintiff's consideration or

contemplation of enforcing copyrights against individuals allegedly committing direct copyright

infringement through BitTorrent applications, including  documents identifying any difficulties   in

suing such individuals and documents relating to decisions not to pursue copyright infringement

cases against such individuals.

**RESPONSE:**  Plaintiffs object to this request as confusing, vague and irrelevant, as potential

copyright actions against direct infringers is not at issue in this action.  Plaintiffs further object to

this request as overbroad, as it encompasses a wide range of materials that are not relevant and not

proportional to the needs of the case, and thus not discoverable under Federal Rule of Civil

Procedure 26.  Plaintiffs also object to this request as seeking information protected by the attorney-

client and work product privileges.  In light of these objections, Plaintiffs will not be producing

documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 39:**

All documents and things that support or relate to your allegation in paragraph 66 of the

Complaint that "Grande has the right and ability to supervise and control the infringing activities

22

that occur through the use of its service."

**RESPONSE:**  Plaintiffs object to this request as overbroad, as it encompasses a wide range of materials that are not relevant and not proportional to the needs of the case, and thus not discoverable under Federal Rule of Civil Procedure 26.  Plaintiffs further object that this request seeks documents outside of Plaintiffs' possession, custody or control.  Plaintiffs also object to this request as seeking information protected by the attorney-client and work product privileges.

Subject to and without waiving these objections, Plaintiffs will produce relevant, non-privileged documents responsive to this request, to the extent such documents exist, are in Plaintiffs' possession, custody or control (other than documents Defendants have produced to Plaintiffs in discovery), and are located after a reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 40:**

All documents and things that support or relate to your allegation in paragraph 80 of the Complaint that "Patriot has the right and ability to supervise and control the infringing activities  that occur using the Grande service."

**RESPONSE:**  Plaintiffs object to this request as overbroad, as it encompasses a wide range of materials that are not relevant and not proportional to the needs of the case, and thus not discoverable under Federal Rule of Civil Procedure 26.  Plaintiffs further object that this request seeks documents outside of Plaintiffs' possession, custody or control.  Plaintiffs also object to this request as seeking information protected by the attorney-client and work product privileges.

Subject to and without waiving these objections, Plaintiffs will produce relevant, non-privileged documents responsive to this request, to the extent such documents exist, are in Plaintiffs' possession, custody or control (other than documents Defendants have produced to Plaintiffs in discovery), and are located after a reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 41:**

All documents and things that support or relate to your allegation in paragraph 66 of the Complaint that Grande "has derived a direct financial benefit from the infringement of Plaintiffs' copyrights."

**RESPONSE:**  Plaintiffs object to this request as overbroad, as it encompasses a wide range of materials that are not relevant and not proportional to the needs of the case, and thus not discoverable under Federal Rule of Civil Procedure 26.  Plaintiffs further object that this request seeks documents outside of Plaintiffs' possession, custody or control.  Plaintiffs also object to this request as seeking information protected by the attorney-client and work product privileges.

Subject to and without waiving these objections, Plaintiffs will produce relevant, non-privileged documents responsive to this request, to the extent such documents exist, are in Plaintiffs' possession, custody or control (other than documents Defendants have produced to Plaintiffs in discovery), and are located after a reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 42:**

All documents and things that support or relate to your allegation in paragraph 80 of the Complaint that Patriot "has derived a direct financial benefit from the infringement of Plaintiffs' copyrights."

**RESPONSE:**  Plaintiffs object to this request as overbroad, as it encompasses a wide range of materials that are not relevant and not proportional to the needs of the case, and thus not discoverable under Federal Rule of Civil Procedure 26.  Plaintiffs further object that this request seeks documents outside of Plaintiffs' possession, custody or control.  Plaintiffs also object to this request as seeking information protected by the attorney-client and work product privileges.

Subject to and without waiving these objections, Plaintiffs will produce relevant, non-

24

privileged documents responsive to this request, to the extent such documents exist, are in Plaintiffs' possession, custody or control (other than documents Defendants have produced to Plaintiffs in discovery), and are located after a reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 43:**

All documents and things that reflect the knowledge of any Plaintiff that an ISP's subscribers are capable of using the Internet in ways that do not constitute or result in copyright infringement.

**RESPONSE:** Plaintiffs object to this request as confusing, vague and irrelevant, as ISP subscribers' ability to use the Internet in non-infringing ways is not at issue in this action. Plaintiffs further object to this request as overbroad, as it encompasses a wide range of materials that are not relevant and not proportional to the needs of the case, and thus not discoverable under Federal Rule of Civil Procedure 26. Plaintiffs also object to this request as seeking information protected by the attorney-client and work product privileges. In light of these objections, Plaintiffs will not be producing documents responsive to this request.


Dated:  November 3, 2017                    Respectfully submitted,


                              By:    /s/*Robert B. Gilmore*

                                     Pat A. Cipollone, P.C. (admitted *pro hac vice*)
                                     Jonathan E. Missner (admitted *pro hac vice*)
                                     Robert B. Gilmore (admitted *pro hac vice*)
                                     Philip J. O'Beirne (admitted *pro hac vice*)
                                     **Stein Mitchell Cipollone Beato & Missner LLP**
                                     1100 Connecticut Avenue, NW Suite 1100
                                     Washington, DC 20036
                                     Telephone: (202) 737-7777
                                     Facsimile: (202) 296-8312
                                     pcipollone@steinmitchell.com
                                     jmissner@steinmitchell.com
                                     rgilmore@steinmitchell.com
                                     pobeirne@steinmitchell.com

Daniel C. Bitting
State Bar No. 02362480
Paige A. Amstutz
State Bar No. 00796136
**Scott Douglass & McConnico LLP**
303 Colorado Street, Suite 2400
Austin, TX 78701
Telephone: (512) 495-6300
Facsimile: (512) 495-6399
dbitting@scottdoug.com
pamstutz@scottdoug.com
***Attorneys for Plaintiffs***

26

## **CERTIFICATE OF SERVICE**

It is hereby certified that a true copy of the foregoing was served via First Class Mail and Electronic Mail on the 3rd day of November, 2017, upon counsel of record.

Dated: November 3, 2017

*/s/ Robert B. Gilmore*