# EXHIBIT 4

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| UMG RECORDINGS, INC., *et al.* § <br> § <br> Plaintiffs, § <br> § <br> vs. § <br> § <br> GRANDE COMMUNICATIONS § <br> NETWORKS LLC § <br> and § <br> PATRIOT MEDIA CONSULTING, LLC § <br> § <br> Defendants § <br> § | Civil Action No. 1:17-cv-365 <br><br> Jury Trial Demanded |

**WARNER PLAINTIFFS' OBJECTIONS AND RESPONSES TO DEFENDANTS'
SECOND SET OF REQUESTS FOR PRODUCTION**

Pursuant to Federal Rules of Civil Procedure 26 and 34, and the Protective Order entered in this matter, Warner Bros. Records Inc., Atlantic Recording Corporation, Elektra Entertainment Group Inc., Fueled by Ramen LLC, Nonesuch Records Inc., Rhino Entertainment Company, and Roadrunner Records, Inc. (together the "Warner Plaintiffs" or "Plaintiffs") serve their Objections and Responses to Defendants' Second Set of Requests for Production. Plaintiffs reserve the right to supplement or modify these Objections and Responses based on further information adduced during discovery.

**OBJECTIONS AND RESPONSES TO DEFINITIONS AND INSTRUCTIONS**

1. Plaintiffs object to the definitions of "documents" and "things" to the extent they purport to impose obligations that exceed the Federal Rules of Civil Procedure.

2. Plaintiffs object to producing electronically stored information (ESI) that is not reasonably accessible because of undue burden or cost. Plaintiffs will produce ESI in the forms

1

specified in Exhibit A to Plaintiffs' Requests for Production served on Defendants.

3. Plaintiffs object to the instruction that Plaintiffs label documents they produce by the number of the document request to which the document is responsive. Plaintiffs will produce documents as they are maintained in the usual course of Plaintiffs' business.

## OBJECTIONS AND RESPONSES TO SPECIFIC REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 44:**

All documents and things that relate to Rightscorp's decision not to digitally sign (*e.g.* using PGP) notices transmitted to ISPs.

**RESPONSE:** Plaintiffs object to this request as overbroad, as it encompasses a wide range of materials that are not relevant and not proportional to the needs of the case, and thus not discoverable under Federal Rule of Civil Procedure 26. The only ISP involved in this case is Grande; documents related to other ISPs are irrelevant to this case. In addition, Plaintiffs object to this request's use of the undefined term "PGP"; Plaintiffs interpret this to refer to the encryption program "Pretty Good Privacy." Plaintiffs further object to this request as it seeks documents outside of Plaintiffs' possession, custody or control, including documents from Rightscorp. Plaintiffs also object to this request as seeking information protected by the attorney-client privilege and work product doctrine.

Subject to and without waiving these objections, Plaintiffs will produce relevant, non-privileged documents reflecting Rightscorp's decision not to digitally sign (*e.g.* using PGP) notices transmitted to Grande, to the extent such documents exist, are in Plaintiffs' possession, custody or control, and are located after a reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 45:**

All documents and things reflecting Plaintiffs' or Rightscorp's awareness of Grande's DMCA notification policies, including but not limited to emails transmitted by Grande to Rightscorp in response to a notice of alleged infringement.

**RESPONSE:** Plaintiffs object to this request as overbroad, as it encompasses a wide range of materials that are not relevant and not proportional to the needs of the case, and thus not discoverable under Federal Rule of Civil Procedure 26. Plaintiffs also object to this request as it seeks documents outside of Plaintiffs' possession, custody or control, including documents from Rightscorp and emails from Grande to Rightscorp. Plaintiffs further object to this request as seeking information protected by the attorney-client privilege and work product doctrine.

Subject to and without waiving these objections, Plaintiffs will produce relevant, non-privileged documents responsive to this request, to the extent such documents exist, that are in Plaintiffs' possession, custody or control (other than documents Defendants have produced to Plaintiffs in discovery), and are located after a reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 46:**

All documents and things relating to illegitimate, faked, or "spoofed" DMCA notices.

