**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | |
|---|---|
| UMG RECORDINGS, INC., et al., ) <br> ) <br> Plaintiffs, ) <br> ) <br> vs. ) <br> ) <br> GRANDE COMMUNICATIONS ) <br> NETWORKS LLC, ) <br> ) <br> Defendant. ) <br> ) <br> ) <br> ) | No. 1:17-cv-00365-LY |

**DEFENDANT GRANDE COMMUNICATIONS NETWORKS LLC'S**
**RESPONSE IN OPPOSITION TO THE RECORDING INDUSTRY**
**ASSOCIATION OF AMERICA'S MOTION FOR PROTECTIVE ORDER**

## INTRODUCTION

The Recording Industry Association of America's ("RIAA") motion for protective order concerning Defendant Grande Communications Networks LLC's ("Grande") Rule 45 deposition subpoena is an improper attempt to shield highly relevant and accessible information from discovery, based on nothing more than blanket, unsubstantiated objections of privilege, breadth, burden, and relevance.

The RIAA's efforts to thwart Grande's discovery are belied by its own admission that it is not a true third party. According to the RIAA, it was initially approached in 2016 by Rightscorp, Inc., which sent the notices of alleged copyright infringement upon which Plaintiffs' entire case is founded. The RIAA asserts that it then engaged Rightscorp on Plaintiffs' behalf, and subsequently coordinated Plaintiffs' institution and continued litigation of this case. In light of the RIAA's crucial and substantial role in developing and maintaining this litigation, its objections based on burden and overbreadth lack merit.

Similarly, the RIAA's objections based on the common legal interest privilege and work product doctrine do not align with the facts, and fundamentally suffer from a lack of evidentiary support. To date, the RIAA has refused to produce a copy of the very agreement with Rightscorp that it relies on as the sole basis for its claims of privilege. Unsupported blanket assertions of privilege provide no basis for completely foreclosing Grande from obtaining critically relevant information from a highly interested and involved party. To the extent the RIAA has valid privilege or work product objections, its counsel can offer appropriate objections and instructions in the deposition.

As explained in detail below, the Court should therefore deny RIAA's motion for a protective order.

# ARGUMENT

The RIAA fails to show good cause for a protective order. Grande's noticed topics for deposition seek information that is directly relevant to this case. The RIAA certainly possesses relevant information, as it admits that it "helped coordinate Plaintiffs' litigation efforts, providing legal advice and discussing legal strategy from the earliest planning stages through the conduct of the litigation." RIAA Mot. for Protective Order at 1 (ECF No. 107). Grande is entitled to seek relevant information from RIAA in its claimed role as liaison between Plaintiffs and Rightscorp. The Court should reject the RIAA's attempt to shield from discovery entire categories of relevant information going to the heart of the issues in this case, based on the convenient technicality that the RIAA is not a named plaintiff.

## I. THE RIAA ADMITS IT IS NOT A TRUE "NON-PARTY" AND FAILS TO DEMONSTRATE GOOD CAUSE FOR ANY PROTECTIVE ORDER RELATED TO DISPUTED CATEGORIES OF TESTIMONY

The RIAA's motion for protective order suffers from an internal inconsistency, as the RIAA seeks to use its role and relationship with Plaintiffs and Rightscorp as both a sword and a shield. On the one hand, where it appears advantageous, the RIAA paints itself as highly involved in this litigation to justify its blanket claims of privilege concerning a multitude of topics relevant to this litigation. Yet in other instances, the RIAA portrays itself as a distant "non-party" to support its claims that permitting Grande access to relevant knowledge and information in its possession would be overly burdensome and oppressive. The RIAA cannot have it both ways.

The RIAA's role necessarily exposed it to a bevy of information relevant to this case—perhaps even more so than Plaintiffs. To the extent information is truly not reasonably available or does not exist, the RIAA's corporate witness may appropriately explain as much in the

deposition, assuming adequate preparation occurred.  But the RIAA fails to demonstrate good cause for erecting the preliminary barriers it seeks through its protective order, which would cut off both Grande and the Court's access to relevant information.  Because the RIAA makes no detailed showing of burden, privilege, or irrelevance, good cause does not exist for a protective order.

>   A. Category 1:  The RIAA Fails to Introduce Sufficient Evidence to Satisfy Its Burden to Establish Common Interest Privilege and Work Product Protection

*Topics: 3, 4, 5, 10, and 22*

These topics seek information from the RIAA about core issues in this case, such as the reasons why Rightscorp sent notices of alleged infringement to Grande, why the RIAA engaged Rightscorp in connection with those notices and this litigation, agreements between the RIAA and Rightscorp, facts known to the RIAA supporting direct infringement claims against any Grande subscriber, and the RIAA's communications with Rightscorp.  *See* RIAA's Obj. & Resp. to Rule 45 Subpoena (ECF No. 107-1).  The RIAA fails to satisfy its burden to demonstrate that the common interest privilege or work product doctrine completely shields from discovery any testimony on these topics.

