IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| UMG RECORDINGS, INC., CAPITOL RECORDS, LLC, WARNER BROS. RECORDS INC., SONY MUSIC ENTERTAINMENT, ARISTA RECORDS LLC, ARISTA MUSIC, ATLANTIC RECORDING CORPORATION, CAPITOL CHRISTIAN MUSIC GROUP, INC., ELEKTRA ENTERTAINMENT GROUP INC., FONOVISA, INC., FUELED BY RAMEN LLC, LAFACE RECORDS LLC, NONESUCH RECORDS INC., RHINO ENTERTAINMENT COMPANY, ROADRUNNER RECORDS, INC., ROC-A-FELLA RECORDS, LLC, TOOTH & NAIL, LLC, and ZOMBA RECORDING LLC, <br><br>Plaintiffs, <br><br>vs. <br><br>GRANDE COMMUNICATIONS NETWORKS LLC and PATRIOT MEDIA CONSULTING, LLC <br><br>Defendants | § § § § § § § § § § § § § § § § § § § § § § § § § § § | Civil Action No. 1:17-cv-365-LY <br><br>Jury Trial Demanded |

**PLAINTIFFS' DESIGNATION OF POTENTIAL WITNESSES, TESTIFYING EXPERTS, AND PROPOSED EXHIBITS**

Pursuant to the Court's Scheduling Order [Dkt. 66] as extended by the parties' agreements, Plaintiffs submit their designation of potential witnesses, testifying experts, and proposed exhibits.

A. **Potential Witnesses**

Identified below are those persons and/or entities whom or which Plaintiffs presently believe Plaintiffs may call as witnesses at trial, either by deposition or in person:

1. Christopher Sabec
2. Greg Boswell
3. Aaron Harrison
4. Jason Gallien
5. Alasdair McMullan
6. Jeff Walker
7. Neil Carfora
8. Wade Leak
9. Jon Glass
10. Matt Flott
11. Steven Poltorak
12. Matt Rohre
13. Lamar Horton
14. Lars Christianson
15. Colin Bloch
16. Stephanie Christianson
17. Robert Creel
18. Robert Fogle
19. Bruce Jongeneel
20. Grande Rule 30(b)(6) Witness(es)
21. Patriot Rule 30(b)(6) Witness(es)
22. Recording Industry of America Association ("RIAA") Rule 30(b)(6) Witness(es)
23. Rightscorp Rule 30(b)(6) Witness(es)

This identification is without prejudice to any of Plaintiffs' arguments regarding the admissibility of evidence. In addition, Plaintiffs reserve the right to call any persons or entities identified in Defendants' Initial Disclosures (and any supplements thereto); any persons or entities

identified in any party's discovery responses; and any person or entity deposed in this action. Further, Plaintiffs reserve the right to question and/or present deposition testimony from any and all witnesses Defendants call. The parties are continuing to depose witnesses and Plaintiffs await additional documents and discovery responses from Defendants, including those on which Plaintiffs have a pending motion to compel. Therefore, Plaintiffs reserve the right to amend or supplement their identification of potential witnesses. Plaintiffs will submit their trial witness list in accordance with the deadlines in the Local Rules and this Court's Scheduling Order.

**B. Expert Witnesses**

Plaintiffs designate the following expert witnesses:

**1. Dr. William Lehr (Massachusetts Institute of Technology, 32 Vassar Street (32-G814) Cambridge, MA 02139)**

Dr. Lehr is an economist and damages expert. He will provide testimony on the harm caused by copyright infringement and the economic benefit to Grande from allowing copyright infringement on its network. His opinions and the information required under Fed. R. Civ. P. 26(a)(2)(B) are set forth in an accompanying expert report being served on Grande separately.

**2. Dr. Terrence McGarty (24 Woodbine Road, Florham Park, NJ 07932)**

Dr. McGarty is an expert in internet service provider (ISP) systems and technology. He will provide expert testimony on the capabilities of Grande's internet service system and Grande's response to notices of copyright infringement. His opinions and the information required under Fed. R. Civ. P. 26(a)(2)(B) are set forth in an accompanying expert report being served on Grande separately.

**3. Dr. Andy Bardwell (4801 W. Yale Ave., Denver CO, 80219)**

Dr. Bardwell is a statistics expert. He will provide expert testimony on the Rightscorp system and the extent to which data from the Rightscorp system reflects repeat copyright

3

infringement by Grande's subscribers. His opinions and the information required under Fed. R. Civ. P. 26(a)(2)(B) are set forth in an accompanying expert report being served on Grande separately.

