IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| UMG RECORDINGS, INC., *et al.*, | § |
|     Plaintiffs, | § § |
| vs. | § Civil Action No. 1:17-cv-00365-LY § |
| GRANDE COMMUNICATIONS NETWORKS LLC and PATRIOT MEDIA CONSULTING, LLC, | § § § § § |
|     Defendants. | § § |

**REPLY IN SUPPORT OF NON-PARTY RECORDING INDUSTRY ASSOCIATION OF AMERICA'S MOTION FOR PROTECTIVE ORDER REGARDING DEFENDANT'S SUBPOENA FOR RULE 30(b)(6) DEPOSITION**

## INTRODUCTION

Grande's acknowledgement of RIAA's role confirms why RIAA's objections are proper and its motion should be granted. Grande describes "RIAA's crucial and substantial role in ***developing and maintaining this litigation***." Opposition [Dkt. 116] ("Opp.") at 1 (emphasis added). Grande also concedes that Rightscorp approached RIAA in 2016 with evidence concerning Grande's subscribers' copyright infringement, and RIAA engaged Rightscorp as a litigation consultant for Plaintiffs in this litigation. *Id.* RIAA's role shows that its communications with Plaintiffs and Rightscorp are protected by the attorney-client privilege and work product privileges, and that the wide-ranging discovery that Grande seeks is inappropriate. RIAA already has produced the evidence relevant to this case, and has agreed to put up a Rule 30(b)(6) witness to testify about relevant, non-privileged information. Grande is not entitled to more; the Court should grant the requested protective order.

## ARGUMENT

### I. GRANDE IS NOT ENTITLED TO TESTIMONY CONCERNING PRIVILEGED COMMUNICATIONS AND WORK PRODUCT COMMUNICATIONS WITH A LITIGATION CONSULTANT (RIGHTSCORP) RETAINED TO HELP PREPARE AND PROSECUTE THIS LAWSUIT (TOPICS 3, 4, 5, 10, AND 22).

RIAA does not object to providing discovery of the facts underlying the Plaintiffs' claims to the extent RIAA knows them. But Grande evidently wants to know more than the facts; it seeks to discover RIAA and Plaintiffs' litigation strategy. That is not permitted.

RIAA has produced documents related to the Rightscorp notices and downloaded recordings that are at the heart of this case, and RIAA has agreed to designate someone "to testify generally as to non-privileged, discoverable information regarding the general nature of RIAA's engagement of Rightscorp relating to the claims in this lawsuit against Grande." *See* Ex. A, Responses to Topics 5 and 22; Ex. D, p. 4 (revised response for several topics including Topics

10). RIAA's witness will testify about the documents it has produced and also will provide non-privileged testimony on the questions that Grande identifies in its opposition. Opp. at 3.[1] RIAA, however, should not be required to testify about its communications with Plaintiffs and Rightscorp concerning this lawsuit. Those communications are protected by the attorney-client privilege, the common interest privilege and the work product doctrine.

Grande does not dispute the accuracy of the evidence that RIAA submitted in support of its motion. RIAA attached the Plaintiffs' sworn interrogatory responses to Interrogatory 20. *See* Ex. B. That response states in relevant part:

> Plaintiffs state as follows: In or around January 2016, Rightscorp contacted the Recording Industry Association of America ("RIAA") concerning evidence Rightscorp possessed relating to Grande's subscribers engaging in online copyright infringement, including infringement of Plaintiffs' copyrighted sound recordings, as well as notices and other communications that Rightscorp had sent to Grande informing Grande of its subscribers' infringement. Plaintiffs, through RIAA, engaged Rightscorp to provide litigation consulting services in connection with a potential lawsuit that Plaintiffs ultimately brought against Grande and Patriot.
>
> Because Rightscorp was engaged as a litigation consultant, its communications with Plaintiffs and RIAA since January 2016 concerning the subject matter of this lawsuit were generated in anticipation of, or in connection with, litigation, and Rightscorp has been acting at the direction of counsel; for these reasons, such communications are protected by the attorney-client privilege and the work product doctrine, and will not be disclosed or provided on those grounds.

