# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
### AUSTIN DIVISION

UMG RECORDINGS, INC., *et al.*,           §
                                          §
    Plaintiffs,            §
                                          §
vs.                                       §    Civil Action No. 1:17-cv-00365-LY
                                          §
GRANDE COMMUNICATIONS                     §
NETWORKS LLC and PATRIOT                   §
MEDIA CONSULTING, LLC,                     §
                                          §
    Defendants.            §
                                          §

**REPLY IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL DISCOVERY FROM
<u>GRANDE COMMUNICATIONS NETWORKS LLC AND
PATRIOT MEDIA CONSULTING, LLC</u>**

## INTRODUCTION

Grande and Patriot's opposition [Dkt. 119] confirms that the companies continue to resist providing information on key facts but have no justification for their stonewalling. Grande (once again) promises that certain documents and testimony are forthcoming; Plaintiffs reserve the right to pursue that information if it is not produced promptly. Grande refuses to provide other information, and Patriot refuses to present its witnesses to be deposed, both without any valid basis. The Court should compel the responses and depositions discussed below.

## ARGUMENT

I. **GRANDE STILL OWES COMPLETE AND TRUTHFUL ANSWERS ABOUT ITS CURRENT AND PAST POLICIES REGARDING INFRINGEMENT (INTERROGATORIES 6, 14 AND 25; 30(B)(6) TOPICS 7, 25-28, 37-38, 45).**

**Plaintiffs are entitled to 30(b)(6) testimony explaining the provenance of Grande's false answer to Interrogatory 6.** Grande has served a new interrogatory response to Interrogatory 6, with dramatically different information about Grande's current supposed DMCA policy compared to its prior answer, which its 30(b)(6) witness testified was *false*. *See* Opp. Ex. 1 at 7-10 [Dkt. 119-2] (filed under seal by Grande). But Grande's witness refused to explain how the prior, false, answer came to be, and Grande in its brief continues to resist providing Plaintiffs discovery about the provenance of its prior answer. Grande appears to assert that such information is privileged. Opp. at 3. But it is beyond dispute that "[t]he privilege only protects disclosure of communications; it does not protect disclosure of the underlying facts by those who communicated with the attorney." *Upjohn Co. v. United States*, 449 U.S. 383, 395 (1981). Plaintiffs are entitled to depose Grande's corporate witness on the factual circumstances of Grande's prior false statement. For example, was the inaccurate description of its policy what some employees at the company thought the policy actually was, should be, or was going to be in the future? The answers

to those questions are probative of Grande's supposed invocation of the DMCA safe harbor, as well as the willfulness of Grande's conduct.

**Plaintiffs are entitled to discovery on Grande's DMCA policies and practices pre-2013 (Interrogatories 6, 25).** Grande claims that this information is irrelevant because it predates the three-year statute of limitations period. But its arguments that the discovery rule cannot apply are wrong and certainly are no ground to resist discovery.

Grande cites *TIG Ins. Co. v. Aon Re, Inc.* to argue that Plaintiffs have not pleaded the discovery rule sufficiently. But Grande's reliance on that case is misplaced. *TIG* specifically states that "the discovery rule need not be specifically pleaded in federal court." 521 F.3d 351, 357 (5th Cir. 2008). What is more, in *Frame v. City of Arlington*, which post-dates *TIG*, the Fifth Circuit made clear that "the statute of limitations is an affirmative defense that places the burden of proof on the party pleading it. Under federal pleading requirements, which we follow, a plaintiff is not required to allege that his claims were filed within the applicable statute of limitations." 657 F.3d 215, 239–40 (5th Cir. 2011).

