**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | |
|---|---|
| UMG RECORDINGS, INC., et al., | ) |
| Plaintiffs, | ) ) ) |
| vs. | ) ) |
| GRANDE COMMUNICATIONS NETWORKS LLC, | ) ) )   No. 1:17-cv-00365-LY ) |
| Defendant. | ) ) ) ) |

**DEFENDANT GRANDE COMMUNICATIONS NETWORKS LLC'S
REPLY IN SUPPORT OF OPPOSED MOTION TO COMPEL THE
PRODUCTION OF DOCUMENTS AND INFORMATION FROM
PLAINTIFFS**

**INTRODUCTION**

Plaintiffs acknowledge that they refuse to fully answer the interrogatories at issue, that they have unilaterally narrowed or outright refused to respond to numerous document requests, and that they refuse to abide by the parties' agreed-upon procedures for conducting e-discovery. The sum total of these actions is a clear attempt to avoid producing responsive, relevant information and documents, further highlighting the stonewalling tactics Grande has experienced throughout discovery from Plaintiffs, Rightscorp, and the RIAA.

In that same vein, Plaintiffs' argument that Grande's Motion to Compel is untimely is impossible to reconcile with the facts. Plaintiffs continued to produce documents into early June, and have never indicated that their production is complete. In addition, Plaintiffs have repeatedly attempted to rely on documents produced by Rightscorp and the RIAA as satisfying their discovery obligations, yet they did not serve their final document productions until June 29. Moreover, Plaintiffs expressly refused to answer the interrogatories at issue on grounds that discovery was ongoing, giving Grande reason to believe that complete responses might still be forthcoming. The Court should reject Plaintiffs' last-ditch effort to evade their discovery obligations.

**ARGUMENT**

**I.   PLAINTIFFS DO NOT ADEQUATELY ANSWER GRANDE'S INTERROGATORIES 13 AND 19**

Plaintiffs' attempts to justify its deficient answers to these Interrogatories only highlight the underlying deficiencies. Plaintiffs appear to be alleging infringement of approximately 1,500 copyrights in this action, yet they claim to have fully identified the factual basis for these allegations in "a four-page narrative response" to Grande's Interrogatory 13. Plfs.' Resp. at 9 (ECF No. 115). It should go without saying that Plaintiffs have the burden to prove their case

1

with respect to each asserted copyright, and the related information Grande seeks is basic:

**INTERROGATORY NO. 13:**

For each copyright that Plaintiffs assert Grande infringed, identify the complete basis for that assertion, which includes providing, in table form, (1) the specific copyrighted work infringed; (2) the owner of the specific copyrighted work; (3) the subscriber (or IP address) responsible for directly infringing that work; (4) the specific act of direct infringement; (5) the date and time on which the act of direct infringement occurred; (6) the specific information provided to Grande that provided notice of that instance of direct infringement; (7) the specific right the subscriber violated (*e.g.* the distribution right, performance right, etc.); (8) the specific right the Plaintiffs hold for that specific work under 17 U.S.C. § 106; and (9) the conduct Grande engaged in that contributed to that direct infringement.

Ex. 7 to Mot. to Compel at 1 (ECF No. 112-1). Plaintiffs have no reasonable or legitimate basis for placing the burden on Grande to sift through millions of pages of documents to connect the dots and assemble this information. Again, as noted in Grande's motion, Plaintiffs must have already analyzed this information as part of their Rule 11 investigation prior to filing suit.

As for Interrogatory 19, Plaintiffs attempt to sidestep the fact that the key question posed by this Interrogatory remains unanswered: Plaintiffs have not identified the number of instances of copyright infringement for which they are seeking recovery. *See id.* at 13-14. Plaintiffs have also not identified the specific evidence they will rely on with respect to each such instance of alleged infringement. *See id.* As with Interrogatory 13, this is incredibly basic information that goes to the heart of Plaintiffs' case. The Court should therefore order Plaintiffs to fully answer these Interrogatories.

## II. PLAINTIFFS IMPROPERLY NARROWED OR REFUSED NUMEROUS REQUESTS FOR PRODUCTION

Plaintiffs fail to provide any legitimate basis for avoiding their obligation to produce

documents responsive to Grande's requests for production.

First, as to Grande's Requests for Production implicating Rightscorp, Plaintiffs evade the real question: whether *Plaintiffs* have produced all responsive documents in their possession, custody, or control. See Plfs.' Resp. at 3 ("Grande has gotten or will receive all to which it is entitled."). Whether Grande has received or will receive all of the information it has requested from Rightscorp is irrelevant to the issue before the Court. The Court should order Plaintiffs to produce all documents responsive to these requests.

Second, Plaintiffs are simply wrong to claim that Grande is seeking irrelevant information about "other ISPs."[1]  See Plfs.' Resp. at 4. The vast majority of the requests Plaintiffs refer to are not directed to discovering information about the practices of other ISPs, but rather to discovering information *about Rightscorp's purported system for detecting copyright infringement*—a key issue in this case.[2] Plaintiffs' previous attempt to obtain discovery from Patriot regarding other ISPs managed by Patriot is irrelevant.

