# Exhibit E

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| UMG RECORDINGS, INC., et al., | ) |
| Plaintiffs, | ) ) ) |
| vs. | ) ) |
| GRANDE COMMUNICATIONS NETWORKS LLC and PATRIOT MEDIA CONSULTING, LLC, | ) ) ) ) |
| Defendants. | ) ) ) ) |

No. 1:17-cv-00365

**DEFENDANT GRANDE COMMUNICATIONS NETWORKS LLC'S OBJECTIONS AND RESPONSES TO PLAINTIFFS' SECOND SET OF REQUESTS FOR ADMISSION**

Pursuant to Rule 36 of the Federal Rules of Civil Procedure, Defendant Grande Communications Networks LLC ("Grande"), by and through its attorneys, provides the following answers and objections to Plaintiffs' Second Set of Requests for Admission.

**GRANDE'S RESPONSES TO REQUESTS FOR ADMISSION**

**22. Admit you terminated no subscriber based on an allegation of copyright infringement in 2011.**

**RESPONSE**:

Grande objects to this request for admission as overly broad, unduly burdensome, seeking irrelevant information, and not proportional to the needs of the case, in that the time limitation identified extends beyond the relevant time period. Subject to these objections, Grande admits that in 2011 it terminated no subscriber based on an allegation of copyright infringement, as that is not what 17 U.S.C. § 512 requires.

**23. Admit you terminated no subscriber based on an allegation of copyright**

infringement in 2012.

**RESPONSE**:

Grande objects to this request for admission as overly broad, unduly burdensome, seeking irrelevant information, and not proportional to the needs of the case, in that the time limitation identified extends beyond the relevant time period. Subject to these objections, Grande admits that in 2012 it terminated no subscriber based on an allegation of copyright infringement, as that is not what 17 U.S.C. § 512 requires.

**24. Admit you terminated no subscriber based on an allegation of copyright infringement in 2013.**

**RESPONSE**:

Grande objects to this request for admission as overly broad, unduly burdensome, seeking irrelevant information, and not proportional to the needs of the case, in that the time limitation identified extends beyond the relevant time period. Subject to these objections, Grande admits that in 2013 it terminated no subscriber based on an allegation of copyright infringement, as that is not what 17 U.S.C. § 512 requires.

**25. Admit you terminated no subscriber based on an allegation of copyright infringement in 2014.**

**RESPONSE**:

Grande objects to this request for admission as overly broad, unduly burdensome, seeking irrelevant information, and not proportional to the needs of the case. Subject to these objections, Grande admits that in 2014 it terminated no subscriber based on an allegation of copyright infringement, as that is not what 17 U.S.C. § 512 requires.

**26. Admit you terminated no subscriber based on an allegation of copyright**

**infringement in 2015.**

**RESPONSE**:

      Grande objects to this request for admission as overly broad, unduly burdensome, seeking irrelevant information, and not proportional to the needs of the case. Subject to these objections, Grande admits that in 2015 it terminated no subscriber based on an allegation of copyright infringement, as that is not what 17 U.S.C. § 512 requires.

    **27. Admit you terminated no subscriber based on an allegation of copyright infringement in 2016.**

**RESPONSE**:

      Grande objects to this request for admission as overly broad, unduly burdensome, seeking irrelevant information, and not proportional to the needs of the case. Subject to these objections, Grande admits that in 2016 it terminated no subscriber based on an allegation of copyright infringement, as that is not what 17 U.S.C. § 512 requires.

    **28. Admit that you did not terminate any subscriber based on an allegation of copyright infringement from 2011 until after Plaintiffs filed this lawsuit in April 2017.**

**RESPONSE**:

      Grande objects to this request for admission as overly broad, unduly burdensome, seeking irrelevant information, and not proportional to the needs of the case, in that the time limitation identified extends beyond the relevant time period. Subject to these objections, Grande admits that from 2011 to April 2017 it did not terminate any subscriber based on an allegation of copyright infringement, as that is not what 17 U.S.C. § 512 requires.

Respectfully submitted,

Dated:  June 6, 2018                          By:  /s/ Richard L. Brophy
                                                Richard L. Brophy
                                                ARMSTRONG TEASDALE LLP

                                                *Attorney for Defendant Grande
                                                Communications Networks LLC*

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 6, 2018, I served the foregoing electronically to the following:

Daniel C. Bitting
State Bar No. 02362480
Paige A. Amstutz
State Bar No. 00796136
Scott Douglass & McConnico LLP
303 Colorado Street, Suite 2400
Austin, TX 78701
Telephone: (512) 495-6300
Facsimile: (512) 495-6399
dbitting@scottdoug.com
pamstutz@scottdoug.com

Pat A. Cipollone, P.C. (admitted *pro hac vice*)
Jonathan E. Missner (admitted *pro hac vice*)
Robert B. Gilmore (admitted *pro hac vice*)
Philip J. O'Beirne (admitted *pro hac vice*)
Stein Mitchell Cipollone Beato & Missner LLP
1100 Connecticut Avenue, NW Suite 1100
Washington, DC 20036
Telephone: (202) 737-7777
Facsimile: (202) 296-8312
pcipollone@steinmitchell.com
jmissner@steinmitchell.com
rgilmore@steinmitchell.com
pobeirne@steinmitchell.com

*Attorneys for Plaintiffs*

/s/  Richard L. Brophy

5