# Exhibit P
# CONFIDENTIAL
[To be filed under seal]

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| UMG RECORDINGS, INC., et al.,<br><br>Plaintiffs,<br><br>vs.<br><br>GRANDE COMMUNICATIONS NETWORKS LLC and PATRIOT MEDIA CONSULTING, LLC,<br><br>Defendants. | ) | No. 1:17-cv-00365 |

**DEFENDANT GRANDE COMMUNICATIONS NETWORKS LLC'S SUPPLEMENTAL RESPONSES TO INTERROGATORIES 11 AND 15 OF PLAINTIFFS' FIRST SET OF INTERROGATORIES**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Defendant Grande Communications Networks LLC ("Grande"), by and through its attorneys, hereby provides the following supplemental responses to Interrogatories 11 and 15 of Plaintiffs' First Set of Interrogatories:

INTERROGATORY NO. 11:

Describe in detail the complete factual and legal bases for your contention that you are entitled to safe harbor protection under the DMCA.

**RESPONSE**:

Subject to its General Objections, Grande states that it will supplement its answer to this Interrogatory in the event it raises a defense based on a DMCA safe harbor.

**AMENDED RESPONSE**:

Subject to its General Objections, Grande states that during the entire period relevant to this dispute, Grande has adopted and reasonably implemented a policy that provides for the

termination of subscribers and account holders who are repeat copyright infringers. Grande has also informed its subscribers and account holders of its copyright infringement and termination policies. Grande also accommodates and does not interfere with any standard technical measures implemented by copyright holders to identify and protect their copyrighted works.

Based on the foregoing, and pursuant to 17 U.S.C. § 512(i)(1)(A), Grande is therefore entitled to the safe harbor protections of the Digital Millennium Copyright Act.

Grande states that it has never been given notice of any actual infringement taking place on its network, let alone repeat actual infringement. As a result, there has never been an instance in which it was necessary to terminate a subscriber for "repeat infringement" under the applicable provisions of Section 512 of the Digital Millennium Copyright Act. Because the "repeat infringement" language of the safe harbor provision under the DMCA has never been triggered, Grande states that it has never had an obligation to terminate a subscriber for engaging in repeated copyright infringement. Out of an abundance of caution, and operating at a level above Grande's obligation under the DMCA, Grande does process ***allegations*** of copyright infringement it receives from third parties in the manner described in its response to Interrogatory No. 6. Through the processing of such notices, Grande has permanently terminated subscribers.

A list of terminated subscribers is being produced herewith and marked as Confidential. This document is evidence of subscribers that have been terminated under the above policy.

**SUPPLEMENTAL RESPONSE:**

Grande clarifies that pursuant to 17 U.S.C. § 507(b), the time period relevant to any DMCA safe harbor defense in this case is April 21, 2014 to April 20, 2017, which represents the three-year period preceding the filing of the complaint in this matter. Grande also incorporates

by reference its responses to Plaintiffs' Interrogatory No. 6. Grande further states that over this period, Grande informed its subscribers and other interested parties of its policy under 17 U.S.C. § 512(i)(1) by posting that information on its website. The document titled DMCA Policy and Procedure, which has already been produced, has been available at http://mm.mygrande.com/pdf/GRANDE-DMCA-Policy-5%20-19-2016.pdf, since November 30, 2016. Grande's Acceptable Use Policy, which has already been produced, has been available at http://mm.mygrande.com/pdf/Grande_Acceptable_Use_Policy_10-31-13.pdf since at least March 2014.

Over this entire period, Grande provided a phone number for DMCA-specific issues and maintained a toll-free customer service number through which callers may obtain more information about Grande's DMCA policy. Grande continues to maintain that service through today. Additionally, as described in Grande's Amended Response to Interrogatory No. 6, Grande has sent notice letters to subscribers concerning allegations of copyright infringement, which inform subscribers that the unauthorized download or use of copyrighted materials is prohibited under Grande's Acceptable Use Policy and refer to the toll-free customer service number through which callers may obtain more information. A template of a hard-copy letter that was sent to subscribers up until approximately November 30, 2016 will be produced, and examples of letters sent to subscribers under Grande's current DMCA policy, which are dated year 2017, have already been produced. Documents identified in this response and the preceding amended responses are identified pursuant to Federal Rule of Civil Procedure 33(d).

INTERROGATORY NO. 15:

Describe in detail the creation and issuance of the document titled "DMCA Policy and Procedure" posted on the Grande website (attached as Exhibit A to these Interrogatories). A full description should include, without limitation, Grande's reasons for creating the document, the drafting of the terms, consideration of the legal sufficiency of the policy, the timing of the

creation and/or implementation of the policy, any connection between the policy and the result of the Cox Litigation, and any differences in how Grande has handled complaints of infringement under this document as compared with how such complaints were handled prior to its institution.

