UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| UMG RECORDINGS, INC., et al., | ) |
| Plaintiffs, | ) ) ) |
| vs. | ) ) No. 1:17-cv-00365-LY |
| GRANDE COMMUNICATIONS NETWORKS LLC, | ) ) ) ) |
| Defendant. | ) ) ) |

### DEFENDANT GRANDE COMMUNICATIONS NETWORKS, LLC'S MOTION TO STRIKE PLAINTIFFS' SECOND SUMMARY JUDGMENT MOTION

Pursuant to the Court's inherent authority to control its docket and Local Rule CV-7(d)(3), Defendant Grande Communications Networks LLC ("Grande") moves to strike Plaintiffs' Opposition to Grande's Motion for Summary Judgment, and Cross-Motion for Summary Judgment as to Liability (ECF No. 172) to the extent it constitutes a second motion for summary judgment. To be clear, Grande does not seek an order requiring Plaintiffs to re-file their brief solely as a response to Grande's motion for summary judgment—Grande only seeks an order striking Plaintiffs' second request for summary judgment.[1]

At this late stage in the case, the Court should not permit Plaintiffs to burden the Court's and the parties' resources with further summary judgment briefing and argument on issues Plaintiffs could have raised in their first summary judgment motion—<u>but chose not to</u>. Trial in this matter is scheduled for January 2019, and the parties have already filed competing motions

---

[1] Counsel for the parties met and conferred about the relief requested in this Motion by teleconference on September 6, 2018, in a good-faith attempt to resolve the dispute without court intervention. The parties were unable to reach an agreement because Plaintiffs maintain that they are entitled to file multiple motions for summary judgment.

1

for summary judgment.[2] *See* ECF Nos. 127, 140.  In a transparent attempt to muddy the waters on Grande's motion for summary judgment and obtain the "last word," Plaintiffs have filed a combined response to Grande's motion and a second "cross-motion" for summary judgment. ECF No. 172.  Plaintiffs' cross-motion is based entirely on evidence that was available to Plaintiffs when they filed their first motion for summary judgment.  In these circumstances, the Court should not permit Plaintiffs to further multiply the summary judgment proceedings.

Indeed, "[t]he filing of multiple, piecemeal motions for summary judgment is not a favored practice." *See Collins v. Easynews, Inc.*, No. 1:06-cv-00451-LY, 2008 WL 11404949, at *4 (W.D. Tex. Feb. 20, 2008) (Pitman, J.) (citation omitted).  Courts in this District have therefore declined to rule on multiple motions for summary judgment filed "with apparently a liberal interpretation of the local rules." *Watson v. Uniroyal Goodrich Tire Co., Inc.*, No. 1:06-cv-00252-SS, 2007 WL 4794106, at *1 (W.D. Tex. June 27, 2007) (denying or deferring motions for summary judgment without prejudice to those arguments being raised in a Rule 50 motion). Multiple summary judgment motions are particularly inappropriate where, as here, the asserted grounds for summary judgment could have been raised in the party's initial motion.  *See Cadle Co. v. Sweet & Brousseau, P.C.*, No. 3:97-cv-00298-L, 2003 WL 21145681, at *2 (N.D. Tex. May 15, 2003) ("Neither Plaintiff nor Defendants has shown that there has been a change in the law since late 2002 or early 2003, or that new facts have come into existence since that date.  In other words, whatever exists now as a basis for summary judgment existed prior to the February

---

[2] By agreement, the parties extended the original July 20th deadline for dispositive motions.  *See* ECF No. 66, ¶ 7.  Plaintiffs filed their motion for summary judgment on August 8th (ECF No. 127), and Grande filed its motion for summary judgment on August 10th (ECF No. 129), which was subsequently dismissed and re-filed on August 18th due to redaction issues (ECF No. 140).

2

2003 trial setting. The court does not have the luxury or the resources to consider dispositive issues on a piecemeal basis, or to revisit issues that should have been raised well before now.").

Furthermore, permitting Plaintiffs to pursue a second summary judgment motion would render meaningless the Court's page limits for summary judgment motions. *See* Local Rule CV-7(d)(3). In other words, if multiple summary judgment motions were permitted as a matter of course, a party could simply file separate summary judgment motions as an end run around the page limitations. To be sure, a second summary judgment motion may well be appropriate where, for example, a party seeks a summary judgment ruling on a discrete, potentially case-dispositive issue early in the case, or where new evidence or an intervening change in law supplies a new or different basis for summary judgment. Plaintiffs' cross-motion, however, poses no such circumstances.

WHEREFORE, for the foregoing reasons, Grande respectfully requests that the Court grant this Motion, strike the request for summary judgment in Plaintiffs' Opposition to Grande's Motion for Summary Judgment, and Cross-Motion for Summary Judgment as to Liability (ECF No. 172), and grant any other or further relief the Court deems appropriate.

Dated:  September 12, 2018

By: /s/ Richard L. Brophy
Richard L. Brophy
Zachary C. Howenstine
Margaret R. Szewczyk
ARMSTRONG TEASDALE LLP
7700 Forsyth Blvd., Suite 1800
St. Louis, Missouri 63105
Telephone:  314.621.5070
Fax:  314.621.5065
rbrophy@armstrongteasdale.com
zhowenstine@armstrongteasdale.com
mszewczyk@armstrongteasdale.com

J. Stephen Ravel
Texas State Bar No. 16584975
J.R. Johnson
Texas State Bar No. 24070000
Diana L. Nichols
Texas State Bar No. 00784682
Kelly Hart & Hallman LLP
303 Colorado, Suite 2000
Austin, Texas 78701
Telephone: 512.495.6429
Fax: 512.495.6401
Email: steve.ravel@kellyhart.com
    jr.johnson@kellyhart.com
    diana.nichols@kellyhart.com

Attorneys for Defendant GRANDE
COMMUNICATIONS NETWORKS LLC

## **CERTIFICATE OF SERVICE**

The undersigned certifies that on September 12, 2018, all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system pursuant to Local Rule CV-5(b)(1).

/s/ Richard L. Brophy
Richard L. Brophy
