IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| UMG RECORDINGS, INC., *et al.*, § <br> § <br> Plaintiffs, § <br> § <br> v. § <br> § <br> GRANDE COMMUNICATIONS § <br> NETWORKS LLC and PATRIOT MEDIA § <br> CONSULTING, LLC, § <br> § <br> Defendants. § <br> § | Civil Action No. 1:17-cv-00365-LY |

**PLAINTIFFS' OPPOSITION TO DEFENDANT GRANDE COMMUNICATIONS
NETWORKS LLC's MOTION TO STRIKE**

Defendant Grande Communications Networks LLC's ("Grande") motion to strike Plaintiffs' cross-motion is nothing more than its latest attempt to distract the Court and the parties from the substantive issues in this case. That is not surprising, as Plaintiffs' cross-motion for summary judgment demonstrates that there are no triable issues of fact as to Grande's liability, and therefore the Court should grant judgment in Plaintiffs' favor.

Grande's motion to strike cites neither a rule nor a case that prohibits the filing of more than one motion for summary judgment; none of the cases that Grande does cite is remotely comparable or relevant to the circumstances here; and Grande's position is contrary to the practice in numerous Western District cases.[1] Plaintiffs' cross-motion, which Plaintiffs combined with their opposition to Grande's summary judgment motion, raises the very same evidence and arguments that Plaintiffs would have asserted had they filed an opposition alone. And because the

---

[1] Plaintiffs' Austin-based counsel have been involved in numerous cases in the Western District in which the parties have filed multiple summary judgment motions. Plaintiffs' local counsel suspect that the same is true for Grande's local counsel.

1

same evidence and authorities conclusively establish Plaintiffs' entitlement to summary judgment, presenting them in a single filing allows for the efficient resolution of the key issues in the case, and the narrowing of the matters that will need to be addressed at trial—all of which Grande's motion would thwart. Accordingly, the Court should deny the motion.

## BACKGROUND

The parties agreed that the deadline to file for summary judgment would be September 11, 2018. On August 8, 2018, Plaintiffs filed a motion for partial summary judgment on a discrete legal issue: Grande's asserted DMCA safe harbor defense [Dkt. 127]. The motion was designed to narrow the issues for trial by removing Grande's central defense in this case. Plaintiffs filed the motion early because no further discovery was necessary, and because Plaintiffs were mindful of the Court's guidance that the parties should allow sufficient time for the Court to review any dispositive motion.

On August 18, 2018, Grande filed its own motion for summary judgment [Dkt. 140]. Its motion took a scattershot approach by raising every conceivable argument, without regard to their significance or strength. Plaintiffs' opposition to Grande's summary judgment was due on September 11, 2018—the same date that the parties had agreed upon as the extended deadline for filing dispositive motions. Given that (1) Plaintiffs already would be filing a brief in opposition to Grande's motion, and (2) the same evidence and authorities supporting Plaintiffs' opposition to Grande's summary judgment motion also conclusively establish Grande's liability for Plaintiffs' underlying claims, Plaintiffs filed a combined opposition to Grande's motion for summary judgment and an affirmative cross-motion for summary judgment [Dkt. 172].

## ARGUMENT

Nothing in this Court's scheduling order, the Local Rules, or Rule 56 prohibits a party from filing two separate motions raising separate grounds for summary judgment—particularly where

the second motion is simply the flip side of the opposing party's own motion.  In fact, parties frequently file, and this Court and others in the Fifth Circuit often adjudicate, multiple summary judgment motions.  *See, e.g., Posey v. Pastrano*, 1:05-cv-0466-LY, 2007 WL 9701295 (W.D. Tex. Oct. 10, 2007) (Yeakel, J.) (adopting report and recommendation granting party's second summary judgment motion); *Katrinecz v. Motorola Mobility LLC*, A-12-CA-00235-LY, 2014 WL 12167631 (W.D. Tex. Dec. 3, 2014) (Yeakel, J.) (adjudicating two separate summary judgment motions filed by defendant); *Lloyd v. Birkman*, 1:13-cv-5-5-DAE, 2016 WL 1306650 (W.D. Tex. Apr. 1, 2016) (granting party's supplemental motion for summary judgment); *Henderson v. Wal-Mart Stores, Inc.*, 1:14-cv-224 (E.D. Tex. June 23, 2015) (adopting report and recommendation granting party's second summary judgment motion).

Indeed, Grande's motion actually concedes that multiple summary judgment motions can be appropriate "where … a party seeks a summary judgment ruling on a discrete, potentially case-dispositive issue…."  Mot. at 3.  That accurately describes Plaintiffs' first motion, which was targeted at Grande's DMCA safe harbor defense.  Separate motions are also appropriate here given that in large part they rely on separate sets of undisputed facts.  Nor does Grande identify any prejudice that would support the drastic remedy it requests.  Grande accuses Plaintiffs of trying to "muddy the waters on Grande's motion," Mot. at 2, but that makes no sense: Plaintiffs have presented, and Grande is responding to, the same evidence and authorities that otherwise would have been before the Court had Plaintiffs simply filed an opposition without cross-moving.[2]

---

[2] Similarly without merit is Grande's complaint that Plaintiffs supposedly have circumvented the page limits for dispositive motions. Mot. at 3.  Plaintiffs' DMCA safe harbor motion was 20 pages; Plaintiffs' opposition to Grande's summary judgment motion / cross-motion was 30 pages.  Even if Grande were correct that Plaintiffs were not entitled to file a cross-motion, then Plaintiffs would have filed a summary judgment motion that was 20 pages and an opposition to Grande's motion that was 20 pages.  Grande previously offered Plaintiffs an extra five pages for their opposition.  Thus, Grande's motion boils down to the difference between the 50 pages Plaintiffs used and the 45 pages to which Grande agreed.  That trivial complaint is an insufficient basis for striking

