IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| UMG RECORDINGS, INC., et al., § | |
| § | |
| V. § | CAUSE NO. A-17-CA-365-LY |
| § | |
| GRANDE COMMUNICATIONS § | |
| NETWORKS, LLC, and PATRIOT § | |
| MEDIA CONSULTING, LLC § | |

**REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

TO:   THE HONORABLE LEE YEAKEL
      UNITED STATES DISTRICT JUDGE

Before the Court are: UMG Recording, Inc., et al's Motion for Leave to File Plaintiffs' First Amended Complaint (Dkt. No. 85); Grande's Response (Dkt. No. 91); and Plaintiffs' Reply (Dkt. No. 93). The District Court referred the above motion to the undersigned Magistrate Judge for a report and recommendation pursuant to 28 U.S.C. §636(b) and Rule 1(c) of Appendix C of the Local Rules. The Court held a hearing on this motion on August 16, 2018.

**I.  BACKGROUND**

Plaintiffs are record companies that produce and distribute commercial sound recordings in the United States. They seek damages and injunctive relief for alleged infringements of copyrights they own or have exclusive rights to. Grande is an internet service provider, with subscribers in parts of Texas. Plaintiffs allege that Grande has received, through Plaintiffs' agent Rightscorp, over a million notices of direct copyright infringement allegedly committed by Grande subscribers. Plaintiffs contend that these subscribers have directly infringed on their copyrights by using peer-to-peer file sharing applications like BitTorrent to pirate copies of Plaintiffs' copyrighted materials. Plaintiffs further contend that Grande is secondarily liable for these alleged infringers' activities

because it continued to provide them with internet access after receiving the more than one million notices of infringement. Finally, Patriot is a management consulting firm which, by contract, provides all of Grande's senior management officers. Plaintiffs allege that Patriot is also liable for secondary infringement, because it has "formulat[ed] and implement[ed] the [Grande] business policies, procedures, and practices that provide repeat infringers with continued internet service through Grande."

Defendants previously moved to dismiss the claims against them. In a Report and Recommendation filed February 28, 2018 (Dkt. No. 72), the undersigned recommended that the vicarious copyright infringement claim against Grande and all claims against Patriot be dismissed. Judge Yeakel adopted that recommendation on March 27, 2018. (Dkt. No. 77). Plaintiffs now request leave to amend their Complaint to add back into the case the vicarious copyright infringement claim against Grande and all of their claims against Patriot. In sum, they assert that based on discovery received since the dismissal, they can now state plausible claims for the causes of action previously dismissed. It is, as Plaintiffs admit, essentially a Motion for Reconsideration of the dismissal order. Grande responds that Plaintiffs are just trying to re-litigate the claims already lost, and the assertion that newly discovered facts support their claims is faulty as these "new facts" are not new, and were already pled in the dismissed complaint.

## II. LEGAL STANDARD

Plaintiffs move to amend their complaint pursuant to Rule 15 based on "newly discovered evidence," but in reality are moving the Court to reconsider its prior order dismissing certain claims. Grande argues that allowing Plaintiffs to amend would be futile, as the "new evidence" does not fill in the holes in the prior complaint, and would just lead to another round of motions ending in the

same result. Additionally, Grande asserts that it has conducted a large portion of its discovery under the presumption that vicarious liability is not at issue in this case, and would be greatly prejudiced by reintroducing the issue at this point. It also points out that the claims against Patriot were dismissed with prejudice and that Patriot has not participated in discovery.

