IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| UMG RECORDINGS, INC., et al., | § | |
| | § | |
| V. | § | CAUSE NO. A-17-CA-365-LY |
| | § | |
| GRANDE COMMUNICATIONS | § | |
| NETWORKS, LLC | § | |

**ORDER**

Before the Court are the numerous motions in this case seeking leave to file documents under seal. Currently there are eleven such motions: Dkt. Nos. 109, 112, 120, 128, 141, 147, 158, 166, 173, 177, and 180. Seven of these motions were filed *after* the Court specifically warned the parties that they were painting with far too broad a brush in their confidentiality designations. Grande has gone one step further, and has designated hundreds of pages of material as "Attorneys Eyes Only" despite, in the Court's opinion, the fact that the material doe not even meet the definition of "confidential" under the Protective Order in this case. *See, e.g.* Dkt. No. 128-3 (Deposition of Stephanie Christianson, discussing Grande's policies regarding terminating customers for downloading copyrighted material without authorization). This has risen to a level that the Court believes the parties, and particularly Grande, has abused its right to file material under seal.

To be specific: at the August 16, 2018 hearing, the undersigned questioned counsel for Grande regarding the basis for his seeking to file under seal documents or testimony related to Grande's actions (or inaction) in response to copyright notices sent by Rightscorp, noting that the Court could not understand how that material was "a trade secret or [contained] some otherwise confidential facts." Dkt. No. 175 at 37. Counsel responded:

> Obviously, the parties have a dispute about the impact of those terminations
> and the relevance of them, but I think it's fair to say at this point that the industry as
> a whole is standing on edge about this. The plaintiffs' bar is standing on edge about

>   it, looking for targets; ISPs are standing on edge not wanting to be targets. And what Grande doesn't want is to send up billboards saying, hey, come sue us.
>
>   So it's not a trade secret, per se, but the way in which we conduct the business, potentially, and we think wrongly, puts a target on our back for additional lawsuits. And so we're very sensitive about the way in which information about how we conduct DMCA policies and how we deal with our subscriber base gets out into the public.

*Id.* at 37-38. As Plaintiffs' counsel properly noted at the hearing, this amounts to a "bad facts confidentiality designation." *Id.* at 39. More to the point, these facts go to the very heart of this case, and will clearly be front-and-center at trial, and the Court does not believe they are, by any definition of the term, "confidential" in the sense relevant to allowing them to be sealed. Indeed, the Court has reviewed all of the materials that the 11 motions noted above ask be sealed—more than 1,000 pages of material—and is hard-pressed to understand the justification for virtually *any* of them being filed under seal.

Simply because parties to a lawsuit may agree to file documents under seal does not mean the court is bound to do so. Notwithstanding what parties may agree to, the public has a qualified right of access to court documents and proceedings. *See, e.g.*, *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 596–97 (1978). Public access serves important interests, such as "to promote trustworthiness of the judicial process, to curb judicial abuses, and to provide the public with a more complete understanding of the judicial system, including a better perception of fairness." *S.E.C. v. Van Waeyenberghe*, 990 F.2d 845, 848 (5th Cir. 1993). The public's common law right of access is not absolute, and courts have denied public access "where court files might have become a vehicle for improper purposes." *Nixon*, 435 U.S. at 598. Thus, though there is a presumption of public access to judicial records, that may be overcome where the circumstances warrant it. *Casa Orlando*

*Apartments, LTD v. Fed. Nat'l Mortg. Ass'n*, 624 F.3d 185, 201 n.70 (5th Cir. 2010). To determine whether to disclose or seal a judicial record, the Court must balance the public's common-law right of access against interests favoring nondisclosure. *Van Waeyenberghe*, 990 F.2d at 848. The party seeking to seal court documents has the burden of establishing that the presumption of public access to court records should take a back seat to other interests. *LEAP Sys., Inc. v. MoneyTrax, Inc.*, 638 F.3d 216, 221-22 (3d Cir. 2011). Further, the Protective Order in this case specifically imposes on counsel the responsibility of seeking to protect "only such information that the party *in good faith* believes in fact is confidential." Dkt. No. 41 at 4 (emphasis added).

As noted, the undersigned warned the parties that they were over-designating material as confidential, and that the Court does not allow such wholesale sealing of records in a civil case. The parties failed to heed this warning. The result has been that the Court's file is scattered, the public has been denied access to documents it is entitled to see, and a great deal of needless administrative effort has made been necessary. Accordingly, all of the motions to seal (Dkt. Nos. 109, 112, 120, 128, 141, 147, 158, 166, 173, 177, and 180) are **DENIED.** However, for the time being, the Court **DIRECTS** the Clerk to retain the documents under seal until further order of the Court.

The Court **FURTHER ORDERS** that, should any party wish any of the subject documents to remain under seal—regardless of whether they were the party filing the document—that party shall have until September 28, 2018, to file a motion requesting such relief. To be clear, the burden to seek continued sealing is on the party that originally claimed the document to be confidential or otherwise subject to sealing, as opposed to the party that attached the document to a pleading. Any such motion must contain evidence and a good faith argument demonstrating that the document(s) sought to be sealed meets the definition of "confidential," "attorneys' eyes only," or "ultrasensitive

information" used in the Protective Order.  The fact that any of the parties to this case stamped the document or deposition "Confidential" or "AEO" is not sufficient to meet this requirement.  If no such motion is filed by the deadline, the Court will order the documents unsealed.  **FINALLY**, it is **ORDERED** that any future motion seeking to seal any document must also contain evidence and argument demonstrating that the document meets the definitions in the Protective Order, as referenced above.

      SIGNED this 21st day of September, 2018.

                                            ANDREW W. AUSTIN
                                            UNITED STATES MAGISTRATE JUDGE