IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| UMG RECORDINGS, INC., *et al.*, § <br> §<br>Plaintiffs, § <br> § <br> v. § Civil Action No. 1:17-cv-00365-LY <br> § <br> GRANDE COMMUNICATIONS § <br> NETWORKS LLC and PATRIOT MEDIA § <br> CONSULTING, LLC., § <br> § <br> Defendants. § <br> § | |

**PLAINTIFFS' OPPOSITION TO DEFENDANT GRANDE COMMUNICATIONS
NETWORKS LLC's MOTION TO STRIKE REBUTTAL EXPERT REPORT**

**INTRODUCTION**

Grande's motion to strike Barbara Frederiksen-Cross's rebuttal report is the latest salvo in Grande's campaign to avoid having this Court decide the case on the merits. Grande's argument that Plaintiffs were not authorized to serve the report is demonstrably false: this Court's Scheduling Order expressly provided for Plaintiffs to file rebuttal expert reports, as did the parties' written agreements extending the discovery and expert deadlines. Grande's attempt to portray two clarifications in Frederiksen-Cross's rebuttal report as new opinions also fails. The two minor changes—to account for information from a subsequent deposition and to correct a scrivener's error—were proper supplements in accordance with her obligations under Rule 26(e)(2). Lastly, Grande inexplicably claims to have been "sandbag[ed]" by certain evidence in Frederiksen-Cross's report, but that evidence was (1) produced by Plaintiffs, (2) identified by Plaintiffs in interrogatory responses, and (3) referenced by Grande's own expert.

1

As explained in more detail below, Grande offers the Court no basis to strike Frederiksen-Cross's rebuttal report. Grande's ongoing efforts to distract the Court from the core issues of the case should be rejected. The motion should be denied.

## ARGUMENT

**I.  THIS COURT'S SCHEDULING ORDER, FEDERAL RULE 26, AND APPLICABLE CASE LAW ALL EXPRESSLY CONTEMPLATE REBUTTAL EXPERT REPORTS, SUCH AS FREDERIKSEN-CROSS'S.**

As the Court is aware, the Scheduling Order in this case [Dkt. 66] provides for (1) affirmative expert reports, (2) opposition expert reports, and (3) rebuttal expert reports:

> All parties **asserting claims for relief** shall file and serve on all other parties their designation of potential witnesses, testifying experts, and proposed exhibits, and shall serve on all other parties, but not file, the materials required by Federal Rule of Civil Procedure 26(a)(2)(B) on or before March 23, 2018. Parties resisting claims for relief shall file and serve on all other parties their designations of potential witnesses, testifying experts, and proposed exhibits, and shall serve on all other parties, but not file, the materials required by Federal Rule of Civil Procedure 26(a)(2)(B) on or before May 7, 2018. **All designations of rebuttal experts shall be filed and served on all other parties not later than 30 days of receipt of the report of the opposing expert**, and the materials required by Federal Rule of Civil Procedure 26(a)(2)(B) for such **rebuttal experts**, to the extent not already served, shall be served, but not filed, on all other parties not later than 30 days of receipt of the report of **the opposing expert**."

Scheduling Order [Dkt. 66] ¶ 2 (emphasis added). *See also* Fed. R. Civ. P. 26(a)(2)(D) (providing for rebuttal reports "intended solely to contradict or rebut evidence on the same subject matter identified by another party…."). Thus, the plain text of the Scheduling Order alone is sufficient to defeat Grande's motion.

2

In addition, when the parties agreed to extend various discovery deadlines, they expressly included a deadline for Plaintiffs' rebuttal reports.

| Event | Current | Proposed |
|---|---|---|
| Close of Fact Discovery | April 20 | June 1 |
| Plaintiffs Initial Expert Reports | April 27 | June 8 |
| Defendants Initial Expert Reports | June 1 | July 8 |
| Plaintiffs' Rebuttal Reports | June 15 | July 23 |
| Close of Expert Discovery | July 6 | August 13 |
| MSJ Due | July 20 | August 24 |

*See* Ex. A, March 19, 2018 Email Correspondence (highlighting added).[1]  There is simply no dispute that the Court's schedule authorized the Frederiksen-Cross rebuttal report, as the parties both recognized.

Given these unavoidable facts, Grande resorts to mischaracterizing Frederiksen-Cross's report as a "sur-rebuttal." This portrayal is incorrect; her report is a proper rebuttal report. "A rebuttal expert report contradicts or rebuts evidence on the same subject matter identified by another party's expert." *Bd. of Regents v. KST Elec., Ltd.*, No. A-06-CA-950-LY, 2007 WL 4790801, at *1 (W.D. Tex. Oct. 9, 2007) (Yeakel, J.).  That is exactly what Frederiksen-Cross's rebuttal report does: it contradicts and rebuts the opinions expressed by Grande's expert, Geoff Cohen.  Grande's motion makes no effort to describe how Frederiksen-Cross's report deviates from this proper sequence and should therefore be considered a "sur-rebuttal." Instead, Grande points to an opinion from Magistrate Judge Pitman in an unrelated case, *Wal-Mart Stores, Inc. v. Tex. Alcoholic Beverage Comm'n*, No. 1:15-cv-134-RP, 2017 WL 9480314 (W.D. Tex. May 22, 2017), but that case actually highlights Grande's misreading of the order in this case.  Judge Pitman's scheduling order in *Wal-Mart*, which Grande does not reference, expressly provided for

---

[1] The parties further agreed to postpone these deadlines in various other communications, which ultimately led to a due date of August 31, 2018 for Plaintiffs' rebuttal report to Grande's software expert on the Rightscorp code.

two rounds of reports (unlike the three rounds provided for in the instant case), and referred to the second (and final) of the two as "rebuttal" reports.[2] Thus, because Judge Pitman's order used the term "rebuttal" differently, and did not provide for the third round of expert reports contemplated by this Court's order, that decision has no bearing here.

The remainder of the cases cited by Grande are equally unavailing. The district court in *Bowman v. Int'l Bus. Mach. Corp.* actually held that it was reversible error for the magistrate judge to strike a report's proper rebuttal opinions (as opposed to improper new opinions), and only upheld the exclusion of this otherwise proper rebuttal evidence because it was untimely by 40 days. No. 1:11-CV-0593-RLY-TAB, 2013 WL 1857192, at *8 (S.D. Ind. May 2, 2013). The court in *In re High-Tech Employee Antitrust Litig.* did not permit the rebuttal report because the proffering expert had previously filed **four other reports**, each of which post-dated the opinion supposedly being rebutted in the fifth report. No. 11-CV-02509-LHK, 2014 WL 1351040, at *9 (N.D. Cal. Apr. 4, 2014). *D.G. ex rel. G. v. Henry* did not even deal with rebuttal reports from existing experts; instead, the court held that the plaintiff could not add two **new experts** whose plain purpose was to bolster the opinions of the plaintiff's existing expert. No. 08-CV-74-GKF-FHM, 2011 WL 2881461, at *1 (N.D. Okla. July 15, 2011). The same is true of *Oracle Am., Inc. v. Google Inc.*, where the court ruled that "Rule 26 does not bless Oracle's introduction of a brand-new expert by way of a *reply* to an *opposition* on an issue on which it bears the burden of proof…." No. C 10-03561 WHA, 2011 WL 5572835, at *4 (N.D. Cal. Nov. 15, 2011) (emphasis in original). Notably, Grande fails to inform the court that neither Google nor the court in *Oracle* took any issue

---

[2] "TPSA shall file its designation of testifying experts and serve on all parties, but not file, the materials required by Federal Rule of Civil Procedure 26(a)(2)(B) on or before December 16, 2016. Wal-Mart shall file all designations of rebuttal experts to TPSA's experts and serve on all parties the materials required by Federal Rule of Civil Procedure 26(a)(2)(B) for such rebuttal experts, to the extent not already served, on or before January 6, 2017." No. 1:15-cv-134-RP, Dkt 151.

4

with Oracle's existing expert providing a reply report that rebutted the opinion of Google's expert, as Frederiksen-Cross has done here.

## II. FREDERIKSEN-CROSS'S MINOR UPDATES TO HER PRIMARY OPINIONS ARE PROPER—IN FACT MANDATORY—UNDER RULE 26(E)(2).

Grande wrongly claims that Frederiksen-Cross's rebuttal report somehow seeks a "do-over" of her initial report, Mot. at 9, because she corrects a scrivener's error in her initial report and accounts for information that emerged in a deposition that occurred after she served her initial report. Grande's argument has no merit.

As Frederiksen-Cross's original report and exhibits explained, portions of the Rightscorp system obtain sample files from the swarm ("SampleIt3") and from individual users ("SampleIt2"). B. Frederiksen-Cross Expert Report [Dkt. 177-1] ¶¶ 60-64. Frederiksen-Cross's original report correctly identified the function of each component but, as her rebuttal report notes, her original report incorrectly included a reference to "SampleIt3" that should have read "SampleIt2." Updating such a harmless typographical error is entirely proper: it is consistent with the purpose, and mandate, of Rule 26(e); it is a correction she would otherwise make at trial; and Grande is not prejudiced in any way. *See* Fed. R. Civ. P. 26(e)(2). Similarly, Frederiksen-Cross's clarification in paragraph 39 of her rebuttal report [Dkt. 177-2], based on information that emerged in the deposition of Rightscorp employee Greg Boswell, which was taken after her original report, is an equally appropriate update under Rule 26(e)(2). *See Nunn v. State Farm Mut. Auto. Ins. Co.*, No. 3:08-CV-1486-D, 2010 WL 2540754, at *14 (N.D. Tex. June 22, 2010) (information learned at deposition that post-dated initial report was proper basis for supplement under Rule 26(e)).

Once again, Grande mischaracterizes the case law it cites.³ Grande cites *United States v. 9.345 Acres of Land* as follows: "([T]o the extent [opening and rebuttal opinions] are not consistent, it suggests that the party is trying to improperly use rebuttal to modify its case in chief and get a 'do over.'"). Mot. at 8 (citing No. 3:11-cv-803, 2016 WL 5723665, at *4 (M.D. La. Sept. 30, 2016)). Grande inserted "[opening and rebuttal opinions]" in place of the word "they" in the opinion. But the "they" the court referred to were ***two different experts***. That case did not involve an expert's clarifying an aspect of an initial report in a rebuttal report. Rather, it dealt with a party's designating an affirmative expert who gave a certain opinion, and then designating a new expert as a "rebuttal" expert who in fact gave the opposite opinion and contradicted the initial expert. "While the text of Rule 26 does not prohibit a party's rebuttal expert from contradicting that party's own case in chief expert, logically, it seems that these experts should be consistent." *Id*. The court does not even mention Rule 26(e), let alone support Grande's contention that a proper modification under Rule 26(e) constitutes an improper "do-over."

In fact, *9.345 Acres of Land* actually supports Plaintiffs' position that Frederiksen-Cross's rebuttal report was proper. The court stated that "[e]xperts are typically allowed to introduce new methods of analysis in a rebuttal report so long as the new method is offered to contradict or rebut the opposing party's case in chief expert." *Id. at* *3.⁴ Here, of course, Frederiksen-Cross's rebuttal

---

³ This selective citation is only the latest in what Plaintiffs feel compelled to note is a pattern of misleading legal citations in Grande's briefs. *See, e.g.,* Dkt. 143, p. 10 (citing reversed district court holding in *Perfect 10, Inc. v. CCBill, LLC*, 340 F. Supp. 2d 1077, 1088-89 (C.D. Cal. 2004) without informing court of reversal on the cited issue); Dkt. 156, p. 8 (citing dissent in unpublished Fifth Circuit case as if the dissent were the holding).

⁴ In this respect, *9.345 Acres of Land* demonstrates that there is no basis for Grande's argument that Frederiksen-Cross improperly cites additional evidence regarding Rightscorp's and RIAA's verification of the infringed works. Mot. at 6-7. Even if it were "new" evidence, which it is not, *see infra* section III, Frederiksen-Cross's rebuttal report expressly responds to Cohen's criticisms and thus is proper rebuttal opinion testimony. *See* Frederiksen-Cross Rebuttal Report [Dkt. 177-2] ¶ 21 ("Dr. Cohen also opines that Rightscorp does not verify the songs it monitors with an actual

report does far less than that—it merely makes minor revisions.  Regardless, Grande also fails to note that the court in *9.345 Acres of Land* refused to exclude the new rebuttal expert because trial was months away, and instead found that the "proper remedy is to allow a sur-rebuttal." *Id*. at *5.  Thus, this case actually (1) has no bearing on updating an existing expert, (2) rejects exclusion as the proper remedy months before trial, and (3) demonstrates the actual meaning of a "sur-rebuttal" report, which is contrary to Grande's proffered meaning.  *Id*. at *12.

**III.   GRANDE'S CONTENTION THAT THE 59,000 SAMPLE FILES OBTAINED BY RIGHTSCORP FROM GRANDE SUBSCRIBERS ARE "NEW EVIDENCE" IS FALSE, AS PLAINTIFFS IDENTIFIED THESE FILES IN WRITTEN DISCOVERY RESPONSES, AND GRANDE'S OWN EXPERT DISCUSSED THEM IN HIS REPORT.**

On April 27, 2018, Plaintiffs produced a hard drive to Grande with more than 59,000 sample files of copyrighted works obtained by Rightscorp from Grande users.  While Grande acknowledges that the "[t]he music files were produced with bates numbers RC-D_01350636-01410446," Grande claims that these files were "not identified in Plaintiffs' interrogatory answers…." Mot. at 10, fn. 9.  This allegation is flatly untrue, as Grande must know.  Plaintiffs described this evidence in response to Grande's Interrogatory 20:  "In accordance with Federal Rule of Civil Procedure 33(d), Plaintiffs direct Defendants to the evidence that Rightscorp collected regarding Grande's subscribers' online infringement of Plaintiffs' copyrighted sound recordings, which has been produced at Bates RC-D_00000001 through RC-D_01350635 (notices sent to Grande), [and] RC-D_01350636 - RC-D_01410446 (*sample files of sound recordings that infringing Grande subscribers shared with Rightscorp, which Rightscorp then provided to Plaintiffs and RIAA*)…." Pls.' Resp. to Grande Interrog. No. 20 [Dkt. 173-25] (emphasis added).

---

sample of the copyrighted work.  (Cohen Report ¶ 25.)  To the extent he implies the songs at issue in this matter have not been verified, or not sufficiently verified, he is incorrect.").

Notably, Grande's professed ignorance of these files also cannot be squared with the fact that Grande's own expert expressly relied on them. "I have limited the 'infringement' counts that form the basis of my *calculations to those specific instances of works being made available for download by Rightscorp as reflected in the hard drive produced by RIAA.*[61]" Expert Report of Jonathan Kemmerer [Dkt. 144-6] ¶ 51. Footnote 61 in Grande's expert's report expressly references "RC-D_01350636 to RC-D_01410446." *Id.* at fn. 61.

Finally, Grande claims that Plaintiffs did not produce the data showing that the RIAA matched the audio files Rightscorp downloaded from Grande subscribers to Plaintiffs' copyrighted sound recordings. Mot. at 9-10. Again, however, Grande's claim is belied by the facts. Plaintiffs produced the files and data reflecting the matches, and identified them in writing to Grande: "Plaintiffs, RIAA, and Rightscorp have produced or will be producing responsive, non-privileged documents, namely, … *downloads of works infringed by Grande customers, [and] the files and data indicating a match between the downloaded works and Plaintiffs' Copyrighted Sound Recordings that are the works in suit.*" May 9-10, 2018 Correspondence, p. 2 [Dkt. 172-34] (emphasis added).[5]

In short, Grande's claim of being "sandbagg[ed]" by this evidence, Mot. at 10, is simply not credible.

## CONCLUSION

Plaintiffs respectfully request that the Court deny Grande's motion.

---

[5] Moreover, Plaintiffs cited this interrogatory response and correspondence in their Opposition and Cross-Motion for Summary Judgment, which Plaintiffs filed three days before Grande filed the instant motion. Dkt. 172 at 13 fn. 7, 17 fn. 9.

8

Dated: September 21, 2018                              Respectfully submitted,

By: */s/ Philip J. O'Beirne*
Pat A. Cipollone, P.C. (admitted *pro hac vice*)
Jonathan E. Missner (admitted *pro hac vice*)
Robert B. Gilmore (admitted *pro hac vice*)
Philip J. O'Beirne (admitted *pro hac vice*)
Michael A. Petrino (admitted *pro hac vice*)
**Stein Mitchell Cipollone Beato & Missner LLP**
901 15th Street, N.W., Suite 700
Washington, DC 20005
Telephone: (202) 737-7777
Facsimile: (202) 296-8312
pcipollone@steinmitchell.com
jmissner@steinmitchell.com
rgilmore@steinmitchell.com
pobeirne@steinmitchell.com
mpetrino@steinmitchell.com

Daniel C. Bitting (State Bar No. 02362480)
Paige A. Amstutz (State Bar No. 00796136)
**Scott Douglass & McConnico LLP**
303 Colorado Street, Suite 2400
Austin, TX 78701
Telephone: (512) 495-6300
Facsimile: (512) 495-6399
dbitting@scottdoug.com
pamstutz@scottdoug.com

***Attorneys for Plaintiffs***

9

## **CERTIFICATE OF SERVICE**

The undersigned certifies that on September 21, 2018 all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system pursuant to Local Rule CV-5(b)(1).

*/s/ Daniel C. Bitting*
Daniel C. Bitting