# EXHIBIT A

Case 1:17-cv-00365-LY-AWA Document 188-1 Filed 09/21/18 Page 1 of 5

| | |
|---|---|
| **Subject:** | Re: UMG v. Grande -- today's meet and confer [IWOV-iDocs.FID3130226] |
| **Date:** | Monday, March 19, 2018 at 10:07:27 PM Eastern Daylight Time |
| **From:** | Phil O'Beirne |
| **To:** | Zachary C. Howenstine, Robert B. Gilmore, Jonathan E. Missner |
| **CC:** | Richard L. Brophy, Maggie Szewczyk |
| **Attachments:** | image001.jpg |

Zach,

I write in response to your email below, which is not a fully accurate description of our discussion. In the interests of proceeding in an effective and efficient manner, I focus below on what appear to be the most major disconnects between the parties' positions.

*First*, setting aside the respective requirements of Rule 45 and Rule 34, Rightscorp's' responses comply with Rule 34. The objections are stated with particularity and the responses clearly communicate Rightscorp's' position. Rightscorp will not produce irrelevant or privilege documents, nor will it accept undue burdens inconsistent with the Federal Rules that Grande attempts to place on it with its facially overbroad requests. Rightscorp's responses that it will produce relevant, responsive non-privileged documents are made subject to its objections to producing irrelevant and/or privileged documents.

*Second*, your email evidences a basic misunderstanding of the requirements of the Federal Rules. I explained Rightscorp's position that the Rules do not require that a party – let alone a non-party – log irrelevant documents. You disagreed with this position on the call, and ask below for authority supporting Rightscorp's position that "if Rightscorp deems a responsive document to be both privileged and irrelevant, Rightscorp believes it is not obligated to identify that document on a privilege log."

The very text of Rule 26 includes this eminently reasonable limitation on discovery. Rule 26(b)(5) states that a party must only log a document "[w]hen a party withholds information *otherwise discoverable* by claiming that the information is privileged . . ." The Advisory Committee notes reiterate that "[t]he obligation to provide pertinent information concerning withheld privileged materials applies only to items 'otherwise discoverable.'"

Wright & Miller explains that the requirement to produce a privilege log "should not apply with respect to materials that are also withheld on grounds other than privilege, such as that production would be unduly burdensome or that they are irrelevant since those materials are not 'otherwise discoverable.'" *See also n re Circle K Corp.*, No. 90-5052-PHX-GBN, 1996 WL 529399, at *8 (Bankr. S.D.N.Y. May 30, 1996), aff'd, No. 96 CIV. 5801 (JFK), 1997 WL 31197 (S.D.N.Y. Jan. 28, 1997)("The original request was overly broad in light of the limited issues raised in this adversary proceeding, and the defendants breached their independent obligation to tailor their subpoena to avoid burdening [Respondent]. [Respondent] acted appropriately in maintaining an objection to the burdensomeness of the subpoena without identifying the specific documents that, it contended, were privileged.").

Undue burden under Rule 45 "encompasses situations where the subpoena seeks information irrelevant to the case." *Singletary v. Sterling Transp. Co.*, 289 F.R.D. 237, 241 (E.D. Va. 2012).

So, as I explained on our call, Rightscorp is only obligated to log otherwise discoverable documents that are withheld on the basis of privilege. Rightscorp will do so.

We will review your specific questions below relating to the individual documents requests and respond separately.

Rightscorp continues to work diligently to produce documents.  As I have stated repeatedly, Rightscorp intends to produce documents on a rolling basis.  We anticipate that rolling production will begin this week and we will provide a more certain date on the expected completion when we are able to do so.

**Schedule**
Plaintiffs agree to the modified interim deadlines reflected in the table referenced below.  These dates reflect the parties' sincere efforts to agree upon mutually acceptable dates that will allow for discovery to be completed under the current trial schedule.

Best Regards,

**Philip J. O'Beirne**
**Stein Mitchell Cipollone Beato & Missner LLP**
1100 Connecticut Ave, NW Suite 1100
Washington, DC 20036
**Direct** 202.661.0900
**Mobile** 571.308.4967
**Main** 202.737.7777
pobeirne@steinmitchell.com
www.steinmitchell.com

***********************************************************

The information contained in this communication is confidential, may be attorney-client privileged, may constitute inside information, and is intended only for the use of the addressee.  It is the property of Stein Mitchell Cipollone Beato & Missner LLP   If the reader of this message is not the intended recipient or the employee or agent responsible for delivering this message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by reply or by telephone at (202) 737-7777, and immediately destroy this communication and all copies thereof, including all attachments.

IRS Circular 230 Disclosure:
To ensure compliance with requirements imposed by the U.S. Internal Revenue Service, we inform you that any tax advice contained in this communication (including any attachments) was not intended or written to be used, and cannot be used, by any taxpayer for the purpose of (1) avoiding tax-related penalties under the U.S. Internal Revenue Code or (2) promoting, marketing or recommending to another party any tax-related matters addressed herein.
***********************************************************

**From:** "Zachary C. Howenstine" <ZHowenstine@ArmstrongTeasdale.com>
**Date:** Thursday, March 15, 2018 at 4:51 PM
**To:** Phil O'Beirne <POBeirne@steinmitchell.com>, Robert Gilmore <RGilmore@steinmitchell.com>, Jon Missner <JMissner@steinmitchell.com>
**Cc:** "Richard L. Brophy" <RBrophy@ArmstrongTeasdale.com>, Maggie Szewczyk <MSzewczyk@ArmstrongTeasdale.com>
**Subject:** UMG v. Grande -- today's meet and confer [IWOV-iDocs.FID3130226]

Phil,

To follow up on our call earlier regarding Rightscorp's objections to the subpoena:

1. We had some back and forth regarding Rightscorp's obligation to identify whether documents are being withheld on the basis of objections and to log documents withheld on the basis of privilege or work product protection.

First and foremost, there is no merit to Rightscorp's position that Fed. R. Civ. P. 34(b)(2)(C) (which requires each objection to state whether any responsive materials are being withheld on the basis of that objection) does not apply to Rightscorp's response. *See, e.g.*, *Orix USA Corp. v. Armentrout*, 2016 WL 3926507, at *2 (N.D. Tex. July 21, 2016) ("[A] non-party's Rule 45(d)(2)(B) objections to [document] requests should be subject to the same requirements facing a party objecting to discovery under Rule 34," including "the requirements that an objection to a document request . . . must state whether any responsive materials are being withheld on the basis of that objection," and "that an objection to part of a request must specify the part and permit inspection of the rest.").

Grande requests that Rightscorp serve amended responses as soon as possible, and no later than next Wednesday 3/21, that comply with Rule 34(b)(2)(B-C). As a general matter, Grande strongly disagrees with Rightscorp's apparent position that it can unilaterally decide to withhold responsive documents without informing Grande that such documents are being withheld.

We also understand Rightscorp's position to be that it has no obligation to log responsive privileged or work product documents unless the documents are being withheld solely on that basis. In other words, if Rightscorp deems a responsive document to be both privileged and irrelevant, Rightscorp believes it is not obligated to identify that document on a privilege log. Grande is aware of no authority that would support such a position, and Rule 45(e)(2)(A) is to the contrary. If you have authority that supports Rightscorp's position, please provide it. Otherwise, please confirm that Rightscorp will provide a privilege log that identifies <u>all</u> responsive documents subject to a claim of privilege or work product protection, and please provide a date certain by which we can expect to receive that privilege log. Grande is of course willing to work with Rightscorp to minimize any potential undue burden.

2. To confirm/follow up on our discussion regarding certain individual document requests:
   - Request 1 – We agreed to revisit the propriety of Rightscorp's objections after receiving its production of documents responsive to requests 1 and 2.
   - Request 4 – Grande does not believe that any of Rightscorp's objections are well-founded (with the caveat that Grande currently has no means of testing the privilege and work product objections). If Rightscorp intends to stand on its objections and refuse to produce or log any responsive documents, please confirm that position. We believe you indicated you would provide a letter response regarding the volume and nature of privileged/work product document subject to this request—if that's correct, please let us know when we can expect to receive that letter.
   - Request 6 – We understand that Rightscorp does not intend to withhold responsive business plans or product manuals or specifications (subject to any privilege/work product claims).
   - Requests 7-10 – We understand that although Rightscorp's responses indicate that it will only produce "non-privileged <u>communications</u>," Rightscorp does not intend to exclude from its production any responsive, non-privileged documents that are not "communications."
   - Request 11 – Would removing the words "relate to" from the request resolve Rightscorp's objections (other than those based on privilege/work product)? Please let us know.

3. In our call, you indicated that Rightscorp would begin a rolling production tomorrow, 3/16, or perhaps early next week. Defendants are extremely concerned about this additional delay—you indicated on our 3/8 call that Rightscorp's production would be substantially complete by 3/16. As you know, defendants have

already raised serious concerns regarding the pace and timing of plaintiffs' responses to discovery, and this additional delay compounds those concerns. Please provide a date certain by which Rightscorp's production will be complete.

4. The table below reflects our understanding of the parties' agreement regarding a tentative schedule (assuming plaintiffs are in agreement with defendants' proposal, which we ask you to confirm). As mentioned, defendants have serious concerns about whether they will have a full and fair opportunity to conduct discovery under this interim schedule, given that defendants have still yet to receive the bulk of plaintiffs' document production, combined with the lack of production from Rightscorp as well as the known issues regarding BMG's efforts to frustrate third-party discovery. Defendants reserve the right to seek additional modification of the case schedule, including the trial date.

| Event | Current | Proposed |
|---|---|---|
| Close of Fact Discovery | April 20 | June 1 |
| Plaintiffs Initial Expert Reports | April 27 | June 8 |
| Defendants Initial Expert Reports | June 1 | July 8 |
| Plaintiffs' Rebuttal Reports | June 15 | July 23 |
| Close of Expert Discovery | July 6 | August 13 |
| MSJ Due | July 20 | August 24 |

Please feel free to give me a call if you have any questions.

Thanks,

Zach



Armstrong Teasdale LLP
**Zachary C. Howenstine**
7700 Forsyth Blvd., Suite 1800, St. Louis, Missouri 63105-1847
DIRECT: 314.342.4169 | FAX: 314.613.8588 | MAIN OFFICE: 314.621.5070
zhowenstine@armstrongteasdale.com
www.armstrongteasdale.com


**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*PRIVATE AND CONFIDENTIAL\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***
**This transmission and any attached files are privileged, confidential or otherwise the exclusive property of the intended recipient or Armstrong Teasdale LLP. If you are not the intended recipient, any disclosure, copying, distribution or use of any of the information contained in or attached to this transmission is strictly prohibited. If you have received this transmission in error, please contact us immediately by e-mail (admin@armstrongteasdale.com) or telephone (314-621-5070) and promptly destroy the original transmission and its attachments. Opinions, conclusions and other information in this message that do not relate to the official business of Armstrong Teasdale LLP shall be understood as neither given nor endorsed by it.**