**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | |
|---|---|
| UMG RECORDINGS, INC., et al., <br><br> Plaintiffs, <br><br> vs. <br><br> GRANDE COMMUNICATIONS NETWORKS LLC, <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> )   No.  1:17-cv-00365-LY <br> ) <br> ) <br> ) <br> ) <br> ) |

**DEFENDANT GRANDE COMMUNICATIONS NETWORKS LLC'S
REPLY IN SUPPORT OF MOTION FOR SANCTIONS AND TO EXCLUDE
DOCUMENTS PRODUCED AFTER THE FACT DISCOVERY DEADLINE**

Grande filed the present motion to exclude roughly 4,000 pages of ownership material produced by Plaintiffs after the close of discovery.  While only two sets of productions were at issue when Grande filed its motion, in the last three weeks Plaintiffs have made four additional late productions of ownership documents, all of which should be excluded.  Plaintiff served these materials after representing to the Court and Grande that it had conducted multiple exhaustive searches for materials and that its production was complete.  Relying on those earlier representations—and the parties' agreed deadlines for completing fact discovery—Grande invested significant resources into an extensive review of Plaintiffs ownership evidence and ultimately developed and pursued a litigation strategy based on that record.  This included, among other things, presenting a damages report based on the copyrights Plaintiffs could prove they owned and moving for summary judgment based on Plaintiffs' lack of ownership evidence.

Assuming these documents plug the significant holes in Plaintiffs ownership evidence, they should have been produced at the earliest stages of this case.[1]  These documents should have been reviewed as part of any reasonable Rule 11 investigation, they constitute evidence necessary to Plaintiffs' affirmative case, and they were responsive to numerous discovery requests served by Grande over a year ago.

Grande would be significantly prejudiced if Plaintiffs were permitted to rely on thousands of additional pages of ownership evidence produced well after the close of fact discovery and the passage of the expert report and dispositive motion deadlines.  Plaintiffs failed to produce documents plainly relevant to their case in discovery and they should bear the burden of that failure, not Grande.

---

[1] Grande has not yet been able to review the roughly 4,000 pages of additional material recently produced by Plaintiffs to determine whether they establish that Plaintiffs own all of the copyrights asserted in this case.

### A. Plaintiffs' Claim That Their Production Was Not Untimely Is Incorrect

The parties agreed to a fact discovery cutoff of July 6, 2018.[2] Contrary to that agreed cutoff and its explicit representations to the Court[3], Plaintiffs untimely produced over 4,000 pages of ownership evidence on August 10 and 29, and September 4, 11, and 12. ECF No. 156-6; Email from M. Petrino, September 4, 2018 (Ex. 1); Email from K. Attridge, September 11, 2018 (Ex. 2); Email 2 from K. Attridge, September 11, 2018 (Ex. 3); Email from K. Attridge, September 12, 2018 (Ex. 4). There can be no real dispute that these materials were untimely produced.

Plaintiffs suggest that these productions were timely because they fell with the "duty of supplementation" provided in Rule 26(e). *See* Opposition ("Opp."), September, 14, 2018, ECF No. 179. Plaintiffs' reliance on Rule 26 is misplaced. Nothing in the Rule excuses a party from locating and timely producing documents in response to a properly-served discovery request, especially when those documents support an essential element of that party's *prima facie* case. Such an interpretation of the Rule would give plaintiffs wide latitude to sandbag their opponents. A plaintiff could easily frustrate a defendant's dispositive motion practice by delaying significant document productions until after the dispositive motion deadline, thereby inviting the defendant

---

[2] Contrary to Plaintiffs' assertions, Grande did not agree to unrestricted additional fact discovery, unrestricted supplementation of expert reports, or unrestricted modification of summary judgment filings. Grande simply reserved its right to supplement its expert reports after Plaintiffs unilaterally pulled its corporate depositions off the agreed schedule. A., Gilmore Decl. ¶¶ 8-9; Ex. B, July 9-12, 2018 Emails.

[3] ECF No. 81 at 3-4 ("Plaintiffs are undertaking a substantial effort to locate any additional non-privileged documents, even though Plaintiffs believe (and have communicated on multiple times to Grande) that it is unlikely there will be many, if any, such documents of relevance."); *id.* at 2 ("Plaintiffs anticipate their production will be substantially complete by the end of [April 2018]."); *id.* at 6 ("Plaintiffs and Rightscorp have produced a large volume of important documents already, and expect to complete their productions by [April 2018].").

to waste expert reports and pages of summary judgment argument on issues that may be countered through subsequent document production.  That is exactly what happened here.

The fact that the parties are still working to complete a number of outstanding depositions does not excuse Plaintiffs' untimely production.  First, Plaintiffs unilaterally decided to pull their witnesses off the deposition calendar.  Short of yet more motion practice, Grande has no way to force Plaintiffs to timely produce their witnesses, and Plaintiffs cannot attempt to reduce one prejudice to Grande by cancelling depositions and creating yet more prejudice.  Second, the parties did not agree to any further extension of the fact discovery deadline.  That is precisely why *both* parties filed their respective motions to compel by that deadline.   Put simply, there was no agreement between the parties that would excuse Plaintiffs' untimely disclosure of ownership documents.

### B. Plaintiffs Cannot Demonstrate that Their Production Was Substantially Justified or Harmless

**Plaintiffs' Explanation for Their Failure:**  Plaintiffs cannot—and do not—offer any legitimate justification for failing to timely identify and produce their ownership materials.  The documents were in Plaintiffs' possession at the beginning of this case, should have been reviewed as part of Plaintiffs' Rule 11 pre-filing investigation, should have been produced as part of Plaintiffs' case in chief, and were directly responsive to Grande's discovery requests.

Unsurprisingly, Plaintiffs fail to address this factor in their Response.  Plaintiffs admit that the "explanation for the party's failure to disclose" is one of the factors that must be considered, but then attempt to recast that factor as an inquiry into "bad faith" to distract from the fact that they have no legitimate *explanation* for failing to timely disclose their ownership materials.  *Compare* Opp. at 6 *with* Opp. at 10.

3

Plaintiffs suggest elsewhere that they did not realize the documents existed until they met with a corporate representative to prepare for deposition.  A., Gilmore Decl. ¶ 11.  This explanation defies credulity.  First, Plaintiffs' counsel ultimately produced additional ownership documents from *all three plaintiff groups*, not just one.  Second, those productions occurred in fits and starts over nine weeks, not immediately after meeting with the witness as Plaintiffs assert.  *See* Opp. at 10 (suggesting Plaintiffs "produced the supplemental ownership documents promptly after identifying them").  Finally, this explanation also fails to explain why Plaintiffs never discussed Grande's discovery requests with this witness as part of the "substantial effort" they claim to have undertaken to identify additional documents responsive to Grande's requests.  ECF No. 81 at 3-4.

**Importance of Precluded Evidence:**  Plaintiffs state that the documents relate to only 10% of the asserted copyrights and "utterly unremarkable" facts, and do not relate to the core of the dispute.  Opp. at 1, 7.  Plaintiffs represent that these documents are not necessary to their case-in-chief.  Based on Plaintiffs' Response, it is apparent that Plaintiffs do not consider these materials important—further demonstrating that they should be excluded.

**Prejudice Suffered as a Result of Having to Meet New Evidence**:  Grande cannot rewind the case and "redo" the various strategic decisions it made during the important phases of the case that have now passed.  Nor, as Plaintiffs suggest, should Grande be forced to conduct a second ownership analysis or prepare a new damages report, while simultaneously attempting to prepare pre-trial materials, simply because Plaintiffs failed to meet their discovery obligations.  Moreover, the January 2019 trial setting does not realistically permit further summary judgment practice or expert disclosures.

Plaintiffs' Response does not even attempt to address the prejudice flowing from Grande's already-filed summary judgment motion.[4] Grande made strategic decisions regarding presentation of its summary judgment arguments based on the record existing at the close of discovery. Plaintiffs attempt to defeat those arguments through a late-supplementation of the record—including by producing documents contemporaneously with its summary judgment response—would expose Grande to significant prejudice and should not be permitted.

The fact that Grande reserved the right to amend its expert reports after learning that Plaintiffs intended to cancel their scheduled depositions does not change this calculus. Plaintiffs' decision to cancel depositions caused further prejudice to Grande, not less. It is wrong for Plaintiffs to attempt to cure one form of prejudice by exposing Grande to another more significant form of prejudice.

**Possibility of a Continuance:** Plaintiffs fail to meaningfully address this factor in their Response.[5] Rather than address *whether* a continuance is possible (it is not), Plaintiffs instead argue that no continuance is necessary. In fact, Grande would require significant additional time to prepare its case for trial if this evidence were admitted, and certain of the prejudice to Grande still would not be addressed.

## CONCLUSION

For the reasons set forth above, the Court should prevent Plaintiffs from relying on any of their untimely-produced ownership documents.

---

[4] The single case Plaintiffs cite in support of their claim of no prejudice is obviously distinguishable. *Edison Watson LLC v. Impossible Ventures, LLC*, 2015 WL 11601019 (W.D. Tex. Nov. 5, 2015) did not involve the production of documents after the filing of expert reports and summary judgement motions.

[5] Plaintiffs reliance on *Baker v. Canadian National/Illinois Cent. R.R.* is also misplaced. 536 F.3d 357 (5th Cir. 2008). *Baker* dealt with supplemental interrogatory responses produced *nine to ten months* before trial, far earlier than Plaintiffs' production in this case.

Dated:  September 21, 2018

          By: /s/ Richard L. Brophy
               Richard L. Brophy
               Zachary C. Howenstine
               Margaret R. Szewczyk
               ARMSTRONG TEASDALE LLP
               7700 Forsyth Blvd., Suite 1800
               St. Louis, Missouri 63105
               Telephone:  314.621.5070
               Fax:  314.621.5065
               rbrophy@armstrongteasdale.com
               zhowenstine@armstrongteasdale.com
               mszewczyk@armstrongteasdale.com

               J. Stephen Ravel
               Texas State Bar No. 16584975
               J.R. Johnson
               Texas State Bar No. 24070000
               Diana L. Nichols
               Texas State Bar No. 00784682
               Kelly Hart & Hallman LLP
               303 Colorado, Suite 2000
               Austin, Texas 78701
               Telephone: 512.495.6429
               Fax: 512.495.6401
               Email: steve.ravel@kellyhart.com
                     jr.johnson@kellyhart.com
                     diana.nichols@kellyhart.com

               Attorneys for Defendant GRANDE
               COMMUNICATIONS NETWORKS LLC