# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | |
|---|---|
| UMG RECORDINGS, INC., et al., § | |
| § | |
| V. § | CAUSE NO. A-17-CA-365-LY |
| § | |
| GRANDE COMMUNICATIONS § | |
| NETWORKS, LLC § | |

## ORDER

Before the Court are the following discovery motions filed by the parties, as well as the responses and replies to those motions:

- Plaintiffs' Corrected Motion for Protective Order Regarding Defendants' Rule 30(b)(6) Deposition Notices (Dkt. No. 103)

- Plaintiffs' Motion to Compel Discovery from Grande Communications Network LLC and Patriot Media Consulting LLC (Dkt. No. 108)

- Grande's Motion to Compel the Production of Documents and Information from Plaintiffs (Dkt. No. 110)

The District Court referred these motions to the undersigned for disposition. The Court held an extensive hearing on the motions on August 16, 2018.

## I. LEGAL STANDARD

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." FED. R. CIV. P. 26(b)(1). After a party has attempted in good faith to obtain discovery without court action, that party may move for an order compelling disclosure or discovery. FED. R. CIV. P. 37(a)(1). A party opposing discovery on the basis that it is overbroad and unduly burdensome bears the burden of

showing why discovery should be denied. *Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812, 818 (5th Cir. 2004). "The Court must balance the need for discovery by the requesting party and the relevance of the discovery to the case against the harm, prejudice, or burden to the other party." *Cmedia, LLC v. LifeKey Healthcare, LLC*, 216 F.R.D. 387, 389 (N.D. Tex. 2003). The Court has broad discretion when determining whether to issue a protective order and what degree of protection is required. *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984).

## II. ANALYSIS

**A.   Plaintiffs' Motion for Protective Order on 30(b)(6) Deposition (Dkt. No. 103)**

Plaintiffs object to Grande's Rule 30(b)(6) deposition notices asserting that, while Plaintiffs have agreed to provide witnesses who can testify to many of the topics identified in the notices, the notices also seek testimony on certain topics that are irrelevant, overbroad and burdensome. Plaintiffs request that the Court issue a protective order providing that Plaintiffs only need to present Rule 30(b)(6) testimony within the scope of their written objections. Grande responds that it has agreed to narrow its topics, but that Plaintiffs still object on certain topics. These disputed items are discussed in what follows.

**1.   Legal theories and contentions regarding Grande's conduct (Topics 45-46)[1]**

Topic 45 requests "Plaintiffs' position regarding the steps an internet service provider must take to satisfy the requirements of the statutory safe harbor of 17 U.S.C. § 512(i)(1)." Topic 46 requests "Plaintiffs' knowledge and evaluation of third party internet service provider policies relating to 17 U.S.C. § 512(i)(1)." Plaintiffs object to these topics as impermissibly seeking legal opinions. Grande responds that the Fifth Circuit allows discovery of an opposing party's contentions

---

[1]There were other topics raised here, but Grande notified the Court that the parties have resolved their disputes on those topics.

through a Rule 30(b)(6) deposition. *Malibu Consulting Corp. v. Funair Corp.*, Civ. 2007 WL 3995913, at *1 (W.D. Tex. Nov. 14, 2007). The requested topics are not factual contentions, however, but rather both address a legal question. The Court therefore sustains Plaintiffs' objection to these topics and **GRANTS** the motion for protective order with regard to these topics.

    **2.    Infringement detection companies other than Rightscorp (Topics 16-17)**

Topic 16 requests "All third parties responsible for or involved in monitoring internet traffic for instances of copyright infringement for the Sony Plaintiffs, or sending notices regarding copyright infringement on behalf of the Sony Plaintiffs." Topic 17 requests "The Sony Plaintiffs' relationship with Rightscorp, and any other entities identified in response to topic 16, including the terms of any agreements existing between the parties." With regard to Topic 16, Grande asserts it merely requests identification of any other third parties Plaintiffs have engaged to monitor internet infringement or send infringement notices on their behalf. The claims in this case are all based on the detection provided, and notices sent, by Rightscorp. The Court will therefore sustain Plaintiffs' objection to Topic 16 and **GRANT** the motion for protective order with regard to this topic. With regard to Topic 17, the Court finds that Plaintiffs' relationship with Rightscorp is discoverable, but not its relationship with other copyright monitoring entities. The Court therefore **GRANTS IN PART** and **DENIES IN PART** the motion for protective order with regard to Topic 17.

    **3.    The technical workings of Rightscorp's system (Topics 19-21)**

Plaintiffs object to these topics arguing that Rightscorp is the proper deponent because it has "better information." Grande asserts that another entity having "better information" is not a proper objection to a discovery request. The Court finds that while Rightscorp may be the best subject to depose on these issues, the topics are, as admitted by Plaintiffs, relevant. Accordingly, the Court **DENIES** the request for protective order on Topics 19-21, but notes that Plaintiffs need only testify

to any actual knowledge they have regarding Rightscorp's system, and need not learn about the system for the purpose of the deposition.

> **4. Communications among Plaintiffs regarding infringement by Grande's subscribers (Topics 13-14)**

Plaintiffs assert these communications are protected by the attorney client privilege, and the work product and common interest doctrines. As discussed in the order on the related issue of the subpoena served on Rightscorp, communications between the Plaintiffs' and their attorneys for the purpose of obtaining legal advice are privileged and not subject to discovery. Likewise, communications among Plaintiffs' in-house attorneys or with RIAA's counsel, as well as between these in-house counsel and the outside attorneys representing Plaintiffs, are protected by the attorney-client privilege and the work product doctrine. As described at the hearing, the documents that have been withheld are the "communications among lawyers for the RIAA and Plaintiffs and Rightscorp from a very discrete time frame, when Rightscorp was hired in 2016 as a litigation consultant." Dkt. No. 175 at 107, 109. Thus, as to this portion of these topics, the motion for protective order is **GRANTED**.

> **5. Plaintiffs' total annual revenues (Topic 2)**

At the hearing, the parties indicated that they may be able to agree to a more limited production, based on a sample of a small number of copyrighted works on which Plaintiffs would produce financial information. *See id.* at 126-27. The parties stated that they would inform the Court by August 27, 2018, as to whether an agreement had been reached. On August 27, the first of five advisories was filed. That first advisory stated that "the parties are actively meeting and conferring regarding the terms of an agreement," but needed more time to finalize their discussions. Dkt. No. 149. There have since been four more advisories submitted on this issue, each stating that

Grande has made a specific proposal to Plaintiffs, but Plaintiffs were still considering that proposal. Dkt. Nos. 160, 168, 178, 187. It is well past time for Plaintiffs to decide how they wish to proceed on this issue. Accordingly, if an agreement has not been reached by October 1, 2018, then Plaintiffs shall produce a 30(b)(6) witness on this topic.

      6.      **All prior litigation involving any of Plaintiffs' copyrighted works (Topic 23)**

The Court agrees with Plaintiffs that this deposition topic is unreasonably broad, and that preparing a single witness to testify on all of the copyright litigation the Plaintiffs have been a party to involving the thousands of works at issue would be infeasible. Insofar as Grande did not make any alternative suggestion regarding the narrowing of this topic, and given the minimal relevance of the information, the Court will **GRANT** the motion for protective order on this topic.

**B.**      **Plaintiffs' Motion to Compel from Grande and Patriot LLC (Dkt. No. 108)**

Plaintiffs move to compel Grande and Patriot to produce responses or documents on a number of discovery requests. First, Plaintiffs assert that they are entitled to the complete records of infringement from Grande's "abuse system" database. (RFPs 37 and 39; Interrogatory No. 7; 30(b)(6) topics 2, 41, and 45). At the hearing, Grande represented to the Court that it had produced all of its records on this issue. Based on that representation, the Court will **DENY AS MOOT** the motion to compel as to this issue.

Second, Plaintiffs assert they are entitled to Grande's policies regarding infringement and DMCA issues prior to 2013 (Interrogatories 6, 14 and 25; 30(b)(6) topics 7, 25-28, 37-38, 45). Grande objects to providing its policies prior to that date, contending that they would be irrelevant given the actionable time frame for this case, and notes that it has made responsive materials available beginning from 2013. The Court disagrees. Information on how Grande handled DMCA

issues prior to 2013 could be relevant to demonstrating Grande's knowledge of its obligations under the statute, and could be circumstantial evidence that Grande was aware of infringing conduct on its system, and actually had taken action on it before the time frame at issue here. The Court will therefore **GRANT** the motion to compel on these requests.

Plaintiffs also seek additional discovery related to the inconsistency between Grande's sworn answer to Interrogatory 6, and the testimony of Grande's corporate representative on the same question. The interrogatory requested Grande to state what its repeat infringer or DMCA policy was. In an amended response to the interrogatory, Grande provided one answer, but in the deposition of Grande's corporate representative, she disavowed that answer. Plaintiffs seek to compel Grande to supplement the interrogatory response to provide correct information, and further ask that they be permitted to inquire of a Grande representative the circumstances surrounding how the incorrect response came to be, and whether the policy that was contained in the incorrect response was ever considered or rejected by Grande. The Court finds the motion to compel should be **GRANTED** with regard to this issue.

The next matter addressed in Grande's motion is Interrogatory 14, which requested Grande to provide the contact information for its DMCA agent registered with the Copyright Office, and listed in its policies. Grande responded by pointing to documents identifying the contact person, but the documents reflect different information, and are thus inconsistent regarding who the contact person is or was. Grande agreed that there was a mismatch on the contact person, but stated that the information "is what it is," and there is no need to say more than this. Based on this concession, the Court will **GRANT** the motion to compel. Grande is ordered to supplement its interrogatory

responses to explicitly acknowledge the inconsistency among the documents, and either explain that inconsistency, or state that it does not have an explanation for it.

Plaintiffs next request that Grande be compelled to provide IP address assignment records and descriptions to match IP addresses with infringing Grande customers (Interrogatory 23; 2nd RFP 1). The parties reached a tentative agreement on this issue at the hearing, and the Court directed the parties to report back to the Court on whether that had been finalized. *See* Dkt. No. 139. Though advisories have been filed reporting back on other such issues, there has been on mention of this issue. The Court thus presumes that this issue was resolved by the parties' agreement, and will **DENY** the motion to compel on this point as **MOOT.**

Sixth, Plaintiffs ask the Court to compel counsel to provide deposition dates for Patriot's 30(b)(6) witness and Mr. Robert Roeder, a fact witness identified in Patriot's interrogatory responses as a person with knowledge of relevant facts. Grande claimed at the hearing that "[t]here's not a single e-mail showing that we agreed to produce Patriot personnel for a 30(b)(6) deposition. There was no agreement." Dkt. No. 175 at 84. Yet there is such an email—Dkt. No. 122-1—which reflects Plaintiffs' understanding that Grande was agreeing to provide dates for both a 30(b)(6) Patriot deposition and for Mr. Roeder. With no other countering evidence, the Court will **GRANT** the motion to compel and require that Grande's counsel facilitate these depositions. Should Patriot or Mr. Roeder insist on being subpoenaed for the depositions, the Court further **ORDERS** that Grande's counsel accept service of any subpoena.

Finally, Plaintiffs complain that Grande had not yet identified and produced 30(b)(6) witnesses for a number of topics listed in the deposition notice served on Grande. At the hearing,

Grande's counsel stated that Grande "agreed to produce a witness on the topics raised in th[e] motion [to compel]." Dkt. No. 175 at 78. This issue is therefore **MOOT**.

**C.      Grande's Motion to Compel (Dkt. Mo. 110)**

In its motion, Grande seeks to compel responses, or additional responses, to 22 requests for production. It also seeks to require Plaintiffs to produce additional emails, and provide additional information in response to two interrogatories. Plaintiffs respond that the document requests seek irrelevant or overbroad information, that the emails are not responsive to any requests, and that their responses to the interrogatories are sufficient. They also submit that Grande's motion is untimely because it was filed on July 6, 2018, the last day of the extended discovery period, and Grande has been aware of these objections since at least March 2018.

The Scheduling Order entered in this case set a discovery deadline of March 16, 2018, and further provided that "[c]ounsel may, by agreement, continue discovery beyond the deadline, but there will be no intervention by the Court except in extraordinary circumstances." Dkt. No. 66 at ¶ 6. Additionally, the Local Court Rules provide the following:

> Absent exceptional circumstances, no motions relating to discovery . . . shall be filed after the expiration of the discovery deadline, unless they are filed within 7 days after the discovery deadline and pertain to conduct occurring during the final 7 days of discovery.

Local Rule CV-16(d). The parties agreed to continue discovery past the deadline apparently under the impression that discovery motions filed before the expiration of their agreed deadline would be timely. This is incorrect. Not only is Grande's motion to compel untimely, but Plaintiffs' two motions are as well. Though the Court could decline to take the motions up at all, it will not do so;

8

given that Grande did not object to Plaintiffs' motions as untimely, and the Court addressed those issues, the Court will also address the matters Grande raises in its motion.

With regard to the Plaintiffs' responses to requests for production, the specific requests Grande asks that the Court compel Plaintiffs to answer are set out in two tables contained in Grande's motion. Dkt. No. 110 at 4-5 and 6-9. The first group addresses eight requests to which Plaintiffs object and have not produced documents. The second are 14 requests to which Plaintiffs object, but for which Plaintiffs have responded, but only to that portion of the request Plaintiffs do not object to. On both of these categories, Grande's counsel chose at the hearing to make very little in the way of detailed argument about the requests, and effectively rested on the briefing. Given the number of requests at issue, Grande's tardiness in raising the issues, and Grande's choice not to address the requests in detail, the Court will not belabor the discussion and instead it too will address the issues in summary fashion.

    **1.    Document requests with no responses**

RFP 15 & 16    DENIED. The statement at issue was made by Rightscorp, not Plaintiffs and Grande may conduct discovery of Rightscorp as to this issue. Grande is free to ask Plaintiffs if they agree with Rightscorp's views.

RFP 34    Plaintiffs do not address this item in their response. For its part, the only argument Grande made on this request is contained in one cell of the table contained in the motion to compel. *See* Dkt. No. 110 at 4. It was not addressed by either party at the hearing. Thus, the only information the Court has on this request is what is contained in the Plaintiffs' objections to the original request, and Grande's brief statement in its chart. Having considered that information, the Court concludes that the only potential relevance of the documents relates to the date Plaintiffs learned of the infringement at issue here. The Court therefore GRANTS the motion, but only as to documents reflecting when Plaintiffs became aware of the infringement that is the basis of this suit, or documents (if any) reflecting that large scale copyright infringement was taking place by most, if not all, ISP subscribers.

RFP 38 & 63   DENIED.  Plaintiffs indicate in their response they have responded to this request with documents related to the use of BitTorrent.

RFP 46   DENIED.  "Spoofed" notices from monitoring companies other than Rightscorp are not relevant, and Plaintiffs have stated they are not aware of any "spoofed" Rightscorp notices.

RFP 49   DENIED.  Plaintiffs state they have produced this material, and that RIAA has produced records of payments it has made to Rightscorp on behalf of the Plaintiffs.

RFP 59   GRANTED.  Though offered this document months ago, Grande was unwilling to fully agree that Plaintiffs were not waiving any rights by producing the agreement.  The Court will not allow such a waiver argument in light of compelling the production of the agreement.

**2.   Document requests responded to in part**

RFP 18   DENIED.  Plaintiffs have stated they are not aware of any such documents.

RFP 19   GRANTED   But only as to non-privileged communications related to this litigation.  Communications between any of the Plaintiffs and Rightscorp regarding infringement on a system other than Grande's are not relevant to this case.

RFP 21, 22 & 23   GRANTED.  Plaintiffs shall produce any documents they possess (if any) that describe the operation of the Rightscorp System, its development, its use, and how the system operates.

RFP No. 24   DENIED.  Plaintiffs have stated they are unaware of any flaws in Rightscorp's system, and of possessing any responsive documents.

RFP No. 25   DENIED.  Plaintiffs have stated they are unaware of any inaccurate Rightscorp notices, and of possessing any responsive documents.

RFP No. 31   DENIED.  This request is overly broad and disproportionate to the needs of the case.

RFP No. 44   DENIED.  The request seeks information about a decision made by Rightscorp and should be directed to Rightscorp.

RFP. No. 47   GRANTED.  If Plaintiffs have documents reflected ISPs refusing to process a DMCA notice from Rightscorp they must produce them.

    RFP No. 48    DENIED.  Documents related to other detection systems are not sufficiently related to this case to permit their discovery.

    RFP No. 55    GRANTED.  But only as to Grande.

    RFP No. 58    GRANTED.  But only as to Grande.

    RFP No. 61    GRANTED.  But only as to Grande.

### 2. Emails

Grande complains about Plaintiffs' failure to produce all of the emails that were identified through a search based on agreed-upon search terms.  Plaintiffs did not produce every email that was identified by the search, but instead counsel reviewed them to ensure they were responsive to a request for production, and only produced those that were relevant and responsive.[2]  Grande, however, did not make a similar review before producing its emails, and argues that Plaintiffs should not have done so either.  Plaintiffs respond that they never agreed to dispense with a review of the emails before production, and that such a review is not only common, but allowed.  As noted at the hearing, Plaintiffs' handling of the emails identified by the search was proper, and the motion to compel on this point is **DENIED**.

### 3. Interrogatories 13 and 19

Grande moves to compel Plaintiffs to fully respond to Grande's Interrogatories 13 and 19. Interrogatory 13 requests that Plaintiffs identify the specific facts supporting their claims for secondary infringement against Grande, including specific work infringed, owner of the work, Grande subscriber or IP address of the direct infringer, and information putting Plaintiffs on notice

---

[2] An example given at the hearing was the fact that the search term "Grande" returned a number of irrelevant materials related to the recording artist Ariana Grande, Dkt. No. 175 at 103, and Plaintiffs did not produce the Ariana Grande documents.

that the infringement had occurred. Plaintiffs responded by referencing document production including 1.3 million pages of Rightscorp email notices. Plaintiffs did not object to the request as burdensome or overbroad. Grande requests that Plaintiffs be required to fully respond. Plaintiffs respond they have identified each copyrighted work in the suit, the copyright holder, and the Rightscorp notices which they argue show each infringement and infringer. Grande asserts that Plaintiffs have identified 1,500 copyrighted works but have not tied each infringement of these works to a specific infringer; but rather, refer collectively to all the Rightscorp notices.

Interrogatory 19 requests that Plaintiffs identify the total number of alleged infringements for which they are seeking to recover damages, and the evidence they intend to rely upon to prove statutory or actual damages. Plaintiffs respond they have identified the 1.3 million Rightscorp notices which they argue show the total number of infringements, assert the maximum amount of statutory damages, and refer to Grande's financial information generally because Grande has marked it Attorneys' Eyes Only. Grande asserts that Plaintiffs have failed to come up with a number of instances of infringement or the specific evidence they will rely upon to show each instance of infringement.

Rule 33(d) permits a party to respond to an interrogatory by reference to documents, "if the burden of deriving or ascertaining the answer will be substantially the same for either party." FED. R. CIV. P. 33(d). A proper use of Rule 33(d) requires the responding party to identify in sufficient detail the information that contains the responsive material so that the requesting party can locate and identify the information in the documents as easily as the answering party could. *McKinney/Pearl Rest. Partners, L.P. v. Metro. Life Ins. Co.*, 2016 WL 2997744, at *9 (N.D. Tex. May 25, 2016). This generally requires an answering party "to point to specific documents, by name

or bates number." *Id.* at *10. In this case, Plaintiffs adequately responded to the interrogatories in issue by identifying the relevant documents. The burden on the parties is equal. Grande's Motion to Compel Interrogatories 13 and 19 is **DENIED**.

## IV. CONCLUSION

For the reasons set forth above, Plaintiffs' Corrected Motion for Protective Order Regarding Defendants' Rule 30(b)(6) Deposition Notices (Dkt. No. 103), Plaintiffs' Motion to Compel Discovery from Grande Communications Network LLC and Patriot Media Consulting LLC (Dkt. No. 108), and Grande's Motion to Compel the Production of Documents and Information from Plaintiffs (Dkt. No. 110) are each **GRANTED IN PART AND DENIED IN PART** as set forth in detail above.

SIGNED this 26th day of September, 2018.

_____

ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE