IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| UMG RECORDINGS, INC., et al., § | |
| § | |
| V. § | CAUSE NO. A-17-CA-365-LY |
| § | |
| GRANDE COMMUNICATIONS § | |
| NETWORKS, LLC § | |

**ORDER**

Before the Court are Grande's Motion to Compel Subpoena served on Recording Industry Association of America (Dkt. No. 135); RIAA's Response (Dkt. No. 136); and Grande's Reply (Dkt. No. 137). Also before the Court are Recording Industry of America's Motion for Protective Order Regarding Defendant's Subpoena for Rule 30(b)(6) Deposition (Dkt. No. 107); Grande's Response (Dkt. No. 117); and RIAA's Reply (Dkt. No. 121).

Grande moves to compel and non-party Recording Industry Association of America moves for a protective order regarding the Rule 45 deposition notice served on RIAA by Grande. Grande asserts that RIAA has withheld two significant categories of documents from its production: (1) RIAA's communications and agreements with Rightscorp and other Rightscorp related documents and communications; and (2) documents within the scope of requests that RIAA responded to with regard to Grande, but which relate to ISPs other than Grande (or Patriot Media Consulting, LLC). RIAA objected to producing these documents based on: (1) a claim that some communications between RIAA and Rightscorp are protected by the attorney client privilege, the work product doctrine, or the common interest doctrine; and (2) a claim that documents relating to ISPs other than Grande are not relevant.

**I. Background**

RIAA is the recording industry's United States trade association. Among other things, RIAA provides legal counsel to, and works with, recording companies to bring copyright infringement

lawsuits. RIAA submitted with its response a declaration from its deputy general counsel stating that RIAA lawyers have served as counsel for Plaintiffs in this suit, helping coordinate litigation efforts, providing legal advice, and discussing legal strategy from the earliest planning stages through the conduct of the litigation. In 2016, Rightscorp, an online copyright infringement detection and monitoring company, contacted RIAA regarding potential claims its members may have against Grande. RIAA states that it decided to pursue the matter, and executed a Litigation Support and Consulting Agreement with Rightscorp regarding a potential lawsuit for copyright infringement against Grande. Under the agreement, Rightscorp agreed to provide data related to infringement on Grande's network and to provide various litigation support services related to the lawsuit.

On April 6, 2018, Grande served a document and Rule 30(b)(6) deposition subpoena on RIAA. Grande's subpoena sought information about internet service providers other than Grande, and about online infringement companies other than Rightscorp. On April 23, 2018, RIAA responded with written objections and responses, indicating that RIAA would produce documents relevant to the lawsuit, subject to certain objections that included attorney-client privilege, work product, and the common interest doctrine. RIAA subsequently produced responsive documents, subject to the claimed privilege.

In the parties' discussions attempting to resolve the objections, RIAA agreed to provide Grande with a copy of the Litigation Support and Consulting Agreement as long as Grande agreed not to argue here that by doing so, RIAA, Plaintiffs, or Rightscorp had waived any privilege or work product protections concerning their communications related to this case. Dkt. No. 136 at 20-21. Grande did not unconditionally agree to that offer. The parties met and conferred telephonically on May 2 and 9, 2018, and in writing on May 9 and 10, 2018. *Id.* at 20-26. RIAA stood on its objections with respect to its privilege and work product assertions concerning communications with

Rightscorp. And, as the correspondence reflects, during the parties' teleconference, counsel for Grande indicated, and Plaintiffs' counsel agreed, that Grande would file its objection to RIAA's privilege/work product argument concerning Rightscorp prior to RIAA submitting a privilege log detailing the documents it was claiming were subject to the privileges. Dkt. No. 136 at 21 ("As we discussed on the phone with you yesterday, we agree that this issue appears to be in dispute, and we similarly feel that if Defendants are going to . . . move to compel, that issue can and should be presented to the court before the parties exchange privilege logs."). Grande filed its Motion to Compel on July 6, 2018.

## II. Analysis

The primary focus of the briefing on these motions has been on the privilege issues. Grande contends that RIAA's privilege claims should be rejected, and it should be ordered to produce all of the documents responsive to the subpoena. It contends that RIAA has the burden of proving that its communications with or regarding Rightscorp are privileged or otherwise protected by the work product and common interest doctrines, and it has failed to carry that burden. Grande argues that RIAA has not established that Rightscorp has any legal interest in common with RIAA, and is otherwise outside of the reach of any attorney/client relationship between Plaintiffs and their counsel. Instead, Grande claims that Rightscorp was merely a "hired gun" used to investigate infringement and Plaintiffs are expressly relying on Rightscorp's investigation and notices as the lynchpin of their case against Grande, and it should therefore be able to conduct largely unfettered discovery into communications between RIAA and Rightscorp, even after the Consulting Agreement was executed, and the litigation was filed. Finally Grande argues that neither Plaintiffs nor RIAA has established that Rightscorp was their agent, and it appears that Rightscorp served as a mere vendor performing services for RIAA.

RIAA responds that the information sought by Grande's motion falls squarely within the attorney-client and work product protections. It notes that its evidence demonstrates that

> RIAA's and Plaintiffs' considerations that led to the engagement of Rightscorp and the filing of this lawsuit were legal strategy; RIAA's communications with Plaintiffs and Rightscorp involved RIAA's and Plaintiffs' counsel and were for the purpose of rendering legal advice about, and in anticipation of, potential litigation against Grande and Patriot.

Dkt. No. 136 at 13 (¶ 5 of Sheckler Declaration). RIAA maintains that it retained Rightscorp as a litigation consultant in this case, and that therefore, communication in anticipation of this litigation that took place between counsel for Plaintiffs, including counsel at RIAA, and Rightscorp is protected work product. *See, e.g., Innovative Sonic Ltd. v. Research in Motion, Ltd.*, 2013 WL 775349, at *2 (N.D. Tex. March 1, 2013). More specifically, RIAA asserts that the attorney-client privilege extends to "third parties who assist an attorney in rendering legal advice," *Ferko v. National Ass'n for Stock Car Auto Racing, Inc.*, 218 F.R.D. 125, 135 (E.D. Tex. 2003), and that once the Consulting Agreement was signed, that is precisely what Rightscorp has done. As noted, the declaration of RIAA's deputy general counsel avers that RIAA in-house lawyers serve as counsel to Plaintiffs, as do Plaintiffs' in-house lawyers, and the outside law firms that have appeared herein. Therefore, RIAA argues, the communications between attorneys for RIAA and Plaintiffs on the one hand, and Rightscorp on the other, occurred for the purpose of assisting RIAA and Plaintiffs' counsel in preparing this case and in prosecuting it.

Grande responds that RIAA has failed to provide sufficiently detailed evidence to support its privilege claims. The two primary complaints Grande has are that RIAA has failed to produce the Consulting Agreement between RIAA and Rightscorp, and that RIAA has failed to provide sufficient information about the communications to show that they are privileged or otherwise subject to protection.

At the August 16, 2018 hearing, the Court noted that many of the discovery motions the parties have filed were tardy under Local Rule CV-16(d):

> Unopposed discovery may continue after the deadline for discovery contained in the scheduling order, provided that discovery does not delay other pretrial preparations or the trial setting. Absent exceptional circumstances, no motions relating to discovery, including motions under Rules 26(c), 29, and 37, shall be filed after the expiration of the discovery deadline, unless they are filed within 7 days after the discovery deadline and pertain to conduct occurring during the final 7 days of discovery.

Further, the Scheduling Order in this case stated that "Counsel may, by agreement, continue discovery beyond the deadline, but there will be no intervention by the Court except in extraordinary circumstances, and no trial setting will be vacated because of information obtained in post-deadline discovery." Dkt. No. 66 at ¶ 6. The discovery deadline in this case was March 18, 2018. (Dkt. No. 66). By agreement, the parties extended that deadline to July 6, 2018. This motion was filed on that same date.[1] Thus, under the Scheduling Order, Grande must demonstrate "extraordinary circumstances" for that late filing before the Court can even take up this matter. Likewise, because the motion addresses issues that did not arise during the final seven days of discovery, Local Rule CV-16 requires a showing of "exceptional circumstances" to allow the Court to reach these issues.

The purpose behind both of these requirements is to allow parties the flexibility to conduct discovery past the discovery deadline if they wish to do so, but the price of doing so is that the parties severely limit their ability to have the Court resolve disputes that might arise during late discovery. This is to prevent the very situation that exists here: the Court being required to spend significant time resolving discovery disputes when instead it should be devoting attention to dispositive motions and pretrial matters. Further, in the event late-filed discovery motions lead to

---

[1] The motion to compel was originally filed in the District of Columbia on July 6, 2018, and then, by agreement, was transferred to this Court, see Case No. 1:18-mc-613 LY, and subsequently docketed in this case file on August 15, 2018.

the Court ordering additional discovery, that could delay the trial date. So, when parties keep conducting discovery past the deadline, they do so at their own peril.

One of Grande's primary objections here is that RIAA has failed to provide the Court with enough evidence to support its privilege claims. But Grande and RIAA are equally responsible for that situation. Grande was aware for almost two months that RIAA had lodged privilege objections to its subpoenas, yet waited until the last day of the (extended-by-agreement) discovery period to file a motion challenging that claim. And Grande agreed that RIAA did not need to submit a privilege log until after the Court resolved the motion to compel, but now points to the failure to submit a privilege log in support of its motion. Similarly, it complains that RIAA's failure to file the Litigation Support and Consulting Agreement dooms its privilege claim, but it was its own overly-fastidious refusal to agree on the waiver issue that led to this problem.

Thus, as things stand today, for the Court to properly address these issues, it would need, at a minimum, the Consulting Agreement, a privilege log, and submission *in camera* of some or all of the documents claimed to be privileged. It would likely also need at least another hearing, and perhaps more briefing. This would take at least 30-60 days. At the same time, the final pretrial conference is December 14, 2018, and the Court has just had referred to it the three summary judgment motions the parties recently filed, as well as several other motions. This situation is a classic example of why the Court requires "extraordinary" or "exceptional" circumstances to permit the filing of a discovery motion after discovery ends. For the reasons already explained, Grande has failed to demonstrate that such circumstances exist here. Moreover, the Court's understanding from the limited information available in the briefing and exhibits, is that RIAA and Plaintiffs' claim of

privilege is limited to communications between attorneys representing the Plaintiffs[2] and Rightscorp representatives that post-date the execution of the Consulting Agreement, and that were either made in anticipation of this litigation, or relate to the litigation once it was filed. On the surface, it would appear that such communications are likely protected from disclosure by one or more of the attorney/client privilege, the work product doctrine, and the common legal interest doctrine. In light of this, the Court does not believe that denying the motion to compel will do an injustice or deprive Grande of any essential material. And nothing herein prevents Grande from conducting discovery regarding the effectiveness of Rightscorp's software or systems in detecting actual copyright infringement—the main focus of the discovery aimed at Rightscorp. Indeed, it appears from many of the documents submitted on other motions in this case that Grande has conducted significant discovery on that very issue.

Though the primary focus of the parties' briefing has been on the privilege and related issues, Grande also complains about RIAA's objection to producing records that relate to ISPs other than Grande. On this issue, the Court agrees with RIAA that those records are not relevant to the subject matter of this case. Indeed, Patriot, which has a minority ownership interest in Grande, and provides Grande with all of its senior managers, has a similar relationship with several other ISPs. When Plaintiffs sought discovery related to those affiliated entities, Grande objected that documents relating to these other ISPs were not relevant to whether Grande could be held liable for the actions of *its* subscribers on *its* system. The situation with respect to Rightscorp's or RIAA's interactions with other ISPs is similar, and thus the Court will deny the motion to compel these documents.

---

[2]This includes in-house counsel for RIAA, in-house counsel for any of the individual Plaintiffs, and outside counsel for the Plaintiff group in this case.

ACCORDINGLY, Grande's Motion to Compel Subpoena served on Recording Industry Association of America (Dkt. No. 135) is **DENIED** and Recording Industry of America's Motion for Protective Order Regarding Defendant's Subpoena for Rule 30(b)(6) Deposition (Dkt. No. 107) is **GRANTED**.[3]

SIGNED this 21st day of September, 2018.

ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE

---

[3] The denial of the motion to compel does not relieve RIAA of its obligation to provide Grande with a proper privilege log of any documents it withheld from discovery based on a claim of privilege.