UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| UMG RECORDINGS, INC., et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | No. 1:17-cv-00365-LY |
| ) | |
| GRANDE COMMUNICATIONS ) | |
| NETWORKS LLC, ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT GRANDE COMMUNICATIONS NETWORKS LLC'S
REPLY IN SUPPORT OF MOTION TO STRIKE
PLAINTIFFS' SECOND SUMMARY JUDGMENT MOTION**

Plaintiffs do not dispute either of the two bases of Grande's Motion to Strike: (1) the filing of multiple summary judgment motions is disfavored in this District; and (2) every issue raised in Plaintiffs' second summary judgment motion could have been raised in Plaintiffs' first summary judgment motion, filed little over a month prior.  Plaintiffs' cross-motion is simply calculated to give Plaintiffs the "last word" in summary judgment briefing—indeed, Plaintiffs admit that their cross-motion is a mirror image of Grande's motion in every respect.  If this were permissible, virtually every litigant would be incentivized to respond to a motion for a summary judgment with its own cross-motion.

Grande respectfully submits that it cannot be the Court's intention to encourage such tactics—particularly where, as here, the party filing the cross-motion has already filed a separate motion for summary judgment.  Plaintiffs' tactics are especially inappropriate given the broader circumstances, with Plaintiffs having responded to Grande's summary judgment motion with the untimely production of *thousands* of additional pages of documents (*see* ECF No. 156, 189) as

1

well as declarations from individuals never identified during the fact discovery period. Grande cannot be expected to sit idly by as Plaintiffs repeatedly attempt to back-fill their case with evidence not produced or identified during fact discovery, and attempt to distract from their failures of proof with procedurally improper summary judgment practice.[1] *See also* Grande's Motion to Strike "Rebuttal" Expert Report (ECF No. 176).

    For the foregoing reasons, the Court should grant this Motion and strike the request for summary judgment in Plaintiffs' Opposition to Grande's Motion for Summary Judgment, and Cross-Motion for Summary Judgment as to Liability (ECF No. 172).

---

[1] Plaintiffs' meritless claims about the substance of Grande's motion for summary judgment are irrelevant to the issue before the Court. Grande's motion speaks for itself.

Dated:  September 26, 2018

By: /s/ Richard L. Brophy
Richard L. Brophy
Zachary C. Howenstine
Margaret R. Szewczyk
ARMSTRONG TEASDALE LLP
7700 Forsyth Blvd., Suite 1800
St. Louis, Missouri 63105
Telephone:  314.621.5070
Fax:  314.621.5065
rbrophy@armstrongteasdale.com
zhowenstine@armstrongteasdale.com
mszewczyk@armstrongteasdale.com

J. Stephen Ravel
Texas State Bar No. 16584975
J.R. Johnson
Texas State Bar No. 24070000
Diana L. Nichols
Texas State Bar No. 00784682
KELLY HART & HALLMAN LLP
303 Colorado, Suite 2000
Austin, Texas 78701
Telephone: 512.495.6429
Fax: 512.495.6401
Email: steve.ravel@kellyhart.com
          jr.johnson@kellyhart.com
          diana.nichols@kellyhart.com

Attorneys for Defendant GRANDE
COMMUNICATIONS NETWORKS LLC

3

## **CERTIFICATE OF SERVICE**

The undersigned certifies that on September 26, 2018, all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system pursuant to Local Rule CV-5(b)(1).

/s/ Richard L. Brophy
Richard L. Brophy
