**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | |
|---|---|
| UMG RECORDINGS, INC., et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) |
| | ) No. 1:17-cv-00365-LY-AWA |
| GRANDE COMMUNICATIONS NETWORKS LLC, | ) |
| | ) |
| Defendant. | ) |
| | ) |

**DEFENDANT GRANDE COMMUNICATIONS NETWORKS LLC'S**
**REPLY IN SUPPORT OF ITS MOTION TO STRIKE THE**
**"REBUTTAL" EXPERT REPORT OF BARBARA FREDERIKSEN-CROSS**

1

The issue before the Court is whether it is permissible for Plaintiffs to: (i) serve an expert report consisting primarily of recycled analyses from a years-old report in a different lawsuit; (ii) receive a rebuttal report laying out the flaws in that opening report, and a summary judgment motion identifying the deficiencies in their case; and then (iii) serve a sur-rebuttal report, seeking to replace the flawed analyses and errors in the original report, *and* identifying new evidence and opinions regarding matters already addressed by the expert. The answer must be "No."

Plaintiffs elected to recycle Ms. Frederiksen-Cross's analyses and opinions from years ago in the *Cox* case. Those analyses and opinions turned out to be severely flawed, and did not address the particular deficiencies subsequently raised in Grande's summary judgment motion. There is no basis for Plaintiffs to now serve an unauthorized sur-rebuttal report—relying on new evidence never properly identified in discovery—that attempts to plug the holes in their opening report and case. Plaintiffs are seeking potentially tens of millions of dollars in damages and they should be required to play by the rules.

**I.    THE FREDERIKSEN-CROSS SUR-REBUTTAL IS AN ATTEMPTED DO-OVER**

The parties' correspondence demonstrates the mutual understanding that each side would be allowed to serve (i) opening reports; and (ii) rebuttals to the other side's opening reports. On February 15—more than a month after the Court entered the Scheduling Order—Plaintiffs' counsel confirmed this understanding in an email between counsel:

> April 27     Plaintiffs' Initial Expert Reports
> June 1       Defendants' Expert Reports (including rebuttal reports)
> June 15      Plaintiffs' Rebuttal Reports

*See* Ex. 1 (2/15/2018 Email) (highlighting added). This clearly reflected the parties' understanding—prescribed by the Scheduling Order—that each side would serve only one report on a given issue. On May 10, Plaintiffs' counsel again proposed dates distinguishing between "Opening Expert Reports" and "Rebuttal Reports," further demonstrating the parties' mutual

understanding regarding the protocol for conducting expert discovery.  Ex. 2 (5/10/2018 Email).

Nothing in the parties' correspondence or actions contemplated sur-rebuttal reports.  The prospect of a sur-rebuttal did not arise until Plaintiffs recognized the severe flaws in the Frederiksen-Cross opening report and sought to "update" it with a new, "do-over" report.

## II.     NO AUTHORITY PERMITS THE FREDERIKSEN-CROSS SUR- REBUTTAL.

### A.     The Court's Scheduling Order Does Not Authorize a Sur-Rebuttal.

The Court's Scheduling Order does not provide for rebuttals to rebuttal reports.  By its plain terms, the Order permits each side to serve only one report on a given issue.  *See* Scheduling Order at ¶ 2 (ECF No. 66).  Plaintiffs' parsing of the Scheduling Order (Pls.' Opp. at 2), while creative, finds no basis in logic, nor in the long-standing practice of this Court.  Plaintiffs cannot cite a single case supporting their position that the language of the Scheduling Order—language that this Court has used for years—permits service of sur-rebuttal reports.[1]

### B.     Rule 26(e) Does Not Authorize the Frederiksen-Cross Sur-Rebuttal.

Plaintiffs pivot from calling the Frederiksen-Cross report a "rebuttal" to calling it a "supplement" in an attempt to find shelter in Rule 26(e).[2]  *See* Pls.' Opp. at 1.  But "[c]ourts have made it clear that supplemental expert reports cannot be used to 'fix' problems in initial reports." *Cooper Tire and Rubber Co. v. Farese*, No. 3:02-cv-210, 2008 WL 5104745 (N.D. Miss. Nov. 26, 2008) (citation omitted); *Simmons v. Johnson*, No. 3:06-cv-325, 2008 WL 474203, at *2

---

[1] In the only case that Plaintiffs cite concerning the Court's order, the Court did not find that sur-rebuttals are permitted.  *See Bd. of Regents v. KST Elec., Ltd.,* No. 1:06-cv-950-LY, 2007 WL 4790801, at *1 (W.D. Tex. Oct. 9, 2007).  Rather, the Court permitted service of the report in question only after determining that it was a proper rebuttal report.  *Id.*

[2] Plaintiffs appear to concede that Rule 26 does not permit a sur-rebuttal.  *See, e.g.*, *Wal-Mart Stores, Inc. v. Tex. Alcoholic Beverage Comm'n,* No. 1:15-cv-134-RP, 2017 WL 9480314, at *2 (W.D. Tex. May 22, 2017); *BCC Merchant Solutions, Inc. v. JetPay, LLC,* No. 3:12-cv-5185, 2016 WL 3264283, at *4 (N.D. Tex. Feb. 19, 2016).

3

(M.D. La. Feb. 14, 2008) ("Courts have routinely rejected untimely 'supplemental' expert reports and testimony where the opinions are based upon information available prior to the deadline for service of initial expert reports."). The Frederiksen-Cross sur-rebuttal is a clear and obviously improper attempt to "fix" the flaws exposed by Cohen's rebuttal to Plaintiffs' original Frederiksen-Cross report. *See* Grande Mot. at 5-9 (and below).

### III.  PLAINTIFFS MISCHARACTERIZE THE MAGNITUDE OF THE AMENDMENTS IN THE FREDERIKSEN-CROSS SUR-REBUTTAL REPORT

The duty to supplement under Rule 26(e) is "not an opportunity to provide information previously omitted" or "an opportunity for a party to circumvent the Rule 26 requirement that an expert report contain 'a complete statement of all opinions the witness will express and the basis and reasons for them.'" *BCC Merchant Solutions, Inc. v. JetPay, LLC*, No. 3:12-cv-5185, 2016 WL 3264283, at *3 (N.D. Tex. Feb. 19, 2016). Here, Plaintiffs are attempting to use the Frederiksen-Cross sur-rebuttal to rewrite the opening report, expressing new opinions and relying on new information that has been available to Plaintiffs since the inception of this case.

#### A.  The So-Called "Scrivener's Error" is a Deliberate Opinion Now Offered in Two Cases.

There is no "scrivener's error" in the Frederiksen-Cross opening report. *See* Pls.' Opp. at 5. The error in question is Frederiksen-Cross's characterization of the "SampleIt3" process in Rightscorp's software. *See* Grande's Mot. at 7-8. Frederiksen-Cross offered the very same characterization of the Rightscorp system in the prior *Cox* litigation—*and the opposing expert disagreed with her opinions in that case*. *See* Cohen Report, ¶ 95 (ECF No. 177-2). Frederiksen-Cross doubled down on her position when she offered the same opinion in this case, and she got it wrong. Ms. Frederiksen-Cross's characterization of the Rightscorp system is not a "harmless typographical error" and is not proper material to be "corrected" in sur-rebuttal.

4

### B. Each and Every Update to Ms. Frederiksen-Cross's Opinions Is Based on Previously-Available Information.

Plaintiffs argue that information from the deposition of Mr. Boswell, the Chief Technology Officer of Rightscorp, necessitated an "update" to the Frederiksen-Cross report. *Id.* This is simply not credible: Ms. Frederiksen-Cross *relied on discussions with Mr. Boswell in drafting her opening report*, which she completed *before* Mr. Boswell was deposed. *See* Frederiksen-Cross Opening Report, ¶ 11 (ECF No. 177-1). Plaintiffs lack any basis for using the Boswell deposition as a pretext to "fix" the opening report. *See also* Grande's Mot. at 9 (improper bolstering of opinions not addressed by Dr. Cohen in rebuttal, based on previously-available evidence), 9 n.6 (various other "fixes" based on previously-available information). Plaintiffs have asserted on numerous occasions that Rightscorp and its personnel are acting as their litigation consultants. *See, e.g.*, Order at 4 (ECF No. 191). As a result, Fredericksen-Cross has had access to Mr. Boswell and the Rightscorp software since before Plaintiffs filed this case.

### IV. THE FREDERIKSEN-CROSS SUR-REBUTTAL IMPROPERLY INTRODUCES NEW EVIDENCE IN VIOLATION OF RULE 37(c)(1)

Plaintiffs' insistence that they properly identified the evidence Frederiksen-Cross now relies on in her sur-rebuttal is, at best, misleading. During discovery, Grande served contention interrogatories that specifically required Plaintiffs to disclose the complete evidentiary basis for their allegations of direct infringement. *See* Sony Plfs' Obj. & Resp. to 2nd Interrogs. at 1-8 (ECF No. 112-2) (seeking identification of all evidence supporting "the specific act of direct infringement" committed by Grande's subscribers). Plaintiffs' responses to those interrogatories never identified the 59,000 music files produced by third party Rightscorp or any evidence regarding the RIAA's purported "verification" of those files (the latter of which was not

5

identified in *any* interrogatory answer).³ *Id.*; *see also* Grande's Mot. at 10. Plaintiffs offer no excuse for failing to identify this evidence.

In their response, Plaintiffs accuse Grande of making "flatly untrue" assertions regarding the nature of Plaintiffs' interrogatory answers. Grande disagrees. It is wholly inappropriate for Plaintiffs to point to an interrogatory response seeking information regarding the relationship between Rightscorp and Plaintiffs as a disclosure of Plaintiffs' intention to rely on 59,000 music files as part of its case against Grande. *See* Univ. Pls.' Resp. to Interrog. No. 20 (ECF No. 173-96). It is not Grande's responsibility to borrow statements from unrelated interrogatories to piece together the set of evidence that Plaintiffs intend to rely on to support their claims.

Put simply, Grande sought identification of Plaintiffs' evidence of direct infringement; Plaintiffs failed to identify the evidence at issue; and Plaintiffs now seek to offer a sur-rebuttal expert report that relies on that new evidence for the first time—specifically as evidence of direct infringement. Rule 37(c)(1) forecloses these kinds of skate and shoot tactics.⁴ Furthermore, even if the evidence had been properly identified in discovery, Ms. Frederiksen-Cross failed to identify or refer to it in her opening report, even though it was clearly available and relevant to her opinions. Whether the result of design or delinquency, the Court should prohibit Plaintiffs from introducing new evidence for the first time through an improper sur-rebuttal report.

## CONCLUSION

For the foregoing reasons, the Court should grant this Motion and strike the August 31, 2018 Rebuttal Expert Report of Barbara Frederiksen-Cross.

---

³ Plaintiffs had access to these files well before filing this lawsuit and do not dispute that fact.
⁴ Plaintiffs' failure to timely disclose this evidence and its expert opinions regarding this evidence has, among other things, severely prejudiced Grande's ability to prepare and offer meaningful rebuttal expert testimony on these issues.

Dated:  September 28, 2018

        Respectfully submitted,

    By:  /s/ Richard L. Brophy
        Richard L. Brophy
        Zachary C. Howenstine
        Margaret R. Szewczyk
        Armstrong Teasdale LLP
        7700 Forsyth Blvd., Suite 1800
        St. Louis, Missouri 63105
        Telephone:  314.621.5070
        Fax:  314.621.5065
        rbrophy@armstrongteasdale.com
        zhowenstine@armstrongteasdale.com
        mszewczyk@armstrongteasdale.com

        J. Stephen Ravel
        Texas State Bar No. 16584975
        J.R. Johnson
        Texas State Bar No. 24070000
        Diana L. Nichols
        Texas State Bar No. 00784682
        Kelly Hart & Hallman LLP
        303 Colorado, Suite 2000
        Austin, Texas 78701
        Telephone: 512.495.6429
        Fax: 512.495.6401
        steve.ravel@kellyhart.com
        jr.johnson@kellyhart.com
        diana.nichols@kellyhart.com

        Attorneys for Defendant GRANDE COMMUNICATIONS NETWORKS LLC

**CERTIFICATE OF SERVICE**

The undersigned certifies that on September 28, 2018, all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system pursuant to Local Rule CV-5(b)(1).

/s/ Richard L. Brophy
Richard L. Brophy