UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| UMG RECORDINGS, INC., et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) No.  1:17-cv-00365-LY |
| | ) |
| GRANDE COMMUNICATIONS NETWORKS LLC, | ) |
| | ) |
| Defendant. | ) |

**DEFENDANT GRANDE COMMUNICATIONS NETWORKS LLC'S
UNOPPOSED MOTION TO RETAIN EXHIBITS UNDER SEAL
PURSUANT TO THE COURT'S SEPTEMBER 21, 2018 ORDER**

Pursuant to the Court's September 21, 2018 Order (ECF No. 186), Defendant Grande Communications Networks LLC ("Grande") hereby moves to retain under seal the following exhibits: ECF Nos. 141.4 (Exhibit 5), 147.6 (Exhibit 10), 147.7 (Exhibit 10, pt. 2), 147.8 (Exhibit 11), 173.74 (Exhibit D), 173.76 (Exhibit F), 177.4 (Exhibit 4).Grande respectfully submits that good cause exists to grant this Motion because the public disclosure of the exhibits identified above could cause Grande and third parties who were the subject of subpoenas in this case[1] competitive and financial harm.

Specifically, the exhibit filed at ECF No. 141.4 (Exhibit 5) was produced by third-party BMG Rights Management (US) LLC ("BMG") pursuant to a subpoena in this case.  BMG designated the document as "AEO" pursuant to the Protective Order.  *See* ECF No. 41.  But for

---

[1] Grande has not communicated with the affected third parties regarding the content of this motion, but will do so promptly to give them an opportunity to provide further information in support of this unopposed motion.  Grande understands from previous communications that their production of documents was contingent upon protection under the Protective Order in this case.

1

the Protective Order, this document would not have been produced. This exhibit contains a deposition transcript from another case that was not filed publicly. Therefore, Grande respectfully requests that this exhibit remain filed under seal.

The exhibits filed at ECF No. 147.6 (Exhibit 10) and 147.7 (Exhibit 10, pt. 2) are the expert report and accompanying exhibit of Jon Kemmerer, Grande's damages expert. These documents contain discussion of Grande's non-public financial information that Grande would not share with a third party, and which Grande would not have produced to Plaintiffs but for the protections of the Protective Order in this case. Particularly, the Kemmerer report and exhibit disclose damages figures calculated based on Grande's profits and losses, including subscriber acquisition costs, capital expenditures, and costs incurred by its DMCA processes, in addition to gross profit margins, all of which is non-public information. The disclosure of such information would harm Grande competitively by enabling its competitors to compare its own costs and modify accordingly. *See, e.g.*, *Gelb v. Am. Tel. & Tel. Co.*, 813 F. Supp. 1022, 1035 (S.D.N.Y. 1993) (sealing exhibits containing financial information). The Protective Order in this case expressly identifies "non-public financial information" as a category of information and documents that should be designated as "AEO." *See* ECF No. 41 at ¶ 3(c). Therefore, Grande respectfully requests that these exhibits remain filed under seal.

The exhibit filed at ECF No. 147.8 (Exhibit 11) was produced by third-party Cox Communications, Inc. pursuant to subpoena in this case. Cox designated the document as "Confidential" pursuant to the Protective Order. This document is an email that contains sensitive, non-public business information. The Protective Order identifies "operational data, business plans ... and other sensitive information that, if not restricted as set forth in this order, may subject the producing or disclosing person to competitive or financial injury or potential

legal liability to third parties" as categories of information and documents that should be designated as "Confidential." *See* ECF No. 41 at ¶ 3(b). Therefore, Grande respectfully requests that this exhibit remain filed under seal.

The exhibits filed at ECF No. 173.74 (Exhibit D) and 173.746 (Exhibit F) are the expert report and rebuttal report of William Lehr, Plaintiffs' damages expert. These documents contain discussion of Grande's non-public financial information that Grande would not share with a third party, and which Grande would not have produced to Plaintiffs but for the protections of the Protective Order in this case. Particularly, the Lehr reports disclose damages figures calculated based on Grande's profits and losses, including subscriber acquisition costs and capital expenditures, in addition to gross profit margins, all of which is non-public information. The disclosure of such information would harm Grande competitively by enabling its competitors to compare its own costs and modify accordingly. *See, e.g., Gelb*, 813 F. Supp. at 1035 (sealing exhibits containing financial information). The Protective Order in this case expressly identifies "non-public financial information" as a category of information and documents that should be designated as "AEO." *See* ECF No. 41 at ¶ 3(c). Therefore, Grande respectfully requests that these exhibits remain filed under seal.

Lastly, the exhibit filed at ECF No. 177.4 (Exhibit 4) was produced by third-party BMG pursuant to subpoena in this case. BMG designated the document as "AEO" pursuant to the Protective Order in this case. But for the Protective Order, this document would not have been produced. This document is an expert report from another case and was not filed publicly. Therefore, Grande respectfully requests that these exhibits remain filed under seal.

WHEREFORE, for the foregoing reasons, the Court should grant this Unopposed Motion and retain the following documents under seal: ECF Nos. 141.4 (Exhibit 5), 147.6 (Exhibit 10),

147.7 (Exhibit 10, pt. 2), 147.8 (Exhibit 11), 173.74 (Exhibit D), 173.76 (Exhibit F), 177.4 (Exhibit 4).

Dated:  September 28, 2018.

By: /s/ Richard L. Brophy
Richard L. Brophy
Zachary C. Howenstine
Margaret R. Szewczyk
Armstrong Teasdale LLP
7700 Forsyth Blvd., Suite 1800
St. Louis, Missouri 63105
Telephone:  314.621.5070
Fax:  314.621.5065
rbrophy@armstrongteasdale.com
zhowenstine@armstrongteasdale.com
mszewczyk@armstrongteasdale.com

Attorneys for Defendant GRANDE COMMUNICATIONS NETWORKS LLC

5

**CERTIFICATE OF CONFERENCE**

Pursuant to Local Rule CV-7(i), the undersigned certifies that counsel for the parties conferred and that Plaintiffs do not oppose the relief sought.

/s/ Richard L. Brophy
Richard L. Brophy

**CERTIFICATE OF SERVICE**

The undersigned certifies that on September 28, 2018, all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system pursuant to Local Rule CV-5(b)(1).

/s/ Richard L. Brophy
Richard L. Brophy

5