IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| UMG RECORDINGS, INC., et al., § | |
| § | |
| V.                                              § | CAUSE NO. A-17-CA-365-LY |
| § | |
| GRANDE COMMUNICATIONS § | |
| NETWORKS, LLC                        § | |

**ORDER**

Before the Court is Grande's Motion to Strike Plaintiffs' Second Summary Judgment Motion (Dkt. No. 174); Plaintiff's Response (Dkt. No. 184); and Grande's Reply (Dkt. No. 193); as well as Plaintiffs' Motion to Exceed Page Limits (Dkt. No. 169); and Grande's Response (Dkt. No. 171).

That above pleadings—22 pages in all—address a single, straightforward question, one that could have been answered by a simple phone call: is it permissible for a party to file more than one summary judgment motion? Grande claims it is not, and thus seeks to strike that part of the Plaintiff's response to Grande's summary judgment motion that makes a cross-motion. To be clear, Grande only asks that the Court strike the Plaintiffs' *request* for summary judgment, but not any other portion of the briefing. Given that Grande's alleged complaint here is that the cross motion will "burden the Court's and the parties' resources with further summary judgment briefing," the Court is puzzled by the motion.

More to the point, the answer to the question, "Is it permissible for a party to file more than one summary judgment motion?" is, "Yes, it is permissible." Nothing in FED. R. CIV. P. 56 says otherwise, nor is there anything in the Local Rules that prohibits it.[1] And the cases Grande cites from

---

[1] Lest the Court be misunderstood, this should not be taken as encouragement to file summary judgment motions. As both the undersigned and Judge Yeakel have said publicly on many occasions, summary judgment motions are some of the most over-filed motions in federal court. Given the expense involved in preparing and filing them, and the relatively poor odds in their being

this district do not hold otherwise.  The Report and Recommendation from *Collins v. Easynews, Inc.* was critical not because there were multiple motions for summary judgment, but rather because the motion there only sought judgment on one element of an affirmative defense, and would therefore not dispose of a claim even if granted.   2008 WL 11404949, at *4 (W.D. Tex. Feb. 20, 2008).  In *Watson v. Uniroyal Goodrich Tire Co.*, Judge Sparks was critical of the motion practice as a whole and nowhere stated that multiple summary judgment motions were prohibited.  2007 WL 4794106, at *1-2 (W.D. Tex. June 27, 2007).  Further, as noted by Plaintiffs in their response, there have been many, many cases in this Court where a party has filed more than one summary judgment motion.

The more annoying aspect of this motion is the fact that this was a dispute that was silly, and did not need to happen.  Counsel could do themselves, and their clients, a lot of good if they would focus on the issues that matter, and not cause work on those that do not.

Defendant Grande Communications Networks, LLC's Motion to Strike Plaintiffs' Second Summary Judgment Motion (Dkt. No. 174) is **DENIED** and Plaintiffs' Motion to Exceed Page Limits (Dkt. No. 169) is **GRANTED**.

SIGNED this 28th day of September, 2018.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE

---

granted, it is amazing how frequently they are filed.