**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | |
|---|---|
| UMG RECORDINGS, INC., et al., )<br>)<br>Plaintiffs, )<br>)<br>vs. )<br>)<br>GRANDE COMMUNICATIONS )<br>NETWORKS LLC, )<br>)<br>Defendant. )<br>) | No. 1:17-cv-00365-DAE-AWA |

**DEFENDANT GRANDE COMMUNICATIONS NETWORKS, LLC'S
REPLY IN SUPPORT OF MOTION TO EXCLUDE PROPOSED
<u>EXPERT TESTIMONY OF ROBERT A. BARDWELL</u>**

The issue before the Court is whether Dr. Bardwell—a non-lawyer statistician—should be permitted to testify to the jury about legal terms and conclusions relating to copyright infringement, notices of infringement unrelated to the copyrights and plaintiffs in this case, technological matters not within the scope of his education and experience, and evidence that was not relied on in his initial report. Dr. Bardwell should not be permitted to testify about any of these topics at trial because each of his opinions is either irrelevant, unreliable, or both.

**I.    Opinions Regarding "Infringement" and "Repeat Infringers" Should be Excluded**

Plaintiffs argue that Dr. Bardwell should be permitted to opine on "infringement" and "repeat infringement" because the court in *Cox* allowed similar testimony. *See* Response at 5 (ECF No. 213). But the Fourth Circuit's determination that admission of Dr. Bardwell's testimony did not rise to the level of an abuse of discretion does not suggest that allowing his testimony is the appropriate way to conduct this trial. Plaintiffs fail to mention in their Response that the judge in *Cox* was forced to interrupt Dr. Bardwell's trial testimony to clarify to the Jury that his repeated use of the phrase "infringement" was not evidence that could be considered when deciding the ultimate issue of "infringement" at the end of the case. *BMG Rights Mgmt. (US) LLC v. Cox Commc'ns, Inc*., 881 F.3d 293, 314 (4th Cir. 2018). There is no legitimate basis for allowing Dr. Bardwell to inject confusing, prejudicial and non-probative testimony into these trial proceedings. Dr. Bardwell will be equally capable of offering his statistical analysis to the Jury without using the term "infringement." Plaintiffs acknowledge this in their Response[1] and conclude that "the straightforward remedy would be simply to instruct Dr. Bardwell to use *alternate terms* instead of 'infringement' or 'repeat infringement.'" *See* Response at 7. Grande

---

[1] *See* Response at 5-6 ("[Dr. Bardwell] stated that his opinion does not even *depend* on the legal definition of copyright infringement because the probability analysis stands on its own, irrespective of what term is used.").

1

agrees that such an instruction would be appropriate.[2]

Plaintiffs also argue that Dr. Bardwell's use of the term "infringement" is permissible because he defines the term clearly in his report as "a single observation of a *copyrighted work* being available for sharing." *See* Response at 7 (emphasis added).  This argument should be rejected because Dr. Bardwell admitted in deposition that he failed to conduct the very investigation necessary to provide reliable testimony on that issue.[3]  Specifically, Dr. Bardwell admitted that he has not investigated whether <u>any</u> of the Rightscorp notices relate to a valid, registered copyright.  Bardwell Dep. Tr. at 57:22-58:6 (ECF No. 210-4).  He also admitted that he does not know how Rightscorp matches the files detected on a subscriber's computer with allegedly copyrighted songs owned by Plaintiffs.  *Id.* at 46:15-47:10.  Having failed to investigate the copyrighted works asserted in this case, and with no idea how or whether Rightscorp matches subscriber files with copyrighted songs, Dr. Bardwell has no legitimate basis to reliably opine that the Rightscorp notices represent an "observation of a *copyrighted work* being available for sharing."  His "opinions" in this regard are pure inadmissible *ipse dixit* testimony.  For this additional reason, his proposed testimony on "infringement" and "repeat infringement" should be excluded.

## II. Opinions Regarding Notices for Unasserted Copyrights Should be Excluded

Dr. Bardwell intends to testify that Grande allowed over 10,000 repeat infringing

---

[2] To be clear, it is Grande's position that Dr. Bardwell, if anything, should only be allowed to offer opinions regarding which collection of Rightscorp notices, generated for a particular IP address, relate to the same Grande subscriber.  That is the only issue on which his probability analysis bears.

[3] This argument should also be rejected because the proposed definition for "infringement" offered by Dr. Bardwell and reinforced in Plaintiffs' Response is not correct.  As Grande explained in its summary judgment briefing, merely offering to share a file does not constitute copyright infringement. Grande's Mot. for Summary Judg. at 8 (ECF No. 140).

subscribers to operate on its network. To arrive at this artificially inflated number, Dr. Bardwell looks beyond the roughly 300,000 notices that arguably correspond to the copyrights at issue in this lawsuit and relies instead on *a million additional notices* that he admits do not pertain to asserted copyrights. Bardwell Report at 23 (ECF No. 210-2). The Court should preclude Dr. Bardwell from offering testimony based on these additional notices because his opinions are irrelevant to any issue in this case, are not based on any evidence, are not the result of any proper analytical methodology, and are therefore highly prejudicial and unreliable.

First and foremost, the Court should exclude Dr. Bardwell's proposed testimony because allegations involving third parties and non-asserted copyrights are irrelevant. Plaintiffs cannot recover for alleged infringement of copyrights they do not own and/or did not assert.

Second, these opinions are inadmissible because Dr. Bardwell did not investigate—in any way—whether the additional one million notices he relies on are legitimate. He does not know, for example, (1) whether they relate to copyrighted works, (2) whether the notices were sent by the owner of those works, or (3) whether the files that Rightscorp allegedly "detected" and used to generate the notices *are actually copies of any registered copyrighted work. See, e.g.*, Bardwell Depo. Tr. at *Id.* at 46:15-47:10, 57:22-58:6 (ECF No. 210-4). Testimony that is not based on evidence and that is not grounded in a proper analytical methodology is unreliable and inadmissible. *See, e.g. Hathaway v. Bazany,* 507 F.3d 312, 318-19 (5th Cir. 2007) (affirming exclusion of testimony where there was no "specific factual support for the reliability of [the expert's] initial assumptions"). Plaintiffs do not attempt to address this issue in their Response.

Plaintiffs argue that Dr. Bardwell should be permitted to offer the challenged testimony because "a central issue in this case is whether Grande had knowledge of infringement on its network." *See* Response at 8. Setting aside the fact that Dr. Bardwell's opinions are not

grounded in facts or a proper methodology, Plaintiffs are also incorrect on the law. At most, a question the factfinder may need to consider is whether Grande had knowledge of *specific instances of direct infringement regarding the asserted copyrighted works*. *BMG Rights Mgmt.*, 881 F.3d at 310 (citation omitted). Dr. Bardwell's proposed testimony—even if it were reliable—does not bear on this issue.

Plaintiffs also suggest that Dr. Bardwell's testimony is relevant to Grande's safe harbor defense. *See* Response at 8. Plaintiffs' argument should be rejected because, once again, Dr. Bardwell has not performed any analysis from which he could meaningfully opine that the million notices he relies on are evidence of infringement, let alone *repeat* infringement. He admitted that he has never conducted any analysis into what is required to establish copyright infringement and that the question of what constitutes repeat copyright infringement is "outside [his] expertise." Bardwell Dep. Tr. at 60:10-13; 79:16-22. Under these circumstances, Plaintiffs are simply wrong to suggest that Dr. Bardwell can provide meaningful testimony "about the large number of repeat infringers on Grande's network." *See* Response at 8.

**III.     Opinions Regarding Internet and Computer Technology Should be Excluded**

Plaintiffs argue that Dr. Bardwell should be permitted to offer *expert testimony* regarding, and based on his understanding of, computer networking, Internet communications, the operation of the Rightscorp system, and peer-to-peer protocols like BitTorrent. *See* Response at 9 ("Dr. Bardwell analyzes the patterns in Rightscorp's data, including IP addresses and files shared using BitTorrent, to identify repeat infringement."). Yet, Dr. Bardwell flatly admitted in his deposition that he lacks any experience or expert qualification in those fields. Bardwell Depo. Tr. 8:8-14; 13:4-6; 33:2-5; 50:24-51:2; 76:11-17; 91:2-8; 93:17-20. Because Dr. Bardwell is not an expert in those fields, he cannot offer expert testimony on those topics or that relies on those topics.

4

It is axiomatic that an expert can only offer testimony that is based on his specific knowledge and expertise. Dr. Bardwell is a statistician, yet he seeks to offer opinions regarding highly-complex technologies in which he admits he lacks any training, education or experience. It is wholly improper for Dr. Bardwell to offer testimony on the operation of the Internet, BitTorrent protocols, and the Rightscorp system—or to offer opinions on "repeat infringement" that are derived from the foregoing technologies—because he flatly admits he has no experience or training in those areas. This approach constitutes nothing more than an attempt to pass off layman testimony as an expert opinion.

### IV.     Opinions Should be Limited to Those Expressed in his Report

Dr. Bardwell's reports are devoid of any reference to evidence that Rightscorp downloaded files from Grande's subscribers—those downloaded files do not even appear in the list of materials he reviewed when rendering his opinions.[4] Yet, in deposition he indicated for the first time that he intends to rely on those downloaded files as evidence supporting his opinions at trial. Bardwell Dep. Tr. at 80:23-83:13 (ECF No. 210-4). Because Dr. Bardwell failed to identify or address that evidence in his reports, he should be precluded from relying on that evidence at trial. See Fed. R. Civ. P. 26(a)(2)(B) (expert report must contain "a complete statement of all opinions the witness will express and the basis and reasons for them").

### CONCLUSION

For the foregoing reasons, the Court should grant Grande's Motion and exclude the proposed expert testimony of Robert A. Bardwell.

---

[4] Plaintiffs concede that the opinions expressed in Dr. Bardwell's reports do not rely on any downloaded files. *See* Report at 9.

5

Dated:  November 7, 2018

By: /s/ Richard Brophy
Richard L. Brophy
Zachary C. Howenstine
Margaret R. Szewczyk
Armstrong Teasdale LLP
7700 Forsyth Blvd., Suite 1800
St. Louis, Missouri 63105
Telephone:  314.621.5070
Fax:  314.621.5065
rbrophy@armstrongteasdale.com
zhowenstine@armstrongteasdale.com
mszewczyk@armstrongteasdale.com

J. Stephen Ravel
Texas State Bar No. 16584975
J.R. Johnson
Texas State Bar No. 24070000
Diana L. Nichols
Texas State Bar No. 00784682
KELLY HART & HALLMAN LLP
303 Colorado, Suite 2000
Austin, Texas 78701
Telephone: 512.495.6429
Fax: 512.495.6401
Email: steve.ravel@kellyhart.com
         jr.johnson@kellyhart.com
         diana.nichols@kellyhart.com

Attorneys for Defendant GRANDE
COMMUNICATIONS NETWORKS LLC

**CERTIFICATE OF SERVICE**

The undersigned certifies that on November 7, 2018, the foregoing was served via email to the recipients listed below.

Pat A. Cipollone, P.C. (pro hac vice)
Jonathan E. Missner (pro hac vice)
Robert B. Gilmore (pro hac vice)
Philip J. O'Beirne (pro hac vice)
**Stein Mitchell Cipollone Beato & Missner LLP**
1100 Connecticut Avenue, NW Suite 1100
Washington DC 20036
Telephone: 202.737.777
Facsimile: 202.296.8312
pcipollone@steinmitchell.com
jmissner@steinmitchell.com
rgilmore@steinmitchell.com
pobeirne@steinmitchell.com

Attorneys for Plaintiffs

/s/ Richard Brophy