**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | |
|---|---|
| UMG RECORDINGS, INC., et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) No. 1:17-cv-00365-DAE-AWA |
| | ) |
| GRANDE COMMUNICATIONS NETWORKS LLC, | ) |
| | ) |
| Defendant. | ) |

**DEFENDANT GRANDE COMMUNICATIONS NETWORKS LLC'S**
**MOTION TO EXCLUDE PROPOSED EXERT TESTIMONY**
**OF DR. TERRENCE P. MCGARTY**

Pursuant to Federal Rule of Evidence 702, Defendant Grande Communications Networks, LLC ("Grande") moves to exclude the proposed expert testimony of Dr. Terrence McGarty. In *BMG Rights Management (US) LLC v. Cox Communications, Inc.*, the district court excluded Dr. McGarty's proposed expert testimony on the very same issues he intends to address in this case.[1]

The vast majority of Dr. McGarty's proposed expert testimony is merely a summary of evidence regarding Grande's policies and procedures for responding to notices of alleged copyright infringement. Such a factual narrative is improper expert testimony as it is not based on any "scientific, technical, or specialized knowledge."[2] Indeed, Dr. McGarty admits that he lacks any relevant qualifications in the field of his proposed testimony. Furthermore, like certain of Plaintiffs' other experts, Dr. McGarty's proposed testimony is based on unsupported assumptions and includes inadmissible legal conclusions regarding what constitutes copyright infringement.

In his expert report, Dr. McGarty also purported to offer expert testimony regarding BitTorrent and networking technologies. In his deposition, however, Dr. McGarty conceded that he does not intend to offer this proposed testimony at trial. In any event, it is readily apparent

---

[1] *See* Order at 1, *BMG Rights Mgmt. (US) LLC v. Cox Comm'cns, Inc.*, No. 1:14-cv-1611 (E.D. Va. Nov. 25, 2015) (ECF No. 691). After Dr. McGarty's expert testimony was excluded, Cox did not object at trial to Dr. McGarty offering rebuttal testimony regarding the effectiveness of Cox's "graduated response system" for dealing with DMCA notices. *BMG Rights Mgmt. (US) LLC v. Cox Commc'ns, Inc.*, 199 F. Supp. 3d 958, 990 & n.27 (E.D. Va. 2016), *aff'd in part & rev'd in part*, 881 F.3d 293 (4th Cir. 2018).

Dr. McGarty's opinions have been excluded on at least one other occasion as well. *See Arzoomanian v. British Telecomms, PLC*, No. 2:03-cv-00374, 2007 WL 132983, at *1, 16 (D.N.J. Jan. 12, 2007) (excluding Dr. McGarty's proposed testimony because it was "contrary to the facts of the case").

[2] *See* Fed. R. Evid. 702.

that this testimony is inadmissible for a number of reasons, including Dr. McGarty's admitted lack of knowledge regarding BitTorrent and the irrelevance of his discussion of networking technologies.

For these reasons, as discussed in detail below, the Court should exclude Dr. McGarty's proposed expert testimony under Rule 702.

## LEGAL STANDARD

*Daubert v. Merrell Dow Pharmaceuticals, Inc.* provides the analytical framework for determining whether expert testimony is admissible under Federal Rule of Evidence 702.  509 U.S. 579, 597 (1993).  In *Daubert*, the Supreme Court emphasized that district courts are assigned a "gatekeeping role" with respect to the admissibility of expert testimony.  *Daubert* thus entrusts the district court with "the task of ensuring that an expert's testimony both rests on a reliable foundation and is relevant to the task at hand."  509 U.S. at 597.  For expert testimony to be reliable, it must (1) be "based on sufficient facts or data," (2) be "the product of reliable principles and methods," and (3) have "reliably applied the principles and methods to the facts of the case."  Fed. R. Evid. 702.  For expert testimony to be relevant, it must "assist the trier of fact to understand the evidence or to determine a fact in issue."  *Daubert*, 509 U.S. at 591 (quoting Fed. R. Evid. 702).

## ARGUMENT

**I.   THE COURT SHOULD PRECLUDE DR. MCGARTY FROM OFFERING OPINIONS REGARDING GRANDE'S POLICIES AND PROCEDURES FOR ADDRESSING NOTICES OF ALLEGED COPYRIGHT INFRINGEMENT**

**A.   Dr. McGarty's "Opinions" Are an Improper Factual Narrative.**

The lion's share of Dr. McGarty's proposed "expert" testimony is nothing more than a factual narrative summarizing certain evidence.  Sections VII and VIII of his expert report

2

simply recite Plaintiffs' version of this evidence—evidence of which Dr. McGarty has no first-hand knowledge.  *See* McGarty Report, ¶¶ 39-59 (Ex. 1).  Dr. McGarty offers no expert analysis or opinion whatsoever; he simply regurgitates evidence regarding Grande's policies and procedures for receiving and responding to notices of alleged copyright infringement by Grande's subscribers.  *See id.*

This fact narrative is not proper expert testimony because it is not directed to "scientific, technical, or specialized knowledge."  *See* Fed. R. Evid.702.  Courts regularly bar experts from testifying in this manner.  *See, e .g.*, *Robroy Industries-Texas, LLC v. Thomas & Betts Corp*., No. 2:15-cv-00512-WCB, 2017 WL 1319553, at *9 (E.D. Tex. Apr. 10, 2017) ("The danger of allowing an expert to simply summarize evidence provided to the expert by the party that retained him is, of course, that the expert will become a vehicle through whom the party can summarize its case for the jury, with the imprimatur of the expert's asserted 'expertise.'"); *Tardif v. City of New York*, No. 1:13-cv-04056-KMW-KNF, 2018 WL 4735707, at *13 (S.D.N.Y. Oct. 1, 2018) ("Because factual narrative from an expert is unnecessary, and Dr. Goldman has no personal knowledge of the underlying facts, Dr. Goldman may not offer the testimony contained in pages 2–5 of his report."); *In re Rezulin Prod. Liab. Litig*., 309 F.Supp.2d 531, 551 (S.D.N.Y. 2004) (precluding expert testimony that consisted of a "narrative of the case which a juror is equally capable of constructing"); *see also Salas v. Carpenter*, 980 F.2d 299, 305 (5th Cir. 1992) ("[T]he trial judge ought to insist that a proffered expert bring to the jury more than the lawyers can offer in argument.").

The Court should therefore preclude Dr. McGarty from presenting the proposed expert testimony set forth in Sections VII and VIII of his Report because Plaintiffs are impermissibly attempting to use Dr. McGarty as a vehicle for presenting a factual narrative.  As noted, the *Cox*

court properly precluded Dr. McGarty from offering this sort of testimony under the guise of expert analysis. The Court should do the same here.

### B. The Court Should Preclude Dr. McGarty from Offering "Expert" Testimony regarding Grande's Enforcement of Its DMCA Policies.

The purpose of Dr. McGarty's factual narrative is to suggest that Grande insufficiently implemented its own copyright infringement policies, and is therefore unable to satisfy the safe harbor requirements of the Digital Millennium Copyright Act ("DMCA"). Specifically, Dr. McGarty intends to testify that a failure to terminate more subscribers indicates that Grande failed to enforce its DMCA or "Acceptable Use" policies. *See, e.g.*, McGarty Report, ¶ 54 (Ex. 1). Whether Grande did or did not enforce its own policies plainly is not a subject that calls for expert analysis or opinion. Courts consistently hold that this sort of factual summary is an improper use of expert testimony. *See, e.g.*, *Robroy*, 2017 WL 1319553, at *9 (allowing a witness, "under the guise of expert testimony, to in effect become the mouthpieces of the witnesses on whose statements or opinions the expert purports to base his opinion" is a violation of Rule 703) (collecting cases).

The Court should also preclude Dr. McGarty from offering this testimony to the jury because he is not qualified to testify about DMCA policies and procedures. Dr. McGarty does not have any first-hand experience with DMCA policies and procedures. In his deposition, Dr. McGarty admitted that he is not an expert on the DMCA. *See* McGarty Dep. Tr. at 26:12-20[3] (Ex. 2) ("A: ... My reading of the DMCA is as a lay person"). He also admitted to not having any industry knowledge on DMCA standards, information about other DMCA policies, or any experience with how an ISP should respond to allegations of copyright infringement directed to

---

[3] These citations refer to the rough transcript of Dr McGarty's deposition due to an unexpected delay in receiving the final transcript.

4

subscribers. *Id*. at 5:24-7:16; 64:13-66:8; 77:15-78:6. Without any background or expertise with the DMCA, Dr. McGarty's testimony is inadmissible because it is not based on any "specialized knowledge."[4]

In addition to Dr. McGarty's lack of experience with the DMCA, his opinions should also be excluded because they constitute impermissible legal conclusions. Dr. McGarty's proposed testimony bears on whether Grande "reasonably implemented" a policy for terminating repeat copyright infringers under the DMCA safe harbor. *See* 17 U.S.C. § 512(i)(1)(A); *see also* McGarty Dep. Tr. at 48:20-24; 49:11-20; 59:19-60:9; 62:3-13; 63:6-20; 65:10-66:8 (Ex. 2). Courts consistently hold that experts may not opine on "reasonableness" under the law. *See, e.g.*, *Estate of Sowell v. United States*, 198 F.3d 169, 171-72 (5th Cir. 1999) (excluding expert testimony regarding whether the Estate "acted reasonably" as this testimony was inadmissible legal opinion).

Thus, separate and apart from Dr. McGarty's inability to offer anything beyond a factual narrative, he should not be permitted to testify as an expert about Grande's DMCA policies or procedures because (1) he lacks the requisite qualifications or experience; and (2) any such testimony constitutes an inadmissible legal conclusion.

### C. The Court Should Preclude Dr. McGarty from Offering Opinions on the Validity of Rightscorp's Notices.

Dr. McGarty's testimony is intended to suggest that Grande's failure to terminate subscribers based on Rightscorp's notices indicates that Grande failed to enforce its DMCA

---

[4] Dr. McGarty also admitted that he has no knowledge or opinion whatsoever regarding what Grande should have done with respect to its DMCA policy. *Id.* at 66:5-8 ("A: All I can say is that from an implementation point of view and a communication point of view you've got to do something. What that something is, I'm not opining on."); *see also id*. at 48:3-5 ("That is a policy that Grande itself would have to establish in regards to what represents repeat [infringement]. I'm not doing that.").

5

policies. *See, e.g.*, McGarty Report, ¶ 13 (Ex. 1). However, Dr. McGarty admitted that he has <u>no knowledge</u> of whether Rightscorp's notices actually reflect or document instances of copyright infringement. *See* McGarty Dep. Tr. at 60:4-5 ("I have no knowledge of Rightscorp and its capabilities to capture [infringing conduct].") (Ex. 2); *see also id*. at 62:18-23 ("All I can say is that I'm making the assumption, predicating it on what arrives at that email server has to be acted upon. As to the accuracy, validity, veracity of the Rightscorp notices in and of itself I cannot make an opinion.").

Dr. McGarty has not performed any analysis of Rightscorp's notices and has no idea if they represent actual instances of infringement, yet his proposed expert testimony is based on the assumption that they are accurate. *Id.* at 61:17-19 ("I'm not making any statement with regards to the completeness of Rightscorp's notices other than the fact that they arrived in the mailbox of Grande."); *see also id.* at 27:19-20 ("It is not my intent to offer any comments on the sufficiency of Rightscorp's notices in any way.").[5] Expert testimony based on unsupported assumptions is routinely excluded. *See, e.g.*, *Jacked Up, LLC v. Sara Lee Corp.*, 291 F. Supp. 3d 295, 810 (N.D. Tex. 2018) (excluding testimony based on assumptions that lacked any evidentiary basis).

In short, the testimony Dr. McGarty intends to offer regarding Grande's failure to implement its DMCA policies, based on its alleged failure to terminate subscribers based on Rightscorp's notices, is unreliable and accounts to nothing more than inadmissible *ipse dixit* testimony. "[N]othing in either Daubert or the Federal Rules of Evidence requires a district court to admit opinion evidence that is connected to existing data only by the *ipse dixit* of the expert."

---

[5] *See also id*. at 17:23-18:3 ("A: I am assuming that the notices are coming in which are submitted under subject to perjury punishment, et cetera, et cetera, have a certain level of validity that they have to be acted upon. Then they go in the system and you now have to do something."); *see also id*. at 74: 12-75:17 (noting that he takes the notices of alleged copyright infringement at "face value").

*John*son *v. Arkema, Inc.*, 685 F.3d 452, 467 (5th Cir. 2012) (citation omitted).  The Court should therefore exclude Dr. McGarty's opinions because they are unsupported and unreliable, and will only serve to confuse or mislead the jury.

> **D.    The Court Should Preclude Dr. McGarty from Offering Legal Conclusions regarding "Infringement."**

Throughout his report, Dr. McGarty provides proposed expert testimony relating to Grande's receipt of notices of "infringement" and "repeat infringement," and Grande's actions with respect to "infringers" and "repeat infringers."  *See, e.g.*, McGarty Report, ¶¶ 13-14. 16, 41-43, 47-48, 51, 53-57, 59 (Ex. 1).  This proposed testimony is inadmissible because Dr. McGarty is offering legal conclusions under the guise of expert analysis.

As explained in Section I.C, Dr. McGarty equates Rightscorp notices to actual infringement, without any underlying analysis regarding the accuracy of those notices.  *See also* McGarty Dep. Tr. at 18:8-18 ("I'm not here opining in any way, shape or form on the Rightscorp notices.  I make an assumption that the notice comes.  As to the completeness of the notice, other than meeting the statutory requirements, that's as far as I think I can go . . . as to what happens before that notice arrives at the mail server of Grande, I'm not opining on that at all.") (Ex. 2).  What constitutes copyright infringement is a legal question to be determined by the Court.  An expert witness is not permitted to opine on applicable legal standards, which is exactly what Dr. McGarty does by equating notices with "infringement."  *See, e.g.*, *Askanase v. Fatjo*, 130 F.3d 657, 672-73 (5th Cir. 1997); *Morris v. Equifax Information Servs., LLC*, No. 4:04-cv-00423, 2005 WL 5976334, at *6 (S.D. Tex. Jan. 19, 2005) ("Morris's proposed expert testimony is improper because it expresses a legal opinion and usurps the Court's role in instructing the jury on the law."); *Owen v. Kerr-McGee Corp.*, 698 F.2d 236, 240 (5th Cir. 1983) ("Allowing an expert to give his opinion on the legal conclusions to be drawn from the evidence both invades

the court's province and is irrelevant.").

Dr. McGarty also intends to offer opinions regarding the status of various Grande subscribers as "repeat infringers." *See, e.g.*, McGarty Report, ¶¶ 13-14, 16, 56-57, 59 (Ex. 1). The definition and existence of "repeat infringers" relates to Grande's safe harbor defense under the DMCA. *See* 17 U.S.C. § 512(a), (i)(1)(A). It is the Court's role to instruct the jury on the meaning of "repeat infringement," not Dr. McGarty's. *See In re Settoon Towing, L.L.C.*, 859 F.3d 340, 345 (5th Cir. 2017) ("[The court's] task is to discern the meaning of a statute."); *Washington v. City of Waldo, Florida*, No. 1:15-cv-00073, 2016 WL 3545909, at *4 (N.D. Fl. Mar. 1, 2016) ("Expert testimony is also not helpful, and indeed potentially confusing for the jury, when it purports to articulate the requirements of the law, especially when those requirements differ from the actual requirements set forth in binding legal authorities.").

Based on the foregoing, the Court should exclude Dr. McGarty's opinions on "infringement," "infringers," and "repeat infringement" because that testimony invades the province of the Court, is unreliable opinion testimony, and would only serve to confuse or mislead the jury.

### E.  The Court Should Preclude Dr. McGarty from Offering Opinions on Grande's State of Mind.

In Section VIII of Dr. McGarty's report, he opines that Grande "deliberately refused" to enforce its Acceptable Use Policy. *See* McGarty Report, ¶ 54-59 (Ex. 1). In his deposition, Dr. McGarty confirmed that he intends to offer an assessment of Grande's state of mind. *See* McGarty Dep. Tr. at 53:17-54:1 (A: ... Now, we could argue over the term deliberate, but they just didn't want to do anything, and they made a deliberate decision not to do anything. Q: And that's based on your review of the evidence in this case. A: My review of the evidence.) (Ex. 2).

Opinions regarding a party's state of mind are consistently excluded as improper expert

8

testimony.  *See, e.g.*, *Tyree v. Boston Sci. Corp.*, 54 F. Supp. 3d 501, 564 (S.D.W. Va. 2014), as amended (Oct. 29, 2014) ("[T]he defendant's knowledge, state of mind, alleged bad acts, failures to act, or other matters related to corporate conduct and ethics are not appropriate subjects of expert testimony because opinions on these matters will not assist the jury."); *In re Rezulin Prods. Liab. Litig.*, 309 F.Supp.2d 531, 546 (S.D.N.Y. 2004) ("Inferences about the intent or motive of parties or others lie outside the bounds of expert testimony."); *Kidder v. Peabody & Co. v. IAG Int'l Acceptance Grp., N.V.*, 14 F.Supp.2d 391, 404 (S.D.N.Y. 1998) ("The reasonableness of conduct and a party's then-existing state of mind are the sort of questions that lay jurors have been answering without expert assistance from time immemorial.").

The Court should therefore preclude Dr. McGarty from offering opinions on Grande's state of mind because it is not a permissible subject of expert testimony.

## II. THE COURT SHOULD PRECLUDE DR. MCGARTY FROM OFFERING EXPERT TESTIMONY ON BITTORRENT AND NETWORKING TECHNOLOGY

### A. Dr. McGarty Does Not Have the Requisite Education or Expertise in BitTorrent Technology.

Section VI of Dr. McGarty's report contains discussion of how BitTorrent functions.  *See* McGarty Report, ¶¶ 35-38 (Ex. 1).  In deposition, however, Dr. McGarty disclaimed any intention to provide expert testimony on this subject.  McGarty Dep. Tr. at 20:11-21:18; 43:16-21 (Ex. 2).  His proposed testimony should therefore be excluded for this reason alone.

Furthermore, Dr. McGarty does not have any education or experience relating to BitTorrent.  *See id*. at 19:11-20:10; *see also* McGarty Report, Attachment 1 (Ex. 1).  Indeed, Dr. McGarty admitted that he has never even used BitTorrent.  McGarty Dep. Tr. at 19:11-12 (Ex. 2).  Because he lacks any relevant education or experience, Dr. McGarty should not be permitted to offer expert testimony on BitTorrent.  *See, e.g.*, *Marsteller v. Stanley Works*, No. 1:09-cv-

00473-LY, 2010 WL 11571038, at *2 (W.D. Tex. Aug. 26, 2010) (granting motion to exclude "highly credentialed" engineer from testifying about pneumatic nail guns because "he [did] not have sufficient qualifications by training or experience" in that particular area.).

### B. Dr. McGarty's Proposed Testimony Relating to Networking Technologies Is Not Relevant to Any Fact in Dispute.

Section V of Dr. McGarty's report relates to "cable television systems, internet architectures and network operations." *See* McGarty Report, ¶¶ 17-34 (Ex. 1). As with his discussion of BitTorrent, Dr. McGarty has disclaimed any intention to offer this testimony at trial, except to the extent it might provide necessary context for his other proposed testimony. McGarty Dep. Tr. at 66:22-24 ("Q: Do you intend to offer testimony at trial on these subjects? A: No."), 69:17-71:25 (Ex. 2). Dr. McGarty's proposed testimony on these subjects should therefore be excluded for the reasons discussed above. *See also id.* at 66:17-21 (admitting that Section V is merely "a recitation of facts").

Dr. McGarty's proffered testimony regarding cable systems and networks also would not help the jury in understanding the evidence or determining any fact in issue. *See* Fed. R. Evid. 702. Grande is not aware of any disputed issue to which this testimony may be relevant. The Court should therefore exclude the opinions set forth in Section V of Dr. McGarty's report as irrelevant, unhelpful, and confusing to the jury.

### **CONCLUSION**

For the foregoing reasons, the Court should grant Grande's Motion and exclude the proposed expert testimony of Dr. Terrence McGarty.

Dated: November 15, 2018

By: /s/ *Zachary C. Howenstine*
Richard L. Brophy
Zachary C. Howenstine
Margaret R. Szewczyk
ARMSTRONG TEASDALE LLP
7700 Forsyth Blvd., Suite 1800
St. Louis, Missouri 63105
Telephone:  314.621.5070
Fax:  314.621.5065
rbrophy@armstrongteasdale.com
zhowenstine@armstrongteasdale.com
mszewczyk@armstrongteasdale.com

J. Stephen Ravel
Texas State Bar No. 16584975
J.R. Johnson
Texas State Bar No. 24070000
Diana L. Nichols
Texas State Bar No. 00784682
KELLY HART & HALLMAN LLP
303 Colorado, Suite 2000
Austin, Texas 78701
Telephone: 512.495.6429
Fax: 512.495.6401
Email: steve.ravel@kellyhart.com
           jr.johnson@kellyhart.com
           diana.nichols@kellyhart.com

Attorneys for Defendant GRANDE
COMMUNICATIONS NETWORKS LLC

**CERTIFICATE OF SERVICE**

The undersigned certifies that on November 15, 2018, all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system pursuant to Local Rule CV-5(b)(1).

/s/ *Zachary C. Howenstine*
Zachary C. Howenstine