**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | |
|---|---|
| UMG RECORDINGS, INC., et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | )   No. 1:17-cv-00365-DAE-AWA |
| | ) |
| GRANDE COMMUNICATIONS NETWORKS LLC, | ) |
| | ) |
| Defendant. | ) |

**DEFENDANT GRANDE COMMUNICATIONS NETWORKS LLC'S**
**REPLY IN SUPPORT OF MOTION TO EXCLUDE PROPOSED**
**EXERT TESTIMONY OF BARBARA FREDERIKSEN-CROSS**

Ms. Frederiksen-Cross should not be permitted to offer testimony to the jury that is unreliable, unsupported, and *ipse dixit* in nature. Her expert opinions are just that. Specifically, Ms. Frederiksen-Cross should be excluded from testifying about: (1) the accuracy of the Rightscorp software, (2) the accuracy of the Rightscorp notices, (3) the ultimate issue of "infringement," (4) the operation of BitTorrent clients, and (5) the "new" opinions in her rebuttal report. All of these topics represent improper, unreliable, and unsupported opinions that are highly prejudicial to Grande and will not assist the trier of fact in understanding the evidence or determining any disputed fact.

> **I.   Ms. Frederiksen-Cross's Opinions Related to the Accuracy of the Rightscorp System Should be Excluded**

In their response Plaintiffs concede that Ms. Frederiksen-Cross's report contains inaccuracies and oversights. *See* Pltfs. Resp. at 5-6. However, Plaintiffs gloss over these issues, characterizing them as "minor ... typographical errors." *Id*. In reality, Ms. Frederiksen-Cross's report contains significant flaws that depict an inaccurate understanding of the Rightscorp system and its operations during the relevant time period. *See* Mot. to Exclude at 2-5.

Plaintiffs argue that Ms. Frederiksen-Cross's opinions are proper because she "grounds her well-founded opinions on abundant factual support ... appl[ying] her significant technical expertise to independently confirm that Rightscorp software operates as its personnel, including Mr. Boswell, has explained." Pltfs. Resp. at 4. This argument is demonstrably incorrect. As pointed out in Grande's opening motion, Ms. Frederiksen-Cross **was not** able to confirm that the Rightscorp system operated in the way Mr. Boswell claimed it did with any of the materials she was provided. *See* Mot. to Exclude at 2-5; *see also* F-C Dep. Tr. at 77:21-78:9 ("Q: Did you or someone on your team review the actual 2018 source code to determine whether or not Test5.java was being run in 2018 as part of the Rightscorp system? A: *I think I told you that's*

1

*not usually discernible from the materials that were available to us*.  We could identify that there was a new version in the program and *based on our conversations of what Mr. Boswell believed that to be the correct version*.  And then as it turns out, *he provided different information during his deposition* . . . .") (emphasis added) (ECF No. 215-2).[1]  Unlike the *Wealthmark* case that Plaintiffs cite, Ms. Frederiksen-Cross does not base her analysis on *any facts*—instead her entire expert opinion on this issue is based on the unverifiable word of Mr. Boswell.

It is also clear, based on her deposition testimony, that Ms. Frederiksen-Cross is incapable of determining how the Rightscorp system actually operated at any given time.  Plaintiffs suggest that this is not an issue because Ms. Frederiksen-Cross believes that "differences with [the source code] are pretty trivial and insubstantial."  Pltfs. Resp. at 6.  However, that belief is necessarily based on speculation and assumptions because she did not have access to the source code necessary to develop a valid opinion on that topic.  *See id*. at 208:18-209:25 ("Q: *Can you tell me with certainty how Rightscorp processed bit fields in 2017*, with certainty?  A:  I would want to see the code from 2017.  Q:  You haven't seen that code.  Correct?  A:  *I have not been provided that code*. . . .") (emphasis added).  Moreover, even with the source code she did review, Ms. Frederiksen-Cross could not discern how the Rightscorp system functioned with certainty.  *See id.* at 215:3-8 ("Q:  Is your discussion of SampleIt3 in this Expert Report accurate?  A:  No.").

Therefore, the testimony she intends to offer regarding the "accuracy" of the system is

---

[1] *See also id.* at 195:3-9 ("Q: The only way that we know for sure is to test Mr. Boswell's memory.  Right?  A: With respect to code where multiple functions – multiple copies of code do the same function.  And to know which of those was being used at a particular period of time, *one would have to seek guidance from Mr. Boswell*.") (emphasis added).

unreliable and nothing more than inadmissible *ipse dixit* testimony.[2]

## II. Ms. Frederiksen-Cross's Opinions Related to the Accuracy of the Rightscorp Notices Should be Excluded

According to Plaintiffs, "the purpose of Frederiksen-Cross's testimony is to confirm whether Rightscorp's data is accurate." Pltfs. Resp. at 2-3. However, Plaintiffs admit that analysis of the data underlying Rightscorp's notices "is not within the scope of her engagement or testimony." Pltfs. Resp. at 7. Moreover, Ms. Frederiksen-Cross admitted that she has not independently verified the information contained in Rightscorp notices. *See, e.g.*, F-C Dep. Tr. at 169:5-23; 137:21-138:1; 210:1-4; 213:11-16 (ECF No. 215-2).

Because Ms. Frederiksen-Cross has not analyzed the validity of the information reflected in the Rightscorp notices, any opinions she may offer regarding the "accuracy" of the Rightscorp notices would be unreliable *ipse dixit* testimony not tethered to any record evidence in the case. *See Jacked Up,* 291 F. Supp. 3d at 807 ("[N]othing in either *Daubert* or the Federal Rules of Evidence requires a district court to admit opinion evidence which is connected to existing data only by the *ipse dixit* of the expert."). The Court should preclude Ms. Frederiksen-Cross from offering testimony on the accuracy of Rightscorp notices because her opinions are not based on any evidence and are not the result of any proper analytical methodology. Therefore, they are unreliable and highly prejudicial.

## III. Ms. Frederiksen-Cross's Opinions Related to Legal Terms and Conclusions Should be Excluded

Plaintiffs argue that because the court in *Cox* allowed similar testimony from

---

[2] *See, e.g., John*son *v. Arkema, Inc.*, 685 F.3d 452, 467 (5th Cir. 2012); *see also Jacked Up, LLC v. Sara Lee Corp.*, 291 F. Supp. 3d 795, 806-10 (N.D. Tex. 2018), aff'd, No. 3:11-cv-3296, 2018 WL 2064126 (N.D. Tex. May 2, 2018) (excluding testimony based on assumptions that lacked an evidentiary basis).

Ms. Frederiksen-Cross regarding "infringement," so too should this Court. *See* Resp. at 7-9. However, the Fourth Circuit's determination that admission of Ms. Frederiksen-Cross's testimony did not rise to the level of an abuse of discretion does not suggest that allowing it is appropriate for this trial. As Plaintiffs point out in their response, Ms. Frederiksen-Cross's use of the term "infringement" is solely based on what Rightscorp determines to be infringement. *See id*. at 7 ("she uses the term 'infringement' because Rightscorp's system uses that terminology"). Likewise, Rightscorp testified that its determination of repeat infringement is "a business variable" dictated by its clients. *See* Sabec Dep. Tr. at 61:17-24 (ECF No. 144-2). Such a casual use of the legal terms at the heart of this dispute is highly prejudicial, confusing, and non-probative.[3] It is wholly inappropriate for an expert to provide legal conclusions and, in any event, it is not necessary to her analysis. [4] Plaintiffs acknowledge as much in their response. *See* Resp. at 8-9 ("the straightforward remedy would be simply to instruct Frederiksen-Cross to use alternate terms where possible, and to instruct the jury, as the *Cox* court did, that her use of the term infringement is not determinative of the ultimate legal issue."). For these reasons, Ms. Frederiksen-Cross's proposed testimony on "infringement" and "repeat infringement" should be excluded.

### IV. Ms. Frederiksen-Cross's Opinions Related to BitTorrent Should be Excluded

Plaintiffs argue that Ms. Frederiksen-Cross's testimony related to BitTorrent is proper because "Grande has not identified any errors or misstatements." Resp. at 9. The appropriate

---

[3] *See, e.g., Albert Sidney Johnston Chapter v. Nirenberg*, No. 17-cv-1072-DAE, 2018 WL 5114150, at *4 (W.D. Tex. Oct. 18, 2018) ("experts are not permitted to render conclusions of law").

[4] *See, e.g., Owen v. Kerr-McGee Corp*., 698 F.2d 236, 240 (5th Cir. 1983) ("Allowing an expert to give his opinion on the legal conclusions to be drawn from the evidence both invades the court's province and is irrelevant").

4

standard for expert testimony is whether it is delivered by someone with appropriate experience and is based on sufficient facts and reliable principles.[5]  It is not possible to discern what Ms. Frederiksen-Cross bases her testimony on, much less whether it is sufficient and reliable, because her report fails to identify a single reference she relied on to understand BitTorrent. Likewise, her *curriculum vitae* is bereft of any relevant education or documented experience.

It is also not a sufficient basis to admit expert testimony just because it is "necessary background to understand her analysis," as Plaintiffs suggest.  Resp. at 9.  The *Nunn* case Plaintiffs rely on confirms that to opine on "background information," an expert must first have the experience and expertise.  Ms. Frederiksen-Cross does not have either.

### V.   Ms. Frederiksen-Cross's "Rebuttal" Report Should be Excluded

The opinions set forth in Ms. Frederiksen-Cross's rebuttal report are untimely, improper, and contradict the opinions expressed in her initial report.[6]  As a result, they should be excluded. Plaintiffs' arguments to the contrary are unpersuasive and, unsurprisingly, not supported by any case law.  Moreover, the Scheduling Order does not allow for sur-rebuttal reports, which provides an independent basis for exclusion.

### CONCLUSION

For the foregoing reasons, the Court should grant Grande's Motion and exclude the proposed expert testimony of Barbara Frederiksen-Cross.

---

[5] For expert testimony to be reliable, it must (1) be "based on sufficient facts or data," (2) be "the product of reliable principles and methods," and (3) have "reliably applied the principles and methods to the facts of the case."  Fed. R. Evid. 702.

[6] *See, e.g., In re High-Tech Employee Antitrust Litig.*, No. 5:11-cv-2509, 2014 WL 1351040, at *12 (N.D. Cal. Apr. 4, 2014) ("Plaintiffs will not be allowed to 'sandbag' Defendants with new analyses that should have been included at the very least in [its expert's] opening merits report.").

5

Dated: November 20, 2018

By: /s/ *Richard L. Brophy*

Richard L. Brophy
Zachary C. Howenstine
Margaret R. Szewczyk
ARMSTRONG TEASDALE LLP
7700 Forsyth Blvd., Suite 1800
St. Louis, Missouri 63105
Telephone:  314.621.5070
Fax:  314.621.5065
rbrophy@armstrongteasdale.com
zhowenstine@armstrongteasdale.com
mszewczyk@armstrongteasdale.com

J. Stephen Ravel
Texas State Bar No. 16584975
J.R. Johnson
Texas State Bar No. 24070000
Diana L. Nichols
Texas State Bar No. 00784682
KELLY HART & HALLMAN LLP
303 Colorado, Suite 2000
Austin, Texas 78701
Telephone: 512.495.6429
Fax: 512.495.6401
Email: steve.ravel@kellyhart.com
          jr.johnson@kellyhart.com
          diana.nichols@kellyhart.com

Attorneys for Defendant GRANDE
COMMUNICATIONS NETWORKS LLC

**CERTIFICATE OF SERVICE**

The undersigned certifies that on November 20, 2018, all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system pursuant to Local Rule CV-5(b)(1).

/s/ *Richard L. Brophy*
Richard L. Brophy