**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | |
|---|---|
| UMG RECORDINGS, INC., et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) |
| | ) No. 1:17-cv-00365-DAE-AWA |
| GRANDE COMMUNICATIONS NETWORKS LLC, | ) |
| | ) |
| Defendant. | ) |
| | ) |

**DEFENDANT GRANDE COMMUNICATIONS NETWORKS LLC'S**
**REPLY IN SUPPORT OF MOTION TO EXCLUDE PROPOSED**
**<u>EXPERT TESTIMONY OF DR. WILLIAM H. LEHR</u>**

Plaintiffs intend to use Dr. Lehr as a damages expert, yet Dr. Lehr himself admitted that he is unable to provide opinions on copyright infringement damages.[1]  His testimony will only serve to confuse and mislead the jury into considering the irrelevant and massively inflated numbers in his expert report.

Dr. Lehr's proposed opinions are not tethered to the facts or players in this dispute.  To arrive at the astronomical figures he intends to offer, Dr. Lehr considered alleged infringement of sound recordings, television programs, and movies not at issue in this case, including works not owned by Plaintiffs and allegations from monitoring services other than Rightscorp.  As a result, his "analysis" will not help the trier of fact to understand the evidence in this case or determine a fact in issue.  *See* Fed. R. Evid. 702.  Plaintiffs repeatedly point to his testimony in the *Cox* case, instead of offering cogent responses to these glaring defects.  However, Plaintiffs effectively ignore the fact that the majority of Dr. Lehr's opinions were excluded in *Cox*.[2]

Each of Dr. Lehr's opinions is irrelevant, unsupported, and/or addresses a subject matter area in which he lacks any qualifications or expertise.  For these reasons, the Court should preclude Dr. Lehr from opining on: (1) the value of Grande subscribers, (2) Grande's alleged incentives to allow infringement on its network, and (3) the economics of the music industry and general harms caused by media piracy, and (4) public policy.

**I.  Dr. Lehr Should Not Be Permitted to Opine on the "Lifetime Value" of Grande Subscribers**

Plaintiffs argue that Dr. Lehr's "lifetime value" calculations are proper because they are

---

[1] *See* Lehr Dep. Tr. at 17:22-23, 73:15-17, 198:3-10 (ECF No. 229-4).

[2] Plaintiffs repeatedly point to Dr. Lehr's trial testimony in *Cox*, but irrespective of whether isolated aspects of previously-excluded opinions ultimately snuck in at trial, the fact remains that the court assessed Dr. Lehr's opinions and excluded his testimony on most of the same issues he intends to address in this case.

1

based on Grande's own financial data.  This is beside the point—Grande does not dispute that Dr. Lehr relied on Grande's financial data; the problem is that he relies on data and reaches conclusions that have no bearing on the issues in this case.

Grande's revenues and profits are only relevant to the extent they are profits or revenues derived from the alleged infringement at issue.  *See* 17 U.S.C. § 504(b) (copyright owner may elect to seek "profits of the infringer that are attributable to the infringement"); *Barnstormers, Inc. v. Wing Walkers, LLC*, No. 3:10-cv-00261, 2011 WL 1671641, at *5 (W.D. Tex. May 3, 2011) (statutory damages factors).  Dr. Lehr's "lifetime value" calculations, in contrast, include revenues from services not at issue, such as cable television and telephone services.

Nevertheless, Plaintiffs argue that this testimony is proper because many Grande subscribers purchase "bundle" packages.  This argument is a red herring because the allegedly infringing activity at issue here only relates to use of Grande's Internet service.  Furthermore, Dr. Lehr cites no evidence—because there is none—demonstrating that Grande could not, if it wanted to, simply terminate Internet service for a given subscriber, while continuing to provide that subscriber with other services.  Plaintiffs also offer no evidence or authority for the illogical proposition that absent the alleged infringement, Grande would have derived *no revenues whatsoever* from the subscribers at issue.  Permitting Dr. Lehr to offer testimony regarding the entire "lifetime value" of a Grande subscriber, based on the complete set of services Grande might provide to that subscriber over the entire expected period of the relationship, would only mislead the jury regarding the actual damages issues in this case.

With respect to Dr. Lehr's "lifetime value" calculation based on the acquisition price paid for Grande in 2017, Plaintiffs offer no meaningful support for Dr. Lehr's purported analysis. Plaintiffs offer no authority permitting such evidence in support of a copyright infringement

claim—or any type of claim, for that matter.  Dr. Lehr also admitted in deposition that he has no knowledge of the nature of the transaction or how it was structured.  Lehr Dep. Tr. 124:7-21 (ECF No. 229-4).  Taking the acquisition price and dividing it by the total number of Grande's customers—without regard to what services those customers were purchasing, and without regard to the value of the assets actually included in the transaction—is simply a means of arriving at astronomical figures with no bearing on Plaintiffs' claims for copyright infringement damages.  The Court should exclude this unreliable and irrelevant opinion.

## II. Dr. Lehr Should Not Be Permitted to Opine on Grande's Alleged Incentives to Allow Infringement

Plaintiffs are flatly wrong to suggest that the *Cox* court ruled that Dr. Lehr could opine on the defendant's economic incentives to permit infringement.  Irrespective of what bits of testimony ultimately made their way into trial, the court expressly disallowed these opinions in its *Daubert* order.  *See* ECF No. 228-2 ("[Dr. Lehr] is not to opine on Cox's incentives to permit infringement or the economic benefit of infringement.").  Plaintiffs do not claim that the *Cox* court ever revisited its *Daubert* ruling.  In any event, in view of the issues and evidence in *this* case, Dr. Lehr's proposed testimony is irrelevant, unreliable, and will only confuse the jury.

Indeed, Plaintiffs concede that Dr. Lehr's opinions regarding Grande's alleged incentives to permit infringement include the value of <u>every</u> Grande subscriber that has <u>ever</u> been accused of <u>any</u> copyright infringement more than once.  Plaintiffs argue that this is proper because it represents the benefit to Grande in "continuing to service, and profit from, known repeat infringers."  *See* Resp. at 6.  Plaintiffs offer no authority that would permit them to introduce, as part of the statutory damages analysis, evidence of alleged infringement of copyrights not at issue in this case, including copyrights not even owned by Plaintiffs.

Furthermore, the evidence Dr. Lehr relies on—Grande's letters to customers regarding

3

notices of alleged infringement—includes allegations generated by detection systems other than Rightscorp.³ There is simply no evidence in this case that permits Dr. Lehr to characterize these allegations as "infringements," and the lack of any such evidence makes it impossible for Grande to counter Dr. Lehr's unsupported assertions. For instance, there is no evidence that any of these notices pertain to valid, registered copyrights, and no evidence of how any non-Rightscorp notices were generated. This irrelevant and unsupported testimony is simply another means of presenting the jury with huge dollar figures that are unconnected to the alleged infringement at issue in this case.

Finally, Plaintiffs argue that Dr. Lehr's opinions on "infringement" and "repeat infringement" are proper because he defines those terms "through objective criteria from Grande's data." Resp. at 7. It is unclear what "objective criteria" Plaintiffs are referring to, but regardless, any definition of infringement that Dr. Lehr comes up with is an improper legal conclusion. The fact that Grande forwarded notices of alleged infringement to subscribers in no way supports Dr. Lehr's proposed testimony that every such notice represents "infringement." As with Plaintiffs' other experts, Dr. Lehr's proposed testimony regarding what constitutes "infringement" is highly prejudicial and should be excluded.

### III. Dr. Lehr Should Not Be Permitted to Opine on Topics Outside his Expertise and Untethered to the Facts of this Case

Plaintiffs argue that Dr. Lehr's testimony about the music industry and piracy in general is relevant because "information about the industry generally is in fact information about the Plaintiffs." Resp. at 8. Neither Plaintiffs nor Dr. Lehr cites any support for that notion, but the

---

³ As such, Plaintiffs are simply wrong to suggest that Dr. Lehr's testimony in *Cox* is comparable because it was "based on data from the same infringement detection company (Rightscorp)." Resp. at 7. Here, Dr. Lehr considers notices sent to Grande by other parties, about which he admits to having no knowledge. Lehr Dep. Tr. 139:20-141:20 (ECF No. 229-4).

4

claim is misleading in any event because not all works owned by Plaintiffs are at issue in this lawsuit.  Dr. Lehr does not relate his proposed testimony to any of the copyrights at issue in this case or to any of the Plaintiffs in this case.  *See, e.g.*, Lehr Report, ¶¶ 15-26 (ECF No. 229-1).

Even more important, Dr. Lehr simply does not have the "scientific, technical, or specialized knowledge" to offer expert testimony on the music industry or piracy.  *See* Fed. R. Evid. 702; s*ee also Loussier v. Universal Music Grp., Inc.*, No 1:02-cv-02447, 2005 WL 5644422, at *3 (S.D.N.Y. Jun. 28, 2005).  Plaintiffs offer no meaningful defense of Dr. Lehr's credentials or expertise on these subjects.  The fact is, Dr. Lehr is an economist without any qualifications to opine on piracy or the music industry, and the Court should therefore preclude him from offering expert testimony on these subjects.

## IV. Dr. Lehr Should Not Be Permitted to Opine on Public Policy

Plaintiffs effectively argue that Dr. Lehr should be allowed to opine on the public policy benefits of finding Grande liable because Plaintiffs need such evidence for their statutory damages assessment.  Whether or not Plaintiffs want this evidence in the case is irrelevant.  An expert may not offer legal opinions about the public policy benefits of a particular outcome.  *See, e.g.*, *Godwin Gruber, P.C. v. Deuschle*, No. 3:00-00017, 2002 WL 1840929, at *3 (N.D. Tex. Aug. 9, 2002) (precluding expert from opining on whether contract was void as against public policy).  Additionally, as discussed above, Dr. Lehr does not have the education or expertise in the music industry to offer these opinions.

## **CONCLUSION**

For the foregoing reasons, the Court should grant Grande's Motion and exclude the proposed expert testimony of Dr. William H. Lehr.

5

Dated: December 19, 2018

By: /s/ *Zachary C. Howenstine*
Richard L. Brophy
Zachary C. Howenstine
Margaret R. Szewczyk
ARMSTRONG TEASDALE LLP
7700 Forsyth Blvd., Suite 1800
St. Louis, Missouri 63105
Telephone:  314.621.5070
Fax:  314.621.5065
rbrophy@armstrongteasdale.com
zhowenstine@armstrongteasdale.com
mszewczyk@armstrongteasdale.com

J. Stephen Ravel
Texas State Bar No. 16584975
J.R. Johnson
Texas State Bar No. 24070000
Diana L. Nichols
Texas State Bar No. 00784682
KELLY HART & HALLMAN LLP
303 Colorado, Suite 2000
Austin, Texas 78701
Telephone: 512.495.6429
Fax: 512.495.6401
Email: steve.ravel@kellyhart.com
           jr.johnson@kellyhart.com
           diana.nichols@kellyhart.com

Attorneys for Defendant GRANDE
COMMUNICATIONS NETWORKS LLC

6

## **CERTIFICATE OF SERVICE**

The undersigned certifies that on December 19, 2018, all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system pursuant to Local Rule CV-5(b)(1).

/s/ *Zachary C. Howenstine*
Zachary C. Howenstine
