# Exhibit 1

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

BMG RIGHTS MANAGEMENT )
(US) LLC, *et al.*, )
)
Plaintiffs, )
) Civil Action No. 1:14cv1611 (LO/JFA)
v. )
)
COX COMMUNICATIONS, INC., *et al.*, )
)
Defendants. )
_____)

## **ORDER**

This matter is before the court on Defendants' Motion for Evidentiary Sanctions Based on Spoliation of Rightscorp Source Code and Other Evidence ("motion for evidentiary sanctions"). (Docket no. 242). Following a hearing on September 18, 2015, the court entered an order denying the motion for evidentiary sanctions based on the alleged destruction of call logs and audio recordings of communications between Rightscorp phone agents and consumers accused of copyright infringement. (Docket no. 291). The court took under advisement the portion of the motion for evidentiary sanctions relating to the spoliation of Rightscorp source code and ordered that the parties submit additional briefing on the issue of the significance of the portions of the 2013 source code that were produced in discovery and what, if any, remedy is appropriate given the failure of Rightscorp to preserve historical versions of the system it used to identify the accused infringers and to generate the notices that are the subject of this litigation. (*Id.*). The parties have submitted their supplemental pleadings (Docket nos. 345, 347) and the court has reviewed those supplemental memoranda along with their various exhibits and declarations.

1

As alleged in paragraph 2 of the amended complaint, Rightscorp has developed a technological system that plaintiffs claim identifies actual infringements and the perpetrators of those infringements by monitoring BitTorrent systems and extracting certain information about the infringing activity (the "Rightscorp system"). (Docket no. 16, ¶ 2). Plaintiffs state that since 2012 their agent Rightscorp has been using the Rightscorp system to notify Internet service providers ("ISPs") of specific instances of copyright infringement by their account holders and have requested that the ISPs notify their account holders of their infringements. (*Id.*). In paragraph 22 of the amended complaint plaintiffs assert that their notifications to Cox "are based upon a software system developed and employed by their agent" and that the Rightscorp system "identifies specific actual infringements of Plaintiffs' copyrighted works and the users of the BitTorrent networks who infringe Plaintiffs' copyrighted works." (Docket no. 16, ¶ 22). In addition to injunctive relief, plaintiffs are seeking an award of substantial monetary damages from the defendants under theories of contributory and vicarious copyright infringement based on the notices that were sent to Cox by its agent Rightscorp using the Rightscorp system. Plaintiffs are seeking damages for the notices that were sent to Cox from February 2012 through November 26, 2014. (Docket no. 351, p. 3).

Following a series of motions to compel, Rightscorp eventually produced various source code modules and scripts that were sufficient to show how the Rightscorp system operated as of July 15, 2015. In addition to this current version of the Rightscorp system, source code relating to two modules of the Rightscorp system that had been provided to an expert in 2013 was located and produced by the plaintiffs. It is undisputed that changes were made to the source code underlying the operation of the Rightscorp system from February 2012 through July 15, 2015 and that Rightscorp did not preserve historical versions of the Rightscorp system.

2

As stated during the hearing on September 18, 2015, there can be no serious dispute that the manner in which the Rightscorp system operates to identify suspected infringers of plaintiffs' copyrighted works is material evidence. Plaintiffs emphasize their reliance on the Rightscorp system in their amended complaint and their entire damages case is built on the premise that the Rightscorp system accurately identified infringers of plaintiffs' copyrighted works from February 2012 through November 24, 2014. Defendants assert that they are entitled to know how the Rightscorp system operated during the relevant time period so they can test the accuracy of the notices that were generated and sent to them from Rightscorp. Defendants claim that if the notices are not accurate (*i.e.* the subscribers had not infringed plaintiffs' copyrights) then the defendants cannot be held responsible for any contributory or vicarious copyright infringement.

The record also clearly reveals that since at least early 2013 the plaintiffs had a duty to preserve this material evidence. "The duty to preserve material evidence arises not only during the litigation but also extends to that period before the litigation when a party reasonably should know that the evidence may be relevant anticipated litigation." *Silvestri v. General Motors Corp.*, 271 F.3d 583, 591 (4th Cir. 2001). As shown by privilege log entries, the plaintiffs have withheld documents on the basis of attorney-client privilege or work product immunity since as early as March 7, 2012 stating those documents refer to "initiation of the lawsuit." (Docket no. 244-6, p. 25–26). Similarly, Rightscorp's privilege log also contains references to "pre-suit investigation and/or preparation" in 2012 and numerous documents relating to "legal advice concerning copyright enforcement." (Docket no. 244-8, p. 10–11). In March 2013 a source code expert was retained and her communications have been withheld claiming they were "in anticipation of potential litigation." (Docket no. 244-13). Her invoices prepared in 2013 stated they were in reference to "DRC (Digital Rights Corp) v. Cox Communications." (Docket no.

244-15). In April 2014 Rightscorp was preparing a press release concerning the anticipated lawsuit that would be filed against defendants in the U.S. District Court for the Eastern District of Virginia. (Docket no. 244-17). The evidence presented by the defendants establishes far beyond any reasonable doubt that the plaintiffs and Rightscorp were preparing for and anticipating filing a lawsuit against Cox since at least early 2013. Accordingly, plaintiffs and their agent Rightscorp had a duty to preserve material evidence, including how the Rightscorp system was allegedly detecting infringements and forwarding notices to Cox. The court finds that by altering the source code, deleting portions of the source code, and by overwriting portions of the source code without maintaining a record of those alterations, deletions, or overwrites, material information was intentionally destroyed and it was not lost through inadvertence or mistake. *See Trigon Ins. Co. v. United States*, 204 F.R.D. 277 (E.D. Va. 2001).

Having found that the plaintiffs failed to comply with their duty to preserve material evidence, the remaining issue is the appropriate remedy. While the defendants argue that plaintiffs should be precluded from introducing any evidence as to the operation of the Rightscorp system prior to July 15, 2015, that suggested remedy would in all likelihood result in the dismissal of plaintiffs' claims for damages and it fails to take into consideration the other potential avenues available to understand and test the accuracy of the Rightscorp system. Defendants and their experts have had access to the current version of the source code underlying the Rightscorp system and they have been provided with a portion of the source code as it existed in 2013. The defendants have been given several opportunities to depose the person who created the source code and was responsible for its various changes. The defendants claim this testimony has been self-serving, biased, incomplete, and inconsistent. The plaintiffs argue that the core functionality of the Rightscorp system has not changed during the relevant time

4

period and that the defendants know how the Rightscorp system works. Defendants counter that if the plaintiffs had complied with their duty to preserve this clearly material evidence, then they would have the "best evidence" of how the Rightscorp system operated during the relevant time period since the historical versions of the Rightscorp system would be available for examination. Plaintiffs also argue that to the extent the defendants wanted to contest the accuracy of the notices that were generated by the Rightscorp system, they could have undertaken an independent investigation of the alleged infringing activity contained in those notices. Given the large number of notices during the relevant time period (in the range of 2 to 2.5 million), it is understandable that an investigation of all the notices would not be practical and the primary focus should be on the accuracy of the system generating those notices.

As shown in the various exhibits attached to their moving papers, the defendants have made a strong showing that the deposition testimony provided by Rightscorp is a poor substitute for a documented, historical version of the Rightscorp system. The deposition testimony does not fully describe how the Rightscorp system operated starting in February 2012, the changes that were made to the Rightscorp system during the relevant time period, and when those changes were made. It is also clear that the limited portion of the source code that was provided to the expert in 2013 and eventually produced in discovery does not provide an adequate basis for the defendants to know how the Rightscorp system operated during the relevant time period. For those reasons the court finds that an evidentiary sanction is appropriate.

The Fourth Circuit has stated that "when a proponent's intentional conduct contributes to the loss or destruction of evidence, the trial court has discretion to pursue a wide range of responses both for the purpose of leveling the evidentiary playing field and for the purpose of sanctioning the improper conduct." *Vodusek v. Bayliner Marine Corp.*, 71 F.3d 148, 156 (4th

5

Cir. 1995), *Silvestri*, 271 F.3d at 590. A sanction that would result in dismissal should be avoided if a lesser sanction will perform the necessary function.[1] *Silvestri*, 271 F.3d at 590. In determining an appropriate remedy the court should take into consideration the degree of fault of the party who altered or destroyed the evidence and the degree of prejudice suffered by the opposing party. *Trigon*, 204 F.R.D. at 288.

Taking into consideration that guidance, the undersigned finds that as an appropriate remedy the District Judge should consider instructing the jury that the plaintiffs had a duty to preserve information that is material to the claims made in this case, that the operation of the Rightscorp system starting in February 2012 through November 2014 is material information, and that the plaintiffs failed to preserve that material information. The jury should also be instructed that while the plaintiffs have produced information that is sufficient to establish how the Rightscorp system operated in July 2015, they are not to assume that the Rightscorp system operated in the same manner during the relevant time period. The plaintiffs must present sufficient evidence for the jury to make a determination as to whether the Rightscorp system accurately identified infringements of plaintiffs' copyrighted works and generated accurate notices to the defendants based on those identified infringements during the relevant time period. In considering the evidence that the plaintiffs have presented concerning the operation of the Rightscorp system, the jury should take into consideration that the plaintiffs failed to comply with their obligations to preserve material evidence by documenting the changes made to the Rightscorp system during the relevant time period. The District Judge will make the ultimate decision whether an evidentiary sanction is appropriate and, if so, what that sanction should be given the evidence presented.

---

[1] It is unclear if the sanction requested by the defendants would necessarily result in the dismissal of this action. While it may limit the claim for damages, it may not alter the claim for injunctive relief in the amended complaint.

6

Entered this 22nd day of October, 2015.

/s/
John F. Anderson
United States Magistrate Judge

Alexandria, Virginia

7