IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| UMG RECORDINGS, INC., *et al.*, § <br> § <br> Plaintiffs, § <br> § <br> vs. § <br> § <br> GRANDE COMMUNICATIONS § <br> NETWORKS LLC, § <br> § <br> Defendant. § <br> § | Civil Action No. 1:17-cv-00365-DAE-AWA |

**PLAINTIFFS' OBJECTIONS TO THE REPORT AND RECOMMENDATION
REGARDING PLAINTIFFS' CROSS-MOTION FOR SUMMARY JUDGMENT
AS TO LIABILITY [DKT. 240]**

**INTRODUCTION**

Plaintiffs respectfully submit the following objections to the United States Magistrate Judge's Report and Recommendation (December 18, 2018) [Dkt. 240] ("Report"). The Magistrate Judge correctly denied Grande's motion for summary judgment almost entirely. However, Plaintiffs object to the Report's recommendation that summary judgment be entered against Plaintiffs on their "reproduction" claim (based on 17 U.S.C. § 106(1)). The Report addressed this claim only in passing in a footnote, granting summary judgment on the ground that Plaintiffs purportedly did not respond to Grande's argument on the reproduction right. *See* Report at 4 n.1. But the Report overlooks that Plaintiffs identified the legal and factual grounds for this claim in the summary judgment briefing. Summary judgment against Plaintiffs on the reproduction claim is therefore unwarranted.

In addition, Plaintiffs respectfully object to the Report's recommendation that Plaintiffs' cross-motion for summary judgment as to Grande's liability be denied. The Report's analysis of

the law and the evidence in rejecting Grande's own summary judgment motion, as well as the Magistrate Judge's companion Report on Plaintiffs' Motion for Partial Summary Judgment as to Safe Harbor Defense (December 18, 2018) [Dkt. 241] ("Safe Harbor Report"), recommending that motion be granted, were both correct and well-reasoned.  The inescapable conclusion of both Reports' analyses, however, is that Plaintiffs themselves are entitled to summary judgment that Grande is liable for contributory infringement.  Indeed, on each and every element, there is no genuine issue of material fact, and Plaintiffs are entitled to judgment as a matter of law.  Grande could not muster any evidence against the conclusions that (1) Plaintiffs own/have exclusive control over the copyrighted sound recordings; (2) Grande's subscribers directly infringed those copyrights; (3) Grande itself knew of its subscribers' infringement; and (4) Grande facilitated that infringement by providing known infringing subscribers with ongoing internet service (the indispensable element for committing their infringement).  Accordingly, Grande is liable for infringement.  Granting summary judgment in favor of Plaintiffs on liability will significantly narrow the issues for trial, which would be streamlined to address only willfulness and damages.

## LEGAL STANDARD

"The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to."  Fed. R. Civ. P. 72(b).  *See, e.g.*, *Koetting v. Thompson*, 995 F.2d 37, 40 (5th Cir. 1993) ("Because [the party] filed written objections to the magistrate judge's findings, he was entitled to a de novo review by the district court.").

## ARGUMENT

**I. THE REPORT ERRED IN RECOMMENDING SUMMARY JUDGMENT BE GRANTED ON PLAINTIFFS' REPRODUCTION CLAIMS.**

In granting summary judgment against Plaintiffs on the reproduction right, the Report did not discuss the issue on the merits.  Instead, the Report addressed the reproduction right briefly in a footnote:

> Grande's motion asserted that Plaintiffs cannot prove that Grande subscribers have violated Plaintiffs' reproduction or public performance rights set forth in 17 U.S.C. § 106(1) and 106(6). Plaintiffs have not responded to these arguments, and summary judgment is therefore appropriate on these two limited issues.

Report at 4, n. 1. But this statement is incorrect with respect to Plaintiffs' claim that Grande and its subscribers violated Plaintiffs' reproduction rights. Plaintiffs stated in their Opposition and Cross-Motion that their claims involve both online uploading and downloading of copyrighted sound recordings:

> 'Both uploading and downloading copyrighted material are infringing acts. The former violates the copyright holder's right to distribution, the latter the right to reproduction.'

*See* Plaintiffs' Opposition and Cross-Motion for Summary Judgment as to Liability [Dkt. 172] ("Opp. / Cross-Mot.") at 10 (quoting *Columbia Pictures Indus., Inc. v. Fung*, 710 F.3d 1020, 1034 (9th Cir. 2013)). Indeed, the Report explicitly acknowledged that Plaintiffs "are claiming that Grande's subscribers **downloaded and uploaded** identical digital duplicates of the works." Report at 7 (emphasis added).

This case involves online sound recording infringement via the BitTorrent peer-to-peer file-sharing protocol. This infringement necessarily comprises both the distribution of a sound recording—disseminating the files by uploading them to BitTorrent networks—as well as the reproduction of a sound recording—downloading a recording that has been distributed via BitTorrent. *See* Expert Report of Barbara Frederiksen-Cross ¶¶ 42-42 ("How BitTorrent downloading/uploading works").[1] As the Report correctly concluded, under the Fifth Circuit's law of direct infringement, "a defendant may be held liable for direct infringement 'where they have provided the means to **obtain** and **transmit** copyrighted performances.'" Report at 9 (quoting *BWP Media USA, Inc. v. T & S Software Associates, Inc.*, 852 F.3d 436, 439 (5th Cir. 2017))

---

[1] Exhibit H to Opp. / Cross-Mot. [Dkt. 173-78].

(emphasis added).  The Rightscorp evidence of illegal online file-sharing, which the Magistrate Judge concluded was "circumstantial evidence of direct infringement," Report at 9, necessarily is at a minimum circumstantial evidence of the uploading and downloading activity—that is, distribution and reproduction—that occurs through BitTorrent.  For this reason, summary judgment should not be entered against Plaintiffs on their reproduction claim.

## II. THE REPORT ERRED IN NOT RECOMMENDING THAT PLAINTIFFS BE GRANTED SUMMARY JUDGMENT AS TO LIABILITY.

Plaintiffs respectfully submit that the Report's cogent examination and discussion of the evidence and legal authorities demonstrates that Plaintiffs are entitled to summary judgment as to liability.  The Report's four sentences rejecting Plaintiffs' cross-motion, *see* Report at 20, cannot be squared with its otherwise careful treatment of the law and the facts, or with the Safe Harbor Report's findings and conclusions.

### A. Plaintiffs Should Be Granted Summary Judgment As To Their Ownership Of All Of The Copyrighted Sound Recordings.

The Report's treatment of Plaintiffs' ownership showing provides perhaps the clearest example of Plaintiffs' entitlement to summary judgment.  Plaintiffs submitted extensive evidence of their ownership of all the works in suit.  Report at 18-20.  First, as the Report recognizes, Grande has not disputed Plaintiffs' ownership of many of these copyrighted works.  Report at 18 ("Grande argues that out of 782 unique registered copyrights listed by Plaintiffs as being at issue in this case, Plaintiffs' evidence only demonstrates that they are the owners of 421 of these copyrights.").  Thus, at a minimum, Plaintiffs are entitled to summary judgment on the ownership of the 421 uncontested copyrights, which account for 806 sound recordings.[2]

---

[2] The copyrights that Grande did not contest are set forth in Exhibit 7 to Grande's Motion for Summary Judgment [Dkt. 140-3].

4

Second, as to the remaining 361 copyrights, which account for the remaining 777 sound recordings, Grande challenged the timeliness of Plaintiffs' ownership evidence, but failed to raise a genuine dispute of fact related to the validity of the evidence. Report at 19 ("Grande's only response is not to contest the validity of the evidence, but rather its timeliness.").[3] The Report properly recommended rejecting Grande's timeliness argument. *Id.* With that argument rejected, it necessarily follows that Plaintiffs' ownership evidence is undisputed. Accordingly, Plaintiffs are entitled to summary judgment that they own (or hold exclusive control of) all of the copyrighted works at issue. Granting Plaintiffs summary judgment on the issue of ownership will result in a more efficient trial, as it will avoid the need to present ownership evidence on hundreds of registered copyrights when there is no genuine dispute about Plaintiffs' ownership.

### B. Plaintiffs Should Be Granted Summary Judgment That Grande Subscribers Directly Infringed Plaintiffs' Copyrighted Sound Recordings.

Grande's attacks on Plaintiffs' showing of direct infringement rested entirely on incorrect legal contentions. Grande first claimed that Plaintiffs could not prove the copying at issue without playing "every single song at issue to the jury, alongside the identical copy or copies of that song found on Grande's subscribers' computers." Report at 6. The Magistrate Judge correctly concluded that "[t]his argument is misplaced (at best)" and that "Grande's reading of the case law is flawed." *Id.* at 6-7. Instead, Plaintiffs' digital matching of original works to infringing copies was more than sufficient to "demonstrate[] that the copies downloaded from Grande's subscribers are fully identical copies of the works sued on." *Id.* at 6.

Next, Grande argued that "all that Plaintiffs' evidence shows is that Grande subscribers made Plaintiffs' copyrighted works available for copying over the internet to other BitTorrent users, which Grande argues is insufficient to show infringement." Report at 8. But this, too, was

---

[3] Notably, Grande has deposed two of Plaintiffs' three ownership declarants (Messrs. McMullan and Leak); their depositions did not reveal any infirmities in Plaintiffs' ownership evidence.

5

a flawed argument. The Report correctly found that Plaintiffs' "evidence that not only were the works made available for copying, but that actual copies were made and distributed," including "full copies of each of the copyrighted recordings from Grande subscribers," was circumstantial evidence of direct infringement. Report at 8-9. Likewise, the Report rejected Grande's erroneous legal argument that holding its subscribers liable for online copying would impermissibly impose "tertiary" liability on Grande. *Id.* at 9.

In sum, the Report rejected all of Grande's incorrect legal arguments as to direct infringement by Grande's subscribers, and Grande pointed to no contrary evidence raising a genuine issue of fact as to the issue. Absent any legal or disputed factual issue, it stands to reason that Plaintiffs are entitled to summary judgment on the underlying direct infringement element of its contributory infringement claim against Grande.

### C. Plaintiffs Should Be Granted Summary Judgment As To Grande's Contributory Infringement Liability.

For similar reasons, Plaintiffs are entitled to summary judgment as to Grande's contributory infringement liability. "'A party is liable for contributory infringement when it, with knowledge of the infringing activity, induces, causes or materially contributes to infringing conduct of another.'" Report at 10 (quoting *Alcatel USA, Inc. v. DGI Techs., Inc.*, 166 F.3d 772, 790 (5th Cir. 1999) (citation and internal quotation marks omitted in Report)). Grande argued that Plaintiffs' contributory infringement claim is not viable as a matter if law. The Report correctly rejected Grande's argument, which was based on a flawed interpretation of the Supreme Court's decision in *Metro–Goldwyn–Mayer Studios Inc. v. Grokster, Ltd.*, 545 U.S. 913, 914 (2005). The Report carefully analyzed relevant case law and concluded "that a contributory infringement theory based on 'material contribution' is alive and well, and summary judgment [for Grande] is not warranted based on a lack of evidence of active inducement." Report at 14. The Report's conclusion is well-reasoned and entirely correct, and should be adopted by the Court.

But that conclusion leaves Grande with no other ground to oppose the two elements of contributory infringement liability: knowledge and material contribution.

First, Grande offered no evidence giving rise to a genuine issue of material fact as to its knowledge of its subscribers' infringement. The undisputed evidence is more than sufficient to establish Grande's knowledge of the infringement on its network. As the Magistrate Judge recognized in its Safe Harbor Report, the undisputed evidence shows that "Grande received 'millions' of notices of copyright infringement" during the relevant time period, "was tracking over 9,000 customers on its DMCA 'Excessive Violations Report' by late 2016," and "specifically tracked users by the number of notices Grande received about them." Safe Harbor Report at 7. Indeed, the Magistrate Judge found that "there is ample evidence, including internal emails, indicating that [Grande] believed many of its customers were repeat infringers," and that "the evidence in the record from Grande's own documents reflects the opposite of what it now argues – Grande took the Rightscorp (and other) notices as evidence of infringement." *Id.* at 9, 10.

The Safe Harbor Report further discussed some of the Grande internal emails showing Grande's knowledge of infringement, concluding that "the internal exchanges among Grande employees also make it plain that Grande viewed the notices as evidence that the customer had infringed on a copyright." *Id.* at 11. And Grande's knowledge of the infringement is further demonstrated by the fact that it terminated repeat infringers both before and after the 2011-2016 time period. *Id.* at 6-7, 8-9. Critically, the Magistrate Judge concluded in the Safe Harbor Report that "***[i]t is Grande's employees' knowledge that matters, and the evidence is undisputed that those employees believed the notices reflected that many of Grande's customers were repeatedly infringing on copyrights.***" *Id.* at 11 (emphasis added).

These undisputed facts from the Magistrate Judge's Safe Harbor Report, as bolstered by the additional facts set forth in Plaintiffs' summary judgment motions, point inexorably to the

7

conclusion that Grande had knowledge of the infringement on its network. Plaintiffs are therefore entitled to summary judgment as to the knowledge element of the legal standard for contributory infringement.

Second, Grande offered no evidence giving rise to a genuine issue of material fact as to the other element of contributory infringement: that Grande materially contributed to its subscribers' infringement. It is undisputed that Grande provided known infringing subscribers with the indispensable means of carrying out their unlawful conduct—internet service. As the district court in *Cox* concluded, "*[t]here can be no question* that the provision of high-speed internet service materially contributes to infringement via BitTorrent . . . ." *BMG Rights Mgmt. (US) LLC v. Cox Commc'ns, Inc.*, 199 F. Supp. 3d 958, 979 (E.D. Va. 2016) (emphasis added). Again, Grande had no factual basis to dispute its material contribution to its subscribers' infringement; instead, it relied solely on unavailing legal arguments that the Magistrate Judge rejected. For these straightforward reasons, Plaintiffs are entitled to summary judgment on their claim of contributory copyright infringement.

## CONCLUSION

For the reasons stated herein, Plaintiffs object to the Report's recommendations that Grande should be granted summary judgment on Plaintiffs' reproduction claim, and that Plaintiffs' motion for summary judgment as to liability should be denied. The Court should enter summary judgment in Plaintiffs' favor as to Grande's liability for contributory infringement. That will significantly streamline and shorten the trial, which would then be limited to an assessment of whether Grande acted willfully, and what damages Grande owes Plaintiffs for its wrongful conduct.

Dated: January 9, 2019.

                        Respectfully submitted,

                    By: */s/ Robert B. Gilmore*
Jonathan E. Missner (admitted *pro hac vice*)
Robert B. Gilmore (admitted *pro hac vice*)
Philip J. O'Beirne (admitted *pro hac vice*)
Michael A. Petrino (admitted *pro hac vice*)
**Stein Mitchell Beato & Missner LLP**
901 15th Street, N.W., Suite 700
Washington, DC 20005
Telephone: (202) 737-7777
Facsimile: (202) 296-8312
jmissner@steinmitchell.com
rgilmore@steinmitchell.com
pobeirne@steinmitchell.com
mpetrino@steinmitchell.com

Daniel C. Bitting (State Bar No. 02362480)
Paige A. Amstutz (State Bar No. 00796136)
**Scott Douglass & McConnico LLP**
303 Colorado Street, Suite 2400
Austin, TX 78701
Telephone: (512) 495-6300
Facsimile: (512) 495-6399
dbitting@scottdoug.com
pamstutz@scottdoug.com

***Attorneys for Plaintiffs***

## **CERTIFICATE OF SERVICE**

The undersigned certifies that on January 9, 2019, all counsel of record who are deemed to have consented to electronic service are being served with through the Court's ECF system.

*/s/ Daniel C. Bitting*
Daniel C. Bitting