IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| UMG RECORDINGS, INC., *et al.*, | § § § | |
| Plaintiffs, | § § | |
| vs. | § § | Civil Action No. 1:17-cv-00365-DAE-AWA |
| GRANDE COMMUNICATIONS NETWORKS LLC, | § § § | |
| Defendant. | § § § | |

**PLAINTIFFS' RESPONSE TO DEFENDANT'S OBJECTIONS TO THE REPORT AND RECOMMENDATION ON PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT ON THE DMCA SAFE HARBOR AFFIRMATIVE DEFENSE**

There is no sound basis to overrule Magistrate Judge Austin's recommendation granting Plaintiffs' motion for partial summary judgment on Grande's DMCA safe harbor affirmative defense. The Magistrate Judge concluded that "[i]t is hard to imagine a case in which it is more clear that the DMCA safe harbor is not available." Report and Recommendation at 8, December 18, 2018, [Dkt. 241] (the "Report"). Grande does not dispute that it failed to terminate any repeat infringers for over six years and, as the Magistrate Judge found, "Grande's corporate representative on this very issue admitted it had no policy calling for the termination of infringing subscribers during this time," even though "there is ample evidence, including internal emails, indicating that it believed many of its customers were repeat infringers." *Id.* at 6, 9. Based on the overwhelming factual record, the Magistrate Judge found that Grande did not implement a policy that provided for the termination of repeat infringers. Instead, "Grande affirmatively decided in 2010 that it would not enforce the policy at all, and that it would not terminate any customer's account

regardless of how many notices of infringement that customer accumulated, regardless of the source of the notices, and regardless of the content of a notice." *Id.* at 12.

In its Objections to the Magistrate Judge's Report and Recommendation [Dkt. 251] ("Objections"), Grande attempts to gin up disputed issues of fact by mischaracterizing the Magistrate Judge's holding and ignoring (or misstating) the central record evidence. But the Report is based on the well-reasoned application of precedent to the clear factual record. The Court should overrule Grande's Objections and adopt the recommendation of the Magistrate Judge.

The Magistrate Judge based his decision on the clear line of cases holding that "an ISP has not 'reasonably implemented' a repeat infringer policy if the ISP fails to enforce the terms of its policy in any meaningful fashion." Report at 3-5. The "undisputed evidence," including from Grande's own corporate representative, is that "Grande affirmatively decided in 2010 that it would not enforce the policy at all, and that it would not terminate any customer's account regardless of how many notices of infringement that customer accumulated, regardless of the source of the notices, and regardless of the content of a notice." *Id.* at 12. For over six years, Grande failed to terminate a single repeat infringer. *Id.* Even Grande's employees acknowledged in internal emails that Grande might "lose our safe harbor status" given that "we have users who are racking up DMCA take down requests and no process or remedy in place." *Id.* at 10. Indeed, it was only after Plaintiffs filed this lawsuit that Grande finally terminated a handful of repeat infringers. But, as the Magistrate Judge recognized, these terminations in 2017 and 2018 could not absolve Grande's refusal to terminate any users for six years. *Id.* at 8-9.

Lacking any valid objections, Grande tries to re-frame the issue as whether Grande "terminate[d] the accounts of *enough* subscribers after receiving Rightscorp's notices of alleged

infringement," and then proceeds to renew its attacks on the Rightscorp notices of infringement. Objections at 4 (emphases in original). These efforts are to no avail.

This is not a case in which Grande terminated some repeat infringers and the question is whether it terminated enough to qualify for the safe harbor. Rather, as noted above and as discussed in the Report, it is a case in which Grande failed to meet the statute's threshold requirement of implementing a policy that provided for termination. Instead, Grande made a deliberate decision not to terminate any subscribers for over six years, despite clear evidence of massive infringement on its system. And the fact that Grande finally chose to terminate a handful of repeat infringers for the first time in 2017, after this lawsuit was filed, "is not enough to rehabilitate its complete failure to implement a policy for the prior six years." Report at 9.

Grande's attack on the Rightscorp notices, which the Magistrate rejected, is also a red herring. *Id.* at 9 ("Grande's complaints about the Rightscorp notices also miss the mark, for a host of reasons."). There is not a shred of evidence that anyone at Grande doubted the accuracy of the Rightscorp notices when Grande received them, or that Grande's decision not to terminate any repeat infringers was based on any concerns about the reliability of the notices. Grande never determined that the Rightscorp notices were inadequate, and Grande's decision not to terminate repeat infringers was not based on any assessment of the Rightscorp notices. To the contrary, "the evidence in the record from Grande's own documents reflects the opposite of what it now argues – Grande took the Rightscorp (and other) notices as evidence of infringement." *Id.* at 10. In fact, "Grande was determined *never* to terminate a subscriber, no matter what information Grande received about that customer allegedly infringing a copyright." *Id.* at 8 (emphasis in original).

Grande's attack on the Rightscorp notices also ignores the "several hundred thousand copyright infringement notices [Grande] received from companies other than Rightscorp." *Id.* at 11. Even if Grande had somehow questioned the Rightscorp notices when it received them (which

3

it did not), Grande fails to explain why it failed to terminate repeat infringers based on the large number of notices it received from other companies. Again, there is no dispute that Grande did not terminate a single repeat infringer for more than six years, despite receiving hundreds of thousands of infringement notices from multiple sources. Based on all the facts in the record, the evidence is simply overwhelming that Grande failed to reasonably implement a repeat infringer policy. There is no basis to reject the Magistrate Judge's conclusion and recommendation.

Finally, Grande tries to raise the same arguments that Cox raised regarding whether there were "appropriate circumstances" to terminate repeat infringers. The Fourth Circuit rightly rejected Cox's arguments because, like Grande, "Cox failed to provide evidence that a determination of 'appropriate circumstances' played *any* role in its decisions to terminate (or not to terminate)." *BMG Rights Mgmt. (US) LLC v. Cox Commc'ns, Inc.*, 881 F.3d 293, 305 (4th Cir. 2018). Indeed, as Magistrate Judge Austin observed, "Cox actually did more to enforce its termination policy than Grande," and the "evidence [against Grande] here is even stronger." Report at 5, 8. The Magistrate Judge's conclusions are fully supported by the undisputed record evidence.

## CONCLUSION

For the reasons stated herein, as well as those set forth in the Report and in Plaintiffs' briefing, the Court should overrule Grande's Objections, and adopt the Magistrate Judge's report and recommendation that summary judgment be entered in Plaintiffs' favor against Grande on its safe harbor affirmative defense.[1]

---

[1] Plaintiffs respectfully submit that there is no need for the oral argument that Grande requests. Grande did not request oral argument when the motion for summary judgment was originally filed and, at this juncture, the parties' and the Court's resources are more productively spent preparing for trial. This case originally was set for trial in January 2019. There are only a handful of remaining discovery issues to be completed shortly, and the parties' *Daubert* motions are pending

Dated: January 23, 2019

                                            Respectfully submitted,

                                        By: _/s/ Robert B. Gilmore_
Jonathan E. Missner (admitted *pro hac vice*)
Robert B. Gilmore (admitted *pro hac vice*)
Philip J. O'Beirne (admitted *pro hac vice*)
Michael A. Petrino (admitted *pro hac vice*)
**Stein Mitchell Beato & Missner LLP**
901 15th Street, N.W., Suite 700
Washington, DC 20005
Telephone: (202) 737-7777
Facsimile: (202) 296-8312
jmissner@steinmitchell.com
rgilmore@steinmitchell.com
pobeirne@steinmitchell.com
mpetrino@steinmitchell.com

Daniel C. Bitting (State Bar No. 02362480)
Paige A. Amstutz (State Bar No. 00796136)
**Scott Douglass & McConnico LLP**
303 Colorado Street, Suite 2400
Austin, TX 78701
Telephone: (512) 495-6300
Facsimile: (512) 495-6399
dbitting@scottdoug.com
pamstutz@scottdoug.com

***Attorneys for Plaintiffs***

---

(except for one, concerning one of Grande's experts, who has yet to be deposed). This case therefore is ready to be set for a trial date.

## **CERTIFICATE OF SERVICE**

The undersigned certifies that on January 23, 2019, all counsel of record who are deemed to have consented to electronic service are being served with through the Court's ECF system.

                                         */s/ Daniel C. Bitting*
                                         Daniel C. Bitting