**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | |
|---|---|
| UMG RECORDINGS, INC., et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) No. 1:17-cv-00365-DAE-AWA |
| | ) |
| GRANDE COMMUNICATIONS NETWORKS LLC, | ) |
| | ) |
| Defendant. | ) |

**DEFENDANT'S RESPONSE TO PLAINTIFFS' OBJECTIONS TO THE REPORT AND RECOMMENDATION REGARDING PLAINTIFFS' <u>CROSS-MOTION FOR SUMMARY JUDGMENT AS TO LIABILITY</u>**

Defendant Grande Communications Networks LLC ("Grande") submits the following response to Plaintiffs' Objections to the Report and Recommendation Regarding Plaintiffs' Cross-Motion for Summary Judgment as to Liability (ECF No. 250). In view of the numerous evidentiary and legal issues noted in Grande's Objections to the Report and Recommendation (ECF No. 252), Plaintiffs are not entitled to judgment as a matter of law on any issue.

In the Report and Recommendation ("R&R"), Judge Austin determined that the Court should deny Plaintiffs' motion for summary judgment in its entirety due to "numerous fact disputes on issues material to determining whether Grande is liable for contributory infringement." R&R at 20 (ECF No. 240). Judge Austin also determined that Grande is entitled to summary judgment on the underlying issue of whether any Grande subscriber directly infringed Plaintiffs' reproduction and public performance rights. R&R at 4 n.1.

The Court should overrule Plaintiffs' objections to these findings. While Grande maintains that it is entitled to summary judgment on Plaintiffs' contributory infringement claims for a number of separate and independent reasons, Judge Austin correctly determined, at a bare minimum, that Plaintiffs are not entitled to summary judgment on the issues of contributory infringement, underlying direct infringement of Plaintiffs' distribution rights, and Plaintiffs' ownership of the asserted copyrights. The Court should also reject Plaintiffs' last-ditch attempt to resurrect the issue of direct infringement of Plaintiffs' reproduction rights, which Plaintiffs did not even attempt to address in their summary judgment briefing. *See* R&R at 4 n.1.

For the foregoing reasons, as explained in detail below and in Grande's Objections to the Report and Recommendation (ECF No. 252), the Court should overrule Plaintiffs' objections.[1]

---

[1] As set forth in Grande's Objections, the Court should grant summary judgment in Grande's favor because there is no genuine issue of material fact regarding Plaintiffs' claims for

1

# ARGUMENT[2]

## I. THE COURT SHOULD GRANT GRANDE'S MOTION FOR SUMMARY JUDGMENT ON DIRECT INFRINGEMENT OF PLAINTIFFS' REPRODUCTION RIGHTS

Plaintiffs' contributory infringement claims against Grande require proof of underlying direct infringement for which Grande may be held liable. *See, e.g.*, *A&M Records, Inc. v. Napster, Inc.*, 239 F.3d 1004, 1013 n.2 (9th Cir. 2001) ("Secondary liability for copyright infringement does not exist in the absence of direct infringement by a third party."). In the R&R, Judge Austin determined that Grande is entitled to summary judgment on direct infringement of two of Plaintiffs' exclusive rights: the reproduction right set forth in 17 U.S.C. § 106(1) and the public performance right set forth in 17 U.S.C. § 106(6). R&R at 4 n.1. Plaintiffs do not object to Judge Austin's determination regarding direct infringement of their public performance rights.

Plaintiffs only object to the recommendation to grant summary judgment on direct infringement of their reproduction rights. Pls.' Obj. at 2-4 (ECF No. 250). The Court should overrule this objection for two reasons: (1) because Plaintiffs waived this argument by failing to raise it on summary judgment; and (2) because Plaintiffs lack any evidence that any Grande subscriber reproduced the copyrighted songs at issue using Grande's network.

---

contributory copyright infringement. *See generally* ECF No. 252. In this Response, Grande does not concede that any genuine issue of material fact exists. Rather, the evidence shows that, at the very least, there are numerous disputed factual issues that preclude summary judgment in Plaintiffs' favor.

[2] For detailed factual background, *see* Grande's Objections to Report and Recommendation at 3-7 (ECF No. 252).

**A.     Plaintiffs waived their argument regarding direct infringement of their reproduction rights by failing to raise it in summary judgment briefing.**

Grande moved for summary judgment on direct infringement of Plaintiffs' reproduction rights under § 106(1) (ECF No. 140 at 6-7), and Plaintiffs did not attempt to address this issue in their Opposition and Cross-Motion or in their Reply. *See generally* ECF No. 172, 209.  The R&R therefore properly recommended granting summary judgment in Grande's favor.  R&R at 4 n.1, 20-21 (ECF No. 24).  Plaintiffs cannot object to a finding on an issue they did not attempt to dispute.  *See, e.g.*, *Hill v. Sodexho Servs. of Tex., L.P.*, No. 1:05-cv-732-LY, 2007 WL 4234261, at *2 n.1 (claims waived when not raised or briefed in response to a motion for summary judgment) (W.D. Tex. Nov. 29, 2007); *Knudsen v. Bd. of Supervisors of Univ. of La. Sys.*, No. 2:14-cv-382, 2015 WL 1757695, at *1 (E.D. La. Apr. 16, 2015) ("A party's failure to brief an argument in response to a summary judgment motion waives that argument.").  The Court should therefore overrule Plaintiffs' objection and grant summary judgment in Grande's favor on alleged direct infringement of Plaintiffs' reproduction rights.

**B.     There is no genuine issue of material fact regarding direct infringement of Plaintiffs' reproduction rights.**

In their 47 pages of summary judgment briefing, Plaintiffs did not attempt to dispute that Grande is entitled to summary judgment on the issue of direct infringement of Plaintiffs' reproduction rights.  *See generally* ECF No. 172, 209.  This is because there is simply no evidence that supports their position.

In order to prove reproduction under § 106(1), Plaintiffs must show that a Grande subscriber downloaded copyrighted material from another source using Grande's network.  *See Maverick Recording Co. v. Harper*, 598 F.3d 193, 197 (5th Cir. 2010) (defendant directly infringed copyright "by downloading, and hence reproducing, the audio files").  On the other hand, in order to prove direct infringement of their distribution rights under § 106(3)—the focus

3

of Plaintiffs' case—Plaintiffs must show, at a minimum, that a Grande subscriber *uploaded* copyrighted material to a third party using Grande's network. *See Columbia Pictures Indus., Inc. v. Fung*, 710 F.3d 1020, 1034 (9th Cir. 2013) ("Both uploading and downloading copyrighted material are infringing acts. The former violates the copyright holder's right to distribution, the latter the right to reproduction."); *see also, e.g.*, *Elektra Entm't Grp. v. Velazquez*, No. 1:08-cv-348, 2009 WL 10669317, at *2 (W.D. Tex. Mar. 4, 2009) (same).

Here, there is no evidence that a Grande subscriber actually reproduced or copied copyrighted material—*e.g.*, downloaded it from another BitTorrent user, or otherwise unlawfully obtained a copyrighted song—using Grande's network. *See* Grande Mot. for Summ. J. at 6 (ECF No. 140); Grande Combined Reply and Resp. at 8 (ECF No. 201). Rather, Plaintiffs' claims are based entirely on alleged evidence that Grande subscribers made copyrighted material available for upload to other BitTorrent users—*i.e*., alleged distribution under § 106(3). Grande Mot. for Summ. J. (ECF No. 140) at 6.

In their objections, Plaintiffs do not identify any evidence that any Grande subscriber reproduced copyrighted material, or that any Grande subscriber did so *using Grande's network*. *See* Pls.' Obj. to R&R (ECF No. 250) at 2-4. Instead, Plaintiffs suggest that copyright infringement necessarily comprises both distribution and reproduction, and therefore that evidence of one necessarily constitutes evidence of the other. *Id*. However, as set forth above, this is not the applicable standard. Plaintiffs offer no authority holding that evidence of distribution necessarily also constitutes evidence of reproduction.

And in fact, Plaintiffs' alleged evidence of distribution is *not* evidence of reproduction. As noted, to attempt to show distribution, Plaintiffs offer evidence that Grande subscribers made copyrighted songs available for others to download through BitTorrent. *See* Grande's Obj. to

4

R&R (ECF No. 252) at 24-30.  However, there is no evidence whatsoever regarding the provenance of any digital song file that a Grande subscriber allegedly offered to share.  For instance, a given subscriber could have obtained the song file from a legitimate digital music services, such as iTunes, or the subscriber could have downloaded the file over a different ISP's network—neither of which represents unlawful reproduction for which Grande may be held secondarily liable.  In other words, based on the evidence in this case, Plaintiffs cannot show that any Grande subscriber obtained the song files at issue unlawfully, or did so using Grande's network, and there is certainly no evidence that permits the factfinder to make such determinations on a song-by-song or subscriber-by-subscriber basis.  Accordingly, there is no genuine issue of material fact for trial regarding alleged direct infringement of Plaintiffs' reproduction rights.

For these reasons, Judge Austin correctly determined that Grande is entitled to summary judgment on this issue, and the Court should therefore overrule Plaintiffs' objection to the R&R.

## II. THE COURT SHOULD DENY PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT AS TO LIABILITY

In the R&R, Judge Austin determined that there are "numerous" factual disputes on issues material to determining Grande's liability, including Plaintiffs' ownership of the asserted copyrights, Grande's liability for direct copyright infringement, and Grande's liability for contributory copyright infringement.  R&R at 20 (ECF No. 240).  Judge Austin therefore recommended denying Plaintiffs' motion for summary judgment in its entirety.  *Id*.  Plaintiffs' objections to these determinations should be overruled.

### A. The Court should deny Plaintiffs' motion for summary judgment as to ownership of the asserted copyrights.

In the R&R, Judge Austin recommended denying Plaintiffs' motion for summary

5

judgment on the issue of ownership of the asserted copyrights. In its motion for summary judgment, Grande presented evidence that Plaintiffs do not own all of the asserted copyrights. *See* Grande's Mot. for Summ. J. (ECF No. 140) at 19-20; Kemmerer Report at ¶¶ 10(a), 35-37, 50-53 (ECF No. 147-6). In response, Plaintiffs submitted declarations from three fact witnesses along with thousands of pages of attachments. *See* Plaintiffs' Opp. and Cross-Motion, Exs. A-14 to A-32 (ECF Nos. 173-2 to 173-47); Exs. B to B-24 (ECF Nos. 173-48 to 173-73); and Exs. C to C-25 (ECF Nos. 180-1 to 180-31). These thousands of pages of attachments included a raft of evidence not produced in discovery. *See* Grande's Obj. to R&R at 33-35(ECF No. 252).

As detailed in Grande's Objections, the Court should exclude this improper summary judgment evidence pursuant to Grande's Motion for Sanctions. *See id.* Much of Plaintiffs' ownership evidence was not produced until after the fact discovery deadline, after Grande served an expert report identifying the deficiencies in Plaintiffs' evidence, and, in part, not until after Grande moved for summary judgment. *See id.* Moreover, when the parties moved for summary judgment, Plaintiffs had yet to produce any of the declarants for deposition.[3] At a minimum, Grande respectfully submits that it would be improper to grant summary judgment based on evidence that Grande had no opportunity to analyze and dispute.

Plaintiffs are also wrong to suggest that because "[t]he Report properly recommended rejecting Grande's timeliness argument . . . it necessarily follows that Plaintiffs' ownership evidence is undisputed." Pls.' Obj. to R&R at 5 (ECF No. 250). Judge Austin's recommendation to deny Grande's Motion for Sanctions does not mean Plaintiffs' evidence of ownership of the asserted copyrights is undisputed. As Judge Austin noted, "[p]roving

---

[3] Since that time, Plaintiffs have produced two of three declarants for deposition, and neither was able to explain why Plaintiffs failed to timely produce the evidence at issue. Grande understands that the third declarant is experiencing a medical issue, which has delayed that deposition.

6

ownership requires evidence that a work is original and can be copyrighted and that the plaintiff has complied with statutory formalities." R&R at 18 (ECF No. 240). Grande has come forward with affirmative evidence that materially disputes whether Plaintiffs can meet this burden. *See* Grande's Objections to the R&R at 33-35 (ECF No. 252); Grande's Mot. for Summ. J. at 19-20 (ECF No. 140); Kemmerer Report at ¶¶ 10(a), 35-37, 50-53 (ECF No. 147-6). Thus, it is the jury's role to weigh the competing evidence and determine whether the testimony of the declarants—regarding a complex web of thousands of pages of copyright registrations, merger documents, assignments, and so on—establishes that Plaintiffs own all of the asserted copyrights. *See, e.g.*, *Nester v. Textron, Inc.*, No. 1:13-cv-920-DAE, 2015 WL 9413891, at *4 (W.D. Tex. Dec. 22, 2015) ("[T]he Court may not make credibility determinations or weigh the evidence on a motion for summary judgment.") (citation omitted).

For these reasons, the Court should overrule Plaintiffs' objection to Judge Austin's determination that Plaintiffs are not entitled to summary judgment on the issue of copyright ownership.

### B. The Court should deny Plaintiffs' motion for summary judgment on direct infringement of their distribution rights.[4]

In the R&R, Judge Austin recommended denying Plaintiffs' motion for summary judgment on the issue of direct infringement of Plaintiffs' distribution rights under 17 U.S.C. § 106(1). R&R at 20 (ECF No. 240). The Court should overrule Plaintiffs' objection to this recommendation for two principal reasons.

First, for numerous reasons set forth in Grande's Objections, there is clearly enough evidence for a fair-minded jury to conclude that some or all of the alleged direct infringers—the

---

[4] *See* Grande's Obj. to the R&R (ECF No. 252) at 24-30.

Grande subscribers who were the subject of notices of alleged infringement—did not distribute any copyrighted work at issue in this case. *See* Grande's Obj. to R&R at 18-30 (ECF No. 252). In their Opposition and Cross-Motion, Plaintiffs did not come forward with any direct evidence of direct infringement, much less any evidence that each and every alleged direct infringer distributed one or more of the copyrighted works at issue. *See generally* Plaintiffs' Opp. and Cross-Motion (ECF No. 172). Thus, Judge Austin determined that at best, Plaintiffs furnished *circumstantial evidence* of direct infringement of Plaintiffs' distribution rights. R&R at 9.

   This "circumstantial evidence," however, is limited solely to evidence generated by the Rightscorp system—a system that is plagued with flaws and inaccuracies. *See* Grande's Obj. at 3-7 (ECF No. 252); *see also generally* Grande's Mot. for Sanctions (ECF No. 247). For example, Grande has shown that some of this purported "circumstantial evidence" was generated by Rightscorp sending infringement notices for every file within a payload if the BitTorrent user possessed *as little as 10% of the payload file*. Cohen Report, ¶ 116 (ECF No. 233-1). Thus, a BitTorrent user with one song from a 10-song torrent file, or with pieces of several different songs from a 10-song torrent file, could be detected as an "infringer" as to all 10 songs, even if the user did not possess all 10 songs or even a complete copy of a single song. *Id*. at ¶¶ 116-17. As another example, Plaintiffs have failed to produce original versions of the copyrighted songs at issue, and instead seek to prove copying entirely through flawed, unreliable, and inadmissible witness testimony. *See* Grande's Obj. to R&R at 18-24 (ECF No. 252). As a result, drawing all reasonable inferences in Grande's favor, there is at least a genuine issue of material fact as to whether Plaintiffs can prove direct infringement of their distribution rights. *See also id*. at 25-30 (discussing numerous flaws in Plaintiffs' purported evidence of direct infringement).

   Second, Plaintiffs plainly lack any basis for suggesting that if Grande is not entitled to

8

summary judgment on the issue of direct infringement, then Plaintiffs *are* entitled to summary judgment. Pls' Obj. to R&R at 6 (ECF No. 250). Contrary to Plaintiffs' claims, Grande's summary judgment arguments regarding direct infringement are not based solely on the applicable legal standard. *See, e.g.*, Grande's Obj. at 18-24 (Plaintiffs lack sufficient evidence of copying), 25-27 (in view of the evidence of how BitTorrent functions, there is no genuine issue of material fact as to whether any Grande subscriber "distributed" copyrighted material to another BitTorrent user), 28-30 (Plaintiffs' circumstantial evidence is insufficient to demonstrate any actual dissemination of copyrighted material) (ECF No. 252). Thus, Plaintiffs are not entitled to judgment as a matter of law on the issue of direct infringement, irrespective of how the Court resolves the parties' disputes regarding the appropriate legal standard.

For these reasons, the Court should overrule Plaintiffs' objection to Judge Austin's recommendation to deny Plaintiffs' motion for summary judgment on the issue of direct infringement under § 106(3).

### C. The Court should deny Plaintiffs' motion for summary judgment on contributory infringement.[5]

In the R&R, Judge Austin determined that "there are numerous fact disputes on issues material to determining whether Grande is liable for contributory infringement." R&R at 20. Specifically, Judge Austin determined that there are genuine issues of material fact regarding whether Grande "materially contributed" to direct infringement, and regarding whether Grande had knowledge of the alleged direct infringement. The Court should overrule Plaintiffs' objections to these findings because Plaintiffs cannot show that the evidence establishes both of these elements as a matter of law.

---

[5] *See* Grande's Objections to the R&R (ECF No. 252) at 7-18.

9

### *i.* *Material Contribution*

First and foremost, "material contribution" to direct infringement, standing alone, is not a sufficient legal basis for contributory liability. *See* Grande's Obj. to R&R (ECF No. 252) at 7-16. However, even assuming this is the applicable standard, there is at least a genuine issue of material fact regarding whether Grande "materially contributed to" or "substantially assisted" direct copyright infringement. *See id.* at 16.

Drawing all reasonable inferences in Grande's favor, a fair-minded jury could certainly find in Grande's favor on the question of "material contribution." It is undisputed that Grande's sole contribution to its customers' alleged infringement is the provision of Internet access. *Id.*; *see also, e.g.*, *Perfect 10, Inc. v. Visa Int'l Serv. Ass'n*, 494 F.3d 788, 796-800 (9th Cir. 2007) (credit card companies did not "materially contribute" to infringement by facilitating infringing transactions). There is no evidence that Grande has access to any infringing content its subscribers may attempt to share over the Internet. Moreover, it is undisputed that Grande was not responsible for developing or distributing any of the BitTorrent software allegedly used to share copyrighted content. Indeed, although Plaintiffs cite to the *Cox* case in support of their argument, they ignore that the district court <u>denied</u> the plaintiff's motion for summary judgment on contributory infringement, holding that "[i]t will be the jury's task, not the Court's, to weigh the evidence and choose among the competing inferences." *BMG Rights Management (US) LLC v. Cox Communications, Inc.*, 149 F. Supp. 3d 634, 673 (E.D. Va. 2016).

The Court should therefore overrule Plaintiffs' objection because there is at least a genuine issue of material fact as to whether Grande materially contributed to the direct copyright infringement alleged in this case.

*ii.     Knowledge*

Plaintiffs fail to show that they are entitled to judgment as a matter of law that Grande had knowledge of the alleged direct infringement at issue in this case. *See* Grande's Obj. to R&R (ECF No. 252) at 16-18. Grande's alleged knowledge is based solely on notices of alleged infringement sent to Grande by third-party Rightscorp. *See id.* In addition to the extensive evidence regarding the flawed and unreliable nature of Rightscorp's "detections," it is undisputed that Rightscorp's notices do not identify a copyrighted work or a U.S. copyright registration number, and that Rightscorp's notices provide no evidence or explanation of the factual basis of Rightscorp's allegations. *See* Grande's Obj. to R&R (ECF No. 252) at 17; *see also* Sample Rightscorp Notices (ECF No. 140-2). Thus, at a minimum, there is a genuine issue of material fact regarding Grande's knowledge of any direct infringement.

Additionally, direct infringement of Plaintiffs' distribution rights requires actual dissemination of copyrighted material. *See* R&R at 8 n.3 (collecting cases). Here, it is undisputed that Rightscorp is incapable of detecting such actual dissemination. *See* Grande's Obj. to R&R at 17 (ECF No. 252); Grande's Mot. for Summ. J. at 7-8 (ECF No. 140); Frederiksen-Cross Report, ¶ 46 (ECF No. 141-1). Instead, Rightscorp can only detect, at most, that a BitTorrent user offered to share a particular music file. *See id.* Because Rightscorp's notices are not evidence of "actual dissemination," these notices likewise cannot provide evidence that Grande had knowledge of infringement.

Finally, it is undisputed that Grande had no way of verifying the unsupported allegations in Rightscorp's notices. *See* Grande's Obj. to R&R at 18 (ECF No. 252); Boswell Dep. Tr. 1332:3-21 (ECF No. 130-2). Rightscorp's notices therefore cannot demonstrate Grande's knowledge of copyright infringement—whether actual, constructive, or based on the notion of

"willful blindness"—as a matter of law.  Even if Grande were capable of verifying Rightscorp's allegations, there is no authority holding that Grande has an affirmative duty to investigate allegations of infringement in an attempt to ascertain whether they are legitimate.  *See* Grande's Objections to R&R (ECF No. 252) at 18.  Furthermore, given that Rightscorp's notices did not ask Grande to do anything other than forward the notice, it would be particularly unreasonable to base Grande's liability on a failure to terminate the accounts of subscribers in response to those notices.  *See* Sample Rightscorp Notices (ECF No. 140-2).

For these reasons, Plaintiffs have failed to demonstrate that they are entitled to judgment as a matter of law on the issue of Grande's knowledge of direct copyright infringement, and the Court should therefore overrule Plaintiffs' objection on this issue.

## **CONCLUSION**

For the foregoing reasons, the Court should overrule Plaintiffs' Objections to the Report and Recommendation Regarding Plaintiffs' Cross-Motion for Summary Judgment as to Liability (ECF No. 250), and enter an order denying Plaintiffs' Cross-Motion for Summary Judgment as to Liability (ECF No. 172) and granting Grande's Motion for Summary Judgment (ECF No. 140) as to Plaintiffs' allegations of direct infringement of their reproduction rights.

Dated: January 23, 2019

                        Respectfully submitted,

                    By: /s/ Zachary C. Howenstine
                        Richard L. Brophy
                        Zachary C. Howenstine
                        Margaret R. Szewczyk
                        Armstrong Teasdale LLP
                        7700 Forsyth Blvd., Suite 1800
                        St. Louis, Missouri 63105
                        Telephone: 314.621.5070
                        Fax: 314.621.5065
                        rbrophy@armstrongteasdale.com
                        zhowenstine@armstrongteasdale.com
                        mszewczyk@armstrongteasdale.com

                        J. Stephen Ravel
                        Texas State Bar No. 16584975
                        J.R. Johnson
                        Texas State Bar No. 24070000
                        Diana L. Nichols
                        Texas State Bar No. 00784682
                        Kelly Hart & Hallman LLP
                        303 Colorado, Suite 2000
                        Austin, Texas 78701
                        Telephone: 512.495.6429
                        Fax: 512.495.6401
                        steve.ravel@kellyhart.com
                        jr.johnson@kellyhart.com
                        diana.nichols@kellyhart.com

                        Attorneys for Defendant GRANDE
                        COMMUNICATIONS NETWORKS
                        LLC