IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| UMG RECORDINGS, INC., *et al.*, § <br> §<br> Plaintiffs, § <br> §<br> vs. § <br> §  Civil Action No. 1:17-cv-00365-DAE-AWA<br> §<br> GRANDE COMMUNICATIONS § <br> NETWORKS LLC, § <br> §<br> Defendant. § <br> § | |

**REPLY IN SUPPORT OF PLAINTIFFS' OBJECTIONS TO THE
REPORT AND RECOMMENDATION REGARDING
SUMMARY JUDGMENT [DKT. 240]**

**INTRODUCTION**

As set forth in Plaintiffs' Objections [Dkt. 250], Magistrate Judge Austin's analysis of the law and the facts should have led to only one conclusion: that there were no genuine issues of material fact and, thus, Grande is liable for knowingly contributing to its subscribers' massive infringement of Plaintiffs' copyrighted sound recordings. In its Response to Plaintiffs' Objections [Dkt. 258] ("Resp."), Grande once again repeats the same unavailing arguments about reliance on the Rightscorp evidence. But the courts and jury in *Cox* resoundingly rejected those arguments, and the Magistrate Judge in the instant case made findings establishing that the evidence is more than sufficient to impose liability. Grande has no valid answer to these facts. Accordingly, the Court should modify the Report and Recommendation regarding Motions for Summary Judgment [Dkt. 240] ("Report"), to (1) deny Grande's motion for summary judgment on Plaintiffs' reproduction copyright claims, and (2) grant summary judgment in favor of Plaintiffs on Grande's liability for contributory infringement.

# ARGUMENT

I. **GRANDE FAILS TO REBUT THAT IT IS NOT ENTITLED TO SUMMARY JUDGMENT ON PLAINTIFFS' REPRODUCTION COPYRIGHT CLAIMS.**

**Plaintiffs did not waive their reproduction claims.** Grande asserts that Plaintiffs waived their arguments concerning their reproduction rights claims. Resp. at 2-3. But as Plaintiffs showed in their Objections, that is incorrect. In their Opposition and Cross-Motion for Summary Judgment [Dkt. 172], Plaintiffs expressly asserted that their claims involve both online uploading (distribution), as well as downloading (reproduction), of Plaintiffs' works. *See* Objs. at 3 (quoting Opp. / Cross-Mot. at 10). Plaintiffs also responded to Grande's waiver argument in their summary judgment reply. Pls.' Reply at 2 fn.1 [Dkt. 209] ("Grande claims that Plaintiffs do not assert violations of Plaintiffs' reproduction rights under section 106(1), but that is not correct: Plaintiffs' suit targets both uploading (reproduction) and downloading (distribution) of copyrighted recordings. Pls.' Opp./Cross-Mot. at 10."). Indeed, the Report recognized that Plaintiffs "are claiming that Grande's subscribers ***downloaded and uploaded*** identical digital duplicates of the works." Report at 7 (emphasis added). The Report's own characterization of Plaintiffs' claims underscores the Report's error in concluding that Plaintiffs waived this claim.

**Grande's arguments against the reproduction claims lack any merit.** Grande again asks the Court to ignore the plain import of the massive infringement evidence Plaintiffs have submitted. Rightscorp detected over a million instances of Grande subscribers sharing copyrighted recordings over Grande's network; and Rightscorp downloaded tens of thousands of entire infringing audio files, including at least one full copy of each work in suit. Report at 1, 5-6, 8. Grande asks the Court to pretend none of this exists and to hold, instead, that this extensive infringement evidence does not permit a fact-finder to conclude that Grande subscribers obtained and copied Plaintiffs' works in violation of Plaintiffs' reproduction copyrights. The conclusion

Grande urges defies law and logic. The Court should sustain Plaintiffs' objections and deny Grande summary judgment on the reproduction claims.

## II. GRANDE FAILS TO REBUT PLAINTIFFS' SHOWING THAT THEY SHOULD BE GRANTED SUMMARY JUDGMENT AS TO GRANDE'S LIABILITY.

**Ownership.** First, Grande offers no reason why Plaintiffs should not be granted summary judgment as to the 421 copyrights (accounting for 806 recordings) for which Grande does not contest ownership/exclusive control. Plaintiffs' ownership of those works is undisputed. Second, while Grande asserts that it disputes Plaintiffs' ownership of the other 361 copyrights (accounting for the other 777 recordings), it has failed to present any evidence to support its position. Nor could it. Plaintiffs have submitted detailed evidence establishing that they own or exclusively control each of the works in suit. That evidence remains unrebutted. Originally, "Grande's only response [wa]s not to contest the validity of the evidence, but rather its timeliness." Report at 19. That argument was rejected. In its latest filings, Grande cites no new evidence to challenge Plaintiffs' ownership: tellingly, while Grande cites to pages 33-35 of its objections, *see* Resp. at 7, those portions contain no new information that would create a genuine dispute of fact. *See* Grande Objs. at 33-35 [Dkt. 252]. Plaintiffs' ownership has been conclusively established. The Court should therefore enter summary judgment that Plaintiffs own or control all of the copyrighted sound recordings in this suit.

**Direct infringement.** Grande fails to point to any genuine dispute that its subscribers infringed Plaintiffs' copyrighted sound recordings. Implicitly recognizing that its legal arguments were weak and properly rejected by the Magistrate Judge, Grande shifts to making the unsupported assertion that "Plaintiffs did not come forward with any direct evidence of direct infringement." Resp. at 8. That claim is demonstrably false. Rightscorp obtained a complete audio file, shared by one or more Grande subscribers, for each of the works in suit: "Rightscorp was able to download each of the songs from Grande subscribers." Report at 9. This is ***direct*** evidence of

unlawful distribution,[1] and it is unrebutted. Grande next tries to poke holes in the accuracy of the *notices* that Rightscorp sent, Resp. at 8, but Grande ignores the overwhelming evidence of direct infringement that the *downloaded files* supply. To this day, Grande has not identified any valid basis to doubt the downloaded files. There is no genuine issue of material fact in dispute: Grande subscribers infringed each of Plaintiffs' copyrighted sound recordings, and Plaintiffs are therefore entitled to summary judgment on the direct infringement element of their copyright claims.

**Material contribution.** Grande fares no better in trying to rebut Plaintiffs' entitlement to summary judgment that Grande knowingly contributed to its subscribers' massive infringement of Plaintiffs' copyrighted works. In its Response, Grande offers nothing new in trying to salvage its failed legal argument that *Metro–Goldwyn–Mayer Studios Inc. v. Grokster, Ltd.*, 545 U.S. 913, 914 (2005) abolished, *sub silentio*, well-established contributory infringement law. Instead, Grande misrepresents the outcome in *Cox*, claiming that the "district court *denied* the plaintiff's motion for summary judgment on contributory infringement…." Resp. at 10 (emphasis in original). But that is untrue. In *Cox*, the plaintiffs did not move for summary judgment on contributory liability. Instead, they "move[d] for partial summary judgment on two issues. First, Plaintiffs seek a ruling that they own the copyrights at issue. Second, Plaintiffs ask the Court to find as a matter of law that Cox is not entitled to protection under the DMCA's safe harbor provisions." *BMG Rights Mgmt. (US) LLC v. Cox Commc'ns, Inc.*, 149 F. Supp. 3d 634, 643 (E.D. Va. 2015), *aff'd in part, rev'd in part,* 881 F.3d 293 (4th Cir. 2018). The *Cox* court granted summary judgment on the second issue in full, and granted judgment to one of the two plaintiffs as to ownership (the other plaintiff was found to lack standing for reasons not relevant here).

---

[1] The Report incorrectly characterizes the downloaded files as "circumstantial" evidence that Grande subscribers were directly infringing Plaintiffs' works. But, as even Grande recognizes, "a Grande subscriber *upload[ing]* copyrighted material to a third party using Grande's network" is infringement. Resp. at 3-4 (emphasis in original). The downloads that Rightscorp obtained from Grande are direct evidence of exactly that infringing activity.

More to the point, the relevant ruling from *Cox* is the district court's post-trial conclusion that "[t]here can be no question that the provision of high-speed internet service materially contributes to infringement via BitTorrent and that Cox had the means to withhold that assistance upon learning of specific infringing activity." *BMG Rights Mgmt. (US) LLC v. Cox Commc'ns, Inc.*, 199 F. Supp. 3d 958, 979 (E.D. Va. 2016).  The same is true for Grande: its undisputed provision of high-speed internet service to infringing subscribers is sufficient, as a matter of law, to hold Grande liable for material contribution.

**Knowledge of underlying infringement.**  Grande tries to dodge the overwhelming evidence of its knowledge by raising a host of after-the-fact lawyers' theories about the Rightscorp notices: the level of detail in the notices, Resp. at 11; incorrect legal assertions about whether the notices show infringement of distribution rights, *id.*; and inaccurate complaints that Grande could not verify the information in the notices, *id.* at 12.  But all of those quibbles miss the point.  Grande has no answer to the Magistrate Judge's conclusion that "***[i]t is Grande's employees' knowledge that matters, and the evidence is <u>undisputed</u> that those employees believed the notices reflected that many of Grande's customers were repeatedly infringing on copyrights.***"  Report on Plaintiffs' Motion for Partial Summary Judgment as to Safe Harbor Defense (December 18, 2018) [Dkt. 241], at 11 (emphasis added).  *See also* Pls' Objs. at 7-8.  In short, the evidence that Grande knew of its subscribers' infringement, yet chose to continue to facilitate that infringement, is overwhelming; no genuine dispute exists for the jury to resolve.

## CONCLUSION

For the reasons stated herein, as well as those in Plaintiffs' Objections and summary judgment briefing, the Court should (1) deny Grande summary judgment on Plaintiffs' reproduction copyright claim, and (2) grant Plaintiffs summary judgment that Grande is liable for contributory infringement.

Dated: January 30, 2019.

        Respectfully submitted,

      By:  */s/ Robert B. Gilmore*
Jonathan E. Missner (admitted *pro hac vice*)
Robert B. Gilmore (admitted *pro hac vice*)
Philip J. O'Beirne (admitted *pro hac vice*)
Michael A. Petrino (admitted *pro hac vice*)
**Stein Mitchell Beato & Missner LLP**
901 15th Street, N.W., Suite 700
Washington, DC 20005
Telephone: (202) 737-7777
Facsimile: (202) 296-8312
jmissner@steinmitchell.com
rgilmore@steinmitchell.com
pobeirne@steinmitchell.com
mpetrino@steinmitchell.com

Daniel C. Bitting (State Bar No. 02362480)
Paige A. Amstutz (State Bar No. 00796136)
**Scott Douglass & McConnico LLP**
303 Colorado Street, Suite 2400
Austin, TX 78701
Telephone: (512) 495-6300
Facsimile: (512) 495-6399
dbitting@scottdoug.com
pamstutz@scottdoug.com

***Attorneys for Plaintiffs***

## CERTIFICATE OF SERVICE

The undersigned certifies that on January 30, 2019, all counsel of record who are deemed to have consented to electronic service are being served with through the Court's ECF system.

*/s/ Daniel C. Bitting*
Daniel C. Bitting