IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| UMG RECORDINGS, INC., *et al.*, | § § § | |
| Plaintiffs, | § § | |
| vs. | § § | Civil Action No. 1:17-cv-00365-DAE-AWA |
| GRANDE COMMUNICATIONS NETWORKS LLC, | § § § § | |
| Defendant. | § § | |

**PLAINTIFFS' MOTION TO STRIKE AS UNTIMELY
THE "SUPPLEMENTAL" EXPERT REPORT OPINIONS OF DR. GEOFF COHEN
CONCERNING THE RIGHTSCORP DOWNLOADED AUDIO FILES AND NOTICES**

**INTRODUCTION**

On March 8, 2019—nearly seven months after the agreed-upon date for the disclosure of Dr. Geoff Cohen's expert opinions—Grande submitted a new report from Cohen.[1] Although Grande styled it as a "supplemental" report, in reality it is a substantial do-over of Cohen's opinions concerning the Rightscorp system. Nothing justifies this second bite at the apple, and allowing these new opinions so late in the proceedings would prejudice Plaintiffs. The Court should strike Cohen's new opinions concerning the Rightscorp system's downloaded audio files and notices as untimely.[2]

---

[1] Ex. A, Supplemental Expert Report of Geoff A. Cohen, Ph.D. ("Cohen Supp. Rpt."). Cohen submitted his original report on August 17, 2018, the date agreed upon by the parties for his disclosure (which was later than the date for Grande's other expert's disclosure), to permit Cohen to review the Rightscorp code and witness depositions.

[2] Specifically, the Court should strike as untimely the opinions set forth in Sections VI, VII, VIII, and X of the supplemental report (as well as the corresponding references to those opinions in the summary sections of the report). Plaintiffs are not moving to strike Cohen's opinions in his supplemental report concerning a small set of information produced after Cohen's original report; (1) a declaration and accompanying spreadsheet from RIAA's Jeremy Landis; (2) certain additional RIAA documents; and (3) the Rightscorp change revision logs. Plaintiffs reserve the

## BACKGROUND

During the expert discovery period, Grande and its expert chose not to analyze Rightscorp's system for obtaining downloads of audio files from infringing subscribers, as Cohen admitted in his deposition: "I did not specifically look at the actual operations of SampleIt2 and its operations relating to identification of -- of subscribers."[3] Instead, Grande claimed that the Court should disregard the Rightscorp-downloaded audio files,[4] even though Plaintiffs had referenced them in their complaint, produced them in discovery in 2017, identified them in an interrogatory response, and had their software expert, Barbara Frederiksen-Cross, discuss this aspect of the Rightscorp system in her own report to which Cohen was supposed to respond.[5] Cohen's original report also did not undertake any sort of meaningful examination of the Rightscorp notices, even though those notices were available to him at that time.[6]

Grande's strategy of ignoring this conclusive and damning evidence of its infringement backfired. In ruling on the summary judgment motions, this Court found that the Rightscorp-downloaded audio files and infringement notices are sufficient to negate Grande's asserted DMCA safe harbor defense and to send the contributory infringement claim to the jury. In addition, Grande faces a new problem: based on Cohen's failure to consider entire swaths of the Rightscorp system, Plaintiffs filed a *Daubert* motion to exclude Cohen's opinions in his original report that Rightscorp is "incapable of detecting uploads, downloads or actual sharing on peer-to-peer networks."[7]

---

right to move to exclude these and Cohen's other opinions in the supplemental report on *Daubert* grounds.
[3] Deposition of Dr. Geoff Cohen ("Cohen Dep.") at 128:22-25 (Dkt. 233-2, Ex. B to Mot. to Exclude Cohen).
[4] Grande's Reply I/S/O Mot. for S.J. and Opp. to Pls.' Cross-Mot. for S.J., at 3 & fn.4, 14-15 (Dkt. 201).
[5] Pls' Opp. to Grande's Mot. for S.J. and Cross-Mot. for S.J., at 13 & fn.7 (Dkt. 172).
[6] Cohen Dep. at 191-93 (Dkt. 233-2, Ex. B to Mot. to Exclude Cohen).
[7] Aug. 17, 2018 Expert Report of Geoff A. Cohen, Ph.D. ¶ 25 (Dkt. 232-1, Ex. A to Mot. to Exclude Cohen).

Now that its original strategy regarding the Rightscorp evidence has failed, Grande has done an about-face. Grande has submitted a "supplemental report" from Cohen that proffers an entirely new set of opinions concerning the Rightscorp system—***all of which are opinions Cohen could have submitted last year, but which Grande and Cohen purposefully chose not to***. The supplemental report sets forth various untimely and improper new opinions, including:

- an entirely new purported assessment of the "Rightscorp Peer Download Process";[8]

- an entirely new purported analysis of the hard drive of downloaded files that Plaintiffs produced in November 2017 and which Cohen mentioned briefly in his August 2018 report;[9]

- an entirely new purported assessment of the Rightscorp notices, entitled "Rightscorp Notices are Unreliable and Unsubstantiated;"[10] and

- an entirely new comparison of the hard drive of audio files and the notices, entitled "The Hard Drive Fails to Substantiate the Notices."[11]

The information upon which these new opinions are based was available to Grande and Cohen when Cohen submitted his original report in August 2018. If Grande wanted to submit these opinions, it could and should have done so then—but now it is simply too late.

## ARGUMENT

**THE SUPPLEMENTAL REPORT IS UNTIMELY AND SHOULD NOT BE PERMITTED.**

Grande is not entitled to re-do its expert case because its chosen litigation strategy of ignoring the central Rightscorp evidence failed. Federal Rule of Civil Procedure 26 requires that experts' initial reports contain "a complete statement of all opinions the witness will express and

---

[8] Ex. A, Cohen Supp. Rpt. § VI, pp. 12-18.
[9] *Id.* § VII, pp. 18-25.
[10] *Id.* § VIII, pp. 25-34.
[11] *Id.* § X, pp. 36-41.

the basis and reasons for them[.]" Fed. R. Civ. P. 26(a)(2)(B)(i). Rule 26(e)'s provision for supplementing disclosures is not a license for an expert to take a mulligan when his initial report is deficient. "The purpose of rebuttal and supplementary disclosures is just that—to rebut and to supplement. These disclosures are not intended to provide an extension of the deadline by which a party must deliver the lion's share of its expert information." *Sierra Club, Lone Star Chapter v. Cedar Point Oil Co. Inc.*, 73 F.3d 546, 571 (5th Cir. 1996) (affirming district court's exclusion of rebuttal and supplemental reports) (emphasis added). *See also Brennan's Inc. v. Dickie Brennan & Co., Inc.*, 376 F.3d 356, 375 (5th Cir. 2004) (a "subsequent report [that] was not really 'supplemental' but instead effectively replaced the earlier report" would not be proper supplementation under Rule 26(e) and therefore would be untimely).

"Under Rule 37(c), Defendant[] [is] not permitted to use the information in the Supplemental Report unless the failure to timely disclose the report's contents was either 'substantially justified' or 'harmless.'" *Cutler v. Louisville Ladder, Inc.*, No. CIV. 4:10-4684, 2012 WL 2994271, at *4 (S.D. Tex. July 20, 2012) (citing Fed. R. Civ. P. 37(c)). "When a party violates a discovery order, district courts consider four factors in determining whether excluding expert designations is warranted: '(1) the explanation, if any, for the party's failure to comply with the discovery order; (2) the prejudice to the opposing party of allowing the witnesses to testify; (3) the possibility of curing such prejudice by granting a continuance; and (4) the importance of the witnesses' testimony.'" *Aubrey v. Barlin*, No. 1:10-CV-076-DAE, 2015 WL 6002260, at *5 (W.D. Tex. Oct. 14, 2015) (Ezra, S.J.) (excluding untimely opinions) (citing *Barrett v. Atl. Richfield Co.,* 95 F.3d 375, 380 (5th Cir. 1996) and *Sierra Club,* 73 F.3d at 569)). *See also Cutler*, 2012 WL 2994271 at *4 fn. 34.

These factors all weigh decisively in favor of striking Cohen's untimely opinions. *First*, Cohen's explanation for the timing of his new report does not withstand scrutiny. Cohen points to

depositions and declarations from Plaintiffs' witnesses that occurred after his initial report.[12] But none of that testimony justifies the wholesale new analyses regarding the Rightscorp evidence that Cohen and Grande have had since at least November 2017. Cohen also points to "logs from a source code revision control system" that Rightscorp produced on December 28, 2018, and to a spreadsheet summarizing information concerning sampled audio files, which Rightscorp produced on February 28, 2019.[13] However, Cohen admits that these two additional document productions were not the driver of his report.[14] The fact is that the core evidence Cohen analyzes in his supplemental report—the Rightscorp notices, downloaded audio files, and source code—was all available to him before he submitted his original report.

*Second*, it is prejudicial to Plaintiffs for Grande to offer a new attack on the Rightscorp system at this advanced stage of the case. Summary judgment is decided; *Daubert* motions on all experts are now fully briefed; and Plaintiffs expect that the case will soon be set for trial. Allowing Grande to present Cohen's supplemental report would impose significant burdens and expense on Plaintiffs: deposing Cohen again; having Plaintiffs' expert (Frederiksen-Cross) and the Rightscorp personnel analyze and refute Cohen's assertions; preparing a new report from Frederiksen-Cross; potentially dealing with Grande's request to depose Frederiksen-Cross again; and then having to submit a new round of *Daubert* briefing on Cohen's new opinions. All of this would have to occur while Plaintiffs are in the process of preparing for the upcoming trial, with all the work that entails. "The Fifth Circuit and other district courts have often considered additional expense as a factor

---

[12] Ex. A, Cohen Supp. Rpt. ¶ 2. Cohen incorrectly refers to a "supplemental expert report from Barbara Frederiksen-Cross[.]" *Id.* Frederiksen-Cross did not submit a "supplemental" report. Cohen is apparently referring to Frederiksen-Cross's *rebuttal* expert report, which the Court's scheduling order expressly permitted and which was appropriate for Plaintiffs to submit.
[13] *Id.* ¶¶ 3, 4.
[14] *Id.* ¶¶ 97, 121 & fn. 33, 124 & fn. 34, 131 & fn. 36 (stating that change revision logs provide no new material information); ¶ 4 (stating that spreadsheet "does not appear to include any material evidence over and above what was already present from the hard drive.").

weighing in favor of finding prejudice in this context." *Aubrey*, 2015 WL 6002260, at *6; *see also id.* at *7 ("The Court finds that requiring [the opposing party] to incur additional expenses in responding to new experts and testimony that [the proffering party] disclosed in violation of Judge Austin's order would result in prejudice to the [opponents] because they reasonably believed that they would not be required to participate in further discovery at that point.").

*Third*, while the Court has not yet set the new trial date, as it stands now, the parties are ready to proceed to trial once the Court rules on the pending, fully-briefed, *Daubert* motions. Allowing the significant expansion of expert discovery that Grande's new opinions from Cohen will entail, however, can only serve to even further prolong the resolution of this case.

*Fourth*, Cohen's new proffered opinions are not important enough to justify their submission at this late date. If they were truly important, Grande and Cohen would have submitted these opinions in August 2018. Plaintiffs also strongly dispute the accuracy or validity of Cohen's purported new analyses—nothing will be gained from allowing new opinions that are incorrect. Regardless, as this Court has observed, "[t]he Fifth Circuit has held that '[t]he importance of such proposed testimony cannot singularly override the enforcement of local rules and scheduling orders.'" *Aubrey*, 2015 WL 6002260 at *8 (citing *Barrett*, 95 F.3d at 381). At trial, counsel for Grande can explore during cross-examination of Rightscorp witnesses the supposed criticisms of the Rightscorp system that Cohen levels in his new report. But Cohen's entirely new opinions—ones he could have offered long ago—should not be permitted.

## CONCLUSION

Grande's attempted do-over of Cohen's opinions regarding the Rightscorp system is untimely, improper, and highly prejudicial to Plaintiffs. For all of the foregoing reasons, the Court should strike the opinions identified above in Cohen's purported March 8, 2019 "supplemental" report.

Dated: April 16, 2019  Respectfully submitted,

By: */s/ Robert B. Gilmore*
Jonathan E. Missner (admitted *pro hac vice*)
Robert B. Gilmore (admitted *pro hac vice*)
Philip J. O'Beirne (admitted *pro hac vice*)
Michael A. Petrino (admitted *pro hac vice*)
**Stein Mitchell Beato & Missner LLP**
901 15th Street, N.W., Suite 700
Washington, DC 20005
Telephone: (202) 737-7777
Facsimile: (202) 296-8312
jmissner@steinmitchell.com
rgilmore@steinmitchell.com
pobeirne@steinmitchell.com
mpetrino@steinmitchell.com

Daniel C. Bitting (State Bar No. 02362480)
Paige A. Amstutz (State Bar No. 00796136)
**Scott Douglass & McConnico LLP**
303 Colorado Street, Suite 2400
Austin, TX 78701
Telephone: (512) 495-6300
Facsimile: (512) 495-6399
dbitting@scottdoug.com
pamstutz@scottdoug.com

***Attorneys for Plaintiffs***

7

## CERTIFICATE OF CONFERENCE

I certify that my colleague Philip J. O'Beirne and I met and conferred in writing and by telephone with counsel for Grande in a good-faith effort to resolve the matters that are the subject of this motion, but the parties were unable to resolve the motion because Grande refused to withdraw the proffered opinions of its expert that this motion seeks to strike as untimely.

/s/ Robert B. Gilmore
Robert B. Gilmore

## CERTIFICATE OF SERVICE

The undersigned certifies that on April 16, 2019, all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system pursuant to Local Rule CV-5(b)(1).

/s/ Daniel C. Bitting
Daniel C. Bitting