/IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| UMG RECORDINGS, INC., *et al.*, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| vs. | § | Civil Action No. 1:17-cv-00365-DAE-AWA |
| | § | |
| GRANDE COMMUNICATIONS | § | |
| NETWORKS LLC, | § | |
| | § | |
| Defendant. | § | |
| | § | |

**REPLY IN SUPPORT OF PLAINTIFFS' MOTION TO STRIKE AS UNTIMELY THE "SUPPLEMENTAL" EXPERT REPORT OPINIONS OF DR. GEOFF COHEN CONCERNING THE RIGHTSCORP DOWNLOADED AUDIO FILES AND NOTICES**

**INTRODUCTION**

In the wake of losing Grande's summary judgment motion, and facing a *Daubert* challenge to Cohen's original, half-baked, Rightscorp opinions, Grande and Cohen have tried to salvage their case by completely reinventing those opinions. None of Grande's arguments in defense of its effort, either on timeliness or lack of prejudice, has any merit. The truth is that Grande and Cohen could and should have included the challenged opinions in his August 17, 2018 report, as they are based on evidence that Grande had received and knew of well before that initial report. And the prejudice to Plaintiffs is substantial: being forced to respond to an entirely new critique of Rightscorp's system, after having already completed rounds of expert reports, depositions, and *Daubert* briefing, with all the additional time and expense that doing so will require. The Court, therefore, should strike as untimely the opinions and supposed analyses set forth in Sections VI, VII, VIII and XI of Cohen's supplemental report.

# ARGUMENT

## I.   GRANDE FAILS TO REBUT THAT COHEN'S CHALLENGED OPINIONS ARE UNTIMELY.

Grande raises a host of excuses and post-hoc justifications for the untimeliness of Cohen's supplemental report. But the irrefutable fact that disposes of Grande's response is this: Plaintiffs produced the relevant evidence for all of the challenged new opinions—the hard drive files, the notices, and the source code—well before Cohen served his initial report on August 17, 2018. Grande and Cohen chose to ignore the evidence at that time. Grande's proffered reasons for Cohen's do-over do not withstand the slightest scrutiny.

Grande contends that Cohen "had no reason to address the hard drive files when he served his initial *rebuttal* report." Opp. at 2 (emphasis added). But Cohen's August 17, 2018 report was not a "rebuttal" report (nor was it styled as one). It was Cohen's opening report, and it did more than simply respond to Plaintiffs' experts.[1] As such, that report was required to include *all* of the opinions the expert intended to present. *See* Fed. R. Civ. P. 26(a)(2)(B); *see also Sierra Club, Lone Star Chapter v. Cedar Point Oil Co. Inc.*, 73 F.3d 546, 571 (5th Cir. 1996) (affirming striking of untimely supplemental report that contained opinions which should have been included in initial report); *Brennan's Inc. v. Dickie Brennan & Co., Inc.*, 376 F.3d 356, 375 (5th Cir. 2004) (same). Indeed, Grande had its other expert, Jonathan Kemmerer, undertake an analysis of the Rightscorp notices and the hard drive files in his initial report (some of the very same evidence that Cohen chose to ignore),[2] belying the notion that Grande believed it could defer its experts' analyses of that information until some unspecified later date.

---

[1] Aug. 17, 2018 Expert Report of Geoff A. Cohen, Ph.D., p. 1 title & ¶ 25 (Dkt. 232-1, Ex. A to Mot. to Exclude Cohen).

[2] Aug. 3, 2018 Expert Report of Jonathan Kemmerer ¶¶ 33-37, 51 (discussing the "hard drive produced by RIAA"), App'x D (Dkt. 265-1, Ex. A to Pls.' Mot. to Exclude J. Kemmerer Opinions).

Grande also mischaracterizes the scope of Cohen's new opinions, claiming that they related wholly to "a hard drive of files that Rightscorp, Plaintiffs' litigation consultant, claims to have downloaded from users of Grande's network." Opp. at 1. That is untrue: Plaintiffs also challenge as untimely Cohen's entirely new assessment of the Rightscorp system, entitled the "Rightscorp Peer Download Process,"[3] and an entirely new assessment of the Rightscorp notices, entitled "Rightscorp Notices are Unreliable and Unsubstantiated."[4] *See* Mot. at 3 (Dkt. 271). Grande does not even mention these opinions in its opposition, implicitly conceding that they are untimely.

Furthermore, Grande is incorrect that Plaintiffs' technical expert, Barbara Frederiksen-Cross, did not discuss the Rightscorp downloads in her initial report. In fact, she addressed this aspect of the Rightscorp system at length. To take just one example, at paragraph 122 of her report, Frederiksen-Cross opined that:

> Rightscorp collects and stores samples of the copyrighted works that Grande subscribers share, and the Rightscorp system can also be used to periodically resample the same works over time from the same Grande subscriber in order create an evidentiary record documenting a subscriber's continued abuse. The Rightscorp system confirms the identity of the songs it downloads from Grande subscribers using AcoustID and it also confirms the torrent with AcoustID before it sends infringement notices.[5]

As Plaintiffs have pointed out multiple times in the past, Grande also is wrong that Plaintiffs did not identify their reliance on this evidence. To the contrary, Plaintiffs identified the downloaded audio files (the contents of the hard drive) in their complaint, addressed them at oral argument on the Defendants' motions to dismiss, disclosed them in an interrogatory response, discussed them

---

[3] Ex. A, Cohen Supp. Rpt. § VI, pp. 12-18.
[4] *Id.* § VIII, pp. 25-34.
[5] July 28, 2018 Expert Report of Barbara Frederiksen-Cross ¶¶ 122, 60-69 (Dkt. 172-8, Ex. H to Pls' Opp. to Grande's Mot. for S.J. and Pls.' Cross-Mot. for S.J.).

in expert reports, and relied on them in summary judgment.[6] Grande and Cohen decided to ignore grappling with this evidence at their peril.

Nor does Grande justify Cohen's re-do of his opinions by claiming that "Plaintiffs produced an array of additional evidence regarding the hard drive files after Dr. Cohen served his initial report, and his supplemental opinions directly address and respond to this later-produced evidence." Opp. at 1. The declarations from Greg Boswell and Barbara Frederiksen-Cross that Grande cites, *see id.* at 5, do not contain any substantially new information, but rather respond to incorrect assertions that Grande leveled in its motion for spoliation sanctions. Grande either knew the content of those declarations from its depositions of Rightscorp personnel (and Frederiksen-Cross), or could have questioned them on the topics (instead of following its gambit of pretending the evidence was nonexistent).[7] Similarly, Cohen himself dismissed as cumulative the spreadsheet that Rightscorp produced on February 27, 2019 (as Grande does in its brief, *see* Opp. at 6 fn. 7). Grande cannot plausibly maintain that the spreadsheet prompted (let alone justifies) Cohen's analysis of the Rightscorp downloaded files that he could have undertaken months before the spreadsheet was produced.[8]

In sum, Grande and Cohen chose, for litigation strategy reasons, to pretend as if the evidence did not exist; now that this strategy has failed, Grande seeks a do-over of Cohen's analyses. That is improper and unwarranted.

---

[6] *See* Dkt. 209, Pls.' Reply I/S/O Cross-Mot. for S.J., at 5 & cited exhibits/filings.

[7] Grande claims that Plaintiffs' willingness to make Boswell available for a brief additional deposition somehow undercuts Plaintiffs' motion to strike Cohen's supplemental report. As Grande knows, however, Plaintiffs disputed Grande's entitlement to the deposition, and agreed to it only to avoid Grande once again "burdening the Court with unnecessary motions practice." Ex. B, Apr. 4, 2019 Gilmore Email to Howenstine.

[8] Dkt. 274-2, Excerpts from G. Cohen Deposition (Ex. 1 to Grande Opp.). Grande argues that by raising the intended new analysis at his November 9, 2018 deposition (which occurred nearly three months after his report was served), Grande somehow eliminated the prejudice to Plaintiffs. Opp. at 9. That contention goes unexplained and makes no sense.

II.     **GRANDE FAILS TO REBUT THAT PLAINTIFFS WOULD BE SEVERELY AND UNFAIRLY PREJUDICED IF COHEN'S UNTIMELY OPINIONS ARE ALLOWED.**

Grande fares no better in attempting to dismiss the harm Plaintiffs face if Cohen is allowed to present his opinions. To be clear, Cohen's purported analyses are deeply flawed, just like the makeweight criticisms of Rightscorp that he previously leveled. But the point is that in order to respond to them thoroughly, Plaintiffs will need to incur substantial time and expense deposing Cohen again; having Frederiksen-Cross prepare and submit a new rebuttal report; defending Frederiksen-Cross's deposition if Grande seeks to question her about that new report; and then submitting an entirely new round of *Daubert* briefing on Cohen's new expert opinions (and potentially Frederiksen-Cross's new opinions, too). "[R]equiring [Plaintiffs] to incur additional expenses in responding to new experts and testimony that [Grande] disclosed in violation of [the Court's scheduling order] would result in prejudice to the [Plaintiffs] because they reasonably believed that they would not be required to participate in further discovery at that point." *Aubrey v. Barlin*, No. 1:10-CV-076-DAE, 2015 WL 6002260, at *5 (W.D. Tex. Oct. 14, 2015) (Ezra, S.J.)

Grande claims that it "would be severely prejudiced if it were prohibited from offering these opinions at trial, given the central importance of the hard drive files to the Court's summary judgment rulings." Opp. at 10. But that alleged problem is belied by the facts, and in any event is entirely of Grande's own making. Grande filed its summary judgment motion, claiming it was entitled to judgment as a matter of law, without any of Cohen's new, untimely, opinions about the Rightscorp system. Losing at summary judgment does not justify a party's wholesale reworking of its expert's opinions to address that loss.

## CONCLUSION

For the foregoing reasons, as well as those in Plaintiffs' motion, the Court should strike the opinions identified above in Cohen's purported March 8, 2019 "supplemental" report.

Dated: May 7, 2019                    Respectfully submitted,

                                      By: */s/ Robert B. Gilmore*
                                      Jonathan E. Missner (admitted *pro hac vice*)
                                      Robert B. Gilmore (admitted *pro hac vice*)
                                      Philip J. O'Beirne (admitted *pro hac vice*)
                                      Michael A. Petrino (admitted *pro hac vice*)
                                      **Stein Mitchell Beato & Missner LLP**
                                      901 15th Street, N.W., Suite 700
                                      Washington, DC 20005
                                      Telephone: (202) 737-7777
                                      Facsimile: (202) 296-8312
                                      jmissner@steinmitchell.com
                                      rgilmore@steinmitchell.com
                                      pobeirne@steinmitchell.com
                                      mpetrino@steinmitchell.com

                                      Daniel C. Bitting (State Bar No. 02362480)
                                      Paige A. Amstutz (State Bar No. 00796136)
                                      **Scott Douglass & McConnico LLP**
                                      303 Colorado Street, Suite 2400
                                      Austin, TX 78701
                                      Telephone: (512) 495-6300
                                      Facsimile: (512) 495-6399
                                      dbitting@scottdoug.com
                                      pamstutz@scottdoug.com

                                      ***Attorneys for Plaintiffs***

## **CERTIFICATE OF SERVICE**

The undersigned certifies that on May 7, 2019, all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system pursuant to Local Rule CV-5(b)(1).


*/s/ Daniel C. Bitting*
Daniel C. Bitting