IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| UMG RECORDINGS, INC., *et al.*, | § |
| Plaintiffs, | § |
| vs. | § Civil Action No. 1:17-cv-00365-DAE-AWA |
| GRANDE COMMUNICATIONS NETWORKS LLC, | § |
| Defendant. | § |

**PLAINTIFFS' OPPOSITION TO DEFENDANT GRANDE COMMUNICATIONS NETWORKS LLC'S MOTION FOR LEAVE TO FILE SUPPLEMENTAL BRIEF IN SUPPORT OF MOTION FOR EVIDENTIARY SANCTIONS**

**INTRODUCTION**

This Court has repeatedly rejected Grande's challenges to Plaintiffs' evidence of infringement, including specifically the sufficiency of the Rightscorp data. Grande's latest "supplemental" brief simply re-packages the same meritless arguments that Grande has made in the past. Indeed, as explained below, most of so-called "new" evidence was available to Grande before it completed its original briefing on the spoliation motion. There is no good reason for Grande to further burden the Court with yet more paper in service of Grande's misguided effort to exclude the Rightscorp evidence. The "supplemental" brief fares no better than Grande's many attacks that preceded it. The motion for leave to file the brief should be denied.

**ARGUMENT**

I. **THE COURT ALREADY HAS INDICATED THAT GRANDE'S SANCTIONS MOTION SHOULD BE DENIED.**

In its March 15, 2019 Order Adopting the Magistrate Judge's Report and Recommendation Regarding Summary Judgment [Dkt. 268] ("S.J. Order")—issued after Grande filed its sanctions

1

motion—the Court addressed and rejected Grande's argument that the Rightscorp evidence is inadmissible because of Rightscorp's supposed evidence destruction:

> Grande argues that the Rightscorp evidence is precluded by the best evidence rule because "Rightscorp destroyed all records of its manual verification process, including any records of the alleged "original" songs that were used for comparison." (Dkt. # 247 at 7; see also Dkt. # 252 at 29.) This argument is best suited for the trial context. … Moreover, even if the "original" evidence has been destroyed by the proponent, other evidence of content is admissible unless the destruction was the result of "the proponent acting in bad faith." Fed. R. Evid. 1004. First, the alleged destruction was done by Rightscorp, which is not a party to this action, not the Plaintiffs, who are the proponents of the evidence at summary judgment and would be the proponents at trial. Second, Grande has presented no evidence that Rightscorp destroyed these "originals" at the behest of Plaintiff. In fact, Grande's own motion for sanctions states that the RIAA, the trade group of Plaintiffs, "requires the BitTorrent monitoring company working on behalf of Plaintiffs to preserve all of this data as part of its copyright infringement evidence package." (Dkt. # 247 at 7.) Nor did Grande present any evidence or argument that the originals were destroyed in bad faith. (See id.)

S.J. Order at 29-30 fn. 4.  The Court went on to note that

> Grande again reiterates its best evidence rule argument related to Rightscorp song matching and downloading evidence. (See Dkt. # 252 at 34.) The Court has already addressed this argument and found it unpersuasive. See FN 4, supra.

*Id.* at 39 fn. 5.  The same analysis applies to Grande's proposed supplemental brief: Grande's arguments can be raised in the trial context; there is no evidence of bad faith; and no evidence was destroyed at the behest of Plaintiffs.  Nothing in the so-called "new evidence" that Grande cites in its motion warrants revisiting the Court's conclusion that Grande's arguments are "unpersuasive."

**II.   GRANDE MISCHARACTERIZES WHEN IT RECEIVED THE EVIDENCE FOR WHICH IT CLAIMS IT NEEDS SUPPLEMENTAL BRIEFING.**

Grande claims that "essential information regarding the Rightscorp System was not available to Grande prior to the deadline for filing its Reply brief." Mot. for Leave [Dkt. 281] at 1. But that claim is incorrect.  Nearly all of the materials Grande references in its motion for leave, *id.*, were given to Grande before it filed its reply on January 31, 2019 [Dkt. 260]: the "three declarations submitted by Mr. Boswell" were filed on September 11, 2018, October 15, 2018, and

January 17, 2019, respectively; the "rebuttal report and subsequent declaration submitted by Plaintiffs' technical expert, Ms. Barbara Frederiksen-Cross, which relied on conversations with Mr. Boswell," were submitted on August 31, 2018 and January 17, 2019, respectively; the "source code change logs for the Rightscorp System," were produced on December 28, 2018; and "a series of contracts, bid proposals and related notes involving the RIAA and Rightscorp" were produced on January 25, 2019. Grande fails to explain why it could not have addressed these materials in its opening or reply briefs filed in January.

The only items Grande lists that post-dated its reply brief are "a spreadsheet reflecting certain outputs from the Rightscorp System," which Grande received on February 27, 2019, and the supplemental deposition of Rightscorp employee Greg Boswell, which occurred on June 26, 2019. Grande does not even reference the former in its proposed supplemental brief; and, as explained below, its discussion of Mr. Boswell's deposition testimony is incomplete and misleading.

**III. GRANDE MISSTATES THE SUBSTANCE OF THE "NEW" EVIDENCE AND ITS IMPORTANCE FOR ITS SANCTIONS MOTION AND THE CASE IN GENERAL.**

Grande first claims that "Rightscorp and Plaintiffs Destroyed All of the Infringement Evidence They Allegedly Collected from Grande's Subscribers." Supp. Brief [Dkt. 281-2] at 1. As an initial matter, Grande's assertion about "Plaintiffs" is completely unsupported. Grande fails to point to any involvement by Plaintiffs in Rightscorp's supposed conduct. Indeed, per above, the Court already has observed that there is no evidence Plaintiffs were involved. Moreover, Grande's brief on this issue simply asserts that Mr. Boswell confirmed Rightscorp does not retain this information, *see id.* at 3, and then reargues the points Grande already made in its original spoliation motion about why this is significant. Significantly, however, Grande did not elicit testimony from Mr. Boswell that contradicts what Plaintiffs, Mr. Boswell, and Barbara

3

Frederiksen-Cross explained in Plaintiffs' opposition to Grande's original motion: "Grande asserts that 'Rightscorp uses this data ["bitfield, "have," "request," and "choke" data]—and this data alone—to conduct its infringement analysis against Grande's subscribers.' That is incorrect: Rightscorp does not use the latter three data categories in its operation.  Finally, the bitfield information is cumulative of the Rightscorp notices and is not required to evaluate the system's operation." Pls' Opp. to Grande Mot. for Sanctions [Dkt. 253] at 9 (internal citations omitted).

In fact, the "new evidence" from Mr. Boswell actually supports Plaintiffs' argument, not Grande's.  In portions of his supplemental deposition testimony that Grande **did not** put before the Court, Mr. Boswell confirmed Plaintiffs' argument with regard to the bitfield data: "We have generated a notice because we said, hey, we want – we want to know what you have – present the data that they have and they give us our bit field and we compare our bit field and generate a notice." Ex. 1, Boswell Dep. at 432:10-13.  Grande claims "Plaintiffs make the specious argument that bitfield data is 'cumulative' of Rightscorp's notices, but Mr. Boswell confirmed—as he must—that Rightscorp's notices do not contain bitfield information." Supp. Br. at 3 fn. 4.  But this elides Plaintiffs' point: the bitfield information is simply a binary yes/no answer with respect to whether a subscriber "is offering the full work." B. Frederiksen-Cross Decl. [Dkt. 254-1] ¶¶ 30-32.  That information *is* captured when the Rightscorp system generates a notice reflecting that the subscriber has offered the work identified in the notice.  *Id.*

Grande also ignores the various other sources of information that corroborate the validity of the notices, such as: the source code showing how the Rightscorp system generates notices; audio files downloaded by Rightscorp that correspond with the notices; and Ms. Frederiksen-Cross's independent testing of the Rightscorp system's ability to detect infringement (something Grande and its expert never did).  Grande thus is incorrect when it asserts that "[w]ithout the information exchanged between Rightscorp and the subscriber's computer, it is impossible to

refute or validate the bare allegations set forth in Rightscorp notices." Supp. Br. at 4. There is no meaningful information that Grande lacks for evaluating the Rightscorp notice system.[1]

Grande next claims that "Rightscorp and Plaintiffs Destroyed All of the Evidence Reflecting Failed Attempts to Download Files from Grande's Subscribers." Supp. Br. at 4.[2] According to Grande, "Mr. Boswell admitted that Rightscorp initially stores data reflecting failed download attempts on a hard drive, but that the system is designed to subsequently delete all of this material evidence. *See* Ex. 2 at 439:24–442:2." Supp. Br. at 5. But Grande's assertion is false. Mr. Boswell testified unequivocally that Rightscorp never records instances of failed download data in the first place (to the extent they even occur), and thus cannot be said to have "delet[ed] all of this material evidence" as Grande asserts:

> Q. There are instances in which SampleIt2 is instructed to go out and get a file and doesn't get it; right?
> A. Yes.
> Q. Okay. Do you record those instances?
> A. No.
> Q. Is there any evidence relating to how frequently SampleIt2 attempts to download a file and fails?
> A. No.

---

[1] As it did in its original spoliation motion, Grande refers to an eight-year-old agreement between RIAA and another company, MarkMonitor, as supposed support for its argument that the data packet information is important and should be preserved. Supp. Br. at 2. But the Court already held that this sort of evidence concerning other infringement detection companies related to voluntary agreements with other ISPs is irrelevant. Order at 3 [Dkt. 191]. And as Frederiksen-Cross explained, comparisons between Rightscorp and MarkMonitor are misleading and inapposite. B. Frederiksen-Cross Decl. [Dkt. 254-1] ¶¶ 5-6. Nor does the fact that an RIAA request for proposal document—related to the same voluntary agreements with other ISPs, not including Grande—asked vendors to maintain "evidence packages" (Supp. Br. at 2) mean that without the raw data in those packages one cannot assess the Rightscorp system; as explained above and as Grande does not refute, the extensive information in the source code, the notices, and the downloaded files validate the Rightscorp system's effectiveness.

[2] Again, Grande falsely asserts that Plaintiffs destroyed evidence. In fact, Plaintiffs were not involved in Rightscorp's supposed conduct, and Grande points to no evidence to the contrary.

Ex. 2 to Brophy Decl. [Dkt. 281-4], Boswell Dep. at 439:24-440:8 (emphasis added).  Putting aside this mischaracterization of the evidence, Grande is simply wrong that instances where Rightscorp attempts to, but cannot, obtain an audio file are probative of the Rightscorp system's ability to detect infringement.  As Mr. Boswell explained in his deposition, there are multiple reasons why Rightscorp would be unsuccessful in obtaining an audio file having nothing to do with the reliability of the Rightscorp system, such as an "IP and port address is no longer on – they may have jumped off since [we first detected the user offering to distribute the file]."  Ex. 1, Boswell Dep. at 429:7-11.

Grande also raises the alleged disparity between the number of notices Rightscorp sent and the number of works it downloaded as a supposed indictment of the Rightscorp system.  Supp. Br. at 4-5.  This alleged disparity is a red herring.  It has nothing to do with spoliation of evidence, and is way off base.  That Rightscorp downloaded fewer files than it sent notices does not, as Grande tries in vain to argue, mean that "the targeted Grande subscriber did not actually possess—or was unwilling to share—the song at issue." *Id.* at 5.  As Mr. Boswell testified in his deposition, Rightscorp was only running "a very small pool" of "bots" to download Grande files during the relevant time frame.  Ex. 1, Boswell Dep. at 448:14-15.  And he explained, in no uncertain terms, that Rightscorp's file downloading "tool is just for the purposes of downloading a sample from someone randomly through the process. **It is not designed to go out and pound them every time a notice is generated to download another sample from someone. It's just a random sampling through the system.**" *Id.* at 522:23-523:3 (emphasis added).[3]

---

[3] Grande once again mischaracterizes the evidence when it claims that "[f]ailed download evidence is highly material to Plaintiffs' infringement claim. The RIAA knows this, which is why it requires all infringements be 'verified' before a notice is generated. *See, e.g.,* Ex. 1 (Rightscorp RFP Response) at RIAA_00060095 (verification requires, at a minimum, the commencement of a file download "to prove that the user was offering the file...")." Supp. Br. at 5 fn. 10.  But the RIAA RFP actually "requests responses on ***two possible methods of verification*** of infringements, namely … Full

## CONCLUSION

There is no good reason for Grande to be allowed to file its meritless supplemental brief in support of a sanctions motion that itself is without merit and which the Court already has indicated would not be granted. The Court should deny Grande's motion for leave.

Dated: July 26, 2019

Respectfully submitted,

By: */s/ Robert B. Gilmore*
Jonathan E. Missner (admitted *pro hac vice*)
Robert B. Gilmore (admitted *pro hac vice*)
Philip J. O'Beirne (admitted *pro hac vice*)
Michael A. Petrino (admitted *pro hac vice*)
**Stein Mitchell Beato & Missner LLP**
901 15th Street, N.W., Suite 700
Washington, DC 20005
Telephone: (202) 737-7777
Facsimile: (202) 296-8312
jmissner@steinmitchell.com
rgilmore@steinmitchell.com
pobeirne@steinmitchell.com
mpetrino@steinmitchell.com

Daniel C. Bitting (State Bar No. 02362480)
Paige A. Amstutz (State Bar No. 00796136)
**Scott Douglass & McConnico LLP**
303 Colorado Street, Suite 2400
Austin, TX 78701
Telephone: (512) 495-6300
Facsimile: (512) 495-6399
dbitting@scottdoug.com
pamstutz@scottdoug.com

***Attorneys for Plaintiffs***

---

Download Verification … [or] Hash Based Verification." Ex. 1 to Brophy Decl. [Dkt. 261-3], at RIAA_00060094-95 (emphasis added). As the Court itself acknowledged, Rightscorp's system performs hash based verification: "[t]he system uses 'hash values' to monitor BitTorrent networks to identify copies." Report and Recommendation [Dkt. 240] at 6.

## CERTIFICATE OF SERVICE

      The undersigned certifies that on July 26, 2019, all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system pursuant to Local Rule CV-5(b)(1).

                                                   */s/ Daniel C. Bitting*
                                                   Daniel C. Bitting