**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | |
|---|---|
| UMG RECORDINGS, INC., et al.,   )<br>   )<br>            Plaintiffs,   )<br>   )<br>vs.   )<br>   )<br>GRANDE COMMUNICATIONS   )<br>NETWORKS LLC,   )<br>   )<br>            Defendant.   )<br>   ) | No.  1:17-cv-00365-DAE-AWA |

**DEFENDANT GRANDE COMMUNICATIONS NETWORKS LLC'S**
**SUPPLEMENTAL BRIEF IN SUPPORT OF MOTION FOR EVIDENTIARY**
<u>**SANCTIONS BASED ON SPOLIATION OF RIGHTSCORP EVIDENCE**</u>

Defendant Grande Communications Networks LLC ("Grande") offers this Supplemental Brief in support of its Motion for Evidentiary Sanctions (ECF No. 247) to address important new evidence.  During a recent deposition, Rightscorp's software engineer admitted that Rightscorp and Plaintiffs deleted all of the infringement evidence they allegedly collected from Grande's subscribers—evidence Plaintiffs and their trade organization explicitly require monitoring entities to retain in "evidence packages."  He also admitted that Rightscorp and Plaintiffs deleted all evidence reflecting Rightscorp's failed attempts to substantiate its notices through the actual download of music files from Grande subscribers.  The spoliation of these vital categories of evidence continued for years *after* Rightscorp began working with Plaintiffs, and the purposeful destruction of this evidence significantly compromises Grande's ability to defend this case.

As the new testimony from Rightscorp's engineer confirms, Plaintiffs' allegations against Grande are based on a set of infringement notices that do not contain a shred of infringement evidence collected from a single Grande subscriber.  Nevertheless, Plaintiffs seek to offer those notices as evidence of infringement at trial, *having deleted all of the actual evidence from which the legitimacy of those notices might be tested*.  Given the highly relevant nature of the destroyed materials, and their unique importance in demonstrating the falsity of Rightscorp's infringement notices, the Court should infer that these materials were deleted in bad faith and should impose severe sanctions on Plaintiffs for spoliation.

### I. Rightscorp and Plaintiffs Destroyed All of the Infringement Evidence They Allegedly Collected from Grande's Subscribers

Rightscorp claims its system detects infringement by contacting individual subscriber computers and collecting evidence proving those computers are offering to distribute copyrighted music.  This process involves the transmission and receipt of a set of data packets between Rightscorp and the subscriber's computer.  Rightscorp sends packets that, among other

1

things, identify (1) the computer with which it is attempting to communicate, (2) the date and time on which the communication is attempted, and (3) the musical work about which Rightscorp is interested in receiving information. The subscriber's computer potentially responds to these inquiries by sending packets of its own that, among other things, identify (1) a "bitfield" that indicates whether the computer has the musical work in question; (2) "have" data which also provides information about whether the file resides on the computer; (3) "request" data which reflects whether the computer has a complete file; and (4) "choke" data which reflects the computer's willingness and ability to share files.

As explained in Grande's opening briefing, the foregoing data exchange is the *actual evidence* demonstrating whether a Grande subscriber is sharing protected works. *See* ECF No. 247 at 3-4. A subscriber is only potentially infringing if they actually respond to Rightscorp's overtures (*i.e.* send responsive data packets), confirm they have the work in question (*i.e.* send positive "bitfield" and "have" data), and indicate a willingness to share the work (*i.e.* send positive "choke" data and start offering the file).

Plaintiffs cannot legitimately dispute the importance of this data. Plaintiffs' trade organization, the RIAA[1], requires its infringement monitoring vendors to capture and store precisely this information in "evidence packages." *See, e.g.,* MarkMonitor Master Agreement (ECF No. 248-2) at MM0000023-24; Ex. 1[2] (Rightscorp RFP Response) at RIAA_00060096-97.[3] RIAA RFPs and contracts specify the list of materials its vendors must retain, including:

---

[1] RIAA has represented that it is coordinating this litigation on Plaintiffs' behalf by contracting for the use of Rightscorp's data. RIAA's Opp'n to Mot. to Compel at 2–3 (ECF No. 136).
[2] References to exhibits refer to those identified in the simultaneously filed Brophy Declaration.
[3] This is an RFP Response submitted by Rightscorp (previously known as "Digital Rights Corp.") to the RIAA. This document was produced by the RIAA after the close of discovery and

- *Where available, percentage of file shared (e.g. a user on Bittorrent sharing more than 20% of a file)*
- *All network packets exchanged with the target IP address during communication session*
- *Log of all control communication with the target*
- *Bit fields from BitTorrent users and other network users where applicable*

*Id.* at RIAA_00060097.

In his recent deposition, Rightscorp's software engineer confirmed that Rightscorp deleted all of the evidence listed above. He admitted that Rightscorp received and stored bitfield data on a hard drive, and then deleted it. *See* Ex. 2 (Boswell Dep. Tr. Vol. II) at 460:13-23; 461:8-20; 482:23-483:5.[4] He admitted that Rightscorp deleted all choke data.[5] *Id*. at 460:9-12. He also admitted that, across the board, Rightscorp deleted all of the data packets (which necessarily includes all bitfield, choke and other control communications) allegedly exchanged between Rightscorp and Grande's subscribers. *Id*. at 480:3-481:15.[6] During his deposition, Mr. Boswell also gave no indications that Rightscorp's deletion practices changed after Plaintiffs began working with Rightscorp in January of 2016. *See* ECF No. 173-96 (Plaintiffs' Response to Interrogatory 20).

---

after Grande first deposed Mr. Boswell. Grande was first able to address this document with Mr. Boswell in the recent deposition conducted on June 26, 2019.

[4] Plaintiffs make the specious argument that bitfield data is "cumulative" of Rightscorp's notices, but Mr. Boswell confirmed—as he must—that Rightscorp's notices do not contain bitfield information. *See* Ex. 2 at 470:4–6.

[5] Mr. Boswell previously executed a declaration admitting that Rightscorp received and reviewed "choke," "request," and "have" data. *See* ECF No. 253-1 at ¶ 6.

[6] Mr. Boswell claimed in one part of his deposition that it would be impossible to save the "massive" amount of data exchanged between Rightscorp and each Grande subscriber (Ex. 2 at 486:4-20), but he later admitted that the data exchanged with each subscriber was actually "under a K[ilobyte], under 2K[ilobytes]." *See* Ex. 2 at 487:23-488:5. It is also nonsensical for Mr. Boswell to suggest that storing this information would be impossible when (1) the RIAA required storage of that data as part of its RFP and (2) Rightscorp admitted it collected and stored that data "indefinitely" in its own response to the RIAA RFP. *See* Ex. 1 at RIAA_00060124 ("Currently, everything is retained indefinitely")

Because Rightscorp deleted all of the infringement evidence it allegedly collected from subscribers' computers, the notices that Rightscorp sent to Grande, and that Plaintiffs now rely on to prove infringement, do not contain any infringement evidence collected from a subscriber's computer. Mr. Boswell confirmed this in his deposition. Ex. 2 at 466:18-470:20. Without the information exchanged between Rightscorp and the subscriber's computer, it is impossible to refute or validate the bare allegations set forth in Rightscorp notices. Mr. Boswell confirmed this point when he recently admitted that he could not point to a single piece of evidence collected from a Grande subscriber to substantiate Rightscorp's notices. *See* Ex. 2 at 520:17-522:7.

## II. Rightscorp and Plaintiffs Destroyed All of the Evidence Reflecting Failed Attempts to Download Files from Grande's Subscribers

Plaintiffs argue, and the Court has seemingly accepted, that because Plaintiffs can present evidence that Rightscorp downloaded a number of music files from Grande subscribers, all of Rightscorp's notices were accurate. *See, e.g.*, ECF No. 268 at 34. The missing piece of this puzzle, however, is the evidence of how often Rightscorp ***tried and failed*** to download a file from a Grande subscriber after accusing that subscriber of offering to distribute the file.

There is a significant disparity between the volume of notices Rightscorp sent to Grande and the number of files it was able to download. Over the 22-month period in which Rightscorp claims to have been downloading files from Grande subscribers, Rightscorp sent 700,000 notices but was only able to download 59,000 files—a number that shrinks to 9,500 files after removing duplicate files downloaded from the same user.[7] *See* Ex. 3 (Cohen Supp. Report) at ¶¶ 65–72.

This relatively low number of downloads did not result from a lack of effort on Rightscorp's part—Mr. Boswell recently testified that Rightscorp was attempting to download as

---

[7] There is a large amount of duplication because Rightscorp repeatedly downloaded the same file from the same user, as many as 1,400 times. Ex. 3 (Cohen Supp. Report) at ¶¶ 65–72.

many files as possible from Grande during that period. *See* Ex. 2 at 444:15–446:20. The huge disparity between the number of notices sent and files successfully downloaded[8] indicates that for a large number of Rightscorp's notices, the targeted Grande subscriber did not actually possess—or was unwilling to share—the song at issue. In other words, they were not infringing.

Mr. Boswell admitted that Rightscorp destroyed all of the evidence regarding the frequency, volume, and identity of unsuccessful download attempts. In his recent deposition, Mr. Boswell admitted that Rightscorp initially stores data reflecting failed download attempts on a hard drive, but that the system is designed to subsequently delete all of this material evidence.[9] *See* Ex. 2 at 439:24–442:2. The willful destruction of this evidence is clearly prejudicial to Grande, which is left with no way to show precisely how frequently Rightscorp tried and failed to download the songs it accused Grande subscribers of making available for download.[10]

## CONCLUSION

It is indisputable that Plaintiffs and Rightscorp destroyed relevant evidence. Plaintiffs and Rightscorp deleted this evidence with full knowledge that this evidence is critical to evaluating the legitimacy and accuracy of Rightscorp's system and notices. The only reasonable inference is that Plaintiffs and Rightscorp deleted these materials intentionally and in bad faith. The Court should therefore grant Grande's Motion and enter an appropriate, severe sanction against Plaintiffs.

---

[8] Mr. Boswell admitted that failed downloads do occur. Ex. 2 at 439:24-440.

[9] Mr. Boswell also admitted that when Rightscorp sends a notice alleging unlawful distribution of a copyrighted work, but then tries and fails to download the subject file, Rightscorp does not take any steps to retract the notice. Ex. 2 at 443:1–6.

[10] Failed download evidence is highly material to Plaintiffs' infringement claim. The RIAA knows this, which is why it requires all infringements be "verified" before a notice is generated. *See, e.g.,* Ex. 1 (Rightscorp RFP Response) at RIAA_00060095 (verification requires, at a minimum, the commencement of a file download "to prove that the user was offering the file...").

Dated: July 19, 2019

                                          Respectfully submitted,

                              By: /s/ Richard L. Brophy
                                        Richard L. Brophy
                                        Zachary C. Howenstine
                                        Margaret R. Szewczyk
                                        Armstrong Teasdale LLP
                                        7700 Forsyth Blvd., Suite 1800
                                        St. Louis, Missouri 63105
                                        Telephone: 314.621.5070
                                        Fax: 314.621.5065
                                        rbrophy@armstrongteasdale.com
                                        zhowenstine@armstrongteasdale.com
                                        mszewczyk@armstrongteasdale.com

                                        J. Stephen Ravel
                                        Texas State Bar No. 16584975
                                        J.R. Johnson
                                        Texas State Bar No. 24070000
                                        Diana L. Nichols
                                        Texas State Bar No. 00784682
                                        Kelly Hart & Hallman LLP
                                        303 Colorado, Suite 2000
                                        Austin, Texas 78701
                                        Telephone: 512.495.6429
                                        Fax: 512.495.6401
                                        steve.ravel@kellyhart.com
                                        jr.johnson@kellyhart.com
                                        diana.nichols@kellyhart.com

                                        Attorneys for Defendant GRANDE
                                        COMMUNICATIONS NETWORKS
                                        LLC