IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| UMG RECORDINGS, INC., *et al.*, | § § § | |
| Plaintiffs, | § § | |
| vs. | § § | Civil Action No. 1:17-cv-00365-DAE-AWA |
| GRANDE COMMUNICATIONS NETWORKS LLC, | § § § § | |
| Defendant. | § § | |

**PLAINTIFFS' OPPOSITION TO DEFENDANT GRANDE COMMUNICATIONS NETWORKS LLC'S OBJECTIONS**

Plaintiffs respectfully submit this opposition to Grande's two sets of objections to the Magistrate Judge's Orders (Dkt. Nos. 285 and 286).

Having lost the protection of the DMCA's safe harbor and having failed in its repeated gambits to strike Plaintiffs' evidence, Grande appears to perceive correctly the predicament it faces: Plaintiffs' overwhelming evidence establishes Grande's copyright infringement. A reasonable response would be for Grande to concede liability and proceed to a trial limited solely to the issue of damages. Instead, however, Grande persists in repeating the same meritless challenges to Plaintiffs' evidence that this Court has rejected time and again. Grande's arguments fare no better now than they did in the past. Plaintiffs have already successfully defended their evidence at length, and the Court has allowed the evidence to stand. Plaintiffs will not burden the Court with yet another full-length recitation of its arguments. Instead, Plaintiffs incorporate by reference their oppositions to Grande's motions to exclude and Plaintiffs' successful motion to strike, which Magistrate Judge Austin rightly determined merited an award of costs and fees to Plaintiffs.

One point, however, bears emphasis. Grande's objections are based in part on its claim that Plaintiffs are somehow relying on new evidence that was not previously disclosed. As the Magistrate Judge found, the record demonstrates that Grande is incorrect:

> At various points in this case, Grande has complained about these files being "new" evidence or a "new theory." *See, e.g.*, Dkt. No. 201 at 11- 15. But in fact, UMG referenced these files in its original complaint, Dkt. No. 1 at ¶ 43, referred to them during the argument on the motion to dismiss, Dkt. No. 64 at 31-32, produced them to Grande in April 2018, Dkt. No. 172 at 13 n.7, and identified them in an interrogatory response, Dkt. No. 173-96 at 3. This evidence is not new.

Order (Dkt. No. 279) at 4.

The Magistrate Judge also correctly rejected Grande's baseless insistence that Grande did not know Plaintiffs intended to rely on the downloaded files as evidence in the case. *Id.* at 7-9. Unfortunately, Grande now misrepresents the record in its pursuit of this argument. Grande disputes the Magistrate Judge's observation that Plaintiffs referred to the downloads of Plaintiffs' recordings at the October 2017 hearing on Grande's motion to dismiss. Specifically, Grande claims that, at the hearing, "counsel mentioned that the Rightscorp System is *capable* of downloading files, but he never referenced the Song Files."[1] Grande's assertion is demonstrably false. The record shows that, as the Magistrate Judge noted, Plaintiffs' counsel expressly referenced the downloads at the hearing.[2] Indeed, at that hearing, Grande's counsel also referred to the downloads.[3] For this reason, and all the other reasons already explained by Plaintiffs in the prior briefing, the record fully supports the Magistrate Judge's conclusions. In fact, Grande's

---

[1] Grande Objs. (Dkt. No. 285) at 8 (emphasis in original).
[2] Oct. 24, 2017 Hrg. Tr. at 30:9-11 (Plaintiffs' counsel: "They acquire full, actual copies and we will produce full, actual downloaded copies of each of the 1500 works in Exhibit A."); *id.* at 40:14-17 ("[W]e have and there exists copies from the Rightscorp system of actual duplications of each and every copyrighted work that's listed.").
[3] *Id.* at 56:14-22 ("[Plaintiffs' counsel] referenced actual downloads that were conducted. . . . I think what my opposing counsel was suggesting is that they, separately and apart from that, may have gone to subscribers and pulled down infringing files.").

expert, Dr. Cohen, acknowledged at his deposition that (1) he had the hard drive with the downloads, (2) looked at a few that had been cherry picked by Grande's counsel, but (3) chose not to (or was not directed to) review them further. Grande must live with this decision.

Similarly, Grande's objections to the denial of its motions to exclude Plaintiffs' experts add nothing to the arguments carefully reviewed and rejected by the Magistrate Judge.[4] There is no sound basis to set aside the Magistrate Judge's well-reasoned opinions. The Court should deny Grande's objections.

Dated: August 6, 2019

Respectfully submitted,

By: /s/ Robert B. Gilmore
Jonathan E. Missner (admitted *pro hac vice*)
Robert B. Gilmore (admitted *pro hac vice*)
Philip J. O'Beirne (admitted *pro hac vice*)
Michael A. Petrino (admitted *pro hac vice*)
**Stein Mitchell Beato & Missner LLP**
901 15th Street, N.W., Suite 700
Washington, DC 20005
Telephone: (202) 737-7777
Facsimile: (202) 296-8312
jmissner@steinmitchell.com
rgilmore@steinmitchell.com
pobeirne@steinmitchell.com
mpetrino@steinmitchell.com

Daniel C. Bitting (State Bar No. 02362480)
Paige A. Amstutz (State Bar No. 00796136)
**Scott Douglass & McConnico LLP**
303 Colorado Street, Suite 2400
Austin, TX 78701
Telephone: (512) 495-6300
Facsimile: (512) 495-6399
dbitting@scottdoug.com
pamstutz@scottdoug.com

*Attorneys for Plaintiffs*

---

[4] *See, e.g.*, Order (Dkt. No. 280) at 3 ("Whatever this argument is, it is definitely **not** a *Daubert* motion.") (emphasis in original); *id.* at 6 ("Neither of these arguments has merit."); *id.* at 7 ("None of these arguments have merit.").

## **CERTIFICATE OF SERVICE**

      The undersigned certifies that on August 6, 2019, all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system pursuant to Local Rule CV-5(b)(1).

                                        */s/ Daniel C. Bitting*
                                        Daniel C. Bitting