IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| UMG RECORDINGS, INC., *et al.*, § <br> § <br> Plaintiffs, § <br> § <br> vs. § <br> § <br> GRANDE COMMUNICATIONS § <br> NETWORKS LLC, § <br> § <br> Defendant. § <br> § | Civil Action No. 1:17-cv-00365-DAE-AWA |

**EXHIBIT 2**

**PLAINTIFFS' STATEMENT OF CLAIMS FOR USE IN *VOIR DIRE***

Pursuant to Local Rule 16(e)-2 and this Court's Order Setting Jury Selection/Trial and Related Deadlines (Dkt. 275), Plaintiffs provide the following statement of their claims for use in *voir dire*:

This is a civil case alleging copyright infringement. The Plaintiffs are record companies, who own or control some of the most popular musical recordings in the world. The Plaintiffs seek damages against the Defendant, Grande Communications Networks LLC, an internet service provider, for contributory copyright infringement of 1,534 sound recordings.

Plaintiffs submit that the evidence at trial will show Grande knew its internet subscribers were illegally sharing music online since the early 2000s, and for years addressed the problem by suspending or terminating these infringers. However, beginning in 2010, in an effort to increase profits, Grande eliminated its termination policy and chose instead to allow its subscribers to infringe copyrights freely with no consequences. As a result, Grande subsequently received more than one million notices identifying specific instances of copyright infringement by its subscribers. Yet despite knowing of, or willfully blinding itself to, specifically identified repeat infringements

by its customers, Grande continued to provide those customers the internet service essential to their unlawful conduct.  In fact, it is undisputed that Grande did not terminate a single infringing customer from October 2010 until June 2017—after this lawsuit was filed.  Grande's knowing contribution to its users' infringements allowed it to dramatically increase profits and earn $400 million on the sale of the company in February 2017.  Grande's conduct also caused significant damage to the Plaintiffs and their recording artists.

Dated: January 28, 2020

Respectfully submitted,

By: /s/ *Andrew H. Bart*
Andrew H. Bart (admitted *pro hac vice*)
Jacob L. Tracer (admitted *pro hac vice*)
**Jenner & Block**
919 Third Avenue
New York, NY 10022
Telephone: (212) 891-1600
Facsimile: (212) 891-1699
abart@jenner.com
jtracer@jenner.com

Jonathan E. Missner (admitted *pro hac vice*)
Robert B. Gilmore (admitted *pro hac vice*)
Philip J. O'Beirne (admitted *pro hac vice*)
Michael A. Petrino (admitted *pro hac vice*)
Kevin J. Attridge (admitted *pro hac vice*)
**Stein Mitchell Beato & Missner LLP**
901 15th Street, N.W., Suite 700
Washington, DC 20005
Telephone: (202) 737-7777
Facsimile: (202) 296-8312
jmissner@steinmitchell.com
rgilmore@steinmitchell.com
pobeirne@steinmitchell.com
mpetrino@steinmitchell.com
kattridge@steinmitchell.com

Daniel C. Bitting (State Bar No. 02362480)
Paige A. Amstutz (State Bar No. 00796136)
**Scott Douglass & McConnico LLP**
303 Colorado Street, Suite 2400
Austin, TX 78701

Telephone: (512) 495-6300
Facsimile: (512) 495-6399
dbitting@scottdoug.com
pamstutz@scottdoug.com

***Attorneys for Plaintiffs***