IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| UMG RECORDINGS, INC., *et al.*, | § § § | |
| Plaintiffs, | § § | |
| vs. | § § | Civil Action No. 1:17-cv-00365-DAE-AWA |
| GRANDE COMMUNICATIONS NETWORKS LLC, | § § § § | |
| Defendant. | § § § | |

**PLAINTIFFS' MOTION *IN LIMINE* TO PRECLUDE ANY EVIDENCE
OR ARGUMENT INCONSISTENT WITH THE COURT'S
<u>SUMMARY JUDGMENT OPINION</u>**

Plaintiffs move *in limine* to preclude Defendant Grande Communications Networks LLC ("Grande") from introducing any evidence or argument at trial that is inconsistent with the findings of fact and conclusions of law contained in the Court's opinion and order resolving the parties' motions for summary judgment in this action (the "Order"). *See* Dkt. 268 (Mar. 15, 2019). Grande's proposed jury instructions, as well as its communications with Plaintiffs in negotiating the joint portions of the parties' pretrial filings, show that Grande seeks to re-litigate at trial issues that the Court already resolved during summary judgment, including: (1) whether Plaintiffs own or exercise exclusive control over all the works-in-suit; (2) whether direct infringement of the works-in-suit can be proven by evidence that Grande's users were making copies of those works available for distribution online; and (3) whether Grande materially contributed to any direct infringement about which it had actual knowledge or to which it was willfully blind. The Order established what is now the law of the case on all these issues; allowing Grande to re-litigate them would be wholly improper, waste time at trial and create a genuine risk of misleading the jury. Thus, the Court should enforce its Order and ensure that trial is reserved for factual issues in genuine material dispute.

## LEGAL STANDARD

The law-of-the-case doctrine "posits that when a court decides upon a rule of law, that decision should continue to govern the same issue in subsequent stages in the same case." *Estrada v. Industrial Transit, Inc.*, No. 4:16-CV-013-DAE, 2016 WL 10967300, at *2 (W.D. Tex. Aug. 8, 2016). In the context of summary judgment, the "general rule" is that "a decision on a motion for partial summary judgment is the law of the case on the issues decided." *Edwards v. Permobil, Inc.*, No. 11-CV-1900-SSV, 2013 WL 4548706, at *1 (E.D. La. Aug. 27, 2013). By enforcing the law-of-the-case doctrine, courts achieve "uniformity of decision, judicial economy, and

1

efficiency." *McKay v. Novartis Pharmaceuticals Corp.*, 934 F. Supp. 2d 898, 905 (W.D. Tex. 2013).

## ARGUMENT

Plaintiffs and Grande cross-moved for summary judgment on Grande's liability in this action.[1] While the Court concluded that some factual issues remained in dispute necessitating a trial, its decision plainly resolved some elements of Plaintiffs' claim of contributory copyright infringement in Plaintiffs' favor. Further, the Court resolved certain legal disputes in Plaintiffs' favor in a manner that affects the level of proof Plaintiffs must establish to meet their burden at trial. Grande has made clear that it improperly intends to use trial as an opportunity re-litigate three of these factual and legal issues that the Court has already resolved.

The issues resolved by the Court in its Order are the law of the case and should not be reexamined at trial. That doctrine squarely prohibits Grande from using trial as an opportunity to re-litigate issues it lost on summary judgment. Yet Grande seeks to do just that. By raising legal arguments that the Court has already rejected and disputing facts without a good-faith basis to do so, Grande has laid bare its objective to challenge this Court's holdings and ultimately mislead the jury. Accordingly, an order precluding Grande from introducing evidence or making arguments inconsistent with the Court's summary judgment Order is necessary to ensure an efficient and fair trial.

### A. Proof of Ownership

Like any copyright plaintiff, Plaintiffs must prove ownership of valid copyrights in all the works on which they base their claim. *See* Order at 48-49. In the Order, the Court held that

---

[1] Plaintiffs also moved for partial summary judgment with regard to Grande's ineligibility for the "safe harbor" affirmative defense under the Digital Millennium Copyright Act. The Court granted that motion. *See* Order at 8-18.

2

Plaintiffs had presented sufficient evidence to prove this element. *See id.* at 51. Grande has refused to acknowledge this holding despite lacking any good-faith factual basis to dispute it.

In its motion for summary judgment, Grande argued that Plaintiffs had not produced evidence showing ownership of or exclusive control over 361 of the 782 copyright registrations at issue in this case. *See* Dkt. 140 (Aug. 18, 2018) at 19-20. In their cross-motion, Plaintiffs conclusively resolved that issue by submitting evidence—in the form of declarations from Plaintiffs' executives and documents establishing chains of title. *See* Dkt. 173-2 to 173-47; 173-48 to 173-73; 180-1 to 180-31. Grande objected to the timeliness of that evidence, but as the Court recognized in the Order, "did not challenge the validity of this evidence on the merits." Order at 49.

In the Order, the Court rejected Grande's argument regarding timeliness and considered Plaintiffs' evidence on its merits. The Court held that, as a matter of law, uncontroverted declarations from a plaintiff describing its ownership of a copyright are "generally sufficient to prove ownership." Order at 49. It is undisputed that Plaintiffs submitted such declarations at summary judgment and that Grande did not challenge them on their merits. *See id.* at 49-51. Accordingly, the Court held that Plaintiffs' declarations were "sufficient to prove ownership." *Id.* at 51-52. Significantly—and underscoring the finality of its determination as to the sufficiency of Plaintiffs' ownership evidence—the Court did ***not*** include ownership as a remaining issue of material fact preventing the Court from granting Plaintiffs' cross-motion for summary judgment. *See id.* at 52.[2] The Court's ruling is the law of the case, and there is no sound basis to allow Grande to re-litigate it.

---

[2] The disputed issues of material fact identified by the Court were (1) whether Grande's customers directly infringed Plaintiffs' works; and (2) whether Grande had actual knowledge of or was willfully blind to any such direct infringement. *See* Order at 52.

3

Enforcing the Court's ruling on ownership will ensure a more efficient trial. Notably, after the Order was issued, another court considering similar claims against a different internet service provider similarly resolved the issue of ownership as a matter of law based on declarations from the same declarants in this case. *See Sony Music Entertainment v. Cox Communications, Inc.*, --- F. Supp. 3d. ----, 2019 WL 6357963, at *4 (E.D. Va. Nov. 27, 2019). In light of those declarations, ownership was "not an issue for trial" in that case, and the court and jury were instead able to focus on the factual issues actually disputed by the parties. *Id.* at *8. Plaintiffs submit that the Court's Order in this case anticipated promoting the same trial efficiencies by obviating the need to hear lengthy testimony proving an issue that was sufficiently proven through declarations with "voluminous attachments." Order at 49. Without an order precluding Grande from re-litigating this issue, any such efficiencies will be lost.

Grande has refused to acknowledge the Order's clear holding and has refused to even discuss a stipulation that would resolve this undisputed issue before trial. During a meet and confer on December 20, 2019, Plaintiffs proposed that the parties enter into a stipulation regarding ownership.[3] Plaintiffs then proposed language for such a stipulation after the holidays on January 9, 2020.[4] Plaintiffs' proposal expressly noted that "the Court has already concluded that the ownership evidence submitted at summary judgment is sufficient" and that entering into a stipulation "would streamline the trial for everyone's benefit." Grande waited until January 27, 2020 (the day before the parties' pretrial filings were due) to reject Plaintiffs' proposal without any explanation, let alone any assertion of a good-faith basis to do so. Grande's tactics reveal that Grande's true intent is to re-litigate the issue by attempting to confuse and mislead the jury into concluding Plaintiffs do not own or control the works-in-suit. It is important to note that Grande

---

[3] *See* Ex. 1, Email from Z. Howenstine (Dec. 20, 2019) (summarizing meet and confer).
[4] *See* Ex. 2, Email from A. Bart (Jan. 9, 2020) (proposing stipulation language).

4

has never articulated a good-faith basis for questioning Plaintiffs' evidentiary proffer on this subject. At no time during summary judgment briefing on this issue was Grande able to present an evidentiary challenge to that proffer. Further, Grande failed to identify any factual or legal basis for its belated decision to summarily reject Plaintiffs' efforts to resolve this threshold issue before trial. Grande's conduct confirms that Grande intends to ask the jury to reconsider evidence that Grande has never challenged on its merits and that the Court has already deemed sufficient to prove an element of Plaintiffs' claim. The Court should not give Grande that opportunity.

### B. Making Available Theory of Direct Infringement

In briefing their cross-motions for summary judgment, the parties disputed whether, as a matter of law, the undisputed fact that Grande users made Plaintiffs' works available for downloading online is a sufficient basis to hold those users directly liable for infringing Plaintiffs' exclusive right of distribution. *Compare* Dkt. 140, Grande's Motion for Summary Judgment (Aug. 18, 2018) at 7, *with* Dkt. 172, Plaintiffs' Cross-Motion for Summary Judgment (Sept. 11, 2018) at 11-12. The Court agreed with Plaintiffs, holding that "a theory of direct liability ***properly applies to Grande's customers, either through making infringing materials available***, or through actual dissemination of infringing materials." Order at 35 (emphasis added). In reaching that holding, the Court rejected the authority on which Grande relied, characterizing it as "contrary to the great weight of the case law" on this question. *Id.* at 31-33 (citing *Maverick Recording Co. v. Harper*, No. 5:07-cv-026-XR, 2008 WL 11411855, at *3 (W.D. Tex. Sept. 16, 2008) (holding that making sound recordings available for downloading online infringes distribution right), *aff'd in part and rev'd in part on other grounds*, 598 F.3d 193 (5th Cir. 2010); *Warner Bros. Records, Inc. v. Payne*, No. W-06-CA-051, 2016 WL 2844415, at *3 (W.D. Tex. July 17, 2006) (same); *Universal Studios Prod., LLLP v. Bigwood*, 441 F. Supp. 2d 185, 190 (D. Me. 2006) (same); *Motown Record Co., LP v. DePietro*, No. 04-CV-2246, 2007 WL 576284, at *3 (E.D. Pa. Feb. 16, 2007) (same)).

5

Grande would have the Court ignore this holding at trial by instructing the jury that direct infringement requires "upload[ing], to another person." Dkt. 301-6 (proposed instruction for Contributory Infringement). Grande's attempt to rewrite the Order in its proposed jury instructions violates the law-of-the case doctrine. Had Grande wanted the Court to reconsider its Order, it could have filed a motion for reconsideration and explained why it thought the Court was wrong. But Grande did not do that, and the time to file such a motion has long passed. Instead, Grande has opted to wait until trial to present a jury instruction that is directly inconsistent with the Court's ruling on this issue. Grande's brazen proposal undermines the value of judicial efficiency that the law-of-the-case doctrine is meant to promote. Because this Court already ruled (correctly) to the contrary, Grande should not be allowed to make this argument at trial, and it should not be included in the Court's jury instructions.

### C.     Material Contribution

In their Complaint, Plaintiffs alleged that Grande was liable for contributory infringement because Grande, with actual knowledge of or willful blindness to specific instances of direct infringement by its users, "materially contributed" to that infringement. Dkt. 1, Compl. ¶ 65. That claim was based on the undisputed facts that Grande provided continuous internet services to all users who directly infringed Plaintiffs' copyrights, and that, as Grande witnesses have testified, from 2011 to 2016, Grande's policy was not to terminate any users for copyright infringement.[5]

---

[5] See Ex. 3, June 28, 2018 S. Christianson Dep. at 322:21-323:14 ("Q: I think we've covered this clearly, but just to make sure we have a clean record. You would agree with me that Grande did not have a policy that provided for the termination of subscribers and account holders who were repeat copyright infringers in 2010, right? A: To my knowledge, yes. Q: Same answer for 2011? A: Yes. Q: 2012? A: Yes. Q: 2013? A: Yes. Q: 2014? A: Yes. Q: 2015? A: Yes. Q: And 2016? A: Yes."); Ex. 4, Sept. 24, 2019 L. Horton Dep. at 32:21-33:4 ("Q: Grande could've received a thousand notices of infringement about a customer. Based on the policy change starting in October 2010, Grande wasn't going to terminate that person for copyright infringement. True? . . . A: Yes. As I said, we did not terminate any subscribers.").

In its motion for summary judgment, Grande argued as a legal matter that contributory infringement cannot be proved by material contribution but instead required evidence of either inducement or active encouragement, and as a factual matter that the evidence showed that Grande did not so contribute to its users' direct infringement. *See* Dkt. 140 (Aug. 18, 2018) at 13-15.

The Court squarely rejected both arguments. First, the Order held that Grande's legal argument was "misplaced" and that material contribution is a recognized legal theory on which liability for contributory infringement can be based. Order at 38.

Second, the Order held that because Grande was not terminating any users for infringement, there was no genuine factual dispute that Grande continued to provide internet service to users who were infringing. Based on that finding, the Court held that Grande materially contributed to any direct infringement by its users as a matter of law because the "continued provision of internet service" to infringing users constituted a specific act that would satisfy the requirement of proving material contribution to the infringement by its users. *Id.* at 39. Since the Court found that Grande's material contribution was "clear," the only remaining disputed question relevant to contributory infringement was whether Grande had actual knowledge of or was willfully blind to specific instances of direct infringement by its users. Order at 42. Consistent with that holding, the Court did not include material contribution as a remaining issue of disputed fact preventing the Court from granting Plaintiffs' cross-motion for summary judgment. *Id.* at 52.

Thus, the Court's rulings that (1) material contribution is a basis for a finding of contributory infringement, and (2) Grande's conduct constitutes material contribution, are the law of the case. Grande improperly seeks to re-litigate these holdings at trial. Its proposed jury instructions would require the jury to find that "Grande actively encouraged or induced the direct copyright infringement through specific acts." Dkt. 301-6 (proposed instruction for Contributory Infringement). That improper articulation attempts to circumvent this Court's findings that

7

Plaintiffs can satisfy this element by showing material contribution *and* that the summary judgment evidence was "clear" that Plaintiffs satisfy this standard. Order at 42.

As with the making available theory described above, Grande could have filed a motion for reconsideration of the Court's Order, but chose not to. Instead, Grande chose to wait until trial and propose jury instructions contrary to the Order's holdings, contravening the law-of-the-case doctrine.

Finally, precluding Grande from presenting evidence or arguments inconsistent with the Order is also consistent with Federal Rule of Evidence 403, which gives the Court the discretion to exclude evidence that will waste time or mislead the jury. *See* Fed. R. Evid. 403. Confirming that the issues described above were resolved in the Order and should not be litigated again will undoubtedly ensure a more efficient trial focused on the issues of material fact that are genuinely in dispute and a verdict properly focused on those issues.

## CONCLUSION

For the foregoing reasons, the Court should grant Plaintiffs' motion *in limine* to preclude any evidence or argument inconsistent with the Court's Order on summary judgment.

## CERTIFICATE OF CONFERENCE

Pursuant to Local Rule CV-7(i), counsel for Plaintiffs state that they conferred with counsel for Defendant regarding the topic of this motion, and Defendant did not consent to the motion.

Dated: February 4, 2020              Respectfully submitted,

By: */s/ Andrew H. Bart*
Andrew H. Bart (admitted *pro hac vice*)
Jacob Tracer (admitted *pro hac vice*)
**Jenner & Block LLP**
919 Third Ave.
New York, New York 10022
Telephone: (212) 891-1600
Facsimile: (212) 891-1699
abart@jenner.com

jtracer@jenner.com

Robert B. Gilmore (admitted *pro hac vice*)
Philip J. O'Beirne (admitted *pro hac vice*)
Michael A. Petrino (admitted *pro hac vice*)
Kevin L. Attridge (*pro hac vice*)
**Stein Mitchell Beato & Missner LLP**
901 15th Street, N.W., Suite 700
Washington, DC 20005
Telephone: (202) 737-7777
Facsimile: (202) 296-8312
rgilmore@steinmitchell.com
pobeirne@steinmitchell.com
mpetrino@steinmitchell.com
kattridge@steinmitchell.com

Daniel C. Bitting (State Bar No. 02362480)
Paige A. Amstutz (State Bar No. 00796136)
**Scott Douglass & McConnico LLP**
303 Colorado Street, Suite 2400
Austin, TX 78701
Telephone: (512) 495-6300
Facsimile: (512) 495-6399
dbitting@scottdoug.com
pamstutz@scottdoug.com

***Attorneys for Plaintiffs***

9

## CERTIFICATE OF SERVICE

  The undersigned certifies that on February 4, 2020 all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system pursuant to Local Rule CV-5(b)(1).

              */s/ Daniel C. Bitting*
              Daniel C. Bitting