# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
### AUSTIN DIVISION

| | | |
|---|---|---|
| UMG RECORDINGS, INC., et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | No.  1:17-cv-00365-DAE-AWA |
| | ) | |
| GRANDE COMMUNICATIONS | ) | |
| NETWORKS LLC, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**DEFENDANT GRANDE COMMUNICATIONS NETWORKS LLC'S
ELEVENTH MOTION *IN LIMINE***

Defendant Grande Communications Networks LLC ("Grande") moves *in limine* to exclude all evidence and argument regarding irrelevant and unproven acts of alleged direct copyright infringement.

## LEGAL STANDARD

Rulings on motions *in limine* are committed to the discretion of the trial court.  *See Hesling v. CSX Transp., Inc.*, 396 F.3d 632, 643 (5th Cir. 2005) ("The grant or denial of a motion *in limine* is considered discretionary, and thus will be reversed only for an abuse of discretion and a showing of prejudice.").  A court may exercise this discretion to exclude inadmissible or prejudicial evidence or testimony before it is introduced at trial.  *See Harris v. Miss. Transp. Comm'n*, 329 F. App'x 550, 555 (5th Cir. 2009) (affirming district court decision to exclude evidence because its probative value was substantially outweighed by its prejudicial effect).  Under the Federal Rules of Evidence, irrelevant evidence is not admissible, and relevant evidence must be excluded, "if its probative value is substantially outweighed by the danger of

one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue

delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 402, 403.

## ARGUMENT

At trial, Plaintiffs will attempt to prove that Grande is contributorily liable for

infringement of a defined set of copyrighted sound recordings. *See* Ex. A to Compl. (ECF No. 1-

1). Plaintiffs contend that Grande had knowledge of the infringement because non-party

Rightscorp, Inc. sent emails to Grande in which Rightscorp accused users of Grande's network

of downloading, uploading, or offering to upload music files that Plaintiffs claim are protected

by their copyrights. Plaintiffs contend that Grande contributed to the underlying direct

infringement by not terminating the accounts of affected subscribers after receiving these emails.

To support their claim, Plaintiffs intend to offer as evidence the email notices Rightscorp sent to

Grande, and music files that Rightscorp allegedly downloaded from users of Grande's network.

With that background, Plaintiffs' pretrial disclosures make clear that they intend to offer

the following categories of plainly irrelevant evidence at trial.

*First*, Plaintiffs intend to offer irrelevant email notices from Rightscorp regarding alleged

infringement of unasserted copyrights. In discovery, Plaintiffs produced more than 1.3 million

notices that Rightscorp sent to Grande, all of which appear on Plaintiffs' Exhibit List. *See* Pls.'

Ex. List, PX1 (Doc. No. 302-4). According to Plaintiffs' expert Robert Bardwell, 344,450 of

these notices relate to the copyrighted works at issue in this case. *See* Bardwell Report at 23,

Table 3 (the total number of Rightscorp notices pertaining to "asserted" copyrights is 344,450,

and the total number of Rightscorp notices pertaining to "not asserted" copyrights is 980,771)

(Doc. No. 210-2). Plaintiffs have come forward with no evidence indicating that a different

number of Rightscorp's notices pertain to Plaintiffs' asserted copyrights. Notices regarding

alleged infringement of unasserted copyrights are not relevant to any issue at trial and will serve only to unfairly prejudice Grande and confuse or mislead the jury. The Court should therefore exclude from trial all Rightscorp notices except for the 344,450 notices identified by Mr. Bardwell as pertaining to the copyrighted works in suit.

**Second**, Plaintiffs intend to present evidence of downloaded music files that are not alleged to be copies of the copyrighted works in suit. In discovery, Plaintiffs produced approximately 60,000 digital files (predominantly music files) that Rightscorp allegedly downloaded from users of Grande's network. All of these files appear on Plaintiffs' Exhibit List. *See* Pls.' Ex. List, PX3 (Doc. No. 302-4). On summary judgment, Plaintiffs presented evidence contending that 19,305 of these files are copies of the copyrighted works at issue in this case. *See* Decl. of Jeremy Landis (Doc. No. 172-12); *see also* Decl. of Richard Brophy, ¶ 5 (Doc. No. 201-1) (explaining how one arrives at 19,305 alleged "matches" from the content of Mr. Landis's declaration). There is no evidence indicating that some greater portion of the 60,000 files are copies of the copyrighted works at issue in this case.[1] As such, the Court should exclude from trial all music files[2] that Rightscorp allegedly downloaded from users of Grande's network except for the 19,305 files Mr. Landis identified on summary judgment. Evidence of downloaded music files that are not alleged to be copies of Plaintiffs' copyrighted works is irrelevant, unfairly prejudicial, confusing, and misleading.

**Third**, Plaintiffs intend to offer irrelevant and highly prejudicial damages calculations that encompass profits Grande allegedly obtained from the infringement of unasserted

---

[1] As set forth in Grande's Fourth Motion *in Limine*, Grande separately contends that Mr. Landis's testimony regarding this "matching" exercise is inadmissible.

[2] Grande intends to show at trial that some of the 60,000 downloaded files are not music files at all. But downloaded music files alleged to infringe unasserted copyrights—including copyrights Plaintiffs do not even own—are plainly irrelevant.

copyrights.  Specifically, Plaintiffs intend to offer testimony from their damages expert, Dr. William Lehr, regarding profits Grande purportedly earned from copyright infringement, without regard to whether those profits relate to infringement of the works in suit.  These calculations are wholly untethered from the actual measure of disgorgement damages, which limits Plaintiffs' recovery to "any profits of the infringer that are attributable to the infringement."  *See* 17 U.S.C. § 504(b); *see also* Grande's Objections to Order on Motions to Exclude at 4–6 (Doc. No. 286).

During the relevant time period, Grande had an automated system that processed email notices of alleged copyright infringement from Rightscorp and others, and then generated and sent letters to subscribers, notifying them of the allegations Grande received.  At trial, Plaintiffs intend to present testimony from Dr. Lehr in which he deems every such instance of processing to represent an "instance of infringement"—irrespective of whether the underlying notice was sent by Rightscorp or some other party, and irrespective of whether it concerned a copyright at issue in this case.  *See* Lehr Report, ¶ 41 (ECF No. 229-1) ("[T]hese data represent letters sent to Grande subscribers on the basis of DMCA notices received from multiple different rights holders and/or their agents, and appear to be related to many different works (i.e., the data are not limited to Rightscorp notices or to the specific works in this suit).").  Dr. Lehr then identifies the number of Grande subscribers about whom Grande received two or three such notices.  *Id.* at ¶ 42. Finally, Dr. Lehr calculates the "lifetime value" to Grande of those subscribers—*i.e.*, the lifetime value of every subscriber account for which Grande received and processed two or more notices of alleged copyright infringement.  *Id.* at ¶ 43 ("Applying this lifetime value to the estimated number of infringing subscribers above, I find that the total value of retaining these subscribers ranges from $49.7 million to $65.5 million . . . .  Alternatively, [using a different method of

determining lifetime subscriber value], the total value of retaining the subscribers ranges from $78.0 million to 102.9 million . . . .").

These damages calculations are irrelevant, unfairly prejudicial, confusing, and misleading because they make no effort to identify Grande's "profits that are attributable to the infringement."[3]  *See* 17 U.S.C. § 504(b).  Because Dr. Lehr's calculations do not take the works in suit into account, he admits that his conclusions would be the same *even if Plaintiffs had only alleged infringement of a single copyright*.  *See* Lehr Dep. Tr. 159:6–161:23 (Doc. No. 229-4).  Thus, as it stands, if the jury were to award damages consistent with Dr. Lehr's opinions, <u>*it would be awarding damages to Plaintiffs for alleged infringement of other parties' copyrights*</u>.  The Court should therefore exclude this evidence under Rule 402 or 403 because it is irrelevant and will not assist the jury in resolving any disputed issue.

***Fourth***, based on deposition testimony of Plaintiffs' Rule 30(b)(6) witnesses and the reports of their experts, it appears that Plaintiffs intend to offer evidence or argument at trial regarding the "viral" nature of BitTorrent infringement.  In other words, Plaintiffs intend to suggest that BitTorrent infringement is especially damaging because an infringing file distributed to one person may ultimately be distributed to multiple other people, and so on and so forth.  Such evidence is irrelevant and highly prejudicial because this is ultimately an attempt to impose liability on Grande for unproven "downstream" instances of copyright infringement.  Plaintiffs have offered no evidence—expert or otherwise—that actually seeks to quantify these downstream effects, much less proves that any specific, additional instance of direct copyright infringement actually occurred.  Instead, Plaintiffs merely want to plant the seed in the jury's

---

[3] The Court has not yet ruled on Grande's Objections to the Magistrate Judge's order denying Grande's motion to exclude Dr. Lehr's testimony, which identify several additional fatal flaws in his proposed testimony.  Grande's Objections to Order on Motions to Exclude at 3–7 (Doc. No. 286).

mind that BitTorrent infringement is particularly harmful, without any concrete, non-speculative supporting evidence.   This evidence will in no way assist the jury in deciding the relevant questions of liability or damages, and the Court should therefore exclude it from trial.

For the foregoing reasons, the Court should exclude the following categories of evidence from trial under Rule 402 or 403: (1) all Rightscorp notices except for the 344,450 notices identified by Plaintiffs' expert Mr. Bardwell as pertaining to the copyrighted works in suit, (2) all music files that Rightscorp allegedly downloaded from users of Grande's network except for the 19,305 files identified in the September 11, 2018 Declaration of Jeremy Landis (Doc. No. 172-12) as allegedly representing copies of the works in suit, (3) the "lifetime subscriber value" calculations set forth in paragraphs 38–43 of the July 13, 2018 Expert Report of William H. Lehr (Doc. No. 229-1), and (4) any evidence or argument regarding the "viral" nature of BitTorrent copyright infringement, including any reference to unproven alleged instances of downstream copyright infringement.

Dated:  February 4, 2020

By: /s/ *Richard L Brophy*
Richard L. Brophy
Zachary C. Howenstine
Margaret R. Szewczyk
Abigail L. Twenter
ARMSTRONG TEASDALE LLP
7700 Forsyth Blvd., Suite 1800
St. Louis, Missouri 63105
Telephone:  314.621.5070
Fax:  314.621.5065
rbrophy@armstrongteasdale.com
zhowenstine@armstrongteasdale.com
mszewczyk@armstrongteasdale.com
atwenter@armstrongteasdale.com

J. Stephen Ravel
Texas State Bar No. 16584975
J.R. Johnson
Texas State Bar No. 24070000
Diana L. Nichols
Texas State Bar No. 00784682
KELLY HART & HALLMAN LLP
303 Colorado, Suite 2000
Austin, Texas 78701
Telephone: 512.495.6429
Fax: 512.495.6401
Email: steve.ravel@kellyhart.com
        jr.johnson@kellyhart.com
        diana.nichols@kellyhart.com

ATTORNEYS FOR DEFENDANT
GRANDE COMMUNICATIONS
NETWORKS LLC

## CERTIFICATE OF SERVICE

The undersigned certifies that on February 4, 2020, all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system pursuant to Local Rule CV-5(b)(1).

/s/ *Richard Brophy*

Richard L. Brophy

## CERTIFICATE OF CONFERENCE

Pursuant to Local Rule CV-7(i), the undersigned certifies that counsel for the parties conferred and that Plaintiffs oppose the relief sought.

/s/ *Richard Brophy*

Richard L. Brophy