UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| UMG RECORDINGS, INC., et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) No. 1:17-cv-00365-DAE-AWA |
| | ) |
| GRANDE COMMUNICATIONS NETWORKS LLC, | ) |
| | ) |
| Defendant. | ) |

**DEFENDANT GRANDE COMMUNICATIONS NETWORKS LLC'S
<u>TWELFTH MOTION IN LIMINE</u>**

Defendant Grande Communications Networks LLC ("Grande") moves *in limine* to exclude all evidence and argument regarding Grande's termination of subscribers for nonpayment.

**LEGAL STANDARD**

Rulings on motions *in limine* are committed to the discretion of the trial court. *See Hesling v. CSX Transp., Inc.*, 396 F.3d 632, 643 (5th Cir. 2005) ("The grant or denial of a motion *in limine* is considered discretionary, and thus will be reversed only for an abuse of discretion and a showing of prejudice."). A court may exercise this discretion to exclude inadmissible or prejudicial evidence or testimony before it is introduced at trial. *See Harris v. Miss. Transp. Comm'n*, 329 F. App'x 550, 555 (5th Cir. 2009) (affirming district court decision to exclude evidence because its probative value was substantially outweighed by its prejudicial effect). Under the Federal Rules of Evidence, irrelevant evidence is not admissible, and relevant evidence must be excluded, "if its probative value is substantially outweighed by the danger of

one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 402, 403.

## ARGUMENT

At trial, Plaintiffs intend to present evidence that Grande routinely terminates the accounts of subscribers who do not pay their bills. Plaintiffs intend to juxtapose these terminations with the lack of terminations based on allegations of copyright infringement, to imply that Grande has a profit motive for not terminating the accounts of subscribers accused of copyright infringement. The Court should exclude all evidence and argument regarding this apples-to-oranges comparison because it is irrelevant, unfairly prejudicial, and misleading.

The Court has recognized that "[c]ontributory liability against Grande must . . . be predicated on actively encouraging (or inducing) infringement through specific acts." Mar. 15, 2019 Order at 38 (Doc. No. 268) (quotations & citation omitted). Whether Grande has terminated subscriber accounts due to nonpayment has no conceivable relevance under this standard.

Plaintiffs' contributory infringement claim also requires them to prove that Grande had actual knowledge of, or was willfully blind to, specific instances of direct copyright infringement. *See id.* at 41 & n.7 (citations omitted). Evidence that Grande terminated subscriber accounts due to nonpayment is likewise irrelevant to this question.

Additionally, this evidence is not relevant to any damages issue. If Plaintiffs elect to seek statutory damages, the jury may consider the following factors: "(1) the expenses saved and the profits reaped; (2) the revenues lost by the plaintiff; (3) the value of the copyright; (4) the deterrent effect on others besides the defendant; (5) whether the defendant's conduct was innocent or willful; (6) whether a defendant has cooperated in providing particular records from

which the assess the value of the infringing material produced; and (7) the potential for discouraging the defendant." *See Coach, Inc. v. Brightside Boutique*, No. 1:11-cv-20-LY, 2012 WL 32941, at *5 (W.D. Tex. Jan. 6, 2012). Under the Copyright Act, infringement is willful if Grande knew that its acts infringed the Plaintiffs' copyright, or acted with reckless disregard for the Plaintiffs' rights. *See Graper v. Mid-Continent Cas. Co.*, 756 F.3d 388, 394–95 (5th Cir. 2014). Alternatively, Plaintiffs may seek as damages "any profits of [Grande] that are attributable to the infringement."[1] *See* 17 U.S.C. § 504(b). Grande's terminations of subscribers for nonpayment have no relevance under any of these standards.

Finally, this evidence should be excluded under Rule 403 simply because comparing terminations for nonpayment to terminations based on alleged copyright infringement is an apples-to-oranges comparison. There is undisputed testimony from Rightscorp, the company that sent the copyright infringement allegations at issue, that Grande has no ability to verify the accuracy of Rightscorp's allegations. *See* Boswell Dep. Tr. 349:23–351:20 (ECF No. 201-2). In contrast, Grande obviously has the ability to readily determine whether a subscriber has paid their bills. Moreover, there is no evidence that Grande's decision not to terminate a subscriber accused of copyright infringement was *in fact* motivated by a desire to retain paying subscribers—Plaintiffs merely want to suggest that motive, based on this dubious comparison. The Court should therefore exclude this evidence because it is unfairly prejudicial and misleading.

For the foregoing reasons, the Court should exclude from trial all evidence and argument regarding Grande's termination of subscribers for nonpayment under Rule 402 or 403.

---

[1] Plaintiffs have disclaimed any intention to seek their actual damages under 17 U.S.C. § 504(b).

Dated: February 4, 2020

By: /s/ *Richard L Brophy*
Richard L. Brophy
Zachary C. Howenstine
Margaret R. Szewczyk
Abigail L. Twenter
ARMSTRONG TEASDALE LLP
7700 Forsyth Blvd., Suite 1800
St. Louis, Missouri 63105
Telephone:  314.621.5070
Fax:  314.621.5065
rbrophy@armstrongteasdale.com
zhowenstine@armstrongteasdale.com
mszewczyk@armstrongteasdale.com
atwenter@armstrongteasdale.com

J. Stephen Ravel
Texas State Bar No. 16584975
J.R. Johnson
Texas State Bar No. 24070000
Diana L. Nichols
Texas State Bar No. 00784682
KELLY HART & HALLMAN LLP
303 Colorado, Suite 2000
Austin, Texas 78701
Telephone: 512.495.6429
Fax: 512.495.6401
Email: steve.ravel@kellyhart.com
          jr.johnson@kellyhart.com
          diana.nichols@kellyhart.com

ATTORNEYS FOR DEFENDANT
GRANDE COMMUNICATIONS
NETWORKS LLC

**CERTIFICATE OF SERVICE**

The undersigned certifies that on February 4, 2020, all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system pursuant to Local Rule CV-5(b)(1).

/s/ *Richard Brophy*

Richard L. Brophy

**CERTIFICATE OF CONFERENCE**

Pursuant to Local Rule CV-7(i), the undersigned certifies that counsel for the parties conferred and that Plaintiffs oppose the relief sought.

/s/ *Richard Brophy*

Richard L. Brophy
