UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| UMG RECORDINGS, INC., et al., | ) |
| Plaintiffs, | ) |
| vs. | ) No. 1:17-cv-00365-DAE-AWA |
| GRANDE COMMUNICATIONS NETWORKS LLC, | ) |
| Defendant. | ) |

## DEFENDANT GRANDE COMMUNICATIONS NETWORKS LLC'S THIRTEENTH MOTION *IN LIMINE*

Defendant Grande Communications Networks LLC ("Grande") moves *in limine* to exclude all evidence and argument regarding the Digital Millennium Copyright Act ("DMCA"), the DMCA safe harbors, Grande's attempts to qualify for a DMCA safe harbor, and Grande's terminations of subscribers in response to allegations of copyright infringement. The Court granted summary judgment in favor of Plaintiffs on Grande's DMCA safe harbor defense, and the DMCA therefore has no relevance in this case.

### LEGAL STANDARD

Rulings on motions *in limine* are committed to the discretion of the trial court. *See Hesling v. CSX Transp., Inc.*, 396 F.3d 632, 643 (5th Cir. 2005) ("The grant or denial of a motion in limine is considered discretionary, and thus will be reversed only for an abuse of discretion and a showing of prejudice."). A court may exercise this discretion to exclude inadmissible or prejudicial evidence or testimony before it is introduced at trial. *See Harris v. Miss. Transp. Comm'n*, 329 F. App'x 550, 555 (5th Cir. 2009) (affirming district court decision to exclude evidence because its probative value was substantially outweighed by its prejudicial effect).

Under the Federal Rules of Evidence, irrelevant evidence is not admissible, and relevant evidence must be excluded, "if its probative value is substantially outweighed by the danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 402, 403.

## ARGUMENT

Initially, this case involved two distinct liability issues: (1) whether Grande is contributorily liable for infringement of Plaintiffs' asserted copyrights; and (2) whether Grande is shielded from liability by the DMCA safe harbor set forth in 17 U.S.C. § 512(a), which requires a service provider to "adopt[] and reasonably implement[] . . . a policy that provides for the termination in appropriate circumstances of subscribers and account holders . . . who are repeat infringers" (a "repeat infringer policy"). *See* 17 U.S.C. § 512(i)(1)(A).

The DMCA no longer has any relevance in this case because the Court subsequently granted summary judgment in favor of Plaintiffs on Grande's DMCA safe harbor defense. *See* Mar. 15, 2019 Order at 8–18, 53 (ECF No. 268). The parties' respective proposed jury instructions on contributory liability do not refer to or otherwise incorporate any provision of the DMCA. *See* Pls.' Proposed Jury Instructions at 16 (ECF No. 302-8); Grande's Proposed Jury Instructions at 8–9 (ECF No. 301-6). Furthermore, the DMCA expressly provides that the DMCA safe harbors are irrelevant to copyright infringement liability. *See* 17 U.S.C. § 512(l) ("The failure of a service provider's conduct to qualify for [a DMCA safe harbor] shall not bear adversely upon the consideration of a defense by the service provider that the service provider's conduct is not infringing under this title or any other defense."). In short, the DMCA is irrelevant to the issues the jury will decide at trial, and the Court should therefore exclude all evidence or argument regarding the DMCA, the DMCA safe harbors, and Grande's attempts to

qualify for a DMCA safe harbor pursuant to Rule 402 or 403.  *See, e.g.*, *UMG Recordings, Inc. v. Escape Media Grp., Inc.*, No. 1:11-cv-8407, 2015 WL 1873098, at *7 (S.D.N.Y. Apr. 23, 2015) (granting motion *in limine* to preclude the defendant from raising compliance with the DMCA safe harbor as a mitigation argument, where the safe harbor was not available as an affirmative defense); *United States v. Trumbo*, No. 2:18-cr-20403, 2019 WL 3289848, at *2 (E.D. Mich. July 22, 2019) (granting motion *in limine* to preclude any reference to statutory safe harbor provisions that were not alleged to provide a defense to the defendant).

Relatedly, the Court should also exclude any evidence or argument regarding Grande's terminations or suspensions of subscriber accounts in response to copyright infringement allegations.  At trial, Plaintiffs intend to present evidence that in and before 2010, and in and after 2017, Grande had policies in place under which Grande suspended or terminated the internet service of subscribers accused of copyright infringement.  Plaintiffs intend to suggest that this evidence shows that Grande understood that the copyright infringement allegations at issue in this case were legitimate and actionable.   In addition to the reasons stated above, the Court should exclude this evidence for at least two more reasons.

*First*, Plaintiffs' claims are based solely on Grande's receipt of "notices" of copyright infringement from non-party Rightscorp, Inc., and it is undisputed that Grande has never terminated a subscriber account in response to a Rightscorp notice.[1]  Grande is willing to stipulate to that fact.  How Grande responded to non-Rightscorp notices—including any account terminations—is irrelevant to whether Grande is contributorily liable for any alleged act of copyright infringement identified by Rightscorp.

---

[1] With respect to pre-2011 terminations, there is no evidence that Grande even *received* any Rightscorp notices prior to 2011.

*Second*, evidence regarding account terminations in or after 2017 is inadmissible under Fed. R. Evid. 407 as evidence of subsequent remedial measures. The evidence shows that from approximately 2010 until after this lawsuit was filed, Grande did not terminate any subscriber accounts in response to allegations of copyright infringement. Only after this lawsuit was filed did Grande implement a DMCA repeat infringer policy under which subscriber accounts were actually terminated.[2] As such, evidence of such remedial measures "is not admissible to prove . . . culpable conduct." Fed. R. Evid. 407; *see also* Fed. R. Evid. 407, Notes of Advisory Committee on Proposed Rules (noting that the "more impressive" basis for excluding evidence of subsequent remedial measures "rests on a social policy of encouraging" such measures, including "changes in company rules"). Furthermore, this evidence is not necessary to prove "the feasibility of precautionary measures" (*see* Fed. R. Evid. 407) because there is separate, undisputed evidence that Grande has the technical and practical ability to terminate subscriber accounts in response to copyright infringement allegations. Grande is also willing to stipulate to that fact.

In sum, Grande does not dispute that Plaintiffs are entitled to present evidence at trial that (1) Grande received the Rightscorp notices that Plaintiffs produced in this case; (2) Grande did not terminate the account of any subscriber in response to Rightscorp's notices; and (3) Grande had the ability to do so. To streamline the issues for trial, Grande is willing to stipulate to those facts. What Plaintiffs should *not* be permitted to do, however, is use evidence of how Grande responded to copyright infringement allegations from *other parties*—regarding copyrights not at issue in this case—to imply that Grande knew that *Rightscorp's* notices were legitimate. Such

---

[2] But again, even this new policy did not result in any Rightscorp-related account terminations. This is because Grande's current DMCA policy requires senders of copyright infringement allegations to verify their identities with "PGP" encryption. Rightscorp, unlike virtually every other sender of DMCA notices, has refused to do.

evidence is not relevant to any question the jury needs to decide, and any probative value it may have is far outweighed by the dangers of unfairly prejudicing Grande and confusing or misleading the jury.

Thus, for the foregoing reasons, the Court should exclude from trial all evidence or argument regarding the DMCA, the DMCA safe harbors, and Grande's attempts to qualify for a DMCA safe harbor, including any evidence that Grande terminated or suspended subscriber accounts in response to allegations of copyright infringement.

Dated:  February 4, 2020

By:  /s/ *Richard L Brophy*
Richard L. Brophy
Zachary C. Howenstine
Margaret R. Szewczyk
Abigail L. Twenter
ARMSTRONG TEASDALE LLP
7700 Forsyth Blvd., Suite 1800
St. Louis, Missouri 63105
Telephone:  314.621.5070
Fax:  314.621.5065
rbrophy@armstrongteasdale.com
zhowenstine@armstrongteasdale.com
mszewczyk@armstrongteasdale.com
atwenter@armstrongteasdale.com

J. Stephen Ravel
Texas State Bar No. 16584975
J.R. Johnson
Texas State Bar No. 24070000
Diana L. Nichols
Texas State Bar No. 00784682
KELLY HART & HALLMAN LLP
303 Colorado, Suite 2000
Austin, Texas 78701
Telephone: 512.495.6429
Fax: 512.495.6401
Email: steve.ravel@kellyhart.com
          jr.johnson@kellyhart.com
          diana.nichols@kellyhart.com

ATTORNEYS FOR DEFENDANT
GRANDE COMMUNICATIONS
NETWORKS LLC

## CERTIFICATE OF SERVICE

The undersigned certifies that on February 4, 2020, all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system pursuant to Local Rule CV-5(b)(1).

/s/ *Richard Brophy*

Richard L. Brophy

## CERTIFICATE OF CONFERENCE

Pursuant to Local Rule CV-7(i), the undersigned certifies that counsel for the parties conferred and that Plaintiffs oppose the relief sought.

/s/ *Richard Brophy*

Richard L. Brophy