# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | |
|---|---|
| UMG RECORDINGS, INC., et al., ) <br> ) <br> Plaintiffs, ) <br> ) <br> vs. ) <br> ) <br> GRANDE COMMUNICATIONS ) <br> NETWORKS LLC, ) <br> ) <br> Defendant. ) <br> ) | No. 1:17-cv-00365-DAE-AWA |

## DEFENDANT GRANDE COMMUNICATIONS NETWORKS LLC'S
## FOURTEENTH MOTION *IN LIMINE*

Defendant Grande Communications Networks LLC ("Grande") moves *in limine* to exclude all evidence and argument regarding the value of unasserted copyrights and regarding generalized harm caused by copyright infringement.

## LEGAL STANDARD

Rulings on motions *in limine* are committed to the discretion of the trial court. *See Hesling v. CSX Transp., Inc.*, 396 F.3d 632, 643 (5th Cir. 2005) ("The grant or denial of a motion in limine is considered discretionary, and thus will be reversed only for an abuse of discretion and a showing of prejudice."). A court may exercise this discretion to exclude inadmissible or prejudicial evidence or testimony before it is introduced at trial. *See Harris v. Miss. Transp. Comm'n*, 329 F. App'x 550, 555 (5th Cir. 2009) (affirming district court decision to exclude evidence because its probative value was substantially outweighed by its prejudicial effect). Under the Federal Rules of Evidence, irrelevant evidence is not admissible, and relevant evidence must be excluded, "if its probative value is substantially outweighed by the danger of

one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 402, 403.

## ARGUMENT

At trial, Plaintiffs will attempt to prove that Grande is contributorily liable for infringement of a defined set of copyrighted sound recordings. *See* Ex. A to Compl. (ECF No. 1-1). In the event Plaintiffs elect to pursue statutory damages at trial, the jury will be entitled to consider evidence of the value of the asserted copyrights, and of Plaintiffs' lost revenues from the infringement of those copyrights. *See, e.g.*, *Coach, Inc. v. Brightside Boutique*, No. 1:11-cv-20-LY, 2012 WL 32941, at *5 (W.D. Tex. Jan. 6, 2012) (relevant factors include "the value of the copyright" and "the revenues lost by the plaintiff").

Evidence or argument regarding the value of copyrights not at issue in this case, and regarding the value of Plaintiffs' copyrights generally (including both asserted and unasserted copyrights), is irrelevant. Plaintiffs' corporate representatives consistently testified that Plaintiffs have made no attempt to value the asserted copyrights, and Plaintiffs decided not to offer any expert testimony on this subject. Plaintiffs should not be permitted to remedy these deficiencies through generalized testimony about their value of *all* of their sound recordings, or even more broadly, about the monetary or social value of Plaintiffs' businesses generally. This evidence has no proper purpose because it is not relevant to any issue the jury will consider.[1]

Evidence or argument regarding harm caused by copyright infringement generally is likewise irrelevant. For example, this includes evidence or argument that Plaintiffs and/or the recording industry have suffered lost revenues as a result of online copyright infringement, that

---

[1] To be clear, Grande does not object to Plaintiffs presenting evidence about the nature of their businesses—*i.e.*, what record labels *do*. Evidence regarding the *value* of Plaintiffs' businesses is what should be excluded from trial.

online copyright infringement poses an existential threat to Plaintiffs, and that lost revenues purportedly caused by copyright infringement have resulted in layoffs, fewer opportunities for recording artists, or other unquantified and irrelevant harms. This also includes certain proposed testimony from Plaintiffs' "damages" expert, William Lehr, in which he holds forth *in general* about how the recording industry has been harmed by online copyright infringement, without regard to any of the specific acts of alleged infringement at issue in this case. *See* Lehr Report, ¶¶ 15–26 (ECF No. 229-1).

Plaintiffs accuse Grande of contributorily infringing a discrete set of copyrighted works, and the only relevant harm is harm Plaintiffs suffered as a result of *that* alleged infringement. Plaintiffs have consistently testified that they have not attempted to quantify any such harm. Generalized evidence regarding harm caused by the universe of all copyright infringement occurring over the internet—including many forms of infringement not at issue in this case— serves no legitimate purpose in deciding any issue in this case; it would be a transparent attempt to inflame the passions of the jury and convince them to impose liability and award damages *based on harm that Grande is not alleged to have caused and for which Plaintiffs have no evidence Grande is liable*.

Pursuant to Fed. R. Evid. 402 or 403, the Court should therefore exclude from trial any evidence or argument regarding (1) the value of unasserted copyrights; (2) the monetary, social, or other value of Plaintiffs' copyrights and businesses generally; and (3) harm caused by copyright infringement generally, including any generalized harm suffered by the recording industry or any Plaintiff as a result of online copyright infringement. Any probative value such evidence may have—Grande respectfully submits it has none—is far outweighed by the dangers

of unfair prejudice to Grande, of confusing or misleading the jury about what evidence is actually relevant to liability and damages, and of simply wasting the jury's and the Court's time.

Dated:  February 4, 2020

                By:  /s/ *Richard L Brophy*
                    Richard L. Brophy
                    Zachary C. Howenstine
                    Margaret R. Szewczyk
                    Abigail L. Twenter
                    ARMSTRONG TEASDALE LLP
                    7700 Forsyth Blvd., Suite 1800
                    St. Louis, Missouri 63105
                    Telephone:  314.621.5070
                    Fax:  314.621.5065
                    rbrophy@armstrongteasdale.com
                    zhowenstine@armstrongteasdale.com
                    mszewczyk@armstrongteasdale.com
                    atwenter@armstrongteasdale.com

                    J. Stephen Ravel
                    Texas State Bar No. 16584975
                    J.R. Johnson
                    Texas State Bar No. 24070000
                    Diana L. Nichols
                    Texas State Bar No. 00784682
                    KELLY HART & HALLMAN LLP
                    303 Colorado, Suite 2000
                    Austin, Texas 78701
                    Telephone: 512.495.6429
                    Fax: 512.495.6401
                    Email: steve.ravel@kellyhart.com
                            jr.johnson@kellyhart.com
                            diana.nichols@kellyhart.com

                    ATTORNEYS FOR DEFENDANT
                    GRANDE COMMUNICATIONS
                    NETWORKS LLC

**CERTIFICATE OF SERVICE**

The undersigned certifies that on February 4, 2020, all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system pursuant to Local Rule CV-5(b)(1).

/s/ *Richard Brophy*

Richard L. Brophy

**CERTIFICATE OF CONFERENCE**

Pursuant to Local Rule CV-7(i), the undersigned certifies that counsel for the parties conferred and that Plaintiffs oppose the relief sought.

/s/ *Richard Brophy*

Richard L. Brophy