**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | |
|---|---|
| UMG RECORDINGS, INC., et al., ) <br> ) <br> Plaintiffs, ) <br> ) <br> vs. ) <br> ) <br> GRANDE COMMUNICATIONS ) <br> NETWORKS LLC, ) <br> ) <br> Defendant. ) <br> ) | No. 1:17-cv-00365-DAE-AWA |

**DEFENDANT GRANDE COMMUNICATIONS NETWORKS LLC'S
<u>SIXTEENTH MOTION *IN LIMINE*</u>**

Defendant Grande Communications Networks LLC ("Grande") moves *in limine* to exclude evidence and argument regarding Grande's alleged destruction of relevant evidence, including the documents identified as PX206 and PX207 in Plaintiffs' Amended Exhibit List and the testimony of Richard Fogle concerning those documents.

**LEGAL STANDARD**

Rulings on motions *in limine* are committed to the discretion of the trial court. *See Hesling v. CSX Transp., Inc.*, 396 F.3d 632, 643 (5th Cir. 2005) ("The grant or denial of a motion in limine is considered discretionary, and thus will be reversed only for an abuse of discretion and a showing of prejudice."). A court may exercise this discretion to exclude inadmissible or prejudicial evidence or testimony before it is introduced at trial. *See Harris v. Miss. Transp. Comm'n*, 329 F. App'x 550, 555 (5th Cir. 2009) (affirming district court decision to exclude evidence because its probative value was substantially outweighed by its prejudicial effect). Under the Federal Rules of Evidence, irrelevant evidence is not admissible, and relevant evidence must be excluded, "if its probative value is substantially outweighed by the danger of

one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 402, 403.

## ARGUMENT

Plaintiffs intend to argue at trial that Grande employees willfully deleted emails and possibly other evidence to avoid liability in the present litigation. This highly charged and prejudicial allegation is based entirely on two emails sent by one of Grande's employees, Mr. Richard Fogle. A complete copy of these two emails is set forth below (PX206 and PX207 in Plaintiffs' Amended Exhibit List (ECF No. 307)):

```
To:          William.Davis@rcn.net[William.Davis@rcn.net]
From:        Richard Fogle
Sent:        Tue 8/23/2016 8:55:40 PM
Importance:  Normal
Subject:     DMCA
Received:    Tue 8/23/2016 8:55:42 PM


I was thinking that COX was nailed on DMCA because they had evidence from subpoenaed corporate email/call recordings. This is making
me think on Grande's email retention policy in more liability terms.


R
```

\* \* \*

> To: Paul Morgan[Paul.Morgan@mygrande.com]
> From: Richard Fogle
> Sent: Fri 9/30/2016 2:25:22 PM
> Importance: Normal
> Subject: Reason for email retention enforcement
> Received: Fri 9/30/2016 2:25:25 PM
>
> Paul – RCN isn't the reason this came to a head recently, this:
>
> http://arstechnica.com/tech-policy/2015/11/with-a-week-to-go-before-rightscorp-trial-cox-loses-key-dmca-motion/
>
> http://arstechnica.com/tech-policy/2015/12/rightscorp-wins-landmark-ruling-cox-hit-with-25m-verdict-in-copyright-case/
>
> https://torrentfreak.com/rightscorp-pressures-isps-to-hijack-pirates-browsers-160625/
>
> https://torrentfreak.com/u-s-isp-sues-music-group-over-piracy-allegations-160615/
>
> plus our message archiver is standing on its last legs due to over-capacity ($20k - $30k to buy the next level up appliance), and our policy has always stated 7 years, we were just lax in enforcing it.
>
> The key to Rightscorp winning the judgement is Cox kept email, that was subpoenaed, showing that they told support staff not to kick out DMCA offenders thus placing the safe harbor in jeopardy.
>
> Not trying to slow you down or trip you up, just have to balance regulatory, liability and budgetary factors. RCN is going through the same thing and we may be handed down a different policy from Patriot at some point depending on what the lawyers come up with.
>
> Regards,
> Rich

Mr. Fogle is the director of information systems for Grande, and his job duties included managing and enforcing Grande's email retention policies. It should come as no surprise that Plaintiffs discovered one email in which he discusses Grande's email retention policy and another in which he is attempting to enforce it.[1]

These two emails do not provide any legitimate basis for Plaintiffs to allege that Grande or its employees engaged in a campaign to destroy relevant evidence. No emails or other documents relevant to this case were destroyed, and Plaintiffs have no evidence suggesting otherwise. The only emails that were "destroyed" were those removed pursuant to Grande's legitimate seven-year document retention policy—a policy that Mr. Fogle did not shorten even after sending the emails reproduced above. During his deposition, Mr. Fogle endured a barrage of aggressive questioning in which Plaintiffs' counsel attempted to insinuate that Mr. Fogle was

---

[1] Pursuant to Grande's email retention policy, Grande retains employee email for seven years. *See* Fogle Dep. Tr. at 190:17-19.

engaged in nefarious behavior. A review of this portion of Mr. Fogle's deposition clearly demonstrates that he has not engaged in any effort to destroy evidence relevant to Grande's potential liability in this case. *See* Fogle Dep. Tr. at 163-201 (Ex. 1).

It is also important to note that both emails on which Plaintiffs rely were generated and transmitted *seven months before Plaintiffs filed suit against Grande.* As a result, Grande was not yet aware that it would be sued and was under no obligation to retain any documents.

Knowing that these allegations are baseless, during discovery Plaintiffs never bothered to attempt to depose William Davis or Paul Morgan, the recipients of Mr. Fogle's two emails, to determine whether either individual took steps to destroy materials. Nor did Plaintiffs seek sanctions for spoliation or otherwise seek additional discovery relevant to a potential spoliation claim. Moreover, there is no evidence indicating that either Mr. Davis or Mr. Morgan would have sent or received emails relevant to the issues in this case. Plaintiffs know that no relevant emails were destroyed.

Finally, Plaintiffs' allegations make no sense in light of Grande's production of the emails reproduced above. If Grande's employees were engaged in a scheme to destroy email evidence, surely they would have destroyed the very emails that, according to Plaintiffs, spawned the scheme in the first place.

In view of the foregoing, it appears that Plaintiffs intend to make generalized allegations that Grande engaged in a campaign to destroy incriminating emails. The apparent goal of this strategy will be to cause the jury to assume that incriminating emails or other evidence existed and was subsequently destroyed—with the resulting effect of biasing the jury against Grande. Additionally, it may be that Plaintiffs appreciate that they face serious issues as a result of

Rightscorp's destruction of relevant evidence, and are therefore seeking to minimize the effect of that by manufacturing a baseless spoliation case against Grande.

Due to the lack of any evidence supporting a legitimate allegation of spoliation, Plaintiffs should not be permitted to introduce any such highly prejudicial evidence or arguments at trial. Pursuant to Fed. R. Evid. 402 or 403, the Court should preclude Plaintiffs from introducing at trial any evidence or argument suggesting that Grande intentionally destroyed relevant evidence, including testimony or documents concerning or reflecting Richard Fogle's comments regarding the *Cox* litigation,[2] and including the documents identified as PX206 and PX207 in Plaintiffs' Amended Exhibit List (ECF No. 307). Any probative value such evidence may have is far outweighed by the dangers of unfair prejudice to Grande, of confusing or misleading the jury about what relevant evidence actually exists or was destroyed, and of simply wasting the jury's and the Court's time.

---

[2] Other related issues concerning the admissibility of evidence and argument regarding the *Cox* litigations is addressed in Grande's Sixth Motion *in Limine*.

Dated:  February 4, 2020

By: /s/ *Richard L Brophy*
Richard L. Brophy
Zachary C. Howenstine
Margaret R. Szewczyk
Abigail L. Twenter
ARMSTRONG TEASDALE LLP
7700 Forsyth Blvd., Suite 1800
St. Louis, Missouri 63105
Telephone:  314.621.5070
Fax:  314.621.5065
rbrophy@armstrongteasdale.com
zhowenstine@armstrongteasdale.com
mszewczyk@armstrongteasdale.com
atwenter@armstrongteasdale.com

J. Stephen Ravel
Texas State Bar No. 16584975
J.R. Johnson
Texas State Bar No. 24070000
Diana L. Nichols
Texas State Bar No. 00784682
KELLY HART & HALLMAN LLP
303 Colorado, Suite 2000
Austin, Texas 78701
Telephone: 512.495.6429
Fax: 512.495.6401
Email: steve.ravel@kellyhart.com
          jr.johnson@kellyhart.com
          diana.nichols@kellyhart.com

ATTORNEYS FOR DEFENDANT
GRANDE COMMUNICATIONS
NETWORKS LLC

## CERTIFICATE OF SERVICE

The undersigned certifies that on February 4, 2020, all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system pursuant to Local Rule CV-5(b)(1).

/s/ *Richard Brophy*

Richard L. Brophy

## CERTIFICATE OF CONFERENCE

Pursuant to Local Rule CV-7(i), the undersigned certifies that counsel for the parties conferred and that Plaintiffs oppose the relief sought.

/s/ *Richard Brophy*

Richard L. Brophy