UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| UMG RECORDINGS, INC., et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) No. 1:17-cv-00365-DAE-AWA |
| | ) |
| GRANDE COMMUNICATIONS NETWORKS LLC, | ) |
| | ) |
| Defendant. | ) |

**DEFENDANT GRANDE COMMUNICATIONS NETWORKS LLC'S
OPPOSITION TO PLAINTIFFS' MOTION *IN LIMINE*
REGARDING THE COPYRIGHT ALERT SYSTEM**

Plaintiffs' Motion *in Limine* to Preclude Any Evidence or Argument Related to the Copyright Alert System (ECF No. 313) should be denied. Evidence regarding the Copyright Alert System ("CAS") bears directly on Plaintiffs' assertion in this case that internet service providers must respond to notices of alleged copyright infringement by terminating subscribers. The evidence Plaintiffs seek to exclude was deemed admissible in Plaintiffs' recent litigation against Cox Communications, another ISP accused of contributing to copyright infringement.[1] For the reasons set forth below, the Court should decline to issue any definitive ruling regarding the admissibility of CAS evidence prior to trial.

**I.    The Court Did Not Hold that the Copyright Alert System Is Irrelevant.**

Plaintiffs' primary justification for seeking exclusion of evidence regarding the Copyright Alert System ("CAS") is that "Judge Austin has already held [that] CAS is irrelevant to this action." Plaintiffs' Mot. *in Limine* to Preclude Any Evidence or Argument Related to the

---

[1] The trial transcripts reflecting the district court's order on the admissibility of CAS-related evidence are not yet publicly available. Grande expects to present the relevant transcripts for the Court's consideration when it hears argument on the parties' motions *in limine*, if not before.

1

Copyright Alert System at 5 (ECF No. 313) (hereinafter, "Pls.' MIL re CAS").  This is incorrect.  In fact, the Orders that Plaintiffs rely on do not address the Copyright Alert System at all.  *See generally* Sept. 26, 2018 Orders (ECF No. 191, 192).  In those Orders, the Court limited the parties' attempts to take discovery regarding "other detection systems" and RIAA's and Rightscorp's general interactions with "other ISPs."  The Court made no such ruling with respect to the CAS.  Importantly, the CAS evidence relates, not to other detection systems or other ISPs, but to Plaintiffs' own position on how notices of infringement should be received and processed by an ISP generally.  *See* Order at 11 (ECF No. 191); Order at 7 (ECF No. 192).

## II.  The Requirements of the CAS Are Highly Relevant to Plaintiffs' Claims.

As Plaintiffs acknowledge, the CAS was not a detection system.  Rather, it is a set of policies, promulgated by Plaintiffs through their trade association, RIAA, aimed at standardizing the way ISPs process and respond to infringement notices.[2]  *See* Pls.' MIL re CAS at 2.  Despite Plaintiffs' description of the CAS as an "experimental policy," the CAS was in fact a very real and widely implemented policy that was operational for four years that overlap with the damages period at issue in this case.  *See* Pls.' MIL re CAS at 2.

At trial, Plaintiffs will assert that Grande should have terminated any subscriber who received two or more notices of alleged infringement.  Indeed, termination after two or three notices is a basic premise of Plaintiffs' "lost profits" damages model.  *See, e.g.*, Lehr Report, ¶

---

[2] The cases Plaintiffs rely on are inapposite.  Plaintiffs cite *United States v. Mendlowitz,* for the proposition that "general practices in an industry" are irrelevant.  No. 17-cr-248-VRB, 2019 WL 6977120, at *5 (S.D.N.Y. Dec. 20, 2019); *see* Pls.' MIL re CAS at 5.  The CAS was not a "general industry practice" that existed apart from Plaintiffs and RIAA; rather, it was a process that Plaintiffs and the RIAA themselves developed, agreed to, and implemented.  Likewise, in *United States v. Oldbear*, the court excluded evidence used to support an "everybody-is-doing-it defense," however, that does not capture the significance of the CAS evidence.  568 F.3d 814, 821 (10th Cir. 2009).  The CAS represents what these particular Plaintiffs and the RIAA expected from an ISP and deemed an acceptable method for addressing allegations of online copyright infringement.  That those expectations alter wildly from the CAS to Grande is highly relevant and probative evidence.

2

43 (ECF No. 229-1). This proposed approach is far more aggressive than the one Plaintiffs proposed and adopted under the CAS. *See* Pls.' MIL re CAS at 2. The CAS policy only required ISPs to take action after the receipt of six allegations of infringement, and even then, there was <u>never</u> an obligation to terminate a subscriber. *See* Pls.' MIL re CAS at 2, 6.

It would be severely prejudicial for the Court to allow Plaintiffs to argue that Grande should have permanently terminated its subscribers after receiving two notices of infringement while preventing Grande from presenting evidence showing that Plaintiffs' standard industry policy was far less aggressive. To the extent Plaintiffs claim the CAS does not reflect what Grande should have done because it was a negotiated agreement to which Grande was not a party, Plaintiffs will be free to offer that argument to the jury at trial.

### III. The Court Should Not Exclude Any Evidence Bearing on Plaintiffs' and RIAA's Requirements for Copyright Infringement Detection Vendors.

Through their trade association, Plaintiffs demanded that the software systems developed by their infringement detection vendors met certain minimum technical standards. While Plaintiffs do not directly seek to exclude this material through the present motion, certain of these technical materials do tangentially relate to the CAS. For example, Rightscorp and another vendor, MarkMonitor, submitted RFP responses in the hope of being selected to perform detection services under the CAS program. *See, e.g.*, Rightscorp RFP Response (ECF No. 282-3). Grande is specifically identifying these materials to make certain they are not inadvertently swept up in any ruling from the Court on the present motion.

While these technical documents are admissible for the reasons set forth above, they are also admissible because they bear directly on the legitimacy of the Rightscorp system and Plaintiffs' views on the evidentiary value associated with the emails Rightscorp generated. These documents reflect minimum technical standards that Rightscorp's system does not satisfy.

Rightscorp's RFP response also contains false representations regarding the capabilities of its system. As such, this evidence is directly relevant to, and highly probative of, the validity of Rightscorp's system. This evidence also directly relates to Plaintiffs' assertion that the Rightscorp system is capable of generating reliable evidence of infringement and also bears directly on Rightscorp's credibility. The Court should therefore deny Plaintiffs' motion to the extent it might be interpreted as seeking exclusion of this evidence.

## **CONCLUSION**

For the foregoing reasons, the Court should deny Plaintiffs' Motion *in Limine* to Preclude Any Evidence or Argument Related to the Copyright Alert System (ECF No. 313).

Dated: February 14, 2020

By: /s/ *Richard L Brophy*
Richard L. Brophy
Zachary C. Howenstine
Edward F. Behm
Margaret R. Szewczyk
Abigail L. Twenter
ARMSTRONG TEASDALE LLP
7700 Forsyth Blvd., Suite 1800
St. Louis, Missouri 63105
Telephone: 314.621.5070
Fax: 314.621.5065
rbrophy@armstrongteasdale.com
zhowenstine@armstrongteasdale.com
ebehm@armstrongteasdale.com
mszewczyk@armstrongteasdale.com
atwenter@armstrongteasdale.com

J. Stephen Ravel
Texas State Bar No. 16584975
J.R. Johnson
Texas State Bar No. 24070000
Diana L. Nichols
Texas State Bar No. 00784682
KELLY HART & HALLMAN LLP
303 Colorado, Suite 2000
Austin, Texas 78701
Telephone: 512.495.6429
Fax: 512.495.6401
Email: steve.ravel@kellyhart.com
jr.johnson@kellyhart.com
diana.nichols@kellyhart.com

ATTORNEYS FOR DEFENDANT
GRANDE COMMUNICATIONS
NETWORKS LLC

## **CERTIFICATE OF SERVICE**

The undersigned certifies that on February 14, 2020, all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system pursuant to Local Rule CV-5(b)(1).

/s/ *Richard Brophy*
Richard L. Brophy