**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| UMG RECORDINGS, INC., et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | No.  1:17-cv-00365-DAE-AWA |
| | ) | |
| GRANDE COMMUNICATIONS | ) | |
| NETWORKS LLC, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**DEFENDANT'S OPPOSITION TO**
**PLAINTIFFS' MOTION *IN LIMINE* REGARDING THE DMCA**

Plaintiffs' Motion *in Limine* to Permit Evidence or Argument Related to Grande's Ineligibility for the DMCA Safe Harbor Defense (ECF No. 315) is a thinly-veiled attempt to inject highly prejudicial evidence regarding an affirmative defense that is no longer at issue in this case.

Rather than prove their claim of contributory infringement against Grande, Plaintiffs improperly seek to confuse and mislead the jury into equating liability for contributory copyright infringement with Grande's unsuccessful attempt to qualify for a DMCA safe harbor.  The DMCA and controlling case law expressly forbid this approach.  At a bare minimum, a blanket ruling that Plaintiffs may present evidence regarding the DMCA and Grande's DMCA safe harbor defense is improper at this stage, and the Court should instead take up the admissibility of particular DMCA-related evidence at trial on an individual basis.

For the reasons stated below and in Grande's Thirteenth Motion *in Limine* (ECF No. 325), the Court should deny Plaintiffs' motion.

1

**ARGUMENT**

The Court's ruling in Plaintiffs' favor on Grande's DMCA safe harbor defense renders the DMCA completely irrelevant to this case. *See* Mar. 15, 2019 Order at 8–18, 53 (ECF No. 268). The DMCA expressly provides that "[t]he failure of a service provider's conduct to qualify for [a DMCA safe harbor] ***shall not bear adversely*** upon the consideration of a defense by the service provider that the service provider's conduct is not infringing under this title or any other defense." 17 U.S.C. § 512(l) (emphasis added).

Consequently, the Fourth Circuit has emphasized that a failure to qualify for the DMCA safe harbor is irrelevant to whether an ISP is liable for copyright infringement:

> It is clear that Congress intended the DMCA's safe harbor for ISPs to be a floor, not a ceiling, of protection. Congress said nothing about whether passive ISPs should ever be held strictly liable as direct infringers or whether plaintiffs suing ISPs should instead proceed under contributory theories. The DMCA has merely added a second step to assessing infringement liability for Internet service providers, after it is determined whether they are infringers in the first place under the preexisting Copyright Act. Thus, ***the DMCA is irrelevant to determining what constitutes a prima facie case of copyright infringement.***

*CoStar Grp., Inc. v. LoopNet, Inc.*, 373 F.3d 544, 555 (4th Cir. 2004) (emphasis added). The Fifth Circuit has expressly agreed with the Fourth Circuit on this matter. *See BWP Media USA, Inc. v. T&S Software Assocs, Inc.*, 852 F.3d 436, 444 (5th Cir. 2017) ("We agree with the Fourth Circuit's analysis on this point."). Thus, it is crystal clear that any evidence regarding Grande's attempt to qualify for the DMCA safe harbor is not relevant at this trial.

Despite this clear authority, Plaintiffs seek to smuggle in evidence and arguments regarding Grande's termination policies and the Court's rejection of Grande's safe harbor defense. This attempt by Plaintiffs to artificially augment the strength of their case is improper. The Court should not allow this highly prejudicial evidence to reach the jury.

I.   **This Court should prevent Plaintiffs from referencing Grande's termination policies at trial.**

At the outset, it is important to draw a distinction between two fundamentally different categories of evidence implicated by Plaintiffs' motion. The first category is evidence reflecting what Grande actually did (or did not do) upon receiving Rightscorp's infringement notices. Grande has no objection to Plaintiffs introducing evidence that Grande did not terminate subscribers in response to the receipt of Rightscorp notices directed to the copyrights in this case. However, Plaintiffs should <u>*not*</u> be permitted to introduce evidence regarding a second category of evidence.  This second category includes: the DMCA, the policies and procedures Grande put in place in an effort to comply with the safe harbor provisions of the DMCA (requiring, among other things, a policy for terminating the accounts of repeat infringers in appropriate circumstances), and the Court's order on Grande's safe harbor defense.  This latter category of evidence is only relevant to the safe harbor, which is now out of the case.  Admitting this evidence at trial would allow Plaintiffs to use Grande's attempt and failure to qualify for the safe harbor as affirmative evidence of liability, which is forbidden.  *See* 17 U.S.C. § 512(l); *CoStar*, 373 F.3d at 555.

In their motion, Plaintiffs argue that Grande's termination policies and the Court's safe harbor ruling are relevant to two specific issues in this case—willful blindness and willful infringement.  *See* Pls.' Motion *in Limine* to Permit Evidence or Argument Related to Grande's Ineligibility for the DMCA Safe Harbor Defense (ECF No. 315) (hereinafter, "Pls.' MIL re DMCA") at 4-5.  Neither of these positions withstands scrutiny.

To prove willful blindness, Plaintiffs must establish that (1) Grande subjectively believed there was a high probability that infringement of Plaintiffs' copyrights was occurring on its networks and (2) Grande took deliberate actions to avoid learning that fact.  *See Global—Tech*

*Appliances, Inc. v. SEB S.A.*, 563 U.S. 754, 764 (2011).  These elements relate to Grande's <u>belief</u> that infringement of Plaintiffs' copyrights was taking place and the affirmative steps, if any, that Grande took to avoid validating that belief.  The second category of evidence identified above is not probative of either of these elements.  *See* Pls.' MIL re DMCA at 4–5.  For example, Grande's failure to adopt a repeat infringer termination policy does not bear in any way on its subjective belief that users of its network were infringing Plaintiffs' copyrights.  The fact that Grande failed to adopt such a policy also does not relate, in any way, to whether Grande took steps to avoid verifying that infringement was taking place.

To be clear, implementation of a repeat infringer termination policy does not require steps for validating or investigating individual notices of alleged infringement, and Plaintiffs have never claimed otherwise.  As a result, failing to implement a termination policy is not tantamount to failing to validate the legitimacy of a notice.  Moreover, in this case, there is no evidence that Grande had the ability to confirm the accuracy of any Rightscorp notice, even if it wanted to.  Consequently, while Grande's policy of not terminating subscribers may be characterized as a "deliberate action," it is not a deliberate action <u>undertaken to avoid learning about infringement of Plaintiffs' copyrights</u>, which is the proper inquiry under the willful blindness elements.

For similar reasons, Grande's termination policies are not relevant to whether Grande willfully infringed Plaintiffs' copyrights.  *See* Pls.' MIL re DMCA at 5.  In order to prove willfulness, Plaintiffs must show that "Grande knew its conduct constituted contributory copyright infringement or acted with reckless disregard of Plaintiffs' rights as copyright holders."  *See* Mar. 15, 2019 Order at 43 (ECF No. 268).  While the fact that Grande did not in fact terminate subscribers in response to Rightscorp's notices (the first category of evidence

identified above) may be relevant to this inquiry, evidence in the second category absolutely is

not. As explained above, Plaintiffs cannot use Grande's attempt and failure to meet the

requirements of the DMCA safe harbor to prove liability for the underlying claim of contributory

copyright infringement. *See* 17 U.S.C. § 512(l); *CoStar*, 373 F.3d at 555. This would be akin to

allowing a plaintiff to use evidence of a subsequent remedial measure to prove the defendants

prior conduct was improper. *See* Fed. R. Evid. 407.[1]

Plaintiffs' motion should also be denied because Plaintiffs seek to introduce evidence

relating to policies and terminations that apply to notices other than those generated by

Rightscorp and relating to the copyrights at issue in this case. *See* Grande's 13th Mot. *in Limine*

(ECF No. 325) (seeking exclusion of DMCA-related evidence); Grande's 14th Mot. *in Limine*

(ECF No. 326) (seeking exclusion of evidence regarding unasserted copyrights). Whether

Grande terminated subscribers in response to infringement allegations from other parties,

concerning copyrights that are not at issue in this case, is irrelevant to whether Grande believed

that infringement of *Plaintiffs' asserted copyrights* occurred on its networks or whether Grande

deliberately avoided learning about infringement of *Plaintiffs' asserted copyrights*.

Furthermore, if Plaintiffs are permitted to present argument and evidence concerning

Grande's termination policies or its conduct with respect to notices received from entities other

than Rightscorp, that could unnecessarily inject a host of additional irrelevant issues into the

trial, such as the legitimacy of those notices and Grande's efforts to inform subscribers about

them. This, in turn, will needlessly complicate and lengthen the trial, and likely confuse the jury.

This case is sufficiently complex as it is, and introducing these irrelevant matters serves no

legitimate purpose. It also bears mentioning that Grande was expressly forbidden from pursuing

---

[1] Grande is willing to stipulate that it was technically feasible to terminate subscribers.

these lines of inquiry during fact discovery.  *See* Sept. 26, 2018 Order at 11 (ECF No. 191)

("Documents related to other detection systems are not sufficiently related to this case to permit

their discovery.").  Because Grande has not been afforded a legitimate opportunity to discover

evidence that would refute Plaintiffs' assertions, these arguments should be excluded from trial.

For these reasons, evidence regarding the DMCA and Grande's general termination

policies is irrelevant and unfairly prejudicial to Grande, and the Court should therefore deny

Plaintiffs' motion.

**II.    The Court should exclude evidence of or reference to its safe harbor ruling.**

As discussed above, Plaintiffs' argument that the Court's safe harbor ruling is relevant at

trial directly contradicts the plain text of the DMCA.  *See* 17 U.S.C. § 512(l); *see also CoStar*,

373 F.3d at 555 ("The DMCA is irrelevant to determining what constitutes a prima facie case of

copyright infringement."); *BWP Media USA Inc. v. Polyvore, Inc.*, 1:13-cv-07867, 2016 WL

3926450, at *6 (S.D.N.Y. July 15, 2016) ("In light of this unambiguous statutory language and

clear legislative history, the Court rejects Plaintiffs' argument that, in passing the DMCA,

Congress intended to subject ISPs to different standards of copyright liability than non-ISPs.

The DMCA instead 'makes explicit that its safe harbors only augment service providers' arsenal

of defenses, rather than serving to diminish their rights.'") (citations & alterations omitted),

*vacated in part on other grounds*, 922 F.3d 42 (2d Cir. 2019).

Understanding this, <u>*both parties*</u> proposed jury instructions on contributory liability that

do not mention or reflect any provision of the DMCA.  *See* Pls.' Proposed Jury Instructions at 16

(ECF No. 302-8); Grande's Proposed Jury Instructions at 8–9 (ECF No. 301-6).  Plaintiffs'

desire to refer to and present evidence regarding the Court's safe harbor ruling is a clear attempt

to confuse the jury and prejudice it against Grande.  This evidence serves no legitimate purpose in resolving any issue the jury needs to decide.

Furthermore, Plaintiffs misrepresent the *Cox* court's position on this issue.  *See* Pls.' MIL re DMCA at 5.  In *Cox*, because "witnesses and documents often referred to the DMCA and its safe harbor provisions," the court instructed the jury that "the DMCA is not a defense in this case and must be disregarded."  *See BMG Rights Mgmt. (US) LLC v. Cox Commc'ns, Inc.*, 881 F.3d 293, 313 (4th Cir. 2018).  The district court did *not* allow the plaintiff to affirmatively present evidence or argument regarding its safe harbor ruling.  *See id.*  Moreover, the *Cox* court's instruction is unnecessary and improper in this case because all evidence and argument related to the DMCA and its safe harbors can and should be excluded from trial.  *See* Grande 13th Mot. *in Limine* (ECF No. 325).  It will be clear from the Court's jury instructions—which the jury is presumed to follow—that the DMCA is not germane to any issue the jury needs to decide.[2]

Finally, Plaintiffs suggest that the Court should permit them to introduce evidence of the Court's safe harbor ruling because they need it to respond to an "equitable" argument Grande may make at trial.  *See* Pls.' Third MIL at 6–7.  The need to respond to an argument that Grande has not made is no basis for a blanket ruling that all evidence regarding the DMCA and the Court's safe harbor ruling is admissible.  Grande does not intend to make any argument at trial that would open the door to discussion of the DMCA safe harbors, but if it does, the Court can take up this issue at that time.  And again, the premise of Plaintiffs' argument flies in the face of § 512(l), which provides that the failure to qualify for a safe harbor "shall not bear adversely

---

[2] In the event mention of the DMCA proves unavoidable at trial, which is by no means a foregone conclusion, and seems to pose a real risk of confusion, the Court can simply instruct the jury that the DMCA is not relevant to this case.  Grande reserves the right to propose such an instruction depending on the Court's resolution of the parties' motions *in limine* and/or the presentation of evidence at trial.

upon the consideration of a defense . . . that the service provider's conduct is not infringing under this title *or any other defense*."  (emphasis added).

## CONCLUSION

For the foregoing reasons, the Court should deny Plaintiffs' Motion *in Limine* to Permit Evidence or Argument Related to Grande's Ineligibility for the DMCA Safe Harbor Defense (ECF No. 315), and should instead grant Grande's Thirteen Motion *in Limine* (ECF No. 325) and exclude all evidence and argument regarding the DMCA from trial.

Dated:  February 14, 2020

By:  /s/ *Richard L Brophy*
     Richard L. Brophy
     Zachary C. Howenstine
     Edward F. Behm
     Margaret R. Szewczyk
     Abigail L. Twenter
     ARMSTRONG TEASDALE LLP
     7700 Forsyth Blvd., Suite 1800
     St. Louis, Missouri 63105
     Telephone:  314.621.5070
     Fax:  314.621.5065
     rbrophy@armstrongteasdale.com
     zhowenstine@armstrongteasdale.com
     ebehm@armstrongteasdale.com
     mszewczyk@armstrongteasdale.com
     atwenter@armstrongteasdale.com


     J. Stephen Ravel
     Texas State Bar No. 16584975
     J.R. Johnson
     Texas State Bar No. 24070000
     Diana L. Nichols
     Texas State Bar No. 00784682
     KELLY HART & HALLMAN LLP
     303 Colorado, Suite 2000
     Austin, Texas 78701
     Telephone: 512.495.6429
     Fax: 512.495.6401
     Email: steve.ravel@kellyhart.com
           jr.johnson@kellyhart.com
           diana.nichols@kellyhart.com

     ATTORNEYS FOR DEFENDANT
     GRANDE COMMUNICATIONS
     NETWORKS LLC

## **CERTIFICATE OF SERVICE**

The undersigned certifies that on February 14, 2020, all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system pursuant to Local Rule CV-5(b)(1).

/s/ *Richard Brophy*
Richard L. Brophy