UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| UMG RECORDINGS, INC., | § | No. 1:17-CV-365-DAE |
| CAPITOL RECORDS, LLC, | § | |
| WARNER BROS. RECORDS, INC., | § | |
| SONY MUSIC ENTERTAINMENT, | § | |
| ARISTA RECORDS, LLC, ARISTA | § | |
| MUSIC, ATLANTIC RECORDING | § | |
| CORPORATION, CAPITOL | § | |
| CHRISTIAN MUSIC GROUP, INC., | § | |
| ELECKTRA ENTERTAINMENT | § | |
| GROUP, INC., FONOVISA, INC., | § | |
| FUELED BY RAMEN, LLC, LAFACE | § | |
| RECORDS, LLC, NONESUCH | § | |
| RECORDS, INC., RHINO | § | |
| ENTERTAINMENT COMPANY, | § | |
| ROADRUNNER RECORDS, INC., | § | |
| ROC-A FELLA RECORDS, LLC, | § | |
| TOOTH & NAIL, LLC, and ZOMBA | § | |
| RECORDING, LLC, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| vs. | § | |
| | § | |
| GRANDE COMMUNICATIONS | § | |
| NETWORKS, LLC, | § | |
| | § | |
| Defendant. | § | |

ORDER REGARDING MOTIONS IN LIMINE

Before the Court are twenty-one (21) motions in limine filed by the

parties on February 4, 2020.  (Dkts. ## 308–328.)  Pursuant to Local Rule CV 7(h),

the Court finds this matter suitable for disposition without a hearing.

1

BACKGROUND

Plaintiffs are record companies that produce commercial sound recordings and distribute them throughout the United States.  (Dkt. # 1 at 2.) Remaining Defendant Grande Communications Networks, LLC ("Grande") is an internet service provider ("ISP"), providing internet access to customers in Texas. (Id.)  Former Defendant Patriot Media Consulting, LLC ("Patriot") provided and continues to provide various management services to Grande.  (Id. at 6.)  Plaintiffs originally filed suit against both Grande and Patriot.  (Id. at 1.)  Plaintiffs assert that Defendants received over one million notices of direct copyright infringement allegedly committed by Grande's customers.  (Id. at 2, 11–12.)  Plaintiffs also allege that these customers directly infringed on Plaintiffs' copyrights through the use of various of file sharing applications, including BitTorrent.  (Id. at 2, 8–12.) Plaintiffs' complaint contains claims for secondary copyright infringement under 17 U.S.C. § 101 et seq. against both defendants, alleging Defendants continued to provide infringing customers with internet access after receiving the notices of infringement.  (Id. at 13, 15, 17.)

On April 19, 2017, Defendants filed separate motions to dismiss under Federal Rule of Civil Procedure 12(b)(6).  (Dkts. ## 28, 29.)  On March 26, 2018, the Court adopted a Report and Recommendation from Magistrate Judge Austin recommending Patriot's motion be granted in its entirety and Grande's motion be

granted as to Plaintiffs' claims for vicarious secondary infringement.  (Dkts. ## 72 at 21; 77 at 3.)  Patriot was thus dismissed as a defendant from this action.  (<u>See</u> <u>id.</u>)  Therefore, the only remaining claim in this case is for contributory secondary copyright infringement against Grande.

On April 9, 2018, Grande filed their answer to the complaint.  (Dkt. # 80.)  Among other affirmative defenses, Grande pled the safe harbor provision of the Digital Millennium Copyright Act ("DMCA"), 17 U.S.C. § 512(i).  Section 512(i) protects ISPs like Grande from liability for the copyright infringement of their customers if the ISP "has adopted and reasonably implemented, and informs subscribers and account holders of the service provider's system or network of, a policy that provides for the termination in appropriate circumstances of subscribers and account holders of the service provider's system or network who are repeat infringers[.]"  <u>Id.</u>

On August 8, 2018, Plaintiffs filed a motion for summary judgment as to Grande's affirmative defense of the DMCA safe harbor provision.  (Dkt. # 127.) On December 18, 2018, Magistrate Judge Austin issued a Report and Recommendation (the "Safe Harbor Report") recommending Plaintiffs' motion be

granted as to the safe harbor issue.[1]  (Dkt. # 241.)  On January 23, 2019, Grande filed written objections, and Plaintiffs filed a response to Grande's objections.

Additionally, on August 18, 2018, Grande filed a motion for summary judgment as to the issues of liability and damages.  (Dkt. # 140.)  On September 11, 2018, Plaintiffs responded to the motion and cross moved for summary judgment as to liability.  (Dkt. # 172.)  On December 18, 2018, Magistrate Judge Austin issued a Report and Recommendation (the "Liability Report") recommending Grande's motion for summary judgment be granted as to Grande's alleged liability for infringing Plaintiffs' reproduction rights under 17 U.S.C. § 106(1) and public performance rights under 17 U.S.C. § 106(6).  (Dkt. # 240.)  The Liability Report also recommended denying Grande's motion in all other respects and denying Plaintiffs' motion for summary judgment in its entirety.  (Id.)  Both Plaintiffs and Grande filed objections on January 9, 2019.  (Dkts. ## 250, 252.) Plaintiffs filed a response to Grande's objections on January 23, 2019, and Grande filed a response that same day.  (Dkts. ## 257, 258.)  On January 30, 2019, Plaintiffs filed a reply in support of their objections.  (Dkt. # 259.)

---

[1] On September 17, 2018, by order of the Court, the case was referred to Magistrate Judge Austin.  (Dkt. # 183.)  And on October 30, 2018, the case was reassigned to this Court by the Honorable Lee Yeakel.  (Dkt. # 212.)

On March 15, 2019, this Court adopted the Safe Harbor Report and granted Plaintiffs' Motion for Partial Summary Judgment as to the issue of Grande's entitlement to the affirmative defense of the DMCA safe harbor provisions, 17 U.S.C. § 512(i).  (Dkt. # 268.)  This Court also adopted the Liability Report, granting Grande's Motion for Summary Judgment as to infringement of the rights of reproduction and public performance and denying the motion in all other respects as well as denying Grande's Motion for Sanctions.  (Id.)

The case was originally set for trial to begin on February 24, 2020 (Dkt. # 275), but trial was continued to September 2020 (Dkt. # 345).  The parties filed twenty-one (21) motions in limine on February 4, 2020, five of which filed by Plaintiffs (Dkts. ## 313–317), and sixteen filed by Defendant.  (Dkts. ## 308–312, 318–328.)  Plaintiffs filed a consolidated response (Dkt. # 335) and Defendant filed its responses. (Dkts. ## 336–340.)

## LEGAL STANDARD

"The grant or denial of a motion in limine is considered discretionary, and thus will be reversed only for an abuse of discretion and a showing of prejudice."  Hesling v. CSX Transp., Inc., 396 F.3d 632, 643 (5th Cir. 2005) (citation omitted).  Thus, this Court may use its discretion to exclude irrelevant evidence or relevant evidence whose "probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues,

5

misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." See Fed. R. Evid. 403.  The Fifth Circuit has expressly noted that "even if we find an abuse of discretion in the admission or exclusion of evidence, we review the error under the harmless error doctrine" and the appeal court shall "affirm evidentiary rulings unless they affect a substantial right of the complaining party." United States v. Skipper, 74 F.3d 608, 612 (5th Cir. 1996).

DISCUSSION

I.      Defendant's Motions in Limine

      1.      Motion to Exclude Testimony of Tracie Parry (Dkt. # 308)

      Defendant asserts that Tracie Parry was never properly disclosed or identified in discovery and thus moves to exclude her testimony.  (Dkt. # 308.) Defendant argues that it would be highly prejudicial to allow her to testify when Defendant had no opportunity to depose her.  (Id.)  Plaintiffs respond in part that (1) they specifically advised Grande's counsel about Parry testifying in an email on February 4, 2020; (2) Grande's MIL 1 is moot given that this Court already resolved the issue of ownership at summary judgment; and (3) Parry is presenting evidence that another witness (who is no longer employed by Warner and who Grande failed to depose) would have presented and thus the fact that Parry was not disclosed previously is harmless under Rule 37(c) of the Federal Rules of Civil Procedure.  (Dkt. # 335.)

6

This Court finds that the fact that Parry was not disclosed previously is harmless under Rule 37(c) of the Federal Rules of Civil Procedure.  Thus, Grande's Motion (Dkt. # 308) is **DENIED**.  Furthermore, as discussed below, given that Plaintiffs will not be required to provide evidence of ownership, this motion is likely moot.[2]

2.    Motion to Exclude Testimony of Terrence McGarty (Dkt. # 309)

Defendant asserts that Terrence McGarty's testimony is "moot" due to the Court's grant of summary judgment in favor of Plaintiffs' on Defendant's safe harbor defense.  (Dkt. # 309.)  Defendant argues that Dr. McGarty's testimony serves no legitimate purpose, has no probative value with respect to the issues that remain to be adjudicated, and would confuse or mislead the jury.  (Id.)  Plaintiffs respond that (1) Dr. McGarty's testimony is not "moot" but is "relevant to central questions in the case: Grande's knowledge of, or willful blindness to, its subscribers' infringement, and the willfulness of Grande's conduct." (Dkt. # 335.)

The Court hereby **DENIES** Grande's Motion (Dkt. # 309).  Dr. McGarty shall be permitted to testify on the specific subject matter as expressed by Plaintiffs in their response to Grande's motion.

---

[2] Given that the trial has been continued due to the COVID-19 emergency, the Court will grant Grande the opportunity to depose Parry should they desire to do so.

3.    Motion Re: Evidence of Alleged Copyright Infringement Prior to April 21, 2014 (Dkt. # 310)

Defendant moves to exclude all evidence and argument regarding any alleged copyright infringement by Grande or any user of Grande's network prior to April 21, 2014.  (Dkt. # 310.)  Defendant asks that "at a bare minimum, the Court should preclude Plaintiffs from offering any such evidence at trial unless and until all Plaintiffs come forward with evidence sufficient to show that they were incapable of discovering their cause of action until January of 2016, due to the risk of unfairly prejudicing Grande and misleading the jury with irrelevant and inadmissible evidence."  (Id.)  In response, Plaintiffs assert that Grande is using this motion to re-argue the argument they lost in summary judgment that "discovery rule is not applicable to this case" and thus that "[t]here is no probative value to [pre-April 2014 infringement] evidence."  (Dkt. # 335.)

The Court agrees in part with both parties.  This evidence is relevant to Plaintiffs' claims of knowledge and willfulness as this Court and Magistrate Judge Austin both noted previously.  But during summary judgment, this Court noted that the evidence "raises a genuine issue of material fact as to when Plaintiff became aware, or through reasonable diligence could have become aware, of a cause of action against Grande for contributory liability."  (Dkt. # 268.)  Thus, this motion is **DENIED** (Dkt. # 310), but Plaintiffs must present evidence at trial

8

sufficient to show that they were incapable of discovering their cause of action until January 2016.

    4.    <u>Motion to Exclude Evidence Re: Audible Magic (Dkt. # 311)</u>

        Defendant moves to exclude all evidence or argument regarding Audible Magic, its effectiveness and any outputs generated from the system because (1) the evidence is inadmissible under Rule 901; and (2) because Plaintiffs cannot offer any evidence regarding the operation of the Audible Magic System, they should also be foreclosed from analogizing that system to other audio fingerprinting services such as Shazam.  (Dkt. # 311.)  Defendant asserts that without an expert's testimony regarding the operation of the Audible Magic system, it might run the risk of confusing the jury or not allowing the jury to get a full understanding of how this computer performed the analysis.  (<u>Id.</u>)  Finally, Defendant also argues that the evidence is inadmissible hearsay, citing <u>United States v. Bates</u>, 665 F. App'x 810 (11th Cir. 2016) for the rule that "[w]hile machine-generated records do not ordinarily constitute 'statements' for hearsay purposes, they become subject to the hearsay rule when they are developed with human input."  (<u>Id.</u>)

        Plaintiff responds that this Court has already determined in its summary judgment order that Grande's argument that Audible Magic is inadmissible as hearsay is unpersuasive and that "[t]he ability of the Audible

Magic software in particular to identify and match files to copyrighted content has been widely recognized." (See Dkt. # 335 (citing Dkt. # 268).)  Plaintiff also argues that they have a witness who can authenticate and lay a foundation under Rule 901.  (Id.)  Finally, Plaintiff asserts that Grande faces no unfair prejudice from admitting this evidence as it cannot claim a lack of knowledge about the proprietary inner workings of the technology.  (Id.)

This motion shall be **DENIED** (Dkt. # 311).  Plaintiffs should be prepared, however, to lay the foundation at trial through their witness.

5.      Motion to Exclude Evidence Re: AcoustID (Dkt. # 312)

Defendant moves to exclude all evidence or argument regarding AcoustID, its effectiveness and any outputs generated from the system or resulting evidence generated based on that system, including all such notices generated by Rightscorp.  (Dkt. # 312.)  As noted in MIL #4, Defendant asserts that in order to rely on computer-generated data at trial, the proponent must first establish the authenticity of the process/system that generated the results and Defendant also asserts that it is inadmissible hearsay.  (Id.)

Plaintiffs assert that this MIL # 5 is a copy-paste job from MIL # 4, and that for the same reasons Plaintiffs argue it should be denied.  (Dkt. # 335.)  Plaintiffs also assert that the "AcoustID evidence can be authenticated and is admissible under Rule 803(6)'s hearsay exception for records of a regularly

conducted activity." (Id.)  Plaintiffs note that AcoustID is open source and free and thus Grande could examine and test how it operates.  (Id.)

The Court **DENIES** the motion (Dkt. # 312) as Grande has had time to examine and test this evidence as noted by Magistrate Judge Austin's recommendation during discovery (Dkt. # 289).  But Plaintiffs should again prepare to lay this foundation at trial.

6.    Motion to Exclude Evidence Re: Cox Litigations (Dkt. # 318)

Defendant moves to exclude all evidence and argument regarding any findings, judgments, or conclusions from the Cox litigations.  (Dkt. # 318.) Defendant asserts that the findings and judgments in Cox are hearsay, inadmissible for their truth and not covered by any hearsay exception.  (Id.)  Plaintiffs seemingly agree, noting that they "do not intend to discuss the findings of fact or conclusions of law in either Cox trial, nor do Plaintiffs intend to introduce the verdict form, judgment, evidence, or testimony presented."  (Dkt. # 335.)  The Court thus shall **GRANT** this motion (Dkt. # 318).

7.    Motion to Exclude Irrelevant and Unfairly Prejudicial Financial Infor-
mation and Damages Evidence (Dkt. # 319)

Defendant seeks to exclude "all evidence and argument regarding Grande's total profits and revenues, TPG's purchase of Grande and all related valuation and payment information, and Plaintiffs' disgorgement damages theory based on alleged lifetime subscriber value."  (Dkt. # 319.)  Defendant asserts this

evidence is irrelevant, prejudicial, and only being introduced by Plaintiffs to "amplify its request for damages at trial."  (Id.)  Defendant also argues that by "allowing Plaintiffs to present evidence and arguments that seek disgorgement of all of Grande's profits from affected subscribers, the Court would improperly shift the focus of Plaintiffs' damages case away from those profits 'reasonably related to the infringement' and toward the improper bucket of all profits earned by Grande in its business."  (Id.)  In response, Plaintiffs assert that this evidence is "highly probative for statutory copyright infringement damages as well as the willfulness inquiry" and cites case law in support.  (Dkt. # 335.)

The Court shall **DENY** this motion (Dkt. # 319) as it finds that some of this evidence may be relevant.  However, Defendant may raise objections at trial if it believes the evidence is inadmissible based on the record at the time.

8.     Motion to Exclude Evidence Re: Non-Party ISPs (Dkt. # 320)

Defendant seeks to exclude evidence or argument pertaining to Rightscorp's interactions with third-party ISPs, arguing that "the Court expressly prevented Grande from obtaining documents and other materials relating to this issue during discovery."  (Dkt. # 320.)  Plaintiffs assert that they do not intend to introduce evidence of Rightscorp's interactions with other ISPs, with three exceptions including (1) Plaintiffs should be able to present evidence as to the narrow fact that Rightscorp detects infringement by subscribers of, and sends

notices to, a number of different ISPs, without getting into the details of Rightscorp's interactions with those ISPs; (2) Plaintiffs should be permitted to present the jury with the fact that Rightscorp sent notices to Cox, and that Cox ultimately was found liable for copyright infringement based on those notices; and (3) Rightscorp witnesses should be allowed to rebut such misleading or incomplete evidence or argument by providing truthful testimony concerning those interactions.  (Dkt. # 335.)

The Court **GRANTS** the motion (Dkt. # 320), but the Court will allow Plaintiff to present limited evidence as discussed in their response subject to Defendant re-raising its objections at trial in light of the record at that time.

9.    <u>Motion Re: Subpoenas Seeking Subscriber Information (Dkt. # 321)</u>

Defendant seeks to exclude "evidence and argument regarding Grande's efforts to quash facially defective subpoenas seeking to discover the identities of its subscribers."  (Dkt. # 321.)  Plaintiffs assert that they "will not seek to introduce Rightscorp's 2014 subpoena to Grande as affirmative evidence" but seek to be allowed to introduce it for impeachment purposes.  (Dkt. # 335.)  Based on the foregoing, the Court shall **GRANT** this motion (Dkt. # 321) and will only allow this evidence for impeachment purposes if it is appropriate in light of the evidence and record at that time.

13

10.     Motion to Exclude Certain Proposed Testimony of Barbara Frederiksen-Cross (Dkt. # 322)

Defendant seeks to "exclude the proposed expert testimony set forth in (1) Barbara Frederiksen-Cross's February 3, 2020 Second Rebuttal Expert Report (Ex. 1); and (2) Barbara Frederiksen-Cross's January 17, 2019 Declaration (Doc. No. 254-1)."  (Dkt. # 322.)  Defendant asserts that the second rebuttal expert report is "untimely and an obvious attempt at sandbagging."  (Id.)  Defendant also asserts that her opinions and analysis were never disclosed in the written report under Rule 16(b)(2)(B).  (Id.)  Plaintiffs assert that Frederiksen-Cross's testimony is "reliable and probative" and should be submitted to the jury and that Defendant's prior attempts to keep her testimony out has been rejected by the Court.  (Dkt. # 335.)  This dispute should have been brought to the Court's attention during the course of discovery, not in a motion in limine.  Notwithstanding that fact, the Court shall **DENY** this motion (Dkt. # 322) as both parties may examine and cross examine Cohen and Frederiksen-Cross at trial, and the Defendant has additional time to prepare for her testimony due to the delay in the trial.

11.     Motion to Exclude Evidence of Irrelevant and Unsupported Acts of Alleged Infringement (Dkt. # 323)

Defendant asserts that this Court should exclude all evidence and argument regarding irrelevant and unproven acts of alleged direct copyright infringement, including "(1) all Rightscorp notices except for the 344,450 notices

identified by Plaintiffs' expert Mr. Bardwell as pertaining to the copyrighted works

in suit, (2) all music files that Rightscorp allegedly downloaded from users of

Grande's network except for the 19,305 files identified in the September 11, 2018

Declaration of Jeremy Landis (Doc. No. 172- 12) as allegedly representing copies

of the works in suit, (3) the 'lifetime subscriber value' calculations set forth in

paragraphs 38–43 of the July 13, 2018 Expert Report of William H. Lehr (Doc. No.

229-1), and (4) any evidence or argument regarding the 'viral' nature of BitTorrent

copyright infringement, including any reference to unproven alleged instances of

downstream copyright infringement."  (Dkt. # 323.)  Plaintiffs assert that they

should be allowed to introduce such evidence because (1) the notices are

"probative of Grande's knowledge of (and/or willful blindness to) infringement on

its network"; (2) "Lehr's calculations of overall infringement are relevant to

understanding Grande's economic incentives for allowing unlimited infringement

on its system" and thus "relevant to the open issue of willfulness and to the

calculation of statutory damages"; and (3) the viral nature of online infringement

using peer-to-peer technologies like BitTorrent are "highly probative to a number

of material issues."  (Dkt. # 335.)

      The Court agrees that this evidence is seemingly relevant.  Thus, this

motion is **DENIED** (Dkt. # 323), but Defendant may re-raise its objections as this

evidence is being introduced at trial, and the Court will rule on those objections as they are raised.

12.   Motion to Exclude Evidence Re: Termination for Nonpayment
(Dkt. # 324)

Defendant asserts that this Court should exclude all evidence and argument regarding Grande's "termination of subscribers for nonpayment" because it is "irrelevant, unfairly prejudicial, and misleading."  (Dkt. # 324.)  Plaintiffs assert that the evidence is relevant to present "the jury with the full picture: that Grande routinely deprives customers of internet service when they don't pay Grande."  (Dkt. # 335.)  The Court agrees with Plaintiffs and thus **DENIES** the Motion (Dkt. # 324), but Defendant has a right to re-raise its objection at trial in light of the state of the evidence at that time.

13.   Motion to Exclude Evidence Re: DMCA and Subscriber Terminations
(Dkt. # 325)

Defendant asserts that this Court should exclude all evidence and argument regarding the DMCA, DMCA safe harbors, Grande's attempts to qualify for a DMCA safe harbor, and Grande's terminations of subscribers in response to allegations of copyright infringement as the DMCA safe harbor defense already been granted in favor of Plaintiffs and is thus irrelevant.  (Dkt. # 325.)  Plaintiffs file their own motion in limine (Dkt. # 315) seeking to permit this evidence.

As noted below, the Court will allow this evidence to be presented as it is seemingly relevant and thus shall **DENY** this Motion (Dkt. # 325).  However, the Court shall allow Defendant to re-raise its objection at trial if Plaintiffs appear to be re-litigating the issue and either misleading or confusing the jury.

14.   <u>Motion to Exclude Evidence Re: Unasserted Copyrights and Generalized Harm Caused by Copyright Infringement (Dkt. # 326)</u>

Defendant asserts that this Court should exclude all evidence and argument regarding the value of unasserted copyrights and regarding generalized harm caused by copyright infringement as both are irrelevant.  (Dkt. # 326.) Defendant seeks this Court to exclude from trial any evidence or argument regarding "(1) the value of unasserted copyrights; (2) the monetary, social, or other value of Plaintiffs' copyrights and businesses generally; and (3) harm caused by copyright infringement generally, including any generalized harm suffered by the recording industry or any Plaintiff as a result of online copyright infringement." (Dkt. # 326.)  Plaintiffs respond that this evidence is relevant to their statutory damages claim.  (Dkt. # 326.)

The Court agrees with Plaintiffs and **DENIES** Defendant's motion (Dkt. # 326).  Plaintiffs' witnesses shall be allowed to testify about the value of sound recording copyrights (generally and specifically as to the works in suit), and to the overall harm caused by online peer-to-peer infringement.  <u>See</u> <u>Energy Intelligence Grp., Inc. v. Kayne Anderson Capital Advisors, L.P.</u>, 948 F.3d 261, 272

17

(5th Cir. 2020) (citing <u>Sony BMG Music Entm't v. Tenenbaum</u>, 660 F.3d 487, 507 (1st Cir. 2011) ("[T]he availability of statutory damages is not contingent on the demonstration of actual damages.")).

### 15.   Motion to Exclude Trial Exhibits Not Produced in Discovery (Dkt. # 327)

Defendant moves to exclude certain trial exhibits as they were "not produce or otherwise properly identified in discovery."  (Dkt. # 327.)  This is not the right time to raise such objections.  The Court thus **DENIES** this Motion (Dkt. # 325), but the Court shall allow Defendant to re-raise its objection at trial when those exhibits are to be presented.

### 16.   Motion to Exclude Evidence Re: Alleged Destruction of Relevant Emails (Dkt. # 328)

Defendant moves to exclude "evidence and argument regarding Grande's alleged destruction of relevant evidence, including the documents identified as PX206 and PX207 in Plaintiffs' Amended Exhibit List and the testimony of Richard Fogle concerning those documents."  (Dkt. # 328.)  Again, the Court shall **DENY** this motion (Dkt. # 328) but will allow this to be re-raised at trial.  The Court also notes that it has previously discussed this evidence and believes it to be arguably relevant to knowledge and willfulness.

II.     Plaintiffs' Motions in Limine

1.      Motion to Preclude Any Evidence or Argument Related to the
Copyright Alert System (Dkt. # 313)

Plaintiffs move to preclude Defendant from introducing any evidence or making any argument at trial related to the Copyright Alert System ("CAS"). (Dkt. # 313.)  Plaintiffs assert that this evidence is irrelevant as Grande was not part of the CAS agreement, and Grande did not implement the type of infringement detection and remediation system contemplated by CAS.  (Id.)  Defendant responds that this evidence "bears directly on Plaintiffs' assertion in this case that internet service providers must respond to notices of alleged copyright infringement by terminating subscribers."  (Dkt. # 336.)

The Court **DENIES** this motion (Dkt. # 313) subject to re-raising this at trial.  The Court shall allow Grande to point to the standard industry policy's on infringement notices.  In denying this motion, however, the Court is not addressing Grande's allegations that Plaintiffs seek to exclude technical materials tangentially relate to the CAS.  (Dkt. # 336.)  These objections can be re-submitted at trial.

2.      Motion to Preclude Irrelevant or Prejudicial Evidence or Arguments
Related to Rightscorp, Inc. (Dkt. # 314)

Plaintiffs move to preclude Defendant from introducing allegedly irrelevant evidence or making any related argument at trial regarding: (1) Grande's allegation that Rightscorp, Inc. destroyed evidence necessary to its defense; (2)

19

Rightscorp's business practices and any derogatory descriptions of those practices; or (3) Rightscorp's finances. (Dkt. # 314.)  Defendant asserts that the jury should be allowed to consider and weigh the evidence as it sees fit and asserts that the fact that Plaintiffs were not sanctioned for spoliation does not mean that Grande is precluded for introducing evidence at trial showing the destruction of this evidence.  (Dkt. # 340.)  Defendant also argues that it should be allowed to show "that Plaintiffs' internal communications refute their litigation-driven narrative" and that the "credibility of Rightscorp" is a significant issue at trial.  (Id.)  Finally, Defendant asserts that "the jury should be permitted to consider not only Rightscorp's financial relationship with Plaintiffs, but also evidence regarding Rightscorp's dire financial condition, which makes that financial relationship all the more important."  (Id.)

The Court agrees with Defendant and thus, this motion is **DENIED** (Dkt. # 314), but the Court shall allow Plaintiffs to re-raise their objections at trial.

3.    Motion to Permit Evidence or Argument Related to Grande's Ineligibility for the DMCA Safe Harbor Defense (Dkt. # 315)

Plaintiffs note that this Court held that as a matter of law Grande is ineligible for the safe harbor affirmative defense and at trial, Plaintiffs "intend to rely on the Court's safe harbor ruling and the facts supporting it to prove the elements of contributory infringement and the appropriate measure of damages for that infringement."  (Dkt. # 315.)  Defendant argues in response that this is a

"thinly-veiled attempt to inject highly prejudicial evidence regarding an affirmative defense that is no longer at issue in this case."  (Dkt. # 339.)

The Court **GRANTS** this motion (Dkt. # 315), but the Court shall allow Defendant to re-raise its argument at trial if Plaintiffs appear to be re-litigating the issue and either misleading or confusing the jury.

4.    Motion to Preclude Any Evidence or Argument Inconsistent with the Court's Summary Judgment Opinion (Dkt. # 316)

Plaintiffs move to preclude Grande from introducing any evidence or argument at trial that is inconsistent with the Court's opinion and order resolving the parties' motions for summary judgment in this action.  (Dkt. # 316.)  In theory, the Court agrees with Plaintiffs – the parties should avoid wasting the jury's time by re-litigating issues that have already been resolved.  But as to the specifics, the Court **GRANTS IN PART AND DENIES IN PART** this motion (Dkt. # 316).  As the Court has already ruled on ownership, Grande cannot relitigate this issue and Plaintiffs need not waste this Court and the jury's time going through declaration upon declaration.  Ownership is not a remaining issue for trial.  But the Court will not at this time resolve the issue of actual dissemination or contributory liability as that is better suited for resolution during the trial.

5.      <u>Motion to Preclude Grande from Offering Evidence on Reasons for its</u>
<u>Changes in Copyright Infringement Policies (Dkt. # 317)</u>

Plaintiffs note the following:

> Two of the pivotal factual points in this case are significant changes in
> the way . . . Grande handled notices of copyright infringement in 2010
> and 2016-17. It is undisputed that prior to 2010, Grande had a policy
> that suspended users who were identified as infringers and, when
> appropriate, terminated them. In 2010, Grande eliminated that policy
> and for the next six years did not terminate a single user for
> infringement.  In 2016-17, after another . . . ISP was found liable for
> willful copyright infringement, Grande scrambled to implement a new
> policy to try to avoid a similar fate.
>
> In this litigation, Grande has made a concerted effort to preclude any
> discovery into the reasons for either of those policy changes.
> Specifically, it disclaimed any knowledge about the reasons for the
> earlier change and made a blanket assertion of attorney-client privilege
> to preclude any inquiry into the reasons for the second change. Having
> completely stonewalled all efforts to uncover the bases for these
> decisions, Grande cannot now come to trial with evidence or argument
> attempting to explain the reasons for either decision. Any such attempt
> at sandbagging is barred by the prohibitions against trials by ambush
> and using the privilege as a shield and a sword.

(Dkt. # 317.)  In response, Defendant asserts that (1) the decision in 2010 will be

consistent with the testimony provided by witnesses in depositions and (2) the

decision in 2017 was not done in response to the decision in Cox, but rather was

done to comply with DMCA.  (Dkt. # 338.)

        The Court **DENIES** this motion (Dkt. # 317) as these issues should

not be resolved at this time, but the argument by Plaintiffs may be raised during the

course of the trial.

<u>CONCLUSION</u>

The Court **GRANTS** the motions found in docket numbers 315, 318, 320, and 321.  The Court **GRANTS IN PART AND DENIES IN PART** the motion found in docket number 316.  The Court **DENIES** the motions found in docket numbers 308, 309, 310, 311, 312, 313, 314, 317, 319, 322, 323, 324, 325, 326, 327, and 328.  In light of this order, the Court also **ORDERS** the parties to re-submit joint jury instructions[3] and re-submit and exchange exhibit lists **on or before August 31, 2020**, so as to avoid re-litigating issues that this Courts has already resolved.

**IT IS SO ORDERED.**

**DATED**: Austin, Texas, April 8, 2020.

_____

David Alan Ezra
Senior United States District Judge

---

[3] The parties are required to submit a word version of the joint jury instructions to this Court.  Within this single document, the parties must flag for the Court which instructions are agreed upon and which are still in dispute.  These joint jury instructions will be argued during the charge conference towards the close of trial. Separately filed jury instructions are unacceptable.