UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| UMG RECORDINGS, INC., et al., | ) |
| Plaintiffs, | ) ) ) |
| vs. | ) No. 1:17-cv-00365-DAE-AWA ) |
| GRANDE COMMUNICATIONS NETWORKS LLC, | ) ORAL ARGUMENT REQUESTED ) ) |
| Defendant. | ) ) |

**DEFENDANT GRANDE COMMUNICATIONS NETWORKS LLC'S
OPPOSED MOTION FOR PARTIAL RECONSIDERATION OF
ORDER REGARDING MOTIONS IN LIMINE**

Pursuant to Fed. R. Civ. P. 54(b), Grande moves for partial reconsideration of the Court's Order Regarding Motions in Limine (ECF No. 347) (hereinafter, "MIL Order"), with respect to:

- the denial of Grande's Second Motion *in Limine* to exclude the testimony of Terrence McGarty (MIL Order at 7),

- the denial of Grande's Thirteenth Motion *in Limine* to exclude evidence regarding the Digital Millennium Copyright Act ("DMCA") (*id.* at 16–17), and

- the grant of Plaintiffs' Motion *in Limine* to Permit Evidence or Argument Related to Grande's Ineligibility for the DMCA Safe Harbor Defense (*id.* at 20–21).

Through these rulings, the Court concluded that Plaintiffs, in support of their secondary copyright infringement claim against Grande, may affirmatively introduce evidence at trial regarding Grande's failure to qualify for a DMCA safe harbor.

Respectfully, this conclusion is contrary to law. The DMCA expressly forbids using a defendant's failure to qualify for a safe harbor as evidence of copyright infringement. *See* 17 U.S.C. § 512(l). Moreover, because the Court granted summary judgment in favor of Plaintiffs on Grande's DMCA safe harbor defense, the DMCA is no longer relevant. *See CoStar Grp., Inc.*

*v. LoopNet, Inc.*, 373 F.3d 544, 553 (4th Cir. 2004) ("The DMCA has merely added a second step to assessing infringement liability for Internet service providers, after it is determined whether they are infringers in the first place under the preexisting Copyright Act. Thus, *the DMCA is irrelevant to determining what constitutes a prima facie case of copyright infringement.*") (emphasis added). Judge Austin therefore correctly denied as "moot" Grande's *Daubert* challenge to McGarty's proposed expert testimony, which concerns Grande's ability to qualify for a DMCA safe harbor. Order on Motions to Exclude at 9 (ECF No. 280).

Grande does not seek reconsideration lightly. This is a critically important issue because Plaintiffs intend to make Grande's failure to qualify for a DMCA safe harbor a central theme at trial—if not ***the*** central theme. Permitting Plaintiffs to attempt to prove liability through inadmissible evidence regarding an irrelevant affirmative defense would constitute clear error and result in severe, unfair prejudice to Grande.

Pursuant to Local Rule CV-7(h), Grande requests an oral hearing on this Motion.

### LEGAL STANDARD FOR RECONSIDERATION

An interlocutory order "that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties . . . may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b). Under Rule 54(b), a district court is "free to reconsider and reverse [an interlocutory] decision for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law." *Saqui v. Pride Cent. Am., LLC*, 595 F.3d 206, 210–11 (5th Cir. 2010); *see also Rivas v. Greyhound Lines, Inc.*, No. 3:14-cv-166, 2016 WL 11164796, at *4 (W.D. Tex. Jan. 11, 2016) (the "more stringent standards" applicable to Rule 59(e) motions do not apply to Rule 54(b) motions, which employ a "more permissive

standard [that] places the decision of whether to reconsider an interlocutory order squarely within the district court's discretion").

## ARGUMENT

Grande's failure to qualify for a DMCA safe harbor is not relevant to any issue at trial, and the DMCA prohibits the use of such evidence to prove liability for copyright infringement. The Court should therefore reconsider the MIL Order to the extent it authorizes Plaintiffs to introduce evidence regarding the DMCA safe harbors, including McGarty's testimony and the Court's summary judgment ruling.

The DMCA safe harbors shield service providers from liability for copyright infringement in certain circumstances. *See generally* 17 U.S.C. § 512. To qualify, a provider must implement a policy for terminating repeat copyright infringers. *See* § 512(i)(1)(A). On summary judgment, the Court found that Grande cannot qualify for a safe harbor as a matter of law because Grande failed to implement such a "repeat infringer" policy. Mar. 15, 2019 Order at 8–18 (ECF No. 268).

As Judge Austin recognized, McGarty's proposed expert testimony concerns Grande's ability to implement a DMCA "repeat infringer" policy. Order on Motions to Exclude at 9 (ECF No. 280). There can be no dispute on this point. *See* McGarty Dep. Tr. 8:19–23 (Ex. 1) ("My opinion in this case relates to the fact that Grande had the capability to, in my opinion, operationally adhere to the requirements of the safe harbor regulation and that they apparently failed to do so."); *see also* Pls.' Resp. to Mot. to Exclude at 1 (ECF No. 231) ("[McGarty's] testimony, borne of decades of industry experience, is that Grande was capable of enforcing a repeat infringer policy—but failed to do so.").

As a result, Judge Austin determined that the Court's summary judgment ruling on Grande's DMCA safe harbor defense rendered McGarty's proposed testimony moot—and therefore declined to consider Grande's *Daubert* challenge to his testimony:

> UMG designated McGarty to testify on issues relating to Grande's invocation of the DMCA safe harbor defense. In his March 13, 2019 Order, Judge Ezra granted summary judgment on this issue and found that Grande is precluded from asserting an affirmative defense pursuant to the DMCA safe harbor provision. Because summary judgment has been entered on this issue, the Court will deny the motion to exclude McGarty as moot.

Order on Motions to Exclude at 9 (ECF No. 280). Thus, neither Judge Austin nor this Court has considered whether McGarty's testimony is admissible under Rule 702 and *Daubert*.[1]

Judge Austin's conclusion—which is in direct conflict with the Court's more recent ruling that McGarty may testify at trial—was correct. McGarty's testimony *is* moot because Grande's ability to qualify for a DMCA safe harbor is irrelevant to assessing copyright infringement liability.[2] *See CoStar*, 373 F.3d at 553 ("It is clear that Congress intended the DMCA's safe harbor for ISPs to be a floor, not a ceiling, of protection. . . . . The DMCA has merely added a second step to assessing infringement liability for Internet service providers, after it is determined whether they are infringers in the first place under the preexisting Copyright Act.

---

[1] Plaintiffs acknowledge that in the first *Cox* case—a similar case involving copyright infringement claims against an ISP based on Rightscorp evidence—McGarty's testimony was excluded under *Daubert*, although he was subsequently permitted to offer rebuttal testimony regarding issues not present in this case. *See* Pls.' Resp. to Grande's Mot. to Exclude at 4 (ECF No. 231).

[2] Additionally, Plaintiffs were wrong to claim that Grande's Motion to Exclude was moot because "Grande's motion was focused on the relevance of his testimony for the DMCA safe harbor." *See* Pls.' Omnibus Resp. to Grande's Motions *in Limine* at 4 (ECF No. 335). As set forth in Grande's Motion to Exclude, there are a host of serious issues with McGarty's proposed testimony, including that his opinions (1) relate to subject matter that does not call for expert testimony; (2) are not supported by legitimate assumptions or the requisite qualifications or experience; (3) include impermissible legal conclusion, (4) purport to address Grande's state of mind. *See generally* Grande's Mot. to Exclude Proposed Testimony of McGarty (ECF No. 221).

Thus, the DMCA is irrelevant to determining what constitutes a prima facie case of copyright infringement."); *BWP Media USA, Inc. v. T & S Software Assocs., Inc.*, 852 F.3d 436, 443–44 (5th Cir. 2017) (adopting the Fourth Circuit's reasoning in *CoStar*); *Perfect 10, Inc. v. Amazon.com, Inc.*, 508 F.3d 1146, 1158 n.4 (9th Cir. 2007) ("[C]laims against service providers for direct, contributory, or vicarious copyright infringement . . . are evaluated just as they would be in the non-online world. Therefore, we must consider Google's potential liability under the Copyright Act without reference to title II of the DMCA.") (quotations & citations omitted).

Not only is the DMCA irrelevant to liability—it *expressly provides* that an ISP's failure to qualify for a safe harbor ***cannot be used as affirmative evidence of copyright infringement***. 17 U.S.C. § 512(l) ("The failure of a service provider's conduct to qualify for [a safe harbor] shall not bear adversely upon the consideration of a defense by the service provider that the service provider's conduct is not infringing under this title or any other defense.").

As such, the MIL Order is also contrary to law to the extent it broadly permits Plaintiffs to introduce evidence at trial regarding Grande's DMCA safe harbor defense. *See* MIL Order at 16–17 (denying Grande's motion *in limine* to exclude DMCA-related evidence), 20–21 (granting Plaintiffs' motion *in limine* to permit evidence regarding the DMCA and Grande's safe harbor defense). Evidence and argument regarding the DMCA and Grande's failure to qualify for a safe harbor would necessarily "bear adversely upon the consideration" of Grande's defense that it did not secondarily infringe any of the works in suit. This evidence is irrelevant, inadmissible, and would serve only to confuse and mislead the jury and prejudice Grande's defense. *See generally* Grande's 13th Mot. *in Limine* (ECF No. 325).

For these reasons, Grande respectfully requests that the Court reconsider its rulings that Plaintiffs may present evidence at trial regarding the DMCA safe harbors and Grande's failure to

qualify for a DMCA safe harbor defense. To be clear, Grande does not dispute that Plaintiffs may show that Grande received the copyright infringement allegations at issue in this case, that Grande could have terminated subscriber accounts in response to those allegations (which is not in dispute), and that Grande did not do so. But that is a far cry from what Plaintiffs intend, which is to affirmatively argue that Grande is liable for copyright infringement because it failed to qualify for a DMCA safe harbor. Permitting such evidence and argument would be contrary to law and would result in manifest injustice at trial.

## CONCLUSION

For the foregoing reasons, this Court should reconsider the MIL Order and (1) grant Grande's Second Motion *in Limine* (ECF No. 309), (2) grant Grande's Thirteenth Motion *in Limine* (ECF No. 325), and (3) deny Plaintiffs' Motion *in Limine* to Permit Evidence or Argument Related to Grande's Ineligibility for the DMCA Safe Harbor Defense (ECF No. 315).

In the alternative, in connection with resolving Grande's pending Objections (ECF No. 286) to Judge Austin's July 16, 2019 Order (ECF No. 280), the Court should reach the merits of Grande's Motion to Exclude Proposed Expert Testimony of Dr. Terrence P. McGarty (ECF No. 221) and grant that Motion. Grande's Motion to Exclude is no longer moot if McGarty will be permitted to testify at trial.

## CERTIFICATION OF CONFERENCE

Pursuant to Local Rule CV-7(i), the undersigned certifies that counsel for Grande conferred in good faith with counsel for Plaintiffs about the relief requested in this Motion, but the parties were unable to reach agreement. Plaintiffs contend that they should be allowed to introduce evidence at trial regarding Grande's DMCA safe harbor defense, including McGarty's testimony and the Court's summary judgment ruling.

Dated:  May 6, 2020

By: /s/ *Richard L. Brophy*
Richard L. Brophy
Zachary C. Howenstine
Margaret R. Szewczyk
Abigail L. Twenter
ARMSTRONG TEASDALE LLP
7700 Forsyth Blvd., Suite 1800
St. Louis, Missouri 63105
Telephone:  314.621.5070
Fax:  314.621.5065
rbrophy@atllp.com
zhowenstine@atllp.com
mszewczyk@atllp.com
atwenter@atllp.com

J. Stephen Ravel
Texas State Bar No. 16584975
J.R. Johnson
Texas State Bar No. 24070000
Diana L. Nichols
Texas State Bar No. 00784682
KELLY HART & HALLMAN LLP
303 Colorado, Suite 2000
Austin, Texas 78701
Telephone: 512.495.6429
Fax: 512.495.6401
Email: steve.ravel@kellyhart.com
         jr.johnson@kellyhart.com
         diana.nichols@kellyhart.com

Attorneys for Defendant GRANDE
COMMUNICATIONS NETWORKS LLC

## **CERTIFICATE OF SERVICE**

The undersigned certifies that on May 6, 2020, all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system pursuant to Local Rule CV-5(b)(1).

/s/ *Richard L. Brophy*
Richard L. Brophy