**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| UMG RECORDINGS, INC., et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No.  1:17-cv-00365-DAE |
| | ) | |
| GRANDE COMMUNICATIONS | ) | |
| NETWORKS LLC, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**GRANDE COMMUNICATIONS NETWORKS LLC'S**
**REPLY IN SUPPORT OF MOTION FOR RECONSIDERATION**

There is a direct conflict between the Court's MIL Order and Magistrate Judge Austin's order on Grande's motion to exclude McGarty's testimony.  In the MIL Order, this Court held that DMCA-related evidence, and McGarty's testimony specifically, may be admitted at trial, without regard to the Court's grant of summary judgment on Grande's DMCA safe harbor defense or Grande's *Daubert* challenge to McGarty's testimony.  MIL Order at 7, 16–17, 20–21 (ECF No. 347).  Previously, Magistrate Judge Austin held that Grande's *Daubert* challenge to McGarty's testimony was "moot" because Grande no longer has a safe harbor defense.  Order on Motions to Exclude at 9 (ECF No. 280).

Reconsideration is necessary to resolve this conflict.[1]  The Fifth Circuit holds that a district court is "free to reconsider its [interlocutory] decision for any reason it deems sufficient." *Saqui v. Pride Cent. Am., LLC*, 595 F.3d 206, 210–11 (5th Cir. 2010).  In any event, the need to address this clear conflict—regarding evidence that will play a central role at trial—satisfies any standard that may apply.  Permitting Plaintiffs to base their case on Grande's failure to qualify for a DMCA safe harbor would be contrary to law and result in manifest injustice at trial.

I.    **Allowing Plaintiffs to introduce evidence regarding Grande's failure to qualify for a safe harbor would be clearly erroneous and gravely prejudicial.**

Plaintiffs concede that 17 U.S.C. § 512(l) precludes a plaintiff from contending "that an ISP is liable for infringement simply because it fails to qualify for a safe harbor."  Pls.' Resp. at 7 (ECF No. 356).  Nevertheless, Plaintiffs make the tortured argument that such evidence should be admitted because they do not intend to rely on it to prove liability, only to prove "willful blindness" and "willfulness."  *See id.*at 5–6.  Willful blindness and willfulness are ***elements of***

---

[1] Obviously, Plaintiffs are wrong to assert that Grande has now sought reconsideration on seven occasions.  *See* Pls.' Resp. at 1.  This is the first motion for reconsideration Grande has filed in this case, and as stated in the Motion, Grande did not make the decision lightly.  *See* Mot. for Recons. at 2 (ECF No. 348).  It is disingenuous of Plaintiffs to characterize filing objections to orders from a magistrate judge—objections necessary to preserve issues for appeal—as seeking reconsideration.

*Plaintiffs' claims*.  Relying on Grande's failure to qualify for a safe harbor to prove liability is **_exactly_** what Plaintiffs intend to do.[2]

Plaintiffs also make no attempt to distinguish the authorities recognizing that courts must disregard the DMCA in evaluating whether a plaintiff has proved the elements of a copyright infringement claim.  *See* Mot. for Recons. at 4–5 (ECF No. 348).  "The DMCA has merely added a second step to assessing infringement liability for Internet service providers, **_after_** it is determined whether they are infringers in the first place under the preexisting Copyright Act."  *CoStar Grp., Inc. v. LoopNet, Inc.*, 373 F.3d 544, 555 (4th Cir. 2004) (emphasis added).  It necessarily follows that the failure to qualify for a DMCA safe harbor is irrelevant to liability.

Plaintiffs' suggestion that the *Cox* court permitted such evidence verges on outright misrepresentation.  In the *Cox* trials, the district court allowed evidence that mentioned the DMCA—finding that mention of the DMCA was unavoidable—but did *not* permit reference to Cox's failed safe harbor defense.  *See, e.g.*, Dec. 2, 2019 Trial Tr. Vol. 1, 8:20–9:12 ("I want to introduce the fact that there is this DMCA and that there is a safe harbor provision, but it's not an issue in this case."[3]) (ECF No. 628), *Sony Music Ent'mt, et al. v. Cox Commc'ns, Inc.*, 1:18-cv-950 (E.D. Va.).  Plaintiffs identify nothing from *Cox* that suggests otherwise.

**II.  DMCA evidence is not relevant to "willful blindness" or "willfulness."**

Plaintiffs offer no real explanation of how Grande's DMCA policies and the Court's summary judgment ruling are relevant to willful blindness or willful copyright infringement.  *See* Pls.' Resp. at 5–6.  To prove willful blindness, Plaintiffs must show that (1) Grande had a

---

[2] If, as Plaintiffs suggest, section 512(l) only prevents a plaintiff from using a defendant's failure to qualify for a safe harbor to prove each and every element of a copyright infringement claim—including, for example, the plaintiff's ownership of the relevant copyright—then the provision would never apply.

[3] Notwithstanding the district court's expressed intention, Grande does take issue with how the *Cox* jury was instructed in this regard, but that is a matter for the jury instruction conference.

subjective belief that there was a high probability that a fact existed (here, direct copyright infringement by certain users of Grande's network), and (2) Grande took deliberate actions to avoid learning of that fact. *See Global-Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. 754, 769 (2011). Proving willful copyright infringement requires Plaintiffs to prove that "Grande knew its conduct constituted contributory copyright infringement or acted with reckless disregard of Plaintiffs' rights as copyright holders." *See* Mar. 15, 2019 Order at 43 (ECF No. 268).

Grande's attempt to qualify for a DMCA safe harbor has no relevance under either standard. It is irrelevant to whether Grande subjectively believed infringement had occurred, irrelevant to whether Grande deliberately avoided learning about infringement, and irrelevant to whether Grande knowingly or recklessly disregarded Plaintiffs' rights. As set forth in the preceding section, the law is crystal clear that an ISP has no duty to adopt a DMCA policy, and that the DMCA is irrelevant to what constitutes a *prima facie* case of copyright infringement.

Again, Grande does not dispute that Plaintiffs are entitled to introduce evidence that Grande did not terminate the account of any subscriber whom Rightscorp accused of infringing one of the works in suit. *See* Mot. for Recons. at 5–6. Permitting such evidence does not run afoul of section 512(l)'s prohibition on proving liability through failure to qualify for a safe harbor. It also does not raise any concerns regarding the introduction of irrelevant evidence of copyrights not in suit and subscribers not accused of direct infringement. Indeed, evidence of how Grande responded to Rightscorp's allegations regarding the works in suit actually bears on the ultimate issue for trial: whether Grande contributorily infringed any of the works in suit. In contrast, evidence regarding Grande's failed safe harbor defense is irrelevant and unfairly prejudicial to Grande's defense. At a bare minimum, the Court should leave for trial the question of whether and to what extent Plaintiffs may introduce such evidence.

### III.   It would be contrary to law to permit Plaintiffs to introduce DMCA evidence in anticipation of a hypothetical argument Grande has not made.

Plaintiffs argue that they need to introduce the Court's summary judgment ruling on Grande's safe harbor defense to rebut Grande's hypothetical argument that it should not be responsible for how its subscribers use the internet.  *See* Pls.' Resp. at 6–7.  To the extent Plaintiffs need this evidence for rebuttal, they should only be allowed to introduce it once Grande opens the door.  In other words, Plaintiffs' argument demonstrates that this is not an issue that can or should be resolved by a blanket ruling of admissibility before trial.  To be clear, Grande has no intention of making any argument at trial that would open the door to evidence regarding its DMCA safe harbor defense.[4]

### IV.   The Court should preclude McGarty from testifying at trial.

With respect to McGarty's proposed trial testimony, one of two things must be true.  Either (1) McGarty's testimony is relevant to issues at trial, in which case the Court must reconsider Judge Austin's ruling that Grande's *Daubert* challenge was "moot" (Order on Motions to Exclude at 9 (ECF No. 280)); *or* (2) McGarty's testimony is not relevant to any issue at trial, in which case the Court must reconsider its denial of Grande's motion *in limine* to exclude his testimony from trial (MIL Order at 7 (ECF No. 347)).

McGarty's testimony is not relevant to any issue at trial.  Judge Austin's determination on this issue could not have been clearer.  Judge Austin expressly found that "UMG designated McGarty to testify on issues relating to Grande's invocation of the DMCA safe harbor defense."  Order on Motions to Exclude at 9.  Plaintiffs and McGarty himself have represented that this is the subject matter of his proposed testimony.  *See* Mot. for Recons. at 3.  As such, Judge Austin

---

[4] Furthermore, as discussed above, the DMCA precludes Plaintiffs from introducing the Court's summary judgment ruling at trial.  *See* § 512(l).  Whether characterized as rebuttal or not, the DMCA forbids relying on a failed safe harbor defense as evidence of infringement.

correctly determined that Grande's *Daubert* motion was moot, because the Court granted summary judgment on Grande's safe harbor defense.

Without any basis whatsoever, Plaintiffs assert that Grande's motion was moot for a different reason:  because it "was focused exclusively on [Grande's] erroneous contention that Dr. McGarty's testimony was limited to whether Grande was eligible for a safe harbor."  Pls.' Resp. at 9.  A cursory review of Grande's *Daubert* motion refutes this notion.  Grande argued that McGarty's testimony is inadmissible for a host of different reasons, including his lack of qualifications, his attempt to offer factual narrative masquerading as opinion, and his intention to opine on whether Grande acted "deliberately."  *See generally* Mot. to Exclude McGarty (ECF No. 221).  There is only one conclusion that can be drawn from Judge Austin's order:  McGarty's testimony was moot because the Court rejected Grande's DMCA defense, and this is the only subject on which he can offer relevant testimony.

Finally, Plaintiffs are wrong to claim that McGarty was allowed to offer similar testimony in the *Cox* trials.  In the first *Cox* case, the court initially excluded McGarty's testimony but then permitted him to offer testimony (without objection) "limited to rebutting [Cox's] assertions that Cox's graduated response system was 96% effective in stopping infringement."  *See BMG Rights Mgmt. (US) LLC v. Cox Commc'ns, Inc.*, 199 F. Supp. 3d 958, 990 & n.27 (E.D. Va. 2016).  In the second *Cox* trial, McGarty was likewise only permitted to testify in rebuttal.  *See* Dec. 17, 2019 Trial Tr. Vol. 11 (P.M.), 2862:20–2863:5 (ECF No. 673), *Sony Music Ent'mt, et al. v. Cox Commc'ns, Inc., et al.*, 1:18-cv-950 (E.D. Va.).

## CONCLUSION

For the foregoing reasons, the Court should grant Grande's Motion for Reconsideration.

Dated:  May 27, 2020

By: /s/ *Richard L. Brophy*
    Richard L. Brophy
    Zachary C. Howenstine
    Edward F. Behm
    Margaret R. Szewczyk
    Abigail L. Twenter
    ARMSTRONG TEASDALE LLP
    7700 Forsyth Blvd., Suite 1800
    St. Louis, Missouri 63105
    Telephone:  314.621.5070
    Fax:  314.621.5065
    rbrophy@atllp.com
    zhowenstine@atllp.com
    ebehm@atllp.com
    mszewczyk@atllp.com
    atwenter@atllp.com

    J. Stephen Ravel
    Texas State Bar No. 16584975
    J.R. Johnson
    Texas State Bar No. 24070000
    Diana L. Nichols
    Texas State Bar No. 00784682
    KELLY HART & HALLMAN LLP
    303 Colorado, Suite 2000
    Austin, Texas 78701
    Telephone: 512.495.6429
    Fax: 512.495.6401
    Email: steve.ravel@kellyhart.com
           jr.johnson@kellyhart.com
           diana.nichols@kellyhart.com

    Attorneys for Defendant GRANDE
    COMMUNICATIONS NETWORKS LLC

6

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that on May 27, 2020, all counsel of record who are deemed to

have consented to electronic service are being served with a copy of this document via the

Court's CM/ECF system pursuant to Local Rule CV-5(b)(1).


/s/ *Richard L. Brophy*
Richard L. Brophy