UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| UMG RECORDINGS, INC., | § | No. 1:17-CV-365-DAE |
| CAPITOL RECORDS, LLC, | § | |
| WARNER BROS. RECORDS, INC., | § | |
| SONY MUSIC ENTERTAINMENT, | § | |
| ARISTA RECORDS, LLC, ARISTA | § | |
| MUSIC, ATLANTIC RECORDING | § | |
| CORPORATION, CAPITOL | § | |
| CHRISTIAN MUSIC GROUP, INC., | § | |
| ELECKTRA ENTERTAINMENT | § | |
| GROUP, INC., FONOVISA, INC., | § | |
| FUELED BY RAMEN, LLC, LAFACE | § | |
| RECORDS, LLC, NONESUCH | § | |
| RECORDS, INC., RHINO | § | |
| ENTERTAINMENT COMPANY, | § | |
| ROADRUNNER RECORDS, INC., | § | |
| ROC-A FELLA RECORDS, LLC, | § | |
| TOOTH & NAIL, LLC, and ZOMBA | § | |
| RECORDING, LLC, | § | |
| | § | |
|     Plaintiffs, | § | |
| | § | |
| vs. | § | |
| | § | |
| GRANDE COMMUNICATIONS | § | |
| NETWORKS, LLC, | § | |
| | § | |
|     Defendant. | § | |

## ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION

Before the Court is a motion for partial reconsideration filed by

Defendant Grande Communications Networks, LLC ("Defendant" or "Grande") on

May 6, 2020.  (Dkt. # 348.)  Defendant takes issue with some of this Court's

decisions in its Order regarding the twenty-one (21) motions in limine filed by the parties on February 4, 2020 (Dkts. ## 308–328).  (Dkt. # 347.)  With this Court's leave, Plaintiffs filed a response on May 20, 2020 (Dkt. # 356) to which Defendant replied on May 27, 2020 (Dkt. # 357).  Pursuant to Local Rule CV 7(h), the Court finds this matter suitable for disposition without a hearing.

## BACKGROUND

Plaintiffs are record companies that produce commercial sound recordings and distribute them throughout the United States.  (Dkt. # 1 at 2.) Remaining Defendant Grande is an internet service provider ("ISP"), providing internet access to customers in Texas.  (Id.)  Former Defendant Patriot Media Consulting, LLC ("Patriot") provided and continues to provide various management services to Grande.  (Id. at 6.)  Plaintiffs originally filed suit against both Grande and Patriot.  (Id. at 1.)  Plaintiffs assert that Defendants received over one million notices of direct copyright infringement allegedly committed by Grande's customers.  (Id. at 2, 11–12.)  Plaintiffs also allege that these customers directly infringed on Plaintiffs' copyrights through the use of various of file sharing applications, including BitTorrent.  (Id. at 2, 8–12.)  Plaintiffs' complaint contains claims for secondary copyright infringement under 17 U.S.C. § 101 et seq. against both defendants, alleging Defendants continued to provide infringing customers with internet access after receiving the notices of infringement.  (Id. at 13, 15, 17.)

2

On April 19, 2017, Defendants filed separate motions to dismiss under Federal Rule of Civil Procedure 12(b)(6).  (Dkts. ## 28, 29.)  On March 26, 2018, the Court adopted a Report and Recommendation from Magistrate Judge Austin recommending Patriot's motion be granted in its entirety and Grande's motion be granted as to Plaintiffs' claims for vicarious secondary infringement.  (Dkts. ## 72 at 21; 77 at 3.)  Patriot was thus dismissed as a defendant from this action.  (See id.)  Therefore, the only remaining claim in this case is for contributory secondary copyright infringement against Grande.

On April 9, 2018, Grande filed their answer to the complaint.  (Dkt. # 80.)  Among other affirmative defenses, Grande pled the safe harbor provision of the Digital Millennium Copyright Act ("DMCA"), 17 U.S.C. § 512(i).  Section 512(i) protects ISPs like Grande from liability for the copyright infringement of their customers if the ISP "has adopted and reasonably implemented, and informs subscribers and account holders of the service provider's system or network of, a policy that provides for the termination in appropriate circumstances of subscribers and account holders of the service provider's system or network who are repeat infringers[.]"  Id.

On August 8, 2018, Plaintiffs filed a motion for summary judgment as to Grande's affirmative defense of the DMCA safe harbor provision.  (Dkt. # 127.)  On December 18, 2018, Magistrate Judge Austin issued a Report and

Recommendation (the "Safe Harbor Report") recommending Plaintiffs' motion be granted as to the safe harbor issue.[1]  (Dkt. # 241.)  On January 23, 2019, Grande filed written objections, and Plaintiffs filed a response to Grande's objections.

Additionally, on August 18, 2018, Grande filed a motion for summary judgment as to the issues of liability and damages.  (Dkt. # 140.)  On September 11, 2018, Plaintiffs responded to the motion and cross moved for summary judgment as to liability.  (Dkt. # 172.)  On December 18, 2018, Magistrate Judge Austin issued a Report and Recommendation (the "Liability Report") recommending Grande's motion for summary judgment be granted as to Grande's alleged liability for infringing Plaintiffs' reproduction rights under 17 U.S.C. § 106(1) and public performance rights under 17 U.S.C. § 106(6).  (Dkt. # 240.)  The Liability Report also recommended denying Grande's motion in all other respects and denying Plaintiffs' motion for summary judgment in its entirety.  (Id.)  Both Plaintiffs and Grande filed objections on January 9, 2019.  (Dkts. ## 250, 252.) Plaintiffs filed a response to Grande's objections on January 23, 2019, and Grande filed a response that same day.  (Dkts. ## 257, 258.)  On January 30, 2019, Plaintiffs filed a reply in support of their objections.  (Dkt. # 259.)

---

[1] On September 17, 2018, by order of the Court, the case was referred to Magistrate Judge Austin.  (Dkt. # 183.)  And on October 30, 2018, the case was reassigned to this Court by the Honorable Lee Yeakel.  (Dkt. # 212.)

On March 15, 2019, this Court adopted the Safe Harbor Report and granted Plaintiffs' Motion for Partial Summary Judgment as to the issue of Grande's entitlement to the affirmative defense of the DMCA safe harbor provisions, 17 U.S.C. § 512(i).  (Dkt. # 268.)  This Court also adopted the Liability Report, granting Grande's Motion for Summary Judgment as to infringement of the rights of reproduction and public performance and denying the motion in all other respects as well as denying Grande's Motion for Sanctions.  (Id.)

The case was originally set for trial to begin on February 24, 2020 (Dkt. # 275), but trial was continued to September 2020 (Dkt. # 345).  The parties filed twenty-one (21) motions in limine on February 4, 2020, five of which filed by Plaintiffs (Dkts. ## 313–317), and sixteen filed by Defendant.  (Dkts. ## 308–312, 318–328.)  Plaintiffs filed a consolidated response (Dkt. # 335) and Defendant filed its responses. (Dkts. ## 336–340.)

The Court issued its order on these motions in limine on April 8, 2020 (Dkt. # 347), and Defendant filed its motion for reconsideration on May 6, 2020 (Dkt. # 348).  Plaintiffs were granted an extension to file a response (Dkt. # 350), and Plaintiffs did so on May 20, 2020 (Dkt. # 356).  Defendant replied on May 27, 2020 (Dkt. # 357).

## LEGAL STANDARD

"The grant or denial of a motion in limine is considered discretionary, and thus will be reversed only for an abuse of discretion and a showing of prejudice." Hesling v. CSX Transp., Inc., 396 F.3d 632, 643 (5th Cir. 2005) (citation omitted). Thus, this Court may use its discretion to exclude irrelevant evidence or relevant evidence whose "probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." See Fed. R. Evid. 403. The Fifth Circuit has expressly noted that "even if we find an abuse of discretion in the admission or exclusion of evidence, we review the error under the harmless error doctrine" and the appeal court shall "affirm evidentiary rulings unless they affect a substantial right of the complaining party." United States v. Skipper, 74 F.3d 608, 612 (5th Cir. 1996).

The Federal Rules of Civil Procedure do not recognize a "motion for reconsideration." See Shepherd v. Int'l Paper Co., 372 F.3d 326, 328 n.1 (5th Cir. 2004); Skyeward Bound Ranch v. City of San Antonio, No. SA-10-CV-0316 XR, 2011 WL 2619104, at *1 (W.D. Tex. June 30, 2011) (same). However, while this Court has authority to reconsider and reverse its decision for any reason it deems sufficient, courts in this Circuit have consistently utilized the standards of Rule 59(e) to inform its analysis of a reconsideration request. See Skyeward Bound

<u>Ranch</u>, 2011 WL 2619104, at *1 (citing numerous district court decisions in this Circuit).  Rule 59(e) "serve[s] the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." <u>Waltman v. Int'l Paper Co.</u>, 875 F.2d 468, 473 (5th Cir. 1989) (internal quotations omitted). Reconsideration "is an extraordinary remedy that should be used sparingly." <u>Templet v. HydroChem, Inc.</u>, 367 F.3d 473, 479 (5th Cir. 2004).

DISCUSSION

1.   <u>Defendant's Motion to Exclude Testimony of Terrence McGarty</u>

On April 8, 2020, the Court denied Defendant's Motion to Exclude Testimony of Terrence McGarty.  (Dkt. # 347.)  The Court was persuaded by Plaintiffs that Dr. McGarty's testimony is not "moot" but is "relevant to central questions in the case: Grande's knowledge of, or willful blindness to, its subscribers' infringement, and the willfulness of Grande's conduct."  (Dkt. # 335.) The Court expressly stated that "Dr. McGarty shall be permitted to testify on the specific subject matter as expressed by Plaintiffs in their response to Grande's motion."  (Dkt. # 347.)

In their current filing, Plaintiffs represent to the Court that Dr. McGarty's testimony will not solely be about Grande's "invocation of the DMCA safe harbor defense" but shall also "testify that Grande had the technical, financial, and operational ability to process infringement notices, identifying infringing

7

subscribers, and take action against them."  (Dkt. # 356.)  Defendant asserts that Dr. McGarty's testimony is not relevant to any issue at trial because Magistrate Judge Austin "correctly determined that Grande's Daubert motion was moot, because the Court granted summary judgment on Grande's safe harbor defense." (Dkt. # 357.)

Given the Court's previous ruling permitting Dr. McGarty's testimony beyond the DMCA safe harbor, Magistrate Judge Austin's conclusion that Dr. McGarty's testimony is "moot" no longer stands.  This Court shall thus **RE-REFER** the challenge to Dr. McGarty's testimony back to Judge Austin to look at the merits of the Daubert issue based on the papers already filed.  Defendant's motion is thus **DENIED**, but it may be re-raised if Magistrate Judge Austin finds that Dr. McGarty's testimony is inadmissible.

> 2.    <u>Defendant's Motion to Exclude Evidence Regarding the DMCA and Plaintiffs' Motion to Permit Evidence or Argument Related to Grande's Ineligibility to the DMCA Safe Harbor Defense</u>

The Court finds Defendant's motion for reconsideration as to these two motions in limine regarding the DMCA unpersuasive.  Plaintiffs have represented to this Court that they do not intend to argue at trial that Grande is liable because it failed to qualify for a DMCA safe harbor.  (Dkt. # 356.) Furthermore, the Court already noted explicitly that "the Court shall allow Defendant to re-raise its objection at trial if Plaintiffs appear to be re-litigating the

issue and either misleading or confusing the jury." (Dkt. # 347).[2]  The Court thus

denies the motion for reconsideration as to these two motions in limine.

<u>CONCLUSION</u>

The Court **DENIES** Defendant's motion for reconsideration.  The

Court shall **RE-REFER** to Magistrate Judge Austin Defendant's Daubert challenge

to Dr. McGarty based on the papers already filed in this matter.  The hearing set on

June 17, 2020, is hereby **CANCELLED**.

**IT IS SO ORDERED.**

**DATED**: Austin, Texas, June 3, 2020.

_____
David Alan Ezra
Senior United States District Judge

---

[2] Defendant now asks "[a]t a bare minimum, the Court should leave for trial the question of whether and to what extent Plaintiffs may introduce such evidence." (Dkt. # 357.)  The Court shall, as it noted explicitly in its order, allow Defendant to re-raise the issue at trial if necessary.