**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| UMG RECORDINGS, INC., *et al.*, | § § § | |
| Plaintiffs, | § § | |
| vs. | § § | Civil Action No. 1:17-cv-00365-DAE-AWA |
| GRANDE COMMUNICATIONS NETWORKS LLC, | § § § § | |
| Defendant. | § § | |

## EXHIBIT 2

**PLAINTIFFS' STATEMENT OF CLAIMS FOR USE IN *VOIR DIRE***

Pursuant to Local Rule 16(e)-2 and this Court's Order Resetting Jury Trial and Related Deadlines (Dkt. 366), Plaintiffs provide the following statement of their claims for use in *voir dire*:

This is a civil case alleging copyright infringement. The Plaintiffs are record companies, who own or control some of the most popular musical recordings in the world. The Plaintiffs seek a finding of liability and an award of damages against the Defendant, Grande Communications Networks LLC, an internet service provider, for contributory copyright infringement of 1,534 sound recordings.

Plaintiffs submit that the evidence at trial will show Grande knew its internet subscribers were illegally sharing music online since the early 2000s, and for years addressed the problem by suspending or terminating these subscribers when Grande received notice that they were infringing. However, beginning in 2010, in an effort to increase profits, Grande eliminated its termination policy and chose instead to allow its subscribers to infringe copyrights freely with no consequences. Thereafter, Grande received more than one million notices identifying specific instances of copyright infringement by its subscribers. Yet despite knowing of, or deliberately

avoiding learning about, specifically identified repeat infringements by its customers, Grande continued to provide those customers the internet service essential to their continuing their unlawful conduct. In fact, it is undisputed that Grande did not terminate a single infringing customer from October 2010 until June 2017—after this lawsuit was filed. Grande's knowing contribution to its users' infringements allowed it to dramatically increase profits and increase the market value of the company by $400 million during that period. Grande's conduct also caused significant damage to the Plaintiffs and their recording artists.

Dated: December 28, 2021　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　By: /s/ *Andrew H. Bart*
　　　　　　　　　　　　　　　　　　　　Andrew H. Bart (admitted *pro hac vice*)
　　　　　　　　　　　　　　　　　　　　Jacob L. Tracer (admitted *pro hac vice*)
　　　　　　　　　　　　　　　　　　　　**Jenner & Block LLP**
　　　　　　　　　　　　　　　　　　　　1155 Avenue of the Americas
　　　　　　　　　　　　　　　　　　　　New York, NY 10036
　　　　　　　　　　　　　　　　　　　　Telephone: (212) 891-1600
　　　　　　　　　　　　　　　　　　　　Facsimile: (212) 891-1699
　　　　　　　　　　　　　　　　　　　　abart@jenner.com
　　　　　　　　　　　　　　　　　　　　jtracer@jenner.com

　　　　　　　　　　　　　　　　　　　　Jonathan E. Missner (admitted *pro hac vice*)
　　　　　　　　　　　　　　　　　　　　Robert B. Gilmore (admitted *pro hac vice*)
　　　　　　　　　　　　　　　　　　　　Philip J. O'Beirne (admitted *pro hac vice*)
　　　　　　　　　　　　　　　　　　　　Michael A. Petrino (admitted *pro hac vice*)
　　　　　　　　　　　　　　　　　　　　Kevin J. Attridge (admitted *pro hac vice*)
　　　　　　　　　　　　　　　　　　　　**Stein Mitchell Beato & Missner LLP**
　　　　　　　　　　　　　　　　　　　　901 15th Street, N.W., Suite 700
　　　　　　　　　　　　　　　　　　　　Washington, DC 20005
　　　　　　　　　　　　　　　　　　　　Telephone: (202) 737-7777
　　　　　　　　　　　　　　　　　　　　Facsimile: (202) 296-8312
　　　　　　　　　　　　　　　　　　　　jmissner@steinmitchell.com
　　　　　　　　　　　　　　　　　　　　rgilmore@steinmitchell.com
　　　　　　　　　　　　　　　　　　　　pobeirne@steinmitchell.com
　　　　　　　　　　　　　　　　　　　　mpetrino@steinmitchell.com
　　　　　　　　　　　　　　　　　　　　kattridge@steinmitchell.com

　　　　　　　　　　　　　　　　　　　　Daniel C. Bitting (State Bar No. 02362480)
　　　　　　　　　　　　　　　　　　　　Paige A. Amstutz (State Bar No. 00796136)
　　　　　　　　　　　　　　　　　　　　**Scott Douglass & McConnico LLP**

303 Colorado Street, Suite 2400
Austin, TX 78701
Telephone: (512) 495-6300
Facsimile: (512) 495-6399
dbitting@scottdoug.com
pamstutz@scottdoug.com

*Attorneys for Plaintiffs*