**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| UMG RECORDINGS, INC., *et al.*, | § § § § | |
| Plaintiffs, | § § | |
| vs. | § § | Civil Action No. 1:17-cv-00365-DAE |
| GRANDE COMMUNICATIONS NETWORKS LLC, | § § § § | |
| Defendant. | § § | |

**JOINT JURY INSTRUCTIONS AND VERDICT FORMS**

Pursuant to Local Rule 16(e)-7 and this Court's Order Resetting Jury Trial and Related Deadlines (Dkt. 366), the parties jointly hereby submit the following jury instructions and proposed verdict forms.  Instructions to which the parties did not agree are noted.

# **TABLE OF CONTENTS**

Joint Preliminary Instruction No. 1 ............................................................................... 1

Joint Preliminary Instruction No. 2 ............................................................................... 3

Plaintiffs' Proposed Preliminary Instruction No. 3: Case Background ........................ 6

Grande's Proposed Preliminary Instruction No. 3: Case Background ......................... 9

Joint Instruction No. 1: Jury Charge (General Instruction) ...................................... 10

Joint Instruction No. 2: Evidence ............................................................................... 12

Joint Instruction No. 3: What Is Not Evidence .......................................................... 13

Joint Instruction No. 4: Ruling on Objections ........................................................... 14

Joint Instruction No. 5: Witnesses ............................................................................. 15

Joint Instruction No. 6: Impeachment ....................................................................... 16

Joint Instruction No. 7: Expert Witnesses ................................................................. 17

Joint Instruction No. 8: Deposition Testimony .......................................................... 18

Joint Instruction No. 9: Interrogatories ..................................................................... 19

Joint Instruction No. 10: Limiting Instruction .......................................................... 20

Joint Instruction No. 11: No Inference from Filing Suit ............................................ 21

Plaintiffs' Proposed Instruction No. 12: Burden of Proof: Preponderance of the Evidence ............. 22

Grande's Proposed Instruction No. 12: Burden of Proof: Preponderance of the Evidence ............... 23

Plaintiffs' Proposed Instruction No. 13: The Digital Millennium Copyright Act ............................ 24

Grande's Proposed Instruction No. 13: The Digital Millennium Copyright Act .............................. 25

Plaintiffs' Proposed Instruction No. 14: Copyright Definition ................................. 26

Grande's Proposed Instruction No. 14: Copyright Definition ................................... 27

Plaintiffs' Proposed Instruction No. 15: Plaintiffs' Claim ........................................ 28

Grande's Proposed Instruction No. 15: Plaintiffs' Claim .......................................... 29

Plaintiffs' Proposed Instruction No. 16(a): Infringement—Direct ............................ 30

Plaintiffs' Proposed Instruction No. 16(b): Infringement—Contributory ................. 32

Grande's Proposed Instruction No. 16: Contributory Infringement ......................... 33

Joint Instruction No. 17: Damages – Consider Damages Only If Necessary ................ 36

Plaintiffs' Proposed Instruction No. 18: Damages – Statute of Limitations ............... 37

Grande's Proposed Instruction No. 18: Damages – Statute of Limitations .................. 38

Plaintiffs' Proposed Instruction No. 19(a): Statutory Damages—Generally ............... 39

Plaintiffs' Proposed Instruction No. 19(b): Statutory Damages—Willfulness ............. 41

Grande's Proposed Instruction No. 19: Statutory Damages ...................................... 42

Joint Instruction No. 20: Duty to Deliberate ............................................................. 44

Plaintiffs' Proposed Verdict Form ................................................................................................. 46

Grande's Proposed Verdict Form ................................................................................................... 48

**Joint Preliminary Instruction No. 1**
**(To Be Issued At Voir Dire)**

Members of the jury panel, if you have a cell phone, PDA, Blackberry, smart phone, iPhone, smart watch, or any other wireless communication device with you, please take it out now and turn it off.  Do not turn it to vibrate or silent; power it down. During jury selection, you must leave it off.

There are certain rules you must follow while participating in this trial.

First, you may not communicate with anyone about the case, including your fellow jurors, until it is time to deliberate.  I understand you may want to tell your family, close friends and other people that you have been called for jury service so that you can explain when you are required to be in court.  You should tell them not to ask you about this case, tell you anything they know or think they know about it, or discuss this case in your presence, until after I accept your verdict or excuse you as a juror.

Similarly, you must not give any information to anyone by any means about this case.  For example, do not talk face-to-face or use any electronic device or media, such as the telephone, a cell or smart phone, smart watch, camera, recording device, Blackberry, PDA, computer, the Internet, any Internet service, any text or instant messaging service, any Internet chat room, blog, or website such as Facebook, Instagram, YouTube, or Twitter, or any other way to communicate to anyone any information about this case until I accept your verdict or until you have been excused as a juror.  This includes any information about the parties, witnesses, participants, claims, evidence, or anything else related to this case.

Second, do not speak with anyone in or around the courthouse other than your fellow jurors or court personnel.  Some of the people you encounter may have some connection to the case.  If you were to speak with them, that could create an appearance or raise a suspicion of impropriety.

1

Third, do not do any research—on the Internet, in libraries, in books, newspapers, magazines, or using any other source or method.  Do not make any investigation about this case on your own.  Do not in any way research any information about this case, the law, or the people involved, including the parties, the witnesses, the lawyers, or the judge, until after you have been excused as jurors.  If you happen to see or hear anything addressing this case in the media, turn away and report it to me as soon as possible.

These rules protect the parties' right to have this case decided only on evidence they know about, that has been presented here in court.  If you do any research, investigation or experiment that we do not know about, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete or misleading information that has not been tested by the trial process, which includes the oath to tell the truth and cross-examination.  It could also be unfair to the parties' right to know what information the jurors are relying on to decide the case.  Each of the parties is entitled to a fair trial by an impartial jury, and you must conduct yourself so as to maintain the integrity of the trial process.  If you decide the case based on information not presented in court, you will have denied the parties a fair trial in accordance with the rules of this country and you will have done an injustice.  It is very important that you abide by these rules. Failure to follow these instructions could result in the case having to be retried.

**Joint Preliminary Instruction No. 2**
**(To Be Issued At Opening Of Trial)**

MEMBERS OF THE JURY:

You have now been sworn as the jury to try this case.  As the judge, I will decide all questions of law and procedure.  As the jury, you are the judges of the facts.  At the end of the trial, I will instruct you on the rules of law that you must apply to the facts as you find them.

You may take notes during the trial.  Do not allow your note-taking to distract you from listening to the testimony.  Your notes are an aid to your memory.  If your memory should later be different from your notes, you should rely on your memory.  Do not be unduly influenced by the notes of other jurors.  A juror's notes are not entitled to greater weight than each juror's recollection of the testimony.

Until this trial is over, do not discuss this case with anyone and do not permit anyone to discuss this case in your presence.  This includes your spouse, children, relatives, friends, coworkers, and people with whom you commute to court each day.  During your jury service, you must not communicate any information about this case by any means, by conversation or with the tools of technology.  For example, do not talk face-to-face or use any electronic device or media, such as the telephone, a cell or smart phone, camera, recording device, Blackberry, PDA, computer, the Internet, any Internet or social media service, any text or instant messaging service, any Internet chat room, blog, or website such as Facebook, YouTube, Instagram, or Twitter, or any other way to communicate to anyone any information about this case until I accept your verdict or excuse you as a juror.

Do not even discuss the case with the other jurors until the end of the case when you retire to deliberate.  It is unfair to discuss the case before all of the evidence is in, because you may become an advocate for one side or the other.  The parties, the witnesses, the attorneys, and persons

3

associated with the case are not allowed to communicate with you.  And you may not speak with anyone else in or around the courthouse other than your fellow jurors or court personnel.

Do not make any independent investigation of this case.  You must rely solely on what you see and hear in this courtroom.  Do not try to learn anything about the case from any other source. In particular, you may not use any electronic device or media, such as a telephone, cell phone, smartphone, or computer to research any issue related to this case.  Do not go online or read any newspaper account of this trial or listen to any radio or television newscast about it.  In sum, you may not research any information about this case, the law, or the people involved, including the parties, the witnesses, the lawyers, or the judge, until after you have been excused as jurors.

There are some issues of law or procedure that I must decide that the attorneys and I must discuss.  These issues are not part of what you must decide and they are not properly discussed in your presence.  To avoid having you leave the courtroom and to save time, I may discuss these issues with the attorneys at the bench, out of your hearing.  When I confer with the attorneys at the bench, please do not listen to what we are discussing.  If the discussions require more time, I may have you leave the courtroom until the lawyers and I resolve the issues.  I will try to keep these interruptions as few and as brief as possible.

The trial will now begin.  Lawyers for each side will make an opening statement. Opening statements are intended to assist you in understanding the significance of the evidence that will be presented.  The opening statements are not evidence.

After the opening statements, the plaintiffs will present their case through witness testimony and documentary or other evidence.  Next, the defendant will have an opportunity to present its case.  The plaintiffs may then present rebuttal evidence.  After all the evidence is introduced, I will instruct you on the law that applies to this case. The lawyers will then make

closing arguments.  Closing arguments are not evidence, but rather the attorneys' interpretations of what the evidence has shown or not shown.  Finally, you will go into the jury room to deliberate to reach a verdict.

Keep an open mind during the entire trial. Do not decide the case until you have heard all of the evidence, my instructions, and the closing arguments.

**Plaintiffs' Proposed Preliminary Instruction No. 3**
**Case Background**

Before we begin, let me tell you a little bit about this case.  This is a civil case alleging copyright infringement.  The Plaintiffs are record companies, who own or exercise exclusive control over sound recordings that are protected by federal copyright law.  The Plaintiffs seek damages against the Defendant, Grande Communications Networks, LLC, a cable, telephone, and internet provider, for contributory copyright infringement related to 1,534 of those sound recordings.  To help you understand the evidence in this case, I will explain some of the legal terms that you will hear during trial.

Federal copyright law protects original works of authorship fixed in any tangible medium of expression.  Works of authorship include many creative endeavors—like books, music, movies, plays, and works of art—and cover their expression in any tangible media, such on paper, film, in a sound recording, on canvas, in a sculptural material, or even in software source code.  Here, the "original work of authorship" is the performance of a piece of music and the "medium of expression" is a sound recording.  Items protected by copyright law are often referred to as "works" and here the relevant "works" are 1,534 sound recordings.  Each of Plaintiffs' 1,534 works has a certificate of registration from the Copyright Office.

The owner of a copyright for a sound recording or someone authorized to exercise exclusive control over a sound recording are the only ones permitted by federal copyright law to copy or distribute those sound recordings.  If someone copies or distributes the sound recording without the owner's permission, that person has infringed the owner's copyright—which is a violation of federal law.  Making sound recordings available to download on the internet, without the owner's permission, using so-called peer-to-peer networks like BitTorrent is a violation of federal copyright law.

6

It is also unlawful to knowingly and materially contribute to a third party's copyright infringement.  Here, Plaintiffs claim that Grande knowingly and materially contributed to infringement by its customers.  Grande disputes this claim and raises various defenses.

You may hear testimony and see documents that refer to infringement including notices sent to Grande advising it of infringements committed by its customers.  As jurors, you will decide whether Grande is liable for those infringements based on the evidence presented and the law.  In making that determination, you may consider evidence of infringement notices sent to Grande, among other evidence.

You will also hear testimony and see documents that refer to the Digital Millennium Copyright Act, commonly known by its initials "DMCA."  Among other things, the DMCA provides a defense for an internet service provider (commonly referred to as an "ISP") like Grande that is accused of liability for copyright infringements committed by its users occurring on its network. This defense is called a "safe harbor," because if an ISP qualifies for the defense, it can avoid all economic liability for contributory copyright infringement.  However, in order to be eligible for that defense or safe harbor, an ISP must, among other things, have adopted and reasonably implemented a policy for terminating repeat infringers.  Here, however, the Court has already ruled that Grande did not reasonably implement a policy for terminating repeat infringers.  As a result, Grande is not eligible for the DMCA safe harbor.  Therefore when you are asked, after the conclusion of the evidence, to determine whether Grande committed contributory copyright infringement, you may not consider the DMCA safe harbor as a defense.

It is now time for the opening statements.

**Authority:**

17 U.S.C. §§ 102, 512; *MGM Studios Inc. v. Grokster, Ltd.*, 545 U.S. 913, 929-30 (2005) (affirming the viability of a cause of action for contributory copyright infringement); *UMG*

*Recordings, Inc. v. Grande Commc'ns Networks*, LLC, 384 F. Supp. 3d 743, 754-58 (W.D. Tex. 2019) (granting Plaintiffs' motion for summary judgment on Defendant's DMCA safe harbor defense); Preliminary Instructions in *Sony v. Cox*, No. 1:18-cv-00950 (E.D. Va.), Hr'g Tr. (Dec. 2, 2019 pm), at 25-26 (unreleased transcript); Ninth Circuit Pattern Jury Instructions 1.5-Civil Cases (2017, rev. Oct. 2019) (Claims and Defenses) (providing a skeletal form instruction for the Court to instruct the jury on the claims and defenses at issue).

**Grande's Proposed Preliminary Instruction No. 3**
**Case Background[1]**

This is a civil case alleging copyright infringement.

The Plaintiffs are record companies, and they are in the business of selling recorded music to consumers.  The Defendant, Grande Communications Networks LLC, is a provider of internet, cable TV, and phone service.

The Plaintiffs contend that subscribers of Grande's internet service infringed copyrighted sound recordings owned by the Plaintiffs, and that Grande is liable for those infringements. Grande denies the Plaintiffs' allegations.

**Authority:**

Pls.' Complaint (ECF No. 1); Grande's Answer (ECF No. 80).

---

[1] Grande does not believe any instruction regarding the nature of the case is necessary prior to opening statements. Counsel for the parties can adequately introduce the case.  In the event the Court gives such an instruction, Grande submits that it should be factually neutral, should not resolve disputed legal issues, and should not include subject matter that will be addressed in the final instructions (which will not have been finalized when such a preliminary instruction would be given).

**Joint Instruction No. 1**
**Jury Charge (General Instruction)**

MEMBERS OF THE JURY:

It is my duty and responsibility to instruct you on the law you are to apply in this case. The law contained in these instructions is the only law you may follow.  It is your duty to follow what I instruct you the law is, regardless of any opinion that you might have as to what the law ought to be.

If I have given you the impression during the trial that I favor either party, you must disregard that impression.  If I have given you the impression during the trial that I have an opinion about the facts of this case, you must disregard that impression.  You are the sole judges of the facts of this case.  Other than my instructions to you on the law, you should disregard anything I may have said or done during the trial in arriving at your verdict.

You should consider all of the instructions about the law as a whole and regard each instruction in light of the others, without isolating a particular statement or paragraph.

The testimony of the witnesses and other exhibits introduced by the parties constitute the evidence.  The statements of counsel are not evidence; they are only arguments.  It is important for you to distinguish between the arguments of counsel and the evidence on which those arguments rest.  What the lawyers say or do is not evidence.  You may, however, consider their arguments in light of the evidence that has been admitted and determine whether the evidence admitted in this trial supports the arguments.  You must determine the facts from all the testimony that you have heard and the other evidence submitted.  You are the judges of the facts, but in finding those facts, you must apply the law as I instruct you.

You are required by law to decide the case in a fair, impartial, and unbiased manner, based entirely on the law and on the evidence presented to you in the courtroom.  You may not be

influenced by passion, prejudice, or sympathy you might have for the plaintiff or the defendant in arriving at your verdict.

**Joint Instruction No. 2**
**Evidence**

The evidence you are to consider consists of the testimony of the witnesses, the documents and other exhibits admitted into evidence, and any fair inferences and reasonable conclusions you can draw from the facts and circumstances that have been proven.

Generally speaking, there are two types of evidence.  One is direct evidence, such as testimony of an eyewitness.  The other is indirect or circumstantial evidence.  Circumstantial evidence is evidence that proves a fact from which you can logically conclude another fact exists.  As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that you find the facts from a preponderance of all the evidence, both direct and circumstantial.

**Joint Instruction No. 3**
**What Is Not Evidence**

In reaching your verdict, you may consider only the testimony and exhibits received into evidence.  Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

(1)    Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they [may say] [have said] in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2)    Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

(3)    Testimony that is excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered.  In addition, some evidence has been received only for a limited purpose; when I have instructed you to consider certain evidence only for a limited purpose, you must do so and you may not consider that evidence for any other purpose.

(4)    Anything you may have seen or heard when the court was not in session is not evidence.  You are to decide the case solely on the evidence received at the trial.

13

**Joint Instruction No. 4**
**Ruling on Objections**

There are rules of evidence that control what can be received into evidence.  When a lawyer asked a question or offered an exhibit into evidence, and a lawyer on the other side thought that it was not permitted by the rules of evidence, that lawyer might have objected.  If I overruled the objection, the question was answered or the exhibit received.  If I sustained the objection, the question was not answered, and the exhibit was not received.  Whenever I sustained an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I ordered that evidence be stricken from the record and that you disregard or ignore that evidence.  That means when you are deciding the case, you must not consider the stricken evidence for any purpose.

**Joint Instruction No. 5**
**Witnesses**

You alone are to determine the questions of credibility or truthfulness of the witnesses.  In weighing the testimony of the witnesses, you may consider the witness's manner and demeanor on the witness stand, any feelings or interest in the case, or any prejudice or bias about the case, that he or she may have, and the consistency or inconsistency of his or her testimony considered in the light of the circumstances. Has the witness been contradicted by other credible evidence? Has he or she made statements at other times and places contrary to those made here on the witness stand? You must give the testimony of each witness the credibility that you think it deserves.

Even though a witness may be a party to the action and therefore interested in its outcome, the testimony may be accepted if it is not contradicted by direct evidence or by any inference that may be drawn from the evidence, if you believe the testimony.

You are not to decide this case by counting the number of witnesses who have testified on the opposing sides. Witness testimony is weighed; witnesses are not counted. The test is not the relative number of witnesses, but the relative convincing force of the evidence. The testimony of a single witness is sufficient to prove any fact, even if a greater number of witnesses testified to the contrary, if after considering all of the other evidence, you believe that witness.

**Joint Instruction No. 6**
**Impeachment**

In determining the weight to give to the testimony of a witness, consider whether there was evidence that at some other time the witness said or did something, or failed to say or do something, that was different from the testimony given at the trial.

A simple mistake by a witness does not necessarily mean that the witness did not tell the truth as he or she remembers it. People may forget some things or remember other things inaccurately. If a witness made a misstatement, consider whether that misstatement was an intentional falsehood or simply an innocent mistake. The significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

**Joint Instruction No. 7**
**Expert Witnesses**

When knowledge of technical subject matter may be helpful to the jury, a person who has special training or experience in that technical field is permitted to state his or her opinion on those technical matters.  However, you are not required to accept that opinion.  As with any other witness, it is up to you to decide whether to rely on it.

**Joint Instruction No. 8**
**Deposition Testimony**

Certain testimony has been presented to you through a deposition.  A deposition is the sworn, recorded answers to questions a witness was asked in advance of the trial.   Under appropriate circumstances, if a witness cannot be present to testify from the witness stand, that witness's testimony may be presented, under oath, in the form of a deposition.  Some time before this trial, attorneys representing the parties in this case questioned this witness under oath.  A court reporter was present and recorded the testimony.  The questions and answers have been shown to you.  This deposition testimony is entitled to the same consideration and weighed and otherwise considered by you in the same way as if the witness had been present and had testified from the witness stand in court.

**Joint Instruction No. 9**
**Interrogatories**

Some of the evidence presented to you consisted of answers by one of the parties to written interrogatories submitted by the other side.  These answers were given in writing and under oath before the trial in response to questions that were submitted under established court procedures.  You should consider the answers, insofar as possible, in the same way as if they were made from the witness stand.

By introducing an opposing party's answers to interrogatories, the introducing party does not bind itself to those answers.  The introducing party may challenge the opposing party's answers in whole or in part or may offer contrary evidence.

**Joint Instruction No. 10**
**Limiting Instruction**

When testimony or an exhibit was admitted for a limited purpose, you may consider that

testimony or exhibit only for the specific limited purpose for which it was admitted.

**Joint Instruction No. 11**
**No Inference from Filing Suit**

The fact that a person brought a lawsuit and is in court seeking damages creates no inference that the person is entitled to a judgment.  Anyone may make a claim and file a lawsuit. The act of making a claim in a lawsuit, by itself, does not in any way tend to establish that claim and is not evidence.

**Plaintiffs' Proposed Instruction No. 12**
**Burden of Proof: Preponderance of the Evidence**

Plaintiffs have the burden of proving their case by a preponderance of the evidence. To establish by a preponderance of the evidence means to prove something is more likely so than not so.

During the trial, you heard evidence from both sides. If you were to put the evidence on opposite sides of the scales, the party with the burden to prove a matter by a preponderance of the evidence would have to make the scales tip slightly on that party's side. If you find that Plaintiffs have failed to prove any element of their claim by a preponderance of the evidence, then they may not recover on that claim.

In determining whether any fact in issue has been proved by a preponderance of the evidence, unless otherwise instructed, you may consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

Some of you might have heard the term "proof beyond a reasonable doubt." That is a stricter standard. It only applies to a criminal case and it requires more proof than a preponderance of the evidence. The reasonable doubt standard does not apply to a civil case, like this one, so you should put the reasonable doubt standard out of your minds.

**Authority:**

Fifth Circuit Pattern Jury Instructions 3.2-Civil Cases (rev. Oct. 2016) (Burden of Proof: Preponderance of the Evidence); Jury Charge in *Sony v. Cox*, No. 1:18-cv-00950 (E.D. Va.) at 10 [Dkt. #671].

**Grande's Proposed Instruction No. 12**
**Burden of Proof: Preponderance of the Evidence**

The plaintiffs have the burden of proving their case by a preponderance of the evidence.

To establish by a preponderance of the evidence means to prove something is more likely so than not so. If you find that the plaintiffs have failed to prove any element of their claim by a preponderance of the evidence, then they may not recover on that claim.

**Authority:**

Fifth Circuit Pattern Jury Instructions (Civil Cases), Model Instruction 3.2.

**Plaintiffs' Proposed Instruction No. 13**
**The Digital Millennium Copyright Act**

As I instructed you at the beginning of the case, you have heard testimony and seen documents that refer to the Digital Millennium Copyright Act, commonly known by its initials "DMCA." The DMCA provides that an internet service provider like Grande may have a defense, called a safe harbor, to liability for infringement occurring on its network. To be eligible for that safe harbor defense, Grande must, among other things, have adopted and reasonably implemented a policy for terminating repeat infringers. Here, the Court found before trial began that Grande did not reasonably implement a policy for terminating repeat infringers. As a result, Grande is not eligible for the DMCA safe harbor defense.

**Authority:**

17 U.S.C. 512; *UMG Recordings, Inc. v. Grande Commc'ns Networks*, LLC, 384 F. Supp. 3d 743, 754-58 (W.D. Tex. 2019) (granting Plaintiff's motion for summary judgment on Defendant's DMCA safe harbor defense); Jury Charge in *Sony v. Cox*, No. 1:18-cv-00950 (E.D. Va.) at 19 [Dkt. #671] (Instruction No. 18).

**Grande's Proposed Instruction No. 13**
**The Digital Millennium Copyright Act**

In this case, you have heard testimony or seen documents that refer to the Digital Millennium Copyright Act, commonly known by its initials "DMCA."   The DMCA provides internet service providers with a possible defense to copyright infringement claims, called a "safe-harbor" defense.   This DMCA safe harbor defense is not at issue in this trial.   In deciding whether the plaintiffs have proved their claims, you must not allow facts or testimony concerning the DMCA safe harbor to bear adversely on Grande's defense that Grande's conduct is not infringing under the Copyright Act or any other defense.

**Authority:**

Adapted from 17 U.S.C. § 512(a), (i), (l) ("The failure of a service provider's conduct to qualify for a limitation of liability under this section shall not bear adversely upon the consideration of a defense by the service provider that the service provider's conduct is not infringing under this title or any other defense."); Jury Charge in *Sony v. Cox* (Instruction No. 18 at p. 19) (ECF No. 671), No. 1:18-cv-950 (E.D. Va.).

**Plaintiffs' Proposed Instruction No. 14**
**Copyright Definition**

A "copyright" is a set of rights granted by federal law to the owner of an original work of authorship, such as a book, play, movie, painting, musical composition, or sound recording.  The term "owner" includes the author of the work, an assignee, and an exclusive licensee.  Among other rights, the owner of a copyright has the exclusive right to copy and the exclusive right to distribute copies of the copyrighted work to the public by sale or other transfer of ownership or by rental, lease, or lending.  In this case, the copyrighted works at issue all consist of sound recordings.

**Authority:**

Jury Charge in *Sony v. Cox*, No. 1:18-cv-00950 (E.D. Va.) at 21 [Dkt. #671] (Instruction No. 20); 17 U.S.C. § 102; *id.* at § 106; Ninth Circuit Pattern Jury Instructions 17.2-Civil Cases (2017, rev. Oct. 2019) (Copyright-Defined); 3B Kevin F. O'Malley, Jay Grenig, and William C. Lee, Federal Jury Practice and Instructions § 160:40 (6th ed.).

**Grande's Proposed Instruction No. 14**
**Copyright Definition**

A "copyright" is a set of rights granted by federal law to the owner of an original work of authorship. These rights include the exclusive right to distribute copies of the copyrighted work to the public by sale or other transfer of ownership, or by rental, lease, or lending.

These rights also include the exclusive right to make reproductions of the copyrighted work.  However, the right to make reproductions of the copyrighted work is not at issue in this case.

**Authority:**

Adapted from 9th Cir. Model Civil Jury Instructions, Model Instruction 17.2 (2017); 17 U.S.C. § 106.

**Plaintiffs' Proposed Instruction No. 15**
**Plaintiffs' Claim**

In this case, Plaintiffs contend that Grande is contributorily liable for the unauthorized distribution of Plaintiffs' 1,534 copyrighted works by users of Grande's internet service.

**Authority:**

Similar instruction provided in Jury Charge in *Sony v. Cox*, No. 1:18-cv-00950 (E.D. Va.) at 22 [Dkt. #671] (Instruction No. 21).

**Grande's Proposed Instruction No. 15**
**Plaintiffs' Claim**

In this case, Plaintiffs contend that Grande is contributorily liable for the unauthorized distribution of Plaintiffs' copyrighted works by subscribers of Grande's internet service.

**Authority:**

Pls.' Compl. ¶¶ 62–65 (ECF No. 1).

**Plaintiffs' Proposed Instruction No. 16(a)**
**Infringement—Direct**

In order to prove contributory copyright infringement, Plaintiffs first must establish by a preponderance of the evidence that they own copyrights in their sound recordings and that users of Grande's internet service used that service to infringe Plaintiffs' right to distribute their copyrighted works.

Here, the Court has already determined that Plaintiffs own copyrights in the sound recordings at issue.  Thus, you do not need to decide that issue.

You do need to decide whether users of Grande's internet service used that service to infringe Plaintiffs' right to distribute their works.  A copyright owner's exclusive right to distribute its copyrighted work is infringed by distributing or by offering to distribute the copyrighted work, or any part of the copyrighted work, without Plaintiffs' authorization.

Plaintiffs are not required to prove the specific identities of the infringing users and Plaintiffs may prove infringement through direct or circumstantial evidence.  As evidence of direct infringement, Plaintiffs are entitled to rely on, and you are permitted to consider, evidence that copyrighted content was offered or distributed to a third party who is investigating or monitoring infringing activity.

If you find that users of Grande's internet service distributed or offered to distribute any of Plaintiffs' copyrighted works at issue or any portion thereof, without Plaintiffs' authorization, then Plaintiffs have established that users of Grande's internet service have infringed Plaintiffs' copyrights in those works.

**Authority:**

Jury Charge in *Sony v. Cox*, No. 1:18-cv-00950 (E.D. Va.) at 24 [Dkt. #671]; *UMG Recordings, Inc. v. Grande Commc'ns Networks*, 384 F. Supp. 3d 743, 759 (W.D. Tex. 2019); *id.* at 765 (citing *BMG Rights Mgmt. (US) LLC v. Cox Commc'ns, Inc.*, 199 F. Supp. 2d 958, 972, (E.D. Va. 2016), *rev'd in part on other grounds by BMG*, 881 F.3d 293 (4th Cir. 2018) ("Courts have

consistently relied upon evidence of downloads by a plaintiff's investigator to establish both unauthorized copying and distribution of a plaintiff's work") (citing *Arista Records LLC v. Lime Grp. LLC*, No. 06-cv-5936, 2011 WL 1641978, at *8 (S.D.N.Y Apr. 29, 2011) (citing cases)); *see also Columbia Pictures Industries v. Fung*, 710 F.3d 1020, 1034 (9th Cir. 2013); *Hotaling v. Church of Christ of Latter-Day Saints*, 118 F.3d 199, 203 (4th Cir. 1997); *Sony BMG Music Entertainment v. Doe*, No. 5:08-CV-109-H, 2009 WL 5252606, at *4 (E.D.N.C. Oct. 21, 2009); *Universal Studios Production v. Bigwood*, 441 F. Supp. 2d 185, 190 (D. Me. 2006); *Arista Records v. Greubel*, 453 F. Supp. 2d 961, 970–71 (N.D. Tex. 2006); *Warner Bros. Records v. Payne*, No. W-06-CA-051, 2006 WL 2844415, at *3 (W.D. Tex. Jul. 17, 2006).

**Plaintiffs' Proposed Instruction No. 16(b)**
**Infringement—Contributory**

A copyright may be infringed by contributory infringement. As a general matter, a person may be liable for copyright infringements committed by another if the person knows about or was willfully blind to the infringing activity and induces, causes, or materially contributes to the activity.

Plaintiffs have the burden of proving each of the following by a preponderance of the evidence:

First: There was direct infringement of Plaintiffs' copyrighted works at issue by users of Grande's internet service;

Second: Grande knew of specific instances of infringement or was willfully blind to such instances of infringement.  The term "willful blindness" means that someone believes there is a high probability of a fact but deliberately takes steps to avoid learning it; and

Third: Grande induced, caused, or materially contributed to the infringing activity.  Here, the Court has already found that the continued provision of internet access to known infringing subscribers constitutes material contribution.

**Authority:**

Jury Charge in *Sony v. Cox*, No. 1:18-cv-00950 (E.D. Va.) at 25 [Dkt. #671] (Instruction No. 24); 3B Kevin F. O'Malley et al., Federal Jury Practice & Instructions § 160:29 (6th ed. updated 2015); Ninth Circuit Pattern Jury Instructions-Civil 17.21 (Secondary Liability); *Federal Civil Jury Instructions of the Seventh Circuit*, No. 12.6.2; *Civil Pattern Jury Instructions of the Eleventh Circuit* No. 9.20; *UMG Recordings, Inc. v. Grande Commc'ns Networks, LLC*, 384 F. Supp. 3d 743, 766-68 (W.D. Tex. 2019) (quoting and discussing *Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*, 545 U.S. 913, 936 (2005)); *see also BMG Rights Management v. Cox Communications*, 881 F.3d 293, 311-312 (4th Cir. 2018); *Gershwin Publishing Corp. v. Columbia Artists Management*, 443 F.2d 1159, 1162 (2d Cir. 1971) ("[O]ne who, with knowledge of the infringing activity, induces, causes or materially contributes to the infringing conduct of another, may be held liable as a 'contributory' infringer.").

## Grande's Proposed Instruction No. 16
### Contributory Infringement

For each of the copyrighted works at issue in this case, you must separately determine whether Grande is liable for contributory infringement.

To prove contributory infringement, the plaintiffs have the burden of proving each of the following by a preponderance of the evidence:  first, the asserted copyright is owned by one of the plaintiffs; second, a subscriber of Grande's internet service directly infringed the plaintiff's exclusive right to distribute copies of the copyrighted work to the public; third, Grande knew of, or was willfully blind to, that specific instance of direct copyright infringement; and fourth, Grande intentionally encouraged or induced, through specific acts, another specific instance of direct copyright infringement by the same subscriber.

I will now provide additional instructions relating to each of these elements of contributory infringement.

**First:**          **The copyright is owned by one of the plaintiffs.**

In this case, the copyrighted works at issue all consist of sound recordings.  A plaintiff is the owner of the copyright if it is the author or creator of the work, received a transfer of the copyright, or received a transfer of the right to distribute the copyright.

The owner of a copyright may apply to register the copyright by completing a registration form and depositing a copy of the copyrighted work—in this case, a copy of the sound recording at issue—with the Copyright Office.  After determining that the material deposited constitutes copyrightable subject matter and that certain legal and formal requirements are satisfied, the Register of Copyrights registers the work and issues a certificate of registration to the copyright owner.

In this case, the Court has already determined that the plaintiffs own the registrations for the sound recordings listed in Appendix A, which was provided to you at the beginning of the case.

**Second:**    **A subscriber of Grande's internet service directly infringed the plaintiff's exclusive right to distribute copies of the copyrighted work to the public.**

A subscriber of Grande's internet service infringed the plaintiff's exclusive right to distribute copies if they uploaded, to another person, a music file that is substantially similar to the copyrighted work.   Attempting to distribute a copy of a copyrighted work is not copyright infringement.

**Third:**    **Grande knew of, or was willfully blind to, that specific instance of direct copyright infringement.**

Grande knew of the specific instance of copyright infringement if Grande knew that its subscriber distributed a copy of the plaintiff's copyrighted work to another person.   Grande was willfully blind to copyright infringement if (1) Grande believed that there was a high probability that a specific subscriber uploaded a copy of one of plaintiffs' copyrighted works to another and (2) Grande took deliberate actions to avoid learning whether that upload had occurred.

**Fourth:**    **Grande intentionally encouraged or induced, through specific acts, another specific instance of direct infringement of that copyrighted work by the same subscriber.**

To show that Grande intentionally encouraged or induced a subscriber to infringe one of the plaintiff's copyrights, the plaintiffs must show statements or actions by Grande directed to promoting the subscriber's infringement.   Grande intended to encourage or induce infringement only if it knew that the infringement was substantially certain to result from its conduct.

**Authority:**

Adapted from 9th Cir. Model Civil Jury Instructions, Model Instructions 17.6 & 17.21 (2017); 3B Fed. Jury Prac. & Instructions, §§ 160:22 & 160:29 (6th ed. 2019).

First Element: 9th Cir. Model Civil Jury Instructions, Model Instructions 17.1 (2017); *Norma Ribbon & Trimming, Inc. v. Little,* 51 F.3d 45, 47 (5th Cir. 1995); 17 U.S.C. § 410(c); *Creations Unlimited, Inc. v. McCain,* 112 F.3d 814, 816 (5th Cir. 1997); 17 U.S.C. § 106(3).

Second Element: *Nat'l Car Rental Sys., Inc. v. Computer Assocs. Int'l, Inc.*, 991 F.2d 426, 434 (8th Cir. 1993) ("[I]nfringement of the distribution right requires an actual dissemination of either copies or phonorecords.") (cleaned up); *Sony Music Entm't v. Cox Commc'ns, Inc.*, 464 F. Supp. 3d 795, 810 (E.D. Va. 2020) (infringement of the distribution right requires actual dissemination); *APL Microscopic, LLC v. United States*, 144 Fed. Cl. 489 (2019) ("[T]he Court rejects the Government's argument that a distribution occurs when a work is 'made available' for distribution, and instead holds that infringement of the right of public distribution under § 106(3) requires actual dissemination of either copies or phonorecords.") (cleaned up); *BMG Rights Mgmt. (US) LLC v. Cox Commc'ns, Inc.*, 149 F. Supp. 3d 634, 670 (E.D. Va. 2015) ("[T]o establish a direct infringement of its distribution right, BMG must show actual dissemination of a copyrighted work."), *rev'd in part on other grounds*, 881 F.3d 293 (4th Cir. 2018); *Atl. Recording Corp. v. Howell*, 554 F. Supp. 2d 976, 981 (D. Ariz. 2008) ("The general rule, supported by the great weight of authority, is that infringement of the distribution right requires an actual dissemination of either copies or phonorecords.") (collecting cases) (cleaned up); *id.* at 984 ("[T]here is no basis for attempt liability in the [copyright] statute."); Pls.' Compl. ¶¶ 62 ("Through its conduct, Grande knowingly and intentionally induced, enticed, persuaded, and caused its subscribers to infringe Plaintiffs' Copyrighted Sound Recordings . . . ."), 65 ("Grande is liable as a contributory copyright infringer for the infringing acts of its subscribers.") (ECF No. 1)

Third Element: *Global-Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. 754, 769 (2011); Summary Judgment Order at 41 n.7 (ECF No. 268).

Fourth Element: Summary Judgment Order at 38 ("Contributory liability against Grande must therefore be predicated on actively encouraging (or inducing) infringement through specific acts."), 39 ("[W]hether labeled 'material contribution' or 'inducement' or anything else, Grokster recognized that where evidence goes beyond a product's characteristics or the knowledge that it may be put to infringing uses, and shows statements or actions directed to promoting infringement, liability is authorized."), 41 (intent is satisfied by showing that "a person knows that the consequences are certain, or substantially certain, to result from his act, and [he] still goes ahead") (cleaned up); *BMG Rights Mgmt. (US) LLC v. Cox Commc'ns, Inc.*, 881 F.3d 293, 307 (4th Cir. 2018) (intent standard for contributory infringement); *Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*, 545 U.S. 913, 934-37 (2005).

**Joint Instruction No. 17**
**Damages – Consider Damages Only If Necessary**

If the Plaintiffs have proved some or all of their claims against Grande by a preponderance of the evidence, you must determine the damages to which the Plaintiffs are entitled.  You should not interpret the fact that I am giving instructions about the Plaintiffs' damages as an indication in any way that I believe that Plaintiffs should, or should not, win this case.  It is your task first to decide whether Grande is liable.  I am instructing you on damages only so that you will have guidance in the event you decide that Grande is liable and that the Plaintiffs are entitled to recover money from Grande.

**Plaintiffs' Proposed Instruction No. 18**
**Damages – Statute of Limitations**[2]

Plaintiffs may recover damages for each work that you find was infringed on or after April 21, 2014.

**Authority:**

17 U.S.C. § 507(b); *Petrella v. Metro-Goldwyn-Mayer, Inc.*, 572 U.S. 663, 677 (2014).

---

[2] Plaintiffs object to the need for any proposed instruction regarding the statute of limitations. Plaintiffs have elected to recover statutory damages in this action, and each work in suit that is eligible for statutory damages was infringed on or after April 21, 2014 (*i.e.*, within three years prior to the date Plaintiffs filed suit). Accordingly, the statute of limitations does not limit the number of works eligible for statutory damages and presenting jurors with an instruction suggesting otherwise risks misleading them. In the event the Court gives such an instruction, Plaintiffs submit that it should state the date after which works must have been infringed to be eligible for a statutory damages award.

### Grande's Proposed Instruction No. 18
### Damages – Statute of Limitations

A Plaintiff may only recover damages for copyright infringement occurring on or after

April 21, 2014 [or, for infringement occurring before April 21, 2014, if the Plaintiff did not know,

and in the exercise of reasonable diligence could not have known, of the infringement until on or

after April 21, 2014].[3]


**Authority:**

Adapted from 17 U.S.C. § 507(b); *Petrella v. Metro-Goldwyn-Mayer, Inc.*, 572 U.S. 663, 677 (2014) ("[A] successful plaintiff can gain retrospective relief only three years back from the time of suit."); *Energy Intelligence Grp., Inc. v. Kayne Anderson Capital Advisors, L.P.*, 948 F.3d 261, 271 (5th Cir. 2020) (recognizing that in *Petrella*, "[t]he statute of limitations, in combination with the widely recognized rule of separate accrual for copyright claims, meant that Petrella was foreclosed from seeking damages for any acts completed [more than three years before the complaint was filed]."); *Sohm v. Scholastic Inc.*, 959 F.3d 39, 51–52 (2d Cir. 2020) ("[W]e must apply the discovery rule to determine when a copyright infringement claim accrues, but a three-year lookback period from the time a suit is filed to determine the extent of relief available."); *Navarro v. Procter & Gamble Co.*, 515 F. Supp. 3d 718, 762 (S.D. Ohio 2021) ("[T]he language of *Petrella*, including language that motivated the ultimate holding in that case, . . . expressly limits damages to those that arose in the three years before filing suit."); *Edmark Indus. SDN. BHD. v. South Asia Int'l (H.K.) Ltd.*, 89 F. Supp. 2d 840, 842–43 (E.D. Tex. 2000) (standard for discovery rule, if applicable); Summary Judgment Order at 44 (ECF No. 268) (same).

---

[3] Grande provides the bracketed language in the event the Court instructs the jury regarding the discovery rule, as the Court has previously indicated. *See* Order Regarding Motions in Limine at 8–9 (ECF No. 347) ("Plaintiffs must present evidence at trial sufficient to show that they were incapable of discovering their cause of action until January 2016."). Based on the cited authorities, Grande objects to any application of the discovery rule in this case because, irrespective of when Plaintiffs' claims accrued, Plaintiffs may only recover damages for the period of three years prior to the filing of the complaint.

**Plaintiffs' Proposed Instruction No. 19(a)**
**Statutory Damages—Generally**

Plaintiffs may elect to receive "statutory damages" under the United States Copyright Act. "Statutory damages" are damages that are established by Congress in the Copyright Act to compensate the copyright owner, penalize the infringer, and deter future copyright infringements.

You must issue an award of between $750 and $30,000 for each copyrighted work that you found to be infringed.  If Plaintiffs prove that Grande acted willfully in contributorily infringing Plaintiffs' copyrights you may, but are not required to, increase the statutory damage award to a sum as high as $150,000 per copyrighted work.

You should award as statutory damages an amount that you find to be fair under the circumstances. In determining the appropriate amount to award, you may consider the following factors:

- The profits Grande earned because of the infringement

- The expenses Grande saved because of the infringement

- The revenues that Plaintiffs lost because of the infringement

- The difficulty of proving Plaintiffs' actual damages

- The circumstances of the infringement

- Whether Grande acted willfully, intentionally, or recklessly in contributorily infringing Plaintiffs' copyrights,

- The need to deter Grande from infringing again in the future

- The need to deter others from infringing in the future

- In the case of willfulness, the need to punish Grande.

In considering what amount would have a deterrent effect, you may consider Grande's total profits and the effect the award may have on other Internet service providers in the marketplace.

Plaintiffs are not required to prove any actual damage suffered by Plaintiffs to be awarded statutory damages.  You should award statutory damages whether or not there is evidence of the actual damage suffered by Plaintiffs, and your statutory damage award need not be based on the actual damages suffered by Plaintiffs.

**Authority:**

Jury Instructions in *Sony v. Cox*, No. 1:18-cv-00950 (E.D. Va.) at 29-30 [Dkt. #671]; Jury Instructions in *BMG Rights Mgmt. (US) LLC v. Cox Commc'ns, Inc.*, No. 14-cv- 1611 (E.D. Va.), [Dkt. 751], at 2149:10–2150:14; *Federal Civil Jury Instructions of the Seventh Circuit*, Instruction No. 12.8.4 (2009); 3B Kevin F. O'Malley, Jay Grenig, and William C. Lee, *Federal Jury Practice and Instructions* § 106:92 (6th ed.); *see also Ninth Circuit Manual of Jury Instructions* § 17.35 (the purpose of statutory damages is "to penalize the infringer and deter future violations of the copyright laws"); *Cass Cty. Music Co. v. C.H.L.R., Inc.*, 88 F.3d 635, 643 (8th Cir. 1996) ("[I]t is plain that another role has emerged for statutory damages in copyright infringement cases: that of a punitive sanction on infringers, and the award of punitive damages traditionally is a jury matter."); *Frank Music Corp. v. Metro-Goldwyn-Mayer Inc.*, 886 F.2d 1545, 1554 (9th Cir. 1989) ("Statutory damages are available in order to effectuate two purposes underlying the remedial provisions of the Copyright Act: to provide adequate compensation to the copyright holder and to deter infringement."); *Civil Pattern Jury Instructions of the Eleventh Circuit* No. 9.32 Annotations and Comments ("[P]laintiff can recover statutory damages whether or not there is evidence of any actual damage suffered by plaintiff or any profits reaped by the defendant") (citing *F.W. Woolworth Co. v. Contemporary Arts, Inc.*, 334 U.S. 228, 233 (1952)).

**Plaintiffs' Proposed Instruction No. 19(b)**
**Statutory Damages—Willfulness**

Grande's contributory infringement is considered willful if Plaintiffs prove by a preponderance of the evidence that Grande had knowledge that its subscribers' actions constituted infringement of Plaintiffs' copyrights or that Grande acted with reckless disregard for or willful blindness to the Plaintiffs' rights, for example by knowingly relying on obviously insufficient mechanisms to determine whether Plaintiffs' copyrights were being infringed.

**Authority:**

*Federal Civil Jury Instructions of the Seventh Circuit*, Instruction No. 12.8.4 (2009); 3B Fed. Jury Prac. & Instr. § 160:53 (6th ed.) (citing *Island Software & Computer Service v. Microsoft Corp.*, 413 F.3d 257, 263 (2d Cir. 2005) ("To prove willfulness under the Copyright Act, the plaintiff must show (1) that the defendant was actually aware of the infringing activity, or (2) that the defendant's actions were the result of reckless disregard for, or willful blindness to, the copyright holder's rights.")).

**Grande's Proposed Instruction No. 19**
**Statutory Damages**

If you find for the plaintiffs on the plaintiffs' contributory copyright infringement claims, then you must determine the plaintiffs' damages.

As damages for copyright infringement, the plaintiffs are entitled to an award of statutory damages, established by Congress for each copyrighted work infringed. To obtain a statutory damages award for a copyrighted work, the plaintiffs must prove by a preponderance of the evidence that the work was registered with the U.S. Copyright Office before the infringement occurred.

For purposes of statutory damages, all the parts of a compilation constitute one work. A compilation is a work formed by the collection and assembling of preexisting materials that are selected, coordinated, or arranged in such a way that the resulting work as a whole constitutes an original work of authorship. Under this definition, an album of music is a compilation.

The amount you may award as statutory damages is not less than $750, and not more than $30,000, for each work you conclude was infringed. If you conclude that multiple works were infringed, then you may award a different amount of statutory damages for each work. You may, but are not required to, consider any or all of the following factors in deciding how much to award as statutory damages for each work you conclude was infringed:

> (1) the expenses saved and profits reaped by Grande;

> (2) the plaintiff's lost revenues;

> (3) whether the plaintiff used reasonable diligence to avoid or to minimize its lost revenues;

> (4) the value of the copyright;

> (5) the deterrent effect on others besides Grande;

(6) whether Grande's conduct was innocent or willful; and

(7) the potential for discouraging Grande.

If you find that the infringement was willful, then you may, but are not required to, award as much as $150,000 for each work willfully infringed.  An infringement is considered willful if the plaintiffs proved by a preponderance of the evidence that Grande knew its acts constituted contributory copyright infringement of the plaintiff's copyright.

If you find that the infringement was innocent, then you may, but are not required to, award as little as $200 for each work innocently infringed. An infringement is considered innocent if Grande proved by a preponderance of the evidence that Grande was not aware and had no reason to believe that its acts infringed the plaintiff's copyright.

**Authority:**

Adapted from 17 U.S.C. § 504(c); 17 U.S.C. § 101; *Bryant v. Media Right Productions, Inc.*, 603 F.3d 135, (2d Cir. 2010) ("An album falls within the Act's expansive definition of compilation."); *Coach, Inc. v. Brightside Boutique,* No. 1:11-ca-20-LY, 2012 WL 32941, at *5 (W.D. Tex. Jan. 6, 2012); *Graper v. Mid-Continent Cas. Co.,* 756 F.3d 388, 394–95 (5th Cir. 2014); Summary Judgment Order at 43 (ECF No. 268); *Energy Intelligence Grp., Inc. v. Kayne Anderson Capital Advisors, L.P.*, 948 F.3d 261, 275 (5th Cir. 2020) ("[T]he district court appropriately instructed the jury to consider EIG's lost revenues and mitigation in determining the amount of statutory damages."); Fifth Circuit Pattern Jury Instructions (Civil), Model Instruction 15.5 (Mitigation of Damages).

## Joint Instruction No. 20
## Duty to Deliberate

It is now your duty to deliberate and to consult with one another in an effort to reach a verdict. Each of you must decide the case for yourself, but only after an impartial consideration of the evidence with your fellow jurors. During your deliberations, do not hesitate to reexamine your own opinions and change your mind if you are convinced that you were wrong. But do not give up on your honest beliefs because the other jurors think differently, or just to finish the case.

Remember at all times, you are the judges of the facts. You have been allowed to take notes during this trial. Any notes that you took during this trial are only aids to memory. If your memory differs from your notes, you should rely on your memory and not on the notes. The notes are not evidence. If you did not take notes, rely on your independent recollection of the evidence and do not be unduly influenced by the notes of other jurors. Notes are not entitled to greater weight than the recollection or impression of each juror about the testimony.

When you go into the jury room to deliberate, you may take with you a copy of this charge, the exhibits that I have admitted into evidence, and your notes. You must select a foreperson to guide you in your deliberations and to speak for you here in the courtroom.

Your verdict must be unanimous. After you have reached a unanimous verdict, your jury foreperson must fill out the answers to the written questions on the verdict form and sign and date it. After you have concluded your service and I have discharged the jury you are not required to talk with anyone about the case.

If you need to communicate with me during your deliberations, the jury foreperson should write the inquiry and give it to the court security officer. After consulting with the attorneys, I will respond either in writing or by meeting with you in the courtroom. Keep in

mind, however, that you must never disclose to anyone, not even to me, your numerical division on any question.

You may now proceed to the jury room to begin your deliberations.

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| UMG RECORDINGS, INC., *et al.*, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| vs. | § | Civil Action No. 1:17-cv-00365-DAE-AWA |
| | § | |
| GRANDE COMMUNICATIONS | § | |
| NETWORKS LLC, | § | |
| | § | |
| Defendant. | § | |

**[Plaintiffs' Proposed] VERDICT FORM**

We, the jury in the above-captioned action, answer the questions submitted to us as follows:

LIABILITY: CONTRIBUTORY COPYRIGHT INFRINGEMENT

1. Did Grande commit contributory copyright infringement?

   *Answer*:       Yes _____          No _____

*If you answered "YES" to Question 1, answer Questions 2-6.*
*If you answered "NO" to Question 1, DO NOT answer any more questions.*

2. Plaintiffs have asserted infringement claims for [INSERT] works eligible for statutory damages.  What is the number of works you find were infringed?

   *Answer*:       _____ works (up to [INSERT])

WILLFUL INFRINGEMENT

3. If you answered "yes" to Question 1, was Grande's conduct that supported your finding of contributory copyright infringement willful?

   *Answer*:       Yes _____          No _____

STATUTORY DAMAGES

Answer Questions 4 and 5 only if you answered "YES" to Question 1.

| If Not Willful | You must award damages between $750 and $30,000 per work infringed. |
| If Willful | You must award damages between $750 and $150,000 per work infringed. |

4. What amount of statutory damages do you award for each work contributorily infringed?

   *Answer*:  $_____ per work

5. What is the total amount of statutory damages you award to Plaintiffs in this case?

   a. Calculate the total statutory damages by multiplying the number of infringed works in your answer to Question 2 by the damages per work in your answer to Question 4.

      Number of works infringed (answer to Question 2)     _____
      X        Damages per work (answer to Question 4)     $_____
      TOTAL STATUTORY DAMAGES                              $_____

*Please sign and return the verdict form.*

Jury Foreperson :     _____          Date _____

47

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | |
|---|---|
| UMG RECORDINGS, INC., et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) |
| | )   No.  1:17-cv-00365 |
| GRANDE COMMUNICATIONS | ) |
| NETWORKS LLC, | ) |
| | ) |
| Defendant. | ) |
| | ) |

**[Grande's Proposed] VERDICT FORM**

We, the jury in the above-captioned action, answer the questions submitted to us as

follows:

LIABILITY:  CONTRIBUTORY COPYRIGHT INFRINGEMENT

1.    Did the plaintiffs prove by a preponderance of the evidence that Grande is
      contributorily liable for copyright infringement?

      *Answer*:       Yes _____      No _____

_____

*If you answered "NO" to Question 1, DO NOT answer any more questions. Sign and return your*
*verdict form.*

*If you answered "YES" to Question 1, answer Questions 2-5.*

2.    Plaintiffs have asserted claims regarding [==INSERT==] sound recordings.  What is
      the number of copyrighted sound recordings for which you find Grande
      contributorily liable for copyright infringement?

      *Answer*:  _____ (between 1 and [==INSERT==])

48

WILLFUL INFRINGEMENT

3.      If you answered "yes" to Question 1, was Grande's contributory infringement willful?

      *Answer*:      Yes \_\_\_\_\_      No \_\_\_\_\_

DAMAGES

4.      You have been instructed that all the parts of a compilation constitute one work for purposes of calculating damages.  Based on this instruction, how many works do you find should be included in the damages calculation?

      *Answer*:  _____

5.      What is the total amount of statutory damages you award to the plaintiffs in this case?

      *Answer*:  $_____

*Please sign and return the verdict form.*

Jury Foreperson _____        Date _____

49

Dated:  December 28, 2021

| /s/ *Andrew H. Bart* | /s/ *Richard L. Brophy* |
|---|---|

| | |
|---|---|
| Andrew H. Bart (admitted pro hac vice) | Richard L. Brophy (admitted pro hac vice) |
| Jacob Tracer (admitted pro hac vice) | |
| **Jenner & Block LLP** | Zachary C. Howenstine (admitted pro hac vice) |
| 1155 Ave. of the Americas | |
| New York, New York 10036 | Margaret R. Szewczyk (admitted pro hac vice) |
| Telephone: (212) 891-1600 | |
| Facsimile:  (212) 891-1699 | Abigail L. Twenter (admitted pro hac vice) |
| abart@jenner.com | |
| jtracer@jenner.com | ARMSTRONG TEASDALE LLP |
| | 7700 Forsyth Blvd., Suite 1800 |
| Daniel C. Bitting | St. Louis, Missouri 63105 |
| State Bar No. 02362480 | Telephone:  (314) 621-5070 |
| Paige A. Amstutz | Facsimile:  (314) 621-5065 |
| State Bar No. 00796136 | rbrophy@armstrongteasdale.com |
| **Scott Douglass & McConnico LLP** | zhowenstine@armstrongteasdale.com |
| 303 Colorado Street, Suite 2400 | mszewczyk@armstrongteasdale.com |
| Austin, TX 78701 | atwenter@armstrongteasdale.com |
| Telephone: (512) 495-6300 | |
| Facsimile:  (512) 495-6399 | J. Stephen Ravel |
| dbitting@scottdoug.com | State Bar No. 16584975 |
| pamstutz@scottdoug.com | J.R. Johnson |
| | State Bar No. 24070000 |
| Jonathan E. Missner (admitted pro hac vice) | Diana L. Nichols |
| Robert B. Gilmore (admitted pro hac vice) | State Bar No. 00784682 |
| Philip J. O'Beirne (admitted pro hac vice) | KELLY HART & HALLMAN LLP |
| Michael A. Petrino (admitted pro hac vice) | 303 Colorado, Suite 2000 |
| Kevin L. Attridge (admitted pro hac vice) | Austin, Texas 78701 |
| **Stein Mitchell Beato & Missner LLP** | Telephone: (512) 495-6429 |
| 901 15th St, NW Suite 700 | Facsimile: (512) 495-6401 |
| Washington, DC 20005 | steve.ravel@kellyhart.com |
| Telephone: (202) 737-7777 | jr.johnson@kellyhart.com |
| Facsimile:  (202) 296-8312 | diana.nichols@kellyhart.com |
| jmissner@steinmitchell.com | |
| rgilmore@steinmitchell.com | ***Attorneys for Defendant Grande*** |
| pobeirne@steinmitchell.com | ***Communications Networks LLC*** |
| mpetrino@steinmitchell.com | |
| kattridge@steinmitchell.com | |

***Attorneys for Plaintiffs***