IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| UMG RECORDINGS, INC., *et al.*, | § § § § | |
| Plaintiffs, | § § | |
| vs. | § § | Civil Action No. 1:17-cv-00365-DAE |
| GRANDE COMMUNICATIONS NETWORKS LLC, | § § § § | |
| Defendant. | § § § | |

**JOINT NOTICE REGARDING JANUARY 5, 2022 FINAL PRETRIAL CONFERENCE**

  Plaintiffs UMG Recordings, Inc., et al. ("Plaintiffs") and Defendant Grande Communications Networks LLC ("Grande") respectfully submit this Joint Notice regarding the final pretrial conference scheduled for January 5, 2022 at 9:00 AM.  Considering the current COVID-19/Omicron surge, the parties have conferred and have agreed to jointly request a continuance of the trial.  There will be upwards of 50 people participating in this trial, including attorneys, witnesses, jurors, and court staff, many of whom will be traveling in from other parts of the country and will necessarily have to stay in hotels and eat in public places for the duration of the trial.  Under the circumstances, the parties believe there is a high likelihood of COVID-19 negatively impacting the trial, which is scheduled during the expected peak of the Omicron surge.  As a result, the parties will jointly request a continuance and will propose a resetting in April 2022 or the first available time thereafter.

  In the event the trial proceeds as currently scheduled, the parties are also providing a list of topics the parties would like to discuss in the final pretrial conference, in the interest of maximizing the available time:

1

1.      The parties agree that objections to opening statements would preferably be resolved before trial, to the extent possible. The parties have agreed to exchange opening demonstratives and to meet and confer about any objections in advance. The parties request that the Court schedule a teleconference on January 21 or, if more convenient, on January 24, to consider any objections the parties are unable to resolve by agreement. The parties' goal is to minimize the likelihood that one or both sides will have to retool opening demonstratives immediately before trial begins.

2.      Subject to the Court's approval, the parties have agreed to 45 minutes per side for opening statements and closing arguments.

3.      The parties have estimated that this case can be tried in 10 trial days, but the parties would like to understand whether the Court's schedule would permit additional trial days (and if so, when) in the event trial takes longer than expected or is interrupted by any issues related to COVID-19.

4.      The parties are generally familiar with the Court's COVID-19 protocols but intend to inquire about any recent or anticipated changes, both in terms of courtroom procedure—including the Court's willingness to hear remote testimony—and rules or guidelines that may impact jury selection.

5.      The parties would like to know how the Court expects to receive and admit documentary evidence to which there is no objection. Additionally, while the parties intend to work diligently to resolve objections to the admissibility of evidence prior to trial, there will certainly be some objections the parties will present to the Court. The parties would like to understand the Court's preferences and expectations for how the parties may present those issues

efficiently and with minimal disruption to the trial proceedings (*e.g.*, by setting aside time each morning to rule on objections likely to arise that trial day).

6.  Plaintiffs are seeking statutory damages in this action. To expedite the trial and avoid spending significant time litigating detailed and largely uncontested facts, Plaintiffs have made a proposal to Grande to stipulate to the number of works in suit eligible for statutory damages pursuant to 17 U.S.C. § 412. Grande is still considering that proposal. To the extent the parties are unable to reach a stipulation, Plaintiffs intend to raise this issue with the Court for resolution before trial.

7.  Grande intends to raise an issue concerning the Court's Order Regarding Motions in Limine (ECF No. 347). The parties' positions on this issue are set forth below:

   a. Grande's Statement:

Grande asks the Court to resolve before trial the conflict between the Court's rulings on Grande's sixth and eighth motions in limine, concerning the *Cox* litigations. The Court granted Grande's sixth motion in limine based on Plaintiffs' representation that Plaintiffs would not "discuss the findings of fact or conclusions of law in either Cox trial, [or] introduce the verdict form, judgment, evidence, or testimony presented." ECF No. 347 at 11. Then, in ruling on Grande's eighth motion in limine, the Court stated that Plaintiffs would "be permitted to present the jury with the fact that Rightscorp sent notices to Cox, and that Cox ultimately was found liable for copyright infringement based on those notices." *Id.* at 13. The former ruling indicates that Plaintiffs cannot discuss the result in either *Cox* case, and the latter ruling indicates that they can, at least as to the first *Cox* case (the only one involving Rightscorp). As set forth in Grande's sixth motion in limine, these matters are hearsay and, if admitted at trial, would be severely and unduly prejudicial to Grande, and confusing to the jury. *See* ECF No. 318. The risk of unfair prejudice

3

and jury confusion is particularly high given that the jury verdict in the first *Cox* case—the verdict that Plaintiffs intend to discuss at trial—was reversed on appeal due to error in the jury instructions. *See BMG Rights Mgmt. (US) LLC v. Cox Commc'ns, Inc.*, 881 F.3d 293 (4th Cir. 2018).

      b. <u>Plaintiffs' Statement</u>:

Plaintiffs submit that there is no inconsistency between the Court's rulings resolving Grande's sixth and eighth motions in limine. In both cases, Plaintiffs opposed the motions only in part, explaining the specific purposes for which they seek to refer to the Cox litigation at trial. *See* ECF No. 335 at 14-16, 20-21. And in both cases, the Court granted Grande's motions subject to the scope of Plaintiffs' limited oppositions. *See* ECF No. 347 at 11, 12-13. Thus, on the eve of trial Grande is improperly seeking reconsideration of these rulings nearly two years after they were issued.

In December 2015, a jury found Cox liable for contributory copyright infringement based in part on notices of infringement Cox received from Rightscorp. News of that verdict quickly reached Grande, which at that time was receiving substantially identical infringement notices from Rightscorp and was monitoring the Cox litigation. In response, Grande employees contemporaneously wrote that they (1) thought that the verdict might cause Grande to revisit its own infringement policies and practices; (2) should examine Grande's receipt and handling of Rightscorp notices; and (3) contemplated that Grande, like Cox, might have damning internal emails that could lead to Grande, like Cox, being found liable. Plaintiffs intend to introduce this evidence at trial to demonstrate that Grande had knowledge of the infringement at issue in this case and acted willfully for the purposes of awarding statutory damages. It bears emphasis that this is some of the same critical evidence the Court cited when denying Grande's motion for summary judgment on the question of willfulness. *See* ECF No. 268 at 43. As Plaintiffs explained

4

in their omnibus opposition to Grande's motions *in limine*, this evidence is not barred by the rule against hearsay because Plaintiffs are offering it for the effect it had on Grande and because Grande's emails are party admissions. *See* ECF 335 at 15-16. Plaintiffs do not intend to introduce record or docket evidence from the Cox litigation to suggest that the same result in Cox should follow here. The Court's rulings clearly permit Plaintiffs to take that approach.

Dated: January 4, 2022

| /s/ *Andrew H. Bart* | /s/ *Richard L. Brophy* |
|---|---|
| Andrew H. Bart (admitted pro hac vice) | Richard L. Brophy (admitted pro hac vice) |
| Jacob Tracer (admitted pro hac vice) | Zachary C. Howenstine (admitted pro hac vice) |
| **Jenner & Block LLP** | Margaret R. Szewczyk (admitted pro hac vice) |
| 1155 Ave. of the Americas | Abigail L. Twenter (admitted pro hac vice) |
| New York, New York 10036 | ARMSTRONG TEASDALE LLP |
| Telephone: (212) 891-1600 | 7700 Forsyth Blvd., Suite 1800 |
| Facsimile: (212) 891-1699 | St. Louis, Missouri 63105 |
| abart@jenner.com | Telephone: (314) 621-5070 |
| jtracer@jenner.com | Facsimile: (314) 621-5065 |
| | rbrophy@armstrongteasdale.com |
| Daniel C. Bitting | zhowenstine@armstrongteasdale.com |
| State Bar No. 02362480 | mszewczyk@armstrongteasdale.com |
| Paige A. Amstutz | atwenter@armstrongteasdale.com |
| State Bar No. 00796136 | |
| **Scott Douglass & McConnico LLP** | J. Stephen Ravel |
| 303 Colorado Street, Suite 2400 | State Bar No. 16584975 |
| Austin, TX 78701 | J.R. Johnson |
| Telephone: (512) 495-6300 | State Bar No. 24070000 |
| Facsimile: (512) 495-6399 | Diana L. Nichols |
| dbitting@scottdoug.com | State Bar No. 00784682 |
| pamstutz@scottdoug.com | KELLY HART & HALLMAN LLP |
| | 303 Colorado, Suite 2000 |
| Jonathan E. Missner (admitted pro hac vice) | Austin, Texas 78701 |
| Robert B. Gilmore (admitted pro hac vice) | Telephone: (512) 495-6429 |
| Philip J. O'Beirne (admitted pro hac vice) | Facsimile: (512) 495-6401 |
| Michael A. Petrino (admitted pro hac vice) | steve.ravel@kellyhart.com |
| Kevin L. Attridge (admitted pro hac vice) | jr.johnson@kellyhart.com |
| **Stein Mitchell Beato & Missner LLP** | diana.nichols@kellyhart.com |
| 901 15th St, NW Suite 700 | |
| Washington, DC 20005 | ***Attorneys for Defendant Grande*** |
| Telephone: (202) 737-7777 | ***Communications Networks LLC*** |
| Facsimile: (202) 296-8312 | |
| jmissner@steinmitchell.com | |
| rgilmore@steinmitchell.com | |
| pobeirne@steinmitchell.com | |
| mpetrino@steinmitchell.com | |
| kattridge@steinmitchell.com | |

***Attorneys for Plaintiffs***

## CERTIFICATE OF SERVICE

      The undersigned certifies that on January 4, 2022 all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system pursuant to Local Rule CV-5(b)(1).

                                          */s/ Daniel C. Bitting*
                                          Daniel C. Bitting