# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
### AUSTIN DIVISION

UMG RECORDINGS, INC., *et al.*,

        Plaintiffs,

vs.

GRANDE COMMUNICATIONS
NETWORKS LLC,

        Defendant.

§
§
§
§
§
§
§
§
§
§

Civil Action No. 1:17-cv-00365-DAE

## PLAINTIFFS' OPPOSITION TO DEFENDANT GRANDE COMMUNICATIONS NETWORKS LLC'S MOTION TO EXCLUDE

This is the second time Grande has moved to exclude the opinions of Barbara Frederiksen-Cross, Plaintiffs' computer science expert, regarding the audio matching technology Audible Magic. Audible Magic is an industry-standard technology that has been widely recognized by many courts—including this one—as a reliable means to verify the content of a digital audio file. *See* ECF 268 at 28.

Remarkably, Grande's pending motion fails to disclose that Grande previously filed a motion seeking this very same relief and that the Court denied the motion and articulated the permissible scope of Frederiksen-Cross's testimony. *See* ECF 322; ECF 347 at 14. There is no reason to reach a different conclusion now. The Court should similarly reject this second duplicative motion.[1]

Plaintiffs disclosed the substance and the basis of Frederiksen-Cross's opinions about Audible Magic in a report (the "Second Rebuttal Report") nearly two years ago. The Second

---

[1] As Plaintiffs have already explained, Grande has pursued a strategy in this litigation of asking the Court to reconsider judicial decisions disagreeing with Grande's legal arguments. *See* ECF 356 at 1 (noting that Grande had filed seven such motions to date). It has never worked.

Rebuttal Report was itself a response to patently untimely opinions raised by Grande's expert, Geoffrey Cohen, in his rebuttal report.[2] On February 4, 2020, Grande filed its Motion in Limine #10, asking the Court to exclude the entire Second Rebuttal Report. Grande specifically sought the exclusion of Frederiksen-Cross's opinions about Audible Magic because they are "based on work performed in a different litigation and on evidence that has never been disclosed or produced in this case." ECF 322 at [3]. On April 8, 2020, the Court denied Grande's motion, reasoning that "both parties may examine and cross examine Cohen and Frederiksen-Cross at trial, and the Defendant has additional time to prepare for her testimony due to the delay in the trial." ECF 347 at 14.

Since April 2020, Grande has never sought the production of any Audible Magic-related materials from Plaintiffs. Instead, Grande waited twenty-one months and then—on the eve of trial—renewed the same objection to Frederiksen-Cross's testimony that the Court has already rejected. That conduct conclusively demonstrates that Grande is not actually interested in reviewing any materials related to Audible Magic, but rather hopes to use its own failure to seek those materials as a pretext to prevent Frederiksen-Cross from offering relevant testimony to the jury.

Moreover, there is no good-faith basis to dispute Audible Magic's reliability. As this Court observed in ruling on the parties' cross-motions for summary judgment, "[t]he ability of the Audible Magic software in particular to identify and match files to copyrighted content has been widely recognized." ECF 268 at 28. That software is "industry-recognized," "not a secret," and

---

[2] It bears emphasis that the Magistrate Judge previously ruled that Grande's gamesmanship approach to expert discovery in this case warranted requiring Grande to pay the fees and costs Plaintiffs incurred in responding to Grande's untimely disclosed expert opinions. *See* Order, ECF 279.

"has been repeatedly used in entertainment copyright cases." *Id.* (internal quotations omitted). Thus, disputing the reliability of Audible Magic on the ground that its software code is not available for review is akin to disputing the reliability of tabulations in an Excel spreadsheet simply because Microsoft's code was not produced.

Accordingly, Grande's motion should be denied.

## PROCEDURAL BACKGROUND

The expert discovery schedule allowed affirmative reports by Plaintiffs and Grande, followed by the opportunity for either party to submit a rebuttal report responding to an affirmative report. *See gen.* Order, ECF 279, at 2-3. Plaintiffs served an initial report from Frederiksen-Cross dated July 27, 2018, Grande served an initial report from Cohen dated August 17, 2018, and Plaintiffs served a rebuttal report from Frederiksen-Cross dated August 31, 2018. *Id* at 2.

In March 2019, Grande served an additional, untimely report from Cohen, which Grande styled a "supplemental" report. The Magistrate Judge granted, in part, Plaintiffs' motion to strike the opinions disclosed in this report. The Magistrate Judge held that, for certain opinions, Grande provided "no explanation, not even a bad one, for the late disclosure of this testimony" and excluded them. ECF 279 at 12. For other opinions, while the Magistrate Judge agreed with Plaintiffs that Grande did "not have a good explanation" for their untimeliness, the Magistrate Judge elected to "cure the prejudice" to Plaintiffs caused by the untimely service of these opinions by "shifting to Grande [] UMG's costs of preparing for and deposing Cohen, and for having Frederiksen-Cross (or another expert) respond to Cohen." ECF 279 at 11. Relevant to this motion, the Magistrate Judge permitted Cohen to offer his new opinions regarding Audible Magic, but also permitted Frederiksen-Cross to respond to those opinions. *Id.* The portions of Frederiksen-Cross's Second Rebuttal Report that Grande now seeks to exclude are precisely those sections responding

to Cohen's untimely statements about Audible Magic.

In her Second Rebuttal Report, Frederiksen-Cross addressed Cohen's criticism of Audible Magic and the reliability of its matching technology. Frederiksen-Cross explained that, among other reasons to conclude Audible Magic is credible, she "had the opportunity to study the Audible Magic system" for a different litigation and that, based on that review she believes that "Audible Magic is a well-designed and extremely reliable audio identification system." Second Rebuttal Report ¶ 91, ECF 378-1. Frederiksen-Cross referenced having, in connection with the other litigation, reviewed documents and deposition transcripts, interviewed Audible Magic's Chief Scientist, reviewed the source code, and tested the system. *Id*. at 92.

Grande then filed a motion *in limine* to exclude the Second Rebuttal Report. *See* ECF 322. In that motion, Grande expressly asked the Court to exclude Frederiksen-Cross's opinions about Audible Magic because they were purportedly "*based on work performed in a different litigation and on evidence that has never been disclosed or produced in this case.*" ECF 322 at [3] (emphasis in original).

The Court rightly denied Grande's motion, holding that "both parties may examine and cross examine Cohen and Frederiksen-Cross at trial, and the Defendant has additional time to prepare for her testimony due to the delay in the trial." *Id*.

At no time between the Court's Order of April 8, 2020, and the instant motion did Grande request production of the materials referenced in the report sections it seeks to exclude, let alone take any action to compel production of these materials. Instead, Grande waited until December 15, 2021, to depose Frederiksen-Cross and now files yet another motion to exclude.

## LEGAL STANDARD

Grande styles its motion as a motion to exclude under 702, but in reality, Grande is asking the Court to reconsider its prior refusal to exclude Frederiksen-Cross's opinions regarding Audible

Magic for the same reasons it argued in February 2020. When a party merely disagrees with a prior order, "reconsideration is a waste of judicial time and resources and should not be granted." *Soliz v. United States*, No. 5:15-CV-370-DAE, 2018 WL 6427342, at *2 (W.D. Tex. June 13, 2018) (internal quotation omitted). Indeed, "it is well-settled that motions for reconsideration should not be used to raise arguments that could, and should, have been made before entry of an order or to re-urge matters that have already been advanced by a party." *Id.* (internal quotation omitted).

## ARGUMENT

The Court should deny Grande's motion for the simple reason that it has already considered and denied Grande's request to exclude Frederiksen-Cross's opinions about Audible Magic. Moreover, even if the Court were to consider the substance of Grande's pending motion, it should still be denied on its merits.

### I.   THE COURT HAS ALREADY DENIED GRANDE'S REQUEST TO EXCLUDE FREDERIKSEN-CROSS'S TESTIMONY REGARDING AUDIBLE MAGIC.

This Court has previously recognized that motions "based on recycled arguments" should be denied, as they "only serve to waste the resources of the court." *Cullum v. Siemens*, No. 12-cv-49-DAE, 2013 WL 5781203, at *3 (W.D. Tex. Oct. 25, 2013) (internal quotations and alterations omitted). Here, Grande's pending motion makes exactly the same arguments that its prior motion made, without offering any reason why the Court's prior ruling was incorrect.[3] Indeed, Grande does not even acknowledge it previously sought the same relief it now seeks. For that reason alone, Grande's pending motion should be denied.

---

[3] This fact distinguishes every case Grande cites in its motion. None of those cases addressed the unusual factual circumstance of a party seeking to exclude testimony even after the district court had already considered and rejected that party's arguments for exclusion.

## II.  GRANDE WILL SUFFER NO PREJUDICE FROM ADMITTING FREDERIKSEN-CROSS'S TESTIMONY.

The Court denied Grande's prior request to exclude Frederiksen-Cross's testimony regarding Audible Magic because Grande would be able to cross-examine Frederiksen-Cross at trial and had adequate time to prepare for that testimony. *See* ECF 347 at 14. That was nearly two years ago. Had Grande genuinely believed it needed additional discovery materials referenced in the Second Rebuttal Report to prepare for trial, it could and should have requested those materials at some point. It never did.

That choice demonstrates that Grande has no genuine interest in reviewing the underlying basis for Frederiksen-Cross's opinions. This manifest lack of interest in the underlying materials is undoubtedly because, as the Court has already noted in denying Grande's motion for summary judgment, "the ability of the Audible Magic software in particular to identify and match files to copyrighted content has been widely recognized" and Audible Magic "is a vendor that has been repeatedly used in entertainment copyright cases and thus, its methods are well-known to those within the entertainment industry." ECF 268 at 28. Grande knows this just as well as the Court does. Thus, without a good-faith basis to dispute Frederiksen-Cross's testimony about Audible Magic, Grande's goal has always been to manufacture a reason to prevent the jury from hearing that testimony.

Grande has—and has had since the *fact* discovery stage of this litigation—everything it needs to test the accuracy of Audible Magic's software. Plaintiffs produced copies of the audio files that were analyzed by the Audible Magic software, copies of the output files generated by Audible Magic analyzing the audio files, and an analysis that matched the audio file inputs to the Audible Magic outputs. Thus, nothing prevented Grande from reviewing the audio files and the

Audible Magic analysis to determine whether the software is reliable. In fact, Grande's expert Cohen attempted to do just that.

Ultimately, Grande has been aware of Frederiksen-Cross's opinions about Audible Magic, and their bases, since the Second Rebuttal Report was served in February 2020. Shortly thereafter, Grande sought to exclude those opinions for exactly the same reason it now seeks to exclude them. In April 2020, the Court denied Grande's request and instructed Grande to prepare to cross-examine Frederiksen-Cross at trial. As Grande never sought the materials it now claims to need, it cannot now argue the Court should prevent the jury from hearing Frederiksen-Cross's reliable testimony.[4]

## CONCLUSION

Grande has had more than sufficient time to prepare to cross-examine Frederiksen-Cross on the opinions disclosed in each of her reports. No basis exists to exclude any of her opinions and the Court should deny Grande's motion.

Dated: January 4, 2022

Respectfully submitted,

By:     */s/ Andrew H. Bart*
Andrew H. Bart (admitted *pro hac vice*)
Jacob L. Tracer (admitted *pro hac vice*)
**Jenner & Block LLP**
1135 Avenue of the Americas
New York, NY 10036
Telephone: (212) 891-1600
Facsimile: (212) 891-1699
abart@jenner.com
jtracer@jenner.com

---

[4] Moreover, for this reason, the scope of Plaintiffs' disclosures is irrelevant and any alleged error is harmless. *See* Fed. R. Civ. P. 37(c)(1). None of the cases Grande cites addresses whether expert testimony should be excluded when the party opposing the testimony has no need for the materials it claims were not produced. *See, e.g.*, *Siemens Medical Solutions USA, Inc. v. Saint-Gobain Ceramics & Plastics, Inc.*, 637 F.3d 1269, 1287 (Fed. Cir. 2011) (acknowledging that no party argued the alleged failure to disclose was harmless).

Robert B. Gilmore (admitted *pro hac vice*)
Philip J. O'Beirne (admitted *pro hac vice*)
Michael A. Petrino (admitted *pro hac vice*)
Kevin L. Attridge (admitted *pro hac vice*)
**Stein Mitchell Beato & Missner LLP**
901 15th Street, N.W., Suite 700
Washington, DC 20005
Telephone: (202) 737-7777
Facsimile: (202) 296-8312
rgilmore@steinmitchell.com
pobeirne@steinmitchell.com
mpetrino@steinmitchell.com
kattridge@steinmitchell.com


Daniel C. Bitting (State Bar No. 02362480)
Paige A. Amstutz (State Bar No. 00796136)
**Scott Douglass & McConnico LLP**
303 Colorado Street, Suite 2400
Austin, TX 78701
Telephone: (512) 495-6300
Facsimile: (512) 495-6399
dbitting@scottdoug.com
pamstutz@scottdoug.com

***Attorneys for Plaintiffs***

## **CERTIFICATE OF SERVICE**

The undersigned certifies that on January 4, 2022 all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system pursuant to Local Rule CV-5(b)(1).

*/s/ Daniel C. Bitting*
Daniel C. Bitting