**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | |
|---|---|
| UMG RECORDINGS, INC., *et al.*, § <br> § <br> Plaintiffs, § <br> § <br> vs. § <br> § <br> GRANDE COMMUNICATIONS § <br> NETWORKS LLC, § <br> § <br> Defendant. § § § | Civil Action No. 1:17-cv-00365-DAE <br><br> **JURY TRIAL DEMANDED** |

**JOINT NOTICE REQUESTING FINAL PRETRIAL CONFERENCE**

Plaintiffs UMG Recordings, Inc., et al. ("Plaintiffs") and Defendant Grande Communications Networks LLC ("Grande") respectfully submit this Joint Notice to request a Final Pretrial Conference before the October 11, 2022 trial setting in this matter. *See* Jan. 6, 2022 Order Resetting Jury Trial at 1 (ECF No. 386) ("If required, a Final Pretrial Conference will be set by separate order.").

After meeting and conferring, the parties have identified several issues they would like to discuss with the Court before trial. The parties believe that trial is likely to proceed more efficiently if some or all of these matters are resolved in advance of trial.

1. The parties agree that objections to opening statement demonstratives would preferably be resolved before trial, to minimize the likelihood that one or both sides will have to retool their presentations immediately before trial begins. The parties have agreed to exchange opening demonstratives and to meet and confer about any objections before trial. The parties request that the Court schedule a teleconference on October 7 to consider any objections the parties are unable to resolve by agreement.

1

2. Subject to the Court's approval, the parties have agreed to 45 minutes per side for opening statements and 45 minutes per side for closing arguments, with Plaintiffs having the right to reserve some of their time for rebuttal.

3. The parties have estimated that this case can be tried in 10 trial days, but the parties would like to understand whether the Court's schedule would permit additional trial days (and if so, how many) in the event trial takes longer than expected.

4. The parties are generally familiar with the Court's COVID-19 protocols but intend to inquire about any recent or anticipated changes, both in terms of courtroom procedure and rules or guidelines that may impact jury selection.

5. The parties would like to know how the Court expects to receive and admit documentary evidence to which there is no objection. Additionally, while the parties intend to work diligently to resolve objections to the admissibility of evidence prior to trial, there will certainly be some objections the parties will present to the Court. The parties would like to understand the Court's preferences and expectations for how the parties may present those issues efficiently and with minimal disruption to the trial proceedings (*e.g.*, by setting aside time each morning before trial begins to rule on objections likely to arise that day).

6. Grande's Motion to Exclude Certain Opinions of Barbara Frederiksen-Cross (ECF No. 378, filed Dec. 29, 2021) was denied without prejudice when the Court continued the previous trial date. *See* Jan. 6, 2022 Text Order. Grande has refiled that Motion (ECF No. 397) and would be prepared to argue it at the Final Pretrial Conference. Plaintiffs do not believe that oral argument is necessary to resolve this application, but if the Court believes that argument will aid in its ruling, Plaintiffs would be prepared to argue it at the Final Pretrial Conference.

7. On June 3, 2020, the Court referred Grande's challenge to the admissibility of the expert testimony of Dr. Terrence McGarty to Magistrate Judge Austin, who has since retired. *See* ECF No. 358 at 8. Grande's *Daubert* challenge to Dr. McGarty's testimony (ECF No. 221) therefore remains unresolved. Grande would be prepared to address this issue at the Final Pretrial Conference. Plaintiffs do not believe that oral argument is necessary to resolve this application, but if the Court believes that argument will aid in its ruling, Plaintiffs would be prepared to argue it at the Final Pretrial Conference.

Additionally, it appears that the Court has not ruled on Grande's objections to Magistrate Judge Austin's rulings on Grande's *Daubert* challenges to the testimony of Dr. William Lehr, Dr. Robert Bardwell, and Barbara Frederiksen-Cross (ECF No. 286). The parties do not request oral argument but would be prepared to address these matters at the Final Pretrial Conference if the Court wishes to hear argument.

8. Grande would like to raise an issue concerning the relevant time period in this case. The parties' positions on this issue are as follows:

    a. Grande's Statement:

Grande contends that the relevant time period extends, at the latest, through May 2017. This is the time period covered by the Court's ruling that Grande is not eligible for the safe harbor under the Digital Millennium Copyright Act ("DMCA"), 17 U.S.C. § 512(a), which provides online service providers with a defense to copyright infringement claims in certain circumstances. *See* Mar. 15, 2019 Order at 15–18 (ECF No. 268); Dec. 18, 2018 R&R at 12 (ECF No. 241). On summary judgment, the Court did not consider whether Grande is eligible for a DMCA safe harbor defense for any subsequent time period. As a result, at trial, evidence regarding whether Grande

is contributory liable for copyright infringement should cover the same time period as the Court's summary judgment ruling—*i.e.*, through May 2017.

      b. Plaintiffs' Statement:

There is no basis to limit the time period at issue in this case to May 2017, as Grande requests. In their complaint, Plaintiffs did not limit the relevant time frame for their claims to May 2017. Plaintiffs have never stipulated or conceded to, and the Court has issued no order imposing, any such limitation. Grande's position instead rests on the notion that the Court's determination that Grande may not assert a DMCA safe harbor affirmative defense somehow acts as a temporal limit to Plaintiffs' affirmative claims. That argument makes no sense; certainly, Grande cites no authority to support it. In fact, the evidentiary record and this Court's summary judgment order refutes Grande's position. Both during discovery and on summary judgment, the parties addressed evidence concerning infringement on Grande's network that occurred after May 2017. This post-May 2017 evidence was reflected in the Court's March 15, 2019 Order adopting the Magistrate Judge's Report and Recommendations on the parties' Summary Judgment motions. *See* ECF No. 268, at 11. Thus, neither the parties nor the Court limited the evidence or the issues to May 2017, as Grande now suggests. Plaintiffs should be permitted to recover for infringement occurring on Grande's network from June 2017 to the present so long as the evidence Plaintiffs draw on has been produced in discovery.

    9.    Grande would like to raise an issue concerning the Court's Order Regarding Motions in Limine (ECF No. 347). The parties' positions on this issue are as follows:

      a. Grande's Statement:

Grande asks the Court to resolve before trial the conflict between the Court's rulings on Grande's sixth and eighth motions in limine, concerning the *Cox* litigations. The Court granted

4

Grande's sixth motion in limine based on Plaintiffs' representation that Plaintiffs would not "discuss the findings of fact or conclusions of law in either Cox trial, [or] introduce the verdict form, judgment, evidence, or testimony presented." ECF No. 347 at 11. Then, in ruling on Grande's eighth motion in limine, the Court stated that Plaintiffs would "be permitted to present the jury with the fact that Rightscorp sent notices to Cox, and that Cox ultimately was found liable for copyright infringement based on those notices." *Id.* at 13. The former ruling indicates that Plaintiffs cannot discuss the result in either *Cox* case, and the latter ruling indicates that they can, at least as to the first *Cox* case (the only one involving Rightscorp). As set forth in Grande's sixth motion in limine, these matters are hearsay and, if admitted at trial, would be severely and unduly prejudicial to Grande, and confusing to the jury. *See* ECF No. 318. The risk of unfair prejudice and jury confusion is particularly high given that the jury verdict in the first *Cox* case—the verdict that Plaintiffs intend to discuss at trial—was reversed on appeal due to error in the jury instructions. *See BMG Rights Mgmt. (US) LLC v. Cox Commc'ns, Inc.*, 881 F.3d 293 (4th Cir. 2018).

    b. Plaintiffs' Statement:

Plaintiffs submit that there is no inconsistency between the Court's rulings resolving Grande's sixth and eighth motions in limine. In both cases, Plaintiffs opposed the motions only in part, explaining the specific purposes for which they seek to refer to the Cox litigation at trial. *See* ECF No. 335 at 14-16, 20-21. And in both cases, the Court granted Grande's motions subject to the scope of Plaintiffs' limited oppositions. *See* ECF No. 347 at 11, 12-13. Thus, on the eve of trial Grande is improperly seeking reconsideration of these rulings more than two years after they were issued.

In December 2015, a jury found Cox liable for contributory copyright infringement based in part on notices of infringement Cox received from Rightscorp. News of that verdict quickly

5

reached Grande, which at that time was receiving substantially identical infringement notices from Rightscorp and was monitoring the Cox litigation. In response, Grande employees contemporaneously wrote that they (1) thought that the verdict might cause Grande to revisit its own infringement policies and practices; (2) should examine Grande's receipt and handling of Rightscorp notices; and (3) contemplated that Grande, like Cox, might have damning internal emails that could lead to Grande, like Cox, being found liable. Plaintiffs intend to introduce evidence of Grande's conduct that was directly influenced by the decision in Cox to demonstrate, inter alia, that Grande had knowledge of the infringement at issue in this case and acted willfully for the purposes of awarding statutory damages. It bears emphasis that this is some of the same critical evidence the Court cited when denying Grande's motion for summary judgment on the question of willfulness. *See* ECF No. 268 at 43.

As Plaintiffs explained in their omnibus opposition to Grande's motions *in limine*, this evidence is not barred by the rule against hearsay because Plaintiffs are offering it for the effect it had on Grande and because Grande's emails are party admissions. *See* ECF No. 335 at 15-16. Plaintiffs do not intend to introduce record or docket evidence from the *Cox* litigation to suggest that the same result in *Cox* should follow here. The Court's rulings clearly permit Plaintiffs to take that approach.

10.     Plaintiffs are seeking statutory damages in this action. To expedite the trial and avoid spending significant time litigating detailed and largely uncontested facts, Plaintiffs made a proposal to Grande to stipulate to the number of works in suit eligible for statutory damages pursuant to 17 U.S.C. § 412. Plaintiffs' proposal was expressly conditioned on Plaintiffs' establishing that the asserted infringement occurred, and did not seek for Grande to stipulate to the

infringement. Grande declined the proposed stipulation because it disagrees that the underlying facts are uncontested. Plaintiffs intend to raise this issue with the Court for resolution before trial.

Dated: September 2, 2022

| /s/ *Robert B. Gilmore (w/ consent)* | /s/ *Richard L. Brophy* |
|---|---|
| Andrew H. Bart (admitted pro hac vice) | Richard L. Brophy (admitted pro hac vice) |
| Jacob Tracer (admitted pro hac vice) | Zachary C. Howenstine |
| **Jenner & Block LLP** | Mark. A Thomas |
| 919 Third Ave. | Margaret R. Szewczyk |
| New York, New York 10022 | Sydney K. Johnson |
| Telephone: (212) 891-1600 | ARMSTRONG TEASDALE LLP |
| Facsimile: (212) 891-1699 | 7700 Forsyth Blvd., Suite 1800 |
| abart@jenner.com | St. Louis, Missouri 63105 |
| jtracer@jenner.com | Telephone: 314.621.5070 |
| | Fax: 314.621.5065 |
| Daniel C. Bitting | rbrophy@atllp.com |
| State Bar No. 02362480 | zhowenstine@atllp.com |
| Paige A. Amstutz | mathomas@atllp.com |
| State Bar No. 00796136 | mszewczyk@atllp.com |
| **Scott Douglass & McConnico LLP** | skjohnson@atllp.com |
| 303 Colorado Street, Suite 2400 | |
| Austin, TX 78701 | J. Stephen Ravel |
| Telephone: (512) 495-6300 | Texas State Bar No. 16584975 |
| Facsimile: (512) 495-6399 | J.R. Johnson |
| dbitting@scottdoug.com | Texas State Bar No. 24070000 |
| pamstutz@scottdoug.com | Diana L. Nichols |
| | Texas State Bar No. 00784682 |
| Jonathan E. Missner (admitted pro hac vice) | KELLY HART & HALLMAN LLP |
| Robert B. Gilmore (admitted pro hac vice) | 303 Colorado, Suite 2000 |
| Philip J. O'Beirne (admitted pro hac vice) | Austin, Texas 78701 |
| Michael A. Petrino (admitted pro hac vice) | Telephone: 512.495.6429 |
| Kevin L. Attridge (admitted pro hac vice) | Fax: 512.495.6401 |
| **Stein Mitchell Beato & Missner LLP** | Email: steve.ravel@kellyhart.com |
| 901 15th St, NW Suite 700 | jr.johnson@kellyhart.com |
| Washington, DC 20005 | diana.nichols@kellyhart.com |
| Telephone: (202) 737-7777 | |
| Facsimile: (202) 296-8312 | *Attorneys for Defendant Grande* |
| jmissner@steinmitchell.com | *Communications Networks LLC* |
| rgilmore@steinmitchell.com | |
| pobeirne@steinmitchell.com | |
| mpetrino@steinmitchell.com | |
| kattridge@steinmitchell.com | |

*Attorneys for Plaintiffs*

## **CERTIFICATE OF SERVICE**

Pursuant to the Federal Rules of Civil Procedure and Local Rule CV-5, I hereby certify that, on September 2, 2022, all counsel of record who have appeared in this case are being served with a copy of the foregoing via the Court's CM/ECF system.

*/s/ Richard L. Brophy*