UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| UMG RECORDINGS, INC., et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) No. 1:17-cv-00365-DAE |
| | ) |
| GRANDE COMMUNICATIONS NETWORKS LLC, | ) |
| | ) |
| Defendant. | ) |

**DEFENDANT GRANDE COMMUNICATIONS NETWORKS LLC'S
REPLY IN SUPPORT OF MOTION TO EXCLUDE CERTAIN OPINIONS OF
BARBARA FREDERIKSEN-CROSS**

The question before the Court is whether the opinions in paragraphs 89–99 of Ms. Frederiksen-Cross's Second Rebuttal Report are admissible under Rule 702 and *Daubert*. The answer is no, because they are based on documents and information that have not been produced in this case. Plaintiffs do not even attempt to meet their burden to show that Ms. Frederiksen-Cross's new opinions are admissible. *See, e.g.*, *United States v. Kuhrt*, 788 F.3d 403, 420 (5th Cir. 2015) ("The proponent of the expert testimony has the burden of establishing its admissibility."). Instead, Plaintiffs offer nearly ten pages of venom and bluster in an attempt to distract the Court from their baseless legal position.

*First*, Plaintiffs do not dispute that (1) Ms. Frederiksen-Cross's new opinions regarding Audible Magic are based on confidential documents, depositions, source code, and other evidence from a different lawsuit (*Sony v. Cox*); and (2) none of these materials have been produced to Grande. That ends the inquiry under Rule 702. Because there is no way for the Court or Grande to assess the reliability of Ms. Frederiksen-Cross's new opinions about Audible Magic, they are

inadmissible.  *See Siemens Med. Solutions USA, Inc. v. Saint-Gobain Ceramics & Plastics, Inc.*, 637 F.3d 1269, 1286 (Fed. Cir. 2011) ("We agree with the district court that the fundamental principle of fairness supports its sensible limitations on Dr. McClellan's testimony [based on undisclosed documents and testing], as Siemens had no principled way to test his recollection and opinion.") (cleaned up).

Plaintiffs cite **no** authority for the proposition that an expert may offer opinions based on undisclosed evidence.  In contrast, Grande has cited extensive authority to the contrary, including from the U.S. Supreme Court.  *See Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) ("[A]n expert must produce all data she has considered in reaching her conclusions.") (citing Fed. R. Civ. P. 26(a)(2)(B)); Grande's Mot. to Exclude at 2–3 (ECF No. 397) (collecting cases).  Plaintiffs' position is legally unsupportable, which is why their brief does not even mention Rule 702.

*Second*, because Plaintiffs bear the burden to show that Ms. Frederiksen-Cross's opinions are admissible, they are wrong to suggest that Grande was obligated to serve additional discovery seeking the documents and information she relied on.  On this point, Plaintiffs again cite **no authority** supporting their position.

Plaintiffs served Ms. Frederiksen-Cross's Second Rebuttal Report in February 2020—two and a half years ago.  Plaintiffs have had all that time to satisfy their obligation to produce the documents and information she relied on, including the Audible Magic source code, deposition transcripts for Audible Magic engineers, and information about her interview with Audible Magic's Chief Scientist.[1]  *See, e.g.*, Second Rebuttal Report, ¶ 92 (ECF No. 397-1).  Plaintiffs

---

[1] Plaintiffs could have offered this expert testimony even earlier.  Ms. Frederiksen-Cross discussed Audible Magic in her original report—served in July 2018, over four years ago—but did not attempt to offer any expert opinions about its accuracy or reliability.

offer no explanation for their failure to do so.[2]  Plaintiffs do not claim that they do not have these materials, and Plaintiffs have not otherwise offered any reason for not producing them.  Because Plaintiffs are the proponents of Ms. Frederiksen-Cross's testimony and must show it is reliable, they cannot fault Grande for not serving new discovery—years after the close of fact and expert discovery in 2018—seeking the evidence she relied on.

*Third*, Plaintiffs are wrong to claim that the Court has already rejected Grande's arguments.  The Court has never considered whether Ms. Frederiksen-Cross's proposed opinions regarding Audible Magic are admissible under Rule 702, and Plaintiffs do not argue otherwise.  Thus, it is beyond misleading for Plaintiffs to characterize Grande's motion as one for reconsideration.  Plaintiffs also do not dispute that Grande's motion is timely, since it was originally filed within 14 days of her deposition (and then subsequently refiled after the Court dismissed the initial motion without prejudice).  *See* Grande's Mot. to Exclude at 1 n.1 (ECF No. 397).

The Court is the ultimate arbiter of the admissibility of expert testimony, with "the task of ensuring" that Ms. Frederiksen-Cross's opinions regarding Audible Magic "rest on a reliable foundation."  *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 597 (1993) (cleaned up).  Plaintiffs cannot demonstrate that these opinions rest on a reliable foundation, because they have not disclosed the Audible Magic documents, depositions, interviews, and source code she relied on.  As a result, the challenged opinions must be excluded from trial.

## CONCLUSION

The Court should grant Grande's Motion (ECF No. 397) and exclude from trial the

---

[2] It is important to keep in mind that Plaintiffs in this case were also the plaintiffs in *Sony v. Cox*.  In that case, Plaintiffs offered expert testimony from Ms. Frederiksen-Cross about Audible Magic, based on evidence of record in that case.  Plaintiffs know how expert discovery and disclosures are supposed to work.

opinions in paragraphs 89–99 of Barbara Frederiksen-Cross's February 3, 2020 Second Rebuttal Report.

Dated: September 16, 2022

> By: /s/ *Richard L Brophy*
> Richard L. Brophy
> Zachary C. Howenstine
> Margaret R. Szewczyk
> Mark A. Thomas
> Sydney K. Johnson
> ARMSTRONG TEASDALE LLP
> 7700 Forsyth Blvd., Suite 1800
> St. Louis, Missouri 63105
> Telephone: 314.621.5070
> Fax: 314.621.5065
> rbrophy@armstrongteasdale.com
> zhowenstine@armstrongteasdale.com
> mszewczyk@armstrongteasdale.com
> mathomas@armstrongteasdale.com
> skjohnson@atllp.com
>
> J. Stephen Ravel
> Texas State Bar No. 16584975
> J.R. Johnson
> Texas State Bar No. 24070000
> Diana L. Nichols
> Texas State Bar No. 00784682
> KELLY HART & HALLMAN LLP
> 303 Colorado, Suite 2000
> Austin, Texas 78701
> Telephone: 512.495.6429
> Fax: 512.495.6401
> Email: steve.ravel@kellyhart.com
>         jr.johnson@kellyhart.com
>         diana.nichols@kellyhart.com
>
> *Attorneys for Defendant Grande Communications Networks LLC*

## **CERTIFICATE OF SERVICE**

The undersigned certifies that on September 16, 2022, all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system pursuant to Local Rule CV-5(b)(1).

/s/ *Richard L. Brophy*
Richard L. Brophy
