IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| UMG RECORDINGS, INC., *et al.*, § § *Plaintiffs*, § § vs. § § GRANDE COMMUNICATIONS § NETWORKS LLC, § § *Defendant*. § | Civil Action No. 1:17-cv-00365-DAE-AWA |

### PLAINTIFFS' TRIAL MOTION *IN LIMINE* REGARDING TESTIMONY ON GRANDE CUSTOMER STATEMENTS

#### INTRODUCTION

In its opening statement, Grande revealed that it intends to elicit trial testimony regarding a particular conversation one of its employees allegedly had with a Grande customer in response to receiving a DMCA notice. In particular, Grande claimed in its opening statement:

> And you're going to learn that customers would call in confused about the accusations against them. ***You're going to hear from one of our witnesses who talked to one of those people directly, and he's going to say they swear they did nothing wrong.*** How is Grande supposed to know who is telling the truth? Is it Rightscorp with e-mail accusations? Is it the subscriber who calls in swearing they didn't do anything wrong?[1]

Grande should be precluded from presenting such testimony to the jury. During discovery, Plaintiffs took a Rule 30(b)(6) deposition to determine Grande's corporate knowledge regarding its communications with customers in response to infringement notices. At that time, Grande's witness testified that admissible information concerning customer calls regarding copyright infringement does not exist. In particular, Grande represented under oath that it performed an

---

[1] Oct. 12, 2022 Trial Tr. at 86:24-87:6. Emphasis is added throughout unless otherwise indicated.

1

adequate investigation of its conversations with customers and based on that investigation, it lacked knowledge of—and therefore could not disclose to Plaintiffs—the contents of any particular customer phone calls on this subject matter. Thus, the Court should preclude Grande from ambushing Plaintiffs with contradictory trial testimony.

Furthermore, to the extent Grande seeks to introduce generalized testimony on this topic, it is clear that the proffer of unverified generic statements from unidentified customers is rank hearsay and does not satisfy the accuracy and trustworthiness requirements necessary to rely on any hearsay exceptions.

I. **Testimony Based on Alleged Memory of Specific Customer Calls Should Be Precluded Because Grande Improperly Withheld The Content Of Such Calls From Plaintiffs During Discovery.**

    A. **In Discovery, Plaintiffs Specifically Sought Information on Communications between Grande and Its Customers.**

On February 23, 2018, Plaintiffs served Grande with a Rule 30(b)(6) deposition notice. One of the topics on which Plaintiffs sought Grande's corporate knowledge unmistakably targeted the information at issue here: ***"Communications between [Grande] and any Customers or Users in response to Notices."***[2] Grande designated its employee Jeff Shockley to provide testimony on its behalf, and Mr. Shockley sat for a deposition on this topic—and only this topic—on September 26, 2018.

During the deposition, Mr. Shockley stated that he understood the purpose of the deposition was for him to provide testimony on behalf of Grande regarding the company's communications

---

[2] Plaintiffs defined "Notice" as: "an oral or written notice, including but not limited to a notice under the DMCA, that one or more of Grande's Customers or Users allegedly infringed a copyright."

2

with customers in response to copyright infringement notices.[3] Mr. Shockley further stated that he was able to provide testimony on behalf of Grande on this subject matter.[4]

### B. Grande Testified Under Oath That it Could Not Recall the Contents of Any Particular Customer Phone Conversation.

During the deposition, Plaintiffs expressly asked Mr. Shockley whether he could "recall the specific details of any particular discussion [he] had with a customer about a DMCA notice."[5] Mr. Shockley responded: "Truthfully, no. It's – no."[6] While Mr. Shockley testified *as a general matter* that "everyone claims that they didn't do it," that customers receiving infringement notices "don't know what this is about,"[7] and that "[n]obody ever admits it," he confirmed that "I can't tell you the details of the conversation." For a clear record Plaintiffs' counsel asked Mr. Shockley to confirm that he, and therefore Grande, "can't recall the contents of any particular phone call [Grande] had with any person," to which Mr. Shockley replied "[y]eah, not in any detail."[8] Furthermore, Mr. Shockley confirmed that Grande has no documentary evidence—such as a

---

[3] Sept. 26, 2018 J. Shockley Dep. Tr. at 21:12-22 (Q. You understand that you're here today to provide testimony regarding one of the topics in this notice, right? A. Yes, sir. Q. Have you seen this notice before? A. Yes, I have. Q. It's my understanding that you are here as Grande's witness on Topic 41, which is, "Communications between you and any Customers or Users in response to Notices." A. Correct.).

[4] *Id.* 24:10-14 (Q. And you feel, based on your preparations, able to provide testimony on behalf of Grande on Topic 41, communications between Grande and any customers or users in response to notices? A. Yes.).

[5] *Id.* 130:10-14 (Q. Are you able, sitting here today, to recall the specific details of any particular discussion you had with a customer about a DMCA notice? A. Truthfully, no. It's -- no.).

[6] *Id.*

[7] *Id.* 124:12-24 (Q. I believe earlier you testified, that none of the folks that call you on this dedicated DMCA line admit committing infringement; is that right? A. That's correct. Q. Does everyone deny committing infringement? MR. O'BEIRNE: Objection, form, foundation. A. I've never talked to anybody who has -- everybody claims that they didn't do it, it's not them, this isn't us, I don't know what this is about.)

[8] *Id.* 155:17-156:16 (Q. Just one or two follow-up questions based on what Mr. Brophy asked you about what callers admit. You were just asked some questions about that. You testified that truthfully, you have no recollection of any individualized phone call with any particular Grande subscriber, right? MR. BROPHY: Objection, mischaracterizes his earlier testimony. A. Maybe I misunderstood. I thought you asked if I remember any specific conversations. Q. Right. A. Yes. Nobody ever admits it, but I can't tell you the details of the conversation. And in a generalized, I have never had a conversation with somebody who admitted ever doing this. Q. Sitting here today, you can't recall a time where a Grande customer said to you on the phone, "I admit doing this"? A. Correct. Q. But you also, sitting here today, can't recall the contents of any particular phone call you had with any person? A. Not to any -- MR. BROPHY: Objection, vague. A. Yeah, not in any detail.).

database or log of customer calls—that would reflect the details of any particular call with a customer disputing an infringement notice.[9]

### C. As a Result, Grande Should Be Precluded From Providing Any Testimony Allegedly Based on Memory of Specific Customer Calls.

Because Grande testified that it lacked knowledge of any particular customer call regarding an infringement notice, the Court should prohibit Grande witnesses from testifying about any particular call at trial. Corporate parties are prohibited from "disclaiming the corporation's knowledge of a subject at the deposition and later introducing evidence on that subject." *Antero Res. Corp. v. C & R Downhole Drilling, Inc.*, No. 4:16-CV-00668-Y, 2019 WL 13193894, at *3 (N.D. Tex. June 20, 2019) (internal quotation omitted); *see Super Future Equities, Inc. v. Wells Fargo Bank Minn.*, N.A., 3:06-cv-0271-B, 2007 WL 4410370, at * 8 (N.D. Tex. Dec. 14, 2007) (precluding corporate representatives from testifying on certain topics at trial); *cf. DAC Surgical Partners P.A. v. United Healthcare Servs., Inc.*, No. 4:11-CV-1355, 2016 WL 7157522, at *3 (S.D. Tex. Dec. 7, 2016) ("Federal courts have interpreted [Rule 30(b)(6)] as prohibiting a 30(b)(6) representative from disclaiming the corporation's knowledge of a subject at the deposition and later introducing evidence on that subject.") (citing cases); *Reilly v. Natwest*, 181 F.3d 253, 268-70 (2d Cir. 1999) (when proffered Rule 30(b)(6) witness "lacked knowledge" of certain matters, defendant was prohibited from offering testimony of witness at trial on the same matters).

Here, Grande represented to Plaintiffs under oath that it did not have any details regarding the content of any particular customer calls regarding infringement notices. Plaintiffs, in turn, were entitled to rely on Grande's testimony and not further pursue any details of any such calls in discovery. Accordingly, Grande's eleventh-hour reversal on this subject matter is irreversibly

---

[9] *Id.* 67:10-13 (Q. Does Grande keep track of the subject of calls that it receives from customers? A. I don't know.)

prejudicial, and the Court should preclude Grande witnesses from testifying inconsistently with Grande's corporate deposition testimony. *See Nora Beverages, Inc. v. Perrier Grp. Of Am. Inc.*, 1999 WL 958608, at *5 n.3 (D. Conn. Oct. 14, 1999), *aff'd*, 269 F.3d 114 (2d Cir. 2001) (holding that hearsay statements about unidentified customers are inadmissible because "they could not be the subject of discovery of any kind").

## II. Grande's Proffered Testimony About Vague Generalized Statements From Unidentified Customers Constitutes Inadmissible Hearsay.

Whether consistent with Grande's deposition testimony or not, the Court should preclude Grande from introducing customer statements based on hearsay.

As a threshold matter, Grande intends to proffer such statements to prove the truth of the matter asserted, namely that the infringement notice received by the customer at issue was inaccurate. Indeed, if the contents of the statement changed from "they swear they did nothing wrong" to "they swear they did something wrong," then Grande would not seek to introduce the statement. At the same time, Grande is not offering the customer calls as evidence for some other purpose. Thus, the Court should exclude any such testimony from any Grande employee as rank hearsay. *See* FED. R. EVID. 801; *Deutsche Shell Tanker Gesellschaft mbH v. Placid Refining Co.*, 993 F.2d 466, 473 n. 29 (5th Cir. 1993) (corporate representative is not permitted to repeat "rank hearsay").

Further, since any testimony Grande would plan to offer on this subject would lack any specifics including as to identity, time or specific subject (such as what entity served the notice) it would consist of no more than a removed in time paraphrase of a generalized memory and would thus lack any indicia of reliability sufficient to satisfy any exception to the rule against hearsay. Indeed, courts routinely preclude such testimony as unreliable when the witness cannot recount sufficient details of the conversation. For example, in one recent slip-and-fall case, the court

excluded the plaintiff's testimony that an unidentified customer commented to her about an allegedly wet floor because there was "too great a risk of inaccuracy or untrustworthiness to provide the circumstantial guarantees of trustworthiness contemplated by the hearsay exceptions." *Hill v. PetSmart*, No. 6:20-CV-00004, 2022 WL 980269, at *3–4 (S.D. Tex. Mar. 30, 2022). *See also Smith Fiberglass Prods., Inc. v. Ameron, Inc.*, 7 F.3d 1327, 1330–31 (7th Cir. 1993) (holding there is no "hearsay exception to the Federal Rules of Evidence for paraphrases of state of mind declarations by unknown declarants"). As explained above, Grande has expressly disclaimed that it possesses any evidence detailing the identities of the customer callers or the contents of those calls. Instead, Grande plans to rely solely on the testimony of its own employee witness who will be unable to identify the name of the declarant and any particular details about the communication. The Court should not permit the jury to hear such self-serving and unverifiable testimony.

## CONCLUSION

For the foregoing reasons, the Court should preclude Grande witnesses from testifying on the details of any particular customer calls, or to provide unsubstantiated testimony about purported, unidentified, customer calls in general.

Dated: October 17, 2022    Respectfully submitted,

By:    */s/ Andrew H. Bart*
      Andrew H. Bart (admitted *pro hac vice*)
      Jacob L. Tracer (admitted *pro hac vice*)
      **JENNER & BLOCK**
      1155 Avenue of the Americas
      New York, NY 10036
      Telephone: (212) 891-1600
      Facsimile: (212) 891-1699
      abart@jenner.com
      jtracer@jenner.com

      Robert B. Gilmore (admitted *pro hac vice*)
      Philip J. O'Beirne (admitted *pro hac vice*)
      Michael A. Petrino (admitted *pro hac vice*)

Kevin J. Attridge (admitted *pro hac vice*)
**STEIN MITCHELL BEATO &
MISSNER LLP**
901 15th Street, N.W., Suite 700
Washington, DC 20005
Telephone: (202) 737-7777
Facsimile: (202) 296-8312
rgilmore@steinmitchell.com
pobeirne@steinmitchell.com
mpetrino@steinmitchell.com
kattridge@steinmitchell.com

Daniel C. Bitting (State Bar No. 02362480)
Paige A. Amstutz (State Bar No. 00796136)
**SCOTT DOUGLASS &
MCCONNICO LLP**
303 Colorado Street, Suite 2400
Austin, TX 78701
Telephone: (512) 495-6300
Facsimile: (512) 495-6399
dbitting@scottdoug.com
pamstutz@scottdoug.com

*Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

The undersigned certifies that on October 17, 2022 all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system pursuant to Local Rule CV-5(b)(1).

<i>/s/ Paige A. Amstutz</i>
Paige A. Amstutz