UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| UMG RECORDINGS, INC., et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) No. 1:17-cv-00365-DAE |
| | ) |
| GRANDE COMMUNICATIONS NETWORKS LLC, | ) |
| | ) |
| Defendant. | ) |

**DEFENDANT GRANDE COMMUNICATIONS NETWORKS LLC'S OPPOSITION TO PLAINTIFFS' MOTION *IN LIMINE* REGARDING THE *BMG v. COX* TRIAL**

The Court should reject Plaintiffs' second attempt to reargue an issue the Court has already decided. Plaintiffs' motion *in limine* asks the Court to permit Plaintiffs to introduce "the fact of" the *BMG v. Cox* trial, "the use of Rightscorp evidence in that trial," and "the outcome in that trial." Pls.' Mot. in Limine at 1 (ECF No. 418). The Court denied Plaintiffs' request in its order resolving the parties' pretrial motions *in limine*, and the Court denied it again this past Friday. The Court should deny Plaintiffs' improper motion for reconsideration.

**A.     The Court's April 8, 2020 Order Decided This Issue.**

The Court squarely addressed this issue in granting Grande's sixth motion *in limine*. *See* ECF No. 347 at 11. In that motion, Grande asked the Court to "enter an order precluding Plaintiffs from introducing evidence or argument regarding or referring to any findings or judgments from the *Cox* litigations." ECF No. 318 at 4. Grande argued that evidence regarding *BMG v. Cox* result is irrelevant, unfairly prejudicial, and inadmissible hearsay. *See generally id*. The Court granted Grande's motion without any caveats or qualifiers. *See* ECF No. 347 at 11 ("The Court thus shall **GRANT** this motion (Dkt. # 318).").

**B. The Court Re-affirmed Its Ruling on Friday.**

On Friday, the Court addressed this issue again and considered Plaintiffs' argument that there is inconsistency in the Court's motion *in limine* rulings. The Court definitively ruled that Plaintiffs would not be permitted to introduce evidence regarding the result in *BMG v. Cox*:

> **There isn't going to be any evidence adduced in this case about what the result was in that case, what the outcome of that case was, how much was awarded in damages, nothing like that.**

10/14/22 Trial Tr. 54:19-22 (emphasis added). The Court then gave Plaintiffs the opportunity to reargue their position and to research the issue over the lunch break, after which the Court re-affirmed its ruling that "[t]he outcome of the [*BMG v. Cox*] case has no relevance here." *Id.* at 79:14-15.

**C. Courts Consistently Exclude Evidence of Other Litigation.**

The fact that the Court has already resolved this issue twice is reason enough to deny Plaintiffs' motion for reconsideration. But Grande is also obligated to note that Plaintiffs do not cite any authority permitting a party to introduce evidence about a different lawsuit.

In fact, courts consistently hold that evidence about other cases is irrelevant or inadmissible under Rule 403 due to the danger of confusing or misleading the jury. *See, e.g.*, *Arlio v. Lively*, 474 F.3d 46, 53 (2d Cir. 2007) ("Courts are reluctant to cloud the issues in the case at trial by admitting evidence relating to previous litigation involving one or both of the same parties. Admitting evidence about previous cases inevitably results in trying those cases before the jury, and the merits of the other cases would become inextricably intertwined with the case at bar. . . . . **District courts must assiduously guard juries against the siren song of irrelevant and prejudicial prior determinations**.") (emphasis added) (cleaned up); *United States v. Hill*, 322 F.3d 301, 306 (4th Cir. 2003) (affirming exclusion of evidence regarding other lawsuit because it "**would have necessitated an exhaustive case within a case that would have confused the jury**

1

**as to the issues to be decided**") (emphasis added); *Anderson v. Genuine Parts Co.*, 128 F.3d 1267, 1272 (8th Cir. 1997) ("**[A] jury verdict does not constitute evidence.** Rather, a jury's verdict simply represents findings of fact, based on the evidence presented to it.") (emphasis added); *Athridge v. Aetna Cas. & Surety Co.*, 604 F.3d 625, 633 (D.C. Cir. 2010) ("Although there is no absolute bar to the use of prior verdicts, **courts are wary that their admission into evidence creates the possibility that the jury will defer to the earlier result and thus will, effectively, decide a case on evidence not before it**.") (emphasis added) (cleaned up); *Drummond Coal Sales, Inc. v. Norfolk S. Rwy. Co.*, No. 7:16-cv-489, 2019 WL 3307850, at *7 (W.D. Va. July 22, 2019) ("Generally, courts exclude evidence of other lawsuits, even if such lawsuits are related to the case before it.") (collecting cases); *Ragin v. Newburgh Enlarged School Dist.*, No. 10-cv-2797, 2011 WL 2183175, at *2 (S.D.N.Y. June 3, 2011) ("Even if the Court were to accept that these are valid arguments for the admission of evidence of Ragin's prior litigation, Rule 403 requires exclusion of the evidence of prior litigation because there is too high a risk of juror prejudice and confusion.").

In sum, unless the result in a prior case is preclusive, it should be excluded from trial. Fed. Prac. & Procedure (Wright & Miller) § 4416 ("[I]t has long been settled that preclusion ordinarily is an all-or-nothing thing. **The prior determination either precludes any further dispute about the matter, or it is irrelevant and cannot be admitted even as some evidence bearing on the matter**.") (emphasis added); *see also Wytex Prod. Corp. v. XTO Energy, Inc.*, No. 12-cv-339, 2014 WL 12799569, at *6 (E.D. Okla. Aug. 29, 2014) ("The Court finds that other lawsuits involving XTO are not relevant to this lawsuit unless the outcome is *res judicata* on an issue involved herein."). Because everyone agrees that *BMG v. Cox* is not preclusive on any issue in this case, the Court has properly excluded evidence about it from trial.

### D. *Cox* Ended in a Confidential Settlement, Not a Jury Verdict.

It is important to recognize that the *BMG v. Cox* jury verdict was reversed on appeal, and then the parties reached a confidential settlement. *See* Aug. 24, 2018 Stipulation of Dismissal with Prejudice (ECF No. 1019), Case No. 1:14-cv-1611 (E.D. Va.). In reversing the jury's verdict, the Fourth Circuit held that the district court erroneously permitted the jury to find knowledge if BMG proved that Cox had "generalized knowledge . . . that infringement was occurring somewhere on its network." *BMG Rights Mgmt. (US) LLC v. Cox Commc'ns, Inc.*, 881 F.3d 293, 311 (4th Cir. 2018). Thus, the Fourth Circuit ordered that on remand (1) "the contributory infringement instruction should require that Cox knew of specific instances of infringement," and (2) "the court's willful blindness instruction should similarly require a conclusion that Cox consciously avoided learning about specific instances of infringement." *Id.* at 311-12. Despite this holding, Plaintiffs want to suggest that the *Cox* verdict "validated" Rightscorp's copyright notices for purposes of Grande's knowledge of infringement and, relatedly, for purposes of Grande's knowledge that its conduct was infringing (*i.e.*, willfulness). Plaintiffs also want to suggest that the *Cox* result is a substitute for independently vetting Rightscorp's system and evidence. In fact, the Fourth Circuit's reversal directly refutes all of those claims.

As a result, if Plaintiffs were to introduce evidence regarding the *Cox* jury verdict, then Grande would have to respond with evidence regarding the evidence adduced (or not) at trial in *Cox*, the Fourth Circuit's reversal, and the parties' subsequent settlement. All of this would result in the inevitable "trial within a trial" that is to be avoided at all costs. *See, e.g.*, *Kinan v. City of Brockton*, 876 F.2d 1029, 1034 (1st Cir. 1989) ("[I]ntroducing evidence of the two other cases would inevitably result in trying those cases, or at least portions of them, before the jury. The merits of the two other cases would become inextricably intertwined with the case at bar. The

3

result would be confusion and the consumption of a great deal of unnecessary time. And although the complete procedural history of the two cases is not in the record, it is obvious that both were settled prior to verdict. The cases were decided on the basis of negotiations, not findings of fact.").

### E. The *Cox* Verdict Is Irrelevant.

In addition to being inadmissible hearsay (as Grande previously explained in ECF No. 318 at 2-3), the result in *Cox* is not relevant to any issue in this case. With respect to the knowledge element of Plaintiffs' claim, the parties agree that the fundamental question is whether Grande (1) knew about specific instances of infringement or (2) was willfully blind to such specific instances (*i.e.*, deliberately avoided learning about them). *See* ECF No. 401 at 32 (Plaintiffs' proposed instruction), 34 (Grande's proposed instruction). Unless Plaintiffs plan to argue that the jury should simply reach the same conclusions as the jury in *Cox*—which they plainly may not—the *Cox* verdict has no conceivable bearing on these determinations.

The *Cox* outcome is likewise irrelevant to willfulness. The parties dispute the proper standard, but the Court previously indicated that it requires proof that Grande "knew its conduct constituted contributory copyright infringement or acted with reckless disregard of Plaintiffs' rights as copyright holders." ECF No. 268 at 43. Again, unless Plaintiffs intend to urge the jury to follow the *Cox* verdict—while ignoring the Fourth Circuit's subsequent reversal—the *Cox* evidence is irrelevant to these questions. Infringement and willfulness must be decided on the facts and evidence in *this* case, not based on a determination in another case based on evidence and arguments not before this jury. *See DataTreasury Corp. v. Wells Fargo & Co.*, No. 2:06-cv-72, 2010 WL 11468934, at *18 (E.D. Tex. Oct. 5, 2010) (granting motion *in limine* to exclude evidence of public consent judgments offered to show willful patent infringement because "any additional probative value of the consent judgments is substantially outweighed by the dangers of

unfair prejudice")

## CONCLUSION

The Court has repeatedly ordered that Plaintiffs may not introduce evidence of the *BMG v. Cox* verdict at trial. The Court should re-affirm those rulings and deny Plaintiffs' motion *in limine* (ECF No. 419).

Dated: October 17, 2022

        By: /s/ *Richard L. Brophy*
           Richard L. Brophy
           Zachary C. Howenstine
           Mark A. Thomas
           Margaret R. Szewczyk
           Sydney K. Johnson
           ARMSTRONG TEASDALE LLP
           7700 Forsyth Blvd., Suite 1800
           St. Louis, Missouri 63105
           Telephone: 314.621.5070
           Fax: 314.621.5065
           rbrophy@armstrongteasdale.com
           zhowenstine@armstrongteasdale.com
           mszewczyk@armstrongteasdale.com
           mathomas@armstrongteasdale.com
           skjohnson@armstrongteasdale.com

           J. Stephen Ravel
           Texas State Bar No. 16584975
           Diana L. Nichols
           Texas State Bar No. 00784682
           KELLY HART & HALLMAN LLP
           303 Colorado, Suite 2000
           Austin, Texas 78701
           Telephone: 512.495.6429
           Fax: 512.495.6401
           Email: steve.ravel@kellyhart.com
                    jr.johnson@kellyhart.com
                    diana.nichols@kellyhart.com

           *Attorneys for Defendant Grande*
           *Communications Networks LLC*

## **CERTIFICATE OF SERVICE**

The undersigned certifies that on October 17, 2022, all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system pursuant to Local Rule CV-5(b)(1).

/s/ *Richard L. Brophy*
Richard L. Brophy