IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| UMG RECORDINGS, INC., *et al.*, | § § § § | |
| Plaintiffs, | § § | |
| vs. | § § | Civil Action No. 1:17-cv-00365-DAE |
| GRANDE COMMUNICATIONS NETWORKS LLC, | § § § § | |
| Defendant. | § § | |

**GRANDE'S PROPOSED JURY INSTRUCTIONS AND VERDICT FORM**

Pursuant to the Court's directions in today's jury instruction conference, Grande submits the following materials: (1) one page of case citations regarding the question of whether individual songs may constitute a single "work" for purposes of 17 U.S.C. § 504(c)(1); (2) one page of case citations regarding the appropriate standard for willful copyright infringement; and (3) one page of case citations regarding the "value of the copyright" factor in the statutory damages analysis.

1

**Albums registered as compilations should be a single work for statutory damages.**

Grande's position is that the jury must assess statutory damages on a work-by-work basis, and each compilation is a single work. This Court recognizes that "statutory damages are to be calculated **according to the number of works infringed**, not the number of infringements." *Am. Registry of Radiologic Technologists v. Bennett*, No. SA-12-cv-00109-DAE, 2013 WL 4520533, at *12 (W.D. Tex. Aug. 26, 2013); *see also Mason v. Montgomery Data, Inc.*, 967 F.2d 135, 143-44 (5th Cir. 1992) ("Under this section, the total number of "awards" of statutory damages…that a plaintiff may recover in any given action depends on the **number of *works* that are infringed** . . . .") (italics in original). This Court also applies the statutory mandate that, for purposes of calculating statutory damages, "**all the parts of a compilation or derivative work constitute one work**." *Am. Registry*, No. SA-12-cv-00109-DAE, 2013 WL 4520533, at *12 (W.D. Tex. Aug. 26, 2013) (quoting 17 U.S.C. § 504 and citing *Bryant v. Media Right Prod., Inc*., 603 F.3d 135, 141 (2d Cir.2010)). The Fifth Circuit has specifically cited *Bryant'*s holding that "separate songs collected on one album were a compilation, **despite fact that each song might have been separately copyrighted**." *See Cullum v. Diamond A Hunting, Inc.*, 484 F. App'x 1000, 1002 n.6 (5th Cir. 2012) (citing *Bryant*, 603 F.3d at 141 & n.6); *see also id.* at 1002 ("The record fully supports the conclusion that Cullum's photographs constituted one work 'in which a number of contributions, constituting separate and independent works in themselves, are assembled into a collective whole.'"); *Cf. EMI Christian Music Grp., Inc. v. MP3tunes, LLC*, 844 F.3d 79, 101 (2d Cir. 2016) (affirming per-song damages because "there was evidence at trial that all the songs in question were made available as singles **on the date of infringement**").

### Willful Copyright Infringement

The Court's tentative instruction states: Grande's contributory infringement is considered willful if Plaintiffs prove by a preponderance of the evidence that Grande had knowledge that its subscribers' actions constituted infringement of Plaintiffs' copyrights or that Grande acted with reckless disregard for or willful blindness to the Plaintiffs' rights.

Subject to its objection that the willfulness instruction should not include recklessness, Grande offers the following citations regarding the appropriate willfulness standard: Summary Judgment Order at 43 (ECF No. 268) ("Willfulness thus requires a showing that **Grande knew its conduct constituted contributory infringement** or acted with reckless disregard of Plaintiffs' rights as copyright holders.") (emphasis added); *Graper v. Mid-Continent Cas. Co.*, 756 F.3d 388, 395 (5th Cir. 2014) ("[W]hen willfulness is a statutory condition of civil liability, it covers not only **knowing violations of a standard**, but reckless ones at well.") (quoting *Safeco Ins. Co. of America v. Burr*, 551 U.S. 47, 57 (2007)) (cleaned up) (emphasis added); *Bryant v. Media Right Prods., Inc.*, 603 F.3d 135, 143 (2d Cir. 2010) ("A copyright holder seeking to prove that a copier's infringement was willful must show that the infringer had knowledge that its conduct represented infringement or recklessly disregarded the possibility."); *Bridgeport Music, Inc. v. UMG Recordings, Inc.*, 585 F.3d 267, 278 (6th Cir. 2009) (approving jury instruction that "infringement is willful when a defendant . . . knew [its] actions may infringe on the copyright"); *Wildlife Exp. Corp. v. Carol Wright Sales, Inc.*, 18 F.3d 502, 511-12 (7th Cir. 1994) ("[O]ur caselaw establishes that a finding of willfulness is justified if the infringer knows that its conduct is an infringement or if the infringer has acted in reckless disregard of the copyright owner's right.") (cleaned up); *Cable/Home Commc'n Corp. v. Network Prods., Inc.*, 902 F.2d 829, 851 (11th Cir. 1990) ("Willfully, in the context of section 504(c)(2), means that the defendant knows his actions constitute an infringement . . . .").

**Statutory Damages Factor: Value of the Copyright**

Grande's position remains that the Court's statutory damages instruction should simply include "the value of the copyright" as one factor the jury may consider. *See, e.g.*, *Adobe Sys. Inc. v. SKH Sys., Inc.*, No. 1:17-cv-18-SS, 2017 WL 6611513, at *7 (W.D. Tex. Dec. 27, 2017) (listing "**the value of the copyright**" as one statutory damages factor and noting "there is no evidence of the value of the copyrights" in setting the amount of the award); *Coach, Inc. v. Brightside Boutique,* No. 1:11-ca-20-LY, 2012 WL 32941, at *5 (W.D. Tex. Jan. 6, 2012) ("In the copyright infringement context, courts have considered the following factors in setting statutory damage awards: . . . (3) **the value of the copyright** . . . ."); *Fitzgerald Pub. Co. v. Baylor Pub. Co.*, 807 F.2d 1110, 1117 (2d Cir. 1986) ("Other factors—not dependent on a particular defendant's culpability—are also examined [in assessing statutory damages], including . . . **the value of the copyright** . . . ."); *Better Keiki, LLC v. MairicoDirect*, No. 4:17-cv-850, 2018 WL 5305571, at *6 (E.D. Tex. Aug. 29, 2018) ("In the copyright infringement context, courts have considered the following factors in setting statutory damages awards: . . . (3) **the value of the copyright** . . . .") (collecting cases); *Laerdal Med. Corp. v. Basic Med. Supply, LLC*, No 4:16-cv-35, 2016 WL 6436557, at *3 (S.D. Tex. Oct. 31, 2016) ("To determine where an award should lie on the range of statutory damages, courts consider factors such as: . . . **the value of the copyright** . . . .") (cleaned up).

Dated: October 28, 2022

By: /s/ *Richard L. Brophy*
Richard L. Brophy
Zachary C. Howenstine
Mark A. Thomas
Margaret R. Szewczyk
Sydney K. Johnson
ARMSTRONG TEASDALE LLP
7700 Forsyth Blvd., Suite 1800
St. Louis, Missouri 63105
Telephone: 314.621.5070
Fax: 314.621.5065
rbrophy@atllp.com
zhowenstine@atllp.com
mszewczyk@atllp.com
mathomas@atllp.com
skjohnson@atllp.com

J. Stephen Ravel
Texas State Bar No. 16584975
Diana L. Nichols
Texas State Bar No. 00784682
KELLY HART & HALLMAN LLP
303 Colorado, Suite 2000
Austin, Texas 78701
Telephone: 512.495.6429
Fax: 512.495.6401
Email: steve.ravel@kellyhart.com
         diana.nichols@kellyhart.com

*Attorneys for Defendant Grande Communications Networks, LLC*