IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| UMG RECORDINGS, INC., *et al.*, | § § § § | |
| *Plaintiffs,* | § § | Civil Action No. 1:17-cv-00365-DAE |
| vs. | § § § | |
| GRANDE COMMUNICATIONS NETWORKS LLC, | § § § § | |
| *Defendant.* | § § | |

**PLAINTIFFS' STATEMENT REGARDING TRIAL EVIDENCE ABOUT ELIGIBILITY FOR STATUTORY DAMAGES UNDER 17 U.S.C. § 412 AND MOTION FOR JUDGMENT AS A MATTER OF LAW ON THAT ISSUE**

Plaintiffs have introduced conclusive and unrebutted evidence that **1,409** of their sound recordings are eligible for statutory damages in this action. Given the absence of any factual dispute on this issue, Plaintiffs submit the eligibility of their recordings for statutory damages is a question of law that should be resolved by the Court pursuant to FRCP 50(a). Further, submitting this question to the jury would be both cumbersome and confusing.

A plaintiff can recover statutory damages if (1) a work was first infringed after the effective date of registration, or (2) a work was infringed after first publication but before registration, so long as registration occurred within three months of publication. *See* 17 U.S.C. § 412.

For each work, Plaintiffs introduced—through fact witnesses for each record company—a copy of the copyright registration certificate or a printout from the Copyright Office website showing the relevant copyright publication and registration dates, as well as summary exhibits reflecting the same.[1] Further, through their expert witness, Dr. Robert Bardwell, Plaintiffs introduced the date ranges of infringement, and in particular the first infringement, for each infringed recording, based on the 1.35 million Rightscorp notices at issue.[2] All of that evidence went unrebutted. Plaintiffs attach as Exhibit A a chart combining the relevant date information introduced into evidence, demonstrating that 1,409 recordings qualify for statutory damages.

These undisputed facts are what they are, and eligibility follows as a matter of law. To avoid unnecessary disputes, Plaintiffs will not seek statutory damages for **13** works (which are also identified in Exhibit A, and which are not included among the 1,409 works discussed above). Accordingly, the Court can and should resolve this issue without submitting it to the jury.

---

[1] *See* PX 19-24; Oct. 12, 2022 Trial Tr. at 175:11-178:3 (Sony Music Entertainment's Wade Leak); Oct. 20, 2022 Trial Tr. at 75:7-77:9 (Warner Music Group's Tracie Parry); Oct. 25, 2022 Trial Tr. at 81:16-83:19 (Universal Music Group's Alasdair McMullan). It is well established that the dates listed in registration certificates are presumed to be true. *See, e.g.*, *MidlevelU, Inc. v. ACI Info. Grp.*, 989 F.3d 1205, 1219 (11th Cir. 2021) (citing *United Fabrics Int'l, Inc. v. C&J Wear, Inc.*, 630 F.3d 1255, 1258 (9th Cir. 2011)).
[2] *See* PX 459; Oct. 25, 2022 Trial Tr. at 62:13-25, 66:7-14 (Bardwell).

Dated: October 31, 2022

Respectfully submitted,

By:         */s/ Andrew H. Bart*
Andrew H. Bart (admitted *pro hac vice*)
Jacob L. Tracer (admitted *pro hac vice*)
**Jenner & Block LLP**
1155 Avenue of the Americas
New York, NY 10036
Telephone: (212) 891-1600
Facsimile: (212) 891-1699
abart@jenner.com
jtracer@jenner.com

Robert B. Gilmore (admitted *pro hac vice*)
Philip J. O'Beirne (admitted *pro hac vice*)
Kevin J. Attridge (admitted *pro hac vice*)
**Stein Mitchell Beato & Missner LLP**
901 15th Street, N.W., Suite 700
Washington, DC 20005
Telephone: (202) 737-7777
Facsimile: (202) 296-8312
rgilmore@steinmitchell.com
pobeirne@steinmitchell.com
kattridge@steinmitchell.com

Daniel C. Bitting (State Bar No. 02362480)
Paige A. Amstutz (State Bar No. 00796136)
**Scott Douglass & McConnico LLP**
303 Colorado Street, Suite 2400
Austin, TX 78701
Telephone: (512) 495-6300
Facsimile: (512) 495-6399
dbitting@scottdoug.com
pamstutz@scottdoug.com

***Attorneys for Plaintiffs***

**CERTIFICATE OF SERVICE**

The undersigned certifies that on October 31, 2022 all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system pursuant to Local Rule CV-5(b)(1).

                                             */s/ Paige A. Amstutz*
                                             Paige A. Amstutz