**FILED**

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

NOV 0 1 2022

CLERK, U.S. DISTRICT CLERK
WESTERN DISTRICT OF TEXAS
BY_____
                                      DEPUTY

UMG RECORDINGS, INC., *et al.*,               §
                                                               §
          Plaintiffs,                                      §
                                                               §
                                                               §          Civil Action No. 1:17-cv-00365-DAE
vs.                                                          §
                                                               §
GRANDE COMMUNICATIONS                 §
NETWORKS LLC,                                     §
                                                               §
          Defendant.                                     §

**JURY INSTRUCTIONS**

# **TABLE OF CONTENTS**

Instruction No. 1 Jury Charge (General Instruction) .......................................................... 1

Instruction No. 2 Evidence ................................................................................................. 3

Instruction No. 3 What Is Not Evidence ............................................................................ 4

Instruction No. 4 Ruling on Objections ............................................................................. 5

Instruction No. 5 Witnesses ............................................................................................... 6

Instruction No. 6 Impeachment.......................................................................................... 7

Instruction No. 7 Expert Witnesses ................................................................................... 8

Instruction No. 8 Deposition Testimony............................................................................ 9

Instruction No. 10 Limiting Instruction ........................................................................... 10

Instruction No. 11 No Inference from Filing Suit............................................................ 11

Instruction No. 12 Burden of Proof: Preponderance of the Evidence .............................. 12

Instruction No. 13 The Digital Millennium Copyright Act ............................................. 13

Instruction No. 14 Copyright Definition.......................................................................... 14

Instruction No. 15 Plaintiffs' Claim................................................................................. 15

Instruction No. 16 Infringement ...................................................................................... 16

Instruction No. 17 Damages: Consider Damages Only If Necessary ............................... 18

Instruction No. 18 Damages: Statute of Limitations ....................................................... 19

Instruction No. 19(a) Statutory Damages—Generally...................................................... 20

Instruction No. 19(b) Statutory Damages—Willfulness................................................... 23

Instruction No. 20 Limiting Instruction Regarding *BMG v. Cox* ................................... 24

Instruction No. 21 Duty to Deliberate.............................................................................. 25

**Instruction No. 1**
**Jury Charge (General Instruction)**

MEMBERS OF THE JURY:

It is my duty and responsibility to instruct you on the law you are to apply in this case. The law contained in these instructions is the only law you may follow.  It is your duty to follow what I instruct you the law is, regardless of any opinion that you might have as to what the law ought to be.

If I have given you the impression during the trial that I favor either party, you must disregard that impression.  If I have given you the impression during the trial that I have an opinion about the facts of this case, you must disregard that impression.  You are the sole judges of the facts of this case.  Other than my instructions to you on the law, you should disregard anything I may have said or done during the trial in arriving at your verdict.

You should consider all of the instructions about the law as a whole and regard each instruction in light of the others, without isolating a particular statement or paragraph.

The testimony of the witnesses and other exhibits introduced by the parties constitute the evidence.  The statements of counsel are not evidence; they are only arguments.  It is important for you to distinguish between the arguments of counsel and the evidence on which those arguments rest.  What the lawyers say or do is not evidence.  You may, however, consider their arguments in light of the evidence that has been admitted and determine whether the evidence admitted in this trial supports the arguments.  You must determine the facts from all the testimony that you have heard and the other evidence submitted.  You are the judges of the facts, but in finding those facts, you must apply the law as I instruct you.

You are required by law to decide the case in a fair, impartial, and unbiased manner, based entirely on the law and on the evidence presented to you in the courtroom.  You may not be

influenced by passion, prejudice, or sympathy you might have for the plaintiff or the defendant in arriving at your verdict.

**Instruction No. 2**
**Evidence**

The evidence you are to consider consists of the testimony of the witnesses, the documents and other exhibits admitted into evidence, and any fair inferences and reasonable conclusions you can draw from the facts and circumstances that have been proven.

Generally speaking, there are two types of evidence.  One is direct evidence, such as testimony of an eyewitness.  The other is indirect or circumstantial evidence.  Circumstantial evidence is evidence that proves a fact from which you can logically conclude another fact exists. As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that you find the facts from a preponderance of all the evidence, both direct and circumstantial.

**Instruction No. 3**
**What Is Not Evidence**

In reaching your verdict, you may consider only the testimony and exhibits received into evidence.  Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

(1)     Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2)     Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

(3)     Testimony that is excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered.  In addition, some evidence has been received only for a limited purpose; when I have instructed you to consider certain evidence only for a limited purpose, you must do so and you may not consider that evidence for any other purpose.

(4)     Anything you may have seen or heard when the court was not in session is not evidence.  You are to decide the case solely on the evidence received at the trial.

**Instruction No. 4**
**Ruling on Objections**

There are rules of evidence that control what can be received into evidence.  When a lawyer asked a question or offered an exhibit into evidence, and a lawyer on the other side thought that it was not permitted by the rules of evidence, that lawyer might have objected.  If I overruled the objection, the question was answered or the exhibit received.  If I sustained the objection, the question was not answered, and the exhibit was not received.  Whenever I sustained an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I ordered that evidence be stricken from the record and that you disregard or ignore that evidence.  That means when you are deciding the case, you must not consider the stricken evidence for any purpose.

**Instruction No. 5**
**Witnesses**

You alone are to determine the questions of credibility or truthfulness of the witnesses. In weighing the testimony of the witnesses, you may consider the witness's manner and demeanor on the witness stand, any feelings or interest in the case, or any prejudice or bias about the case, that he or she may have, and the consistency or inconsistency of his or her testimony considered in the light of the circumstances. Has the witness been contradicted by other credible evidence? Has he or she made statements at other times and places contrary to those made here on the witness stand? You must give the testimony of each witness the credibility that you think it deserves.

Even though a witness may be a party to the action and therefore interested in its outcome, the testimony may be accepted if it is not contradicted by direct evidence or by any inference that may be drawn from the evidence, if you believe the testimony.

You are not to decide this case by counting the number of witnesses who have testified on the opposing sides. Witness testimony is weighed; witnesses are not counted. The test is not the relative number of witnesses, but the relative convincing force of the evidence. The testimony of a single witness is sufficient to prove any fact, even if a greater number of witnesses testified to the contrary, if after considering all of the other evidence, you believe that witness.

**Instruction No. 6**
**Impeachment**

In determining the weight to give to the testimony of a witness, you may consider whether there was evidence that at some other time the witness said or did something, or failed to say or do something, that was different from the testimony given at the trial.

A simple mistake by a witness does not necessarily mean that the witness did not tell the truth as he or she remembers it.  People may forget some things or remember other things inaccurately.  If a witness made a misstatement, consider whether that misstatement was an intentional falsehood or simply an innocent mistake.  The significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

**Instruction No. 7**
**Expert Witnesses**

When knowledge of technical subject matter may be helpful to the jury, a person who has special training or experience in that technical field is permitted to state his or her opinion on those technical matters.  However, you are not required to accept that opinion.  As with any other witness, it is up to you to decide whether to rely on it.

**Instruction No. 8**
**Deposition Testimony**

Certain testimony has been presented to you through depositions.  A deposition is the sworn, recorded answers to questions a witness was asked in advance of the trial.  Under appropriate circumstances, if a witness cannot be present to testify from the witness stand, that witness's testimony may be presented, under oath, in the form of a deposition.  Some time before this trial, attorneys representing the parties in this case questioned this witness under oath.  A court reporter was present and recorded the testimony.  The questions and answers have been shown to you.  This deposition testimony is entitled to the same consideration and weighed and otherwise considered by you in the same way as if the witness had been present and had testified from the witness stand in court.

**Instruction No. 10**
**Limiting Instruction**

When testimony or an exhibit was admitted for a limited purpose, you may consider that testimony or exhibit only for the specific limited purpose for which it was admitted.

**Instruction No. 11**
**No Inference from Filing Suit**

The fact that a person brought a lawsuit and is in court seeking damages creates no inference that the person is entitled to a judgment.  Anyone may make a claim and file a lawsuit.  The act of making a claim in a lawsuit, by itself, does not in any way tend to establish that claim and is not evidence.

**Instruction No. 12**
**Burden of Proof: Preponderance of the Evidence**

Plaintiffs have the burden of proving their case by a preponderance of the evidence.  To establish by a preponderance of the evidence means to prove something is more likely so than not so.  If you find that Plaintiffs have failed to prove any element of their claim by a preponderance of the evidence, then they may not recover on that claim.

In determining whether any fact in issue has been proved by a preponderance of the evidence, unless otherwise instructed, you may consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

Some of you might have heard the term "proof beyond a reasonable doubt." That is a stricter standard.  It only applies to a criminal case and it requires more proof than a preponderance of the evidence.  The reasonable doubt standard does not apply to a civil case, like this one, so you should put the reasonable doubt standard out of your minds.

**Instruction No. 13**
**The Digital Millennium Copyright Act**

You have heard testimony and seen documents that refer to the Digital Millennium Copyright Act, known as the "DMCA."  The DMCA provides that an internet service provider, like Grande, may have a defense, called a safe harbor defense, to claims of secondary liability arising from infringement by users on its network.  That defense is not available to Grande in this case.  However, the fact that the safe harbor provision does not apply does not bear adversely on the consideration of a defense by Grande that Grande's conduct is not infringing under the Copyright Act or any other defense. Attempting to qualify for the DMCA safe harbor is optional for internet service providers; it is not a legal requirement.

**Instruction No. 14**
**Copyright Definition**

A "copyright" is a set of rights granted by federal law to the owner of an original work of authorship, such as a musical composition or sound recording. In this case, the copyrighted works at issue all consist of sound recordings. The term "owner" includes the author of the work, an assignee, and an exclusive licensee. Among other rights, the owner of a copyright has the exclusive right to distribute copies of the copyrighted work to the public by sale or other transfer of ownership or by rental, lease, or lending.

**Instruction No. 15**
**Plaintiffs' Claim**

In this case, Plaintiffs contend that Grande is contributorily liable for the unauthorized distribution of Plaintiffs' 1,422 copyrighted sound recordings by subscribers of Grande's internet service.

**Instruction No. 16**
**Infringement**

In order to prove contributory copyright infringement, Plaintiffs first must establish by a preponderance of the evidence the following four elements:

***First***, that they own copyrights in their sound recordings and that the copyrights and their registrations in each of the sound recordings is valid.  This issue has already been resolved, and you do not need to decide it.  Plaintiffs have already established that they are the owners of the 1,422 copyrighted sound recordings at issue in this case, and that the copyrights and their registrations in each of these 1,422 sound recordings is valid.

However, you do need to determine the other three elements.

***Second element***. Whether users of Grande's internet service used that service to infringe Plaintiffs' right to distribute their works.  A copyright owner's exclusive right to distribute its copyrighted work is infringed by distributing any part of the copyrighted work without Plaintiffs' authorization.

Plaintiffs are not required to prove the specific identities of the infringing users and Plaintiffs may prove infringement through direct or circumstantial evidence.  As evidence of direct infringement, Plaintiffs are entitled to rely on, and you are permitted to consider, evidence that copyrighted content was offered or distributed to a third party who is investigating or monitoring infringing activity.

If you find that users of Grande's internet service distributed any of Plaintiffs' copyrighted works at issue or any portion thereof, without Plaintiffs' authorization, then Plaintiffs have established that users of Grande's internet service have infringed Plaintiffs' copyrights in those works.

***Third element.***   Whether Grande knew of specific instances of infringement or was willfully blind to such instances of infringement.  The term "willful blindness" means that someone believes there is a high probability of a fact but deliberately takes steps to avoid learning it.

***Fourth element***: Whether Grande induced, caused, or materially contributed to the infringing activity.  This standard is met when a defendant can take basic measures to prevent further damages to copyrighted works, yet intentionally continues to provide access to infringing sound recordings.

**Instruction No. 17**
**Damages: Consider Damages Only If Necessary**

If the Plaintiffs have proved some or all of their claims against Grande by a preponderance of the evidence, you must determine the damages to which the Plaintiffs are entitled.  You should not interpret the fact that I am giving instructions about the Plaintiffs' damages as an indication in any way that I believe that Plaintiffs should, or should not, win this case.  It is your task first to decide whether Grande is liable.  I am instructing you on damages only so that you will have guidance in the event you decide that Grande is liable and that the Plaintiffs are entitled to recover money from Grande.

**Instruction No. 18**
**Damages: Statute of Limitations**

Plaintiffs may only recover damages for a sound recording that you find was infringed on or after April 21, 2014.  You may consider evidence of events or recordings that occurred prior to April 21, 2014, but only for the purpose of assessing the Defendant's state of mind, knowledge, and/or willfulness.

**Instruction No. 19(a)**
**Statutory Damages—Generally**

Plaintiffs may elect to receive "statutory damages" under the United States Copyright Act. "Statutory damages" are damages that are established by Congress in the Copyright Act to compensate the copyright owner, penalize the infringer, and deter future copyright infringements.

You must issue an award of between $200 and $30,000 for each eligible copyrighted work that you found to be infringed. You must not award statutory damages for any of the 19 copyrighted sound recordings listed at the end of this instruction. However, the other 1,403 copyrighted sound recordings are eligible for statutory damages.

If Plaintiffs prove that Grande acted willfully in contributorily infringing Plaintiffs' copyrights you may, but are not required to, increase the statutory damage award to a sum as high as $150,000 eligible per copyrighted work. An instruction defining willfulness will be given next.

If you find that the infringement was innocent, then you may, but are not required to, award as little as $200 for each work innocently infringed. An infringement is considered innocent if Grande proved by a preponderance of the evidence that Grande was not aware and had no reason to believe that its acts constituted an infringement of copyright.

You should award as statutory damages an amount that you find to be fair under the circumstances. In determining the appropriate amount to award, you may consider the following factors:

- The profits Grande earned because of the infringement;
- The expenses Grande saved because of the infringement;
- The revenues that Plaintiffs lost because of the infringement;
- The difficulty of proving Plaintiffs' actual damages;
- The circumstances of the infringement;

- Whether Grande acted willfully, intentionally, or recklessly in contributorily infringing Plaintiffs' copyrights;

- The need to deter Grande from infringing again in the future;

- The need to deter others from infringing in the future; and

- In the case of willfulness, the need to punish Grande.

In considering what amount would have a deterrent effect, you may consider Grande's total profits and the effect the award may have on other Internet service providers in the marketplace.

Plaintiffs are not required to prove any actual damage suffered by Plaintiffs to be awarded statutory damages.  Should you choose to do so, you should award statutory damages whether or not there is evidence of the actual damage suffered by Plaintiffs, and your statutory damage award need not be based on the actual damages suffered by Plaintiffs.

| Bruno Mars | Gorilla |
|---|---|
| Bruno Mars | If I Know |
| Bruno Mars | Natalie |
| Bruno Mars | Show Me |
| Bruno Mars | When I Was Your Man |
| Bruno Mars | Young Girls |
| Trey Songz | About You |
| Foo Fighters | The Pretender |
| Wiz Khalifa | KK (Feat. Project Pat Juicy J.) |
| Wiz Khalifa | Still Down (feat. Chevy Woods Ty Dolla $ign) |
| Wiz Khalifa | The Sleaze |
| Wiz Khalifa | True Colors (Feat. Nicki Minaj) |

| | |
|---|---|
| Jennifer Lopez | Same Girl |
| Katy Perry | By the Grace of God |
| Katy Perry | Choose Your Battles |
| Katy Perry | Dark Horse |
| John Legend | The Beginning… |
| John Legend | Who Do We Think We Are |
| One Direction | Ready to Run |

**Instruction No. 19(b)**
**Statutory Damages—Willfulness**

Grande's contributory infringement is considered willful if Plaintiffs proved by a preponderance of the evidence that Grande had knowledge that its subscribers' actions constituted infringement of Plaintiffs' copyrights or that Grande acted with reckless disregard for or willful blindness to the Plaintiffs' rights.

**Instruction No. 20**
**Limiting Instruction Regarding *BMG v. Cox***

You have heard evidence in another case, in another court, with different parties, that there was a verdict reached in a copyright litigation against a different internet provider.  This evidence may be considered by you only for the purpose of evaluating the state of mind of Grande executives and employees, and the state of mind of Plaintiffs' executives and employees, at the time and nothing else.

It is not to be considered by you as evidence that because a different internet service provider was found liable that Grande in this case is liable.  Although the other case involved Rightscorp, it involved different parties, different lawyers, different facts, additional evidence and different instructions on the law.  In other words, it was a totally different case with the exception of the involvement of Rightscorp.  Further, this case went up on appeal, and the final result of that case is not before you and is not relevant.

**Instruction No. 21**
**Duty to Deliberate**

It is now your duty to deliberate and to consult with one another in an effort to reach a verdict. Each of you must decide the case for yourself, but only after an impartial consideration of the evidence with your fellow jurors. During your deliberations, do not hesitate to reexamine your own opinions and change your mind if you are convinced that you were wrong. But do not give up on your honest beliefs because the other jurors think differently, or just to finish the case.

Remember at all times, you are the judges of the facts. You have been allowed to take notes during this trial. Any notes that you took during this trial are only aids to memory. If your memory differs from your notes, you should rely on your memory and not on the notes. The notes are not evidence. If you did not take notes, rely on your independent recollection of the evidence and do not be unduly influenced by the notes of other jurors. Notes are not entitled to greater weight than the recollection or impression of each juror about the testimony.

When you go into the jury room to deliberate, you may take with you a copy of this charge, the exhibits that I have admitted into evidence, and your notes. You must select a foreperson to guide you in your deliberations and to speak for you here in the courtroom.

Your verdict must be unanimous. After you have reached a unanimous verdict, your jury foreperson must fill out the answers to the written questions on the verdict form and sign and date it. After you have concluded your service and I have discharged the jury you are not required to talk with anyone about the case.

If you need to communicate with me during your deliberations, the jury foreperson should write the inquiry and give it to the court security officer. After consulting with the attorneys, I will respond either in writing or by meeting with you in the courtroom. Keep in

mind, however, that you must never disclose to anyone, not even to me, your numerical division on any question.

You may now proceed to the jury room to begin your deliberation.