```
 1                    UNITED STATES DISTRICT COURT
                       WESTERN DISTRICT OF TEXAS
 2                          AUSTIN DIVISION

 3   UMG RECORDINGS, INC., ET AL,   :
     Plaintiffs,                    :
 4                                  : Case Number:
     vs.                            : 1:17-CV-00365-DAE
 5                                  :
     GRANDE COMMUNICATIONS          : Austin, Texas
 6   NETWORKS, LLC, ET AL,          : November 2, 2022
     Defendants.                    :
 7   *******************************************************

 8                TRANSCRIPT OF JURY TRIAL PROCEEDINGS
                  BEFORE THE HONORABLE DAVID A. EZRA
 9                SENIOR UNITED STATES DISTRICT JUDGE

10   APPEARANCES:
     FOR THE PLAINTIFFS:
11
     **Andrew H. Bart, Esquire**
12   **Jacob Tracer, Esquire**
     Jenner & Block, LLP
13   1155 Avenue of the Americas
     New York, NY  10036
14   (212)891-1600; abart@jenner.com

15   **Robert B. Gilmore, Esquire**
     **Philip J. O'Beirne, Esquire**
16   Stein Mitchell Cipollone Beato & Missner LLP
     1100 Connecticut Avenue, NW, Suite 1100
17   Washington, DC  20036
     (202)601-1589; rgilmore@steinmitchell.com
18
     **Paige Arnette Amstutz, Esquire**
19   Scott, Douglass & McConnico, LLP
     303 Colorado Street, Suite 2400
20   Austin, Texas  78701
     (512)495-6300; pamstutz@scottdoug.com
21

22

23

24

25
```

```
 1  FOR THE DEFENDANTS:
 2  Richard L. Brophy, Esquire
 3  Zachary C. Howenstine, Esquire
 4  Mark A. Thomas, Esquire
 5  Margaret R. Szewczyk, Esquire
    Armstrong Teasdale, LLP
 6  7700 Forsyth Boulevard, Suite 1800
    St. Louis, Missouri   63105
 7  (314)621-5070
    rbrophy@armstrongteasdale.com
 8  zhowenstine@armstrongteasdale.com
    mathomas@atllp.com
 9  mszewczyk@armstrongteasdale.com
10
11
12
13
14
15
16
17
18
19
20  COURT REPORTER:
    Angela M. Hailey, CSR, CRR, RPR, RMR
21  Official Court Reporter, U.S.D.C.
    262 West Nueva Street
22  San Antonio, Texas   78207
    Phone(210)244-5048
23  angela_hailey@txwd.uscourts.gov

24  Proceedings reported by stenotype, transcript produced by
    computer-aided transcription.
25
```

1  *(Wednesday, November 2, 2022, 3:54 p.m., jury question.)*

2             \* \* \*

3        COURTROOM DEPUTY CLERK: Austin, 17-CV-365, UMG

4  Recordings et al versus Grande Communication Networks.

5        THE COURT: Okay. The Court would note the presence

6  of counsel, the absence of the jury. We're here to discuss a

7  jury question, number one. The record should reflect that it

8  consists of two parts. I will read the jury question into the

9  record. Number one, *Did Grande forward notices from other*

10 *monitoring companies to customers between 2010 and 2016?* And

11 number two, *Of 1403 sound recordings in question, how many were*

12 *based on notices between April 21, 2014 for jury instruction*

13 *number 18 and June 2017?*

14       Now, here is the problem. They are basically asking

15 us to recall for them evidence. And generally we don't do

16 that. But I'll hear what your thoughts are. Have you had a

17 chance to look at it?

18       MR. BROPHY: Yes, Your Honor. Thank you.

19       MR. BART: I don't have an opinion on Your Honor's

20 procedure for whether you want to point them to evidence or

21 not. The answers to the questions I think are clear which are

22 "Yes," and Defendants 111 is a spreadsheet that lists all of

23 that. And the second the answer is "All." And that was

24 exactly the confusion that I was concerned about with the jury

25 instruction and why I proposed that extra sentence because when

1   you granted our directed verdict on the statute of limitations,
2   it was precisely because all of the works had been forwarded
3   and all of the notices and all of the downloads were in the
4   statute of limitations period.  So I think it's important to
5   answer that because I think that confusion is caused by the
6   jury instruction, with all due respect.
7              THE COURT:  It may be.
8              MR. BART:  But that's my position.
9              MR. BROPHY:  Your Honor, we don't have a strong
10  position on this one way or the other.  I understand the
11  concern about sharing facts with the jury.  I get that.
12             THE COURT:  Ladies and gentlemen, this is what you
13  should find.  I think the Appellate Court might have a little
14  bit of concern about that.
15             MR. BART:  Right.
16             MR. BROPHY:  Right.  My concern is the opposite, that
17  we leave a vacuum and then they're making a decision --
18             THE COURT:  No, I couldn't agree with you more.  So I
19  would say in answer to question number one -- and then what was
20  the exhibit?  I'll just point them to the exhibit.
21             MR. BART:  Defendant's 111.
22             THE COURT:  Please refer to Exhibit DX 111.
23             MR. BART:  Correct.
24             THE COURT:  Among other evidence I'll say.  Okay.  Now
25  what about question number two?

1    MR. BART: I think it has to be "All", Your Honor,
2 that's why you granted us directed verdict on the statute of
3 limitations.
4    THE COURT: *As of 1403 sound recordings in question,*
5 *how many were based on notices between April 21, 2014 and*
6 *June 2017?* I guess that would be "All."
7    MR. BART: It would be "All."
8    THE COURT: Just one word. Unless you have something.
9    MR. BROPHY: Not particularly strongly opinionated on
10 this, but we could also just identify the exhibit that contains
11 the list of notices.
12    MR. BART: Your Honor, you ruled on this as a matter
13 of law. I mean --
14    MR. BROPHY: I'm not disagreeing.
15    THE COURT: He's not disputing that. He's already got
16 his objection in the record.
17    MR. BROPHY: I'm just saying that from a consistency
18 perspective, if we're going to identify an exhibit for the
19 answer to question one, we should identify an exhibit for the
20 answer to question two.
21    THE COURT: What exhibit is it, by the way?
22    MR. BROPHY: We're checking right now.
23    MR. BART: But --
24    THE COURT: Just a minute, Mr. Bart. I have a
25 compromise solution here.

1        MR. BART:  Okay.
2        THE COURT:  Wait until we get the exhibit number.
3        MR. GILMORE:  It's 459.  Plaintiff's Exhibit 459.  If
4   the question is our expert, Dr. Bardwell, had the list of the
5   works in suit and then the date ranges of the notices.
6        MR. BART:  So that's it.
7        MR. GILMORE:  So that's the exhibit.
8        THE COURT:  It would be 459.  I think that's right.
9        MR. BROPHY:  Just permit me a moment to verify that.
10       *(Pause.)*
11       Your Honor, I think we would prefer to just identify
12  the exhibit that had the list of notices rather than expert
13  reports.  That's lending credibility to the expert report.
14       THE COURT:  Where are the list of notices?  What
15  exhibit is that?
16       MR. HOWENSTINE:  PX 2 is a summary of all the
17  Rightscorp notices, PX 2.
18       MR. BROPHY:  Plaintiff's Exhibit Two.
19       MR. GILMORE:  PX 2 is a giant chart of 1.35 million --
20  I think as Ms. Springs knows, it's enormous.  There's no way
21  that the jury is going to be able to sort through that,
22  particularly in a PDF form.  That's why the proper document is
23  PX 459, if Your Honor isn't going to simply answer "All".  PX
24  459 lists each work, so it has 1403 entries and then the date
25  ranges for the notices, and that was undisputed.

1    THE COURT:  Let me ask the defendant's counsel this
2    question.  Is there any real dispute on given the rulings that
3    I've made that the answer "All" is not a correct answer?  I
4    think it is a correct answer.
5    MR. BROPHY:  I think that's right, Your Honor.  And
6    I'm not trying to confuse things, I just want to make sure we
7    offer as vanilla an answer as we can.
8    THE COURT:  I'm just going to put "All" because I
9    think we start getting into -- all right, so I'm going to give
10   this response, I'll have it typed up and --
11   COURTROOM DEPUTY CLERK:  I'm already typing the
12   answer.
13   THE COURT:  I'll sign it and send it in.
14   MR. BART:  Thank you.
15   MR. BROPHY:  Your Honor, there's one other item.  This
16   may be splitting hairs, but the question for number --
17   THE COURT:  Just a minute.  Does it have to do with
18   this?
19   MR. BROPHY:  Yes, Your Honor.
20   THE COURT:  Okay.
21   MR. BROPHY:  The question number one asks if we
22   forwarded notices.  I believe technically we generated letters
23   ourselves and sent them.  We didn't forward the notices.
24   THE COURT:  I think that's right.
25   MR. BROPHY:  I would want to be precise on that.

1    THE COURT:  I think that's right.
2    MR. BROPHY:  Maybe we could say Grande generated.
3    MR. BART:  As reflected on Defendant's 111.
4    THE COURT:  Why don't you draft up something real
5    quick and show it to Mr. Bart.
6    MR. BART:  I don't think that should be a problem.
7    THE COURT:  No.
8    *(4:01 p.m.)*
9                        * * *
10   *(4:08 p.m.)*
11   MR. BART:  What I would say is they generated a letter
12   for each notice that is listed in Defendant's Exhibit 111 and
13   mailed that letter.  Generated a letter for each notice
14   reflected in Exhibit 111 and mailed that letter.
15   THE COURT:  Make that change.
16   MR. GILMORE:  So the issue is that they sent letters
17   based on multiple notices, so I don't think each letter that's
18   reflected in DX 111 corresponds to one notice the way this
19   answer suggests.
20   MR. BROPHY:  I don't think that that matters.  I think
21   we're splitting hairs to a degree that's unnecessary.
22   THE COURT:  I don't want to confuse -- let's not get
23   them all --
24   MR. BART:  Can I just have two seconds please?
25   *(4:09 p.m.)*

1                          * * *
2              *(4:13 p.m.)*
3              THE COURT:  Let's not take too long here.  Mr. Bart,
4    he's got something here.
5              MR. BART:  I think the answer is "All".  They're
6    looking to see how many were in the statute of limitations
7    period, Your Honor has ruled on that.  "All" is the right
8    answer.  I think that anything else is providing information
9    that's going to confuse the jury and make them think that
10   there's an issue for them to resolve and you have already
11   resolved it.  All of the 1403 were infringed.
12             THE COURT:  The way I have the proposed answer is *All*
13   *of the sound recordings were based on notices between April 21,*
14   *2014 and June 2017.*  That's it.  That's the answer.
15             MR. BART:  Okay.
16             MR. BROPHY:  So the first one would read *Grande*
17   *generated letters for the notices listed in DX 111 and mailed*
18   *those letters via US mail to the affected customers.*
19             THE COURT:  Okay.  Can you do that?
20             COURTROOM DEPUTY CLERK:  Yes.
21             THE COURT:  She's going to do it right now.  I'll get
22   your approval and then I will sign it and we will send it back
23   and you'll get a copy.
24             MR. BART:  This is fine with us.
25             MR. BROPHY:  Yes, fine with us also.

1          THE COURT:  All right.
2          *(4:14 p.m. off the record.)*
3                              *   *   *

1              * * * * *

2  UNITED STATES DISTRICT COURT

3  WESTERN DISTRICT OF TEXAS

4

5     I certify that the foregoing is a correct transcript from

6  the record of proceedings in the above-entitled matter.  I

7  further certify that the transcript fees and format comply with

8  those prescribed by the Court and the Judicial Conference of

9  the United States.

10

11  Date signed:  November 28, 2022

12

13  /s/ Angela M. Hailey
    _____
14  Angela M. Hailey, CSR, CRR, RPR, RMR
    Official Court Reporter
15  262 West Nueva Street
    San Antonio, Texas  78207
16  (210)244-5048