```
 1                    UNITED STATES DISTRICT COURT
                      WESTERN DISTRICT OF TEXAS
 2                          AUSTIN DIVISION

 3  UMG RECORDINGS, INC., ET AL,   :
    Plaintiffs,                    :
 4                                 : Case Number:
    vs.                            : 1:17-CV-00365-DAE
 5                                 :
    GRANDE COMMUNICATIONS          : Austin, Texas
 6  NETWORKS, LLC, ET AL,          : November 3, 2022
    Defendants.                    :
 7  ********************************************************

 8                    TRANSCRIPT OF JURY VERDICT
                BEFORE THE HONORABLE DAVID A. EZRA
 9              SENIOR UNITED STATES DISTRICT JUDGE

10  APPEARANCES:
    FOR THE PLAINTIFFS:
11
    Andrew H. Bart, Esquire
12  Jacob Tracer, Esquire
    Jenner & Block, LLP
13  1155 Avenue of the Americas
    New York, NY  10036
14  (212)891-1600; abart@jenner.com

15  Robert B. Gilmore, Esquire
    Philip J. O'Beirne, Esquire
16  Stein Mitchell Cipollone Beato & Missner LLP
    1100 Connecticut Avenue, NW, Suite 1100
17  Washington, DC  20036
    (202)601-1589; rgilmore@steinmitchell.com
18
    Paige Arnette Amstutz, Esquire
19  Scott, Douglass & McConnico, LLP
    303 Colorado Street, Suite 2400
20  Austin, Texas  78701
    (512)495-6300; pamstutz@scottdoug.com
21

22

23

24

25
```

```
1   FOR THE DEFENDANTS:

2   Richard L. Brophy, Esquire

3   Zachary C. Howenstine, Esquire

4   Mark A. Thomas, Esquire

5   Margaret R. Szewczyk, Esquire
    Armstrong Teasdale, LLP
6   7700 Forsyth Boulevard, Suite 1800
    St. Louis, Missouri  63105
7   (314)621-5070
    rbrophy@armstrongteasdale.com
8   zhowenstine@armstrongteasdale.com
    mathomas@atllp.com
9   mszewczyk@armstrongteasdale.com

10

11

...

20  COURT REPORTER:
    Angela M. Hailey, CSR, CRR, RPR, RMR
21  Official Court Reporter, U.S.D.C.
    262 West Nueva Street
22  San Antonio, Texas  78207
    Phone(210)244-5048
23  angela_hailey@txwd.uscourts.gov

24  Proceedings reported by stenotype, transcript produced by
    computer-aided transcription.
25
```

1   *(Thursday, November 3, 2022, 11:23 a.m., jury question.)*
2                              \* \* \*
3         COURTROOM DEPUTY CLERK: Austin, 17-CV-365, UMG
4   Recordings, Inc. et al versus Grande Communication Networks,
5   LLC.
6         THE COURT: All right. The Court would note the
7   presence of counsel, the absence of the jury. We received a
8   second question, number two. In response to that second
9   question, I have prepared a template, the lawyers have reviewed
10  it. I have accepted a few changes and now both counsel --
11  counsel for both parties have agreed I will read this into the
12  record. It will also be filed as part of the record.
13        The response is as follows: *Members of the jury,*
14  *during closing argument, plaintiffs' counsel suggested an award*
15  *of statutory damages that plaintiffs felt was appropriate under*
16  *the facts of this case. Defense counsel disagrees and*
17  *suggested that no damages should be awarded. Should you decide*
18  *to award damages in this case, it is important to remember that*
19  *what any lawyer suggests to you is not evidence. The evidence*
20  *is the testimony of witnesses, documents as well as other*
21  *materials received into evidence. I refer you to instruction*
22  *19(a) which lays out the law relative to damages to be awarded,*
23  *if any. This instruction should be reviewed in light of all*
24  *other instructions provided to you. Dated Austin Texas,*
25  *November 3, 2022, David Alan Ezra, Senior U.S. District Judge.*

1 Okay?

2 MR. BART: Yes.

3 MR. BROPHY: No objection.

4 THE COURT: It's only 19(a).

5 MR. BART: It's 19(a) and (b).

6 THE COURT: I guess it is 19(a) and (b). Do we have
7 the instructions here? Gentlemen, you want to step up, I'll
8 show you (b), ladies. I don't know who's coming up. I should
9 say "counsel." Yes, (b), it's right, it should be (a) and (b).

10 MR. BROPHY: My only point is that 19(a) includes the
11 full articulation of the range including willfulness; 19(b)
12 just provides the definition of what the willfulness is, so
13 it's already in 19(a), seems like 19(b) is duplicative.

14 MR. HOWENSTINE: 19(a) is responsive to the question.

15 THE COURT: Just a minute.

16 MR. BART: In order for them to understand the context
17 of this, they need to understand what that definition is.

18 THE COURT: I don't think it's prejudicial to the
19 defendant, so I'll put 19(a) and (b).

20 MR. BROPHY: We would object to that part, just for
21 the record.

22 THE COURT: All right. And then I don't need to
23 reread it to you, that's the only change.

24 MR. BART: Thank you.

25 THE COURT: Let me put it this way, *"...the law*

1   *relative to damages and the definition of willfulness, if any."*
2   Willfulness, if any.  So it's not conflating damages with a
3   definition.  Let me read that last paragraph.
4           *"I refer you to instructions 19(a) and (b) which lays*
5   *out the law relative to damages, if any, and the definition of*
6   *willfulness.  These instructions should be reviewed in light of*
7   *all the other instructions provided to you."*
8           MR. BART:  Okay.
9           MR. BROPHY:  Our perspective is there's no need to
10  specifically call out willfulness.  We object to that part.
11          THE COURT:  I understand, but I think with this
12  clarification there is absolutely no prejudice, so I'm going to
13  give it that way.  All right?
14          MR. BART:  Thank you.
15          THE COURT:  All right.  Thank you very much.  Have a
16  good lunch.  We'll let you know when we hear from them again.
17  That will be delivered to them right away.
18          *(11:29 a.m.)*
19                          \*   \*   \*
20          *(1:33 p.m., Verdict.)*
21          COURT SECURITY OFFICER:  All rise.
22          THE COURT:  Please be seated.
23          COURT CLERK:  Austin, 17-CV-365, UMG Recordings, Inc.
24  et al versus Grande Communications, LLC.
25          THE COURT:  The Court would note the presence of

1   counsel and the absence of the jury.  Before we bring the jury
2   in, I'm sure we put this on the record, but just in case we
3   didn't, everybody agreed to the Verdict Form, correct?
4             MR. BART:  Yes.
5             MR. BROPHY:  Yes, Your Honor.
6             THE COURT:  All right.  Let's bring the jury in for
7   the verdict.
8             COURT SECURITY OFFICER:  Please rise for the jury.
9             *(1:43 p.m., the jury enters the courtroom.)*
10                              *   *   *
11            THE COURT:  All right.  Please be seated.  Good
12  afternoon, ladies and gentlemen.  I have been advised by the
13  court security officer that you have reached a unanimous
14  verdict.  Is that true?
15            FOREPERSON:  Yes.
16            THE COURT:  And as your foreperson -- who is your
17  foreperson?  You are, sir. All right.  Thank you.  Have you
18  answered all the questions and signed the Verdict Form?
19            FOREPERSON:  Yes.
20            THE COURT:  All right.  Priscilla, would you get the
21  Verdict Form from the foreperson please?  My courtroom deputy
22  will be reading your verdict, so please pay careful attention
23  because then you're going to be polled afterward to make sure
24  that this is your verdict individually.  Okay?
25            There is one question on here that is unanswered.  Let

1    me see.  They have to answer question four.  Is that right?
2            *(Discussion off the record.)*
3                            * * *
4            THE COURT:  All right.  Sorry.
5            COURTROOM DEPUTY CLERK:  Verdict form.  *We, the jury,*
6    *in the above-captioned action, answer the questions submitted*
7    *to us as follows:*
8            *1) Did the plaintiffs prove by a preponderance of the*
9    *evidence that Grande is contributorily liable for copyright*
10   *infringement?*
11           *Answer:  Yes.*
12           *2) What is the number of copyrighted works for which*
13   *the plaintiffs have proven that Grande is liable for statutory*
14   *damages?*
15           *Answer:  1,403.*
16           *3) Did the plaintiffs prove by a preponderance of the*
17   *evidence that Grande's contributory infringement was willful?*
18           *Answer:  Yes.*
19           Number four was not answered, because question number
20   one was answered Yes and question number three was answered No.
21           THE COURT:  No.
22           COURTROOM DEPUTY CLERK:  Yes to question one and No to
23   question three.
24           MR. BART:  It's "Yes" to three.
25           THE COURT:  It was "Yes" to three.

1       *(Discussion off the record.)*

2                       \* \* \*

3       THE COURT: Can't be willful and innocent at the same
4  time.

5       COURTROOM DEPUTY CLERK: Question number five: *What*
6  *is the total amount of statutory damages you award to*
7  *plaintiffs in this case?*

8       *Total statutory damages: $46,766,200.*

9       Signed foreperson, dated November 3, 2022.

10      THE COURT: All right, ladies and gentlemen, you've
11 heard the verdict of the jury read. I'm going to ask you, are
12 there any of you who disagree with the verdict as read? If so,
13 please raise your hand.

14      Having seen no hands, the Court finds that the verdict
15 was unanimous. Having found the verdict to be unanimous, the
16 Court hereby directs that the verdict is hereby filed as the
17 verdict of this jury in this case and spread upon the records
18 of the United States District Court for the Western District of
19 Texas, Austin Division.

20      Ladies and gentlemen, I want to, on behalf of the
21 parties, thank you very much for your dedicated and careful and
22 very, very important service to the parties and to the people
23 of this community and to your fellow United States citizens in
24 this case.

25      I've told you before and I will repeat it again, there

are few things in this country that are more important than having citizens step forward and serve on a jury. It is exactly and absolutely what separates this country from those totalitarian regimes that you see and read about and hear about in the newspapers. You only need to think about what's going on now in Iran or Russia to think about what this country could be like if this important piece of our democracy didn't function. And without having people like yourselves, American citizens, step forth and serve as jurors, the fact of the matter is the sacrifices by the men and women of this country throughout our history who have died and/or suffered debilitating injuries for their lives in service of freedom and democracy would be for naught.

      I think I may have told you, if not, I will tell you now. When I was sworn in as a federal judge, my father who was a wounded combat veteran, highly decorated of World War II, said to me, *"David, when you take that bench, every time you walk up there, you look at that American flag and you remember that if it wasn't for the sacrifices of the men and women of this country, my friends, who are buried at Normandy, if it wasn't for that sacrifice, that great eagle on the wall would have been a German swastika and that would have been the end of this country."*

      So ladies and gentlemen, your service was very important and you did honor to all of us, including those who

1  gave so much for freedom by making yourselves available and
2  willing to make the sacrifice that you made.
3        Now, with the thanks of the parties, I'm going to ask
4  that you just wait a minute, I'm going to just chat with you
5  briefly.  Not so much about the case.  I don't talk about the
6  case, but about just your service, make sure you were treated
7  well and there aren't any issues and then I'm going to let you
8  go.  Okay?  Thank you.
9        COURT SECURITY OFFICER:  Please rise for the jury.
10        *(1:52 p.m., the jury exits the courtroom.)*
11        * * *
12        THE COURT:  Counsel can be seated.  We will have
13  post-trial motions as well as an appeal in this case.  And so
14  to say that this is over and done with would be hyperbole and
15  fantasy, I think, but suffice it to say that I do for my part
16  want to thank again counsel for your many courtesies throughout
17  this trial.  I thought it was a very fair trial on both sides.
18  I've said this before and, you know, people say, Well, you
19  know, Judge, you don't really thank lawyers enough.  Lawyers
20  are supposed to do their jobs.  But when I see extraordinary
21  lawyering, which isn't that often, I don't mean to be blowing
22  smoke at people.  I sincerely mean it.  There was
23  extraordinarily good lawyering in this case from all sides, all
24  sides.  And you know, when I was a very young lawyer, one of my
25  mentors was the great Watergate prosecutor, Leon Jaworski, who

1  taught at my law school as an adjunct.  And he had a lot of
2  things to say, but one of the things he told me is *A great*
3  *lawyer when faced with difficult facts, works with the facts, a*
4  *terrible lawyer tries to change them.*
5          We didn't have any of that here.  We had everybody
6  working with the facts and doing the best they can and the
7  facts are the facts.  And what can you do?  But I thought it
8  was well tried by both sides.  My rulings, of course, will be
9  tested obviously and that's just the way it's supposed to be.
10 But I would like to again thank you.  I will remain on the
11 case, of course, for any post trial motions that are filed.
12 And please remember your deadlines.  Fifth Circuit is very
13 tough on deadlines.  You come from different circuits, Second
14 Circuit and -- Seventh Circuit?
15          MR. BROPHY:  Eighth Circuit.
16          THE COURT:  I never hear much about the Eighth
17 Circuit.
18          MR. BROPHY:  We're a sleepy bunch.
19          THE COURT:  I knew a lot about the Seventh Circuit
20 because I sat in Chicago.  Thank you very much.  You are
21 excused.
22          COURT SECURITY OFFICER:  All rise.
23          *(1:54 p.m.)*
24                          *   *   *
25

1            * * * * *

2    UNITED STATES DISTRICT COURT

3    WESTERN DISTRICT OF TEXAS

4

5       I certify that the foregoing is a correct transcript from

6    the record of proceedings in the above-entitled matter.  I

7    further certify that the transcript fees and format comply with

8    those prescribed by the Court and the Judicial Conference of

9    the United States.

10

11   Date signed:  November 28, 2022

12

13   /s/ Angela M. Hailey
     _____
14   Angela M. Hailey, CSR, CRR, RPR, RMR
     Official Court Reporter
15   262 West Nueva Street
     San Antonio, Texas  78207
16   (210)244-5048