UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| UMG RECORDINGS, INC., et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | No. 1:17-cv-00365-DAE |
| ) | |
| GRANDE COMMUNICATIONS ) | |
| NETWORKS LLC, ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT GRANDE COMMUNICATIONS NETWORKS LLC'S RESPONSE TO PLAINTIFFS' MOTION FOR ENTRY OF JUDGMENT**

Plaintiffs UMG Recordings, Inc., et al. ("Plaintiffs") filed a motion for entry of judgment (ECF No. 460), in accordance with the jury's November 3, 2022 verdict (ECF No. 458). Plaintiffs' proposed judgment is attached to their motion (ECF No. 460-1).

Defendant Grande Communications Networks LLC ("Defendant") disagrees with Plaintiffs' proposed form of judgment. There is no need for a complex judgment that attempts to restate and characterize the jury's findings, which speak for themselves.[1] Instead, the Court should enter a simple and straightforward judgment in the form attached as Exhibit A, which mirrors the judgments entered in the similar *Sony v. Cox* litigation (Exhibit B) and *BMG v. Cox* litigation (Exhibit C).

There are two additional issues with Plaintiffs' proposed judgment that are worth noting.

---

[1] For example, the jury found contributory infringement of 1,403 "copyrighted works," but Plaintiffs' proposed judgment refers to infringement of 1,403 "copyrighted sound recordings." Is there a difference? These kinds of issues can be avoided entirely by not attempting to characterize the verdict.

First, paragraph 2 of Plaintiffs' proposed judgment seeks to bypass the automatic 30-day of execution under Fed. R. Civ. P. 62(a).  Plaintiffs have provided no reason—and there is no reason—to deviate from the default 30-day stay of execution on a judgment.  Second, paragraphs 3 and 4 of Plaintiffs' proposed judgment are unnecessary and may only cause confusion.  The Federal Rules of Civil Procedure and applicable case law govern how and whether Plaintiffs may seek attorneys' fees and prejudgment interest (addressed in paragraph 3), and the extent to which the judgment is "final" for purposes of appeal (addressed in paragraph 4).

Accordingly, Defendant respectfully requests that the Court enter the proposed judgment attached as Exhibit A.  Entry of judgment will then trigger the parties' respective deadlines for post-trial motions, including motions for judgment under Rule 50(b), for attorneys' fees under Rule 54, to alter or amend the judgment under Rule 59, for a new trial under Rule 59, and for relief from the judgment under Rule 60.

Dated: December 16, 2022

By: /s/ *Richard L. Brophy*
Richard L. Brophy
Zachary C. Howenstine
Mark A. Thomas
Margaret R. Szewczyk
Sydney K. Johnson
ARMSTRONG TEASDALE LLP
7700 Forsyth Blvd., Suite 1800
St. Louis, Missouri 63105
Telephone: 314.621.5070
Fax: 314.621.5065
rbrophy@atllp.com
zhowenstine@atllp.com
mszewczyk@atllp.com
mathomas@atllp.com
skjohnson@atllp.com

                        J. Stephen Ravel
                        Texas State Bar No. 16584975
                        Diana L. Nichols
                        Texas State Bar No. 00784682
                        KELLY HART & HALLMAN LLP
                        303 Colorado, Suite 2000
                        Austin, Texas 78701
                        Telephone: 512.495.6429
                        Fax: 512.495.6401
                        Email: steve.ravel@kellyhart.com
                                    diana.nichols@kellyhart.com

                        *Attorneys for Defendant Grande*
                        *Communications Networks LLC*

## CERTIFICATE OF SERVICE

The undersigned certifies that on December 16, 2022, all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system pursuant to Local Rule CV-5(b)(1).

                        /s/ *Richard L. Brophy*
                        Richard L. Brophy