**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| UMG RECORDINGS, INC., et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | No.  1:17-cv-00365-DAE |
| | ) | |
| GRANDE COMMUNICATIONS | ) | |
| NETWORKS LLC, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**REPLY IN SUPPORT OF PLAINTIFFS' MOTION FOR ENTRY OF JUDGMENT**

The Court should expeditiously enter judgment in this action.  After claiming that it needed a full month to respond to Plaintiffs' straightforward motion for the entry of judgment, Defendant Grande Communications Networks LLC ("Grande") submitted a two-page "response" that does not object to the entry of judgment in Plaintiffs' favor, does not contend that Plaintiffs' proposed judgment is in any way improper or prejudicial, and does not raise any argument that would affect the substance of the judgment to which Plaintiffs are entitled.  Instead, Grande raises only a handful of makeweight arguments[1] about the form of Plaintiffs' proposed judgment that do not warrant the expenditure of judicial resources or justify further delays in entering judgment.

The core of Grande's objection to Plaintiffs' proposed judgment seems to be that Plaintiffs included specific jury findings from the verdict form in their proposed judgment.  However, Grande does not argue that including such findings is either improper or prejudicial—because it

---

[1]  As a telling example, Grande points out that, while the verdict form referred to Plaintiffs' "works," Plaintiffs' proposed judgment referred to Plaintiffs' "sound recordings."  Resp. at 1 n.1. Grande does not claim this distinction makes a difference, and obviously it does not.  So that judicial resources need not be spent on such minutiae, Plaintiffs do not object to substituting the word "works" for the phrase "sound recordings."

clearly is neither.   Indeed, when a jury's verdict answers multiple written questions, it is appropriate to enter a judgment reflecting the jury's specific findings.  *See* FED. PRAC. & PROC. § 2510, The Return of Verdicts and the Entry of Judgment.  Thus, it is not surprising that Plaintiffs' proposed judgment is consistent with the form of judgments entered in this district in other cases where the jury answered written questions in the verdict form.[2]   Further, because the jury's findings are already part of the public record, including them in the judgment could not possibly be prejudicial—nor does Grande claim that they are.  Thus, Grande has not provided the Court with any justification for either its delay or for altering Plaintiffs' proposed judgment.[3]

The only issue Grande raises that requires any attention from this Court is the claim that Plaintiffs' proposed judgment "seeks to bypass" the 30-day stay of execution in Rule 62(a).  Resp. at 2.  However, Grande ignores the fact that Rule 62(a) expressly permits courts to "order[] otherwise" when circumstances warrant such an order.  Fed. R. Civ. P. 62(a).  This is such a case.  Due to the needlessly extended briefing schedule for this motion, which Grande requested, the judgment in this case will be entered at least two months after the verdict was rendered.  Thus, Grande has already received the benefit of a longer delay in execution than provided by Rule 62(a).  In this circumstance, the Court should make the judgment immediately executable.

For these reasons, Plaintiffs respectfully request that the Court enter judgment in the form submitted by Plaintiffs.

---

[2] *See, e.g.,* June 3, 2022 Judgment, *Profectus Tech. LLC v. Google LLC*, No. 6:20-cv-00101-ADA, Dkt. No. 220 (stating that the defendant had not directly infringed, had not induced infringement, that the subject patents were invalid, and that the defendant was entitled to recover costs as the prevailing party).

[3] While Grande objects to the inclusion of the statements in Plaintiffs' proposed judgment that it is a final judgment and without prejudice to the right of Plaintiffs to seek recovery of fees, costs, and prejudgment interest, Grande does not contest the accuracy of those statements or claim they are inconsistent with the Federal Rules of Civil Procedure or any case law.

Dated: January 3, 2023

Respectfully Submitted:

By: ___*/s/ Andrew H. Bart*___
Andrew H. Bart (admitted *pro hac vice*)
Jacob L. Tracer (admitted *pro hac vice*)
**Jenner & Block LLP**
1135 Avenue of the Americas
New York, NY 10036
Telephone: (212) 891-1600
Facsimile: (212) 891-1699
abart@jenner.com
jtracer@jenner.com

Robert B. Gilmore (admitted *pro hac vice*)
Philip J. O'Beirne (admitted *pro hac vice*)
Kevin J. Attridge (admitted *pro hac vice*)
**Stein Mitchell Beato & Missner LLP**
901 15th Street, N.W., Suite 700
Washington, DC 20005
Telephone: (202) 737-7777
Facsimile: (202) 296-8312
rgilmore@steinmitchell.com
pobeirne@steinmitchell.com
kattridge@steinmitchell.com

Daniel C. Bitting (State Bar No. 02362480)
Paige Arnette Amstutz (State Bar No. 00796136)
**Scott Douglass & McConnico LLP**
303 Colorado Street, Suite 2400
Austin, TX 78701
Telephone: (512) 495-6300
Facsimile: (512) 495-6399
dbitting@scottdoug.com
pamstutz@scottdoug.com

***Attorneys for Plaintiffs***

3

**<u>CERTIFICATE OF SERVICE</u>**

Pursuant to the Federal Rules of Civil Procedure and Local Rule CV-5, I hereby certify that, on January 3, 2023, all counsel of record who have appeared in this case are being served with a copy of the foregoing via the Court's CM/ECF system.

*/s/ Paige Arnette Amstutz*

Paige Arnette Amstutz
