IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| UMG RECORDINGS, INC, et. al., | § | CV. NO. 1:17-CV-365 |
| | § | |
| Plaintiffs, | § | |
| | § | |
| vs. | § | |
| | § | |
| GRANDE COMMUNICATIONS NETWORKS, LLC, | § | |
| | § | |
| Defendant. | § | |

## ORDER GRANTING PLAINTIFFS' MOTION FOR ENTRY OF FINAL JUDGMENT

Before the Court is Plaintiffs UMG Recordings, Inc., et. al.'s ("Plaintiffs") Motion for Entry of Final Judgment, filed November 18, 2022. (Dkt. # 460.) The Court granted a Joint Motion for Extension of Time to File a Response/Reply on November 23, 2022. (Dkt. # 462.) Defendant Grande Communications Networks, LLC ("Defendant") filed a Response to the Motion for Entry of Judgment on December 16, 2022. (Dkt. # 478.) Plaintiffs filed a Reply on January 3, 2023. (Dkt. # 479.) Pursuant to Local Rule 7(h), the Court finds

1

this matter suitable for disposition without a hearing.  For the reasons that follow, the Court **GRANTS** Plaintiffs' Motion for Entry of Final Judgment.  (Dkt. # 460.)  In accordance with Rule 58 of the Federal Rules of Civil Procedure, a judgment will issue by separate document.

## BACKGROUND

On April 13, 2017, Plaintiffs commenced this action against Defendant for secondary copyright infringement.  (Dkt. # 1.)  Plaintiffs demanded a jury, which was empaneled October 7, 2022, and a trial on the merits began on October 12, 2022.  (Dkt. # 416.)  On November 3, 2022, the jury returned a unanimous verdict finding the following:

1. Plaintiffs proved by a preponderance of the evidence that Grande is contributorily liable for copyright infringement.
2. The number of copyrighted works for which plaintiffs proved that Grande is liable for statutory damages is 1,403.
3. Plaintiffs proved by a preponderance of the evidence that Grande's contributory infringement was willful.
4. The total amount of statutory damages awarded to Plaintiffs is $46,766,200.00.

(Dkt. # 458) (corresponding numbering to verdict form).

## DISCUSSION

Defendant's Response indicates that it agrees the Court should enter final judgment in this case pursuant to Federal Rule of Civil Procedure 58, but disagrees on the content of the judgment.  (Dkt. # 478.)  Defendant asks that the

judgment include only the plain statement that "Judgment is hereby entered in favor of Plaintiffs and against Defendant in the amount of $46,766,200.00." (Dkt. # 478.) Defendant claims that Plaintiffs' form of judgment "attempts to restate and characterize the jury's findings." (Id. at 1.) The Court disagrees. Having compared the jury verdict to Plaintiffs' proposed judgment, the first page tracks the exact wording in which the jury returned the verdict, and is appropriate under Federal Rule of Civil Procedure 58. Burnley v. City of San Antonio, 470 F.3d 189, 194-95 (5th Cir. 2006) (After a jury returns a verdict with answers that are consistent with that verdict, Rule 58 "require[s] that the court promptly approve the form of the judgment in a separate document, and that it be promptly entered by the clerk."). Accordingly, Plaintiffs' statement of the jury verdict will be included in the Court's judgment.

   Defendant objects to Plaintiffs' proposed language that the judgment is a final judgment without prejudice to the right of Plaintiffs to seek recovery of fees, costs, and prejudgment interest, but Defendant does not contest the accuracy of those statements or claim they are inconsistent with the Federal Rules of Civil Procedure or any case law. (Dkt. # 478.) Indeed, the plain language of Fed. R. Civ. P. 54(d) states that "costs—other than attorney's fees—should be allowed to the prevailing party." See also Local Rule CV-54. Defendant does not contest that Plaintiffs are the prevailing party. The Court will include language indicating the

judgment is without prejudice to Plaintiffs' filing of a timely motion for attorneys' fees, prejudgment interest, and instructing Plaintiffs to file a timely bill of costs. However, Plaintiffs have not shown enough to warrant a bypass of the 30-day stay of execution in Federal Rule of Civil Procedure 62(a), and the Court will not include the language in paragraph one and two to that effect.[1]

CONCLUSION

Based on the foregoing, the Court hereby **GRANTS** Plaintiffs' Motion for Entry of Final Judgment. (Dkt. # 460.) In accordance with Rule 58 of the Federal Rules of Civil Procedure, a judgment will issue by separate document.

**IT IS SO ORDERED.**

**DATED**: Austin, Texas, January 30, 2023.

_____
David Alan Ezra
Senior United States District Judge

---

[1] Plaintiffs did not oppose Defendant's request to extend the deadline for responding to their Motion for Entry of Judgment, so blaming the month-long delay on Defendants is disingenuous. (Dkt. # 479.) Moreover, that delay arose *after* Plaintiffs filed their proposed judgment, so it could not be a reason for including the immediate entry in the first place.