UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| UMG RECORDINGS, INC., et al., | ) |
| Plaintiffs, | ) ) ) |
| vs. | ) ) No. 1:17-cv-00365-DAE |
| GRANDE COMMUNICATIONS NETWORKS LLC, | ) ) ) ) |
| Defendant. | ) ) |

**DECLARATION OF ROBERT B. GILMORE
IN SUPPORT OF PLAINTIFFS' BILL OF COSTS**

I, Robert B. Gilmore, do solemnly swear as follows:

1. I am an attorney with the law firm of Stein Mitchell Beato & Missner, LLP ("Stein Mitchell"). My business address is 901 15th Street, N.W., Suite 700, Washington, DC 20005.

2. This declaration is made pursuant to 28 U.S.C. § 1924 and submitted in support of the Plaintiffs' Bill of Costs. I have personal knowledge of the facts stated herein. Each item of cost for which recovery is sought was necessarily and actually incurred in this litigation. The costs sought in the Bill of Costs were derived from the contemporaneous accounting records maintained by the law firms Stein Mitchell and Scott Douglass McConnico, LLP, in addition to the Plaintiffs' trade association, the Recording Industry Association of America (RIAA). These costs were subsequently passed on to, and therefore ultimately incurred by, the Plaintiffs.

3. Plaintiffs request recovery for four general categories of taxable costs: (I) costs for fees of the clerk and marshal for the filing and service of their complaint; (II) fees for electronically recorded depositions, pretrial, and trial transcripts; (III) fees for witnesses; and (IV) fees for the costs of making copies of discovery documents and trial exhibits.

1

4.      Plaintiffs have the burden of producing evidence properly documenting and establishing the costs incurred. To that end, attached to this declaration are four exhibits (one for each of the four requested categories of costs). These exhibits contain a summary chart along with invoices documenting the costs incurred.

I.      **DOCKET FEES / FEES OF THE CLERK / SERVICE OF SUMMONS**

5.      Plaintiffs seek to recover the $400.00 fee for the filing of the Complaint incurred April 21, 2017.

6.      Plaintiffs also seek to recover the cost of hiring a private process server to serve the Complaint on Grande Communications Networks, LLC ("Grande"). The request of $110.00 for this item represents a reduced cost from the $125.00 actually incurred by Plaintiffs, because it is understood that recovery of costs associated with service cannot exceed the $110.00 cost for service by a U.S. Marshal.

7.      Plaintiffs request a total recovery of $510.00 for necessary docket fees / fees of the clerk, and service of summons which they seek to have taxed to Grande. The invoices supporting these costs are contained in Exhibit A.

II.     **COURT REPORTER FEES AND COSTS INCIDENT TO DEPOSITIONS**

   A.   **Pretrial Hearing Transcripts**

8.      Plaintiffs are seeking fees associated with the three transcripts they obtained for pretrial hearings before Magistrate Judge Austin and Judge Yeakel.

9.      Obtaining copies of the two pretrial transcripts from hearings with Judge Austin were essential for Plaintiffs to efficiently prosecute this case. The first hearing, which occurred on October 24, 2017, covered the parties' motions to dismiss. In addition to other purposes, Plaintiffs relied on the transcript from this hearing in subsequent related briefing on these issues, which

were finally resolved by the Court in October 2018. *See* Dkt. No. 208 (Oct. 15, 2018 Order Adopting Report & Recommendation). During the August 16, 2018 hearing, Judge Austin made a number of discovery decisions that affected the scope and permissible means of discovery in this case. Plaintiffs, accordingly, relied on this transcript to best understand the scope of his written or oral rulings to effectively conduct discovery.

10. Plaintiffs also acquired the transcript for the scheduling conference held before Judge Yeakel on January 3, 2018. Plaintiffs' careful review of this transcript—along with the transcripts from the hearings before Judge Austin—was essential for Plaintiffs to plan for and to present its case and to address repeated questions raised concerning the nature and scope of the Court's rulings. In addition, these transcripts contained admissions by Grande, revealed Grande's defenses, and included the Judge's impressions of the case.

11. Plaintiffs incurred $438.60 in pretrial hearing transcript costs which they seek to have taxed to Grande. The corresponding invoices reflecting these costs are contained in Exhibit B.

**B.     Same-Day Trial Transcripts**

12. On October 11, 2022, final pretrial arguments were held before Judge Ezra. *See* Dkt. No. 463 (hearing transcript). Starting October 12, 2022, and continuing through November 1, 2022, the parties presented evidence and argument to the Jury. *See* Dkt. Nos. 464-477 (trial transcripts). The Jury returned a verdict in favor of Plaintiffs on November 3, 2022. Plaintiffs obtained trial transcripts for each day during trial, and for the hearings conducted on the eve of and during trial.[1]

---

[1] These hearings include the final pretrial conference on October 11, 2022 and the charging conference which was held on October 28, 2022.

13. Daily trial transcripts were critical for preparing witnesses and experts and developing Plaintiffs' closing argument. Transcripts of hearings conducted during this complex trial were essential because arguments by the parties and rulings by the Court shaped the daily presentation of this case. Therefore, daily trial transcripts were essential for Plaintiffs' presentation of their case

14. Plaintiffs incurred $20,138.30 in trial transcript costs which they seek to have taxed to Grande. The corresponding invoices reflecting these costs are attached as Exhibit B.

**C.   Deposition Costs**

15. Plaintiffs seek the cost of the transcripts for depositions of thirty-three witnesses over thirty-nine deposition days, which were transcribed electronically. Plaintiffs also seek the cost of deposition videotapes of Grande witnesses.

16. Plaintiffs took the depositions of 12 fact witnesses from Grande (and affiliated entities)[2] that were reasonably necessary for the prosecution of the case. Over half of these individuals (7) testified on behalf of Grande as 30(b)(6) witnesses. Each deponent provided valuable information, and each was listed on Plaintiffs' "may call" or "will call" witness list for trial. *See* Dkt. No. 402-5.

17. Plaintiffs deposed both of Grande's expert witnesses. Plaintiffs cited the transcripts from these depositions in their motions to exclude Grande's experts. Plaintiffs also used the transcripts from the expert depositions to prepare for and cross-examine both of Grande's expert witnesses at trial.

18. Plaintiffs obtained transcripts of each deposition Grande took of Plaintiffs' fact and expert witnesses, and non-party witnesses from Rightscorp, the RIAA, and Cox

---

[2] This includes Robert Roeder of Patriot Consulting LLC and Jay Cruse of CGS.

Communications. Plaintiffs relied on these transcripts to prepare the direct examination of witnesses called at trial. Plaintiffs also used these transcripts to respond to Grande's deposition designations filed before trial. Careful analysis of these depositions yielded insight into Grande's defenses and was essential to allow Plaintiffs to effectively present their case.

19. Plaintiffs arranged for videotaping of Grande's witnesses. Given the large number of witnesses and complexity of the case, it was critical that Plaintiffs had access to video records of testimony in case of any witness unavailability at trial. Plaintiffs, notably, ended up playing the videotaped testimony of Stephanie Christianson, Matthew Murphy, and Robert Roeder for the jury in lieu of their live testimony. Grande also arranged for videotaped transcripts of the depositions it noticed, evincing that it too anticipated the potential need for the videos at trial. Thus, the videotapes were reasonably obtained by Plaintiffs for use in the case.

20. Plaintiffs incurred $86,602.55 in deposition costs which they seek to have taxed to Grande. The corresponding invoices reflecting these costs are contained in Exhibit B.

### III.  WITNESS FEES

21. Plaintiffs seek to recover witness fees for depositions and trial testimony. Plaintiffs request the $40.00 per day attendance fee for witnesses and seek to recover airfare, transportation costs, and the per diem subsistence cost for each witness.

22. For depositions, sixteen witnesses provided testimony on nineteen different days. Plaintiffs request the $40.00 attendance fee per day for depositions, for a total of $760.00.

23. For trial, ten witnesses provided live testimony on sixteen different days. Plaintiffs request the $40.00 per day attendance fee for a total of $640.00. Plaintiffs seek reimbursement for airfare costs for those ten witnesses who provided live, in-person testimony at trial. Plaintiffs also seek reimbursement for transportation costs for witnesses traveling to and from

the airport, and per diem subsistence cost for each non-local witness. The ten witnesses required a hotel for each of the sixteen on which they appeared for testimony at trial, totaling $3,552.00.

24. Plaintiffs incurred $10,381.43 in witness costs which they seek to have taxed to Grande. The corresponding invoices supporting these costs are contained in Exhibit C.

## IV. FEES FOR EXEMPLIFICATION AND THE COSTS FOR MAKING COPIES OF MATERIALS NECESSARILY OBTAINED

### A. Document Productions

25. Plaintiffs seek recovery for copying costs incurred during the course of document productions: forensic imaging of Plaintiffs' electronically stored information and conversion of electronic files to suitable production formats.

26. Grande propounded sixty-four document production requests on each of the Plaintiffs during discovery. The categories requested by Grande resulted in over 30 document productions from Plaintiffs containing over a million documents. The parties agreed to produce their respective electronic documents in a non-editable format according to a specific protocol. Given the volume of documents involved and the specific formatting required, Plaintiffs retained an e-discovery vendor, Contact Discovery Services ("Contact Discovery"), to collect and process Plaintiffs' information for production.

27. In response to Grande's document requests, Contact Discovery created forensic images of Plaintiffs' electronic storage devices. In total, 165,773 documents were collected from custodial devices. Plaintiffs incurred fees of $2,227.50 for Contact Discovery's work related to the creation of forensic imaging of the storage devices.

28. Following the collection of documents, Plaintiffs' Counsel ran search terms and performed a responsiveness review of the resulting documents. Contact Discovery then converted the responsive, non-privileged documents to TIFF images and implemented character recognition

before production to Grande. Contact performed the same service for the Rightscorp data obtained by Plaintiffs before production. In the end, Contact Discovery Services converted over a million pages of documents for production. Plaintiffs incurred fees of $66,105.51 for Contact Discovery's for document conversion.

29. Plaintiffs incurred $68,333.01 in imaging and conversion costs from Contact Discovery which they seek to have taxed to Grande. The corresponding invoices supporting these costs are contained in Exhibit D.

**B.    Hardcopies Necessary for Use in the Case**

30. Plaintiffs also incurred costs from necessary printing and hard-copying of documents throughout the course of this litigation. Plaintiffs, however, only seek recovery for a portion of those costs. First, Plaintiffs seek costs for printing and copying of documents for use in certain depositions of Grande employees. In particular, Plaintiffs' counsel made copies of Grande documents to serve as exhibits in the June 2018 deposition of Stephanie Christensen, Lars Christensen, Colin Bloch, Robert Creel, and Richard Fogle. During these depositions, it was necessary to show hardcopy documents to the deponent, opposing counsel, and the court report. Plaintiffs incurred costs of $5,066.35 for the printing of these documents.

31. Plaintiffs also incurred copying costs at trial by supplying the Court (pursuant to rule) with a set of binders containing hardcopies of Plaintiffs' exhibits. It is notable that Plaintiffs are not seeking recovery of costs associated with their own set of hardcopy binders or other copying costs necessarily incurred during trial. Plaintiffs incurred costs of $4,476.76 for the printing of trial exhibits for the Court.

32. Accordingly, Plaintiffs overall are seeking $9,543.11 in hard-copying and printing costs that were necessary for the prosecution of this case. The corresponding invoices reflecting

these costs are attached as Exhibit D.

## V. TOTAL COSTS

33. The total amount of costs claimed by Plaintiffs under Fed. R. Civ. P. 54(d)(1) is $195,947. Plaintiffs incurred substantial other costs in this litigation and have taken a conservative approach to items included in the Bill of Costs. I, or persons under my supervision, have reviewed the costs requested by Plaintiffs for accuracy, and state that they are true and correct to the best of my knowledge and belief.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on February 13, 2023.

/s/ *Robert B. Gilmore*
Robert B. Gilmore