# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | | |
|---|---|---|
| UMG RECORDINGS, INC., et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | No.  1:17-cv-00365-DAE |
| | ) | |
| GRANDE COMMUNICATIONS | ) | |
| NETWORKS LLC, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## DEFENDANT'S OPPOSED MOTION FOR STAY OF EXECUTION OF JUDGMENT AND FOR WAIVER OF BOND

Pursuant to Federal Rule of Civil Procedure 62(b) and Federal Rule of Appellate Procedure 8(a)(1)(A), Defendant Grande Communications Networks LLC ("Grande") moves for an order staying the execution of judgment pending all appeals, and for waiver of bond or other security requirements.  As detailed in the sections below, there is no question that Grande has the present ability to pay the judgment and will continue to have that ability until after all appeals are complete. In fact, Grande's financial success was a major theme for Plaintiffs at trial.  *See, e.g.*, Ex. 1 (11/1/22 Trial Tr.) at 2080-2081 ("Grande has generated over a billion and a half dollars during the relevant time period.  Not only have their revenues been substantial, but their gross profit margins are growing and are now around 200 million a year.").

Thus, Grande qualifies for the exception to the security requirement.  Accordingly, Grande requests that the Court stay execution of judgment until all appeals are completed and waive the requirements for security.

## I.     Factual Background

On January 30, 2023, the Court entered judgment against Grande on the jury's November

3, 2023 verdict.  *See* ECF No. 481.  That verdict awarded Plaintiffs $46,766,200 in damages.  *See id.*  On March 1, 2023, Grande filed its Notice of Appeal to the United States Court of Appeals for the Fifth Circuit (ECF No. 488), which will become effective if the Court denies Grande's Renewed Motion for Judgment as a Matter of Law or New Trial.  *See* ECF No. 487.

The parties met and conferred on the subject of this motion.  Plaintiffs indicated they oppose the relief sought.

## II.   Legal Principles

Under Federal Rule of Civil Procedure 62(b), "any time after judgment is entered, a party may obtain a stay by providing a bond or other security."  Fed. R. Civ. P. 62(b).  "The stay takes effect when the court approves the bond or other security and remains in effect for the time specified in the bond or other security."  *Id.*; *see also* Fed. R. App. P. 8(a)(1)(A)(B) (party must move for stay of judgment in district court pending appeal or for approval of a supersedeas bond).  The purpose of a bond "is to preserve the status quo while protecting the non-appealing party's rights pending appeal."  *Poplar Grove Planting & Ref. Co. v. Bache Halsey Stuart, Inc.*, 600 F.2d 1189, 1190-1191 (5th Cir. 1979).

However, the posting of bond or other security is discretionary and is not required when "a judgment debtor objectively demonstrates a present financial ability to facilely respond to a money judgment and presents to the court a financially secure plan for maintaining that same degree of solvency during the period of an appeal."  *Id.* at 1191; *see also Dillon v. City of Chicago*, 866 F.2d 902, 904 (7th Cir. 1988) ("[T]he appellant may move that the district court employ its discretion to waive the bond requirement.").  This exception from the security requirement is appropriate to apply when "the defendant's ability to pay the judgment is so plain that the cost of the bond would be a waste of money."  *Olympia Equip. Leasing Co. v. W. Union Tel. Co.*, 786 F.2d 794, 796 (7th

Cir. 1986).  Courts apply this exception when "there is no practical reason to require [an appellant] to post a bond or deposit funds in order to secure a Rule 62(d) stay pending appeal."  *In re Nassau Cnty. Strip Search Cases*, 783 F.3d 414, 418 (2d Cir. 2015); *see also Arban v. W. Pub. Corp.*, 345 F.3d 390, 409 (6th Cir. 2003) (affirming district court's decision to grant stay without bond because there was "vast disparity between the amount of the judgment" and "[defendant's] annual revenue").

### III.    The Court Should Grant a Stay Without Requiring a Bond

Under Rule 62(b), a party is entitled to a stay of execution upon providing a bond or other security.  Fed. R. Civ. P. 62.  However, an exception to that rule permits a party to forgo the security requirement.  Because Grande qualifies for that exception, it should not be required to post bond or other security.  Thus, Grande requests that the Court stay execution of judgment until all appeals are complete without requiring any security.

#### A.  Grande qualifies for this exception

Grande is part of a collective of broadband operators that operate under the name Astound Broadband.  *See* Ex. 2 (Feehan Decl.) at ¶ 2.  Collectively, these operators are the sixth-largest cable provider in the U.S., and it is a matter of public record that they were acquired in 2020 by private equity firm Stonepeak Infrastructure Partners for $8.1 billion.  Feehan Decl. at ¶ 3.  That amount, which reflects an investment in Grande and its affiliated companies based on projections of future earnings, is more than 170 times the judgment in this case.  The Astound collective has only continued to grow since that acquisition, recently acquiring more assets in the cable and broadband space.  Feehan Decl. at ¶ 4 (In June 2021, Astound acquired certain assets of WOW! Internet, Cable & Phone for $661 million.).

There is no question that Grande is a financially stable company and is more than capable

of satisfying the judgment.  Plaintiffs repeatedly and consistently emphasized Grande's financial strength at trial.  *See* Ex. 1 (10/12/22 Trial Tr.) at 48 ("[Grande is] a very highly profitable business … Grande has an amazingly high profit margin on that Internet service of up to 95 percent."); (11/1/22 Trial Tr.) at 2064 ("the Boston-based private equity firm was selling Grande to a new private equity firm and pocketing $400 million in the process … the people involved in managing Grande [] each pocketed millions from the transaction"); (11/1/22 Trial Tr.) at 2077-2078 ("…we do know that Grande has been extremely profitable … they were able to increase the market value of the company [] by a remarkable 140 percent or $400 million"); (11/1/22 Trial Tr.) at 2080-2081 ("…Grande has generated over a billion and a half dollars during the relevant time period. Not only have their revenues been substantial, but their gross profit margins are growing and are now around 200 million a year."); (11/1/22 Trial Tr.) at 2082 ("This is not a mom-and-pop local company or a start-up. This is a company run by magnates, big-money interest …").  Grande's ability to pay is readily apparent from the fact that the Astound collective has a $455 million revolving credit through at least 2025.  Feehan Decl. at ¶ 7.  Astound's 5-year plan projects earnings of nearly $1.7 billion in 2023 and expected growth for the next five years.  Feehan Decl. at ¶¶ 5-6.

When a party has assets that far exceed the judgment and is in no financial jeopardy, courts deem it "good for" the damages owed and a bond is not required.  *N. Indiana Pub. Serv. Co. v. Carbon Cnty. Coal Co.*, 799 F.2d 265, 281 (7th Cir. 1986) (affirming the district court waiving bond for $181 million judgment because defendant held assets worth more than $4 billion); *see also Fed. Prescription Serv., Inc. v. Am. Pharm. Ass'n*, 636 F.2d 755, 761 (D.C. Cir. 1980) (affirming stay without bond when damage award was $102,000 and judgment debtor's net worth was $4.8 million).

**B.  Posting a bond would be a waste of money**

Courts frequently waive the requirement for bond pending appeal where, as here, there is no dispute that the defendant is capable of satisfying the judgment.  *See, e.g.*, *Arban*, 345 F.3d at 409 (bond is not required when "defendant's ability to pay the judgment is so plain that the cost of the bond would be a waste of money")[1].  Requiring Grande to post bond or other security when there is no dispute as to Grande's financial security would be a "waste of money."  A bond for the full amount of the current judgment would cost Grande approximately $4 million per year.  Feehan Decl. at ¶ 8.  Because Grande is capable and will continue to be capable of satisfying the judgment, it would serve no legitimate purpose to require Grande to incur this substantial annual expense, which would benefit the issuer of the bond and no one else.

---

[1] *See also In re Nassau Cnty Strip Search Cases*, 783 F.3d 414 (2d Cir. 2015) (county was not required to post a bond when it demonstrated the existence of appropriated funds available for the purpose of paying judgments without substantial delay or other difficulty); *Frommert v. Conkright*, 639 F. Supp. 2d 305 (W.D.N.Y. 2009) (administrator was not required to post a bond when it demonstrated that the pension plan had ample assets and was fully capable of paying any judgment of the participants prevailed on appeal); *Munoz v. City of Philadelphia*, 537 F. Supp. 2d 749 (E.D. Pa. 2008) (no bond required when the city maintained a fund from which settlements and judgments were paid, the city had sufficient funds to pay the money judgment, and there was no basis to think that prompt payment would not take place); *Fed. Prescription Serv., Inc. v. Am. Pharm. Ass'n*, 636 F.2d 755 (D.C. Cir. 1980) (district court did not abuse discretion in not requiring a bond when the net worth of the judgment debtor was $4.8 million, about 47 times the amount of the award, and the debtor was a longtime resident with no indication of leaving); *Ortiz v. New York City Hous. Auth.*, 22 F. Supp. 2d 15 (E.D.N.Y. 1998), aff'd 198 F.3d 234 (2d Cir. 1999) (no bond required when the landlord had ample resources to satisfy the judgment); *Dutton v. Johnson Cnty. Bd. of Cnty. Comm'rs*, 884 F. Supp. 431 (D. Kan. 1995) (county was not required to post a bond because it was one of the most affluent counties in the state and it maintained a fund sufficient to cover any judgment); *S.A. Healy Co. v. Milwaukee Metro. Sewerage Dist.*, 159 F.R.D. 508 (E.D. Wis. 1994), rev'd on other grounds, 60 F.3d 305 (7th Cir. 1995) (no bond required when the sewer district had a balance of over $83 million in a fund from which it could pay the judgment); *In re Oil Spill By The Amoco Cadiz Off the Coast of France On March 16, 1978*, 744 F. Supp. 848 (N.D. Ill. 1990) (oil company not required to post a bond when its net income for the first quarter of 1990 was almost three time the amount of its liability and much of its assets were located in the United States).

Because Grande has demonstrated its ability to pay the judgment, Grande respectfully requests that the Court stay execution of the judgment pending all appeals and waive the bond.

## IV.    Conclusion

For the foregoing reasons, the Court should grant this Motion and enter an order staying the execution of final judgment without a bond or other security until all appeals have been exhausted.


Dated: March 23, 2023

By: /s/ *Zachary C. Howenstine*
Richard L. Brophy
Zachary C. Howenstine
Mark A. Thomas
Margaret R. Szewczyk
Sydney K. Johnson
ARMSTRONG TEASDALE LLP
7700 Forsyth Blvd., Suite 1800
St. Louis, Missouri 63105
Telephone: 314.621.5070
Fax: 314.621.5065
rbrophy@atllp.com
zhowenstine@atllp.com
mszewczyk@atllp.com
mathomas@atllp.com
skjohnson@atllp.com

J. Stephen Ravel
Texas State Bar No. 16584975
Diana L. Nichols
Texas State Bar No. 00784682
KELLY HART & HALLMAN LLP
303 Colorado, Suite 2000
Austin, Texas 78701
Telephone: 512.495.6429
Fax: 512.495.6401
Email: steve.ravel@kellyhart.com
       diana.nichols@kellyhart.com

*Attorneys for Defendant Grande Communications Networks LLC*

## <u>CERTIFICATE OF CONFERENCE</u>

Pursuant to Local Rule CV-7, the undersigned certifies that counsel for the parties conferred and that Plaintiffs oppose the relief sought.

/s/ *Zachary C. Howenstine*
Zachary C. Howenstine

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that on March 23, 2023, all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system.

/s/ *Zachary C. Howenstine*
Zachary C. Howenstine