UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| UMG RECORDINGS, INC., et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) |
| | ) No.  1:17-cv-00365-DAE |
| GRANDE COMMUNICATIONS NETWORKS LLC, | ) |
| | ) |
| Defendant. | ) |

**DEFENDANT GRANDE COMMUNICATIONS NETWORKS LLC'S
REPLY IN SUPPORT OF RENEWED MOTION FOR JUDGMENT
AS A MATTER OF LAW OR A NEW TRIAL**

Plaintiffs' opposition is full of red herrings and diversionary tactics to try and persuade the Court that the issues identified in Grande's motion are not appropriate for JMOL. Plaintiffs spend a significant portion of their opposition claiming that the Court previously ruled on certain issues[1], but that does not take away from the point of Grande's motion—**that there was not a sufficient evidentiary basis for the jury to find for Plaintiffs on any of those issues**.  This is the proper purpose of a motion for judgment as a matter of law. *See, e.g.*, *Correct RX Pharmacy Servs., Inc. v. Cornerstone Automation Sys., L.L.C.*, 945 F.3d 423, 428 (5th Cir. 2019) (Renewed JMOL "is a challenge to the legal sufficiency of the evidence supporting the jury's verdict.").

---

[1] Plaintiffs argue that Grande's motion is more akin to a motion for reconsideration than JMOL, but as that is plainly false—as detailed in Grande's motion and this reply—the cases Plaintiffs cite in support of that notion are inapposite.

Grande also properly seeks, in the alternative, a new trial under Rule 59(a).  Grande submits that prejudicial errors in the admission and exclusion of evidence resulted in an unfair trial, a verdict against the weight of the evidence, and excessive damages.  As a result of these prejudicial errors, including errors relating to the DMCA and other litigations, Plaintiffs accomplished exactly what they set out to do: make the jury believe that Grande had an affirmative obligation to have a viable DMCA policy and failure to do so meant Grande was liable.  *See* Mot. at 8 ("[Grande] chose not to [terminate repeat infringers] … And so now they are responsible").  That strategy is expressly forbidden by statute.  *See* 17 U.S.C. 512(l) (instructing that failure to qualify for the DMCA safe harbor "shall not bear adversely upon the consideration of a defense by the service provider").

Accordingly, Grande respectfully renews its motion for judgment as a matter of law and, in the alternative, requests a new trial.

**A. Plaintiffs Did Not Present Sufficient Evidence of Direct Infringement.**

Plaintiffs failed to present sufficient evidence of the 1,403 sound recordings they contend were infringed—*i.e.*, copies of the original sound recordings.  Instead, Plaintiffs argue in their opposition that they weren't required to do so.  *See* ECF No. 497 (Pls. Opp.) at 5.  Plaintiffs cite the Court's Order on Summary Judgment as support that a "substantial similarity" analysis was not required.  *Id.*  First, contrary to Plaintiffs' argument, the Court did not hold that the evidence provided by Audible Magic was sufficient.  Rather the Court held that Plaintiffs' evidence of substantial similarity was "sufficient to raise a genuine issue of material fact."  ECF No. 268 at 30.  Second, the Court did not hold that a substantial similarity analysis was not required, but rather held that "a side-by-side comparison of the original and allegedly infringing works … in

1

front of the jury" was not required. *Id*. at 26.[2] Plaintiffs erroneously argue their "trust us" approach was sufficient, but it is not. *See, e.g.*, Pls. Opp. at 13 ("each Plaintiff had an employee witness listen to a random sample of 50 Rightscorp downloads and confirm to the jury that those files were in fact copies of works owned by their respective companies"); *King v. Ames*, 179 F.3d 370, 376 (5th Cir. 1999) ("[C]opying is an issue to be determined by comparison of works, not credibility. King's failure to adduce evidence for such a comparison vitiates her claim.") (internal citations omitted).

Plaintiffs also incorrectly argue that they introduced sufficient evidence of direct infringement. Plaintiffs assert that they presented evidence that "Rightscorp detected a Grande user offering to share the work" and then "sent Grande a notice of infringement documenting that activity." Pls. Opp. at 12. First, the fact that "Rightscorp detected a Grande user offering to share a work" does not show evidence of infringement because offering to share is not infringement. *See, e.g., Atl. Recording Corp. v. Howell,* 554 F. Supp. 2d 976, 984 (D. Ariz. 2008). Second, the fact that Rightscorp then "sent Grande a notice of infringement documenting that activity" does not show evidence of infringement because Rightscorp had not detected any infringement at that point. *See* Pls. Opp. at 12. At most, Rightscorp's notices were accusations of infringement, <u>not evidence of infringement</u>. Plaintiffs then argue that Rightscorp "re-approached Grande users who had previously offered the work" and downloaded a copy of the work, which was later verified by Audible Magic. *Id.* Even if those downloads were evidence of direct infringement, Plaintiffs did not present evidence of the original copyrighted sound

---

[2] Grande disputes the Court's Order on Summary Judgment, but that is beside the point for the purposes of Grande's Motion. The Court's Order on Summary Judgment did not relieve Plaintiffs of their obligation to present evidence to support substantial similarity.

recording to compare against the alleged copies.  Without this evidence, Plaintiffs cannot prove direct copyright infringement as a matter of law.  Plaintiffs rely exclusively on "hash value" and download evidence as proof that Rightscorp's accusations were based on infringements; however, the hash value-based evidence is unreliable and subject to error.  For example, the RIAA witness Plaintiffs rely on as satisfying their evidentiary burden testified that roughly 18,000 files downloaded by Rightscorp as allegedly "infringing files" could not be matched to <u>anything</u> in Audible Magic's database, much less Plaintiffs' copyrights.  *See* ECF No. 464 at 215 (J. Landis).  Thus, the jury could not have reasonably concluded that the notices Rightscorp sent Grande correlating to those flawed files showed direct infringement.

**B. Plaintiffs Did Not Present Sufficient Evidence Showing Knowledge or Willful Blindness.**

In their opposition, Plaintiffs do not dispute that Grande could not verify the accuracy of Rightscorp's accusations—the only evidence presented at trial of "actual knowledge."  Instead, Plaintiffs rely on the proposition that copyright infringement is a "strict liability offense," but this argument reveals the weakness of Plaintiffs' position.  Plaintiffs overlook the fact that the knowledge issue relates to *contributory* copyright infringement, which is *not* a strict liability offense.  *See, e.g., Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*, 545 U.S. 913, 914, 125 S. Ct. 2764, 2767, 162 L. Ed. 2d 781 (2005) (requiring knowledge for contributory copyright infringement); *see also* ECF No. 449 at 18-19 (Jury Instructions on contributory copyright infringement).  Plaintiffs' reliance on the strict liability standard for *direct* infringement essentially concedes that the evidence did not show that Grande had actual knowledge as

required for *contributory* infringement.3   Plaintiffs also mischaracterize Lamar Horton's testimony as an admission of knowledge.  Pls. Opp. at 13-14.  But Mr. Horton simply agreed that Grande continued providing Internet service to users accused of infringement—*not* that Grande knew the accused subscribers actually infringed.  Plaintiffs' attempt to contort Mr. Horton's testimony further reveals the weakness of Plaintiffs' position.

Presumably understanding that there was not sufficient evidence of actual knowledge presented at trial, Plaintiffs then point to a so-called "mountain of evidence" which allegedly shows that Grande willfully blinded itself to infringement.  *See* Pls. Opp. at 17.  There was no evidence from which a jury could reasonably conclude that Grande took deliberate steps to avoid learning about whether Rightscorp's complaints were accurate—indeed, it was undisputed at trial that there was nothing Grande could have done to verify the accuracy of Rightscorp's complaints.  It was also undisputed at trial that Rightscorp deleted all of the bitfield data it allegedly captured from Grande customers.  Grande could never have learned the truth because Rightscorp deleted all of the evidence it claims to have captured.

### C. Plaintiffs Did Not Present Sufficient Evidence that Grande Induced, Caused, or Materially Contributed to Direct Infringement.

Plaintiffs apparently concede in their response that they did not attempt to prove Grande induced or caused any instance of direct infringement at trial.  Plaintiffs argue only that they

---

3 Plaintiffs attempt to distinguish *Angell v. Allergen Sales, LLC* by pointing out it's a case about fraud, which has a different standard than copyright infringement.  That distinction, however, is irrelevant to the reason it was cited: to show that notice of some impropriety does not create an inference of actual knowledge.  No. 3:18-cv-282, 2019 WL 3958262, at *15 (M.D. Fla. Aug. 22, 2019); *see also Wiand v. Wells Fargo Bank, N.A.*, No. 8:12-cv-00557T27, 2014 WL 12620819, at *4 (M.D. Fla. Mar. 6, 2014) (red flags that may alert to wrongdoing is not actual knowledge).

showed Grande materially contributed to direct infringement by continuing to provide Internet service to recipients of Rightscorp accusations. *See* Pls. Opp. at 19-20. Plaintiffs rely entirely on the premise that terminating Internet access to a household or business, based solely on unverifiable accusations from a party with a profit motive, is a "basic measure" as required to satisfy the material contribution standard. Plaintiffs offer *no* legal authority for that premise.[4] Moreover, Plaintiffs presented *no* evidence showing that such a drastic step is a "basic measure." Plaintiffs apparently concede that Grande did not "provide or regulate access to specific content," and thus, Plaintiffs tacitly agree that there was no evidence presented that showed as much. Pls. Opp. at 20. In sum, the "basic measures" standard was applied in error, and Plaintiffs failed to demonstrate that they meet even that erroneous standard.

### D. Plaintiffs Did Not Present Sufficient Evidence that Any Contributory Infringement Was Willful.

Plaintiffs argue that because Grande did not terminate customers accused of copyright infringement, Grande's conduct was willful.[5] Once again, Plaintiffs are intermingling the DMCA safe harbor affirmative defense with their affirmative obligation to prove copyright

---

[4] Neither *Sony v. Cox* nor *BMG v. Cox* used the "basic measures" standard for material contribution. *See Sony Music Ent. v. Cox Commc'ns, Inc.*, 464 F. Supp. 3d 795, 815 (E.D. Va. 2020); *BMG Rts. Mgmt. (US) LLC v. Cox Commc'ns, Inc.*, 149 F. Supp. 3d 634, 671 (E.D. Va. 2015), *aff'd in part, rev'd in part,* 881 F.3d 293 (4th Cir. 2018).

[5] Grande maintains that the willfulness standard requires proof that the defendant knew *its own conduct* constituted copyright infringement, which is a standard Plaintiffs did not satisfy. *See, e.g.*, ECF No. 268 (SJ Order) at 43 ("Willfulness thus requires a showing that Grande knew its conduct constituted contributory infringement or acted with reckless disregard of Plaintiffs' rights as copyright holders."); *Bryant v. Media Right Prods., Inc.*, 603 F.3d 135, 143 (2d Cir. 2010) ("A copyright holder seeking to prove that a copier's infringement was willful must show that the infringer had knowledge that its conduct represented infringement or recklessly disregarded the possibility."). There was no evidence at trial from which a jury could reasonably conclude that Grande knew that its own conduct constituted contributory copyright infringement.

infringement. Not terminating the internet of its customers does <u>not</u> show that Grande had knowledge that its subscribers' actions constituted infringement—because Rightscorp's accusations did not confer knowledge of any infringement—nor does it show that Grande acted with reckless disregard for, or willful blindness to the Plaintiffs' rights. It is undisputed that **<u>none</u>** of the Rightscorp accusations were sent on behalf of **<u>any</u>** of the Plaintiffs in this case, and none of them identify a Plaintiff as a copyright owner. *See* PX1, PX6. How then could Grande have acted recklessly, or with willful blindness to, the *Plaintiffs' copyrights*? Obviously, Grande could not, and did not. Indeed, the evidence at trial was legally insufficient to prove as much.

**E. Plaintiffs Did Not Present Sufficient Evidence that Each of the 1,403 Sound Recordings Was Eligible for a Separate Award of Statutory Damages.**

In their response, Plaintiffs make no attempt to show they presented sufficient evidence on statutory damages, arguing only that the Court previously addressed these issues. *See* Pls. Opp. at 7-8. Grande disputes that these issues were ever resolved by the Court. *See* Mot. at 12-14. Plaintiffs did not demonstrate at trial that each work at issue met the statutory prerequisites of 17 U.S.C. § 412. Plaintiffs offer no authority for the notion that the number of works at issue absolves them of the burden to show they meet the statutory prerequisite. Regarding the compilation piece, the Court invited the parties to submit supplemental briefing on this issue during trial; however, the Court did not rule on this issue specifically. *See* ECF No. 475 at 1958:13-1963:7 (only addressing eligibility for an award of statutory damages under 17 U.S.C. § 412). Plaintiffs failed to present evidence sufficient to show that each song was eligible for a separate award of damages.

6

Plaintiffs also failed to show that each song in suit had an "independent economic value."⁶ There was legally insufficient evidence that each song was *actually sold* separately and legally insufficient evidence that each song was sold separately *at the time of* infringement. *See, e.g., EMI Christian Music Grp., Inc. v. MP3tunes, LLC*, 844 F.3d 79, 101 (2d Cir. 2016) (affirming per-song damages because "there was evidence at trial that all the songs in question were made available as singles on the date of infringement").

Grande submits that the Court erred in not submitting these issues to the jury. No factfinder has considered these issues and determined from the record evidence which of the 1,403 sound recordings at issue are entitled to and eligible for a separate award of statutory damages under sections 504(c) and 412.

**F. Plaintiffs Did Not Present Sufficient Evidence that They Own Each of the 1,403 Sound Recordings in Suit.**

Plaintiffs do not deny that there was legally insufficient evidence presented on ownership. Instead, they argue they were not required to present this evidence. *See supra* at section A. However, there is no order in this case under Rule 56 granting summary judgment that Plaintiffs own the copyrights to the 1,403 sound recordings for which statutory damages were awarded at trial. Thus, respectfully, Grande submits that this was error.

At trial, there was no evidence from which a jury could reasonably conclude that Plaintiffs own the copyrights to the 1,403 sound recordings at issue. Plaintiffs did not seek, and the Court did not grant, JMOL under Rule 50(a) on this issue. Accordingly, the Court should grant JMOL in favor of Grande on Plaintiffs' contributory infringement claim.

---

⁶ Grande does not concede that this is the correct standard.

### G. In the Alternative, the Court Should Order a New Trial.

Plaintiffs argue that a new trial pursuant to Fed. R. Civ. P. 59(a) is not proper because "Rule 59 should not be used to relitigate old matters." *See* Pls. Opp. at 22 (citing *Zhejiang Med. Co. v. Kaneka Corp.*, No. 4:11-cv-1052, 2018 WL 10966054, at *1 (S.D. Tex. Feb. 22, 20218). Contrary to Plaintiffs' argument, Grande is not seeking a new trial to re-litigate old matters. Rather, if the Court does not grant JMOL, new trial is warranted by the various evidentiary issues that Grande raised, by the excessive damages awarded, and by the fact that the verdict is against the weight of the evidence. *See Seidman v. Am. Airlines, Inc.*, 923 F.2d 1134, 1140 (5th Cir. 1991) ("A new trial may be granted if the trial court finds that the verdict is against the weight of the evidence, the damages awarded are excessive, the trial was unfair, or prejudicial error was committed.") (cleaned up).

### CONCLUSION

For the foregoing reasons, the Court should grant judgment as a matter of law in favor of Grande on Plaintiffs' contributory infringement claim. In the alternative, the Court should grant a new trial.

Dated: April 3, 2023

                        By: /s/ *Zachary C. Howenstine*
                              Richard L. Brophy
                              Zachary C. Howenstine
                              Mark A. Thomas
                              Margaret R. Szewczyk
                              Sydney K. Johnson
                              ARMSTRONG TEASDALE LLP
                              7700 Forsyth Blvd., Suite 1800
                              St. Louis, Missouri 63105
                              Telephone: 314.621.5070

Fax: 314.621.5065
rbrophy@armstrongteasdale.com
zhowenstine@armstrongteasdale.com
mszewczyk@armstrongteasdale.com
mathomas@armstrongteasdale.com
skjohnson@armstrongteasdale.com

J. Stephen Ravel
Texas State Bar No. 16584975
Diana L. Nichols
Texas State Bar No. 00784682
KELLY HART & HALLMAN LLP
303 Colorado, Suite 2000
Austin, Texas 78701
Telephone: 512.495.6429
Fax: 512.495.6401
Email: steve.ravel@kellyhart.com
         diana.nichols@kellyhart.com

*Attorneys for Defendant Grande Communications Networks LLC*