# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | |
|---|---|
| UMG RECORDINGS, INC., *et al.*, § § § *Plaintiffs,* § § vs. § § GRANDE COMMUNICATIONS § NETWORKS LLC, § § *Defendant.* § | Civil Action No. 1:17-cv-00365-DAE |

## REPLY IN SUPPORT OF PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND PREJUDGMENT INTEREST

## TABLE OF CONTENTS

INTRODUCTION ........................................................................................................... 1

ARGUMENT .................................................................................................................. 2

    I.   THE COURT SHOULD AWARD PLAINTIFFS THEIR REQUESTED ATTORNEYS' FEES. .............. 2

        A.  Plaintiffs Should Be Awarded Their Reasonable Fees. ............................... 2

            1.   Grande's Willful Infringement Strongly Supports Awarding Fees. ...................... 2

            2.   Grande's Defenses And Conduct Were Objectively Unreasonable. ..................... 3

            3.   Grande Must Be Deterred. ............................................................................. 5

            4.   The Jury's Verdict Does Not Obviate The Need To Award Fees. ........................ 6

        B.  The Fees Plaintiffs Are Seeking Are Reasonable. ....................................... 7

   II.  THE COURT SHOULD AWARD PLAINTIFFS THEIR REQUESTED PREJUDGMENT INTEREST. ...................................................................................................... 8

        A.  Plaintiffs Should Be Awarded Prejudgment Interest. .................................. 8

        B.  Prejudgment Interest Should Be Awarded At 5% Per Annum. ................... 9

  III.  THE COURT SHOULD AWARD PLAINTIFFS THEIR REQUESTED EXPERT COSTS. ................... 10

CONCLUSION ............................................................................................................. 10

# TABLE OF AUTHORITIES

PAGE(S)

**Cases**

*Batiste v. Lewis*,
  No. 17-cv-4435, 2019 WL 5401103 (E.D. La. Sept. 6, 2019) ................................. 3

*BMG Rts. Mgmt. (US) LLC v. Cox Commc'ns, Inc.*,
  234 F. Supp. 3d 760 (E.D. Va. 2017) ................................................................ 2, 6, 7, 8

*Bobby Goldstein Prods., Inc. v. Habeeb*,
  No. 21-cv-1924, 2023 WL 2429485 (N.D. Tex. Mar. 9, 2023) ................................. 9

*Carpenters Dist. Council of New Orleans & Vicinity v. Dillard Dep't Stores, Inc.*,
  15 F.3d 1275 (5th Cir. 1994) ................................................................................ 9

*Chi–Boy Music v. Charlie Club, Inc.*,
  930 F.2d 1224 (7th Cir. 1991) .............................................................................. 7

*Digital Drilling Data Sys., L.L.C. v. Petrolink Servs., Inc.*,
  965 F.3d 365 (5th Cir. 2020) ................................................................................ 2

*Dweck v. Amadi*,
  No. 10-cv-2577, 2011 WL 3809907 (S.D.N.Y. July 26, 2011) ............................... 10

*John Perez Graphics & Design, LLC v. Green Tree Inv. Grp., Inc.*,
  No. 12-cv-4194, 2013 WL 1828671 (N.D. Tex. May 1, 2013) ................................ 9

*Kirtsaeng v. John Wiley & Sons, Inc.*,
  579 U.S. 197 (2016) ............................................................................................. 3, 4

*Kryptek Outdoort Grp., LLC v. Salt Armour, Inc.*,
  No. 15-cv-348, 2016 WL 7757267 (E.D. Tex. Mar. 28, 2016) ................................ 9

*Leonard v. Stemtech Int'l Inc*,
  834 F.3d 376 (3d Cir. 2016) ................................................................................. 9

*McRoberts Software, Inc. v. Media 100, Inc.*,
  329 F.3d 557 (7th Cir. 2003) ............................................................................... 9

*Polar Bear Prods., Inc. v. Timex Corp.*,
  384 F.3d 700 (9th Cir. 2004) ............................................................................... 8, 9

*Powell v. Penhollow*,
  260 F. App'x 683 (5th Cir. 2007) ......................................................................... 8, 10

*R A Guthrie Co., Inc. v. Boparai*,
  No. 18-cv-80, 2021 WL 1148957 (E.D. Tex. Mar. 1, 2021) ................................... 8, 9

*RBH Energy, LLC v. Partners in Church Consulting, LLC*,
  No. 15-cv-3988, 2016 WL 6496362 (N.D. Tex. May 6, 2016) .................................................. 9

*Superior Derrick Serv., L.L.C. v. Lonestar 203*,
  547 F. App'x 432 (5th Cir. 2013) ............................................................................................ 9

*Tattoo Art, Inc. v. TAT Int'l, LLC*,
  794 F. Supp. 2d 634 (E.D. Va. 2011) ..................................................................................... 8

*Virtual Chart Solutions I, Inc. v. Meredith*,
  No. 17-cv-546, 2020 WL 1902530 (E.D. Tex. Jan. 13, 2020) .................................................. 3

*Williams v. Trader Pub. Co.*,
  218 F.3d 481 (5th Cir. 2000) .................................................................................................. 9

# INTRODUCTION

The trial record powerfully demonstrated that Grande willfully infringed Plaintiffs' copyrights. The jury agreed. As a natural consequence of the jury's verdict and of Grande's course of conduct both before and during this litigation, Grande should now be required to pay Plaintiffs' attorneys' fees, prejudgment interest on the jury's verdict, and certain of Plaintiffs' expert costs.

Notably, Grande does not challenge the hourly rates charged by Plaintiffs' counsel or any of the hours they worked. Instead, Grande contends that Plaintiffs' success in holding Grande liable for the massive amount of infringement on its network somehow renders Plaintiffs ineligible to receive an award of attorneys' fees and prejudgment interest. Grande calls the jury's award a "windfall" and claims the award makes it unnecessary to grant Plaintiffs any additional relief. That argument has no basis in the law, logic, or basic fairness. It also cannot be reconciled with Grande's argument that any award of attorneys' fees should be discounted in light of Plaintiffs' alleged *lack* of success at trial. In other words, Grande argues simultaneously that Plaintiffs did too well to obtain any attorneys' fees and that they did not do well enough to obtain their fees.

What is most striking about Grande's arguments is Grande's overt and unrepentant hostility to its obligations under the Copyright Act. Indeed, that same attitude motivated Grande's infringing conduct and its assertion of baseless arguments and defenses to avoid liability for that conduct. It was also directly responsible for the jury's finding that Grande's infringement was willful. The fact that Grande remains unrepentant even after the jury's verdict is powerful evidence of the need to deter Grande from engaging in such conduct again. Accordingly, the Court should grant Plaintiffs their attorneys' fees, prejudgment interest, and expert costs.

# ARGUMENT

Grande has failed to advance any sound reason why the Court should not award Plaintiffs the full amounts they have requested: $5,192,627.19 in attorneys' fees, $7,367,278.24 in prejudgment interest, and $198,618.00 in expert costs.

## I. THE COURT SHOULD AWARD PLAINTIFFS THEIR REQUESTED ATTORNEYS' FEES.

### A. Plaintiffs Should Be Awarded Their Reasonable Fees.

Under binding Fifth Circuit law, fee awards in copyright cases are "the rule rather than the exception and should be awarded routinely." *Digital Drilling Data Sys., L.L.C. v. Petrolink Servs., Inc.*, 965 F.3d 365, 386 (5th Cir. 2020) (internal quotations omitted).[1] In their opening brief, Plaintiffs explained that three primary factors support their fee application in this case: (1) the jury's finding that Grande's infringement was willful, Mot. at 8; (2) the objectively unreasonable manner in which Grande litigated this case from its inception through trial, *id.* at 9-13; and (3) the need to deter Grande from further infringement, *id.* at 13-14. Grande disputes all three, and also argues that the size of the jury's verdict obviates the need for fees in this case. Grande is wrong on all counts.

#### 1. Grande's Willful Infringement Strongly Supports Awarding Fees.

Significantly, the jury found that Grande's infringement was willful. As numerous courts have held, that fact alone reflects Grande's intent and warrants awarding fees. *See* Mot. at 8.[2]

---

[1] While Grande contends this standard is "difficult to reconcile" with the Supreme Court's rule that district courts must evaluate copyright fee requests on an individualized case-by-case basis, no such tension exists. Opp. at 10 n.5. Courts are fully capable of analyzing the particularities of individual cases—as the parties are litigating here—while understanding that courts should routinely exercise their discretion to award attorneys' fees to prevailing copyright litigants.

[2] While Grande ignores the vast majority of cases Plaintiffs cited, it claims that Plaintiffs were "wrong" to rely on *BMG v. Cox* for this proposition because the fee award in that case was justified by a need for deterrence. Opp. at 15-16. It is true that the court in *BMG* expressly held that Cox's willfulness made an award of fees "appropriate" because it reflected Cox's motivation. *BMG Rts. Mgmt. (US) LLC v. Cox Commc'ns, Inc.*, 234 F. Supp. 3d 760, 768 (E.D. Va. 2017), *vacated on*

Unable to dispute that it was held liable for willful infringement, Grande tries to avoid the impact of the jury's finding by arguing that the Court "softened" the jury instruction on willfulness such that the jury's verdict does not reflect Grande's intent to infringe. Opp. at 15. But Grande's argument is legally baseless,[3] and it is also simply wrong as a matter of fact. The jury found that Grande knew its subscribers were engaging in copyright infringement and continued providing them the services necessary to infringe anyway. Dkt. 449 at 23. Those findings powerfully support the finding of willfulness and an award of Plaintiffs' legal fees.

### 2. Grande's Defenses And Conduct Were Objectively Unreasonable.

Prevailing copyright litigants are regularly awarded their fees when their opponents' "claims or defenses were objectively weak"[4] or when their opponents engage in "litigation misconduct."[5] These considerations support a fee award because Grande (a) pursued an objectively unreasonable DMCA safe harbor defense, (b) levied baseless pretrial attacks on Rightscorp, and (c) re-litigated issues multiple times over and obstructed the discovery process. *See* Mot. at 9-13. This conduct by Grande materially increased Plaintiffs' costs in prosecuting their claims.

Tellingly, Grande does not dispute any of these issues or offer any defense of its pre-trial conduct. Instead, it argues that the Court should ignore "how or whether those issues were raised

---

*other grounds*, 881 F.3d 293 (4th Cir. 2018). However, as explained below, the need to deter Grande is at least as strong as it was for Cox. *See infra* at 5-6.

[3] Grande's suggestion that the Court's willfulness instruction was improper is irrelevant, as that instruction is the law of the case for the purpose of Plaintiffs' fee application. It is also incorrect, as that instruction was in fact supported by the precedents cited by Plaintiffs in their proposed jury instructions. *See* Dkt. 436 at 15-17.

[4] *Virtual Chart Solutions I, Inc. v. Meredith*, No. 17-cv-546, 2020 WL 1902530, at *10 (E.D. Tex. Jan. 13, 2020); *see also Batiste v. Lewis*, No. 17-cv-4435, 2019 WL 5401103, at *3 (E.D. La. Sept. 6, 2019) (same), *report and recommendation adopted*, No. 17-cv-4435, 2019 WL 5395316 (E.D. La. Oct. 21, 2019), *aff'd*, 976 F.3d 493 (5th Cir. 2020).

[5] *Kirtsaeng v. John Wiley & Sons, Inc.*, 579 U.S. 197, 203, 209 (2016).

and decided" and focus exclusively on Grande's defense *at trial* when evaluating the objective reasonableness of its defenses and its litigation conduct. Opp. at 14. But that is not the law. Indeed, the Supreme Court has expressly instructed courts to consider "the totality of circumstances in a case," including a party's "litigating position," when considering a fee application. *Kirtsaeng v. John Wiley & Sons, Inc.*, 579 U.S. 197, 203, 209 (2016). That inquiry necessarily includes a party's defenses and conduct at all stages of litigation. Otherwise, a defendant could assert objectively meritless defenses pre-trial in an effort to impose needless costs and slow down litigation, yet face no consequences for its unreasonable actions if it took relatively less unreasonable positions at trial. Indeed, that is exactly what Grande did ***in this case***, where it alleged a DMCA safe harbor defense despite knowing it had ***no policy*** to terminate the accounts of repeat infringing subscribers for seven years. Grande litigated that defense through summary judgment, at which point this Court held Grande had engaged in a "complete abdication of [its] responsibilities." Dkt. 268 at 9, 14. Grande should not be permitted to avoid liability for the legal fees incurred to defeat that objectively unreasonable defense on summary judgment, simply because Grande was forced to present a different argument at trial.[6]

The Court should similarly reject Grande's arguments about the reasonableness of its defenses at trial. *See* Opp. at 11-13.[7] While Grande claims throughout its opposition that the trial was "close" on the law and the facts, that is simply not the case.[8] The legal disputes that Grande

---

[6] The same analysis applies to Grande's baseless pre-trial attacks on Rightscorp and its other unreasonable litigation conduct, neither of which Grande defends on its merits. *See* Mot. at 13.

[7] Grande's assertion that its trial defense was reasonable because the Court denied Plaintiffs' motion for summary judgment on Grande's liability has no foundation. *See* Opp. at 11. Grande cites nothing in support of this claim, which is obviously not the law. Indeed, if a copyright defendant's ability to survive summary judgment meant that its defenses were reasonable, then no prevailing plaintiff could ever recover attorneys' fees in a case that proceeded to trial.

[8] To support this claim, Grande relies on several of the Court's comments at the end of trial complimenting the overall quality of the lawyering at trial. *See* Opp. at 11. But the quality with

4

raised at trial predominantly related to issues: (1) that Grande had previously raised to the Court, (2) that the Court had rejected, and (3) that Grande chose to re-litigate at trial. *See* Dkt. 497 at 3-7 (cataloging Grande's re-litigation of issues). Grande's repeated attempts to re-litigate arguments at trial that had already been rejected by the Court was manifestly *unreasonable*.

Further, Grande's argument that its factual defense at trial—relating to "the accuracy and reliability of the Rightscorp system," Opp. at 12—was reasonable ignores the undisputed fact that **no one at Grande** ever questioned Rightscorp's accuracy during the relevant time period or ever concluded that Rightscorp notices were inaccurate.[9] Indeed, Grande's main trial defense was one that it invented after this lawsuit was filed and which wholly ignored Grande's conduct during the relevant period. Plaintiffs are entitled to the fees necessary to defeat Grande's manufactured claim.

### 3. Grande Must Be Deterred.

While Grande claims that an award of attorneys' fees is not necessary to deter it from future misconduct, its actions tell a different story. Indeed, Grande's conduct over the last 13 years demonstrates its disdain for its obligations under the Copyright Act. It is undisputed that in 2010, a new management team at Grande eliminated Grande's policy to address repeat infringing subscribers, that Grande then had **no policy** to terminate the accounts of repeat infringers for nearly seven years, and that Grande only began terminations again after this lawsuit was filed.

Further, in his opening statement, Grande's counsel had the temerity to tell the jury that they were in the "privileged position of deciding whether termination programs like the one Grande ***was forced to implement*** are necessary." Dkt. 464 at 95:4-6 (emphasis added). Then, Grande's corporate representative at trial confirmed that he ***did not agree*** with the termination

---

which Grande's counsel mounted a failed defense is irrelevant. Plaintiffs are entitled to their attorneys' fees based on *Grande's* infringing conduct, not the skill or quality of its representation.
[9] Plaintiffs noted this fact in their motion and Grande offered no response. *See* Mot. at 10-11.

5

program that Grande "was forced to implement." Dkt. 471 at 1402:13-16 (L. Horton). Grande does not meaningfully contest *any* of these facts.[10] It is beyond good faith debate that Grande is still strongly motivated to ignore copyright infringement on its network and to continue collecting subscription fees from infringing customers, and that unless Grande is deterred by the prospect of economic liability, it will remove the few policies it claims it "was forced to implement."

In *BMG v. Cox*—a case in which Cox Communications, another internet services provider, was held liable based on infringement notices it received from Rightscorp—the court awarded BMG its attorneys' fees in part so that Cox would be "incentivized to change its behavior." *BMG*, 234 F. Supp. 3d at 768. The same deterrence is at least as necessary for Grande as it was for Cox. Mot. at 13-14.

### 4. The Jury's Verdict Does Not Obviate The Need To Award Fees.

Grande argues that the jury's $46.8 million award is a "windfall" that renders an award of attorneys' fees unnecessary. Opp. at 2-4, 16-17. While that argument further reflects Grande's unrepentant hostility to its statutory obligations, it is also based on a misunderstanding of law.

Determining Plaintiffs' statutory damages under 17 U.S.C. § 504(c) is a ***separate legal inquiry*** from determining whether Plaintiffs should be awarded their attorneys' fees under 17 U.S.C. § 505. Thus, when Cox raised the same argument Grande raises here, the court rejected it on the ground that "finding that the verdict fully remunerated BMG would undermine the ***separate*** fees and costs inquiries" of the Copyright Act. *BMG*, 234 F. Supp. 3d at 768 (emphasis added).

---

[10] While Grande invokes its current repeat infringer termination policy as a reason why deterrence is unnecessary, *see* Opp. at 16, that *ipse dixit* assertion has no basis in the record and in fact ignores the statements of Grande's counsel and corporate representative effectively conceding that Grande would do away with its policy if it prevailed in this lawsuit. Grande also claims that Rightscorp has stopped sending notices to Grande, *see id.*, but ignores that it receives infringement notices from multiple monitoring entities and treats them all the same.

6

*See also Chi–Boy Music v. Charlie Club, Inc.*, 930 F.2d 1224, 1230 (7th Cir. 1991). Indeed, that is why juries in copyright cases are not told "how much it cost to litigate" cases or instructed "to consider attorney's fees" when rendering verdicts. *BMG*, 234 F. Supp. 3d at 768. Thus, the statutory damages award Plaintiffs obtained under Section 504 has no bearing on whether Plaintiffs should also collect their fees under Section 505.[11]

**B.    The Fees Plaintiffs Are Seeking Are Reasonable.**

Plaintiffs seek $5,192,627.19 in attorneys' fees based on the application of reasonable rates and a reasonable number of hours spent (which is substantially smaller than the actual number of hours spent). *See* Mot. at 14-19. Notably, Grande contests **none** of the rates charged or hours spent.

Instead, Grande seeks a blanket 20% reduction in any fee award based on the alleged limited "degree of success" Plaintiffs obtained at trial. Opp. at 17-18. That is a facially disingenuous position for Grande to take, given that Grande repeatedly calls the verdict of more than $33,000 per work a "windfall." And Plaintiffs here are seeking a smaller award of attorneys' fees than the plaintiffs in the *BMG* case, notwithstanding that Plaintiffs won a higher per work award and total amount of statutory damages. *See* Mot. at 2. Further, Grande cites no authorities—

---

[11] Grande's argument also materially misrepresents the statutory damages regime, which does not require a plaintiff to prove actual damages and permits the jury to consider many other factors, such as the difficulty of proving the plaintiff's actual damages, the circumstances of the infringement, the defendant's willfulness, and the need for deterrence. *See* Dkt. 449 at 20-23. Plaintiffs presented ample evidence to the jury addressing these factors, all of which supports the jury's verdict. Further, Grande's accusation that Plaintiffs failed to prove that the works in suit have "*any* economic value" is demonstrably wrong. Opp. at 2. Plaintiffs' witnesses testified that the works in suit included some of the most popular songs from the world's most iconic artists, Dkt. 469 at 1030:22-1031:6, and that sound recordings like the works in suit comprised Plaintiffs' "sole assets" and constituted "the core of [their] business," Dkt. 471 at 1314:10-15, Dkt. 464 at 187:15-188:1; (c) required significant monetary investment for production and marketing, Dkt. 464 at 134:21-142:4, Dkt. 469 at 1031:7-1037:14; and (d) generated significantly less revenue due to peer-to-peer file sharing, Dkt. 464 at 156:20-157:20; Dkt. 469 at 1050:10-10:51:9, 1054:16-1055:66, *see also* PX 350 (RIAA chart).

7

because there are none—reducing an attorneys' fee award because the plaintiff did not obtain the maximum statutory damages.[12]

Lastly, Grande ignores that Plaintiffs already reduced their fee request to account for claims that were dismissed prior to trial. *See* Mot. at 17.

## II. THE COURT SHOULD AWARD PLAINTIFFS THEIR REQUESTED PREJUDGMENT INTEREST.

### A. Plaintiffs Should Be Awarded Prejudgment Interest.

In the Fifth Circuit, the decision to award prejudgment interest is committed to the discretion of the district court. *See Powell v. Penhollow*, 260 F. App'x 683, 691 & n. 7 (5th Cir. 2007). Texas federal courts have repeatedly exercised this discretion to award prejudgment interest in copyright cases. *See* Mot. at 19-20.[13] Such an award is especially warranted when a defendant—like Grande—infringes copyrights willfully, as prejudgment interest is "routinely available for willful violations of federal law." *Polar Bear Prods., Inc. v. Timex Corp.*, 384 F.3d 700, 717 (9th Cir. 2004). Prejudgment interest is also warranted to deter Grande. *See* Mot. at 19-20.

Grande, however, argues for a blanket rule that prejudgment interest should *never* be available in statutory damages cases, *see* Opp. at 4-6, or a holding that prejudgment interest should not be applied here because Plaintiffs' verdict already makes them "whole." *Id.* at 6-8. Both arguments fail because they rely on the false premise that prejudgment interest is justified only when it serves a "compensatory" purpose directly connected to an award of actual damages.

---

[12] The three non-copyright cases cited by Grande are inapposite because the claims featured precise monetary demands and the requested fees were multiple times higher than the damages. *See* Opp. at 18. Plaintiffs did not make a specific demand and are seeking a fraction of their award in fees.

[13] *See R A Guthrie Co., Inc. v. Boparai*, No. 18-cv-80, 2021 WL 1148957, at *19 (E.D. Tex. Mar. 1, 2021), *report and recommendation adopted*, 2021 WL 1141667 (E.D. Tex. Mar. 25, 2021); *Tattoo Art, Inc. v. TAT Int'l, LLC*, 794 F. Supp. 2d 634, 664 (E.D. Va. 2011), *aff'd*, 498 F. App'x 341 (4th Cir. 2012) (surveying circuit law).

Multiple circuit courts have recognized that prejudgment interest "is a different remedy for a different harm" than compensatory damages and is warranted to "discourage delay by the defendant in making reparations." *Polar Bear*, 384 F.3d at 717-18 (citing *McRoberts Software, Inc. v. Media 100, Inc.*, 329 F.3d 557, 572 (7th Cir. 2003)). Thus, it is legal error to deny prejudgment interest because a damages award "sufficiently compensated" the plaintiff. *Leonard v. Stemtech Int'l Inc*, 834 F.3d 376, 397 (3d Cir. 2016). Consistent with these principles, district courts in this circuit routinely award prejudgment interest on copyright statutory damages claims.[14]

### B. Prejudgment Interest Should Be Awarded At 5% Per Annum.

Plaintiffs seek to apply a prejudgment interest rate of 5% per annum to be calculated as simple interest, which derives from the prejudgment interest rate imposed by Texas state law. *See* Mot. at 20 & n.19. Grande argues for a rate of 1.04%, derived from the post-judgment interest rate regulated by 28 U.S.C. § 1961(a). *See* Opp. at 9. However, numerous Texas district courts have awarded prejudgment interest in copyright cases by applying the rate in Texas state law.[15]

None of the five cases Grande cites supports the application of the lower federal rate in this case. *See* Opp. at 9. Three are not even copyright cases, and thus do not address the relevant policy considerations at issue in this dispute.[16] One does not address what prejudgment interest rate is

---

[14] *See Bobby Goldstein Prods., Inc. v. Habeeb*, No. 21-cv-1924, 2023 WL 2429485, at *13 (N.D. Tex. Mar. 9, 2023); *RBH Energy, LLC v. Partners in Church Consulting, LLC*, No. 15-cv-3988, 2016 WL 6496362, at *1 (N.D. Tex. May 6, 2016); *John Perez Graphics & Design, LLC v. Green Tree Inv. Grp., Inc.*, No. 12-cv-4194, 2013 WL 1828671, at *5 (N.D. Tex. May 1, 2013); *see generally* Mot. at 19-20.

[15] *See, e.g.*, *Boparai*, 2021 WL 1148957, at *19; *Kryptek Outdoor Grp., LLC v. Salt Armour, Inc.*, No. 15-cv-348, 2016 WL 7757267, at *10 (E.D. Tex. Mar. 28, 2016); *John Perez Graphics & Design, LLC*, 2013 WL 1828671, at *5; *RBH Energy*, 2016 WL 6496362, at *1.

[16] *See Williams v. Trader Pub. Co.*, 218 F.3d 481 (5th Cir. 2000) (Title VII); *Carpenters Dist. Council of New Orleans & Vicinity v. Dillard Dep't Stores, Inc.*, 15 F.3d 1275 (5th Cir. 1994) (WARN Act); *Superior Derrick Serv., L.L.C. v. Lonestar 203*, 547 F. App'x 432 (5th Cir. 2013) (breach of contract).

appropriate in a copyright case.[17] And the last one provided no analysis for its conclusion, making it impossible to know what factors the court considered.[18] Thus, the Court should apply the Texas rate and award Plaintiffs $7,367,278.24 in prejudgment interest.

### III. THE COURT SHOULD AWARD PLAINTIFFS THEIR REQUESTED EXPERT COSTS.

Grande acknowledges the Court's prior order granting Plaintiffs their expert costs incurred in responding to Dr. Cohen's supplemental report, but nonetheless asks the Court to deny Plaintiffs' request for those costs. *See* Opp. at 18-20. Grande's basis for this argument is that Plaintiffs failed to show with particularity which expert costs corresponded to their responses to particular parts of Dr. Cohen's supplemental report. But Magistrate Judge Austin's order allowed Plaintiffs to recover *all* of their costs incurred in responding to Dr. Cohen's supplemental report. *See* Dkt. 279. Indeed, Plaintiffs' expert, Ms. Frederiksen-Cross, would not have undertaken any of the additional work she did, or prepared any part of her supplemental report, had not it not been for Dr. Cohen's improper supplemental report. Thus, the Court should award Plaintiffs $191,618.00 in expert costs.

## CONCLUSION

The Court should grant Plaintiffs' motion in its entirety.

---

[17] *See Powell v. Penhollow*, 260 F. App'x 683 (5th Cir. 2007).

[18] *See Dweck v. Amadi*, No. 10-cv-2577, 2011 WL 3809907 (S.D.N.Y. July 26, 2011).

Dated: April 6, 2023  Respectfully submitted,

By:       */s/ Andrew H. Bart*
Andrew H. Bart (admitted *pro hac vice*)
Jacob L. Tracer (admitted *pro hac vice*)
**Jenner & Block LLP**
1155 Avenue of the Americas
New York, NY 10036
Telephone: (212) 891-1600
Facsimile: (212) 891-1699
abart@jenner.com
jtracer@jenner.com

Robert B. Gilmore (admitted *pro hac vice*)
Philip J. O'Beirne (admitted *pro hac vice*)
Kevin J. Attridge (admitted *pro hac vice*)
**Stein Mitchell Beato & Missner LLP**
901 15th Street, N.W., Suite 700
Washington, DC 20005
Telephone: (202) 737-7777
Facsimile: (202) 296-8312
rgilmore@steinmitchell.com
pobeirne@steinmitchell.com
kattridge@steinmitchell.com

Daniel C. Bitting (State Bar No. 02362480)
Paige A. Amstutz (State Bar No. 00796136)
**Scott Douglass & McConnico LLP**
303 Colorado Street, Suite 2400
Austin, TX 78701
Telephone: (512) 495-6300
Facsimile: (512) 495-6399
dbitting@scottdoug.com
pamstutz@scottdoug.com

*Attorneys for Plaintiffs*

# CERTIFICATE OF SERVICE

The undersigned certifies that on April 6, 2023 all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system pursuant to Local Rule CV-5(b)(1).

*/s/ Paige A. Amstutz*
Paige A. Amstutz
