**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | |
|---|---|
| UMG RECORDINGS, INC., *et al.*, | ) <br> ) <br> ) |
| *Plaintiffs,* | ) <br> ) Civil Action No. 1:17-cv-00365-DAE <br> ) |
| vs. | ) <br> ) |
| GRANDE COMMUNICATIONS NETWORKS LLC, | ) <br> ) <br> ) |
| *Defendant.* | ) <br> ) |

**PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO
DEFENDANT'S MOTION FOR STAY OF EXECUTION OF JUDGMENT AND FOR
WAIVER OF BOND AND IN SUPPORT OF PLAINTIFFS' CONDITIONAL
<u>CROSS-MOTION FOR WRIT OF EXECUTION</u>**

**TABLE OF CONTENTS**

INTRODUCTION ........................................................................................................................ 1

BACKGROUND .......................................................................................................................... 2

LEGAL STANDARD ................................................................................................................... 3

I.       Bond Waiver ................................................................................................................... 3

II.      Writ of Execution ............................................................................................................ 4

ARGUMENT ................................................................................................................................ 4

I.       Grande's Motion to Waive the Bond Requirement Should Be Denied. ............................ 5

         A.      Grande Does Not Attempt To Demonstrate Its Own Financial Condition. ............. 5

         B.      Grande's Reliance on Astound's Assets Fails to Meet Its Burden. ........................ 6

                1.      Astound's Finances Are Irrelevant. .............................................................. 7

                2.      Grande Fails To Establish That Astound Took Affirmative Steps To Secure The Judgment Or Has The Present Ability To Easily Pay It. ........................................................................................................... 9

II.      Plaintiffs Are Conditionally Entitled To A Writ Of Execution. ...................................... 13

CONCLUSION ........................................................................................................................... 14

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Arban v. W. Pub. Corp.*,
   345 F.3d 390 (6th Cir. 2003) ...................................................................................................7

*United States ex rel. Bias v. Tangipahoa Par. Sch. Bd.*,
   766 F. App'x 38 (5th Cir. 2019) ...............................................................................................9

*Dutton v. Johnson Cnty. Bd. of Cnty. Comm'rs*,
   884 F. Supp. 431 (D. Kan. 1995) ............................................................................................11

*Evergreen Cmty. Power LLC v. Riggs Distler & Co.*,
   2012 WL 2974891 (E.D. Pa. July 19, 2012) ......................................................................7, 11

*Fed. Prescription Serv., Inc. v. Am. Pharm. Ass'n*,
   636 F.2d 755 (D.C. Cir. 1980) ..................................................................................................7

*Frommert v. Conkright*,
   639 F. Supp. 2d 305 (W.D.N.Y. 2009) .....................................................................................7

*Goodman v. Hewlett-Packard Co.*,
   393 F. Supp. 3d 580 (S.D. Tex. 2018) ......................................................................................9

*Halliburton Energy Servs., Inc. v. NL Indus.*,
   2008 WL 2787247 (S.D. Tex. July 16, 2008) ............................................................3, 10, 12

*Hewlett-Packard Co. v. Quanta Storage Inc.*,
   2020 WL 5797735 (S.D. Tex. Apr. 1, 2020), *aff'd*, 961 F.3d 731 (5th Cir.
   2020) ..............................................................................................................................4, 13, 14

*Kennedy v. E.I. DuPont De Nemours & Co.*,
   2006 WL 8441046 (E.D. Tex. Feb. 13, 2006) ........................................................................10

*Liquid Manna, LLC v. GLN Glob. Light Network, LLC*,
   2016 WL 11782889 (W.D. Tex. Oct. 14, 2016) (Ezra, J.) .......................................................4

*Lyondell Chem. Co. v. Albemarle Corp.*,
   2008 WL 11339934 (E.D. Tex. Jan. 22, 2008) ....................................................10, 11, 12, 13

*Maiden Biosciences, Inc. v. Document Sec. Sys., Inc.*,
   2023 WL 348997 (N.D. Tex. Jan. 19, 2023) .......................................................................7, 11

*Moss v. Princip*,
   2016 WL 9245114 (N.D. Tex. July 20, 2016) ...................................................................5, 13

*Munoz v. City of Philadelphia*,
    537 F. Supp. 2d 749 (E.D. Pa. 2008) ...................................................................................11

*In re Nassau Cnty. Strip Search Cases*,
    783 F.3d 414 (2d Cir. 2015)..................................................................................................11

*Netherlands Ins. Co. v. Main St. Ingredients, LLC*,
    2013 WL 12291522 (D. Minn. Feb. 22, 2013) .......................................................................7

*Newcsi, Inc. v. Staffing 360 Sols., Inc.*,
    2016 WL 320996 (W.D. Tex. Jan. 26, 2016) .....................................................................3, 4

*Ortiz v. New York City Hous. Auth.*,
    22 F. Supp. 2d 15 (E.D.N.Y. 1998), *aff'd* 198 F.3d 234 (2d Cir. 1999)................................11

*Owens v. W. & S. Life Ins. Co.*,
    717 F. App'x 412 (5th Cir. 2018) ...........................................................................................9

*Poplar Grove Planting & Ref. Co. v. Bache Halsey Stuart, Inc.*,
    600 F.2d 1189 (5th Cir. 1979) ....................................................................................... *passim*

*Radio Networks, LLC v. Baisden Enters., Inc.*,
    2018 WL 11420837 (N.D. Tex. Jan. 30, 2018) ......................................................................6

*S.A. Healy Co. v. Milwaukee Metro. Sewerage Dist.*,
    159 F.R.D. 508 (E.D. Wis. 1994), *rev'd on other grounds*, 60 F.3d 305 (7th
    Cir. 1995) ..............................................................................................................................11

*Traxcell Techs., LLC. v. AT&T Corp.*,
    2023 WL 1971278 (E.D. Tex. Feb. 13, 2023) ........................................................................5

**Other Authorities**

Fed. R. Civ. P. 50............................................................................................................................3

Fed. R. Civ. P. 59............................................................................................................................3

Fed. R. Civ. P. 62.......................................................................................................................1, 3

Fed. R. Civ. P. 69(a) ................................................................................................................13, 14

Tex. R. Civ. Pro. 627 .....................................................................................................................14

**INTRODUCTION**

After a nearly month-long trial, the jury delivered a verdict in Plaintiffs' favor, finding that Defendant Grande Communications Networks, LLC ("Grande") was liable for contributory copyright infringement, that Grande had willfully infringed Plaintiffs' copyrights, and that Plaintiffs should be awarded $46,766,200 in statutory damages. Dkt. 458. In considering the appropriate damages award, the Court, on Grande's application, precluded the jury from considering evidence about Astound Broadband ("Astound")—a collective of broadband operators of which Grande is a part. Dkt. 472 at 1539:10–24. The Court's ruling excluding this evidence was based on the adamant representations of Grande's counsel that Grande is an independent entity from Astound and that Astound's finances were wholly irrelevant to this case. Indeed, Grande's counsel expressly told the Court that "this is a lawsuit only against Grande Communications, which is and always has been a separate legal entity." *Id.* at 1475:14–25.

In its present motion, Grande is telling this same Court a radically different story. Having lost at trial, Grande is obligated to post a bond in the amount of the judgment if it wants to stay execution of the judgment pending appeal. *See* Fed. R. Civ. P. 62. However, Grande now argues that it should be permitted to ride Astound's financial coattails and rely wholly on Astound's present-day assets and revenues to avoid this automatic procedural rule and waive the bond requirement that applies to every defendant that loses at trial. *See generally* Dkt. 502 ("Mot.").

That is not the law. A waiver of the supersedeas bond requirement may not be based on another entity's financial assets. That rule is especially important to enforce here, where Grande successfully argued that Astound is a separate legal entity and that its assets are irrelevant to the case. Moreover, even if Astound's finances were relevant to the question of whether Grande is entitled to a bond waiver (and they are not), Grande's submission is insufficient to carry its significant evidentiary burden.

1

Because Grande is not entitled to waiver of the bond requirement, Plaintiffs now cross-move for a writ of execution requiring Grande to satisfy the judgment and Plaintiffs' costs if Grande fails to post a bond within seven (7) days of the Court's decision on Grande's motion and Plaintiffs' cross-motion. The Court should deny Grande's motion to waive the bond requirement and, if Grande does not post a bond, grant Plaintiffs' conditional cross-motion for a writ of execution.

## BACKGROUND

On November 3, 2023, the jury delivered a verdict in Plaintiffs' favor awarding $46,766,200 in statutory damages. *See* Dkt. 458.

In reaching its damages award, the jury was precluded from considering evidence about Astound. At trial, Plaintiffs sought to introduce evidence of Astound's size and finances as relevant to the size of the damages award necessary to deter Grande from engaging in future infringing conduct. *See* Dkt. 472 at 1469:18–1471:3, 1472:2–17.[1] In response, Grande's counsel argued that evidence about Astound was wholly irrelevant to this case. In particular, Grande argued that its only connection to Astound was that it had recently begun operating with other internet service providers "under one single trade name," (*i.e.*, Astound), that Astound's members could not be treated as "one company[] to suggest there is some mammoth company," and that Grande remains a "separate legal entity." *Id.* at 1471:12–1472:1. Grande's counsel further contended that admitting "evidence about other companies" to add to Grande's value and revenue was improper because "this is a lawsuit only against Grande Communications, which is and always has been a separate legal entity." *Id.* at 1475:14–25.

---

[1] Plaintiffs sought statutory damages in this action pursuant to 17 U.S.C. § 504(c). To determine the proper statutory damages award, the jury was instructed to consider multiple factors, including the "need to deter Grande from infringing again in the future." Dkt. 449 at 21.

2

The Court agreed with Grande and held that Plaintiffs could not introduce evidence of Astound's size and finances even for the purpose of determining an appropriate level of damages to deter further infringements. *See id.* at 1539:10–24.

On January 30, 2023, the Court entered judgment against Grande on the jury's verdict. *See* Dkt. 481. Grande subsequently filed post-trial motions under Rules 50 and 59 of the Federal Rules of Civil Procedure and a notice of appeal to the United States Court of Appeals for the Fifth Circuit. *See* Dkt. 487, 488. On March 1, 2023, the automatic stay of the judgment pursuant to Federal Rule of Civil Procedure 62(a) expired, and the judgment became final and enforceable. *See* Fed. R. Civ. P. 62(a). As a courtesy, Plaintiffs did not immediately seek to enforce the judgment so that Grande could file and litigate the instant motion.

## LEGAL STANDARD

### I.  Bond Waiver

"The purpose of a supersedeas bond is to preserve the status quo while protecting the non-appealing party's rights pending appeal." *Poplar Grove Planting & Ref. Co. v. Bache Halsey Stuart, Inc.*, 600 F.2d 1189, 1190–91 (5th Cir. 1979). While a district court may waive the bond requirement, "that power has been exercised only in extraordinary circumstances." *Newcsi, Inc. v. Staffing 360 Sols., Inc.*, 2016 WL 320996, at *2 (W.D. Tex. Jan. 26, 2016) (internal quotations omitted). That heightened standard applies because a bond protects "the prevailing party against any loss sustained as a result of being forced to forgo execution on a judgment during the course of an ineffectual appeal." *Poplar Grove Planting*, 600 F.2d at 1191.

Because a supersedeas bond is a "privilege extended to the judgment debtor," the "burden is placed on the debtor to show why a court should depart from the usual requirement of posting a full bond." *Halliburton Energy Servs., Inc. v. NL Indus.*, 2008 WL 2787247, at *1–2 (S.D. Tex. July 16, 2008).

## II.     Writ of Execution

"To enforce a judgment, judgment creditors must file a writ of execution in accordance with the practice and procedure of the state in which the district court is held." *Hewlett-Packard Co. v. Quanta Storage Inc.*, 2020 WL 5797735, at *1 (S.D. Tex. Apr. 1, 2020) (internal quotations omitted), *aff'd*, 961 F.3d 731 (5th Cir. 2020). "Under Texas law, after a judgment is finalized, the prevailing party may execute on the judgment by securing a writ of execution from the clerk of the court that issued the judgment." *Id.*  A writ of execution may issue "within 10 years after rendition of a judgment."  *Liquid Manna, LLC v. GLN Glob. Light Network, LLC*, 2016 WL 11782889, at *1 (W.D. Tex. Oct. 14, 2016) (Ezra, J.).

## ARGUMENT

The "usual requirement" for judgment debtors to avoid execution of a judgment pending appeal is the filing of a supersedeas bond in the full amount of the judgment, plus costs of appeal, interest, and any estimated damages attributed to delay. *Poplar Grove Planting*, 600 F.2d at 1191. Judgment debtors are required to post such bonds unless there are "extraordinary circumstances" warranting waiver. *See Newcsi, Inc*, 2016 WL 320996, at *2.  The Fifth Circuit recognizes just two such extraordinary circumstances: (1) when the losing party "objectively demonstrates a present financial ability to facilely respond to a money judgment and presents to the court a financially secure plan for maintaining the same degree of solvency during the period of the appeal," and (2) when posting a full bond would "impose an undue financial burden" given the judgment debtor's financial condition. *Poplar Grove Planting*, 600 F.2d at 1191.

Neither circumstance exists here.  Indeed, Grande's motion attempts to subvert this high standard and create a new exception to the bond requirement, where a bond can be dispensed with merely because an entity that is somehow affiliated with Grande—with which Grande expressly ***disclaimed*** any legal relationship at trial—currently has substantial assets.  However, the law is

4

directly to the contrary. The finances of affiliated entities are irrelevant to this motion as a matter of law, and as a result Grande has not met its burden to demonstrate ***its*** ability to pay the judgment after appeal. Further, even if Astound's finances were relevant (and they are not), Grande has not made a sufficient evidentiary showing as to Astound. Thus, Grande's motion to waive the bond requirement should be denied, and unless Grande posts a bond within seven (7) days of such denial, Plaintiffs' cross-motion for a writ of execution should be granted.

I. **Grande's Motion to Waive the Bond Requirement Should Be Denied.**

　　A. **Grande Does Not Attempt To Demonstrate Its Own Financial Condition.**

As noted above, to avoid the requirement that a liable party that wants to avoid execution of a judgment pending appeal must file a bond, Grande was obligated to prove that it had a "present financial ability to facilely respond to a money judgment and present[] to the court a financially secure plan for maintaining the same degree of solvency during the period of the appeal." *Poplar Grove Planting*, 600 F.2d at 1191. Yet Grande submitted no evidence of ***its*** own financial condition in support of its motion. Thus, it failed to meet its burden to demonstrate that waiver of the bond requirement is warranted. *See id.*

Indeed, the only "evidence" even remotely addressing Grande's own finances are citations to the trial record referring generally to Grande's "financial strength." *See* Mot. at 4. Such general allegations are insufficient to carry Grande's burden as a matter of law. *See Traxcell Techs., LLC v. AT&T Corp.*, No. 2023 WL 1971278, at *1–2 (E.D. Tex. Feb. 13, 2023) (finding statements that debtor has "substantial assets to satisfy the judgment" insufficient); *Moss v. Princip*, 2016 WL 9245114, at *2 (N.D. Tex. July 20, 2016) (holding failure to provide evidence such as "audited financial statements and net worth information" dispositive).

Moreover, many portions of the trial record cited by Grande were not even evidence, but rather statements of counsel from Plaintiffs' opening and closing arguments relating to Grande's

5

profitability during the *2014 to 2018* time period."[2] Grande ignores both that these statements of counsel are not evidence, that they consist of vague and general assertions of "financial strength," and that they referred expressly to specific periods of time in the past. Moreover, even trial testimony about a debtor's current financial position is insufficient to meet a debtor's evidentiary burden. Courts dismissively reject bond waiver applications premised on "stale" high-level assertions presented at trial. *See Radio Networks, LLC v. Baisden Enters., Inc.*, 2018 WL 11420837, at *2 (N.D. Tex. Jan. 30, 2018).

Because Grande does not even contend that its own assets are sufficient to justify the waiver of a bond, the Court should deny Grande's motion.

### B. Grande's Reliance on Astound's Assets Fails to Meet Its Burden.

Undoubtedly recognizing that its own finances are insufficient to justify a bond waiver, Grande's motion relies entirely on Astound's assets and revenues. In support of its motion, Grande submitted Astound's 5-year plan, a Radiate HoldCo, LLC quarterly report for the quarter ended September 30, 2022,[3] a press release on a two-year-old transaction in which Astound acquired the assets of another broadband provider wholly unrelated to Grande, a press release on private equity firm Stonepeak Infrastructure Partners' 2020 acquisition of Astound, and an Astound agreement for a revolving line of credit. *See* Dkt. 502-3 ("Feehan Decl.") ¶¶ 3–7.

---

[2] The other cited portions of the trial record are high-level arguments from Plaintiffs' opening and closing statements about Grande's size and profits made during the 2020 sale of Grande. *See* Dkt. 464 at 48 (opening argument about Grande's profit margins on its internet service); Dkt. 475 at 2064:6–14 (closing argument about Grande's sale); *id.* at 2080:24–2081:4 (closing argument about Grande's profit margins around $200 million a year); *id.* at 2082:9–12 (closing argument that Grande is "not a mom-and-pop local company or a startup").

[3] The Radiate HoldCo, LLC report states that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. Dkt. 503-4 at 4 (under seal).

6

But Grande's attempt to conflate its finances with those of Astound is improper as a matter of law. Moreover, even the self-serving facts Grande proffers about Astound fail to satisfy Grande's burden on this motion.

### 1. Astound's Finances Are Irrelevant.

Astound's finances are irrelevant to Grande's motion for two independent reasons: (1) parties seeking waiver of the bond requirement may not rely on the finances of affiliated entities to satisfy judgments against them; and (2) Grande is judicially estopped from invoking Astound's finances given its statements about its relationship with Astound at trial.

*First*, a judgment debtor cannot rely on the assets of non-liable affiliated entities to satisfy its judgment for purposes of waiving the bond requirement. *See, e.g.*, *Maiden Biosciences, Inc. v. Document Sec. Sys., Inc.*, 2023 WL 348997, at *1 (N.D. Tex. Jan. 19, 2023) (denying application that did not distinguish between liable defendant and its subsidiaries).[4] Even in a parent-subsidiary context (which presents a much stronger connection than the one at issue here), courts have held that a parent company's assets are not relevant to the bond waiver analysis when the parent company is not a liable entity and has no legal obligation to satisfy the defendant's debts. *See, e.g.*, *Evergreen Cmty. Power LLC v. Riggs Distler & Co.*, 2012 WL 2974891, at *2 (E.D. Pa. July 19, 2012); *Netherlands Ins. Co. v. Main St. Ingredients, LLC*, 2013 WL 12291522, at *1 (D. Minn. Feb. 22, 2013). Clearly, when the relationship between the liable party and another entity is a

---

[4] Even the cases Grande cites confirm that courts consider a judgment debtor's *own ability* to pay—not a separate legal entity's alleged ability to pay. *See, e.g.*, *Frommert v. Conkright*, 639 F. Supp. 2d 305 (W.D.N.Y. 2009) (assessing pension plan's assets for judgment against pension plan); *Fed. Prescription Serv., Inc. v. Am. Pharm. Ass'n*, 636 F.2d 755, 761 (D.C. Cir. 1980) (affirming bond waiver based on judgment debtor's own assets); *Arban v. W. Pub. Corp.*, 345 F.3d 390, 409 (6th Cir. 2003) (same).

loose affiliation consisting primarily of the sharing of a trade name, as Grande has represented is the case with its relationship with Astound is, that conclusion is even stronger.

The irrelevance of Astound's assets to the present motion is underscored by the fact that Grande makes no showing whatsoever that Astound is obligated to stand behind Grande's eight-figure debt to Plaintiffs. Instead, Grande's motion states only that Grande "is part of a collective of broadband operators that now operate under the name Astound Broadband." Feehan Decl. ¶ 2. This one-sentence assertion is not nearly enough to meet Grande's evidentiary burden to waive its bond requirement. Further, as explained in more detail below, Grande has not demonstrated that Astound has taken any affirmative steps to secure the funds necessary to satisfy the judgment. *See infra* at 10.

**Second**, Grande is judicially estopped from invoking Astound's finances. Grande made affirmative statements at trial that Grande and Astound are independent entities that only recently began "operating under one single trade name"—Astound—within the "past year or so." Dkt. 472 at 1471:14–20. Indeed, Grande's counsel specifically represented to the Court that even after the operations of the two entities were merged (in some undefined way), Grande remained a "separate legal entity." *Id.* at 1471:13–14.

Relying on those factual representations, Grande argued at trial that evidence of Astound's present-day finances were irrelevant to the case. *Id.* at 1470:15–21. In particular, Grande's counsel contended that it would be improper "to treat all of [Astound's] different entities, which remain separate legal entities, as one company, to suggest there is some mammoth company." *Id.* at 1471:14-20. Moreover, Grande claimed it would be improper to "bring[] in that evidence about other companies to add to the value" and "to add to the revenues" of Grande. *Id.* at 1475:13–22. The Court agreed with Grande, holding that the jury could hear evidence about "Grande itself, the

8

sued entity," but that Plaintiffs could not "go into [Grande's] parent companies or corporations or affiliated companies." *Id.* at 1539:19–25.

Grande's arguments about its relationship with Astound in its bond waiver motion are starkly inconsistent with its representations at trial. Thus, the doctrine of judicial estoppel precludes any consideration of the self-serving, revisionist statements contained in Grande's motion. That doctrine applies because Grande's current attempt to conflate Astound's and Grande's finances is "plainly inconsistent with [its] prior position" that the two are separate legal entities. The Court "accepted [Grande's] prior position" by making key evidentiary rulings at trial premised on Grande's representations, and Grande "did not act inadvertently" by knowingly making such representations. *See United States ex rel. Bias v. Tangipahoa Par. Sch. Bd.*, 766 F. App'x 38, 42 (5th Cir. 2019) (describing elements of judicial estoppel). Thus, the Court should not permit Grande to "deliberately chang[e] positions according to the exigencies of the moment." *Goodman v. Hewlett-Packard Co.*, 393 F. Supp. 3d 580, 598 (S.D. Tex. 2018); *see also Owens v. W. & S. Life Ins. Co.*, 717 F. App'x 412, 417 (5th Cir. 2018).

### 2. Grande Fails To Establish That Astound Took Affirmative Steps To Secure The Judgment Or Has The Present Ability To Easily Pay It.

Even if the Court were to consider evidence of Astound's finances (and it should not), and were to disregard Grande's failure to submit any evidence whatsoever that Astound is obligated to pay the judgment (which it also should not), a bond waiver is still unwarranted. First, Astound has taken no steps to ensure that it maintains the funds necessary to satisfy the judgment. Second, Grande has not demonstrated that Astound has the present or future ability to pay the judgment. Finally, Grande has provided insufficient evidence of the purported cost of the bond it is required to obtain.

9

***First***, Grande makes no attempt to satisfy its burden under controlling Fifth Circuit precedent to demonstrate that Astound has adequately taken "some positive protection of the judgment creditor's rights" as required to waive the bond requirement. *Poplar Grove Planting*, 600 F.2d at 1191. For example, Astound did not create a separate fund dedicated to satisfying the judgment or demonstrate that Plaintiffs (or even Grande) will easily be able to access Astound's funds when it becomes necessary to do so. Indeed, Astound's financial documents do not identify where Astound's assets are located, describe what the process would be to secure Astound's funds for Grande's use to satisfy the judgment, or explain how long it would take for those funds to become available to satisfy the judgment once it is enforced.

Courts within the Fifth Circuit routinely reject motions to waive the obligation to post a bond when a judgment debtor fails to satisfy these basic requirements. *See, e.g.*, *Halliburton Energy Servs.*, 2008 WL 2787247, at *1–2 (denying bond waiver motion even when debtor provided statements of available cash and the cash's location). For example, in *Kennedy v. E.I. DuPont De Nemours & Co.*, the judgment debtor made arguments similar to those that Grande is making now—*i.e.*, that its purported "tangible net worth is several thousand times the amount of the judgment imposed against it"—and attached its financial statements in support of its motion. 2006 WL 8441046, at *2 (E.D. Tex. Feb. 13, 2006). However, the court still declined to waive the bond requirement because the judgment debtor failed to offer "objective evidence" demonstrating a process it would follow to pay the judgment when due. *Id.* Similarly, in *Lyondell Chemical Company v. Albemarle Corp.*, the court declined to find the judgment debtor's "substantial assets" sufficient to forgo the bond requirement when the judgment debtor did not

give any "indication that any monies have been exclusively designated to satisfy the [f]inal [j]udgment in this case." 2008 WL 11339934, at *1–2 (E.D. Tex. Jan. 22, 2008).[5]

***Second***, Grande fails to prove that Astound's present or future financial condition will permit it to easily pay the judgment. *See Poplar Grove Planting*, 600 F.2d at 1191. A close read of the materials Grande provided demonstrates that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. Dkt. 503-4 at 24–25 (under seal). ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.[6] Further, ▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. Dkt. 503-4 at

---

[5] The vast majority of cases on which Grande relies involve a different circumstance entirely, namely when the judgment debtor is the government or a government-run entity. *See* Mot. at 4–5 & n.1. In that circumstance, courts recognize that there is a difference between requiring a government entity to spend taxpayers' money to post a bond and requiring a non-governmental entity to spend its own money to do so. *See Evergreen Cmty. Power LLC*, 2012 WL 2974891, at *2. Moreover, in the cases Grande cites, the government entity—unlike Grande—submitted a detailed explanation of their proposed process for payment of the judgment after appeal, provided a specific timeframe for payment of those funds following the decision on appeal, and, most significantly, detailed the existence of appropriated funds dedicated specifically to paying the judgment at issue. *See In re Nassau Cnty. Strip Search Cases*, 783 F.3d 414 (2d Cir. 2015) (waiving bond because of appropriated funds available for purpose of paying judgments without substantial delay or difficulty); *Munoz v. City of Philadelphia*, 537 F. Supp. 2d 749 (E.D. Pa. 2008) (waiving bond when there was a dedicated fund from which settlements and judgments were to be paid); *Ortiz v. New York City Hous. Auth.*, 22 F. Supp. 2d 15 (E.D.N.Y. 1998), *aff'd* 198 F.3d 234 (2d Cir. 1999) (waiving bond for government-run housing authority); *Dutton v. Johnson Cnty. Bd. of Cnty. Comm'rs*, 884 F. Supp. 431 (D. Kan. 1995) (waiving bond when county had dedicated fund sufficient to cover the judgment and would provide access to funds within 30 days after appeal); *S.A. Healy Co. v. Milwaukee Metro. Sewerage Dist.*, 159 F.R.D. 508 (E.D. Wis. 1994) (waiving bond when the district explained that it had access to a pooled fund that would cover the judgment amount, provided the exact balance of the fund, and stated that funds would be paid out the next day following judgment), *rev'd on other grounds*, 60 F.3d 305 (7th Cir. 1995).

[6] While the court in *Maiden Biosciences* appropriately declined to consider the assets of the judgment debtor's parent company in denying the judgment debtor's bond waiver application, it nonetheless noted that the parent company's inadequate "cash position" created a risk that the parent company "may not be able to repay indebtedness when due." 2023 WL 348997, at *1.

11

25 (under seal). And, of course, these materials provide merely a snapshot of Astound's finances as of September 2022, more than six months ago.

Grande also contends that Astound has access to a $455 million revolving credit line through 2025. *See* Mot. at 4; Dkt. 503-5 (under seal). Critically however, Grande does not demonstrate that Astound is obligated to use that line of credit to satisfy Grande's judgment. Instead, Grande merely provides a copy of a 2021 amendment to this line of credit agreement outlining the terms of the revolving line of credit. *See* Dkt. 503-5 (under seal). Accordingly, even considering the documents Grande submitted with its motion, Grande's blanket assertion that Astound is "good for" the damages owed to Plaintiffs fail to pass muster.

Grande also fails to provide sufficient information about Astound's future financial ability to pay the judgment. Under binding Fifth Circuit authority, a judgment debtor claiming a financial ability to pay a money judgment must "present[] to the court a financially secure plan for maintaining the same degree of solvency during the period of the appeal." *Poplar Grove Planting*, 600 F.2d at 1191; *see also Ensearch Corp.*, 918 F.2d at 463–64. Courts in the Fifth Circuit routinely reject requests to waive the bond requirement when judgment debtors fail to address their future solvency. For example, in *Halliburton Energy Services Inc.*, the district court held that evidence of the judgment debtor's "present financial condition"—including testimony and documentary evidence of its "currently available cash in the United States and certain real property"—was insufficient to waive the bond requirement because the debtor failed to present evidence of future liabilities or debts "that might limit its future ability to respond to the judgment." 2008 WL 2787247, at *1–2. In *Lyondell Chemical Company*, the court rejected a similar motion despite the debtor's "substantial assets" where the financial statements provided did not "provide any

12

assurances" that the judgment debtor "will be capable of responding to the judgment creditors" after the appeal. 2008 WL 11339934, at *1–2.

The materials Grande submitted in support of its motion suffer the same deficiencies. Those materials provide a snapshot of Astound's assets, but do not show Astound's current liabilities or encumbrances from which the Court could even begin to assess Astound's ability to stay solvent in the future. *See* Dkt. 503-3 & 503-4 (under seal).

***Third***, Grande claims a bond would be a waste of money because it would cost $4 million per year, but it provides insufficient support for that conclusory assertion. *See* Mot. at 5; Feehan Decl. ¶ 8. Grande's only source for that claim is Mr. Feehan's *ipse dixit* statement in his declaration with no explanation or supporting documentation, and while Mr. Feehan's declaration includes some exhibits, none relates to the cost of obtaining a bond. Self-serving and wholly unsupported statements of this sort do not justify departing from the ordinary rule that a judgment debtor must post bond to secure a stay of execution of judgment. *See, e.g.*, *Moss*, 2016 WL 9245114, at *2 (holding that "self-serving declarations" did not meet burden to objectively demonstrate departure from bond requirement).

Thus, Grande's bond waiver motion should be denied.

## II. Plaintiffs Are Conditionally Entitled To A Writ Of Execution.

Because Grande is not entitled to a stay of execution of Plaintiffs' judgment without posting a bond or being excused from that requirement, Plaintiffs conditionally cross-move for a writ of execution of their judgment and the costs to which the parties have agreed if Grande fails to secure a bond within seven (7) days of the Court's denial of Grande's motion.

Pursuant to Federal Rule of Civil Procedure 69(a), a judgment creditor enforces a money judgment by writ of execution. Fed. R. Civ. P. 69(a)(1); *Hewlett-Packard Co. v. Quanta Storage*

*Inc.*, 2020 WL 5797735, at *1.  Federal execution procedure "must accord with the procedure of the state where the court is located." Fed. R. Civ. P. 69(a)(1).  Texas law provides that:

> [i]f no supersedeas bond or notice of appeal, as required of agencies exempt from filing bonds, has been filed and approved, the clerk of the court or justice of the peace shall issue the execution upon such judgment upon application of the successful party or his attorney after the expiration of thirty days from the time a final judgment is signed.

Tex. R. Civ. Pro. 627.

Plaintiffs are entitled to a writ of execution because the judgment at issue is a money judgment and more than 30 days have passed since the judgment was entered on January 30, 2023. Dkt. 481.  Plaintiffs are also entitled to their costs, to which the parties have agreed.  Dkt. 501. Accordingly, if Grande fails to secure a bond within seven (7) days of the Court's denial of Grande's motion to waive the bond requirement, a writ of execution substantially in the form attached as Exhibit 1 should be issued and served by the U.S. Marshal to satisfy the judgment and costs of Grande subject to execution by law.

## CONCLUSION

For the reasons set forth above, the Court should deny Grande's motion to waive the bond requirement and, grant Plaintiffs' conditional cross-motion to issue a writ of execution if Grande does not obtain a bond within seven (7) days of such denial.

| | |
|---|---|
| Dated: April 6, 2023 | Respectfully submitted,<br><br>By:       /s/ Andrew H. Bart    <br>Andrew H. Bart (admitted *pro hac vice*)<br>Jacob L. Tracer (admitted *pro hac vice*)<br>**Jenner & Block LLP**<br>1155 Avenue of the Americas<br>New York, NY 10036<br>Telephone: (212) 891-1600<br>Facsimile: (212) 891-1699<br>abart@jenner.com<br>jtracer@jenner.com<br><br>Robert B. Gilmore (admitted *pro hac vice*)<br>Philip J. O'Beirne (admitted *pro hac vice*)<br>Kevin J. Attridge (admitted *pro hac vice*)<br>**Stein Mitchell Beato & Missner LLP**<br>901 15th Street, N.W., Suite 700<br>Washington, DC 20005<br>Telephone: (202) 737-7777<br>Facsimile: (202) 296-8312<br>rgilmore@steinmitchell.com<br>pobeirne@steinmitchell.com<br>kattridge@steinmitchell.com<br><br>Daniel C. Bitting (State Bar No. 02362480)<br>Paige A. Amstutz (State Bar No. 00796136)<br>**Scott Douglass & McConnico LLP**<br>303 Colorado Street, Suite 2400<br>Austin, TX 78701<br>Telephone: (512) 495-6300<br>Facsimile: (512) 495-6399<br>dbitting@scottdoug.com<br>pamstutz@scottdoug.com<br><br>*Attorneys for Plaintiffs* |

## CERTIFICATE OF SERVICE

The undersigned certifies that on April 6, 2023 all counsel of record who are deemed to have consented to electronic service are being served with a redacted copy of this document via the Court's CM/ECF system pursuant to Local Rule CV-5(b)(1) and an unredacted copy of this document pursuant to Local Rule CV-5.2(e).

/s/ Paige A. Amstutz
Paige A. Amstutz