IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| UMG RECORDINGS, INC., *et al.*, § § § *Plaintiffs,* § § vs. § § GRANDE COMMUNICATIONS § NETWORKS LLC, § § *Defendant.* § § | Civil Action No. 1:17-cv-00365-DAE |

**REPLY IN SUPPORT OF PLAINTIFFS'
CONDITIONAL CROSS-MOTION FOR WRIT OF EXECUTION**

Plaintiffs' conditional cross-motion for a writ of execution is a routine and straight-forward request. Plaintiffs want to ensure that they can proceed with collecting the judgment amount in the event that (a) the Court denies the motion by Defendant Grande Communications Networks LLC ("Grande") to waive the supersedeas bond requirement, and (b) Grande fails to obtain a bond. *See* Dkt. 508 at 13-14. If those two conditions are met, a writ of execution should be issued.

Grande does not dispute that Plaintiffs are entitled to a writ of execution if the Court refuses to waive the bond requirement and Grande fails to obtain a bond. Instead, Grande claims that it will post a bond if its motion for waiver of that requirement is denied. *See* Dkt. 513 at 1. Thus, the only remaining issue is how much time Grande should have to post a bond under those circumstances. Typically, parties have 30 days from the entry of judgment to obtain and post a supersedeas bond. *See* Fed. R. Civ. P. 62(a). As of the date of this filing, Grande has had 88 days since the entry of judgment. *See* Dkt. 481 (Judgment entered Jan. 30, 2023).

1

Nevertheless, as a courtesy, Plaintiffs proposed that Grande be given seven additional days from the denial of its waiver motion to post a bond. *See* Dkt. 508 at 13-14. Grande's request to extend that time to 14 days is meritless. The only reason Grande proffers for the additional week is its "concern[]" that it "may" have to submit additional financial information to potential bond issuers, which "could take some time" to compile and submit. Dkt. 513 at 1-2. But Grande has already had two months beyond the 30-day period provided in Rule 62 to submit the information necessary to obtain a bond. That is more than enough time. Further, Grande does not provide any facts in support of its expressed "concern." Grande did not submit any sworn declaration or cite to anything in the record—because nothing exists—demonstrating that such a concern is warranted. Because Grande's reason for requesting more time is nothing more than hypothetical conjecture from its attorneys, it should be denied.

Ultimately, Grande's request for more time to post a bond is simply Grande's latest effort to complicate the supersedeas bond process and delay its obligation to obtain a bond like any other defendant who loses at trial.[1] As Rule 62 envisions, this process should be simple. Accordingly, the Court should deny Grande's application to waive the bond requirement and give Grande seven days from any such denial to obtain and post a bond. If Grande does not post a bond within that time frame, a writ of execution should issue.

---

[1] Grande's reply brief in support of its waiver motion demonstrates how needlessly complicated and time-consuming Grande is making the bond issue. In that brief, Grande requests an *evidentiary hearing* to resolve its motion, claiming that its Chief Financial Officer, John Feehan, could be present to testify. *See* Dkt. 514 at 2, 7. But Grande cites no examples of any such hearing ever occurring in any other case and cites no authority that such a hearing is proper under Rule 62. Moreover, it was Grande's burden to demonstrate that a departure from the normal operation of Rule 62 is warranted. *See* Dkt. 508 at 3 (citing cases holding that party seeking bond waiver has the burden to submit sufficient evidence demonstrating waiver is warranted). Grande has manifestly failed to meet that burden. If Mr. Feehan had additional information to support Grande's motion, he should have included it in the declaration he submitted. Grande's request for a hearing is another delay tactic and should be denied summarily.

Dated: April 25, 2023

Respectfully submitted,

By:       */s/ Andrew H. Bart*
Andrew H. Bart (admitted *pro hac vice*)
Jacob L. Tracer (admitted *pro hac vice*)
**Jenner & Block LLP**
1155 Avenue of the Americas
New York, NY 10036
Telephone: (212) 891-1600
Facsimile: (212) 891-1699
abart@jenner.com
jtracer@jenner.com

Robert B. Gilmore (admitted *pro hac vice*)
Philip J. O'Beirne (admitted *pro hac vice*)
Kevin J. Attridge (admitted *pro hac vice*)
**Stein Mitchell Beato & Missner LLP**
901 15th Street, N.W., Suite 700
Washington, DC 20005
Telephone: (202) 737-7777
Facsimile: (202) 296-8312
rgilmore@steinmitchell.com
pobeirne@steinmitchell.com
kattridge@steinmitchell.com

Daniel C. Bitting (State Bar No. 02362480)
Paige A. Amstutz (State Bar No. 00796136)
**Scott Douglass & McConnico LLP**
303 Colorado Street, Suite 2400
Austin, TX 78701
Telephone: (512) 495-6300
Facsimile: (512) 495-6399
dbitting@scottdoug.com
pamstutz@scottdoug.com

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

The undersigned certifies that on April 25, 2023 all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system pursuant to Local Rule CV-5(b)(1).

<i>/s/ Paige A. Amstutz</i><br>
Paige A. Amstutz