**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | |
|---|---|
| UMG RECORDINGS, INC., *et al.*, | ) ) ) |
| *Plaintiffs,* | ) ) Civil Action No. 1:17-cv-00365-DAE |
| vs. | ) ) |
| GRANDE COMMUNICATIONS NETWORKS LLC, | ) ) ) |
| *Defendant.* | ) ) |

**PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO
DEFENDANT GRANDE COMMUNICATIONS NETWORKS LLC'S
MOTION FOR APPROVAL OF SUPERSEDEAS BOND
<u>AND STAY OF JUDGMENT UNDER RULE 62(b)</u>**

**TABLE OF CONTENTS**

INTRODUCTION ............................................................................................................................. 1

LEGAL STANDARD ...................................................................................................................... 2

ARGUMENT ................................................................................................................................... 2

I.   Grande's Bond Must Unambiguously Hold the Surety Immediately and Unconditionally Liable Upon Affirmance of the Judgment. ............................................. 2

II.  Grande's Bond Must Account for Post-Judgment Interest. ................................................ 5

CONCLUSION ................................................................................................................................ 6

## INTRODUCTION

On July 25, 2023, this Court ruled that if Defendant Grande Communications Networks, LLC ("Grande") wanted the Court to stay execution of Plaintiffs' $46,766,200 judgment pending appeal, it would be required to post a bond pursuant to Federal Rule of Civil Procedure 62. Dkt. 526. Grande has now moved for approval of a supersedeas bond in the amount of $46,872,250.23. Dkt. 528. However, Grande's proposed bond is insufficient as a matter of law for two independent reasons.[1]

First, the bond does not make the surety immediately and unconditionally liable for the judgment if Grande does not prevail on appeal. Instead, it states that the surety will become liable only if Grande first fails to pay the judgment. Imposing such a condition precedent on the surety's liability both fails to protect Plaintiffs' security interest in their judgment and is impermissibly vague about when the surety will become liable. Grande's bond should instead state clearly that the surety is immediately liable for the judgment if Grande does not prevail on appeal, but that such liability is obviated if Grande satisfies the judgment itself.

Second, the amount of Grande's bond does not account for post-judgment interest, as is required in the Fifth Circuit. As a result, the bond as proposed fails to sufficiently protect Plaintiffs' interests pending Grande's appeal.

Accordingly, the Court should deny Grande's motion for approval of its supersedeas bond and stay of judgment until the deficiencies in Grande's bond are corrected.

---

[1] Plaintiffs raised both these issues with Grande on August 14, 2023. Grande responded on August 18, 2023 that it would not amend its bond.

**LEGAL STANDARD**

Rule 62(b) provides that "[a]t any time after judgment is entered, a party may obtain a stay by providing a bond or other security." Fed. R. Civ. P. 62(b). When a party posts a bond, the stay does not take effect until the court "approves" it. *Id.* Whether to approve a bond is within the court's discretion. *See Poplar Grove Planting and Refining Co., Inc. v. Bache Halsey Stuart, Inc.*, 600 F.2d 1189, 1191 (5th Cir. 1979). The judgment debtor bears the burden of proving the sufficiency of its proposed bond. *See id.*; *see also Rand-Whitney Containerboard Ltd. Partn. v. Town of Montville*, 245 F.R.D. 65, 69 (D. Conn. 2007).

**ARGUMENT**

As noted above, Grande's bond is insufficient for two independent reasons: (1) it does not make the surety immediately and unconditionally liable for the judgment if Grande's appeal is unsuccessful, and (2) it does not account for post-judgment interest. Both problems can and should be easily fixed.

**I.     Grande's Bond Must Unambiguously Hold the Surety Immediately and Unconditionally Liable Upon Affirmance of the Judgment.**

Grande's bond makes the surety liable for the judgment only if Grande "fails to pay" all damages required by the Fifth Circuit. Dkt. 528-1, at 2.[2] Thus, the plain language of Grande's bond creates a condition precedent to the surety's liability by conditioning it on Grande's failure to pay the judgment.

---

[2] Grande's bond also provides that if the Fifth Circuit does not review the merits of the appeal because Grande fails to perfect it or it is otherwise dismissed, the surety will be liable only if Grande "does not perform the trial court's judgment." Dkt. 528-1, at 2. Grande has made no attempt to explain how, if at all, Grande's failure to "perform" the judgment and failure to "pay" damages are different.

That is improper. It has been well-settled for more than a century that a surety must become immediately liable on a supersedeas bond when the judgment is affirmed on appeal. *See, e.g.*, *Babbitt v. Finn*, 101 U.S. 7, 13 (1879). Indeed, any other rule would undermine the purpose of supersedeas bonds, which is to secure the plaintiff's interest in the judgment during the appellate process and enable the plaintiff to obtain expedited collection of the judgment upon affirmance. *See Poplar Grove*, 600 F.2d at 1191. Thus, any bond that imposes a condition precedent on the surety's liability in the event a judgment is affirmed on appeal should be rejected as a matter of law.

Moreover, the specific language Grande used in its bond is impermissibly vague. Because bonds are contracts, their terms must be "clear and unambiguous." *Rand-Whitney*, 245 F.R.D. at 67. Such clarity is necessary to prevent the judgment collection process from turning into "a game of 'gotch ya' in which defendants may seek to avoid their legal obligations by interposing an ambiguous agreement which the surety can then seek to avoid." *Id.* at 70. Accordingly, when bonds lack sufficient clarity, courts refuse to approve them. *See, e.g.*, *Hunt Building Co. v. John Hancock Life Ins. Co.*, No. 11-cv-00295-DCG, 2013 WL 12291912, at *1-3 (W.D. Tex. Sept. 3, 2013).

Here, the surety is liable only if Grande "does not perform" the judgment or "fails to pay" all damages against it. Dkt. 528-1, at 2. The bond does not define what those terms mean, leaving it unclear how long Grande would have to complete performance after the conclusion of the appeal, and what efforts, if any, Plaintiffs would first need to undertake against Grande to attempt to recover the judgment before the surety would become liable on the bond. That lack of clarity also makes it possible for the surety to dispute its payment obligation on the ground that Plaintiffs did not sufficiently seek recourse from Grande first. In other words, if the judgment is affirmed,

3

Grande's bond potentially gives the surety a defense to the immediate payment of the judgment. Nothing in Rule 62 supports such a result.

Instead, the Court should require Grande's bond to clearly articulate that the surety is immediately liable if and when the Fifth Circuit affirms the judgment or the appeal is dismissed. For example, in *Sony Music Entertainment, et al. v. Cox Communications, Inc., et al.*, a similar copyright infringement action against another internet service provider ("ISP"), the court approved a supersedeas bond to secure a $1 billion judgment. *See* No. 1:18-cv-00950-LO-JFA, Dkt. 725-1 (E.D. Va. Jan. 27, 2021). In that bond, instead of imposing liability on the sureties only if the defendants fail to satisfy the judgment, the bond imposes *immediate* liability on the sureties upon affirmance but *releases* them if the defendants satisfy the judgment first. *See id.*[3] That bond structure has been approved in countless other litigations. *See, e.g.*, *Rand-Whitney*, 245 F.R.D. at 70; *Hunt Building Company*, 2013 WL 12291912, at *2–3. Indeed, the *Cox* defendants even noted that a "substantively identical bond" was approved in another ISP copyright litigation. *Cox*, No. 1:18-cv-00950-LO-JFA, Dkt. 725, at 3 (citing *BMG Rights Management (US), LLC v. Cox Communications, Inc.*, No. 1:14-cv-1611 (E.D. Va.), Dkts. 890, 890-1, 891). A similar approach is required here.[4]

---

[3] In particular, the bond in *Cox* provided: "the conditions of this obligation is such that (i) if the judgment is vacated, then this obligation shall be null and void and released; or (ii) if the appeal is dismissed, or if the judgment is affirmed in whole or in part, and either COX COMMUNICATIONS, INC. or COXCOM, LLC shall pay such judgment plus any interest and other costs awarded as a result of the appeal, then this obligation shall be null and void and released; otherwise this obligation will remain in full force and effect, provided, however, that the maximum amount of liability for each Surety shall be limited to the following amounts. . . ." *Cox*, No. 1:18-cv-00950-LO-JFA, Dkt. 725-1, at 3.

[4] When Plaintiffs raised this issue with Grande in advance of this filing, Grande cited two cases that it claimed demonstrated the sufficiency of its proposed bond. However, neither does. In one, the bond did not include any condition precedent and in fact made the surety immediately liable, but rendered the bond "void" if the defendant satisfied the judgment first. *Transverse, LLC v.*

4

## II. Grande's Bond Must Account for Post-Judgment Interest.

It is beyond dispute that in the Fifth Circuit, supersedeas bonds must account for post-judgment interest. *See Poplar Grove*, 600 F.2d at 1191; *see also, e.g.*, *Newcsi, Inc. v. Staffing 360 Sols., Inc.*, A-14-CV-557-LY, 2016 WL 320996, at *4 (W.D. Tex. Jan. 26, 2016). Indeed, even in the one case that Grande cites in its motion, the court interpreted Rule 62 to "require the appealing party to post a bond for the full amount of the judgment, plus costs of appeal, interest and any estimated damages attributed to the delay." *S.E.C. v. Life Partners Holdings, Inc.*, 2015 WL 433094, at *1 (W.D. Tex. Feb. 2, 2015) (citing *Poplar Grove*, 600 F.2d at 1191); *see* Dkt. 528, at 1, 2.[5] It is also beyond dispute that Grande's bond does not account for post-judgment interest, but only the amount of the judgment plus costs. *See* Dkt. 528, at 2. Therefore, Grande's bond is facially deficient and cannot be approved as posted.

The only explanation Grande offers for the amount of its bond is that it is the exact amount Plaintiffs sought in their proposed writ of execution. *See* Dkt. 509. However, Plaintiffs sought that writ immediately after the judgment was rendered, when there was no material post-judgment interest to collect. There is no factual foundation for a good faith argument that Plaintiffs waived their right to collect the post-judgment interest to which they are entitled under 28 U.S.C. § 1961. Since Grande seeks to defer Plaintiffs' recovery until after the appeals process concludes, the

---

*Iowa Wireless Services, LLC*, No. 1:10-cv-00517-LY, Dkt, 313-1, at 1–2 (W.D. Tex. Oct. 30, 2013). That approach mirrors the bond in *Cox* and the structure Plaintiffs seek here. In the other case, there were no objections to the proposed bond, so the court never addressed the bond's sufficiency as a matter of law. Indeed, the court expressly noted that the prevailing party did "not oppose or object to the terms set forth" in that bond. *Interstate Fire & Cas. Co. v. Catholic Diocese of El Paso*, No. 3:12-cv-00221-DCG, Dkt. 63, at 1 (W.D. Tex. Dec. 22, 2014).

[5] Both cases Grande cited to Plaintiffs in advance of this filing also provided for post-judgment interest. *See Transverse*, No. 1:10-cv-00517-LY, Dkt. 313-1, at 1; *Interstate Fire*, No. 3:12-cv-00221-DCG, Dkt. 62, at 2.

accruing post-judgment interest will be significant. Grande must account for this additional liability in its bond.[6]

## CONCLUSION

For the reasons set forth above, the Court should deny Grande's motion for approval of its supersedeas bond and stay of judgment until the deficiencies in Grande's bond are corrected.

---

[6] The post-judgment interest rate in federal district court is the one-year constant maturity rate for Treasury securities published by the Federal Reserve Board the week prior to the order of judgment. *See* 28 U.S.C. § 1961(a). In this case, that rate is 4.69 percent. *See, e.g.*, *Post Judgment Interest Rates*, United States District Court, District of Arizona, https://www.azd.uscourts.gov/efiling/post-judgment-interest-rates (last visited Aug. 21, 2023). Other courts in the Western District of Texas have accounted for two years of post-judgment interest on supersedeas bonds. *See, e.g.*, *Invitrogen Corp. v. Biocrest Mfg., L.P.*, A-01-CA-167-SS, 2007 WL 9230323, at *5 (W.D. Tex. Jan. 10, 2007). Assuming a decision two years from the date of judgment, the bond should account for $4,386,669.56 in interest. Therefore, the total amount of the bond—including the judgment, costs, and post-judgment interest—should be $51,258,919.79.

| | |
|---|---|
| Dated: August 22, 2023 | Respectfully submitted,<br><br>By:    */s/ Andrew H. Bart*<br>Andrew H. Bart (admitted *pro hac vice*)<br>Jacob L. Tracer (admitted *pro hac vice*)<br>**Jenner & Block LLP**<br>1155 Avenue of the Americas<br>New York, NY 10036<br>Telephone: (212) 891-1600<br>Facsimile: (212) 891-1699<br>abart@jenner.com<br>jtracer@jenner.com<br><br>Robert B. Gilmore (admitted *pro hac vice*)<br>Philip J. O'Beirne (admitted *pro hac vice*)<br>Kevin J. Attridge (admitted *pro hac vice*)<br>**Stein Mitchell Beato & Missner LLP**<br>901 15th Street, N.W., Suite 700<br>Washington, DC 20005<br>Telephone: (202) 737-7777<br>Facsimile: (202) 296-8312<br>rgilmore@steinmitchell.com<br>pobeirne@steinmitchell.com<br>kattridge@steinmitchell.com<br><br>Daniel C. Bitting (State Bar No. 02362480)<br>Paige A. Amstutz (State Bar No. 00796136)<br>**Scott Douglass & McConnico LLP**<br>303 Colorado Street, Suite 2400<br>Austin, TX 78701<br>Telephone: (512) 495-6300<br>Facsimile: (512) 495-6399<br>dbitting@scottdoug.com<br>pamstutz@scottdoug.com<br><br>***Attorneys for Plaintiffs*** |

## **CERTIFICATE OF SERVICE**

The undersigned certifies that on August 22, 2023 all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system pursuant to Local Rule CV-5(b)(1).

*/s/ Paige A. Amstutz*
Paige A. Amstutz

8