UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| UMG RECORDINGS, INC., et al.,  )<br>  )<br>Plaintiffs,  )<br>  )<br>vs.  )<br>  )<br>GRANDE COMMUNICATIONS  )<br>NETWORKS LLC,  )<br>  )<br>Defendant.  )<br>  ) | No.  1:17-cv-00365-DAE |

**DEFENDANT GRANDE COMMUNICATIONS NETWORKS LLC'S
REPLY IN SUPPORT OF MOTION FOR APPROVAL OF
SUPERSEDEAS BOND AND STAY OF JUDGMENT UNDER RULE 62(b)**

Grande's supersedeas bond satisfies the criteria established by courts in this jurisdiction and accomplishes the goal of protecting Plaintiffs' rights pending appeal.  Nothing in Plaintiffs' opposition rebuts those facts.  First, the terms of the bond ensure that either Grande or its surety will pay the judgment in the event Grande's appeal is unsuccessful.  Second, Plaintiffs' eleventh-hour pursuit of post-judgment interest is inappropriate and not "a requirement," as Plaintiffs would have this Court believe.  The amount of the bond is within the Court's discretion, and the Court did not order that Grande's supersedeas bond must account for post-judgment interest.

Accordingly, Grande respectfully requests that the Court approve Grande's supersedeas bond and order that execution on the January 30, 2023 Judgment is stayed pending the final resolution of all appellate proceedings.

**I.   Grande's Supersedeas Bond Appropriately Outlines the Obligations for Payment**

The purpose of a supersedeas bond is to protect the non-appealing party's rights pending appeal, and that is exactly what Grande's bond does.  *See, e.g.*, *Beatrice Foods Co. v. New England*

*Printing and Lithographing Co.*, 930 F.2d 1572 (Fed. Cir. 1991). The language of the supersedeas bond ensures that either Grande or the surety will pay the judgment if Grande's appeal is unsuccessful. Plaintiffs' complaints seem calculated to make things difficult for Grande, rather than accomplishing any legitimate purpose.

The supersedeas bond provides that the surety will be liable for the bond amount if (1) Grande's appeal is dismissed and Grande does not pay the judgment,[1] or (2) if the Fifth Circuit affirms and Grande does not pay the judgment. ECF No. 528-1 at 3. In the first scenario, the surety will be liable for the bond amount if Grande's appeal is dismissed, and Grande does not pay the judgment. *Id*. In the second scenario, the surety will be liable for the bond amount if the Fifth Circuit affirms the judgment and Grande does not pay the judgment. *Id*. This should not be controversial because, in either scenario, Plaintiffs are ensured payment of the judgment by either Grande or its surety.[2]

Plaintiffs complain that Grande should not be given the first right to payment of the judgment, but there is no precedent for that demand and even the cases cited by Plaintiffs do not require such a condition. *See, e.g.*, *Rand-Whitney Containerboard Ltd. P'ship v. Town of Montville*, 245 F.R.D. 65, 70 (D. Conn. 2007) (finding the bond insufficient because the court could not determine if the defendant or surety was to satisfy judgment first).

Plaintiffs point to *Sony Music v. Cox Communications*, arguing that because it's a "a similar copyright infringement action against another ISP," the court should require the same kind of bond.

---

[1] The bond also outlines a scenario in the event that Grande does not appeal; however, Grande has already filed its notice of appeal to the Fifth Circuit. *See* ECF No. 518.

[2] Plaintiffs cite to *Babbitt v. Finn* for the proposition that "a surety must become immediately liable on a supersedeas bond when the judgment is affirmed on appeal." Pls. Opp. at 5. However, that case does not discuss a dispute as to whether the party *or the surety* is liable, but rather discusses whether payment must be made when a particular procedural event occurs. *Babbitt v. Finn*, 101 U.S. 7, 14 (1979). Thus, *Babbitt* is inapposite.

Pls. Opp. at 6.  There is nothing specific about supersedeas bonds in copyright cases that would require they all be the same, and Plaintiffs cite no authority suggesting otherwise.  Moreover, there is no substantive difference between the language cited in footnote 3 of Plaintiffs' opposition brief and Grande's supersedeas bond.  Pls. Opp. at 6, fn. 3; ECF No. 528-1 at 3.  In both cases, the defendant has the first obligation for payment, otherwise the surety is obliged.  *See id.*  If *anything* is ambiguous, it is the bond language in the *Cox* case, as it provides an "either/or" situation without any order of operation.  *Id*.

In sum, the bond is clear that Plaintiffs will receive payment of the judgment in full if Grande's appeal is unsuccessful.  That is all that is required.  *See, e.g., Poplar Grove Planting and Refining Co., Inc. v. Bache Halsey Stuart, Inc.*, 600 F.2d 1189, 1190-91 (5th Cir. 1979) (supersedeas bonds "preserve the status quo while protecting the non-appealing party's rights pending appeal."); *see also Traxcell Techs., LLC. v. AT&T Corp.*, No. 2:17-cv-718, 2023 WL 1971278, at *1 (E.D. Tex. Feb. 13, 2023) (collecting cases).

**II.    There is No Requirement that the Bond Include Post-Judgment Interest**

The Court should reject Plaintiffs' complaint that the supersedeas bond does not account for post-judgment interest.  Plaintiffs did not previously request that post-judgment interest be included in the bond, and there is no requirement in this district that Grande must account for it.

**A. Plaintiffs Did Not Previously Contend that the Bond Needed to Account for Post-Judgment Interest**

It is inappropriate for Plaintiffs to now seek post-judgment interest.  There is no request for post-judgment interest in any of Plaintiffs' bond-related filings, nor did the Court require Grande to account for it.

Plaintiffs point to a number of cases that discuss post-judgment interest, attempting to create the impression that post-judgment interest must be included.  This is incorrect.  The amount

3

of bond is within the discretion of the court. *Halliburton Energy Servs., Inc. v. NL Indus.*, No. 4:05-cv-4160, 2008 WL 2787247, at *6 (S.D. Tex. July 16, 2008) ("A court has discretionary authority in determining the bond amount."); *see also In re Decker Oaks Dev. II, Ltd.*, No. 07-35557, 2008 WL 2812172, at *4 (Bankr. S.D. Tex. July 21, 2008) ("This Court has discretion to factor the costs of appeal and delay in execution on the Judgment into the assessment of the required bond amount.").

In all of the cases cited by Plaintiffs, the court expressly identified post-judgment interest as an amount to be included in the bond, whereas in this case, it did not. *Compare* ECF No. 481 *with Poplar Grove*, 600 F.2d at 1190 ("Poplar Grove was awarded an unconditional $270,985.65 judgement plus interest and costs against the defendant, Bache Halsey Stuart, Inc. (Bache) in the United States District Court for the Middle District of Louisiana."); *Newcsi, Inc. v. Staffing 360 Sols., Inc.*, No. 1:14-cv-557, 2016 WL 320996, at *4 (W.D. Tex. Jan. 26, 2016) ("If Staffing 360 desires to secure a stay of NCSI's right to execute on the judgment in this case, it must post a supersedeas bond in the full amount of the judgment, costs, and applicable post-judgment interest."); *S.E.C. v. Life Partners Holdings, Inc.*, No. 1:12-cv-33, Dkt. 396 (W.D. Tex. Aug.11, 2015) ("$6,161,843 (Civil Penalty) Plus post-judgment interest"). Indeed, if parties were automatically obligated to include post-judgment interest in any bond, those courts would not have needed to order it.

The Court's July 25, 2023 Order requiring Grande to post a supersedeas bond does not direct Grande to include post-judgment interest. *See* ECF No. 526. As mentioned, Plaintiffs did not even **mention** post-judgment interest in any of their bond-related filings or arguments. As such, Plaintiffs lack any basis for complaining that it has not been included.

### B. Post-Judgment Interest is Not Required in the Western District of Texas

In addition to the absence of any court order requiring Grande to secure a supersedeas bond that accounts for post-judgment interest, there is also no federal or local rule with such a requirement. Some courts in the Fifth Circuit do require post-judgment interest be included in any supersedeas bond, but the Western District of Texas is not one of them. *See, e.g.*, E.D. La. Civ. R. 62.2 ("A bond… must be in the amount of the judgment plus 20% of that amount to cover interest, costs…"); *see also* E.D. Tex. Civ. R. 62(a) ("…a bond or other security staying execution of a monetary judgment shall be in the amount of the judgment, plus 20% of that amount to cover interest…").

Federal Rule of Civil Procedure 62(b) also does not require supersedeas bonds to account for post-judgment interest, unlike its predecessor. *See, e.g.*, *Mission Pharmacal Co. v. Molecular Biologicals, Inc.*, No. 5:20-cv-1454, 2023 WL 4562424, at *1-2 (W.D. Tex. July 17, 2023) ("The predecessor to present Rule 62(b), originally Rule 73(d), directed district courts to calculate the bond amount to include the whole amount of the judgment remaining unsatisfied, costs on the appeal, interest, and damages for the delay…"); *Invitrogen Corp. v. Biocrest Mfg., L.P.*, No. 1:01-cv-167, 2007 WL 9230323, at *6 (W.D. Tex. Jan. 10, 2007) ("Federal Rule of Civil Procedure 62 does not precisely define the amount and conditions of a supersedeas bond.").

In short, Plaintiffs are incorrect that post-judgment interest is a requirement for a supersedeas bond, particularly given that Plaintiffs did not timely request that it be included. Grande has done exactly what the Court ordered, and the Court should therefore approve the bond.

### CONCLUSION

Grande's supersedeas bond (ECF No. 528-1) satisfies the criteria established by courts in this jurisdiction for obtaining by right a stay of judgment pending appeal pursuant to Federal Rule

of Civil Procedure 62(b). Accordingly, Grande respectfully requests that the Court approve the supersedeas bond and order that execution on the January 30, 2023 Judgment (ECF No. 481) is stayed pending the final resolution of all appellate proceedings.

Dated: August 29, 2023

          By: /s/ *Zachary C. Howenstine*
          Richard L. Brophy
          Zachary C. Howenstine
          Mark A. Thomas
          Margaret R. Szewczyk
          Sydney K. Johnson
          ARMSTRONG TEASDALE LLP
          7700 Forsyth Blvd., Suite 1800
          St. Louis, Missouri 63105
          Telephone: 314.621.5070
          Fax: 314.621.5065
          rbrophy@atllp.com
          zhowenstine@atllp.com
          mathomas@atllp.com
          mszewczyk@atllp.com
          skjohnson@atllp.com

          Diana L. Nichols
          Texas State Bar No. 00784682
          KELLY HART & HALLMAN LLP
          303 Colorado, Suite 2000
          Austin, Texas 78701
          Telephone: 512.495.6429
          Fax: 512.495.6401
          Email: diana.nichols@kellyhart.com

          *Attorneys for Defendant Grande Communications Networks LLC*