# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
### AUSTIN DIVISION

| | | |
|---|---|---|
| **UMG RECORDINGS, INC., et al.,** | § | |
| *Plaintiffs* | § | |
| | § | |
| **v.** | § | **No. A-17-CV-00365-DAE** |
| | § | |
| **GRANDE COMMUNICATIONS** | § | |
| **NETWORKS LLC,** | § | |
| *Defendant* | § | |

## ORDER

Before the Court is Defendant Grande Communications Networks LLC's Motion for Approval of Supersedeas Bond and Stay of Judgment Under Rule 62(b), Dkt. 528. The District Court referred the motion to the undersigned for disposition. Having considered the parties' filings and the applicable law, the Court enters the following order.

## I.  BACKGROUND

This is a copyright-infringement suit brought by Plaintiffs, record companies, against Defendant Grande, an internet service provider who Plaintiffs alleged was responsible for the illegal downloading activity of its subscribers. A jury agreed with Plaintiffs and delivered a verdict that included an award of $46,766,200 in statutory damages. Dkt. 458. The District Court subsequently entered judgment on the verdict, including the statutory-damages award. Dkt. 481.

Grande has filed a notice of appeal of that judgment, Dkts. 488, 518. In a prior separate motion, Grande sought to stay Plaintiffs' execution of the judgment during the pendency of the appeal. Dkt. 502. In seeking the stay, Grande also asked to be

1

excused from posting the bond that normally accompanies such a stay. *Id.* Plaintiffs subsequently filed a Conditional Cross-Motion for Writ of Execution in the amount of $46,872,250.23. Dkt. 508, at 17-18.

The undersigned entered an Order denying Grande's motion, Dkt. 502, granting Plaintiffs' conditional cross-motion, Dkt. 508, and ordering Grande to secure a bond within 14 days of the Order. Dkt. 526. Grande has now obtained a supersedeas bond in the amount of $46,872,250.23 from United States Fire Insurance Company, Dkt. 528, and attached a copy to its motion. Dkt. 528-1. Grande asserts the amount of the bond reflects the amount of the judgment plus costs, and is the amount requested by Plaintiffs. Grande moves for an order approving the bond and staying enforcement of the Judgment pending all appellate proceedings. Dkt. 528, at 2.

Plaintiffs oppose the motion, claiming the bond is insufficient for two reasons: (1) the bond does not make the surety immediately and unconditionally liable for the judgment if Grande does not prevail on appeal; (2) the amount of Grande's bond does not account for post-judgment interest as it asserts is required by the Fifth Circuit. Dkt. 530, at 3.

## II.    LEGAL STANDARD

"At any time after judgment is entered, a party may obtain a stay by providing a bond or other security." Fed. R. Civ. P. 62(b). "The stay takes effect when the court approves the bond or other security and remains in effect for the time specified in the bond or other security." *Id.*; *see also* Fed. R. App. P. 8(a)(1)(A), (B) (party seeking stay pending appeal must first seek that relief, and approval of a supersedeas bond or

other security, in the district court). "The purpose of a supersedeas bond is to preserve the status quo while protecting the non-appealing party's rights pending appeal." *Poplar Grove Planting & Refining Co. v. Bache Halsey Stuart, Inc.*, 600 F.2d 1189, 1190 (5th Cir. 1979). The bond secures the non-appealing party "against any loss sustained as a result of being forced to forgo execution on a judgment during the course of an ineffectual [appeal]." *Id.* at 1191. Put another way, "the rationale for requiring a bond pending appeal is to secure the judgment throughout the appeal process against the possibility of the judgment debtor's insolvency." *Grubb v. FDIC*, 833 F.2d 222, 226 (10th Cir. 1987) (citing *Poplar Grove*, 600 F.2d at 1190-91).

## III.   ANALYSIS

### A.   Condition precedent

First, Plaintiffs argue that Grande's bond makes the surety liable for the judgment if Grande "fails to pay" all damages required by the Fifth Circuit. Thus, Plaintiffs argue the bond contains a condition precedent to the surety's liability "by conditioning it on Grande's failure to pay the judgment." Dkt. 530, at 2. Plaintiffs assert this is improper, citing *Babbitt v. Finn*, 101 U.S. 13 (1879).

Grande responds that the bond is sufficient to protect the non-appealing party's rights pending appeal because the language of the bond ensures that either Grande or the surety will pay the bond if Grande's appeal fails. Grande also distinguishes *Babbitt*, arguing that that case is inapplicable because it does not address a situation where there is a dispute about whether a party or a surety is liable; but whether payment must be made by the surety "when the judgment is

affirmed on appeal," when the litigant had secured a second supersedeas bond for the appeal to the Supreme Court. 101 U.S. at 14.

The undersigned finds that the essential holding of *Babbitt* is that, once the litigant lost at the circuit court level, "the judgment of the Appellate Court fixes the liability of the sureties" and that "[n]othing will discharge the sureties given to prosecute the appeal from the court of original jurisdiction, but the reversal of the judgment."  101 U.S. at 3. This holding is inapplicable to the instant case, as the appeal is still in its early stages, and there is no dispute about the surety's liability to pay. Plaintiffs' reliance on *Babbitt* is unavailing.

Additionally, Plaintiffs' argument that allowing Grande the option to pay first undermines the purpose of supersedeas bonds, is without merit. Plaintiffs argue that the purpose of a supersedeas bond is to secure Plaintiffs' interest in the judgment during the appellate process and allow expedited collection of any payment. The undersigned sees no issue with Grande being the first payee under the terms of the bond. The real threat to a prevailing litigant on appeal is that the losing side will declare bankruptcy in an effort to avoid payment, or possibly lose market valuation or loot its own assets. The instant bond adequately protects against those possibilities.

Plaintiffs also assert that the bond's language is impermissibly vague, arguing the surety's liability is premised only if Grande "does not perform" the judgment or "fails to pay" all damages. *Rand-Whitney Containerboard Ltd. P'ship v. Town of Montville*, 245 F.R.D. 65, 70 (D. Conn. 2007). Plaintiffs complain that these terms

leave it unclear what length of time must elapse until the surety becomes liable, and what efforts must be made with Grande prior to the surety's liability kicking in, and may allow the surety to dispute its liability on the bond. Plaintiffs claim that the terms of the bond must require that the surety be immediately liable for the amount of the bond, releasing them only if Grande satisfies the judgment first. Plaintiffs point to the bond in *Sony Music Entertainment, et al. v. Cox Communications, Inc., et al*, No. 1:18-CV-00950-LO-JFA, Dkt. 725-1 (E.D. Va. Jan. 27, 2021), in which the bond imposes immediate liability on the sureties upon affirmance but releases them if the defendants satisfy the judgment first.

There is no precedent supporting Plaintiffs' claim that supersedeas bonds may not allow the litigant the obligation to pay first. The undersigned sees little practical difference in the language of the supersedeas bond in *Cox,* that Plaintiffs hold forth as an exemplar, to that in the bond in the instant case. Each allows that if the litigant pays, the surety need not, and if the litigant fails to pay, the surety is obligated to pay. In each case the surety is immediately bound. The supersedeas bond before this Court acknowledges this, with both Grande and the surety stating, "we … acknowledge ourselves bound to pay Plaintiffs up to the total bond …." Dkt. 528-1, at 3. Moreover, Federal Rule of Appellate Procedure 8(b) provides for the enforcement of a surety's liability. Any issue regarding vagueness is without merit.

**B.    Post-judgment interest**

Plaintiffs also complain that "supersedeas bonds must account for post-judgment interest," and the supersedeas bond here issue does not.  Dkt. 530, at 7

(citing *Poplar Grove*, 600 F.2d at 1191; *Newcsi, Inc. v. Staffing 360 Sols., Inc.*, A-14-CV-557-LY, 2016 WL 320996, at *4 (W.D. Tex. Jan. 26, 2016); *S.E.C. v. Life Partners Holdings, Inc.*, No. No. A-12-CV-00033-JRN, 2015 WL 433094, at *1 (W.D. Tex. Feb. 2, 2015)). Plaintiffs argue that Grande's bond, which only accounts for the amount of the judgment plus costs, is facially deficient and cannot be approved as posted. Plaintiffs request an additional $4,386,669.56 in interest be added to the amount of the bond. Dkt. 530, at 8.

Grande has two responses. First, the current amount of the bond is the amount requested by Plaintiffs in their proposed writ of execution, and they did not request post-judgment interest be included in the bond calculation. Plaintiffs' excuse for this was the timing of their request. The undersigned finds that this excuse rings hollow, as surely Plaintiffs were aware that time would progress along with their appeal.

Second, just because post-judgment interest is included in the calculation of some bonds as those outlined in the cases cited by Plaintiffs listed above, whether or not to include post-judgment interest in within the Court's discretion. *Halliburton Energy Servs., Inc. v. NL Indus.*, No. 4:05-CV-4160, 2008 WL 2787247, at *6 (S.D. Tex. July 16, 2008) ("A court has discretionary authority in determining the bond amount."); *see also In re Decker Oaks Dev. II, Ltd.*, No. 07-CV-35557, 2008 WL 2812172, at *4 (Bankr. S.D. Tex. July 21, 2008) ("This Court has discretion to factor the costs of appeal and delay in execution on the Judgment into the assessment of the required bond amount.").

The predecessor to present Rule 62(b), originally Rule 73(d), directed district courts to calculate the bond amount to include "the whole amount of the judgment remaining unsatisfied, costs on the appeal, interest, and damages for delay, unless the court after notice and hearing and for good cause shown fixes a different amount or orders security other than the bond." Although the present rule does not expressly define the amount of a supersedeas bond, it has been read consistently with the earlier rule. *Trans World Airlines, Inc. v. Hughes*, 314 F.Supp. 94 (S.D.N.Y.1970), *aff'd*, 515 F.2d 173 (2d Cir. 1975); *C. Albert Sauter Co., Inc. v. Richard S. Sauter Co., Inc.*, 368 F. Supp. 501 (E.D. Pa. 1973). "The nature of the bond's dual protection role requires that these conditions normally be imposed." *Poplar Grove*, 600 F.2d at 1191. In the rare case in which a court departs from requiring a full security supersedeas bond, the court places the burden on the moving party to objectively demonstrate the reasons for such a departure. *Id.*

In this case, the undersigned finds that the omission of the post-judgment interest from the bond can be faulted to Plaintiffs' failure to request that amount. Additionally, Grande would be required to secure another bond, thus further delaying the stay of the judgment in this case. This is sufficient good cause to exclude the requested amount of post-judgment interest from the amount of the supersedeas bond.

## IV.    ORDER

In light of the foregoing, Defendant Grande Communications Networks LLC's Motion for Approval of Supersedeas Bond and Stay of Judgment Under Rule 62(b),

Dkt. 528, is GRANTED.  IT IS FURTHER ORDERED that supersedeas bond in the amount of $46,872,250.23 issued by United States Fire Insurance Company is hereby APPROVED and pursuant to Federal Rule of Civil Procedure 62(b), this Court's Judgment, dated January 30, 2023, Dkt. 481, is ORDERED STAYED pending the final resolution of all appellate proceedings. While the stay is in effect, no execution may issue on the Judgment, nor may any proceedings be taken to enforce it.

SIGNED September 27, 2023.

DUSTIN M. HOWELL
UNITED STATES MAGISTRATE JUDGE