IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| UMG RECORDINGS, INC., *et al.*, § § § Plaintiffs, § § vs. § GRANDE COMMUNICATIONS § NETWORKS LLC, § § Defendant. § § | Civil Action No. 1:17-cv-00365-DAE |

**GRANDE COMMUNICATIONS NETWORKS LLC'S
NOTICE OF RELEVANT SUPREME COURT PROCEEDINGS**

Grande Communications Networks LLC ("Grande") submits the following Notice to the Court concerning the status of relevant proceedings at the United States Supreme Court.

As explained in Grande's Notice of May 27, 2025 (ECF No. 547), Grande filed a Petition for Writ of Certiorari with the Supreme Court, docketed as Case No. 24-967. Briefing on Grande's Petition was complete on June 3, 2025, and the Supreme Court distributed the Petition for a June 26, 2025 conference.

Cox Communications also filed a Petition for Writ of Certiorari in *Cox Communications, Inc., et al. v. Sony Music Entertainment, et al.* (No. 24-171). The primary Question Presented in the *Cox Communications* case bears on contributory infringement liability of internet service providers:

> This Court has held that a business commits contributory copyright infringement when it "distributes a device with the object of promoting its use to infringe copyright, as shown by clear expression or other affirmative steps to foster infringement." *Metro-Goldwyn-Mayer Studios, Inc. v. Grokster, Ltd.*, 545 U.S. 913, 919 (2005). The courts of appeals have split three ways over the scope of that ruling, developing differing standards for when it is appropriate to hold an online service provider secondarily liable for copyright infringement committed by users. Did the

1

Fourth Circuit err in holding that a service provider can be held liable for "materially contributing" to copyright infringement merely because it knew that people were using certain accounts to infringe and did not terminate access, without proof that the service provider affirmatively fostered infringement or otherwise intended to promote it?

*See* Exhibit A (Questions Presented, *Cox Commc'ns, Inc. v. Sony Music Ent.*). The Supreme Court distributed Cox Communications' Petition for a June 26, 2025 conference.

On June 30, 2025, the Supreme Court granted Cox Communications' Petition.[1] *See* Exhibit B at 6 (June 30, 2025 Order List). The Court has not issued a decision on Grande's Petition, which is being held while the *Cox Communications* case is decided. In the *Cox Communications* case, Petitioners' Brief on the Merits is currently due August 29, 2025, and Respondents' Brief on the Merits is currently due October 15, 2025.

Dated: August 15, 2025

Respectfully submitted,

By: */s/ Richard L. Brophy*

Richard L. Brophy
Zachary C. Howenstine
Mark A. Thomas
Margaret R. Szewczyk
Sydney K. Johnson
ARMSTRONG TEASDALE LLP
7700 Forsyth Blvd., Suite 1800
St. Louis, Missouri 63105
Telephone: 314.621.5070
Fax: 314.621.5065
rbrophy@atllp.com
zhowenstine@atllp.com
mszewczyk@atllp.com
mathomas@atllp.com
skjohnson@atllp.com

Diana L. Nichols
Texas State Bar No. 00784682
KELLY HART & HALLMAN LLP
303 Colorado, Suite 2000

---

[1] The Court denied the corresponding cert petition of plaintiffs Sony Music Entertainment, et al.

2

Austin, Texas 78701
Telephone: 512.495.6429
Fax: 512.495.6401
Email: diana.nichols@kellyhart.com

*Attorneys for Grande Communications Networks, LLC*