**RESPONSE:** Plaintiffs object to this request's use of the terms "illegitimate, faked, or 'spoofed'" as vague and undefined. Without an explanation from Defendants, Plaintiffs are unable to respond to this request in light of its use of these vague and undefined terms. Plaintiffs also object to this request as overbroad, as it encompasses a wide range of materials that are not relevant and not proportional to the needs of the case, and thus not discoverable under Federal Rule of Civil Procedure 26. The request is not tailored to the issues, parties or facts of this case. While Grande may challenge the notices it received from Rightscorp, there is no allegation or reason to believe the notices were "illegitimate, faked or 'spoofed'" (however defined). Furthermore, neither

3

"illegitimate, faked, or 'spoofed'" notices (however defined) from other entities nor such notices to other ISPs are relevant to this case.  Plaintiffs also object to this request as it seeks documents outside of Plaintiffs' possession, custody or control.  Plaintiffs further object to this request as seeking information protected by the attorney-client privilege and work product doctrine.  In light of these objections, Plaintiffs will not be producing documents in response to this request.

**REQUEST FOR PRODUCTION NO. 47:**

All documents and things relating to Internet service providers who refuse to process Rightscorp DMCA notices.

**RESPONSE:**  Plaintiffs object to this request as overbroad, as it encompasses a wide range of materials that are not relevant and not proportional to the needs of the case, and thus not discoverable under Federal Rule of Civil Procedure 26.  The request is not tailored to the issues, parties or facts of this case.  DMCA notices sent to other ISPs and/or their responses thereto are irrelevant.  Plaintiffs also object to this request as it seeks documents outside of Plaintiffs' possession, custody or control, including communications between other ISPs and Rightscorp.  Plaintiffs further object to this request as seeking information protected by the attorney-client privilege and work product doctrine.

Subject to and without waiving these objections, Plaintiffs will produce relevant, non-privileged documents responsive to this request relating to Grande or Patriot, to the extent such documents exist, are in Plaintiffs' possession, custody or control (other than documents Defendants have produced to Plaintiffs in discovery), and are located after a reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 48:**

All documents and things relating to third-party copyright infringement monitoring and/or notification systems, including those relating to the "Copyright Alert System," "MarkMonitor System,"

4

"Automated Copyright Notice System," "Irdeto Piracy Control."

**RESPONSE:**  Plaintiffs object to this request as overbroad, confusing, vague and irrelevant, as it names what it characterizes as third-party copyright infringement monitoring and/or notification systems that are not at issue in this litigation.  Plaintiffs also object to this request on the ground that it encompasses a wide range of materials that are not relevant and not proportional to the needs of the case, and thus not discoverable under Federal Rule of Civil Procedure 26.  Plaintiffs also object to this request as it seeks documents outside of Plaintiffs' possession, custody or control.  In addition, Plaintiffs object to this request as seeking information protected by the attorney-client privilege and work product doctrine.

Subject to and without waiving these objections, Plaintiffs will produce relevant, non-privileged documents concerning Rightscorp's third-party copyright infringement monitoring systems, to the extent such documents exist, are in Plaintiffs' possession, custody or control (other than documents Defendants have produced to Plaintiffs in discovery), and are located after a reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 49:**

All documents and things relating to the dollar amounts paid by Rightscorp to each Plaintiff.

**RESPONSE:**  Plaintiffs object to this request as overbroad, as it encompasses a wide range of materials that are not relevant and not proportional to the needs of the case, are not limited to the subject matter of this case, and thus not discoverable under Federal Rule of Civil Procedure 26.  Plaintiffs further object to this request to the extent it seeks information protected by the attorney-client privilege and work product doctrine.  Plaintiffs further state that they are unaware of Rightscorp making payments to Plaintiffs, and therefore do not believe any responsive documents exist.  In light of the foregoing, Plaintiffs will not be producing documents in response to this

5

request.

**REQUEST FOR PRODUCTION NO. 50:**

All documents and things relating to the patents owned by Rightscorp.

**RESPONSE:** Plaintiffs object to this request as overbroad, as it encompasses a wide range of materials that are not relevant and not proportional to the needs of the case, are not limited to the subject matter of this case, and thus not discoverable under Federal Rule of Civil Procedure 26. Plaintiffs further object to this request as it seeks documents outside of Plaintiffs' possession, custody or control. Plaintiffs also object to this request to the extent it seeks information protected by the attorney-client privilege and work product doctrine. Plaintiffs further state that they are unaware of responsive documents in their possession, custody, or control. In light of the foregoing, Plaintiffs will not be producing documents in response to this request.

**REQUEST FOR PRODUCTION NO. 51:**

All documents and things relating to the functionality of the Rightscorp System, including its capabilities and limitations.

**RESPONSE:** Plaintiffs object to this request as overbroad, as it encompasses a wide range of materials that are not relevant and not proportional to the needs of the case, are not limited to the subject matter of this case, and thus not discoverable under Federal Rule of Civil Procedure 26. In addition, Plaintiffs object to the terms "functionality," "capabilities," and "limitations," as vague and undefined. Plaintiffs also object to this request as it seeks documents outside of Plaintiffs' possession, custody or control. Plaintiffs further object to this request as seeking information protected by the attorney-client privilege and work product doctrine.

Subject to and without waiving these objections, Plaintiffs will produce relevant, non-privileged documents responsive to this request, to the extent such documents exist, are in Plaintiffs'

possession, custody or control (other than documents Defendants have produced to Plaintiffs in discovery), and are located after a reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 52:**

All documents and things relating to any technical assessment of the Rightscorp System.

**RESPONSE:** Plaintiffs object to this request as overbroad, as it encompasses a wide range of materials that are not relevant and not proportional to the needs of the case, and thus not discoverable under Federal Rule of Civil Procedure 26. In addition, Plaintiffs object to the term "technical assessment" as vague and undefined. Plaintiffs also object to this request as it seeks documents outside of Plaintiffs' possession, custody or control. Plaintiffs further object to this request as seeking information protected by the attorney-client privilege and work product doctrine.

Subject to and without waiving these objections, Plaintiffs will produce relevant, non-privileged documents responsive to this request, to the extent such documents exist, are in Plaintiffs' possession, custody or control (other than documents Defendants have produced to Plaintiffs in discovery), and are located after a reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 53:**

All documents and things relating to the DMCA policies established and/or enforced by third party Internet service providers.

**RESPONSE:** Plaintiffs object to this request as overbroad, as it encompasses a wide range of materials that are not relevant and not proportional to the needs of the case, are not limited to the subject matter of this case, and thus not discoverable under Federal Rule of Civil Procedure 26. In particular, Plaintiffs object to this request on the ground that the policies of ISPs other than Grande are not relevant to this case. Indeed, Defendants have resisted Plaintiffs' discovery requests seeking documents and information about ISPs other than Grande. Plaintiffs also object to this request as it

seeks documents outside of Plaintiffs' possession, custody or control. Plaintiffs further object to this request as seeking information protected by the attorney-client privilege and work product doctrine.

Subject to and without waiving these objections, Plaintiffs will produce relevant, non-privileged documents referring to or reflecting DMCA policies established and/or enforced by Grande or Patriot, to the extent such documents exist, are in Plaintiffs' possession, custody or control (other than documents Defendants have produced to Plaintiffs in discovery), and are located after a reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 54:**

All documents and things that relate to the failure of third-party Internet service providers to terminate repeat infringers.

**RESPONSE:** Plaintiffs object to this request as overbroad, as it encompasses a wide range of materials that are not relevant and not proportional to the needs of the case, are not limited to the subject matter of this case, and thus not discoverable under Federal Rule of Civil Procedure 26. In particular, Plaintiffs object to this request on the ground that documents related to ISPs other than Grande are not relevant to this case. Indeed, Defendants have resisted Plaintiffs' discovery requests seeking documents and information about ISPs other than Grande. Plaintiffs also object to this request as it seeks documents outside of Plaintiffs' possession, custody or control. Plaintiffs further object to this request as seeking information protected by the attorney-client privilege and work product doctrine.

Subject to and without waiving these objections, Plaintiffs will produce relevant, non-privileged documents referring to or reflecting Grande's or Patriot's failure to terminate repeat infringing Grande subscribers or users, to the extent such documents exist, are in Plaintiffs' possession, custody or control (other than documents Defendants have produced to Plaintiffs in

discovery), and are located after a reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 55:**

All documents and things that relate to Plaintiffs' position regarding the manner in which an Internet service provider should react to Rightscorp notices.

**RESPONSE:** Plaintiffs object to this request as overbroad, as it encompasses a wide range of materials that are not relevant and not proportional to the needs of the case, are not limited to the subject matter of this case, and thus not discoverable under Federal Rule of Civil Procedure 26. In particular, Plaintiffs object to this request on the ground that the manner in which ISPs other than Grande respond to notices is irrelevant to this case. Indeed, Defendants have resisted Plaintiffs' discovery requests seeking documents and information about ISPs other than Grande. In addition, Plaintiffs object to this request's use of the term "react" as vague and undefined. Plaintiffs further object to this request as seeking information protected by the attorney-client privilege and work product doctrine.

Subject to and without waiving these objections, Plaintiffs will produce relevant, non-privileged documents referring to or reflecting Plaintiffs' position regarding the manner in which Grande or Patriot should react to Rightscorp notices, to the extent such documents exist, are in Plaintiffs' possession, custody or control (other than documents Defendants have produced to Plaintiffs in discovery), and are located after a reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 56:**

All documents and things relating to BitTorrent and/or other Peer-to-Peer file sharing software / protocols.

**RESPONSE:** Plaintiffs object to this request as overbroad, as it encompasses a wide range of materials that are not relevant and not proportional to the needs of the case, and thus not

9

discoverable under Federal Rule of Civil Procedure 26. "BitTorrent" and "Peer-to-Peer sharing" are extremely broad topics, and Defendants have failed to impose any limits on the scope of the request. Plaintiffs also object to this request as it seeks documents outside of Plaintiffs' possession, custody or control. Plaintiffs further object to this request as seeking information protected by the attorney-client privilege and work product doctrine. In light of these objections, Plaintiffs will not be producing documents in response to this request.

**REQUEST FOR PRODUCTION NO. 57:**

All documents and things reflecting the specific copyright rights (as set forth in 17 U.S.C. § 106) that each Plaintiff is capable of asserting for each allegedly infringed copyright.

**RESPONSE:** Plaintiffs object to this request as overbroad, as it encompasses a wide range of materials that are not relevant and not proportional to the needs of the case, are not limited to the subject matter of this case, and thus not discoverable under Federal Rule of Civil Procedure 26. In particular, Plaintiffs object to this request as vague and ambiguous; it appears to be a request for all documents that relate to numerous legal rights under federal law, and it is unclear what it would mean to try to search for, collect, review and produce every document related to the right to reproduce copyrighted works, the right to prepare derivative works, the right to publicly perform copyright works, and so on, under Section 106. To the extent the request seeks every document that in any way relates to one of Plaintiffs' copyrighted works at issue in this case, without regard to their relevance and utility relative to the burden, the request is vastly overbroad and unduly burdensome. Plaintiffs further object to this request as seeking information protected by the attorney-client privilege and work product doctrine.

Subject to and without waiving these objections, Plaintiffs will produce copyright registrations, and, if needed, contracts or other non-privileged documents, sufficient to show

Plaintiffs' rights in Plaintiffs' copyrighted works.

**REQUEST FOR PRODUCTION NO. 58:**

All documents and things reflecting ways in which an Internet service provider can verify that a Rightscorp notice reflects an actual instance of direct copyright infringement.

**RESPONSE:** Plaintiffs object to this request as overbroad, as it encompasses a wide range of materials that are not relevant and not proportional to the needs of the case, are not limited to the subject matter of the case, and thus not discoverable under Federal Rule of Civil Procedure 26. In particular, Plaintiffs object to this request on the ground that the conduct of ISPs other than Grande are not at issue in this case. Indeed, Defendants have resisted Plaintiffs' discovery requests seeking documents and information about ISPs other than Grande. Plaintiffs also object to the extent this request seeks information (the way in which Grande can verify information) that is in Grande's possession, custody or control. Plaintiffs further object to this request as seeking information protected by the attorney-client privilege and work product doctrine.

Subject to and without waiving these objections, Plaintiffs will produce relevant, non-privileged documents reflecting ways in which Grande or Patriot can verify that a Rightscorp notice reflects an actual instance of direct copyright infringement, to the extent such documents exist, are in Plaintiffs' possession, custody or control (other than documents Defendants have produced to Plaintiffs in discovery), and are located after a reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 59:**

All documents and things that refer or relate to any agreements or proposed agreements between Rightscorp and any Plaintiff.

**RESPONSE:** Plaintiffs object to this request as overbroad, as it encompasses a wide range of materials that are not relevant and not proportional to the needs of the case, are not limited to the

11

subject matter of this case, and thus not discoverable under Federal Rule of Civil Procedure 26. Plaintiffs further object to this request as it seeks documents outside of Plaintiffs' possession, custody or control.  Plaintiffs also object to this request as seeking information protected by the attorney-client privilege and work product doctrine.

Subject to and without waiving these objections, Plaintiffs direct Grande to Rightscorp's production of the agreement under which Rightscorp has provided information and services relating to this litigation.  Plaintiffs do not have other agreements with Rightscorp.

**REQUEST FOR PRODUCTION NO. 60:**

All documents and things that refer or relate to Grande's willful blindness to specific instances of direct infringement.

**RESPONSE:**  Plaintiffs object to this request as overbroad, as it encompasses a wide range of materials that are not relevant and not proportional to the needs of the case, and thus not discoverable under Federal Rule of Civil Procedure 26.  Plaintiffs further object to this request as it seeks documents outside of Plaintiffs' possession, custody or control.  Plaintiffs also object to this request as seeking information protected by the attorney-client privilege and work product doctrine.

Subject to and without waiving these objections, Plaintiffs will produce relevant, non-privileged documents that refer to or reflect Grande's willful blindness to instances of infringement by Grande subscribers or users, to the extent such documents exist, are in Plaintiffs' possession, custody or control (other than documents Defendants have produced to Plaintiffs in discovery), and are located after a reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 61:**

All documents and things that refer or relate to communications between Rightscorp and any Internet service provider, but excluding routine computer-generated notices of alleged infringement.

**RESPONSE:**  Plaintiffs object to this request as overbroad, as it encompasses a wide range of materials that are not relevant and not proportional to the needs of the case, are not limited to the subject matter of this case, and thus not discoverable under Federal Rule of Civil Procedure 26.  In particular, Plaintiffs object to this request on the ground that other ISPs are not parties to this case, and the only relevant communications responsive to this request are those between Grande or Patriot and Rightscorp.  Indeed, Defendants have resisted Plaintiffs' discovery requests seeking documents and information about ISPs other than Grande.  Plaintiffs further object to this request as it seeks documents (communications between two parties, neither of which is a plaintiff) outside of Plaintiffs' possession, custody or control.  Plaintiffs also object to this request as seeking information protected by the attorney-client privilege and work product doctrine.

Subject to and without waiving these objections, Plaintiffs will produce relevant, non-privileged documents that refer to or reflect communications between Rightscorp and Grande or Patriot, to the extent such documents exist, are in Plaintiffs' possession, custody or control (other than documents Defendants have produced to Plaintiffs in discovery), and are located after a reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 62:**

All documents and things that refer or relate to the ability for the Rightscorp system to detect actual duplication of a copyrighted work.

**RESPONSE:**  Plaintiffs object to this request as overbroad, as it encompasses a wide range of materials that are not relevant and not proportional to the needs of the case, and thus not discoverable under Federal Rule of Civil Procedure 26.  Plaintiffs further object to this request as it seeks documents outside of Plaintiffs' possession, custody or control.  Plaintiffs also object to this request as seeking information protected by the attorney-client privilege and work product doctrine.

Subject to and without waiving these objections, Plaintiffs will produce relevant, non-privileged documents that refer to or reflect the ability for the Rightscorp system to detect actual duplication of a copyrighted work, to the extent such documents exist, are in Plaintiffs' possession, custody or control (other than documents Defendants have produced to Plaintiffs in discovery), and are located after a reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 63:**

All documents and things that refer or relate to the steps taken by any Plaintiff to reduce or prevent peer-to-peer copyright infringement.

**RESPONSE:**  Plaintiffs object to this request as confusing, vague and irrelevant, as potential copyright actions against direct infringers is not at issue in this action.  Plaintiffs further object to this request as overbroad, as it encompasses a wide range of materials that are not relevant and not proportional to the needs of the case, are not limited to the subject matter of this case, and thus not discoverable under Federal Rule of Civil Procedure 26.  Plaintiffs also object to this request as seeking information protected by the attorney-client privilege and work product doctrine.  In light of these objections, Plaintiffs will not be producing documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 64:**

All documents and things that refer or relate to the date on which each Plaintiff first became aware of its claim for infringement.

**RESPONSE:**  Plaintiffs object to this request as overbroad, as it encompasses a wide range of materials that are not relevant and not proportional to the needs of the case, and thus not discoverable under Federal Rule of Civil Procedure 26.  In addition, Plaintiffs object to this request as vague in its use of the phrase "claim for infringement."  Plaintiffs interpret this phrase to refer to Plaintiffs' claims against Grande and Patriot for secondary infringement of Plaintiffs' Copyrighted

Works.  Plaintiffs further object to this request as seeking information protected by the attorney-client privilege and work product doctrine.

Subject to and without waiving these objections, Plaintiffs will produce non-privileged documents sufficient to show the date on which each Plaintiff first became aware of its claim against Grande and Patriot for secondary infringement of Plaintiffs' Copyrighted Works, to the extent such documents exist and are located after a reasonably diligent search.

Dated:  April 12, 2018                                         Respectfully submitted,

By:   /s/*Robert B. Gilmore*

Pat A. Cipollone, P.C. (admitted *pro hac vice*)
Jonathan E. Missner (admitted *pro hac vice*)
Robert B. Gilmore (admitted *pro hac vice*)
Philip J. O'Beirne (admitted *pro hac vice*)
**Stein Mitchell Cipollone Beato & Missner LLP**
1100 Connecticut Avenue, NW Suite 1100
Washington, DC 20036
Telephone: (202) 737-7777
Facsimile: (202) 296-8312
pcipollone@steinmitchell.com
jmissner@steinmitchell.com
rgilmore@steinmitchell.com
pobeirne@steinmitchell.com

Daniel C. Bitting
State Bar No. 02362480
Paige A. Amstutz
State Bar No. 00796136
**Scott Douglass & McConnico LLP**
303 Colorado Street, Suite 2400
Austin, TX 78701
Telephone: (512) 495-6300
Facsimile: (512) 495-6399
dbitting@scottdoug.com
pamstutz@scottdoug.com

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

It is hereby certified that a true copy of the foregoing was served via First Class Mail and Electronic Mail on the 12th day of April, 2018, upon counsel of record.

Dated: April 12, 2018

/s/ *Robert B. Gilmore*