The only "evidence" relied on by RIAA in its motion is an interrogatory response discussing an agreement between the RIAA and Rightscorp, which has never been produced. There is no way for Grande or the Court to meaningfully assess the RIAA's claims without viewing this agreement.  Moreover, even if the agreement exists and has the represented legal effect, merely invoking such an agreement does not demonstrate that each and every piece of information the RIAA may possess on these topics is privileged.  For instance, certain communications between or among Rightscorp, the RIAA, and Plaintiffs may not be privileged because they do not involve attorneys or concern legal advice, because they predated the

execution of any common interest agreement, or for many other potential reasons. In short, the RIAA has not come close to demonstrating that any and all potential questioning on these topics is properly privileged.

As a result, the RIAA has failed to meet its burden of demonstrating that the privilege applies. *See EEOC v. BDO USA, L.L.P.*, 876 F.3d 690, 695 (5th Cir. 2018) ("Determining the applicability of the privilege is a highly fact-specific inquiry, and the party asserting the privilege bears the burden of proof.") (quotations & citations omitted); *see also In re Veiga*, 746 F. Supp. 2d 27, 33-34 (D.D.C. 2010) ("Under the federal common law, the proponent bears the burden of demonstrating the applicability of any asserted privilege."). The RIAA's failure to produce the agreement effectively prevents any assessment of the scope and contours of the putative common interest. This is insufficient because the RIAA "must adduce competent evidence in supports of its claims" of privilege. *Vega*, 746 F. Supp. 2d at 33-34 ("[T]he proponent of the privilege must offer more than just conclusory statements, generalized assertions, and unsworn averments of its counsel."); *BDO*, 876 F.3d at 696 ("[S]imply describing a lawyer's advice as 'legal,' without more, is conclusory and insufficient to carry out the proponent's burden of establishing attorney-client privilege.") (citation omitted). The RIAA's vague and unsupported privilege claims must also fail because "[a]mbiguities as to whether the elements of a privilege claim have been met are construed against the proponent." *BDO*, 876 F.3d at 695 (citation omitted).

Furthermore, even "[i]f a common interest agreement has been proved to exist, the party seeking to rely on the doctrine must still demonstrate that the specific communications at issue were designed to facilitate a common legal interest; a business or commercial interest will not suffice." *See Intex Recreation Corp. v. Team Worldwide Corp.*, 471 F. Supp. 2d 11, 16 (D.D.C. 2007); *see also BDO*, 876 F.3d at 696 (communications with an attorney acting in a business

4

capacity are not privileged). The RIAA fails in this regard as well. It is readily apparent that Rightscorp has absolutely no *legal* interest at stake in this litigation because it has no interest in any of the copyrights Plaintiffs are seeking to enforce. The RIAA offers no authority for applying the common legal interest doctrine to what is fundamentally a business relationship between Rightscorp, the RIAA, and Plaintiffs.

The RIAA's blanket assertions of work product protection fare no better, as they are based solely on the bare assertions of the RIAA's counsel. No evidence has been introduced to support the claim that Rightscorp was operating as a legal consultant rather than a business associate during any relevant time period. The fact that the RIAA and Plaintiffs are using Rightscorp as a source of evidence in this case does not automatically transform Rightscorp's role as a provider of business services into the role of a legal consultant.

Therefore, because the RIAA fails to carry its burden to establish both the applicability of the common legal interest privilege and the work product doctrine, neither doctrine permits the RIAA to refuse to prepare its corporate witness to provide the testimony sought in topics 3, 4, 5, 10, and 22. Rather, the appropriate course of action is to move forward with these noticed topics knowing that specific privilege objections may be lodged when necessary and appropriate, as is the typical procedure in depositions. *See, e.g.*, *S.E.C. v. Kramer*, 778 F. Supp. 2d 1320, 1328 (M.D. Fla. 2011) (a "designated deponent retain[s] the right to refuse to answer on the basis of privilege," but "to assert a blanket claim of privilege in response to a Rule 30(b)(6) notice creates an unworkable circumstance in which a defendant loses a primary means of discovery without a meaningful review of his opponent's claim of privilege").

      B.      <u>Category 2: The RIAA's Awareness and Knowledge of the Capabilities of BitTorrent Monitoring Companies and Other ISPs Is Relevant and Proportional to the Needs of this Case</u>

*Topics: 1, 2, 3, 6, 9, 12, 14, 16, 18, and 20*

The RIAA's primary objection to this category of testimony is burden, followed by breadth and relevance. As with the RIAA's privilege assertions, these objections conveniently ignore the admitted repository of relevant knowledge that RIAA holds as the recording industry's trade association and its role in instituting and coordinating this litigation. As a result, the information sought by Grande is readily available to the RIAA. The RIAA's bare assertions of burden provide no plausible basis for a protective order.

Moreover, the breadth and relevance issues are fundamentally different from the situation that the RIAA relies on, by way of analogy to the Magistrate Judge's ruling on Plaintiffs' motion to compel discovery from Patriot earlier in this case. With Patriot, the issue was whether Patriot's interactions with other Internet service providers ("ISPs") were "relevant to Grande's policies and procedures relating to alleged copyright infringement by Grande's subscribers." Order at 2, ECF No. 60. Grande is not making that relevance argument. Rather, information the RIAA possesses about copyright monitoring systems in general is relevant to Rightscorp's ability—potentially highlighted by its relative ability, compared to other systems—to accurately monitor and detect copyright infringement through BitTorrent, a key issue in this case. And because the RIAA claims to have initially engaged Rightscorp—thereby taking at least some responsibility for Plaintiffs' copyright enforcement efforts—the RIAA certainly appears to possess such information <u>that may not be available from Plaintiffs</u>. This includes information regarding, among other things, the effectiveness and capabilities of copyright monitoring and detection systems in general, and communications from other ISPs regarding these systems.

The Court should deny the RIAA's attempt to prevent discovery on this relevant subject matter, particularly given the RIAA's direct involvement in this case.

C. Category 3:  The RIAA's Awareness and Knowledge of Flaws and Deficiencies in Rightscorp's Monitoring and Detection System is Directly Relevant to Plaintiffs' Ability to Prove Underlying Acts of Direct Copyright Infringement

*Topics: 8, 11, 13, 15, 17, 19, and 23*

In seeking a protective order regarding topics 8, 11, 13 15, 17, 19, and 23, the RIAA is attempting to restrict access to information regarding flaws and deficiencies in Rightscorp's alleged system for monitoring BitTorrent activity, and its ability to detect conduct that actually constitutes copyright infringement.  The RIAA offers an extreme, self-serving interpretation of these topics, claiming that Grande is seeking to require the RIAA to educate a witness on in-depth technical details concerning the functionality of Rightscorp's system.  In reality, these topics simply seek information about Rightscorp's system that is known and readily accessible to the RIAA, such as information about Rightscorp's system the RIAA has obtained from Rightscorp, reported flaws and weaknesses in the Rightscorp system that the RIAA has discovered through its role as a trade association for copyright owners, and the RIAA's knowledge of inaccuracies in Rightscorp's notices.  *See* ECF No. 107-1.

The fact that Grande may obtain information responsive to these topics from Rightscorp is irrelevant.  The RIAA may well have information Grande cannot obtain from Rightscorp, such as information the RIAA independently acquired or generated about the capabilities of Rightscorp's system.  To the extent the RIAA has relevant information concerning the operation and capabilities of Rightscorp's system, Grande should be permitted to obtain it.

In sum, the requested information is plainly relevant and discoverable, and given the RIAA's integral role in engaging Rightscorp on Plaintiffs' behalf, it cannot legitimately argue

that producing a witness to testify on these topics would be unduly burdensome. The Court should therefore deny the RIAA's request for a protective order concerning these topics.

      D.      <u>Category 4:  There Does Not Appear to Be Any Dispute concerning These Topics</u>

*Topics: 7 and 10*

Based on the RIAA's position in its motion, a protective order is not necessary for these topics. Grande is not seeking to require the RIAA to prepare its witness(es) to testify about information obtained in discovery in this case. As such, there is no need for a protective order regarding topics 7 and 10.

## CONCLUSION

For the foregoing reasons, Grande respectfully requests that the Court deny the RIAA's Motion for Protective Order and order any other relief the Court deems just and proper.


Dated:  July 13, 2018.

                                              By:  /s/ Richard L. Brophy
                                                    Richard L. Brophy
                                                    Zachary C. Howenstine
                                                    Margaret R. Szewczyk
                                                    Armstrong Teasdale LLP
                                                    7700 Forsyth Blvd., Suite 1800
                                                    St. Louis, Missouri 63105
                                                    Telephone:  314.621.5070
                                                    Fax:  314.621.5065
                                                    rbrophy@armstrongteasdale.com
                                                    zhowenstine@armstrongteasdale.com
                                                    mszewczyk@armstrongteasdale.com

                                                    Attorneys for Defendant GRANDE
                                                    COMMUNICATIONS NETWORKS LLC

## **CERTIFICATE OF SERVICE**

The undersigned certifies that on July 13, 2018, all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system pursuant to Local Rule CV-5(b)(1).

/s/ Richard L. Brophy