### 4. Counsel for Plaintiffs

Some or all of Plaintiffs' counsel, including Daniel Bitting, Paige Amstutz, Jonathan Missner, Robert Gilmore, and Philip O'Beirne, may provide expert testimony on the reasonableness and necessity of Plaintiffs' attorneys' fees in this case. These witnesses are not required to provide a report under Fed. R. Civ. P. 26(a)(2)(B) because they are not retained or specially employed to provide expert testimony.

* * *

In addition, Plaintiffs reserve the right to designate rebuttal experts, and serve disclosures for such rebuttal experts, in response to Defendant's designation of experts, and will do so in accordance with the Federal Rules of Civil Procedure, the Local Rules, and this Court's Scheduling Order. Furthermore, the parties are continuing to depose witnesses and Plaintiffs await additional documents and discovery responses from Defendants, including those on which Plaintiffs have a pending motion to compel. Therefore, Plaintiffs reserve the right to amend or supplement their designations of expert witnesses, and those experts reserve their rights to amend or supplement their expert reports, in accordance with the Federal Rules and the Local Rules.

### C. Potential Exhibits

Identified below are potential exhibits Plaintiffs may introduce at trial:

- Rightscorp notices of infringement sent to Grande, downloaded sample infringed files, and other evidence produced by Rightscorp reflecting infringement on Grande's system;
- Evidence produced by RIAA reflecting infringement on Grande's system;
- Documents produced by Plaintiffs evidencing ownership of the works in suit;

- Exhibits introduced during the depositions of witnesses in this case;
- Plaintiffs' experts' reports (including any rebuttal reports), and exhibits and documents cited therein;
- Written discovery responses and documents cited therein;
- Records from Grande's internal abuse and customer service systems;
- Documents and data evidencing Grande's and Patriot's financial condition, including their assets, revenues and profits;
- Documents reflecting or evidencing Grande's policies, procedures regarding copyright infringement;
- Documents reflecting or evidencing Patriot's role in formulating and implementing Grande's policies and procedures regarding copyright infringement
- Documents reflecting or evidencing Grande's failure to reasonably implement a repeat infringer policy
- Documents reflecting or evidencing Grande's knowledge of copyright infringement occurring through the use of its internet service;
- Documents reflecting or evidencing Grande's facilitating of copyright infringement occurring through the use of its internet service;
- Documents reflecting or evidencing Grande's ability to control copyright infringement occurring through the use of its internet service;
- Documents reflecting or evidencing the direct financial benefit Grande receives from allowing copyright infringement to occur through the use of its internet service; and
- Other documents produced by Grande and Patriot, by Plaintiffs, or by non-parties.

This designation of potential exhibits at trial is without prejudice to any of Plaintiffs'

arguments regarding the admissibility of evidence. The parties are continuing to depose witnesses and Plaintiffs await additional documents and discovery responses from Defendants, including those on which Plaintiffs have a pending motion to compel. Therefore, Plaintiffs reserve the right to amend or supplement their designation of proposed exhibits. Plaintiffs will submit their trial exhibit list in accordance with the deadline provided for in the Local Rules and this Court's Scheduling Order.

Dated: July 13, 2018                                Respectfully submitted,

                                        By:     /s/ Philip J. O'Beirne
                                                Pat A. Cipollone, P.C. (admitted *pro hac vice*)
                                                Jonathan E. Missner (admitted *pro hac vice*)
                                                Robert B. Gilmore (admitted *pro hac vice*)
                                                Philip J. O'Beirne (admitted *pro hac vice*)
                                                **Stein Mitchell Cipollone Beato & Missner LLP**
                                                901 15th Street, N.W., Suite 7000
                                                Washington, DC 20005
                                                Telephone: (202) 737-7777
                                                Facsimile: (202) 296-8312
                                                pcipollone@steinmitchell.com
                                                jmissner@steinmitchell.com
                                                rgilmore@steinmitchell.com
                                                pobeirne@steinmitchell.com

                                                Daniel C. Bitting
                                                State Bar No. 02362480
                                                Paige A. Amstutz
                                                State Bar No. 00796136
                                                **Scott Douglass & McConnico LLP**
                                                303 Colorado Street, Suite 2400
                                                Austin, TX 78701
                                                Telephone: (512) 495-6300
                                                Facsimile: (512) 495-6399
                                                dbitting@scottdoug.com
                                                pamstutz@scottdoug.com

                                                *Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

  It is hereby certified that a true copy of the foregoing was filed and served on counsel of record via the Court's ECF system on this 13th day of July, 2018.

Dated: July 13, 2018

               /s/  Daniel C. Bitting