This sworn statement establishes the privileged/work product nature of the RIAA-Plaintiff-Rightscorp communications about this lawsuit. RIAA's communications with Plaintiffs and Rightscorp relating to this litigation all concern seeking, providing or sharing legal advice, or providing information and support for Plaintiffs' attorneys (in-house, at the RIAA, and outside

---

[1] For this reason, Grande's citation to *S.E.C. v. Kramer* is misplaced. There, the SEC refused to put up any witness at all. 778 F. Supp. 2d 1320, 1328 (M.D. Fla. 2011). In contrast, RIAA's 30(b)(6) witness will testify on a significant scope of relevant, discoverable information.

counsel) to render legal advice, and to prepare for and then conduct this litigation. RIAA, Rightscorp and Plaintiffs are aligned in investigating and pursuing litigation against Grande and Patriot for facilitating the rampant infringement of Plaintiffs' copyrighted works.

Grande fails to address, let alone rebut, the case law RIAA cited in its motion establishing the applicability of the privilege and work product doctrine given these facts. Mot. at 3-5 [Dkt. 107]. And the cases Grande cites actually demonstrate why the Court should grant the protective order. In *EEOC v. BDO USA, L.L.P.*, the respondent resisting the EEOC's subpoena failed to submit any evidence establishing its privilege assertions. 876 F.3d 690, 697 (5th Cir. 2018). The *In re Veiga* opinion rejected an Ecuadorian attorney's "unsworn (and unsigned) declaration" containing vague and confusing information about the privilege requirements under Ecuadorian law. 746 F. Supp. 2d 27, 37 (D.D.C. 2010). Here, by contrast, Plaintiffs' verified interrogatory responses describe the specific nature of RIAA's engagement of Rightscorp and RIAA communications with it and Plaintiffs about the preparation and conduct of this lawsuit.

Grande next cites *Intex Recreation Corp. v. Team Worldwide Corp.*, 471 F. Supp. 2d 11 (D.D.C. 2007) to argue that RIAA, Plaintiffs and Rightscorp merely had a business, not legal, common interest. But the *Intex* opinion shows that the opposite is true. There, a plaintiff and a third-party distributor of the plaintiff's products pursued a "coordinated legal strategy" against the defendant in a patent infringement dispute. *Id.* at 16. The court found that while the exclusive distribution agreement between the plaintiff and distributor was for business, not legal, purposes, the subsequent "common interest" agreement between the plaintiff and distributor to pursue litigation against the defendant brought their communications under that agreement within the privilege and work product doctrines. *Id.* at 17. Indeed, the court found that the plaintiff and distributor's legal interests were aligned even before they signed the formal written agreement

itself. *Id.* Here, RIAA, Plaintiffs, and Rightscorp were, from the outset, embarking on a "coordinated legal strategy" with respect to litigation against Grande, and their interests were aligned in all respects; their communications properly are protected.

## II. GRANDE FAILS TO SHOW THE RELEVANCE OF TESTIMONY ABOUT OTHER ISPs OR ONLINE INFRINGEMENT DETECTION COMPANIES OTHER THAN RIGHTSCORP (TOPICS 1, 2, 3, 6, 9, 12, 14, 16, 18, AND 20).

This Court previously ruled that "Patriot's interactions with other ISPs are [not] relevant to Grande's policies and procedures relating to copyright infringement by Grande customers." Order on Mot. to Compel at 2 [Dkt. 60]. By the same token, RIAA's interactions with other ISPs and infringement detection companies are not relevant to the question of whether Grande is liable for copyright infringement; Grande's effort to argue otherwise is unavailing. Grande claims that it is entitled to this overbroad discovery because of the "admitted repository of relevant knowledge that RIAA holds as the recording industry's trade association and its role in instituting and coordinating this litigation." Opp. at 6. Just what "admitted repository" Grande is referring to is unclear. Grande claims it needs information about other ISPs and other infringement detection companies to probe "the effectiveness and capabilities of copyright monitoring and detection systems in general, and communications from other ISPs regarding these systems." *Id.* But Grande does not and cannot explain why general information about other systems (not Rightscorp's), and communications from other ISPs (not Grande) concerning those other systems, has any bearing on Rightscorp's capabilities—or on any other issue in this case. In reality, such matters will only confuse and distract the parties, the Court, and the jury. The Court should grant the protective order RIAA seeks on these topics.

### III. GRANDE CAN SEEK TESTIMONY ABOUT THE TECHNICAL FUNCTIONALITY OF RIGHTSCORP'S ONLINE INFRINGEMENT DETECTION SYSTEM MORE ACCURATELY AND WITH LESS BURDEN FROM RIGHTSCORP RATHER THAN RIAA.

To the extent Grande seeks information that "RIAA independently acquired or generated about the capabilities of Rightscorp's system" (Opp. at 7), RIAA has agreed to testify as to non-privileged/work product communications concerning that topic, including: (1) evidence RIAA received from Rightscorp, and (2) RIAA's own evidence generated from Rightscorp data. *See* Ex. D, p. 4; Ex. A, pp. 14-15. But Grande's insistence that RIAA must provide a far broader scope of information about Rightscorp has no merit.

"Where responsive information can be *provided more accurately and with less burden through one method of discovery*, that method should be used." *HSBC Bank USA, N.A. v. Green Valley Pecos Homeowners Ass'n, Inc.*, No. 2:16-CV-00242-JCM-GWF, 2016 WL 6915301, at *6 (D. Nev. Nov. 21, 2011) (emphasis added). Grande will be deposing Rightscorp witnesses and can obtain information about Rightscorp "more accurately and with less burden" *from Rightscorp*, rather than second or third-hand information that RIAA has, if any. What is more, requiring such testimony from RIAA necessarily will raise difficult privilege and work product issues (given the likelihood that such testimony would involve Rightscorp's role as a litigation consultant for this suit). Those issues are not present when Rightscorp witnesses are asked about the technology and its implementation. The Court should grant the requested protective order on these topics.

### CONCLUSION

For the reasons stated herein, and those in its motion, RIAA respectfully asks that the Court enter a protective order limiting the scope of RIAA's 30(b)(6) testimony to that set forth in its written objections and responses set forth in Exhibit A and D.

July 20, 2018

                      Respectfully submitted,

By: */s/ Robert B. Gilmore*
Pat A. Cipollone, P.C. (admitted *pro hac vice*)
Jonathan E. Missner (admitted *pro hac vice*)
Robert B. Gilmore (admitted *pro hac vice*)
Philip J. O'Beirne (admitted *pro hac vice*)
**Stein Mitchell Cipollone Beato & Missner LLP**
901 15th Street, N.W., Suite 700
Washington, DC 20005
Telephone: (202) 737-7777
Facsimile: (202) 296-8312
pcipollone@steinmitchell.com
jmissner@steinmitchell.com
rgilmore@steinmitchell.com
pobeirne@steinmitchell.com

Daniel C. Bitting (State Bar No. 02362480)
Paige A. Amstutz (State Bar No. 00796136)
**Scott Douglass & McConnico LLP**
303 Colorado Street, Suite 2400
Austin, TX 78701
Telephone: (512) 495-6300
Facsimile: (512) 495-6399
dbitting@scottdoug.com
pamstutz@scottdoug.com

*Attorneys for RIAA*

## CERTIFICATE OF SERVICE

The undersigned certifies that on July 20, 2018 all counsel of record who are deemed to have consented to electronic service are being served with through the Court's ECF system.

*/s/ Daniel C. Bitting*
Daniel C. Bitting