Grande then questions the ongoing validity of the discovery rule in copyright cases. But in *Petrella v. Metro-Goldwyn-Mayer, Inc.*, on which Grande relies, the Supreme Court observed that "nine Courts of Appeals have adopted ... a discovery rule" and that the "overwhelming majority" of courts apply the rule to copyright cases. 134 S. Ct. 1962, 1969 fn.4 (2014). Nowhere in *Petrella* did the Court suggest it was undoing this broad consensus. Grande also cites *Chicago Bldg. Design, P.C. v. Mongolian House, Inc.*, but the court in that case "express[ed] no opinion on th[e] question" of "whether *Petrella* abrogates the discovery rule in copyright cases." 770 F.3d 610, 618 (7th Cir. 2014). And courts in this Circuit post-*Petrella* have recognized the discovery rule's ongoing vitality. *See, e.g., Geophys. Serv. Inc. v. ConocoPhillips Co.*, No. H-15-2766, 2016 WL

2

2839286, *9 (S.D. Tex. May 13, 2016). Here, as Plaintiffs have stated in their answers to Grande's interrogatory, Plaintiffs did not learn of the infringement until January 2016, when Rightscorp first approached the RIAA (Plaintiffs' trade association that is coordinating this litigation with Plaintiffs) with evidence of Grande subscribers' infringement. Pls.' Resp. to Grande Interrog. 20 [Dkt 107-2]. Plaintiffs' claims for the entire period of infringement are timely.

Moreover, regardless of the applicable limitations period, Grande's handling of infringement both before and after 2013 is relevant. Information disclosed in discovery indicates that Grande terminated repeat infringing customers in 2010 and preceding time periods, but then changed its policy *and stopped terminating repeat infringers from 2011 until June 2017*—when it resumed doing so *after this suit was filed*. The rationale and implementation of Grande's policy for handling infringement during these earlier periods, the reasons for the policy changes, and the comparison of Grande's earlier policy to its policy from 2011 until this lawsuit, bear on at least two key issues.

(1) Grande's knowledge of infringement by its subscribers: Grande claims in this litigation that the notices it has received from Rightscorp (and others) did not apprise it of actual infringement, yet during the pre-2011 period (as well as the period from the filing of this suit to the present), Grande terminated customers for repeat infringement based on the same knowledge from the same type of notices. Its earlier conduct is probative of its knowledge of infringement by its subscribers.

(2) Grande's attempt to claim the DMCA safe harbor defense: Grande's policy and practice during the pre-2011 period (when it terminated repeat infringers) is probative of whether during the post-2011 period (when it did not), Grande actually had a policy

that provided for the termination of repeat infringers in appropriate circumstances, and was reasonably implemented, as the DMCA safe harbor requires. 17 U.S.C. § 512(i).

**Grande must answer Interrogatory 14 and provide the contact information for its DMCA agent.** Grande is simply playing games with its refusal to answer this interrogatory, wrongly claiming that the information is "readily ascertainable" (Opp. at 8) from a jumble of Copyright Office filings and conflicting Grande documents. The company must state the identity and contact information of the person it registered as its DMCA agent with the Copyright Office, and the person it listed in its policies over the applicable time period. The evidence indicates—and Grande apparently admits (Opp. at 8)—that Grande provided conflicting information to the public and to the Copyright Office as to the identity of that agent.  Evidence also suggests that this discrepancy resulted in some copyright infringement notices to Grande being directed into nonfunctioning email accounts. That bears directly on Grande's eligibility for the DMCA safe harbor. *See Ellison v. Robertson*, 357 F.3d 1072, 1080 (9th Cir. 2004).[1]

## II.    PATRIOT SHOULD BE REQUIRED TO MAKE ITS WITNESSES AVAILABLE FOR DEPOSITION.

The parties previously agreed to conduct depositions following the fact discovery cut-off. Plaintiffs have honored that agreement, by offering depositions of Plaintiffs' individual and

---

[1] "There is ample evidence in the record that suggests that AOL did not have an effective notification procedure in place at the time the alleged infringing activities were taking place. Although AOL did notify the Copyright Office of its correct e-mail address before Ellison's attorney attempted to contact AOL and did post its correct e-mail address on the AOL website with a brief summary of its policy as to repeat infringers, AOL also: (1) changed the e-mail address to which infringement notifications were supposed to have been sent; and (2) failed to provide for forwarding of messages sent to the old address or notification that the e-mail address was inactive. ... AOL should have closed the old e-mail account or forwarded the e-mails sent to the old account to the new one. Instead, AOL allowed notices of potential copyright infringement to fall into a vacuum and to go unheeded; that fact is sufficient for a reasonable jury to conclude that AOL had not reasonably implemented its policy against repeat infringers." (citation omitted)

30(b)(6) fact witnesses. On multiple occasions, the undersigned counsel requested deposition dates for the Patriot witnesses (in writing, by phone, and in person). For example, during the parties' June 1, 2018 telephone call, the undersigned counsel asked for dates for the depositions of Patriot executive Robert Roeder and the Patriot 30(b)(6) witness, and memorialized opposing counsel's response: "***You indicated on the call you would get back to us for dates for the Patriot 30(b)(6) and Mr. Roeder.***" Ex. A, June 3, 2018 O'Beirne Email to Brophy (emphasis added). Grande and Patriot, however, then reneged on the parties' agreement, informing Plaintiffs ***the day before the end of the discovery period*** that they would not offer Patriot witnesses for deposition after all. Plaintiffs immediately served deposition subpoenas for Mr. Roeder as well as a Rule 30(b)(6) witness (identical in substance to that which Plaintiffs previously had served on Defendants). Those subpoenas call for the depositions of the Patriot witnesses during a time period ***when the parties had agreed to take depositions*** of Plaintiffs, Grande, and nonparties RIAA and Rightscorp.

Furthermore, Grande and Patriot do not contest that Patriot has plainly relevant information. As Plaintiffs showed in their Motion for Leave to Amend, the evidence from multiple Grande witnesses is that Patriot calls the shots when it comes to Grande's response to infringement by its customers, and in fact has an ownership interest in Grande. *See* Pls.' Mot. for Leave to Amend [Dkt. 85] and Exhibits thereto. These facts further confirm that Patriot is a proper defendant, and that Patriot has relevant information about Grande's policies and practices regarding infringement. Plaintiffs are entitled to deposition testimony of the Patriot witnesses on this and other key topics.

## CONCLUSION

For the foregoing reasons and those set forth in Plaintiffs' motion to compel, Plaintiffs respectfully ask that the Court compel the requested relevant discovery from Grande and Patriot.

July 20, 2018

Respectfully submitted,

By: */s/ Philip J. O'Beirne*
Pat A. Cipollone, P.C. (admitted *pro hac vice*)
Jonathan E. Missner (admitted *pro hac vice*)
Robert B. Gilmore (admitted *pro hac vice*)
Philip J. O'Beirne (admitted *pro hac vice*)
**Stein Mitchell Cipollone Beato & Missner LLP**
901 15th Street, N.W., Suite 700
Washington, DC 20005
Telephone: (202) 737-7777
Facsimile: (202) 296-8312
pcipollone@steinmitchell.com
jmissner@steinmitchell.com
rgilmore@steinmitchell.com
pobeirne@steinmitchell.com

Daniel C. Bitting (State Bar No. 02362480)
Paige A. Amstutz (State Bar No. 00796136)
**Scott Douglass & McConnico LLP**
303 Colorado Street, Suite 2400
Austin, TX 78701
Telephone: (512) 495-6300
Facsimile: (512) 495-6399
dbitting@scottdoug.com
pamstutz@scottdoug.com

***Attorneys for Plaintiffs***

## CERTIFICATE OF SERVICE

The undersigned certifies that, on July 20, 2018, all counsel of record who are deemed to have consented to electronic service are being served with through the Court's ECF system.

/s/ Daniel C. Bitting

Daniel C. Bitting