Third, with respect to Requests for Production 15 and 16, regarding the negative impact of file-sharing on ISPs, Plaintiffs attempt to craft a position on the facts to avoid producing relevant documents. See Plfs.' Resp. at 4-5. Plaintiffs do not deny that these requests seek relevant information; rather, they simply contend that they disagree that ISPs suffer losses as a result of online file-sharing. Whether or not Plaintiffs agree, the requested documents are relevant, and the Court should therefore order Plaintiffs to produce them.

---

[1] Grande will not waste the Court's time responding in detail to Plaintiffs' assertions about "iron-clad evidence" of Grande's liability. It is telling that Plaintiffs refuse to answer interrogatories seeking straightforward information about the evidentiary basis of their claims.

[2] This encompasses issues such as flaws or limitations in Rightscorp's system, the adequacy of Rightscorp's notices, and Rightscorp's ability to provide information to enable ISPs to meaningfully evaluate and respond to allegations of copyright infringement.

3

In sum, Plaintiffs have failed to meet their burden to demonstrate that they are entitled to continue withholding responsive documents.[3]  *See, e.g.*, *Sully v. Freeman*, No. 1:16-cv-818, 2017 WL 3457123, at *1 (W.D. Tex. Feb. 1, 2017) ("The party resisting discovery must show specifically how each discovery request is not relevant or otherwise objectionable.").

### III. PLAINTIFFS' EMAIL PRODUCTION REMAINS DEFICIENT

The Court should not permit Plaintiffs to refuse to comply with the parties' agreed-upon procedure for conducting e-discovery.  Plaintiffs do not claim that they ever indicated an intention to conduct a second "relevance" screening of responsive emails until <u>after</u> the parties had agreed to an e-discovery procedure, and <u>after</u> Grande had produced emails responsive to the full scope of Plaintiffs' search terms.  Indeed, in meet and confer efforts preceding Grande's email production, Plaintiffs adamantly refused to narrow the scope of their search terms, in spite of Grande's repeated explanations that Plaintiffs' search terms would result in the production of irrelevant documents.  Plaintiffs insisted that Grande produce all emails responsive to its search terms, and the Court should require Plaintiffs to do the same.

None of the authorities Plaintiffs rely on are relevant to the issue before the Court. Instead, these authorities simply explain that parties <u>can</u> agree to multiple levels of review in connection with email discovery.  Moreover, the *Kenyon* case actually addresses a completely different issue—whether it would be unduly burdensome to <u>require</u> a party responding to a Rule 45 subpoena to conduct multiple levels of review.  *See Kenyon v. Simon & Schuster, Inc.*, No. 1:16-mc-327, 2016 WL 5930265, at *5 (S.D.N.Y. Oct. 11, 2016).  Here, in contrast, Grande is simply seeking to hold Plaintiffs to the parties' bargain, and to require Plaintiffs to do exactly

---

[3] Grande further notes that Plaintiffs did not respond at all to Grande's request to compel the production of documents responsive to Request for Production 34.  Mot. to Compel at 3.

4

what Plaintiffs insisted Grande must do in identifying and producing responsive emails.

## IV. GRANDE'S MOTION TO COMPEL IS TIMELY

Grande timely filed its motion to compel, after extensive meet and confer efforts in the hope of avoiding unnecessary motion practice. Plaintiffs' claims to the contrary are meritless.

First, with respect to Plaintiffs' deficient answers to Interrogatories 13 and 19, Plaintiffs ignore that their answers expressly objected on grounds that discovery was ongoing, and indicated that Plaintiffs might supplement their answers based on subsequently-obtained information. Ex. 7 to Mot. to Compel at 5, 14. Thus, until it became evident that Plaintiffs would not in fact do so, Grande had reason to believe that more detailed, sufficient answers may be forthcoming.

Second, with respect to Plaintiffs' document production (both emails and otherwise), Plaintiffs ignore that they continued to produce documents on a rolling basis into early June, with the last such production occurring on June 7, 2018. Plaintiffs have never indicated that their document production was or is complete. In addition, Plaintiffs rely on documents produced by Rightscorp and the RIAA as purportedly satisfying certain of their production obligations. Yet Rightscorp and the RIAA did not serve their final document productions until June 29, 2018. Over the course of the last 10 months, the parties have conferred on dozens of occasions regarding discovery requests. Grande diligently sought discovery from Plaintiffs and it was not until the looming close of fact discovery that the final scope of Plaintiffs' deficiencies became clear. For these reasons, the Court should not give any weight to Plaintiffs' argument that Grande did not timely seek relief from the Court.

## CONCLUSION

For the foregoing reasons, the Court should grant Grande's Motion to Compel.

5

Dated: July 20, 2018.

By: /s/ Richard L. Brophy
Richard L. Brophy
Zachary C. Howenstine
Margaret R. Szewczyk
Armstrong Teasdale LLP
7700 Forsyth Blvd., Suite 1800
St. Louis, Missouri 63105
Telephone: 314.621.5070
Fax: 314.621.5065
rbrophy@armstrongteasdale.com
zhowenstine@armstrongteasdale.com
mszewczyk@armstrongteasdale.com

Attorneys for Defendant GRANDE
COMMUNICATIONS NETWORKS LLC

## CERTIFICATE OF SERVICE

The undersigned certifies that on July 20, 2018, all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system pursuant to Local Rule CV-5(b)(1).

/s/ Richard L. Brophy
Richard L. Brophy