**RESPONSE**:

In addition to its General Objections, Grande objects to Interrogatory No. 15 as seeking irrelevant information, overly broad, unduly burdensome, and not proportional to the needs of the case. Grande further objects to Interrogatory No. 15 to the extent it seeks disclosure of privileged attorney-client communications or attorney work product. Grande also objects on the basis that there was not a document titled Exhibit A attached to these interrogatories.

Subject to these objections, Grande states that it will supplement its answer to this Interrogatory in the event it raises a defense based on a DMCA safe harbor.

**AMENDED RESPONSE**:

In addition to its General Objections, Grande objects to Interrogatory No. 15 as seeking irrelevant information, overly broad, unduly burdensome, and not proportional to the needs of the case. Grande further objects to Interrogatory No. 15 to the extent it seeks disclosure of privileged attorney-client communications or attorney work product. Grande also objects on the basis that there was not a document titled Exhibit A attached to these interrogatories.

Subject to these objections, Grande states that it implemented the policy set forth in the document entitled "DMCA Policy and Procedure" at least as early as February 9, 2017. Grande further states that all other information sought by this interrogatory is protected from disclosure by the attorney/client privilege and/or work product immunity.

**SUPPLEMENTAL RESPONSE:**

Grande clarifies that pursuant to 17 U.S.C. § 507(b), the time period relevant to any DMCA safe harbor defense in this case is April 21, 2014 to April 20, 2017, which represents the

three-year period preceding the filing of the complaint in this matter. Grande also incorporates by reference its Amended Response to Interrogatory No. 6, which identifies differences in how Grande processed, and notified subscribers of, allegations of copyright infringement over the period of 2014-2017. Grande further states that the "current internal policy" described in its Amended Response to Interrogatory No. 6 was implemented toward the end of 2016 and into early 2017. From April 2014 up until the implementation of the current policy, upon receiving a notice of alleged copyright infringement, Grande sent a hard-copy letter to the subscriber to whose account the notice of alleged copyright infringement related every day that Grande received one or more notices of alleged copyright infringement pertaining to that subscriber (e.g., if Grande received multiple notices for a particular subscriber in a single day, Grande would mail one letter to the subscriber regarding all of those notices). A template of a hard-copy letter that was sent to subscribers up until approximately November 30, 2016 will be produced, and examples of letters sent to subscribers under Grande's current DMCA policy, which are dated year 2017, have already been produced. Documents identified in this response and the preceding amended responses are identified pursuant to Federal Rule of Civil Procedure 33(d).

Respectfully submitted,

Dated: January 2, 2018

By: /s/ Zachary C. Howenstine___________
Zachary C. Howenstine
ARMSTRONG TEASDALE LLP

*Attorney for Defendant Grande Communications Networks LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that on January 2, 2018, I served the foregoing electronically to the following:

Daniel C. Bitting
State Bar No. 02362480
Paige A. Amstutz
State Bar No. 00796136
Scott Douglass & McConnico LLP
303 Colorado Street, Suite 2400
Austin, TX 78701
Telephone: (512) 495-6300
Facsimile: (512) 495-6399
dbitting@scottdoug.com
pamstutz@scottdoug.com

Pat A. Cipollone, P.C. (admitted *pro hac vice*)
Jonathan E. Missner (admitted *pro hac vice*)
Robert B. Gilmore (admitted *pro hac vice*)
Philip J. O'Beirne (admitted *pro hac vice*)
Stein Mitchell Cipollone Beato & Missner LLP
1100 Connecticut Avenue, NW Suite 1100
Washington, DC 20036
Telephone: (202) 737-7777
Facsimile: (202) 296-8312
pcipollone@steinmitchell.com
jmissner@steinmitchell.com
rgilmore@steinmitchell.com
pobeirne@steinmitchell.com

*Attorneys for Plaintiffs*

/s/ Zachary C. Howenstine________________

**VERIFICATION FOR RESPONSES TO INTERROGATORIES**

I, Matthew Rohre, declare under penalty of perjury that I am authorized to make this verification on behalf of Grande Communications Networks, LLC and have read the foregoing Supplemental Responses to Interrogatories 11 and 15 of UMG Recordings, Inc., et al.'s First Set of Interrogatories (06.20.2017), which are based on a diligent and reasonable effort to obtain information currently available and were prepared with the assistance of counsel. I reserve the right to make changes in or additions to any of these Responses if it appears at any time that errors or omissions have been made or if more accurate or complete information becomes available. Subject to these limitations, I hereby certify that the facts stated herein are true to the best of my knowledge, information, and belief.

Date: 1/2/18

[signature]
Matthew Rohre