The cases Grande cites are inapposite. *Collins v. Easynews, Inc.* did not involve a party's filing more than one summary judgment motion. No. 1:06-cv-00451-LY, 2008 WL 11404949 (W.D. Tex. Feb. 20, 2008).[3] Rather, this Court concluded that judicial economy warranted against addressing the defendant's "piecemeal" summary judgment motion that sought less than full summary judgment on the DMCA safe harbor defense and thus would not be dispositive of the issue. *Id*. at *4. The opposite is true here. Plaintiffs have filed for summary judgment on Grande's safe harbor defense in its entirety, and a ruling in Plaintiffs' favor would eliminate the defense and narrow the issues for trial. Similarly, a ruling in Plaintiffs' favor on their cross-motion would be dispositive of the issue of Grande's liability on Plaintiffs' claims for contributory infringement.

*Watson v. Uniroyal Goodrich Tire Co., Inc.* also did not hold that filing multiple summary judgment motions was prohibited. No. 1:06-cv-002520SS, 2007 WL 4794106, at *1 (W.D. Tex. June 27, 2007). More importantly, though, the defendant filed *four* separate motions for summary judgment: one on a single cause of action, one on exemplary damages, one on pain and suffering damages, and one on the merits of the rest of the case. This Court found the motions raised

---

Plaintiffs' cross-motion; it is also a waste of the Court's and the parties' time and resources briefing this motion. And unlike Plaintiffs, who asked for leave from the Court, Grande effectively granted itself a page-limit extension by reducing the line-spacing in its motion for summary judgment. Had Grande followed the standard double-spacing of text that the Court's rules require, its motion would have been approximately 25 pages long. Nonetheless, in the interest of not wasting the Court's time, Plaintiffs have not sought to strike Grande's motion on this trivial ground.

[3] Plaintiffs note that the *Collins* decision actually justifies denying Grande's summary judgment motion. Regarding direct infringement, willful infringement, actual damages, and copyright ownership, Grande (wrongly) asserts 19 times that Plaintiffs have "no evidence." *See* Grande's Motion for Summary Judgment [Dkt. 140]. This Court held in *Collins* that such shallow assertions cannot satisfy Rule 56. "In short, Plaintiff cannot show she is entitled to summary judgment merely by repeating throughout her motion that Defendant has 'no evidence.' Rather, although the federal standard does not require Plaintiff to produce additional evidence negating Defendants' evidence, she nevertheless bears the initial responsibility of informing the district court of the basis for her motion and identifying those portions of the record which she believes demonstrate the absence of a genuine issue of material fact." *Id*. at *9. Grande also failed in this basic requirement, as the very case it cites demonstrates.

questions so granular (such as particular damages theories) that they were more appropriately considered as motions *in limine* and motions under Rule 50.  That is a far cry from this case.

*Cadle Co. v. Sweet & Brousseau, P.C.* is—to put it mildly—even less on point.  No. CIV.A. 3:97-CV-0298, 2003 WL 21145681, at *1 (N.D. Tex. May 15, 2003).  Unlike this Court's rules, the local rules in that case prohibited multiple summary judgment motions, and the court had ordered the parties not to file additional motions without seeking leave.  In violation of that order, the plaintiff filed (without leave) another summary judgment motion almost a year after the Court had requested updated briefing on two existing summary judgment motions (which had been filed four years earlier), and four months after the court had ruled on those motions.  *Id*. at *3.  Those facts are nothing like the facts in this case.  In sum, none of the cases cited by Grande justifies striking Plaintiffs' cross-motion.

## CONCLUSION

Plaintiffs respectfully request that the Court deny Grande's motion.

Dated: September 19, 2018

Respectfully submitted,

By: */s/ Robert B. Gilmore*
Pat A. Cipollone, P.C. (admitted *pro hac vice*)
Jonathan E. Missner (admitted *pro hac vice*)
Robert B. Gilmore (admitted *pro hac vice*)
Philip J. O'Beirne (admitted *pro hac vice*)
Michael A. Petrino (admitted *pro hac vice*)
**Stein Mitchell Cipollone Beato & Missner LLP**
901 15th Street, N.W., Suite 700
Washington, DC 20005
Telephone: (202) 737-7777
Facsimile: (202) 296-8312
pcipollone@steinmitchell.com
jmissner@steinmitchell.com
rgilmore@steinmitchell.com
pobeirne@steinmitchell.com
mpetrino@steinmitchell.com

Daniel C. Bitting (State Bar No. 02362480)
Paige A. Amstutz (State Bar No. 00796136)

Case 1:17-cv-00365-LY-AWA   Document 184   Filed 09/19/18   Page 6 of 7

**Scott Douglass & McConnico LLP**
303 Colorado Street, Suite 2400
Austin, TX 78701
Telephone: (512) 495-6300
Facsimile: (512) 495-6399
dbitting@scottdoug.com
pamstutz@scottdoug.com

*Attorneys for Plaintiffs*

6

## **CERTIFICATE OF SERVICE**

The undersigned certifies that on September 19, 2018 all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system pursuant to Local Rule CV-5(b)(1).

>                    */s/ Daniel C. Bitting*
>                    Daniel C. Bitting