Depending on the circumstances, a motion seeking reconsideration is governed by one of three rules: Rule 54(b), 59(e), or 60(b). "The Fifth Circuit recently explained that 'Rule 59(e) governs motions to alter or amend a final judgment,' while 'Rule 54(b) allows parties to seek reconsideration of interlocutory orders and authorizes the district court to revise at any time any order or other decision that does not end the action.'" *Dolores Lozano v. Baylor Univ.*, 2018 WL 3552351, at *1 (W.D. Tex. July 24, 2018) (quoting *Austin v. Kroger Tex., L.P.*, 864 F.3d 326, 336 (5th Cir. 2017) ). Further, "'[i]nterlocutory orders,' such as grants of partial summary judgment, 'are not within the provisions of 60(b), but are left within the plenary power of the court that rendered them to afford such relief from them as justice requires [pursuant to Rule 54(b) ]." *McKay v. Novartis Pharm. Corp.*, 751 F.3d 694, 701 (5th Cir. 2014) (quoting *Zimzores v. Veterans Admin.*, 778 F.2d 264, 266 (5th Cir. 1985)).

Under Rule 54(b), applicable in this case, a court may revise an interlocutory order at any time before judgment. FED. R. CIV. P. 54(b). Rule 54(b) contains a less exacting standard than Rule 59. *See Neaville v. Wells Fargo Bank, N.A.*, 2013 WL 121245900 at *2 (N.D. Tex. June 4, 2013) (applying Rule 54(b) because the court's order granting in part and denying in part the defendant's motion for summary judgment was interlocutory). Nevertheless, "motions for reconsideration are only appropriate for the narrow purpose to correct manifest errors of law or fact or to present newly discovered evidence." *Id.*

### III. ANALYSIS

Plaintiffs assert that based upon facts learned in discovery, they should be allowed to add back in previously dismissed claims. In their words,

> based upon recent discovery, Plaintiffs can now plead additional facts further showing that Grande and Patriot (1) had the right and ability to control their infringing subscribers, yet (2) knowingly refused to do so, and thereby (3) directly benefitted from the infringing subscribers. Specifically, the evidence shows that during the relevant time period, Grande and Patriot tracked Grande's infringing customers (who overwhelmingly are among Grande's most profitable customers), did not terminate a single one for copyright infringement, and continued to accept payment from them even after Grande received dozens and, is some cases, hundreds of notices for a given subscriber.

Dkt. No. 85 at 1-2. Plaintiffs further allege that new evidence establishes that Patriot owns an equity interest in Grande and that Patriot controlled Grande's policies, including the policy of not terminating known infringers. *Id.*

With regard to the dismissal of the vicarious infringement claims, the undersigned's Report and Recommendation stated that Plaintiffs had failed to establish the "direct financial interest" element, because Plaintiffs had failed to plead that "the infringing activity constitutes a draw for subscribers, not just an added benefit." Dkt. No. 72 at 18. The Court found that to state a claim Plaintiffs would have had to plead facts showing customers signed up with Grande because Grande did not police infringing conduct by its subscribers. Plaintiffs assert that additional discovery bolsters their prior pleadings as it shows that Grande refused to terminate a single user for copyright infringement from at least 2011 through 2016, "while continuing to profit from the fees paid by using infringers." Dkt. No. 85 at 5. Notably, the original Complaint contained the following allegations:

4

> Grande has had actual and ongoing specific knowledge of the repeat infringements by its subscribers of the Copyrighted Sound Recordings occurring through the use of its service for years. . . . Nonetheless, Defendants have refused to take any meaningful action to discourage this wrongful conduct, let alone suspend or terminate the accounts of repeat infringers. The reason that Defendants have not done so is obvious – it would cause Grande to lose revenue from the subscription fees that these infringing customers pay to Grande.

Dkt. No. 1 at ¶¶ 50-51.

The new evidence Plaintiffs rely on is: (1) Grande tracks its infringing customers; (2) these customers are "a la carte" internet customers; (3) Grande's profit margins on a la carte customers are its highest of any business lines; and (4) Grande never terminated any user regardless of how many notices of infringement it received. Dkt. No. 85 at 5. Plaintiffs contend that these facts make a difference, and are enough to suggest that Grande's failure to terminate infringers is a draw. Dkt. No. 85-4 at ¶ 64, 67-68. The Court disagrees. First, the original Complaint alleged essentially the same or similar facts. Second, the new allegations still fail to say anything about the motivations of Grande's subscribers when they sign up with Grande. That is, Plaintiffs still fail to plead facts showing Grande gained or lost customers *because of* its failure to terminate infringers. Instead, the proposed amended complaint states that, "the evidence demonstrates that Plaintiffs' Copyrighted Sound Recordings were a draw to Grande's infringing customers, including customers Grande had identified as repeat infringers." Dkt. No. 85-4 at 16. But as has been noted in prior orders, the means by which Plaintiffs contend the infringing subscribers infringed the Copyrighted Sound Recordings by use of the internet and the BitTorrent protocol, which one can access through *any* ISP. Again, the draw must be something more than this to state a vicarious infringement claim. The allegedly "new" facts are insufficient to overcome the deficiencies of the original Complaint.

With regard to Patriot, Plaintiffs rely on evidence acquired in discovery showing that Patriot has an ownership interest in Grande and that Patriot employees advise Grande or "make policy" on Grande's DMCA and other infringement policies. In originally recommending dismissal of these claims, the undersigned stated:

> The problem with UMG's argument is that nowhere does the Complaint allege that Patriot itself, as an entity, was involved in the decisions or actions on which UMG bases its claim. Instead, it only alleges that employees of Patriot, who were also employees of Grande, may have assisted in formulating Grande's policies in dealing with the underlying infringement at issue here. This is a far cry from showing that Patriot as an entity was an active participant in the alleged secondary infringement. UMG concedes that Grande is a valid legal entity. Thus, whatever decisions Grande made that might impose liability on it, they were made by Grande, not Patriot. UMG's claims against Patriot are a very poorly disguised attempt to ignore Grande's corporate form, and to impose liability on Patriot solely because it provides services to Grande. The relationship between the alleged direct infringers and Patriot is too attenuated to support a claim against Patriot.

Dkt. No. 72 at 20-21. This is still the problem with Plaintiffs' proposed amended complaint. The relevant language of the original Complaint was:

> during the relevant period, Patriot was responsible for management of Grande, including performing executive, legal and compliance responsibilities.

Dkt. No. 1 at ¶ 75. The new language, which allegedly cures the defects identified by the Court, is:

> Patriot performs the functions of Grande's CEO, CFO, and COO; develops Grande's overall business strategy; and handles various marketing, legal, regulatory, and other functions for Grande. In particular, Patriot sets Grande's policies, including policies relating to copyright infringement.

Dkt. No. 85-4 at 10. Though there is more detail in the proposed amendment, these allegations are "more of the same" when compared to the original complaint. Nothing in the new allegations

changes the fact that Grande is the entity that provided internet access to the subscribers, and Grande (albeit with employees provided by Patriot) made the decisions of which Plaintiffs complain.[1]

In their Motion to Amend Plaintiffs seek to re-litigate issues already decided by this Court. The Court presumed all Plaintiffs' factual allegations to be true when it analyzed the Motions to Dismiss. The newly discovered facts only bolster what was already alleged, and do not make any material changes to the pleadings already found to be insufficient.

## IV. RECOMMENDATION

The undersigned **RECOMMENDS** that the district judge **DENY** UMG Recording, Inc., et al's Motion for Leave to File Plaintiffs' First Amended Complaint (Dkt. No. 85).[2]

## V. WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from *de novo* review by the District Court of the proposed findings and

---

[1] With regard to Patriot having an ownership interest in Grande, Grande acknowledged that Patriot's counsel mistakenly represented that Patriot did not have an ownership interest in Grande. This too makes no difference to the pending motion. A minority ownership interest in an entity does not make one liable for acts of the entity, and Plaintiffs still fall far short of stating a claim to disregard the Grande corporate form.

[2] Plaintiffs also sought leave to file exhibits to the First Amended Complaint under seal. Dkt. No. 82. If this recommendation is adopted, this motion should be denied as moot, as the First Amended Complaint will not be filed.

recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(c); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

SIGNED this 20th day of September, 2018.

ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE